UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

*Judge McMahon*

                                        Plaintiffs,

                     -against-                                      **COMPLAINT**

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                            Defendants.    **05 CV 3939**

-------------------------------------------------------------------x

         SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS and META STEVENS, by and

through its undersigned counsel, for its complaint for damages and declaratory relief, alleges as

follows:

                            **INTRODUCTION**

    1.      Plaintiffs EDITH MARCUS ("Marcus"), META STEVENS ("Stevens") and

SHAW FAMILY ARCHIVES, LTD. ("the Archives") seek an award of damages, including

attorney's fees and any and all gains, profits and advantages obtained by defendants CMG

WORLDWIDE, INC., ("CMG") and MARILYN MONROE, LLC, ("MM"), as a result of

defendants' acts of copyright infringement as alleged in paragraphs 15 through 26 below, or, in

the alternative, statutory damages as provided for in 17 U.S.C. § 504(c). Plaintiffs further seek a

declaration, pursuant to 28 U.S.C. §§2201-2202, that CMG and MM have no authority or right to

copy or publish, or the right to prohibit the commercial publication by plaintiffs or any parties

designated by plaintiffs as licensees, of those works that are the subject of the aforementioned

claim of copyright infringement. Plaintiffs further seek the granting of an injunction restraining

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: _____

defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

2.      An actual, justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations is necessary and appropriate.

## THE PARTIES, JURISDICTION AND VENUE

3.      Plaintiff the Archives is a New York Corporation whose principal place of business is in the County of Rockland, State of New York.

4.      Plaintiff Edith Marcus is an individual residing in the County of Rockland and the State of New York.  Plaintiff Meta Stevens is an individual residing in the County of New York and the State of New York.  Edith Marcus and Meta Stevens are shareholders of the Archives, and are the daughters of Sam Shaw, the photographer whose works are at issue herein.

5.      Defendant CMG is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana. Defendant MM is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business in Indiana through CMG.

6.      This court has original jurisdiction over this civil action under 28 U.S.C. §1332(a).  Although the plaintiffs are residents of New York, none of the defendants reside within New York.  The Archives and defendants are, therefore, citizens of different states. Venue in this district is proper, pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the property, events, acts or omissions giving rise to the asserted claim are located or took place in this district.  Moreover, the amount in controversy in the claims described in this Complaint exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      This Court has jurisdiction over defendants because, upon information and belief, defendants conduct business in New York.  In addition, this action arises from tortious conduct committed by defendants in New York or causing injury in New York.  Moreover, the works at issue in this action are located within the State of New York and the legal questions at issue in this action revolve around New York law, specifically New York's law regarding the right of publicity.  *See* NY CLS Civ. R. §§ 50 and 51;  *Pirone v. MacMillan.* 894 F.2d 579 (2d Cir. 1990).

8.      Furthermore, this Court has jurisdiction over defendants because this action arises under the Copyright Act, 17 U.S.C. §101, *et seq.*, as well as 28 U.S.C. §2201.  This action therefore involves a federal question, and invokes jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b).

## **BACKGROUND**

9.      Sam Shaw ("Shaw") was one of the foremost photographers of his time.  Although initially renowned for his career as a photojournalist for Colliers Magazine, it is his remarkable portraits of artists, musicians, film, television and theatrical celebrities, and his unique photographs of Marilyn Monroe and the ensuing friendship between Mr. Shaw and Ms. Monroe, for which he is most notably remembered.

10.      During their work together, Mr. Shaw and Ms. Monroe formed a lifelong friendship.  Given his close personal relationship with Ms. Monroe, he was able to photograph Marilyn at her most intimate, relaxed and open self.  Indeed, Mr. Shaw designed, staged and took the famous flying skirt series of photographs of Ms. Monroe that are known throughout the world.

11.    Sam Shaw was the author and owner of all copyrights to the photographs he took. He passed away in 1999 with his copyrights in a Trust. The sole trustees and interest holders were his daughters Edith Marcus and Meta Stevens. See the Last Will and Testament of Sam Shaw, annexed hereto as Exhibit "A," and the trust agreements of October 4, 1994, November 3, 1995, and April 22, 1998, annexed hereto as Exhibits "B," "C" and "D," respectively. When Sam Shaw died in 1999, his shares in the aforementioned Trust passed to Marcus and Stevens, *per stirpes*. Pursuant to a settlement reached in the Supreme Court of the State of New York, County of New York, on June 5, 2002, it was agreed that Shaw Family Archives, Ltd. had the right to market, and offer for commercial exploitation, the Shaw Collection. Sam Shaw's children Larry Shaw, Marcus and Stevens jointly own the Archives . See the transcript of the June 5, 2002 settlement, annexed hereto as Exhibit "E."

12.    Plaintiffs Marcus and Stevens own and control the copyrights of photographs of Marilyn Monroe contained within the Shaw Collection, many of which have never been seen by the public.

13.    Shaw Family Archives, Ltd. is duly authorized to market and license the Shaw Collection by virtue of the agreement set forth in Exhibit "E" herein.

14.    Only a select few Marilyn Monroe photographs have been licensed by plaintiffs thus far. Those photographs have been used for, among other things, exhibitions, advertising, magazines, calendars, and on wine bottles. Plaintiff the Archives also sells high-quality prints of Marilyn Monroe from the Shaw Collection.

## FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT
### (17 U.S.C. SECTION 101, *et seq.*)

15.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 14 as if fully set forth herein.

16.    In or about 1957, Sam Shaw created a group of original photographs of Marilyn Monroe taken at the beach at Amagansett, New York. One of these photographs was depicted in the book "Marilyn Among Friends." The registered photographic image is annexed hereto as Exhibit "F." The Register of Copyrights issued certificate of registration number TX 2-400-879 for one of these images, among others, depicted in "Marilyn Among Friends." The effective date of his registration is June 18, 1998. A true and correct copy of the foregoing certificate of registration is annexed hereto as Exhibit "G."

17.    During all relevant times, plaintiffs Marcus and Stevens have been and are the owner of all rights, title, and interest in the subject photographs in the Shaw Collection, including the right to sue for infringement thereof. Plaintiff the Archives has the right to market the Shaw Collection.

18.    Neither plaintiffs, nor anyone authorized by plaintiffs or their predecessors in interest, authorized defendants to exercise any of the exclusive rights of a copyright owner, as defined by 17 U.S.C. § 106, with respect to any of the photographs protected by the Certificates of Registration identified above, or any other photograph in the Shaw Collection that have either been registered with the Copyright Office or have not been registered but are otherwise not in the public domain..

19.    Defendants did in fact wrongly display on a web site or web sites affiliated with the defendants images owned and controlled by plaintiffs that are protected by United States

Copyright Law, as part of Defendants' advertising activities and for commercial advantage.

20.    Defendants have licensed and caused to be copied three copyright protected images on a coffee mug depicted herein as Exhibit "H."    Plaintiffs Marcus and Stevens own the copyright to all three images and a copyright registration, pertaining to at least one of these images, as aforesaid, was filed and accepted by the Copyright Office. Defendants never obtained approval from plaintiffs to market, license and/or copy any photographs in the Shaw Collection.

21.    The aforesaid infringements are of a continuing nature and are therefore not time-barred by the applicable statute of limitations.

22.    Moreover, defendants have also made, distributed and/or displayed other copies of plaintiffs' copyright protected photographic works as part of defendants' advertising activities, or have otherwise offered to or have licensed others to make copies of the Shaw Collection as if defendants owned the rights to photographs as to which said plaintiffs own and control the copyrights.

23.    Furthermore, plaintiffs have been informed that defendants may be advertising, offering for sale, and are selling other copyright protected works of the Shaw Collection in addition to those set forth above. Plaintiffs will seek leave to amend this action once these other acts of infringement can be specifically identified.

24.    The activities of defendants complained of herein are continuing, constitute willful infringement of plaintiff's registered copyrights, and were and are in blatant disregard of plaintiffs' rights.

25.    Plaintiffs are entitled to an injunction restraining defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further acts in violation of the copyright laws.

26.     Plaintiffs are further entitled to recover from defendants the damages, including attorney's fees and any and all gains, profits and advantages obtained by defendants, as a result of defendants' acts of infringement alleged above, or, in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c).  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiffs.

**SECOND CAUSE OF ACTION**

**DECLARATION AS TO PLAINTIFF'S EXCLUSIVE RIGHT TO THE
PHOTOGRAPHS CONTAINED WITHIN THE SHAW COLLECTION AND
DEFENDANTS' LACK OF RIGHTS REGARDING THE COPYRIGHTS, THE
ALLEGED RIGHT TO PUBLICITY, OR THE ALLEGED RIGHT TO PUBLISH**

27.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 26 as if fully set forth herein.

28.     Defendants have pursued an aggressive campaign of threats and intimidation to force third-parties to obtain defendants' permission for any use of Marilyn Monroe's name or likeness.  By threatening to and actually filing lawsuits, defendants have been successful in forcing compliance with their improper demands.  Defendants have accomplished this not by actually having any rights, but by forcing third-parties to give in to defendants' demands in order to avoid costly litigation.

29.     Defendants' campaign to force third-parties to pay defendants for the use of Marilyn Monroe's image, despite the fact that defendants lack the right to control the commercial use of Ms. Monroe's image, involves initially threatening to commence litigation in Indiana.  If the third-party in question fails to acquiesce to defendants' improper demands, defendants commence groundless, spurious lawsuits in Indiana.  These lawsuits are very expensive and difficult for the third-parties to defend, as most of the third-parties are located in other parts of the country.

7

30.     In keeping with their usual tactics, CMG and MM have filed, but not yet served, a Summons and Complaint in Indiana Federal Court ("the Indiana action"), bearing Docket Number 5-cv-0423 (DFW) (WTL), against the within plaintiffs. A copy of the complaint in the Indiana action is annexed hereto as Exhibit "I." The Indiana action contains causes of action based on the allegations that the Archives do not own the copyrights to the Shaw Collection, that CMG and MM own the right of publicity of Marilyn Monroe, that the Archives has criminally converted their property and caused deception and that the Archives has interfered with their business.

31.     The complaint in the Indiana action fails to state a viable cause of action against the plaintiffs. Moreover, the summons in the Indiana action erroneously suggests that Shaw Family Archives, Ltd., may be served "c/o David Marcus, Esq." Ex. I. It should be noted that David Marcus, Esq. is one of Shaw Family Archives, Ltd.'s attorneys, and is *not* one of their designated agents upon which process may be served.

32.     In the Indiana action defendant MM falsely claims to exclusively own all of Marilyn Monroe's posthumous rights of personality, publicity and association. Defendant CMG falsely claims to be the exclusive licensee of the rights of publicity of Marilyn Monroe by virtue of CMG's license with MM. Ex. I, ¶¶ 4, 5, 7.

33.     Defendants have falsely claimed and insisted that no use of any image of Marilyn Monroe may be made without defendants' consent. Defendants wrongly and improperly license the right to Marilyn Monroe's name, and likeness to generate substantial income.

34.     Despite their claims to the contrary, defendants do not possess any rights to the image of Marilyn Monroe given that Ms. Monroe was a domiciliary of New York at the time of her death. Although Ms. Monroe died in Los Angeles on August 8, 1962, she was a New York

domiciliary at that time, and under New York law, there is no posthumous right of privacy or publicity. Accordingly, even if, hypothetically, someone other than Marilyn Monroe had the right to control her name, likeness and image up to the time of her death, that right terminated with Marilyn Monroe's passing.

35.    CMG and MM assert ownership and control of the rights of publicity of Marilyn Monroe based on Indiana Right of Publicity Statute I.C.32-36-1-1, *et seq*, enacted in 1994.  Ex. I, ¶26.  However, this statute only applies to Indiana and likely does not apply to Marilyn Monroe at all as she died prior to the enactment of said statute.  Moreover, this Indiana Statute, and the publicity rights created therein, is preempted by 17 U.S.C. § 101, *et seq*.

36.    CMG and MM have no rights of publicity in the name, likeness and image Marilyn Monroe, and their claims to the contrary have interfered with and prevented the licensing of the Shaw Collection by the plaintiffs.

37     Accordingly, defendants cannot, and in fact never could, lawfully place any restrictions or impediments on the right of plaintiffs to license the use of the Marilyn Monroe photographs as to which plaintiff owns the copyrights, and on any photographs which may be in the public domain.  Nonetheless, defendants have falsely represented and traded on their claim that a right of publicity does exist as to Marilyn Monroe, and that defendants are the exclusive holders of those rights.

38.    Plaintiffs request that this Court issue a judgment declaring that defendants own no rights of publicity, association, sponsorship and/or endorsement, in and to the name and likeness of the late actress Marilyn Monroe; that plaintiffs have rights to the photographs contained within the Shaw Collection, including the right to publish and issue licenses for the publication and use of those photographs; that plaintiffs Marcus and Stevens are the exclusive

copyright holder regarding the photographs covered under the copyright registrations described in the first cause of action in the instant complaint; and that statements plaintiff the Archives have made or issued to this effect are not defamatory or disparaging of defendants, defendants' rights or products.

## JURY DEMAND

39.     Plaintiffs request a trial by jury.

WHEREFORE, EDITH MARCUS, META STEVENS and SHAW FAMILY

ARCHIVES, LTD., respectfully requests that the court enter judgment providing the following

relief:

A.      A Declaratory Judgment, pursuant to 28 U.S.C. §2201, declaring that
defendants own no rights of publicity, association, sponsorship and/or
endorsement, in and to the name and likeness of the late actress Marilyn
Monroe; that plaintiffs have rights to the photographs contained within the
Shaw Collection, including the right to publish and issue licenses for the
publication and use of those photographs; that plaintiffs Marcus and Stevens
are the exclusive copyright holder regarding the photographs covered under
the copyright registrations described in the first cause of action in the instant
complaint; and that statements plaintiff the Archives has made to this effect are
not defamatory or disparaging of defendants or defendants' products.

B.      An award of damages, including treble, statutory and punitive damages against
defendants, and each of them, and costs and attorneys' fees, including pre- and
post- Judgment interest, as permitted under the applicable laws and authorities.

C.      The granting of an injunction restraining defendants, their officers, agents, and
employees, and all persons acting in concert with them, from engaging in any
further acts in violation of the copyright laws.

D.      An award of damages, including attorney's fees and any and all gains, profits and advantages obtained by defendants, as a result of defendants' acts of copyright infringement as alleged above, or, in the alternative, statutory damages as provided for in 17 U.S.C. § 504(c).

E.      Such other and further relief as to this Court may seem just and proper.

Dated: Tappan, New York
       April 19, 2005

Brian L. Greben (BG 1572)
David M. Marcus
Attorneys for Plaintiff
SHAW FAMILY ARCHIVES, LTD.
143 Independence Avenue
Tappan, New York 10983
(917) 686-9465

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,                                                            Case No.

                                    Plaintiffs,                              **Rule 7.1 Statement**

                -against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                                    Defendants.
-------------------------------------------------------------------x

        Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule
1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible
disqualification or recusal, the undersigned counsel for SHAW FAMILY ARCHIVES,
LTD. (a private non-governmental party) certifies that the following are **no** corporate
parents, affiliates and/or subsidiaries of said party, which are publicly held.

Dated: Tappan, New York
       April 19, 2005

                                            _____
                                            Brian L. Greben (BG 1572)
                                            David M. Marcus
                                            Attorneys for Plaintiff
                                            SHAW FAMILY ARCHIVES, LTD.
                                            143 Independence Avenue
                                            Tappan, New York 10983
                                            (917) 686-9465