UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
...DISTRICT COURT
... DIVISION
05 MAR 22 PM 4:13
... DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| CMG WORLDWIDE, INC., an Indiana Corporation and MARILYN MONROE, LLC, a Delaware Limited Liability Company, | ) ) ) ) |
| Plaintiffs, | ) 1:05-cv-0415-RLY-TAB ) |
| v. | ) Cause No.: _____ ) ) |
| THE MILTON H. GREENE ARCHIVES, LLC, an Oregon Limited Liability Company, a/k/a M.H.G. Archives Inc., an Oregon corporation | ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs CMG Worldwide, Inc. ("CMG"), and Marilyn Monroe, LLC, by counsel, and for their Complaint for Declaratory Judgment allege as follows:

1.   Plaintiff CMG is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana.

2.   Plaintiff Marilyn Monroe, LLC, is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business in Indiana through CMG, its exclusive licensing and business representative.

3.   Over the last twenty-five years, CMG has been in the business of representing certain famous individuals or the heirs, families, estates or business enterprises of deceased famous individuals ("CMG Clients"), for the purpose of licensing to third parties the limited permission to commercially utilize the Intellectual Property rights belonging to said famous individuals or his or her heirs, families, estate, or business enterprise. These Intellectual Property

899859_1

7

rights, both common law and statutory, typically include, but are not limited to, the name, image, likeness, voice, persona, and other identifying elements of a famous individual, commonly known as the Right of Publicity, as well as all common law and Federally registered trademarks and other Intellectual Property interests which may be associated with the persona of a famous personality.

4. CMG has secured the right to manage and exploit the Intellectual Property interests of many of the properties and personalities considered to be among the most prestigious and valuable in the celebrity licensing industry, including, but not limited to, Marilyn Monroe, James Dean, Sophia Loren, Babe Ruth, Jackie Robinson, Buddy Holly, Ella Fitzgerald, Chuck Berry, and many others. As part of its enumerated duties on behalf of its clients, CMG advertises, markets, and promotes the availability of its clients for licensing on a worldwide basis.

5. CMG typically requires, as a material component to providing these services for its clients, that its clients grant CMG the exclusive, worldwide right to protect and promote a given client for purposes of licensing, commercial campaigns, and other opportunities. Because of this prerequisite, there can be no entity other than CMG with the authority to represent in a licensing context the Intellectual Property rights of a CMG client.

6. Through CMG's efforts to manage and exploit the intellectual property rights of its clients, CMG generates income for its clients and operating revenue for itself. CMG has various methods for promoting and pursuing commercial opportunities on behalf of its clients, which have been developed, honed, stylized, and refined by experience and success in the industry. As such, CMG as well its clients have developed considerable goodwill within the

industry with companies such as leading advertising agencies and manufacturers throughout the world with whom CMG conducts regular and ongoing business.

7. Marilyn Monroe, LLC, is the proprietor of various Intellectual Property rights, including certain trademarks, the rights of association and sponsorship and Right of Publicity and Privacy in and to the Marilyn Monroe name, image, and persona (hereinafter "Monroe Intellectual Property rights"). Marilyn Monroe, LLC, and CMG, have systematically and continuously invested considerable time, energy, and financial resources over the span of many years in developing critical and lucrative business relationships with licensees through the strategic management of the Monroe Intellectual Property rights.

8. Upon information and belief, Defendant The Milton H. Green Archives, LLC ("MHG Archives") is a business entity organized and existing pursuant to the laws of the State of Oregon and maintains its principal place of business in Florence, Oregon. Upon further information and belief, MHG Archives also does business as or is otherwise known as M.H.G. Archives Inc., an Oregon corporation.

9. Upon information and belief, MHG Archives has within its possession certain original photographs of Marilyn Monroe taken by Milton H. Greene (hereinafter "Monroe/Greene photographs").

10. Prior to this the filing of this suit, Plaintiffs have conducted commercial activities with MHG Archives as business associates to the benefit of both Plaintiffs and MHG Archives on a regular basis over the course of many years. For example, when a manufacturer of collectible products or an advertising agency wishes to use the name, image or persona of Marilyn Monroe on a product or in advertising and when it specifically wishes to use a Monroe/Greene photo, that entity customarily secures a license from Plaintiffs in relation to the

Monroe Intellectual Property rights and from MHG Archives in relation to Defendants' interests in the Monroe/Greene photographs in question.

11. On or about March 15, 2004, MHG Archives authored and sent a letter to Marilyn Monroe, LLC and CMG, wherein, MHG Archives represented that, despite its long-standing business relationship described *supra*, MHG Archives would no longer be seeking or obtaining Plaintiffs' permission to use the Monroe Intellectual Property Rights, nor would MHG Archives recognize Plaintiffs as possessing any rights to the name, image, likeness, voice, persona, and/or any other identifying element of Marilyn Monroe. Exhibit A.

12. Upon information and belief, MHG Archives do not posses valid and enforceable copyrights to each and every photograph which comprises the Monroe/Green photograph collection.

## JURISDICTION

13. This Court possesses subject matter jurisdiction because this suit involves a federal question. 28 U.S.C. § 1331; 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 2201. The parties are also completely diverse, and the rights at issue exceed $75,000 in value.

14. This Court possesses personal jurisdiction over MHG Archives based upon their minimum contacts with the forum State. Specifically, and in addition to any other contacts, MHG Archives has written to CMG in Indiana to notify CMG that MHG would no longer recognize Plaintiffs' interest in the Monroe Intellectual Property Rights; MHG Archives has informed third-parties in Indiana that Plaintiffs do not possess the exclusive right to utilize the Monroe Intellectual Property Rights; and MHG Archives maintains an interactive Internet website from which consumers and citizens in Indiana may purchase and order MHG Archives Monroe/Green photographs. Moreover, MHG Archives has engaged in systematic and

4

899859_1

continuous contacts with the Indiana with regard to the long-standing course of dealing with Plaintiffs.

15. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

## COUNT I:

### DECLARATION OF PLAINTIFFS' INTEREST IN THE MONROE INTELLECTUAL PROPERTY RIGHTS

16. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through fifteen (15) as if fully re-stated herein.

17. As a consequence of her widely recognized and acclaimed career and the attendant fame and prominence, various commercial rights of substantial value have attached to the name, image, persona, and likeness of Marilyn Monroe. These rights are proprietary rights recognized and protected by the common law, state-based statutory authority, federal statutes, and by certain trademarks registered in the United States and in various foreign countries.

18. Upon information and belief, MHG Archives has communicated with potential business licensees that Plaintiffs possess no enforceable rights and that such licensee may lawfully secure from MHG Archives all of the Intellectual Property interests necessary for the commercial use of Marilyn Monroe manifested in the Monroe/Greene photographs without regard for Plaintiffs' interest in the Monroe Intellectual Property Rights.

19. Because it is the exclusive licensing agent representing Marilyn Monroe LLC, CMG possesses a valid and existing business expectancy that anyone wishing to acquire the rights to use the Monroe Intellectual Property Rights will pay a licensing fee to CMG for the use of those rights.

899859_1

5

11

20. MHG Archives is aware of Plaintiffs' right to the Monroe Intellectual Property Rights and is also aware that MHG Archives does not own the right to sell or license the Monroe Intellectual Property rights.

21. Despite this knowledge, MHG Archives, upon information and belief, has informed interested third parties that Plaintiffs do not have the rights to utilize the Monroe Intellectual Property Rights as part of Plaintiffs' normal and customary business endeavors. MHG Archives has further communicated to Plaintiffs that it will continue to engage in unlawful and unauthorized commercial activity on the basis of this assertion, and will not seek permission or authorization from Plaintiffs for the commercial use of the Monroe Intellectual Property Rights.

22. Upon information and belief, were it not for MHG Archives' actions as described above, entities which may have worked with and obtained the permission of Plaintiffs for the use of the Monroe Intellectual Property rights may have licensed these rights from Plaintiffs.

23. Upon information and belief, by engaging in the conduct as described above, MHG Archives may have impaired the ability of Plaintiffs to license legitimate and authorized commercial uses of the Monroe Intellectual Property rights. Further, upon information and belief MHG Archives may have damaged the value, status, and reputation of these intellectual property rights by denying Plaintiffs their obligation to monitor the integrity of these rights by approving content and credit lines. Upon information and belief, as a result of Defendants' actions as described above and the resulting impairment of the ability to license the Monroe Intellectual Property rights as alleged herein, Plaintiffs may have lost income and opportunities to license these rights. Plaintiffs reserve the right to amend this Complaint to seek monetary relief should discovery in this cause establish a basis for doing so.

## COUNT II:

## DECLARATION OF MHG ARCHIVES' COPYRIGHTS IN THE MONROE/GREEN PHOTOGRAPHS

24. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through twenty-three (23) as if fully re-stated herein.

25. Upon information and belief, MHG Archives has asserted—as part of its assertion of rights to market, sell promote, and advertise the Monroe/Greene photographs without the prior permission and consent of Plaintiffs and in derogation of Plaintiffs' interests in the Monroe Intellectual Property Rights—that it possesses valid and enforceable copyrights, pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, in each and every photograph which comprises the Monroe/Greene photograph collection.

26. Upon information and belief, MHG Archives does not possess a valid and enforceable copyright in each and every photograph which comprises the Monroe/Greene photograph collection.

27. Without possessing a valid and enforceable copyright in each and every photograph which comprise the Monroe/Greene photograph collection, MHG Archives possesses no interest and/or right in any photograph in the Monroe/Greene photographs, those photographs become part of the public domain, and MHG Archives would need the prior permission and consent from Plaintiffs to use those photographs for a commercial purpose.

## JURY DEMAND

28. Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CMG Worldwide Inc., and Marilyn Monroe, LLC, respectfully request the Court to enter a Declaratory Judgment, pursuant to 28 U.S.C. § 2201, and to declare therein:

A. That Marilyn Monroe, LLC, is a legitimate entity which possesses the exclusive rights to publicity and privacy in the name, image, likeness, persona, and other identifying elements of Marilyn Monroe;

B. That CMG Worldwide, Inc., is a legitimate entity which possesses the exclusive right to license the Monroe Intellectual Property Rights;

C. That MHG Archives does not possess valid and enforceable copyrights in each and every photograph which comprises the Monroe/Greene photograph collection;

D. That MHG Archives cannot sell, market, promote, and/or advertise the Monroe/Greene photographs without Plaintiffs' permission and consent;

E. That MHG Archives is and shall be permanently enjoined and restrained from conducting further activities inconsistent with Plaintiffs' declared interests and rights in the Monroe Intellectual Property Rights;

F. That MHG Archives is and shall be permanently enjoined and restrained from engaging in any activities which interfere with Plaintiffs' business activities with respect to their legal and proprietary interests and rights in the Monroe Intellectual Property Rights;

G. All other just and proper relief.

899859_1

8

Respectfully submitted,

DANN PECAR NEWMAN & KLEIMAN, P.C.

By: _____
    Jonathan G. Polak, No. 21954-49
    James B. Chapman II, No. 25214-32
One American Square, Suite 2300
Box 82008
Indianapolis, IN 46282
(317)632-3232 – Telephone
(317)632-2962 – Facsimile

William Wegner (pro hac vice to be filed)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000 – Telephone
(213) 229-7520 - Facsimile