UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2005 MAR 23 PM 4:43

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| CMG WORLDWIDE, INC., an Indiana Corporation and MARILYN MONROE, LLC, a Delaware Limited Liability Company, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Cause No.:_____ ) |
| THE ESTATE OF ANDRE DE DIENES and SHIRLEY T. ELLIS DE DIENES, individually and as Executrix of The Estate of Andre De Dienes, | ) 1:05-cv-0448-LJM-WTL ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs CMG Worldwide, Inc. ("CMG"), and Marilyn Monroe, LLC, by counsel, and for their Complaint for Declaratory Judgment allege as follows:

1. Plaintiff CMG is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana.

2. Plaintiff Marilyn Monroe, LLC, is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business in Indiana through CMG, its exclusive licensing and business representative.

3. Over the last twenty-five years, CMG has been in the business of representing certain famous individuals or the heirs, families, estates or business enterprises of deceased famous individuals ("CMG Clients"), for the purpose of licensing to third parties the limited permission to commercially utilize the Intellectual Property rights belonging to said famous individuals or his or her heirs, families, estate, or business enterprise. These Intellectual Property rights, both common law and statutory, typically include, but are not limited to, the name, image,

likeness, voice, persona, and other identifying elements of a famous individual, commonly known as the Right of Publicity, as well as all common law and Federally registered trademarks and other Intellectual Property interests which may be associated with the persona of a famous personality.

4. CMG has secured the right to manage and exploit the Intellectual Property interests of many of the properties and personalities considered to be among the most prestigious and valuable in the celebrity licensing industry, including, but not limited to, Marilyn Monroe, James Dean, Sophia Loren, Babe Ruth, Jackie Robinson, Buddy Holly, Ella Fitzgerald, Chuck Berry, and many others. As part of its enumerated duties on behalf of its clients, CMG advertises, markets, and promotes the availability of its clients for licensing on a worldwide basis.

5. CMG typically requires, as a material component to providing these services for its clients, that its clients grant CMG the exclusive, worldwide right to protect and promote a given client for purposes of licensing, commercial campaigns, and other opportunities. Because of this prerequisite, there can be no entity other than CMG with the authority to represent in a licensing context the Intellectual Property rights of a CMG client.

6. Through CMG's efforts to manage and exploit the intellectual property rights of its clients, CMG generates income for its clients and operating revenue for itself. CMG has various methods for promoting and pursuing commercial opportunities on behalf of its clients, which have been developed, honed, stylized, and refined by experience and success in the industry. As such, CMG as well its clients have developed considerable goodwill within the industry with companies such as leading advertising agencies and manufacturers throughout the world with whom CMG conducts regular and ongoing business.

7. Marilyn Monroe, LLC, is the proprietor of various Intellectual Property rights, including certain trademarks, the rights of association and sponsorship and Right of Publicity and Privacy in and to the Marilyn Monroe name, image, and persona (hereinafter "Monroe Intellectual Property Rights"). Marilyn Monroe, LLC, and CMG, have systematically and continuously invested considerable time, energy, and financial resources over the span of many years in developing critical and lucrative business relationships with licensees through the strategic management of the Monroe Intellectual Property Rights.

8. Upon information and belief, Defendant the Estate of Andre de Dienes and Defendant Shirley T. Ellis de Dienes, both individually and as the executrix of the Estate of Andre de Dienes (collectively "Defendants"), have within their possession certain original photographs of Marilyn Monroe taken by the late Andre de Dienes (hereinafter the "Monroe/de Dienes Photographs"). Upon further information and belief, Defendant Shirley T. Ellis de Dienes is a citizen of the State of California, and Defendant the Estate of Andre de Dienes is an entity existing pursuant to the laws of the State of California.

9. Generally, when a manufacturer of collectible products or an advertising agency wishes to use the name, image, or persona of Marilyn Monroe on a product or in advertising and when it specifically wishes to use the Monroe/de Dienes Photographs, that entity would customarily secure a license from Plaintiffs in relation to the Monroe Intellectual Property Rights and from the Defendants in relation to their interests in the Monroe/de Dienes Photographs in question.

10. Upon information and belief, Defendants have given permission to Taschen GmBH, an international publishing company, to produce a calendar featuring the Monroe/de Dienes Photographs in violation of Plaintiffs' respective rights in the Monroe Intellectual

Property Rights (the "Taschen Calendar"). Upon further information and belief, the Taschen Calendar has been and will continue to be sold through various merchandise outlets in the State of Indiana, including but not limited to, Barnes & Noble bookstores.

11. On or about March 23, 2005, in response to a cease and desist letter mailed to Taschen, Defendants communicated to Plaintiffs that they did not need to, nor would they be seeking or obtaining Plaintiffs' permission to use the Monroe Intellectual Property Rights, nor would they recognize Plaintiffs as possessing any rights to the name, image, likeness, voice, persona, and/or any other identifying element of Marilyn Monroe.

12. Upon information and belief, Defendants do not posses valid and enforceable copyrights to one or more photographs which comprise the Monroe/de Dienes Photographs.

13. This Court possesses subject matter jurisdiction because this suit involves a federal question. 28 U.S.C. § 1331; 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 2201. The parties are also completely diverse, and the rights at issue exceed $75,000 in value.

**JURISDICTION AND VENUE**

14. This Court possesses personal jurisdiction over Defendants based upon their minimum contacts with the forum State. Specifically, and in addition to any other contacts, Defendants' representative communicated with CMG's representative on the very matters at issue in this case. Such communication, directed to a party in Indiana, is sufficient minimum contacts to satisfy due process. Moreover, Defendants have had systematic and continuous contacts with the forum state and ostensibly granted permission to Taschen to sell, promote, and market the Taschen Calendar in the State of Indiana which infringes upon Plaintiffs' rights and interest in the Monroe Intellectual Property Rights. I.C. § 32-36-1-8. Finally, Defendants have submitted to jurisdiction in the forum State by conducting and soliciting business in Indiana and by deriving substantial benefit from goods, services, and information rendered in Indiana,

including transporting or causing to be transported into Indiana goods, merchandise, or other materials created or used in violation of Plaintiffs' interest in the Monroe Intellectual Property Rights and has also caused advertising or promotional material created or used in violation of Plaintiffs' interest in the Monroe Intellectual Property Rights to be published, distributed, exhibited, or disseminated within Indiana.. I.C. § 32-36-1-9.

15. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b).

## COUNT I:

## VIOLATION OF RIGHTS OF PUBLICITY

16. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through fifteen (15) as if fully re-stated herein.

17. Defendants are using and have used the Monroe Intellectual Property Rights without authorization or prior consent from Plaintiffs for a commercial purpose, in that Defendants are using and have used the Monroe Intellectual Property Rights on or in connection with a product, merchandise, goods, services, or commercial activities and are using or have used the Monroe Intellectual Property Rights for advertising or soliciting purchases of products, merchandise, goods, services, or for promoting a commercial activities. Defendants' conduct has been intentional.

18. As a result of Defendants' unauthorized use of the Monroe Intellectual Property Rights for a commercial purpose, Defendants have violated and are violating the Plaintiffs' rights to and interest in the Monroe Intellectual Property Rights protected by the Indiana Right of Publicity statute. I.C. 32-36-1-1 *et seq*, and other applicable right of publicity laws.

19. As a result of Defendants' past and continued violations of Plaintiffs' rights to and interest in the Monroe Intellectual Property Rights, Plaintiffs have suffered damages, including

actual damages (including profits which Defendants have derived from the unauthorized use), treble or punitive damages, attorneys' fees, and costs of suit. Moreover, Plaintiffs are entitled to a turnover of all infringing goods and merchandise currently possessed by Defendants.

## COUNT II

### VIOLATIONS OF THE INDIANA CRIME VICTIMS ACT

20. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through nineteen (19) as if fully re-stated herein.

21. Defendants' unlawful acts complained of herein constitute violations of the Indiana Crime Victims Act. I.C. § 34-24-3-1.

22. Defendants have violated I.C. § 35-43 in the following particulars:

   a. For "Criminal Mischief" as expressed in I.C. § 35-43-1-2;

   b. For "Conversion" as expressed in I.C. § 35-43-4-3;

   c. For "Deception" as expressed in I.C. § 35-43-5-3(a) (6) and (9).

23. Plaintiffs seek such damages, attorneys' fees, costs, treble and/or punitive damages for same as permitted by statute or otherwise at law.

## COUNT III

### UNFAIR COMPETITION

24. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through twenty-three (23) as if fully re-stated herein.

25. Defendants' unlawful and unauthorized acts, as set forth above, constitute a violation of Plaintiffs' interest in and rights to the Monroe Intellectual Property Rights, at common law, and further constitute unfair competition.

26. As a result of Defendants' unfair competition, Plaintiffs have suffered damages.

27.  Plaintiffs seek such damages, attorneys' fees, costs, treble and/or punitive damages for same as permitted by statute or otherwise at law.

## COUNT IV

### TRADE LIBEL/DISPARAGEMENT

28.  Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through twenty-seven (27) as if fully re-stated herein.

29.  CMG is established as the premier company for representing celebrities and for marketing and licensing intellectual property rights for clients throughout the United States and worldwide.

30.  CMG has generated substantial goodwill with its clients, with advertisers, and within the industry.

31.  By representing, promoting, and informing CMG's licensees and potential licensees that Plaintiffs have no rights in the Monroe Intellectual Property Rights before marketing, promoting, and selling goods and services which infringe upon the Monroe Intellectual Property Rights, Defendants have libeled, slandered, and otherwise disparaged and defamed, for their own commercial advantage, CMG and Marilyn Monroe, LLC, and have caused them to lose reputation, goodwill and standing in the marketplace. Further, such statements have been defamatory, *per se*, and made with malice.

## COUNT V

### INTERFERENCE WITH BUSINESS ADVANTAGE AND POTENTIAL BUSINESS ADVANTAGE

32.  Plaintiffs reassert and re-allege the allegations set forth in paragraphs (1) through thirty-one (31) as if fully re-stated herein.

40. Without possessing a valid and enforceable copyright in one or more photographs included in the Monroe/de Dienes Photographs, Defendants possess no interest and/or right in those unprotected Monroe/de Dienes Photographs, and those photographs become part of the public domain. As a result, Defendants would need the prior permission and consent from Plaintiffs to use those photographs for a commercial purpose.

### JURY DEMAND

41. Plaintiffs request a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief in the following particulars:

A. An award of damages, including treble, statutory and punitive damages against Defendants, and each of them, costs and attorneys' fees, including pre- and post-Judgment interest, as permitted under the applicable laws and authorities;

B. A permanent injunction enjoining and restraining Defendants, and each of them, from conducting further commercial endeavors directly or indirectly utilizing the name, image, likeness, of Marilyn Monroe or any other of the Monroe Intellectual Property Rights, without consent from Plaintiffs;

C. A permanent injunction enjoining and restraining Defendants, and each of them, from engaging in any conduct or communication that is inconsistent with Plaintiff's rights in the Monroe Intellectual Property Rights, or otherwise operates to libel, slander, defame or disparage Plaintiffs or the Monroe Intellectual Property Rights;

D. Enter a Declaratory Judgment, pursuant to 28 U.S.C. § 2201, and to declare therein:

1. That CMG Worldwide, Inc. possesses the exclusive right to license the Monroe Intellectual Property Rights;

2. That Defendants do not possess valid and enforceable copyrights in or more of the Monroe/de Dienes Photographs;

3. That Defendants cannot sell, market, promote, and/or advertise the Monroe/de Dienes Photographs in connection with any product, merchandise, goods, services, commercial activity, advertisement, and/or solicitation, without Plaintiffs' permission and consent;

4. That Defendants are and shall be permanently enjoined and restrained from conducting further activities inconsistent with Plaintiffs' declared interests and rights in the Monroe Intellectual Property Rights; and

6. That Defendants are and shall be permanently enjoined and restrained from engaging in any activities which interfere with Plaintiffs' business activities with respect to their legal and proprietary interests and rights in the Monroe Intellectual Property Rights; and

E. Such other relief as may be just and proper in the premises.

Respectfully submitted,

900217_1.DOC

10

DANN PECAR NEWMAN & KLEIMAN, P.C.

By: _____
Jonathan G. Polak, No. 21954-49
James B. Chapman II, No. 25214-32
One American Square, Suite 2300
Box 82008
Indianapolis, IN 46282
(317)632-3232 – Telephone
(317)632-2962 – Facsimile