# Last Will and Testament

OF

_____

SAM SHAW

_____

DATED_____

HOLTZMANN, WISE & SHEPARD

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1271 AVENUE OF THE AMERICAS

NEW YORK, N.Y. 10020

I, SAM SHAW, residing in Tappan, New York, do make, publish and declare this to be my Last Will and Testament, hereby revoking all my prior Wills and Codicils.

FIRST: I give all my tangible personal property other than my collection of photographs, negatives, and transparencies, including, without limitation, jewelry, clothing and other articles of personal use or adornment, household furniture, furnishings and other articles of household use or ornament, automobiles and books, together with all insurance policies thereon, if any, to my daughters, META STEVENS and EDITH MARCUS, if they survive me, in shares of approximately equal value as they shall agree, or if only one of my said daughters survives me, I give such property to her. If neither of my said daughters survives me, I direct my Executor to add such property to my residuary estate to be disposed of pursuant to Article THIRD of this Will.

SECOND: I have deliberately excluded my son from participation in my estate and The Sam Shaw Family Trust. His conduct has demonstrated a willful disregard for me and his sisters. He has benefited without my consent from his unauthorized and illegal taking of my property and money. It will be a long time, if ever, before I and the rest of my family will recover from his exploitation.

THIRD: The balance of my estate, whether real or personal which shall include, but not be limited to my collection of photographs, negatives, transparencies and any rights related to same, and wherever situate (hereinafter referred to as my "residuary estate"), I give to the Trustees of The Sam Shaw Family Trust dated October 4, 1994 to be held pursuant to Article FOURTH of such Agreement.

FOURTH: (A) All references herein to this Will shall be construed as referring to this Will and any Codicil or Codicils hereto which I may hereafter execute.

(B) All references to the "Internal Revenue Code" shall mean the Internal Revenue Code of 1986, as amended, and as the same may thereafter be amended from time to time.

FIFTH: (A) If any beneficiary under this Will and I shall die under such circumstances as to render it impossible or difficult to determine which of us died first, then and in such event I direct that for purposes of this Will, it shall be deemed that such beneficiary has predeceased me.

(B) Any beneficiary whose entitlement to property depends on him or her surviving me or some other person shall be deemed not have done so unless the beneficiary survives me or that other person, as the case may be, by at least fourteen (14) days.

SIXTH: (A) I appoint my daughters, META STEVENS and EDITH MARCUS, as Executrixes of this Will. If either of

-2-

S.S.

them, for any reason, shall fail to qualify or having qualified ceases to act as Executrix, I direct that the other shall serve as sole Executrix. If neither of my said daughters is serving as Executrix I appoint my friend, ALAN S. LIEBMAN, as Executor of this Will. I direct that the last acting Executor shall designate her or his successor by an instrument in writing duly acknowledged and filed in the Court having jurisdiction of my estate, which instrument may be revoked or amended at any time before it takes effect.

(B) I direct that no bond or other security shall be required of any Executrix whether named herein or designated hereunder, any law to the contrary notwithstanding.

(C) Wherever necessary or appropriate, the use in this Will of any gender shall be deemed to include the other gender and the use of either the singular or the plural shall be deemed to include the other.

SEVENTH: I direct that any Death Taxes shall be apportioned against and paid from The Sam Shaw Family Trust under Article SEVENTH of the Trust Agreement dated ____ October 4, 1994. I hereby direct my Executrixes to submit a written request to the Trustees of the foregoing trust setting forth the amount to be paid by said Trustees to my Executrixes for the purpose of paying "Death Taxes". The term "Death Taxes", as used in this Article, shall mean all estate, inheritance, transfer, succession, legacy or other death taxes

(excluding, however, generation-skipping transfer taxes), together with all interest and penalties thereon, if any, levied or assessed by reason of my death by any governmental authority, domestic or foreign, with respect to any property, whether that property passes under or apart from this Will.

EIGHTH: In administering my estate, my Executrixes, or their successors, are authorized to exercise all powers with respect to the property in my estate, real and personal, which I could exercise if living, including retaining all assets owned by me at my death; investing and reinvesting in any property selected by them without regard to any rule limiting investments by executors or requiring diversification; selling at public or private sale, for cash or upon credit, with or without security for any term, all or any part of the property in their hands; making distribution hereunder either in cash or kind, or partly in cash and partly in kind; holding property in the name of a nominee or in such form that title will pass by delivery; retaining attorneys, accountants, investment counsel and other advisors, and paying the fees and disbursements thereby incurred; opening and maintaining custody accounts; and generally doing and performing all things which they deem advisable or necessary economically to administer my estate. All of the foregoing powers may be exercised from time to time without approval from any court, and the exercise thereof shall be binding upon and conclusive against all persons interested

in or claiming an interest in my estate. My Executrixes may delegate such ministerial duties in connection with the administration of my estate as they may deem advisable. No Executrix shall be liable or responsible for any act or omission in connection with the administration of my estate except for such Executrix's own actual fraud or willful misconduct.

IN WITNESS WHEREOF, I have signed this Will this 4 day of October, 1994.

_____
SAM SHAW

The foregoing instrument, consisting of five (5) pages, including this page, was on the above date subscribed, published and declared by the Testator above-named, as and for his Last Will and Testament, in the presence of us, and each of us, who, at his request, in his presence and in the presence of each other, have hereunto subscribed our names as witnesses thereto.

_____ residing at 2263 Edsall Avenue
                                    Hillsdale, NY 10463

_____ residing at 56-05 Kauikuakua H3K
                                    Fresh Meadows, NY 11372

_____ residing at _____

-5-

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK )

The deponents, DEBRA A MILONE, Rosemary Alexander, and STEVEN Brown-INZ, being severally duly sworn, depose and say: that the within Testator, SAM SHAW, in the presence of the deponents, all of them together, subscribed the within Will at the end thereof, on the 4 day of October, 1994 at 1271 Avenue of the Americas, NY, NY, and at the same time declared the same to be his Last Will and Testament, that thereupon the deponents, at the request of the said Testator and in his presence, and in the presence of each other, signed the said Will at the end thereof as witnesses thereto; that at the time of execution of the said Will, the said Testator was over the age of eighteen (18) years, and in the opinion of each of the deponents, was of sound mind, memory and understanding, under no restraint, and in all respects competent to make a Will, that the deponents make this affidavit to establish the genuineness of the said Will and the validity of its execution, at the request of the said Testator. The execution of the Will was supervised by Steven Brown-Inz, an attorney-at-law

-6-

admitted to practice in the State of New York, in accordance with the New York Estates, Powers and Trusts Law.

_____
_____
_____

Severally subscribed and sworn to before me this 4th day of October, 1994.

_____
NOTARY PUBLIC

THERESA S. TARLOWE
Notary Public, State of New York
No. 41-4764466
Qualified in Queens County
Term Expires March 30, 1996

0096N

-7-