UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                                Plaintiffs,

          -against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                              Defendants.
------------------------------------------------------------------X

05 CV 3939 (CM)

DECLARATION OF
BRIAN L. GREBEN IN
OPPOSITION TO
DEFENDANTS' MOTION
TO DIMISS, STAY OR
TRANSFER

I, Brian L. Greben, declare under the penalty of perjury, pursuant to 28 U.S.C. 1746, as follows:

1. I am a member of the bar of the State of New York, and am counsel to Shaw Family Archives, Ltd., Edith Marcus and Meta Stevens, the plaintiffs in the instant action. I am licensed to practice before the United States District Court, Southern District of New York. I am familiar with the matters set forth herein and make this declaration in opposition to defendants' motion to dismiss, stay or transfer.

2. The instant action was commenced with the filing of a Complaint on April 19, 2005. A true and correct copy of the Complaint in the instant action is annexed hereto as Exhibit "A."

3. On April 20, 2005, the Complaint in the instant action was served on both defendants directly via process servers. True and correct copies of the affidavits of service of the Complaint in the instant action are annexed hereto as Exhibit "B."

4. On May 10, 2005, plaintiffs filed an Amended Complaint. A true and correct copy of the Complaint in the instant action is annexed hereto as Exhibit "C."

5. On May 11, 2005, the Amended Complaint was served upon defendants through their attorneys Gibson, Dunn & Crutcher, LLP. A true and correct copy of the affidavit of service of the Complaint in the instant action is annexed hereto as Exhibit "D."

6. A true and correct copy of the complaint in *CMG Worldwide, Inc. and Marilyn Monroe, LLC. v. Bradford Licensing Associates, The Shaw Family Archives, Ltd. and James E. Dougherty*, 1:05-cv-0423-DFH-WTL ("the Indiana action"), is annexed hereto as Exhibit "E."

7. A true and correct copy of the page of the New York Department of State's ("NYDS") Internet directory listing David Marcus as the individual who receives a copy of documents served on the NYDS in the event that the NYDS accepts service on behalf of a business organization is annexed hereto as Exhibit "F."

8. True and correct copies of pages from the webpage of defendant CMG Worldwide, Inc. ("CMG"), http://www.cmgworldwide.com, are annexed hereto as Exhibit "G."

9. True and correct copies of documentation from the probating of Marilyn Monroe's will in New York, and the Petition for Designation of Appraiser that was prepared for the Surrogate's Court in connection with the probating of Monroe's estate, are annexed hereto as Exhibit "H."

10. A true and correct copy of the Memorandum of Law in support of Shaw Family Archives, Ltd.'s motion to dismiss the Complaint is the Indiana action is annexed hereto as Exhibit "I."

11. True and correct copies of pages from the website of Mark Roesler, http://markroesler.com/about/timeline.htm#, are annexed hereto as Exhibit "J."

12. True and correct copies of pages from the SPC and Sam Shaw websites are attached hereto collectively as Exhibit "K."

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 27th day of June, 2005, in New York, New York.

BRIAN L. GREBEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                        Plaintiffs,

-against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                        Defendants.
------------------------------------------------------------------x

05 CV 3939 (CM)

**DECLARATION OF DAVID MARCUS IN OPPOSITION TO DEFENDANTS' MOTION TO DIMISS, STAY OR TRANSFER**

I, DAVID MARCUS, declare as follows:

1. I am over eighteen years of age and am fully competent to make this Declaration. The facts contained herein are stated upon my personal knowledge.

2. I am an attorney licensed to practice in New York. I have done so legal work for plaintiffs, including work on the instant action.

3. I am the son of Edith Marcus, who owns a twenty-five percent interest in Shaw Family Archives, Ltd. ("SFA"). I am not an officer or a director of SFA. Moreover, I am not SFA's registered agent in New York or any other State.

4. I am listed on the New York Department of State's ("NYDS") website as the individual who receives a copy of documents served on the NYDS in the event that the NYDS accepts service on behalf of a business organization. The NYDS internet listings, however, identify other individuals as officers and directors of SFA for instances where someone wishes to serve SFA directly. I do not know how my name came to be listed on the NYDS internet listing.

5. Defendants attempted to serve their complaint in *CMG Worldwide, Inc. v. Bradford Licensing Associates*, an action pending in the United States District Court for the Southern

District of Indiana under Case No. 1:05-cv-DFH-WTL ("the Indiana action"), upon me via certified mail at my former work address located at 199 Main Street, White Plains, New York. The complaint did not include, and was not accompanied by, two copies of a statement of service by mail and acknowledgement of receipt with a return envelope, postage prepaid, addressed to the sender, as is required by CPLR 312-a (a). My former firm forwarded the Summons and Complaint to my attention, and I did not receive it until April 4, 2005. Moreover, I was not authorized to and did not accept service at that time on behalf of SFA.

6. On May 24, 2005, defendants filed an Amended Alias Summons in the Indiana action and served it via certified mail on Larry Shaw as chief executive officer of SFA. Larry Shaw received the Summons on or about May 5, 2005, when it was left on his door.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 27th day of June, 2005, in New York, New York.

_____
DAVID MARCUS

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                         Plaintiffs,

-against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                         Defendants.
-----------------------------------------------------------------x

05 CV 3939 (CM)

**DECLARATION OF EDITH MARCUS IN OPPOSITION TO DEFENDANTS' MOTION TO DIMISS, STAY OR TRANSFER**

I, EDITH MARCUS, declare as follows:

1. I am over eighteen years of age and am fully competent to make this Declaration. The facts contained herein are stated upon my personal knowledge.

2. I am currently one of three shareholders and owners of the Shaw Family Archives, Ltd. ("SFA"). I have held this position since the creation of SFA on June 19, 2002. The remaining shareholders/owners of SFA are my sister, Meta Stevens, and my brother, Larry Shaw. Meta Stevens, Larry Shaw and I are the children of the late Sam Shaw, the photographer whose work is at issue herein. SFA has the right to market, license and offer for commercial exploitation, the Shaw Collection. Meta Stevens and I own and control the copyrights of photographs of Marilyn Monroe contained within the Shaw Collection.

3. SFA is a Limited Liability Company formed under New York law, with its primary place of business located in the County of Rockland, State of New York.

4. Plaintiffs have never advertised or solicited business in Indiana through visits, telephone calls, written communication or otherwise. I am unaware of any plaintiff or SFA representative or agent having ever been in Indiana on SFA-related business. SFA has no office, employees or

agents located in the State of Indiana. There are no known records or incidents of any SFA shareholder, owner or employee ever being in Indiana on SFA-related business.

5. Neither SFA nor any of its shareholders or owners have ever appeared in court in Indiana or invoked the protection or authority of Indiana's government for any purpose other than to defend itself in *CMG Worldwide, Inc. v. Bradford Licensing Associates*, an action pending in the United States District Court for the Southern District of Indiana under Case No. 1:05-cv-DFH-WTL ("the Indiana action"). The Indiana action was commenced by the defendants in the instant action. SFA is a named defendant in the Indiana action.

6. The basis for the Indiana action is the production and distribution of a movie entitled "Marilyn's Man." SFA never authorized the manufacture, marketing or sale of any products bearing Sam Shaw images within the State of Indiana. If any products bearing Marilyn Monroe images taken by Sam Shaw have been sold or advertised in Indiana, said acts were performed without the authorization of SFA. I have been informed by my attorneys that the illegal and infringing use of a Sam Shaw image by a third party should not be the basis for a Federal lawsuit against SFA. Further, it must be noted that the plaintiff in the Indiana action has not yet shown that any products bearing Sam Shaw images of Marilyn Monroe were marketed, advertised or sold in Indiana. It is interesting to note, according to my attorneys, that even if, assuming arguendo, SFA had authorized the use of certain Sam Shaw photographic images and Marilyn Monroe, LLC. did in fact own Marilyn Monroe's right of publicity, such an authorization in itself could not violate Indiana law. Instead, the fault would be on the manufacturer and distributor for failing to obtain consent from Marilyn Monroe, LLC. and/or CMG.

7. The "Marilyn's Man" film, to the knowledge of SFA, has not yet been distributed and marketed in Indiana. However, even if said film was distributed and marketed in Indiana, there

was no violation of Indiana law. Indiana Statute Section 32-36-1-1 specifically exempts from liability the use of the image of an individual's image in a film, book, etc. As such, the use of Sam Shaw photographs in "Marilyn's Man" constituted a protected use under Indiana statute.

8. None of the plaintiffs have governmental licenses in Indiana.

9. Plaintiffs have never entered into any contractual relationship with any resident or citizen of Indiana or any business entity with its primary place of business in Indiana. Indeed, SFA has, since its creation, purposefully refused to conduct business in Indiana as part of its business strategy.

10. Larry Shaw maintains a passive worldwide web Internet site located at http://www.spc-promotions.com/ (the "SPC site"). Meta Stevens and I have a second affiliated Internet site located at http://www.samshaw.com/ (the "Sam Shaw site"). SFA does not accept orders or conduct business directly through either site. Instead, the SPC site and the Sam Shaw site merely make available information about SFA and its images and the photographer Sam Shaw. True and accurate paper reproductions of the SPC site and the Sam Shaw site are attached hereto collectively as Exhibit "K."

11. Prior to the creation of SFA, Meta Stevens and I briefly communicated with Mark Roesler, the president of CMG Worldwide, Inc. ("CMG"). CMG was reportedly interested in seeing and perhaps using images from Sam Shaw's collection of images. Additionally, there was a meeting between Meta Stevens, Mark Roesler and myself in New York, New York in late 1999 or early 2000. These communications did not relate to the transactions at issue in this lawsuit or the Indiana action. Moreover, no contractual relationship developed from these communications. Finally, these communications were not conducted on behalf of SFA, which did not even exist as a legal entity at that time.

3

12. Meta Stevens had follow-up conversations with Mr. Roesler following the creation of SFA in early 2002. These conversations did not lead to any business and/or contractual relationship between SFA and CMG, and none of these conversations related to the transactions at issue in this lawsuit.

13. Plaintiffs have made no effort to serve, directly or indirectly, the Indiana market for its services. Indeed, SFA has specifically structured its business activities to avoid conducting business in Indiana.

14. My attorney has informed me that defendants claim that transferring the instant action to Indiana would not create substantial inconveniences. Defendants claim in this regard is completely incorrect. Plaintiffs have medical issues that would make prosecuting this action in Indiana extraordinarily difficult, if not impossible. Larry Shaw suffers from diabetes and is 68 years old. Moreover, I am 60 years old and continue to suffer from the residual effects of Lyme disease, have high blood pressure, and must care for my husband who is permanently disabled after sustaining a fractured neck and a brain injury from an automobile accident. My sister Meta is 66 years old and is presently under therapy as the result of the recent loss of her son-in-law.

15. It should also be noted that Larry Shaw, Meta Stevens and I are all individuals of very modest means. SFA has not yet had a profitable year and continues to struggle today. I believe that SFA's financial difficulties, as well as the related financial burden that has been shouldered by SFA's shareholders, is a direct result of the improper behavior of defendants. If we are forced to proceed in Indiana, and not in the instant action in the Southern District of New York, I do not believe that Ms Stevens nor I will be able to afford Indiana counsel to prosecute our claims.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 27th day of June, 2005, at Tappan, New York.

_____
EDITH MARCUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                          Plaintiffs,

      -against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                          Defendants.
------------------------------------------------------------------x

05 CV 3939 (CM)

**DECLARATION OF LARRY SHAW IN OPPOSITION TO DEFENDANTS' MOTION TO DIMISS, STAY OR TRANSFER**

I, LARRY SHAW, declare as follows:

1. I am over eighteen years of age and am fully competent to make this Declaration. The facts contained herein are stated upon my personal knowledge.

2. I am currently one of three shareholders and owners of the Shaw Family Archives, Ltd. ("SFA"). I have held this position since the creation of SFA on June 19, 2002. The remaining shareholders/owners of SFA are my sisters, Edith Marcus and Meta Stevens. Edith Marcus, Meta Stevens and I are the children of the late Sam Shaw, the photographer whose work is at issue herein. SFA has the right to market, license and offer for commercial exploitation, the Shaw Collection.

3. SFA is a Limited Liability Company formed under New York law, with its primary place of business located in the County of Rockland, State of New York. The SFA clients or prospective clients at issue in this litigation are located, or at least do business, on the East Coast.

4. Plaintiffs have never advertised or solicited business in Indiana through visits, telephone calls, written communication or otherwise. I am unaware of any plaintiff or SFA representative or agent having ever been in Indiana on SFA-related business. SFA has no office, employees or

agents located in the State of Indiana. There are no known records or incidents of any SFA shareholder, owner or employee ever being in Indiana on SFA-related business.

5. Neither SFA nor any of its shareholders or owners have ever appeared in court in Indiana or invoked the protection or authority of Indiana's government for any purpose other than to defend itself in *CMG Worldwide, Inc. v. Bradford Licensing Associates*, an action pending in the United States District Court for the Southern District of Indiana under Case No. 1:05-cv-DFH-WTL ("the Indiana action"). The Indiana action was commenced by the defendants in the instant action. SFA is a named defendant in the Indiana action.

6. The basis for the Indiana action is the production and distribution of a movie entitled "Marilyn's Man." SFA never authorized the manufacture, marketing or sale of any products bearing Sam Shaw images within the State of Indiana. If any products bearing Marilyn Monroe images taken by Sam Shaw have been sold or advertised in Indiana, said acts were performed without the authorization of SFA. I have been informed by my attorneys that the illegal and infringing use of a Sam Shaw image by a third party should not be the basis for a Federal lawsuit against SFA. Further, it must be noted that the plaintiff in the Indiana action has not yet shown that any products bearing Sam Shaw images of Marilyn Monroe were marketed, advertised or sold in Indiana. It is interesting to note, according to my attorneys, that even if, assuming arguendo, SFA had authorized the use of certain Sam Shaw photographic images and Marilyn Monroe, LLC. did in fact own Marilyn Monroe's right of publicity, such an authorization in itself could not violate Indiana law. Instead, the fault would be on the manufacturer and distributor for failing to obtain consent from Marilyn Monroe, LLC. and/or CMG.

7. The "Marilyn's Man" film, to the knowledge of SFA, has not yet been distributed and marketed in Indiana. However, even if said film was distributed and marketed in Indiana, there

was no violation of Indiana law. Indiana Statute 32-36-1-1 specifically exempts from liability the use of the image of an individual's image in a film, book, etc. As such, the use of Sam Shaw photographs in "Marilyn's Man" constituted a protected use under Indiana statute.

8. None of the plaintiffs have governmental licenses in Indiana.

9. Plaintiffs have never entered into any contractual relationship with any resident or citizen of Indiana or any business entity with its primary place of business in Indiana. Indeed, SFA has, since its creation, purposefully refused to conduct business in Indiana as part of its business strategy.

10. I maintain a passive worldwide web Internet site located at http://www.spc-promotions.com/ (the "SPC site"). Meta Stevens and Edith Marcus have a second affiliated Internet site located at http://www.samshaw.com/ (the "Sam Shaw site"). SFA does not accept orders or conduct business directly through either site. Instead, the SPC site and the Sam Shaw site merely make available information about SFA and its images and the photographer Sam Shaw. True and accurate paper reproductions of the SPC site and the Sam Shaw site are attached hereto collectively as Exhibit "K."

11. Plaintiffs have made no effort to serve, directly or indirectly, the Indiana market for its services. Indeed, SFA has specifically structured its business activities to avoid conducting business in Indiana.

12. My sisters Edith Marcus and Meta Stevens had some previous contact with Mark Roesler of CMG. However, I have been informed that none of these prior contacts and communications pertained to any business in Indiana and these communications did not relate to the transactions at issue in this lawsuit and the Indiana action. (See Edith Marcus's Affidavit).

13. My attorney has informed me that defendants claim that transferring the instant action to Indiana would not create substantial inconveniences. Defendants claim in this regard is completely incorrect. Plaintiffs have medical issues that would make prosecuting this action in Indiana extraordinarily difficult, if not impossible. I suffer from diabetes, chronic back pain for which I require constant medical treatment and am 68 years old. Moreover, my sister, Edith Marcus is 60 years old and continues to suffer from the residual effects of Lyme disease, has high blood pressure, and must care for her husband who is permanently disabled after sustaining a fractured neck and a brain injury in an automobile accident. My sister Meta is 66 years old and is presently under therapy as the result of the recent death of her son-in-law.

14. It should also be noted that Edith Marcus, Meta Stevens and I are all individuals of very modest means. SFA has not yet had a profitable year and continues to struggle today. I believe that SFA's financial difficulties, as well as the related financial burden that has been shouldered by SFA's shareholders, is a direct result of the improper behavior of defendants. If we are forced to proceed in Indiana, and not in the instant action in the Southern District of New York, I do not believe that Mrs. Stevens, Mrs. Marcus nor I will be able to afford Indiana counsel to prosecute our claims.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 27th day of June, 2005, at Piermont, New York.

_____
LARRY SHAW

4