I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament.

FIRST: I hereby revoke all former Wills and Codicils by me made.

SECOND: I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

THIRD: I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

FOURTH:   (a)  I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b) I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c) I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both predecease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d) I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

FIFTH: I give and bequeath to my Trustee, hereinafter

named, the sum of $100,000.00, in Trust, for the following uses and purposes:

(a) To hold, manage, invest and reinvest the said property and to receive and collect the income therefrom.

(b) To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $5,000.00 per annum, in equal quarterly installments, for the maintenance and support of my mother, GLADYS BAKER, during her lifetime.

(c) To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $2,500.00 per annum, in equal quarterly installments, for the maintenance and support of MRS. MICHAEL CHEKHOV during her lifetime.

(d) Upon the death of the survivor between my mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the principal remaining in the Trust, together with any accumulated income, to DR. MARIANNE KRIS to be used by her for the furtherance of the work of such psychiatric institutions or groups as she shall elect.

SIXTH: All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, of which I shall die seized or possessed or to which I shall be in any way entitled, or over which I shall possess any power of appointment by Will at the time of my death, including any lapsed legacies, I give, devise and bequeath as follows:

(a) to MAY REIS the sum of $40,000.00 or 25% of the total remainder of my estate, whichever shall be the lesser.

(b) To DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.

(c) To LEE STRASBERG the entire remaining balance.

SEVENTH: I nominate, constitute and appoint AARON R. FROSCH Executor of this my Last Will and Testament. In the event that he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

EIGHTH: I nominate, constitute and appoint AARON R. FROSCH Trustee under this my Last Will and Testament. In the event he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

_Marilyn Monroe_ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE, the Testatrix above named, as and for her Last Will and Testament, in our presence and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this 14 day of January, One Thousand Nine Hundred Sixty-One.

_Aaron R. Frosch_ residing at _10 West 86th St. NY_

_Louise H. White_ residing at _209 E 56 St. N.Y.29_

_____ residing at _____

-3-

```
SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------X
Proceeding by ANNA STRASBERG, as        :
Administrator c.t.a. of the Last Will   :   FILE NO. P2781/62
and Testament of MARILYN MONROE,        :
Deceased, for an Order for Advice       :   VERIFIED PETITION
and Direction as to the Propriety,      :   PURSUANT TO
Price, Manner, and Time of Entering     :   SCPA §2107
Into a Merchandising Licensing          :   FOR ADVICE
Agreement Using the Name, Trademarked   :   AND DIRECTION
Signature, and Likeness of Marilyn      :
Monroe, Deceased,                       :
                                        :
                    Petitioner.         :
                                        :
---------------------------------------X
```

TO: THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK

It is respectfully alleged:

1. I, ANNA STRASBERG, Petitioner, am domiciled at 135 Central Park West, New York, New York 10023. I am duly qualified to act as Administrator, c.t.a. of the Last Will and Testament of Marilyn Monroe.

2. Marilyn Monroe, the decedent above named, died on August 5, 1962 in Los Angeles, California. At the time of her death, she was a resident of the County of New York, and State of New York. She left a Last Will and Testament which was duly admitted to Probate by this Court.

3. Letters Testamentary and Letters of Trusteeship were duly issued by this Court on October 30, 1962 to Aaron R. Frosch as the sole Executor and the sole Trustee of the Monroe Estate. This Court revoked the above referenced Letters of Testamentary to Mr. Frosch, and appointed Petitioner, Administrator, c.t.a. by

decree filed on July 21, 1989. Letters Testamentary were duly [is]sued by this Court on July 27, 1989 to Petitioner, as [ad]ministrator, c.t.a. of the Monroe Estate.

4. The property of the Estate of Marilyn Monroe which [re]mains undistributed is principally the royalties paid pursuant [to] motion picture contracts entered into by the decedent during her [li]fetime and royalties paid pursuant to merchandising licensing [ag]reements which use Decedent's trademark signature, name, image, [li]keness, and right to publicity.

5. Petitioner, as administrator, c.t.a. has executed [a] tripartite Merchandising License Agreement ("Agreement") on [be]half of the Estate of Marilyn Monroe ("Estate"), with Twentieth [Ce]ntury Fox Film Corporation ("Fox") and The Franklin Mint ("Franklin") dated as of November 2, 1989 (supplied to the Court [un]der seal as Exhibit "A"). Fox returned an executed Agreement on [Nov]ember 13, 1989.

6. Petitioner is informed and believes Fox is the owner [of] the rights in and to the copyrights of certain theatrical motion [pic]tures in which the decedent appeared.

7. Petitioner is informed and believes Franklin is a [lea]ding designer, manufacturer, and marketer of ceramic collector [dol]ls including porcelain collector dolls, ceramic figurines [inc]luding porcelain figurines, and fashion jewelry and fashion [wat]ches (excluding however fashion jewelry or fashion watches made [sub]stantially from coins or medallions).

- 2 -

decree filed on July 21, 1989. Letters Testamentary were duly
sued by this Court on July 27, 1989 to Petitioner, as
ministrator, c.t.a. of the Monroe Estate.

4. The property of the Estate of Marilyn Monroe which
mains undistributed is principally the royalties paid pursuant
motion picture contracts entered into by the decedent during her
fetime and royalties paid pursuant to merchandising licensing
reements which use Decedent's trademark signature, name, image,
keness, and right to publicity.

5. Petitioner, as administrator, c.t.a. has executed
tripartite Merchandising License Agreement ("Agreement") on
half of the Estate of Marilyn Monroe ("Estate"), with Twentieth
ntury Fox Film Corporation ("Fox") and The Franklin Mint
Franklin") dated as of November 2, 1989 (supplied to the Court
ler seal as Exhibit "A"). Fox returned an executed Agreement on
vember 13, 1989.

6. Petitioner is informed and believes Fox is the owner
the rights in and to the copyrights of certain theatrical motion
:tures in which the decedent appeared.

7. Petitioner is informed and believes Franklin is a
iding designer, manufacturer, and marketer of ceramic collector
.ls including porcelain collector dolls, ceramic figurines
:luding porcelain figurines, and fashion jewelry and fashion
:ches (excluding however fashion jewelry or fashion watches made
istantially from coins or medallions).

- 2 -

fashion watches made substantially from coins or medallions) utilizing the name, trademark signature and likeness of Marilyn Monroe.

  9. Petitioner has negotiated beneficial provisions in addition to those in the prior proposed agreement which was negotiated by the Estate's licensing agent, including, but not limited to:

  a. Franklin sharing and assuming certain trademark and copyright registration costs as more fully described in a Letter Agreement from Franklin to the Estate dated as of November 2, 1989 (supplied to the Court under seal as Exhibit "B");

  b. Fox and the Estate consenting to enter into an agreement as more fully set forth in a Letter of Understanding dated as of November 2, 1989 between the Estate and Fox (supplied to the Court under seal as Exhibit "C");

  c. Franklin's consent that the Agreement be subject to the advice and direction of this Court as more fully set forth in the Letter of Understanding Concerning Stand Still between the Estate and Franklin dated November 2, 1989 (supplied to the Court under seal as Exhibit "D"); and

  d. Clarification of paragraph 2(a)(iii) of the Agreement as more fully set forth in a letter as of November 2, 1989 among the Estate, Fox and Franklin (supplied to the Court under seal as Exhibit "E").

  10. Petitioner received the fully-signed original documents from Fox on November 13, 1989 and forwarded said executed

- 4 -