UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                        Plaintiffs,

   -against-                                        05 CV 3939 (CM)

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                        Defendants.
-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION TO DISMISS, STAY OR TRANSFER

                                                                BRIAN L. GREBEN
                                                                Attorney for Plaintiffs
                                                                 SHAW FAMILY ARCHIVES, LTD., EDITH
                                                                  MARCUS and META STEVENS
                                                                  1650 Broadway, Suite 707
                                                                  New York, New York  10019
                                                                  (646) 536-7602

## TABLE OF CONTENTS

Preliminary Statement...........................................................................................1

Statement of Facts and Procedural History.........................................................2

    A. The Parties..................................................................................................2

    B. The Instant Action......................................................................................4

    C. The Indiana Action.....................................................................................6

DISCUSSION.......................................................................................................7

POINT I.: THE INSTANT ACTION SHOULD NOT BE DISMISSED, STAYED OR TRANSFERRED TO INDIANA PURSUANT TO THE FIRST-FILED RULE.................7

    A.    Defendants were served with the instant action prior to the service of the Indiana action upon plaintiffs.........................................10

    B.    The balance of conveniences favors allowing the instant action to proceed in the Southern District of New York............................12

        i.    The convenience of the witnesses..................................................13

        ii.    The location of the relevant documents and the locus of the operative facts............................................................14

        iii.    The convenience of the parties.......................................................15

        iv.    The relative means of the parties....................................................16

        v.    The forums' familiarity with the governing law............................18

        vi.    The weight accorded a plaintiff's choice of forum, trial efficiency and the interest of justice...........................................20

    C.    Defendants have engaged in forum shopping.........................................21

    D.    The amount of time that elapsed between the filing of the instant action and the Indiana action was minimal, and discovery has not commenced in either the instant action or the Indiana action..........22

POINT II. The Southern District Of Indiana Does Not Have Personal Jurisdiction Over Plaintiffs....................................................................................23

Conclusion……………………………………………………………………………..25

**TABLE OF AUTHORITIES**

*Cases*

*800-Flowers, Inc. v. Intercontinental Florist, Inc.,*
    860 F.Supp. 128 (S.D.N.Y. 1994)..................................................................8, 9, 17, 21

*Broman v. Stern,*
    172 A.D.2d 475, 567 N.Y.S.2d 829, 830 (2d Dep't 1991).........................................11

*Bronx Legal Services v. Legal Services Corp.,*
    2000 U.S. Dist. LEXIS 10952 (S.D.N.Y. 2000)..........................................................23

*Columbia Pictures Industries, Inc. v. Schneider,*
    435 F.Supp. 742 (S.D.N.Y. 1977), *aff'd,* 573 F.2d 1288 (2d Cir. 1978)............9, 21, 22

*Conseco, Inc. v. Hickerson,*
    698 N.E.2d 815 (Ind. Ct. App. 1998)..........................................................................25

*Everest Capital Limited v. Everest Funds Mgmt, L.L.C.,*
    178 F.Supp.2d 459 (S.D.N.Y. 2002).......................................................................8, 17

*Frosch v. Grosset & Dunlap, Inc.,*
    75 A.D.2d 768, 427 N.Y.S.2d 828 (1st Dep't 1980)...................................................20

*Girl Scouts of the United States v. Steir,*
2003 U.S. Dist. LEXIS, *12  (S.D.N.Y. 2003), *affirmed,*
2004 U.S. App. LEXIS 12515 (2d Cir. 2004)..................................................................25

*Gibbs & Hill, Inc. v. Harbert Int'l, Inc.,*
    745 F.Supp. 993 (S.D.N.Y. 1990)............................................................................9, 10

*Gluckin & Co., Inc. v. Int'l Playtex Corp.,*
    407 F.2d 177 (2d Cir. 1969)..........................................................................9, 13, 21

*Goldstein v. Rusco Industries, Inc.,*
    351 F.Supp. 1314 (E.D.N.Y. 1972)...........................................................................9, 17

*Groucho Marx Productions, Inc. v. Day and Night Co.,*
    689 F.2d 317 (2d Cir. 1981).......................................................................................18

*In re Ski Train Fire in Kaprun, Aus.,*
    2003 U.S. Dist. LEXIS 22139 (S.D.N.Y. 2003)..........................................................25

*Ivy-Mar Co., Inc. v. Weber-Stephen Products Co.,*
    1993 U.S. Dist. LEXIS 17965 (S.D.N.Y. 1993)..........................................................22

*James v. Delilah Films, Inc.,*

144 Misc.2d 374, 544 N.Y.S.2d 447 (Sup. Ct., N.Y. Cty., 1989)..................................19

*Jennings v. AC Hydraulic*,
   383 F.3d 546, 549 (7th Cir. 2004)..................................................................25

*Jim Henson Prods. v. John T. Brady & Assocs.*,
   867 F.Supp. 175, 188 (S.D.N.Y. 1994)..........................................................19

*Mathews v. ABC Television, Inc.*,
   1989 U.S. Dist. LEXIS 10694 (S.D.N.Y. 1989)...........................................19

*Muller v. The Walt Disney Productions*,
   822 F.Supp. 1033 (S.D.N.Y. 1993)..........................................................9, 23

*National Patent Development Corp. v. American Hospital Supply Corp.*,
   616 F.Supp. 114 (S.D.N.Y. 1984)............................................................8, 10

*Pirone v. MacMillan, Inc.*,
   894 F.2d 579 (2d Cir. 1990).....................................................................19, 20

*Realuyo v. Villa Abrille*,
   2003 U.S. Dist. LEXIS 11529 (S.D.N.Y. 2003),
   *affirmed*, 2004 U.S. App. LEXIS 5771 (2d Cir. 2004)...................................25

*Stephano v. News Group Publications*,
   64 N.Y.2d 174, 485 N.Y.S.2d 220 (1994).........................................................20

*Strong v. Bi-Lo Wholesalers*,
   265 A.D.2d 745, 698 N.Y.S.2d 738 (3d Dep't 1999).........................................12

*Transatlantic Reinsurance Co. v. Continental Ins. Co.*,
   2003 U.S. Dist. LEXIS 20933 (S.D.N.Y. 2003)......................................9, 12, 13

*Winterthur Int'l America Ins. Co. v. Bank of Montreal*,
   2002 U.S. Dist. LEXIS 21838 (S.D.N.Y. 2002).................................9, 12, 13, 22

*Statutes*

Business Corporation Law § 306..................................................................................11

New York Civil Rights Law §§ 50 and 51..................................................................18, 19

CPLR 311...................................................................................................................11

CPLR 312-a............................................................................................................11, 12

    FRCP 4................................................................................................................10

## PRELIMINARY STATEMENT

This memorandum of law is submitted on in opposition to defendants' motion to dismiss, stay or transfer the instant action.

Defendants argue that the instant action should be dismissed or, in the alternative, stayed or transferred, because the instant action is allegedly duplicative of *CMG Worldwide, Inc. and Marilyn Monroe, LLC. v. Bradford Licensing Associates, The Shaw Family Archives, Ltd. and James E. Dougherty*, 1:05-cv-0423-DFH-WTL ("the Indiana action"), a matter currently pending in the United States District Court for the Southern District of Indiana. Defendants claim that because the Indiana action was filed a short time prior to the instant action, the "first-filed" rule compels the dismissal, stay or transfer of the instant action. Plaintiffs' argument is erroneous for many reasons, including the fact that the complaint in the instant action was properly served upon defendants at least twenty six days prior to the service of the complaint in the Indiana action upon plaintiffs. Moreover, plaintiffs in the instant action have moved to dismiss the Indiana action due to lack of personal jurisdiction. Furthermore, pursuant to the well-established law of the Second Circuit, the first-filed rule should not be applied to the instant action because:

- plaintiffs and the non-party witnesses will endure far more hardship and inconvenience if this action is dismissed, transferred or stayed than defendants will endure if the instant action is allowed to proceed in the Southern District of New York;

- defendants are wealthy international corporations with many employees located in offices on at least two continents, while plaintiffs consist of a small "mom and pop" company and two individuals of modest means;

- the instant action was filed less than a month after the Indiana action was filed, and neither action has progressed beyond the initial pleading stage;

- the majority of the relevant documentation and witnesses are located in New York; and

- in commencing the Indiana action, defendants have engaged in impermissible forum shopping.

Accordingly, plaintiffs respectfully request that defendants' motion to dismiss, stay or transfer the instant action be denied in its entirety.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Parties

Plaintiff Shaw Family Archives, LTD. ("the Archives") is a New York Corporation whose principal place of business is in the County of Rockland, State of New York. Amend. Compl. ¶3. *See also* the June 27, 2005 Declarations of Edith Marcus, ¶3, and Larry Shaw, ¶3. Plaintiff Edith Marcus is an individual residing in the County of Rockland and the State of New York. Plaintiff Meta Stevens is an individual residing in the County of New York and the State of New York.

Edith Marcus and Meta Stevens are the daughters of the late Sam Shaw, the photographer whose work is at issue herein. Amend. Compl. ¶4; Edith Marcus Dec, ¶2. Shaw Family Archives, Ltd. has the right to market, and offer for commercial exploitation, the Shaw collection. Sam Shaw's children Larry Shaw, Edith Marcus and Meta Stevens jointly own the Archives. Amend. Compl. ¶11; Edith Marcus Dec, ¶2; Larry Shaw Dec, ¶2. Plaintiffs Edith Marcus and Meta Stevens own and control the copyrights of photographs of Marilyn Monroe contained within the Shaw collection. Shaw Family Archives, Ltd. is duly authorized to market and license the Shaw collection. Amend. Compl. ¶¶12, 13; Edith Marcus Dec, ¶2.

Plaintiffs have never advertised or solicited business in Indiana through visits, telephone calls, written communications or otherwise, nor have they ever been to Indiana on any Shaw Family Archives business. Edith Marcus Dec, ¶2. Plaintiffs have made no efforts to serve, directly or indirectly, the Indiana market for their services. Edith Marcus Dec, ¶4; Larry Shaw Dec, ¶4. Plaintiffs

have no office, employees or agents located in the State of Indiana. Edith Marcus Dec, ¶4; Larry Shaw Dec, ¶4. There are no known records or incidents of the plaintiffs or any of their employees ever being in Indiana on Shaw Family Archives-related business. Edith Marcus Dec, ¶4; Larry Shaw Dec, ¶4. Plaintiffs have never appeared in court in Indiana or invoked the protection or authority of Indiana's government for any purpose other than this action. Edith Marcus Dec, ¶5; Larry Shaw Dec, ¶5. Plaintiffs have no governmental licenses in Indiana. Edith Marcus Dec, ¶5; Larry Shaw Dec, ¶5. Furthermore, plaintiffs have never entered into any contractual relationship with any resident or citizen of Indiana or any business entity with its primary place of business in Indiana. Edith Marcus Dec, ¶9; Larry Shaw Dec, ¶9. Although the Archives does maintain a passive worldwide web Internet site located at http://www.spc-promotions.com, and has a second affiliated internet site located at http://www.samshaw.com, the Archives does not accept orders or conduct business directly through either the Internet site or the Sam Shaw site. Edith Marcus Dec, ¶10; Larry Shaw Dec, ¶10.

Defendant CMG Worldwide, Inc. ("CMG") is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana. While CMG is an Indiana corporation, it has international reach. Indeed, CMG maintains offices in Los Angeles and Rio de Janeiro. See http://www.cmgworldwide.com/ ("CMG's Webpage"), Ex. G. CMG, in its website, describes itself as "the premier company for representing the families and estates of deceased celebrities. Today, CMG Worldwide represents over 400 diverse personalities and corporate clients in the sports, entertainment, and music fields." Ex. G. CMG states further that it does not need to be based in New York because "our market is international, and advances in technology have enabled us to efficiently market and protect our clients around the world." Ex. G.

Defendant Marilyn Monroe, LLC ("MM") is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business in Indiana through CMG. According to the complaint in the Indiana action, MM is a Delaware limited liability company with its principal place of business in Indiana. Ex. E. CMG is the agent for MM, however, and MM has CMG's resources available at its disposal. Ex. E.

### B. The Instant Action

Plaintiffs commenced this action by filing a Complaint on April 19, 2005. Ex. A. On April 20, 2005, the Complaint was served on both defendants directly via process servers. Ex. B. The Complaint contains causes of action against defendants for copyright infringement and for a declaratory judgment as to plaintiff's exclusive right to the photographs contained within the Shaw collection and defendants' lack of rights regarding the copyrights, the alleged right to publicity, or the alleged right to publish same. Ex. A. The Complaint notes that defendants wrongly displayed on a web site, or web sites affiliated with defendants, images owned and controlled by plaintiffs that are protected by United States Copyright Law. These improper displays were made as part of defendants' advertising activities and for commercial advantage. Ex. A. The Complaint further notes that defendants have licensed and caused to be copied on a coffee mug three copyright protected images. Plaintiffs Marcus and Stevens own the copyright to all three images. A copyright registration pertaining to at least one of these images was filed and accepted by the Copyright Office. Defendants never obtained approval from plaintiffs to market, license and/or copy any photographs in the Shaw Collection. Ex. A. The Complaint further notes that defendants have made, distributed and/or displayed other copies of plaintiffs' copyright protected photographic works as part of their advertising activities, or have otherwise offered to or have licensed others to make copies of the Shaw Collection

as if defendants owned the rights to photographs as to which said plaintiffs own and control the copyrights. Ex. A.

On May 10, 2005, plaintiffs filed an Amended Complaint. Ex. C. On May 11, 2005, the Amended Complaint was served upon defendants through their attorneys Gibson, Dunn & Crutcher, LLP. Ex. D. The Amended Complaint contains the two causes of action described above, as well as causes of action for tortious interference with contractual rights and tortious interference with prospective economic advantage. Ex. C. The Amended Complaint notes that defendants have deliberately contacted third-parties with whom plaintiffs had contractual relationships and induced them to breach the terms of their contracts with plaintiffs. Defendants accomplished this through various means including, but not limited to, wrongfully claiming to own the rights of publicity, association, sponsorship and/or endorsement, in and to the name and likeness of the late actress Marilyn Monroe. Defendants further misrepresented to third-parties that defendants' alleged rights of publicity, association, sponsorship and/or endorsement prevented plaintiffs from legally licensing the use of the Shaw Collection. Defendants further misrepresented to third-parties that defendants' alleged rights of publicity, association, sponsorship and/or endorsement prevented the third-parties' use of photographs of Marilyn Monroe without defendants' permission. As a direct and proximate result of defendants' misrepresentations, the third-parties were induced to believe that their contracts with plaintiffs were flawed and/or invalid. Accordingly, plaintiffs lost existing business and incurred damages. Ex. C., ¶¶42-43.

The Amended Complaint's cause of action for tortious interference with prospective economic advantage notes that defendants contacted third-parties with whom plaintiffs were negotiating or had negotiations and persuaded them to discontinue the negotiations, and to forego entering into

contractual relationships with plaintiffs. Defendants persuaded the third-parties to discontinue the negotiations, and to forego entering into contractual relationships with plaintiffs, through means similar to those described in the cause of action for tortious interference with contractual rights. As a direct and proximate result of defendants' misrepresentations, the third-parties were induced to believe that any contracts with plaintiffs would be flawed and/or invalid. Accordingly, plaintiffs lost prospective business and incurred damages. Ex. C., ¶¶47-48.

C.      **The Indiana Action**

On or about March 23, 2005, the defendants in the instant action allegedly filed an action in the United States District Court for the Southern District of Indiana in which the Archives were named as a defendant. Ex. E. The Complaint in the Indiana action contains causes of action for violation of rights of publicity, violations of the Indiana Crime Victims Act, unfair competition, trade libel/disparagement, and interference with business advantage and potential business advantage. The Complaint in the Indiana action also seeks a declaration as to the Archives' copyrights in the Shaw collection. Ex. E.

Defendants initially attempted to serve the Indiana Complaint on the Archives via certified mail to David Marcus at his former employer located in White Plains, New York. Mr. Marcus' former employer then forwarded the Complaint and Summons to Mr. Marcus' attention. *See* the June 27, 2005 Declaration of David Marcus, ¶5. David Marcus is Edith Shaw Marcus' son. He has done some legal work for Shaw Family Archives, and is one of plaintiffs' attorneys in the instant action. Marcus Dec, ¶2. Mr. Marcus did not receive the Complaint and/or Summons until on or about April 4, 2005. David Marcus Dec, ¶5. Mr. Marcus was not authorized to and did not accept service at that time on behalf of Shaw Family Archives. David Marcus Dec, ¶5. He is not an officer or a director of the

Archives. David Marcus Dec, ¶5. Moreover, he is not the Shaw Family Archives' registered agent in New York or any other State. David Marcus Dec, ¶3. Although Mr. Marcus is listed on the New York Department of State's ("NYDS") Internet directory solely as the individual who receives a copy of documents served on the NYDS in the event that the NYDS accepts service on behalf of a business organization, the NYDS Internet listings identify other individuals as officers and directors of the Archives for instances where someone wishes to serve the Archives directly, as CMG attempted to do here. Ex. F. Moreover, Mr. Marcus does not know how his name came to be listed on the NYDS Internet listing. David Marcus Dec, ¶4.

On May 4, 2005, defendants filed an Amended Alias Summons in the Southern District of Indiana, and served it via certified mail on Larry Shaw as chief executive officer of the Archives. David Marcus Dec, ¶?.. Larry Shaw received the Summons on or about May 16, 2005, after returning from an out-of-state trip, when he found it left on his doorstep. David Marcus Dec, ¶6.

## DISCUSSION

### POINT I.

**THE INSTANT ACTION SHOULD NOT BE DISMISSED, STAYED OR TRANSFERRED TO INDIANA PURSUANT TO THE FIRST-FILED RULE**

Defendants' argument is entirely based upon the proposition that the instant action should be dismissed, stayed or transferred to United States District Court for the Southern District of Indiana pursuant to the "first-filed" rule. In making this argument, defendants mischaracterize both the nature and breadth of this rule. The first-filed rule holds that "[w]here two courts have concurrent jurisdiction over an action involving the same parties and issues...the suit which is first filed should have priority, *absent a showing of a balance of convenience or special circumstances giving priority to the second suit.*" 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 131-32

(S.D.N.Y. 1994) (emphasis provided) (citations omitted). Defendants imply that this is a "hard and fast" rule that bestows preference to particular actions over any similar actions that were technically filed at a later date except in the rarest of circumstances. In actuality, however, the first-filed rule is more of a general guideline than a strict decree. It is well-established that:

> [H]ighly technical positions with respect to the "first filing" must yield to the realities of the situation in terms of the interests of the parties and effective and sound judicial administration...It is clear that in our circuit the "first filed" rule is not to be applied in a mechanical way regardless of other considerations. And the Supreme Court has observed that wise judicial administration...does not counsel rigid mechanical solution of such problems but is left to the sound discretion of trial judges.

*National Patent Development Corp. v. American Hospital Supply Corp.*, 616 F.Supp. 114, 118 (S.D.N.Y. 1984) (citations omitted). See also *Everest Capital Limited v. Everest Funds Mgmt, L.L.C.*, 178 F.Supp.2d 459, 463 (S.D.N.Y. 2002) (noting that with regard to the first-filed rule, "[a]mple discretion is left to the lower courts in administering multifaceted litigation; courts are not to apply rules rigidly or mechanically."); *800-Flowers, Inc., supra*, 860 F.Supp. at 133 ("It is well established that district courts need not slavishly adhere to the first filed rule, and that where circumstances dictate, great significance should not be placed upon the dates the actions were filed.") (citations omitted). Indeed, there have been many cases in which the courts of the Second Circuit have held that, due to circumstances present in individual cases, the first-filed rule *did not* compel the dismissal, stay or transfer of an action in favor of another action that had been technically filed first and that involved the same or similar parties and issues. See *Gluckin & Co., Inc. v. Int'l Playtex Corp.*, 407 F.2d 177 (2d Cir. 1969); *Transatlantic Reinsurance Co. v. Continental Ins. Co.*, 2003 U.S. Dist. LEXIS 20933 (S.D.N.Y. 2003)[1]; *Winterthur Int'l America Ins. Co. v. Bank of Montreal*, 2002 U.S. Dist. LEXIS 21838 (S.D.N.Y. 2002); *Muller v. The Walt Disney Productions*, 822 F.Supp. 1033 (S.D.N.Y. 1993);

---

[1] All Lexis or Westlaw opinions cited in this brief are attached hereto.

*Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993 (S.D.N.Y. 1990); *Columbia Pictures Industries, Inc. v. Schneider*, 435 F.Supp. 742 (S.D.N.Y. 1977), *aff'd*, 573 F.2d 1288 (2d Cir. 1978); *Goldstein v. Rusco Industries, Inc.*, 351 F.Supp. 1314 (E.D.N.Y. 1972).

The gist of defendants' argument is that the instant action and the Indiana action are really one in the same. Defendants' position in this regard is simply wrong – the instant action and the Indiana action are actually quite distinct. It should be noted from the outset that two of the three plaintiffs – Edith Marcus and Meta Stevens – are not even parties in the Indiana action. Moreover, the instant action addresses specific, particular claims that are not at issue in Indiana. Plaintiffs claim that defendants interfered with the Archives' contractual relationships with particular clients, and with prospective contractual relations with other particular clients. These business relationships, and the specific clients and prospective clients involved with the relationships, are crucial to the instant action, but have no bearing on the Indiana action whatsoever.

Moreover, the Indiana action concerns claims that are not at issue in the instant action. As noted in the accompanying declaration of Edith Shaw, the basis for the Indiana action is the production of a movie entitled "Marilyn's Man." Indiana Complaint, ¶13; Edith Marcus Dec, ¶¶6-7. The Indiana action also asserts claims regarding Bradford Licensing Associates. These claims have nothing to do with the claims at issue in the instant action.

There are many factors present in the instant action that establish that the action should be allowed to proceed, as filed, in the Southern District of New York, and that defendants' motion must be denied. These factors will be discussed as follows:

A.  **Defendants were served with the instant action prior to the service of the Indiana action upon plaintiffs.**

Although defendants' Indiana complaint may have been filed in court prior to the filing of the complaint in the instant action, *the instant action was filed and served upon defendants nearly one (1) month prior to the service of the Indiana complaint upon the Archives.*[2] This fact alone demonstrates that the first-filed rule does not make sense under the instant circumstances, and should not be applied. *Gibbs & Hill, Inc., supra*, 745 F.Supp. at 996 (holding that where "jurisdiction over the party was not even obtained prior to the filing of the Alabama Action, wherein jurisdiction was acquired first…no weight will be accorded the 'prior pending action' rule."); *National Patent Development Corp., supra*, 616 F.Supp. at 118. Moreover, plaintiffs Edith Marcus and Meta Stevens are not parties to the Indiana action, and the first-filed rule clearly does not apply to them.

Defendants' initial attempt to serve the complaint in the Indiana action upon the Archives did not satisfy New York's jurisdictional requirements. Defendants attempted to serve the Indiana Complaint on the Archives via certified mail to David Marcus. David Marcus is Edith Shaw Marcus' son. He has done some legal work for Shaw Family Archives, and is one of plaintiffs' attorneys in the instant action. *See* the June 27, 2005 Declaration of David Marcus, ¶2. *Mr. Marcus is not the Shaw Family Achieves' designated agent for the receipt of process, and has no authority to accept service of complaints on the Archives behalf.* Marcus Dec, ¶¶2, 5.

There are no provisions under the Federal Rules of Civil Procedure allowing for service of process upon a corporation in the manner attempted by defendants, as described above. *See* FRCP 4.

---

[2] It should be noted that, regardless of when or whether the complaint in the Indiana action was served upon the Archives, the Southern District of Indiana does not posses personal jurisdiction over any of the instant plaintiffs. The Southern

Moreover, defendants' attempt to serve the Archives through delivery of the complaint by certified mail upon David Marcus also failed to satisfy the requirements of New York state law. In New York, "service of process is valid only when it is accomplished in some method permitted by the CPLR." *Broman v. Stern*, 172 A.D.2d 475, 567 N.Y.S.2d 829, 830 (2d Dep't 1991). In New York, service may be effectuated upon a corporation by personally serving the corporation directly pursuant to CPLR 311 or by personally serving the New York Secretary of State pursuant to Business Corporation Law § 306. As it is undisputed that defendants did not personally serve either the corporation or the Secretary of State with the Indiana action before the instant action was served upon defendants on April 20, 2005, defendants may not rely upon these statutes to claim that they properly served the instant plaintiffs prior to the instant plaintiffs' service upon defendants. Although a corporation may be served via certified mail under certain circumstances pursuant to CPLR 312-a, it has been held that such service must be made upon an authorized representative. Because David Marcus is not, and has never been, a designated agent for receipt of process on behalf of the Archives, his alleged receipt of the complaint in the Indiana action by certified mail is irrelevant.[3] *Broman, supra*, 567 N.Y.S.2d at 830

The fact that David Marcus was listed on the NYDS internet directory as the individual whom receives a copy of documents served on the NYDS in the event that the NYDS accepts service on behalf of a business organization does not change the analysis. The internet directory listed David Marcus as the person *to whom the NYDS would send a copy of any process that the <u>NYDS received</u> on behalf of a corporation*. This listing does not allow a litigant to simply serve Mr. Marcus directly

---

District of Indiana's lack of personal jurisdiction over the plaintiffs is discussed in greater detail in Point II of this memorandum.

[3] Defendant's counsel, in paragraph 10 of his Declaration in support of motion, indicates that plaintiffs filed a Notice of Enlargement of time to respond to the complaint that was served upon Mr. Marcus. Please note that this extension was filed only to prevent defendants from seeking a default judgment, and in no way indicated that the Archives was conceding that it had been properly served or that defendants obtained personal jurisdiction over plaintiffs. The document in question explicitly reserves the right to contest the propriety of service.