Supreme Court of the State of New York
County of New York
----------------------------------------X

Aaron Frosch, Executor of the Estate                    :    Bill of Particulars
of Marilyn Monroe,                                           _____

                        Plaintiff,
                                                          :    Index No. 01527/75
              - against -

Grosset & Dunlap, Inc., et al.,                          :

                        Defendants.
----------------------------------------X

        Plaintiff, as and for his Bill of Particulars, states as
follows:

        Demand No. 1

        The date, time and place of the events alleged in the
complaint.

        Response No. 1

        Beginning in 1972 and continuously thereafter in New York
and elsewhere.

        Demand No. 2

        State in what manner it will be claimed the decedent
possessed an exclusive property right of publicity in the commercial
marketing of a) her name, b) her personality, c) her style, d) her
image, e) her photograph, and f) her spoken and written word.

        Response No. 2

        Plaintiff decedent created in herself a commercial value
in her name, personality, style, image, photograph and spoken

and written word.

### Demand No. 3

State in what manner it will be claimed that the decedent's estate has an exclusive property right in a) decedent's name, b) decedent's personality, c) decedent's style, d) decedent's image, e) decedent's photographs, and f) decedent's spoken and written words.

### Response No. 3

Decedent's exclusive property rights did not terminate upon decedent's death, but was descendable to her estate.

### Demand No. 4

State in what manner the defendant and each of them have a) violated the property right of publicity of the plaintiff's estate, and b) done so in contravention of law.

### Response No. 4

a)  Defendants Grosset & Dunlap, Inc., Alskog, Inc., Norman Mailer, Lawrence Schiller and Allen Hurlburt have, by the publication of pictures and accompanying text entitled "Marilyn" without gaining prior consent of decedent's estate, appropriated the exclusive property rights of decedent's estate thereby damaging the estate.

b)  The acts of defendants violated statutory provisions including Civil Rights Law Sections 50, 51 and 52 and applicable case law exemplified by such cases as Haelan Laboratories v. Topps Chewing Gum, 202 F 2d 866 (2nd Circuit 1953); Price v. Hal Roach Studios, 400 F Supp. 836 (S.D.N.Y. 1075), and Spahn v.

Julian Messner, Inc., 18 N.Y. 2d 324 (1966).

### Demand No. 5

State in what manner the photographs of the decedent were purposefully assembled to affect a) a conversion, b) wrongful commercial exploitation, and c) appropriation of the property rights of publicity possessed by the decedent and her estate.

### Response No. 5

Decedent's estate had the exclusive right to allow the publication of photographs of the decedent for a commercial purpose. The publication of these photographs without the consent of the estate for a commercial purpose constitutes a willful conversion, wrongful commercial exploitation and appropriation of property rights of publicity possessed by the decedent and her estate.

### Demand No. 6

State in what manner the book referred to in the complaint was intentionally designed and executed to create nostalgic media image.

### Response No. 6

The treatment of the life of plaintiff decedent in "Marilyn" through text and photographs was designed and executed in a manner which fictionalized, dramatized and sensationalized plaintiff decedent for commercial exploitation as evidenced by Chapter 1. Novel Biography of "Marilyn" P. 15 - 20.

### Demand No. 7

State in what manner the said book failed to reflect an

accurate biographical portrayal of the life of the decedent.

### Response No. 7

By defendant Mailer's own statement in Chapter 1, Page 18 of "Marilyn", the portrayal of the life of decedent was not factual.

> "for here is a feature writer who has included in his source of material the work of other feature writers and so develops a book with fact embellished by factoids (to join the hungry ranks of those who coin a word) that is, facts which have no existence before appearing in a magazine or newspaper, creations which are not so much live as a product to manipulate emotion in the silent majority."

### Demand No. 8

State in what manner defendants and each of them have been unjustly enriched at the expense and to the detriment of decedent's estate.

### Response No. 8

By the unauthorized publication of "Marilyn" and the wrongful appropriation of decedent's estate's commercial rights, defendants are liable to the decedent's estate for any and all profits received from and by each of their wrongful acts.

### Demand No. 9

State in what manner it will be claimed that the publication and sale of the photograph and text was intended and did effect a wrongful commercial exploitation.

### Response No. 9

By the wrongful appropriation of property rights exclusively held by the decedent and her estate for commercial

purposes.

Demand No. 10

a)  State in what manner the estate of the decedent has
been damaged in the amount in excess of $1,500,000.

b)  Set forth each and every item of damage allegedly
sustained by the plaintiff.

Response No. 10

a)  The estate was damaged by the value of the publicity
appropriated by defendant.

b)  Each and every unauthorized sale of "Marilyn"
diminished the commercial benefit to the decedent's estate of
any authorized biography or pictures of decedent.

Dated:  May 15, 1978

                            Lowenthal, Landau, Fischer & Singer, P
                            Attorneys for Plaintiff
                            250 Park Avenue
                            New York, New York 10017

To:    Katz, Leavy, Rosensweig &
       Sindle, Esqs.
       Attorneys for Grosset & Dunlap
       437 Madison Avenue
       New York, New York 10022

       Rembar, Wolf & Curtis
       Attorneys for Defendant Mailer
       19 West 44th Street
       New York, New York  10036

       Smith & Scully
       Attorneys for Alskog, Inc.
       100 William Street
       New York, New York 10038