**GIBSON, DUNN & CRUTCHER, LLP**
Orin Snyder (OS-3122)
Michelle Craven (MC-8556)
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035
Attorneys for Defendant Marilyn Monroe, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

SHAW FAMILY ARCHIVES, LTD., BRADFORD
LICENSING, INC., JAMES E. DOUGHERTY, and
VALHALLA PRODUCTIONS, LLC.

    Plaintiffs/Consolidated Defendants,

v.

CMG WORLDWIDE, INC. and MARILYN
MONROE, LLC,

    Defendants/Consolidated Plaintiffs.

------------------------------------x

05 CV 3939 (CM)

**ANSWER**

    Marilyn Monroe, LLC ("MMLLC"), by its attorneys, Gibson, Dunn & Crutcher, LLP, for its answer to the Amended Complaint (the "Complaint") filed by Shaw Family Archives, Ltd. ("SFA"), Edith Marcus ("Marcus"), and Meta Stevens ("Stevens") (collectively, "Plaintiffs"), responds as follows:

    1.    The allegations in paragraph 1 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 1 contains allegations of fact, those allegations are denied.

2. The allegations in paragraph 2 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 2 contains allegations of fact, those allegations are denied.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, except admits that Sam Shaw ("Shaw") was the photographer whose works are at issue in this case.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 5 of the Complaint. Admits the second sentence of paragraph 5 of the Complaint.

6. The allegations in paragraph 6 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 6 contains allegations of fact, those allegations are denied.

7. The allegations in paragraph 7 of the Complaint contains allegations of law, not fact, to which no response is required. To the extent paragraph 7 contains allegations of fact, those allegations are denied.

8. The allegations in paragraph 8 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 8 contains allegations of fact, those allegations are denied.

9. Admits that Shaw took certain photographs of Marilyn Monroe. Denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint.

11. Denies that Shaw was the owner of all copyrights to the photographs he took. Denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 11 of the Complaint.

12. Denies that Plaintiffs Marcus and Stevens own and control the copyrights of photographs of Marilyn Monroe. Denies knowledge or information sufficient to form a belief as to the remainder of the allegations in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint.

15. Incorporates its responses to the allegations in paragraphs 1 through 14, as if fully set forth herein.

16. Admits that, in or about 1957, Shaw created a group of photographs of Marilyn Monroe, depicted in the book "Marilyn Among Friends." Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Incorporates its responses to the allegations in paragraphs 1 through 26, as if fully set forth herein.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Admits that it has filed, and has since served, a Summons and Complaint in federal court in Indiana, bearing Docket Number 5-cv-0423 (DFW)(WTL) (the "Indiana Action"). Denies the remainder of the allegations in paragraph 30 of the Complaint and respectfully refers the Court to the text of the Summons and Complaint in the Indiana Action, which speaks for itself.

31. Denies the allegations in paragraph 31 of the Complaint, except denies knowledge or information sufficient to form a belief as to the relationship of David Marcus, Esq., to the Plaintiffs.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint, except admits that Marilyn Monroe died in Los Angeles on August 8, 1962.

35. Admits that MMLLC asserts ownership and control of the rights of publicity of Marilyn Monroe based on Indiana Right of Publicity Statute I.C.32-36-1-1, *et seq.* (1994). Denies the remainder of the allegations in paragraph 35 of the Complaint.

36. The allegations in paragraph 36 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 36 contains allegations of fact, those allegations are denied.

37. The allegations in paragraph 37 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 37 contains allegations of fact, those allegations are denied.

38. The allegations in paragraph 38 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 38 contains allegations of fact, those allegations are denied.

39. Incorporates its responses to the allegations in paragraphs 1 through 38, as if fully set forth herein.

40. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Denies the allegations in paragraph 42 of the Complaint.

43. Denies the allegations in paragraph 43 of the Complaint.

44. Incorporates its responses to the allegations in paragraphs 1 through 43, as if fully set forth herein.

45. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 45 of the Complaint.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Denies the allegations in paragraph 48 of the Complaint.

49. The allegations contained in paragraph 49 of the Complaint do not require a response.

50. Denies the allegations in the prayer for relief.

## AFFIRMATIVE DEFENSES

The statement of any affirmative defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiffs. In addition, Defendants expressly reserve the right to amend and/or supplement their affirmative and other defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, including each and every purported cause of action contained therein, fails to state a claim or defense against MMLLC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their fraud or other inequitable conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged copyrights either never existed or have since lapsed, expired, cancelled or were otherwise terminated.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are either partially or wholly diminished by the doctrine of set off.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent they are entitled to any relief, Plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent they are entitled to any damages, Plaintiffs are not entitled to treble, statutory, or punitive damages.

WHEREFORE, MMLLC, by counsel, respectfully requests that this Court deny Plaintiffs the relief sought in their Complaint.

Dated: New York, New York
       June 28, 2006

Respectfully submitted,

/s/ Orin Snyder
Orin Snyder (OS-3122)
Michelle Craven (MC-8556)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035

Attorneys for Defendant Marilyn Monroe, LLC