**EXHIBIT D**

## LAST WILL AND TESTAMENT
## OF
## LEE STRASBERG

I, LEE STRASBERG, now residing in the City, State and County of New York, do hereby make, publish and and declare this instrument to be my Last Will and Testament, hereby revoking any and all Wills and Codicils heretofore made by me.

FIRST: At the date of this my Will my immediate family consists of my wife, ANNA STRASBERG, ADAM and DAVID STRASBERG, sons of my present marriage, and JOHN STRASBERG and SUSAN STRASBERG, children of my first marriage.

SECOND: I give and devise all of my real property and any improvements thereon, wheresoever situated, together with all insurance policies thereon, but subject to all mortgages and other liens thereon, to my wife, ANNA STRASBERG, if she survives me.

THIRD: I give and bequeath all of my tangible personal property (including, without limitation, all of my jewelry, clothing, books, pictures, personal effects, household furnishings and equipment, automobiles and boats), wheresoever situated together with all insurance policies thereon, to my wife, ANNA STRASBERG, if she survives me.

FOURTH: All the rest, residue and remainder of my estate, of whatsoever nature and wheresoever situate, which I may own, or to which I may in any way be entitled at the time of my death, including any lapsed legacies or devises, is referred to in this my Will as "my residuary estate."

A. I give, devise and bequeath my residuary estate to my wife, ANNA STRASBERG, if she survives me.

B. If my wife, ANNA STRASBERG, predeceases me, I give, devise and bequeath my residuary estate to my sons, ADAM and DAVID, in equal shares, *per stirpes*.

8863



FIFTH: If any share of my residuary estate shall, under any of the provisions of this my Will (other than those of this Article FIFTH), be payable to my sons ADAM or DAVID or their issue, and such beneficiary shall not have attained the age of thirty-five (35) years, then the disposition of such share in favor of such beneficiary shall not be operative and, instead, I give, devise and bequeath such share to my Trustee hereinafter named, IN TRUST, NEVERTHELESS, to hold, manage, and invest the same, to collect the income thereon, and to pay to or apply for the benefit of such beneficiary so much or all of the net income thereof as my Trustee, in his sole discretion, deems necessary or desirable for the support, maintenance, health, education, comfort or general welfare of such beneficiary. Any balance of net income not so paid or applied shall be added to principal annually.

My Trustee may, at any time or from time to time, pay to or apply for the benefit of such beneficiary so much or all of the principal of this trust as my Trustee, in his sole discretion, deems necessary or desirable for the support, maintenance, health, education, comfort or general welfare of such beneficiary.

Upon such beneficiary's attaining the age of twenty-five (25) years (or if such beneficiary shall have attained the age of twenty-five (25) years, but not the age of thirty (30) years, prior to the establishment of this trust, upon the establishment of this trust), my Trustee shall assign, transfer and pay over to such beneficiary one-third (1/3) of the then principal of this trust, and any accrued income on hand.

- 2 -

Upon such beneficiary's attaining the age of thirty (30) years, my Trustee shall assign, transfer and pay over to such beneficiary one-half (1/2) of the then principal of this trust and any income accrued or on hand; *provided*, *however*, that if such beneficiary shall have attained the age of thirty (30) years prior to the establishment of this trust, then, upon the establishment of this trust, my Trustee shall assign, transfer and pay over to such beneficiary two-thirds (2/3) of the then principal of this trust and any income accrued or on hand.

Upon such beneficiary's attaining the age of thirty-five (35) years, my Trustee shall assign, transfer and pay over to such beneficiary the then principal of this trust, and any income accrued or on hand.

Upon the death of such beneficiary prior to attaining the age of thirty-five (35) years, my Trustee shall assign, transfer and pay over the then principal of this trust, and any income accrued or on hand, to such beneficiary's then living issue, *per stirpes*, or if there be no such issue, to the then living issue of my marriage to my wife ANNA STRASBERG, *per stirpes*.

SIXTH: A. In exercising any discretions concerning whether to make payments or applications of income or principal of any trust to or for the benefit of any beneficiary, my Trustee may, but shall not be required to, inquire into or take into consideration any other property which such beneficiary may have, together with any other factors which he may deem pertinent. My Trustee's decisions shall be binding upon all interested persons.

B. In making any payment or application of income or principal to or for the benefit of any beneficiary, my Trustee may make payment directly to such beneficiary if he deems him or her to be of reasonable age and competence (even if such beneficiary is under the age of eighteen (18) years) or may make payment to a guardian, committee or custodian under a Uniform

- 3 -

Gift to a Minor Act of such beneficiary appointed in the State of New York, or in any other jurisdiction, or to an adult person with whom such beneficiary resides or who has the care or custody of such beneficiary temporarily or permanently (the receipt of such beneficiary, guardian, committee, custodian, or adult person shall discharge my Trustee with respect to such payment or application and my Trustee shall not be responsible for the application of such income or principal by such beneficiary, guardian, committee, custodian, or adult person).

    C. If, in the sole discretion of my Trustee, any trust created under the provisions of this my Will shall at any time be of a size which shall make it inadvisable or unnecessary to continue such trust, then, anything contained in this my Will to the contrary notwithstanding, my Trusee, in his sole discretion, may terminate such trust and assign, transfer and pay over the entire principal of any such trust, and any income accrued or on hand, to the person then entitled to receive the income therefrom.

    SEVENTH: I direct my Executrix to pay any and all estate, inheritance and other death taxes, and all interest and penalties thereon, imposed by reason of my death by the United States or any other government or subdivision thereof, in respect of any property required to be included in my gross estate for the purposes of such taxes, whether passing under this my Will or otherwise (and specifically authorize my Executrix, in her sole discretion, to pay any such taxes imposed by any foreign government or subdivision thereof) and I direct that any taxes so paid shall be charged, without any apportionment otherwise required by law, against my residuary estate.

- 4 -

3866

EIGHTH: I appoint my wife, ANNA STRASBERG, to be the Executrix of this my Will. If my said wife shall fail to qualify or cease to act, I appoint AARON R. FROSCH and ELLIOT J. LEFKOWITZ, as Successor Executors. I also appoint Aaron R. Frosch and ELLIOT J. LEFKOWITZ as Trustees under this my Will. If said Trustees and Successor Executors shall fail to qualify or cease to act as either Successor Executors or Trustees, or both, I authorize them or their survivor by an instrument executed and acknowledged by them, or their survivor, and filed in the court wherein this my Will is probated to appoint an individual or a corporation as Successor Executor or Trustee, or both. I direct that said appointment be made in compliance with the wishes of the Guardian herein named.

I direct that no bond or other security shall be required in any jurisdiction of any Executor (or of any administrator C.T.A.) or trustee, of, or under this my Will to secure the faithful performance of his or her duties as such.

NINTH: In addition to any powers conferred by law, my Executrix and Trustees hereunder shall have the following powers, authorities and discretions with respect to any property, real or personal, at any time held under any provision of my Will and may exercise the same without the order or approval of any court:

1. To retain any such property without regard to the proportion any such property or similar property held may bear to the entire amount held and without any obligation to diversify the same, whether or not the same is of the kind in which fiduciaries are authorized by law or any rule of court to invest funds;

- 5 -

2. To sell any such property upon such terms and conditions as may be deemed advisable, at public or private sale, for cash or on credit for such period of time as may be deemed advisable, or partly for cash and partly on credit, and with or without security, and the purchaser of such property shall have no obligation to inquire as to the use or application of the proceeds of sale; to exchange any property held hereunder upon such terms and conditions, as may be deemed advisable; and to grant options for any of the foregoing;

3. To lease or to sublease any such property, for such period of time and to grant such covenants or options for renewal as may be deemed advisable without regard to the duration of any trust; and to mortgage, pledge or otherwise encumber any such property upon such terms as may be deemed advisable;

4. To invest and reinvest in and to acquire by purchase, exchange or otherwise, property of any character whatsoever, foreign or domestic, or interests or participations therein, without regard to the proportion any such property or similar property held may bear to the entire amount held and without any obligation to diversify, whether or not the same is of the kind in which fiduciaries are authorized by law or any rule of court to invest funds;

5. To borrow such sums of money at any time and from time to time for such periods of time upon such terms and conditions from such persons or corporations (including any fiduciary hereunder) for such purposes as may be deemed advisable, and to secure such loans by the pledge or hypothecation of any property held hereunder; and the lender shall have no obligation to inquire as to the application of the sums loaned or as to the necessity, expediency or propriety of the loan;

- 6 -

  6. To register and hold any property of any kind, whether real or personal, at any time held hereunder in the name of a nominee or nominees and to hold any such personal property in any State; and to receive and keep any stocks, bonds or other securities unregistered or in such condition as to pass by delivery;

  7. To distribute in the exercise of sole and absolute discretion any property in kind at market value unless otherwise directed herein or in cash, or partly in kind and partly in cash, and to allocate among the recipients the property distributed in kind without any obligation to make proportionate distributions or to distribute to all recipients property having an equivalent Federal income tax cost;

  8. To decide in the exercise of sole and absolute discretion whether to exercise any income, estate or gift tax option, including whether to claim executor's commissions, attorneys' fees and other administration expenses in my estate as estate tax or income tax deductions and whether to make an adjustment from income to principal because of any such decision, and any such determination shall be final and binding, upon all beneficiaries hereunder;

  9. To allocate to principal (unless otherwise directed herein) all dividends and distributions payable in property or in stocks, bonds or other securities whether of the disbursing company or another company;

  10. After the termination of any trust hereunder to exercise all powers, authorities and discretions herein conferred until the complete distribution of the property held hereunder;

- 7 -

11. To administer any two or more of the trusts herein created or any part thereof together or as a single fund by holding the principal of such trusts in one or more consolidated funds in which the separate trusts shall have undivided interests;

12. To act in any jurisdiction where permitted by law, or to designate one or more persons, or a corporation to be ancillary executor or trustee who shall serve without bond or security in any jurisdiction in which ancillary administration may be necessary; and to negotiate and determine the compensation to be paid to such ancillary executor or trustee whether or not any compensation would otherwise be authorized by law, and to pay such compensation out of principal or income or both; and such ancillary executor and trustee shall have with respect to any and all property subject to its administration all powers, authorities and discretions granted in this Article NINTH, <u>provided</u>, <u>however</u>, that any action which may require the investment of additional funds or the assumption of additional obligations shall not be undertaken without prior written consent of my domiciliary fiduciary or fiduciaries;

13. I specifically authorize and empower any fiduciary hereunder in his or her sole and absolute discretion to retain any common stock or other securities of the LEE STRASBERG THEATRICAL INSTITUTE, INC. (hereinafter referred to as the "Company") as an investment of my estate or of any trust hereunder for such period of time as he or she shall deem advisable. I specifically authorize and empower such fiduciary in his or her sole and absolute discretion to direct, control, supervise, manage, operate or participate in the business of the Company to whatever

- 8 -

4/24/81

Lee Strasberg

8870

extent he or she shall deem advisable and to determine the manner and degree of his or her active participation in the operation of such business. I further authorize and empower any fiduciary hereunder as stockholder to elect such directors as he or she shall in his or her sole and absolute discretion deem advisable, and through his or her control of the directors of the Company to elect such officers as he or she shall in his or her sole and absolute discretion deem advisable and to instruct such directors and officers regarding any and all decisions required to be made with respect to the operation of the Company, and the directors and officers elected by any such fiduciary may be directors, officers or employees of such fiduciary or beneficiaries of my estate or any trust hereunder. I specifically authorize any fiduciary hereunder through his or her control of the Company to retain himself or herself in any capacity, advisory or otherwise, and to avail himself or herself of any and all services offered by such fiduciary and to pay himself or herself from the Company reasonable compensation for such services. I further authorize any fiduciary hereunder to delegate all or any of the powers, authorities and discretions conferred herein to agents, including any director, officer or employee of the Company, and as a stockholder to give proxies or to vote to engage, compensate and discharge directors, officers, employees, attorneys, accountants or consultants or to enlarge, diminish or change the scope or nature of the business of the Company; and as stockholder to give proxies or to vote and to instruct the directors or officers of the Compay to vote to enter into and perform contracts in connection with the business of the Company, to

- 9 -

purchase, to take options for the purchase, and to lease property, real or personal, for any period of time whether or not such option or lease extends beyond the period of administration of my estate or the term of any trust hereunder, to borrow as required for the operation of said business or for capital improvements and to pledge any assets of the Company as collateral for such borrowing. I further authorize any fiduciary hereunder to commit additional assets of my estate and of any trust hereunder to the risk of the business of the Company whether by lending to, extending credit to, or investing directly in the Company, or by pledging assets of my estate or of such trust as collateral for any borrowing of the Company; to sell any assets of the Company or to exchange assets for stock or other securities or forms of indebtedness of any corporation or otherwise; to sell and dispose of the stock or other securities of the Company held hereunder in whole or in part upon such terms and conditions as such fiduciary shall in his or her sole and absolute discretion deem advisable; and to merge or to consolidate the Company with any other corporation.

Any fiduciary hereunder shall not be liable to anyone whomsoever for any loss occasioned by the retention of such stock or other securities of the Company or resulting from any action taken or omitted to be taken by him or her in good faith in his or her capacity as stockholder, director or officer of the Company or otherwise with respect to the operation, sale, liquidation or other disposition of the business of the Company.

TENTH: No interest of any beneficiary under this my Will, either in income or principal, shall be subject to pledge, assignment, sale or transfer in any manner, nor shall any beneficiary

- 10 -

have the right to anticipate, charge or encumber his or her interest, nor shall such interest be liable or subject in any manner for the debts, contracts, liabilities or torts of such beneficiary.

ELEVENTH: A. If my wife, ANNA STRASBERG, and I should die under such conditions that it would be difficult to impossible to determine which of us died first, then, for the limited purposes of Articles SECOND, THIRD and FOURTH of this my Will, my wife shall be deemed to have survived me and for all other purposes of this my Will shall be deemed to have predeceased me.

B. If any beneficiary under this my Will (except, for the limited purposes of Articles SECOND, THIRD and FOURTH of this my Will, my wife) and I should die under such conditions that it would be difficult or impossible to determine which of us died first, then such beneficiary shall be deemed for the purposes of this my Will to have predeceased me.

TWELFTH: If my wife, ANNA STRASBERG, predeceases me, and if any child of mine is under the age of eighteen (18) years at my death, I hereby nominate, constitute and appoint my wife's sister, VICTORIA KRANE, as the guardian of the person and property of each child of mine during his minority. If VICTORIA KRANE shall, for any reason, fail to qualify or cease to act as such guardian, I Hereby nominate, constitute and appoint my daughter, SUSAN STRASBERG, as such guradian in her place and stead.

I expressly direct that no bond or security of any kind shall be required of any guardian in any jurisdiction to secure the faithful performance of her duties as such and, to the extent

- 11 -

legally permissible, I hereby relieve her from filing accounts of her proceedings in any court.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 24 day of April in the year ONE THOUSAND NINE HUNDRED and SE~~VENTY-NINE~~. eighty-one

*Lee Strasberg*

The foregoing instrument was on the day and date thereof, signed, sealed, published and declared by LEE STRASBERG, the Testator therein named, as and for his Last Will and Testament, in the presence of us, the undersigned, who, at his request and in his presence, and in the presence of each other, have hereunto set our names as witnesses.

Mary Margaret Bishop    residing at 70-25 Yellowstone Blvd, Forest Hills 11375 New York

Christine Dygal    residing at 69-01 Northern Blvd, Woodside N.Y.

_____    residing at 27 Black Birch Lane, Scarsdale, N.Y. 10583

8874

- 12 -

ORIGINAL ADMITTED TO PROBATE August 23, 1982
A TRUE COPY
Robert M. Reaves
CLERK OF THE SURROGATE'S COURT
CERTIFIED March 15, 1984