Exhibit C

Dated November 3, 1995

WHEREAS Sam Shaw, as Settlor, and Sam Shaw, Meta Stevens and Edith Marcus, as Trustees, entered into a certain Trust Agreement dated October 4, 1994 (the "Agreement"); and

WHEREAS Article SECOND of said Trust Agreement reserves to the Settlor the right:

"****to alter, amend, revoke or terminate the trust created hereby, or any of the terms of this Trust Agreement, in whole or in part****"

NOW, THEREFORE, the undersigned Sam Shaw pursuant to the authority reserved by him hereby amends Paragraph (A)(4) of Article FOURTH to read as follows:

"(4) one-third (1/3) of the balance thereof, in equal shares to those of SAM'S grandchildren, CYNTHIA CONTI, ROBERT CONTI, MELISSA STEVENS, DAVID MARCUS, REBEKA MARCUS, and AUSTIN SHAW, who are at least eighteen (18) years of age. Any person other than those named above shall not be entitled to any distribution. Any undistributed net income shall be accumulated and added to principal."

NOW, THEREFORE, the undersigned Sam Shaw pursuant to the foregoing authority reserved by him hereby also amends Paragraph (C) of Article FOURTH to read as follows:

"(C) This trust shall terminate upon the date which is twenty-one (21) years after the date of the death of the survivor of META, her husband, EDITH, her husband and SAM's

grandchildren, CYNTHIA CONTI, ROBERT CONTI, MELISSA STEVENS, DAVID MARCUS, REBEKA MARKUS, and AUSTIN SHAW."

Sam Shaw (L.S.)
SAM SHAW

STATE OF NEW YORK )

COUNTY OF NEW YORK )

On this 3rd day of November, 1995, before me personally came SAM SHAW to me known and known to me to be the person described in and who executed to foregoing instrument and who acknowledged that he executed the same.

Lisa Weyman
Notary Public

LISA WEYMAN
Notary Public, State of New York
No. 31-4882496
Qualified in New York County
Commission Expires February 24, 1996

**Exhibit D**

INDENTURE OF TRUST dated this 22 day of April , 1998 by and between SAM SHAW as Grantor, and SAM SHAW, EDITH MARCUS and META STEVENS, as Trustees.

WITNESSETH:

The Grantor hereby transfers, assigns, sets over and delivers to the Trustees the property mentioned and described in Schedule A annexed hereto and hereby made a part hereof, receipt whereof is hereby acknowledged by the Trustees, TO HAVE AND TO HOLD the same IN TRUST upon the terms and conditions hereinafter set forth:

FIRST

A. I. During the lifetime of the Grantor, the Trustees shall hold the property hereinbefore conveyed to them IN TRUST, to invest and reinvest the same, to collect the rents, income and profits thereof and to pay or apply the entire net income therefrom to or to the use of Grantor, during his lifetime.

II. The Trustees are hereby authorized and empowered to pay or apply to or to the use of Grantor, such sums from or portions of the principal of said trust (even to the extent of the entire amount of said principal) as the Trustees, shall from time to time in their sole and unreviewable discretion determine.

B. Upon the death of the Grantor, the following provisions of this Paragraph B shall take effect:

I. The Trustees shall pay, out of the principal of said trust

(i) Any inheritance, estate, transfer, succession and death taxes or duties, including any interest thereon) imposed in any jurisdiction whatsoever, upon or in relation to any property owned by Grantor at the time of his death or which shall form part of Grantor's gross estate for the purposes of any such tax or duty (whether passing under this Indenture of Trust, under Grantor's Last Will and Testament or otherwise),

(ii) Any debts owing by the Grantor at the time of his death, and

(iii) Any expenses arising in connection with the Grantor's funeral.

II. The balance of the principal shall be divided into two (2) equal shares and paid over and distributed as follows:

(i) One (1) equal share to the Grantor's daughter, EDITH MARCUS, or if she is not then living, to her then living issue, in equal shares, per stirpes.

(ii) One (1) equal share to the Grantor's daughter, META STEVENS, or if she is not then living, to her then living issue, in equal shares, per stirpes.

C. Grantor has intentionally made no provision for his son, LARRY SHAW,

or his issue, for reasons that are well known to him.

SECOND

If both EDITH MARCUS and META STEVENS shall resign or shall for any other reason cease to act as Trustees hereunder, my grandson, DAVID MARCUS, and my granddaughter, CYNTHIA CONTI, or the survivor of them, are hereby appointed successor Trustees in their place and stead.

THIRD

Any Trustee acting hereunder may at any time resign his or her office of Trustee by written declaration, duly signed by him or her and delivered to his or her then acting co-trustee or, if there be none, to the person(s) designated as his or her successor(s).

A signed copy of such declaration of resignation shall be annexed to this Indenture of Trust.

FOURTH

I. The Trustees named herein hereby assume the trust created by this Indenture of Trust and undertake to carry out each and every provision thereof.

II. Any successor Trustee hereunder shall, in order to qualify, execute an instrument in writing, duly acknowledged, expressly agreeing to assume the trust created by

this Indenture of Trust and to carry out each and every provision thereof, and such instrumen shall be annexed to this Indenture of Trust.

III. At any time as there shall be three Trustees acting hereunder, Grantor directs that a majority of the Trustees may do any act or execute any instrument with the same validity and force as if such act were done or such instrument were executed by all the Trustees; PROVIDED, HOWEVER, that a Trustee shall not be liable or responsible for any act done or any instrument executed by any of the other Trustees wherein such Trustee shall not have participated or consented. The authority contained in the preceding sentence shall not be deemed to be a limitation upon or a lessening of any authority which the Trustees would otherwise have under applicable law to authorize any one or more of their number alone to perform any act or execute any instrument in the name of all the Trustees.

IV. No Trustee acting hereunder shall incur any liability for any act done or omitted in the exercise of his or her duties as such Trustee in good faith.

V. No Trustee acting hereunder shall be required to post any bond or other security for the faithful performance of his or her duties hereunder.

FIFTH

I. The Trustees are hereby authorized and empowered, in their discretion, to defer in whole or in part payment or distribution of any property vesting absolutely in a minor upon the termination of the trust hereunder until such minor shall have attained majority.

II. The Trustees are further authorized and empowered, in their unreviewable discretion, to apply to the use of such minor so much of the income of such property so held for the minor's benefit, and of the principal thereof, and at such time or times, as the Trustees shall deem advisable, any income not so applied to be accumulated and added to the principal fund so held by the Trustees for the benefit of such minor. Such income or principal may be applied to the use of such minor, in the Trustees' discretion, in any one or more of the following ways:

(a) by paying or distributing the same for the benefit of such minor, to the parent or guardian of such minor; to

(i) any adult member of such minor's family,

(ii) the guardian of such minor, or

(iii) the Trustees hereunder, as Custodians for such minor under the New York Transfers to Minors Act or under any other Transfers to Minors Act authorizing such payment; or to any other person having the care or control of such minor for the time being, without the Trustees, in any of the above cases,

being under any obligation to look to the proper application of any such payment or distribution by the person receiving it.

(b) by expending the time, for the benefit and account of such minor, in such manner as the Trustees shall, in their sole and unreviewable discretion, determine; and/or

(c) by paying to the minor direct such sum as the Trustees may consider suitable as an allowance. Any payment hereinabove authorized shall be a full discharge to the Trustees with respect thereto.

III. With respect to any property held under this Article FIFTH the Trustees shall have all the powers, privileges, discretions and immunities conferred upon the Trustees under Article SIXTH hereof, and shall be entitled to commissions at the rates and in the manner payable to testamentary trustees under the laws of the State of New York as in effect from time to time; and the Trustees shall not be required to give any bond or other security for the faithful performance of their duties hereunder in any jurisdiction whatsoever or, if any bond is required, the Trustees shall not be required to give any surety thereon.

SIXTH

The Trustees shall have, with respect to any and all property at any time held by them hereunder, the following powers, in addition to those conferred by law:

1. To retain any such property as an investment without regard to the proportion which such property, or property of a similar character, so held, may bear to the entire amount of the trust estate whether or not such property is of the class in which Trustees are authorized by law or any rule of court to invest trust funds.

2. To sell any such property at either public or private sale, for cash or on credit, to exchange such property; and to grant options for the purchase thereof.

3. To invest and reinvest in property of any character, real or personal, foreign or domestic, including, but without limiting the generality of the foregoing, bonds, notes, debentures, mortgages, common and preferred stocks, shares or interests in investment trusts, without being limited to the class of securities in which Trustees are authorized by law or any rule of court to invest trust funds and without regard to the proportion which any such property or property of a similar character held by the Trustees may bear to the entire amount of the trust estate.

4. To consent to and participate in any plan or reorganization, consolidation,

merger, combination or other similar plan, and to consent to any contract, lease, mortgage, purchase, sale or other action by any corporation pursuant to such plan.

5. To deposit any such property with any protective, reorganization or similar committee, to delegate discretionary power thereto, to pay part of its expenses and compensation and any assessments levied with respect to such property.

6. To exercise all conversion, subscription, voting and other rights of whatsoever nature pertaining to any such property, and to grant proxies, discretionary or otherwise, in respect thereof.

7. To register and hold securities or other property in the name of a nominee without indicating their fiduciary capacity, and the liability of the Trustees shall be neither increased nor decreased thereby.

8. To compromise, settle or arbitrate any claim in favor of or against the trust.

9. To determine whether, and if so, to what extent, premiums on investments shall be amortized.

10. To maintain one or more custody accounts with any bank or trust company, wherever located, and to retain investment counsel or investment advisers, accountants and attorneys (including any firm with which any of the Trustees is associated as

a partner, employee, stockholder, officer, director or consultant) and to charge the cost of any such custody account or any commissions, fees or other compensation payable to any such investment counsel or investment advisers, accountants or attorneys to the principal or income of the trust as they may deem appropriate, in addition to the commissions otherwise payable to the Trustees.

11. To determine whether any dividend, or other corporate distribution in the nature of a dividend, other than an ordinary cash dividend, declared and paid upon any security held in the trust, whether payable in cash, in stock (issued by the corporation declaring the same or by any other corporation), in bonds, or otherwise, shall be treated as and allocable to principal or income, or partly to principal and partly to income, and the Trustees shall not be required to treat any particular dividend in the same manner as previous dividends upon the same or other securities, or to make any determination on the basis of whether any particular dividend represents in whole or in part a distribution of earnings or surplus regardless of when earned or created.

12. To deal with any brokerage firm, banking firm or bank in connection with the sale, purchase or exchange of any property at any time held or to be acquired by them, irrespective of whether such brokerage firm, banking firm or bank shall be acting as principal

or agent in any such transactions and the Trustees shall not be liable to the trust for any participating interest which they or any of them may have in any commission, profit or other compensation received by any such brokerage firm or bank in connection with any such transaction.

13. To do all such acts, take all such proceedings and exercise all such rights and privileges, although not hereinbefore specifically mentioned, with relation to any such property, as if the absolute owner thereof, and in connection therewith to make, execute and deliver any instruments and to enter into any covenants or agreements binding the trust hereby created.

SEVENTH

In addition to the powers conferred to the Trustees under Article SIXTH of this Indenture of Trust, the Trustees shall have the power to retain the Grantor's collection of photographs, negatives and transparencies for such time as the Trustees shall determine in their discretion; to take any actions that the Trustees shall determine in their discretion to enhance the collection of photographs, negatives and transparencies; and to sell the collection, or any part thereof, of photographs, negatives and transparencies as a collection upon such terms and conditions as the Trustees shall determine in their discretion.