```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  CIVIL TERM
-----------------------------------------X
EDITH SHAW MARCUS and META SHAW STEVENS,
as Temporary Administrators of the
Estate of SAM SHAW,

                    Plaintiffs,
                                              Index No.
         - against -                          123783/94

MARTIN BRESSLER, LARRY SHAW,
SUSAN SHAW, BRESSLER & BRESSLER,
VALERIE GOODMAN, 1912 PRODUCTIONS,
INC., MARC WEINSTEIN, individually
and d/b/a COLOR GROUP,

                    Defendants.
-----------------------------------------X
                         80 Centre Street
                         New York, New York 10007
                         June 5, 2002


B E F O R E:

         HONORABLE MARTIN EVANS,
                   Judicial Hearing Officer


A P P E A R A N C E S:

         MEYER, GREENAWALT, TAUB & WILD, LLP
         Attorneys for the Plaintiffs
         230 Park Avenue
         New York, New York 10169
         BY:  WILLIAM GREENAWALT, ESQ.
                   -and-
         SAUL RUDES, ESQ.
         605 Third Avenue
         New York, New York 10158
```

DEBRA SALZMAN, RMR, Official Court Reporter

```
 1                        Proceedings

 2      A P P E A R A N C E S:  (Cont'd)

 3          JEFFREY P. TUNICK, ESQ.
            Attorneys for Defendants
 4          150 Main Street
            Nyack, New York 10960
 5               -and-
               MICHAEL J. MARINO, ESQ.
 6
            RUBIN & SHANG
 7           Attorneys for the Plaintiff
            9 East 40th Street
 8          New York, New York 10016
            BY:  JEFFREY RUBIN, ESQ.
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

                DEBRA SALZMAN, RMR, Official Court Reporter

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | Proceedings                                                     |
| 2  | A F T E R N O O N   S E S S I O N                               |
| 3  | MR. MARINO: It is hereby stipulated and                         |
| 4  | agreed by and between the parties to the within action          |
| 5  | and their attorneys, all of which are present, that             |
| 6  | the above entitled action is hereby settled on the              |
| 7  | following terms and conditions:                                 |
| 8  |    Number 1. An entity will be formed.                          |
| 9  | Whether that entity be a corporation, limited                   |
| 10 | liability partnership, joint venture, what type of              |
| 11 | entity it will be will be determined by what is most            |
| 12 | reasonably efficient with respect to making money, tax          |
| 13 | consequences and the like.                                      |
| 14 |    The name of that entity will be the Shaw                     |
| 15 | Family Archives. Whether it be Shaw Family Archives             |
| 16 | Inc., LLC, partnership, "Shaw Family Archives" will be          |
| 17 | the primary name.                                               |
| 18 |    Larry Shaw, Meta Shaw Stevens and Edith Shaw                 |
| 19 | Marcus shall be principals in that entity and their             |
| 20 | respective interests in that entity will be the                 |
| 21 | following: Larry Shaw shall own 50 percent of that              |
| 22 | entity. Meta Shaw Stevens and Edith Shaw Marcus --              |
| 23 | off the record.                                                 |
| 24 |    (Discussion held off the record.)                            |
| 25 | MR. MARINO: Meta Shaw Stevens shall own 25                      |
| 26 | percent of that entity and Edith Shaw Marcus shall own          |

DEBRA SALZMAN, RMR, Official Court Reporter

4

Proceedings

```
 1                        25 percent of that entity.
 2                                 That entity shall own and take possession
 3                        of, in a manner set forth below, all of the
 4                        photographs involved in this litigation.  That
 5                        includes --
 6                                 MR. RUBIN:  Off the record.
 7                                 (Discussion held off the record.)
 8                                 MR. MARINO:  That includes each and every
 9                        photograph shot by either Sam Shaw or Larry Shaw
10                        during the course of their respective careers,
11                        lifetimes --
12                                 JHO EVANS:  Excuse me.  Wait a minute.
13                        There were some photographs that were
14                        claimed by both Sam and Larry Shaw, but Sam Shaw's
15                        attorneys weren't aware they were taken by her but
16                        owned by Columbia pictures.  If you want to dispose of
17                        those photographs, they're not a party to it.
18                                 MR. MARINO:  Your Honor, I don't think we
19                        can dispose of them via stipulation.
20                                 JHO EVANS:  From the point of view of the
21                        stipulation you can.
22                                 (Discussion held off the record.)
23                                 MR. MARINO:  The photographs included in the
24                        collection to be owned by the Shaw family foundation
25                        entity include -- Shaw Family Archives entity include
```

DEBRA SALZMAN, RMR, Official Court Reporter

                        Proceedings

all of those photographs now in the possession -- I
can't do that either.

            (Discussion held off the record.)

            MR. MARINO:  (Continuing) All of the
photographs taken -- snapped by Sam Shaw and/or Larry
Shaw during the course of their lifetimes, together
with those photographs taken by third parties which
either of them claim as being owned by them via some
gift or sale from a third party, all subject to claims
by said third parties.

            There shall be appointed what we have termed
a "superagent."  The superagent shall have two roles:
number one, the primary role shall be the custodian of
all the photographs hereinbefore mentioned.  However,
it is in the interest of all the parties to keep that
group of photographs within the possession of the
superagent at a minimum in order to save costs.

            Let me go back for a minute.  The primary or
one of the roles of the super agent shall be to
warehouse and maintain all of the photographs subject
to a reduction in that collection pursuant to the
agreement of the principals: Larry, Meta and Edith.

            The second role for the super agent is to
determine the commercial reasonableness of each and
every deal brought to the Shaw Family Archive entity.

                DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

1  Each and every deal brought to the Shaw Family entity
2  upon which there is not agreement between Larry, Edith
3  and Meta, and with respect to that their votes are 50
4  percent Larry, and 50 percent total for Edith and
5  Meta, 25 percent each.
6       In the event of a deadlock, 50/50 deadlock,
7  the super agent will determine whether or not a deal
8  shall go forward depending on its commercial
9  reasonableness. The respective voting power is 50
10 percent Larry, no matter what the entity; 25 percent
11 Edith, 25 percent Meta.
12      Let me try to back up. With respect to all
13 types of transactions other than outright sales of
14 photographs, the procedure is as follows: If the
15 parties agree either to do or to not do the
16 transaction, the super agent need not be involved.
17      If, however, there is a deadlock on whether
18 or not to do the transaction the transaction must go
19 to the super agent who will determine whether or not
20 it is commercially reasonable to do and his
21 determination shall be final.
22      However, with respect to the outright sale
23 of an image, photograph -- if with respect to the
24 outright sale of a photograph, negative or
25 transparency, photographic print, negative or

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

transparency, again, if the parties -- withdraw that.

If any of the parties wishes not to do the transaction and even if it is a minority position, then -- withdrawn. That's not right.

MR. RUBIN: Keep going.

MR. MARINO: If it is a minority position, and the super agent makes the determination that the deal is commercially reasonable, the party, either Larry, Edith or Meta, dissenting, or parties, will have the right of first refusal to make that deal.

JHO EVANS: Off the record.

(Discussion held off the record.)

MR. MARINO: Let's back up a little bit. In the event --

MR. RUBIN: Off the record.

(Discussion held off the record.)

MR. MARINO: Let me back up.

With respect to an outright sale as previously stated, if any of the parties -- with respect to the outright sale of a photographic print, negative or transparency, if any of the parties -- let me continue.

With respect to the outright sale of a photographic print, negative or transparency or contact sheet, which is a print, in the event of

8

Proceedings

unanimity between the parties, the deal shall go forward.

In the event that there is a majority in favor of the deal, the dissenting party may nonetheless match the deal presented within five days, and if said deal is not matched by this dissenting party within said five-day period the deal shall go forward.

In the event there is a deadlock that the decision as to whether or not to go forward with that transaction shall be in the hands of the super agent, and if the super agent makes the determination that the deal should go forward because it is commercially reasonable, then any of the dissenting parties to that deal among the principals shall have the right, within five days after the super agent makes determination, to go forward to match the deal. If they cannot match the deal within that said five-day period the deal goes forward.

Now, all of the principals, Larry, Edith and Meta, may act as subagents for the collection, and they shall be compensated by the entity for each deal that is brought to the super agent -- excuse me -- each deal that is brought to the entity via the super agent in an amount which is commercially reasonable

Proceedings

given industry standards.

To clarify, they shall be compensated an agency commission in an amount which is reasonable in accordance with industry standards for all deals brought and consummated. Said compensation upon consummation shall only be paid in the event money is received with respect to that transaction by the entity.

With respect to any monies coming in, any monies generated by the collection as described previously, all monies shall be paid directly to the entity, and any commissions or expenses as will be laid out below will all be paid by the entity after receipt of said -- off the record.

(Discussion held off the record.)

MR. MARINO: In the event any income generated by the collection is payable to anyone other -- any one or any entity other than the Shaw Family Archives, the person or entity receiving that check or money or cash shall immediately endorse it over and deliver it to the super agent on behalf of the Shaw Family Archives.

The commission paid to the subagent shall be a percentage based on the gross amount generated and collected in connection with the transaction, and such

DEBRA SALZMAN, RMR, Official Court Reporter

|  |  |
|---|---|
| 1 | Proceedings |
| 2 | commissions shall be paid by the entity to the agent |
| 3 | after said generated money is deposited and cleared in |
| 4 | the entity bank account. |
| 5 | All expenses incurred by agents, whether |
| 6 | they be Larry, Meta or Edith, or any other outside |
| 7 | agents shall be borne by the agent as the agent's cost |
| 8 | of doing business. |
| 9 | However, in the event either Larry, Meta or |
| 10 | Edith, or any other outside agent request that certain |
| 11 | expenses be borne by the entity because of |
| 12 | extraordinary circumstances, then if Meta, Larry and |
| 13 | Edith agree they will be borne by the entity. If |
| 14 | there is a deadlock -- withdrawn. |
| 15 | A majority of the parties may agree to have |
| 16 | the entity bear such expenses, or a majority of the |
| 17 | parties may agree that the expenses should not be |
| 18 | borne by the entity. In the event of a deadlock, the |
| 19 | super agent will determine the expenses sought to be |
| 20 | borne by the entity using a commercially reasonable |
| 21 | standard. |
| 22 | Any such expenses advanced by a subagent |
| 23 | without the prior written approval of the entity -- |
| 24 | forget that. Forget that. It's assumed. |
| 25 | The parties herein, Larry, Meta and Edith, |
| 26 | shall each be entitled to a percentage of the net |

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

proceeds of all income-generating transactions after the payment of all reasonable and necessary expenses, which shall include the agency commission, if any, subagency commission, if any, and after the payment of all expenses reasonable and necessary to house and maintain the collection, including any and all fees, reasonable and necessary fees paid to the super agent.

JHO EVANS: Off the record.

(Discussion held off the record.)

MR. MARINO: Just by way of example only, expenses shall include the super agent's fee, the cost of housing and maintaining the collection -- by "maintaining," I mean kept boxes, glassine envelopes, folders, maintain -- but it shall also include the administration of the entity's business affairs and shall also include the scanning and inventorying of all the images in the collection.

The net proceeds after the deduction of the aforementioned expenses shall be split in the following manner: 50 percent to Larry Shaw; 25 percent to Meta Shaw Stevens; 25 percent to Edith Shaw Marcus.

JHO EVANS: Off the record.

(Discussion held off the record.)

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

MR. MARINO: Any reference herein to the principals' ownership of a share in the entity -- I said that wrong. The principals of the entity shall herein -- the next subject.

The parties, each of them individually, Larry Shaw, Meta Shaw Stevens Edith Shaw Marcus individually, indemnify and hold the other harmless, including the entity, for any and all claims, losses or liabilities incurred by any of the parties or the entity.

Each of the individual parties agrees to indemnify and hold harmless --

MR. RUBIN: Each of the principals of the entity agree to indemnify and hold harmless the entity and each other from any claims made against them for any transaction that they conducted in relation to the subject of the entity prior to this date.

JHO EVANS: Can you tell me what it is you're referring to?

MR. RUBIN: What we're referring to is in the event one of the parties had done a transaction -- off the record.

(Discussion held off the record.)

MR. RUBIN: From any claims including any lawsuits, including but not limited to any lawsuits

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

1  which are made against any of the principals for any
2  transaction conducted by such principals or their
3  agents, each respective principal or their agents in
4  relation to the corpus of the entity.
5      JHO EVANS: I take it that what you're
6  referring to is if any claims are made against this
7  proposed entity, whatever it is, corporation or LLC,
8  by an[y thi]rd person arising out of any activities that
9  a[re that] any of these three individuals who are
10 [here] before today, those individuals will
11 [hold ha]rmless and indemnify the entity
12 [for any claims] arising out of those claims. Is
13 [that cor]rect, your Honor.
14 [THE COURT: E]ntity and each other.
15 [MR. MARINO]: And the other principals.
16 [MR. M]ARINO: Individually.
17   JHO EVANS: Indemnify each other from the
18  [claims] made against them.
19     MR. MARINO: Exactly what you said, except
20 the indemnity also extends to the individuals.
21     MR. GREENAWALT: And would also be, your
22 Honor, for acts of those parties if the parties have
23 agents and have done things in their name, then that
24 would also apply.

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

1
2  MR. MARINO: And I am saying it has to be
3  authorized agents.
4  MR. RUBIN: Our problem is Darius, where
5  there is a claim by Larry that he is acting without
6  authority.
7  JHO EVANS: What you're saying is if he
8  makes any claim against the entity, Larry Shaw will
9  hold the entity harmless against them. Is that
10 right?
11  MR. RUBIN: That's what it should be. We
12 didn't have any dealings with them.
13  JHO EVANS: Is that true?
14  MR. MARINO: That's what they are
15 suggesting. All I'm saying is that the agent be an
16 authorized agent in order for the indemnity to take
17 effect, and then the issue of whether it was
18 authorized or not is --
19  MR. RUDES: Just a second on that.
20  JHO EVANS: If this fellow was not an
21 authorized agent and he makes some claim again the
22 entity, even though he was unauthorized, and suppose
23 somebody is from Australia and says they were
24 authorized by Meta Stevens to sell these photographs
25 and he wasn't, should there be an indemnity by Meta
26 Stevens against the entity?

DEBRA SALZMAN, RMR, Official Court Reporter