Proceedings

MR. RUBIN: No. Our problem is with Darius specifically because Darius was doing business with Larry, and if Darius had done -- if Darius had done business with another person, and that person comes against the entity claiming that there was some problem in the sale, we shouldn't have to pay for the defense of that.

JHO EVANS: I fail to see how any person can make a claim against an entity arising out of a past action if the entity has not been in existence.

MR GREENAWALT: Not just against the entity. The way Mr. Marino put it, it's also claims against any one of the principals or their acts for any of those transactions.

JHO EVANS: Is there a possibility that Darius will make claims against Stevens and Marcus?

MR. RUBIN: I don't know. There was a contract that he signed with the receiver. I have no idea -- I haven't seen the contract -- I have no idea who is responsible for that.

MR. TUNICK: The receiver, he signed the deal, he's responsible for it.

MR. RUBIN: The receiver signs in his representative capacity.

MR. GREENAWALT: Darius and the receiver

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

1  signed a contract.
2  
3  JHO EVANS: But he was authorized to do so,
4  wasn't he? If he was authorized to sign a contract
5  and based on that contract, that's an authorized
6  contract.
7  MR GREENAWALT: Darius is only supposed to
8  do certain things under the contract.
9  JHO EVANS: I don't know, if there's a claim
10 based on the contract that should be indemnified.
11 MR. GREENAWALT: If somebody claims against
12 Darius outside of the contract or claims against Larry
13 or Meta, claims against them for acts up to now,
14 that's what we're trying to get into the indemnity.
15 MR. TUNICK: Authorized agent.
16 JHO EVANS: You want the entity indemnified
17 for claims against Larry.
18 MR GREENAWALT: By a third person.
19 JHO EVANS: I don't understand that but --
20 MR GREENAWALT: If somebody claims Larry has
21 done something strange and Larry owes somebody a
22 hundred thousand dollars for some reason, okay --
23 MR. RUDES: Not "for some reason," for work
24 he did on behalf of marketing the photos.
25 JHO EVANS: That's not a claim against the
26 entity.

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

```
 1                MR GREENAWALT:  The point is --
 2                JHO EVANS:  How can that be a claim against
 3    the entity?
 4                MR. MARINO:  This indemnity makes no sense.
 5    This indemnity makes no sense.
 6                JHO EVANS:  It doesn't make any sense.
 7                MR. MARINO:  The indemnity makes no sense at
 8    all.
 9                JHO EVANS:  That doesn't make any sense.
10                MR. RUBIN:  Judge, there's another issue
11    that there is a claim --
12                JHO EVANS:  You're forming a corporation.
13    Somebody is making a claim against Larry for past
14    acts.  How is the corporation involved?
15                MR. MARINO:  The extent of the claim can
16    only be against Larry and Larry's interest in the
17    entity.
18                MR. RUBIN:  Here is the problem.  The
19    problem is that there is an issue that some pictures
20    which Larry has are also claimed by another party, a
21    photographer as being his.  If those become the
22    subject of --
23                JHO EVANS:  Wait a minute.  Tell me that
24    again.  Some third party makes a claim against what?
25                MR. RUBIN:  Larry has claimed that certain
```

Proceedings

pictures are authored by himself. There is another photographer that made a claim that those pictures are not Larry's but his. Those then, however, will become part of this entity and will be marketed as part of the entity.

If that person, that photographer, sues the entity in claiming that those pictures are his not Larry's, we want Larry to defend it.

MR. MARINO: There are a similar amount of photographs on the other end.

JHO EVANS: We know that there are claims by third parties.

MR. TUNICK: We already said that.

MR. RUBIN: Who pays for the defense of the lawsuit?

JHO EVANS: We know there are claims by third parties against some of these photographs. Some of these photographs were claimed by Larry Shaw and also claimed by Sam Shaw. Now, if this third party comes in against the corporation and says those are mine, who is going to indemnify the corporation?

MR. RUBIN: I'm saying there are certain pictures that Larry claims were taken. There is a pictures taken by Atami (phonetic) that he took. If in fact there is a lawsuit, Larry makes these part of

DEBRA SALZMAN, RMR, Official Court Reporter

|    | Proceedings |
|----|---|
| 1  | |

       2    the corpus of the entity, if this person comes in and

       3    brings a lawsuit, who pays for --

       4             MR. TUNICK: Don't take them as part of the

       5    corpus.

       6             MR. MARINO: Turn them over.

       7             MR. TUNICK: Don't take them.

       8             MR. RUBIN: That's not the point.

       9             MR. TUNICK: Came them back to Atami.

    10            JHO EVANS: Is there any likelihood of that

    11    happening?

    12            MR GREENAWALT: Well, your Honor, I think

    13    two of the groups you were referring to, Maureen

    14    Lambrey and Jessica Burstein, Jessica says so far as

    15    she's concerned Sam, she feels, could have those.

    16            JHO EVANS: I don't care. She testified

    17    that she took them and the ownership of them is in

    18    Columbia Pictures. That's what she testified to.

    19    What kind of a claim can she make? She doesn't own

    20    the photographs.

    21            MR GREENAWALT: I understand.

    22    I suppose Columbia could make a claim, your

    23    Honor.

    24            JHO EVANS: Don't look for something that

    25    doesn't exist.

    26            MR. RUBIN: The women are concerned about

DEBRA SALZMAN, RMR, Official Court Reporter

```
 1                    Proceedings
 2   being responsible or being responsible for something
 3   that was done previously which may be wrong or have
 4   some consequences against them and the entity, that's
 5   all, so they just want to be held harmless for that
 6   because they don't know what Larry was doing and
 7   they're willing to do it reciprocally.
 8         MR. RUDES: Each party here represents that
 9   they have done nothing in any way which would expose
10   the individual or the entity to anymore suits or any
11   other suits or any attempts to recover in any fashion,
12   and they acknowledge that in entering into this
13   agreement they have been relying on the
14   representations and warranties.
15         MR. MARINO: That's fine. I'm happy with
16   that.
17         JHO EVANS: What more do you need? That's
18   all you need.
19         Both sides agree to that?
20         MR. MARINO: Yes, we're fine, Judge.
21         MR GREENAWALT: Just a minute.
22         JHO EVANS: Next point.
23         MR. MARINO: Now we move on to attribution.
24         All of the photographs involved in this
25   collection shall be the property -- shall be termed a
26   part of the Shaw Family Archives.
```

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

With respect to the individual authorship of an individual image, all of the Marilyn Monroes will be -- I was about to state that all of the Marilyn Monroes can be attributed to Sam Shaw, except that my client just raised 72 photographs or 36 photographs -- are they printed or negatives?

(Discussion held off the record.)

MR. MARINO: The parties have agreed that the attribution of the photographs involved in this collection will be determined by Judge Evans based on his findings, which will be based in turn on the evidence adduced at trial over the past seven years.

MR GREENAWALT: I'm not willing to let Marilyn Monroe be attributed to Larry Shaw.

MR. MARINO: Let me tell you, since we didn't present any evidence on that during seven years --

MR. GREENAWALT: No, no, no.

MR. RUBIN: Hold it. I don't know what the problem is. I thought we agreed.

MR. MARINO: We did agree.

MR. TUNICK: Larry tells us two rolls are Larry Shaw's photographs of Marilyn Monroe. If we can agree that all Marilyn Monroe photographs can be attributed to Sam Shaw except for a certain two rolls,

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

1  Judge Evans based on the evidence adduced in this case
2  over the past seven years.
3      In the event any of the parties, Larry, Meta
4  or Edith, have marketed any photograph outside of the
5  parameters, a photograph, any image, any transparency
6  of any kind, have marketed any of those images outside
7  the parameters of this agreement, then that party
8  shall be penalized in the following manner -- 
9  start again.
10     In the event any of the parties herein from
11 this date forward, June 5, 2002, market,
12 commercialize, attempt to sell, attempt to make any
13 type of deal with respect to an image involved in this
14 transaction --
15     JHO EVANS: What about gifts?
16     MR. MARINO: Gifts are included, if they
17 attempt to gift -- off the record.
18     (Discussion held off the record.)
19     MR. MARINO: (Continuing) Including gifts,
20 without the agreement of the other parties -- excuse
21 me -- without the majority agreement of the other
22 parties, then that person shall be penalized in the
23 following manner: they will be subject to treble
24 damages in the event monies are received. In the
25 event of a gift they will be subject to treble damages

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

on the value of the damages, on the value of the photograph plus $10,000.

    Off the record.

    (Discussion held off the record.)

    MR. LARRY SHAW: I will not agree on that.

    MR. TUNICK: Strike that.

    (Discussion held off the record.)

    MR. MARINO: No $10,000, just treble damages.

    In the event any of the parties market, commercially exploit, sell or even gift one of the images that should be a part of this collection but has not been previously -- but has not been turned over pursuant to this stipulation, that party will be penalized in the following manner: they will be subject to treble damages and they will be penalized, in addition be penalized in the amount of $10,000 per occurrence.

    MR. TUNICK: Also the value --

    MR GREENAWALT: Also you don't have to --

    MR. TUNICK: After discovered photographs, images, transparencies, whatever was listed, turned in by any principal to the super agent, any ones turned in after this date, any photographs turned in -- any photographs after discovered -- how about after

Proceedings

discovered photographs?  I'm giving everybody the benefit of the doubt.

    MR. LARRY SHAW:  After recovered.

    MR. MARINO:  After discovered or after recovered photographs, beautiful.

    MR. RUDES:  Very good.

    MR. TUNICK:  (Continuing) Turned over to the super agent or the entity shall not be subject to the aforementioned penalties.

    MR. MARINO:  Fine.  Okay.

    MR. RUDES:  One thing clarified, Madam Reporter.  At the outset when Mr. Marino made reference to images and all that stuff, could you put "collectively known as photographs" so we don't have to worry about anything cropping up if he left out a word.

    COURT REPORTER:  Your statement is now on the record.

    MR. MARINO:  In the event of any dispute arising out of the terms and conditions of this stipulation, said dispute shall be --

    MR. RUDES:  No arbitration.  Leave it out.

    MR. MARINO:  Judge, can you help us out here?  All the parties agree, I think, that Myron Beldock is an appropriate super agent.

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

However, we are unclear on how to deal with whether -- how he gets fired or how he gets renewed. In the event of a deadlock there's no super agent to make a determination.

MR. TUNICK: That's the last point we had.

MR. RUDES: Go back to court and get a new receiver.

MR GREENAWALT: Your Honor, let me explain some of the reason for this. There are many people who would love to have some control of this collection, who are experts in this field, who we are -- we've been told on good source would really market this collection tremendously. Myron Beldock is a fine guy but he's a very, very busy lawyer.

JHO EVANS: In that case, use your people as subagents.

MR GREENAWALT: We want to have some provisions for maybe cutting down the cost of the super agent's administration, such as having True Color --

JHO EVANS: What you're saying is you want somebody else as a super agent?

MR GREENAWALT: At some period.

JHO EVANS: Is that what you're saying?

MR GREENAWALT: We would like somebody else

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

now. We are acceding to Beldock for the time being, but we want to have another way to get another superagent, or if True Color can take it over, the pictures --

MR. MARINO: I'm sorry.

(Discussion held off the record.)

JHO EVANS: You have agreed on everything now except whether Beldock will continue in some way. Everything else is agreed?

MR. TUNICK: Yes.

MR. MARINO: Yes.

JHO EVANS: Everything agreed except the question of what happens if you don't like Beldock.

MR. RUBIN: Right.

MR GREENAWALT: We have one more thing.

JHO EVANS: Is everything else agreed except that?

MR. RUBIN: The only other issue is what lab, the place of storage. Right now it's my understanding that these are stored at True Color Laboratories.

MR. LARRY SHAW: A portion are stored there.

MR. RUBIN: A portion stored there and a portion stored at Edie's house.

Is that true?

DEBRA SALZMAN, RMR, Official Court Reporter

```
 1                      Proceedings
 2          MS. SHAW MARCUS:  Yes.
 3          MR. RUBIN:  Is there a problem if you put
 4   all the photos at True Color?
 5          MR. MARINO:  The problem is the expense; it
 6   seems to me a waste of money.
 7          (Discussion held off the record.)
 8          MR. MARINO:  Let's do that.  To start, at
 9   some point get together and determine --
10          MR. TUNICK:  Just so they're in one place.
11          MR. RUDES:  We're going to store them all at
12   True Color and then decide what they're going to do?
13          MR. MARINO:  They can be scanned at True
14   Color.
15          MR. TUNICK:  They're going to be stored at
16   True Color Lab.  All photos have to be delivered to
17   True Color Lab.
18          JHO EVANS:  Let's say this.  If two-thirds
19   of the parties agree --
20          MR. TUNICK:  That this is a deal --
21          JHO EVANS:  -- that any photograph can be
22   taken out and given to any one of the parties, that
23   will be done.
24          MR. MARINO:  I'm happy with that.
25          MR. RUDES:  There's a problem now about
26   family photos that are in bins, which they say have to
```

DEBRA SALZMAN, RMR, Official Court Reporter

29

Proceedings

go into --

JHO EVANS: You didn't hear what I just suggested.

MR. RUDES: No.

JHO EVANS: That if two-thirds of the parties agree, any photographs can be given to any of the parties.

MR. RUDES: Yes, two-thirds. Well, then suppose we have a split 50/50.

MR. MARINO: Saul, if the photographs that are there now are the ones that Larry previously said were okay to go to Meta or Edith, he's going to say it again. They stand as exactly the same relationship as the photographs that were never claimed by Sam.

MR. RUDES: Just a minute. We have photos in bins. We are going to count them up and we're going to make an offer to sell them to the individual sisters.

MR. MARINO: No, you're going to turn them over and we're going to look at them. Nobody is selling anything.

MR. RUDES: We agree that the photos are there. I'm bringing an offer for certain photos to buy them and you turn me down, pay me for the price. I don't understand why this is any different.

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

1  (Discussion held off the record.)

JHO EVANS: I have a solution for that one, Mr. Rudes, it's very simple.

The so-called family photographs will all be put into one special pot or box, and if the parties can't agree I'll decide.

MR. RUDES: That's the end.

MR. TUNICK: Fine.

MR. MARINO: That ends that.

JHO EVANS: Is there anything left now? You said there was a question of a laboratory and then a question of family photographs was raised, and the question of the replacement possibly of Mr. Beldock. Is there anything else or have those been resolved?

MR GREENAWALT: The laboratory is True Color.

MR. MARINO: Fine, until the parties agree otherwise.

JHO EVANS: The laboratory is resolved; the family photographs are resolved.

Why even bother at this point of going into the question of replacing Beldock when you got nobody else in mind?

MR. MARINO: Exactly.

MR. RUBIN: I'll take it.

DEBRA SALZMAN, RMR, Official Court Reporter