UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS,
META STEVENS, BRADFORD LICENSING, INC.,
JAMES E. DOUGHERTY, and VALHALLA
PRODUCTIONS, LLC,

                  Plaintiffs/Consolidated Defendants,

-against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                  Defendants/Consolidated Plaintiffs.
------------------------------------------------------------------------x

**05 CV 3939 (CM)**

**ANSWER,
AFFIRMATIVE
DEFENSES AND CROSS
CLAIMS**

DEFENDANTS BRADFORD LICENSING ASSOCIATES ("Bradford") and SHAW

FAMILY ARCHIVES, LTD., ("SFA), by and through its undersigned counsel, for their Answer

and Affirmative Defenses, state as follows:

1.    Deny knowledge or information sufficient to form a belief as to the truth of each

and every allegation contained within paragraph "1" of the Second Amended Complaint.

2.    Deny knowledge or information sufficient to form a belief as to the truth of each

and every allegation contained within paragraph "2" of the Second Amended Complaint.

3.    Deny knowledge or information sufficient to form a belief as to the truth of each

and every allegation contained within paragraph "3" of the Second Amended Complaint.

4.    Deny that CMG has secured the right to manage and exploit the Intellectual

Property interests of Marilyn Monroe. Bradford and SFA deny knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained within paragraph

"4" of the Second Amended Complaint.

5.      Deny that CMG has the right to manage and exploit the Intellectual Property interests of Marilyn Monroe. Bradford and SFA deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph "5" of the Second Amended Complaint.

6.      Deny that CMG has developed considerable goodwill within the industry. Bradford and SFA deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph "6" of the Second Amended Complaint.

7.      Deny each and every allegation contained within paragraph "7" of the Second Amended Complaint.

8.      Admit the allegations contained within paragraph "8" of the Second Amended Complaint.

9.      Admit the allegations contained within paragraph "9" of the Second Amended Complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "10" of the Second Amended Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "11" of the Second Amended Complaint.

12.     Admit the allegations contained within paragraph "12" of the Second Amended Complaint.

13.     Admit the allegations contained within paragraph "13" of the Second Amended Complaint.

14.     Deny each and every allegation contained within paragraph "14" of the Second Amended Complaint.

15.    Deny each and every allegation contained within paragraph "15" of the Second Amended Complaint.

16.    Bradford and SFA are unable to respond to this demand in that it is vague does not specify a time period. Bradford and SFA deny the remaining allegations contained within paragraph "16" of the Second Amended Complaint.

17.    Admit the allegations contained within paragraph "17" of the Second Amended Complaint.

18.    Deny that the film "Marilyn's Man" was unauthorized. Bradford and SFA admit the remaining allegations contained within paragraph "18" of the Second Amended Complaint.

19.    Deny each and every allegation contained within paragraph "19" of the Second Amended Complaint.

20.    Deny each and every allegation contained within paragraph "20" of the Second Amended Complaint.

21.    Admit that Bradford and SFA have correctly informed parties that they possess the rights necessary for use of SFA's "Monroe/Shaw photographs." Bradford and SFA deny the remaining allegations contained within paragraph "21" of the Second Amended Second Amended Complaint.

22.    Admit that Bradford and SFA have correctly informed parties that they possess the authority to license the use of SFA's Marilyn Monroe photographs. Bradford and SFA deny the remaining allegations contained within paragraph "22" of the Second Amended Second Amended Complaint.

23.    Deny that Bradford and SFA have attempted to trade illegally and without authority on the Marilyn Monroe brand and on the Monroe Intellectual Property Rights.

Bradford and SFA admit the remaining allegations contained within paragraph "23" of the Second Amended Complaint.

24.    Admit that Bradford has appeared at tradeshows in connection with SFA's Marilyn Monroe photographs.  Bradford and SFA deny the remaining allegations contained within paragraph "24" of the Second Amended Complaint.

25.    Deny that Bradford or SFA have implicated and undermined any rights of publicity owned and administered by CMG or MMLLC.  Bradford and SFA admit the remaining allegations contained within paragraph "26" of the Second Amended Complaint.

26.    Deny each and every allegation contained within paragraph "26" of the Second Amended Complaint.

## JURISDICTION AND VENUE

27.    Denies the allegations contained within paragraph "27" of the Second Amended Complaint in that the allegations set forth legal contentions, to which Bradford and SFA need not answer.

28.    Deny each and every allegation contained within paragraph "28" of the Second Amended Complaint.

29.    Deny each and every allegation contained within paragraph "29" of the Second Amended Complaint.

## COUNT I:

## DECLARATION OF CMG AND MMLLC'S INTEREST IN MONROE INTELLECTUAL PROPERTY RIGHTS

30.    Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 29 as if fully set forth herein.

31. Denies the allegations contained within paragraph "31" of the Second Amended Complaint in that the allegations set forth legal contentions, to which Bradford and SFA need not answer.

32. Admit that Bradford and SFA have issued valid licenses to customers for use of the photographs contained within SFA's collection. Bradford and SFA deny the remaining allegations contained within paragraph "32" of the Second Amended Complaint.

33. Deny each and every allegation contained within paragraph "33" of the Second Amended Complaint.

34. Admit that Bradford and SFA have correctly informed parties that they possess the authority to license the use of SFA's Marilyn Monroe photographs. Bradford and SFA deny the remaining allegations contained within paragraph "34" of the Second Amended Second Amended Complaint.

35. Deny each and every allegation contained within paragraph "35" of the Second Amended Complaint.

36. Deny each and every allegation contained within paragraph "36" of the Second Amended Complaint.

## COUNT II:

## VIOLATION OF RIGHT OF PUBLICITY

37. Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 36 as if fully set forth herein.

38. Deny each and every allegation contained within paragraph "38" of the Second Amended Complaint.

39.    Deny each and every allegation contained within paragraph "39" of the Second Amended Complaint.

40.    Deny each and every allegation contained within paragraph "40" of the Second Amended Complaint.

## COUNT III:

## CONVERSION

41.    Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 40 as if fully set forth herein.

42.    Deny each and every allegation contained within paragraph "42" of the Second Amended Complaint.

43.    Deny each and every allegation contained within paragraph "43" of the Second Amended Complaint.

44.    Deny each and every allegation contained within paragraph "44" of the Second Amended Complaint.

45.    Deny each and every allegation contained within paragraph "45" of the Second Amended Complaint.

## COUNT IV:

## VIOLATIONS OF THE INDIANA CRIME VICTIMS ACT

46.    Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 45 as if fully set forth herein.

47.     Denies the allegations contained within paragraph "47" of the Second Amended Complaint in that the allegations set forth legal contentions, to which Bradford and SFA need not answer.

48.     Deny each and every allegation contained within paragraph "48" of the Second Amended Complaint.

49.     Deny each and every allegation contained within paragraph "49" of the Second Amended Complaint.

50.     Deny each and every allegation contained within paragraph "50" of the Second Amended Complaint.

51.     Deny each and every allegation contained within paragraph "51" of the Second Amended Complaint.

## COUNT V:

## UNFAIR COMPETITION

52.     Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 51 as if fully set forth herein.

53.     Deny each and every allegation contained within paragraph "53" of the Second Amended Complaint.

54.     Deny each and every allegation contained within paragraph "54" of the Second Amended Complaint.

55.     Deny each and every allegation contained within paragraph "55" of the Second Amended Complaint.

## COUNT VI:

## TRADE LIBEL/DISPARAGEMENT

56.    Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 55 as if fully set forth herein.

57.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "57" of the Second Amended Complaint.

58.    Deny that CMG has generated substantial goodwill with the industry.    Bradford and SFA deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "58" of the Second Amended Complaint.

59.    Deny each and every allegation contained within paragraph "59" of the Second Amended Complaint.

60.    Deny each and every allegation contained within paragraph "60" of the Second Amended Complaint.

## COUNT VII:

## INTERFERENCE WITH BUSINESS ADVANTAGE AND POTENTIAL BUSINESS ADVANTAGE

61.    Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 60 as if fully set forth herein.

62.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "62" of the Second Amended Complaint.

63.    Deny each and every allegation contained within paragraph "63" of the Second Amended Complaint.

64.    Deny each and every allegation contained within paragraph "64" of the Second Amended Complaint.

65.    Deny each and every allegation contained within paragraph "65" of the Second Amended Complaint.

66.    Deny each and every allegation contained within paragraph "66" of the Second Amended Complaint.

67.    Deny each and every allegation contained within paragraph "67" of the Second Amended Complaint.

## COUNT VIII:

## UNFAIR COMPETITION

68.    Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 67 as if fully set forth herein.

69.    Deny that either CMG or MMLLC possess a right of publicity regarding the name, image or persona of Marilyn Monroe. Bradford and SFA deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph "69" of the Second Amended Complaint.

70.    Deny each and every allegation contained within paragraph "70" of the Second Amended Complaint.

71.    Deny each and every allegation contained within paragraph "71" of the Second Amended Complaint.

72.    Deny each and every allegation contained within paragraph "72" of the Second Amended Complaint.

73.    Deny each and every allegation contained within paragraph "73" of the Second Amended Complaint.

## COUNT IX:

## DECLARATION AS TO SHAW'S COPYRIGHTS IN SHAW COLLECTION

74.    Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 73 as if fully set forth herein.

75.    Admit the allegations contained within paragraph "75" of the Second Amended Complaint.

76.    Deny each and every allegation contained within paragraph "76" of the Second Amended Complaint.

77.    Deny each and every allegation contained within paragraph "77" of the Second Amended Complaint.

## COUNT X:

## DECLARATION AS TO DOUGHERTY'S COPYRIGHTS IN THE DOUGHERTY COLLECTION

78.    Bradford and SFA repeat and reassert each and every answer set forth in paragraphs 1 through 77 as if fully set forth herein.

79.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "79" of the Second Amended Complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "80" of the Second Amended Complaint.

81.    Deny each and every allegation contained within paragraph "81" of the Second Amended Complaint.

## JURY DEMAND

83.    Paragraph "83" contains no allegations, and therefore requires no response.

## FIRST AFFIRMATIVE DEFENSE

84.    The Second Amended Complaint fails to state a cause of action upon which relief

can be granted.

## SECOND AFFIRMATIVE DEFENSE

85.    CMG and MMLLC's claims are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

86.    CMG and MMLLC's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

87.    CMG and MMLLC's claims are barred by the Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

88.    CMG and MMLLC's claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

89.    CMG and MMLLC's claims are barred by the doctrine that he who seeks equity

must do equity.

## SEVENTH AFFIRMATIVE DEFENSE

91.    CMG and MMLLC's claims are barred by the doctrine of unconscionability.

## EIGHTH AFFIRMATIVE DEFENSE

92.    CMG and MMLLC's claims are barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

93.    CMG and MMLLC's claims are barred by its own culpable conduct.

## TENTH AFFIRMATIVE DEFENSE

94.    CMG and MMLLC lack standing to bring some or all of the claims asserted.

## ELEVENTH AFFIRMATIVE DEFENSE

95.    The law upon which the Second Amended Complaint relies is not applicable to

the facts alleged.

## TWELFTH AFFIRMATIVE DEFENSE

96.    The right of publicity for the name, image and persona of Marilyn Monroe ceased

to exist as of the time Marilyn Monroe died, and, accordingly, the causes of action alleged in the

Second Amended Complaint are untenable.

## THIRTEENTH AFFIRMATIVE DEFENSE

97.    CMG and MMLLC own no rights to the name "Marilyn Monroe."

## FOURTEENTH AFFIRMATIVE DEFENSE

98.    Bradford and SFA expressly reserve the right to raise any other defenses as may

be revealed by its investigation and discovery.

## FIRST CROSS CLAIM AGAINST VALHALLA PRODUCTIONS, LLC FOR INDEMNIFICATION

99.    Bradford and SFA hereby demand complete indemnification from Valhalla

Productions, LLC, ("Valhalla") for any damages they are held liable for in the event that all or a

portion of said damages were caused in whole or in part by Valhalla's actions or omissions.

## SECOND FIRST CROSS CLAIM AGAINST VALHALLA PRODUCTIONS, LLC FOR CONTRIBUTION

100.    Bradford and SFA hereby demand contribution from Valhalla Productions, LLC,

("Valhalla") for any damages they are held liable for to the extent that all or a portion of said

damages were caused in whole or in part by Valhalla's actions or omissions.

WHEREFORE, Bradford and SFA respectfully request that the Second Amended

Complaint be dismissed in its entirety.

Dated: New York, New York
     July 5, 2006

                                     Brian L. Greben (BG 1572)
                                     Marcus & Greben
                                     Attorneys for Plaintiffs/Consolidated
                                     Defendants
                                     SHAW FAMILY ARCHIVES, LTD.
                                     and BRADFORD LICENSING
                                     ASSOCIATES
                                     1650 Broadway, Suite 707
                                     New York, New York  10019
                                     (646) 536-7602