

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____



AUG − 3 2006

CHAMBERS OF
COLLEEN McMAHON

## MARCUS & GREBEN
### ATTORNEYS AT LAW

**BRIAN L. GREBEN**
**PARTNER**

TEL: 646.536.7602
      917.612.0486
FAX: 516.829.0008

1650 BROADWAY, SUITE 707
NEW YORK, NEW YORK 10019

EMAIL: brian@marcusandgreben.com

August 2, 2006

*8/3/06*

*I am DELIGHTED to endorse this very sensible and hopeful proposal C*

**VIA FACSIMILE ONLY**
**(914) 390-4152**
Hon. Judge Colleen McMahon
United States District Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

Re:   *Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al.*
      *CMG Worldwide, Inc., et al. v. Bradford Licensing Associates, et al.*
      Docket No: 05 cv. 3939

**MEMO ENDORSED**

Dear Judge McMahon

   This letter is respectfully submitted by plaintiff but is made on behalf, and with the consent, of all parties in this case. Since the last court conference, the parties have been engaged in serious settlement discussions. From the outset of this case, the parties have sought to achieve, and optimistically continue to work toward achieving, a business resolution of this dispute in an effort to avoid burdening the Court with prolonged and expensive litigation. Recently, we voluntarily agreed to engage in mediation in the hope that we can resolve the matter without the need for further and protracted discovery and motion practice, and are now jointly seeking a mediator through JAMS. We expect to begin the mediation process in earnest in August or, at the very latest, early September (depending on the availability of the mediator). Because we have been focused on settlement talks, we have not been aggressively pursuing discovery, so that resources – both in terms of time and money – can be conserved with an eye toward a potential settlement. It is our joint belief that the commencement of depositions across the country -- and the inevitable discovery motions that would follow -- would undermine the settlement process and squander scarce resources. Under these circumstances, we respectfully submit that an extension of the October 27, 2006 discovery deadline would serve the interests of justice and an efficient resolution of this matter.

   Specifically, the parties believe that, given an extension of the discovery deadline, the parties would be more likely to engage in productive settlement negotiations that would best position this case for settlement through further mediation. Accordingly, all of the parties believe that an extension of the current timetable set forth in the Court's Civil Case Management Plan would be in the interest of the parties and the interests of justice. Please note that this request is being made jointly by all parties and is the first request for an extension of the discovery deadline.

Hon. Judge Colleen McMahon
August 2, 2006
-2-

The parties are mindful of the Court's legitimate interest in ensuring that discovery is conducted in an efficient and responsible manner, and we do not make this application lightly. Instead, we hope that, following a brief standstill of discovery activity, we will be in a position to report favorably to the Court regarding the outcome of our settlement discussions.

The Court's Scheduling and Case Management Order, dated May 29, 2006, as well as the Order issued by Judge Mark Fox on July 6, 2006, set forth in part the following schedule:

- September 15, 2006 – Expert reports due
- September 29, 2006 – Rebuttal reports due
- October 27, 2006 – close of all fact and expert discovery
- November 30, 2006 – joint pre-trial order due

We respectfully request that the pretrial and trial dates be continued as follows:

- January 15, 2007 – Expert reports due
- January 29, 2007 – Rebuttal reports due
- February 27, 2007 – close of all fact and expert discovery
- March 30, 2007 – joint pre-trial order due

Shaw Family Archives, Ltd. ("SFA") and Bradford Licensing Associates ("Bradford") would also like to draw your attention to their cross claims for contribution and indemnification. The cross claims are against Valhalla Productions, LLC. ("Valhalla"), one of the defendants named in CMG Worldwide, Inc. ("CMG") and Marilyn Monroe, LLC's ("MMLLC") complaint. SFA and Bradford did not know whether Valhalla had been served at the time their cross claims were drafted. We have subsequently learned that Valhalla has not been served. SFA and Bradford would be happy to serve a third party complaint upon Valhalla if the parties do not settle, but we require your permission to serve after the additional party joinder deadline of July 7, 2006. Please be advised that CMG and MMLLC have consented to SFA and Bradford serving a third party complaint upon Valhalla if the matter is not settled or resolved in mediation.

We thank the Court for its kind consideration.

Respectfully submitted,

Brian L. Greben (BG 1572)

cc:   Orin Snyder
      Gibson, Dunn & Crutcher, LLP

      Jonathan G. Polak
      Sommer Barnard PC