```
SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
                                         :
Application of ANNA STRASBERG, as        :
Administratrix c.t.a. of the Last Will   :   FILE NO. P2781/62
and Testament of MARILYN MONROE,         :
Deceased, for an Order to Discover       :
Books, Records and Memoranda Withheld    :
from Estate of Decedent,                 :
                                         :   VERIFIED
                         Petitioner,     :   PETITION PURSUANT
                                         :   TO SCPA §2103 FOR
             -against-                   :   DISCOVERY OF
                                         :   BOOKS, RECORDS, AND
UNITED ARTISTS CORPORATION, a            :   MEMORANDA WITHHELD
Corporation, MGM/UA ENTERTAINMENT        :
COMPANY, a Corporation, MGM/UA HOME      :
VIDEO, a Corporation, wholly-owned       :
subsidiary of MGM/UA ENTERTAINMENT       :
COMPANY, TURNER ENTERTAINMENT CO., a     :
Corporation; TURNER ENTERTAINMENT        :
ASSOCIATES, INC., a Corporation,         :
                                         :
                         Respondents.    :
                                         :
----------------------------------------X
```

TO: THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK

The Petition of ANNA STRASBERG, Administratrix, c.t.a. of the Estate of Marilyn Monroe, Deceased, by her attorneys Irving P. Seidman, P.C. with offices at 600 Third Avenue, New York, New York 10016, respectfully alleges as follows:

1. Petitioner is domiciled at 135 Central Park West, New York, New York 10023, and is duly qualified in acting as Administratrix, c.t.a. of the Last Will and Testament of Marilyn Monroe.

2. MARILYN MONROE, the decedent above named, died on August 5, 1962 in Los Angeles, California. At the time of her death, she was a resident of the County of New York, and State of New York. She left a Last Will and testament which was duly admitted to Probate by this Court.

3. Letters Testamentary and Letters of Trusteeship were duly issued by this Court on October 30, 1962 to Aaron R. Frosch as the sole Executor and the sole Trustee of the Monroe Estate. This Court revoked the above referenced Letters of Testamentary to Mr. Frosch, and appointed Anna Strasberg, Administratrix, c.t.a. by a decree filed on July 21, 1989. (Annexed hereto as Exhibit "A"). Letters Testamentary were duly issued by this Court on July 27, 1989 to Anna Strasberg, as Administratrix, c.t.a. of the Monroe Estate.

4. Petitioner is informed and believes, and thereon alleges that Respondent UNITED ARTIST CORPORATION is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of California doing business in the State of New York with a place of business in the City of New York.

5. Petitioner is informed and believes, and thereon alleges that Respondent MGM/UA Entertainment Company (hereinafter "MGM/UA") is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of California

doing business in the State of New York with a place of business in the City of New York.

6. Petitioner is informed and believes and thereon alleges that Respondent MGM/UA Home Video is a wholly owned subsidiary of MGM/UA, and is a corporation organized and existing under the laws of the State of California doing business in the State of New York with a place of business in the City of New York.

7. Petitioner is informed and believes and thereon alleges that Respondent Turner Entertainment Co., is and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Georgia and doing business in the State of New York, with a place of business in Culver City, California.

8. Petitioner is informed and believes and thereon alleges that Respondent Turner Entertainment Associates, Inc. is and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Georgia and doing business in the State of New York, with a place of business in Culver City, California.

9. On or about March, 1959 Decedent entered into an agreement with Respondents' predecessor in interest to portray the leading female role in the feature picture entitled "SOME LIKE IT HOT". On or about February 1960 Decedent entered into an agreement

with Respondents' predecessor in interest to portray the leading female role in the feature picture entitled "THE MISFITS".

10. Respondents are successors in interest to and are liable for all compensation and royalties paid to Decedent pursuant to these agreements.

11. Respondents' predecessor in interest licensed "SOME LIKE IT HOT" and "THE MISFITS" (hereinafter "TWO PICTURES") in conjunction with 28 other pictures in Respondents' "Showcase VI Package" (hereinafter "Television Syndication Package") to domestic and foreign television stations. Respondents have paid the Monroe Estate royalties from the Television Syndication Package.

12. Petitioner submits that Respondents have arbitrarily assigned percentage allocations to the 30 pictures in the Television Syndication Package solely to benefit Respondents. This act by Respondents constitutes a substantial and material breach of the agreements with the Decedent.

13. By this arbitrary allocation Respondents have failed to and refuse to pay appropriate royalties due the Monroe Estate from the domestic and foreign Television Syndication Package.

14. The Monroe Estate retained the accounting firm of Laventhol & Horwath to, among other things, inspect the books, records and memoranda of Respondents' predecessor in interest to

determine how the Respondents' predecessor's allocated the licensing percentage shares to the Two Pictures in the 30 picture Television Syndication Package.

15. Respondents' predecessor and Respondent have refused to allow Monroe Estate's auditors access to the books, records and memoranda which determine how Respondents allocated percentages to each of the 30 pictures in the Television Syndication Package. (Letter dated January 20, 1987 from James Gentilcore to William Adelman, annexed hereto as Exhibit "B").

16. Respondents ignored a subsequent letter requesting access to the books, records and memoranda. (Letter dated July 1, 1987 from Irving P. Seidman, Esq. to James Gentilcore, annexed hereto as Exhibit "C").

17. Upon information and belief, Respondents at this time have in their possession all the books, records and memoranda and those of their predecessors related to the designation of the percentages.

18. Petitioner requires access to these books, records and memoranda to administer the estate of decedent.

19. Other persons interested in this application or proceeding are:

The Anna Freud Centre
c/o Kaplan, Russin, Vecchi & Kirkwood
135 East 57th Street
New York, New York 10022

and

Office of the Attorney General of the
State of New York, Charities Bureau
Attention: Laura Werner, Esq.
120 Broadway
New York, New York 10271

20. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Petitioner prays for an inquiry respecting the aforesaid books, records and memoranda in possession of the Respondents and the Respondents be ordered to attend the inquiry and be examined accordingly and to deliver or provide access to Petitioner the said books, records, and memoranda in their control and for such other and further relief as may be just and proper.

DATED: New York, New York
July 28, 1989

IRVING P. SEIDMAN, P.C.
Attorneys for Anna Strasberg,
Administratrix, c.t.a. of the
Estate of Marilyn Monroe
600 Third Avenue
New York, New York 10016
(212) 922-1900