

Department of the Treasury
Internal Revenue Service

**Publication 555**
(Rev. June 2002)
Cat. No. 15103C

# Community Property



**Get forms and other information faster and easier by:**

**Computer** • www.irs.gov  or  **FTP** • ftp.irs.gov
**FAX** • 703-368-9694 (from your FAX machine)

## Contents

Introduction ................................... 1
Domicile ...................................... 2
Community or Separate Property and
  Income .................................... 2
    Community Property Laws Disregarded ....... 2
End of the Marital Community ................. 4
Federal Income Tax Return Preparation ........ 4
    Joint Return Versus Separate Returns ........ 4
    Identifying Income and Deductions .......... 5
    Example ................................... 7
Allocation Worksheet ......................... 9
How To Get Tax Help ......................... 10
Index ........................................ 12

## Important Reminder

**Photographs of missing children.** The Internal Revenue Service is a proud partner with the National Center for Missing and Exploited Children. Photographs of missing children selected by the Center may appear in this publication on pages that would otherwise be blank. You can help bring these children home by looking at the photographs and calling 1–800–THE–LOST (1–800–843–5678) if you recognize a child.

## Introduction

This publication is for married taxpayers who are domiciled in one of the following community property states:

- Arizona,
- California,
- Idaho,
- Louisiana,
- Nevada,
- New Mexico,
- Texas,
- Washington, or
- Wisconsin.

This publication does not address the federal tax treatment of income or property subject to the "community property" election under Alaska state laws.

Community property laws affect how you figure your income on your federal income tax return if you are married, live in a community property state or country, and file separate returns. Your tax usually will be less by filing a joint return if you are married. Sometimes it can be to your

advantage to file separate returns. If you and your spouse file separate returns, you have to determine your community income and your separate income.

Community property laws also affect your basis in property you inherit from a married person who lived in a community property state. See *Death of spouse*, later.

### Useful Items

You may want to see:

**Publication**

- ☐ **504** Divorced or Separated Individuals
- ☐ **505** Tax Withholding and Estimated Tax
- ☐ **971** Innocent Spouse Relief (And Separation of Liability and Equitable Relief)

See *How To Get Tax Help* near the end of this publication for information about getting these publications.

## Domicile

Whether you have community property and community income depends on the state where you are domiciled. If you and your spouse have different domiciles, check the laws of each to see whether you have community property or community income.

You have only one domicile even if you have more than one home. Your domicile is a permanent legal home that you intend to use for an indefinite or unlimited period, and to which, when absent, you intend to return. The question of your domicile is mainly a matter of your intention as indicated by your actions. You must be able to show with facts that you intend a given place or state to be your permanent home. If you move into or out of a community property state during the year, you may or may not have community income.

Factors considered in determining domicile include:

- Where you pay state income tax,
- Where you vote,
- Location of property you own,
- Your citizenship,
- Length of residence, and
- Business and social ties to the community.

**Amount of time spent.** The amount of time spent in one place does not always explain the difference between home and domicile. A temporary home or residence may continue for months or years while a domicile may be established the first moment you occupy the property. Your intent is the determining factor in proving where you have your domicile.

**Note.** When this publication refers to where you live, it means your domicile.

## Community or Separate Property and Income

The laws of the state in which you are domiciled generally govern whether you have community property and community income or separate property and separate income for federal tax purposes. Table 1 summarizes the general rules.

### Community Property Laws Disregarded

The following discussions are situations where special rules apply to community property.

**Certain community income.** Community property laws may not apply to an item of community income. You are responsible for reporting all of it if:

1) You treat the item as if only you are entitled to the income, and
2) You do not notify your spouse of the nature and amount of the income by the due date for filing the return (including extensions).

**Relief from separate return liability for community income.** You are not responsible for reporting an item of community income if *all* the following conditions exist.

- You file a separate return for the tax year.
- You do not include an item of community income in gross income on your separate return.
- You establish that you did not know of, and had no reason to know of, that community income.
- Under all facts and circumstances, it would not be fair to include the item of community income in your gross income.

**Equitable relief.** If you were married and filed a separate return in a community property state and are now liable for an underpayment or understatement of tax you believe should belong only to your spouse (or former spouse), you may request equitable relief. To request equitable relief, you must file Form 8857, *Request for Innocent Spouse Relief*, or other similar statement. Also see Publication 971.

**Spousal agreements.** In some states a husband and wife may enter into an agreement that affects the status of property or income as community or separate property. Check your state law to determine how it affects you.

**Nonresident alien spouse.** If you are a United States citizen or resident and you choose to treat your nonresident alien spouse as a U.S. resident for tax purposes and you are domiciled in a community property state or country, use the community property rules. You must file a joint return for the year you make the choice. You can file

Page 2

Table 1. **General Rules — Property and Income: Community or Separate?**

| **Community property** is property: | **Separate property** is: |
|---|---|
| • That you, your spouse, or both acquire during your marriage while you are domiciled in a community property state. (Includes the part of property bought with community property funds if part was bought with community funds and part with separate funds.)<br>• That you and your spouse agreed to convert from separate to community property.<br>• That cannot be identified as separate property. | • Property that you or your spouse owned separately before marriage.<br>• Money earned while domiciled in a noncommunity property state.<br>• Property either of you were given or inherited separately after marriage.<br>• Property bought with separate funds, or exchanged for separate property, during the marriage.<br>• Property that you and your spouse agreed to convert from community to separate property in an agreement valid under state law.<br>• The part of property bought with separate funds, if part was bought with community funds and part with separate funds. |
| **Community income** [1,2] is income from:<br>• Community property.<br>• Salaries, wages, or pay for services of you, your spouse, or both during your marriage.<br>• Real estate that is treated as community property under the laws of the state where the property is located. | **Separate income** [1,2] is income from:<br>• Separate property. Separate income belongs to the spouse who owns the property. |

[1] **Caution:** In Idaho, Louisiana, Texas, and Wisconsin, income from most separate property is community income.
[2] **Caution:** Check your state law if you are separated but do not meet the conditions discussed in *Spouses living apart all year*. In some states, the income you earn after you are separated and before a divorce decree is issued continues to be community income. In other states, it is separate income.

separate returns in later years. For details on making this choice, see Publication 519, *U.S. Tax Guide for Aliens*.

If you are a U.S. citizen or resident and do not choose to treat your nonresident alien spouse as a U.S. resident for tax purposes, treat your community income as explained next under *Spouses living apart all year*. However, you do not have to meet the four conditions discussed there.

**Spouses living apart all year.** If you are married at any time during the calendar year, special rules apply for reporting certain community income. You must meet **all** the following conditions for these special rules to apply.

1) You and your spouse lived apart all year.
2) You and your spouse did not file a joint return for a tax year beginning or ending in the calendar year.
3) You and/or your spouse had earned income for the calendar year that is community income.
4) You and your spouse did not transfer, directly or indirectly, any of the earned income in (3) between yourselves before the end of the year. Do not take into account transfers of very small amounts or value. Also, do not take into account a payment or transfer to or for your dependent child, even though the payment or transfer satisfies an obligation of support imposed on your spouse.

If all these conditions are met, you and your spouse must report your community income as discussed next. See also *Certain community income*, earlier.

*Earned income.* Treat earned income that is not trade or business or partnership income as the income of the spouse who performed the services. Earned income means wages, salaries, professional fees, and other pay for personal services. Earned income does **not** include any social security or social security equivalent of tier 1 railroad retirement benefits you receive during the year.

*Trade or business income.* Treat income and related deductions from a trade or business that is not a partnership as those of the person carrying on the trade or business.

*Partnership income or loss.* Treat income or loss from a trade or business carried on by a partnership as the income or loss of the spouse who is the partner.

*Separate property income.* Treat investment income from the separate property of one spouse as the income of that spouse.

*Social security benefits.* Treat social security benefits received during the year, including the social security equivalent portion of tier 1 railroad retirement benefits, as the separate income of the spouse who received them.

*Other income.* Treat all other community income, such as dividends, interest, rents, royalties, or gains, according to the community property laws of your state or country.

*Example.* Daniel and Sharon were married throughout the year but did not live together at any time during the year. Both were domiciled in Texas, a community property state. They did not file a joint return or transfer any earned

Page 3

income between themselves. During the year their incomes were as follows:

|  | Daniel | Sharon |
|---|---|---|
| Wages | $20,000 | $22,000 |
| Consulting business fees | 5,000 |  |
| Partnership income |  | 10,000 |
| Dividends from separate property | 1,000 | 2,000 |
| Interest from community property | 500 | 500 |
| Total | $26,500 | $34,500 |

Under Texas community property laws, all of Daniel and Sharon's income is considered community income. Sharon did not take part in Daniel's consulting business.

Ordinarily, Daniel and Sharon would each report half the total community income, $30,500 [($26,500 + $34,500) ÷ 2], on their separate returns. But because they meet the four conditions discussed earlier, they must disregard community property law when reporting their income, except the interest from community property. They should report on their separate returns only their own earnings and other income and their share of the interest from community property. Daniel reports $26,500 and Sharon reports $34,500.

## End of the Marital Community

The marital community may end in several ways. When the marital community ends, the community assets (money and property) are divided between the spouses.

**Death of spouse.** In community property states, each spouse usually is considered to own half the estate (excluding separate property). If your spouse dies, the total fair market value (FMV) of the community property, including the part that belongs to you, generally becomes the basis of the entire property. For this rule to apply, at least half the value of the community property interest must be includible in your spouse's gross estate, whether or not the estate must file a return.

For example, Bob and Ann owned community property that had a basis of $80,000. When Bob died, his and Ann's community property had an FMV of $100,000. At least half their community interest was includible in Bob's estate. The basis of Ann's half of the property is $50,000 after Bob died (one half of the $100,000 FMV). The basis of the other half to Bob's heirs is also $50,000.

For more information about the basis of assets, see Publication 551, *Basis of Assets*.

**Divorce or separation.** The division of community property in connection with a divorce or property settlement does not result in a gain or loss. For information on the tax consequences of the division of community property under a property settlement or divorce decree, see Publication 504.

Each spouse is taxed on half the community income for the part of the year before the community ends. However, see *Spouses living apart all year*, earlier. Any income received after the marital community ends is separate income. This separate income is taxable only to the spouse to whom it belongs.

An **absolute decree of divorce or annulment** ends the marital community in all community property states. A decree of annulment, even though it holds that no valid marriage ever existed, usually does not nullify community property rights arising during the so-called "marriage." Check your state law.

A **decree of legal separation or of separate maintenance** may or may not end the marital community. The court in the state issuing the decree may terminate the marital community and divide the property between the spouses. Check your state law.

A **separation agreement** may divide the community property between you and your spouse. It may provide that this property along with future earnings and property acquired will be separate property. Such an agreement may end the community. In some states, the marital community ends when the husband and wife permanently separate, even if there is no formal agreement. Check your state law.

## Federal Income Tax Return Preparation

The following discussion does not apply to spouses who meet the conditions under *Spouses living apart all year*, discussed earlier. Those spouses must report their community income as explained in that discussion.

### Joint Return Versus Separate Returns

Ordinarily, filing a joint return will give you the greater tax advantage. But in some cases, your combined income tax on separate returns may be less than it would be on a joint return.

If you file separate returns:

1) You should itemize deductions if your spouse itemizes deductions, because you cannot claim the standard deduction,

2) You cannot take the credit for child and dependent care expenses in most instances,

3) You cannot take the earned income credit,

4) You cannot exclude any interest income from U.S. savings bonds that you used for higher education expenses,

5) You cannot take the credit for the elderly or the disabled unless you lived apart from your spouse all year,

6) You may have to include in income more of the social security benefits (including any equivalent railroad retirement benefits) you received during the year than you would on a joint return,

7) You cannot deduct interest paid on a qualified student loan,

8) You cannot take the education credits (the Hope and lifetime learning credits),

9) You may have a smaller child tax credit than you would on a joint return, and

10) You cannot take the exclusion or credit for adoption expenses in most instances.

**TIP** *Figure your tax both on a joint return and on separate returns under the community property laws of your state. You can then compare the tax figured under both methods and use the one that results in less tax.*

If you file separate returns, you and your spouse must each report half of your combined community income and deductions in addition to your separate income and deductions. List only your share of the income and deductions on the appropriate lines of your separate tax returns (wages, interest, dividends, etc.).

Attach a worksheet to your separate returns showing how you figured the income, deductions, and federal income tax withheld that each of you reported. The **allocation worksheet** shown later can be used for this purpose. If you do not attach a worksheet, you and your spouse should each attach a photocopy of the other spouse's Form W–2 or 1099–R. Make a notation on the form showing the division of income and tax withheld.

An extension of time for filing your separate return does not extend the time for filing your spouse's separate return. If you and your spouse file a joint return, you cannot file separate returns after the due date for filing either separate return has passed.

## Identifying Income and Deductions

To figure the best way to file your return — jointly or separately — first identify your community and separate income and deductions according to the laws of your state.

Community income exempt from federal tax generally keeps its exempt status for both spouses. For example, under certain circumstances, income earned outside the United States is tax exempt. If you earned income and met the conditions that made it exempt, the income is also exempt for your spouse even though he or she may not have met the conditions.

**Military retirement pay.** State community property laws apply to military retirement pay. Generally, the pay is either separate or community income based on the marital status and domicile of the couple while the member of the Armed Forces was in active military service.

Pay earned while married and domiciled in a community property state is community income. This income is considered to be received half by the member of the Armed Forces and half by the spouse.

**Civil service retirement.** For income tax purposes, community property laws apply to annuities payable under the Civil Service Retirement Act (CSRS) or Federal Employee Retirement System (FERS).

Whether a civil service annuity is separate or community income depends on the marital status and domicile of the employee when the services were performed for which the annuity is paid. Even if you now live in a noncommunity property state and you receive a civil service annuity, it may be community income if it is based on services you performed while married and domiciled in a community property state.

If a civil service annuity is a mixture of community income and separate income, it must be divided between the two kinds of income. The division is based on the employee's domicile and marital status in community and noncommunity property states during his or her periods of service.

**Example.** Henry Wright retired this year after 30 years of civil service. He and his wife were domiciled in a community property state during the past 15 years.

Since half the service was performed while the Wrights were married and domiciled in a community property state, half the civil service retirement pay is considered to be community income. If Mr. Wright receives $1,000 a month in retirement pay, $500 is considered community income — half ($250) is his income and half ($250) is his wife's.

**Lump-sum distributions.** If you receive a lump-sum distribution from a qualified retirement plan, you may be able to choose an optional method of figuring the tax on the distribution. For the 10-year tax option, you must disregard community property laws. (A 5-year option was repealed for tax years beginning after December 31, 1999.) For more information, see Publication 575, *Pension and Annuity Income*, and Form 4972, *Tax on Lump-Sum Distributions*.

**Gains and losses.** Gains and losses are classified as separate or community depending on how the property is held. For example, a loss on separate property, such as stock held separately, is a separate loss. On the other hand, a loss on community property, such as a casualty loss to your home held as community property, is a community loss.

See Publication 544, *Sales and Other Dispositions of Assets*, for information on gains and losses. See Publication 547, *Casualties, Disasters, and Thefts*, for information on losses due to a casualty or theft.

**Business and investment expenses.** If you file separate returns, expenses incurred to earn or produce:

- Community business or investment income are generally divided equally between you and your spouse. Each of you is entitled to deduct one-half of the expenses on your separate returns, or

- Separate business or investment income are deductible by the spouse who earns the income.

Other limits may also apply to business and investment expenses. For more information, see Publication 535, *Business Expenses*, and Publication 550, *Investment Income and Expenses*.

**Personal expenses.** Expenses that are paid out of separate funds, such as medical expenses, are deductible by the spouse who pays them. If these expenses are paid

Page 5

from community funds, divide the deduction equally between you and your spouse.

**Individual retirement arrangements (IRAs) and Coverdell Education Savings Accounts (ESAs).** There are several kinds of individual retirement arrangements (IRAs). They are traditional IRAs (including SEP-IRAs), SIMPLE IRAs, and Roth IRAs. Community property laws do not apply to IRAs or Coverdell ESAs. See Publication 590, *Individual Retirement Arrangements (IRAs)*, for the rules that govern IRAs. See Publication 970, *Tax Benefits for Education*, for the rules that govern Coverdell ESAs.

**Personal exemptions and dependents.** When you file separate returns, you must claim your own exemption amount for that year. (See your tax package instructions.)

You cannot divide the amount allowed as an exemption for a dependent between you and your spouse. When community funds provide over one-half of the support for more than one person who otherwise qualifies as a dependent, you and your spouse may divide the number of dependency exemptions as explained in the following example.

*Example.* Ron and Diane White have three dependent children and live in Nevada. If Ron and Diane file separately, only Ron can claim his own exemption, and only Diane can claim her own exemption. Ron and Diane can agree that one of them will claim the exemption for one, two, or all of their children and the other will claim any remaining exemptions. They cannot each claim half of the total exemption amount for their three children.

**Self-employment tax.** If any income from a trade or business other than a partnership is community income under state law, it is subject to self-employment tax as the income of the spouse carrying on the trade or business.

*Partnership income.* If you are a partner and your distributive share of any income or loss from a trade or business carried on by the partnership is community income, treat the share as your net earnings from self-employment. No part is treated as net earnings from self-employment by your spouse. If both you and your spouse are partners, each of you must claim your share when figuring net earnings from self-employment for self-employment tax purposes.

If separate returns are made by a husband and wife domiciled in a community property state, and only one spouse is a member of the partnership, the part of his or her distributive share of any item (not considered net earnings from self-employment), which is community property or which is derived from community property, should be reported by the husband and wife in equal shares.

**Child tax credit.** You may be entitled to a child tax credit for each of your qualifying children. You must provide the name and identification number (usually the social security number) of each qualifying child on your return. See your tax package instructions for the maximum amount of the credit you can claim for each qualifying child.

*Limit on credit.* The credit is limited if your modified adjusted gross income (modified AGI) is above a certain amount. The amount at which the limitation (phaseout) begins depends on your filing status. Generally, your credit is limited to your tax liability unless you have three or more qualifying children. See your tax package instructions for more information.

**Earned income credit.** You may be entitled to an earned income credit (EIC). You cannot claim this credit if your filing status is married filing separately.

If you are married, but qualify to file as head of household under rules for married taxpayers living apart (see Publication 501), and live in a state that has community property laws, your earned income for the EIC does not include any amount earned by your spouse that is treated as belonging to you under community property laws. That amount is not earned income for the EIC, even though you must include it in your gross income on your income tax return. Your earned income includes the entire amount **you** earned, even if it is treated as belonging to your spouse under your state's community property laws.

For more information about the EIC, see Publication 596, *Earned Income Credit (EIC)*.

**Withholding tax.** Report the credit for federal income tax withheld on community wages in the same manner as your wages. If you and your spouse file separate returns on which each of you reports half the community wages, each of you is entitled to credit for half the income tax withheld on those wages.

**Overpayments.** Overpayments are allocated under the community property laws of the state in which you are domiciled.

- If community property is subject to premarital or other separate debts of either spouse, the full joint overpayment may be used to offset the obligation.
- If community property is not subject to premarital or other separate debts of either spouse, the portion of the joint overpayment allocated to the spouse liable for the obligation can be used to offset that liability. The portion allocated to the other spouse can be refunded.

**Estimated tax.** In determining whether you must pay estimated tax, apply the estimated tax rules to your estimated income. These rules are explained in Publication 505.

If you think you may owe estimated tax and want to pay the tax separately, determine whether you must pay it by taking into account:

1) Half the community income and deductions,
2) All of your separate income and deductions, and
3) Your own exemption and any exemptions for dependents that you may claim.

Whether you and your spouse pay estimated tax jointly or separately will not affect your choice of filing joint or separate income tax returns.

If you and your spouse paid estimated tax jointly but file separate income tax returns, either of you can claim all of