☒002

1

1

2   SUPREME COURT OF THE STATE OF NEW YORK
    COUNTY OF NEW YORK:   CIVIL TERM
3   ----------------------------------------X
    EDITH SHAW MARCUS and META SHAW STEVENS,
4   as Temporary Administrators of the
    Estate of SAM SHAW,
5
                        Plaintiffs,
6                                              Index No.
              - against -                      123783/94
7
    MARTIN BRESSLER, LARRY SHAW,
8   SUSAN SHAW, BRESSLER & BRESSLER,
    VALERIE GOODMAN, 1912 PRODUCTIONS,
9   INC., MARC WEINSTEIN, individually
    and d/b/a COLOR GROUP,
10
                        Defendants.
11  ----------------------------------------X
                            80 Centre Street
12                          New York, New York 10007
                            June 5, 2002
13

14
    B E F O R E:
15
              HONORABLE MARTIN EVANS,
16                          Judicial Hearing Officer

17

18  A P P E A R A N C E S:

19            MEYER, GREENAWALT, TAUB & WILD, LLP
              Attorneys for the Plaintiffs
20            230 Park Avenue
              New York, New York 10169
21            BY:  WILLIAM GREENAWALT, ESQ.
                        -and-
22            SAUL RUDES, ESQ.
              605 Third Avenue
23            New York, New York 10158

24

25

26

                DEBRA SALZMAN, RMR, Official Court Reporter

```
 1                           Proceedings

 2       A P P E A R A N C E S: (Cont'd)

 3               JEFFREY P. TUNICK, ESQ.
                 Attorneys for Defendants
 4               150 Main Street
                 Nyack, New York 10960
 5                    -and-
                 MICHAEL J. MARINO, ESQ.
 6
                 RUBIN & SHANG
 7               Attorneys for the Plaintiff
                 9 East 40th Street
 8               New York, New York 10016
                 BY:  JEFFREY RUBIN, ESQ.
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

DEBRA SALZMAN, RMR, Official Court Reporter

3

Proceedings

1

2          AFTERNOON SESSION

3          MR. MARINO: It is hereby stipulated and

4      agreed by and between the parties to the within action

5      and their attorneys, all of which are present, that

6      the above entitled action is hereby settled on the

7      following terms and conditions:

8          Number 1. An entity will be formed.

9      Whether that entity be a corporation, limited

10     liability partnership, joint venture, what type of

11     entity it will be will be determined by what is most

12     reasonably efficient with respect to making money, tax

13     consequences and the like.

14         The name of that entity will be the Shaw

15     Family Archives. Whether it be Shaw Family Archives

16     Inc., LLC, partnership, "Shaw Family Archives" will be

17     the primary name.

18         Larry Shaw, Meta Shaw Stevens and Edith Shaw

19     Marcus shall be principals in that entity and their

20     respective interests in that entity will be the

21     following: Larry Shaw shall own 50 percent of that

22     entity. Meta Shaw Stevens and Edith Shaw Marcus --

23     off the record.

24         (Discussion held off the record.)

25         MR. MARINO: Meta Shaw Stevens shall own 25

26     percent of that entity and Edith Shaw Marcus shall own

DEBRA SALZMAN, RMR, Official Court Reporter

4

1     Proceedings

2     25 percent of that entity.

3              That entity shall own and take possession

4     of, in a manner set forth below, all of the

5     photographs involved in this litigation.  That

6     includes --

7              MR. RUBIN:  Off the record.

8              (Discussion held off the record.)

9              MR. MARINO:  That includes each and every

10    photograph shot by either Sam Shaw or Larry Shaw

11    during the course of their respective careers,

12    lifetimes --

13             JHO EVANS:  Excuse me.  Wait a minute.

14             There were some photographs that were

15    claimed by both Sam and Larry Shaw, but Sam Shaw's

16    attorneys weren't aware they were taken by her but

17    owned by Columbia pictures.  If you want to dispose of

18    those photographs, they're not a party to it.

19             MR. MARINO:  Your Honor, I don't think we

20    can dispose of them via stipulation.

21             JHO EVANS:  From the point of view of the

22    stipulation you can.

23             (Discussion held off the record.)

24             MR. MARINO:  The photographs included in the

25    collection to be owned by the Shaw family foundation

26    entity include -- Shaw Family Archives entity include

DEBRA SALZMAN, RMR, Official Court Reporter

5

## Proceedings

1    all of those photographs now in the possession -- I

2    can't do that either.

3

4              (Discussion held off the record.)

5              MR. MARINO:  (Continuing) All of the

6    photographs taken -- snapped by Sam Shaw and/or Larry

7    Shaw during the course of their lifetimes, together

8    with those photographs taken by third parties which

9    either of them claim as being owned by them via some

10   gift or sale from a third party, all subject to claims

11   by said third parties.

12             There shall be appointed what we have termed

13   a "superagent." The superagent shall have two roles:

14   number one, the primary role shall be the custodian of

15   all the photographs hereinbefore mentioned.  However,

16   it is in the interest of all the parties to keep that

17   group of photographs within the possession of the

18   superagent at a minimum in order to save costs.

19             Let me go back for a minute.  The primary or

20   one of the roles of the super agent shall be to

21   warehouse and maintain all of the photographs subject

22   to a reduction in that collection pursuant to the

23   agreement of the principals: Larry, Meta and Edith.

24             The second role for the super agent is to

25   determine the commercial reasonableness of each and

26   every deal brought to the Shaw Family Archive entity.

DEBRA SALZMAN, RMR, Official Court Reporter

☑007

6

Proceedings

1

2    Each and every deal brought to the Shaw Family entity

3    upon which there is not agreement between Larry, Edith

4    and Meta, and with respect to that their votes are 50

5    percent Larry, and 50 percent total for Edith and

6    Meta, 25 percent each.

7              In the event of a deadlock, 50/50 deadlock,

8    the super agent will determine whether or not a deal

9    shall go forward depending on its commercial

10   reasonableness.  The respective voting power is 50

11   percent Larry, no matter what the entity; 25 percent

12   Edith, 25 percent Meta.

13             Let me try to back up.  With respect to all

14   types of transactions other than outright sales of

15   photographs, the procedure is as follows: If the

16   parties agree either to do or to not do the

17   transaction, the super agent need not be involved.

18             If, however, there is a deadlock on whether

19   or not to do the transaction the transaction must go

20   to the super agent who will determine whether or not

21   it is commercially reasonable to do and his

22   determination shall be final.

23             However, with respect to the outright sale

24   of an image, photograph -- if with respect to the

25   outright sale of a photograph, negative or

26   transparency, photographic print, negative or

DEBRA SALZMAN, RMR, Official Court Reporter

Proceedings

1

2    transparency, again, if the parties -- withdraw that.

3         If any of the parties wishes not to do the

4    transaction and even if it is a minority position,

5    then -- withdrawn. That's not right.

6              MR. RUBIN: Keep going.

7              MR. MARINO: If it is a minority position,

8    and the super agent makes the determination that the

9    deal is commercially reasonable, the party, either

10   Larry, Edith or Meta, dissenting, or parties, will

11   have the right of first refusal to make that deal.

12             JHO EVANS: Off the record.

13             (Discussion held off the record.)

14             MR. MARINO: Let's back up a little bit.

15             In the event --

16             MR. RUBIN: Off the record.

17             (Discussion held off the record.)

18             MR. MARINO: Let me back up.

19        With respect to an outright sale as

20   previously stated, if any of the parties -- with

21   respect to the outright sale of a photographic print,

22   negative or transparency, if any of the parties -- let

23   me continue.

24        With respect to the outright sale of a

25   photographic print, negative or transparency or

26   contact sheet, which is a print, in the event of


DEBRA SALZMAN, RMR, Official Court Reporter

☒009

8

Proceedings

1    unanimity between the parties, the deal shall go
2    forward.

3    In the event that there is a majority in
4    favor of the deal, the dissenting party may
5    nonetheless match the deal presented within five days,
6    and if said deal is not matched by this dissenting
7    party within said five-day period the deal shall go
8    forward.

10   In the event there is a deadlock that the
11   decision as to whether or not to go forward with that
12   transaction shall be in the hands of the super agent,
13   and if the super agent makes the determination that
14   the deal should go forward because it is commercially
15   reasonable, then any of the dissenting parties to that
16   deal among the principals shall have the right, within
17   five days after the super agent makes determination,
18   to go forward to match the deal. If they cannot match
19   the deal within that said five-day period the deal
20   goes forward.

21   Now, all of the principals, Larry, Edith and
22   Meta, may act as subagents for the collection, and
23   they shall be compensated by the entity for each deal
24   that is brought to the super agent -- excuse me --
25   each deal that is brought to the entity via the super
26   agent in an amount which is commercially reasonable

DEBRA SALZMAN, RMR, Official Court Reporter

9

Proceedings

given industry standards.

To clarify, they shall be compensated an agency commission in an amount which is reasonable in accordance with industry standards for all deals brought and consummated. Said compensation upon consummation shall only be paid in the event money is received with respect to that transaction by the entity.

With respect to any monies coming in, any monies generated by the collection as described previously, all monies shall be paid directly to the entity, and any commissions or expenses as will be laid out below will all be paid by the entity after receipt of said -- off the record.

(Discussion held off the record.)

MR. MARINO: In the event any income generated by the collection is payable to anyone other -- any one or any entity other than the Shaw Family Archives, the person or entity receiving that check or money or cash shall immediately endorse it over and deliver it to the super agent on behalf of the Shaw Family Archives.

The commission paid to the subagent shall be a percentage based on the gross amount generated and collected in connection with the transaction, and such

DEBRA SALZMAN, RMR, Official Court Reporter

| | Proceedings |
|---|---|
| 1 | |
| 2 | commissions shall be paid by the entity to the agent |
| 3 | after said generated money is deposited and cleared in |
| 4 | the entity bank account. |
| 5 | All expenses incurred by agents, whether |
| 6 | they be Larry, Meta or Edith, or any other outside |
| 7 | agents shall be borne by the agent as the agent's cost |
| 8 | of doing business. |
| 9 | However, in the event either Larry, Meta or |
| 10 | Edith, or any other outside agent request that certain |
| 11 | expenses be borne by the entity because of |
| 12 | extraordinary circumstances, then if Meta, Larry and |
| 13 | Edith agree they will be borne by the entity.  If |
| 14 | there is a deadlock -- withdrawn. |
| 15 | A majority of the parties may agree to have |
| 16 | the entity bear such expenses, or a majority of the |
| 17 | parties may agree that the expenses should not be |
| 18 | borne by the entity.  In the event of a deadlock, the |
| 19 | super agent will determine the expenses sought to be |
| 20 | borne by the entity using a commercially reasonable |
| 21 | standard. |
| 22 | Any such expenses advanced by a subagent |
| 23 | without the prior written approval of the entity -- |
| 24 | forget that.  Forget that.  It's assumed. |
| 25 | The parties herein, Larry, Meta and Edith, |
| 26 | shall each be entitled to a percentage of the net |

## Proceedings

1
2    proceeds of all income-generating transactions after
3    the payment of all reasonable and necessary expenses,
4    which shall include the agency commission, if any,
5    subagency commission, if any, and after the payment of
6    all expenses reasonable and necessary to house and
7    maintain the collection, including any and all fees,
8    reasonable and necessary fees paid to the super
9    agent.

10             JHO EVANS:  Off the record.

11             (Discussion held off the record.)

12             MR. MARINO:  Just by way of example only,
13    expenses shall include the super agent's fee, the cost
14    of housing and maintaining the collection -- by
15    "maintaining," I mean kept boxes, glassine envelopes,
16    folders, maintain -- but it shall also include the
17    administration of the entity's business affairs and
18    shall also include the scanning and inventorying of
19    all the images in the collection.

20             The net proceeds after the deduction of the
21    aforementioned expenses shall be split in the
22    following manner: 50 percent to Larry Shaw; 25 percent
23    to Meta Shaw Stevens; 25 percent to Edith Shaw
24    Marcus.

25             JHO EVANS:  Off the record.

26             (Discussion held off the record.)

DEBRA SALZMAN, RMR, Official Court Reporter

12

## Proceedings

1

2          MR. MARINO: Any reference herein to the

3      principals' ownership of a share in the entity -- I

4      said that wrong. The principals of the entity shall

5      herein -- the next subject.

6          The parties, each of them individually,

7      Larry Shaw, Meta Shaw Stevens Edith Shaw Marcus

8      individually, indemnify and hold the other harmless,

9      including the entity, for any and all claims, losses

10     or liabilities incurred by any of the parties or the

11     entity.

12         Each of the individual parties agrees to

13     indemnify and hold harmless --

14         MR. RUBIN: Each of the principals of the

15     entity agree to indemnify and hold harmless the entity

16     and each other from any claims made against them for

17     any transaction that they conducted in relation to the

18     subject of the entity prior to this date.

19         JHO EVANS: Can you tell me what it is

20     you're referring to?

21         MR. RUBIN: What we're referring to is in

22     the event one of the parties had done a transaction --

23     off the record.

24         (Discussion held off the record.)

25         MR. RUBIN: From any claims including any

26     lawsuits, including but not limited to any lawsuits


DEBRA SALZMAN, RMR, Official Court Reporter

13

Proceedings

1

2  which are made against any of the principals for any

3  transaction conducted by such principals or their

4  agents, each respective principal or their agents in

5  relation to the corpus of the entity.

6       JHO EVANS: I take it that what you're

7  referring to is if any claims are made against this

8  proposed entity, whatever it is, corporation or LLC,

9  by an·   ·rd person arising out of any activities that

10  ·'       any of these three individuals who are

11           before today, those individuals will

12           ·rmless and indemnify the entity

13           ·rising out of those claims.  Is

14

15           ·ect, your Honor.

16           ·ntity and each other.

      ·:  And the other principals.

   ·ARINO:  Individually.

   ·HO EVANS:  Indemnify each other from the
   made against them..

      MR. MARINO:  Exactly what you said, except
   the indemnity also extends to the individuals.

      . MR. GREENAWALT:  And would also be, your

24  Honor, for acts of those parties if the parties have

25  agents and have done things in their name, then that

26  would also apply.

      DEBRA SALZMAN, RMR, Official Court Reporter

14

Proceedings

MR. MARINO: And I am saying it has to be authorized agents.

MR. RUBIN: Our problem is Darius, where there is a claim by Larry that he is acting without authority.

JHO EVANS: What you're saying is if he makes any claim against the entity, Larry Shaw will hold the entity harmless against them. Is that right?

MR. RUBIN: That's what it should be. We didn't have any dealings with them.

JHO EVANS: Is that true?

MR. MARINO: That's what they are suggesting. All I'm saying is that the agent be an authorized agent in order for the indemnity to take effect, and then the issue of whether it was authorized or not is --

MR. RUDES: Just a second on that.

JHO EVANS: If this fellow was not an authorized agent and he makes some claim again the entity, even though he was unauthorized, and suppose somebody is from Australia and says they were authorized by Meta Stevens to sell these photographs and he wasn't, should there be an indemnity by Meta Stevens against the entity?

DEBRA SALZMAN, RMR, Official Court Reporter