# Exhibit 8

*To be argued by*
JOHN F. SCULLY

# New York Supreme Court
### Appellate Division—First Department

DO NOT CIRCULATE

JUN 3  1980

N.Y.S. LAW LIBRARY

AARON FROSCH, Executor of the Estate of
MARILYN MONROE,

*Plaintiff-Appellant,*

—against—

GROSSET & DUNLAP, INC., ALSKOG, INC., NORMAN MAILER, LAWRENCE SCHILLER and ALLEN HURLBURT,

*Defendants-Respondents.*

## BRIEF FOR DEFENDANTS-RESPONDENTS, ALSKOG, INC., and LAWRENCE SCHILLER

GRIFFIN, SCULLY & SAVONA
*Attorneys for Defendants-Respondents,*
*Alskog, Inc. & Lawrence Schiller*
100 William Street
New York, New York 10038
(212) 285-2850

JOHN F. SCULLY
*On the Brief*

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| Preliminary Statement | 1 |
| Statement of Facts | 2 |
| Proceeding Below | 2 |
| Question Presented | 2 |
| Point I—The book Marilyn is protected by the First Amendment and does not exploit plaintiff's publicity rights | 3 |
| Conclusion | 6 |



# Supreme Court of the State of New York
### Appellate Division—First Department

---

AARON FROSCH, Executor of the Estate of
MARILYN MONROE,

*Plaintiff-Appellant,*

—against—

GROSSET & DUNLAP, INC., ALSKOG, INC., NORMAN MAILER, LAWRENCE SCHILLER and ALLEN HURLBURT,

*Defendants-Respondents.*

---

### BRIEF FOR DEFENDANTS-RESPONDENTS, ALSKOG, INC., and LAWRENCE SCHILLER

---

#### Preliminary Statement

This action arises out of the publication of a book called *Marilyn*. The plaintiff claims an exclusive right of publicity in the name, image and photograph of the late Marilyn Monroe and further claims that the book *Marilyn* violates that right of publicity.

2

### Statement of Facts

Marilyn Monroe was a highly publicized actress, photographic model and theatrical personality of international acclaim who evoked and continues to evoke world-wide attraction to her private and professional life (A-18).

Ten years after her death, defendant published *Marilyn*, a book on her life with text by Norman Mailer and including photographs which were published with the photographer's permission.

Defendants contend that *Marilyn* is a biographical account of the life of Marilyn Monroe protected by the First Amendment.

The plaintiff contends that *Marilyn* is not a biography of Marilyn Monroe, but instead a novel about a fictional character who never existed. Plaintiff contends Marilyn Monroe's name and photographs have been attached to said novel "as an advertising gimmick". (Brief for Plaintiff-Appellant p. 2)

### Proceeding Below

The defendants moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7) or, alternatively, for summary judgment. The Court below granted summary judgment finding that the book *Marilyn* is clearly an account of Marilyn Monroe's life and not actionable as a violation of plaintiff's property right of publicity.

### Question Presented

Is the book, *Marilyn*, a biography protected by the First Amendment?

The Court below answered this question in the affirmative.



3

# POINT I

**The book *Marilyn* is protected by the First Amendment and does not exploit plaintiff's publicity rights.**

The right to control the commercial exploitation of one's name and likeness has been recognized by Courts attempting to apply New York Law and is, according to some of those decisions, a right which passes to one's estate.

> *Haelan Laboratories v. Topps Chewing Gum*, 202 F. 2d 866 (2nd Cir. 1953);
> *Price v. Hal Roach Studios, Inc.*, 400 F. Supp. 836 (S.D.N.Y. 1975);
> See also *Cepeda v. Swift*, 415, F. 2d 1205 (8th Cir. 1969); and
> *Memphis Development Foundation v. Factors, etc., Inc.*, 441 F. Supp. 1323 (W.D. Tenn. 1977).

The cases recognizing this right deal with the use of a celebrity's name or likeness in connection with a clearly commercial product. These cases do not in any way circumscribe the right guaranteed by the United States Constitution, First Amendment, to publish matters which are of public interest, including biographies of public figures.

> *Spahn v. Julian Messner Inc.*, 18 N.Y. 2d 324;
> *Rosemont Enterprises, Inc. v. Random House*, 58 Misc. 2d 1, aff'd. 32 A.D. 2d 892.

In an attempt to divest the defendants of the rights and privileges guaranteed by the First Amendment, the plaintiff makes the startling claim that the book, *Marilyn*, is not a biography but instead a work of fiction concerning an imaginary person who never existed to which Mari-



4

ly Monroe's name and photographs have been attached as an advertising gimmick.

Defendants-respondents demanded a bill of particulars as to the plaintiff's claim and specifically called upon the plaintiff to state in what manner the book failed to reflect an accurate biographical portrayal of the life of the decedent. (A-29) The response is limited to a quotation from the book which plaintiff urges is an admission by defendant Mailer that the book is not factual.

> "By defendant Mailer's own statement in Chapter 1, Page 18 of 'Marilyn', the portrayal of the life of decedent was not factual.
>
>> 'for here is a feature writer who has included in his source of material the work of other feature writers and so develops a book with fact embellished by factoids (to join the hungry ranks of those who coin a word) that is, facts which have no existence before appearing in a magazine or newspaper, creations which are not so much live as a product to manipulate emotion in the silent majority.'"
>
> (A-34)

A reading of the entire paragraph from which the quotation is misappropriated clearly demonstrates that the defendant Mailer is not referring to himself and his book, *Marilyn*, but to a feature writer named Maurice Zolotow the author of an earlier biography entitled *Marilyn Monroe*. (A-94)

In opposing the motion for summary judgment, the plaintiff was called upon to come forward and lay bare his proof. Even if not limited by the bill of particulars, the affidavit in opposition submitted by plaintiff falls far short of raising a real issue as to whether the book is

5

a biography or a work of fiction about an imaginary character. None of the additional quotations in any way contradict that the book is a biography of Marilyn Monroe. One quote deals with the challenges confronting the biographer. (A-88-A-89) A second points out the similar letters in the names of the author and his subject. (A-89) The remainder of the quotes are set forth as illustrations of the sexual or sensational tone of the book. (A-90-A-92) Whether the book is sexual or sensational is irrelevant to the fact that the book is a biography of the late Marilyn Monroe.

Although the precise theory urged by the plaintiff is unique, this Court, in the past in cases involving literary property, has determined that the evidence was insufficient to raise fact issues to defeat summary judgment.

> "Under the circumstances, where as here, the defendants make a prima facie showing of lack of merit to the action, the plaintiffs were bound to come forward with proof of evidentiary facts showing that there is a bona fide issue requiring a trial (*Shapiro v. Health Ins. Plan*, 7 N.Y. 2d 56, 63, 194 N.Y.S. 2d 509, 515; *Di Sabato v. Soffes*, 9 A.D. 2d 297, 193 N.Y.S. 2d 184). Taking all the affidavits and proofs submitted, it is incumbent on the court to peruse the same to ascertain if there is here any real issue of fact for a trial. *Sillman v. Twentieth Century-Fox Film Corp.*, 3 N.Y. 2d 395, 404, 165 N.Y.S. 2d 498; *Di Sabato v. Soffes*, supra, 9 A.D. 2d at page 300, 193 N.Y.S. 2d at page 189; *Kramer v. Harris*, 9 A.D. 2d 282, 193 N.Y.S. 2d 548. Lacking the appearance of a genuine and substantial issue of fact, the court may and should dispose of the matter upon the law, and direct judgment accordingly. *Strasburger v. Rosenheim*, 234 App. Div. 544, 547, 255 N.Y.S. 316, 320."



6

*Ball v. United Artists Corporation*, 13 A.D. 2d 133

A motion for summary judgment is as effective and complete a means of litigating a claim as is an actual trial of the action. Since it is plain that there are no triable issues of fact, summary judgment was properly granted to the defendant dismissing the complaint.

*Miller Mfg. Co., Inc. v. Zeiler*, —— A.D. 2d ——, 424 N.Y.S. 2d 225, 228

## CONCLUSION

The decision of the Court below granting summary judgment was proper and should be affirmed.

Respectfully submitted,

GRIFFIN, SCULLY & SAVONA
*Attorneys for Defendants-Respondents,*
*Alskog, Inc. & Lawrence Schiller*
100 William Street
New York, New York 10038
(212) 285-2850

JOHN F. SCULLY
  *On the Brief*