# Exhibit 9

Supreme Court of the State of New York
Appellate Division - First Department

-------------------------------------X

Aaron Frosch, Executor of the
Estate of Marilyn Monroe,

      Plaintiff-
      Appellant,

  -against-

Grosset & Dunlap, Inc., Alskog, Inc.,
Norman Mailer, Lawrence Schiller and
Allen Hurlburt,

      Defendants-
      Respondents.

-------------------------------------X

New York County
Index No. 01527/75

### Reply Brief of Plaintiff-Appellant
### Aaron Frosch

#### Preliminary Statement
#### in Reply

The briefs submitted by respondents attempt to reassert their motion to dismiss below along several novel lines never presented to the Special Term, and to obfuscate this Appellate Court's review of the single and erroneous determination upon which their motion was granted.

The expansive dissertation on the law of privacy offered by Rembar & Curtis cloaks the simple issue raised on this appeal -- whether or not the conclusive characterization of _Marilyn_ as a privileged biography is determinable as a matter of law on a motion or whether this critical question of fact should be tried to a jury.

<u>No other issues are presently before the Appellate Division because the existence of the appropriated right of publicity of decedent Marilyn Monroe and its descendibility to her estate were tacitly and explicitly conceded by all respondents and the Court below.</u> As far as this appeal is concerned, the existence and descendibility of the right of publicity, and its possession by the Monroe Estate, are uncontroverted conclusions of law upon which respondents' motion was granted, and which cannot now be contested by them.

Moreover, even if the existence and descendibility of the right of publicity was in issue, the prevailing law is abundantly clear that such a right exists in New York and is descendible to a decedent's legal designees.

Finally, the right of publicity is the only right underlying plaintiff's claim. Respondents' attempts on this appeal to recast plaintiff's claim into some other legal pigeon hole is a transparent attempt to divert this Appellate Court from the single issue before it.

## Argument

### Point I.

The Existence of a Right of Publicity
in New York, its Descendibility and its
Possession by the Estate of Marilyn
Monroe are Uncontroverted Conclusions
<u>of Law not at Issue on this Appeal</u>

In their moving memorandum below (joined in by all respondents on this appeal, A-78, A-83), Rembar & Curtis, quoting from <u>Factors Etc., Inc. v. Pro Arts, Inc.</u> 579 F.2d 215, 221-222 (2d Cir. 1978),

-2-

172

state that:

> "'There appears to be no logical reason to terminate this [right of publicity] upon death of the person protected.'"
>
> [Rembar & Curtis Moving Memorandum at p.21]

While attempting, by way of a footnote (at page 21 of their moving memorandum, to disavow any concession on this point, Rembar & Curtis nevertheless reiterate (at page 5 of their Reply Memorandum below) that the right of publicity's descendibility has "been <u>conceded</u> for purposes of this motion" [emphasis supplied]. Additionally, following a voluminous dissertation on the relationship between the right of publicity and New York's statutory right of privacy, Rembar & Curtis state:

> "However, for purposes of this motion (and only for purposes of this motion) it will be assumed that a common-law right of publicity would be recognized in New York." [Rembar & Curtis Moving Memorandum at p.5]

Continuing, Rembar & Curtis add that:

> "The supposed common-law right of publicity recognized in Federal cases, is assignable and may be descendible at least in certain circumstances. See <u>Factors, Etc., Inc. v. Pro Arts, Inc.</u>, 579 F.2d 215 (2nd Cir. 1978); <u>Price v. Hal Roach Studios, Inc.</u>, 400 F. Supp. 836 (S.D.N.Y. 1975)." [Rembar & Curtis Moving Memorandum at p. 6].

For purposes of the motion below, Rembar & Curtis clearly joined in plaintiff's contention that the right of publicity exists

-3-

and is descendible*, for the purpose of pitching their motion to dismiss on one and only one argument, predicated on the existence of the right of publicity and its possession by the Monroe Estate. As Rembar & Curtis argued below:

> "[E]ven if such a common-law right of publicity exists in New York and is descendible, it cannot and does not preclude the publication of a <u>biography</u> such as the book involved in this case . . . this principle is fully established and <u>fully</u> disposes of plaintiff's claim."
> [Rembar & Curtis Moving Memorandum at p. 6, joined in by respondents in their respective Memoranda below]

The entire and exclusive thrust of the motion to dismiss, as stated by Rembar & Curtis below was that:

> "[Plaintiff's] entire action is useless because the law is perfectly clear that the publication of a <u>biography</u> in no way violates the subject's right of publicity or any other right. This is true even during the subject's life, and certainly true where, as here, a biography is published years after the subject's death." [A-47, emphasis supplied]

* * *

> No right of Marilyn Monroe's estate is infringed by the publication of one (or a multitude) of <u>biographies</u>."
> [A-48-49, emphasis supplied]

---

*Even if no concession on this point was made below, the prevailing law, largely shaped by the Federal courts' interpretation of New York law, upholds the right of publicity and the principle of descendibility. <u>See</u>, Appellant's Brief at pps. 6-9

-4-

Accordingly, this Court is presented with no issue other than that relied upon exclusively by respondents in obtaining the dismissal below -- the characterization of Marilyn as a biography. The law is clear that no other issue may be belatedly raised on this appeal, <u>Shapiro v. City of New York</u>, 32 N.Y.2d 96, 102, 343 N.Y.S.2d 323, 327 (1973); <u>Anselmo v. Bush Universal Inc.</u>, 58 A.D.2d 635, 396 N.Y.S.2d 38 (2d Dept. 1977); <u>Balen Developing Corp. v. American Home Assurance Co.</u>, 54 A.D.2d 953, 388 N.Y.S.2d 630 (2d Dept. 1976), and all other issues now raised for the first time by Rembar & Curtis must be disregarded.

Point II.

Whether or Not a Work is Beyond the
Reach of the Right of Publicity because
it is Claimed to be a Privileged Biography
is a Question of Fact for Jury Resolution

Here, as in the motion below, Rembar & Curtis have attempted to cast plaintiff's claim into various theoretical pigeon-holes, which, when applied to the facts at bar, and after lengthly analysis, result in the demise of each theory. However, Judge Greenfield had no difficulty in piercing this obfuscation, simply and correctly describing plaintiff's claim as follows:

> "The gravamen of plaintiff's claim
> is that a book written by Norman
> Mailer entitled 'Marilyn' is not a
> biography, but rather a product put
> together for sale and profit in book
> form to effect a conversion and wrongful

-5-

exploitation and appropriation of the rights of publicity possessed by decedent, and now her estate."
[A-12].

Judge Greenfield summarily concluded that Marilyn was a privileged biography, and it is soley the propriety of this determination which this Court is asked to review. As indicated in our earlier brief on appeal, summary judgment on Marilyn's characterization should have been denied because at the very least it presents a triable issue of fact. (Brief for Plaintiff-Appellant at pps. 12-13). Respondents' interpretations of the author's text do not give rise to an unassailable conclusion that Marilyn is biographical as a matter of law. (Brief for Plaintiff-Appellant at pps. 13-14). Rather, as indicated in our earlier brief, Marilyn is a hybrid work of fact and fiction whose characterization cannot be made by simple reference to traditional definitions of biography, and the law requires that respondents' interpretations should properly be argued to a jury.

Conclusion

For the foregoing reasons, this Appellate Court should properly limit its review to the single issue rasied below, and reverse the erroneous summary conclusion of Special Term that Marilyn is a biography as a matter of law. At the very least,

-6-

176

complex question should be submitted to a jury for final resolution following a review of all relevant facts.

                            Respectfully submitted,

                            Lowenthal, Landau, Fischer
                              & Singer, P.C.
                            Attorneys for Plaintiff-
                              Appellant

Of Counsel:

    Barry H. Singer
    Sander M. Rabin

-7-

177