substantial economic benefits and prestige, which accrue to all Californians. To continue to encourage and perpetuate the entertainment industry in California, this state should continue to be a leader in protecting the rights of individuals, including the publicity rights of its residents. Prominent law firms in this state currently advise clients concerned about the right of publicity to incorporate in, or even move to, states with more favorable laws. There is no reason for California to lag behind the pacesetting jurisdictions in this matter.

In Lugosi the California Supreme Court noted that § 3344 is silent on descendibility, and invited the legislature to amend the statute if descendibility is desired. Senate Bill 613 proposes to respond to this invitation and to clarify the confusion perceived by other courts and practitioners by adopting the philosophy of the Lugosi dissent and Chief Justice Bird's concurrence in the Valentino case, which opinions have been favorably commented upon by other courts and scholars.

Highlights of Senate Bill 613.

Senate Bill 613 addresses the problems noted above by supplementing Civil Code § 3344 and adding a new § 3344.5, as follows:

1.    S.B. 613 adds express coverage under § 3344 for a person's voice, signature and image to the already stated name, photograph and likeness. This change clarifies the intended purview of the right.

2.    § 3344 as presently worded focuses on advertising and solicitation uses. Certainly the use of a person's name or likeness on an item of merchandise advertises or promotes the sale of such item, but the revised § 3344 expressly adds language covering the use of a name or likeness "on or in products, merchandise or goods".

3.    The proposed § 3344 increases the minimum damages for unauthorized uses from $300 to $750, adds more express language regarding the calculation of damages, and provides for the recovery of attorneys' fees by the party whose rights are infringed.

4.    Radio and television networks are added to the coverage of § 3344(f). The purpose of this subsection is to protect media carrying, but not originating, advertising matter that infringes someone's rights under § 3344. The

4

A-20

subsection already expressly identifies newspapers, magazines and radio and television stations, and networks are appropriately added to this list.

5.    The new § 3344.5 is added to provide for descendibility, with the following highlights:

(a)    The right is transferable during a person's life by contract or trust device. Accordingly, a person may transfer the right in gross or authorize particular uses of the right during his or her life. Such transfers would be effective for the full period of the grant, subject to the provisions of the statute relating to the duration of the right. Thus, for example, a motion picture producer granted the exclusive right to use an actor's name and likeness in merchandise connected with a motion picture would continue to have the exclusive right after the actor's death.

(b)    The right of publicity is expressly recognized as a property right.

Much early debate on descendibility arose from the fact that the right of publicity was originally categorized as a form of privacy right by Dean Prosser in a law review article in 1960 ("Privacy", 48 Cal. L. Rev. 388). Other forms of privacy rights classified by Dean Prosser include protection against (i) intrusion upon a person's seclusion or solitude, or into his or her private affairs, (ii) public disclosure of embarrassing private facts, and (iii) publicity placing a person in a false light in the public eye; these private rights do not survive death. But the categorization of the right of publicity as a property right is sensible because, unlike privacy rights, which seek to protect individuals from emotional harm, the right of publicity also seeks to protect the economic value of a person's name or likeness. As has been emphasized by distinguished commentators, the theoretical basis for the right of publicity is that society benefits from the development of individuals' names and likenesses in ways that engender commercial exploitation. Thus, the right of publicity is more closely analogized to an intangible personal property right than to a privacy right. By so designating the right of publicity in the statute, there can be no implication that privacy rights survive the person's death.

(c)    The rights conferred by the statute are recognized for fifty years after the death of an individual.

5

A-21

Most property rights are descendible. Descendibility is as desirable for the right of publicity as for any other property right; the same economic incentive given to an individual to amass other property by the right to leave it to his or her heirs is served by permitting publicity rights to descend. Descendibility also allows such heirs to protect against offensive or disparaging uses of decedent's name or likeness.

The proposed term of life plus fifty years conforms to the term of copyright protection granted to works of individual authors under the Copyright Act of 1976, the recent well-considered revision of U.S. copyright law. As recognized by the U.S. Supreme Court in the "human cannonball" case, [Zacchini v. Scripps-Howard Broadcasting Co., 433 U.S. 562, 97 S.Ct. 2849, 53 L.Ed.2d 965 (1977)], the rationale for the right of publicity, namely the encouragement of personal achievement for the ultimate benefit of society, is closely analogous to the rationale for copyright protection under the U.S. Constitution. The dissent in Lugosi used this analogy to suggest the life plus 50 year protection for publicity rights, which term also has been recommended by prominent attorneys and scholars such as Melville Nimmer, David Ginsburg, Peter Felcher and Edward Rubin.

(d)  Under § 3344.5, the right of publicity is transferable by testamentary devices. In the absence of such a transfer, the right passes to a residuary class consisting of the individual's parents, surviving spouse, children and grandchildren.

This residuary class provision addresses the potential problem that someone who desires to use a decedent's name or likeness may have in tracing the owners of the rights and in obtaining consent from such owners. By statutorially designating the successors in a manner that is familiar to many potential users, by analogy to termination rights provisions of the Copyright Act, the interests of potential users are considered. The rights vest in the residuary class only if not previously transferred by contract, will or trust. Members of the residuary class owning a majority of the interest in the right are empowered to exercise the right on behalf of the entire class. If the right of publicity becomes vested in this class, then the right expires upon the death of all members of the class even if fifty years has not elapsed from the death of the individual.

This clause also recognizes a descendible right even if the person did not exercise his or her right of pub-

A-22

licity during his or her lifetime by affirmative transfer; just as the fact some authors fail to publish all or some of their copyrighted works during their lifetimes does not divest their heirs of the copyrights, the fact that some person may choose not to exploit his or her name or likeness on merchandise should not preclude the inheritance of a potentially valuable right of publicity.

(e)  Since it may be difficult in some circumstances to identify the owner(s) of the right of publicity of a decedent, an <u>exculpatory clause for innocent infringers</u> is included.

6.  § 3344 is first and foremost a "products and advertising" statute.  In <u>Johnson v. Harcourt, Brace, Jovanovich, Inc.</u>, 45 Cal.App.3d 880, 118 Cal. Rptr. 370 (1974), one of the few cases interpreting § 3344, the reprinting of an article with the consent of its author in a college English textbook was held not to infringe the right of publicity of the people about whom the article was written because the article was not so directly connected with the sale of the textbook so as to fall within the purview of § 3344.

The First Amendment to the U.S. Constitution, which § 3344 cannot and is not intended to supersede, protects freedom of expression.  In her concurrence with the result of the Valentino case (joined by Justices Tobriner and Manuel, and, with respect to her First Amendment, analysis Justice Newman), Chief Justice Bird addressed at length the interplay between the right of publicity and the First Amendment.  The Valentino case was a lawsuit by the nephew of Rudolph Valentino to enjoin, and for damages from, the television exhibition of a motion picture fictionalizing Valentino's life.  Noting that other courts had balanced the right of publicity with expressive activities (as distinguished from more purely commercial activities such as the use of a likeness on items of merchandise), the concurrence stated: "Whether the publication involved was factual and biographical or fictional, the right of publicity has not been held to outweigh the value of free expression."  That is, the primary focus of the right of publicity is commercial use of names and likenesses, not freedom of expression.

A-23

# Exhibit E

# California Business Portal

## Secretary of State BRUCE McPHERSON

SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | SPECIAL PROGRAMS

**Special Filings**

- Special Filings Main Page
- Builder's Agent for Notice
- Successor-In-Interest Search
- Immigration Consultant Bond Search
- Forms & Fees
- Frequently Asked Questions
- Business Resources
- California Codes
- Legislation
- Private Service Companies
- Technical Assistance
- Contact Us
- Site Search

### Successor-In-Interest

The information displayed here is updated at the beginning of the month. It is not a complete or certified record of the Claim as Successor-In-Interest.

Fees and instructions for requesting information relating to a successor-in-interest of record are included on the **Special Filings Records Order Form.**

**New Search**

**Search Results for:**  **Name: Albert Einstein**

**Company:**

| | |
|---|---|
| **Celebrity Name:** | **Albert Einstein** |
| **File Number:** | 1985-086 |
| **Filing status:** | active |
| **File date:** | 08/27/1985 |
| **Date of death:** | 04/18/1955 |
| **Transferred by:** | will |
| **Name of Claimant:** | Hebrew University - Jerusalem, Israel |
| **Address of Claimant:** | c/o American Friends of the Hebrew University, 11 East 69th Street, New York, New York 10021 - c/o Charles S. Bloom Claimants Agent: The Roger Richman Agency, Inc. 9777 Wilshire Blvd., Ste. 815, Beverly Hills, CA 90212 |
| **Percentage interest claimed:** | 100% |
| **Above percentage claimed in:** | all types of rights |

| | |
|---|---|
| **Celebrity Name:** | **Albert Einstein** |
| **File Number:** | 1993-040 |
| **Filing status:** | active |
| **File date:** | 09/07/1993 |
| **Date of death:** | 04/18/1955 |
| **Transferred by:** | will |
| **Name of Claimant:** | Hebrew University - Jerusalem, Israel |
| **Address of Claimant:** | c/o The Roger Richman Agency, Inc., 9777 Wilshire Boulevard, Suite 915, Beverly Hills, California 90212 (Telephone: 310-276-7000) |
| **Percentage interest** | 100% |

**claimed:**

**Above percentage claimed in:**    all types of rights

---

| | |
|---|---|
| **Celebrity Name:** | Albert Einstein |
| **File Number:** | 2001-027 |
| **Filing status:** | active |
| **File date:** | 05/17/2001 |
| **Date of death:** | 04/18/1955 |
| **Transferred by:** | will |
| **Name of Claimant:** | The Hebrew University of Jerusalem, Israel |
| **Address of Claimant:** | c/o The Roger Richman Agency, Inc. 9777 Wilshire Blvd., Suite 700 Beverly Hills, CA 90212 |
| **Percentage interest claimed:** | 100% |
| **Above percentage claimed in:** | All types of rights |

---

### New Search

Copyright © 2004 California Secretary of State. **Privacy Statement.**

# Exhibit F

# History of the Estate of Albert Einstein

Albert Einstein's Last Will and Testament of 1950 appointed his close associate, Dr. Otto Nathan, as sole Executor of his Estate. Upon Einstein's death in 1955, Dr. Nathan devoted himself tirelessly for more than a quarter of a century to the administration of the Estate of Albert Einstein. In close cooperation with the co-Trustee of the Estate, Ms. Helen Dukas, Dr. Nathan succeeded in tripling the size of the Albert Einstein Archives during the period 1955-1982. As Executor to Einstein's writings, Dr. Nathan cooperated with numerous publishers throughout the world in the publication in a wide variety of languages of many new editions of Einstein's works. Dr. Nathan shared Einstein's leftist views on politics and society - this affinity led to his editing (in collaboration with Heinz Norden) a selection of Einstein's writings on pacifism entitled Einstein on Peace in 1960. Dr. Nathan also laid a substantial part of the groundwork for the historical edition of The Collected Papers of Albert Einstein. In 1982, the Estate of Albert Einstein transferred all the literary rights to Einstein's writings to The Hebrew University of Jerusalem - in accordance with Einstein's Will of 1950. During the period of 1982-1990, the American Friends of the Hebrew University (AFHU) in New York were responsible for dealing with all copyright issues pertaining to Einstein's writings. This work was carried out meticulously and conscientiously by the late Ehud Benamy of the AFHU, under the sagacious guidance of the late Prof. Milton Handler. In 1991, the Executive of The Hebrew University in Jerusalem decided to transfer responsibility for all copyright issues pertaining to Albert Einstein to the office of the Curator of the Albert Einstein Archives in Jerusalem.

**[Back]**

# Exhibit G


The durable Tecra® A8 Notebook PC.
Learn More ▶
Rollover for specs
TOSHIB



| Search: | Forbes.com | Web | Stocks & Funds | More Search Options |

INSIDE
■ The Sea
■ Top-Gro
■ Hottest

U.S.   EUROPE   ASIA        HOME PAGE FOR THE WORLD'S BUSINESS LEADERS        Free Trial Issue

HOME    BUSINESS    TECH    MARKETS    ENTREPRENEURS    LEADERSHIP    PERSONAL FINANCE    FORBESLIFE

Video    Blogs    E-mail Newsletters    People Tracker    Portfolio Tracker    Special Reports

E-mail | Print | Comments | Request Reprints | E-Mail Newsletters | ⊠ My Yahoo! | RSS

Make Forbes.com My Home Page

Bookmark This Page

Free Trial Issue

Gift Subscriptions

📶Find Free Wi-Fi Hotspots

## Albert Einstein



Click to zoom

© Val Bochkov

**Earnings:** $20 million

**Occupation:** Scientist

**Died:** April 18, 1955

**Age:** 76

**Cause:** Natural causes

Albert Einstein's genius continues to inspire thinkers of all stripes, while his visage makes marketers write big checks--image licensing shop Corbis says it gets more requests for Einstein than for any other person. Rights to Einstein's name belong to the Hebrew University of Jerusalem, which also earns a substantial cut from Walt Disney's Baby Einstein line of educational toys and videos. —Lacey Rose



Page: < Previous 1 2 3 4 **5** 6 7 8 9 Next >

**More On This Topic**

**E-Mail Newsletters:** Sign Up Now To Stay Informed On A Range Of Topics
**Attaché:** Customize Forbes.com Now To Track This Author And Industry

**Article Controls**
E-mail | Print | Comments | Request Reprints | E-Mail Newsletters | ⊠ My Yahoo! | RSS





Special Report
## Top-Earning Dead Celebrities
By Lacey Rose, Louis Hau and Amanda Schupak 10.24.06, 12:00 PM ET

2001 2002 2003 2004 2005 **2006**    The Lucky 13

The 13 icons on our sixth annual Top-Earning Dead Celebrities list collectively earned $247 million in the last 12 months. Their estates continue to make money by inking deals involving both their work and the rights to use their name and likenesses on merchandise and marketing campaigns. To land on this year's list, a star needed to make at least $7 million between October 2005 and October 2006. More...

-- Illustrations by Val Bochkov

In Pictures

The Top-Earning Dead Celebrities
By Lacey Rose, Louis Hau and Amanda Schupak
Cashing in while pushing daisies.

Recently Departed
By Lacey Rose
Famous additions to the world's largest ensemble.

Video: Dead Celebrities' Second Acts
By Michelle Steele
Audrey Hepburn, Fred Astaire and John Wayne find new life in the afterlife.

Featured

Smells Like New Revenue
By Louis Hau
Twelve years after his death, Kurt Cobain embraces the establishment.

Wheeerrre's Johnny?
By Lacey Rose
Unless his estate starts releasing more footage, Johnny Carson won't be gracing our top-earning dead celebrities list anytime soon.

Happy Halloween

Halloween Masks
Illustrations by Val Bochkov; Captions by Lacey Rose
From Lindsay Lohan to Kim Jong-Il, our picks for the year's scariest people.



### The Lucky 13

1. Kurt Cobain
2. Elvis Presley
3. Charles M. Schulz
4. John Lennon
5. Albert Einstein
6. Andy Warhol
7. Dr. Seuss (Theodor Geisel)
8. Ray Charles
9. Marilyn Monroe
10. Johnny Cash
11. J.R.R. Tolkien
12. George Harrison
13. Bob Marley

Vote

# Exhibit H

# California Business Portal

## Secretary of State BRUCE McPHERSON

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | SPECIAL PROGRAMS |

**Special Filings**

Special Filings Main Page

Builder's Agent for Notice

Successor-In-Interest Search

Immigration Consultant Bond Search

Forms & Fees

Frequently Asked Questions

Business Resources

California Codes

Legislation

Private Service Companies

Technical Assistance

Contact Us

Site Search

## Successor-In-Interest

The information displayed here is updated at the beginning of the month. It is not a complete or certified record of the Claim as Successor-In-Interest.

Fees and instructions for requesting information relating to a successor-in-interest of record are included on the **Special Filings Records Order Form.**

**New Search**

**Search Results for:**    Name:Truman Capote

Company:

| | |
|---|---|
| **Celebrity Name:** | **Truman Capote** |
| **File Number:** | 1985-012 |
| **Filing status:** | active |
| **File date:** | 02/08/1985 |
| **Date of death:** | 08/25/1984 |
| **Transferred by:** | will |
| **Name of Claimant:** | Alan U. Schwartz |
| **Address of Claimant:** | c/o Finley, Kumble, 9100 Wilshire Blvd., 10 East Beverly Hills, CA 90210 |
| **Percentage interest claimed:** | 100% |
| **Above percentage claimed in:** | all types of rights |

**New Search**

Copyright © 2004 California Secretary of State. **Privacy Statement.**

# Exhibit I



| HOME PAGE | MY TIMES | TODAY'S PAPER | VIDEO | MOST POPULAR | TIMES TOPICS |

**The New York Times**

Saturday, December 16, 2006

# Times Topics

| WORLD | U.S. | N.Y. / REGION | BUSINESS | TECHNOLOGY | SCIENCE | HEALTH | SPORTS | OPINION | ARTS |

AUTOS

☐ **cross fingers**

☑ **fight global warming.com**

ROBINSON

Ad

TIMES TOPICS > PEOPLE > C > CAPOTE, TRUMAN

## Truman Capote

Your search for **SCHWARTZ, ALAN U** in **Truman Capote** returned **1** articles

### ARTICLES ABOUT TRUMAN CAPOTE

**Newest First** | Oldest First | Closest Match                    Page: 1

#### Capote Trust Is Formed To Offer Literary Prizes

The creation of a new charitable institution, the Truman Capote Literary Trust, was announced yesterday by Alan U. Schwartz, a longtime friend of Capote's and his literary executor. Through the Iowa Writers Workshop at the University of Iowa and the Creative Writing Program at Stanford University, the trust is to award prizes to writers and critics totaling $114,000 annually. There will be a $100,000 prize every four years for lifetime achievement in criticism. The Iowa workshop is to award fo...

March 25, 1994 | ARTS | NEWS

MORE ON TRUMAN CAPOTE AND: BOOKS AND LITERATURE, AWARDS, DECORATIONS AND HONORS, UNIVERSITY OF IOWA, CAPOTE, TRUMAN, LITERARY TRUST, STANFORD UNIVERSITY

SEARCH 1 ARTICLES ABOUT TRUMAN CAPOTE :

Match All Words [_____] [Go]

Page: 1

RELATED ADS                              what are related ads?

» Book Marketing

» Book Promotion

» Book Author Biography

» Rob Schwartz Books

» Alan Bennett

Ads by (

**Rohde &**
In Stock :
www.allte

**The Mag**
Free trair
ThinkTQ.c

**Broadw**
American
broadway

MOST PC

E-MAILED

1. On

# Exhibit J

# California Business Portal

## Secretary of State BRUCE McPHERSON

SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | SPECIAL PROGRAMS

**Special Filings**

- Special Filings Main Page
- Builder's Agent for Notice
- Successor-In-Interest Search
- Immigration Consultant Bond Search
- Forms & Fees
- Frequently Asked Questions
- Business Resources
- California Codes
- Legislation
- Private Service Companies
- Technical Assistance
- Contact Us
- Site Search

## Successor-In-Interest

The information displayed here is updated at the beginning of the month. It is not a complete or certified record of the Claim as Successor-In-Interest.

Fees and instructions for requesting information relating to a successor-in-interest of record are included on the **Special Filings Records Order Form**.

**New Search**

**Search Results for:**

Name: Al Jolson

Company:

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-049 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | Federation of Jewish Philanthropies of New York |
| **Address of Claimant:** | 130 East 59th Street, New York, NY 10022 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-050 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | Catholic Charities of the Archdiocese of New York |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage** | all types of rights |

claimed in:

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-051 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | Federation of Protestant Welfare Agencies, Inc. |
| **Address of Claimant:** | 281 Park Avenue South, New York, NY 10010 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-052 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | Louise Wise Services |
| **Address of Claimant:** | 12 East 94th Street, New York, NY 10028 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-053 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | Jewish Child Care Association of New York |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage** | all types of rights |

claimed in:

---

| | |
|---|---|
| **Celebrity Name:** | **Al Jolson** |
| **File Number:** | 1986-054 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | St. Vincent de Paul Foundation, Inc. |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | **Al Jolson** |
| **File Number:** | 1986-055 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | Leake and Watts Children's Home, Incorporated |
| **Address of Claimant:** | 463 Hawthorne Avenue, Yonkers, NY 10705 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | **Al Jolson** |
| **File Number:** | 1986-056 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | The Jewish Home and Hospital for Aged |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |
| **Percentage interest** | 5.555% |

Case 1:05-cv-03939-CM    Document 76-16    Filed 12/22/2006

claimed:

**Above percentage claimed in:**    all types of rights

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-057 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | New York Association for the Blind |
| **Address of Claimant:** | 111 East 59th Street, New York, NY 10022 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-058 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | American-Israeli Lighthouse, Inc. |
| **Address of Claimant:** | 30 East 60th Street, New York, NY 10022 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-059 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | Hadassah, The Women's Zionist Organization of America, Inc. |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |
| **Percentage interest claimed:** | 5.555% |

| | |
|---|---|
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-060 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | HIAS, Inc. |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-061 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | The American National Red Cross |
| **Address of Claimant:** | Washington, DC 20006 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-062 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | Actors Fund of America |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |
| **Percentage interest claimed:** | 5.555% |

**Above percentage claimed in:**    all types of rights

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-063 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | The Trustees of Columbia University in the City of New York |
| **Address of Claimant:** | 225 Broadway, New York, NY 10007 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-064 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1986 |
| **Transferred by:** | will |
| **Name of Claimant:** | New York University |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |
| **Percentage interest claimed:** | 5.555% |
| **Above percentage claimed in:** | all types of rights |

---

| | |
|---|---|
| **Celebrity Name:** | Al Jolson |
| **File Number:** | 1986-065 |
| **Filing status:** | active |
| **File date:** | 07/28/1986 |
| **Date of death:** | 10/23/1950 |
| **Transferred by:** | will |
| **Name of Claimant:** | The Board of Higher Education of the City of New York |
| **Address of Claimant:** | c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005 |

**Percentage interest claimed:**        5.555%

**Above percentage claimed in:**        all types of rights

---

**Celebrity Name:**        Al Jolson

**File Number:**        1986-066

**Filing status:**        active

**File date:**        07/28/1986

**Date of death:**        10/23/1986

**Transferred by:**        will

**Name of Claimant:**        Memorial Hospital for Cancer and Allied Diseases

**Address of Claimant:**    c/o Herzfeld & Rubin, P.C., as Agent for the Jolson Estate Residual Legatees, Attn: James S. Kaplan, 40 Wall St., NY, NY 10005

**Percentage interest claimed:**        5.555%

**Above percentage claimed in:**        all types of rights

---

## New Search

Copyright © 2004 California Secretary of State. Privacy Statement.