UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHAW FAMILY ARCHIVES, LTD.,
BRADFORD LICENSING, INC., JAMES E.
DOUGHERTY, and VALHALLA
PRODUCTIONS, LLC.

     Plaintiffs/Consolidated Defendants,

v.

CMG WORLDWIDE, INC. and MARILYN
MONROE, LLC,

     Defendants/Consolidated Plaintiffs.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 CV 3939 (CM)

Honorable Colleen McMahon

## SUPPLEMENTAL DECLARATION OF ANNA STRASBERG
IN SUPPORT OF MARILYN MONROE, LLC's MOTION FOR SUMMARY JUDGMENT
ON COUNT II AGAINST SHAW FAMILY ARCHIVES, LTD. AND IN OPPOSITION TO
SFA AND BRADFORD'S CROSS-MOTION FOR SUMMARY JUDGMENT

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for Defendants/Consolidated Plaintiffs
CMG Worldwide, Inc. and Marilyn Monroe LLC

## DECLARATION OF ANNA STRASBERG

I, ANNA STRASBERG, declare as follows:

1.    I am over eighteen years of age and competent and capable of making this declaration in support of Marilyn Monroe, LLC's Motion for Summary Judgment on Count II against Shaw Family Archives, Ltd. ("SFA") and in opposition to SFA's and Bradford Licensing Associates' ("Bradford") cross-motion for summary judgment. The following facts are personally known to me and, if called as a witness, I could and would testify competently thereto.

2.    Marilyn Monroe died on August 5, 1962.

3.    The residuary clause of Marilyn Monroe's will included three beneficiaries. May Reis was bequested $40,000.00 or 25% of the residuary estate, whichever was lesser. Dr. Marianne Kris was bequested 25% of the remaining balance of the residuary estate. Lee Strasberg was bequested the rest of the remaining balance of the residuary estate. Declaration of Anna Strasberg in Support of Marilyn Monroe, LLC's Motion for Summary Judgment on Count II Against Shaw Family Archives ("Strasberg Decl."), Exhibit C.

4.    During probate of Marilyn Monroe's estate, May Reis was paid $40,000.00 in accordance with the residuary clause of the will, thus leaving Dr. Marianne Kris with 25% and Lee Strasberg with 75% of the remainder of the residual estate. During the probate period, both Dr. Kris and my husband passed away, and their interests in the estate passed to the Anna Freud Centre and to the Estate of Lee Strasberg, respectively.

5.    The probate of Marilyn Monroe's estate continued from her death until 2001. Aaron Frosch, the original executor of the estate, died in April 1989. On May 7, 1990, Marjorie Frosch, executrix of the Estate of Aaron Frosch, submitted an Account of Executors and Administrators of the Estate of Marilyn Monroe to the Surrogate's Court, County of New York. That account included schedules showing payments made to the Estate of Marilyn Monroe by Roger Richman Agency, Inc., the agent responsible for licensing Marilyn Monroe's name, image

and likeness, between July 1, 1980 and April 29, 1989. A true and accurate copy of the Account of Executors and Administrators submitted to the Surrogate's Court on or about May 7, 1990 is attached hereto as Exhibit A.

6. After his death, I was appointed administratrix of the Estate of Marilyn Monroe by the Surrogate's Court, County of New York, on July 20, 1989. A true and accurate copy of the Decree Granting Letters of Administration with the Will Annexed by the Surrogate's Court of New York is attached hereto as Exhibit B.

7. As administratrix of the Monroe Estate, I was involved in the licensing of Marilyn Monroe's Right of Publicity. During that time, I was not aware of the Shaw family licensing without the Monroe Estate's authorization Marilyn Monroe's name, image, likeness, or persona. In 1995, CMG was hired to represent the Monroe Estate and to manage and license the name, image, likeness, and persona of Marilyn Monroe.

8. On or about October 18, 2000, I executed a final Account of Executors and Administrators that was received by the Surrogate's Court, County of New York on December 11, 2000. That account included schedules showing payments made to the estate of Marilyn Monroe between July 20, 1989 and October 3, 2001 by licensees who had licensed Marilyn Monroe's publicity rights from the estate's licensing agent. Those licensees include The Franklin Mint and The Bradford Exchange, who paid the Estate of Marilyn Monroe licensing fees for merchandise licensing royalties. A true and accurate copy of the Account of Executors and Administrators received by the Surrogate's Court on or about December 11, 2000 is attached hereto as Exhibit C.

9. On or about October 18, 2000, I submitted to the Surrogate's Court, County of New York, a Petition for Judicial Settlement of Final Account of Administratrix C.T.A. and For An Order Authorizing Petitioner to (1) Execute Limited Liability Agreement; (2) Establish and Operate Limited Liability Company; (3) Use Estate Assets to Establish Limited Liability Company; (4) Distribute Interests to Residuary Beneficiaries; (5) For Order Vacating Order to Compel Fiduciaries to Account; and (6) Discharge of Prior Executor ("Petition for Judicial

Settlement"). That petition included in its description of the assets of the estate Marilyn Monroe's "Intellectual Property Rights," which were defined as "decedent's participation rights in motion pictures and royalties from the licensing of the Decedent's name, likeness and signature." A true and accurate copy of the Petition for Judicial Settlement is attached hereto as Exhibit D.

10. The purpose of the Petition for Judicial Settlement was to create Marilyn Monroe LLC ("MMLLC"), close the estate of Marilyn Monroe, and to pour any assets due to the residual beneficiaries into MMLLC. Appended to the Petition were several documents, including the articles of incorporation of MMLLC, as well as proposed assignments of interests in the Marilyn Monroe estate of the remaining residuary beneficiaries, the Estate of Lee Strasberg and the Anna Freud Center.

11. On June 19, 2001, the Surrogate's Court of New York issued a Decree on a Voluntary Accounting and Related Matters. The decree authorized me, in my capacity as administratrix, to transfer all assets of the estate to MMLLC. In approving the final accounting of the estate, the decree also found the state and condition of the account to include $15,956,520.03 in income collected between 1989 and 2000. This amount was taken from the Account of Executors and Administrators submitted to the Surrogate's Court, which included revenues derived from the licensing of Marilyn Monroe's name, image and likeness. A true and accurate copy of the Decree on a Voluntary Final Accounting and Related Matters is attached hereto as Exhibit E.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 21st day of December, 2006, at Washington, D.C.

*[signature]*

ANNA STRASBERG

100127656_1.DOC

3