UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., BRADFORD
LICENSING, INC., JAMES E. DOUGHERTY,
And VALHALLA PRODUCTIONS, LLC.

        05 CV 3939 (CM)

    Plaintiffs/Consolidated Deendants,

        **Honorable Colleen McMahon**

    -against-

CMG WORLDWIDE, INC.,
and MARILYN MONROE, LLC,,

    Defendants/Consolidated Plaintiffs
---------------------------------------------------------------x

## SUPPLEMENTAL DECLARATION OF LEN REITER

Marcus & Greben
1650 Broadway
Suite 707
New York, NY 10019
Tel: 646-536-7602
Fax: 212-765-2210

Attorneys for Plaintiff/Consolidated Defendant SFA, Plaintiffs Edith Marcus and Meta Stevens and Consolidated Defendant Bradford Licensing, Inc.

## SUPPLEMENTAL DECLARATION OF LEN REITER

After having been duly sworn, Len Reiter states:

1. I am an adult over the age of eighteen (18), have personal knowledge of the matters stated herein, and am competent to attest to such matters.

2. I am currently the president of Bradford Licensing Associates ("Bradford"). I have held this position since 1984.

3. I have read MMLLC's ("MMLLC") Reply Memorandum in Support of Motion for Summary Judgment and Opposition to Bradford Licensing, Inc. ("Bradford") and Shaw Family Archives, Ltd.'s ("SFA") Motion for Summary Judgment, and the Declarations and exhibits annexed thereto.

4. On February 1, 2004, Bradford entered into a deal with Valhalla Productions, LLC. ("Valhalla") that would help promote the film "Marilyn's Man." No press releases regarding new licensees appointed to this program were released until May 10, 2004. We were advised by Schani Krug, Director/Executive Producer of "Marilyn's Man" within Valhalla Productions, that we did not have to obtain any permission to use Marilyn Monroe's name in conjunction with this licensing program. Based upon this assurance, Bradford's agreement with Valhalla required Valhalla to indemnify Bradford in the event Bradford was sued and/or incurred legal expenses

5. In Exhibit "A" of the Mark Roesler's Supplemental Declaration ("Roesler Supp. Decl"), a letter dated March 4, 2004 is annexed thereto.[1] This letter purports to have been sent to my direction via facsimile and first class mail. I never received this letter. Quite interestingly, Exhibit "C" to Roesler's Supplemental Declaration, contains

---

[1] Mark Roesler is the Chairman and CEO of CMG Worldwide, Inc. ("CMG"). (See Roesler Decl, ¶2)

an internet exchange between myself and Alexandra Richmond, which was ultimately forwarded to CMG personnel on March 9, 2004. It is unclear how Mr. Roesler's March 4, 2004 letter was written in response to an email received on March 9, 2004.

6. As Bradford was sued herein because of certain claims made by Valhalla,[2] then Bradford has an indemnification claim against Valhalla. I have been advised by Bradford's attorneys that MMLLC and CMG named Valhalla as a defendant in this action but apparently did not serve Valhalla. Further, according to Bradford's attorneys, the attorneys for MMLLC advised that they would most likely effectuate service against Valhalla. Valhalla was apparently never served and the time to commence a third party action against Valhalla expired. We have requested permission from this court to commence a third party action against Valhalla but have not yet received such permission.

7. On March 17, 2005 an agreement was executed by and between SFA and a New York corporation, Central Mills Inc./Freeze. I have recently obtained the executed copy of the agreement, a copy of which is annexed hereto as Exhibit "A." According to said agreement, Central Mills Inc./Freeze was directed to refrain from doing any business in Indiana and contained a provision indemnifying SFA. Further, Kim Cauley, Vice President of Licensing within Central Mills Inc./Freeze, has advised me that they took every precaution to refrain from doing any business or advertising in Indiana, as per the above agreement, and that to her knowledge no samples of the t-shirt set forth in MMLLC's Motion for Summary Judgment were sold in a Target store in Indiana.

8. The business of Bradford has been directly affected by the fraudulent and unfounded claims by CMG, that MMLLC owns a right of publicity in Marilyn Monroe.

---

[2] See the Second Amended Complaint of CMG and MMLLC.

2

Collectively annexed hereto as Exhibit "B" are examples of cease and desist letters from CMG to different licensees claiming that MMLLC is the owner of Marilyn Monroe's right of publicity and CMG is the exclusive agent to license that right. (The May 2, 2006 letter to Urban Outfitters terminated the deal). These are only some examples of the economic harm cause to Bradford and SFA. Additionally, licensees have advised me that they will refuse to do business with SFA because CMG will not license to them the rights to other celebrities (which they have legitimate rights to license) unless they only license Marilyn Monroe images through CMG. Additionally, the following companies are some domestic licensees who refuse to do business with SFA because of CMG: SD Toys; MZBerger; iPop Sales; KNG America; Accessory Network and Verigold.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 15th day of January, 2007, at Montclair, New Jersey.

LEN REITER

3