EXHIBIT C

Via Facsimile, e-mail and registered Airmail

CMG Worldwide Inc.
Corporate Headquarters
To the attention of Tricia Shepherdson
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256
USA

Allen & Overy LLP
Taunustor 2
60311 Frankfurt am Main
Germany

Postbox 100 123
60001 Frankfurt am Main

Tel     +49 (0)69 2648 5000
Fax     +49 (0)69 2648 5800
Direct  +49 (0)69 2648 5931
martin.illmer@allenovery.com

Our ref    MI//52024-00003 FR:723349.2

July 8, 2005

**SCA Hygiene Products GmbH - Marilyn Monroe**

Dear Ms. Shepherdson,

We refer to your letter to us dated June 23, 2005 and the letter to our client SCA Hygiene Products GmbH dated May 24, 2005.

In these letters you claimed that CMG Worldwide Inc. ("CMG") is the exclusive worldwide agent for Marilyn Monroe LLC, and as such, is the proprietor of certain rights including trademark rights, the right of association and sponsorship and the right of publicity in and to the Marilyn Monroe name, image and likeness. In particular, in your letter dated June 23, 2005 you stated that the right of publicity was the basis for CMG's claim against our client.

After having reviewed the issue very carefully, we greatly doubt that CMG can claim a right of publicity in and to the Marilyn Monroe name, image and likeness, based on the following considerations.

The supporting documents with which you have provided us suggest that as of November 14, 1996 CMG was the licensing representative of the estate of Marilyn Monroe. Furthermore, in 2001 the estate, through its Administrator, C.T.A Anna Strasberg, founded Marilyn Monroe LLC. We have not received documentation that supports your implied assertion that the estate of Marilyn Monroe conveyed any rights to Marilyn Monroe LLC. However, CMG currently claims to be acting as the worldwide representative of Marilyn Monroe LLC.

We neither challenge nor agree with these statements because their validity appears to us to be irrelevant to CMG's claim. Even if one assumes that CMG is the licensing representative of Marilyn Monroe LLC, there is no right of publicity in and to the Marilyn Monroe name, image and likeness for CMG to hold.

As Marilyn Monroe died in 1962, the legal issue in this case is whether the right of publicity that existed during Marilyn Monroe's lifetime was passed to her estate upon her death, from which it was consequently entrusted to CMG. We have come to the conclusion that under the applicable law the right of publicity did not descend.

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Law Society of England and Wales. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One New Change, London, EC4M 9QQ and at the above address. Any reference to a partner in relation to Allen & Overy LLP means a member, consultant or employee of Allen & Overy LLP.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Budapest, Dubai, Frankfurt, Hamburg

The first issue is the choice of law. The rule in this context is that the law of the state of domicile of the deceased person applies, rather than that of the plaintiff claiming the right of publicity. See e.g. Factors Etc. v. Pro Arts, Inc., 652 F.2d 278, 281 (2d Cir. 1981) where the law of the state of Tennessee was found to apply to the right of publicity in relation to the estate of Elvis Presley, as the late Elvis Presley was domiciled in Tennessee at the time of his death. Therefore, the question of whether the estate of a deceased person can assert a right of publicity is determined by the law of the state of the deceased person's domicile. In our case, the substantive law of the state of New York applies because Marilyn Monroe was domiciled in the state of New York at the time of her death.

Under § 50 of the Civil Rights Law of the state of New York, the right of publicity is by statute limited to "any living person" (see Smith v. Long Island Jewish Hillside Med. Ctr., 499 N.Y.S.2d 167, 168 (2d Dept. 1986); Pirone v. MacMillan, Inc., 894 F.2d 579, 586 (2d Cir. 1990)). This statutory Civil Rights Law of the state of New York preempts any common law right of publicity (see Zoll v. Jordache Enters., 2002 U.S. Dist. LEXIS 24570, 47-49 (S.D.N.Y. 2002); Pirone v. MacMillan, Inc., 894 F.2d 579, 586 (2d Cir. 1990)). Furthermore, the New York state law has no right of publicity independent of its right of privacy under §§ 50, 51 of the New York Civil Rights Law (see Messenger v. Gruner, 94 N.Y.2d 436, 441 (N.Y. 2000); Stephano v. News Group Publn's, Inc., 64 N.Y.2d 174, 182 (N.Y. 1984)). Hence, the statutory right of publicity could not descend upon the death of Marilyn Monroe. Therefore, the estate of Marilyn Monroe was never the proprietor of any right of publicity in and to the Marilyn Monroe name, image and likeness, and consequently, the estate could not have conveyed any such right to CMG.

In addition, we refer you to Frosch v. Grosset & Dunlap (427 N.Y.S.2d 828 (1st Dept. 1980)) where the executor of the estate of Marilyn Monroe claimed an infringement on the right of publicity in and to the Marilyn Monroe name, image and likeness. The Court states in relevant part that: *"The statutory right of privacy [which under New York state law contains the right of publicity, see above] applies to the name, portrait or picture of "any living person" (Civil Rights Law, § 50); and it is thus on its face not applicable to the present book [the book was published after Marilyn Monroe's death]."*

Given the aforementioned arguments, we believe that CMG cannot have any claim against our client based on the right of publicity in and to the Marilyn Monroe name, image and likeness.

Finally, please be advised that we are not members of the bar of the State of New York and we do not make, express or imply any statement, opinion, or view in this letter concerning the federal laws of the United States of America, or the laws of the State of New York. We have stated the law as we understand it and look forward to discussing the issue with you.

Yours respectfully

*[signature: Martin Illmer]*

**Martin Illmer**
Rechtsanwalt



**CMG WORLDWIDE**
*Representing the World's Greatest Legends*

VIA FACSIMILE & EMAIL

July 19, 2005

ALLEN & OVERY LLC
Attn: Mr. Martin Illmer
Postbox 100 123
60001 Frankfurt am Main
Germany
Facsimile: 49 69 2648 5800
Email: martin.illmer@allenovery.com

### Re: SCA Hygiene Products GmbH's use of Marilyn Monroe

Dear Mr. Illmer:

Thank you for your prompt correspondence. However, Marilyn Monroe's domicile at the time of her death is far from a proven fact. We have litigated this issue successfully, that is, we have proven that Marilyn Monroe's domicile was not in New York at the time of her death, as recently as a few years ago. Furthermore, an unrelated third party made the same claim you have made, and it has currently found itself in the middle of a multi-million dollar litigation. Therefore, we reject your attempt to dismiss the matter based on a legal conclusion that you have no authority for and no authority to make.

In addition, you are completely overlooking the trademark aspect, which is just as potent as the right of publicity issue we have been discussing. Marilyn Monroe enjoys trademark registrations and common law trademark rights throughout the world, which are supported by the thousands of merchandising and advertising campaigns we have licensed worldwide using her name and image. These intellectual property rights are further buttressed by rights of publicity, personality, privacy, sponsorship, and association, which vary from country to country.

We are mindful of the fact that you have refused to provide our requested accounting. Such refusal does not further the spirit of good faith negotiations; however, based on our knowledge of this situation, we are prepared to settle this unauthorized use for $12,500 USD and your agreement to cease and desist sale of all products bearing Marilyn Monroe's name, image, and likeness.

Los Angeles
8560 Sunset Blvd. 10th Floor Penthouse
West Hollywood, California 90069 USA
Phone.310.651.2000  Fax. 317.570.5500

Corporate Headquarters
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256 USA
Phone.317.570.5000 Fax.317.570.5500
www.CMGWorldwide.com

Rio de Janeiro
Praia de Botafogo, 228 - Sala 1111
Rio de Janeiro, 22250-900 Brasil
Phone.+55 (21) 2554.8960 Fax.+55 (21) 2554.7350



**CMG WORLDWIDE**
*Representing the World's Greatest Legends*

Page 2 of 2
July 19, 2005

Nothing contained herein or omitted herefrom constitutes a waiver of any of the rights or remedies at law or in equity of Marilyn Monroe, LLC and CMG Worldwide, Inc., all of which are hereby expressly reserved.

Respectfully,

*Tricia Shepherdson*

Tricia Shepherdson
Business & Legal Affairs

cc: Mark Roesler, Esq., Chairman & CEO
    Jonathan Faber, Esq., President
    Lawrence V. Molnar, Esq., Legal Counsel
    Marilyn Monroe, LLC

Los Angeles
8560 Sunset Blvd. 10th Floor Penthouse
West Hollywood, California 90069 USA
Phone 310.651.2000 Fax 310.570.5500

Corporate Headquarters
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256 USA
Phone 317.570.5000 Fax 317.570.5500

Rio de Janeiro
Praia de Botafogo, 228 - Sala 1111
Rio de Janeiro, 22359-900 Brasil
Phone +55 (21) 2554.4960 Fax +55 (21) 2554.7250

www.CMGWorldwide.com



**CMG WORLDWIDE**
*Representing the World's Greatest Legends*

**VIA FACSIMILE & EMAIL**

July 22, 2005

ALLEN & OVERY LLC
Attn: Mr. Martin Illmer
Postbox 100 123
60001 Frankfurt am Main
Germany
Facsimile: 49 69 2648 5800
Email: martin.illmer@allenovery.com

**Re: SCA Hygiene Products GmbH's use of Marilyn Monroe**

Dear Mr. Illmer:

Again, I want to thank you for your prompt communications. Please find the trademark information you requested attached to this letter.

In regards to the domicile issue, please recognize that no one is more familiar with the estate of Marilyn Monroe than our client and CMG, itself. The argument you are making is one that we have defended many times. In Marilyn Monroe, LLC et al. v. S & P Parker's Movie Market, et. Al, Case No. SACV 03-1555 CJC (MLGx), Honorable Judge Carney of the United States District Court, Central District of California, denied Defendant's motion for summary judgment on the issue of Marilyn Monroe's domicile. This denial was based on the fact that there was sufficient evidence that Marilyn Monroe was *not* domiciled in New York at the time of her death to surpass the threshold for summary judgment. Shortly thereafter, Defendant recognized the strength in our case for domicile and settled outside of court.

If your argument was correct, then we would never file a lawsuit, at least not with any confidence. In fact, this is quite the contrary. We file lawsuits whenever necessary with the full expectation of prevailing. As I had previously mentioned, we are currently in the midst of litigation with an unrelated third party who made the same claim you have made, and we have no doubt that we will prevail on this issue again.

Finally, does your client have licenses for the other notable personalities it has implicated, such as Clark Gable, Elvis Presley, Laurel & Hardy, and several Star Wars characters, or is it just selectively choosing to use Marilyn Monroe without a proper license?

In the spirit of good faith and cooperation, we are still willing to honor our initial offer of $12,500 USD, in spite of the fact that you have still failed to provide us with an accounting. We trust that you will reciprocate our good faith.

**Los Angeles**
8560 Sunset Blvd. 6th Floor Penthouse
West Hollywood, California 90069 USA
Phone 310.651.3000  Fax: 317.570.5500

**Corporate Headquarters**
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256 USA
Phone: 317.570.5000  Fax: 317.570.5500

**Rio de Janeiro**
Praia de Botafogo, 228 - Sala 1111
Rio de Janeiro, 22250-900 Brasil
Phone +55 (21) 2554 8960  Fax +55 (21) 2554 7350

www.CMGWorldwide.com



**CMG WORLDWIDE**
*Representing the World's Greatest Legends*

Page 2 of 2
July 22, 2005

Nothing contained herein or omitted herefrom constitutes a waiver of any of the rights or remedies at law or in equity of Marilyn Monroe, LLC and CMG Worldwide, Inc., all of which are hereby expressly reserved.

Respectfully,

*Tricia Shepherdson*

Tricia Shepherdson
Business & Legal Affairs

cc: Mark Roesler, Esq., Chairman & CEO
Jonathan Faber, Esq., President
Lawrence V. Molnar, Esq., Legal Counsel
Marilyn Monroe, LLC

Los Angeles
8560 Sunset Blvd. N.E. Floor Penthouse
West Hollywood, California 90069 USA
Phone 310.651.3000  Fax. 317.570.5500

Corporate Headquarters
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256 USA
Phone 317.570.5000 Fax.317.570.5500
www.CMGWorldwide.com

Rio de Janeiro
Praia de Botafogo, 228 - Sala 1111
Rio de Janeiro, 22250-900 Brasil
Phone +55 (21) 2554.8952 Fax.+55 (21) 2554.7350