# EXHIBIT C

2781/1962

Estate of Marilyn Monroe

In the within proceeding, the administratrix c.t.a. of Marilyn Monroe's estate requests a construction of the decedent's will and the will of another decedent, Dr. Marianne Kris, so as to determine the proper parties entitled to estate assets. Among a number of contentions, the petitioner avers that the terms of Monroe's will providing "conditional" bequests to Kris are unclear; that the interests Kris may have had in Monroe's estate lapsed upon Kris' death in 1980; and that Kris could not effectively appoint property from Monroe's estate as she attempted in her own last will. Parenthetically, if the petitioner succeeds in any of these arguments, the estate assets still undistributed and all future estate assets, such as royalty payments, would then pass to the estate of the petitioner's deceased husband, Lee Strasberg, under the residuary clause of Monroe's will. The petitioner has additionally stated, however, that in such eventuality, she shall arrange for any amounts awarded to the Strasberg estate to be donated to charities. The background facts and allegations in the case are as follow.

Monroe's last will and testament, executed on January 14, 1961, is a document that in its entirety is only three pages long. Among the will's brief provisions, Monroe made two directions concerning Dr. Marianne Kris. Specifically, in Article Fifth(d), Monroe stated that upon the termination of a certain trust, the trust's principal and accumulated income were to be paid to Kris "to be used by her for the furtherance of the work of such

psychiatric institution or groups as she could. However, in Article Sixth, Monroe added that a portion of her residuary estate should pass:

> "to DR. MARIANNE KRIS . . . to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament."

During the 18 year period after Monroe's death in 1962, until Kris' own death in 1980, Kris allegedly never received any distributions from Monroe's estate. In Article Sixth of her own will, however, Kris directed as follows:

> "I give and bequeath all property which I have received or which I am entitled to receive under the Will of Marilyn Monroe, which I have not otherwise disposed of during my life, to THE HAMPSTEAD CHILD-THERAPY CLINIC, London, England. If this Clinic is not in operation at the time of my death, I give and bequeath the same to YALE UNIVERSITY for the furtherance of the psychiatric work of its Child Study Center . . . ."

Presently, the petitioner asserts that the terms of Monroe's will concerning Kris are ambiguous inasmuch as they fail to give Kris an explicit power to appoint property or otherwise create a trust for Kris to execute. Petitioner further views Monroe's directions for Kris to "use" funds as a direction that Kris had to personally monitor or supervise the use of the funds by any entity elected to benefit therefrom. Accordingly, the petitioner believes that the "conditional" bequests to Kris were limited in their duration to the lifetime of Kris and that they lapsed upon her death.

In the process of construing a will, the proper role of a court is to ascertain and give effect to a decedent's intentions. (Matter of Kosek, 31 NY2d 475; Matter of Fabbri, 2 NY2d 236).

- 2 -

they are to be accorded their natural and ordinary meaning (Matter of Gautier, 3 NY2d 502). Where the decedent's wishes are clearly expressed, there is no authority for a court or other person to change them (Matter of Bisconti, 306 NY 442). Furthermore, "courts will strive, wherever possible, to give effect to every part of a will" (Matter of Goldstein, 46 AD2d 449, 452 affd 38 NY2d 876).

In the case at hand, Monroe's will employs ordinary words and phrases to clearly and completely dispose of her estate. There are no express provisions directing that Kris had to supervise or monitor the activities of any entity elected to receive estate funds. There are no substantial hints or indications to justify creating such limitations by implication. Therefore, there is no basis to add any clauses or restrictions to Kris' gifts as the petitioner would have this Court do. Indeed, evidence that Kris was given more than a lifetime interest can be seen by comparing the provisions for Kris to the entire text of Article Fifth of Monroe's will whereby Monroe created true lifetime interests in a trust for two parties. The provisions for Kris are completely different, and it is another rule of construction that: "When a testator in one part of his will demonstrates his ability to make a certain variety of gift by apt terms, the use of a different mode of expression in another direction raises the inference that he had a diverse disposition in mind" (Matter of Parant, 39 Misc 2d 285, 287).

In the view of this Court, Monroe effectively granted Kris the power to appoint portions of her estate to a psychiatric institution or group. Monroe's failure to use the term "power to

appoint" does not complicate the obvious. Indeed, it is well established that the creation of a power does not turn upon the use of any precise, semantic formulae or locutions. (See Matter of Weinstein, 111 Misc 2d 860; Matter of Jackson, 57 Misc 2d 896). On the other hand, to declare that Kris did not have a power would in effect wipe out significant portions of Monroe's will and destroy her apparent estate plan.

Inasmuch as the petitioner has argued that Kris was not given a "testamentary" power of appointment i.e., one that she could exercise by her own will, a reference to two statutes is appropriate. Estates Powers and Trusts Law 10-5.1 provides:

> "The scope of the donee's authority as to
> . . . the time and manner of the appointment
> is unlimited except as the donor manifests a
> contrary intention."

Furthermore, EPTL 10-6.2(a)(3) adds that:

> "Where the donor has made the power
> exercisable only by deed, it is also
> exercisable by a written will unless exercise
> by will is expressly excluded."

Once again, inasmuch as the terms of Monroe's will do not state an explicit limitation as to when Kris might "use" her power, this court will not create one. Under the statutes and for all the foregoing reasons, this Court holds that Kris did indeed have a testamentary power of appointment which, at least, at the time of her death she validly exercised.

Still remaining for discussion in this proceeding, is one additional matter which the petitioner has brought to light at this time. Apparently, the Hampstead Child-Therapy Clinic which Kris designated to receive the Monroe funds (its true name was in fact The Hampstead Child-Therapy Course and Clinic) no longer

exists under any form of that name. The petitioner suggests that the entity may have ceased all operations or may have been merged into or taken over by another, different entity called the Anna Freud Centre or the Anna Freud Centre for the Psychoanalytic Study and Treatment of Children. Under this circumstance, the petitioner seeks additional directions as to the proper recipient of funds originating in the Monroe estate.

In unanimous opposition to the petitioner's allegations, all respondents who have filed answers in this proceeding deny that Hampstead no longer exits. Those respondents are: the Anna Freud Centre; the executors of Kris' estate; the preliminary executrix of the Estate of Aaron R. Frosch, who until his death in 1989 had been the executor of the Monroe estate from its inception; the Attorney General of the State of New York; and Yale University, the alternate donee named in Kris' will if Hampstead could not qualify to receive the Monroe estate funds as Kris intended. Through a variety of submissions, Hampstead's history has been traced from its root origins in 1947 to its formal creation in 1951, and the change of its name in 1985. That new name is the Anna Freud Centre for the Psychoanalytic Study and Treatment of Children and the change was accomplished by a "Scheme" approved by a regulatory authority in Great Britain. The change was made to honor Hampstead's founder, Dr. Anna Freud, and otherwise, the entity continues to function as it always had. Any uncertainty that the petitioner may have entertained in this regard is somewhat understandable in light of the fact that there are several organizations bearing Anna Freud's name and certain papers submitted by the respondents to explain this fact might have been

more carefully drafted. All doubts, however, have been resolved more than adequately so that it is fully apparent that the proper recipient of funds under the wills of Monroe and Kris is the Anna Freud Centre for the Psychoanalytic Study and Treatment of Children. No further proceedings to establish that fact would be appropriate.

As a final word, the petitioners' supplemental petition, exhibits annexed thereto and supplemental memorandum of law have been reviewed and are deemed to be lacking in substantive merit. On the other hand this Court did find Exhibit O, an excerpt from a book by Shelley Winters, mildly amusing although in no way a convincing legal argument.

Submit decree on notice.

New York, held at 31 Chambers Street, in said County on the 3rd day of (...) 1990

PRESENT:

    Hon. Marie M. Lambert

                  Surrogate.

------------------------------x

Proceeding for Construction of the Last Will of  :  File No. 2781/62

    MARILYN MONROE,  :  DECREE CONSTRUING WILLS

         Deceased.

------------------------------x

        Anna Strasberg, Administratrix c.t.a. of the Estate of Marilyn Monroe (the "Monroe Estate"), having heretofore filed with this Court a verified petition, together with an affirmation of Irving P. Seidman, both dated July 28, 1989, for a construction of Articles FIFTH and SIXTH of the Last Will and Testament of Marilyn Monroe dated January 14, 1961 (hereinafter the "Monroe Will"), and Article SIXTH of the Last Will and Testament of Dr. Marianne Kris dated June 8, 1976 (hereinafter the "Kris Will"), in which application was made for (1) a determination that the legacies to Dr. Marianne Kris under Articles FIFTH and SIXTH of the Monroe Will were conditional bequests which did not survive Dr. Kris's death or (2) a determination that even if the legacies survived Dr. Kris's death, Dr. Kris failed effectively to exercise her

power of appointment because the bequest of her interest in the Monroe Estate to The Hampstead Child Therapy Clinic ("Hampstead") under Article SIXTH of the Kris Will lapsed;

And a citation having been issued by this Court on July 28, 1989, directed to The Anna Freud Centre, the Estate of Aaron R. Frosch, the Estate of Dr. Marianne Kris, Yale University and the Attorney General of the State of New York, citing them to show cause before this Court on the 12th day of September, 1989 at 10:00 a.m. of that day, why the relief requested in the petition should not be granted;

And the citation having been returned with proof of due service thereof required by law, and this Court having obtained jurisdiction of all necessary and proper parties to this proceeding;

And the petitioner having appeared by her attorney, Irving P. Seidman on July 28, 1989;

And The Anna Freud Centre and Anton Kris, Co-Executor of the Estate of Marianne Kris, having appeared by their attorneys, Paul, Weiss, Rifkind, Wharton & Garrison, on September 11, 1989;

And an affidavit of Hugh R.B. Hamilton, Anna Freud's Solicitor and Executor, dated September 11, 1989 opposing the construction requested in the petition and stating that The Hampstead Child Therapy Clinic changed its name to The Anna Freud Centre on March 4, 1985, and that The

Anna Freud Centre and Freud Museum are two separate bodies having been served and filed;

And an oral application by the petitioner for a decree directing The Anna Freud Centre to post a refunding bond having been made at a conference held before this Court on September 12, 1989;

And Anna Kris Wolff, Co-Executor of the Estate of Marianne Kris, having appeared by her attorneys, Paul, Weiss, Rifkind, Wharton & Garrison, on September 28, 1989;

And an affidavit of Anton O. Kris dated October 19, 1989 opposing the construction requested in the petition having been served and filed;

And an affidavit of Albert J. Solnit dated October 26, 1989 opposing the construction requested in the petition having been served and filed;

And Paul, Weiss, Rifkind, Wharton & Garrison, on behalf of the respondents The Anna Freud Centre and the Estate of Marianne Kris, having filed objections to the proposed decree for a refunding bond on October 27, 1989;

And this Court having entered an order on October 31, 1989 denying the petitioner's application for a refunding bond in all respects;

And Yale University having filed its verified answer dated November 14, 1989;

And Marjorie M. Frosch, as Preliminary Executor of the Estate of Aaron R. Frosch, having filed her verified answer dated November 16, 1989;

And an affidavit of Ronald J. Stein, a member of the firm of Stroock, Stroock & Lavan, dated November 16, 1989, on behalf of Marjorie M. Frosch, as Preliminary Executor of the Estate of Aaron R. Frosch, opposing the construction requested in the petition, having been served and filed;

And an affidavit of Charles M. Mandelstam, the attorney for Marianne Kris and the draftsman of her Will, dated November 17, 1989 opposing the construction requested in the petition having been served and filed;

And an answer by Paul, Weiss, Rifkind, Wharton & Garrison, on behalf of The Anna Freud Centre and the Estate of Marianne Kris, having been served and filed on November 20, 1989;

And a memorandum of law of Paul, Weiss, Rifkind, Wharton & Garrison, dated November 20, 1989, on behalf of respondents The Anna Freud Centre and the Estate of Marianne Kris, opposing the construction requested in the petition and moving the Court for an order declaring The Anna Freud Centre to be the absolute legatee of Dr. Kris's interest in the Estate of Marilyn Monroe, having been served and filed;

And the Attorney General of the State of New York having appeared by Laura Werner, Esq. by answer dated November 27, 1989, requesting this Court to dismiss the petition;

And a memorandum of law of Irving Seidman, P.C., dated November 27, 1989, on behalf of petitioner, in support of the petition for construction having been served and filed;

And an affidavit of George D. Moran, Director of The Anna Freud Centre, dated December 8, 1989, stating that The Hampstead Child Therapy Clinic and The Anna Freud Centre are the same organization having been served and filed;

And a reply memorandum of law of Paul, Weiss, Rifkind, Wharton & Garrison, dated December 13, 1989, on behalf of respondents The Anna Freud Centre and the Estate of Marianne Kris, having been served and filed;

And a reply memorandum of law of Irving Seidman, P.C., dated December 13, 1989, on behalf of the petitioner, in further support of the petition for construction having been served and filed;

And the matter having come before this Court at a conference held on February 6, 1990 at which the petitioner appeared in person and by her counsel, Irving P. Seidman, P.C., and respondents The Anna Freud Centre and the Estate of Marianne Kris appeared by Paul, Weiss, Rifkind, Wharton & Garrison;

And a supplemental verified petition for construction of the Monroe and Kris Wills, together with a supplemental memorandum of law, both dated February 16, 1990, on behalf of petitioner, moving this Court for an order requiring (1) that all monies payable to The Anna Freud Centre be paid to The Anna Freud Foundation as a fiscal intermediary for transmission to The Anna Freud Centre, (2) that The Anna Freud Foundation file with the appropriate federal and state governmental agencies certain annual financial and tax reports which account for the receipt of and disbursement by The Anna Freud Foundation as fiscal intermediary to The Anna Freud Centre of all monies received from the Monroe Estate, (3) that The Anna Freud Centre subject itself to the jurisdiction of the Surrogate's Court, New York County and agree to file with the England Charity Commission annual reports which report the receipt and disbursement of all Monroe Estate monies received by it from The Anna Freud Foundation, (4) that The Anna Freud Centre account to the administratrix, c.t.a. for all monies received from 1982 to date, and (5) that The Anna Freud Centre bear its 25% share of administration costs, having been served and filed;

And this Court having reviewed the record before it and having rendered a decision published in the New York Law Journal on March 12, 1990, hereby makes the following findings:

1. The Monroe Will effectively granted Dr. Kris

the power to appoint the remainder of the preresiduary trust under Article FIFTH and 25% of the residuary estate under Article SIXTH of the Will of Marilyn Monroe (the "charitable share") to psychiatric institutions or groups, as Dr. Kris selected.

2. Dr. Kris's power of appointment was exercisable by Will.

3. Dr. Kris exercised her power and, by her Will, validly appointed the charitable share to Hampstead (referred to in the Kris Will as The Hampstead Child-Therapy Clinic).

4. Hampstead is the same institution as The Anna Freud Centre for Psychoanalytic Study and Treatment of Children, also known as The Anna Freud Centre, having merely changed its name to honor its founder, Dr. Anna Freud.

5. The Anna Freud Centre for the Psychoanalytic Study and Treatment of Children is the legatee of, and properly entitled to, (i) the remainder of the preresiduary trust under Article FIFTH of the Monroe Will, and (ii) 25% of the entire residuary estate under Article SIXTH of the Monroe Will.

Accordingly, IT IS HEREBY,

ORDERED, ADJUDGED AND DECREED that:

1. The Anna Freud Centre for the Psychoanalytic Study and Treatment of Children is the legatee of, and properly entitled to, (i) the remainder of the preresiduary trust

under Article FIFTH of the Monroe Will, and (ii) 25% of the entire residuary estate under Article SIXTH of the Monroe Will;

    2. Payments on account of the legacy to the Anna Freud Centre shall be unencumbered by any conditions set forth in petitioner's supplemental petition, with accompanying supplemental memorandum of law, both dated February 16, 1990;

    3. This Court shall entertain applications for allowances of counsel fees and disbursements incurred in connection with this construction proceeding.

*[signature]*
Surrogate