# EXHIBIT D

BEFORE THE STATE BOARD OF EQUALIZATION

OF THE STATE OF CALIFORNIA

In the Matter of the Appeal of )
)
EARL F. AND HELEN W. BRUCKER )

For Appellants: C. Rupert Linley, Attorney at Law

For Respondent: Burl D. Lack, Chief Counsel;
Crawford H. Thomas, Associate Tax
Counsel

O P I N I O N

This appeal is made pursuant to Section 18594 of the Revenue and Taxation Code from the action of the Franchise Tax Board on the protests of Earl F. and Helen W. Brucker against proposed assessments of additional personal income tax in the amounts of $47.00, $64.00, $84.00, $57.00, $57.00, $51.00, $51.00 $51.00, $64.61 and $67.96 for the years 1940 through 1949, respectively,

The issue presented is whether Appellants were residents of this State during the years 1940 through 1949.

Appellant Earl F. Brucker came to California in the year 1905 when he was five years of age, After completing his schooling here he became a professional baseball player. He signed to play with Seattle in 1924 but was injured early in the season and returned to California, In 1925 and 1926 he played ball with a club having headquarters at Lincoln, Nebraska, He played for the Montana Power Co, in the year 1927. In 1928 he played with a club at Ventura, California, for the Shell Oil Company and played for the same club in 1929-1930 when the club was located in Long Beach, California., During the seasons 1931-1935, inclusive, he played with a club at St. Joseph, Missouri, He was then sold to a club whose home was at Portland, Oregon, and played the 1936 season with that club, Prior to the 1937 season he was sold to the Philadelphia Athletics, In 1940 he retired as an active player and was employed on the executive staff of the Philadelphia Athletics Baseball Club during spring practice sessions and the annual playing seasons in the capacity of coach, Between seasons he was given scouting assignments, He continued in the same capacity for the Athletics through 1949, He was transferred to the St. Louis Browns in 1950 where he served as pitcher's coach but had no scouting duties, He was with the St. Louis Browns through the years 1951 and 1952, In the years 1953 and 1954 he managed a club at Ogden, Utah.

Anneal of Earl F. and Helen W. Brucker

The baseball season approximates the period from April 15 through September 30. A substantial portion of each season is spent "on the road" away from the club headquarters. The season proper is preceded by a spring training period of six weeks, usually at a location other than the club headquarters. Mr. Brucker started his coaching duties about February 1 of each of the years in question, coaching pitchers at training camp two weeks before the other players arrived. During the "off seasons" he did some scouting in the "semi-pro" winter leagues in California, Arizona, Florida and Mexico. His wife and family accompanied him or closely followed him in moves to and from California. Appellants rented whatever suitable accommodations happened to be available in Philadelphia during the regular baseball season. Except for time spent in baseball activities or traveling outside of this State, they remained in California. They were present here approximately four months in each of the years involved,,

Mr. Brucker's mother lived in San Diego, California, and Mrs. Brucker's mother lived in Long Beach, California. In 1932 Mrs. Brucker's mother, in an effort to encourage Appellants to spend more time near her, made the down payment on a beach house for them at Mission Beach near San Diego, California. Appellants made the monthly payments. This property was almost always rented during the summer season when the Appellants were without the State and was occasionally rented at other times. Prior to the year 1940 Appellants acquired a lot in San Diego. In 1941 Appellants built a residence on the San Diego lot and sold the Mission Beach property. The new residence was rented to others for eight or nine months of each year and was occupied by the Appellants and their children during the "off-seasons" when vacant or immediately upon its becoming available. Until it was available, they would rent accommodations or else stay with Mrs. Brucker's mother in Long Beach. Mr. Brucker retired from baseball in 1955 and thereafter the family occupied the San Diego dwelling on a permanent basis.

Appellant Earl Brucker was listed in the San Diego City Directory for the years 1931, 1935, 1938, 1940, 1944, 1945, 1950, 1952, 1953 and 1954. The children attended schools here and were transferred from their California schools when the family moved each season to the headquarters of the baseball club. Federal income tax returns were filed in California and showed a California address. During the years in question, 1940 through 1949, Appellant paid an income tax on his salary from the Philadelphia Athletics Baseball Club to the City of Philadelphia. Appellants usually maintained a bank account at the location where they happened to be.

Appeal of Earl F. and Helen W. Brucker

Personal Income Tax Act provideo

> Every natural person who is in the State of
> California for other than a temporary or transi-
> tory purpose is a resident and every natural
> person domiciled within this State is a resident
> unless he is a resident within the meaning of
> that term as herein defined of some other State,
> Territory or country ...

For the years 1945 through 1949 Section 17013 of the Revenue and Taxation Code provided:

> "Resident" includes:
>
> (a) Every individual who is in this State for
> other than a **temporary** or transitory purpose.
>
> (b) Every individual domiciled within this
> State who is in some other State, Territory or
> country for a temporary or transitory purpose.
>
> Any individual who is a resident of this State
> continues to be a resident even though tempo-
> rarily absent from the State.

Regulation 17013-17015(c), Title 18, California Administrative Code, sets forth the meaning of domicile:

> **Domicil** has been defined as the place where an
> individual has his true, fixed, permanent home
> and principal establishment, and to which place
> he has, whenever he is absent, the intention of
> returning. It is the **place** in which a man has
> voluntarily fixed the habitation of himself and
> family, not for a mere special or limited **purpose**,
> but with the present intention of making a permanent
> home, until some unexpected event shall occur to
> induce him to adopt some other permanent home.
> Another definition of **"domicil"** consistent with the
> above is the place where an individual has fixed
> his habitation and has a permanent residence without
> any present intention of permanently removing
> therefrom.
>
> An individual can at any one time have but one
> domicil. If an individual has acquired a domicil
> at one place, he retains that domicil until he
> acquires another elsewhere ...

Appeal of Earl F. and Helen W. Brucker

It is undisputed that prior to 1957 Appellant Earl F. Brucker was domiciled in California. He came to this State when he was five years old and remained here for nineteen years. Thereafter, he was absent from the State during the baseball season and for brief periods during the "off-season" months. He returned here with his wife and family after each baseball season. He owned a home here. There is a **complete** absence of evidence indicating an intention to permanently move from California.

In order to lose a California domicile, it is necessary for an individual to (1) leave the State without any intention of returning and (2) locate elsewhere with the intention of remaining there indefinitely, (Estate of Peters, 124 **Cal. App.** 75; Chapman v. Superior Court, 162 Cal. App. 2d 421,) Appellants concede **that the domicile** or residence of Mrs. Brucker was the same as it at of her husband. We conclude that Mr. Brucker never lost his California domicile and that Appellants were domiciled in California during the years in question.

If an individual is domiciled within this State, he is a resident unless during the taxable year he is in some other state, territory or country for other than a temporary or transitory purpose. Regulation **17013-17015(b)**, Title 18, California Administrative Code, discusses the meaning of temporary or transitory purpose, and provides:

> Whether or not the purpose for which an individual is in this State will be considered temporary or transitory in character will depend to a large extent upon the facts and circumstances of each particular case. It can be stated generally, however, that if an individual is simply passing through this State on his way to another state or country, or is here for a brief rest or vacation, or to complete a particular transaction, or perform a particular contract, or fulfill a particular engagement, which will require his presence in this State for but a short period, he is in this State for temporary or transitory **purposes,** and will not be a resident by virtue of his presence here.
>
> If, however, an individual is in this State to improve his health and his illness is of such a character as to require a relatively long or indefinite period to recuperate, or he is here for business purposes which will require a long or indefinite period to accomplish, or is employed in a position that may last permanently or indefinitely, or has retired from business and

moved permanently to [a] definite [place], or leaving shortly thereafter, he is in the State for other than tempor-ary or transitory purposes, and, accordingly, is a resident taxable upon his entire net income even though he may retain his domicile in some other state or country.

* * *

The underlying theory of Sections 17013-17015 is that the State with which a person has the closest connection during the taxable year is the state of his residence ...

Appellant Earl Brucker was absent from California to fulfill his contractual obligations calling for seasonable engagements as a baseball pitching coach and miscellaneous scouting assignments. Appellants owned a home in California while they rented whatever accommodations were available each season in Philadelphia. It is apparent that Appellants were fulfilling particular engagements and that their absences from California were for temporary and transitory purposes.

The circumstance that an income tax was paid to Philadelphia on Mr. Brucker's salary would not in itself establish that Appellants were residents of that city even if the tax were paid on the theory that they were residents there. There is no clear indication, however, that the tax was in fact paid on that theory, rather than for the reason that the income was earned in Philadelphia,

We conclude that during the years 1940 through 1949 Appellants were residents of California,

ORDER

Pursuant to the views expressed in the Opinion of the Board on file in this proceeding, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, pursuant to Section 18595 of the Revenue and Taxation Code, that the action of the Franchise Tax Board on the protests of Earl F. and Helen W. Brucker to proposed assessments of additional personal income tax

Appeal of Earl F. and Helen W. Brucker

in the amounts of $47.00, $64.00, $84.00, $57.00, $57.00, $51.00, $51.00, $51.00, $64.61 and $67.96 for the years 1940 through 1949, respectively, be and the same is hereby sustained.

Done at Sacramento, California, this 18th day of July, 1961, by the State Board of Equalization,

John W. Lynch_____, Chairman

Geo. R. Reilly_____, Member

Richard Nevins_____, Member

_____ Member

_____, Member

ATTEST: Dixwell L. Pierce, Secretary