EXHIBIT M



**LEGISLATIVE INTENT SERVICE**
712 Main Street, Woodland, CA 95695
(800) 666-1917 • Fax (530) 668-5866 • www.legintent.com

## LEGISLATIVE HISTORY REPORT AND ANALYSIS

Re: **Senate Bill 613 (Campbell – 1984)**
Chapter 1704, Statutes of 1984

Our File No.: 0620329

The legislative history of the bill referenced above is documented by materials itemized in one declaration.

*To comprehend quickly the presentation and order of the documents and obtain important information on our research policies and procedures and request for judicial notice,*
*please visit our web site at www.legintent.com and click on the links*
*"Points and Authorities" and "Research Aids and Policies."*

### SENATE BILL 613 (CAMPBELL – 1984)
### CHAPTER 1704, STATUTES OF 1984

Senate Bill 613 was introduced by Senator William Campbell on February 28, 1983. (See Exhibit #1a) The bill was supported by the Screen Actors Guild and the heirs of certain celebrities. (See Exhibit #6) This bill only amended Civil Code section 3344 and added former Civil Code section 990, presently Civil Code section 3344.1. (See Exhibit #1j)

In the Senate, the bill was considered by the Senate Judiciary Committee. (See Exhibit #3) While before the Assembly, Senate Bill 613 was heard in the Committee on Judiciary and the Committee on Ways and Means. (See Exhibits #8 and #10) This bill was amended eight times as it was considered by both Houses. (See Exhibits #1b through #1i and #2) After passage in the Legislature, the measure was approved by Governor George Deukmejian on September 30, 1984 and chaptered on that date by the Secretary of State as Chapter 1704 of the Statutes of 1984. (See Exhibits #1j and #2)

The Legislative Counsel's Rule 26.5 analysis of Senate Bill 613 as last amended on August 9, 1984, provided the following description of the bill, states:

> SB 613, as it passed the Senate, extended a provision of existing law, which provides for damages for the unauthorized use of another's name, photograph, or likeness for advertising or solicitation of purchases, to also cover the use of another's voice, signature, or image, and to the use for selling products, merchandise, or goods, or for providing services, or for any other commercial purpose for which consent is required, and also extended that provision to cover decedents for 100 years after that persons death, and made other changes.
>
> The Assembly amendments, instead, extend existing law to cover the use of another's name or signature, and to a use in any products, merchandise, or goods and to a use for the purchase of selling products, merchandise, goods, or services. They enact a similar provision applicable to deceased personalities for 50 years after their death, and require a person claiming that right to register a claim with the Secretary of State.
> (See Exhibit #14)

Looking at the purpose of this legislation, the Third Reading analysis of the bill that was prepared by the Assembly Office of Research commented as follows:

> The purpose of this bill is to address circumstances in which (a) commercial gain is had through the exploitation of the name, voice, signature, photograph or likeness of a celebrity or public figure in the marketing of goods or services or (b) a celebrity or public figure is subjected to abuse or ridicule in the form of a marketed product. Such goods or services typically involve the use of a <u>deceased</u> celebrity's name or likeness, e.g., on posters, T-shirts, porcelain plates and other collectibles, toys, gadgets, and other merchandise, and in look-alike services.
> (See Exhibit #11, page 3)

A letter to the Governor from the author requesting his signature on the bill provides the following information on the need for the bill:

> Senate Bill 613 is an attempt to correct a serious wrong which has been occurring in California -- the commercial exploitation of celebrities after their death. Current law recognizes the right

of living celebrities to protect against the unauthorized use of their image or name without permission. However, the law regarding deceased celebrities is unclear. Senate Bill 613 will take existing rights now enjoyed by living celebrities under current law, and extend those rights to their heirs for a period of 50 years beyond the death of the celebrity.

I think it is very important that this right is given to heirs. Obviously, there is commercial value and compensation due to the estate of a celebrity from the exploitation of a name and image that the celebrity made famous. Additionally, however, there is the question of propriety and good taste. I believe that heirs of a celebrity should be entitled to protect against offensive merchandising of their relatives' likeness or name. You should know that all opposition to SB 613 has been removed, and that the American Civil Liberties Union has confirmed that there are no infringements in SB 613 upon the First Amendment guarantee of free speech.
(See Exhibit #16, documents PE-1 and PE-2)

Further background information was contained in the Assembly Amendments analysis of the Senate Republican Caucus as follows:

> The use of a person's name or photograph without consent for commercial purposes is well recognized as a basis for liability.
>
> In 1971 the Legislature codified the right of a person to recover damages for that use. The purpose of the bill, AB 826 (Vasconcellos), was to crack down on sales schemes in which a manufacturer or retailer randomly selected a person's name and used it to promote a particular product. For this reason the status was limited to advertising and soliciting purchases, and is silent as to whether the right to collect damages survives the person's death.
>
> In 1979 the latter question was answered by the California Supreme Court in the case of <u>Bela George Lugosi</u> v. <u>Universal Pictures</u>, 25 Cal 3d 813. The Court held that under existing law "the right to exploit name and likeness is personal to the artist and must be exercised, if at all, by him during his lifetime."
> (See Exhibit #13, page 2)

An analysis of Senate Bill 613 on the subject of the "Right of Publicity" that appears to have been prepared by Senator Campbell or his staff was found in the legislative bill file. (See Exhibit #15a, documents A-17, et seq.) This analysis summarizes the new law in other states, notes the showing required for descendibility, and highlights of Senate Bill 613. (Id.) Senator Campbell seems to have used portions of this analysis to respond to opposition or concerns raised by principals at CBS, the California Broadcasters Association, NBC, the ACLU, the Writers Guild of America, and the Motion Picture Association of America. (See Exhibit #15a, documents A-1, A-4, A-6, A-9, A-11, and A-14, respectively)

As mentioned above, Senate Bill 613 was amended eight times during the legislative process before being enacted into law. (See Exhibits #1b through #1i and #2) The file materials contain the letters from parties supporting the bill as well as those from parties opposing the proposed changes. (See for example, Exhibits #9, #12, and #15) These materials document the consideration given the proposal while in the Legislature and provide insight into amendments taken to the initial proposal. They provide an insight into the negotiations that resulted in the final version of Senate Bill 613.

### Civil Code Section 3344.1
### As Derived from Former Civil Code Section 990:

While the language of former section 990 was proposed to be added to the Civil Code on May 14, 1984 in the fifth amended version of the bill, your review of the first four amended versions of the bill will reveal the development of this language as the Legislature attempted to carve out the proposals under various different sections. (See and compare Exhibits #1a through #1d)

On June 12, 1984, in the sixth amended version of the bill, the Assembly proposed amendments for new subdivisions (a), (d)(4), (g), (h), (j), (k), and (l), as well as adding a new subdivision (n) to the section. (See Exhibit #1g) The Assembly amendments of July 3, 1984 in the next amended version of the bill deleted and replaced subdivisions (f) and (n) language with an expanded rewrite of both subdivisions. (See Exhibit #1h)

On August 9, 1984, there were further changes proposed for subdivision (f)(2) of former section 990, with a new subdivision (f)(3) added. (See Exhibit #1i) Thereafter, the former section language was enacted into law. (See Exhibit #1j)

The language you are investigating may be affected by bills, pending or enacted, in the current legislative session. *We do not ordinarily review for current session bills, but will do so upon request.*

Any analysis provided in this report is based upon the nature and extent of your request to us, as well as a brief review of the enclosed documents. As such, it may be considered tentative in nature. A more conclusive statement of the status of the legal issues raised could would be dependent upon a more complete understanding of all of the factual issues involved and the applicable legal principles.

We appreciate the opportunity to provide this assistance and hope that these efforts will be of value to you.

Prepared by: FILOMENA M. YEROSHEK, Attorney at Law/sd/eg; File no.: 0620329
W:\WDOCS\WORKPROD\03340\06852\00067817.DOC



LEGISLATIVE
INTENT SERVICE
712 Main Street, Woodland, CA 95695
(800) 666-1917 • Fax (530) 668-5866 • www.legintent.com

# DECLARATION OF FILOMENA M. YEROSHEK

I, Filomena M. Yeroshek, declare:

I am an attorney licensed to practice before the courts of the State of California, State Bar No. 125625, and am employed by Legislative Intent Service, a company specializing in researching the history and intent of legislation.

Under my direction and the direction of other attorneys on staff, the research staff of Legislative Intent Service undertook to locate and obtain all documents relevant to the enactment of Senate Bill 613 of 1984. Senate Bill 613 was approved by the Legislature and was enacted as Chapter 1704 of the Statutes of 1984.

The following list identifies all documents obtained by the staff of Legislative Intent Service on Senate Bill 613 of 1984. All listed documents have been forwarded with this Declaration except as otherwise noted in this Declaration. All documents gathered by Legislative Intent Service and all copies forwarded with this Declaration are true and correct copies of the originals located by Legislative Intent Service. In compiling this collection, the staff of Legislative Intent Service operated under directions to locate and obtain all available material on the bill.

## SENATE BILL 613 OF 1984:

1. All versions of Senate Bill 613 (Campbell-1984);
2. Procedural history of Senate Bill 613 from the 1983-84 Senate Final History;
3. Analysis of Senate Bill 613 prepared for the Senate Committee on Judiciary;
4. Material from the legislative bill file of the Senate Committee on Judiciary on Senate Bill 613;
5. Analysis of Senate Bill 613 prepared by the Legislative Analyst;
6. Two Consent analyses of Senate Bill 613 prepared by the Senate Democratic Caucus;
7. Material from the legislative bill file of the Senate Democratic Caucus on Senate Bill 613;
8. Two analyses of Senate Bill 613 prepared for the Assembly Committee on Judiciary;

Page 1 of 2

9. Material from the legislative bill file of the Assembly Committee on Judiciary on Senate Bill 613;
10. Analysis of Senate Bill 613 prepared for the Assembly Floor on Senate Bill 613;
11. Third Reading analysis of Senate Bill 613 prepared by the Assembly Office of Research;
12. Material from the legislative bill file of the Assembly Republican Caucus on Senate Bill 613;
13. Analysis of the Assembly amendments made to Senate Bill 613 prepared by the Senate Republican Caucus;
14. Legislative Counsel's Rule 26.5 analysis of Senate Bill 613;
15. Material from the legislative bill file of Senator William Campbell on Senate Bill 613 as follows:
    a. material obtained from the Capitol Offices;
    b. material obtained from the California State Archives;
16. Post-enrollment documents regarding Senate Bill 613.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 1st day of November, 2006 at Woodland, California.

*Filomena M. Yeroshek*
FILOMENA M. YEROSHEK

W:\WDOCS\SNATBILL\sb\613\00011261.doc