UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

SHAW FAMILY ARCHIVES, LTD., EDITH :
MARCUS and META STEVENS,          :            05 CV 3939 (CM)
                                  :
       Plaintiffs,                :            Honorable Colleen McMahon
                                  :
       v.                         :
                                  :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware :
Limited Liability Company,        :
                                  :
       Defendants.                :
                                  :
------------------------------------ x

## STIPULATION AND PROTECTIVE ORDER

This Stipulation is made and entered into by and between Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. ("CMG"), and Marilyn Monroe, LLC ("MMLLC") (collectively "Defendants"), and Plaintiffs/Consolidated Defendants Shaw Family Archives ("SFA") Bradford Licensing Associates ("Bradford"), Edith Marcus and Meta Stevens (collectively "Plaintiffs"), by and through their respective counsel, with reference to the following:

WHEREAS, Plaintiffs and Defendants (the "Parties") believe that discovery in the above-entitled action may involve production or disclosure of documents or information that one or both parties contend contains confidential, private, proprietary or trade secret business information;

WHEREAS, the Parties hereto desire to keep the aforementioned confidential documents, information or other materials confidential, and, at the same time, allow for appropriate discovery under the Federal Rules to take place in this action;

NOW, THEREFORE, Plaintiffs and Defendants hereby stipulate, by and through their respective counsel of record, subject to the approval of the Court, to the following:

1. Any Party or non-party may designate as confidential any documents, materials, or information which the designating party considers in good faith to contain non-public, confidential or trade secret information and which is disclosed through formal or informal discovery in this litigation (hereinafter "Confidential Material"), including, but not limited to, any written response to interrogatories, requests for admission, requests for production of documents, subpoenas, deposition transcripts, and all information contained in those materials (collectively "Discovery Materials") and comprises the following:

　(a)　proprietary agreements, or portions thereof, including licensing agreements and information and documents related to the same;

　(b)　documents and information regarding revenues earned and expenses incurred by the parties;

　(c)　documents and information regarding royalty statements;

　(d)　documents or information that a party is required to maintain as confidential under an agreement with or obligation to another person;

　(e)　trade secrets.

The Parties reserve their rights to amend this Stipulation and to supplement the above list as additional categories of Confidential Materials arise through the course of discovery.

2. Documents produced or written responses served in this litigation in response to a request for production, or otherwise, relating to matters that the designating party deems to be Confidential Material shall be designated as such at the time of production or service of the response(s). Each document or page of a written response so designated shall be marked with

the word "CONFIDENTIAL" and shall be marked with a reference to the litigation and this Order.

3. Any Party may designate certain Discovery Materials as "Highly Confidential." Discovery Materials designated "Highly Confidential" (hereinafter, "Highly Confidential Material") may be disclosed only to the persons identified in Paragraphs 8(a), 8(b), 8(c), 8(d), 8(f), 8(g), and 8(h). Highly Confidential Materials shall not be disclosed to any other person referred to in Paragraph 8 of this Protective Order nor to any third parties. This designation shall be limited to such Discovery Materials that the designating party believes, in good faith, contain highly sensitive information, the disclosure of which is likely to cause harm to the competitive position of the designating party. All Highly Confidential Materials are included within the meaning of "Confidential" information as used in this Protective Order and, except with respect to the classes of individuals who may view Highly Confidential Materials, all the provisions set forth in the Protective Order that apply to Confidential Materials also apply to Highly Confidential Materials. Documents produced or written responses served in this litigation in response to a request for production, or otherwise, relating to matters which the designating party deems to be Highly Confidential Material shall be designated as such at the time of production or service of the response(s). Each document or page of a written response so designated shall be marked with the words "HIGHLY CONFIDENTIAL."

4. All written discovery responses marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be served on the Parties in a document separate and apart from non-confidential responses. The production of any document, evidence or testimony not marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of any claim of confidentiality which may attach to the document.

5. The receipt of any document, transcript, thing, or information designated "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" shall not be construed as an agreement by the receiving party that any such document, transcript, thing, or information is in fact Confidential or Highly Confidential Material, and shall not operate as a waiver of the receiving party's right to challenge any such designation as provided herein.

6. A Party may designate as Confidential or Highly Confidential Material, the whole or a portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential or Highly Confidential Material. The Party designating any portion of a deposition as Confidential or Highly Confidential Material may do so on the record at the deposition or shall serve a written statement on the Parties and court reporter specifying the portions of the deposition which are to be designated as Confidential or Highly Confidential Material within fourteen (14) days after receipt of the deposition transcript. The entire transcript shall be deemed Confidential or Highly Confidential Material prior to the expiration of the fourteen-day period. Any portion not so designated shall not be entitled to the protections given to Confidential or Highly Confidential Material under this Stipulation and Protective Order. If a document designated as Confidential or Highly Confidential Material is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed Confidential or Highly Confidential Material regardless of whether a Party makes any formal designation thereof.

7. A Party shall have the right to have the following persons excluded from a deposition before the taking of testimony designated as Confidential Material or the introduction of documents or exhibits designated as Confidential Material: all persons except the court reporter, counsel of record, the parties' experts, the deponent and the Parties (or their

representatives who are involved in the handling, prosecution or defense of this litigation). Additionally, a party shall have the right to exclude the Parties (or their representatives) before the taking of testimony designated as Highly Confidential or before introducing exhibits designated as Highly Confidential.

8.  Confidential Material may be disclosed, given, shown, made available, or communicated only to the following individuals and entities (and then only for purposes of mediation or the prosecution or defense of this litigation):

(a) the Court and court personnel;

(b) mediators, referees, or other neutral designees of the Court or the parties for the purpose of dispute resolution;

(c) court reporters who record depositions or other testimony in this action;

(d) outside counsel for the parties who are actively involved in the prosecution or defense of this litigation, as well as their paralegals, secretarial and clerical assistants, and employees of counsel who are actively working on this matter, including independent contractors providing copy services or litigation support for the parties;

(e) the Parties, their in-house counsel, employees and insurers who are actively involved in the prosecution or defense of this litigation;

(f) third party consultants and independent experts that are being used in connection with this litigation;

(g) any individual or entity expressly named in the particular Confidential Material as having authored or received the information contained in that Confidential Material; and

(h)    any other person or party upon the written agreement of the party or non-party that designated the Confidential Material (which agreement may be recorded in a deposition or other transcript), or pursuant to court order after regularly-noticed motion.

9.    All Discovery Materials designated as Confidential or Highly Confidential Materials shall be kept in secure facilities by the receiving party, and access to those facilities shall be permitted only to those persons set forth in Paragraph 8 (as modified by Paragraph 3) of this Stipulation and Protective Order. In the event of a disclosure of Confidential or Highly Confidential Materials to a person not authorized to have had such disclosure made to him or her under the provisions of this Stipulation and Protective Order, and in the event the party responsible for having made or allowed such disclosure becomes aware of such disclosure, that party shall immediately inform counsel for the party whose Confidential or Highly Confidential Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of Confidential or Highly Confidential Material is made by anyone.

10.    Before Confidential or Highly Confidential Material may be disclosed to third-party consultants and independent experts that are being used or will be used in connection with this litigation, such persons must execute a written Confidentiality Agreement, in the form set forth in Exhibit A attached hereto, acknowledging and agreeing not to discuss or otherwise disclose any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with or to any person except an Authorized Person or another person who has executed a Confidentiality Agreement. In the event that the person executes the written agreement, the counsel disclosing

the Confidential or Highly Confidential Materials shall maintain the executed written agreement and produce it to the opposing party only by order of the Court for good cause shown.

11.     Inadvertent Production. The production or disclosure of any Discovery Material made after the entry of this Protective Order, which disclosure a Producing Party claims was inadvertent and should not have been produced or disclosed because of a privilege, will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged Discovery Material not inadvertently been produced or disclosed.

12.     Nothing herein shall prevent any of the parties from using Confidential or Highly Confidential Material in any trial in this litigation or from seeking further protection with respect to the use of any Confidential or Highly Confidential Material in any trial in this litigation. The parties shall address with the Court in advance of trial appropriate measures to preserve the confidentiality of Confidential or Highly Confidential Material presented at any trial, and the measures implemented, if any, shall be determined by the Court.

13.     A Party shall not be obligated to challenge the designation of any documents or information as Confidential or Highly Confidential Material at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event of a dispute with respect to the designation of any discovery material as Confidential or Highly Confidential Material, counsel shall attempt to resolve the dispute on an informal basis before presenting the matter to the Court for resolution. If a resolution cannot be reached, the party challenging the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall send a written notice to the designating party identifying the challenged Confidential or Highly Confidential Material, stating the reasons that the Confidential or Highly Confidential Material is being challenged, and giving notice of at least five days, unless the circumstances require

presentation of the issue by *ex parte* application, that the party will move the Court to remove the designation of such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The party challenging the designation shall have the burden of bringing a motion to challenge a designation, but the party wishing to maintain the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall have the burden of proof as to why the designation is appropriate for such documents. Until such time as the challenge is resolved, such Confidential or Highly Confidential Material shall be maintained in accordance with this Stipulation and Protective Order. Further, any motion brought to challenge a designation may be heard on an expedited basis and no party will oppose a moving party's ex parte application to accelerate the hearing date on any such motion.

14. Nothing in this Stipulation and Protective Order shall be deemed in any way to restrict the use of documents or information that are lawfully obtained or publicly available to a party independently from discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

15. Nothing in this Stipulation and Protective Order shall be deemed to prohibit disclosures of any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to such persons as appear on the face of the document to be its author or a recipient.

16. This Stipulation and Protective Order may be modified at any time for good cause shown, and shall not preclude any application to the Court seeking greater or lesser protection for specific documents or seeking termination of the protection provided hereunder for specific material or information.

17. Nothing in this Stipulation and Protective Order shall limit or affect the right of a party to disclose or to authorize disclosure of Discovery Materials produced by that party.

18. All documents, transcripts, pleadings, motions, and other Discovery Materials filed or lodged with the Court comprising, containing, or reflecting Confidential or Highly Confidential Material shall be filed or lodged under seal and shall designate the particular aspects of such filings or lodging that contain Confidential or Highly Confidential Material. When filing with the Court Confidential or Highly Confidential Material, parties shall deliver such Confidential or Highly Confidential Material under seal to the Clerk of the Court. The face page of the pleading paper and envelopes used to seal Confidential or Highly Confidential Material shall carry the notation: "CONDITIONALLY UNDER SEAL: Confidential. This document is subject to a Confidentiality Agreement and Protective Order issued by the Court and may not be examined or copied except in compliance with that Order. Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al., Case No. CV 05-3939 (CM)." Material found by the Court to meet these requirements (as defined in this Stipulation and Protective Order) shall be maintained under seal and shall not be made available for public review.

19. No later than thirty (30) days from the unappealed or unappealable final resolution or settlement of this action, all Confidential or Highly Confidential Material, including copies, extracts, or summaries of such materials, within the possession of counsel for a Party shall be delivered to counsel for the Party who produced the Confidential or Highly Confidential Material; or in lieu thereof, shall certify in writing that all Confidential or Highly Confidential Material has been destroyed. Notwithstanding the above, counsel of record may retain a set of pleadings, exhibits, and their own attorney and consultant work product for archival purposes,

including portions of any such papers that contain or disclose Confidential or Highly Confidential Material.

20. Nothing in this Stipulation and Protective Order shall be deemed to limit, prejudice, or waive any right of the Parties: (a) to resist discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under federal or California law, Material as to which a Party claims a legal obligation not to disclose, or Material not required to be provided pursuant to federal or California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

21. This Stipulation and Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Stipulation and Protective Order.

By executing a copy of this Stipulation and Protective Order, each of the attorneys named below and the Parties they represent undertake to abide by and be bound by its provisions.

DATED:    New York, New York
          February ], 2007

**GIBSON, DUNN & CRUTCHER LLP**

_____
Orin Snyder (OS-3122)
Michelle Craven (MC-8556)
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-2400
F: (212) 351-6288
*Counsel for Defendant/Consolidated Plaintiff
Marilyn Monroe, LLC*

SOMMER BARNARD          Fax:3177133633              Feb  7 2007  10:00     P.02
JAN-25-2007 THU 04:37 PM                            FAX NO.                P. 13

DATED: Indianapolis, Indiana
       February 7, 2007

SOMMER BARNARD PC

_____
Jonathan Polak, Atty. No. 21954-49
Tracy Betz, Atty. No. 24800-53
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
T: (317) 713-3500
F: (317) 713-3699
*Counsel for Defendants/Consolidated Plaintiffs
CMG Worldwide, Inc. and Marilyn Monroe, LLC*

DATED: New York, New York
       January 30, 2007

LAW OFFICES OF CHRISTOPHER
SERBAGI

_____
Christopher Serbagi (CS-7746)
488 Madison Avenue, Suite 1129
New York, New York 10022
T: (212) 593-2112
F: (212) 308-8582
*Counsel for Plaintiffs/Consolidated Defendants
Shaw Family Archives, Ltd.*

SO ORDERED:

_____
U.S.D.J.

Dated: 2/9/07

11

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
SHAW FAMILY ARCHIVES, LTD., EDITH   :
MARCUS and META STEVENS,            :    05 CV 3939 (CM)
                                    :
    Plaintiffs,                     :    Honorable Colleen McMahon
                                    :
    v.                              :
                                    :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware :
Limited Liability Company,          :
                                    :
    Defendants.                     :
                                    :
------------------------------------- x

## CERTIFICATION PURSUANT TO STIPULATION AND PROTECTIVE ORDER

I, _____, declare under penalty of perjury under the laws of the United States that I have been provided and have read in its entirety, and understand, the Stipulation and Protective Order, in the above-referenced lawsuit, which order is dated _____, 2007, and agree to adhere to and be bound by the terms and provisions of that stipulation and order.

Signed: _____

Dated: _____

100143790_1.DOC