EXHIBIT "A"

# Marilyn Monroe Dead, Pills Near

## Star's Body Is Found in Bedroom of Her Home on Coast

Special to The New York Times.

HOLLYWOOD, Calif., Aug. 5 —Marilyn Monroe, one of the most famous stars in Hollywood's history, was found dead early today in the bedroom of her home in the Brentwood section of Los Angeles. She was 36 years old.

Beside the bed was an empty bottle that had contained sleeping pills. Fourteen other bottles of medicines and tablets were on the night stand.

The impact of Miss Monroe's death was international. Her fame was greater than her contributions as an actress.

As a woman she was considered a sex symbol. Her marriages to and divorces from Joe DiMaggio, the former Yankee baseball star, and Arthur Miller, the Pulitzer Prize playwright, were accepted by millions as the prerogatives of this contemporary Venus.

The events leading to her death were in tragic contrast to the comic talent and zest for life that had helped to make "Seven Year Itch" and "Some



Associated Press
**Marilyn Monroe**

Like It Hot" smash hits all over the world.

Miss Monroe's physician had prescribed sleeping pills for her for three days. Ordinarily the bottle would have contained forty to fifty pills.

The actress had also been under the care of a psychoanalyst for a year, and had called

## Police Say She Left No Notes—Official Verdict Delayed

him to her home last night. He had suggested she take a drive and relax. She remained home, however.

After an autopsy the Los Angeles coroner reported that Miss Monroe's "was not a natural death." He attributed it to a drug. He added that a toxicological study, to be completed within forty-eight hours, should yield more detailed information. He refused, until then, to list the death as a suicide.

Pending a more positive verdict by Dr. Theodore J. Curphey, the coroner, the Los Angeles police refused to call the death a suicide. They said they had no idea how many pills the actress might have taken, or whether any overdose might have been accidental. Miss Monroe left no notes, according to the police.

In addition to a physical autopsy, Los Angeles has a "psychological" autopsy. Two experts will look into the psychological history of Miss Monroe.

However, the non-physical

**Continued on Page 13, Column 6**

The New York Times
Copyright © The New York Times
Originally published August 6, 1962

# DEAD, PILLS NEAR

Continued From Page 1, Col. 4

study will reach no conclusions as to whether she committed suicide. Nor will it have a bearing on the toxicological tests.

During the last few years Miss Monroe had suffered severe setbacks. Her last two films, "Let's Make Love," and "The Misfits," were box-office disappointments. After completion of "The Misfits," written by Mr. Miller, she was divorced from him.

On June 8 Miss Monroe was dismissed by Twentieth-Century-Fox for unjustifiable absenses during the filming of "Something's Got to Give," in which she was starred. Filming on the picture has not resumed.

Shortly before she was dismissed, Miss Monroe angrily protested to a reporter about attacks on stars. She said she had never wanted to do "Something's Got to Give."

"We're what's O.K. with the movie business," she asserted. "Management is what's wrong with the business. To blame the troubles of Hollywood on stars is stupid. These executives should not knock their assets around."

But a few weeks later, during which a $500,000 suit had been filed against her, Miss Monroe pleaded with Fox to let her return to work on the picture.

In low spirits she withdrew to her one-story stucco house in an upper middle-class section, which was far different from the lavish suites of the Beverly Hills Hotel that had been more typical of her. She died in the house at 12305 Fifth Helena Drive.

## Housekeeper Last to See Her

The last person to see her alive was her housekeeper, Mrs. Eunice Murray, who had lived with her. Mrs. Murray told the police that Miss Monroe retired to her bedroom about 8 P. M. yesterday.

About 3:25 A.M. today, the housekeeper noticed a light under Miss Monroe's door. She called to the actress, but received no answer. She tried the bedroom door. It was locked.

Mrs. Murray went outside and peered into the bedroom through the closed French windows. Miss Monroe, she later told the police, looked "peculiar." An arm was stretched across the bed and a hand hung limp on a telephone, she said.

The housekeeper rushed back into the house and telephoned Miss Monroe's analyst, Dr. Ralph R. Greenson. When he arrived a short time later, he broke a pane of the French window and opened it.

He quickly examined the star. She was dead. He phoned Miss Monroe's personal physician, Dr. Hyman Engelberg. After his arrival, the police were called. This was at 4:20, although two hours after the housekeeper had called Dr. Greenson.

Inspector Edward Walker of the Los Angeles police was asked if he regarded such a delay in calling the police as unusual. He said he did not think so.

"So far as the doctors were concerned, there was no evidence of crime, and the first doctor already knew she was dead," he said. "I have no criticism to make of them."

Two radio patrolmen and a sergeant were the first policemen to arrive in the tree-lined neighborhood. Shortly afterward the case was taken over by Detective Sgt. R. E. Byron.

## Room Simply Furnished

Sergeant Byron said Miss Monroe's bedroom was neat, but sparsely furnished. He estimated it at fifteen feet square.

"All she had in the room, so far as I can recall, was the bed, a little dressing table and the night table. And the telephone that she pulled on the bed."

After the police had completed their investigation, Miss Monroe's body was removed to the Westwood Village Mortuary. The house was sealed and placed under guard.

The body was later taken to the county morgue for the autopsy, which was performed by Dr. Tsunetomi Noguchi, a pathologist.

In the last two years Miss Monroe had become the subject of considerable controversy in Hollywood. Some persons gibed at her aspirations as a serious actress. They considered it ridiculous that she should have gone to New York to study under Lee Strasberg.

Miss Monroe's defenders, however, asserted that her talents had been underestimated by those who thought her appeal to movie audiences was solely sexual.

The disagreement about Miss Monroe took another form. One group contended she was typical of stars who had abused their privileges on sets.

An opposite group argued that Miss Monroe was an outstanding example of how Hollywood wanted to treat talent as just another commodity.

Peter G. Levathes, executive vice president of Fox, said the suit would not be pressed against her estate.

Miss Monroe wound up as a virtual recluse.

This was the portrait drawn drawn by neighbors hours after the death of the actress.

Hardly any of her neighbors had seen her more than once or twice in the six months since she had moved into her two-bedroom bungalow, which is modest by Hollywood standards.

The New York Times
Copyright © The New York Times
Originally Published August 6, 1962

EXHIBIT "B"

96206-01 (C.S.)

State of New York
Surrogate's Court, County of New York

Probate Proceeding, Will of

MARILYN MONROE,

Deceased.

Notice of Probate

P   2781   196 2

Notice is hereby given that the Last Will and Testament of

MARILYN MONROE

late of the   City   of New York,   County of   New York   and State of

New York has been offered for probate   in the Surrogate's Court of the County of New York,

that the proponent   of said Will   AARON R. FROSCH

residing at   No. 10 West 86th Street, New York, New York

and that the following are the names and post-office addresses of the legatees, devisees and other beneficiaries as set forth in the petition herein who have not been cited or have not appeared or waived citation; and as to such persons as are infants or incompetents, the names and post-office addresses of the persons to whom an additional copy of the Notice of Probate is required to be mailed:

| *Name* | *Post-Office Address* |
|---|---|
| PATRICIA ROSTEN, an infant | 84 Remson Street, Brooklyn, New York |
| NORMAN and HEDDA ROSTEN, on behalf of infant, PATRICIA ROSTEN | 84 Remson Street Brooklyn, New York |

EXHIBIT "C"

I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament.

FIRST:  I hereby revoke all former Wills and Codicils by me made.

SECOND:  I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

THIRD:  I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

FOURTH:  (a)  I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b)  I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c)  I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both pre-decease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d)  I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

FIFTH:  I give and bequeath to my Trustee, hereinafter

named, the sum of $100,000.00, in Trust, for the following uses and purposes:

   (a) To hold, manage, invest and reinvest the said property and to receive and collect the income therefrom.

   (b) To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $5,000.00 per annum, in equal quarterly installments, for the maintenance and support of my mother, GLADYS BAKER, during her lifetime.

   (c) To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $2,500.00 per annum, in equal quarterly installments, for the maintenance and support of MRS. MICHAEL CHEKHOV during her life-time.

   (d) Upon the death of the survivor between my mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the principal remaining in the Trust, together with any accumulated income, to DR. MARIANNE KRIS to be used by her for the furtherance of the work of such psychiatric institutions or groups as she shall elect.

   SIXTH: All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and whereso-ever situate, of which I shall die seized or possessed or to which I shall be in any way entitled, or over which I shall possess any power of appointment by Will at the time of my death, including any lapsed legacies, I give, devise and bequeath as follows:

   (a) To MAY REIS the sum of $40,000.00 or 25% of the total remainder of my estate, whichever shall be the lesser.

-2-

MM-0009362

(b)  To DR. MARIANNE KRIS 25% of the balance

thereof, to be used by her as set forth in ARTICLE FIFTH (d) of

this my Last Will and Testament.

(c)  To LEE STRASBERG the entire remaining

balance.

SEVENTH:  I nominate, constitute and appoint AARON R.

FROSCH Executor of this my Last Will and Testament.  In the event

that he should die or fail to qualify, or resign or for any other

reason be unable to act, I nominate, constitute and appoint L.

ARNOLD WEISSBERGER in his place and stead.

EIGHTH:  I nominate, constitute and appoint AARON R.

FROSCH Trustee under this my Last Will and Testament.  In the

event he should die or fail to qualify, or resign or for any

other reason be unable to act, I nominate, constitute and appoint

L. ARNOLD WEISSBERGER in his place and stead.

_____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE,
the Testatrix above named, as and for her Last Will and
Testament, in our presence and we, at her request and
in her presence and in the presence of each other, have
hereunto subscribed our names as witnesses this  /// day
of January, One Thousand Nine Hundred Sixty-One.

_____ residing at 10 West 56th St. N.Y.C.

_____ residing at 209 E 56th St. New York 22, N.Y.

_____ residing at _____

-3-

MM-0009363

Form E. C. M.                                                94714.60 (C.S.)

State of New York   }
County of New York   }   ss.:

                  I, Philip A. Donahue, Clerk of the Surrogate's Court of said County,

do hereby certify that I have compared the foregoing copy of the last will and testament

of_____ MARILYN MONROE _____, deceased,

admitted to probate_____ October 30, 1962 _____and recorded in

liber__2395___of wills, page_455_____

with the original record thereof now remaining in this office, and have found the same to be a correct transcript

therefrom and of the whole of such original record.

          In testimony whereof, I have hereunto set my hand and affixed the seal of the Surrogate's Court

          of the County of New York this__13th_____

          day of_____December_____in the year of our Lord one thousand nine

          hundred and _sixty-three._

                                *Philip A. Donahue*
                                    *Clerk of the Surrogate's Court*

P2781-1962

MM-0009364

EXHIBIT "D"

At Chambers of the Surrogate's Court
held in and for the County of New
York at the Surrogate's office in
the Hall of Records in said County
on the 29 day of October, 1962.

PRESENT:

HON. S. SAMUEL DiFALCO

Surrogate

- - - - - - - - - - - - - - - X

Probate Proceeding, Will of                    DECREE ADMITTING WILL

MARILYN MONROE                                 P.  2781-1962

Deceased

- - - - - - - - - - - - - - - X

      The citation herein having been duly issued, served

and returned, and the Surrogate having, on his own motion ap-

pointed ARTHUR N. FIELD, ESQ., special guardian of the decedent's

mother, Gladys Baker, an incompetent, the allegations of the

parties appearing having been heard, and the proofs having been

duly taken by the Surrogate, among other things as to the

execution of the paper writing dated January 14, 1961 which has

been offered for probate as the Last Will of Marilyn Monroe,

and the probate of said Will not having been contested, and it

appearing to the Surrogate that the Will was duly executed,

and that the Testator at the time of executing it, was in all

respects competent to make a Will and not under any restraint,

it is

      ORDERED, ADJUDGED AND DECREED that the instrument

offered for probate herein be and the same hereby is admitted

to probate as the Last Will and Testament of Marilyn Monroe,

EXHIBIT A

MM-0001543

deceased, valid to pass real and personal property, and that
letters testamentary be issued thereon to the Executor and Trus-
tee, upon qualifying thereunder and executing a bond according
to law with sufficient sureties to be approved by the Surrogate
in the ~~penalty~~ of 10 0,000. Dollars, for the Execu-
tor and in the ~~penalty~~ of 50 000 Dollars, for the
Trustee, for the proper performance of his respective duties;

And that ARTHUR N. FIELD, ESQ., the special guardian
herein, is hereby allowed

Dollars as compensation for his
services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
letters testamentary shall contain an endorsement restraining the
executor from the receipt of assets exceeding the aggregate value
of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order,
and that letters of trusteeship shall contain an endorsement
restraining the trustee from receiving assets in excess of FIFTY
THOUSAND ($50,000.) DOLLARS until the further order of the
Surrogate.

P5429

Two bonds approved
October 30 1962

ORIGINAL ADMITTED TO PROBATE October 30, 1962
A TRUE COPY
Robert M. Pearce
CLERK OF THE SURROGATES COURT
CERTIFIED November 9, 1992    -2-

MM-0001544

EXHIBIT "E"

GANG, TYRE, RUDIN & BROWN
6400 Sunset Building
Los Angeles 28, California
HOllywood 3-4863

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN THE MATTER OF THE ESTATE | NO.  458-935 |
| OF | PETITION FOR PROBATE OF FOREIGN WILL AND FOR ANCILLARY LETTERS TESTAMENTARY. |
| MARILYN MONROE, | |
| Deceased. | |

The petition of AARON R. FROSCH, of the County of New York, State of New York, respectfully states:

1. MARILYN MONROE died on or about August 5, 1962, at Los Angeles, California.

2. Said deceased at the time of her death was a resident of the County of New York, State of New York.

3. Said deceased left estate in the County of Los Angeles, State of California, consisting of real property and personal property; the character and estimated value of the property of said estate in California and the probable annual income therefrom, so far as known to your petitioner, are as follows:

MM-0009381

| | Estimated Value | Probable Annual Income |
|---|---|---|
| Real property | $60,000.00 | None |
| Personal property: | | |
| (1) Furniture, furnishings, etc. | $ 3,200.00 | None |
| (2) Stocks and bonds | None | None |
| (3) Bank accounts | $ 2,200.00 | None |

4. Said deceased left a will dated January 14, 1961, which has been duly proved, allowed and admitted to probate in the Surrogate's Court, County of New York, State of New York. A duly authenticated copy of the proceedings in New York, including the Will and Decree Admitting Will to probate in the above mentioned Court is presented and filed herewith; and conformed copies of the Will and the Decree Admitting Will are attached hereto marked Exhibit "A" and made a part hereof. The Will was executed in conformity with the laws of the State of New York, the place where the testatrix was domiciled at the time of her death (as well as in conformity with the laws of this State) and said Surrogate's Court, at the time of admitting the Will to probate, was a court of competent jurisdiction and had jurisdiction over the matters and of all parties interested in the estate.

5. Aaron R. Frosch named in said Will as executor thereof, consents to act as such executor in the ancillary proceedings in California.

6. The names, ages and residences of the devisees and legatees named in the Will of deceased are as follows:

MM-0009382

| Name | Age | Residence |
|------|-----|-----------|
| Gladys Eley, aka Gladys Baker | over 21 | c/o Inez C. Melson, Conservator of Gladys Eley, aka Gladys Baker, an incompetent, 9110 Sunset Boulevard Los Angeles 69, Calif. |
| Berniece Miracle (named in the Will as Bernice Miracle | over 21 | 330 S. West 27th Street Gainesville, Florida |
| May Reis | over 21 | 299 West 12th Street New York City, New York |
| Norman Rosten | over 21 | 84 Remsen Street Brooklyn, New York |
| Hedda Rosten | over 21 | 84 Remsen Street Brooklyn, New York |
| Patricia Rosten | infant | 84 Remsen Street Brooklyn, New York |
| Lee Strasburg | over 21 | 135 Central Park West New York City, New York |
| Aaron R. Frosch, designated as Trustee | over 21 | 120 East 56th Street New York City, New York |
| Mrs. Michael Chekhov | over 21 | 3374 Rowena Los Angeles, California |
| Dr. Marianne Kris | over 21 | 135 Central Park West New York City, New York |

7.    Petitioner declares that deceased left surviving her her mother and half-sister, designated below. Except for her said mother and half-sister, decedent left surviving her no parent, spouse, children, issue of deceased children, brothers, sisters, or issue of deceased brothers or sisters.

8.    The names, ages and residences of the heirs at law of said deceased, so far as known to your petitioner, are as follows:

MM-0009383

| Name | Relationship | Age | Residence |
|------|-------------|-----|-----------|
| Gladys Eley, aka Gladys Baker | mother | over 21 | c/o Inez C. Melson, Conservator of Gladys Eley, aka Gladys Baker, an incompetent, 9110 Sunset Boulevard Los Angeles 69, Calif. |
| Berniece Miracle (named in the Will as Bernice Miracle) | half-sister | over 21 | 330 S. West 27th St. Gainesville, Florida |

WHEREFORE, petitioner prays that the Will of decedent may be admitted to probate as a foreign will, and that ancillary letters testamentary be issued to petitioner herein.

Dated: ___Dec. 17, 1962___.

___Aaron R. Frosch___
Aaron R. Frosch

GANG, TYRE, RUDIN & BROWN
By ___Hermione K. Brown___

STATE OF NEW YORK } SS.
COUNTY OF NEW YORK }

I, the undersigned, state:  That I am the petitioner in the foregoing proceedings; that I have read the same and know the contents thereof, and the same is true of my own knowledge, except as to matters which are therein stated upon information or belief, and as to those matters that I believe the same to be true.

Dated: ___Dec. 17, 1962___.

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

___Aaron R. Frosch___
Aaron R. Frosch

-2-

MM-0009384

At Chambers of the Surrogate's Court
held in and for the County of New
York at the Surrogate's office in
the Hall of Records in said County
on the 29 day of October, 1962.

P R E S E N T:

    HON. S. SAMUEL DiFALCO

          Surrogate

- - - - - - - - - - - - - - - - - - X

Probate Proceeding, Will of

    MARILYN MONROE

          Deceased

- - - - - - - - - - - - - - - - - - X

        DECREE ADMITTING WILL

           P. 2781-1962

       The citation herein having been duly issued, served
and returned, and the Surrogate having, on his own motion ap-
pointed ARTHUR N. FIELD, ESQ., special guardian of the decedent's
mother, Gladys Baker, an incompetent, the allegations of the
parties appearing having been heard, and the proofs having been
duly taken by the Surrogate, among other things as to the
execution of the paper writing dated January 14, 1961 which has
been offered for probate as the Last Will of Marilyn Monroe,
and the probate of said Will not having been contested, and it
appearing to the Surrogate that the Will was duly executed,
and that the Testator at the time of executing it, was in all
respects competent to make a Will and not under any restraint,
it is

       ORDERED, ADJUDGED AND DECREED that the instrument
offered for probate herein be and the same hereby is admitted
to probate as the Last Will and Testament of Marilyn Monroe,

MM-0009385

deceased, valid to pass real and personal property, and that letters testamentary be issued thereon to the Executor and Trustee, upon qualifying thereunder and executing a bond according to law with sufficient sureties to be approved by the Surrogate in the penalty of $100,000 sum Dollars, for the Executor and in the penalty of $50,000 sum Dollars, for the Trustee, for the proper performance of his respective duties;

And that ARTHUR N. FIELD, ESQ., the special guardian herein, is hereby allowed $2500 Dollars as compensation for his services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the letters testamentary shall contain an endorsement restraining the executor from the receipt of assets exceeding the aggregate value of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order, and that letters of trusteeship shall contain an endorsement restraining the trustee from receiving assets in excess of FIFTY THOUSAND ($50,000.) DOLLARS until the further order of the Surrogate.

S. SAMUEL DiFALCO
Surrogate

-2-

MM-0009386

I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament.

FIRST: I hereby revoke all former Wills and Codicils by me made.

SECOND: I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

THIRD: I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

FOURTH: (a) I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b) I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c) I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both pre-decease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d) I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

FIFTH: I give and bequeath to my Trustee, hereinafter

EXHIBIT "A"

MM-0009387

named, the sum of $100,000.00, in Trust, for the following uses and purposes:

(a) To hold, manage, invest and reinvest the said property and to receive and collect the income therefrom.

(b) To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $5,000.00 per annum, in equal quarterly installments, for the maintenance and support of my mother, GLADYS BAKER, during her lifetime.

(c) To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $2,500.00 per annum, in equal quarterly installments, for the maintenance and support of MRS. MICHAEL CHEKHOV during her lifetime.

(d) Upon the death of the survivor between my mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the principal remaining in the Trust, together with any accumulated income, to DR. MARIANNE KRIS to be used by her for the furtherance of the work of such psychiatric institutions or groups as she shall elect.

SIXTH: All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, of which I shall die seized or possessed or to which I shall be in any way entitled, or over which I shall possess any power of appointment by Will at the time of my death, including any lapsed legacies, I give, devise and bequeath as follows:

(a) To MAY REIS the sum of $40,000.00 or 25% of the total remainder of my estate, whichever shall be the lesser.

-2-

MM-0009388

(b)  to DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.

(c)  To LEE STRASBERG the entire remaining balance.

SEVENTH:  I nominate, constitute and appoint AARON R. FROSCH Executor of this my Last Will and Testament.  In the event that he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

EIGHTH:  I nominate, constitute and appoint AARON R. FROSCH Trustee under this my Last Will and Testament.  In the event he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

/s/ MARILYN MONROE _____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE, the Testatrix above named, as and for her Last Will and Testament, in our presence and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this 14 day of January, One Thousand Nine Hundred Sixty-One.

/s/ AARON R. FROSCH _____ residing at __10 West 86th St., N.Y.C.__

/s/ LOUISE H. WHITE _____ residing at __209 E.56th St., New York 22, NY__

_____ residing at _____

-3-

MM-0009389

EXHIBIT "F"

Surrogate's Court, County of _____

In the Matter

of

The Estate of **MARILYN MONROE**

Deceased

File No.

**CLAIM AGAINST ESTATE**

TO: **AARON R. FROSCH**

as * **Executor** of the estate of **MARILYN MONROE** _15,000_ deceased,

The undersigned claimant does hereby present the following claim against the estate of the above named decedent.

Amount of Claim $ **15,000.00** ~~for services rendered~~ **legal fee plus**

The facts upon which the claim is based are as follows: **disbursements of $618.93**

15,618 93 _sums expended identical as per Annual trust and_

That prior to the decedent's death, the claimant, Weissberger &

Frosch, ~~represented the decedent in all her~~ legal matters of

every kind or nature.

Dated **19th** day of February, 1963

**WEISSBERGER & FROSCH**

Claimant

Firm or Corporate Claimant By _____

**L. ARNOLD WEISSBERGER**

**120 East 56 Street, New York, N. Y.**

Address of Claimant

*Insert the male or female, singular or plural form
of either executor or administrator.

**AFFIDAVIT IN SUPPORT OF CLAIM**

STATE OF **NEW YORK**

COUNTY OF **NEW YORK** } ss.:

**L. ARNOLD WEISSBERGER**

being duly sworn, deposes and says:

That he resides at **10 West 86th Street, New York, N. Y.**

**(a) INDIVIDUAL**

That he is the claimant named in the attached claim (or as appears below)

**(b) CO-PARTNERSHIP**

That he is a member of **WEISSBERGER & FROSCH**

a co-partnership, the claimant named in the attached claim, composed of the undersigned and **AARON R. FROSCH**

of

and carrying on business at No. **120 East 56th Street**

County of **New York** State of **New York** (or as appears below)

**(c) CORPORATION**

That he is the _____ of

a corporation _____

at No. _____

County of _____ State of _____ in

affidavit of claim on its behalf. Said corporation is the claimant named in the attached claim. and is duly authorized to make this

That the said claim against **MARILYN MONROE** deceased

is just and true; that the amount of the claim is justly due; that all payments thereon, if any, have been credited; that

he knows of no offsets and no evidence of indebtedness and that the claimant holds no security (except)

Sworn to before me

this _____ day of **February** 19 **63**

_____

Print or type name beneath signature

**L. ARNOLD WEISSBERGER**

MM-0009337

EXHIBIT "G"

**hutists
in Mass
te Jump**

m, N. Y., Dec. 12
ments of the 82nd
ivision engage a
my today at frigid,
d Camp Drum,
invaded in a mass
imp.
80 paratroops were
hich included two
legs, was unusually
np said. Fifteen men
and 100 injured in
ercises here in 1952

atroopers from Ft.
C., led by two gener-
below-zero tempera-
up to 10 inches of

ed for winter weather
s too much," a base
d.



# It Happened
# Last Night

By Earl Wilson

## Marilyn Chooses Her Barrister

Marilyn Monroe has taken her first legal step toward divorcing Arthur Miller. She designated Atty. Aaron L. Frosch, of the firm of Weissberger & Frosch, to be her general counsel. Miller will be represented by John F. Wharton, of Paul, Weiss, Rifkind, Wharton & Garrison, and Miss Monroe. The divorce formerly counsel for both Miller and Miss Monroe. The divorce will be accomplished very simply, since they remain friends and see each other. Marilyn in no hurry to start the action took a month choosing her lawyer. Some Hollywood attorneys were eager to represent the beautiful client. A New Yorker now, she paid her compliments to the New York bar.

ROCKY MARCIANO, grounded in Toledo by the storm while trying to get here for the Fight for Sight show wired: "This is one thing I cannot fight. If I had the wings of an angel—I'd be there."

COMEDIAN ALAN KING complained (at the "Lights On" show) that radio broadcasters giving storm traffic conditions said, "It's now medium to moderate. This report is coming to you from a helicopter," He added, "Up there it's medium to moderate—but down here you can't move (for an hour." Comedian Jackie Kannon said big stars now suffer from delusions of humility, He explained, "It's easy to be humble when you're a success. The trick is to be arrogant when you're a flop.



SIMONE . . . not "separated"

YVES MONTAND FLATLY DENIED FROM PARIS phone, that he and Simone Signoret are . . . he'll be here four days, over New Year's, en route to Tokyo . . . Marilyn Cook and Jane Powell each tested . . .

ow Appearing

ICIA SANDERS
OMMY HAZARD

W YEAR'S EVE 1961
50 PER PERSON
—ALL YOU CAN DRINK
Favors—Decorations
RONDO—RUTH OLAY
ERVATIONS ONLY

VING ROOM

Cocktails from 3 P.M.
Ave. (at 4) EL 5-211

EXHIBIT "H"

EXTRA COPY MUST BE FURNISHED CLERK FOR TRANSMITTAL TO ASSESSOR.
(Sections 600 and 1550 Probate Code.)

(FOR FILE STAMP)

GANG, TYRE, RUDIN & BROWN
Attorney.. for Estate.
6400 Sunset Building
Los Angeles 23, California
Address

NO. 3-4363
Telephone

OFFICE COPY
DATE 4-16-63
DOCKET 2230

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF LOS ANGELES

In the Matter of the Estate of

MARILYN MONROE

Deceased

No. ............................ P- 459935

### INVENTORY AND APPRAISMENT

Date of Death: ......... August 5, 1962

The following information is required by Los Angeles County Probate Policy Memoranda #18, to be signed by the attorney:

Bond filed, $ 2,500.00

(Sufficient _____)

(Insufficient _____)

Bond waived _____

GANG, TYRE, RUDIN & BROWN

BY HERMIONE K. BROWN
Attorney... for estate

STATE OF CALIFORNIA, County of Los Angeles:          DECLARATION OF APPRAISER

I, the undersigned, state: That I will truly, honestly and impartially appraise the property of said estate which shall be exhibited to me, according to the best of my knowledge and ability.

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

Dated ............ March 14, 1963          James M. Hall
(Signature of Appraiser)

STATE OF CALIFORNIA, County of Los Angeles:          OATH OF REPRESENTATIVE(S)

I, the undersigned, state: That the following inventory contains a true statement of all the assets of the estate of said deceased which has come to my knowledge or possession, and particularly of all the money belonging to the said deceased, and of all just claims of the said deceased against me.

Dated ................ March 11 ................, 19 63

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

_____

_____
(Signatures of Affiants)

Subscribed and sworn to before me

_____, 19____

_____
(Signatures of Declarants)

_____
Notary Public in and for the County of Los Angeles,
State of California

INVENTORY AND APPRAISEMENT

MM-0009344

## INVENTORY AND STATEMENT OF ASSETS

Note: The inventory must show, so far as can be ascertained by the executor or administrator, what portion of the property is community property and what portion is separate property of the deceased. Section 601, Probate Code.)

| | Appraised Value | |
|---|---|---|
| (1) Real property:  Decedent's residence commonly known as 12305-5th, Helena Drive, Los Angeles, California and described as follows: | | |
| (2) Lot 20 of Tract 5462, sheets 1 and 2 of Map recorded in book 59 pages 71 and 72 in the office of the Los Angeles county recorder | 87,000 | 00 |
| (3) Cash at City National Bank of Beverly Hills, Calif. | 2,200 | 00 |
| Cash | 405 | 00 |
| (4) Clothing and personal effects | 690 | 00 |
| (5) Furniture and furnishings located at 12305-5th Helena Drive, Los Angeles, California, as follows: | 2,486 | 00 |
| (a)  Hotpoint freezer-refrigerator;      ( 500.00) built-in dinette set; all tacked-down carpeting and drapes | | |
| (b)  All other furniture and furnishings. ( 1,986.00) | | |

DO NOT

USE

MM-0009345

THIS SPACE

I, the undersigned, duly appointed to appraise the estate of said deceased, hereby certify that I have appraised the same as specifically set forth in the foregoing inventory and at the total sum of _____ Ninety-two Thousand, Seven hundred Eighty-one and no/100 _____

Dollars ($____92,781.00____).

Dated: ____April 11, 1963____          ____James M. Hall____

For services in appraising said estate, as provided by law:

_____ $____92.78____

_____ $_____

_____ $_____

Necessary disbursements:

_____ $____4.00____

STATE OF CALIFORNIA, County of Los Angeles:          96.78

I, the undersigned, state: That the foregoing bill of items is correct and just and that the services have been duly rendered as therein set forth.

I certify or declare under the penalty of perjury that the foregoing is true and correct.

Dated ____April 11, 1963____          ____James M. Hall____
                                              (Signature of Appraiser)

MM-0009346

EXHIBIT "I"

## Surrogate's Court

COUNTY OF __New York__

In the Matter of the Application to Determine
Estate Tax Upon the Estate of

__Marilyn Monroe__

Deceased.

Petition for Designation of
Appraiser

File No. __P 2781/1962__

## To the Surrogate's Court of the County of __New York__

The petition of __Aaron R. Frosch__ respectfully shows:

FIRST.  That your Petitioner is the __Executor of the Estate of Marilyn Monroe__ deceased, and as such is a person interested in the estate of said deceased.

SECOND.  That the said decedent departed this life on the __5th__ day of __August__, at __Los Angeles, California__; that the said deceased was a resident of __444 East 57th Street, New York, N.Y.__

THIRD.  That letters __Testamentary__ on the estate of said deceased were on the __30th__ day of __October, 1962__, issued to your petitioner by the Surrogate's Court of the County of __New York__ and that h__is__ post office address is __120 East 56th Street, City, County and State of New York__

FOURTH.  That the approximate gross estate of said decedent is $ __846,150.00__ __Mr. 4/ro.__

FIFTH.  That as your Petitioner is informed and believes the estate of said decedent is or may be subject to the payment of the tax imposed by law on the estates of deceased persons.

SIXTH.  That all persons who are interested in said estate and who are entitled to notice of all proceedings herein, and their post office addresses, are as follows:

STATE TAX COMMISSION.
Norman and Hedda Rosten, 84 Remsen Street, Brooklyn, New York.
May Reiss, 299 West 12th Street, New York, N.Y.
Mrs. Michael Chekhov, 3374 Rowena, Los Angeles, Calif.
Dr. Marianne Kris, 135 Central Park West, New York, N.Y.
Lee Strasberg, 135 Central Park West, New York, N.Y.
Bernice Miracle, 330 S. West 27th Street, Gainsville, Florida.
Gladys Eley, also known as Gladys Baker, c/o Inez Melson, 9110 Sunset Boulevard, Los Angeles, Calif.
Attorney General of the State of New York, 80 Centre Street, New York, N.Y.

That all of the above are of full age and sound mind, except:
Gladys Eley, aslo known as Gladys Baker, c/o Inez Melson. Inez Melson was, by order of the Superior Court of the State of California, for the County of Los Angeles, dated December 22, 1959, appointed Conservator of the said Gladys Eley, also known as Gladys Baker.

That no previous application has been made for an order designating an appraiser in this proceeding.
WHEREFORE, your petitioner prays that you will designate an appraiser as provided by the law.

Dated, __July 27, 1964.__

_Aaron R. Frosch_

Petitioner.



**Surrogate's Court**

COUNTY OF

IN THE MATTER OF THE

APPLICATION TO DETERMINE

THE ESTATE TAX UPON

THE ESTATE OF

MARILYN MONROE

DECEASED.

PETITION FOR APPRAISER
AND DESIGNATION

Weissberger & Frosch

*Attorney for Petitioner,*

120 East 56th Street,
New York, New York

PL 8-0800

STATE OF New York
COUNTY OF New York } ss.:

Aaron R. Frosch

being duly sworn, deposes and says: That __ he is the petitioner herein; that __ he read the foregoing petition subscribed by h__ and knows the contents thereof, that the same is true to h__ own knowledge except as to matters herein stated to be alleged upon information and belief, and as to those matters __ he believes it to be true.

Sworn to before me this _____ day of JULY, 19 64.

ELLIOT J. LEFKOWITZ
Notary Public, State of New York
No. 03-7497775
Qualified in Bronx County
Certificate filed in New York County
Commission Expires March 30, 1966