EXHIBIT "S"

BEFORE THE STATE BOARD OF EQUALIZATION

OF THE STATE OF CALIFORNIA

In the Matter of the Appeal

of

AARON R. FROSCH, ANCILLARY EXECUTOR
OF THE CALIFORNIA ANCILLARY ESTATE
OF MARILYN MONROE, DECEASED.

Assessment Nos.
03109116, 03109117,
03109118, 03109119,
03109120, 03109121,
03109122, 03109123

MEMORANDUM IN SUPPORT OF APPEAL
BY AARON R. FROSCH, ANCILLARY
EXECUTOR OF THE ANCILLARY ESTATE
OF MARILYN MONROE, DECEASED

GANG, TYRE & BROWN
6400 Sunset Building
Hollywood, California  90028

MM-0009211

## INTRODUCTORY STATEMENT

This is an appeal from a denial by the California Franchise Tax Board of Appellant's tax assessment protest.

The Estate.  Marilyn Monroe died in 1962, a resident of the State of New York.  Her will was admitted to probate in the Surrogate Court, County of New York, on January 14, 1963, and Aaron R. Frosch, a New York resident, was named as Executor.

A Petition For Probate of Foreign Will and For Ancillary Executor was filed in California on January 17, 1963, alleging the existence in California of certain real property and incidental personal property.  An Order Admitting Foreign Will to Probate and For Ancillary Executor was entered in the above proceeding on January 21, 1963, naming Aaron R. Frosch as ancillary executor.  Ancillary Letters Testamentary were issued to Mr. Frosch on February 26, 1963.  The total appraised value of decedent's estate in California was $92,781 in 1963, but the clear market value thereof (after allowable deductions, the largest of which was a first trust deed encumbrance on the California real property) was $36,144.22.

All beneficiaries under decedent's will are non-residents.  Until her death in 1970, one beneficiary (entitled to a lifetime annuity of $2500 per year) was a resident of California, and, until moving from this State in 1966, another beneficiary (entitled to a lifetime annuity of $5000 per year) resided in California.  All other beneficiaries have at all times been nonresidents.

The Income.  During the course of her life, Marilyn Monroe performed in the theatrical motion pictures "Some Like It Hot" and "The Misfits" (the "Films").  "Some Like It Hot"

MM-0009212

1    was filmed entirely in California, while only 10% of "The    1

2    Misfits" was filmed in this State.  Pursuant to agreements    2

3    between Miss Monroe and United Artists Corporation ("UA"), a    3

4    Delaware corporation, whose principal place of business is    4

5    New York City, New York, UA agreed to pay directly to Miss    5

6    Monroe all compensation for her services in the Films.  Apart    6

7    from fixed compensation paid contemporaneously with the    7

8    principal photography, UA agreed to pay contingent consider-    8

9    ation based upon a percentage of the Films' earnings, as and    9

10    when accruing (the "Percentage Payments").    10

11          Ever since Miss Monroe's death, all Percentage Pay-    11

12    ments have been paid to Aaron R. Frosch as executor of Miss    12

13    Monroe's estate under the New York probate.  All these Pay-    13

14    ments were made wholly within New York, by means of checks    14

15    drawn by UA's New York offices on New York banks, and at no    15

16    time was any portion of said moneys paid to or received by    16

17    any person or entity in California or included in the    17

18    California ancillary probate estate.    18

19          Because Miss Monroe died a resident of New York, the    19

20    value at the date of death of her contractual rights to Per-    20

21    centage Payments under the UA agreements was included in the    21

22    New York estate for purposes of New York estate taxes, and    22

23    estate taxes were paid to New York based upon this valuation.    23

24    Similarly, each post-death Percentage Payment, when received,    24

25    was included in the New York estate's current income for    25

26    purposes of New York income tax, and income taxes based upon    26

27    these amounts were timely paid to the State of New York.    27

28          Even though no portion of the post-death Percentage    28

29    Payments was ever paid to the California ancillary estate, the    29

30    Franchise Tax Board ("FTB") seeks to tax these sums in pro-    30

31    portion to the amount of filming conducted in this State.    31

32    The FTB's assertions are as follows:    32

MM-0009213

| Year | Purported Taxable Income | Tax Assessed | Penalty |
|------|--------------------------|--------------|---------|
| 1963 | $ 34,569.42 | $ 1,894.86 | $    473.72 |
| 1964 | 151,893.97 | 10,107.58 | 2,526.89 |
| 1965 | 150,651.62 | 10,020.61 | 2,505.15 |
| 1966 | 152,013.12 | 10,115.92 | 2,528.98 |
| 1967 | 145,600.53 | 13,830.05 | 3,457.51 |
| 1968 | 39,709.09 | 3,240.91 | 810.23 |
| 1969 | 6,386.94 | 140.48 | 35.12 |
| 1970 | 26,227.09 | 1,892.71 | 473.18 |
| TOTAL | | $51,243.12 | $ 9,710.78 |

## ARGUMENT

1. California Is Not Entitled To Tax The Percentage Payments Because There Is No Statutory Or Regulatory Authority Permitting Such Taxation.

Because the FTB has conceded the estate is a non-resident of California, it is only entitled to tax specific types of income from sources within this State. According to California Revenue and Taxation Code ("R&T") Regs. § 17742-17745(a)(2),

_____

The FTB has based its assessments upon gross income figures. If a California tax is determined to be due, Appellant will supply appropriate deductions at such time.

MM-0009214

> "If the settlor, the fiduciary and the beneficiaries are all nonresidents of this State, only income from real or personal property located in this State (see Reg. 17951-54(c)), business carried on within this State (see Reg. 17951-54(d)), and intangible personal property having a business or taxable situs in this State (see Reg. 17951-54(f)) is taxable."

This Regulation governing nonresident estates is more narrowly restrictive than are the provisions dealing with taxation of living nonresidents. Living nonresidents are taxed upon all income from sources within this State--not merely those specific income items set forth above for estates.[**] A very significant difference between the taxation of nonresident estates and individuals is the deletion in the estate provisions of any reference to personal service income. This omission is clearly deliberate because personal service income of living nonresidents is dealt with in Reg. § 17751-54(e), and the above Regulation carefully limits itself to Reg. §§ 17751-54(c), 17751-54(d) and 17751-54(f)--a conscious passing over of subsection (e). The reason for this deletion was to implement a policy excluding taxation of this type of income to nonresident estates. The draftsmen intended that estates of nonresident decedents be taxed only on income generated by the estate itself--i.e., that such

---

[*] R&T § 17744 provides for an apportionment of income based upon the residence of beneficiaries, and Appellant concedes that if the FTB prevails upon this Section 1, this State may implement such formula for the years (if any) in which income was distributable to California resident beneficiaries. For simplicity, and because it is Appellant's contention under Section 2 below that all claimed taxes in respect of the Percentage Payments are offset by a tax credit, the text deals with the estate's entire income as if there were no California resident beneficiaries.

[**] R&T § 17951; Reg. § 17951-54(a)(1).

MM-0009215

estates be taxed <u>only on the California-source income</u>

<u>generated by the estate's assets or activities</u>; not on income

created prior to the time the estate was in existence (such

as personal service income of the decedent) which is

<u>passively</u> received by the estate outside of California.

Thus the Percentage Payments, concededly personal service in-

come of Miss Monroe, are not intended by the governing

Regulations to be taxable under California law.

The FTB has argued that the Percentage Payments are

"income in respect of a decedent" under R&T § 17833 and there-

fore are taxable notwithstanding the limited authority of

Reg. § 17742-45(a)(2).  This assertion is based upon the

language of R&T § 17833 which provides that income received

by an estate has the same "character" in the hands of the

estate as it did in the hands of the decedent.[*]  According

to the FTB, this "character" rule enlarges California's

jurisdiction to tax this particular type of income because,

if Miss Monroe were a living nonresident, the Percentage

Payments would be taxable in this State under Reg. § 17951-

54(e).

The FTB's attempt to thus add Reg. § 17951-54(e)

to Reg. § 17742-45(a)(2) through the term "character" not

only runs contrary to the deliberate omission of personal

_____

[*] Sec. 17833.  [CHARACTER OF INCOME DETERMINED BY REFERENCE
TO DECEDENT.]  The right, described in Section 17831 [income
in respect of a decedent] to receive an amount shall be
treated, in the hands of the estate of the decedent, . . . as
if it had been acquired by the estate . . . in the transaction
in which the right to receive the income was originally de-
rived and the amount includible in gross income under Section
17831 or 17832 [sale of right to income in respect of a de-
cedent] shall be considered in the hands of the estate . . .
to have the character which it would have had in the hands of
the decedent if the decedent had lived and received such
amount.

MM-0009216

service income from the Regulations dealing with nonresident estates, but it also fails to recognize the distinction between two very different issues: (1) Whether the Percentage Payments are taxable under California law; and, if so, (2) whether their taxable nature is ordinary income, capital gain, etc. R&T § 17833 is only designed to deal with the latter of these issues, and it would require an expansion beyond all legislative intent and decided authority to interpret the term "character" as including the former.

Section 17833 is identical to Internal Revenue Code ("IRC") § 691(a)(3), while R&T Reg. § 17831-17834(c) [character of gross income in respect of a decedent] is identical to IRC Reg. § 1.691(a)-3. Appellant has conducted an extensive search of the Regulations and legislative history of R&T § 17833 as well as IRC § 691, and nowhere in any of these materials is there mention, or indeed even indication, that the word "character" was ever intended to encompass "taxability."[*] Quite the contrary, the legislative history of § 691 makes it very clear that the purpose of this section was entirely different. Under case law before enactment of § 691, income which had accrued prior to the death of the decedent was valued for estate tax purposes, given a basis at that value, and then never taken into income when collected (the collections represented merely a recovery of basis). Solely to overcome this result, § 691 (formerly § 42 of the 1934 and 1938 Revenue Acts; § 126 of the 1942

---

[*] The examples under R&T Reg. § 17831-17834(c), e.g., deal with capital gains, tax-free governmental interest, and income averaging. Certainly none of these factors are relevant to determining the "taxability" of particular amounts; they are only concerned with the rate of tax based upon the type or "character" of the income involved.

MM-0009217

1    Revenue Act) was enacted.

2        The distinction between "character" and "taxability"

3    has been recognized by the Franchise Tax Board in its own

4    Legal Ruling No. 291, dated April 23, 1965. Although the

5    problem in this Ruling was somewhat different from the instant

6    case, it was nonetheless quite analogous and the reasoning and

7    policy are the same.

8        In L.R. No. 291, the FTB was faced with the question

9    of whether income received by a California resident from

10   intangibles held by a nonresident trust was entitled to a tax

11   credit in this State--if the amounts were from sources within

12   California, no credit was available. In determining that the

13   taxpayer could not claim a credit, the Ruling was careful to

14   delineate the two issues set forth above (source vs.

15   character). The first step in the analysis was to determine

16   whether the income was from sources within California. In

17   holding that it was instate income, the decision noted that

18   a trust beneficiary is the "owner" of intangibles in the

19   trust, and, accordingly, such intangibles have a situs (and

20   therefore a source) at his residence. Only at that point,

21   i.e., only after deciding that these amounts were indeed from

22   sources within California, did the Ruling take the second

23   step to consider the "character" of the income. Even though

24   R&T § 17752(b) provided that amounts distributed to bene-

25   ficiaries of a trust have the "same character in the hands

26   ///

27   ///

28   ///

29   ///

30   ///

31   ///

32   ///

MM-0009218

1  of the beneficiary as in the hands of the trust," the [*]

2  decision explicitly did not base its "taxability" determina-

3  tion on this "character" language:

4  ". . . The rules governing jurisdiction
   to tax and the character (conduit) [**] rule

5  are entirely separate and distinct and
   have no relation to each other.  As

6  stated in Bank of America v. U. S., 23
   Fed.Supp. 152 (1962), the conduit theory

7  should be applied not to find tax
   liability, but to determine only the

8  character of the amounts distributed for
   the purposes of assessing taxes after

9  tax liability has been established."
   (emphasis added).

11      For the FTB to expand the "character" definition

12  contained in R&T § 17833 to include "jurisdiction to tax"

13  would thus contradict its own Ruling and be without authority

14  in either the law, regulations or legislative history.

15  Accordingly, the FTB has approached this issue in a manner

16  directly contrary to the existing precedents, and its analysis

17  under § 17833 must be reversed:  The question of whether the

18  Percentage Payments are taxable under California law must be

19  determined before the character rule (ordinary income,

20  capital gain, etc.) can be considered.

---

[*]
The "character" aspects of § 17752 are virtually identical
to the "character" language of § 17833:
    "Section 17752. (a) Subject to subsection (b),
    the amount of income for the taxable year re-
    quired to be distributed currently by a trust
    described in Section 17751 shall be included
    in the gross income of the beneficiaries to
    whom the income is required to be distributed,
    whether distributed or not. . . .
        "(b) The amounts specified in subsection
    (a) shall have the same character in the hands
    of the beneficiary as in the hands of the
    trust. . . ."
§ 17833 is set forth in the footnote on page 6, supra.

[**]
The phrase "conduit rule" refers to the fact that § 17752
causes the character of income to flow through the trust to
the beneficiary.  Section 17833 causes the character of in-
come to flow through the decedent to the estate.

MM-0009219

As discussed above, the Percentage Payments are not taxable in California under existing law because they do not fall within any of the categories prescribed by R&T Reg. § 17742-17745(a)(2). This being so, there is no reason to determine whether the "character" of these amounts is ordinary income, capital gain, etc., and R&T § 17833 never comes into play. To hold otherwise would be to stretch the meaning of a section designed for an entirely different purpose in order to circumvent the clear language of a carefully drawn Regulation that deals with the precise question in point.

By reason of the foregoing, no part of the Percentage Payments is taxable in California.

The unfairness of taxing personal service income paid to the estate of a nonresident--as well as further evidence that such income was not intended by the legislature to be taxed--can be seen in R&T § 17836. According to this section, the estate is allowed a deduction from income in respect of a decedent only for California inheritance taxes paid on such income. [R&T § 17837 defines "inheritance tax" so as to exclude inheritance taxes paid to foreign states.] But where the decedent is a nonresident, no inheritance tax is paid in California on such asset because the estate of a nonresident is subject to California inheritance tax only on real property and tangible personal property located in California. Thus, under the FTB's analysis, the estates of nonresident decedents would be subjected to the burden of California income tax without the possibility of deduction for estate taxes paid with respect to such income. This would not be the case if the decedent were a resident, and there is no reason to assume this unfairness was intended by the legislature--particularly in the absence of clear authority, to tax these amounts. Quite the contrary, § 17836 is identical to IRC § 691(c)(1) where, of course, there are no such peculiar residency problems and the estate is always entitled to an income tax deduction for estate taxes paid on § 691 income.

MM-0009220

2. <u>Even If California Is Entitled To Tax The Percentage Payments, It Must Allow A Credit For Taxes Paid To The State Of New York.</u>

To avoid the burden of double taxation, R&T § 18004(a) allows a California tax credit to estates whose income is taxed by two jurisdictions:

> "If an estate or trust is a resident of this State and also a resident of another state, it shall, notwithstanding the limitations contained in Sections 18001 and 18002[*], be allowed a credit against taxes imposed by this part for net income taxes imposed by and paid to the other state, subject to the following conditions:
>
> "(a)  Credit shall be allowed only for such proportion of the taxes paid to the other state as the income taxable under this part and also subject to tax in the other state bears to the entire income upon which the taxes paid to the other state are imposed . . . ."

Pursuant to this formula, taxes paid to another state will be allowed as a credit against taxes levied in California with respect to the same income, and the California tax would be proportionately reduced.  Indeed, in a case such as the instant one (where the foreign state's tax rate exceeds the California rate), the tax credit under R&T § 18004(a) will totally offset the California assessment.**"

_____

*
    § 18001 and § 18002 deal with restrictions on tax credits allowable to residents and nonresidents which are not estates or trusts.

**
    The fact that the New York rates exceeded the California rates for all years relevant hereto is established by the Affidavit of Aaron Frosch, Executor, attached hereto as Exhibit "A".
        Specific illustrations of the applicability of § 18004(a) to the instant case are set forth in Exhibit "B" hereto.

MM-0009221

R&T § 18004(a) is operative when an estate is a "resident" of both this State and another.  The determination of residency for estates is not based upon the "minimum contacts" criteria employed for living individuals, but rather is governed by R&T § 18003 which provides that ". . . an estate or trust is a 'resident' of the state which taxes the income of the estate or trust <u>irrespective of whether the income is derived from sources within that state.</u>"

It has been suggested by the FTB that the California ancillary estate is not a "resident" within the meaning of R&T § 18003 (and hence is not entitled to the tax credit under R&T § 18004) but this position is based upon interpreting R&T § 18003 in the narrowest possible manner:

1.   As noted above, R&T § 18003 provides that an estate is a resident of the state which taxes its income ". . . irrespective of whether the income is derived from sources within that State."

2.   According to the FTB, this phrase means that an estate is only a resident of a state which taxes income both from sources within and without the state.

3.   By virtue of 1 and 2, the FTB asserts that, because California only taxes income from sources within this state, the domiciliary estate is not a California "resident" within the meaning of § 18003.

---

☆
This position is presumably founded on R&T Reg. § 18003-18004 which provides that:  ". . . If an estate or trust is taxable under the law on income from sources both within and without the State, it is a resident of California.  If, however, it is taxable only on income from sources within this State, it is a non-resident."

To sustain the FTB's interpretation of § 18003, one must construe "irrespective of whether such income is derived from sources within that State" to mean "only if some part of such income is derived from sources without that State." Such an interpretation is contrary to the plain meaning of the word "irrespective." Webster's Seventh New Collegiate Dictionary defines "irrespective of" as "without regard to; regardless of." The clear import of "irrespective" in R&T § 18003 is that, in determining the "residence" of an estate or trust, it is unimportant whether the income taxed is from sources within or without the State. If any portion of an estate's income, regardless of its source, is taxed by a jurisdiction, the estate will be a "resident" of that State under R&T § 18003 and entitled to a credit under R&T § 18004(a).

Strong evidence sustaining the correctness of this interpretation of R&T § 18003 is found in R&T § 18004. That section provides "If an estate or trust is a resident of this State and also a resident of another state, it shall, notwithstanding the limitations contained in R&T §§ 18001 and 18002 be allowed a credit . . ." (emphasis added). Yet R&T § 18002 deals only with limitations on the availability of a tax credit to nonresidents. Thus, there would seem to be only one reason for the legislature to have referred to this section: While an estate may be considered a "nonresident" for purposes of determining what portion, if any, of its income is to be taxed in California, once any part of its income is taxed by this State and another State it is entitled to a tax credit in California. This would not only seem an equitable rule for the avoidance of double taxation, but, unless the legislature's reference to R&T § 18002 is merely surplusage, it is compelled by the statute.

MM-0009223

Although R&T § 17032 states that headings should
not be used in interpreting the law, it is nonetheless
indicative of the authorities' interpretation that the head-
ing of R&T § 18004 both in West's Annotated Code and the
Prentice-Hall Tax Reporter states that this section deals
with tax credits for an "Estate or Trust Having Both Resident
and Non-resident Status" (emphasis added).  Again, unless this
was an idle act by the legislature, it would seem that the
scheme of tax credit under § 18004 envisions precisely the
instant situation—an estate which was a "resident" of a
foreign state and also taxed upon certain types of instate
income (i.e., as a "nonresident") by California.  Moreover,
any other interpretation of this heading would be inconsistent
with the legislature's reference to § 18002 in the body of
§ 18004.

The unfair burden of the FTB's position is readily
apparent in the instant case.  California did not assert its
tax on the Percentage Payments until December of 1971, almost
eight years after the first New York taxes were due on this
income.  The estate would presumably have been entitled to a
New York credit for California income taxes if it had paid
the California taxes when the New York returns were filed,
but by the time of California's assertion the New York returns
had long since been filed and the period within which to apply
for a New York refund had expired.  Accordingly, if the FTB's
position is sustained, the estate will have paid taxes to
two states on the same income with no possibility of a tax
credit.

By reason of the foregoing, if, contrary to
Appellant's assertion, the Percentage Payments are held to
constitute taxable income, California must nonetheless allow
a credit for taxes paid to the State of New York.

MM-0009224

3.  Even If No Credit Is Allowable, The Penalty Should Be
    Waived.

R&T § 25931 allows relief from the California penalty in the event "the failure is due to reasonable cause and not due to wilful neglect. . . ."  Appellant's basic position is that no income tax is due as claimed by the FTB; and if Appellant is successful, the penalty and interest will abate automatically.  Yet, even if Appellant should fail in its position of "no tax due," relief from the penalty should nevertheless be allowed.

The instant case is one of first impression on both the question of taxability and credit, and Appellant is aware of no authority other than as set forth herein which would guide a determination of these issues.  The Executor, an attorney in the State of New York, has at all times believed in good faith that no tax was due the State of California by reason of the Percentage Payments, and Appellant's failure to pay California taxes was based upon this understanding. Because of the difficulty in resolving these problems, and indeed the impossibility for either Appellant or the FTB to have come to conclusions with certainty, Appellant respectfully asks that, if it is finally determined a tax is due, the non-payment penalty be waived.

Authority that uncertainty in the law excuses the non-payment payment penalty may be found in FTB Legal Ruling No. 105, December 5, 1958.  In that instance, the FTB ruled

> "The law affixes no standard as to what
> will constitute 'reasonable cause' for
> this purpose [waiver of penalty]. . .
> The Courts have ruled that reasonable
> cause means nothing more than the exer-
> cise of ordinary business care and
> prudence; that the mere failure to comply
> with provisions of revenue laws is not
> a per se 'without reasonable cause'

- 15 -

MM-0009225

violation; that <u>it is well settled that
in the application of penalties, all
questions of doubt must be resolved in
favor of those from whom the penalty is
sought;</u> that it is not the purpose of the
law to penalize frank differences of
opinion. . . . [A] reasonable cause
excusing the failure to file a return
may exist where the belief that no return
was required is based on adequate grounds.
<u>Misunderstanding due to reasonable doubt
as to whether a return is required in
view of conflicting rulings or decisions,
or ambiguities in the law may be an
acceptable excuse.</u>"  (Emphasis added.)

See also <u>Palm Beach Trust Co. v. Com'r</u>, 174 F.2d 527 (D.C.

Cir. 1949), rev'g 9 TC 1060, <u>cert. den.</u> 338 U.S. 825.

CONCLUSION

As set forth more fully above, Appellant respectfully

asserts that the Percentage Payments are not taxable by the

State of California.  Moreover, even if these amounts are held

to be so taxable, California must allow a tax credit under R&T

§ 18004 which would totally offset the taxes for each of the

years in question.  If a tax is found to be due, in light of

the fact that Appellant has acted upon a good faith interpre-

tation of the law, Appellant requests that the penalty for

failure to file returns be waived.

Dated:  December 7, 1972.

Respectfully submitted,

GANG, TYRE & BROWN

By

Donald S. Passman
Attorneys for Appellant

MM-0009226

FRANCHISE TAX BOARD

STATE OF CALIFORNIA

| | | |
|---|---|---|
| ESTATE OF MARILYN MONROE, | ) | AFFIDAVIT OF |
| DECEASED, | ) | AARON R. FROSCH |
| | ) | |
| Federal Employer I.D. No. 136129486 | ) | |

STATE OF NEW YORK   )
                                        ) SS.
COUNTY OF NEW YORK )

      I, AARON R. FROSCH, being duly sworn, depose and say:

      1.  I am an attorney at law duly licensed to practice in the State of New York, and I am now, and at all times have been, the sole executor of the domiciliary Estate of Marilyn Monroe, Deceased, in New York ("the Estate").

      2.  I am familiar with the Estate's New York State Fiduciary Income Tax Returns for the years 1963 to the present, inclusive, and all such returns were filed over my signature. True and accurate copies of the returns for 1963 through 1970, inclusive, are attached hereto marked Exhibit A, Items 1 through 8.

      3.  In each of the years 1963 through 1970, inclusive, the gross income figure on the Estate's New York Fiduciary Income Tax Returns (and, more specifically, the item entitled "other income" in Schedule 5, line 9 of the 1963 through 1966 returns, and in Schedule 5, line 8 of the 1967 through 1970 returns) included all sums derived from the motion pictures entitled "The Misfits" and "Some Like It Hot" which were paid to the Estate. Accordingly, the income taxes based upon such amounts were paid to the State of New York, as set forth in these returns.

      4.  Exhibit B attached to this Affidavit is a true and accurate statement of the New York State Income Tax rates applicable to the Estate for the years in question.

      Dated _____, 1972, New York, New York.

Notarization:

                            _____
                                Aaron R. Frosch

MM-0009227

| | |
|---|---|
| 1 | 1 |
| 2 | 2 |
| 3 | 3 |
| 4 | 4 |
| 5 | 5 |
| 6 | 6 |
| 7 | 7 |
| 8 | 8 |
| 9 | 9 |
| 10 | 10 |
| 11 | 11 |
| 12 | 12 |
| 13 | 13 |
| 14 | 14 |
| 15 | 15 |
| 16 | 16 |
| 17 | 17 |
| 18 | 18 |
| 19 | 19 |
| 20 | 20 |
| 21 | 21 |
| 22 | 22 |
| 23 | 23 |
| 24 | 24 |
| 25 | 25 |
| 26 | 26 |
| 27 | 27 |
| 28 | 28 |
| 29 | 29 |
| 30 | 30 |
| 31 | 31 |
| 32 | 32 |

EXHIBIT A

MM-0009228

# FIDUCIARY RETURN—1963

N. Y. State Department
for Taxation and Finance

or other Taxable Year Beginning_____ 19____ Ending _____ 19____

Name of estate or trust: Check whether Estate ☑, Simple trust ☐, Complex trust ☐

**ESTATE OF MARILYN MONROE**

Name, address and title of fiduciary

**AARON R. FROSCH, Executor**

**120 East 55th St., New York, N.Y. 10022**
Postal ZIP code

Employer identification number of estate or trust

**13-6129485**

A. Check box if resident estate or trust ☒ and complete this form only; however, if there are nonresident beneficiaries, see instructions.
   Check box if nonresident estate or trust ☐ and complete required schedules on this form and Form IT-205-A. (see instructions)

B. Date trust was created or, if an estate, date of decedent's death **August 5, 1962**

C. If estate was closed, or trust terminated, state the date _____

D. Was a New York State fiduciary return filed for 1961? **N/A** 1962? **No** If "Yes," give complete title under which it was filed _____

   If "No," state reasons **No income**

E. If return is for a trust, check whether Testamentary ☐ or Inter Vivos ☐ and, if Inter Vivos, enter name and address of grantor _____

## SCHEDULE 1 — Names and addresses of beneficiaries (List all beneficiaries, whether resident or nonresident)

| 1. Name of each beneficiary (check box if beneficiary is a nonresident) | 2. Address of each beneficiary (if mailing address differs from home address, give both) | 3. Social security number of each beneficiary |
|---|---|---|
| (a) | | |
| (b) | | |
| (c) | | |
| (d) | | |

## SCHEDULE 2 — Computation of New York taxable income of resident estate or trust (Use Sch. 8 of Form IT-205-A to compute New York taxable income of a nonresident estate or trust)

| | | |
|---|---|---|
| 1. Federal taxable income of fiduciary (Sch. 5, line 24, page 2, this form) | | 179,824.42 |
| 2. Exemption claimed on Federal return (Sch. 5, line 22, page 2, this form) | | (60.) |
| 3. Line 1 plus line 2 | | 179,884.42 |
| 4. New York exemption | | 6000.00 |
| 5. Line 3 less line 4 | | 179,824.42 |
| 6. New York modifications relating to gains allocated to principal (see instructions) | | |
| 7. Line 5 less line 6 | | |
| 8. Fiduciary's share of New York Fiduciary Adjustment (from Sch. 4, Col. 3 below) | | |
| 9. New York taxable income of fiduciary (line 7 plus or minus line 8) Enter on line 1, Sch. 3 below | | 179,824.42 |

## SCHEDULE 3 — Computation of tax (To be completed for resident and nonresident estates and trusts)

| | | |
|---|---|---|
| 1. New York taxable income of fiduciary (from line 9, Sch. 2 above or line 12, Sch. 8 of Form IT-205-A) | | 179,824.42 |
| 2. TAX on amount on line 1 (from New York tax rate schedule — see instructions) | | 17,348.42 |

Attach remittance for full amount of Tax Due (line 2 above) payable to New York State Income Tax Bureau

## SCHEDULE 4 — Shares of New York Fiduciary Adjustment (To be completed by (1) resident estate or trust or (2) nonresident estate or trust having any resident beneficiaries)

| Beneficiary—same as in Sch. 1 above | Shares of Federal distributable net income (see instructions) | | 3. Shares of New York Fiduciary Adjustment | |
|---|---|---|---|---|
| | 1. Amount | 2. Percentage | | The Total of Col. 3, this schedule, should be the same as line 8, Sch. 7 page 2. If the New York Fiduciary Adjustment is a plus amount, ADD the Fiduciary's share at line 8, Sch. 2 above and ADD a resident beneficiary's share to the total Federal income on his New York return. If the Fiduciary Adjustment is a minus amount, SUBTRACT their respective shares. |
| (a) | | | | |
| (b) | | | | Do not write in space below |
| (c) | | | | |
| (d) | | | | |
| Fiduciary | | | | |
| Totals | | 100 % | | |

Signature of fiduciary or officer representing fiduciary _____ date

**EXHIBIT A - Item 1**

Signature of preparer other than fiduciary _____

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009229

1965 — NEW YORK STATE FIDUCIARY RETURN — 1965    11-205

In lieu of completing Schedules 5 and 6 below, attach a copy of the Federal Fiduciary Income Tax Return (Form 1041) marked "N. Y. Copy."
Schedule 7 must be completed even though a copy of Form 1041 is submitted.

**SCHEDULE 5 — Details of Federal taxable income of fiduciary (Enter items of income and deductions as reported for Federal tax purposes) (To be completed by resident estate or trust only)**

### INCOME

| | | |
|---|---|---|
| 1. Dividends (Enter full amount before exclusion) | | |
| 2. Interest on bank deposits, notes, corporation bonds, etc. | 1,037 50 | |
| 3. Interest on tax-free covenant bonds upon which a Federal income tax was paid at source | | |
| 4. Interest on Government obligations, etc. | | |
| 5. Income from partnerships and other fiduciaries | | |
| 6. Gross rents and royalties | | |
| 7. Gross profit (or loss) from trade or business | | |
| 8. (a) Net gain (or loss) from sale or exchange of capital assets | | |
| (b) Net gain (or loss) from sale or exchange of property other than capital assets | | |
| 9. Other income | 200,629 57 | |
| 10. Total income (lines 1 to 9, inclusive) | | 201,667 07 |

### DEDUCTIONS

| | | |
|---|---|---|
| 11. Interest | 686 47 | |
| 12. Taxes | 104 83 | |
| 13. Fiduciary's portion of depreciation and depletion | | |
| 14. Charitable deduction | 20,391 35 | |
| 15. Other deductions authorized by law | | 21,182 65 |
| 16. Total (lines 11 to 15, inclusive) | | 180,484 42 |
| 17. Line 10 minus line 16 | | |
| 18. Deduction for distributions to beneficiaries | | |
| 19. Adjustment of dividend exclusion (not to exceed $50) | | |
| 20. Federal estate tax attributable to income in respect of a decedent (Fiduciary's share) | | |
| 21. Long-term capital gain deduction | | |
| 22. Exemption (Federal) | 600 00 | 600 00 |
| 23. Total (lines 18 to 22, inclusive) | | |
| 24. Taxable income of fiduciary (line 17 minus line 23) (Enter on line 1, Sch. 2, page 1) | | 179,884 42 |

**SCHEDULE 6 — Resident beneficiaries' shares of income and deduction items from federal return (Form 1041, Schedule C) (Enter shares of resident beneficiaries as reportable for Federal tax purposes)**

| Beneficiary— same as listed in Sch. 1, page 1 of this form | 4. Amount of income required to be distributed currently | 5. Other amounts paid, credited, or otherwise required to be distributed | 6. Domestic dividends qualifying for Federal credit | 7. Income taxable to beneficiaries less portion reportable in cols. 6, 8, 9 and 10 |
|---|---|---|---|---|
| a) | | | | |
| b) | | | | |
| c) | | | | |
| d) | | | | |

NOTE—Use Schedule 10 on page 1 of Form IT-205-A to report shares of nonresident beneficiaries.

**Continuation of Schedule 6**

| | 8. Net short-term capital gain | 9. Net long-term capital gain (100%) | 10. Tax-exempt income, and foreign income of a foreign trust | 13. Depreciation and depletion |
|---|---|---|---|---|
| a) | | | Enter total for all beneficiaries as reported on Federal Form 1041 | |
| b) | | | | |
| c) | | | | |
| d) | | | | |

**SCHEDULE 7 — New York Fiduciary Adjustment (see instructions) (To be completed by (1) resident estate or trust or (2) non-resident estate or trust with a resident beneficiary)**

ADDITIONS:
| | | |
|---|---|---|
| 1. Interest income on state and local bonds, other than New York (gross amount) | | |
| 2. Income taxes deducted on Federal Fiduciary return | | |
| 3. Other additions | | |
| 4. Total additions | | |

SUBTRACTIONS:
| | | |
|---|---|---|
| 5. Interest income on United States obligations included in Federal income | | |
| 6. Other subtractions | | |
| 7. Total subtractions | | |
| 8. New York Fiduciary Adjustment—Difference between lines 4 and 7 to be entered as total of Col. 3, Sch. 4, page 1 | | |

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009230

**IT-205**

N. Y. State Department
of Taxation and Finance

## FIDUCIARY RETURN — 1964

NEW YORK STATE INCOME TAX

or taxable year beginning _____ 19__ ending _____ 19__

Name of estate or trust: Check whether Estate ☒, Simple trust ☐, Complex trust ☐

Name, address and title of fiduciary

*ESTATE OF MARILYN MONROE*

*AARON R FROSCH EXECUTOR*

*120 E 56 ST*

*N Y N Y 20*    Postal ZIP code *100022*

Employer identification number of estate or trust

Check box if resident estate or trust ☒ and complete this form only; however, if there are nonresident beneficiaries, see instructions)

Check box if nonresident estate or trust ☐ and complete required schedules on this form and Form IT-205-A. (see instructions)

Date trust was created or, if an estate, date of decedent's death *AUGUST 5 1962*

If estate was closed, or trust terminated, state the date _____

Was a New York State fiduciary return filed for 1962? _____ 1963? *YES* If "Yes," give complete title under which it was filed. *SAME*

If "No", state reasons _____

If return is for a trust, check whether Testamentary ☐ or Inter Vivos ☐ and, if Inter Vivos, enter name and address of grantor _____

### SCHEDULE 1—Names and addresses of beneficiaries (List all beneficiaries, whether resident or nonresident)

| 1. Name of each beneficiary (check box if beneficiary is a nonresident) | 2. Address of each beneficiary (If mailing address differs from home address, give both) | 3. Social Security number of each beneficiary |
|---|---|---|
| ☐ | | |
| ☐ | | |
| ☐ | | |
| ☐ | | |

### SCHEDULE 2—Computation of New York taxable income of resident estate or trust (Use Sch. 8 of Form IT-205-A to compute New York taxable income of a nonresident estate or trust)

| | |
|---|---|
| Federal taxable income of fiduciary (Sch. 5, line 24, page 2, this form) | 174,917 15 |
| Exemption claimed on Federal return (Sch. 5, line 22, page 2, this form) | 600 00 |
| Line 1 plus line 2 | 175,517 15 |
| New York exemption | 600 00 |
| Line 3 less line 4 | 174,917 15 |
| New York modifications relating to gains allocated to principal (see instructions) | — |
| Line 5 less line 6 | 174,917 15 |
| Fiduciary's share of New York Fiduciary Adjustment (from Sch. 4, Col. 3 below) | — |
| New York taxable income of fiduciary (line 7 plus or minus line 8) Enter on line 1, Sch. 3 below | 174,917 15 |

### SCHEDULE 3—Computation of tax (To be completed for resident and nonresident estates and trusts)

| | |
|---|---|
| New York taxable income of fiduciary (from line 9, Sch. 2 above or line 12, Sch. 8 of Form IT-205-A) | 174,917 15 |
| TAX on amount on line 1 (from New York tax rate schedule — see instructions) | 14,552.91 |

Make remittance payable to New York State Income Tax Bureau

### SCHEDULE 4—Shares of New York Fiduciary Adjustment (To be completed by (1) resident estate or trust or (2) nonresident estate or trust having any resident beneficiaries)

| Beneficiary— same as in Sch. 1 above | Shares of Federal distributable net income (see instructions) | | 3. Shares of New York Fiduciary Adjustment | The Total of Col. 3, this schedule, should be the same as line 8, Sch. 7, page 2. If the New York Fiduciary Adjustment is a plus amount, ADD the Fiduciary's share at line 8, Sch. 2 above and ADD a resident beneficiary's share to the total Federal income on his New York return. If the Fiduciary Adjustment is a minus amount, SUBTRACT their respective shares. |
|---|---|---|---|---|
| | 1. Amount | 2. Percentage | | |
| | | | | Do not write in space below |
| | | | | |
| Fiduciary's share | | 100 % | | |

Signature of fiduciary or officer representing fiduciary _____ date _____

EXHIBIT A - Item 2

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009231

In lieu of completing Schedule 5 and 6 below, attach a copy of the Federal Fiduciary Income Tax Return (Form 1041) marked "N. Y. Copy".
Schedule 7 must be completed even though a copy of Form 1041 is submitted.

**SCHEDULE 5 — Details of Federal taxable income of fiduciary (Enter items of income and deductions as reported for Federal tax purposes) (To be completed by resident estate or trust only)**

| INCOME | | |
|---|---|---|
| 1. Dividends (Enter full amount before exclusion) | 75.03 | 66 |
| 2. Interest on bank deposits, notes, corporation bonds, etc. | | |
| 3. Interest on tax-free covenant bonds upon which a Federal income tax was paid at source | | |
| 4. Interest on Government obligations, etc. | | |
| 5. Income from partnerships and other fiduciaries | | |
| 6. Gross rents and royalties | | |
| 7. Gross profit (or loss) from trade or business | | |
| 8. (a) Net gain (or loss) from sale or exchange of capital assets | | |
| (b) Net gain (or loss) from sale or exchange of property other than capital assets | 738935 74 | 186443 40 |
| 9. Other income | | |
| 10.     Total income (lines 1 to 9, inclusive) | | |
| DEDUCTIONS | | |
| 11. Interest | 7369 73 | |
| 12. Taxes | | |
| 13. Fiduciary's portion of depreciation and depletion | | |
| 14. Charitable deduction | 3554 52 | 10924 25 |
| 15. Other deductions authorized by law | | |
| 16.     Total (lines 11 to 15, inclusive) | | 175519 15 |
| 17. Line 10 minus line 16 | | |
| 18. Deduction for distributions to beneficiaries | | |
| 19. Adjustment of dividend exclusion (not to exceed $100) | | |
| 20. Federal estate tax attributable to income in respect of a decedent (Fiduciary's share) | | |
| 21. Long-term capital gain deduction | 600 — | 600 — |
| 22. Exemption (Federal) | | |
| 23.     Total (lines 18 to 22, inclusive) | | 174919 15 |
| 24. Taxable income of fiduciary (line 17 minus line 23) (Enter on line 1, Sch. 2, page 1) | | |

**SCHEDULE 6 — Resident beneficiaries' shares of income and deduction items from federal return (Form 1041, Schedule C) (Enter shares of resident beneficiaries as reportable for Federal tax purposes)**

| Beneficiary—name as listed in Sch. 1, page 1 of this form | 4. Amount of income required to be distributed currently | 5. Other amounts paid, credited, or otherwise required to be distributed | 6. Domestic dividends qualifying for Federal credit | 7. Income taxable to beneficiaries less portion reportable in cols. 6, 8, 9 and 10 |
|---|---|---|---|---|
| (a) | | | | |
| (b) | | | | |
| (c) | | | | |
| (d) | | | | |

NOTE—Use Schedule 10 on page 1 of Form IT-205-A to report shares of nonresident beneficiaries.

Continuation of Schedule 6

| | 8. Net short-term capital gain | 9. Net long-term capital gain (100%) | 10. Tax-exempt income, and foreign income of a foreign trust | 12. Depreciation and depletion |
|---|---|---|---|---|
| (a) | | | Enter total for all beneficiaries as reported on Federal Form 1041 | |
| (b) | | | | |
| (c) | | | | |
| (d) | | | | |

**SCHEDULE 7 — New York Fiduciary Adjustment (see instructions) (To be completed by (1) resident estate or trust or (2) non-resident estate or trust with a resident beneficiary)**

| ADDITIONS: | | |
|---|---|---|
| 1. Interest income on state and local bonds, other than New York (gross amount) | | |
| 2. Income taxes deducted on Federal Fiduciary return | | |
| 3. Other additions | | -0- |
| 4. Total additions | | |
| SUBTRACTIONS: | | |
| 5. Interest income on United States obligations included in Federal income | | |
| 6. Other subtractions | | -0- |
| 7. Total subtractions | | |
| 8. New York Fiduciary Adjustment—Difference between lines 4 and 7 to be entered as total of Col. 3, Sch. 4, page 1 | | NONE |

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009232

IT-205

N. Y. State Department
of Taxation and Finance

# FIDICIARY RETURN — 1965

or taxable year begin ......................... 19 ...... ending .............. 19 ......

Employer identification number
of estate or trust

Name of estate or trust
ESTATE OF MARILYN MONROE

Name, address and title of fiduciary
Aaron R. Frosch, Executor

120 East 56th Street

Postal ZIP code
New York, New York 10022

13-6129486

. Check box if resident estate or trust ☒ and complete this form only; however, if there are nonresident beneficiaries, see instructions.

. Check box if nonresident estate or trust ☐ and complete required schedules on this form and Form IT-205-A (see Instructions)

. Date trust was created or, if an estate, date of decedent's death ..... August 5, 1962 ........................

. If estate was closed, or trust terminated, state the date ........................................................................ Same

. Was a New York State fiduciary return filed for 1963? .. Yes ... 1964? . Yes .. If "Yes", give complete title under which it was filed ......

. If "No", state reasons .........................................................................................................................
. Check whether return is for an Estate ☒ , Simple trust ☐ , or Complex trust ☐ . If return is for a trust, check whether Testamentary ☐ or Inter Vivos ☐

. and, if Inter Vivos, enter name and address of grantor ...............................................................................

**Schedule 1—Names and addresses of beneficiaries (list all beneficiaries, whether resident or nonresident)**

| Name of each beneficiary (check box if beneficiary is a nonresident) | 2. Address of each beneficiary (if mailing address differs from home address, give both) | 3. Social Security number of such beneficiary |
|---|---|---|
| a) | ☐ | |
| b) | ☐ | |
| c) | ☐ | |

**Schedule 2—Computation of New York taxable income of resident estate or trust (Use Sch. 8 of Form IT-205-A to compute New York taxable income of a nonresident estate or trust)**

| | |
|---|---|
| . Federal taxable income of fiduciary (Sch. 5, line 24, page 2, this form) | 108601.00 |
| . Exemption claimed on Federal return (Sch. 5, line 22, page 2, this form) | 660100 |
| . Line 1 plus line 2 | 108601.00 |
| . New York exemption | |
| . Line 3 less line 4 | 108601.00 |
| . New York modifications relating to gains allocated to principal (see instructions) | |
| . Fiduciary's share of New York Fiduciary Adjustment (from Sch. 4, Col. 3 below) | |
| . New York taxable income of fiduciary (line 7 plus or minus line 8) Enter on line 1, Sch. 3 below | 142602.00 |

**Schedule 3—Computation of tax (To be completed for resident and nonresident estates and trusts)**

| | |
|---|---|
| . New York taxable income of fiduciary (from line 9, Sch. 2 above or line 12, Sch. 8 of Form IT-205-A) | 142602.00 |
| . TAX on amount on line 1 (from New York tax rate schedule — see instructions) | |
| | |
| | |
| . Make remittance payable to New York State Income Tax Bureau | |

**Schedule 4 — Shares of New York Fiduciary Adjustment (To be completed by (1) resident estate or trust or (2) nonresident estate or trust having any resident beneficiaries)**

| Beneficiary— same as in Sch. 1 above | Shares of Federal distributable net income (see Instructions) | | 3. Shares of New York Fiduciary Adjustment | |
|---|---|---|---|---|
| | 1. Amount | 2. Percentage | | The Total of Col. 3, this schedule, should be the same as line 8, Sch. 7, page 2. If the New York Fiduciary Adjustment is a plus amount, ADD the Fiduciary's share to line 8, Sch. 2 above and ADD a resident beneficiary's share to the total Federal income on his New York return. If the Fiduciary Adjustment is a minus amount, SUBTRACT their respective shares. |
| a) | | | | |
| b) | | | | |
| c) | | | | |
| d) | | | | |
| Fiduciary | 100% | 342001 35 | | Do not write in space below |
| Totals | 100 % | 342001 35 | | |

CLIENT'S COPY

Sign here
Mr. Howard O. Lashaw
Lapides & Wolf

'gnature of person or officer representing fiduciary

date

New York, N. Y. 10016          9 E. 40th St., NYC 16

A-1366

cu of completing Schedule 5 and 6 below, attach a copy of the Federal Fiduciary Income Tax Return (Form 1041).
Rule 7 must be completed even though a copy of Form 1041 is submitted.

**Schedule 5 — Details of Federal taxable income of fiduciary (Enter items of income and deductions as reported for Federal tax purposes) (To be completed by resident estate or trust only)**

| INCOME | | |
|---|---|---|
| Dividends (Enter full amount before exclusion) | 2738 | 41 |
| Interest on bank deposits, notes, corporation bonds, etc. | | |
| Interest on tax-free covenant bonds upon which a Federal income tax was paid at source | | |
| Interest on Government obligations, etc. | | |
| Income from partnerships and other fiduciaries | | |
| Gross rents and royalties | | |
| Gross profit (or loss) from trade or business | | |
| (a) Net gain (or loss) from sale or exchange of capital assets | | |
| (b) Net gain (or loss) from sale or exchange of property other than capital assets | 171239 08 | |
| Other income | | 173977 49 |
| Total income (lines 1 to 9, inclusive) | | |
| DEDUCTIONS | | |
| Interest | 14207 44 | |
| Taxes | 34200 35 | |
| Fiduciary's portion of depreciation and depletion | | |
| Charitable deduction | 1941 88 | |
| Other deductions authorized by law | | 50349 67 |
| Total (lines 11 to 15, inclusive) | | 123627 82 |
| Line 10 minus line 16 | | |
| Deduction for distributions to beneficiaries | | |
| Adjustment of dividend exclusion (not to exceed $100) | | |
| Federal estate tax attributable to income in respect of a decedent (Fiduciary's share) | 14566 12 | |
| Long-term capital gain deduction | 600 00 | |
| Total (lines 18 to 22, inclusive) | | 15166 12 |
| Taxable income of fiduciary (line 17 minus line 23) | | 108461 70 |

**Schedule 6 — Resident beneficiaries' shares of income and deduction items from federal return (Form 1041, Schedule C)**
(Enter shares of resident beneficiaries as reportable for Federal tax purposes)

| Beneficiary— same as listed in Sch. 1, page 1 of this form | 4. Amount of income required to be distributed currently | 5. Other amounts paid, credited, or otherwise required to be distributed | 6. Domestic dividends qualifying for Federal exclusion | 7. Income taxable to beneficiaries less portion reportable in col's. 8, 9, and 10 |
|---|---|---|---|---|
| ) | | | | |
| ) | | | | |
| ) | | | | |

NOTE—Use Schedule 10 on page 1 of Form IT-205-A to report shares of nonresident beneficiaries.

**Continuation of Schedule 6**

| | 8. Net short-term capital gain | 9. Net long-term capital gain (100%) | 10. Tax-exempt income, and foreign income of a foreign trust | 11. Depreciation and depletion |
|---|---|---|---|---|
| ) | | | Enter total for all beneficiaries as reported on Federal Form 1041 | |
| ) | | | | |
| ) | | | | |

**Schedule 7 — New York Fiduciary Adjustment (see instructions) (To be completed by (1) resident estate or trust or (2) nonresident estate or trust with a resident beneficiary)**

| ADDITIONS: | | |
|---|---|---|
| 1. Interest income on state and local bonds, other than New York (gross amount) | | |
| 2. Income taxes deducted on Federal Fiduciary return | 34200 35 | |
| 3. Other additions | | |
| 4. Total additions | | 34200 35 |
| SUBTRACTIONS: | | |
| 5. Interest income on United States obligations included in Federal income | | |
| 6. Other subtractions | | |
| 7. Total subtractions | | 34200 35 |

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009234

**205 Fiduciary Return 1966** (fiscal year ended _____)

NY State Department of Taxation and Finance

Name of estate or trust
**ESTATE OF MARILYN MONROE**

Name and title of fiduciary
**AARON R FROSCH EXECUTOR**

Address of fiduciary (Number and street or rural route)
**120 EAST 56 ST**

City, village or post office and State
**NY NY**    ZIP code **10022**

Employer identification number of estate or trust
**13-6129486**

A. Enter box if nonresident estate or trust ☒ and complete this form only; however, if there are nonresident beneficiaries, see instructions

Enter box if nonresident estate or trust ☐ and complete required schedules on this form and Form IT-205-A. (see instructions)

B. Date trust was created or, if an estate, date of decedent's death **Aug 5 1962**

C. If estate was closed, or trust terminated, state the date _____

D. Was a New York State fiduciary return filed for 1964? **Yes** 1965? **Yes** If "Yes," give complete title under which it was filed _____

If "No", state reasons _____

Enter whether return is for an Estate ☒, Simple trust ☐, or Complex trust ☐  If return is for a trust, check whether Testamentary ☐ or Inter Vivos ☐

If ____ enter name and address of grantor _____

**Schedule 1 — Names and addresses of beneficiaries. List all beneficiaries, whether resident or nonresident.**

| 1. Name of each beneficiary. Check box if beneficiary is a nonresident. | 2. Address of each beneficiary. If mailing address differs from home address, give both. | 3. Social Security number of each beneficiary |
|---|---|---|
| (a) ☐ | | |
| (b) ☐ | | |
| (c) ☐ | | |

**Schedule 2 — Computation of New York taxable income of resident estate or trust. Use Sch. 8 of Form IT-205-A for New York taxable income of a nonresident estate or trust.**

| | | |
|---|---|---|
| 1. Federal taxable income of fiduciary (Sch. 5, line 24, page 2, this form) | | 135,012.20 |
| 2. Exemption claimed on Federal return (Sch. 5, line 22, page 2, this form) | | 600 00 |
| 3. Line 1 plus line 2 | | 135,612.20 |
| 4. New York exemption | | 600 00 |
| 5. Line 3 less line 4 | | 135,012.20 |
| 6. New York modifications relating to gains allocated to principal (see instructions) | | 135,012.20 |
| 7. Line 5 less line 6 | | 14,037 93 |
| 8. Fiduciary's share of New York Fiduciary Adjustment (from Sch. 4, Col. 3 below) | | 14,037 93 |
| 9. New York taxable income of fiduciary (line 7 plus or minus line 8) Enter on line 1, Sch. 3 below | | 149,456 13 |

**Schedule 3 — Computation of tax. To be completed for resident and nonresident estates and trusts.**

| | | |
|---|---|---|
| 1. New York taxable income of fiduciary (from line 9, Sch. 2 above or line 12, Sch. 8 of Form IT-205-A) | | 149,456 13 |
| 2. TAX on amount on line 1 (from New York tax rate schedule — see instructions) | | 14,305 61 |

Make remittance payable to New York State Income Tax Bureau.

**Schedule 4 — Shares of New York Fiduciary Adjustment. To be completed by (1) resident estate or trust or (2) nonresident estate or trust having any resident beneficiaries.**

| Beneficiary — same as in Sch. 1 above | Shares of Federal distributable net income (see instructions) | | 3. Shares of New York Fiduciary Adjustment | |
|---|---|---|---|---|
| | 1. Amount | 2. Percentage | | |
| (a) | | | | |
| (b) | | | | |
| (c) | | | | |
| (d) | | | 14,037 | 93 |
| Fiduciary | | 100 % | 14,037 | 93 |
| Totals | | 100 % | 14,037 | 93 |

The Total of Col. 3, this schedule, should be the same as line 8, Sch. 7, page 2. If the New York Fiduciary Adjustment is a plus amount, ADD the fiduciary's share at line 8, Sch. 2 above and ADD a resident beneficiary's share to the total Federal income on his New York return. If the Fiduciary Adjustment is a minus amount, SUBTRACT their respective shares.

for office use only

Sign here ▶ _____

Signature of fiduciary or officer representing fiduciary _____    Date **2/9/67**

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009235

Schedule ... be completed even though a copy of Form 1041 is submitted.

**Schedule 5 — Details of Federal taxable income of fiduciary. Enter items of income and deductions as reported for Federal tax purposes. To be completed by resident estate or trust only.**

INCOME

| | | | |
|---|---|---|---|
| 1. Dividends (enter full amount before exclusion) | | 52 70 | 71 |
| 2. Interest on bank deposits, notes, corporation bonds, etc. | | | |
| 3. Interest on tax-free covenant bonds upon which a Federal income tax was paid at source | | | |
| 4. Interest on Government obligations, etc. | | | |
| 5. Income from partnerships and other fiduciaries | | | |
| 6. Gross rents and royalties | | | |
| 7. Gross profit (or loss) from trade or business | | | |
| 8. (a) Net gain (or loss) from sale or exchange of capital assets | | | |
| (b) Net gain (or loss) from sale or exchange of property other than capital assets | | 180 131 | 22 |
| 9. Other income | | | |
| 10. Total income (lines 1 to 9, inclusive) | | 185 401 | 93 |

DEDUCTIONS

| | | | |
|---|---|---|---|
| 11. Interest | | 14 037 | 93 |
| 12. Taxes | | | |
| 13. Fiduciary's portion of depreciation and depletion | | | |
| 14. Charitable deduction | | | |
| 15. Other deductions authorized by law | | 11 416 | 35 |
| 16. Total (lines 11 to 15, inclusive) | | 25 454 | 28 |
| 17. Line 10 minus line 16 | | 159 947 | 65 |
| 18. Deduction for distributions to beneficiaries | | | |
| 19. Adjustment of dividend exclusion (not to exceed $100) | | | |
| 20. Federal estate tax attributable to income in respect of a decedent (Fiduciary's share) | | 23 929 | 45 |
| 21. Long-term capital gain deduction | | | |
| 22. Exemption (Federal) | | 600 | — |
| 23. Total (lines 18 to 22, inclusive) | | 24 529 | 45 |
| 24. Taxable income of fiduciary (line 17 minus line 23)  Enter on line 1, Sch. 2, page 1 | | 135 418 | 20 |

**Schedule 6 — Resident beneficiaries' shares of income and deduction items from Federal Return Form 1041, Schedule C. Enter shares of resident beneficiaries as reportable for Federal tax purposes.**

| a. Name ... address of ... this income | 4. Amount of income required to be distributed currently | 5. Other amounts paid, credited, or otherwise required to be distributed | 6. Domestic dividends qualifying for Federal exclusion | 7. Income taxable to beneficiaries less portion reportable in cols. 6, 8, 9 and 10 |
|---|---|---|---|---|
| (a) | | | | |
| (b) | | | | NOTE—Use Schedule 10 on page 1 of Form IT-205-A to report shares of nonresident beneficiaries. |

Continuation of Schedule 6

| | 8. Net short-term capital gain | 9. Net long-term capital gain (100%) | 10. Tax-exempt income, and foreign income of a foreign trust | 13. Depreciation and depletion |
|---|---|---|---|---|
| (a) | | | Enter total for all beneficiaries as reported on Federal Form 1041 | |
| (b) | | | | |

**Schedule 7 — New York Fiduciary Adjustment—see instructions. To be completed by (1) resident estate or trust or (2) nonresident estate or trust with a resident beneficiary.**

ADDITIONS:

| | | | |
|---|---|---|---|
| 1. Interest income on state and local bonds, other than New York (gross amount) | | 14 037 | 93 |
| 2. Income taxes deducted on Federal Fiduciary Return | | | |
| 3. Other additions | | | |
| 4. Total additions | | 14 037 | 93 |

SUBTRACTIONS:

| | | | |
|---|---|---|---|
| 5. Interest income on United States obligations included in Federal income | | | |
| 6. Other subtractions | | | |
| 7. Total subtractions | | — | |
| 8. New York Fiduciary Adjustment—Difference between lines 4 and 7 to be entered as total of Col. 3, Sch. 4, page 1 | | 14 037 | 93 |

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009236

# IT-205 Fiduciary Return 1967 (fiscal year ended _____)

**R**

**NY State Department of Taxation and Finance**

Name of estate or trust: *ESTATE OF MARILYN MONROE*

Name and title of fiduciary: *AARON R. FROSCH EXECUTOR*

Address of fiduciary (Number and street or rural route): *120 EAST 56 STREET*

City, village or post office and State: *N Y · N Y*    ZIP code: *10022*

Employer identification number: *13 - 6129486*

A) Check box if resident estate or trust ☑ and complete this form only; however, if there are nonresident beneficiaries, see instructions.

Check box if nonresident estate or trust ☐ and complete required schedules on this form and Form IT-205-A. (see instructions)

B) Date trust was created or, if an estate, date of decedent's death. *8/5/62*

C) If estate was closed, or trust terminated, state the date _____

D) Was a New York State fiduciary return filed for 1966? *Yes*    1966? *Yes*

if "Yes," give complete title under which it was filed *SAME*

if "No," state reasons

E) Check whether return is for an Estate ☑, Simple trust ☐, or Complex trust ☐. If return is for a trust, check whether Testamentary ☐ or Inter Vivos ☐ and, if Inter Vivos, enter name and address of grantor

## Schedule 1 — Names and addresses of beneficiaries. List all beneficiaries, whether resident or nonresident.

| 1 Name of each beneficiary. Check box if beneficiary is a nonresident. | 2 Address of each beneficiary. If mailing address differs from home address, give both. | 3 Social security number of each beneficiary |
|---|---|---|
| a) ☐ | | |
| b) ☐ | | |
| c) ☐ | | |
| d) ☐ | | |

## Schedule 2 — Computation of New York taxable income of resident estate or trust. Use Sch. 8 of Form IT-205-A to compute New York taxable income of a nonresident estate or trust.

| | |
|---|---|
| 1 Federal taxable income of fiduciary (Sch. 5, line 24, page 2, this form) | 134 450 83 |
| 2 Exemption claimed on Federal return (Sch. 5, line 22, page 2, this form) | 600 - |
| 3 Line 1 plus line 2 | 135 050 23 |
| 4 New York exemption | 600 00 |
| 5 Line 3 less line 4 | 134 450 23 |
| 6 New York modifications relating to gains allocated to principal (see instructions) | |
| 7 Line 5 less line 6 | 134 450 23 |
| 8 Fiduciary's share of New York Fiduciary Adjustment (from Sch. 4, Col. 3 below) | 32 678 63 |
| 9 New York taxable income of fiduciary (line 7 plus or minus line 8) Enter on line 1, Sch. 3 below | 167 129 51 |

## Schedule 3 — Computation of tax. To be completed for resident and nonresident estates and trusts.

| | |
|---|---|
| 1 New York taxable income of fiduciary (from line 9, Sch. 2 above or line 12, Sch. 8 of Form IT-205-A) | 167 129 51 |
| 2 TAX on amount on line 1 (from New York tax rate schedule — see instructions) | 16 072 95 |
| LESS PAYMENT DEC 19, 1967 | 14 000 - |
| | |
| Make remittance payable to New York State Income Tax Bureau | 2 072 95 |

## Schedule 4 — Shares of New York Fiduciary Adjustment. To be completed by (1) resident estate or trust or (2) nonresident estate or trust having any resident beneficiaries.

| Beneficiary— same as in Sch. 1 above | Shares of Federal distributable net income (see instructions) | | 3 Shares of New York Fiduciary Adjustment | |
|---|---|---|---|---|
| | 1 Amount | 2 Percentage | | |
| a) | | | | The Total of Col. 3, this schedule, should be the same as line 8, Sch. 7, page 2. If the New York Fiduciary Adjustment is a plus amount, ADD the Fiduciary's share at line 8, Sch. 2 above and ADD a resident beneficiary's share to the total Federal income on his New York return. If the Fiduciary Adjustment is a minus amount, SUBTRACT their respective shares. |
| b) | | | | |
| c) | | | | |
| d) | | | | |
| Fiduciary | | | 32 678 68 | For office use only |
| Totals | | 100% | 32 678 68 | |

Sign here ▶

Signature of fiduciary or officer representing fiduciary    Date

Signature of person preparing return if other than fiduciary    Address    Date

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009237

...ule 7 must be completed even though a copy of Form 1041 is submitted.

## 5 — Details of Federal taxable income of fiduciary. Enter items of income and deductions as reported for Federal tax purposes. To be completed by resident estate or trust only.

| ...OME | | |
|---|---|---|
| Dividends (Enter full amount before exclusion) | 10,797 | 31 |
| Interest on bank deposits, notes, corporation bonds, etc. | | |
| Interest on tax-free covenant bonds upon which a Federal income tax was paid at source   STATE TAX REFUNDS | 6,852 | 61 |
| Interest on Government obligations | | |
| Income from partnerships and other fiduciaries | 857 | 20 |
| Gross rents and royalties | | |
| Gross profit (or loss) from trade or business | | |
| a) Net gain (or loss) from sale or exchange of capital assets | | |
| b) Net gain (or loss) from sale or exchange of property other than capital assets | 154,031 | 99 |
| Other income | | 172,539 | 11 |
| Total income (lines 1 to 9, inclusive) | | |
| DUCTIONS | | |
| Interest | 310 | 65 |
| Taxes | 32,678 | 68 |
| Fiduciary's portion of depreciation and depletion | | |
| Charitable deduction | | |
| Other deductions authorized by law | 4,548 | 95 |
| Total (lines 11 to 15, inclusive) | | 37,533 | 28 |
| Line 10 minus line 16 | | 135,050 | 93 |
| Deduction for distributions to beneficiaries | | |
| Adjustment of dividend exclusion (not to exceed $100) | | |
| Federal estate tax attributable to income in respect of a decedent (Fiduciary's share) | | |
| Long-term capital gain deduction | 600 | — |
| Exemption (Federal) | | 600 | — |
| Total (lines 18 to 22, inclusive) | | |
| Taxable income of fiduciary (line 17 minus line 23) Enter on line 1, Sch. 2, page 1. | | 134,450 | 93 |

...hedule 6 — Resident beneficiaries' shares of income and deduction items from Federal Return Form 1041, Schedule C. Enter shares of resident beneficiaries as reportable for Federal tax purposes.

| ...eficiary as listed in 1, page 1 of form | 4 Amount of income required to be distributed currently | 5 Other amounts paid, credited, or otherwise required to be distributed | 6 Domestic dividends qualifying for Federal exclusion | 7 Income taxable to beneficiaries less portion reportable in cols. 8, 9 and 10 | NOTE — Use Schedule 10 on page 1 of Form IT-205-A to report shares of nonresident beneficiaries. |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

...ntinuation of Schedule 6

| | 8 Net short-term capital gain | 9 Net long-term capital gain (100%) | 10 Tax-exempt income | 13 Depreciation and depletion |
|---|---|---|---|---|
| | | | Enter total for all beneficiaries as reported on Federal Form 1041 | |
| | | | | |

...hedule 7 — New York Fiduciary Adjustment — see instructions. To be completed by (1) resident estate or trust or (2) non-resident estate or trust with a resident beneficiary.

| ...ditions | | |
|---|---|---|
| Interest income on state and local bonds, other than New York (gross amount) | 32,678 | 68 |
| Income taxes deducted on Federal Fiduciary Return | | |
| Other additions | | |
| Total additions | | 32,678 | 68 |
| ...btractions | | |
| Interest income on United States obligations included in Federal income | | |
| Other subtractions | | |
| Total subtractions | | 32,678 | 68 |
| New York Fiduciary Adjustment — Difference between lines 4 and 7 to be entered as total of Col. 3, Sch. 4, page 1 | | |

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009238

IT-205 Fiduciary Return 1968                                          (fiscal year ended _____)

NY State Department
of Taxation and Finance

MONROE, MARILYN EST          .3147          Employer identification number
AARON R FROSCH EXEC
Use this preaddressed          120 E 56TH ST                          13-6027426
form. Make any               NEW YORK N Y 10022      CLIENT'S COPY
necessary changes in
name and address.

A) Check box if resident estate or trust ☐ and complete this form only; however, if there are nonresident beneficiaries, see instructions.
   Check box if nonresident estate or trust ☐ and complete required schedules on this form and Form IT-205-A. (see instructions)
B) Date trust was created or, if an estate, date of decedent's death _____
C) If estate was closed, or trust terminated, state the date
D) Was a New York State fiduciary return filed for 1966? Yes __ 1967 __
   If "Yes," give complete title under which it was filed _____
   If "No," state reasons
E) Check whether return is for an Estate ☐, Simple trust ☐, or Complex trust ☐ if return is for a trust, check whether Testamentary ☐ or Inter
   Vivos ☐ and, if Inter Vivos, enter name and address of grantor

**Schedule 1 — Names and addresses of beneficiaries.** List all beneficiaries, whether resident or nonresident.

| 1 Name of each beneficiary. Check box if beneficiary is a nonresident. | 2 Address of each beneficiary. If mailing address differs from home address, give both. | 3 Identifying number of each beneficiary |
|---|---|---|
| a) | ☐ | |
| b) | ☐ | |
| c) | ☐ | |

**Schedule 2 — Computation of New York taxable income of resident estate or trust.** Use Sch. 8 of Form IT-205-A to compute
New York taxable income of a nonresident estate or trust.

| | | |
|---|---|---|
| 1 Federal taxable income of fiduciary (Sch. 5, line 23, page 2, this form) | | 600 |
| 2 Exemption claimed on Federal return (Sch. 5, line 21, page 2, this form) | | |
| 3 Line 1 plus line 2 | | 600 00 |
| 4 New York exemption | | |
| 5 Line 3 less line 4 | | |
| 6 New York modifications relating to gains allocated to principal (see instructions) | | |
| 7 Line 5 less line 6 | | |
| 8 Fiduciary's share of New York Fiduciary Adjustment (from Sch. 4, Col. 3 below) | | |
| 9 New York taxable income of fiduciary (line 7 plus or minus line 8) Enter on line 1, Sch. 3 below | | |

**Schedule 3 — Computation of tax.** To be completed for resident and nonresident estates and trusts.

| | | |
|---|---|---|
| 1 New York taxable income of fiduciary (from line 9, Sch. 2 above or line 12, Sch. 8 of Form IT-205-A) | | |
| 2 TAX on amount on line 1 (from New York tax rate schedule — see instructions) | | 73 |

Make remittance payable to New York State Income Tax Bureau

**Schedule 4 — Shares of New York Fiduciary Adjustment.** To be completed by (1) resident estate or trust or (2) nonresident
estate or trust having any resident beneficiaries.

| Beneficiaries same as in Sch. 1 above | Shares of Federal distributable net income (see instructions) | | 3 Shares of New York Fiduciary Adjustment | The Total of Col. 3, this schedule, should be the same as line 8, Sch. 7, page 2. If the New York Fiduciary Adjustment is a plus amount, ADD the Fiduciary's share at line 8, Sch. 2 and ADD a resident beneficiary's share to the total Federal income on his New York return. If the Fiduciary Adjust- ment is a minus amount, SUBTRACT their respec- tive shares. |
|---|---|---|---|---|
| | 1 Amount | 2 Percentage | | |
| a) | | | | |
| b) | | | | For office use only |
| c) | | | | |
| d) | | | | |
| Fiduciary | | | | |
| Totals | | 100% | | |

Sign here ▶

Signature of fiduciary or officer representing fiduciary                    Date

6 E 39 ST NY NY 10016
                                                  Address

EXHIBIT A — Item 5

CONFIDENTIAL CMG v. Shaw Family Archives          MM-0009239
Subject to Protective Order

(Form 1041) and Federal Schedule E (Form 1041).
Schedule 7 must be completed even though copies of Form 1041 and Schedule E (Form 1041) are submitted.

**Schedule 5 — Details of Federal taxable income of fiduciary. Enter items of income and deductions as reported for Federal tax purposes. To be completed by resident estate or trust only.**

| INCOME | | |
|---|---|---|
| 1 Dividends (Enter full amount before exclusion) | 8179 | |
| 2 Interest | 19 | |
| 3 Income from partnerships and other fiduciaries STATE TAX REFUND | (67) | |
| 4 Gross rents and royalties | | |
| 5 Gross profit (loss) from trade or business | | |
| 6 Net gain (loss) capital assets | | |
| 7 Net gain (loss) property other than capital assets | 46323 | |
| 8 Other income | | 54303 |
| 9 Total income (lines 1 to 8, inclusive) | | |
| DEDUCTIONS | | |
| 10 Interest | 8164 | |
| 11 Taxes | | |
| 12 Fiduciary's portion of depreciation and depletion | | |
| 13 Charitable deduction | | |
| 14 Other deductions | 2416 | |
| 15 Total (lines 10 to 14, inclusive) | | |
| 16 Line 9 minus line 15 | | |
| 17 Deduction for distributions to beneficiaries | | |
| 18 Adjustment of dividend exclusion | | |
| 19 Federal estate tax attributable to income in respect of a decedent (Fiduciary's share) | | |
| 20 Long-term capital gain deduction | | |
| 21 Exemption (Federal) | 600 | 600 |
| 22 Total (lines 17 to 21, inclusive) | | |
| 23 Taxable income of fiduciary (line 16 minus line 22) Enter on line 1, Sch. 2, page 1. | | |

**Schedule 6 — Resident beneficiary's share of income and deduction items from Federal Schedule E (Form 1041). Enter shares of resident beneficiaries as reportable for Federal tax purposes.**

| Beneficiary— name as listed in Sch. 1, page 1 of this form | 1 Dividends qualifying for Federal exclusion | 2 Short-term capital gain | 3 Long-term capital gain | NOTE — Use Schedule 10 on page 1 of Form IT-205-A to report shares of nonresident beneficiaries. |
|---|---|---|---|---|
| a) | | | | |
| b) | | | | |
| c) | | | | |
| d) | | | | |

Continuation of Schedule 6

| | 4 Other taxable income | 5 Depreciation and depletion | 7 Other deductions |
|---|---|---|---|
| a) | | | |
| b) | | | |
| c) | | | |
| d) | | | |

**Schedule 7 — New York Fiduciary Adjustment — see instructions. To be completed by (1) resident estate or trust or (2) nonresident estate or trust with a resident beneficiary.**

| Additions | | |
|---|---|---|
| 1 Interest income on state and local bonds, other than New York (gross amount) | | |
| 2 Income taxes deducted on Federal Fiduciary Return | 9696 | |
| 3 Other additions | | |
| 4 Total additions | | 9696 |
| Subtractions | | |
| 5 Interest income on United States obligations included in Federal income | | |
| 6 Other subtractions — INCOME TAX REFUND INCLUDED ON FEDERAL RET | 1056 | |
| 7 Total subtractions | | 1056 |
| 8 New York Fiduciary Adjustment — Difference between lines 4 and 7 to be entered as total of Col. 3, Sch. 4, page 1 | | |

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009240

**IT-205** NEW YORK STATE FIDUCIARY FORM **Fiduciary Return 1969** (fiscal year ended _____)

NY State Department of Taxation and Finance

Name of estate or trust
ESTATE OF MARILYN MONROE

Name and title of fiduciary
AARON R. FROSCH, EXECUTOR

Address of fiduciary (Number and street of rural route)
120 EAST 56TH STREET

City, village or post office and State    ZIP code
NEW YORK, NEW YORK 10022

Employer Identification Number
13-6129486

A) Check box if resident estate or trust ☑ and complete this form only; however, if there are nonresident beneficiaries, see instructions.

Check box if nonresident estate or trust ☐ and complete required schedules on this form and Form IT-205-A. (see instructions)

If revocable trust which changed residence during the year, state the date. (see instructions) _____

B) Date trust was created or, if an estate, date of decedent's death AUG. 5, 1962. If estate was closed, or trust terminated, state the date _____

D) Was a New York State fiduciary return filed for 1967? YES 1968? YES

If "Yes," give complete title under which it was filed SAME

If "No," state reasons

E) Check whether return is for an Estate ☑, Simple trust ☐, or Complex trust ☐. If return is for a trust, check whether Testamentary ☐ or Inter Vivos ☐ and, if Inter Vivos, enter name and address of grantor

**Schedule 1 — Names and addresses of beneficiaries. List all beneficiaries, whether resident or nonresident.**

| 1 Name of each beneficiary. Check box if beneficiary is a nonresident. | | 2 Address of each beneficiary. If mailing address differs from home address, give both. | 3 Identifying number of each beneficiary |
|---|---|---|---|
| a) | ☐ | | |
| b) | ☐ | | |
| c) | ☐ | | |
| d) | ☐ | | |

**Schedule 2 — Computation of New York taxable income of resident estate or trust. Use Sch. 8 of Form IT-205-A to compute New York taxable income of a nonresident estate or trust.**

| | |
|---|---|
| 1 Federal taxable income of fiduciary (Sch. 5, line 23, page 2, this form) | 693434 |
| 2 Exemption claimed on Federal return (Sch. 5, line 21, page 2, this form) | 600 00 |
| 3 Line 1 plus line 2 | 693434 |
| 4 New York exemption | 600 00 |
| 5 Line 3 less line 4 | 693434 |
| 6 New York modifications relating to gains allocated to principal (see instructions) | 693434 |
| 7 Line 5 less line 6 | 2928 03 |
| 8 Fiduciary's share of New York Fiduciary Adjustment (from Sch. 4, Col. 3 below) | 991234 |
| 9 New York taxable income of fiduciary (line 7 plus or minus line 8) Enter on line 1, Sch. 3 below | |

**Schedule 3 — Computation for resident and nonresident estates and trusts.**

| | |
|---|---|
| 1 New York taxable income of fiduciary (from line 9, Sch. 2 above or line 12, Sch. 8 of Form IT-205-A) | 991234 |
| 2 TAX on amount on line 1 (from New York tax rate schedule — see instructions) | 44493 |
| 3 LESS: TAX PREPAID DECEMBER 24, 1969 | 1700.00 |
| TAX OVERPAYMENT TO BE REFUNDED | (1356 07) |

Make remittance payable to New York State Income Tax Bureau

**Schedule 4 — Shares of New York Fiduciary Adjustment. To be completed by (1) resident estate or trust or (2) nonresident estate or trust having any resident beneficiaries.**

| Beneficiary same as in Sch. 1 above | 1 Shares of Federal distributable net income (see instructions) Amount | 2 Percentage | 3 Shares of New York Fiduciary Adjustment | |
|---|---|---|---|---|
| a) | | | | The Total of Col. 3, this schedule, should be the same as line 8, Sch. 7, page 2. If the New York Fiduciary Adjustment is a plus amount, ADD the Fiduciary's share at line 8, Sch. 2 above and ADD a resident beneficiary's share to the total Federal income on his New York return. If the Fiduciary Adjustment is a minus amount, SUBTRACT their respective shares. |
| b) | | | | |
| c) | | | | For office use only |
| d) | | | | |
| Fiduciary | 6934 34 | 100.% | 2989.00 | |
| Totals | 6934 34 | 100% | 2989.00 | |

Sign here ▶ _____

Signature of fiduciary or officer representing fiduciary

CLIENT'S COPY

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009241

In lieu of completing Schedules 5 and 6 below, attach copies of Federal Fiduciary Income Tax Return (Form 1041) and Federal Schedule E (Form 1041).
Schedule 7 must be completed even though copies of Form 1041 and Schedule E (Form 1041) are submitted.

**Schedule 5 — Details of Federal taxable income of fiduciary. Enter items of income and deductions as reported for Federal tax purposes. To be completed by resident estate or trust only.**

INCOME

| | | |
|---|---|---|
| 1 Dividends (Enter full amount before exclusion) | 3662 04 | |
| 2 Interest | | |
| 3 Income from partnerships and other fiduciaries | | |
| 4 Gross rents and royalties | | |
| 5 Gross profit (loss) from trade or business | | |
| 6 Net gain (loss) capital assets | | |
| 7 Net gain (loss) property other than capital assets | 30956 83 | 28618 87 |
| 8 Other income | | |
| 9 Total income (lines 1 to 8, inclusive) | | |

DEDUCTIONS

| | | |
|---|---|---|
| 10 Interest | 15119 35 | |
| 11 Taxes | 2989 00 | |
| 12 Fiduciary's portion of depreciation and depletion | | |
| 13 Charitable deduction | 2956 18 | 21094 53 |
| 14 Other deductions | | 7524 34 |
| 15 Total (lines 10 to 14, inclusive) | | |
| 16 Line 9 minus line 15 | | |
| 17 Deduction for distributions to beneficiaries | | |
| 18 Adjustment of dividend exclusion | | |
| 19 Federal estate tax attributable to income in respect of a decedent (Fiduciary's share) | | |
| 20 Long-term capital gain deduction | 600 00 | 600 00 |
| 21 Exemption (Federal) | | 6924 34 |
| 22 Total (lines 17 to 21, inclusive) | | |
| 23 Taxable income of fiduciary (line 16 minus line 22) Enter on line 1, Sch. 2, page 1. | | |

**Schedule 6 — Resident beneficiary's share of income and deduction items from Federal Schedule E (Form 1041). Enter shares of resident beneficiaries as reportable for Federal tax purposes.**

| Beneficiary, same as listed in Sch. 1, page 1 of this form | 1 Dividends qualifying for Federal exclusion | 2 Short-term capital gain | 3 Long-term capital gain |
|---|---|---|---|
| a) | | | |
| b) | | | |
| c) | | | |
| d) | | | |

NOTE — Use Schedule 10 on page 1 of Form IT-205-A to report shares of nonresident beneficiaries.

Continuation of Schedule 6

| | 4 Other taxable income | 5 Depreciation and depletion | 7 Other deductions |
|---|---|---|---|
| a) | | | |
| b) | | | |
| c) | | | |
| d) | | | |

**Schedule 7 — New York Fiduciary Adjustment — see instructions. To be completed by (1) resident estate or trust or (2) nonresident estate or trust with a resident beneficiary.**

Additions

| | | |
|---|---|---|
| 1 Interest income on state and local bonds, other than New York (gross amount) | 2989 00 | |
| 2 Income taxes deducted on Federal Fiduciary Return | | |
| 3 Other additions | | 2989 00 |
| 4 Total additions | | |

Subtractions

| | | |
|---|---|---|
| 5 Interest income on United States obligations included in Federal income | | |
| 6 Other subtractions | | |
| 7 Total subtractions | | 2989 00 |
| 8 New York Fiduciary Adjustment — Difference between lines 4 and 7 as to be entered as total of Col. 3, Sch. 4, page 1 | | |

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009242

# IT-205 Fiduciary Return 1970 (fiscal year ended _____)

NY State Department of Taxation and Finance

**R** Employer Identification number

**Name of estate or trust**
ESTATE OF MARILYN MONROE

**Name and title of fiduciary**
AARON R. FROSCH, EXECUTOR

**Address of fiduciary (Number and street or rural route)**
120 EAST 56 TH STREET    ZIP code

**City, village or post office and State**
NEW YORK, NEW YORK

13-6129486

A) Check box if resident estate or trust ☑ and complete this form only; however, if there are nonresident beneficiaries, see instructions.

Check box if nonresident estate or trust ☐ and complete required schedules on this form and Form IT-205-A. (see instructions)

If revocable trust which changed residence during the year, state the date. (see instructions)

B) Date trust was created or, if an estate, date of decedent's death AUG. 5, 1962 C) If estate was closed, or trust terminated, state the date

D) Was a New York State fiduciary return filed for 1968? YES 1969? YES

If "Yes," give complete title under which it was filed SAME

If "No," state reasons

E) Check whether return is for an Estate ☑, Simple trust ☐, or Complex trust ☐. Also check whether Pooled income fund ☐
Vivos ☐ and, if Inter Vivos, enter name and address of grantor. Also check whether Testamentary ☐ or Inter

## Schedule 1 — Names and addresses of beneficiaries. List all beneficiaries, whether resident or nonresident.

| 1 Name of each beneficiary. Check box if beneficiary is a nonresident. | 2 Address of each beneficiary. If mailing address differs from home address, give both. | 3 Identifying number of each beneficiary |
|---|---|---|
| c) ☐ | | |
| b) ☐ | | |
| c) ☐ | | |
| d) ☐ | | |

## Schedule 2 — Computation of New York taxable income of resident estate or trust. Use Sch. 8 of Form IT-205-A to compute New York taxable income of a nonresident estate or trust.

| | | |
|---|---|---|
| 1 Federal taxable income of fiduciary (Sch. 5, line 23, page 2, this form) | | 49397 30 |
| 2 Exemption claimed on Federal return (Sch. 5, line 21, page 2, this form) | | 600 00 |
| 3 Line 1 plus line 2 | | 49997 30 |
| 4 New York exemption | | 600 00 |
| 5 Line 3 less line 4 | | 49397 30 |
| 6 New York modifications relating to gains allocated to principal (see instructions) | | |
| 7 Line 5 less line 6 | | 49397 30 |
| 8 Fiduciary's share of New York Fiduciary Adjustment (from Sch. 4, Col. 3 below). Add Sec. 618(5) modification (see instructions) | | 2112 57 |
| 9 New York taxable income of fiduciary (line 7 plus or minus line 8) Enter on line 1, Sch. 3 below | | 51509 87 |

## Schedule 3 — Computation of tax. To be completed for resident and nonresident estates and trusts.

| | | |
|---|---|---|
| 1 New York taxable income of fiduciary (from line 9, Sch. 2 above or line 12, Sch. 8 of Form IT-205-A) | | 51509 87 |
| 2 TAX on amount on line 1 (from New York tax rate schedule — see instructions) | | 5771 38 |
| 3 LESS: CLAIM FOR TAX CREDIT (FORM IT-112 R ATTACHED) | | (1892 71) |
| LESS: TAX PRE-PAID DECEMBER 30, 1970 | | (7000 00) |
| TAX OVERPAYMENT TO BE REFUNDED | | 3121 33 |

Make remittance payable to New York State Income Tax Bureau

## Schedule 4 — Shares of New York Fiduciary Adjustment. To be completed by (1) resident estate or trust or (2) nonresident estate or trust having any resident beneficiaries.

| Beneficiary — same as in Sch. 1 above | Shares of Federal distributable net income (see instructions) | | 3 Shares of New York Fiduciary Adjustment | |
|---|---|---|---|---|
| | 1 Amount | 2 Percentage | | The Total of Col. 3, this schedule, should be the same as line 8, Sch. 7, page 2. If the New York Fiduciary Adjustment is a plus amount, ADD the Fiduciary's share at line 8, Sch. 2 above and ADD a resident beneficiary's share to the total Federal income on his New York return. If the Fiduciary Adjustment is a minus amount, SUBTRACT their respective shares. |
| a) | | | | |
| b) | | | | For office use only |
| c) | | | | |
| d) | | | | |
| Fiduciary | 49397.30 | 100 | 2112.57 | |
| Totals | 49397.30 | 100% | 2112.57 | |

Sign here ▷ _____ Signature of fiduciary or officer representing fiduciary    Date

In lieu of completing Schedules 5 and 6 below, attach copies of Federal Fiduciary Income Tax Return (Form 1041) and Federal Schedule E (Form 1041), however, complete Col. 9 of Schedule 6 below if applicable. Schedule 7 must be completed even though copies of Form 1041 and Schedule E (Form 1041) are submitted.

**Schedule 5 — Details of Federal taxable income of fiduciary. Enter items of income and deductions as reported for Federal tax purposes. To be completed by resident estate or trust only.**

| INCOME | | |
|---|---|---|
| 1 Dividends (Enter full amount before exclusion) | | |
| 2 Interest | 12139 | 88 |
| 3 Income from partnerships and other fiduciaries | | |
| 4 Gross rents and royalties | 1057 | 76 |
| 5 Gross profit (loss) from trade or business | | |
| 6 Net gain (loss) capital assets | | |
| 7 Net gain (loss) property other than capital assets | | |
| 8 Other income | 97035 | 49 |
| 9 Total income (lines 1 to 8, inclusive) | | 110233 13 |
| DEDUCTIONS | | |
| 10 Interest | 5777 | 87 |
| 11 Taxes | 8000 | 00 |
| 12 Fiduciary's portion of depreciation and depletion | | |
| 13 Charitable deduction | | |
| 14 Other deductions | 46459 | 96 |
| 15 Total (lines 10 to 14, inclusive) | | 60235 23 |
| 16 Line 9 minus line 15 | | 49997 30 |
| 17 Deduction for distributions to beneficiaries | NoNE | |
| 18 Adjustment of dividend exclusion | | |
| 19 Federal estate tax attributable to income in respect of a decedent (Fiduciary's share) | | |
| 20 Long-term capital gain deduction | | |
| 21 Exemption (Federal) | 600 | 00 |
| 22 Total (lines 17 to 21, inclusive) | | 600 00 |
| 23 Taxable income of fiduciary (line 16 minus line 22) Enter on line 1, Sch. 2, page 1. | | 49397 30 |

**Schedule 6 — Resident beneficiary's share of income, deduction and tax preference items from Federal Schedule E (Form 1041). Enter shares of resident beneficiaries as reportable for Federal tax purposes.**

| Beneficiary— same as listed in Sch. 1, page 1 of this form | 1 Dividends qualifying for Federal exclusion | 2 Short-term capital gain | 3 Long-term capital gain | NOTE — Use Schedule 10 on page 1 of Form IT-205-A to report shares of nonresident beneficiaries. |
|---|---|---|---|---|
| a) | | | | |
| b) | | | | |
| c) | | | | |
| d) | | | | |

**Continuation of Schedule 6**

| | | | | Shares of tax preference items | |
|---|---|---|---|---|---|
| | 4 Other taxable income | 5 Depreciation and depletion | 7 Other deductions | 8 Total Federal amount | 9 Total modified Federal amount (see instructions) |
| a) | | | | | |
| b) | | | | | |
| c) | | | | | |
| d) | | | | | |

**Schedule 7 — New York Fiduciary Adjustment — see instructions. To be completed by (1) resident estate or trust or (2) nonresident estate or trust with a resident beneficiary.**

| Additions | | |
|---|---|---|
| 1 Interest income on state and local bonds, other than New York (gross amount not included in Federal income) | | |
| 2 Income taxes deducted on Federal Fiduciary Return | | 8000 00 |
| 3 Other additions | | |
| 4 Total additions | | 8000 00 |
| Subtractions | | |
| 5 Interest income on United States obligations included in Federal income | 4631 36 | |
| 6 Other subtractions  NEW YORK STATE INCOME TAX REFUND | 1256 07 | |
| 7 Total subtractions | | 5887 43 |
| 8 New York Fiduciary Adjustment — Difference between lines 4 and 7 to be entered as total of Col. 3, Sch. 4, page 1 | | 2112 |

(8/70) 1500M1 (1)

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009244

DEPARTMENT OF TAXATION AND FINANCE - INCOME TAX BUREAU

**CLAIM FOR RESIDENT TAX CREDIT**

CLAIM FOR CREDIT AGAINST PERSONAL INCOME TAX DUE TO STATE OF NEW YORK BY A RESIDENT
FOR INCOME TAXES PAID OR DUE TO ANOTHER STATE, OR POLITICAL SUBDIVISION
THEREOF, OR TO THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ATTACH THIS FORM TO THE RETURN ON WHICH CREDIT IS CLAIMED | First name and initial *ESTATE OF MARILYN* | Last name *MONROE* | Your social security no. *13-6129686* |
| | Home Address *AARON R. FROSCH, EXECUTOR 120 EAST 56TH STREET* | | TAX YEAR INVOLVED 1970 |
| | *NEW YORK, NEW YORK 10022* | | |

**NEW YORK STATE TAX LAW RELATING TO CREDIT
TO RESIDENTS FOR INCOME TAXES**

Section 620. Credit for income tax of another state. (a) General. A resident shall be allowed a credit against the tax otherwise due under this article for any income tax imposed for the taxable year by another state of the United States, a political subdivision of such state or by the District of Columbia, upon income both derived therefrom and subject to tax under this article.
(b) Limitations.
(1) The credit under this section shall not exceed the percentage of the tax otherwise due under this article determined by dividing the portion of the taxpayer's New York income subject to taxation by such other jurisdiction by the total amount of the taxpayer's New York income.
(2) The credit under this section shall not reduce the tax otherwise due under this article to an amount less than would have been due if the income subject to taxation by such other jurisdiction were excluded from the taxpayer's New York income.
(c) Definition. For purposes of this section New York income means:
(1) the New York adjusted gross income of an individual, or
(2) the amount of the income of an estate or trust, determined as if the estate or trust were an individual computing his New York adjusted gross income under section six hundred twelve.

1. Indicate name of state, political subdivision (including state in which located) or District of Columbia to which income tax was payable *CALIFORNIA* ............................................................

2. Enter the amount of income tax imposed by such jurisdiction $ *1,892.71* ........... . The amount to be shown here is the tax required to be paid after subtracting any credit against the tax (other than pre-payments made through withholding or on an estimated tax declaration) allowed by the laws of the other jurisdiction allocable to income derived from such other jurisdiction which is also subject to New York State personal income tax. Attach a copy of the income tax return filed with the other state, political subdivision or District of Columbia. If the amount is based upon income tax withheld by a political subdivision of a state and the tax liability to such political subdivision is satisfied by withholding without the necessity of filing a return, adequate substantiation of payment must be attached.

3. Resident tax credit claimed (compute credit on other side) $ *1892.71* ...............

I certify that I am a resident of (or executor or administrator of the above described estate or trust which has resident situs in) the State of New York and that to the best of my knowledge and belief the statements made herein in support of this claim for credit are true and complete.

_____     _____
Taxpayer's Signature                          Date

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009245

Page 2

IT-112M (11/67)

C. Computation of Credit-Complete schedule and formula below.

As used below, the term "total Federal income" means Federal adjusted gross income as defined in the Internal Revenue Code of the United States and its applicable regulations. The term "total New York income" means New York adjusted gross income which is total Federal income as adjusted by the applicable additions and subtractions required by New York Tax Law and described in the Instructions for Resident Returns (Forms IT-201-I and IT-201-P).

COLUMN A - The amount of income, gain or loss to be entered in Column A is the amount of the item included in total New York income on your New York State return.

If Short Form IT-200 is being filed for New York tax purposes, enter in Column A the total amounts of wages, dividends and interest reported on the Form IT-200.

COLUMN B - The amount of credit is computed on an adjusted gross income basis. Therefore, the amount of an item taxable by the other jurisdiction to be entered in Column B is the gross amount thereof less applicable expenses and losses which would be deductible in computing Federal Adjusted Gross Income. In determining the expenses and losses deductible from items of gross income, the Federal rules covering deductions allowable in computing Federal Adjusted Gross Income should be followed. Expenses and losses of a nature which for Federal tax purposes would be deductible only from Adjusted Gross Income cannot be used in determining the amount to be entered in Column B.

Do not enter in Column B any amount of income, gain, loss or deduction arising from dividends or interest or from intangible assets, except to the extent that it is derived from an asset connected with a business carried on in the other jurisdiction.

If an item of income is taxable by the other jurisdiction but is not taxable for New York tax purposes and, therefore, not included in Column A, such item of income (and applicable expenses and losses) should not be entered in Column B.

| Description of income | A. Amount reported on New York return | B. Portion taxable in other jurisdiction |
|---|---|---|
| Wages, salaries, tips, etc. | | |
| Dividends | 7.508.52 | |
| Interest income | | |
| Pensions and annuities, rents and royalties, partnerships and estates or trusts | 1.057.76 | |
| Business income | | |
| Sale or exchange of property | | |
| Farm income | 95.779.42 | 60.280.84 |
| Other sources | | |
| Total | | |
| Adjustments | (A) 104.345.70 | (B) 60.280.84 |
| Total income | | |

$$\frac{(B) \text{ (Total of Column B)} \ 60.280.84}{(A) \text{ (Total of Column A)} \ 104.345.70} \times \frac{577.38}{\text{New York Tax payable}} = \text{Equals} \quad \frac{3.334.13}{\text{Credit allowable subject to limitations below}}$$

c. New York tax payable is the New York personal income tax computed before the allowance of this credit and any percentage reduction of tax authorized for the taxable year.

Limitations: (1) The credit allowed may not exceed the amount of tax imposed by such other jurisdiction (See item 3, page 1) and (2) the credit may not reduce the tax payable to New York State to an amount less than would be payable if the income from the other jurisdiction had been excluded in computing total New York income.

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009246

FORM
541


## CALIFORNIA
## FIDUCIARY INCOME TAX RETURN
### (FOR ESTATES AND TRUSTS)

TAXABLE
**1970**
YEAR

For Calendar Year 1970 or Fiscal Year begun...................1970 and Ended.....................1971

| Check whether: | Name of estate or trust | Federal Employer Identification Number | S |
| ☑ Estate | ESTATE OF MARILYN MONROE | 13-6129486 | C |
| ☐ Trust | Name, address and title of fiduciary | Postal ZIP code | M |
| If trust, check whether: | AARON R. FROSCH, EXECUTOR | | |
| ☐ Testamentary | 120 EAST 56 STREET | | R |
| ☐ Inter vivos | NEW YORK, NEW YORK 10022 | Postal ZIP code | B |
| ☐ Revocable | Name and address of grantor of trust (This MUST be completed for all trusts) | | A |
| ☐ Irrevocable | | | |

a. Date estate or trust was created AUGUST 5, 1962

b. Is the fiduciary a resident of this State? No

c. If an estate, was decedent a California resident? NO

d. Was a State fiduciary return filed for the prior year? YES

If not, state reason.....................

If this is the initial return, please refer to instruction G.

e. If final return, enter date property was distributed.....................

f. Enter total income shown on page 1 of the Federal Form 1041 for 1970 or the fiscal year stated hereon $ 110233.13 Explain schedule, difference between this amount and line 9, below.

g. If an estate, have any of the administration expenses shown on line 14, below, been claimed for inheritance tax purposes? No

| INCOME | | | |
|---|---|---|---|
| 1. Dividends (Enter full amount before exclusion) | | | |
| 2. Interest on bonds, bank deposits, notes, etc. (see instruction 2 on taxability of state and municipal bonds) | | | |
| 3. Income from partnerships and other fiduciaries (list names and addresses in Schedule A) | | | |
| 4. Gross rents and royalties | | | |
| 5. Gross profit (or loss) from trade or business | | | |
| 6. Net gain (or loss) from capital assets (line 11, column 3 of Schedule D, Form 541) | | | |
| 7. Ordinary gains and losses (line 28, Schedule D, Form 541) | | | |
| 8. Other income (explain in Schedule B) SUMS RECEIVED IN CONNECTION WITH "SOME LIKE IT HOT" | | 60,280.84 | |
| 9. Total income (add lines 1 to 8, inclusive) | | $ 60,280.84 | |

| DEDUCTIONS | | | |
|---|---|---|---|
| 10. Interest (explain in Schedule C) NEW YORK STATE TAX COMMISSION $777.87+$55.30 | $ 3,196.32 | | |
| 11. Taxes (explain in Schedule C) | | | |
| 12. Fiduciary's portion of depreciation (Schedule E) and depletion. Explain depletion | | | |
| 13. Charitable deduction (line 9, Schedule G) | | | |
| 14. Other deductions authorized by law (explain in Schedule C) | 30,857.43 | 34,053.75 | |
| 15. Total (add lines 10 to 14, inclusive) | | $ 34,053.75 | |
| 16. Subtract line 15 from line 9. (Complex trusts and estates enter amount shown here on line 1 in Schedule H) | | 26,227.09 | |
| 17. Deduction for distributions to beneficiaries | $ NONE | | |
| 18. Long-term capital gain deduction. Enter 50% of line 12(e), Schedule D, Form 541 | | NONE | |
| 19. Total (add lines 17 and 18) | | $ NONE | |
| 20. Taxable income of fiduciary (subtract line 19 from line 16) | | 26,227.09 | |

| TAX | | | |
|---|---|---|---|
| 21. TAX on amount on line 20 (see tax rate schedule on page 3) | | $ 1,902.71 | |
| 22. Exemption credit ($10.00 for an estate; $1.00 for a trust) | | 10.00 | |
| 23. Tax Due (subtract line 22 from line 21) | | 1,892.71 | |
| 24. Less: Credit for net income taxes paid to states listed in instruction 23 (State | | | |
| 25. Balance of tax (subtract line 24 from line 23). PAY IN FULL WITH RETURN ($1.00 or less waived) | | $ 1,892.71 | |

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete. If prepared by a person other than taxpayer, his declaration is based on all information of which he has any knowledge.

**Sign** ▷ _____     _____ (Date)

(Signature of fiduciary or officer representing fiduciary)

**here** ▷ _____     _____     _____ (Date)

(Signature of preparer other than fiduciary)          (Address)

FRANCHISE TAX BOARD · SACRAMENTO, CALIFORNIA 95814

**CONFIDENTIAL CMG v. Shaw Family Archives**
**Subject to Protective Order**

MM-0009247

**Schedule A.—LIST NAMES AND ADDRESSES OF PARTNERSHIPS AND OTHER FIDUCIARIES (see line 3, page 1)**

| Name | Address |
|---|---|
| (a) | |
| (b) | |
| (c) | |
| (d) | |

**Schedule B.—EXPLANATION OF OTHER INCOME REPORTED ON LINE 8, PAGE 1**

| Line No. | Explanation | Amount | Line No. (cont.) | Explanation (continued) | Amount (continued) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

**Schedule C.—EXPLANATION OF DEDUCTIONS CLAIMED IN LINES 10, 11 and 14, PAGE 1**

| Line No. | Explanation | Amount | Line No. (cont.) | Explanation (continued) | Amount (continued) |
|---|---|---|---|---|---|
| 14 | ADMINISTRATION EXPENSES 4,373.80 × 55.3270 | 2,419.55 | | COMMISSIONS (ATTRIBUTABLE TO SAME LESS ½ EXCESS) TOTAL | 18,065.34 32,857.12 |
| | LEGAL AND ACCOUNTING 12,750.00 × 55.3270 | 10,873.50 | TOTAL | CALIFORNIA INCOME 60,200.34 TOTAL ESTATE INCOME 108,847.06 = 55.3270 | |

**Schedule D.—ATTACH SCHEDULE D (Form 541) TO REPORT SALES OR EXCHANGES OF PROPERTY**

**Schedule E.—DEPRECIATION** —Taxpayers using Federal Revenue Procedures 62-21 and 65-13: Make no entry in column 2; enter the cost or other basis of assets held at end of year in column 3; and enter the accumulated depreciation at end of year in column 4.

| 1. Group and Guideline Class (Federal) or description of property | 2. Date acquired | 3. Cost or other basis | 4. Depreciation allowed (or allowable) in prior years | 5. Method of computing depreciation | 6. Rate (%) or life (years) | 7. Depreciation for this year |
|---|---|---|---|---|---|---|
| 1. Total additional first-year depreciation—estates only (do not include in items below) | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

2. Totals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3. Less: Amount of depreciation claimed elsewhere on this return . . . . . . . . . . . . . . . . .

4. Balance (subtract line 3 from line 2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5. Fiduciary's portion of line 4. Enter here and on line 12, page 1 . . . . . . . . . . . . . . . .

**Schedule F.—BENEFICIARIES' SHARES OF INCOME (see instructions)**

| 1. Name of each beneficiary (designate nonresident beneficiaries) If beneficiary is a married woman, also enter husband's first name | 2. Social Security number | 3. Address | 4. Single (S) or Married (M) | 5. State relationship to grantor |
|---|---|---|---|---|
| (a) | | | | |
| (b) | | | | |
| (c) | | | | |
| (d) | | | | |

**Schedule F.—(cont.)—RESIDENT AND NONRESIDENT BENEFICIARIES**

| | 6. Amount of income required to be distributed currently | 7. Other amounts paid, credited, or otherwise required to be distributed | 8. Income taxable to beneficiaries less portion reportable in cols. 9, 10 & 11 | 9. Net short-term capital gain | 10. Net long-term capital gain (100%) | 11. Tax-exempt income | 12. Depreciation and depletion |
|---|---|---|---|---|---|---|---|
| (a) | | | | | | | |
| (b) | | | | | | | |
| (c) | | | | | | | |
| (d) | | | | | | | |
| Totals | | | | | | | |

Enter the portion of each amount shown above derived from sources within California which is alloc[ated] to nonresident beneficiaries. Submit separate schedules supporting allocation of income to sources with[in] and without this State.

**Schedule F.—(cont.)—NONRESIDENT BENEFICIARIES**

| | 6(a). Amount of income required to be distributed currently | 7(a). Other amounts paid, credited or otherwise required to be distributed | 8(a). Income taxable to beneficiaries less portion reportable in cols. 9(a), 10(a) & 11(a) | 9(a). Net short-term capital gain | 10(a). Net long-term capital gain (100%) | 11(a). Tax-exempt income | 12(a). Depreciation and depletion |
|---|---|---|---|---|---|---|---|
| (a) | | | | | | | |
| (b) | | | | | | | |
| (c) | | | | | | | |
| (d) | | | | | | | |
| Totals | | | | | | | |

Fiduciaries must also complete and file with Form 541 a Schedule F-1 (Form 541) for each beneficiary. See instru[ctions]

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009248

**Schedule G.—COMPUTATION OF CHARITABLE DEDUCTION (see instructions)**  
Submit statement giving name and address of charitable organization.

Attach copy of trust instrument if not previously submitted

1. Amounts paid or permanently set aside for charitable purposes from current year's income
2. Tax-exempt interest allocable to charitable distribution. (Complete lines 3 and 4 below only if gain on line 10, column 2, Schedule D, exceeds loss on line 9, column 2, Schedule D)
3. (a) Long-term capital gain included on line 1 (Do not complete lines (b) and (c) if such amounts are greater than line (a))
   (b) Enter gain on line 10, column 2, Schedule D, minus loss on line 9, column 2, Schedule D
   (c) Enter gain on line 10, column 3, Schedule D, minus loss on line 9, column 3, Schedule D
4. Enter 50% of the smallest of line 3(a), line 3(b) or line 3(c)
5. Enter sum of line 2 and line 4
6. Balance (subtract line 5 from line 1)
7. Enter short-term capital gains and 50% of the long-term capital gains of the current taxable year allocable to corpus, paid or permanently set aside for charitable purposes
8. Amounts paid or permanently set aside for charitable purposes other than from income of the current year
9. Total (add lines 6, 7 and 8). Enter here and one line 13, page 1

**Schedule H.—COMPUTATION OF DISTRIBUTABLE NET INCOME (see Instructions)**

1. Enter amount from line 16, page 1 .......... 26.227.09
2. Add: (a) Tax-exempt interest (as adjusted)
   (b) Net gain shown on line 11, column 1, Schedule D. If loss, enter zero.
   (c) Lines 4 and 7, Schedule G.
   (d) Short-term capital gain included on line 1, Schedule G.
   (e) If amount on line 6, page 1, is a loss, enter amount here .......... 26.227.09
3. Total (add lines 1 through 2(e))
4. If amount on line 6, page 1, is a gain, enter amount here .......... 26.227.09
5. Distributable net income (subtract line 4 from line 3)

**Schedule I.—COMPUTATION OF DISTRIBUTIONS DEDUCTION (see instructions)**

1. Amount of income required to be distributed currently (from column 6, Schedule F) .......... NONE / NONE
2. Other amounts paid, credited or otherwise required to be distributed (from column 7, Schedule F) .......... NONE
3. Total (add lines 1 and 2)
4. Enter the total of tax exempt income (column 11, Schedule F) .......... NONE
5. Balance (subtract line 4 from 3) .......... 26.227.09
6. Enter distributable net income (from line 5, Schedule H above) .......... 26.227.09
7. Enter amount of tax exempt interest from line 2(a), Schedule H, above
8. Balance (subtract line 7 from line 6)
9. Distributions deduction. (Enter here and on line 17, page 1, the lesser of line 5 or line 8 above) .......... NONE

During the taxable year did you make an accumulation distribution as defined in Sec. 17771? See general instruction N. ☐ Yes ☒ No. If "Yes," attach Schedule J (Form 541).

## TAX RATE SCHEDULE

| TAXABLE INCOME (line 20, page 1) | AMOUNTS AND RATES OF TAX | |
|---|---|---|
| $0 to $2,000 | 1% | |
| 2,000 to 3,500 | $20 plus 2% of amount over | $2,000 |
| 3,500 to 5,000 | 50 plus 3% of amount over | 3,500 |
| 5,000 to 6,500 | 95 plus 4% of amount over | 5,000 |
| 6,500 to 8,000 | 155 plus 5% of amount over | 6,500 |
| 8,000 to 9,500 | 230 plus 6% of amount over | 8,000 |
| 9,500 to 11,000 | 320 plus 7% of amount over | 9,500 |
| 11,000 to 12,500 | 425 plus 8% of amount over | 11,000 |
| 12,500 to 14,000 | 545 plus 9% of amount over | 12,500 |
| 14,000 and over | 680 plus 10% of amount over | 14,000 |

Taxpayer must complete fully all schedules where required. If space provided is inadequate attach separate schedule

CONFIDENTIAL CMG v. Shaw Family Archives  
Subject to Protective Order

MM-0009249

The personal income tax is imposed at graduated rates. The rates of tax, for taxable years beginning on and after January 1, 1968, are as follows:

| Rate of Tax | | | Tax Rate On |
| Over | Not Over | Pay | Excess Over 1st Col. |
|---|---|---|---|
| | | New York Taxable Income | 2% |
| | $1,000 | | 3% |
| $1,000 | 3,000 | $ 20 | 4% |
| 3,000 | 5,000 | 80 | 5% |
| 5,000 | 7,000 | 160 | 6% |
| 7,000 | 9,000 | 280 | 7% |
| 9,000 | 11,000 | 380 | 8% |
| 11,000 | 13,000 | 520 | 9% |
| 13,000 | 15,000 | 680 | 10% |
| 15,000 | 17,000 | 860 | 11% |
| 17,000 | 19,000 | 1,060 | 12% |
| 19,000 | 21,000 | 1,280 | 13% |
| 21,000 | 23,000 | 1,520 | 14% |
| 23,000 | 25,000 | 1,780 | 15% |
| 25,000 | | 2,060 | |

*Note: The 15% bracket applies to taxable years ending after December 31, 1971.*

THE TAX RATES FOR YEAR 1967 AND PRIOR ARE AS FOLLOWS:

**Tax Rate Schedule**

| If amount on line 9, page 1 is: | | enter on line 10, page 1 | |
| over | but not over | | |
|---|---|---|---|
| $ 0 | $1,000 | 2% of amount on line 9 | |
| 1,000 | 3,000 | $20 plus 3% of excess over $1,000 | 3,000 |
| 3,000 | 5,000 | 80 plus 4% " " " " | 5,000 |
| 5,000 | 7,000 | 160 plus 5% " " " " | 7,000 |
| 7,000 | 9,000 | 260 plus 6% " " " " | 9,000 |
| 9,000 | 11,000 | 380 plus 7% " " " " | 11,000 |
| 11,000 | 13,000 | 520 plus 8% " " " " | 13,000 |
| 13,000 | 15,000 | 680 plus 9% " " " " | 15,000 |
| 15,000 | | 860 plus 10% " " " " | |

EXHIBIT B

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0009250

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32

MM-0009252