EXHIBIT "X"

The names and post-office addresses of all

SURROGATE'S COURT

COUNTY OF NEW YORK

ACCOUNTING OF

AARON R. FROSCH
as Executor                    )

ESTATE OF MARILYN MONROE,
                              :
            Deceased.

                              )
_____

FILE NO.:  P 2781/1962

PETITION FOR FINAL ACCOUNTING

TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK:

1.  The petition of AARON R. FROSCH residing at
300 Central Park West, New York, N. Y. respectfully
states:

2.  The decedent died on the 5th day of August, 1962
and at the time of her death was a resident of the
Borough of Manhattan, City, County and State of New York.

3.  Letters Testamentary were duly granted to your
petitioner by the Surrogate's Court of New York County,
New York on the 30th day of October, 1962.

4.  More than seven (7) months have elapsed since
the issuance of said letters.

5.  The names and post-office addresses of all
persons interested in the Estate and/or Trust Fund to
whom process must issue pursuant to the provisions of
SCPA 315 and SCPA 2210 are as follows:

| Name and Post-Office Adress | Relationship | Nature of Interest |
|---|---|---|
| Bernice Miracle<br>330 S. W. 27th Street<br>Gainesville, Fla. | Half-Sister<br>Legatee | Specific Bequest of $10,000.00 |
| Norman and Hedda Rosten<br>84 Remsen Street<br>Brooklyn, N. Y.  11201 | Legatee | Specific Bequest of $5,000.00 |
| May Reis<br>229 W. 12th Street<br>New York, N. Y. 10014 | Legatee | Specific Bequest of $10,000.00 plus $40,000.00 from residuary or 25% of residuary whichever shall be the lesser |
| Gladys Baker<br>a/k/a Gladys Eley<br>c/o Bernice Miracle<br>330 S. W. 27th Street<br>Gainesville, Fla. | Mother<br>Life Income Beneficiary under Trust | Income co-Beneficiary under Trust to receive $5,000.00 per annum during her lifetime |
| Mala Powers, as Executrix Estate of Mrs. Michael (Xenia Julia) Chekhov c/o Belcher Henzie & Biegenzahn 330 South Hope Street Suite 3650 Los Angeles, Cal. 90017 | Life Income Beneficiary under Trust | Income co-Beneficiary under Trust to receive $2500.00 per annum during her lifetime |
| Lee Strasberg<br>135 Central Park West<br>New York, N. Y. | Legatee | Bequest of personal effects and clothing plus balance of residuary estate |
| Dr. Marianne Kris<br>135 Central Park West<br>New York, N. Y. | Legatee | 25% of balance of residuary after residuary bequest to May Reis plus remainder of Trust after death of Trust Income Beneficiaries |

JOINDER
...
...
x CM

x

ex

cM

JOINDER
IN
OBJ
x CM

2nd Will ex

ANSWER
NA

-2-

... jurisdictions, and then ...

6. The following legatees have been paid:

   A.  Norman and Hedda Rosten - bequest of $5,000.00

   B.  Bernice Miracle - bequest of $10,000.00

   C.  May Reis  - bequest of $10,000.00

   D.  Lee Strasberg - bequest of personal effects
       and clothing

7. There are no other persons that those above-mentioned who are interested in this proceeding.

8. That all of said above-mentioned persons are of sound mind and all are of full age except Gladys Baker a/k/a Gladys Eley, mother of the decedent.  Inez C. Melson was appointed as Conservator by Order of the Superior Court of the State of California and that subsequently Bernice Miracle, residing at 330 S. W. 27th Street, Gainesville, Florida., daughter of said Gladys Baker a/k/a Gladys Eley, (has been) was appointed Guardian and, upon information and belief, continues to act as Guardian.

9. That there is no other accounting proceeding now pending.

10. That your petitioner duly commenced probate proceedings in New York County and ancillary probate proceedings in the State of California.  After appropriate probate hearings, decedent's will was duly admitted to probate and petitioner was duly appointed Executor in

-3-

MM-0001312

both jurisdictions and then commenced the marshalling
of the decedent's assets.

At the time of decedent's sudden and unexpected
death, she had no cash available in the State of California
and insufficient cash in the State of New York to meet her
obligations. Mobs of curiousity seekers came to her homes
seeking to buy or remove memorabilia. There was no
family member who could supply aid or information in
the supervision of her affairs. Her obligations to
creditors and her tax liabilities far exceeded her cash
availability.

The decedent did, however, have a continuing
compensation interest in two (2) motion picture films
entitled "Some Like It Hot" and "The Misfits", which
provided for deferred compensation for a guaranteed
amount for a number of years and, thereafter, a percentage
participation. Decedent, however, had granted a wage
assignment against said deferred compensation to a bank
in the State of California in the sum of Seventy Four
Thousand ($74,000.00) Dollars. Said deferred compensation
to its determined valuation was deemed "income in respect
of the decedent" and, therefore, was subject to estate

-4-

taxes and, when received, was deemed "income" and subject

to income taxes. Said deferred compensation was further

subject to payment of agent's commissions of 10% of the

gross to M. C. A. Artists, Ltd. Hence, the assets available

to petitioner were insufficient for the payment of creditors'

claims and estate taxes for a substantial period of time after

the death of the decedent.

Decedent was the sole shareholder of Marilyn Monroe

Productions, Inc. The asset of the said corporation was

a proprietary interest in the motion picture film entitled

"The Prince and the Showgirl." The decedent's Common

Stock in said corporation was valued for estate tax

purposes at Sixty One Thousand Two Hundred Fifty ($61,250.00)

Dollars (per Schedule "A"). For a substantial period of

time the sale of this asset could not be effectuated for

an amount sufficient to realize its said value; however,

in September 1970, petitioner sold same and liquidated

the corporation at a value as set forth on Schedule "A-1"

hereof.

Upon receipt of funds, petitioner deposted same

with the Savings Bank Association which association then

selected and deposited said funds into numerous different

savings banks in amounts within the then existing insurance limi-

tation of $10,000.00. Petitioner therefore placed the

Estate funds properly insured in accounts which at that

-5-

MM-0001314

time were paying the highest rate of interest then
available. Estate funds were thereafter deposited in
Certificates of Deposit or Treasury Bills as set forth
on Schedules hereto.

Petitioner was compelled to defend a proceeding
commenced by the State of California which claimed de-
cedent was a resident of the State of California at
the time of her death. Petitioner was successful in
said proceeding.

All creditors' claims and all tax liabilities
have been paid in full. The California ancillary
estate was accounted and was concluded.

In 1974, Petitioner negotiated a contract with
respect to a publication entitled "My Story" authored
by Milton H. Green by the terms of which the Estate
received a participation in the royalty proceeds of
the said publication and has received income therefore as
set forth on Schedule "A-2".

Thereafter, your petitioner commenced litigation
in connection with a publication entitled "Marilyn"
authored by Norman Mailer. The said litigation was in
the past year concluded in favor of defendants after
appropriate appeal by your petitioner.

MM-0001315

By virtue of the Estate having insufficient cash availability for many years, the various protracted negotiations, the complicated proceedings and litigation, as hereinbefore set forth, your petitioner was not in the appropriate position to submit to the Court a final accounting.

In addition, the residuary provisions of the decedent's will provides for May Reis, as a residuary legatee, to receive "$40,000.00 or 25% of the total remainder" of the Estate, whichever is less. The assets of the Estate were at all times insufficient to determine, with finality, the precise amount of the said legacy. Even at the particular point in time, the assets of the Estate are insufficient to pay said residuary legatee the sum of $40,000.00 inasmuch as said sum exceeds 25% of the present assets of the Estate.

The Estate still retains a continuing compensation and royalty interest in four (4) properties. The Estate retains an interest in the motion picture films entitled "Some Like It Hot" and "The Misfits". The Estate retains an interest in continuing music royalties and in the publication entitled "My Story" all as aforesaid described. The schedules herewith have not set forth a current valuation of the Estate's interest in the said four (4)

MM-0001316

properties. Petitioner will request an evaluation
thereof from the producers of same and then apply to
this Court for approval to conclude the sale of the
Estate's interests therein or for a pro rata distribution
among the residuary legatees of the continuing royalties
therefrom and as residuary legatees will desire.

11.   That your petitioner is desirous of rendering
to said Surrogate's Court an account of these proceedings
and therefore prays

that the account be judicially settled; and

that the Executor, from the cash balance of
$101,299.25 on hand, pay to himself the sum
of $16,591.62 for the balance of commissions
due him upon this accounting as per Schedule
I; and

that the Executor, from the cash balance of
$101,299.25 on hand, pay to N. Rubin & Co.
the sum of $6,000.00 for accounting services
rendered in connection with the within
accounting; and

that the Executor, from the cash balance of
$101,299.25 on hand, pay to Elliot J. Lefkowitz,
Esq. the sum of $3,000.00 for legal services
rendered in connection with the within
accounting; and

that the Executor pay to May Reis 25% of
the balance then remaining; and

that the Executor pay to Dr. Marianne Kris
25% of the then remaining balance; and

that the Executor pay to Lee Strasberg
the entire remaining balance; and

MM-0001317

that the Executor, prior to payment
of said residuary, retain the sum of
Seven Thousand Five Hundred ($7,500.00)
Dollars for payment of any taxes or all
other charges which may be reasonably
due; and

that the Executor shall obtain an
evaluation and/or offer for decedent's
continuing compensation interest in the
motion picture films entitled "Some
Like It Hot" and "The Misfits" and in
music royalties and the publication
entitled "My Story" and then accept
such offer or arrange for a pro rata
distribution, as the residuary legatees
will desire or as directed by the Court,
among the residuary legatees thereof,
however, the residuary legatee, May
Reis, shall receive her pro rata
in an amount limited so that her residuary
legacy shall not exceed the sum of
Forty Thousand ($40,000.00) Dollars
in total; and

that the legatees upon receipt of their
respective payments to be made to them
hereunder will acknowledge receipt there-
fore and in consideration thereof, each
of them will forever release, remise and
discharge the Executor of and from any
and all claims and liabilities of every
kind or nature arising from or in any
manner relating to or connected with
the Estate of Marilyn Monroe, deceased,
and the administration of said Estate; and

that the persons above-mentioned and all
necessary and proper persons be cited to
show cause why such settlement should not
be had; and

-9-

MM-0001318

for such other and further relief as
the Court may deem just and proper.

DATED, August 14, 1980.

_____
AARON R. FROSCH, Petitioner

CITY, COUNTY AND STATE OF NEW YORK, ss:

AARON R. FROSCH, the petitioner named in the
foregoing petition, being duly sworn, deposes and says
that he has read the foregoing petition subscribed by
him and knows the contents thereof; and that the same
is true of his own knowledge, except as to the matters
therein stated to be alleged on information and belief,
and that as to those matters he believes it to be true.

_____
AARON R. FROSCH, Petitioner

Sworn to and subscribed before me this
___ day of August, 1980.

_____

ELLIOT LEFKOWITZ
Notary Public, State of New York
No. 31-7474775
Qualified in New York County
Commission Expires March 30, 19__

-10-

MM-0001319

EXHIBIT "Y"

FORM P. L. 1. A.

## Surrogate's Court

### County of New York

In the Matter of an Application for Letters of Administration with the Will Annexed on the Estate of

_Marilyn Monroe_

Deceased

The citizenship of the decedent and of the petitioner must be alleged in the petition.

**Petition for Letters of Administration with the Will Annexed**

_2781_ , 19 _62_

**To the Surrogate's Court of the County of New York:**

The petition of _Anna Strasberg_

respectfully shows:

That your petitioner is a resident of No. _135 Central Park West_ in the _City of New York_ and is _____ named in the last will and testament of _____ , deceased, and is a citizen of _the United States_. That said _Marilyn Monroe_ departed this life at _California_ on the _5th_ day of _August_ , 1962, leaving a last will and testament in and by which she appointed _Aaron R. Frosch_ executor thereof; that decedent at the time of her death was a citizen of _USA_ , that the said last will and testament was duly admitted to probate by Honorable _Joseph A. Cox_ _issued Letters Testamentary & Frosch on 3-1- and Letters Testamentary_ Surrogate of the County of New York, on the _30th_ day of _October_ , 1962. _'62_

And your petitioner further shows that the said _Aaron R. Frosch died on April 28, 1989,_ the executor named in said will,

and that certain property and assets of the said testator are unadministered; that your petitioner has to the best of _her_ ability estimated and ascertained the value of the personal property of which the said testator died possessed, and of the real estate so possessed and the proceeds thereof which may come to the hands of an administrator by reason of the provisions of said last will and testament, and that the ~~value of said personal estate will not exceed in all the sum of~~ _$500,000, and is estimated to be in excess of $500,000_ _$500,000,_ Dollars.

That the decedent died seized of _None_ real property in this State. The said real property is improved. unimproved. A brief description of each parcel is as follows:.......................................................................
.................................................................................................................................................................

That the estimated value of such real property and improvements is ...............................................Dollars.

That the estimated gross rents for the period of eighteen months from the date of the death of decedent is the sum of.....................................................................................................Dollars.

1. That the name and post office address of the
**sole beneficiary**
named or described in said will is as follows:

Name                                                                                                    Post Office Address

That the said sole beneficiary is a resident of the State of New York.

MM-0000025

That said deceased was at the time of her death a resident of the County of New York.

That there are no persons having a prior or equal right to letters of administration with the will annexed who have not renounced and no persons interested in this proceeding other than those hereinbefore mentioned.

That no previous application has been made for the appointment of an administrator with the will annexed of the estate of said deceased.

That a correct copy of said will is hereto annexed and marked Exhibit A.

Your petitioner therefore prays for a decree of the Surrogate's Court of the County of New York appointing your petitioner administratrix with the will annexed of the estate of said deceased, and that letters be issued accordingly, and that all persons having a prior or equal right to said letters who have not renounced be cited to show cause why such letters should not be issued.

Petitioner

County and State of New York ss.:

The abovenamed petitioner, being duly sworn, doth depose and say that she has read the foregoing petition subscribed by her and knows the contents thereof and that the same is true to her own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters she believes it to be true.

Sworn to this 7th day of
July , 1959.

Petitioner

2. That the names and post office addresses of the

**residuary beneficiaries**

named or described in said will are as follows:

| Name | Post Office Address |
|---|---|
| Estate of Lee Strasberg (DOD 2/17/52) c/o Anna Strasberg, executrix | 135 Central Park West New York, N.Y. |
| Anna Freud Centre as successor to Estate of Dr. Marianne Kris (DOD 11/23/80) | c/o Kaplan Russin Vecchi & Kirkwood 645 Madison Ave. New York, NY actual location: 20 Maresfield Gardens Hampstead, London NW 3 ENGLAND |

That all of the said residuary beneficiaries are residents of the State of New York, except:

Anna Freud Centre

That all of the said residuary beneficiaries are of full age and are of sound mind, except:

3. That the names and post office addresses of all other persons interested in the estate, as defined in Section 103, subdivision 36, Surrogate's Court Procedure Act, are as follows:

| Name | Post Office Address | Nature or Value of Interest |
|---|---|---|
| Attorney General of the State of New York Attn: Lourdes Werner, Esq | 120 Broadway New York, NY | On behalf of ultimate charitable beneficiaries. |

That all of said persons are residents of the State of New York, except:

That all of said persons are of full age and are of sound mind, except:

MM-0000027

EXHIBIT "Z"

At Chambers of Surrogate's Court held in and for the County of New York, at the Surrogate's Office in said County, on the 26th day of July, 1989

Present:

HONORABLE MARIE M. LAMBERT

SURROGATE

---

In the Matter of the Application of

ANNA STRASBERG, Executrix of the Estate of Lee Strasberg, to be Appointed Administratrix, c.t.a., of the Estate of MARILYN MONROE,

Deceased.

P2781/1962

Decree Granting
Letters of Administration
with the Will Annexed

In the Matter of the Application of

THE ANNA FREUD CENTRE to Appoint a Successor Fiduciary of the Estate of MARILYN MONROE,

Deceased.

---

UPON reading and filing the petition verified the 13th day of March, 1989 and the amended petition verified the 28th day of June, 1989 of THE ANNA FREUD CENTRE to appoint a successor fiduciary of the Estate of MARILYN MONROE, Deceased, and all of the papers and exhibits submitted therewith, and upon the Cross-Petition of ANNA STRASBERG verified the 6th day of July, 1989, Executrix of the Estate of Lee Strasberg, to be appointed Administratrix, c.t.a. of

MM-0000423

the Estate of MARILYN MONROE, Deceased, and all of the papers and
exhibits submitted therewith, and petitioner THE ANNA FREUD CENTRE
having appeared by their attorneys, Kaplan, Russin, Vecchi &
Kirkwood, the Cross-Petitioner, Anna Strasberg, having appeared by
her attorneys Irving P. Seidman, P.C., the Estate of Aaron Frosch
having appeared by its attorneys Stroock & Stroock & Lavan, and the
Attorney General of the State of New York having appeared by Laura
Werner, Esq., and the matter having duly come on to be heard before
this Court on the 17th day of July, 1989, and due deliberation
having been had thereon, it is hereby

ORDERED AND DECREED that the petition and amended petition of
THE ANNA FREUD CENTRE to appoint a successor fiduciary of the
Estate of MARILYN MONROE be, and the same is hereby, denied in its
entirety, and

IT IS FURTHER ORDERED AND DECREED that the Cross-Petition of
ANNA STRASBERG to be appointed Administratrix, c.t.a. of the Estate
of MARILYN MONROE be, and the same is hereby, granted, and

IT IS FURTHER ORDERED AND DECREED that letters of
administration with the will annexed on the Estate of MARILYN
MONROE be issued to ANNA STRASBERG upon her qualifying as
prescribed by law and executing to the People of the State of New
York a bond in the usual form, with sufficient surety or sureties
in the amount of Two Hundred and Fifty Thousand Dollars
($250,000.00), and that Letters Testamentary heretofore issued
to Aaron Frosch, now deceased, be revoked.

E N T E R

Hon. Marie M. Lambert
Surrogate

MM-0000424

EXHIBIT "AA"

At Surrogate's Court in and for
the County of New York, at the
Courthouse located at 31
Chambers Street, New York, New
York, on the ___ day of
July, 1989.

P R E S E N T :

   HON. MARIE M. LAMBERT,

        Surrogate.

-------------------------------------------X

Proceeding for Construction of                    FILE NO. P2781/62
the Last Will of MARILYN MONROE,
                                                  ORDER TO SHOW
                         Deceased.                _____ CAUSE FOR CONSTRUCTION
                                                  OF WILL

-------------------------------------------X

          Upon reading and filing the annexed petition of ANNA

STRASBERG, Administratrix of the Estate of Marilyn Monroe, by her

attorneys Irving P. Seidman, P.C. dated July 28, 1989; the annexed

affirmation of IRVING P. SEIDMAN, ESQ. dated July 28, 1989 and the

exhibits annexed thereto, it is hereby

          ORDERED that respondents The Anna Freud Centre, Estate

of Aaron R. Frosch, Estate of Marianne Kris, Yale University and

Attorney General of the State of New York show cause before this

Court at a motion term thereof at the Courthouse at 31 Chambers

Street, New York, New York on the 18th day of SEPTEMBER 1989 at 10:00

o'clock in the forenoon of that day or soon thereafter as counsel

can be heard why a decree should not be made and entered herein

pursuant to Surrogate's Court Procedure Act §1420 construing the

---

Exhibit A    hen to my Executor hereinafter named, it being my desire

MM-0000241

Last Will and Testament of Marilyn Monroe and the Last Will of Testament of Marianne Kris upon the grounds that a construction is necessary to enable petitioner to determine the proper beneficiary, if any, of the portion of the residuary Estate of Marilyn Monroe conditionally bequeathed by Monroe to Marianne Kris, and for such other and further relief as the Court may deem just and proper.

Sufficient cause appearing therefor, let service of a copy of this order, the Petition, the affidavit of IRVING P. SEIDMAN, and all other papers on which it is granted upon The Anna Freud Centre by service upon its attorneys Kaplan, Russin, Vecchi & Kirkwood at their offices located at 135 East 57th Street, New York, New York by personal delivery; upon Margery Frosch, the Executrix of the Estate of Aaron R. Frosch by service upon Stroock & Stroock & Lavan, attorneys for said estate at their offices at Seven Hanover Square, New York, New York  10004, by personal delivery; upon the office of the Attorney General of the State of New York at its offices located at 120 Broadway, New York, New York 10278, by personal delivery; upon Yale University to the Office of the President, 105 Wall Street, New Haven, Connecticut  06520, by certified mail returned receipt requested and upon Anton Kris, Executor of the Estate of Marianne Kris by service upon Dornbush, Mensch, Mandelstam & Silverman, attorneys for said Estate at their offices at 747 Third Avenue, New York, New York 10017, by personal delivery,  on or before August 3/st, 1989 be deemed to be good and efficient service thereof.

_Marie M Lamb_

Surrogate

MM-0000242

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------X

Proceeding for Construction of
the Last Will of MARILYN MONROE,

FILE NO. P2781/62

PETITION FOR
CONSTRUCTION OF
WILLS

------------------------------------------X

TO THE SURROGATE'S COURT, COUNTY OF NEW YORK

The petition of Anna Strasberg, Administratrix c.t.a. of the Estate of Marilyn Monroe, by her attorneys Irving P. Seidman, P.C., with offices at 600 Third Avenue, New York, New York 10016, respectfully alleges as follows:

1. Petitioner is domiciled at 135 Central Park West, New York, New York and is duly qualified and acting as Administratrix, c.t.a. of the Last Will and Testament of Marilyn Monroe, the above-named decedent. Petitioner is a person interested in obtaining a determination as to the validity, construction, and effect of said Will under the provisions of §1420(1) of the Surrogate's Court Procedure Act.

2. Petitioner is acting as such Administratrix, c.t.a. pursuant to a Decree issued and filed by this Court on July 21, 1989.

3. The Decedent died on August 5, 1962, domiciled in the City and State of New York, leaving a Last Will and Testament dated January 14, 1961 which was admitted to probate in this Court on

October 30, 1962, and Letters Testamentary were issued to Aaron R Frosch, the executor named in the will, on October 30, 1962.

4. On April 29, 1989, executor Aaron R. Frosch died.

5. A true copy of the Will of Marilyn Monroe is annexed hereto as Exhibit "A" and made a part hereof as if fully set forth herein.

6. Since petitioner's appointment, her counsel has requested by letter of the Estate of Aaron R. Frosch that a final accounting of the Estate of Marilyn Monroe be made. Should the fiduciaries of that Estate not do so, petitioner will commence a proceeding pursuant to SCPA §2205 to compel Mr. Frosch's fiduciaries to render a final accounting to the Court regarding the distribution of assets of the Monroe Estate.

7. The property of the Estate of Marilyn Monroe which remains undistributed is principally the royalties paid pursuant to motion picture contracts entered into by the decedent during her lifetime and royalties paid pursuant to trademark licensing agreements which use decedent's signature, name and likeness. Said trademark licenses are currently negotiated and entered into by The Roger Richman Agency, Inc.. The Roger Richman Agency, Inc. also collects the royalty income derived from these trademark license agreements.

MM-0000244

CONSTRUCTION OF THE MONROE WILL

8.   Upon information and belief, all of the specific legacies of the Monroe Will have been paid.  Thus the above income falls into the residuary estate.

9.   The residuary clause in the Monroe Will (Exhibit "A") reads as follows:

> SIXTH:
>
> All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, of which I shall die seized or possessed or to which I shall be in any way entitled, or over which I shall possess any power of appointment by Will at that time of my death, including any lapsed legacies, I give, devise and bequeath as follows:
>
> > (a)  To MAY REIS the sum of $40,000.00 or 25% of the total remainder of my estate, whichever shall be the lesser.
> >
> > (b)  To DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.
> >
> > (c)  To LEE STRASBERG the entire remaining balance.

10.   Upon information and belief, the bequest to May Reis has been paid in full and she has no interest in the Monroe Estate.

11.   Marianne Kris died on November 23, 1980.  Pursuant to her will, Anton Kris was appointed executor of her estate.

12.   During Petitioner's prior application to this Court for appointment as administratrix, c.t.a. pursuant to SCPA §1418,

MM-0000245

and Petitioner's answer to the petition of The Anna Freud Centre,

Petitioner raised her concern that the directions of the Will of

Marilyn Monroe with respect to the portion of the residuary Monroe

Estate conditionally bequeathed to Marianne Kris, were unclear and

that this proceeding would be brought to determine the nature and

proper disposition of the conditional bequest to Marianne Kris.

13. The Monroe Will which contains the directions to

Kris, reads as follows:

> FIFTH (d):
>
> Upon the death of the survivor between my
> mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV
> to pay over the principal remaining in the
> Trust, together with any accumulated income,
> to DR. MARIANNE KRIS to be used by her for the
> furtherance of the work of such psychiatric
> institutions or groups as she shall elect.

14. Upon advice of counsel, petitioner believes that

said Paragraphs FIFTH and SIXTH are in need of construction in

several respects.

15. It is unclear from the Monroe Will whether Monroe

intended Kris to "use" the proceeds of Monroe's conditional bequest

only in Kris' lifetime or after Kris' death.  The Monroe Will

contains no express power of appointment nor trust to Kris.

Further, the Monroe Will contains a bequest devising  "the entire

remaining balance" in the residuary estate to Lee Strasberg.  Among

other things, petitioner asks the Court to construe the phrase "to

be used by her..." to determine from such language whether or not

Monroe contemplated Kris' attempt to appoint by Kris' Will the

16. The particular limitations of the conditional bequest and the requirement that Kris "elect" the institution suggests that Monroe only wanted to benefit psychiatric institutions that were approved and monitored by Kris during her lifetime. Significantly, the language of the Monroe Will does not indicate that the conditional bequest to Kris survived Kris' death, nor does the Monroe Will contain an explicit or implicit power of appointment which would permit Kris to bequeath Kris' conditional legacy to psychiatric institutions named in the Kris Will.

17. In the prior proceeding for the appointment of a successor fiduciary, The Anna Freud Centre, purported assignee of the Estate of Marianne Kris, submitted that by Paragraph FIFTH of the Monroe Will, Monroe left an unconditional gift to Kris; this notwithstanding the seemingly clear charitable intent and directions contained in paragraphs FIFTH and SIXTH of the Monroe Will. Petitioner therefore asks that the Court construct the nature of the bequest to Kris, if it survives Kris' death.

## CONSTRUCTION OF THE KRIS WILL

18. Assuming Monroe's conditional bequest to Kris survived Kris' death, Petitioner also seeks a construction of the Will of Marianne Kris (Exhibit "B") to determine whether the attempt by Kris to exercise what appears to have been understood by her as a power of appointment was exercised effectively. Since

Exhibit A    Exhibit B

MM-0000247

Monroe appears to have intended to have twenty-five percent (25%) of her residuary estate be given to "psychiatric institutions or groups" as Kris selected, it is also necessary to determine, assuming the power of appointment survived Kris' death, who the proper entities selected by the Will of Kris.

19.    Paragraph SIXTH of the Will of Marianne Kris (Exhibit "B") reads as follows:

> I give and bequeath all property which I have received or which I am entitled to receive under the Will of Marilyn Monroe, which I have not otherwise disposed of during my life, to THE HAMPSTEAD CHILD-THERAPY CLINIC, London, England.  If this Clinic is not in operation at the time of my death, I give and bequeath the same to YALE UNIVERSITY for the furtherance of the psychiatric work of its Child Study Center, and it is my wish and desire that such property shall be used as directed by Dr. Albert Solnit and/or Dr. Samuel Ritvo so long as one or both of such doctors are actively associated with the work of said Child Study Center.

20.    Because the Hampstead Child-Care Clinic no longer exists a construction is necessary as to the intent of Kris with respect to either a successor of Hampstead or Kris' alternative bequest to Yale University.  For this reason, Yale University is named as a party to this proceeding since, should the legacy to the Hampstead Child-Therapy Clinic fail, under the Kris Will, Yale University may be entitled to twenty-five percent (25%) of the residuary Estate of Monroe.  In this respect, Petitioner has a derivative interest in the construction of the Kris Will since she is obligated under the Will of Monroe, to pay only those "psychiatric institutions or groups as [Kris] shall elect".  In order to know the proper appointee, the Kris Will must be construed

MM-0000248

to determine which, if any, institution or group was "elected" by Kris.

21. The Attorney General of the State of New York is named as a party to this proceeding since paragraph SIXTH of the Kris Will provides for the distribution to charities of monies received by Kris from the Monroe Estate.

22. It is respectfully submitted that Petitioner cannot fully perform her role as Administratrix c.t.a. of the Estate of Marilyn Monroe until the foregoing questions have been determined by this Court.

23. There are no persons other than those above-mentioned in this petition interested in this proceeding.

24. No other application has been made to this or any other court for the relief requested herein.

WHEREFORE, the Petitioner prays:

(1) for a decree determining the validity, construction, and effect of Paragraphs FIFTH and SIXTH of the Monroe Will;

(2) if necessary, for a decree determining the validity, construction and effect of Paragraph SIXTH of the Kris Will;

(3) that process issue to the persons and entities above-named requiring them to show cause before this Court why such a determination should not be made; and

(4) for such other and further relief which this Court may deem just and proper.

IRVING P. SEIDMAN, P.C.

By:_____

Attorneys for Petitioner,
Anna Strasberg,
Administratrix, c.t.a. of
the Estate of Marilyn Monroe
600 Third Avenue
New York, New York 10016
(212) 922-1900

MM_0000250

VERIFICATION

STATE OF NEW YORK )
                  )    SS:
COUNTY OF NEW YORK )

IRVING P. SEIDMAN, being duly sworn, upon information and belief, states that he is an attorney for Petitioner, Anna Strasberg, Administratrix, c.t.a. of the Estate of Marilyn Monroe and that he has read the annexed Verified Petition for Construction pursuant to SCPA §1420, and that the statements contained therein are true to his own knowledge, except as to matters stated to be upon information and belief, and as to those matters he believes them to be true; that the grounds of his belief as to all matters not stated upon his knowledge are correspondence and other writings furnished to him by Petitioner; and that the reason why the verification is not made by Petitioner is that Petitioner is presently in Los Angeles, California.

                                    IRVING P. SEIDMAN

Sworn to before me this
28th day of July, 1989

Notary Public

LAWRENCE H. SILVERMAN
NOTARY PUBLIC, State of New York
No. 31-4699574
Qualified In New York County
Commission Expires Oct. 30, 19__