EXHIBIT "EE"

ORIGINAL

JohnAaron Murphy Jones   4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Greene

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 3 0 1992

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREENE,<br><br>        Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as Administratrix,<br>c.t.a. of the Last Will and<br>Testament of MARILYN MONROE.<br><br>        Defendant. | CIVIL NO. 92-00605<br>(Non Motor Vehicle Tort)<br><br>PLAINTIFF'S MEMORANDUM<br>OF LAW IN OPPOSITION<br>OF DEFENDANT'S MOTION<br>TO DISMISS COMPLAINT;<br>EXHIBITS "A"-"E";<br>CERTIFICATE OF SERVICE<br><br>Date: December 14, 1992<br>Time: 10:30 a.m.<br>Judge: Alan C. Kay<br>Trial Date: Not Assigned |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

INTRODUCTION

Plaintiff Nancy Miracle, aka Nancy Miracle Greene, contends that she recently discovered by evidence heretofore unknown, to her, that she is the natural daughter of Marilyn Monroe, aka Nancy Cusumano.

Plaintiff's complaint alleges on page 3, paragraph 8, that plaintiff Nancy Miracle, aka Nancy Maniscalco Greene, was born on September 14, 1946 at Wykoff Heights Hospital in Ridgewood

Brooklyn. The hospital birth certificate, attached hereto with the Affidavit of Plaintiff Nancy Miracle, Plaintiff's Exhibit A, list Jennie Cusumano Maniscalco as Plaintiff's mother. Jennie Cusumano Maniscalco was the blood older sister of Marilyn Monroe, aka Nancy Cusumano, who was already married at the time of plaintiff's birth. Based on recently discovered evidence, Marilyn Monroe, aka Nancy Cusumano, gave her illegitimate child (plaintiff) to her older sister, who raised plaintiff as her own daughter until her death.

Also, based on newly discovered evidence, the birth certificate of plaintiff has the right and left footprints of plaintiff on it and the thumb-prints of Marilyn Monroe, aka Nancy Cusumano, on it appearing under Mother's left and right thumb-print.      see Plaintiff's Exhibit A

I.  THE COMPLAINT DOES STATE A CAUSE OF ACTION

    A.  Plaintiff's Claim Must Be Determined Applying The Law of California

Plaintiff agrees with the Defendant, in that Hawaii law requires the most significant relationship to the parties and subject matter test applies in determining the correct choice of laws issue.

In <u>Robertson v. Robertson</u>, 803 F.2d 136 (5th Cir 1986) the court held that where children of testator brought suit claiming they were entitled to forced heirship rights in their father's estate under Louisiana law rather than modest bequest left

MM-0001417

them in their father's will which had been probated in an Arkansas state court. The United States District Court for the Eastern District of Louisiana dismissed the suit for lack of subject matter jurisdiction, and the children appealed. The Court of Appeals held that determination of domicile of the father at his death and the ensuing property rights of his children arising under Louisiana law was within the subject matter jurisdiction of the district court, because it did not interfere with probate proceedings in Arkansas.

Plaintiff contend that California has the most significant relationship and subject matter because Marilyn Monroe, aka Nancy Cusumano, moved to California when she was 19 years old and lived in California for about 10 years, worked in California in the entertainment industry, bought and resided in a home in California, voted in California, died in California, is buried in California and an ongoing murder investigation is continuing in California.

Plaintiff's Amended Complaint alleges that the defendant knew in 1962 that Marilyn Monroe, aka Nancy Cusumano, had a illegitimate daughter and defrauded the plaintiff by withholding and concealing this information from her. See Plaintiff's Exhibit B paragraph 11

Also, the defendant breached their fiduciary duties in failing to provide maintenance and support to plaintiff while she was a minor. The defendant should not be allowed to profit from this wrong and deception.

3

Based on these facts, Plaintiff does dispute the surrogate's determination that Marilyn Monroe, aka Nancy Cusumano, was a New York domiciliary at the time of her death. In applying the <u>Robertson</u> decision (supra) and Hawaii state law, the state with the most significant relationship and subject matter between the parties is California.

It is worthy to note that any motion to exhume the body of Marilyn Monroe, aka Nancy Cusumano, for autopsy and DNA genetic testing must be submitted to the California courts and defense counsel has admitted at the hearing on Plaintiff's Motion to Continue the Defendant's Motion to Dismiss the Complaint, that the defendant had "some relationship with the State of California".

The defendants must be forced to disclose to this Court what legal proceeding they have initiated in the probate and civil courts in California after the death of Marilyn Monroe, aka Nancy Cusumano. This will prove that the defendant has already submitted to the jurisdiction of the California Courts. See Plaintiff's First Request for Production of Documents.

B. <u>Plaintiff Has Stated A Claim Under California Law</u>

California Probate Code section 90, enacted by statutes, 1931, c. 281, section 90, related to omitted children's and grandchildren's share of estate, and pursuant to section 6580, continues to apply to estates of decedents who died before Jan. 1,

4

1985.

> "Section 90. When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, <u>whether born before or after the making of the will or before or after the death of the testator</u>, and such child or issue are unprovided for by any settlement, and have not had an equal portion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or issue succeeds to the same share in the estate of the testator as if he had died intestate."

Public policy requires that a testator remember his children at the time of making his will, and the law does not favor the failure to provide for surviving spouse or children.

<u>West's Ann.Prob. Code</u>, section 70, 71, 90-92

There is a presumption that failure to name a child or grandchild in a will was unintentional. <u>West's Ann.Prob Code</u>, section 90. <u>In re Falcone's Estate</u>, 27 Cal.Rptr. 38, 211 C.A.2d 40.

The purpose of statute regarding pretermitted heirs is to guard against unintentional omission of lineal descendants from a share in decedent's estate by reason of oversight, accident, mistake or unexpected change of condition. <u>West's Ann.Prob.Code</u>, section 90,91. <u>In re Bank's Estate</u>, 56 Cal.Rptr.559, 248 C.A.2d 429. see also, Plaintiff's Exhibit D; <u>Columbia Law Review</u>; <u>Pretermitted Heirs: An Analysis of Statutes</u>.

Under statute respecting pretermitted children, words of

5

the will must show that the testator had omitted persons in mind, and although having them in mind, has intentionally omitted to provide for them, and in order to disinherit children, the intent that they shall not so share in the testator's estate must appear on the face of the will strongly and convincingly. <u>Probate Code</u>, section 90. <u>In re La Brie's Estate</u>, 278 P.2d 760, 130 C.A.2d 235 (1955).

<u>In re Torregano's Estate</u>, 352 P.2d 505, 5 Cal.Rptr. 137, 54 C.2d 234, 88 A.L.R.2d 597, the court held:

1. In an action for determination of heirship by plaintiff as a pretermitted heir of the testator extrinsic evidence was admissible to prove the testator's lack of intent to omit from his will any provision for plaintiff as a presumptive heir.

2. A pretermission can exist only through oversight, and it occurs only when there has been an omission to provide, absent an intent to omit, and since the mistake or accident which caused the testator to omit provision for his child cannot appear from the will itself, extrinsic evidence for such purpose must be contemplated by statute.

3. In action for determination of heirship by plaintiff as a pretermitted heir of deceased, where plaintiff as daughter produced evidence of relationship and family circumstances authorized a finding that after some 32 years the testator and his daughter each believed the other to be dead, and the erroneous belief continued to and including the date of making the will, such

6

MM-0001421

evidence was part of the "circumstances" under which the will was executed. West's Ann.Prob.Code, section 90. see also Plaintiff's Exhibit E; Estate of Ernest J. Torregano v. Alfred Torregano, California Supreme Court, 352 P2d 505, 88 ALR2d 597.

Marilyn Monroe, aka Nancy Cusumano, executed a will in 1961 and decedent's will made no provision, mention or settlement for plaintiff. Under this section 90, Plaintiff is entitled to the same share of decedent's estate as if decedent had died intestate. Plaintiff, being the sole natural blood daughter of Marilyn Monroe, aka Nancy Cusumano, is entitled to a 50% fractional share of said decedent's estate as a pretermitted heir.

II.     INFANCY, FRAUD AND CONCEALMENT TOLL
        THE STATUTE OF LIMITATIONS AND THE
        DEFENDANT IS ESTOPPED TO RELY ON THE
        STATUTE OF LIMITATIONS

The Hawaii Statute of Limitations for any cause of action not otherwise specified is six years. Hawaii Revised Statutes section 657-1(4). The California Statute of Limitations for actions not hereinbefore provided for is four years. West Calif. Codes section 343. Both California and Hawaii state laws toll the statute of limitations until age 18.

In the case at bar, the cause of action arose upon the death of Marilyn Monroe, aka Nancy Cusumano, in the State of California in 1962. Plaintiff attained the age of 18 on September

7

14, 1964 and the limitations period would have expired in 1968 but for the fraud and intentional deceit of the defendant.

Under California law, the statute of limitations does not begin to run against the time for commencing action for relief on ground of fraud until the discovery of the fraud. <u>Currey vs. Allen</u>, 34 Cal., p.257.

Where a party fraudulently conceals the existence of a cause of action against him, the statute of limitations is tolled and the guilty party is estopped to plead the limitations. <u>Mills v. Mills</u>, 305 P.2d 61, 147 C.A.2d 107.

The California Court of Appeals held in <u>Industrial Indemnity Co. v. Industrial Acc. Commission</u>, 252 P.2d 649, 115 C.A.2d 684 that actual fraud in the technical sense, bad faith, or an intent to mislead, are not essential to create an estoppel to rely on the statute of limitations and that the equitable doctrine of estoppel in pais is applicable in a proper case to prevent fraudulent or inequitable resort to the statute of limitations.

A defendant may be estopped to rely on the defense of limitations when, by his conduct, he induces delay in the filing of the action, even though there was no fraud on his part.

<u>Valvo v. University of Southern California</u>, 136 Cal.Rptr. 865, 67 C.A.3d 887.

In the case at bar, the defendant knew that plaintiff was the natural daughter of Marilyn Monroe, aka Nancy Cusumano.

8

Plaintiff was an illegitimate child but as plaintiff's affidavit states, at paragraph 7;

> "From 1954 thru 1957, I studied acting at Carnegie Hall with Marilyn Monroe, aka Nancy Cusumano, who lived at Carnegie House, which was one block down from Carnegie Hall, and Lee Strausberg as my instructor. I was with her at her house and at the Hall at least two times a week during this period. The Strausbergs used to come with her to my grandmother Bgalow on Long Island on most Sundays in the summer." see Plaintiff's Exhibit A

This affidavit is offered to prove that the Strausbergs, (Lee Strausberg was the first administrator of the estate) then administrators, executives and administratrix of the Estate of Marilyn Monroe new that Marilyn Monroe had a illegitimate daughter, plaintiff. During that time, plaintiff was a minor and the defendants defrauded the plaintiff and breached their fiduciary duties by concealing and withholding information from plaintiff, that plaintiff is in fact the sole natural daughter of Marilyn Monroe, aka Nancy Cusumano. The record shows that the defendant failed to provide any support or maintenance for plaintiff while she was a minor and concealed from plaintiff that she had a cause

9

MM-0001424

of action against the defendant for her pretermitted heir rights. Here again, the defendant should not be allowed to profit from their fraudulent conduct and are estopped to plead the statute of limitations as a defense.

### III  THIS COURT DOES HAVE PERSONAL JURISDICTION OVER THE DEFENDANT

Federal courts will not exercise probate jurisdiction, administer a decedent's estate, or entertain suits to set aside a will, they will hear suits by or against a decedent's estate that do not interfere with the control of property of property in the state court's custody. <u>Loyd v.Loyd</u>, 731 F.2d 393 fraud claim after probate proceedings completed; district court did not abuse discretion by entertaining claim.

In <u>Union National Bank of Texas v. Ornelas Gutierrez</u>, 764 F.Supp. 445, where the administrator of the estate moved to dismiss the action to determine whether res was part of decedent's estate or belonged to defendants. The District Court held that its exercise of jurisdiction did not violate probate exceptions to federal jurisdictions and denied the motion. Where there is issue between citizens of different states that is justiciable in federal court and its result will determine only what portion of estate remains available for distribution under terms of will, exercise of federal jurisdiction will not violate probate exception to

MM-0001425

federal jurisdiction.

<u>Hawaii Revised Statute</u> section 634-35, Hawaii's long-arm statute limits long-arm jurisdiction "to any cause of action arising from the doing of any of the acts" enumerated in the statute which includes transaction of any business.

Plaintiff's Amended Complaint alleges that the defendant transacts business in the City and County of Hawaii, State of Hawaii, namely the manufacturing and merchandizing of products regarding Marilyn Monroe. Plaintiff has offered documents to this court showing that the defendants have a merchandizing agreement, see Plaintiff's Exhibit C. These merchandizing agreements authorize the defendant to employ agents and employees to manufacture, advertise and sell products regarding Marilyn Monroe. The court can take judicial notice of the fact that there are many stores in Hawaii that sell videos, records, T shirts, posters, and likenesses of Marilyn Monroe. The defendants are making millions of dollars in the State of Hawaii through merchandizing contracts with merchants and retailers. Plaintiff is entitled to 50% of that money that is made in the State of Hawaii and 50% of the entire estate. It can be concluded that the defendants are doing business in the State of Hawaii and that this court has personal jurisdiction over the defendant.

11

MM-0001426

CONCLUSION

It must be concluded that plaintiff can proceed against the defendant, in this Court, under Hawaii and California Law.

Plaintiff prays that this Court allow her to show through DNA genetic testing that she is in fact the pretermitted daughter of Marilyn Monror, aka Nancy Cusumano, and that the defendant has known this and continues to defraud the plaintiff out of millions of dollars that is legally and rightfully her true birth right.

Respectfully submitted.

Dated: Honolulu, Hawaii,   11/30/92

*[signature]*
JohnAaron Murphy Jones
Attorney for Plaintiff

12

MM-0001427

EXHIBIT "FF"

CADES SCHUTTE FLEMING & WRIGHT

MILTON M. YASUNAGA    3058
1000 Bishop Street
Honolulu, Hawaii 96813
Telephone: 521-9200

Attorney for Defendant
ANNA STRASBERG, as Administratrix,
c.t.a. of the Last Will and
Testament of MARILYN MONROE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 4 1992

at ___ o'clock and ___ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREENE,<br><br>    Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of<br>the Last Will and Testament<br>of MARILYN MONROE,<br><br>    Defendant. | CIVIL NO. 92-00605 ACK<br>(Non Motor Vehicle Tort)<br><br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFF'S MOTION TO<br>CONTINUE DEFENDANT'S MOTION<br>TO DISMISS COMPLAINT AND<br>PLAINTIFF'S MOTION TO<br>SHORTEN TIME TO COMPEL<br>DISCOVERY FILED 11/20/92;<br>EXHIBITS A & B; CERTIFICATE<br>OF SERVICE<br><br>Date:  November 24, 1992<br>Time:  10:30 a.m.<br>Judge: Alan C. Kay<br>Trial Date: Not Assigned |

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO CONTINUE DEFENDANT'S MOTION TO
DISMISS COMPLAINT AND PLAINTIFF'S MOTION TO
SHORTEN TIME TO COMPEL DISCOVERY FILED 11/20/92

By its Motion to Continue, Plaintiff hopes to stave off this Court's consideration of the Motion to Dismiss, since Plaintiff has no viable opposition to that motion. Plaintiff should not be allowed to prolong this proceeding or preserve the

improper Complaint any longer.  None of the justifications offered by Plaintiff are persuasive.

### The Substantive Motion to Dismiss Should Not be Continued to Permit Plaintiff Time to Conduct Discovery.

Under Rule 56(f) a motion for summary judgment may be opposed by an affidavit giving reasons why discovery is necessary and why a party cannot present by affidavit facts essential to justify its opposition.  There is no comparable rule for a motion to dismiss under Rule 12(b), and there is reason for the difference.  A motion to dismiss is an attack on the pleading itself, and the deficiencies raised by a motion to dismiss are not of a kind that can be overcome by reference to discovery.  (Since Plaintiff has made some reference to rule 56 (which we respectfully suggest might also have been better made in opposition to the motion to dismiss), we note again that the affidavits related to the Motion to Dismiss serve only to present for this Court's convenience a copy of the ruling of the New York Surrogate's Court -- the Surrogate's Court ruling is a matter of which this Court may properly take judicial notice, and the inclusion of such material does not have the effect of converting the motion to one of summary judgment.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).)

The affidavit submitted by Plaintiff's attorney makes the assertion that Plaintiff needs the requested documents to prepare its opposition to the Motion to Dismiss, however the ostensible reasons, when analyzed, fall flat.  Furthermore, even

2

MM-0001470

if this were a motion for summary judgment, Rule 56(f) requires more than has been submitted here.

It would be antithetical to the purposes of Rule 11 and Rule 8 (Rule 8 calls for a complaint to state the grounds for jurisdiction and the claim for relief) to let Plaintiff explore Defendants' files or conduct any other discovery before being called upon to respond to the current Motion to Dismiss. The whole thrust of the rules is that plaintiff and his attorney must conduct a reasonable inquiry into the facts, as well as the law, prior to the filing of a complaint and are not permitted to file a complaint without prior investigation and lacking in particulars, and try to make up for their deficiencies by doing their homework later. In McFarlane v. Memorex Corp., 493 F.Supp. 631 (N.D. Cal. 1980), for instance, the court discussed the requirements for a proper pleading and went on to hold that discovery was not proper in the meantime:

> Until that hurdle is passed, plaintiff is not free to conduct discovery. Discovery allows parties to develop the facts underlying their claims and defenses; it is not a vehicle for uncovering the claims themselves.

Id. at 639.

In a recent case, this Court has already accepted the above reasoning and rejected a very similar motion to continue motion to dismiss until after discovery is done. Attached as Exhibits A and B for the Court's convenience are relevant excerpts of the Court's April 22, 1991 order and the memorandum in opposition to the request for continuance in California-Hawaiian Fund, Inc. vs. Simon, et al., Civil No. 90-00816 ACK.

3

MM-0001471

The first non-issue -- decedent's domicile at death -- was not raised as an issue in plaintiff's pleading; counsel's speculation that the decedent "may not have been domiciled in New York at the time of her death..." is unsupported, is not an issue in plaintiff's pleading, and, in fact, is implicitly contrary to the New York Surrogate's Court Decree admitting the will to probate in New York. Even if judged to be of some relevance, plaintiff may not put the "domicile at death" issue into play by mere speculation in his affidavit. Plaintiff never states in her complaint or motion papers what state she believes to have been decedent's domicile and never shows that the law of such state gives her pretermitted heir rights despite the fact that she was born before the last will. Plaintiff should not be allowed to continue burdening Defendant with expensive litigation when Plaintiff is merely embarked on a fishing expedition in hopes of finding a viable, but still unstated, claim. Rule 8 and Rule 11 require much more than Plaintiff has presented.

Similarly, Plaintiff's contention that Defendant may be doing some unspecified type of business in the State of Hawaii is mere speculation and the rules do not allow a claim to be brought based on mere speculation, without any indication how jurisdiction exists.

Aside from the fact that the rules dictate that a motion to dismiss should not be continued to allow time for discovery and that Plaintiff's pleadings are woefully inadequate and unspecific, the request for a continuance in order to do discovery should also

MM-0001472

be denied because the discovery sought cannot possibly defeat the motion to dismiss.

First, dismissal is also based on the statute of limitations, which ground is not even mentioned in Plaintiff's motion or related to any of the discovery requested.

Second, even if the Court were to credit plaintiff's contention that Defendant may have conducted some unspecified business in Hawaii, dismissal for lack of personal jurisdiction is mandated because Hawaii law provides that personal jurisdiction will exist only if the cause of action arises out of the business conducted in Hawaii. Here, it is clear that the cause of action -- which is grounded on her alleged heirship and the laws of descent and distribution -- does not arise out of the alleged business activity in Hawaii. [See Hawaii Revised Statutes Section 634-35(c) and Defendant's memorandum dated Nov. 9, 1992 pp 9-14].

Based on the foregoing, the motion to continue and the motion to compel discovery should be denied.

DATED: Honolulu, Hawaii, November 24, 1992.

_____
MILTON M. YASUNAGA
Attorney for Defendant

5

MM-0001473