EXHIBIT "II"

Case 1:04-cv-09295-CM   Document 30-12   Filed 03/26/2003   Page 2 of 22

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of Nancy Miracle
(the "Petitioner") to Open, Vacate, and Set Aside
the Decrees of this Court, Dated October 30, 1962,
Granting Letters Testamentary to Aaron R. Frosch,
ad Dated October 3, 2000, Granting Letters of
Administration C.T.A. to Anna Strasberg, on the
Goods, Chattels, and Credits which were of Nancy
Cusumano, also known as Norma Jean Baker, and
also known, and previously represented to this
Court, as Marilyn Monroe, Deceased (the
"Decedent") and to Open, Vacate, and Set Aside
Decrees of this Court Settling the Accounts of said
Aaron R. Frosch, as such Executor, and of said
Anna Strasberg, as such Administratrix C.T.A.

**No. P 2781/1962**

**MEMORANDUM OF LAW**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE PETITION OF NANCY MIRACLE OF RESPONDENTS ANNA STRASBERG, INDIVIDUALLY AND AS ADMINISTRATOR C.T.A. OF THE ESTATE OF MARILYN MONROE, DR. ANTON O. KRIS AND ANNA KRIS WOLFF, AS EXECUTORS OF THE ESTATE OF DR. MARIANNE KRIS, AND THE ANNA FREUD CENTRE

### PRELIMINARY STATEMENT

Respondents Anna Strasberg, individually and as Administrator C.T.A. of the Estate of

Marilyn Monroe, Dr. Anton O. Kris and Anna Kris Wolff, as Executors of the Estate of Dr.

Marianne Kris, and the Anna Freud Centre (collectively "Respondents") submit this

memorandum of law in support of their motion to dismiss the Petition of Nancy Miracle,

MM-0003084

appearing *pro se*, to open, vacate, and set aside Decrees of this Court relating to the Estate of Marilyn Monroe, which is now settled and all of its assets distributed.[1]

Almost 40 years after the death of Marilyn Monroe and the admission of her will to probate, Petitioner Nancy Miracle asks this Court to revoke the Letters Testamentary that it issued to Aaron R. Frosch on October 30, 1962, and the Letters of Administration that it issued to Anna Strasberg on July 21, 1989, on the basis of her preposterous claim — already litigated and rejected — that she is Marilyn Monroe's daughter. In 1992, Ms. Miracle filed suit in federal court in Hawaii against Ms. Strasberg as Administrator of the Estate of Marilyn Monroe, and claimed that she was Marilyn Monroe's long-lost daughter and as such entitled to a share of the Monroe Estate. Not surprisingly, the federal district court soundly rejected this claim on the merits. In dismissing Ms. Miracle's action, the federal district court found that she had no right to any share in the Monroe Estate because she was not provided for in Marilyn Monroe's will, and that she had no rights under New York's pretermitted heirs statute because "the statute does not protect children who were living at the time of execution of the will" and Ms. Miracle "has admitted in open court that she was born before Marilyn Monroe's will was executed." Order Granting Defendant's Motion to Dismiss, *Nancy Miracle v. Anna Strasberg*, U.S. Dist. Ct., Dist. of Hawaii, December 23, 1992 ("Order"), p. 14 (Affirmation of Randy M. Mastro ("Mastro Affi."), Exh. E). The Ninth Circuit Court of Appeals affirmed the judgment of the district court. (Mastro Affi., Exh. H). This should have ended the inquiry.

---

[1] Dr. Anton Kris and Anna Kris Wolff are Executors for the Estate of Dr. Marianne Kris. In her will, Ms. Monroe left a bequest to Dr. Kris, her psychiatrist. In her will, Dr. Kris devised her interest in the Monroe Estate to the Anna Freud Centre.

2

MM-0003085

Nevertheless, now, these many years later, Ms. Miracle makes this belated attempt to overturn this Court's long standing Decrees regarding the settled Monroe Estate and to claim $100 million dollars in damages from Ms. Strasberg on the same grounds that she previously litigated and lost in federal court. However, as a matter of *res judicata*, the prior federal decision rejecting Ms. Miracle's claim to an interest in the Monroe Estate serves as an absolute bar to her petition before this Court.

Moreover, because of her decade or more of delay in presenting her claims to this Court, Ms. Miracle's petition is also barred on statute of limitations and laches grounds. After years of work by Ms. Strasberg to settle the Monroe Estate, this Court last year approved the final distribution of its assets. (Mastro Affi., Exh. B). Ms. Miracle's stale claims provide no basis to disrupt the administration of the Monroe Estate or overturn this Court's prior Decrees, thereby prejudicing Ms. Strasberg and the other party in interest, the Anna Freud Centre. Accordingly, the Court should now dismiss Ms. Miracle's petition.

## STATEMENT OF FACTS

On August 5, 1962, Marilyn Monroe died. On October 30, 1962, this Court granted Letters Testamentary and Letters of Trusteeship under Ms. Monroe's Last Will and Testament to Aaron Frosch. Mr. Frosch served as Executor of the Monroe Estate until his death on April 29, 1989. On July 21, 1989, this Court revoked the Letters Testamentary to Mr. Frosch and appointed Anna Strasberg as Administratix C.T.A. of the Monroe Estate. (Mastro Affi., ¶¶ 2-3).

On October 18, 2000, Ms. Strasberg filed with this Court a Final Account of her proceedings as Executor in the Estate, for the period July 20, 1989, to October 3, 2000. (Mastro Affi., Exh. A). On June 19, 2001, this Court issued a "Decree on a Voluntary Final Accounting and Related Matters" regarding the Monroe Estate. (Mastro Affi., Exh. B). In that Decree, this

3

MM-0003086

Court ordered that the assets of the Monroe Estate be distributed to a limited liability company and that the residuary beneficiaries of the Monroe Estate — Anna Strasberg, as Executor of the Estate of Lee Strasberg, and the Anna Freud Centre — receive *pro rata* shares in the limited liability company. *Id.* Thus, after a probate lasting four decades, the affairs of the Monroe Estate were finally resolved.

Nancy Miracle claims that in 1985 she discovered that she was really the daughter of Marilyn Monroe. Order, p. 9. She relates that a writer named John Brillo, whom she met through a mutual friend, told her that she was Monroe's daughter. *Nancy Miracle v. New Yorker Magazine*, 190 F.Supp.2d 1192, 2001 WL 1750826, p. 5 (D. Hawaii 2001) (Mastro Affi., Exh. J). On that thin reed, she bases her preposterous claim to be the daughter of Marilyn Monroe. Indeed, in her deposition taken in an unsuccessful lawsuit that Ms. Miracle filed against the *New Yorker* magazine for defamation, Ms Miracle remembered her reaction as "Yeah, you know when you hear the truth . . . There was no need to explain. It was just the truth, and when the truth happens, it just – my head reeled, and it made all the sense in the world, yeah." *Id.* When Ms. Miracle told her uncle of her "discovery," he advised her to see a psychiatrist. *Id.* at 5, fn. 1.

On September 16, 1992, Ms. Miracle filed suit in United States District Court for the District of Hawaii against Anna Strasberg, as "Administratix, c.t.a. of the Last Will and Testament of Marilyn Monroe." (Mastro Affi., Exh. C). In her complaint, Ms. Miracle alleged that Monroe's "will made no provision for plaintiff, who is entitled to the same share of

4

MM-0003087

decedent's estate as if decedent had died intestate."[2]  (Exh. C at p. 3).  On November 27, 1992,

Ms. Miracle filed an amended complaint alleging that Anna Strasberg "did intentionally inflict

emotional distress on plaintiff and defraud plaintiff and breach their [sic] fiduciary duties as

executor and administrator of said estate by concealing and withholding information from

plaintiff, that plaintiff is in fact the sole natural daughter of Marilyn Monroe[.]"  (Mastro Affi.,

Exh. D at p. 4).

On December 23, 1992, the federal district court granted Ms. Strasberg's motion to

dismiss Ms. Miracle's action.  Order, p. 15 (Mastro Affi., Exh. E).  In so doing, the district court

held that Ms. Miracle's claims had no merit as a matter of law.  *Id.* at 14.  The district court held

that New York law applied to Ms. Miracle's claims and that New York's pretermitted heir statue

at the time of Marilyn Monroe's death allowed claims only if they were brought by "after-born"

children, that is, children born after the making of a will.  *Id.* at 14.  Because Ms. Miracle

admitted that she had been born in 1946, and that Monroe's Last Will and Testament had been

written in 1962, the court found that she was not an "after-born child" and, thus, had no claim to

any share of the Estate.  *Id.*[3]

---

2  Ms. Miracle admits here that she is not provided for in Marilyn Monroe's will (Mastro Affi.,
Exh. C, p. 3) — which is not at all surprising since Ms. Miracle is not related in any way to
Marilyn Monroe.  While Marilyn Monroe did make a bequest to her half sister, "Bernice
Miracle," Petitioner Nancy Miracle is not related to Bernice Miracle or even originally
named "Miracle."  Indeed, she changed her last name from "Greene" to "Miracle" not
because of some relationship with "Bernice Miracle" but because of her "miraculous
discovery" about her "true" identity.  *Nancy Miracle v. New Yorker*, p. 4 (Mastro Affi.,
Exh. J).

3  Ms. Miracle made a motion for reconsideration.  The federal district court denied that motion
on January 25, 1993.  Ms. Miracle then appealed, and on June 11 1993, the Ninth Circuit
Court of Appeals dismissed Ms. Miracle's appeal.  (Mastro Affi., Exhs. G & H).

MM-0003088

Now, a decade later, Ms. Miracle has filed a petition with this Court attempting to resurrect the claims that were dismissed by the federal district court in Hawaii. In her petition, Ms. Miracle alleges that she is Marilyn Monroe's daughter and that Ms. Strasberg has attempted to conceal this fact. She requests that the Court revoke the Letters of Administration that it granted to Ms. Strasberg in 1989, and other Decrees regarding the Monroe Estate, and that the Court award her $100 million in damages against Ms. Strasberg.

## ARGUMENT

### I. THE PETITION IS BARRED BY THE PRIOR JUDGMENT OF THE FEDERAL DISTRICT COURT AGAINST NANCY MIRACLE

CPLR § 3211(a)(5) provides for dismissal of an action barred by the doctrine of *res judicata*. *See* N.Y. CRLR § 3211(a)(5). This is such an action. The doctrine of *res judicata* gives "'binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein.'" *In Re Margaret L. Clamp*, 597 N.Y.S.2d 163, 164 (2d Dept. 1993) (quoting *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277, 317 N.Y.S.2d 315 (1970)). Nearly a decade ago, the federal district court in Hawaii issued a final judgment against Ms. Miracle deciding the same questions of fact and law that she attempts to relitigate here. It held that she has no interest under New York Law in the Monroe Estate. This prior adverse judicial determination bars Ms. Miracle from bringing her current petition before this Court.

In her prior federal action in Hawaii, Ms. Miracle alleged that she was the daughter of Marilyn Monroe, that Marilyn Monroe's "real name" is "Nancy Cusumano," and that Anna Strasberg, as Administrator of the Monroe Estate, was attempting to defraud her out of her alleged interest in the Monroe Estate. (Mastro Affi., Exh. D at pp. 2-4). Ms. Miracle's petition before this Court make these same allegations — namely, that she is the daughter of Monroe,

6

MM-0003089

that Monroe's real name in Nancy Cusumano, that Anna Strasberg has attempted to conceal Ms.

Miracle's identity, and that Ms. Miracle has an interest in the Monroe Estate. Petition at ¶¶ 6-13

(Mastro Affi., Exh. I). In dismissing Ms. Miracle's action, however, the federal district court in

Hawaii found that Ms. Miracle failed to state any claim based on these allegations because, as a

matter of New York law, she had no interest in the Monroe Estate. The Court reasoned that she

had no right to any share in the Monroe Estate because she was not provided for in Marilyn

Monroe's will, and that Ms. Miracle had no rights under New York's pretermitted heirs statute

because "the statute does not protect children who were living at the time of execution of the

will" and Ms. Miracle "has admitted in open court that she was born before Marilyn Monroe's

will was executed." Order, pg. 14 (Mastro Affi., Exh. E). Accordingly, Ms. Miracle's petition

here is barred by the doctrine of *res judicata* because her claims regarding the Monroe Estate

were expressly decided against her in her prior federal action.[4]

## II. NANCY MIRACLE'S CLAIM FOR DAMAGES AGAINST ANNA STRASBERG IS BARRED BY THE STATUTE OF LIMITATIONS

Ms. Miracle's petition alleges that Ms. Strasberg has made "false allegations...in fraud of

the legitimate rights of Petitioner in the Estate," and seeks damages from Ms. Strasberg in the

amount of $100 million. Petition at. ¶ 12 (Mastro Affi., Exh. I). Of course, nearly a decade ago,

Ms. Miracle alleged in her federal action filed in Hawaii that Ms. Strasberg had attempted to

---

[4]   The other moving respondents — Dr. Anton Kris and Anna Kris Wolff, and the Anna Freud Centre — are also entitled to the dismissal of Ms. Miracle's petition because the prior judgment of the federal district court in Hawaii bars her from litigating before this Court any issue which was actually litigated and decided in that prior action. *303 Realty Corp. v. Albert*, 546 N.Y.S.2d 417, 418 (2d. Dept. 1989). The issue of whether Ms. Miracle has an interest in the Monroe Estate, of course, was actually litigated and decided against her in her action before the federal district court in Hawaii.

MM 0003080

defraud her out of her interest in the Monroe Estate. (Mastro Affi., Exh. D at p. 4). The statute

of limitations on an action for fraud in New York is six years. N.Y. CPLR § 213. Accordingly,

as Ms. Miracle claimed a decade ago in Hawaii that Ms. Strasberg was attempting to defraud her

out of her rights in the Monroe Estate, the statute of limitations ran long ago on her claim for

damages against Ms. Strasberg.

### III. NANCY MIRACLE IS BARRED BY LACHES FROM NOW REQUESTING THAT THE COURT REVOKE ITS DECREES GRANTING LETTERS OF ADMINISTRATION

Under New York law, laches is a well recognized defense to a request to revoke a

fiduciary's letters of administration. *See In Re Estate of D'Onofrio*, 411 N.Y.S.2d 152 (1978), *In*

*Re Estate of De Belardino*, 352 N.Y.S.2d 858, 863, *aff'd*, 363 N.Y.S.2d 974 (4th Dept. 1974), *In*

*Re Glaser's Estate*, 290 N.Y.S. 966, 967-68 (1936), *In Re Gori's Will*, 222 N.Y.S. 250, 251

(1927). The doctrine of laches requires dismissal of such a petition where, as here, the petitioner

has unduly delayed making her application. *Id.*

Here, Ms. Miracle waited to bring her petition requesting this Court to revoke the Letters

of Administration it issued to Ms. Strasberg in 1989, and the Letters Testamentary it issued to

Aaron Frosch in 1962 until nearly 17 years after she claims to have first come to the view that

she was Marilyn Monroe's daughter and nearly a decade after she lost her identical claim against

Ms. Strasberg in federal district court in Hawaii. Given Ms. Miracle's actual knowledge of Ms.

Strasberg's status as Administrator since at least 1992, such a delay in pressing her objections is

simply inexcusable.

Moreover, Ms. Miracle's belated objections, if entertained by this Court, would materially

prejudice Ms. Strasberg and the Anna Freud Centre. The task of resolving the affairs of the

Monroe Estate took many years. Finally, however, those affairs have been concluded and the

MM 0002094

Court has issued a decree making a final distribution of the assets of the Estate. (Mastro Affi.,

Exh. B).  To reopen the Monroe Estate now on the basis of a stale and spurious claim would

unfairly disrupt the repose granted by this Court's Decrees.  Accordingly, this Court should also

reject Ms. Miracle's request to reopen and vacate its Decrees on grounds of laches.

9

MM-0003092

## CONCLUSION

For all of the foregoing reasons, Respondents respectfully request this Court dismiss the

Petition of Nancy Miracle to open, vacate, and set aside its Decrees relating to the Monroe

Estate, and grant such other relief as this Court deems just and proper.

Dated: New York, New York
       May 6, 2002

GIBSON, DUNN & CRUTCHER LLP

By: _____
       Randy M. Mastro

Attorneys for Anna Strasberg, Administrator C.T.A.

200 Park Avenue
47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON

By: _____
       Steven B. Rosenfeld

Attorneys for Dr. Anton O. Kris and Anna Kris
Wolff as Executors of the Estate of Dr. Marianne
Kris, and the Anna Freud Centre

1285 Avenue of the Americas
New York, New York 10014-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

80219865_1.DOC

10

MM-0003093

SURROGATE'S COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of Nancy Miracle
(the "Petitioner") to Open, Vacate, and Set Aside
the Decrees of this Court, Dated October 30, 1962,
Granting Letters Testamentary to Aaron R. Frosch,
ad Dated October 3, 2000, Granting Letters of
Administration C.T.A. to Anna Strasberg, on the
Goods, Chattels, and Credits which were of Nancy
Cusumano, also known as Norma Jean Baker, and
also known, and previously represented to this
Court, as Marilyn Monroe, Deceased (the
"Decedent") and to Open, Vacate, and Set Aside
Decrees of this Court Settling the Accounts of said
Aaron R. Frosch, as such Executor, and of said
Anna Strasberg, as such Administratrix C.T.A.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**No. P 2781/1962**

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK  )

DEBORAH A. DUTKO, being duly sworn, deposes and says:

1.    I am not a party to this action, am over 18 years of age, and reside in

Bronx, New York.

2.    On May 6, 2002, I served the Notice of Motion to Dismiss Petition of

Nancy Miracle, Affidavit of Randy M. Mastro in Support of Respondent's Motion to Dismiss

and Memorandum of Law In Support of Respondents Anna Strasberg's, Individually and As

Administrator C.T.A. of the Estate Of Marilyn Monroe, Dr. Anton O. Kris's and Anna Kris

Wolf's, as Executors of The Estate Of Dr. Marianne Kris, and The Anna Freud Centre's Motion

To Dismiss the Petition of Nancy Miracle in this action by having true and correct copies thereof

delivered by hand, to the parties in interest at the following addresses:

Attorney General of the State of New York          Ronald Stein, Esq.
120 Broadway, 4th Floor                            Strock & Stroock & Lavan LLP
New York, New York 10271                           180 Maiden Lane
                                                   New York, New York 10038

MM-0003094

Continental Insurance Company
Surety Department
39 Broadway
New York, New York 10006

Ms. Nancy Miracle
59 West 10th Street, #3E
New York, New York 10011

*Deborah A Dutko*

DEBORAH A. DUTKO

Sworn to before me on this
6th day of May, 2002

*Richard D Neznamy*

Notary Public

RICHARD D. NEZNAMY
Notary Public, State of New York
No. 31-5009512
Qualified in New York County
Commission Expires March 15, 2003

2

MM-0003095

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of the Application of Nancy Miracle
(the "Petitioner") to Open, Vacate, and Set Aside
the Decrees of this Court, Dated October 30, 1962,
Granting Letters Testamentary to Aaron R. Frosch,
ad Dated October 3, 2000, Granting Letters of
Administration C.T.A. to Anna Strasberg, on the
Goods, Chattels, and Credits which were of Nancy
Cusumano, also known as Norma Jean Baker, and
also known, and previously represented to this
Court, as Marilyn Monroe, Deceased (the
"Decedent") and to Open, Vacate, and Set Aside
Decrees of this Court Settling the Accounts of said
Aaron R. Frosch, as such Executor, and of said
Anna Strasberg, as such Administratrix C.T.A.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. P 2781/1962

AFFIRMATION OF
RANDY M. MASTRO IN
SUPPORT OF RESPONDENTS'
MOTION TO DISMISS

I, RANDY M. MASTRO, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under penalty of perjury:

1.      I am a member of the law firm of Gibson, Dunn & Crutcher LLP, counsel for Respondent Anna Strasberg, and duly licensed to practice law in the State of New York. I submit this affirmation in support of the Motion of Respondents Anna Strasberg, individually and as Administrator C.T.A. of the Estate of Marilyn Monroe, Dr. Anton O. Kris and Anna Kris Wolff, as Executors of the Estate of Dr. Marianne Kris, and the Anna Freud Centre to dismiss the Petition of Nancy Miracle. I am fully familiar with the facts stated in this affirmation and with this action in general.

2.      On October 30, 1962, this Court granted Letters Testamentary and Letters of Trusteeship under the Will of Marilyn Monroe to Aaron Frosch, pursuant to Ms. Monroe's Last Will and Testament.

3.     On April 29, 1989, Aaron Frosch died.  On July 21, 1989, this Court revoked the Letters Testamentary granted to Mr. Frosch and appointed Anna Strasberg as Administrator C.T.A. of the Estate of Marilyn Monroe.

4.     On October 18, 2000, Ms. Strasberg filed with this Court a Final Account of her proceedings as Executor in the Monroe Estate, for the period July 20, 1989 to October 3, 2000.  A true and correct copy of that Final Account is attached hereto as Exhibit A.

5.     On June 19, 2001, this Court issued a "Decree on a Voluntary Final Accounting and Related Matters" regarding the Monroe Estate.  In that Decree, this Court ordered that the assets of the Monroe Estate be distributed to a limited liability company and that the residuary beneficiaries of the Monroe Estate — Anna Strasberg as Executor of the Estate of Lee Strasberg, and the Anna Freud Centre — receive *pro rata* shares in the limited liability company.  A true and correct of the Court's June 19, 2001 Decree is attached hereto as Exhibit B.

6.     On September 16, 1992, Nancy Miracle filed suit in United States District Court for the District of Hawaii against Anna Strasberg as "Administratix, c.t.a. of the Last Will and Testament of Marilyn Monroe."  A true and correct copy of Ms. Miracle's Complaint, dated September 16, 1992 is attached hereto as Exhibit C.

7.     On November 27, 1992, Nancy Miracle filed an Amended Complaint against Anna Strasberg in United States District Court for the District of Hawaii.  A true and correct copy of Ms. Miracle's Amended Complaint, dated November 27, 1992, is attached hereto as Exhibit D.

8.     On December 23, 1992, the United States District Court for the District of Hawaii dismissed Nancy Miracle's Complaint and her Amended Complaint.  A true and correct copy of

2

the "Order Granting Defendant's Motion to Dismiss" of the United States District Court for the District of Hawaii is attached hereto as Exhibit E.

9.    A true and correct copy of the "Judgment in a Civil Case" of the United States District Court for the District of Hawaii dismissing Nancy Miracle's action against Anna Strasberg, dated December 29, 1992, is attached hereto as Exhibit F.

10.    A true and correct copy of the "Order Denying Plaintiff's Motion to Reconsider Order Dismissing Plaintiff's Complaint" of the United States District Court for the District of Hawaii's dated January 25, 1993, is attached hereto as Exhibit G.

11.    A true and correct copy of the Judgment of the United States Court of Appeals for the Ninth Circuit dismissing the appeal of Nancy Miracle from the Judgment of the United States District Court for the District of Hawaii dismissing her action against Anna Strasberg, dated June 11, 1993, is attached hereto as Exhibit H.

12.    A true and correct copy of Nancy Miracle's Petition to Open, Vacate, and Set Aside Decrees of this Court relating to the Estate of Marilyn Monroe is attached hereto as Exhibit I.

14.    A true and correct copy of *Nancy Miracle v. New Yorker Magazine*, 190 F.Supp.2d 1192, 2001 WL 1750826 (D. Hawaii 2001), is attached hereto as Exhibit J.

Dated: New York, New York
       May 6, 2002

                                        _Randy M. Mastro_
                                        Randy M. Mastro

80219864_1.DOC

3

EXHIBIT "JJ"

THE STATE OF NEW YORK
SURROGATE'S COURT : COUNTY OF NEW YORK
------------------------------------------------------------X
In the matter of the Petition to Revoke Letters Testamentary
and to Vacate Decrees Settling Accounts in the Estate of

           MARILYN MONROE,

                    Deceased.
------------------------------------------------------------X

JUN 17 2002

File No. 2781-1962

PREMINGER. S.

    Decedent Marilyn Monroe, the famed actor, died on August 5, 1962. Petitioner Nancy

Miracle, born in 1946, claims that she is the daughter of Marilyn Monroe, and that she

discovered this relationship in 1985. She petitions to revoke the letters issued to Aaron R.

Frosch, who was appointed executor under decedent's will and those issued to Anna Strasberg,

appointed administratrix c.t.a. She also petitions to vacate the decrees settling the various

accountings in this action, including the one entered last year that transferred the remaining estate

assets to Marilyn Monroe LLC. The thrust of her petition is that as a distributee she should have

been cited on the probate petition and that either through fraud or oversight she was omitted. She

also sues Dr. Anton Kris and Anna Kris, as executors of the estate of Dr. Marianne Kris (a 25%

residuary beneficiary under decedent's will), the Anna Freud Center (successor to Dr. Kris's 25%

interest in the residuary): Stroock, Stroock and Lavan (the law firm executor Frosch hired to

represent him as fiduciary, hereinafter "Stroock") and Anna Strasberg's bond underwriter

Continental Insurance.

    All the respondents except Stroock have moved to dismiss the petition on three grounds:

first, that a 1992 federal court decision from the District of Hawaii in a case petitioner brought

against Anna Strasberg is res judicata; second, that the petition is not timely; and third, that it is

barred by laches. Stroock moves to dismiss for failure to state a cause of action as attorneys for

MM-0000234

former executor Frosch.

Stroock's motion should be granted. The petition does not even mention Stroock and fails to allege any wrongdoing on the part of Stroock. The motion to dismiss by the remaining respondents should converted to a motion for summary judgment under CPLR 3211(c) and the parties shall receive notice and an opportunity to supplement their submissions as set forth below. Their motion to dismiss, however, should otherwise be denied.

In 1991, Miracle sued Strasberg as fiduciary of decedent's estate in United States District Court, District of Hawaii claiming a share of decedent's estate as a pretermitted heir (see generally, EPTL § 5-3.2). A 1992 decision granted Strasberg's motion to dismiss (Miracle v Strasberg, No. 92-00605, Dec. 23, 1992, [D. Haw.]). It held that the court did not have personal jurisdiction over Strasberg. The decision, however, went on to explain that under New York law, she was not a pretermitted heir having been born before decedent executed her will.

The fact that the Hawaii court addressed the merits does not give the decision preclusive effect to the current proceeding. New York law is clear that where there is no jurisdiction over the parties the decision will not preclude a subsequent suit on the merits (Boston & Maine RR v Delaware & Hudson Co., 268 NY 382 [1935]; City of White Plains v Hadermann, 272 AD 507 affd w/out opn 297 NY 623).

The law is also clear that if petitioner is a distributee, she should have been cited on the probate petition (see SCPA 1403 [and predecessor statutes]). A decree entered without obtaining jurisdiction over a distributee is not binding on that distributee's interest, and that person can seek to challenge the validity of the probate decree and the subsequent accounting decrees (see In re Hone's Estate, 250 App Div 635; In re Greck's Estate, 149 Misc 824; Warren Heaton's, On

-2-

MM-0000235

Surrogates' Courts, § 41.05[2][a], at 41-84 [6th Rev Ed]).

Since decedent died in 1962, and intestate rights vest at death, we must look to the law of intestate distribution at that time to determine if a non-marital child could have inherited from her mother. Then Decedent Estate Law § 83(13) provided that "[i]f a woman die, leaving illegitimate children *** and no lawful issue, such children or [their] descendants inherit her real and personal property as if such children were legitimate" (currently codified in EPTL 4-2.1(a)(1) without requirement that mother die without "lawful issue"). Since there is no allegation that decedent had "lawful issue," that is, children born in wedlock, petitioner could, if her status is proven, be a distributee entitled to notice of the original probate proceeding. The fact that respondents try to characterize this action as one claiming fraud on the part of Strasberg in avoiding the truth of petitioner's relation to the decedent does not change the fact that if her status is that of a distributee she is entitled to notice of the probate proceeding that would eliminate her intestate rights.

No statute limits the time a non-marital child has to come forward. Likewise, no statute prohibits an alleged non-marital child from coming forward on the grounds that the proponent of the will diligently searched for distributees in petitioning for probate. Although originally the non-marital statute had a required that proof of paternity had to be made within two years of the child's birth (and this was later changed to ten years), the legislature subsequently removed that time limit altogether. However, we deal here with proof of maternity and no time limit appears for that in EPTL 4-2.1 or its predecessor statutes, including Decedent Estate Law § 83. Instead, respondents' only recourse is to the equitable doctrine of laches.

In Matter of Williams (NYLJ, Mar. 28, 1994, at 33), the court refused to reargue a

-3-

MM-0000236

decision denying a motion to amend an answer to add the defense of laches in a case seeking to prove the inheritance rights of non-marital children. The Williams court noted that the legislature had removed the time limitation in cases seeking to establish paternity and thus was unwilling to allow the addition of the laches defense. Here, the posture is somewhat different, but the analysis is the same. Although laches may be theoretically available, it is disfavored whenever non-marital children seek to establish their rights, which is not to say that petitioner does not come perilously close to culpable delay. She allegedly knew since 1985 that she could be decedent's daughter and waited many years to bring an action in this Court. She did, however, sue in Hawaii in 1991 where she then lived, and under the circumstances, the Court will not bar the petition due to laches.

The Court is mindful of the delays in this case and that it is almost forty years since decedent's death. Moreover, although petitioner, appearing pro se, asserts that she is a writer, her papers are almost incomprehensible and rife with grammatical errors. Petitioner appears to assert that she has some evidence of her status as a distributee, but the rambling nature of her response to the motions to dismiss fails to suggest what that evidence might be. To avoid further delays, the Court will exercise the power granted to it by CPLR 3211(c) and convert the motion to dismiss to a motion for summary judgment (CPLR 3212) by respondents. In responding to the summary judgment motion, petitioner will need to set forth evidentiary facts and not mere allegations to support her claim that she is a child of the decedent.

Accordingly, Stroock's motion to dismiss is granted, and the remaining respondents' motion to dismiss shall be converted to a motion for summary judgment pursuant to CPLR 3211(c). The Clerk shall notify the parties that the motion to dismiss has been converted to a

-4-

MM-0000237

motion for summary judgment and that a decision granting this motion would be conclusive of

the merits of petitioner's claim that she is a child of the decedent. Petitioner shall have 50 days

from the Clerk's mailing of this notice with a copy of this decision to file a response/objection

with the Court. Respondents shall have 35 days from the petitioner's mailing of her response to

them to file a reply with the Court. Respondents' motion to dismiss is otherwise denied.

This constitutes the decision and order of the Court.

Dated: June 13 , 2002

_____

SURROGATE

-5-

MM-0000238