# Exhibit A

I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament.

FIRST: I hereby revoke all former Wills and Codicils by me made.

SECOND: I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

THIRD: I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

FOURTH: (a) I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b) I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c) I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both pre-decease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d) I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

FIFTH: I give and bequeath to my Trustee, hereinafter



named, the sum of $100,000.00, in Trust, for the following uses and purposes:

(a)  To hold, manage, invest and reinvest the said property and to receive and collect the income therefrom.

(b)  To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $5,000.00 per annum, in equal quarterly installments, for the maintenance and support of my mother, GLADYS BAKER, during her lifetime.

(c)  To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $2,500.00 per annum, in equal quarterly installments, for the maintenance and support of MRS. MICHAEL CHEKHOV during her life-time.

(d)  Upon the death of the survivor between my mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the principal remaining in the Trust, together with any accumulated income, to DR. MARIANNE KRIS to be used by her for the furtherance of the work of such psychiatric institutions or groups as she shall elect.

SIXTH:  All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and whereso-ever situate, of which I shall die seized or possessed or to which I shall be in any way entitled, or over which I shall possess any power of appointment by Will at the time of my death, including any lapsed legacies, I give, devise and bequeath as follows:

(a)  To MAY REIS the sum of $40,000.00 or 25% of the total remainder of my estate, whichever shall be the lesser.

-2-

(b)    To DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.

(c)    To LEE STRASBERG the entire remaining balance.

SEVENTH:  I nominate, constitute and appoint AARON R. FROSCH Executor of this my Last Will and Testament.  In the event that he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

EIGHTH:  I nominate, constitute and appoint AARON R. FROSCH Trustee under this my Last Will and Testament.  In the event he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

_____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE, the Testatrix above named, as and for her Last Will and Testament, in our presence and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this 14 day of January, One Thousand Nine Hundred Sixty-One.

_____ residing at _____

_____ residing at _____

_____ residing at _____

ORIGINAL ADMITTED TO PROBATE October 30, 1962
A TRUE COPY.
Robert m Reaves
CLERK OF THE SURROGATE'S COURT    -3-
CERTIFIED December 22, 1980

# Exhibit B

LAST WILL AND TESTAMENT

OF

LEE STRASBERG

    I, LEE STRASBERG, now residing in the City, State and County of New York, do hereby make, publish and and declare this instrument to be my Last Will and Testament, hereby revoking any and all Wills and Codicils heretofore made by me.

    FIRST: At the date of this my Will my immediate family consists of my wife, ANNA STRASBERG, ADAM and DAVID STRASBERG, sons of my present marriage, and JOHN STRASBERG and SUSAN STRASBERG, children of my first marriage.

    SECOND: I give and devise all of my real property and any improvements thereon, wheresoever situated, together with all insurance policies thereon, but subject to all mortgages and other liens thereon, to my wife, ANNA STRASBERG, if she survives me.

    THIRD: I give and bequeath all of my tangible personal property (including, without limitation, all of my jewelry, clothing, books, pictures, personal effects, household furnisings and equipment, automobiles and boats), whersoever situated together with all insurance policies thereon, to my wife, ANNA STRASBERG, if she survives me.

    FOURTH: All the rest, residue and remainder of my estate, of whatsoever nature and wheresoever situate, which I may own, or to which I may in any way be entitled at the time of my death, including any lapsed legacies or devises, is referred to in this my Will as "my residuary estate."

    A. I give, devise and bequeath my residuary estate to my wife, ANNA STRASBERG, if she survives me.

    B. If my wife, ANNA STRASBERG, predeceases me, I give, devise and bequeath my residuary estate to my sons, ADAM and DAVID, in equal shares, per stirpes.

8863



FIFTH:  If any share of my residuary estate shall, under any of the provisions of this my Will (other than those of this Article FIFTH), be payable to my sons ADAM or DAVID or their issue, and such beneficiary shall not have attained the age of thirty-five (35) years, then the disposition of such share in favor of such beneficiary shall not be operative and, instead, I give, devise and bequeath such share to my Trustee hereinafter named, IN TRUST, NEVERTHELESS, to hold, manage, and invest the same, to collect the income thereon, and to pay to or apply for the benefit of such beneficiary so much or all of the net income thereof as my Trustee, in his sole discretion, deems necessary or desirable for the support, maintenance, health, education, comfort or general welfare of such beneficiary.  Any balance of net income not so paid or applied shall be added to principal annually.

My Trustee may, at any time or from time to time, pay to or apply for the benefit of such beneficiary so much or all of the principal of this trust as my Trustee, in his sole discretion, deems necessary or desirable for the support, maintenance, health, education, comfort or general welfare of such beneficiary.

Upon such beneficiary's attaining the age of twenty-five (25) years (or if such beneficiary shall have attained the age of twenty-five (25) years, but not the age of thirty (30) years, prior to the establishment of this trust, upon the establishment of this trust), my Trustee shall assign, transfer and pay over to such beneficiary one-third (1/3) of the then principal of this trust, and any accrued income on hand.

- 2 -

864

Upon such beneficiary's attaining the age of thirty (30) years, my Trustee shall assign, transfer and pay over to such beneficiary one-half (1/2) of the then principal of this trust and any income accrued or on hand; provided, however, that if such beneficiary shall have attained the age of thirty (30) years prior to the establishment of this trust, then, upon the establishment of this trust, my Trustee shall assign, transfer and pay over to such beneficiary two-thirds (2/3) of the then principal of this trust and any income accrued or on hand.

Upon such beneficiary's attaining the age of thirty-five (35) years, my Trustee shall assign, transfer and pay over to such beneficiary the then principal of this trust, and any income accrued or on hand.

Upon the death of such beneficiary prior to attaining the age of thirty-five (35) years, my Trustee shall assign, transfer and pay over the then principal of this trust, and any income accrued or on hand, to such beneficiary's then living issue, per stirpes, or if there be no such issue, to the then living issue of my marriage to my wife ANNA STRASBERG, per stirpes.

SIXTH:   A.   In exercising any discretions concerning whether to make payments or applications of income or principal of any trust to or for the benefit of any beneficiary, my Trustee may, but shall not be required to, inquire into or take into consideration any other property which such beneficiary may have, together with any other factors which he may deem pertinent. My Trustee's decisions shall be binding upon all interested persons.

B.   In making any payment or application of income or principal to or for the benefit of any beneficiary, my Trustee may make payment directly to such beneficiary if he deems him or her to be of reasonable age and competence (even if such beneficiary is under the age of eighteen (18) years) or may make payment to a guardian, committee or custodian under a Uniform

- 3 -

Gift to a Minor Act of such beneficiary appointed in the State of New York, or in any other jurisdiction, or to an adult person with whom such beneficiary resides or who has the care or custody of such beneficiary temporarily or permanently (the receipt of such beneficiary, guardian, committee, custodian, or adult person shall discharge my Trustee with respect to such payment or application and my Trustee shall not be responsible for the application of such income or principal by such benefic- iary, guardian, committee, custodian, or adult person).

C.  If, in the sole discretion of my Trustee, any trust created under the provisions of this my Will shall at any time be of a size which shall make it inadvisable or unnecessary to continue such trust, then, anything contained in this my Will to the contrary notwithstanding, my Trusee, in his sole dis- cretion, may terminate such trust and assign, transfer and pay over the entire principal of any such trust, and any income acc- rued or on hand, to the person then entitled to receive the income therefrom.

SEVENTH:  I direct my Executrix to pay any and all estate, inheritance and other death taxes, and all interest and penal- ties thereon, imposed by reason of my death by the United States or any other government or subdivision thereof, in respect of any property required to be included in my gross estate for the purposes of such taxes, whether passing under this my Will or otherwise (and specifically authorize my Executrix, in her sole discretion, to pay any such taxes imposed by any foreign government or subdivision thereof) and I direct that any taxes so paid shall be charged, without any apportionment otherwise required by law, against my residuary estate.

- 4 -

EIGHTH: I appoint my wife, ANNA STRASBERG, to be the Executrix of this my Will. If my said wife shall fail to qualify or cease to act, I appoint AARON R. FROSCH and ELLIOT J. LEFKOWITZ, as Successor Executors. I also appoint Aaron R. Frosch and ELLIOT J. LEFKOWITZ as Trustees under this my Will. If said Trustees and Successor Executors shall fail to qualify or cease to act as either Successor Executors or Trustees, or both, I authorize them or their survivor by an instrument executed and acknowledged by them, or their survivor, and filed in the court wherein this my Will is probated to appoint an individual or a corporation as Successor Executor or Trustee, or both. I direct that said appointment be made in compliance with the wishes of the Guardian herein named.

I direct that no bond or other security shall be required in any jurisdiction of any Executor (or of any administrator C.T.A.) or trustee, of, or under this my Will to secure the faithful performance of his or her duties as such.

NINTH: In addition to any powers conferred by law, my Executrix and Trustees hereunder shall have the following powers, authorities and discretions with respect to any property, real or personal, at any time held under any provision of my Will and may exercise the same without the order or approval of any court:

1. To retain any such property without regard to the proportion any such property or similar property held may bear to the entire amount held and without any obligation to diversify the same, whether or not the same is of the kind in which fiduciaries are authorized by law or any rule of court to invest funds;

- 5 -

2.  To sell any such property upon such terms and conditions as may be deemed advisable, at public or private sale, for cash or on credit for such period of time as may be deemed advisable, or partly for cash and partly on credit, and with or without security, and the purchaser of such property shall have no obligation to inquire as to the use or application of the proceeds of sale; to exchange any property held hereunder upon such terms and conditions, as may be deemed advisable; and to grant options for any of the foregoing;

3.  To lease or to sublease any such property, for such period of time and to grant such covenants or options for renewal as may be deemed advisable without regard to the duration of any trust; and to mortgage, pledge or otherwise encumber any such property upon such terms as may be deemed advisable;

4.  To invest and reinvest in and to acquire by purchase, exchange or otherwise, property of any character whatsoever, foreign or domestic, or interests or participations therein, without regard to the proportion any such property or similar property held may bear to the entire amount held and without any obligation to diversify, whether or not the same is of the kind in which fiduciaries are authorized by law or any rule of court to invest funds;

5.  To borrow such sums of money at any time and from time to time for such periods of time upon such terms and conditions from such persons or corporations (including any fiduciary hereunder) for such purposes as may be deemed advisable, and to secure such loans by the pledge or hypothecation of any property held hereunder; and the lender shall have no obligation to inquire as to the application of the sums loaned or as to the necessity, expediency or propriety of the loan;

- 6 -

6. To register and hold any property of any kind, whether real or personal, at any time held hereunder in the name of a nominee or nominees and to hold any such personal property in any State; and to receive and keep any stocks, bonds or other securities unregistered or in such condition as to pass by delivery;

7. To distribute in the exercise of sole and absolute discretion any property in kind at market value unless otherwise directed herein or in cash, or partly in kind and partly in cash, and to allocate among the recipients the property distributed in kind without any obligation to make proportionate distributions or to distribute to all recipients property having an equivalent Federal income tax cost;

8. To decide in the exercise of sole and absolute discretion whether to exercise any income, estate or gift tax option, including whether to claim executor's commissions, attorneys' fees and other administration expenses in my estate as estate tax or income tax deductions and whether to make an adjustment from income to principal because of any such decision, and any such determination shall be final and binding, upon all beneficiaries hereunder;

9. To allocate to principal (unless otherwise directed herein) all dividends and distributions payable in property or in stocks, bonds or other securities whether of the disbursing company or another company;

10. After the termination of any trust hereunder to exercise all powers, authorities and discretions herein conferred until the complete distribution of the property held hereunder;

- 7 -

such period of time as he or she shall deem advisable. Upon

11.  To administer any two or more of the trusts herein created or any part thereof together or as a single fund by holding the principal of such trusts in one or more consolidated funds in which the separate trusts shall have undivided interests;

12.  To act in any jurisdiction where permitted by law, or to designate one or more persons, or a corporation to be ancillary executor or trustee who shall serve without bond or security in any jurisdiction in which ancillary administration may be necessary; and to negotiate and determine the compensation to be paid to such ancillary executor or trustee whether or not any compensation would otherwise be authorized by law, and to pay such compensation out of principal or income or both; and such ancillary executor and trustee shall have with respect to any and all property subject to its administration all powers, authorities and discretions granted in this Article NINTH, pro-vided, however, that any action which may require the investment of additional funds or the assumption of additional obligations shall not be undertaken without prior written consent of my domiciliary fiduciary or fiduciaries;

13.  I specifically authorize and empower any fiduciary hereunder in his or her sole and absolute discretion to retain any common stock or other securities of the LEE STRASBERG THEAT-RICAL INSTITUTE, INC. (hereinafter referred to as the "Company") as an investment of my estate or of any trust hereunder for such period of time as he or she shall deem advisable. I spec-ifically authorize and empower such fiduciary in his or her sole and absolute discretion to direct, control, supervise, manage, operate or participate in the business of the Company to whatever

- 8 -

extent he or she shall deem advisable and to determine the manner and degree of his or her active participation in the operation of such business.   I further authorize and empower any fiduciary hereunder as stockholder to elect such directors as he or she shall in his or her sole and absolute discretion deem advisable, and through his or her control of the directors of the Company to elect such officers as he or she shall in his or her sole and absolute discretion deem advisable and to instruct such directors and officers regarding any and all decisions required to be made with respect to the operation of the Company, and the directors and officers elected by any such fiduciary may be directors, officers or employees of such fiduciary or beneficiaries of my estate or any trust hereunder.   I specifically authorize any fiduciary hereunder through his or her control of the Company to retain himself or herself in any capacity, advisory or other- wise, and to avail himself or herself of any and all services offered by such fiduciary and to pay himself or herself from the Company reasonable compensation for such services.   I further authorize any fiduciary hereunder to delegate all or any of the powers, authorities and discretions conferred herein to agents, including any director, officer or employee of the Com- pany, and as a stockholder to give proxies or to vote to engage, compensate and discharge directors, officers, employees, attorn- eys, accountants or consultants or to enlarge, diminish or change the scope or nature of the business of the Company; and as stock- holder to give proxies or to vote and to instruct the directors or officers of the Compay to vote to enter into and perform contracts in connection with the business of the Company, to

- 9 -

purchase, to take options for the purchase, and to lease prop-
erty, real or personal, for any period of time whether or not
such option or lease extends beyond the period of administra-
tion of my estate or the term of any trust hereunder, to borrow
as required for the operation of said business or for capital
improvements and to pledge any assets of the Company as collat-
eral for such borrowing. I further authorize any fiduciary
hereunder to commit additional assets of my estate and of any
trust hereunder to the risk of the business of the Company wheth-
er by lending to, extending credit to, or investing directly in
the Company, or by pledging assets of my estate or of such trust
as collateral for any borrowing of the Company; to sell any
assets of the Company or to exchange assets for stock or other
securities or forms of indebtedness of any corporation or other-
wise; to sell and dispose of the stock or other securities of
the Company held hereunder in whole or in part upon such terms
and conditions as such fiduciary shall in his or her sole and
absolute discretion deem advisable; and to merge or to consoli-
date the Company with any other corporation.

Any fiduciary hereunder shall not be liable to anyone
whomsoever for any loss occasioned by the retention of such stock
or other securities of the Company or resulting from any action
taken or omitted to be taken by him or her in good faith in his
or her capacity as stockholder, director or officer of the Company
or otherwise with respect to the operation, sale, liquidation
or other disposition of the business of the Company.

TENTH: No interest of any beneficiary under this my Will,
either in income or principal, shall be subject to pledge, assign-
ment, sale or transfer in any manner, nor shall any beneficiary

- 10 -

have the right to anticipate, charge or encumber his or her interest, nor shall such interest be liable or subject in any manner for the debts, contracts, liabilities or torts of such beneficiary.

ELEVENTH: A.  If my wife, ANNA STRASBERG, and I should die under such conditions that it would be difficult to impossible to determine which of us died first, then, for the limited purposes of Articles SECOND, THIRD and FOURTH of this my Will, my wife shall be deemed to have survived me and for all other purposes of this my Will shall be deemed to have predeceased me.

B.  If any beneficiary under this my Will (except, for the limited purposes of Articles SECOND, THIRD and FOURTH of this my Will, my wife) and I should die under such conditions that it would be difficult or impossible to determine which of us died first, then such beneficiary shall be deemed for the purposes of this my Will to have predeceased me.

TWELFTH:  If my wife, ANNA STRASBERG, predeceases me, and if any child of mine is under the age of eighteen (18) years at my death, I hereby nominate, constitute and appoint my wife's sister, VICTORIA KRANE, as the guardian of the person and property of each child of mine during his minority.  If VICTORIA KRANE shall, for any reason, fail to qualify or cease to act as such guardian, I hereby nominate, constitute and appoint my daughter, SUSAN STRASBERG, as such guradian in her place and stead.

I expressly direct that no bond or security of any kind shall be required of any guardian in any jurisdiction to secure the faithful performance of her duties as such and, to the extent

- 11 -

legally permissible, I hereby relieve her from filing accounts of her proceedings in any court.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 24 day of *april* in the year ONE THOUSAND NINE HUNDRED and ~~SEVENTY-NINE~~. *eighty-one*

*Lee Strasberg*

The foregoing instrument was on the day and date thereof, signed, sealed, published and declared by LEE STRASBERG, the Testator therein named, as and for his Last Will and Testament, in the presence of us, the under-signed, who, at his request and in his pres-ence, and in the presence of each other, have hereunto set our names as witnesses.

*Mary Margaret Bishop* residing at *10-25 Yellowstone Blvd Forest Hills 11375 New York*

*Christine Dygal* residing at *69-01 Northern Blvd Woodside N.Y.*

_____ residing at *27 Black Birch Lane Scarsdale, N.Y. 10583*

88'74

— 12 —

ORIGINAL ADMITTED TO PROBATE *August 23, 1982*
A TRUE COPY.
*Robert M. Reamer*
CLERK OF THE SURROGATE'S COURT
CERTIFIED *March 15, 1984*

# Exhibit C

EXB 3141 *...*

|   |   |
|---|---|
| 1 | At the Chambers of the Surrogate's Court held in and for the County of New York, at 31 Chambers Street, New York, New York, on the |
| 2 |   |
| 3 | 19th day of June , 2001 |

4

5   P R E S E N T :   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

6       HONORABLE ~~MARIE M. LAMBERT~~

7             EVE PREMINGER

                Surrogate.

8

In the Matter of the Judicial Settlement of the Account of the
9   Proceedings of ANNA STRASBERG, Administratrix C.T.A. of    File No. P 2781/1962
    the Estate of

10                                                              DECREE ON A VOLUNTARY
       MARILYN MONROE,                                         FINAL ACCOUNTING AND
11                                                             RELATED MATTERS
              Deceased.

12

13       Anna Strasberg, as Administratrix C.T.A. of the Estate of Marilyn Monroe ("Petitioner"),

14  having filed a final account of the Petitioner's proceedings covering the period from July 20, 1989,

15  the date on which Letters of Administration C.T.A. were issued to Petitioner, through October 3,

16  2000, and Anna Strasberg having presented a petition ("Petition") duly verified the 18th day of

17  October, 2000, praying (i) for the judicial settlement of the account; and (ii) for authority to execute

18  the Limited Liability Company Agreement attached as Exhibit 4 to the Petition, the Supplement

19  thereto attached as Exhibit 5 to the Petition, the Assignment attached as Exhibit 6 to the Petition, the

20  Certificate of Formation attached as Exhibit 7 to the Petition, and any and all other documents

21  necessary to establish the limited liability company and register and/or qualify it in other

22  jurisdictions; and (iii) for authority to take all other necessary steps to establish and operate the

23  limited liability company, including registering and qualifying the limited liability company in one or

24  more other jurisdictions; and (iv) for authority to use estate assets for the purposes of establishing the

25  limited liability company and registering and qualifying it in one or more other jurisdictions; and

26  (v) for authority to transfer all assets of the estate to the limited liability company and distribute

27  membership interests in the limited liability company pro rata to the residuary beneficiaries as

28

Gibson, Dunn &
Crutcher LLP

1  follows: 75% to Anna Strasberg, as Executor of the Estate of Lee Strasberg, and 25% to the Anna

2  Freud Centre; and (vi) for these estate proceedings to be closed;

3         AND there having been filed herein the Consents to Execution of Limited Liability Company

4  Agreement and Related Matters of Anna Strasberg, as Executor of the Estate of Lee Strasberg, and

5  the Anna Freud Centre;

6         AND a Citation having been issued on the 29th day of January, 2001, pursuant to statute

7  directed to all interested parties in the proceeding, directing them and each of them to show cause

8  before this Court on the 9th day of March, 2001, at 9:30 a.m. of that day, why such relief should not

9  be granted;

10        AND said Citation having been duly served, on January 29, 2001, upon the following: Anton

11 O. Kris and Anna Kris Wolff, pursuant to the Authorization of The Anna Freud Center, the

12 Authorization of Anton O. Kris and the Authorization of Anna Kriss Wolff; Continental Insurance

13 Company; and upon the Attorney General of the State of New York;

14        AND proof of service on all such parties having been filed with this Court;

15        AND the Attorney General of the State of New York having appeared by filing a Notice of

16 Appearance on March 7, 2001;

17        AND this Court having examined the final account now finds the state and condition of the

18 account to be stated and set forth in the following Summary Statement thereof made by this Court as

19 judicially settled and allowed by it to be recorded and taken as part of this Order and Decree;

20                                  **SUMMARY STATEMENT**

21        The following is a Summary Statement of the final account of the Petitioner's proceedings

22 covering the period from July 20, 1989 through October 3, 2000:

23        CHARGES:

24        Amount shown by Schedule "A"
          (Principal received)                    $      34,373.66
25

26        Amount shown by Schedule "A-1"
          (Realized increases on principal)                0.00
27

28

Gibson, Dunn &
Crutcher LLP

2

| | |
|---|---|
| Amount shown on Schedule "A-2" (Income collected) | 15,956,520.01 |
| TOTAL CHARGES: | $15,990,893.67 |
| CREDITS:: | |
| Amount shown on Schedule "B" (Realized decreases on principal) | $        0.00 |
| Amount shown on Schedule "C" (Funeral and administration expenses) | 636,180.06 |
| Amount shown on Schedule "D" (Creditors' claim actually paid) | 0.00 |
| Amount shown on Schedule "E" (Distributions to legatees, distributees, etc.) | 15,353,243.17 |
| TOTAL CREDITS: | $15,989,423.23 |
| Balance on hand shown by Schedule "F" | $1,470.44 |

AND it appearing that Petitioner having fully accounted for all monies and property of said estate which have come into the hands of the Petitioner and the Summary Statement of the same having been shown above, it is hereby

ORDERED, ADJUDGED AND DECREED that the Account of Anna Strasberg, Aministratrix C.T.A. of the Estate of Marilyn Monroe, covering the period from July 20, 1989 to and including October 3, 2000 be and it is hereby judicially settled and allowed as filed; and it is further

ORDERED, ADJUDGED AND DECREED that the Petitioner is authorized to execute the Limited Liability Company Agreement attached as Exhibit 4 to the Petition, the Supplement thereto attached as Exhibit 5 to the Petition, the Assignment attached as Exhibit 6 to the Petition, the Certificate of Formation attached as Exhibit 7 to the Petition, and any and all other documents necessary to establish the limited liability company and register and/or qualify it in other jurisdictions, as the Petitioner deems appropriate; and it is further

Gibson, Dunn & Crutcher LLP

3

1    ORDERED, ADJUDGED AND DECREED that the Petitioner is authorized to take all other

2    necessary steps to establish and operate the limited liability company, including registering and

3    qualifying the limited liability company in one or more other jurisdictions, as the Petitioner deems

4    appropriate; and it is further

5    ORDERED, ADJUDGED AND DECREED that the Petitioner is authorized to use estate

6    assets for the purposes of establishing the limited liability company and registering and qualifying it

7    in one or more other jurisdictions, as the Petitioner deems appropriate; and it is further

8    ORDERED, ADJUDGED AND DECREED that the Petitioner is authorized to transfer all

9    assets of the estate to the limited liability company and distribute membership interests in the limited

10    liability company pro rata to the residuary beneficiaries as follows:  75% to Anna Strasberg, as

11    Executor of the Estate of Lee Strasberg, and 25% to the Anna Freud Centre; and it is further

12    ORDERED, ADJUDGED AND DECREED that ~~proceedings in the Estate of Marilyn~~ UPON COMPLYING WITH THE

13    DIRECTIONS OF THIS DECREE THAT THE PETITIONER HEREBY SHALL BE ~~Monroe are closed.~~

14    DISCHARGED AS TO ALL MATTERS AND THINGS CONTAINED IN THIS

15    ACCOUNTING AND DECREE.

16    _____

      SURROGATE

17    20118337_1.DOC

18

19

20

21

22

23

24

25

26

27

28

# Exhibit D

# CERTIFICATE OF FORMATION

## OF

### MARILYN MONROE LLC

#### a Delaware Limited Liability Company

This Certificate of Formation of MARILYN MONROE LLC (the "LLC"), dated _July 1th_____, 2001, is being duly executed and filed by Anna Strasberg, Administrator C.T.A. of the Estate of Marilyn Monroe, as an authorized person, to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. § 18-101, *et seq*).

FIRST.  The name of the limited liability company formed hereby is:

MARILYN MONROE LLC.

SECOND.  The address of the registered office of the LLC in the State of Delaware is c/o National Registered Agents, Inc., 9 East Loockerman Street, Dover, County of Kent, DE 19901.

THIRD.  The name and address of the registered agent for service of process on the LLC in the State of Delaware is National Registered Agents, Inc., 9 East Loockerman Street, Dover, County of Kent, DE 19901.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation as of the date first above written.

_____
Anna Strasberg, Administrator C.T.A. of the
Estate of Marilyn Monroe,
Authorized Person

20086597_1.DOC