UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., BRADFORD :
LICENSING, INC., JAMES E. DOUGHERTY, :
VALHALLA PRODUCTIONS, LLC., EDITH : Index No. 05 CV 3939 (CM)
MARCUS, and META STEVENS, :
 :
       Plaintiffs/Consolidated Defendants, : Honorable Colleen McMahon
 :
    -against- :
 :
 :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware :
Limited Liability Company, :
 :
       Defendants/Consolidated Plaintiffs. :
 :
-------------------------------------------------------------------X


# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES PURSUANT TO THE INDIANA RIGHT TO PUBLICITY STATUTE

 

LAW OFFICES OF CHRISTOPHER SERBAGI
LAW OFFICES OF DAVID MARCUS
488 Madison Avenue, Suite 1120
New York, New York 10022
(212) 593-2112

Attorneys for the Plaintiffs

On the Brief:
Christopher Serbagi, Esq.
David Marcus, Esq.

## **TABLE OF CONTENTS**

|  | Page |
| --- | --- |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 3 |
|     THE INDIANA STATUTE EXPLICITLY PROVIDES THAT THE COURT SHALL AWARD THE PLAINTIFFS THEIR ATTORNEYS' FEES, COSTS, AND EXPENSES AS THE PREVAILING PARTY | 3 |
| CONCLUSION | 5 |

Plaintiffs Shaw Family Archives, Ltd., Bradford Licensing, Inc., Meta Stevens, and Edith Marcus (the "Plaintiffs"), respectfully submit this memorandum of law, pursuant to the Indiana Right to Publicity Statute, § 32-36-1-12, in support of their motion for attorneys fees, costs and expenses in this action, from April 4, 2005 to May 2, 2007, and for such other relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The Court should follow the plain meaning of the Indiana Right to Publicity Statute (the "Indiana Statute"), which provides that a prevailing party is entitled to its attorney's fees, costs, and expenses. The Defendants asserted the Indiana Statute against the Plaintiffs in Count II of their Second Amended Indiana Complaint, which Plaintiffs received on April 4, 2005. The Indiana Statute unequivocally states that a court "shall award" a "prevailing party" its reasonable attorney's fees, costs, and expenses "relating to an action under this chapter." Because the Court granted the Plaintiffs' cross motion for summary judgment on May 2, 2007 and dismissed the Defendants' claim under the Indiana Statute, the Plaintiffs are clearly the prevailing party under the statue. Accordingly, the Court should follow the plain language of the Indiana Statute and award the Plaintiffs their attorneys' fees, costs, and expenses from April 4, 2005 to May 2, 2007.

The Indiana Statute does not require that a party have acted in bad faith for attorney's fees to be awarded against it, nor is the award of attorney's fees in any way discretionary. The applicable language of the Indiana Statute could not be more clear: "the court **shall award to the prevailing party** reasonable attorney's fees, costs, and expenses relating to an action under this chapter . . ." I.C. § 32-36-1-12 (emphasis added). Thus, pursuant to the Indiana Statute, all the Court need do is to ascertain what are the attorney's fees, costs and expenses "relating to an action under this chapter." All the attorneys' fees, costs, and expenses from April 4, 2005 to

May 2, 2007 relate to the action filed under the Indiana Statute because the parties have not litigated any other issues.

Putting aside the plain meaning of the Indiana Statute, the Court's award of Plaintiffs' attorney's fees, expenses, and costs is particularly appropriate and just under the facts of this case. The Shaw Family, its licensing agent Bradford Licensing, Inc, and the individual Plaintiffs Meta Stevens and Edith Shaw are all entities and individuals of modest means.[1] They sought nothing and did nothing but to license photographs of Marilyn Monroe taken by the late Sam Shaw. Nevertheless, despite the tens of millions that licensing giant CMG and Marilyn Monroe LLC made in the last few years alone licensing Marilyn Monroe images, they were unwilling to coexist in the marketplace and leave well enough alone. Instead, in an obvious attempt to garner even more money and to test case the Indiana Statute, Defendants initiated this action in Indiana (against these Plaintiffs and other photographers), forcing all these parties to incur staggering legal fees. If this were not enough, the Defendants in general and Mark Roesler in particular repeatedly threatened Plaintiffs by using the attorney fee provision of the Indiana Statute as a sword to cower the Plaintiffs into submission.

For all the foregoing reasons, the Plaintiffs respectfully request that the Court award them their attorneys' fees, costs, and expenses as the prevailing party under the Indiana Statute from the initiation of this action on April 4, 2005 until the date when the Court dismissed Count II of Defendants' Second Amended Complaint on May 2, 2007. Should the Court grant this motion, the Plaintiffs would be pleased to submit a detailed accounting of their attorneys' fees, costs, and expenses.

---

[1] Indeed, all the Plaintiffs have agreed to pay counsel's fees at a later date because they could not do so when they retained their attorneys both in Indiana and New York. Aside from Bradford Licensing, all the Plaintiffs are individual senior citizens, who could ill afford hiring a legal counsel in two different cities.

2

# ARGUMENT

## THE INDIANA STATUTE EXPLICITLY PROVIDES THAT THE COURT SHALL AWARD THE PLAINTIFFS THEIR ATTORNEYS' FEES, COSTS, AND EXPENSES AS THE PREVAILING PARTY

The Indiana Statute requires the Court to award attorney's fees, costs, and expenses to the prevailing party. It states:

> Sec. 12. In addition to any damages awarded under section 10 of this chapter, the court (1) **shall award to the prevailing party** reasonable attorney's fees, costs, and expenses relating to an action under this chapter; and (2) may order temporary or permanent injunctive relief, except as provided by section 13 of this chapter.

I.C. § 32-36-1-12 (emphasis added) (Serbagi Decl. ¶ 2, Ex. A). The Plaintiffs are the "prevailing party" under the Indiana Statute because the Court dismissed that claim from the Defendants Second Amended Complaint on May 2, 2007. Because of the fees, costs, and expenses Plaintiffs have incurred "relate" to an action under the statute, the Court should award Plaintiffs their attorneys' fees from April 4, 2005 (the time when Defendants' counsel began work on the case when they received the Indiana Complaint) to May 2, 2007 (the date when the Court dismissed the Defendants' claim that the Plaintiffs violated the Indiana Statute).

The Court's award of attorney's fees, costs, and expenses is particularly appropriate and just here because the Defendants have relied on the Indiana Statute as the basis of their claim for attorney's fees, costs, and expenses against the Plaintiffs, should Defendants have prevailed. In particular, Defendants stated that the Indiana Statute entitled them to their attorneys' fees, costs, and expenses in the Second Amended Complaint (Serbagi Decl. ¶ 3, Ex. B) and in their Response to Plaintiffs' Interrogatory No. 4 (Serbagi Decl. ¶ 4, Ex. C). In particular, CMG's principal Mr. Mark Roesler stated in an electronic communication to the Shaw Family principal

3

Mr. Larry Shaw that the <u>prevailing party</u> would obtain attorney's fees. In a regrettable but typical attempt to intimidate, Mr. Roesler stated:

> Larry . . . here is the order from the court on Nova Wines that we spoke about that came down from this week. I am sorry that we are so far apart. I did report our discussions back to Anna and she concerned that future settlement discussions don't seem to be worthwhile and **we are content proceeding until the end since who ever prevails will probably get their attorney's fees back.** I think we really missed our opportunity last summer, but I guess it was not to be.

Shaw Aff. ¶ 4, Ex. A (emphasis added). Because Mr. Roesler admits to having been the "principal author of the Indiana Right to Publicity Statute" on his web site at markroesler.com (Serbagi Decl. ¶ 5, Ex. D), Mr. Roesler's statement that the "prevailing party" in this case would obtain their attorney's fees carries great weight. Having been so "content," in Mr. Roesler's words, to collect many hundreds of thousands in attorney's fees from Larry Shaw and the other Plaintiffs should Defendants have prevailed, one would expect that Mr. Roesler and the other Defendants would not even contest Plaintiffs' current motion. To the extent that the Defendants force the Plaintiffs to spend additional time and attorneys' fees on this straightforward issue, the Court should award the Plaintiffs their fees in connection with that defense.

The Court should award Plaintiffs (as the prevailing party under the Indiana Statute) their attorneys' fees, costs, and expenses from the beginning of the action until the Court dismissed Defendants' claim under the Indiana Statute. Based on Mr. Roesler's own words, this is exactly what the statute requires and, by Mr. Roesler's own admission as the principal author of the Indiana Statute, exactly what Defendants would have asserted against the Plaintiffs had the Defendants prevailed.

## CONCLUSION

For all the foregoing reasons, the Plaintiffs respectfully request that the Court award them their attorneys' fees, costs, and expenses as the prevailing party under the Indiana Statute from April 4, 2005 until the date when the Court dismissed Count II of Defendants' Second Amended Complaint on May 2, 2007. The Plaintiffs will submit a detailed accounting at the Court's pleasure.

Dated: New York, New York
      May 22, 2007

Respectfully Submitted,

By: *[signature]*
Christopher Serbagi (CS 7746)
David Marcus (DM 0960)
488 Madison Avenue, Suite 1120
New York, New York 10022
(212) 593-2112

Attorneys for Plaintiffs/Consolidated Defendants
Shaw Family Archives, Bradford Licensing, Inc.,
Edith Marcus and Meta Stevens