UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                              Plaintiffs,

     -against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                              Defendants.
-----------------------------------------------------------------x

05CV3939
JUDGE: CM
ECF CASE
SECOND AMENDED
COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Shaw Family Archives, Ltd., Edith Marcus, and Meta Stevens, for its Second Amended Complaint against the above-named Defendants, allege as follows:

## NATURE OF ACTION

1. This is an action for federal copyright infringement, violation of the Lanham Act, and various other federal and state causes of action.

2. An actual, justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations is necessary and appropriate.

## THE PARTIES

3. Plaintiff Shaw Family Archives ("Archives") is a New York Corporation whose principal place of business is in the County of Rockland, State of New York.

4. Plaintiff Edith Marcus ("Marcus") is an individual residing in the County of Rockland and the State of New York.

5. Plaintiff Meta Stevens ("Stevens") is an individual residing in the County of New York and the State of New York.

6. Defendant CMG Worldwide, Inc. ("CMG") is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana.

7. Defendant Marilyn Monroe, LLC ("MM") is a business entity organized and existing pursuant to the laws of the State of Delaware.

## JURISDICTION AND VENUE

8. This court has original jurisdiction over this civil action under 28 U.S.C. §1331 and 28 U.S.C. §1332(a).

9. Venue in this district is proper, pursuant to 28 U.S.C. §1391(a)(2).

10. This Court has personal jurisdiction over defendants because, upon information and belief, defendants conduct business in New York. In addition, this action arises from tortious conduct committed by defendants in New York or causing injury in New York.

## BACKGROUND

11. Sam Shaw ("Shaw") was one of the foremost photographers of his time. Although initially renowned for his career as a photojournalist for Colliers Magazine, it is his remarkable portraits of artists, musicians, film, television and theatrical celebrities, and his unique photographs of Marilyn Monroe and the ensuing friendship between Mr. Shaw and Ms. Monroe, for which he is most notably remembered.

12. During their work together, Mr. Shaw and Ms. Monroe formed a lifelong friendship. Given his close personal relationship with Ms. Monroe, he was able to photograph Marilyn at her most intimate, relaxed and open moments. Indeed, Mr. Shaw designed, staged and took the famous flying skirt series of photographs of Ms. Monroe that are known throughout the world.

13. Sam Shaw was the author and owner of all copyrights to the photographs he took. He passed away in 1999 with his copyrights in a Trust. The sole trustees and interest holders were his daughters and present Plaintiffs Edith Marcus and Meta Stevens. When Sam Shaw died in 1999, his shares in the aforementioned Trust passed to Marcus and Stevens, per stirpes. Shaw Archives has the right to market, and offer for commercial exploitation, the Shaw Collection.

14. Plaintiffs Marcus and Stevens own and control the copyrights of photographs of Marilyn Monroe contained within the Shaw Collection, many of which have never been seen by the public.

## ALLEGATIONS COMMON TO ALL COUNTS

**Allegations Concerning Defendants' Repeated and Willful Copyright Infringement and Contributory Copyright Infringement**

15. In or about 1957, Sam Shaw created a group of original photographs of Marilyn Monroe taken at the beach at Amagansett, New York. Three of these photographs were depicted on pages 176, 180, and 182 (top right) in the book "Marilyn Among Friends" and are protected by U.S. Copyright Registration No. TX 2-400-879. A true and correct copy of U.S. Copyright Registration No. TX 2-400-879 is attached hereto as Exhibit A.

16. Without proper authorization, Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879 by causing to be copied, published, and offered for sale on their web site the foregoing three copyright protected images on a coffee mug.

17. Plaintiffs Marcus and Stevens own Shaw photographs of Marilyn Monroe depicted on pages 128 (center), 130, and 134-35 in the book "Marilyn Among Friends." These photographs are protected by U.S. Copyright Registration No. TX 2-400-879. A true and correct copy of U.S. Copyright Registration No. TX 2-400-879 is attached hereto as Exhibit A.

3

18. Without proper authorization, Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879 by causing to be copied, published and offered for sale on their web site the foregoing three copyright protected images on a purse.

19. On information and belief, knowing that they had no authorization to do so, and that their acts constituted copyright infringement, Defendants have authorized the Centric Corporation to publish, display, and sell numerous images of Marilyn Monroe on the Centric Corporation web site. These images are displayed on alarm clocks, coffee mugs, mini clocks, and wall clocks are contained on pages 46 of the book "Marilyn and Friends." These photographs of Marilyn Monroe, including the famous skirt flying photograph most prominently displayed, are protected by U.S. Copyright Registration No. TX 2-400-879, attached hereto as Exhibit A. Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879 by causing to be copied, published and offered for sale on the Centric Corporation web site the foregoing protected images of Marilyn Monroe. Defendants knew of Centric's illegal activity and induced and materially contributed to the infringement.

20. Plaintiffs Marcus and Stevens own two Shaw photographs of Marilyn Monroe depicted on pages 20-21 in the book "In the Camera Eye." These photographs are protected by U.S. Copyright Registration No. TX 5-342-425. A true and correct copy of U.S. Copyright Registration No. TX 5-342-425 is attached hereto as Exhibit B.

21. Without proper authorization, Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 5-342-

425 by causing to be copied, published, and offered for sale on their web site the foregoing images on a purse.

22. In their written responses to Plaintiffs' first set of interrogatories, Defendant CMG admitted to displaying in 2004 "no more than 5 Monroe/Shaw Photographs on its corporate website for no more than 6 to 9 months." Despite Plaintiffs' written requests, the Defendants have refused to identify the photographs at issue.

**Defendants' False Commercial Representations and Wrongful Interference With Plaintiffs' Contractual Relations**

23. Defendants have pursued an aggressive and improper campaign of threats and intimidation to force third-parties to obtain Defendants' permission for the use of Marilyn Monroe's name, likeness or image. Defendants have also improperly demanded and obtained payments from these parties by wrongfully representing to Plaintiffs' licensees and potential licensees that Defendants had a right of publicity in Marilyn Monroe (or right to the image and likeness of Marilyn Monroe), which Defendants knew or should have know was false.

24. Defendants' intentionally false statements to Plaintiffs' licensees and potential licensees has caused Plaintiffs substantial damage because it has caused Plaintiffs' licensees to cease licensing images of Marilyn Monroe from Plaintiffs and caused other potential licensees to forgo licensing images of Marilyn Monroe from Plaintiffs when they otherwise would have done so.

**The Defendants' Flouting of The Court Orders in California and New York**

25. On or about May 2, 2007, The Honorable Colleen McMahon of the Southern District of New York (the "New York Order") ruled that the Defendant MM does not own a right of publicity in Marilyn Monroe because she died a domiciliary in a state that did not recognize a post-mortem right of publicity.

26. On or about May 14, 2007, the Honorable Margaret M. Morrow of the Central District of California made essentially the same ruling as the New York Order (the "California Order").

27. The Defendants have frequently expressed contempt for the legal reasoning and basis set forth in the New York and California Orders in the media and in commerce.

28. Despite the New York and California Orders, Defendants continue to represent that they have rights to the image of Marilyn Monroe.

29. Despite the New York and California Orders, Defendants continue to make false representations of fact to Plaintiffs' licensees and potential licensees concerning Defendants' alleged rights in the image of Marilyn Monroe.

30. Despite the New York and California Orders, the Defendants continue to assert rights to the image of Marilyn Monroe which they do not have, including recent such representations to, among others, New Media Inc. and Pyramid Posters Limited.

31. Defendants' continued false representations and wrongful interference are causing Plaintiffs substantial damage.

**The Defendants' Efforts to Circumvent The New York And California Orders Through Misrepresentations to the Legislature**

32. The Defendants' have lobbied the New York and California legislature for laws that would eviscerate the New York and California Orders.

33. The Defendants have achieved success in New York and California by (i) misrepresenting and omitting numerous material facts concerning the import of the respective rulings and (ii) failing to provide full disclosure on the nature and extent of their wrongful acts as set forth herein.

34. The Defendants misrepresentations are continuing to cause Plaintiffs damage because their actual and prospective licensees continue to suffer anxiety that their existing contractual relations and expectations will be nullified by new legislation.

## FIRST CAUSE OF ACTION

(FEDERAL COPYRIGHT INFRINGEMENT)
(17 U.S.C. § 101, et seq.)

35. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 34 as if fully set forth herein.

36. As a result of the foregoing acts, the Defendants have willfully infringed the Plaintiffs' federal copyrights, all in violation of 15 U.S.C. § 501.

## SECOND CAUSE OF ACTION

(FEDERAL CONTRIBUTORY COPYRIGHT INFRINGEMENT)
(17 U.S.C. § 101, et seq.)

37. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 36 as if fully set forth herein.

38. As a result of the foregoing acts, the Defendants have willfully infringed the Plaintiffs' federal copyrights, all in violation of 15 U.S.C. § 501.

## THIRD CAUSE OF ACTION

(DECLARATION THAT THE DEFENDANTS DO NOT OWN ANY INTELLECTUAL PROPERTY RIGHTS IN THE IMAGE OR LIKENESS OF MARILYN MONROE)

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40. Based on the foregoing acts, there is an actual controversy and Plaintiffs will continue to be damaged unless the Court specifically holds that the Defendants do not own any rights in the image of Marilyn Monroe.

## FOURTH CAUSE OF ACTION

(TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS)

41.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42.     As a result of the foregoing acts, the Defendants have tortiously interfered with Plaintiffs' contractual relations thereby causing Plaintiffs damage.

## FIFTH CAUSE OF ACTION

(TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

43.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44.     As a result of the foregoing acts, the Defendants tortiously interfered with Plaintiff's prospective economic advantage, thereby causing Plaintiffs damage.

## SIXTH CAUSE OF ACTION

(FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION,
AND UNFAIR COMPETITION UNDER 15 U.S.C. § 43(a))

45.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 44 as if fully set forth herein.

46.     The false representations of origin and the false and misleading descriptions and representations of fact alleged herein have caused Plaintiffs significant monetary damage, loss and injury to Plaintiffs, in an amount currently undetermined, all in violation of Section 43(a) of the Lanham Act of the Trademark Act of 1946, as amended, 15 U.S.C. § 43(a).

47.     As a result of the foregoing acts, Defendants have caused consumer confusion in the marketplace.

48.     Upon information and belief, Defendants undertook the aforesaid acts willfully and with the intention of causing confusion, mistake or deception.

## SEVENTH CAUSE OF ACTION

(COMMON LAW UNFAIR COMPETITION)

49.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 48 as if fully set forth herein.

50.     By its acts alleged herein, Defendants have engaged in, and continue to engage in, a course of unfair competition in violation of the common law of the State of New York.

51.     Plaintiffs have been damaged as a result of the Defendants activities in an amount currently undetermined.

## EIGHTH CAUSE OF ACTION

(UNFAIR TRADE PRACTICES UNDER
N.Y. GEN BUS. LAW §§ 349-50)

52.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 51 as if fully set forth herein.

53.     By virtue of the foregoing, Defendants have violated N.Y. Gen. Bus. Law §§ 349-50 and have suffered damages in an amount presently unknown.

## NINTH CAUSE OF ACTION

(DECLARATION THAT MARILYN MONROE DIED A
DOMICILIARY OF THE STATE OF NEW YORK)

54.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 53 as if fully set forth herein.

55. By virtue of the foregoing legislative efforts and ongoing factual misrepresentations concerning their rights to the image of Marilyn Monroe, Plaintiffs are entitled to a ruling that Marilyn Monroe died a New York domiciliary.

WHEREFORE, Plaintiffs demand:

A. For a Declaratory Judgment, pursuant to 28 U.S.C. §2201 as set forth herein.

B. For copyright damages increased to the statutory maximum due to willful infringement.

C. For treble damages, punitive damages and attorney's fees.

D. For compensatory damages and consequential damages as provided by law.

E. For an injunction restraining defendants, their officers, agents, and employees, and all persons acting in concert with them, from engaging in any further unlawful acts as set forth herein.

F. Such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
August 8, 2007

Respectfully Submitted,

By: _____
Christopher Serbagi (CS 7746)
David Marcus (DM 0960)
Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York 10022
(212) 593-2112

Attorneys for Plaintiffs/Consolidated Defendants
Shaw Family Archives, Bradford Licensing, Inc.,
Edith Marcus and Meta Stevens

# EXHIBIT A

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM TX**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

TX 2-400-879

☒ TX   ☐ TXU

EFFECTIVE DATE OF REGISTRATION

Sep 6 88

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
MARILYN AMONG FRIENDS by Sam Shaw and Norman Rosten

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION  If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.  Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼  Number ▼  Issue Date ▼  On Pages ▼

**2** NAME OF AUTHOR ▼
a Norman Rosten

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed. ▼
entire text

NAME OF AUTHOR ▼
b

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼
c

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases.
1987 ◀ Year

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published.
Month ▶ May   Day ▶ 5   Year ▶ 1987
Great Britain ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Norman Rosten
c/o Henry Holt and Company, Inc., 115 West 18th St.
New York, NY 10011

APPLICATION RECEIVED
SEP 01 1988
ONE DEPOSIT RECEIVED
SEP 06 1988
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-11) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 10.
DO NOT WRITE HERE

EXAMINED BY _____  FORM TX

CHECKED BY _____

☐ CORRESPONDENCE Yes

☐ DEPOSIT ACCOUNT FUNDS USED

FOR COPYRIGHT OFFICE USE ONLY

TX 2-400-679

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5 PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
☐ This is the first published edition of a work previously registered in unpublished form.
☐ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼   Year of Registration ▼

**6 DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions before completing this space.

**7 MANUFACTURERS AND LOCATIONS** If this is a published work consisting preponderantly of nondramatic literary material in English, the law may require that the copies be manufactured in the United States or Canada for full protection. If so, the names of the manufacturers who performed certain processes, and the places where these processes were performed must be given. See instructions for details.
Names of Manufacturers ▼    Places of Manufacture ▼

**8 REPRODUCTION FOR USE OF BLIND OR PHYSICALLY HANDICAPPED INDIVIDUALS** A signature on this form at space 10, and a check in one of the boxes here in space 8, constitutes a non-exclusive grant of permission to the Library of Congress to reproduce and distribute solely for the blind and physically handicapped and under the conditions and limitations prescribed by the regulations of the Copyright Office: (1) copies of the work identified in space 1 of this application in Braille (or similar tactile symbols); or (2) phonorecords embodying a fixation of a reading of that work; or (3) both.
a ☐ Copies and Phonorecords    b ☒ Copies Only    c ☐ Phonorecords Only

**9 DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼ Henry Holt and Company, Inc.    Account Number ▼ 058009

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼

Area Code & Telephone Number ▶

Be sure to give your daytime phone ◀ number

**10 CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Norman Rosten
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this is a published work, this date must be the same as or later than the date of publication given in space 3.
Joanne Vallas    date ▶ September 2, 1988

Handwritten signature (X) ▼ [signature]

**11 MAIL CERTIFICATE TO**
Name ▼ Joanne Vallas
Number/Street/Apartment Number ▼ Henry Holt and Company, Inc., 115 West 18th Street
City/State/Zip ▼ New York, NY 10011

Certificate will be mailed in window envelope

Have you:
• Completed all necessary spaces?
• Signed your application in space 10?
• Enclosed check or money order for $10 payable to Register of Copyrights?
• Enclosed your deposit material with the application and fee?

MAIL TO: Register of Copyrights, Library of Congress, Washington, D.C. 20559.

* 17 U.S.C § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

* U.S. GOVERNMENT PRINTING OFFICE: 1985:461-584/20,005    AUGUST 1985—200,000

# EXHIBIT B

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE
REGIST...

TX 5-342-425

EFFECTIVE DATE OF REGISTRATION

JUL 20 2001

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼
Marilyn Monroe: In the Camera Eye

PREVIOUS OR ALTERNATIVE TITLES ▼
N/A

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
N/A

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼
N/A

**2 a** NAME OF AUTHOR ▼
Sam Shaw

DATES OF BIRTH AND DEATH
Year Born ▼ 1912   Year Died ▼ 1999

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ► U.S.A.
     { Domiciled in ►

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
Photographs and Text

**b** NAME OF AUTHOR ▼
N/A

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ►
     { Domiciled in ►

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼
N/A

DATES OF BIRTH AND DEATH
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ►
     { Domiciled in ►

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
1979

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.
Month ► May   Day ► 1   Year ► 1979

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Edith Shaw Marcus, 143 Independence Avenue, Tappan, NY 10983
Meta Shaw Stevens, 838 West End Avenue, #4D, New York, NY 10025

APPLICATION RECEIVED
JUL 20 2001
ONE DEPOSIT RECEIVED
JUL 20 2001
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Ownership of Copyright passed through Trust to the daughters of the Author.

MORE ON BACK ► • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8

Special Relief granted under
§ 202.20(d) of the C.O. regs.

EXAMINED BY ✗

CHECKED BY

☑ CORRESPONDENCE Yes

FORM TX

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▶          Year of Registration ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼
N/A

**a**

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
N/A

**b**

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
Edith Shaw Marcus, 143 Independence Avenue, Tappan, NY 10983

**b**

**7**

Area code and daytime telephone number ▶ 845-359-8231       Fax ▶ 845-359-3704
Email ▶ edieshaw@earthdawn.net

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
    ☐ author
Check only one ▶ { ☑ other copyright claimant
    ☐ owner of exclusive right(s)
    ☐ authorized agent of

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Edith Shaw Marcus                                    Date ▶ 7/14/2001

☞ X _____ Edith Shaw Marcus _____
Handwritten signature (X) ▼

Certificate will be mailed in window envelope to this address:
Name ▼
Edith Shaw Marcus
Number/Street/Apt ▼
143 Independence Avenue
City/State/ZIP ▼
Tappan, NY 10983

• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 1999—200,000
WEB REV: June 1999

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 8th day of August, 2007, I caused a true and correct copy of Plaintiffs/Consolidated Defendants Second Amended Complaint to be served by overnight mail to:

>Orin Snyder, Esq.
>Gibson Dunn & Crutcher LLP
>200 Park Avenue, 47th Floor
>New York, New York  10166
>Tele:  212-351-4000
>Fax: 212-351-6288
>Attorneys for Marilyn Monroe, LLC


>Ted J. Minch, Esq.
>Sovich Minch, LLP
>10099 Chesapeake Drive
>Suite 100
>McCordsville, Indiana 46055
>
>Attorneys for CMG Worldwide, Inc.


>LAW OFFICES OF CHRISTOPHER SERBAGI
>
>By: _/s/ Christopher Serbagi_
>Christopher Serbagi (CS 7746)
>488 Madison Avenue, Suite 1120
>New York, New York 10022
>Tele: (212) 593-2112
>Fax: (212) 308-8582
>
>Attorney for the Plaintiffs/Consolidated Defendants