UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS, and META STEVENS,

    Plaintiffs,

v.

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

    Defendants.

------------------------------------x

05 CV 3939 (CM)

**ANSWER**

    Marilyn Monroe, LLC ("MMLLC"), by its attorneys, Gibson, Dunn & Crutcher, LLP, and CMG Worldwide, Inc. ("CMG"), by its attorneys, Minch Sovich LLP (collectively, "Defendants"), for their answer to those portions of the Second Amended Complaint (the "Complaint") filed by Shaw Family Archives, Ltd. ("SFA"), Edith Marcus ("Marcus"), and Meta Stevens ("Stevens") (collectively, "Plaintiffs") that are not included in Defendants' Motion to Dismiss, filed September 4, 2007 (the "Motion to Dismiss"), respond as follows:

    1.    The allegations in paragraph 1 of the Complaint contain allegations of law, not fact, to which no response is required, except that Defendants admit that Plaintiffs' Complaint alleges the causes of action identified in paragraph 1.

    2.    The allegations in paragraph 2 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 2 contains allegations of fact, those allegations are denied.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint.

7. Admit the allegations contained in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint contain allegations of law, not fact, to which no response is required.

9. The allegations in paragraph 9 of the Complaint contain allegations of law, not fact, to which no response is required.

10. The allegations in paragraph 10 of the Complaint contain allegations of law, not fact, to which no response is required. To the extent paragraph 10 contains allegations of fact, those allegations are denied, except that Defendants do not contest this Court's personal jurisdiction over them.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, especially with respect to the undefined term "the Shaw Collection."

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Admit that CMG entered an agreement with Centric Corporation, authorizing Centric Corporation to use certain trademark and publicity rights related to Marilyn Monroe, and deny the remainder of the allegations contained in the first sentence of paragraph 19 of the Complaint. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of paragraph 19 of the Complaint. Deny the allegations contained in the fourth and fifth sentences of paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Admit that CMG stated in its responses to Plaintiffs' first set of interrogatories that, in 2004, it displayed "no more than 5 Monroe/Shaw Photographs on its corporate website for no more than 6 to 9 months." Deny the remainder of the allegations contained in paragraph 22 of the Complaint.

23. Aver that no response to the allegations contained in paragraph 23 is required because those allegations are subject to the Motion to Dismiss.

24. Aver that no response to the allegations contained in paragraph 24 is required because those allegations are subject to the Motion to Dismiss.

25. Aver that no response to the allegations contained in paragraph 25 is required because those allegations are subject to the Motion to Dismiss.

26. Aver that no response to the allegations contained in paragraph 26 is required because those allegations are subject to the Motion to Dismiss.

27. Aver that no response to the allegations contained in paragraph 27 is required because those allegations are subject to the Motion to Dismiss.

28. Aver that no response to the allegations contained in paragraph 28 is required because those allegations are subject to the Motion to Dismiss.

29. Aver that no response to the allegations contained in paragraph 29 is required because those allegations are subject to the Motion to Dismiss.

30. Aver that no response to the allegations contained in paragraph 30 is required because those allegations are subject to the Motion to Dismiss.

31. Aver that no response to the allegations contained in paragraph 31 is required because those allegations are subject to the Motion to Dismiss.

32. Aver that no response to the allegations contained in paragraph 32 is required because those allegations are subject to the Motion to Dismiss.

33. Aver that no response to the allegations contained in paragraph 33 is required because those allegations are subject to the Motion to Dismiss.

34. Aver that no response to the allegations contained in paragraph 34 is required because those allegations are subject to the Motion to Dismiss.

35. Incorporate their responses to the allegations contained in paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Incorporate their responses to the allegations contained in paragraphs 1 through 36 of the Complaint, as if fully set forth herein.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Incorporate their responses to the allegations contained in paragraphs 1 through 38 of the Complaint, as if fully set forth herein.

40. Aver that no response to the allegations contained in paragraph 40 is required because those allegations are subject to the Motion to Dismiss.

41. Incorporate their responses to the allegations contained in paragraphs 1 through 40 of the Complaint, as if fully set forth herein.

42. Aver that no response to the allegations contained in paragraph 42 is required because those allegations are subject to the Motion to Dismiss.

43. Incorporate their responses to the allegations contained in paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44. Aver that no response to the allegations contained in paragraph 44 is required, because those allegations are subject to the Motion to Dismiss.

45. Incorporate their responses to the allegations contained in paragraphs 1 through 44 of the Complaint, as if fully set forth herein.

46. Aver that no response to the allegations contained in paragraph 46 is required, because those allegations are subject to the Motion to Dismiss.

47. Aver that no response to the allegations contained in paragraph 47 is required, because those allegations are subject to the Motion to Dismiss.

48. Aver that no response to the allegations contained in paragraph 48 is required, because those allegations are subject to the Motion to Dismiss.

49. Incorporate their responses to the allegations contained in paragraphs 1 through 48 of the Complaint, as if fully set forth herein.

50. Aver that no response to the allegations contained in paragraph 50 is required, because those allegations are subject to the Motion to Dismiss.

51. Aver that no response to the allegations contained in paragraph 51 is required, because those allegations are subject to the Motion to Dismiss.

52. Incorporate their responses to the allegations contained in paragraphs 1 through 50 of the Complaint, as if fully set forth herein.

53. Aver that no response to the allegations contained in paragraph 53 is required, because those allegations are subject to the Motion to Dismiss.

54. Incorporate their responses to the allegations contained in paragraphs 1 through 48 of the Complaint, as if fully set forth herein.

55. Aver that no response to the allegations contained in paragraph 50 is required, because those allegations are subject to the Motion to Dismiss.

**AFFIRMATIVE DEFENSES**

The statement of any affirmative defense hereinafter does not assume the burden of proof for any issue as to which the applicable law places the burden upon Plaintiffs.  In addition,

Defendants expressly reserve the right to amend and/or supplement their affirmative and other defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, including each and every purported cause of action contained therein, fails to state a claim or defense upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their fraud or other inequitable conduct.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent they are entitled to any relief, Plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent they are entitled to any relief, Plaintiffs are not entitled to treble, statutory or punitive damages or to attorney's fees.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statutes of Limitations.

Wherefore, Defendants, by counsel, respectfully request that this Court deny Plaintiffs the relief sought in their Complaint.

Dated: New York, New York
      September 4, 2007

Respectfully submitted,

| GIBSON, DUNN & CRUTCHER LLP | SOVICH MINCH LLP |
|---|---|
| By: /s/ Orin Snyder<br>Orin Snyder (OS-3122)<br>Cynthia S. Arato (CA-8350)<br>Howard S. Hogan (HH-7995)<br>Michelle Craven (MC-8556)<br>200 Park Avenue, 47th Floor<br>New York, New York 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035 | By: /s/ Theodore J. Minch<br>Theodore J. Minch (Admitted *Pro Hac Vice*)<br>10099 Chesapeake Drive, Suite 100<br>McCordsville, Indiana 46055<br>Telephone: (317) 335-3601<br>Facsimile: (317) 335-3602 |
| *Attorneys for Defendant Marilyn Monroe, LLC* | *Attorneys for Defendant CMG Worldwide, Inc.* |