UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS,
and META STEVENS,

                                       Plaintiffs,        Index No. 05 CV 3939 (CM)

      -against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

                                       Defendants.
------------------------------------------------------------X

## DECLARATION OF MICHELLE MINIERI

1. I, MICHELLE MINIERI, declare the following facts under penalty of perjury.

2. I am the President and Managing Director of Plaintiff/Consolidated Defendant Bradford Licensing Associates ("Bradford"). I submit this declaration in support of Plaintiff/Consolidated Defendants ("Plaintiffs") opposition to the Defendants' motion to dismiss the Second Amended Complaint.

3. Since this Court rendered its May 2, 2007 Order granting the Plaintiffs summary judgment on Count II of the Second Amended Complaint, the Defendants vigorously lobbied in Albany and Sacramento seeking an amendment of the right of publicity/privacy statutes in New York and California. Although the legislative attempts in New York have been delayed, Defendants were able convince the California legislature to pass legislation intended to abrogate this Court's May 2, 2007 Order. I immediately heard negative feedback from the industry as well as specific feedback from potential and current licensees of Shaw Family Archives

4. Potential and current licensees of Shaw Family Archives are very anxious about the uncertainty created by California's new right of publicity legislation. Defendants have significantly contributed to the anxiety by representing that Marilyn Monroe died a domiciliary of California and that they own a right of publicity by virtue of the new legislation. Plaintiffs have lost significant current and new business as a result of the Defendants' representations concerning Marilyn Monroe's purported California domicile.

5. One recent example of the Defendants interference is related to our new licensee in Korea, Y&P International ("Y&P"). Y&P had intended to launch an officially licensed line of Shaw inspired Marilyn lingerie on CJ, one of Korea's home shopping channels equivalent to the QVC channel in the US. During the negotiations Asiana Licensing, CMG's Korean agent representing MMLLC, warned CJ that they would be sued if they offered the range on their channel which subsequently ended the deal. The next channel, Hyundai then picked up the project and in getting ready to launch the range, was approached by Eland, a MMLLC licensee. Eland stated that Y&P was infringing on MMLLC's rights and Hyundai would be directly affected if they moved forward with the project. Consequently the deal has ended again with no repair, creating serious trepidation in the marketplace and a very significant loss of business to Bradford and the other Plaintiffs. The Plaintiffs have other current and potential licensees in a similar position.

6. A ruling by the Court that Marilyn Monroe died a New York domiciliary would significantly alleviate the financial damage that the Plaintiffs have suffered.

Signed at New York, New York, this 6th day of November, 2007.

_/s/ Michelle Minieri_
Michelle Minieri

2