# LAW OFFICES OF CHRISTOPHER SERBAGI

ATTORNEYS AT LAW

488 MADISON AVENUE

SUITE 1120

NEW YORK, NEW YORK 10022

(212) 593-2112

FACSIMILE: (212) 308-8582

c.serbagi@att.net

SDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**MEMO ENDORSED**

December 6, 2007

Via Facsimile
Honorable Colleen McMahon
United States District Court
500 Pearl Street, Room 640
New York, New York 10007

Re: Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al.,
Index. No. 05 CV 3939 (CM)

Dear Judge McMahon:

I represent the Plaintiffs in the above-entitled action. Pursuant to the Court's Order dated November 29, 2007, the Plaintiffs respectfully respond as follows:

First, the Plaintiffs intend to argue that the 1997 amendment (SB 771) to the California right of publicity statute is facially unconstitutional on, inter alia, due process grounds. The California statute is unconstitutionally retroactive because it attaches new legal consequences to events completed before its enactment and deprives private persons of vested property rights. Plaintiffs also will ask the Court to rule on certain issues of statutory construction. The Plaintiffs have retained a leading Constitutional scholar, Professor Marci Hamilton (former law clerk to Justice Sandra Day O'Conner) to serve as Plaintiffs' consultant, and possibly co-counsel in this litigation. We are available at the Court's convenience to set a briefing schedule, but we respectfully request until January 31, 2007 to submit our opening brief.

Second, to facilitate the trial on the issue of Ms. Monroe's domicile, the Plaintiffs intend to file a summary judgment motion on the issue of whether the Defendants should be judicially and/or collaterally estopped from arguing that Ms. Monroe died anything but a New York domiciliary. The Court may recall that, despite what these Defendants now represent, their documents included a treasure trove of submissions that the Estate filed in the New York Surrogate's Court, California Superior Court, and Hawaii federal district court, where they repeatedly swore, under oath, that Marilyn Monroe died a New York domiciliary. Until this litigation, neither the Estate nor Ms. Strasberg ever argued that Ms. Monroe died a California domiciliary. The parties appeared before the Court on March 12, 2007 and the Court Ordered that the Plaintiffs submit a supplemental brief by March 26, 2007. The Plaintiffs (represented by two solo practitioners) had to rush through 60,000 documents and we were not provided with the opportunity to reply to the Defendants' opposition brief. Further, the Court never addressed

## CHRISTOPHER SERBAGI, ESQ.

whether judicial or collateral estoppel applies because it was not necessary to its May 2, 2007 Decision and Order. In light of the new California legislation, we would like to fully brief this issue. Accordingly, the Plaintiffs respectfully request until January 31, 2007 to submit a summary judgment brief on judicial and collateral estoppel in support of their Ninth Cause of Action. Plaintiffs will argue that these Defendants are precluded from arguing anything other than what they argued for the last forty-five years — Ms. Monroe died a New York domiciliary.

Third, to further streamline this litigation, Plaintiffs hereby request that the Court withdraw their First and Second Causes of Action (the copyright claims) without prejudice. We will set forth the basis for this request in a short letter brief, where we will also ask the Court to reconsider its decision to dismiss Counts three through eight "with prejudice." Virtually no discovery was conducted on any of the counts that the Plaintiffs agreed to withdraw, no depositions taken, and the reason for the Plaintiffs' request is simply that they do not have the resources to litigate all these claims, especially since the recent passing of Larry Shaw, the Shaw Family principal. Plaintiffs brought these claims in good faith and we believe that Second Circuit case law supports a dismissal without prejudice. We will submit this letter brief by December 10, 2007.

So the Court is aware, the parties are engaging in significant discovery during the month of December, including 30(b)(6) depositions by each party. Plaintiffs are doing their utmost to streamline this litigation. We thank the Court for considering the foregoing issues.

Respectfully Submitted,

*Christopher Serbagi*
Christopher Serbagi

cc: Paula Colbath, Esq.
Ted Minch, Esq.

2