UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH  :
MARCUS and META STEVENS,           :
                                   :
                                   :
                       Plaintiffs, : Index No. O5 CV 3939 (CM)
                                   :
        -against-                  : Hon. Colleen McMahon
                                   :
                                   :
CMG WORLDWIDE, INC., an Indiana Corporation:
and MARILYN MONROE, LLC, a Delaware :
Limited Liability Company,         :
                                   :
                       Defendants. :
                                   :
------------------------------------------------------------X

## DECLARATION OF CHRISTOPHER SERBAGI

1. My name is Christopher Serbagi. I represent the Plaintiffs Shaw Family Archives, Ltd., Edith Marcus and Meta Stevens   I have personal knowledge of the matters stated in this declaration.

2. Attached hereto as Exhibit A is a true and correct copy of Defendants' Complaint, dated March 23, 2007.

3. Attached hereto as Exhibit B is a true and correct copy of Defendants' Second Amended Complaint, dated June 21, 2005.

4. Attached hereto as Exhibit C is a true and correct copy of the Shaw Family's Complaint, dated April 19, 2005.

5. Attached hereto as Exhibit D is a true and correct copy of the Shaw Family's Amended Complaint, dated May 20, 2005.

6. On May 27, 2005, the Shaw Family moved to dismiss the Indiana action based upon lack of personal jurisdiction, or in the alternative to transfer the action to the Southern District of New York. On June 3, 2005, Defendants moved to dismiss, stay or transfer (to Indiana) the New York action. On July 6, 2005, the Court stayed the proceedings pending resolution of the Shaw Family's motion to dismiss in Indiana.

7. On May 2, 2006, the Court consolidated the Indiana and New York actions. On May 19, 2006, the Court held that the Shaw Family and Bradford Licensing Associates were subject to personal jurisdiction in Indiana.

8. On May 29, 2006, the Court Ordered that discovery would close by October 27, 2006. On August 2, 2006, prior to the exchange of any discovery, the parties requested that the Court extend discovery to February 27, 2006 so that they could pursue mediation. On August 3, 2006, the court endorsed the parties' request.

9. On October 25, 2006, and prior to the exchange of any discovery, the Defendants filed a motion for summary judgment on Count 2 of their Second Amended Complaint.

10. Attached hereto as Exhibit E is a true and correct copy of the Shaw Family's first set of document demands, dated October 8, 2006, which the Shaw Family did not serve until early November, 2007.

11. Attached hereto as Exhibit F is a true and correct copy of Defendants' response to the Shaw Family's first set of document demands. The Defendants did not serve a single document in response to those request when those documents were due. The parties submitted their summary judgment briefs by January 16, 2007.

12. On or about February 14, 2007, Defendants finally served the Shaw Family with several cd-rom disks containing approximately 65,000 pages of documents.

13. Attached hereto as Exhibit G is a true and correct copy of Defendants' responses and objections to the Shaw Family's first set of interrogatories, dated March 19, 2007. The court granted the Shaw Family's motion for partial summary judgment in its May 2, 2007 Decision and Order.

14. In a telephonic conference held on May 29, 2007 before Magistrate Fox, the parties agreed to (i) extend discovery until November 31, 2007 and (ii) amend their respective pleadings by August 1, 2007. Attached hereto as Exhibits H and I are true and correct copies of the Shaw Family's second set of interrogatories and second set of document demands, respectively. Attached hereto as Exhibits J and K are true and correct copies of the Defendants' responses and objections to the Shaw Family's second set of interrogatories and second set of document demands, respectively.

15. Attached hereto as Exhibit L is a true and correct copy of the Shaw Family's Second Amended Complaint, dated August 8, 2007.

16. Attached hereto as Exhibit M is a true and correct copy of Defendants' Third Amended Complaint, dated August 9, 2007.

17. On September 4, 2007, Defendants filed a motion to dismiss counts three through nine of the Shaw Family's Second Amended Complaint. Attached hereto as Exhibit N is a true and correct copy of the letter dated September 27, 2007 from Christopher Serbagi to the Court.

18. Attached hereto as Exhibit O is a true and correct copy of an electronic communication between the parties dated October 19, 2007.

19. Attached hereto as Exhibit P is a true and correct copy of Cal. Civ. Code. § 3344.1 as amended by SB 771. SB 771 is an amendment to Cal. Civ. Code. § 3344.1 which expressly abrogated this Court's May 2, 2007 decision. The enactment of the California legislation required the Shaw Family to redirect its efforts to Defendants' right of publicity claim.

20. During a telephonic status conference with Magistrate Fox on October 12, 2007, Defendants first requested a three month extension of discovery. The Shaw Family objected to Defendants' request on a number of grounds. Attached hereto as Exhibit Q is a true and correct copy of the Shaw Family's letter to Magistrate Fox dated November 1, 2007. On November 5, 2007, the Court Ordered that discovery would end by December 31, 2007.

21. On October 19, 2007, the principal of Shaw Family, Larry Shaw, passed away. By letter to the Court dated October 19, 2007, the Shaw Family announced that Mr. Shaw passed that morning and that the Shaw Family was considering withdrawing certain claims as a result. Attached hereto as Exhibit R is a true and correct copy of the Shaw Family's letter to the court dated October19, 2007. The principal of Bradford also recently passed away on August 2, 2007. These events significantly complicated the efficient litigation of the Shaw Family's claims because Mr. Shaw had planned to finance this aspect of the litigation and he possessed some of the information that would be necessary to prosecute those claims.

22. Attached hereto as Exhibits S and T are true and correct copies of the Shaw Family's third set of interrogatories and document requests, respectfully, both dated November 1, 2007. Again, Defendants refused to provide any meaningful

4

responses. Attached hereto as Exhibits U and V are true and correct copies of Defendants' responses and objections to the Shaw Family's third set of interrogatories and document requests, respectively.

23.     In late October 2007, the Shaw Family informed Defendants that they would withdraw Counts 3-8 of the Second Amended Complaint. On or about November 1, 2007, Defendants' counsel verbally agreed to allow the Shaw Family to withdraw these claims. The Shaw Family sent a stipulation to withdraw Counts 3-8 on November 2, 2007. Attached hereto as Exhibit W is a true and correct copy of an electronic communication from Christopher Serbagi to Paula Colbath dated November 2, 2007. On November 5, 2007, the Shaw Family's counsel sent an electronic communication confirming Defendants' agreement to permit the Shaw Family to withdraw Counts 3-8. Attached hereto as Exhibit X is a true and correct copy of an electronic communication from Christopher Serbagi to Paula Colbath, dated November 5, 2007.

24.     Attached hereto as Exhibit Y is a true and correct copies of electronic communications between Paula Colbath and Christopher Serbagi.

25.     Attached hereto as Exhibit Z is a true and correct copy of an electronic communication dated November 16, 2007 from Christopher Serbagi to Paula Colbath. Attached hereto as Exhibit aa is a true and correct copy of an electronic communication from Paula Colbath to Christopher Serbagi, dated November 27, 2007. After some further telephone conversations on the issue, it became apparent that Defendants would not alter their position.

26.     Attached hereto as Exhibit bb is an electronic communication from Christopher Serbagi to Paula Colbath, dated December 3, 2007.

27.  Attached hereto as Exhibit cc is a true and correct copy of the Shaw Family's December 6, 2007 letter to the Court.

28.  Attached hereto as Exhibit dd is a true and correct copy of Defendants' December 11, 2007 letter to the Court.

29.  The parties have taken no depositions to date and have conducted virtually no discovery directed at Counts 1-8. Defendants have answered virtually no interrogatories directed to Counts 3-8 and provided the most cursory response possible as to Counts 1-2. Defendants have produced no documents specifically directed at Counts 1-8 that were not otherwise relevant to Defendants' right of publicity claims and claims that Defendants asserted against the Shaw Family in their first and second amended complaints. There were significant periods of time where the parties conducted no discovery, such as the eleven months between the time when Defendants first filed the action in Indiana and its first production of documents in February 2007.

Dated: New York, New York
       December 16, 2007

                                        LAW OFFICES OF CHRISTOPHER SERBAGI

                                        By: Christopher Serbagi
                                        488 Madison Avenue
                                        New York, New York 10022
                                        Tel: 212-593-2112

                                        Attorneys for plaintiff/consolidated defendant SFA, plaintiff Edith Marcus and Meta Stevens and Consolidated Defendant Bradford Licensing, Inc