EX. E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS,
META STEVENS, BRADFORD LICENSING, INC.,
JAMES E. DOUGHERTY, and VALHALLA
PRODUCTIONS, LLC,                                          05 CV 3939 (CM)

        Plaintiffs/Consolidated Defendants,        **PLAINTIFFS/CONSOLIATED
                                                          DEFENDANTS FIRST DEMAND
      -against-                                    FOR PRODUCTION OF
                                                          DOCUMENTS**

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

        Defendants/Consolidated Plaintiffs.
--------------------------------------------------------------x

Pursuant to FRCP 26 et seq., Plaintiffs/Consolidated Defendants Shaw Family Archives,

Ltd., Edith Marcus, Meta Stevens, and Bradford Licensing, Inc., hereby requests that produce for

inspection and copying the documents and things described herein within thirty (30) days, at the

offices of Marcus & Greben, 1650 Broadway, Suite 707, New York, New York, 10019, or at

such other place and time as may be agreed on by counsel for the parties.

## DEFINITIONS

1.    "CMG" means Defendant/Consolidated Plaintiff CMG Worldwide, Inc. and

includes the officers, directors, employees, agents, representatives, attorneys, parent or

subsidiary corporations, affiliated companies, and predecessor or successor entities of the named

corporate defendants.

2.    "MMLLC" means Defendant/Consolidated Plaintiff Marilyn Monroe, LLC and

includes the officers, directors, employees, agents, representatives, attorneys, parent or

subsidiary corporations, affiliated companies, and predecessor or successor entities of the named

corporate defendants.

3.    "SFA" means Plaintiffs/Consolidated Defendant Shaw Family Archives, Ltd., and includes each of its officers, directors, employees, agents, representatives, attorneys, parent or subsidiary corporations, affiliated companies, and predecessor entities.

4.    "Bradford" means Plaintiffs/Consolidated Bradford Licensing, Inc. , and includes each of its officers, directors, employees, agents, representatives, attorneys, parent or subsidiary corporations, affiliated companies, and predecessor entities.

5.    "You", "your", or "yourselves", shall mean CMG, SFA, and all of their officers, directors, employees, agents, representatives, attorneys, parent or subsidiary corporations, affiliated companies, and predecessor entities.

6.    The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive, and includes, without limitation, all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description including, without limitation: letters, emails, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, notations or telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs and graphic matter however produced or reproduced, all compilations of data from which information can be obtained, all writings or recordings of any type or nature, facsimiles, invoices, tape recordings, computer printouts and worksheets. The term "documents" includes any and all electronic communications, whether by facsimile, email or other means of electronic, wired or wireless transmission, all electronic data including electronic or computerized compilations and electronically stored information, and all drafts and copies not identical to the originals including documents that differ in any respect from another version of that same document, and any other items, if anything, that can be requested pursuant to the FRCP.

2

7.    "Person" or "persons" as used herein means all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact, all federal, foreign, state, local or other governmental entities, and all legal entities, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8.    The terms "concerning" or "concerns" means relating to, referring to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, or in any way referencing, directly or indirectly.

9.    "And" and "or" shall also be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

10.    Whenever the term "all" is used herein, it shall also be construed to mean "any" and "each", and vice-versa.

11.    Whenever the term "including" is used herein, it shall be construed to mean "including, but not limited to".

12.    The use of the singular shall also be taken to include the plural, and vice-versa, so as to bring within this request documents that might otherwise be excluded.

13.    Whenever a verb is used in one tense it shall also be taken to include all other tenses, so as to bring within this request documents that might otherwise be excluded.

14.    "Agreement" means any agreement, contract, understanding, or other type of agreement, formal or informal, oral or written, direct or indirect, tacit or express, between two or more persons, and includes within its term any appendix, exhibit, or other item appended or attached to the agreement.

3

15. The term "produce":

(a)    Shall be interpreted to mean to attach all documents and tangible things which reflect, refer, relate, concern, or pertain, directly or indirectly, to the request specified, and shall include: every copy of each document which is not an exact duplicate of the document which is produced; every copy which has any writing, figuring, notation, annotation, or similar markings; all drafts of each document; all attachments or enclosures with each document; and every document referred to in such document.

(b)    Shall be interpreted to request that all documents and tangible things be produced in the form and in the same order within each file in which they existed prior to production, and that the file folders, boxes, or other containers or binders in which such documents are found also be identified, including the titles, labels, or other description of such folders, boxes, containers, or binders.

(c)              Shall be interpreted, in the event that any documents or tangible things were, but no longer are in the possession, custody, care, or control of the respondents (whether they have been lost, discarded, destroyed, or otherwise) to call for the identification and description of all such documents, to he fullest extent possible, including a description of its nature (e.g., letter, memorandum, work paper, etc.), date, number of papers, name of each author, address, and recipient, subject matter, and any other information necessary to identify such document or part thereof; and shall also include information concerning the date, time, and place of disposal, the exact manner of their disposal, the reason for their disposal, the person authorizing their disposal, the persons having knowledge of their disposal, and the person actually disposing of those documents.

## INSTRUCTIONS

1.     Each request for production of a document or documents shall be deemed to call for the production not only of all documents generated by defendant, but also of all documents generated by third parties which documents are in defendant's possession or control. Further, each request shall be read to call for the production of the original document or documents, unless a copy can be provided that is identical in legibility, size, color and character to the original.

2.     The documents requested herein must be produced as they are kept in the usual course of business including with all staples and clips attached and with all associated file folders, dividers and file labels, or must be organized and labeled to correspond to the categories in the request.

3.     Any document bearing any marks that are not a part of the original text or any reproduction thereof, is to be considered a separate document for purpose of responding to the following document requests.

4.     If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

5.     If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

6.     Copies of documents that are not identical duplicates of the original document because of markings, handwritten notations, or other differences should be considered separate documents. English translations or partial translations of foreign language documents also

5

should be considered separate documents.

    7.    If any document requested is withheld because of an assertion of attorney-client, work product or other privilege, provide, if possible, a redacted version of the document, and with respect to each document, or portion of a document withheld, provide the following information:

    (a)    The reason for withholding the document or portion of the document;

    (b)    A statement of the basis for the claim of privilege, work product or other ground of non-disclosure; and

    (c)    A brief description of the document, including;

        (i)    The date of the document;

        (ii)    Number of pages, attachments, and appendices;

        (iii)    The names of its author, authors or preparers and an indication of whether such person is a lawyer;

        (iv)    The name of each person who was sent or provided a copy of the document, or has access to or custody of the document, together with an indication of whether such person is a lawyer;

        (v)    The subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversion.

    8.    This document request is continuing in nature. If, after producing documents, you obtain or become aware of any further documents responsive to this request, you are requested to produce such additional documents.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents including any electronic data and email communications (a) asked to be identified in plaintiffs/consolidated defendant's Interrogatories, (b) containing any of the information sought by or identified in plaintiffs/consolidated defendant's Interrogatories, or (c) relied upon by you in responding to plaintiffs/consolidated defendant's Interrogatories, separately listing for each document the number(s) of the Interrogatory(ies) to which it pertains.

**REQUEST NO. 2:**

All documents including electronic data and email communications constituting, evidencing or concerning any communication between CMG and/or MMLLC and SFA and/or Bradford.

**REQUEST NO. 3:**

All documents, laws, and cases, including electronic data and email communications relied upon or referred to by you in preparing your Complaint or Answer and any Amended Complaint or Answer you have or may file in this matter, if any, including your affirmative defenses and counterclaims herein.

**REQUEST NO. 4:**

All documents relating to the States in which Marilyn Monroe was a resident at any time during the final five years of her life.

**REQUEST NO. 5:**

All documents relating to the States in which Marilyn Monroe was a domicile at any time during the final five years of her life.

**REQUEST NO. 6:**

All California Tax records and filings, decisions, appeals and motions, not limited to but including California Board of Equalization records, correspondence and pleadings, relating to Marilyn Monroe/The Estate of Marilyn Monroe.

**REQUEST NO. 7:**

All documents relating to Marilyn Monroe's tax returns, records or filings, including but not limited to tax returns filed by Marilyn Monroe three years prior to her death up to and including the last year in which she filed taxes and tax returns, and tax related documents, filed by the Estate of Marilyn Monroe.

**REQUEST NO. 8:**

Any documents concerning any California Ancillary Probate Proceeding relating to Marilyn Monroe including, but limited to, any proceedings concerning the State in which Marilyn Monroe was a resident or domiciliary at the time of her death.

**REQUEST NO. 9:**

Any documents relating to or concerning CMG and MMLLC's assertion that some of the photographs within SFA's collection are now in the public domain.

**REQUEST NO. 10:**

Any documents concerning the probate of the Estate of Marilyn Monroe in the State of New York.

**REQUEST NO. 11:**

Copies of all contracts and licenses entered into by defendants, entered into and/or in effect within the past six (6) years which licenses, markets and/or sells any photographic image of Marilyn Monroe.

**REQUEST NO. 12:**

The laws and statutes defendants will rely upon to prove their claim that some or all of the Sam Shaw photographs depicting Marilyn Monroe that are owned or controlled by Shaw Family Archives, LTD. are in the public domain.

**REQUEST NO. 13:**

A compete description of the alleged acts and occurrences that form the basis of defendants claim that Shaw Family Archives, Ltd. and Bradford committed any crime under the relevant Indiana Statute.

**REQUEST NO. 14:**

Provide copies of all documents that will form the basis for any damages claimed by defendants.

**REQUEST NO. 15:**

All documents, including electronic data and email communications, you will introduce or rely upon at any hearing or trial in this action.

**REQUEST NO: 16**

Provide copies of all documents from the United States Patent and Trademark Office setting forth Marilyn Monroe Ltd.'s ownership of any trademark right in the name Marilyn Monroe and Norma Jean.

**REQUEST NO: 17**

All documents, statutes and/or cases which defendants rely upon to determine or in support of defendants' assertions regarding the domicile of Marilyn Monroe at the time of her death.

**REQUEST NO: 18**

Any allegedly libelous or slanderous statements made by SFA or Bradford, or any evidence regarding same.

**REQUEST NO: 19**

All admissions or declarations against interest made by SFA or Bradford.

**REQUEST NO: 20**

Any documents supporting the damages alleged by any of the parties to the instant action.

**REQUEST NO: 21**

Copies of all correspondence sent to third parties regarding the rights of SFA or Bradford to market or license any of the photographic images taken by Sam Shaw.

Dated:  October 8, 2006

Yours, etc.

MARCUS & GREBEN

By: _____

Brian L. Greben (BG 1572)
*Attorneys for Plaintiff*
1650 Broadway, Suite 707
New York, NY 10019

EX. F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - )

SHAW FAMILY ARCHIVES, LTD., EDITH      :
MARCUS and META STEVENS,      :05 CV 3939 (CM)

        Plaintiffs,      :

    v.      :

CMG WORLDWIDE, INC., an Indiana Corporation   :
and MARILYN MONROE, LLC, a Delaware Limited :
Liability Company,      :

        Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - )

### DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS' FIRST DEMAND FOR PRODUCTION OF DOCUMENTS

Defendant/Consolidated Plaintiff Marilyn Monroe LLC ("MMLLC") hereby responds

and objects to the First Demand for Production of Documents submitted by

Plaintiffs/Consolidated Defendants Shaw Family Archives, Ltd. ("SFA"), Bradford Licensing,

Inc. ("Bradford"), Edith Marcus and Meta Stevens (collectively, "Plaintiffs") as follows:

### GENERAL OBJECTIONS

1.      MMLLC objects to Plaintiffs' demands for production to the extent that they are

vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to

the discovery or relevant and admissible evidence.

2.      MMLLC objects to Plaintiffs' demands for production to the extent that they seek

trade secrets, proprietary information or confidential commercial information not relevant to, or

necessary for, this action.

3.     MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require production of documents that are public or otherwise available from sources to which Plaintiffs also have access.

4.     MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require production of documents not in the possession, custody, or control of MMLLC.

5.     MMLLC objects to the instructions and definitions in Plaintiffs' demands for production to the extent they in any way deviate from or expand upon obligations, duties, or requirements set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Civil Rules for the United States District Court for the Southern District of New York (the "Local Rules").

6.     MMLLC objects to the definitions in Plaintiffs' demands for production as vague, ambiguous and/or overbroad. MMLCC objects, *inter alia*, to (a) definition 5 as vague, ambiguous and overbroad, especially to the extent that it includes CMG and SFA; (b) definitions 6, 7, and 8 to the extent that Plaintiffs purport to define terms in a manner beyond the definitions of those terms in Rule 34(a) of the Federal Rules or Rule 26.3 of the Local Rules; and (c) definition 15 as vague, overbroad, unduly burdensome, and seeking to impose requirements beyond the obligations of the Federal Rules of Civil Procedure.

7.     MMLLC objects to the instructions in Plaintiffs' demands for production, including but not limited to instructions 2 and 7 as overbroad and unduly burdensome. Moreover, MMLLC will not approach third parties to respond to Plaintiffs' demands for production.

2

8.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require production of documents relating to allegations or matters that are not included in Plaintiffs' or Defendants' operative complaints.

9.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require production of documents that reflect MMLLC's legal opinions or conclusions.

10.    MMLLC objects to producing any documents until a confidentiality order has been entered by the Court.

11.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require MMLLC to produce documents already in Plaintiffs' possession or that may be produced to Plaintiffs, whether by other Defendants or third parties.

12.    MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, rule, privilege or immunity.

13.    MMLLC objects to Plaintiffs' demands for production to the extent that they would be better characterized as interrogatories.

14.    In furnishing the objections herein, MMLLC does not concede that any of Plaintiffs' demands for production, or any subpart thereof, is relevant to the claims or defenses in his litigation.

15.    Any documents inadvertently disclosed to Plaintiffs shall not constitute a waiver of any privilege, any other doctrine against disclosure, or the right of MMLLC to object to the use of any document inadvertently disclosed. MMLLC reserves the right to demand that Plaintiffs return to it any information inadvertently disclosed.

3

16.     MMLLC reserves the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

17.     In furnishing the responses herein, MMLLC does not concede the truth of any factual assertion or implication contained in any of Plaintiffs' requests for production. Moreover, MMLLC's responses and objections shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody or control.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving or restricting the general objections set forth above, all of which are incorporated by reference into each of the following objections, MMLLC responds and objects to Plaintiffs' specific demands for production as follows and, as noted above, reserves the right at any time to supplement and/or amend its responses and objections:

**Request No. 1:**

All documents including any electronic data and email communications (a) asked to be identified in plaintiffs/consolidated defendant's Interrogatories, (b) containing any of the information sought by or identified in plaintiffs/consolidated defendant's Interrogatories, or (c) relied upon by you in responding to plaintiffs/consolidated defendant's Interrogatories, separately listing for each document the number(s) of the Interrogatory(ies) to which it pertains.

**Specific Response and Objections to Request No. 1:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks

information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC

also objects on the ground that it seeks documents not within MMLLC's possession, custody, or

control.

Subject to and without waiving these objections and the foregoing general objections,

which MMLLC specifically preserves, MMLLC responds as follows: MMLLC has no

documents in its possession, custody, or control responsive to this request.

### Request No. 2:

All documents including electronic data and email communications constituting,

evidencing or concerning any communication between CMG and/or MMLLC and SFA and/or

Bradford.

### Specific Response and Objections to Request No. 2:

MMLLC objects to this request to the extent that it seeks documents subject to any

applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

the attorney work product doctrine. MMLLC objects to this request on the basis that the request

is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the

discovery or relevant and admissible evidence because, *inter alia*, this request purports to

demand the production of documents not related to the photographs at issue in this litigation.

MMLLC further objects to this request to the extent it seeks information in the possession of

Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it

seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections,

which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

### Request No. 3:

All documents, laws, and cases, including electronic data and email communications relied upon or referred to by you in preparing your Complaint or Answer and any Amended Complaint or Answer you have or may file in this matter, if any, including your affirmative defenses and counterclaims herein.

### Specific Response and Objections to Request No. 3:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

### Request No. 6:

All California Tax records and filings, decisions, appeals and motions, not limited to but including California Board of Equalization records, correspondence and pleadings, relating to Marilyn Monroe/The Estate of Marilyn Monroe.

### Specific Response and Objections to Request No. 6:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody,

or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

## Request No. 7:

All documents relating to Marilyn Monroe's tax returns, records or filings, including but not limited to tax returns filed by Marilyn Monroe three years prior to her death up to and including the last year in which she filed taxes and tax returns, and tax related documents, filed by the Estate of Marilyn Monroe.

## Specific Response and Objections to Request No. 7:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

9

## Request No. 8:

All documents concerning any California Ancillary Probate Proceeding relating to
Marilyn Monroe including, but limited to, any proceedings concerning the State in which
Marilyn Monroe was a resident or domiciliary at the time of her death.

## Specific Response and Objections to Request No. 8:

MMLLC objects to this request to the extent that it seeks documents subject to any
applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or
the attorney work product doctrine.    MMLLC further objects to this request to the extent it
seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs.
MMLLC also objects on the ground that it seeks documents not within MMLLC's possession,
custody, or control.

Subject to and without waiving these objections and the foregoing general objections,
which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is
in place, MMLLC will produce documents responsive to this request in its possession, custody,
or control that it has been able to locate after a reasonably diligent search, to the extent they
exist.

## Request No. 9:

Any documents relating to or concerning CMG and MMLLC's assertion that some of the
photographs within SFA's collection are now in the public domain.

## Specific Response and Objections to Request No. 9:

MMLLC objects to this request to the extent that it seeks documents subject to any
applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

## Request No. 10:

Any documents concerning the probate of the Estate of Marilyn Monroe in the State of New York.

## Specific Response and Objections to Request No. 10:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody,

or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

### Request No. 11:

Copies of all contracts and licenses entered into by defendants, entered into and/or in effect within the past six (6) years which licenses, markets and/or sells and photographic image of Marilyn Monroe.

### Specific Response and Objections to Request No. 11:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control. MMLLC also objects to this request to the extent it requires MMLLC to create or generate descriptions that do not already exist.

### Request No. 14:

Provide copies of all documents that will form the basis for any damages claimed by defendants.

### Specific Response and Objections to Request No. 14:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

## Request No. 17:

All documents, statutes and/or cases which defendants rely upon to determine or in support of defendants' assertions regarding the domicile of Marilyn Monroe at the time of her death.

## Specific Response and Objections to Request No. 17:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

## Specific Response and Objections to Request No. 19:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control. MMLLC also objects to this request to the extent it requires MMLLC to create or generate descriptions that do not already exist.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

## Request No. 20:

Any documents supporting the damages alleged by any of the parties to the instant action.

## Specific Response and Objections to Request No. 20:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks

information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

### Request No. 21:

Copies of all correspondence sent to third parties regarding the rights of SFA or Bradford to market or license any of the photographic images taken by Sam Shaw.

### Specific Response and Objections to Request No. 21:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

in place, MMLLC will produce documents responsive to this request in its possession, custody,

or control that it has been able to locate after a reasonably diligent search, to the extent they

exist.

Dated: New York, New York
      December 26, 2006

                                 /s/ Orin Snyder
                                 Orin Snyder (OS-3122)
                                 Michelle Craven (MC-8556)
                                 **GIBSON, DUNN & CRUTCHER LLP**
                                 200 Park Avenue, 47th Floor
                                 New York, New York 10166
                                 T: (212) 351-4000
                                 F: (212) 351-4035

                                 Attorneys for Defendant/Consolidated Plaintiff
                                 Marilyn Monroe LLC

100117500

20