EX. N

# LAW OFFICES OF CHRISTOPHER SERBAGI

ATTORNEYS AT LAW

488 MADISON AVENUE

SUITE 1120

NEW YORK, NEW YORK 10022

(212) 593-2112

FACSIMILE: (212) 308-8582

c.serbagi@att.net

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #·
DATE FILED: 9/28/07



RECEIVED
SEP 27 2007
CHAMBERS OF
COLLEEN McMAHON

**MEMO ENDORSED** September 27, 2007

Via Facsimile
Honorable Colleen McMahon
United States District Court
300 Quarropas Street
White Plains, New York 10601

9/28/07 Request granted

            Re:   Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al.,
                  Index. No. 05 CV 3939

Dear Judge McMahon:

            I represent the Plaintiffs in the above-entitled matter. I write to respectfully request an
additional three week extension to respond to Defendants' motion to dismiss the Second
Amended Complaint. Defendant MMLLC has consented to this request. I have not been able to
reach counsel for CMG. If the Court grants this request, Plaintiffs' opposition will be due on
October 23, 2007. As set forth below, the reason for this request is that Plaintiffs intend to
amend their Second Amended Complaint in a manner that will clarify the issues that remain for
trial and we would also like the additional time to discuss settlement with Defendants' new
counsel prior to engaging in additional and expensive briefing practice.

            Defendants filed their motion to dismiss Plaintiffs' Second Amended Complaint on
September 4, 2007. By letter dated September 13, 2007, Plaintiffs requested an extension of
time to respond to Defendants' motion to dismiss until October 2, 2007. On September 17,
2007, the Court granted the Plaintiffs' request. The reason Plaintiffs would like an additional
extension is because Plaintiffs have requested that Judge Fox extend the time for Plaintiffs to
amend their Second Amended Complaint, both to drop certain causes of action, add one cause of
action, and to clarify the existing causes of action. It would make no sense for the Plaintiffs to
draft a detailed opposition to Defendants' motion to dismiss if Judge Fox permits the amendment
we have requested. We believe this amendment will save judicial time and resources during the
briefing process on Defendants' motion to dismiss, which is currently pending.

            The extension would also provide the parties time to discuss these issues and other
pending issues with Defendants' new counsel. One of the issues Plaintiffs would like to discuss
is whether this case can be resolved on amicable terms, now that the primary issues have been
resolved. Plaintiffs have already expressed a desire to settle with former counsel for the
Defendants, but they were unsuccessful in convincing their clients to settle on reasonable terms.

Case 1:05-cv-03939-CM     Document 142-8     Filed 12/17/2007     Page 3 of 22
Case 1:05-cv-03939-CM-MDF     Document 130     Filed 09/28/2007     Page 2 of 3
SEP-27-2007 15:51 FROM:                          TO:212 805 0383          P.3/3

### CHRISTOPHER SERBAGI, ESQ.

I am hopeful that Defendants' new counsel will have better success in convincing their clients to cease this vexatious litigation and to reach amicable settlement terms. The additional time we have requested to postpone the briefing process will allow the parties breathing room to explore that possibility.

Respectfully Submitted,

Christopher Serbagi

cc: Orin Snyder, Esq. (via facsimile)
    Paula K. Colbath, Esq. (via facsimile)
    Ted J. Minch (via facsimile)

# LAW OFFICES OF CHRISTOPHER SERBAGI

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Hon. Colleen McMahon<br>United States District Judge | Christopher Serbagi, Esq. |
| COMPANY: | DATE:<br>September 27, 2007 |
| FAX NUMBER:<br>212-805-6326 | TOTAL NO. OF PAGES INCLUDING COVER<br>3 |
| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
| RE:<br>Letter attached | YOUR REFERENCE NUMBER |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

NOTES/COMMENTS:

EX. O

christopher serbagi

**Subject: Re: <no subject>**
**Date:** Friday, October 19, 2007 12:55 PM
**From:** Christopher Serbagi <c.serbagi@earthlink.net>
**To:** Paula Colbath <pcolbath@loeb.com>
**Cc:** <dmmlitigates@yahoo.com>, "Ted J. Minch" <tjminch@sovichminch.com>, Martin
Pollner <mpollner@loeb.com>, Barry Slotnick <bslotnick@loeb.com>, Jonathan Neil
Strauss <jstrauss@loeb.com>
**Conversation:** <no subject>

Paula:

We asked for permission to amend.  You asked for an extension on the
discovery schedule.  You did not oppose our request to amend.  We
eventually agreed to your request for an extension on discovery so as to
avoid additional unnecessary motion practice, which Judge Fox said would
be necessary unless we agreed on all issues.  You never once said that
MMLLC or CMG would want to amend as well.  Then, when you sent around the
stipulation, you reserved the right for Defendants to amend, which is not
what you asked for or what we discussed.

There has been an additional development, which I just learned about this
morning.  The principal of SFA just passed away, which makes getting
answers to important decisions from the client that much more difficult.
I will obviously mention this to the Court.  Will you consent to the final
extension under these circumstances or not?  The general partner of
Bradford also passed away recently.  Please advise immediately because I
am sending the letter to the Court very shortly.


Christopher Serbagi




On 10/19/07 10:11 AM, "Paula Colbath" <pcolbath@loeb.com> wrote:

> Chris:  I don't understand what needs to be sorted out.  You agreed to a
> revised discovery schedule then wanted one of the revised dates to
benefit
> your clients only.  That was not our agreement and it was not acceptable
to
> MMLLC. The ball is in your court to sign the stipulation.
>
> Unfortunately, because (a) you have already had five (5) weeks of
extensions
> (that does not include the initial 2 weeks you had to respond to the
motion
> under Judge McMahon's rules) and we only get 5 days to respond to your
> answering papers, and (b) the additional two week extension will
interfere
> with other scheduled dates, such as the discovery cutoff (November 30,
2007),
> MMLLC cannot agree to your request for a third extension of time to

respond
> to MMLLC's motion to dismiss.  Obviously, we remain ready to sign up the
> initial agreement, set forth in the Case Management Plan stipulation, I
> recently sent to you.
>
> If and when you write to the Court on this subject, please be sure to comply
> with Judge McMahon's Individual Practice Rule l(E)(4).
>
> Finally, if you have a proposed amended complaint, please send us a copy to
> review.
>
>
> Paula Colbath
>
>
> Paula K. Colbath
>
> Partner
>
>
>
>   345 Park Avenue
>   New York, NY  10154
>   www.loeb.com
>
> Direct 212.407.4905
> Main 212.497.4000
> Fax 212.937.3189
> pcolbath@loeb.com
>
>
>
> ------------------------------------------------------
> CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or
> previous e-mail messages attached to it may contain confidential information
> that is legally privileged. If you are not the intended recipient, or a person
> responsible for delivering it to the intended recipient, you are hereby
> notified that any disclosure, copying, distribution or use of any of the
> information contained in or attached to this transmission is STRICTLY
> PROHIBITED. If you have received this transmission in error, please
> immediately notify the sender. Please destroy the original transmission and
> its attachments without reading or saving in any manner. Thank you, Loeb &
> Loeb LLP.------------------------------------------------------
> From: Christopher Serbagi [mailto:c.serbagi@earthlink.net]
> Sent: Thursday, October 18, 2007 3:26 PM
> To: Ted J. Minch; Paula Colbath
> Subject: <no subject>
>

> Will CMG and MMLLC consent to an additional two week extension to respond to
> the pending motion to dismiss while we sort out what we are going to do with
> the discovery schedule/amendment of the pleadings issue?
>
> I am writing to the Court today so I would appreciate a prompt response.
> Thanks very much.
>
> Best,
>
> Chris
>
>
> Law Offices of Christopher Serbagi
> 488 Madison Avenue, Suite 1120
> New York, New York  10022
> Tele: 212-593-2112
> Fax:  212-308-8582
> Email: c.serbagi@earthlink.net
> Web Site: www.serbagi.com

EX. P

BILL NUMBER: SB 771        CHAPTERED
        BILL TEXT

        CHAPTER  439
        FILED WITH SECRETARY OF STATE  OCTOBER 10, 2007
        APPROVED BY GOVERNOR  OCTOBER 10, 2007
        PASSED THE SENATE  SEPTEMBER 7, 2007
        PASSED THE ASSEMBLY  SEPTEMBER 4, 2007
        AMENDED IN ASSEMBLY  AUGUST 30, 2007
        AMENDED IN ASSEMBLY  JUNE 28, 2007
        AMENDED IN SENATE  MAY 1, 2007
        AMENDED IN SENATE  APRIL 17, 2007

INTRODUCED BY  Senator Kuehl
    (Principal coauthor: Assembly Member Jones)
    (Coauthor: Assembly Member Tran)

                FEBRUARY 23, 2007

    An act to amend Section 3344.1 of the Civil Code, relating to
deceased personalities.

        LEGISLATIVE COUNSEL'S DIGEST


    SB 771, Kuehl. Deceased personalities: testamentary instruments.
    Existing law establishes a cause of action for damages on behalf
of specified injured parties for the unauthorized use of a deceased
personality's name, voice, signature, photograph, or likeness for
commercial purposes within 70 years of the personality's death,
except as specified. Existing law provides that the rights recognized
under these provisions are property rights, freely transferable, in
whole or in part, by contract or by means of trust or testamentary
documents, whether the transfer occurs before the death of the
deceased personality, by the deceased personality or his or her
transferees, or, after the death of the deceased personality, by the
person in whom the rights vest under these provisions or the
transferees of that person.
    This bill would provide, instead, that the above property rights
are freely transferable or descendible by contract or by means of any
trust or any other testamentary instrument executed before or after
January 1, 1985. It would provide that those rights shall be deemed
to have existed at the time of death of any person who died prior to
January 1, 1985, and shall vest in the persons entitled to these
property rights under the testamentary instrument of the deceased
personality effective as of the date of his or her death, except as
specified. The bill would provide that, in the absence of an express
provision in a testamentary instrument to transfer these rights, a
provision in the instrument that provides for the disposition of the
residue of the deceased personality's assets shall be effective to
transfer the rights.


THE PEOPLE OF THE STATE OF CALIFORNIA DO ENACT AS FOLLOWS:

    SECTION 1.  Section 3344.1 of the Civil Code is amended to read:
    3344.1.  (a) (1) Any person who uses a deceased personality's
name, voice, signature, photograph, or likeness, in any manner, on or
in products, merchandise, or goods, or for purposes of advertising

or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons specified in subdivision (c), shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by the injured party or parties, as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing these profits, the injured party or parties shall be required to present proof only of the gross revenue attributable to the use and the person who violated the section is required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party or parties in any action under this section shall also be entitled to attorney's fees and costs.

(2) For purposes of this subdivision, a play, book, magazine, newspaper, musical composition, audiovisual work, radio or television program, single and original work of art, work of political or newsworthy value, or an advertisement or commercial announcement for any of these works, shall not be considered a product, article of merchandise, good, or service if it is fictional or nonfictional entertainment, or a dramatic, literary, or musical work.

(3) If a work that is protected under paragraph (2) includes within it a use in connection with a product, article of merchandise, good, or service, this use shall not be exempt under this subdivision, notwithstanding the unprotected use's inclusion in a work otherwise exempt under this subdivision, if the claimant proves that this use is so directly connected with a product, article of merchandise, good, or service as to constitute an act of advertising, selling, or soliciting purchases of that product, article of merchandise, good, or service by the deceased personality without prior consent from the person or persons specified in subdivision (c).

(b) The rights recognized under this section are property rights, freely transferable or descendible, in whole or in part, by contract or by means of any trust or any other testamentary instrument, executed before or after January 1, 1985. The rights recognized under this section shall be deemed to have existed at the time of death of any deceased personality who died prior to January 1, 1985, and, except as provided in subdivision (o), shall vest in the persons entitled to these property rights under the testamentary instrument of the deceased personality effective as of the date of his or her death. In the absence of an express transfer in a testamentary instrument of the deceased personality's rights in his or her name, voice, signature, photograph, or likeness, a provision in the testamentary instrument that provides for the disposition of the residue of the deceased personality's assets shall be effective to transfer the rights recognized under this section in accordance with the terms of that provision. The rights established by this section shall also be freely transferable or descendible by contract, trust, or any other testamentary instrument by any subsequent owner of the deceased personality's rights as recognized by this section. Nothing in this section shall be construed to render invalid or unenforceable any contract entered into by a deceased personality during his or her lifetime by which the deceased personality assigned the rights, in whole or in part, to use his or her name, voice, signature, photograph or likeness, regardless of whether the contract was

entered into before or after January 1, 1985.

(c) The consent required by this section shall be exercisable by the person or persons to whom the right of consent, or portion thereof, has been transferred in accordance with subdivision (b), or if no transfer has occurred, then by the person or persons to whom the right of consent, or portion thereof, has passed in accordance with subdivision (d).

(d) Subject to subdivisions (b) and (c), after the death of any person, the rights under this section shall belong to the following person or persons and may be exercised, on behalf of and for the benefit of all of those persons, by those persons who, in the aggregate, are entitled to more than a one-half interest in the rights:

(1) The entire interest in those rights belong to the surviving spouse of the deceased personality unless there are any surviving children or grandchildren of the deceased personality, in which case one-half of the entire interest in those rights belong to the surviving spouse.

(2) The entire interest in those rights belong to the surviving children of the deceased personality and to the surviving children of any dead child of the deceased personality unless the deceased personality has a surviving spouse, in which case the ownership of a one-half interest in rights is divided among the surviving children and grandchildren.

(3) If there is no surviving spouse, and no surviving children or grandchildren, then the entire interest in those rights belong to the surviving parent or parents of the deceased personality.

(4) The rights of the deceased personality's children and grandchildren are in all cases divided among them and exercisable in the manner provided in Section 240 of the Probate Code according to the number of the deceased personality's children represented. The share of the children of a dead child of a deceased personality can be exercised only by the action of a majority of them.

(e) If any deceased personality does not transfer his or her rights under this section by contract, or by means of a trust or testamentary instrument, and there are no surviving persons as described in subdivision (d), then the rights set forth in subdivision (a) shall terminate.

(f) (1) A successor in interest to the rights of a deceased personality under this section or a licensee thereof may not recover damages for a use prohibited by this section that occurs before the successor in interest or licensee registers a claim of the rights under paragraph (2).

(2) Any person claiming to be a successor in interest to the rights of a deceased personality under this section or a licensee thereof may register that claim with the Secretary of State on a form prescribed by the Secretary of State and upon payment of a fee as set forth in subdivision (d) of Section 12195 of the Government Code. The form shall be verified and shall include the name and date of death of the deceased personality, the name and address of the claimant, the basis of the claim, and the rights claimed.

(3) Upon receipt and after filing of any document under this section, the Secretary of State shall post the document along with the entire registry of persons claiming to be a successor in interest to the rights of a deceased personality or a registered licensee under this section upon the World Wide Web, also known as the Internet. The Secretary of State may microfilm or reproduce by other techniques any of the filings or documents and destroy the original filing or document. The microfilm or other reproduction of any document under the provisions of this section shall be admissible in

any court of law. The microfilm or other reproduction of any document may be destroyed by the Secretary of State 70 years after the death of the personality named therein.

(4) Claims registered under this subdivision shall be public records.

(g) No action shall be brought under this section by reason of any use of a deceased personality's name, voice, signature, photograph, or likeness occurring after the expiration of 70 years after the death of the deceased personality.

(h) As used in this section, "deceased personality" means any natural person whose name, voice, signature, photograph, or likeness has commercial value at the time of his or her death, whether or not during the lifetime of that natural person the person used his or her name, voice, signature, photograph, or likeness on or in products, merchandise or goods, or for purposes of advertising or selling, or solicitation of purchase of, products, merchandise, goods, or services. A "deceased personality" shall include, without limitation, any such natural person who has died within 70 years prior to January 1, 1985.

(i) As used in this section, "photograph" means any photograph or photographic reproduction, still or moving, or any video tape or live television transmission, of any person, such that the deceased personality is readily identifiable. A deceased personality shall be deemed to be readily identifiable from a photograph when one who views the photograph with the naked eye can reasonably determine who the person depicted in the photograph is.

(j) For purposes of this section, a use of a name, voice, signature, photograph, or likeness in connection with any news, public affairs, or sports broadcast or account, or any political campaign, shall not constitute a use for which consent is required under subdivision (a).

(k) The use of a name, voice, signature, photograph, or likeness in a commercial medium shall not constitute a use for which consent is required under subdivision (a) solely because the material containing the use is commercially sponsored or contains paid advertising. Rather, it shall be a question of fact whether or not the use of the deceased personality's name, voice, signature, photograph, or likeness was so directly connected with the commercial sponsorship or with the paid advertising as to constitute a use for which consent is required under subdivision (a).

(l) Nothing in this section shall apply to the owners or employees of any medium used for advertising, including, but not limited to, newspapers, magazines, radio and television networks and stations, cable television systems, billboards, and transit ads, by whom any advertisement or solicitation in violation of this section is published or disseminated, unless it is established that the owners or employees had knowledge of the unauthorized use of the deceased personality's name, voice, signature, photograph, or likeness as prohibited by this section.

(m) The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

(n) This section shall apply to the adjudication of liability and the imposition of any damages or other remedies in cases in which the liability, damages, and other remedies arise from acts occurring directly in this state. For purposes of this section, acts giving rise to liability shall be limited to the use, on or in products, merchandise, goods, or services, or the advertising or selling, or soliciting purchases of, products, merchandise, goods, or services prohibited by this section.

(o) Notwithstanding any provision of this section to the contrary,

if an action was taken prior to May 1, 2007, to exercise rights
recognized under this section relating to a deceased personality who
died prior to January 1, 1985, by a person described in subdivision
(d), other than a person who was disinherited by the deceased
personality in a testamentary instrument, and the exercise of those
rights was not challenged successfully in a court action by a person
described in subdivision (b), that exercise shall not be affected by
subdivision (b). In such a case, the rights that would otherwise vest
in one or more persons described in subdivision (b) shall vest
solely in the person or persons described in subdivision (d), other
than a person disinherited by the deceased personality in a
testamentary instrument, for all future purposes.
   (p) The rights recognized by this section are expressly made
retroactive, including to those deceased personalities who died
before January 1, 1985.
   SEC. 2.  It is the intent of the Legislature to abrogate the
summary judgment orders entered in The Milton H. Greene Archives,
Inc. v. CMG Worldwide, Inc., United States District Court, Central
District of California, Case No. CV 05-2200 MMM (MCx), filed May 14,
2007, and in Shaw Family Archives Ltd. v. CMG Worldwide, Inc., United
States District Court, Southern District of New York, Case No. 05
Civ. 3939 (CM), dated May 2, 2007.

EX. Q

NOV-01-2007 21:54 FROM:                                    TO:212 805 0383          P.2/5

# MEMO ENDORSED

## LAW OFFICES OF CHRISTOPHER SERBAGI

ATTORNEYS AT LAW

488 MADISON AVENUE

SUITE 1120

NEW YORK, NEW YORK 10022

(212) 593-2112

FACSIMILE: (212) 308-8582

c.serbagi@att.net

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

November 1, 2007

Via Federal Express
Hon. Mark D. Fox
United States Courthouse
300 Quarropas St., Room 434
White Plains, NY 10601

Re:  Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al., Index. No. 05 CV 3939

Dear Judge Fox:

I am counsel for the Plaintiffs in the above-entitled litigation. I write in response to Defendants'

fourth request to extend discovery, which has already been extended twice.[1]

Plaintiffs would ordinarily consent to the instant request, but Defendants' request is unwarranted

and highly unjustified, because (i) Plaintiffs have just withdrawn six of the nine causes of action in their

Second Amended Complaint, which means the documents they said they needed are no longer relevant to

this case; (ii) Defendants have had since Plaintiffs filed their Second Amended Complaint on August 8,

2007 to conduct discovery on Plaintiffs' remaining three claims and Defendants sole remaining claim, but

have failed to do so; (iii) it was Defendants' choice to replace former (and extremely able) counsel

immediately before the close of discovery; (iv) Defendants have repeatedly declined to produce their

deponents for noticed depositions and have failed to respond to some discovery; and (v) most

significantly, Defendants are trying to extend this case while they simultaneously lobby to enact New

York right of publicity legislation that, they would argue, retroactively applies to hold the Plaintiffs

---

[1] Ms. Colbath's statement to this Court that "we have made no prior requests for extension of the discovery
deadline" is misleading, because the issue is always whether the parties have made requests, not the particular
attorney they choose to employ. The parties joined in two requests. The Defendants made one request to extend
discovery independently, which Judge McMahon denied outright. Defendants failure to properly identify these facts
as well as the dates of the requests and the Court's response violated the Court's Individual Practices.

NOV-01-2007 21:54 FROM:                                                     TO:212 805 0383          P.3/5

# CHRISTOPHER SERBAGI, ESQ.

liable.[2] This case is coming up on three years old. The claims against the Plaintiffs, all senior citizens, were unfounded to begin with, as Judge McMahon acknowledged when she held that Defendants' main argument in support of its right of publicity claim "borders on the absurd." The Court should decline Defendants the opportunity to prolong this case, which would only work a further financial hardship on Plaintiffs and provide Defendants another opportunity to continue this litigation while they simultaneously push for New York legislation they will argue holds these elderly citizens liable for millions of dollars.

To briefly respond to Ms. Colbath's highly personalized letter, Plaintiffs never "agreed" to an adjournment. We were negotiating the issue and it was Ms. Colbath that changed the terms of the initial agreement and threatened to assert yet more claims against the Plaintiffs (as counterclaims) if we amended. As I explained to Ms. Colbath, the principal of my client SFA very sadly and suddenly passed away, which rendered the Plaintiffs' litigation positions very uncertain. Despite this sudden passing, Ms. Colbath refused to grant an extension of time to respond to Defendants' motion to dismiss. All this took place over a few days, so there is no prejudice or reasonable reliance on what Ms. Colbath apparently (and incorrectly) believed was Plaintiffs' position.

Finally, *Defendants recent discovery of purportedly new documents is no reason to extend discovery*. Loeb & Loeb can quickly review the new documents and take any discovery they need. If some document is particularly relevant, they can then petition the Court for relief. Without any indication that the new documents would materially impact the posture of this case, the Court should not subject the Plaintiffs to the costs of an additional three months of litigation, which only serves the Defendants' strategy to further delay while it seeks new legislation.

Very truly yours,

Christopher Serbagi

cc:  The Honorable Colleen McMahon (via facsimile)
     Paula Colbath, Esq. (via overnight mail)
     Ted Minch, Esq. (via overnight mail)

---

[2] On October 10, 2007, California enacted new right of publicity legislation. The same day, Defendants stated they would request that Judge Morrow reconsider her prior dismissal of the Defendants' right of publicity claim. Ex. A.

2

NOV-01-2007 21:54 FROM:                          TO:212 805 0383              P.1/5

# LAW OFFICES OF CHRISTOPHER SERBAGI

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Hon. Colleen McMahon<br>United States District Judge | FROM: Christopher Serbagi, Esq. |
| COMPANY | DATE: November 1, 2007 |
| FAX NUMBER: 212-805-6326 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER | SENDER'S REFERENCE NUMBER |
| RE: Letter attached | YOUR REFERENCE NUMBER: |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

488 MADISON AVENUE ↔ SUITE 1120 ↔ NEW YORK, NY 10022
(212) 593-2112 TELEPHONE  (212) 308-8582 FACSIMILE

# EX. R

┌─────────────────────────────┐
│ USDS SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____        │
│ DATE FILED: __10/2/07__     │
└─────────────────────────────┘

## LAW OFFICES OF CHRISTOPHER SERBAGI

### ATTORNEYS AT LAW

488 MADISON AVENUE
SUITE 1120
NEW YORK, NEW YORK 10022
(212) 593-2112
FACSIMILE: (212) 308-8582
c.serbagi@att.net

# MEMO ENDORSED                October 19, 2007

Via Facsimile
Honorable Colleen McMahon
United States District Court
300 Quarropas Street
White Plains, New York 10601

Re:  Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al.,
     Index. No. 05 CV 3939

Dear Judge McMahon:

I represent the Plaintiffs in the above-entitled matter. I write to respectfully request an additional and final two week extension of time to respond to Defendants' motion to dismiss the Second Amended Complaint. Defendant CMG has consented to this request. Counsel for MMLLC has denied Plaintiffs' request. If the Court grants this request, Plaintiffs' opposition will be due on November 6, 2007.

The reason for this most recent request is that the Plaintiffs are currently contemplating whether they want to pursue certain claims. This decision has been rendered significantly more difficult by the passing away of Plaintiffs' principal this morning. Bradford's general partner also recently passed away. We see to reason to burden the Court with the time associated with responding to Defendants' motion to dismiss unless the Plaintiffs plan to proceed with all the claims they have asserted. Plaintiffs need the additional two weeks to make this decision.

Defendant MMLLC has denied Plaintiffs' request for the additional extension because Plaintiffs have yet consented to the revised discovery schedule they proposed and MMLLC wants to have a global agreement regarding all the outstanding issues. Plaintiffs are not ready to make any immediate decisions in light of the passing of SFA's principal.

Defendants filed their motion to dismiss Plaintiffs' Second Amended Complaint on September 4, 2007. By letters dated September 13, 2007 and September 27, Plaintiffs requested an extension of time to respond to Defendants' motion to dismiss until October 2, 2007 and

CHRISTOPHER SERBAGI, ESQ.

October 23, 2007, respectively.  The Court granted both of Plaintiffs' request.  The Plaintiffs thank the Court for its attention to this matter.

Respectfully Submitted,

Christopher Serbagi

cc:  Paula K. Colbath, Esq. (via facsimile)
     Ted J. Minch (via facsimile)

2

# LAW OFFICES OF CHRISTOPHER SERBAGI

---

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Hon. Colleen McMahon United States District Judge | Christopher Serbagi, Esq. |

| COMPANY: | DATE: |
|---|---|
| | October 19, 2007 |

| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: |
|---|---|
| 212-805-6326 | 3 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| Letter attached | |

---

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

---

NOTES/COMMENTS: