EX. S

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,

                Plaintiffs,        :  Index No. O5 CV 3939 (CM)

      -against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

              Defendants.

-------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS THIRD SET OF INTERROGATORIES TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned

attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby

requests that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe,

LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth

below, fully respond to the following Interrogatories separately, in writing, within thirty days of

service.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any

Definition, Instruction, or Interrogatory.

    1)      The term "company" includes all predecessor, successor, subsidiary, parent and

affiliated entities.

    2)      The term "communication" or "communicating" refers to any transmission of

information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or

companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)    The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5)    "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6)    The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7)    The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

2

8)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

9)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11)    The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

12)    Each of the terms "all" and "each" shall be construed as both all and each.

13)    The term "any" means both any and all.

14)    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15)    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16)    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3

17)    The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

18)    The term "PTO" means the United States Patent and Trademark Office.

19)    The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al., Index. No. CV 05-2200 MMM, dated May 14, 2007.

## INSTRUCTIONS

1)    Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2)    In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3)    After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4)    Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

4

5)      If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

6)      In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

7)      Identify documents from Defendants' document production that are responsive to and/or relate to these Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

The detailed factual and legal basis for Count I in the Third Amended Complaint, including the basis for your claim to an injunction and the basis for your request that Plaintiffs obtain permission from Defendants to "conduct further activities inconsistent with the rights of their licensees." Include dates of any communications that you purport to have taken place between Defendants and others, the individuals who made those purported communications, and the nature of those purported communications, including but not limited to, the basis for your statement that Plaintiffs have refused to acknowledge that photographs have entered the public domain; the basis for and details surrounding your statements that Plaintiffs have communicated with Defendants' licensees that photographs have entered the public domain; the basis for your statement that Plaintiffs have actively discouraged Defendants' licensees and potential licensees form entering into relationships with Plaintiffs, and the basis for your assertion that Defendants have not made use of the purported Public Domain photographs but for Plaintiffs' representations.

### INTERROGATORY NO. 2:

The precise nature and amount of damage that Defendants claim to have suffered as a result of the allegations in Count I of Defendants' Third Amended Complaint. Include all legal theories of damages Defendants intend to assert and the basis for those legal theories.

**INTERROGATORY NO. 3:**

The legal basis for any position you may take contesting the Plaintiffs' right to attorney's fees under the Indiana Right to Publicity Statute, § 32-36-1-12 and/or any other applicable provision of that statute.

**INTERROGATORY NO. 4:**

The legal and factual basis for all your defenses to Counts 1-2 and 9 of Plaintiffs' Second Amended Complaint.

Dated:  November 1, 2007
New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _Christopher Serbagi_
Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiffs

6

EX. T

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH            :
MARCUS and META STEVENS,                     :
                                             :
                                             :
                            Plaintiffs,      :    Index No. O5 CV 3939 (CM)
                                             :
          -against-                          :
                                             :
CMG WORLDWIDE, INC., an Indiana Corporation  :
and MARILYN MONROE, LLC, a Delaware          :
Limited Liability Company,                   :
                                             :
                            Defendants.      :
                                             :
-------------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS' THIRD SET OF DOCUMENT REQUESTS TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned

attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby

request that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe,

LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth

below, produce all the documents and things described below, wherever located, that are in

Defendants' possession, custody, or control, or in the possession, custody, or control of their

agents, servants, employees, attorneys, accountants or other persons acting or purporting to act

on Defendants' behalf, at the Law Offices of Christopher Serbagi, 488 Madison Avenue, Suite

1120, New York, New York 10022, within thirty days or at such earlier time as may be ordered

by the Court. Defendants may produce true and correct copies of the requested documents rather

than originals.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Request for the Production of Documents.

1)    The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2)    The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)    The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5)    "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

2

6)    "Identify" (with respect to documents) means to provide, to the extent known, the type of document, its general subject matter, the date of the document, and its author(s), addressee(s) and recipient(s).

7)    The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

8)    The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

9)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

10)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

11)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

12)    The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

13)    Each of the terms "all" and "each" shall be construed as both all and each.

14)    The term "any" means both any and all.

3

15)  The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16)  The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

17)  The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

18)  The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

19)  The term "PTO" means the United States Patent and Trademark Office.

20)  The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al., Index. No. CV 05-2200 MMM, dated May 14, 2007.

## INSTRUCTIONS

1)  Unless otherwise noted, the time period covered by each request for documents is January 1, 1996, to present

2)  Each request for documents seeks production of documents in their entirety, without abbreviation, modification, or redaction, including all attachments and materials affixed thereto.

4

3)    Documents shall be produced in an order corresponding to each paragraph of this document request, or, in the alternative, they may be produced in the same order in which they are maintained in the usual course of business.

4)    Each defendant remains under a duty of supplement pursuant to Rule 26 with respect to each request.

5)    Each request for documents shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

6)    Each and every non-identical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

7)    A representation of inability to comply with a particular request shall state the specific reason for the inability to comply, including whether the particular document has never existed, has been destroyed; has been lost misplaced, or stolen or has never been, or is no longer, in your possession, custody, or control.  The statement shall set forth the same and address of any natural persons or organization known or believe by you to have possession, custody, or control of that document or category of documents.

8)    If only part of a request is objectionable, the response shall set forth clearly the extent of and the specific ground for the objection, and all other requested documents shall be produced.  If objection is based on a claim of privilege or other protection, for such document you must state:

        a)    the date of the document;

        b)    the request(s) to which the document is responsive;

        c)    the title and/or general subject matter of the writing;

5

d)    the person(s) to whom the document was addressed or copied; and

e)    the nature and basis of your claim of privilege or other reason that

the information is protected from discovery, sufficiently to determine

the validity of that claim in accordance with Fed. R Civ. P. 26(b)(5).

## **DOCUMENT REQUESTS**

Document Request No. 1

All documents relating to Count I of Defendants' Third Amended Complaint, including but not limited to, all documents that Defendants plan to use in support of their claims.

Document Request No. 2

All documents upon which Defendants may rely to demonstrate that they filed the Indiana Litigation (Index No. 1:05-cv-0423) and litigated the New York Litigation (05 Civ. 3939) in good faith.

Dated:  November 1, 2007
        New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____
    Christopher Serbagi (CS 7746)
    488 Madison Avenue, Suite 1120
    New York, New York 10022
    Tele: (212) 593-2112
    Fax: (212) 308-8582

Attorney for the Plaintiffs

6

# EX. U

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

SHAW FAMILY ARCHIVES, LTD., EDITH   :
MARCUS and META STEVENS

              Plaintiffs,          :

       -against-            :   05 Civ. 3939 (CM)

                  :   Honorable Colleen McMahon
CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC,  :
a Delaware Limited Liability Company,

           Defendants.    :

                  :
-------------------------------------------------------- X

## DEFENDANTS/CONSOLIDATED PLAINTIFFS' RESPONSES AND OBJECTIONS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS' THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant/Consolidated

Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG")

(collectively, "Defendants") hereby respond and object to Plaintiffs/Consolidated

Defendants' Third Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.     Defendants object to each Interrogatory insofar and to the extent that:  (a)

it seeks information subject to a claim of privilege, including but not limited to the

attorney-client privilege and/or attorney work product doctrine, common interest

privilege, or any other applicable privilege or doctrine; (b) it seeks information beyond

the scope of discovery provided for in Fed. R. Civ. P. 26 and the Local Civil Rules of the

United States District Court for the Southern District of New York (the "Local Rules");

(c) it seeks information that is not relevant to the claims or defenses at issue in this

litigation; (d) it seeks information that would be unduly burdensome to produce and/or information that cannot otherwise be more readily accessed by Plaintiffs through less intrusive and/or burdensome means; and/or (e) it seeks information not within the possession, custody or control of Defendants. The fact that Defendants do not specifically object to an individual Interrogatory on the aforementioned grounds is not intended to waive, and shall not be deemed a waiver of, any such objections, any and all of which are hereby expressly reserved.

2.      Defendants object to Plaintiffs' Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant and admissible evidence.

3.      Defendants object to Plaintiffs' Interrogatories to the extent they seek information relating to matters that are not raised in the pleadings, are not relevant to the claims or defenses of any party, relate only to allegations, claims or matters that have been dismissed, withdrawn, or otherwise no longer remain in this case, and/or, as such, are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to each Interrogatory (and to the "Definitions" and "Instructions" sections preceding the Interrogatories) to the extent they purport to impose duties exceeding those imposed by the Federal Rules of Civil Procedure or the Local Rules, including, but not limited to, Local Rules 26.3 and 33.3.

5.      Defendants object to the "Definitions" and "Instructions" sections preceding the Interrogatories as vague, ambiguous and overly broad.

6.      Defendants object to the Interrogatories as improper pursuant to Local Rules 33.3(b) and 33.3(c), and reserve the right to supplement these responses, as needed, at the close of discovery or after depositions have concluded.

7.      Defendants decision, now or in the future, to provide information notwithstanding the objectionable nature of any of the definitions or instructions, or the Interrogatories, should not be construed as: (i) an agreement that the material is relevant or admissible; (ii) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; or (iii) an agreement that Interrogatories seeking similar documents will be treated in a similar manner. All such defenses and objections are expressly preserved.

8.      Defendants are willing to meet and confer in order to properly narrow discovery.

9.      These responses are given without prejudice to Defendants' right to use or rely on at any time, including at trial, subsequently discovered facts and/or any information that may have been omitted from this response by inadvertence, oversight, or otherwise.

10.     These General objections are incorporated by reference into the responses set forth below. No specific response set forth below is intended to waive any of Defendants' objections.

11.     Defendants reserve the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1:

The detailed factual and legal basis for Count I in the Third Amended Complaint, including the basis for your claim to an injunction and the basis for your request that Plaintiffs obtain permission from Defendants to "conduct further activities inconsistent with the rights of their licensees." Include dates of any communications that you purport to have taken place between Defendants and others, the individuals who made those purported communications, and the nature of those purported communications, including but not limited to, the basis for your statement that Plaintiffs have refused to acknowledge that photographs have entered the public domain; the basis for and details surrounding your statements that Plaintiffs have communicated with Defendants' licensees that photographs have entered the public domain; the basis for your statement that Plaintiffs have actively discouraged Defendants' licensees and potential licensees form entering into relationships with Plaintiffs, and the basis for your assertion that Defendants have not made use of the purported Public Domain photographs but for Plaintiffs' representations.

### Response to Interrogatory Request No. 1:

Defendants hereby incorporate by reference their General Objections. Defendants further object to Plaintiffs' efforts to characterize as a single interrogatory what actually appears to be at least ten (10) Interrogatories.

Defendants object to the interrogatories listed under Interrogatory No. 1 to the extent that they seek information subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege. Defendants further object to the interrogatories listed under Interrogatory No. 1 as overly broad and unduly burdensome, and to the extent that they seek information that is already in Plaintiffs' possession, is equally available to Plaintiffs, and/or is obtainable from some other source that is more convenient, less burdensome or less expensive. Defendants also object to Interrogatory No. 1 because it is vague and ambiguous, and because it misstates the allegations in Defendants' Third Amended Complaint (for example, by incorrectly stating, among other

things, that Defendants have "request[ed] that Plaintiffs obtain permission from Defendants to 'conduct further activities inconsistent with the rights of their licensees,'" and that "Plaintiffs have actively discouraged Defendants' licensees . . . form [sic] entering into relationships with Plaintiffs"). Defendants further object to Interrogatory No. 1 to the extent that Plaintiffs have exceeded the maximum number of interrogatories allowed, including all discrete parts.

In addition, Defendants object to these interrogatories pursuant to Rule 33.3(b) of the Local Rules because they are not "a more practical method of obtaining the information sought than a request for production or a deposition." Defendants further object to these interrogatories as improper and premature contention interrogatories under Local Rule 33.3(c). If and to the extent responses are appropriate, Plaintiffs will supplement their response to the interrogatories listed under Interrogatory No. 1 after other discovery and depositions have concluded.

**Interrogatory No. 2:**

The precise nature and amount of damage that Defendants claim to have suffered as a result of the allegations in Count I of Defendants' Third Amended Complaint. Include all legal theories of damages Defendants intend to assert and the basis for those legal theories.

**Response to Interrogatory No. 2:**

Defendants hereby incorporate by reference their General Objections.

Defendants object to Interrogatory No. 2 to the extent that it seeks information subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege. Defendants further object to Interrogatory No. 2 as overly broad and unduly burdensome, vague and ambiguous, and seeking information that is not relevant to the claims and

defenses of any party and/or not reasonably calculated to lead to the discovery of relevant evidence.  Defendants further object to Interrogatory No. 2 to the extent that Plaintiffs have exceeded the maximum number of interrogatories allowed, including all discrete parts.

In addition, Defendants object to Interrogatory No. 2 pursuant to Rule 33.3(b) of the Local Rules because it is not "a more practical method of obtaining the information sought than a request for production or a deposition." Defendants further object to Interrogatory No. 2 as an improper and premature contention interrogatory under Local Rule 33.3(c). ).  If and to the extent further responses are appropriate, Plaintiffs will supplement their response to Interrogatory No. 2 after other discovery and depositions have concluded.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically reserve, Defendants respond as follows: Defendants do not seek money damages pursuant to Count 1 of Defendants' Third Amended Complaint, except for Plaintiffs' costs, including attorneys' fees, pursuant to the United States Copyright Act.

**Interrogatory No. 3:**

The legal basis for any position you may take contesting the Plaintiffs' right to attorney's fees under the Indiana Right to Publicity Statute, § 32-36-1-12 and/or any other applicable provision of that statute.

**Response to Interrogatory No. 3:**

Defendants hereby incorporate by reference their General Objections.

Defendants object to Interrogatory No. 3 to the extent that it seeks information subject to any applicable privilege or immunity including, but not limited to, the attorney-

client privilege, the attorney work product doctrine, and/or the common interest privilege. Defendants further object to Interrogatory No. 3 as overly broad and unduly burdensome, vague and ambiguous, and seeking information that is not relevant to the claims and defenses of any party and/or not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to Interrogatory No. 3 to the extent that Plaintiffs have exceeded the maximum number of interrogatories allowed, including all discrete parts.

**Interrogatory No. 4:**

The legal and factual basis for all your defenses to Counts 1-2 and 9 of Plaintiffs' Second Amended Complaint.

**Response to Interrogatory No. 4:**

Defendants hereby incorporate by reference their General Objections. Defendants further object to Plaintiffs' efforts to characterize as a single interrogatory what on its face constitutes at least three (3), and in fact constitutes many more, interrogatories.

Defendants object to Interrogatory No. 4 to the extent that it seeks information subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege. Defendants further object to Interrogatory No. 4 as overly broad and unduly burdensome, and vague and ambiguous. Defendants further object to Interrogatory No. 4 to the extent that Plaintiffs have exceeded the maximum number of interrogatories allowed, including all discrete parts.

In addition, Defendants object to Interrogatory No. 4 pursuant to Rule 33.3(b) of the Local Rules because it is not "a more practical method of obtaining the information

sought than a request for production or a deposition." Defendants further object to

Interrogatory No. 4 as an improper and premature contention interrogatory under Local

Rule 33.3(c). If and to the extent responses are appropriate, Plaintiffs will supplement

their response to Interrogatory No. 4 after other discovery and depositions have

concluded.

Dated: New York, New York
      December 4, 2007

                        LOEB & LOEB LLP

                        By: _____
                            Barry I. Slotnick (BS-9796)
                            Paula K. Colbath (PC-9895)
                            Jonathan Neil Strauss (JS-1090)
                            345 Park Avenue
                            New York, New York 10154-1895
                            (212) 407-4000

                            Attorneys for Defendant/Consolidated
                            Plaintiff Marilyn Monroe, LLC

                        SOVICH MINCH LLP

                        By: _____
                            Theodore J. Minch (Admitted *Pro
                            Hac Vice*)
                            10099 Chesapeake Drive, Suite 100
                            McCordsville, IN 46055
                            (317) 335-3601

                            Attorneys for Defendant/Consolidated
                            Plaintiff CMG Worldwide, Inc.

EX. V

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
SHAW FAMILY ARCHIVES, LTD., EDITH  :
MARCUS and META STEVENS
                                                     :
                    Plaintiffs,
                                                     :    05 Civ. 3939 (CM)
           -against-
                                                     :    Honorable Colleen McMahon
CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC,  :
a Delaware Limited Liability Company,      ·
                                                     :
                    Defendants.
                                                     :
---------------------------------------------------------- X

### DEFENDANTS/CONSOLIDATED PLAINTIFFS' RESPONSES AND OBJECTIONS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS' THIRD SET OF DOCUMENT REQUESTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Consolidated

Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG")

(collectively, "Defendants") hereby respond and object to Plaintiffs/Consolidated

Defendants' Third Set of Document Requests as follows:

### GENERAL OBJECTIONS

1.    Defendants object to Plaintiffs' demands for production to the extent they

are vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated

to lead to the discovery of relevant and admissible evidence.

2.    Defendants object to Plaintiffs' demands for production to the extent that

they purport to require the production of documents that are already in Plaintiffs'

possession, are public or are otherwise readily available from sources to which Plaintiffs

also have access.

3.     Defendants object to Plaintiffs' demands for production to the extent that they purport to require production of documents not in the Defendants' possession, custody or control.

4.     Defendants object to the instructions and definitions in Plaintiffs' demands for production to the extent they in any way deviate from or expand upon obligations, duties or requirements set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Civil Rules for the United States District Court for the Southern District of New York (the "Local Rules").

5.     Defendants object to the definitions in Plaintiffs' demands for production to the extent that they are used in such a way as to otherwise render Plaintiffs' demands vague, ambiguous, overbroad and/or not reasonably calculated to lead to the discovery of relevant and / or admissible evidence.

6.     Defendants object to Plaintiffs' demands for production to the extent they purport to require production of documents relating to allegations or matters that are not included in the Parties operative complaints, as amended and filed in this Case, or to the extent they purport to require production of documents relating to allegations, claims or matters that have been dismissed, withdrawn, or otherwise no longer remain in this Case.

7.     Defendants object to Plaintiffs' demands for production to the extent that they purport to require documents that are protected by the the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and / or any other applicable law, rule, privilege or immunity.

8.     Defendants object to Plaintiffs' demands for production to the extent that they violate, infringe, or interfere with Defendants' rights under the First, Fifth, and

Fourteenth Amendments to the United States Constitution and other state and federal protections of the rights to freedom of speech and to petition the government.

9.     In furnishing the objections herein, Defendants do not concede that any of Plaintiffs' demands for production, or any subpart thereof, is relevant to the claims or defenses as raised by the Parties in their amended complaints filed in this action.

10.     Any documents inadvertently disclosed to Plaintiffs shall not constitute a waiver of any privilege, any other doctrine against disclosure, or the right of Defendants to object to the use of any document inadvertently disclosed. Defendants reserve the right to demand that Plaintiffs return to them any information inadvertently disclosed without further recourse.

11.     Any documents disclosed to Plaintiffs shall not constitute a waiver of any right of Defendants to object to the use and/or ultimate admissibility of any such document duly produced to Plaintiffs by Defendants. As such, Defendants hereby expressly reserve the right to object, on whatever basis, to the use and/or ultimate admissibility of any document produced to Plaintiffs in this Case.

12.     Defendants object to Plaintiffs' demands for production to the extent that they seek trade secrets, proprietary information and/or confidential commercial information not relevant to, or necessary for, the adjudication of the issues remaining in this action.

13.     Defendants reserve the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

14.     In furnishing the responses herein, Defendants do not concede the truth of any factual assertion or implication contained in any of Plaintiffs' requests for production. Moreover, Defendants' responses and objections shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody or control.

15.     Each of the foregoing General Objections is incorporated in each of the Specific Responses and Objections regardless of whether they are specifically referenced therein. Subject to and without waiving the General Objections, Defendants respond as follows:

## SPECIFIC RESPONSES TO DOCUMENT REQUESTS

### Document Request No. 1:

All documents relating to Count I of Defendants' Third Amended Complaint, including but not limited to, all documents that Defendants plan to use in support of their claims.

### Response to Document Request No. 1:

Defendants object to this request on the basis that it lacks specificity, and is overbroad, vague, and ambiguous. Defendants further object to this Request to the extent that it calls for the production of documents that are already in Plaintiffs' possession, publicly available, equally available to Plaintiff, and/or are obtainable from some other source that is more convenient, less burdensome or less expensive. Defendants also object to this request to the extent that it improperly purports to require Defendants to identify, at this time, all documents that they "plan to use in support of their claims" – Defendants are still in the process of determining which documents they intend to use at trial in support of their claims, and at an appropriate time, in connection with a pre-trial

order, Defendants will identify the documents that they intend to use at trial, all of which will be produced, if not heretofore produced.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically preserve, Defendants will produce documents responsive to this request.

**Document Request No. 2:**

All documents upon which Defendants may rely to demonstrate that they filed the Indiana Litigation (Index No. 1:05-cv-0423) and litigated the New York Litigation (05 Civ. 3939) in good faith.

**Response to Document Request No. 2:**

Defendants object to this request on the grounds that it is seeks information that is not relevant to the claims or defenses of any party.

Dated: New York, New York
      December 4, 2007

LOEB & LOEB LLP

By: _____
Barry I. Slotnick (BS-9796)
Paula K. Colbath (PC-9895)
Jonathan Neil Strauss (JS-1090)
345 Park Avenue
New York, New York 10154-1895
(212) 407-4000

Attorneys for Defendant/Consolidated
Plaintiff Marilyn Monroe, LLC

SOVICH MINCH LLP

By: _____

Theodore J. Minch (Admitted *Pro Hac Vice*)
10099 Chesapeake Drive, Suite 100
McCordsville, IN 46055
(317) 335-3601

Attorneys for Defendant/Consolidated
Plaintiff CMG Worldwide, Inc.

6R9403.1

EX. W

**Subject: 2007_11_02_13_12_11.pdf**
**Date:** Friday, November 2, 2007 1:18 PM
**From:** Christopher Serbagi <c.serbagi@earthlink.net>
**To:** Paula Colbath <pcolbath@loeb.com>, "Ted J. Minch" <tjminch@sovichminch.com>
**Conversation:** 2007_11_02_13_12_11.pdf

Attached is the stipulation we discussed.  Please sign and send back to
me.

Christopher Serbagi

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x

SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS  :
and META STEVENS,

                                                 :  Index No. 05 CV 3939 (CM)

                              Plaintiffs,    :

                                                 :  **STIPULATION**

        -against-                      :

CMG WORLDWIDE, INC., an Indiana Corporation,  :
and MARILYN MONROE, LLC, a Delaware Limited  :
Liability Company,                               :

                              Defendants.    :

--------------------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 15(a) of the Federal

Rules of Civil Procedure, that the Plaintiffs hereby amend their Second Amended Complaint

dated August 8, 2007, by withdrawing the Third, Fourth, Fifth, Sixth, Seventh, and Eighth cause

of action.

IT IS HEREBY STIPULATED AND AGREED that signatures transmitted electronically

or via facsimile shall constitute original signatures for purposes of this Stipulation.

IT IS HEREBY STIPULATED AND AGREED that this Stipulation can be executed in

counterparts.