# EX. X

**Subject: FW: 2007_11_02_13_12_11.pdf**
**Date:** Monday, November 5, 2007 2:03 PM
**From:** Christopher Serbagi <c.serbagi@earthlink.net>
**To:** Paula Colbath <pcolbath@loeb.com>
**Cc:** Barry Slotnick <bslotnick@loeb.com>
**Conversation:** 2007_11_02_13_12_11.pdf

Paula:

Bary Slotnick agreed that Defendants would stipulate to letting us withdraw the 3-8 causes of action. Please send me the executed stipulation so I can file it with the Court. I know you said you were out on Friday, but I am re-sending it in case you did not receive it.

As you likely know by now, Judge McMahon extended the discovery deadline to the end of December. I assume you will contact Judge Fox to let him know that the conference on the 13th is no longer necessary.

I am going to want two days with Ms. Strasberg and two days for the 30(b)(6). Please provide dates in December. I suggest we discuss over the phone when you have a sense of her availability.

Also, as I mentioned to you today, there were 2 Julions auctions we know about. One on June 4, 2005 and one on June 16, 2007. Please provide us a list of items sold at those auctions and whether you produced those documents or not.

I await the Defendants' privilege log.


Best,

Christopher Serbagi


Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York  10022
Tele: 212-593-2112
Fax:  212-308-8582
Email: c.serbagi@earthlink.net
Web Site: www.serbagi.com



------ Forwarded Message
From: Christopher Serbagi <c.serbagi@earthlink.net>
Date: Fri, 02 Nov 2007 13:18:51 -0500
To: Paula Colbath <pcolbath@loeb.com>, "Ted J. Minch" <tjminch@sovichminch.com>
Conversation: 2007_11_02_13_12_11.pdf
Subject: 2007_11_02_13_12_11.pdf

Attached is the stipulation we discussed.  Please sign and send back to

me.

Christopher Serbagi

------ End of Forwarded Message

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS     :
and META STEVENS,
                                             :
                                             :  Index No. 05 CV 3939 (CM)
                              Plaintiffs,     :
                                             :  STIPULATION
          -against-                          :
                                             :
CMG WORLDWIDE, INC., an Indiana Corporation, :
and MARILYN MONROE, LLC, a Delaware Limited  :
Liability Company,                           :
                                             :
                              Defendants.     :
-----------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 15(a) of the Federal

Rules of Civil Procedure, that the Plaintiffs hereby amend their Second Amended Complaint

dated August 8, 2007, by withdrawing the Third, Fourth, Fifth, Sixth, Seventh, and Eighth causes

of action.

IT IS HEREBY STIPULATED AND AGREED that signatures transmitted electronically

or via facsimile shall constitute original signatures for purposes of this Stipulation.

IT IS HEREBY STIPULATED AND AGREED that this Stipulation can be executed in

counterparts.

# EX. Y

christopher serbagi                                    **Thu, Dec 13, 2007  12:50 PM**

**Subject: Re: Marilyn Monroe -- Stipulation**
**Date:** Thursday, November 8, 2007 3:55 PM
**From:** Christopher Serbagi <c.serbagi@earthlink.net>
**To:** Paula Colbath <pcolbath@loeb.com>
**Cc:** David Marcus <dmmlitigates@yahoo.com>
**Conversation:** Marilyn Monroe -- Stipulation

Paula:

The paragraph about your right to pursue fees/costs is fine.
Your comment that Plaintiffs would withdraw its claims "with prejudice" is
not acceptable.  Plaintiffs would want to reserve the right to bring these
claims in the future if they so desire.  If you are saying with prejudice
as to this litigation, that is fine. What do you intend to say?

Chris

On 11/7/07 5:31 PM, "Paula Colbath" <pcolbath@loeb.com> wrote:

>
> Chris and David:
>
> Attached are my proposed changes to the stipulation you recently sent
over.
> Please send me a revised draft at your earliest convenience.
>
> Paula
> CONFIDENTIALITY NOTICE:  This e-mail transmission, and any
> documents, files or previous e-mail messages attached to it may
> contain confidential information that is legally privileged.  If
> you are not the intended recipient, or a person responsible for
> delivering it to the intended recipient, you are hereby notified
> that any disclosure, copying, distribution or use of any of the
> information contained in or attached to this transmission is
> STRICTLY PROHIBITED.  If you have received this transmission in
> error, please immediately notify the sender.  Please destroy the
> original transmission and its attachments without reading or
> saving in any manner.  Thank you, Loeb & Loeb LLP.
>

EX. Z

**Subject: <no subject>**
**Date:** Friday, November 16, 2007 2:06 PM
**From:** Christopher Serbagi <c.serbagi@earthlink.net>
**To:** Paula Colbath <pcolbath@loeb.com>, "Ted J. Minch" <tjminch@sovichminch.com>

Paula/Ted:

A few important issues for you respective considerations:

In light of our withdrawing the 3-8 causes of action, please serve with me a revised 30(b)(6) notice for Bradford and Shaw.  I will do the same for your witnesses, as you requested.

We have not been able to serve Ms. Newcomb yet.  We will reschedule that one.  It might make sense to move it to December anyway in light settlement discussions.  I will let you know.  Don't you think it makes sense to move my clients depositions to December as well?  That is a big expense of time and money that may not be necessary and there would be no prejudice to moving it to December. Let me know.

When can we expect the new documents your firm obtained that are purportedly relevant to the domicile issue?

Paula:  My clients will not withdraw their claims with prejudice.  Are you unwilling to stipulate in the absence of my agreement that it is "with prejudice?"  Is that your final answer?

A good weekend to you both.

Best,

Christopher Serbagi


Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York  10022
Tele: 212-593-2112
Fax:  212-308-8582
Email: c.serbagi@earthlink.net
Web Site: www.serbagi.com

EX. aa

christopher serbagi                                              Sun, Dec 16, 2007  9:10 PM

**Subject: RE: Depositions**
**Date:** Tuesday, November 27, 2007 2:05 PM
**From:** Paula Colbath <pcolbath@loeb.com>
**To:** Christopher Serbagi <c.serbagi@earthlink.net>
**Cc:** Barry Slotnick <bslotnick@loeb.com>, "Ted J. Minch" <tjminch@sovichminch.com>
**Conversation:** Depositions


Chris:  Just a reminder that the due date for your clients'
responses/document production to Marilyn Monroe LLC's Second Set of
Interrogatories and Third Request for the Production of Documents is this
Thursday (November 29). Please have your responses/documents delivered to
us
as early in the day as possible, so we can complete our deposition
preparation.  Given the tight timetable imposed by Judge McMahon (as a
result
of your refusal to agree to a short adjustment of the discovery deadline),
we
will need to receive your documents/interrogatory responses on Thursday --
no
later.  We remain ready to go forward with the Shaw Rule 30(b)(6)
deposition
this Friday (11/30).  Please also give me available dates for the
depositions
of Meta Stevens, Edith Marcus, and the 30(b)(6) witness for Bradford
Licensing (also let me know who that will be).

With regard to Anna Strasberg's deposition she can be available in New
York
on December 20th.  Please let me know today whether that works for you, so
that she can adjust her plans accordingly.

Finally, we have yet to receive back from you an executed copy of the
stipulation withdrawing your third through eighth causes of action.
Please
send that to me today, as well.

Paula Colbath


Paula K. Colbath

Partner


  345 Park Avenue
  New York, NY  10154
  www.loeb.com

Direct 212.407.4905
Main 212.497.4000
Fax 212.937.3189
pcolbath@loeb.com

EX. bb

**christopher serbagi**                                        Sun, Dec 16, 2007  8:07 PM

**Subject: Re: Outstanding Discovery Disputes**
**Date:** Monday, December 3, 2007 6:56 PM
**From:** Christopher Serbagi <c.serbagi@earthlink.net>
**To:** Paula Colbath <pcolbath@loeb.com>
**Cc:** David Marcus <dmmlitigates@yahoo.com>
**Conversation:** Outstanding Discovery Disputes

Paula:  Please see my comments below about Plaintiffs' document production.   Is there
a reason you have not returned my email or phone call of today to discuss MMLLC's 30
(b)(6) deposition?  Plaintiffs are withdrawing their copyright infringement claim and we
will stipulate with prejudice.  Are you amenable to that stipulation?

Christopher Serbagi


Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York  10022
Tele: 212-593-2112
Fax:  212-308-8582
Email: c.serbagi@earthlink.net
Web Site: www.serbagi.com


On 12/3/07 5:18 PM, "Paula Colbath" <pcolbath@loeb.com> wrote:

> Chris,

> We received Plaintiffs' November 29th Responses and Objections to
> Defendants' Third Set of Document Requests, as well as a production of
> documents on November 30, 2007. Although we have not yet reviewed your
> document production in detail, pursuant to Magistrate Judge Fox's July 6,
> 2006 order, we write to raise several concerns with your responses and
> objections in an attempt to amicably resolve the dispute without Court
> intervention.

> Plaintiffs objected to each and every document request on grounds of
> privilege or work-product immunity. Defendants request that Plaintiffs
> produce a log of all documents withheld on the basis of privilege or work-
> product immunity so that we can properly evaluate those objections.

> 1. We will provide you a privilege log with any responsive privileged
> documents.  I do not believe we have any but I will double check.

In paragraph 14 of your responses and objections, "Plaintiffs "object[ed] to the production of any documents other than: (i) documents pertaining to Sam Shaw photographic images illustrated in the publications specifically referenced in paragraphs 23 and 25 of Defendants Third Amended Complaint; or (ii) documents pertaining to plaintiffs First, Second and Ninth Cause of Action set forth in their Second Amended Complaint and defendants affirmative defenses thereto." However, Defendants' requests are not limited to photographic images specifically referenced in paragraphs 23 and 25 of their Third Amended Complaint. (See, e.g., Request Nos. 1-10, 35-39). Indeed, the Third Amended Complaint itself alleges that other Shaw photographs have entered the public domain. (See, e.g., Paras. 24, 35). We therefore request that you respond fully to Defendants Third Set of Document Requests without artificially narrowing their scope.

2.  Defendants are not entitled to documents outside the scope of your specific claims.  The Third Amended Complaint states only that the Rizzoli and Ballantine books are in the public domain.  Your Prayer for Relief in the Third Amended Complaint seeks a declaration that only the Rizolli Works are in the public domain.  Defendants are not entitled to documents concerning any photograph they want when they have no basis to state that photograph is in the public domain.  Defendants have not specifically identified any other documents they believe are in the public domain.  You are not entitled to examine our entire collection.   We have produced all documents relevant to our remaining claim and your remaining claim.  This is a classic fishing expedition.

Plaintiffs objected to Document Request No. 6, which seeks "All communications with Marilyn Monroe concerning any of the Monroe/Shaw Photographs, including without limitation" certain sets of photographs. This is a specific and well defined request, not a "fishing expedition." In addition, it is clearly calculated to lead to the discovery of admissible evidence. Typically, when professional photographers take photos of models or celebrities in a set, the photographer has the subject sign a release or some other exchange of correspondence setting forth the nature of the relationship. Further, it is inconceivable that any correspondence which would be at least 45 years old could be subject to privilege or work product immunity. We therefore ask that you produce all documents responsive to this request.

3.  Same objection as #2 above.  Additionally, Defendants have no documents that are responsive to this request.

Plaintiffs objected to Document Request 15, which seeks "All agreements and/or assignments concerning the Flying Skirt Photographs, including but not limited to any and all correspondence and/or agreements with 20th Century Fox, Billy Wilder or any of the producers of 'The Seven Year Itch.'" This is also a straightforward request that is neither overbroad nor vague. It goes directly to the merits of Plaintiffs' claim of ownership of the copyrights to those photographs. In addition, there can be no privilege in an exchange of documents between Shaw and third parties. We therefore ask that you produce all documents responsive to this request.

4.  Same objection as #2.   You state that this goes to our claim of copyright infringement, but the photographs for which we claim infringement were taken after the film The Seven Year Itch and are not the subject of our infringement claim.

Plaintiffs objected to Document Request No. 33, which seeks "All documents relating to Marilyn Monroe's domicile," on the grounds that "it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition." Given the central role that Marilyn Monroe's domicile now plays in this litigation, and the rapidly approaching trial date, we fail to see how this straightforward request is objectionable on any of those grounds. We therefore ask that you produce all documents responsive to this request, and that you provide written confirmation that you have produced all documents responsive to this request (other than those properly included in a privilege log).

5.  We stated that we would produce responsive documents and we have produced what we have.

Today we received a complete copy of "Plaintiffs' November 30th Responses and Objections to Defendants' Second Set of Interrogatories."  Obviously, we have not had sufficient time to evaluate your responses and objections.

We are available to discuss these matters in an effort to resolve the dispute without further involvement of the court.

Yours,

Paula Colbath
CONFIDENTIALITY NOTICE:  This e-mail transmission, and any

documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify the sender. Please destroy the original transmission and its attachments without reading or saving in any manner. Thank you, Loeb & Loeb LLP.

EX. cc

LAW OFFICES OF CHRISTOPHER SERBAGI

ATTORNEYS AT LAW

488 MADISON AVENUE

SUITE 1120

NEW YORK, NEW YORK 10022

(212) 593-2112

FACSIMILE: (212) 308-8582

c.serbagi@att.net

December 6, 2007

Via Facsimile
Honorable Colleen McMahon
United States District Court
500 Pearl Street, Room 640
New York, New York 10007

     Re:  Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al.,
           Index. No. 05 CV 3939 (CM)

Dear Judge McMahon:

     I represent the Plaintiffs in the above-entitled action. Pursuant to the Court's Order dated November 29, 2007, the Plaintiffs respectfully respond as follows:

     First, the Plaintiffs intend to argue that the 1997 amendment (SB 771) to the California right of publicity statute is facially unconstitutional on, *inter alia*, due process grounds. The California statute is unconstitutionally retroactive because it attaches new legal consequences to events completed before its enactment and deprives private persons of vested property rights. Plaintiffs also will ask the Court to rule on certain issues of statutory construction. The Plaintiffs have retained a leading Constitutional scholar, Professor Marci Hamilton (former law clerk to Justice Sandra Day O'Conner) to serve as Plaintiffs' consultant, and possibly co-counsel in this litigation. We are available at the Court's convenience to set a briefing schedule, but we respectfully request until January 31, 2007 to submit our opening brief.

     Second, to facilitate the trial on the issue of Ms. Monroe's domicile, the Plaintiffs intend to file a summary judgment motion on the issue of whether the Defendants should be judicially and/or collaterally estopped from arguing that Ms. Monroe died anything but a New York domiciliary. The Court may recall that, despite what these Defendants now represent, their documents included a treasure trove of submissions that the Estate filed in the New York Surrogate's Court, California Superior Court, and Hawaii federal district court, where they repeatedly swore, under oath, that Marilyn Monroe died a New York domiciliary. Until this litigation, neither the Estate nor Ms. Strasberg ever argued that Ms. Monroe died a California domiciliary. The parties appeared before the Court on March 12, 2007 and the Court Ordered that the Plaintiffs submit a supplemental brief by March 26, 2007. The Plaintiffs (represented by two solo practitioners) had to rush through 60,000 documents and we were not provided with the opportunity to reply to the Defendants' opposition brief. Further, the Court never addressed

## CHRISTOPHER SERBAGI, ESQ.

whether judicial or collateral estoppel applies because it was not necessary to its May 2, 2007 Decision and Order. In light of the new California legislation, we would like to fully brief this issue. Accordingly, the Plaintiffs respectfully request until January 31, 2007 to submit a summary judgment brief on judicial and collateral estoppel in support of their Ninth Cause of Action. Plaintiffs will argue that these Defendants are precluded from arguing anything other than what they argued for the last forty-five years --- Ms. Monroe died a New York domiciliary.

Third, to further streamline this litigation, Plaintiffs hereby request that the Court withdraw their First and Second Causes of Action (the copyright claims) without prejudice. We will set forth the basis for this request in a short letter brief, where we will also ask the Court to reconsider its decision to dismiss Counts three through eight "with prejudice." Virtually no discovery was conducted on any of the counts that the Plaintiffs agreed to withdraw, no depositions taken, and the reason for the Plaintiffs' request is simply that they do not have the resources to litigate all these claims, especially since the recent passing of Larry Shaw, the Shaw Family principal. Plaintiffs brought these claims in good faith and we believe that Second Circuit case law supports a dismissal without prejudice. We will submit this letter brief by December 10, 2007.

So the Court is aware, the parties are engaging in significant discovery during the month of December, including 30(b)(6) depositions by each party. Plaintiffs are doing their utmost to streamline this litigation. We thank the Court for considering the foregoing issues.

Respectfully Submitted,

Christopher Serbagi

cc:     Paula Colbath, Esq.
        Ted Minch, Esq.

2

EX. dd



**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY 10154

Direct 212.407.4905
Main 212.407.4000
Fax 212.937.3189
pcolbath@loeb.com

Via Facsimile

December 11, 2007

Honorable Colleen McMahon
500 Pearl Street, Room 640
New York, New York 10007

Re:  Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et ano.
     Index No. 05 Civ. 3939 (CM)

Dear Judge McMahon:

We represent Defendant Marilyn Monroe, LLC ("MMLLC") and write (1) in opposition to Plaintiffs' December 10, 2007 letter application which, after over a year of discovery, seeks dismissal of Plaintiffs' First and Second Causes of Action (for copyright infringement) without prejudice, and (2) to request that the Court dismiss those claims with prejudice. Rather than "streamline" the case, Plaintiffs' application would prolong claims that Plaintiffs' counsel has already agreed to dismiss with prejudice, have already been the subject of discovery, and should be finally put to rest.

Plaintiffs' counsel agreed to dismiss Plaintiffs' copyright infringement claim with prejudice. See Ex. A., December 3, 2007 e-mail from Christopher Serbagi to Paula Colbath. That statement is binding on Plaintiffs. Following Mr. Serbagi's email, MMLLC ceased pursuing discovery of Plaintiffs' copyright claims. Plaintiffs' copyright claims should therefore be dismissed with prejudice on that basis alone.

Moreover, as Plaintiffs recognize, they must show that Defendants will not be prejudiced by voluntary dismissal. See D'Alto v. Dahon California, Inc., 100 F.3d 281, 283 (2d Cir. 1996) ("voluntary dismissal under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby'") (quoting Wakefield v. Northern Telecom. Inc., 769 F.2d 109, 114 (2d Cir. 1985)). Plaintiffs copyright claims were asserted in substantially the same form in their Amended Complaint, filed back on May 9, 2005,[1] and have now been pending for more than two-and-a-half years. Plaintiffs are grossly mistaken when they assert that there has been "virtually no discovery on Counts 1-8" during that time. To the contrary, MMLLC has spent tens of thousands of dollars and dozens of hours responding to Plaintiffs' discovery requests and interrogatories, which Plaintiffs now blithely seek to withdraw and then reassert in some future litigation. MMLLC would therefore be substantially prejudiced if Plaintiffs were allowed to withdraw their copyright claims without prejudice at the eleventh hour of this litigation.

The cases cited by Plaintiffs -- where little or no discovery took place -- are readily distinguishable, or actually support MMLLC's position. See Catanzano v. Wing, 277 F.3d 99,

---

[1] Plaintiffs' Second Amended Complaint merely added reference to two additional photographs and a conclusory claim for contributory copyright infringement with no new supporting facts.

Los Angeles   New York   Chicago   Nashville   www.loeb.com

A limited liability partnership including professional corporations



110 (2d Cir. 2001) (dismissing claim without prejudice where "although the litigation has gone on for years, this claim has thus far not been litigated and only halting discovery has taken place"); *The Stanley Works v. Alltrade, Inc.*, No. 02 Civ. 1468 (PCD), 2004 U.S. Dist. LEXIS 2833, at *6-10 (D. Conn. Feb. 23, 2004) (dismissing defendant's counterclaims without prejudice where defendant did not serve any written discovery and plaintiff would have conducted the same discovery absent the counterclaims because of the presence of other defendants; noting that plaintiff's summary judgment motion targeting the counterclaims had not yet been filed); *see also Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (affirming denial of motion to dismiss without prejudice where "The action had been pending for over four years, during which it was contested vigorously, if sporadically, and extensive discovery had taken place."); *Wakefield*, 769 F.2d at 114-15 (reversing district court's decision to dismiss without prejudice); *D'Alto*, 100 F.3d at 283-84 (remanding for further consideration; no discussion of amount of discovery).

Plaintiffs' letter application also seeks reconsideration of your Honor's November 29, 2007 Order dismissing Plaintiffs' Third through Eighth Causes of Action with prejudice. Pursuant to Your Honor's Individual Practices § 2.G., MMLLC does not respond to that portion of Plaintiffs' application. If the Court permits, MMLLC would submit a letter brief establishing that Defendants agreed to withdrawal of those claims on the express condition that they be dismissed with prejudice, and by identifying the substantial prejudice that would result to Defendants if Plaintiffs were allowed to reassert them in a subsequent litigation given the substantial discovery that has occurred with respect to those claims.

In short, MMLLC respectfully requests that the Court deny Plaintiffs' December 10, 2007 letter application seeking dismissal of Counts One and Two of Plaintiffs' Second Amended Complaint without prejudice, and dismiss those claims with prejudice.

Respectfully submitted,


Paula K. Colbath


cc:    Christopher Serbagi, Esq. (via email)
       Ted Minch, Esq. (via email)
       David Marcus, Esq. (via email)