UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS, :
and META STEVENS,                                                      :
                                                                                     :
                                                                                     :
                                        Plaintiffs,              :    Index No. O5 CV 3939 (CM)
                                                                                     :
                -against-                                            :
                                                                                     :
                                                                                     :
CMG WORLDWIDE, INC., an Indiana Corporation    :
and MARILYN MONROE, LLC, a Delaware              :
Limited Liability Company,                                      :
                                                                                     :
                                        Defendants.           :
                                                                                     :
-------------------------------------------------------------------X


**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO WITHDRAW
COUNTS 1-8 OF THEIR SECOND AMENDED COMPLAINT WITHOUT PREJUDICE**


LAW OFFICES OF CHRISTOPHER SERBAGI
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorneys for the Plainiffs

On the Brief:
Christopher Serbagi, Esq.
David Marcus, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………………………………………………ii

PRELIMINARY STATEMENT…………………………………………………………….................1

STATEMENT OF FACTS……………………………………………………………………………2

ARGUMENT…………………..…………….......…………………………………………….................7

    The Shaw Family Was Diligent in Bringing the Motion………………………………………8

    The Shaw Family Was Not Vexatious……...……………………………………………………10

    The Suit As To Counts 1-8 Has Not Progressed……………………………………………11

    There Would Be Little Duplicate Expense of Relitigation…………………………………14

    The Shaw Family's Explanation For Withdrawing Counts 1-8 Is Legally Adequate…………15

CONCLUSION…………………………………………………………………………………….............16

# TABLE OF AUTHORITIES

Page

CASES:

Banco Central de Paraguay v. Paraguay Humanitarian Foundation, Inc.,
    2006 U.S. Dist. LEXIS 87093 (S.D.N.Y. 2006)......................................7, 10, 13

Catanzano v. Wing,
    277 F.3d 99 (2d Cir. 2000).................................................................8, 13

D'Alto v. Dahon Cal. Inc.,
    100 F.3d 281 (2d Cir. 1996)..............................................................8, 14

Deere & Co. v. MTD Holdings Inc.,
    No. 00 Civ. 5936, 2004 U.S. Dist. LEXIS 11707 (S.D.N.Y. June 23, 2004)..............14

Grass v. Citibank, N.A.,
    90 F.R.D. 79 (S.D.N.Y. 1981)................................................................14

Jaskot v. Brown,
    167 F.R.D. 372 (S.D.N.Y. 1996)............................................................12

Jones v. Securities & Exchange Comm'n,
    298 U.S. 1, 80 L.Ed. 1015, 56 S. Ct. 654 (1936)...................................................14

Smith v. Empire of Am. Realty Credit Corp.,
No. 94 Civ. 0786, 1999 U.S. Dist. LEXIS 1444, (W.D.N.Y. Jan. 11, 1999).........................13

Tekula v. Suffolk County Cmty. Coll.,
    No. 02-CV 5145 (ADS), 2004 U.S. Dist. LEXIS 23735(E.D.N.Y. Nov. 24, 2004)........13

The Stanley Works v. Alltrade, Inc.,
    2004 U.S. Dist. LEXIS 2833 (D. CT. Feb. 23, 2004)...................................9, 11, 15

Thomas v. New York State Dep't of Correctional Services,
    No. 00 Civ. 7163 (NRB), 2004 WL 1871060 (S.D.N.Y. Aug. 20, 2004)....................12

United States v. Underwriters Ins. Co. v. United Pacific Assocs.,
    No. 05 Civ. 1012, 2006 U.S. Dist. LEXIS 49617 (E.D.N.Y. July 19, 2006).................13

Viada v. Osaka Health Spa, Inc.,
    458 F.Supp.2d 100 (S.D.N.Y. 2005)........................................................12

Wakefield v. N. Telecom, Inc.,
    769 F.2d 109 (2d Cir. 1985).................................................................7

<u>Zagano v. Fordham Univ.</u>,
     900 F.2d 12 (2d Cir. 1990)………...…………………………………………….....8

## <u>STATUTES</u>

Fed. R. Civ. P. 41(a)(2). …………………….………………………………………..….1, 7

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs Shaw Family Archives, Ltd., Meta Stevens, and Edith Marcus (the "Shaw Family"), respectfully submit this memorandum of law in support of their motion to withdraw Counts 1-8 of the Second Amended Complaint without prejudice.

## PRELIMINARY STATEMENT

The Shaw Family seeks to withdraw Counts 1-8 of the Second Amended Complaint because the recent passing of the Shaw Family and Bradford principals makes the prosecution of these claims practically and financially unfeasible. To obtain a dismissal with prejudice, the law in this Circuit requires that Defendants demonstrate that they suffered "substantial prejudice" by spending considerable resources preparing its defense of Counts 1-8 for trial. That cannot possibly be the case here.

Only three of the eight counts the Shaw Family seeks to withdraw were included in the prior complaint – six of the counts are entirely new and were filed only last August 2007, a little more than four months ago. The parties have focused their energies almost exclusively on the right of publicity issue and have conducted virtually no discovery directed at Counts 1-8. The Defendants objected to this limited paper discovery that the Shaw Family served concerning Counts 1-8. Not a single deposition has taken place in this case. The Defendants have not produced a single document directed at the claims Defendants now seek to dismiss, except for documents that were otherwise relevant to other pending claims. Defendants have not provided a substantive answer to a single interrogatory directed toward Counts 1-8, except a few sentences directed toward copyright Counts 1-2. Under the circumstances, Defendants' argument that they would suffer legally cognizable prejudice if the Court dismissed Counts 1-8 without prejudice is baseless.

Moreover, Defendants' recent successful efforts to convince the California legislature to specifically abrogate this Court's May 2, 2007 Decision and Order has <u>significantly altered</u> the posture of this case. Defendants who have already requested Judge Morrow to reconsider her decision in light of the new California legislation, put the issue of Ms. Monroe's postmortem right of publicity front and center once again. Coupled with the Defendants' ongoing efforts to pass the same unconstitutional legislation in New York, the Shaw Family had no choice but to withdraw Counts 1-8 and direct its energies and limited resources to the important task of re-addressing the same claim this Court already put to rest.

## STATEMENT OF FACTS

On March 23, 2005, Defendants sued the Shaw Family in the Southern District of Indiana. Declaration of Christopher Serbagi, dated December 14, 2007 ("Serbagi Decl.), at ¶ 2, Ex. A. The Complaint included allegations that the Shaw Family violated the Defendants' right of publicity and various criminal statutes. <u>Id.</u> Defendants subsequently amended their Indiana Complaint on June 7, 2005 and June 21, 2005 by adding three causes of action and an additional party. <u>Id.</u> at ¶ 3, Ex. B. The parties conducted no discovery during this time. <u>Id.</u>

On April 19, 2005, the Shaw Family filed the present action against Defendants in the Southern District of New York and sought a declaration that Defendants did not possess a right of publicity in Marilyn Monroe. <u>Id.</u> at ¶ 4, Ex. C. The Shaw Family also alleged that the Defendants committed copyright infringement. <u>Id.</u> at pp. 5-7. The Shaw Family amended its complaint on May 10, 2005, by adding a claim for tortious interference with contractual relations and tortious interference with prospective economic advantage. <u>Id.</u> at ¶ 5, Ex. D, pp. 11-13. Again, the parties took no discovery during this juncture. <u>Id.</u>

2

On May 27, 2005, the Shaw Family moved to dismiss the Indiana action based upon lack of personal jurisdiction, or in the alternative to transfer the action to the Southern District of New York. Id. at ¶ 6. On June 3, 2005, Defendants moved to dismiss, stay or transfer (to Indiana) the New York action. Id. On July 6, 2005, the Court stayed the proceedings pending resolution of the Shaw Family's motion to dismiss in Indiana. Id. On May 2, 2006, the court consolidated the Indiana action and New York actions. Id. at ¶ 7. On May 19, 2006, the Court held that the Shaw Family and Bradford Licensing Associates were subject to jurisdiction in Indiana. Id.

On May 29, 2006, the Court Ordered that discovery would close by October 27, 2006. Id. at ¶ 8. On August 2, 2006, and prior to the exchange of any discovery, the parties requested that the Court extend discovery to February 27, 2006 so that they could pursue mediation. Id. On August 3, 2006, the court endorsed the parties' request. Id.

On October 25, 2006, and prior to the exchange of any discovery whatsoever, the Defendants filed a motion for summary judgment on Count 2 of their Second Amended Complaint, seeking a ruling that the Shaw Family violated Defendants' purported right of publicity. Id. at ¶ 9. It was not until early November 2006 that the Shaw Family served Defendants with their first set of document demands. Id. at ¶ 10, Ex. E. Defendants' response to the Shaw Family's first set of document demands contained only general objections. Id. at ¶ 11, Ex. F. The Defendants did not timely produce a single document. The parties fully briefed their respective summary judgment briefs by January 16, 2007. Id. On or about February 14, 2007, the Defendants finally produced several disks containing approximately 65,000 pages of documents on separate tiff files. Id. at ¶ 12.

On or about March 19, 2007, Defendants served their response to the Shaw Family's first set of interrogatories. Id. at ¶ 13, Ex. G. Defendants failed to provide specific factual

3

responses to the Shaw Family's interrogatories except for Interrogatory 18, which pertained to Ms. Monroe's domicile. Id. The Court granted the Shaw Family's motion for partial summary judgment in its May 2, 2007 Decision and Order. Id.

In a telephonic conference held on May 29, 2007 before Magistrate Fox, the parties agreed to (i) extend discovery until November 31, 2007 and (ii) amend their respective pleadings by August 1, 2007. Id. at ¶ 14. The Shaw Family served their second set of interrogatories on July 10, 2007 and their second set of documents requests on July 16, 2007. Id. at ¶ 14, Exs. H and I. Again, Defendants responses to this discovery consisted entirely of boilerplate legalese and general denials. Id. at ¶ 14, Ex. J and Ex. K.

On August 8, 2007, the Shaw Family filed their Second Amended Complaint, which is currently before the Court. Id. at ¶ 15, Ex. L. The Second Amended Complaint added two declaratory judgment causes of action, a contributory copyright infringement claim, a Lanham Act Claim, a common law unfair competition claim, and a claim for unfair business practices. Id. On August 9, 2007, Defendants served the Shaw Family with their Third Amended Complaint, in which they withdrew Counts 1-8, and 10 and left only their request for a declaration that certain Shaw Family's copyrights are in the public domain. Id. at ¶ 16, Ex. M.

The Shaw Family intended to litigate all its claims. Declaration of Edith Marcus ("Marcus Decl.") at ¶ 4. On September 4, 2007, Defendants filed a motion to dismiss counts three through nine of the Shaw Family's Second Amended Complaint. Id. at ¶ 17. In a letter to the Court dated September 27, 2007, the Shaw Family's counsel requested permission to amend the Second Amended Complaint to withdraw counts three and four and to clarify the other causes of action in order to streamline the issues. Id. at ¶ 17, Ex. N. Defendants initially agreed to permit a further amendment, but subsequently added the condition that Defendants also be

permitted to file another amended complaint. Id. at ¶ 18, Ex. O. The Shaw Family refused to allow Defendants permission to amend their complaint for a fourth time and the parties did not reach an agreement allowing the Shaw Family to amend their complaint. Id.

On October 10, 2007, Governor Arnold Schwarzenegger signed SB 771 into law. Id. at ¶ 19, Ex. P. SB 771 is an amendment to Cal. Civ. Code. § 3344.1 which expressly abrogated this Court's May 2, 2007 Decision and Order. Id. This amendment purports to make the publicity rights recognized by the statute expressly retroactive and, as such, would cover deceased personalities who died prior to January 1, 1985. Id. The enactment of the California legislation requires the Shaw Family to re-direct its efforts to the issue of whether the State of California can belatedly bestow publicity rights on a dead person despite well established probate law and vested property rights. Id.

During a telephonic status conference with Magistrate Fox on October 12, 2007, Defendants requested a three month extension of discovery. Id. at ¶20. The Shaw Family objected on a number of grounds. Id. at ¶ 20, Ex. Q. On November 5, 2007, the Court Ordered that discovery would be extended for one month, closing on December 31, 2007. Id.

On October 19, 2007, the Shaw Family's principal, Larry Shaw, passed away. Id. at ¶ 21. The remaining owners of the Shaw Family lacked as much knowledge as Mr. Shaw of the facts supporting Counts 1-8 and lacked the financial support to prosecute them. Marcus. Decl. at ¶ 5. By letter dated October 19, 2007, the Shaw Family informed the Court that Larry Shaw passed that morning and that it was considering withdrawing certain claims as a result. Id. at ¶ 21, Ex. R. The principal of Bradford also recently passed away on August 2, 2007. Id. These events significantly complicated the efficient litigation of the Shaw Family's claims because Mr. Shaw

had planned to finance this aspect of the litigation and he possessed some of the information that would be helpful to prosecute those claims.  Id. at ¶ 21 and Marcus Decl. at ¶ 5.

On November 1, 2007, the Shaw Family served its third set of interrogatories and document requests.  Serbagi Decl. at ¶ 22, Exs. S and T.  Again, Defendants refused to provide any meaningful responses. Id. at ¶ 22, Exs. U and V.

In late October 2007, the Shaw Family informed Defendants that they would withdraw Counts 3-8 of the Second Amended Complaint.  Id. at ¶ 23.  On or about November 1, 2007, Defendants' counsel verbally agreed to allow the Shaw Family to withdraw these claims.  Id. The Shaw Family sent the Defendants a stipulation to withdraw Counts 3-8 on November 2, 2007.  Id. at ¶ 23, Ex. W.  On November 5, 2007, the Shaw Family's counsel sent an electronic communication confirming Defendants' agreement to permit the Shaw Family to withdraw Counts 3-8.  Id. at 23, Ex. X.

On November 7, 2007, Defendants insisted that the Shaw Family dismiss Counts 3-8 "with prejudice."  Id. at ¶ 24, Ex. Y.  The Shaw Family's counsel refused to withdraw the Shaw Family's claims "with prejudice."  Id.  On November 16, 2007, the Shaw Family again inquired whether Defendants would stipulate to a "without prejudice" dismissal.  Id. at ¶ 25, Ex. Z. Defendants did not respond, except to inquire on November 27, 2008 whether the Shaw Family would send a stipulation withdrawing the Shaw Family's claims "with prejudice."  Id. at ¶ 25, Ex. aa.  After some further telephone conversations on the issue, it became clear that Defendants would not alter their position.  Id.

On December 3, 2007, the Shaw Family offered to withdraw Counts 1-2 with prejudice. Id. at ¶ 26, Ex. bb.  However, on December 6, 2007, before Defendants responded to that offer, the Shaw Family requested the Court to dismiss those claims "without prejudice."  Id. at ¶ 27,

Ex. cc. By letter to the Court dated December 11, 2007, the Defendants objected to the dismissal of those claims "without prejudice" and argued that the Shaw Family's December 3, 2007 offer to stipulate to withdraw Counts 1-2 (the copyright claims) "with prejudice" is binding because the Defendants briefly ceased pursuing discovery on those claims. Id. at ¶ 28, Ex. dd.

The parties have taken no depositions to date and the parties have conducted virtually no discovery directed at Counts 1-8. Id. at ¶ 29. Defendants have answered virtually no interrogatories directed to Counts 3-8 and provided the most cursory response possible as to Counts 1-2. Id. Defendants have produced no documents specifically directed at Counts 1-8 that were not otherwise relevant to Defendants' right of publicity claims and claims that Defendants asserted against the Shaw Family in their first and second amended complaints. Id. There were significant periods of time where the parties conducted no discovery, such as the eleven months between the time when Defendants first filed on the action in Indiana and its first production of documents in February 2007. Id.

## ARGUMENT

Rule 41(a)(2) provides that the Court may permit a party to withdraw claims upon terms and conditions that it deems proper. Fed. R. Civ. P. 41(a)(2). A dismissals pursuant to Rule 41(a)(2) is within the district court's discretion and will only be reviewed for an abuse of discretion. Banco Central de Paraguay v. Paraguay Humanitarian Foundation, Inc., No. 01 Civ. 9649 (JFK), 2006 U.S. Dist. LEXIS 87093 (S.D.N.Y. Nov. 29, 2006). "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." Id. at *6 (citations omitted) (emphasis added); Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2000) (citing Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114

(2d Cir. 1985)); <u>D'Alto v. Dahon Cal. Inc.</u>, 100 F.3d 281, 283 (2d Cir. 1996); <u>Zagano v. Fordham Univ.</u>, 900 F.2d 12, 14 (2d Cir. 1990).

In <u>Zagano</u>, the Second Circuit enumerated five factors that a court should consider in determining whether a defendant will suffer legal prejudice, including (i) the moving party's diligence in bringing the motion; (ii) any "undue vexatiousness" on the movant's part; (iii) the extent to which the suit has progressed, including the opposing party's effort and expense in preparation for trial; (iii) the duplicative expense of relitigation; and (iv) the adequacy of the movant's explanation for the need to dismiss. <u>Id</u>. "Starting a litigation all over again does not constitute legal prejudice." <u>Catanzano</u>, 277 F.3d at 110. For all the reasons set forth herein, the Shaw Family satisfies each of the <u>Zagano</u> factors.

## The Shaw Family Was Diligent in Bringing the Motion

The Shaw Family exercised due diligence in bringing this motion. The Shaw Family filed its Second Amended Complaint on August 8, 2007. Serbagi Decl, at ¶ 15, Ex. L. Defendants filed a motion to dismiss on September 4, 2007. <u>Id.</u> at ¶ 17. By letter to the Court dated October 19, 2007, Plaintiffs announced that the Shaw Family's principal passed that morning and that it was considering withdrawing certain claims. <u>Id.</u> at ¶ 21, Ex. R. The principal of Bradford also recently passed away. <u>Id.</u> at ¶ 21. These untimely deaths significantly complicated the efficient litigation of Plaintiffs' claims because Mr. Shaw had planned to finance this aspect of the litigation and possessed some of the information that would be helpful to prosecute those claims. <u>Id.</u> Moreover, <u>at the Defendants' behest</u>, the State of California passed new right of publicity legislation on October 10, 2007, which purports to explicitly abrogate this Court's May 2, 2007 Decision and Order. <u>Id.</u> at ¶ 19. Ex. P. The new legislation requires the

Shaw Family to re-direct its efforts to the issue of whether the State of California can bestow publicity rights on a dead person despite well established probate law and vested property rights.

As a result of these developments, we requested Defendants' stipulation in early November to dismiss Counts 3-8 and they agreed without condition. Id. at ¶ 23. However, on November 7, 2007, Defendants' counsel now insisted that the Shaw Family dismiss Counts 3-8 "with prejudice." Id. at ¶ 24, Ex. Y. On November 16, 2007, the Shaw Family asked Defendants to reconsider their position and stipulate to a "without prejudice" dismissal. Id. at ¶ 25, Ex. Z. Defendants' counsel did not respond, except to inquire on November 27, 2008 whether the Shaw Family would prepare a stipulation withdrawing its claims with prejudice. Id. at ¶ 25, Ex. aa. After some further telephone conversations on the issue, it became clear that Defendants would not alter their position. Id.

By seeking Defendants' consent to a "without prejudice" dismissal promptly after the enactment of the California right of publicity legislation and Mr. Shaw's death, Plaintiffs exercised reasonable diligence under the law. The Stanley Works v. Alltrade, Inc., 2004 U.S. Dist. LEXIS 2833, * 5 (D. CT. Feb. 23, 2004) (granting motion to dismiss "without prejudice" raised after the close of discovery on grounds that the moving party sought to streamline the litigation).

In its December 11, 2007 letter to the Court (Id. at ¶ 28, Ex. dd), Defendants argue that the Shaw Family's December 3, 2007 offer (Id. at ¶ 26, Ex. bb) to withdraw Counts 1-2 (the copyright claims) "with prejudice" is binding, notwithstanding that Defendants never accepted that offer, which the Shaw Family expressly withdrew in its December 6, 2007 letter to the Court. Id. at ¶ 27, Ex. cc. Defendants cite no authority in support of their position that a mere offer is binding when it is withdrawn before being accepted. Defendants relied on a promissory

estoppel theory predicated on their allegedly having "ceased pursuing discovery of Plaintiffs' copyright claims" based on the Shaw Family's offer. Id. at ¶¶ 28, Ex. dd. Obviously, there can be no conceivable detriment or prejudice in ceasing discovery on claims that the Shaw Family has already agreed to dismiss. If anything, the Defendants' admission that it has not conducted discovery on counts 1-2 further supports the Shaw Family's position that there is no legally cognizable prejudice.

### The Shaw Family Was Not Vexatious

There is no evidence whatsoever that the Shaw Family acted without justification, in bad faith, or to harass Defendants. Marcus Decl., at ¶¶ 4, 5-6. The Shaw Family intended to pursue every claim it asserted in the Second Amended Complaint. Id. at ¶ 4. The Shaw Family seek to withdraw those claims only because of the passing of Larry Shaw and Bradford's principal Len Reiter, as well as the pressing need to address the new California legislation. Id. at ¶¶ 5-6. These events caused the Shaw Family to focus all its efforts on the legal issues that threaten their ability to continue to exhibit the Sam Shaw photographs of Marilyn Monroe, namely whether or not Marilyn Monroe has a postmortem right of publicity.

Moreover, it recently became clear to the Shaw Family that Defendants want to prolong this litigation for as long as possible, so that that they can simultaneously lobby the New York Legislature to pass legislation like the California legislation that would also purportedly nullify the Court's May 2, 2007 Decision and Order and, purportedly, retroactively hold the Shaw Family liable for acts that were legal when they occurred. Defendants would undoubtedly file a motion for this Court to reconsider its prior ruling, as they have now done in California. The culmination of these events caused the Shaw Family to streamline this litigation and seek to achieve a prompt judicial resolution. Banco Central de Paraguay *2006 U.S. Dist. LEXIS at *14

(decision to "get case over with so that it can force principal Defendants to appeal" does not constitute ill motive given that its primary objective has been accomplished); <u>Stanley Works,</u> 2004 U.S. Dist LEXIS 2833, at * 5 (holding that the failure to conduct extensive discovery does not support a conclusion of vexatious behavior). For all the foregoing reasons, the Shaw Family was diligent in bringing this motion.

<u>**The Suit As To Counts 1-8 Has Not Progressed**</u>

This case may be two and a half years old, but only counts 1, and 4-5 were included in the prior Complaint.[1] The parties conducted virtually no discovery on those claims. The Shaw Family filed Counts 2-3 and 6-8 only this past August. The Defendants have produced virtually no discovery in response to the Shaw Family's paper discovery directed at Counts 1-8. Serbagi Decl, at ¶ 30. In fact, not a single deposition has occurred in this case directed to any claim.[2] <u>Id.</u> The Defendants have answered no interrogatories directed to counts 3-8 and provided the most cursory response possible as to Counts 1-2. <u>Id.</u> There have been no documents produced for these claims that were not otherwise relevant to the right of publicity claims and the claims that Defendant asserted against the Shaw Family in its four complaints. <u>Id.</u>

This case began on March 23, 2005. <u>Id.</u> at ¶ 2. It was not until early November 2006, <u>a year and a half later</u>, that the Shaw Family served its first discovery in the case. <u>Id.</u> at ¶ 10. Even then, it took Defendants until February 14, 2007 to produce any documents. <u>Id.</u> at ¶ 12. Subsequent to the Court's May 2, 2007 Decision and Order, there were significant periods of time where the case was dormant. <u>Id.</u> at ¶¶ 6-9,30. During that time, the parties sought and

---

[1] Count 1 was significantly revised in August 2007 from the prior complaint.

[2] The parties have agreed to commence depositions the week of December 17, 2007, but only as to Count I of the Defendants' Third Amended Complaint and Count 9 of the Shaw Family's Second Amended Complaint.

achieved several extensions of discovery deadlines because everyone was hopeful that the dispute could be amicably resolved. Id. at ¶¶ 8,14. See Thomas v. New York State Dep't of Correctional Services, No. 00 Civ. 7163 (NRB), 2004 WL 1871060 (S.D.N.Y. Aug. 20, 2004) (granting motion to dismiss four year old action without prejudice on grounds that the bulk of the case was devoted to subsidiary issue of whether the plaintiffs exhausted their administrative remedies). As is plainly evident from Defendants' discovery responses, Defendants have refused to provide any serious substantive responses to the interrogatories the Shaw Family served as to Counts 1-8. Id. at ¶¶ 11-14, 22, 29.

While it is true that Defendants filed a motion to dismiss as to Counts 3-9, that is hardly evidence that they have been substantially prejudiced or that they have expended significant resources preparing their defense of those claims for trial. In Jaskot v. Brown, 167 F.R.D. 372, 374 (S.D.N.Y. 1996), the court granted the plaintiff's request to dismiss its case against the Secretary of Veterans Affairs even though discovery was closed for six months and the Defendant filed a motion to dismiss the complaint. The Jaskot court recognized that much of the delay in the case was caused by settlement discussions and repeated extensions of time to file motions, as is also the case here. Id. See Viada v. Osaka Health Spa, Inc., 458 F.Supp.2d 100, 103 (S.D.N.Y. 2005) (dismissing claims without prejudice because "the pace at which the parties' pretrial discovery activities has progressed has been slowed by amended pleadings, withdrawals from the action by defense counsel and the poor health of two defendants"). The present case is virtually identical. Here, as in Viada, there have been numerous amendments of the pleadings, replacement of counsel, and poor health of the Shaw Family's principals, all of which has delayed the progress of the case. Id. at ¶¶ 2-5, 15-16, 20-21. Given Defendants' insertion of the new California legislation in this case and the looming threat of the passage of a

12

nearly identical piece of legislation by the New York Legislature, there are even more compelling reasons for dismissing Counts 1-8 without prejudice than there were in <u>Viada</u>.

Defendants simply cannot show that they have expended great expense in preparing to litigate the claims that the Shaw Family seeks to dismiss. In <u>Banco Central de Paraguay</u>, discovery was closed and the suit progressed past the summary judgment stage, but the court nevertheless dismissed the remaining claims without prejudice on grounds that the Defendants were not able to show that they spent significant resources in discovery <u>and preparing for trial</u>. *2006 U.S. Dist. LEXIS at *14; <u>United States v. Underwriters Ins. Co. v. United Pacific Assocs.</u>, No. 05 Civ. 1012, 2006 U.S. Dist. LEXIS 49617 , *7-*8 (E.D.N.Y. July 19, 2006) (granting motion to dismiss with prejudice where "there is no evidence that Sandoval has made any significant effort and expense in preparation for trial"); <u>Smith v. Empire of Am. Realty Credit Corp.</u>, No. 94 Civ. 0786, 1999 U.S. Dist. LEXIS 1444, at *6 (W.D.N.Y. Jan. 11, 1999) (finding no prejudice where "the defendants have not committed great effort or expense in anticipation of a trial" and "next to nothing has taken place in more than a year"); <u>Tekula v. Suffolk County Cmty. Coll.</u>, No. 02-CV 5145 (ADS), 2004 U.S. Dist. LEXIS 23735, at *5 (E.D.N.Y. Nov. 24, 2004) (granting voluntary dismissal without prejudice pursuant to Rule 41(a)(2) and stating that "[a]lthough the action is over two years old and the Plaintiff has failed to comply with discovery requests, the suit has not progressed to the point where the Defendants have expended efforts and expense in preparation for trial"). In <u>Catanzano</u>, the parties conducted minimal discovery on the pertinent claims, as is the case here. There, the Second Circuit held that the district court abused its discretion by declining to dismiss the plaintiff's claim without prejudice because it had "been litigated to such a limited extent" and the plaintiff brought the motion to facilitate an end to the litigation, as is the case here. <u>Catanzano</u>, 277 F.3d at 110.

The facts of the present case are distinguishable from the typical case where courts dismiss claims with prejudice. In those cases, the request for dismissal is usually sought on the eve of trial after significant discovery had been conducted on the withdrawn claims. Deere & Co. v. MTD Holdings Inc., No. 00 Civ. 5936, 2004 U.S. Dist. LEXIS 11707, at *6 (S.D.N.Y. June 23, 2004) (finding prejudice where in preparation for trial on the claims that the plaintiff sought to dismiss, "there have been numerous depositions taken (sixty-two according to MTD), thousands of documents have been produced by both parties, numerous motions have been filed and disposed of and MTD has incurred more than 6 million dollars in legal fees"); see Grass v. Citibank, N.A., 90 F.R.D. 79, 80 (S.D.N.Y. 1981) (motion to dismiss with prejudice granted where claim had been fully litigated). Here, virtually all the time and fees the parties have expended, which have been significant, were directed to the right of publicity claim, which continues to be the case.

What little time, money, and effort Defendants have expended on preparing Counts 3-8 for trial simply cannot rise to the level necessary to support a finding of legal prejudice sufficient to warrant dismissal with prejudice.

## There Would Be Little Duplicate Expense of Relitigation

The United States Supreme Court has long ago held that starting a litigation all over again does not constitute legal prejudice. Jones v. Securities & Exchange Comm'n, 298 U.S. 1, 19, 80 L.Ed. 1015, 56 S. Ct. 654 (1936) ("The general rule is settled for federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter."); D'alto, 100 F.3d at *5-*6. If at some time the Shaw Family asserts the same or similar claims in another lawsuit, the little work that the Defendants have completed here

regarding Counts 1-8 will not be wasted. Defendants cannot demonstrate that having to defend themselves against such claims in a different lawsuit would be more difficult. <u>Stanley Works</u>, 2004 U.S. Dist LEXIS 2833, at *5.

### The Shaw Family's Explanation For Withdrawing Counts 1-8 Is Legally Adequate

The following factors led to the Shaw Family's decision to withdraw counts 1-8: (i) the principals of the Shaw Family and Bradford passed away, which rendered the efficient litigation of Counts 1-8 financially and technically unfeasible; (ii) the Defendant's desire to prolong this litigation while they simultaneously seek to eviscerate the Court's May 2, 2007 Decision and Order via new legislation; (iii) Defendants' successful lobbying efforts that lead to the enactment of the California legislation that purports to abrogate this Court's decision, causing the Shaw Family to focus on the dismissed right of publicity claim (iv) the Shaw Family's desire to streamline the litigation and thereby save time, expense, and judicial resources in order to more quickly and efficiently reach a judicial resolution of the central issues in this case. <u>See</u> Marcus Decl., at ¶¶ 5-6. Serbagi Decl., at ¶ 21.

Finally, the Shaw Family and their attorneys stand firmly behind the merit of all the claims in the Second Amended Complaint and seeks a dismissal without prejudice so as to maintain the right to assert them in the future. To preclude the Shaw Family the opportunity to assert Counts 1-8 in the future would provide these Defendants a significant windfall they do not deserve under the present facts.

## CONCLUSION

For all the foregoing reasons, the Shaw Family respectfully requests that the Court grant

their motion to withdraw Counts 1-8 without prejudice.  There is no conceivable prejudice, much

less the substantial prejudice the law requires.  The parties have devoted virtually no resources to

Counts 1-8, Defendants cannot claim that they worked to prepare those claims for trial, and

Defendants themselves chose to significantly complicate this litigation by asking the California

legislature to abrogate this Court's well reasoned May 2, 2007 Decision and Order.

Dated:  New York, New York
         December 16, 2007

                              Respectfully Submitted,


                         By: _____

                              Christopher Serbagi, Esq.
                              David Marcus, Esq.
                              Law Offices of Christopher Serbagi
                              488 Madison Avenue, Suite 1120
                              New York, New York  10022
                              Tele: (212) 593-2112
                              Fax:  (212) 308-8582
                              Attorneys for Defendants/Consolidated Plaintiffs
                              Shaw Family Archives, Edith Shaw, and Meta
                              Stevens

16