DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS,
and META STEVENS,

                          Plaintiffs,          :Index No. 05
CV 3939(CM)

    -against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

                          Defendants.
-----------------------------------------------------------------x

## DECLARATION OF EDITH MARCUS

STATE OF NEW YORK   )
                           ) ss:
COUNTY OF NEW YORK )

    I, EDITH MARCUS, affirm the following facts under penalty of perjury:

1. My name is Edith Marcus. I have personal knowledge of the matters stated in herein.

2. I am the archivist and one of the owners of Shaw Family Archives, Ltd. ("SFA"). SFA is in the business of licensing images taken by my father, Sam Shaw, and my brother, Larry Shaw. During the mid to late-1950's, my father took thousands of photographs of Marilyn Monroe, many of which are licensed by SFA through Bradford Licensing Associates.

3. SFA is owned by myself, my sister Meta Stevens and my sister-in-law Susan Shaw; all senior citizens.

4. All the causes of action set forth in plaintiffs' Second Amended Complaint were meritorious. The Defendants' actions include licensing our copyrighted images without permission, threatening our licensees with lawsuits, and claiming to own a non-existent right of publicity in Marilyn Monroe. Defendants acts have caused significant financial damage to SFA. Furthermore, CMG Worldwide, LLC continues to claim publicity rights in Marilyn Monroe and has threatened SFA's licensees in South Korea with legal action based on frivolous trademark claims. (See Exhibit A).

5. Len Reiter, president of Bradford Licensing Associates, died on August 2, 2007. Larry Shaw died on October 19, 2007 at a pivotal time in this litigation. Larry Shaw and Len Reiter were knowledgeable about most of the facts needed to prosecute claims 1-8, and Larry had promised to fund that part of the litigation from his personal finances. Now that Larry is gone, we were simply unable to litigate those claims. Thus, SFA had no alternative but to agree to withdraw claims 1-8 due to severe financial restraints, the deaths of Larry Shaw and Len Reiter, and a desire to reach final judgment as soon as possible.

6. The passage of the new California legislation in October 2007 and Defendants recent request that Judge Morrow reconsider her May 14, 2007 Order has caused us to focus on the issues of Ms. Monroe's domicile and the constitutionality of the California legislation. As soon as the family came to a final agreement to withdraw Counts 1-8, we immediately notified the Court.

7. Therefore, we respectfully request that this court exercise its discretion and permit Plaintiffs to withdraw claims 1-8 without prejudice.

I hereby declare under penalty of perjury that the following is true and correct.

Dated: Tappan, New York
December 15, 2007

_____
EDITH MARCUS