# EX. G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., BRADFORD
LICENSING, INC., JAMES E. DOUGHERTY, and
VALHALLA PRODUCTIONS, LLC.

                                   Plaintiffs,      :  Index No. O5 CV 3939 (CM)

-against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

                                  Defendants.

------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS FIRST SET OF INTERROGATORIES TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe, LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth below, fully respond to the following Interrogatories separately, in writing, within thirty days of service.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Interrogatory.

1)     The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2)     The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among

individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)      The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)      "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind.  A draft or non-identical copy is a separate document within the meaning of this term.

5)      "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6)      The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7)      The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and

2

Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

8) The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

9) The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10) The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11) The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

12) Each of the terms "all" and "each" shall be construed as both all and each.

13) The term "any" means both any and all.

14) The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15) The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16) The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the

3

scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## **INSTRUCTIONS**

1)      Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2)      In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3)      After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4)      Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response.  If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

5)      If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

4

6)      In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State all facts concerning your public display or licensing of any of the Monroe/Shaw Photographs without the authorization, consent, involvement, or participation of Plaintiffs.

### INTERROGATORY NO. 2:

Identify all persons or entities with knowledge or information concerning your response to interrogatory No. 1.

### INTERROGATORY NO. 3:

Identify any piece of litigation, aside from the instant litigation, between you and any other person concerning your purported rights in Marilyn Monroe's name or likeness.

### INTERROGATORY NO. 4:

State the specific nature of damages to you that you claim is the result of the Plaintiffs' conduct, separately for each Plaintiff, including but not limited to (a) the date on which such damages occurred; (b) the amount of such damages; and (c) the proximate cause of such damages.

### INTERROGATORY NO. 5:

Identify any person or entity that has an ownership interest in you, including their percentage of ownership.

### INTERROGATORY NO. 6:

For each Plaintiff, state all facts regarding any instance where you stated to anyone that said Plaintiff does not own or have the right to license the Monroe/Shaw Photographs.

**INTERROGATORY NO. 7:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of laches.


**INTERROGATORY NO. 8:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of estoppel.

**INTERROGATORY NO. 9:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of unclean hands.

**INTERROGATORY NO. 10:**

State all facts concerning your affirmative defense that Plaintiffs' failed to mitigate their damages.

**INTERROGATORY NO. 11:**

State all facts concerning your affirmative defense that Plaintiffs' claims have lapsed, expired, cancelled or were otherwise terminated.

**INTERROGATORY NO. 12:**

State all facts concerning your affirmative defense that Plaintiffs' claims are either partially or wholly diminished by the doctrine of set off.

**INTERROGATORY NO. 13:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**INTERROGATORY NO. 14:**

State all facts concerning your affirmative defense that Anna Strasberg and/or MMLLC purportedly own the rights to one or more of the photographs at issue in this litigation

## INTERROGATORY NO. 15:

For each Plaintiff, state all facts concerning your affirmative defense that said Plaintiff 's alleged copyrights either never existed or have since lapsed, expired, cancelled or were otherwise terminated.

## INTERROGATORY NO. 16:

State all facts concerning any communications you have had with (i) Plaintiffs' third party licensees and (ii) any other party regarding the licensing or use for commercial purposes of the Monroe/Shaw Photographs. These communications include, but are not limited to, instances where you represented that any third party does not need permission from Plaintiffs to use the Monroe/Shaw Photographs.

## INTERROGATORY NO. 17:

Identify all persons or entities with knowledge or information concerning your response of Interrogatory No. 16.

## INTERROGATORY NO. 18:

State all facts concerning your claim that Marilyn Monroe died a domiciliary of California.

## INTERROGATORY NO. 19:

State all facts concerning your allegation that Plaintiffs infringed your alleged right of publicity in the State of Indiana or any other state. Your answer to this interrogatory should include, but is not limited to, an explanation of why you believe that SFA violated any right of publicity you believe you have where SFA only licensed the copyright to the Monroe/Shaw Photographs.

7

## INTERROGATORY NO. 20:

State all facts concerning your allegation that Marilyn Monroe's publicity rights passed to Lee Strasberg and the residuary beneficiaries of her will, who passed them to MMLLC.

Dated:  February 1, 2007
        New York, New York

                    LAW OFFICES OF CHRISTOPHER SERBAGI

                    By: _____
                        Christopher Serbagi (CS 7746)
                        488 Madison Avenue, Suite 1120
                        New York, New York 10022
                        Tele: (212) 593-2112
                        Fax: (212) 308-8582

                        Attorney for the Plaintiffs

This Exhibit is covered by a protective order and was intentionally not filed through ECF.  A copy of this exhibit will be filed through ECF under seal.

# Ex. H

# EX. I

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                 :

CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC,
a Delaware Limited Liability Company,

          Plaintiffs,

      -against-

BRADFORD LICENSING ASSOCIATES and THE
SHAW FAMILY ARCHIVES, Ltd., a New York
Corporation,

         Defendants.

------------------------------------------------------------x

                         05 Civ. 3939 (CM)
                         06 Civ. 2619 (CM)
    (formerly No. 1:05-cv-0423-DFH-WTL)

          **THIRD AMENDED
          COMPLAINT**

      Plaintiffs CMG Worldwide, Inc. ("CMG"), and Marilyn Monroe, LLC ("MMLLC"),

by counsel, and for their Complaint for declaratory relief against defendants Bradford

Licensing Associates ("Bradford") and Shaw Family Archives, Ltd. ("Shaw" and, together

with Bradford, "Defendants"), allege as follows:

<u>**NATURE OF THE ACTION**</u>

      1.    Plaintiffs brought this action on or about March 23, 2005 to halt Defendants'

unauthorized exploitation of Plaintiffs' valuable intellectual property rights related to the

iconic Marilyn Monroe, one of the most popular, glamorous, and attractive public

personalities in the world.

      2.    Plaintiffs' prior complaints in this action alleged, among other things, that

Defendants were violating the Plaintiffs' rights in and to Marilyn Monroe's rights of publicity

(Count 2 of Second Amended Complaint), and Plaintiffs sought a declaration of Plaintiffs' rights of publicity related to Marilyn Monroe (Count 1 of Second Amended Complaint).

3.     On or about May 2, 2007, this Court issued an order (the "May 2 Order") granting Defendants' motion for summary judgment on Count 2 of Plaintiffs' Second Amended Complaint. The May 2 Order dismissed Plaintiffs' right of publicity claim and implicitly rendered moot Plaintiffs' claim for a declaration regarding Plaintiffs' right of publicity. Defendants intend to appeal the May 2 Order and Plaintiffs incorporate by reference, as if fully set forth herein, Counts 1 and 2 of the Second Amended Complaint to the extent such incorporation is necessary to preserve the appeal and to try Counts 1 and 2 should the May 2 Order be reversed.

4.     On information and belief, both prior to and since the issuance of the May 2 Order, Defendants have granted to third-parties licenses to exploit photographs allegedly owned by Defendants bearing Marilyn Monroe's image. On information and belief, however, certain of the photographs that Defendants purport to license to third parties are in the public domain and can be freely used by such licensees without Defendants' consent. Defendants have refused to recognize that certain photographs of Marilyn Monroe allegedly owned and controlled by Defendants are in the public domain and Defendants have asserted that Plaintiffs are prohibited from using such photographs without Defendants' consent. But for Defendants' false claims of ownership of copyrights in and to photographs of Marilyn Monroe that have, on information and belief, entered the public domain, Plaintiffs would seek to utilize such public domain photographs commercially in connection with goods and services that are officially authorized and/or licensed by Plaintiffs.

5.    On information and belief, Defendants' licensing of and attempts to license images of Marilyn Monroe that are in the public domain injure Plaintiffs by causing confusion in the marketplace for licenses to utilize photographs of Marilyn Monroe, and by affecting the overall demand for licenses to create and market products that incorporate Marilyn Monroe's image.

6.    Accordingly, Plaintiffs respectfully request that this Court award declaratory relief to establish that Defendants have no right to license or interfere with the use of photographs of Marilyn Monroe that have entered the public domain.

## PARTIES

7.    Plaintiff CMG is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana.

8.    Plaintiff MMLLC is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business through CMG, its exclusive licensing and business representative.

9.    Upon information and belief, Defendant Bradford is a business entity organized and existing pursuant to the laws of the State of New Jersey.

10.   Upon information and belief, Defendant Shaw is a business entity organized and existing pursuant to the laws of the State of New York.

## JURISDICTION AND VENUE

11.   This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2

12.    This Court has personal jurisdiction over Defendants based on Defendants' decision to move the United States District Court for the Southern District of Indiana to transfer this action to this Court, and because Defendants reside in the State of New York.

13.    Venue in the United States District Court for the Southern District of Indiana was proper pursuant to 28 U S.C. §§ 1391(b) and 28 U.S.C. § 1400.  Venue has been placed in this judicial district pursuant to the Order of the United States District Court for the Southern District of Indiana in this matter dated March 23, 2005.

## PLAINTIFFS' BUSINESS AND RIGHTS

14.    For the past several decades, MMLLC has exercised various statutory and common law rights of publicity and other rights related to Marilyn Monroe.  Until the issuance of this Court's May 2 Order, MMLLC has always understood and believed that it was the lawful owner of these publicity rights.

15.    CMG has been granted the exclusive right to exploit the rights of publicity owned and controlled by MMLLC.

16.    Over the last twenty-five (25) years, CMG has been in the business of representing certain famous individuals or the heirs, families, estates, or business enterprises of famous individuals ("CMG Clients") for the purpose of licensing to third parties the right to commercially utilize the intellectual property rights belonging to these famous individuals and/or their heirs, families, estates, or business enterprises.  Typically, CMG represents such individuals or entities exclusively and, accordingly, there can be no entity other than CMG with the authority to represent, in a licensing context, the intellectual property rights of the CMG Clients.  Through CMG's various efforts to manage and exploit the intellectual property

3

rights of its clients, CMG generates income for its clients and operating revenue for itself.

CMG's various methods for promoting and pursuing commercial opportunities on behalf of

the CMG Clients have been honed, stylized, and refined by experience and success in the

industry over the past two and a half decades. As such, CMG, as well as its clients, have

developed considerable goodwill with companies such as well-known advertising agencies

and prestigious manufacturers throughout the world with whom CMG maintains close contact

and conducts regular and ongoing business.

17.    MMLLC and CMG have invested considerable time, energy, and financial

resources over the span of many years in pursuing opportunities that will promote the

popularity of Ms. Monroe with the consuming public, and in developing critical and lucrative

business relationships with licensees and business partners.

## DEFENDANTS' ACTIVITIES

18.    Upon information and belief, Shaw has within its possession certain

photographs of Marilyn Monroe taken by Sam Shaw (hereinafter "Monroe/Shaw

Photographs").

19.    Shaw, either directly or through its agents or representatives, is in the business

of licensing the Monroe/Shaw Photographs for use on or in connection with products or

services that are offered, marketed, and advertised to the public.

20.    Bradford is in the business of offering, marketing, and advertising to the

public, licensing services featuring various consumer brands and properties. Upon

information and belief, Bradford's business and commercial endeavors include activities

conducted on behalf of Shaw.

4

21.    Upon information and belief, Bradford represents certain third parties, including Shaw, who allegedly own certain copyright interests in photographs of Marilyn Monroe, including the Monroe/Shaw Photographs.

22.    Shaw has asserted, either by itself or through Bradford, that it possesses valid and enforceable copyrights, pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*, in each and every photograph that constitutes the Monroe/Shaw Photographs and *The Shaw Limited Edition Marilyn/Norma Jeane Collection* (hereinafter the "Shaw Collection").

23.    In 1999, the United States District Court for the Southern District of New York ruled, in the case of *Shaw v. Rizzoli Int'l Publ'ns, Inc.*, No. 96 Civ. 4259 (JFK) (S.D.N.Y.), that certain photographs that comprise the Monroe/Shaw Photographs and/or the Shaw Collection and that were published in a book entitled *Marilyn Monroe. The Life. The Myth.* (the "*Rizzoli* Works") have entered the public domain. In that case, the Honorable John G. Koeltl ruled that the copyrights in the *Rizzoli* Works "expired," and such photographs entered the public domain when "no renewals were obtained with respect to" them.

24.    Upon information and belief, there exist photographs other than the *Rizzoli* Works that comprise the Monroe/Shaw Photographs and/or the Shaw Collection that were published prior to January 1, 1964, and for which copyright renewals were not obtained during the final year of the initial 28-year copyright term for such works. Accordingly, upon information and belief, such other photographs have similarly entered the public domain.

25.    For example, in 1955, Ballantine Books published a book entitled *Marilyn Monroe as The Girl*, featuring over 100 photographs of Marilyn Monroe that were taken by Sam Shaw. Upon information and belief, Mr. Shaw registered his copyright in this work with

5

the Library of Congress in 1955, under registration number A193450, but failed to renew such

copyright during the final year of the initial 28-year copyright term for such work or at any

time. As a result, the copyright for this work expired in 1983, and photographs contained in

this work fell into the public domain.

26.    Further, on information and belief, other photographs that comprise the

Monroe/Shaw Photographs and/or the Shaw Collection were initially published without

copyright notice prior to March 1, 1989, when notice was required under the United States

Copyright Act, and these photographs also have entered the public domain.

27.    As a result, many of the photographs that comprise the Monroe/Shaw

Photographs and/or the Shaw Collection have entered the public domain (collectively, the

"Public Domain Monroe/Shaw Photographs").

## COUNT I:

### (DECLARATION AS TO SHAW'S COPYRIGHTS IN SHAW COLLECTION)

28.    Plaintiffs repeat and reallege each and every allegation in the foregoing

paragraphs as if fully set forth herein.

29.    Defendants have refused to acknowledge that any of the works that comprise

the Monroe/Shaw Photographs and/or the Shaw Collection have entered the public domain.

30.    On information and belief, Shaw and/or Bradford have communicated to

licensees, potential licensees, business partners, and/or potential business partners that such

licensees, potential licensees, business partners, and/or potential business partners require the

prior permission and consent from Shaw and/or Bradford prior to utilizing the Public Domain

Monroe/Shaw Photographs.

6

31.    On information and belief, Defendants have actively discouraged licensees, potential licensees, business partners, and/or potential business partners from entering into any relationship with Plaintiffs in connection with products or services that feature certain Public Domain Monroe/Shaw Photographs.

32.    On information and belief, Plaintiffs have been and continue to be injured by Defendants' conduct in inducing or attempting to induce Plaintiffs' licensees, potential licensees, business partners, and potential business partners to forgo entering into any relationship with Plaintiffs and to instead obtain unnecessary licenses from Defendants to use Public Domain Monroe/Shaw Photographs.

33.    Were it not for Defendants' false claims to ownership in the Public Domain Monroe/Shaw Photographs, Plaintiffs would seek to make use of the Public Domain Monroe/Shaw Photographs either by themselves or through licensees and/or business partners.

34.    As a result of Defendants' conduct as alleged herein, Defendants have created a case of actual controversy within the jurisdiction of this Court such that this Court may declare the status of the rights and other legal relations of the parties to this litigation pursuant to 28 U.S.C. § 2201 that, in addition to the *Rizzoli* Works which already have been found to be in the public domain, Shaw does not possess valid and enforceable copyrights in those photographs that comprise the Monroe/Shaw Photographs and/or the Shaw Collection that were either:  (a) published prior to January 1, 1964, where no copyright renewals were obtained during the final year of the initial 28-year copyright term for such photographs; or (b) published prior to March 1, 1989, without the requisite copyright notice.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief in the following particulars:

A.    Enter a Declaratory Judgment, pursuant to 28 U S.C. § 2201, and to declare

therein:

      i.    That, in addition to the *Rizzoli* Works, Defendants do not possess valid and enforceable copyrights in those photographs that comprise the Monroe/Shaw Photographs and/or the Shaw Collection that were either: (a) published prior to January 1, 1964, where no copyright renewals were obtained during the final year of the initial 28-year copyright term for such photographs; or (b) published prior to March 1, 1989, without the requisite copyright notice;

      ii.    That Defendants are and shall be permanently enjoined and restrained from conducting further activities inconsistent with the rights of their licensees, potential licensees, business partners, and/or potential business partners to make use of the Public Domain Monroe/Shaw Photographs without any authorization, permission, or license from Defendants; and

      iii.    That Defendants are and shall be permanently enjoined and restrained from engaging in any activities which interfere with Plaintiffs' business activities with respect to the rights of Plaintiffs, their licensees and business partners, and the general public to make commercial use of the Public Domain Monroe/Shaw Photographs; and

8

    B.      Award Plaintiffs their costs, including attorneys' fees, pursuant to the Untied

States Copyright Act.

    C.      Award Plaintiffs such other relief as may be just and proper.

Dated: New York, New York
       August 9, 2007

              Respectfully submitted,

              GIBSON, DUNN & CRUTCHER LLP

              By:
                 Orin Snyder (OS-3122)
                 Cynthia Arato (CA-8350)
                 Howard S. Hogan (HH-7995)
                 Michelle Craven (MC-8556)

              200 Park Avenue, 47th Floor
              New York, New York 10166-0193
              Telephone:  (212) 351-4000
              Facsimile:  (212) 351-4035

              *Attorneys for Plaintiff Marilyn Monroe, LLC*

                 and

              SOVICH MINCH LLP

              By:_____
                 Theodore J. Minch (*Pro Hac Vice* application forthcoming)

              10099 Chesapeake Drive, Suite 100
              McCordsville, Indiana 46055
              Telephone:  (317) 335-3601
              Facsimile:  (317) 335-3602

              *Attorneys for Plaintiff CMG Worldwide, Inc.*

9

B.    Award Plaintiffs their costs, including attorneys' fees, pursuant to the Untied

States Copyright Act.

C.    Award Plaintiffs such other relief as may be just and proper.

Dated: New York, New York
       August 9, 2007

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:_____
      Orin Snyder (OS-3122)
      Cynthia Arato (CA-8350)
      Howard S. Hogan (HH-7995)
      Michelle Craven (MC-8556)

200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Plaintiff Marilyn Monroe, LLC*

        and

SOVICH MINCH LLP

By:_____
      Theodore J. Minch (*Pro Hac Vice* application forthcoming)

10099 Chesapeake Drive, Suite 100
McCordsville, Indiana 46055
Telephone: (317) 335-3601
Facsimile: (317) 335-3602

*Attorneys for Plaintiff CMG Worldwide, Inc.*

9

# EX. J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,

                           Plaintiffs,        :   Index No. O5 CV 3939 (CM)

         -against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

                       Defendants.

--------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS THIRD SET OF INTERROGATORIES TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe, LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth below, fully respond to the following Interrogatories separately, in writing, within thirty days of service.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Interrogatory.

1)    The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2)    The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or

companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)    The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5)    "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6)    The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7)    The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

2

8)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

9)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11)    The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

12)    Each of the terms "all" and "each" shall be construed as both all and each.

13)    The term "any" means both any and all.

14)    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15)    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16)    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3

17)    The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

18)    The term "PTO" means the United States Patent and Trademark Office.

19)    The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al., Index. No. CV 05-2200 MMM, dated May 14, 2007.

## INSTRUCTIONS

1)    Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2)    In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3)    After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4)    Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

4

5)      If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

6)      In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

7)      Identify documents from Defendants' document production that are responsive to and/or relate to these Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

The detailed factual and legal basis for Count I in the Third Amended Complaint, including the basis for your claim to an injunction and the basis for your request that Plaintiffs obtain permission from Defendants to "conduct further activities inconsistent with the rights of their licensees." Include dates of any communications that you purport to have taken place between Defendants and others, the individuals who made those purported communications, and the nature of those purported communications, including but not limited to, the basis for your statement that Plaintiffs have refused to acknowledge that photographs have entered the public domain; the basis for and details surrounding your statements that Plaintiffs have communicated with Defendants' licensees that photographs have entered the public domain; the basis for your statement that Plaintiffs have actively discouraged Defendants' licensees and potential licensees form entering into relationships with Plaintiffs, and the basis for your assertion that Defendants have not made use of the purported Public Domain photographs but for Plaintiffs' representations.

### INTERROGATORY NO. 2:

The precise nature and amount of damage that Defendants claim to have suffered as a result of the allegations in Count I of Defendants' Third Amended Complaint. Include all legal theories of damages Defendants intend to assert and the basis for those legal theories.

5

**INTERROGATORY NO. 3:**

The legal basis for any position you may take contesting the Plaintiffs' right to attorney's fees under the Indiana Right to Publicity Statute, § 32-36-1-12 and/or any other applicable provision of that statute.

**INTERROGATORY NO. 4:**

The legal and factual basis for all your defenses to Counts 1-2 and 9 of Plaintiffs' Second Amended Complaint.


Dated:  November 1, 2007
        New York, New York


                    LAW OFFICES OF CHRISTOPHER SERBAGI


            By: _____
                Christopher Serbagi
                488 Madison Avenue, Suite 1120
                New York, New York 10022
                Tele: (212) 593-2112
                Fax: (212) 308-8582

                Attorney for the Plaintiffs

6

# EX. K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
SHAW FAMILY ARCHIVES, LTD., EDITH  :
MARCUS and META STEVENS

        Plaintiffs,        :

    -against-        :  05 Civ. 3939 (CM)

               :  Honorable Colleen McMahon
CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC,  :
a Delaware Limited Liability Company,

        Defendants.       :

               :
------------------------------------------------------- X

## DEFENDANTS/CONSOLIDATED PLAINTIFFS' RESPONSES AND OBJECTIONS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS' THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant/Consolidated

Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG")

(collectively, "Defendants") hereby respond and object to Plaintiffs/Consolidated

Defendants' Third Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1.     Defendants object to each Interrogatory insofar and to the extent that:  (a)

it seeks information subject to a claim of privilege, including but not limited to the

attorney-client privilege and/or attorney work product doctrine, common interest

privilege, or any other applicable privilege or doctrine; (b) it seeks information beyond

the scope of discovery provided for in Fed. R. Civ. P. 26 and the Local Civil Rules of the

United States District Court for the Southern District of New York (the "Local Rules");

(c) it seeks information that is not relevant to the claims or defenses at issue in this

litigation; (d) it seeks information that would be unduly burdensome to produce and/or information that cannot otherwise be more readily accessed by Plaintiffs through less intrusive and/or burdensome means; and/or (e) it seeks information not within the possession, custody or control of Defendants. The fact that Defendants do not specifically object to an individual Interrogatory on the aforementioned grounds is not intended to waive, and shall not be deemed a waiver of, any such objections, any and all of which are hereby expressly reserved.

2.    Defendants object to Plaintiffs' Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant and admissible evidence.

3.    Defendants object to Plaintiffs' Interrogatories to the extent they seek information relating to matters that are not raised in the pleadings, are not relevant to the claims or defenses of any party, relate only to allegations, claims or matters that have been dismissed, withdrawn, or otherwise no longer remain in this case, and/or, as such, are not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendants object to each Interrogatory (and to the "Definitions" and "Instructions" sections preceding the Interrogatories) to the extent they purport to impose duties exceeding those imposed by the Federal Rules of Civil Procedure or the Local Rules, including, but not limited to, Local Rules 26.3 and 33.3.

5.    Defendants object to the "Definitions" and "Instructions" sections preceding the Interrogatories as vague, ambiguous and overly broad.

6.      Defendants object to the Interrogatories as improper pursuant to Local Rules 33.3(b) and 33.3(c), and reserve the right to supplement these responses, as needed, at the close of discovery or after depositions have concluded.

7.      Defendants decision, now or in the future, to provide information notwithstanding the objectionable nature of any of the definitions or instructions, or the Interrogatories, should not be construed as: (i) an agreement that the material is relevant or admissible; (ii) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; or (iii) an agreement that Interrogatories seeking similar documents will be treated in a similar manner. All such defenses and objections are expressly preserved.

8.      Defendants are willing to meet and confer in order to properly narrow discovery.

9.      These responses are given without prejudice to Defendants' right to use or rely on at any time, including at trial, subsequently discovered facts and/or any information that may have been omitted from this response by inadvertence, oversight, or otherwise.

10.     These General objections are incorporated by reference into the responses set forth below. No specific response set forth below is intended to waive any of Defendants' objections.

11.     Defendants reserve the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1:

The detailed factual and legal basis for Count I in the Third Amended Complaint, including the basis for your claim to an injunction and the basis for your request that Plaintiffs obtain permission from Defendants to "conduct further activities inconsistent with the rights of their licensees." Include dates of any communications that you purport to have taken place between Defendants and others, the individuals who made those purported communications, and the nature of those purported communications, including but not limited to, the basis for your statement that Plaintiffs have refused to acknowledge that photographs have entered the public domain; the basis for and details surrounding your statements that Plaintiffs have communicated with Defendants' licensees that photographs have entered the public domain; the basis for your statement that Plaintiffs have actively discouraged Defendants' licensees and potential licensees form entering into relationships with Plaintiffs, and the basis for your assertion that Defendants have not made use of the purported Public Domain photographs but for Plaintiffs' representations.

### Response to Interrogatory Request No. 1:

Defendants hereby incorporate by reference their General Objections. Defendants further object to Plaintiffs' efforts to characterize as a single interrogatory what actually appears to be at least ten (10) Interrogatories.

Defendants object to the interrogatories listed under Interrogatory No. 1 to the extent that they seek information subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege. Defendants further object to the interrogatories listed under Interrogatory No. 1 as overly broad and unduly burdensome, and to the extent that they seek information that is already in Plaintiffs' possession, is equally available to Plaintiffs, and/or is obtainable from some other source that is more convenient, less burdensome or less expensive. Defendants also object to Interrogatory No. 1 because it is vague and ambiguous, and because it misstates the allegations in Defendants' Third Amended Complaint (for example, by incorrectly stating, among other

things, that Defendants have "request[ed] that Plaintiffs obtain permission from Defendants to 'conduct further activities inconsistent with the rights of their licensees,'" and that "Plaintiffs have actively discouraged Defendants' licensees . . . form [sic] entering into relationships with Plaintiffs"). Defendants further object to Interrogatory No. 1 to the extent that Plaintiffs have exceeded the maximum number of interrogatories allowed, including all discrete parts.

In addition, Defendants object to these interrogatories pursuant to Rule 33.3(b) of the Local Rules because they are not "a more practical method of obtaining the information sought than a request for production or a deposition." Defendants further object to these interrogatories as improper and premature contention interrogatories under Local Rule 33.3(c). If and to the extent responses are appropriate, Plaintiffs will supplement their response to the interrogatories listed under Interrogatory No. 1 after other discovery and depositions have concluded.

## Interrogatory No. 2:

The precise nature and amount of damage that Defendants claim to have suffered as a result of the allegations in Count I of Defendants' Third Amended Complaint. Include all legal theories of damages Defendants intend to assert and the basis for those legal theories.

## Response to Interrogatory No. 2:

Defendants hereby incorporate by reference their General Objections.

Defendants object to Interrogatory No. 2 to the extent that it seeks information subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege. Defendants further object to Interrogatory No. 2 as overly broad and unduly burdensome, vague and ambiguous, and seeking information that is not relevant to the claims and

defenses of any party and/or not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to Interrogatory No. 2 to the extent that Plaintiffs have exceeded the maximum number of interrogatories allowed, including all discrete parts.

In addition, Defendants object to Interrogatory No. 2 pursuant to Rule 33.3(b) of the Local Rules because it is not "a more practical method of obtaining the information sought than a request for production or a deposition." Defendants further object to Interrogatory No. 2 as an improper and premature contention interrogatory under Local Rule 33.3(c). ). If and to the extent further responses are appropriate, Plaintiffs will supplement their response to Interrogatory No. 2 after other discovery and depositions have concluded.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically reserve, Defendants respond as follows: Defendants do not seek money damages pursuant to Count I of Defendants' Third Amended Complaint, except for Plaintiffs' costs, including attorneys' fees, pursuant to the United States Copyright Act.

## Interrogatory No. 3:

The legal basis for any position you may take contesting the Plaintiffs' right to attorney's fees under the Indiana Right to Publicity Statute, § 32-36-1-12 and/or any other applicable provision of that statute.

## Response to Interrogatory No. 3:

Defendants hereby incorporate by reference their General Objections.

Defendants object to Interrogatory No. 3 to the extent that it seeks information subject to any applicable privilege or immunity including, but not limited to, the attorney-

client privilege, the attorney work product doctrine, and/or the common interest privilege.
Defendants further object to Interrogatory No. 3 as overly broad and unduly burdensome,
vague and ambiguous, and seeking information that is not relevant to the claims and
defenses of any party and/or not reasonably calculated to lead to the discovery of relevant
evidence. Defendants further object to Interrogatory No. 3 to the extent that Plaintiffs
have exceeded the maximum number of interrogatories allowed, including all discrete
parts.

**Interrogatory No. 4:**

The legal and factual basis for all your defenses to Counts 1-2 and 9 of Plaintiffs'
Second Amended Complaint.

**Response to Interrogatory No. 4:**

Defendants hereby incorporate by reference their General Objections.
Defendants further object to Plaintiffs' efforts to characterize as a single interrogatory
what on its face constitutes at least three (3), and in fact constitutes many more,
interrogatories.

Defendants object to Interrogatory No. 4 to the extent that it seeks information
subject to any applicable privilege or immunity including, but not limited to, the attorney-
client privilege, the attorney work product doctrine, and/or the common interest privilege.
Defendants further object to Interrogatory No. 4 as overly broad and unduly burdensome,
and vague and ambiguous. Defendants further object to Interrogatory No. 4 to the extent
that Plaintiffs have exceeded the maximum number of interrogatories allowed, including
all discrete parts.

In addition, Defendants object to Interrogatory No. 4 pursuant to Rule 33.3(b) of
the Local Rules because it is not "a more practical method of obtaining the information

sought than a request for production or a deposition." Defendants further object to

Interrogatory No. 4 as an improper and premature contention interrogatory under Local

Rule 33.3(c). If and to the extent responses are appropriate, Plaintiffs will supplement

their response to Interrogatory No. 4 after other discovery and depositions have

concluded.

Dated: New York, New York
       December 4, 2007

                            LOEB & LOEB LLP

                            By:_____

                              Barry I. Slotnick (BS-9796)
                              Paula K. Colbath (PC-9895)
                              Jonathan Neil Strauss (JS-1090)
                              345 Park Avenue
                              New York, New York 10154-1895
                              (212) 407-4000

                              Attorneys for Defendant/Consolidated
                              Plaintiff Marilyn Monroe, LLC

                           SOVICH MINCH LLP

                          By:_____

                              Theodore J. Minch (Admitted *Pro Hac Vice*)
                              10099 Chesapeake Drive, Suite 100
                              McCordsville, IN 46055
                              (317) 335-3601

                              Attorneys for Defendant/Consolidated
                              Plaintiff CMG Worldwide, Inc.

689445.1