DEC-10-2007 16:36 FROM:                                    TO:212 805 0383        P.2/5

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/__1/__07
```

# LAW OFFICES OF CHRISTOPHER SERBAGI

### ATTORNEYS AT LAW

488 MADISON AVENUE

SUITE 1120

NEW YORK, NEW YORK 10022

(212) 593-2112

FACSIMILE: (212) 308-8582

c.serbagi@att.net

## MEMO ENDORSED                    December 10, 2007

Via Facsimile
Honorable Colleen McMahon
United States District Court
500 Pearl Street, Room 640
New York, New York 10007

*[handwritten: I do NOT accept the letter. ... motion by letter — I ...]*

Re:  Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al.,
     Index. No. 05 CV 3939 (CM)

Dear Judge McMahon:

     I am the attorney for the Plaintiffs (the "Shaw Family") in the above-entitled matter. In order to streamline this litigation and in the interest of judicial economy, the Shaw Family respectfully requests that the Court permit them to withdraw Counts 1-8 of the Second Amended Complaint without prejudice.[1] The parties have conducted virtually no discovery on Counts 1-8. Not a single deposition has taken place in this case. The Defendants have provided no interrogatory responses relating to these claims, except a very cursory and uninformative response to an interrogatory concerning their copyright infringement activities. The Court should grant the Shaw Family's request principally because the Defendants will suffer no prejudice as a result.

     Rule 41 provides that the Court may permit a party to withdraw claims upon terms and conditions that the Court deems proper. Fed. R. Civ. P. 41(a)(2). The Second Circuit has held that, "generally, however, a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" Catanzano v. Wing, 277 F.3d 99, 109 (2d Cir. 2000) (citing Wakefield v. N. Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985)); D'Alto v. Dahon Cal, Inc., 100 F.3d 281, 283 (2d Cir. 1996); Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990). Relevant factors for the Court to consider in deciding to dismiss without prejudice include (i) the moving party's diligence in bringing the motion; (ii) any "undue vexatiousness" on the movant's part; (iii) the extent to which the suit has progressed, including

---

[1] On November 29, 2007, the Court held that Counts 3-8 be dismissed with prejudice, but that was based on Defendants' November 28, 2007 letter and on an incomplete record because the Shaw Family had not yet presented the applicable facts to the Court concerning the lack of discovery that has taken place on those claims. We respectfully request that the Court reconsider that decision in light of this letter.

*[handwritten signature and notation: ... Colleen McMahon  12/12/07]*

## CHRISTOPHER SERRAGI, ESQ.

the opposing party's effort and expense in preparation for trial; (iii) the duplicative expense of relitigation; and (iv) the adequacy of the movant's explanation for the need to dismiss. Id. "Starting a litigation all over again does not constitute legal prejudice." Catanzano, 277 F.3d at 110.

### 1. The Shaw Family Was Diligent in Bringing the Motion

The Shaw Family exercised due diligence in bringing this motion. The Shaw Family filed its Second Amended Complaint on August 8, 2007.[2] Defendants filed a motion to dismiss on September 4, 2007. By letter to the Court dated October 19, 2007, Plaintiffs announced that the Shaw Family's principal passed that morning and that it was considering withdrawing certain claims. The principal of Bradford also recently passed away. These sad events significantly complicated the efficient litigation of Plaintiffs' claims. For these and other reasons, including the desire to streamline the litigation, the Plaintiffs resolved to dismiss counts 3-8. We requested Defendants' stipulation in early November to dismiss Counts 3-8 and they agreed. On November 7, 2007, Defendants' counsel insisted that we dismiss "with prejudice." Plaintiffs objected and on November 16, 2007 inquired whether Defendants would stipulate without prejudice. Defendants' counsel did not respond, except to inquire on November 27, 2008 whether we would send her a stipulation withdrawing Plaintiffs' claims with prejudice. After some further telephone conversations on the issue, it became apparent that Defendants would not alter their position. Discovery has not yet closed. Under these circumstances, there is no question that Plaintiffs exercised reasonable diligence under the law. The Stanley Works v. Alltrade, Inc., 2004 U.S. Dist. LEXIS 2833, * 5 (D. CT. Feb. 23, 2004) (granting motion to dismiss raised after the close of discovery on grounds that the moving party sought to streamline the litigation).

On December 3, 2007, the Shaw Family inquired whether Defendants would stipulate to withdrawing Counts 1-2 (the copyright claims) "with prejudice." The Defendants have not agreed, and in retrospect, the Shaw Family respectfully requests that, for all the reasons discussed herein, it be permitted to withdraw these claims without prejudice as well. The Defendants will undoubtedly make much of this because they have suffered no prejudice and have no other basis to object on legal grounds.

### 2.    The Shaw Family Was Not Vexatiousness

The Shaw Family intended to pursue every claim it asserted in the Second Amended Complaint. There is no evidence whatsoever that the Plaintiffs acted without justification, in bad faith, or to harass Defendants. The Plaintiffs withdrew those claims only because the passing of Larry Shaw and Bradford's principal Len Reiter significantly complicated matters. Moreover, it recently became clear to the Plaintiffs that the Defendants sought to prolong this litigation as long as possible, while they simultaneously lobbied the New York Legislature to nullify this Court's May 2, 2007 Decision and Order and argue that the legislation would retroactively hold the Shaw Family liable for acts that were legal when they occurred. Defendants would then undoubtedly file a motion for this Court to reconsider its prior ruling, as they have now done in

---

[2] Counts 3 and 6-8 were entirely new. Counts 4-5 were included in the initial Complaint.

# CHRISTOPHER SERBAGI, ESQ.

California. Under these circumstances, the Shaw Family decided to take all appropriate measures to streamline and end this litigation as soon as possible. Stanley Works, 2004 U.S. Dist LEXIS 2833, at * 5 (holding that the failure to conduct extensive discovery does not support a conclusion of vexatious behavior).

### 3.    The Extent To Which The Suit Has Progressed

There has been virtually no discovery actually directed at Counts 1-8. Not a single deposition has occurred in this case directed to any claim. The vast majority of the case has been directed to the Defendants' baseless right of publicity claim.

### 4.    Duplicate Expense of Relitigation

The mere threat of relitigation is not dispositive because "starting a litigation all over again does not constitute legal prejudice." D'Alto, 100 F.3d at 283. If at some time the Shaw Family asserts the same or similar claims in another lawsuit, the little work that the Defendants have completed here regarding Counts 1-8 will not be wasted. Defendants cannot demonstrate that having to defend themselves against such claims in a different lawsuit would be more difficult. Stanley Works, 2004 U.S. Dist LEXIS 2833, at *5.

It should also not be lost that the Shaw Family is not a traditional Plaintiff who went to the Court to seek a judicial resolution of their dispute. The Shaw Family is now comprised of three senior citizens who simply wanted to license the copyrights of iconic photographs taken by the late Sam Shaw. It was CMG and MMLLC who were dissatisfied with the tens of millions they wrongfully obtained on Marilyn Monroe's images, so they sued the Shaw Family in Indiana and threatened them with having to reimburse them for millions in attorney's fees under the Indiana Right of Publicity Statute. All for the sale of a single tee shirt. The Shaw Family instituted this essentially defensive litigation in this district out of necessity.

### 5. The Shaw Family's Explanation For Withdrawing Counts 1-8 Is Legally Adequate

The following factors led to the Shaw Family's decision to withdraw counts 1-8 without prejudice: (i) the principals of the Shaw Family and Bradford recently passed away, which for internal and private reasons, seriously complicated the efficient litigation of all these claims; (ii) it became apparent to the Shaw Family that Defendants wanted to prolong this litigation while they simultaneously sought to eviscerate the Court's May 2, 2007 Decision and Order via new legislation, as they have now done in California and are trying to do in New York; and (iii) the Plaintiffs decided to streamline the litigation to save expense and judicial resources.

In the Catanzano case, minimal discovery on the pertinent claim had been conducted, as is the case here. The Second Circuit held that the district court abused its discretion by declining to dismiss the plaintiff's claim with prejudice because it had "been litigated to such a limited extent" and the plaintiff brought the motion to facilitate an end to the litigation, as is the case here. Catanzano, 277 F.3d at 110. The Defendants cannot possibly demonstrate any prejudice. The United States Supreme Court has long ago held that starting a litigation all over again does not constitute legal prejudice. Jones v. Securities & Exchange Comm'n, 298 U.S. 1, 19, 80

CHRISTOPHER SERBAGI, ESQ.

L.Ed. 1015, 56 S. Ct. 654 (1936 ("The general rule is settled for federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint . . . unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter."); D'alto, 100 F.3d at *5-*6.

Finally, when the Defendants moved the Court to dismiss the Shaw Family's claims with prejudice on November 28, 2007, it provided no legal support except to accuse the Shaw Family of attempting to interfere with their lobbying activities. Counts 1-8 are directed at the damage the Shaw family has suffered by the Defendants' false representations in commerce that they had a right of publicity in Marilyn Monroe. The Shaw Family has never attempted to interfere with Defendants' lobbying activities. The Shaw Family obviously concedes that the Plaintiffs are free to lobby for any legislation they please, even if it attaches new legal consequences to events completed before its enactment and deprives private persons of vested property rights. Whether the new California legislation passes Constitutional muster is another question entirely.

For all the foregoing reasons, the Shaw Family respectfully requests that the Court withdraw Counts 1 through 8 in the Plaintiffs' Second Amended Complaint without prejudice.

Respectfully Submitted,

Christopher Serbagi

cc:     Paula Colbath, Esq. (via email)
        Ted Minch, Esq. (via email)

# LAW OFFICES OF CHRISTOPHER SERBAGI

## FACSIMILE TRANSMITTAL SHEET

| TO | FROM |
|---|---|
| Hon. Colleen McMahon<br>United States District Judge | Christopher Serbagi, Esq. |

| COMPANY: | DATE:<br>December 10, 2007 |
|---|---|

| FAX NUMBER<br>212-805-6326 | TOTAL NO. OF PAGES INCLUDING COVER.<br>5 |
|---|---|

| PHONE NUMBER | SENDER'S REFERENCE NUMBER |
|---|---|

| RE:<br>Shaw Family Archives et al. v. CMG<br>Worldwide, Inc. et al., Index No. 05<br>cv 3939 (CM) | YOUR REFERENCE NUMBER: |
|---|---|

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS: