UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,

    Plaintiffs,

 v.

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

    Defendants.

---

:05 CV 3939 (CM)

### DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE, LLC'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS

Defendant/Consolidated Plaintiff Marilyn Monroe, LLC ("MMLLC"), by and through its undersigned attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Plaintiffs/Counterclaim Defendants Shaw Family Archives, Ltd. ("SFA"), Bradford Licensing, Inc. ("Bradford"), Edith Marcus, and Meta Stevens (collectively, "Plaintiffs"), in accordance with the definitions and instructions set forth below, produce all the documents and things described below, wherever located, that are in Plaintiffs' possession, custody, or control, or in the possession, custody, or control of their agents, servants, employees, attorneys, accountants, or other persons acting or purporting to act on Plaintiffs' behalf, at the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York, 10166, within 30 days or at such earlier time as may be ordered by the Court. Plaintiffs may produce true and correct copies of the requested documents rather than originals.

## **DEFINITIONS**

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Request for Production of Documents.

1) The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2) The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3) The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4) "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5) "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

2

6) "Identify" (with respect to documents) means to provide, to the extent known, the type of document, its general subject matter, the date of the document, and its author(s), addressee(s) and recipient(s).

7) The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

8) The term "Monroe Intellectual Property Rights" means and refers to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

9) The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw over which you claim ownership.

10) The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

11) The term "Publication" means and refers to the distribution of a work or copies of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies to a group of persons of further distribution, public performance, or public display, constitutes "Publication."

12) The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

13) The term "Second Amended Complaint" means the Second Amended Complaint filed by CMG and MMLLC in the United States District Court, Southern District of Indiana action 1:05-cv-0423-DFH-WTL, which was transferred to the Southern District of New York.

14) The terms "you," "your," and "your company" shall mean each Plaintiff and/or Counterclaim Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on each Plaintiff's behalf.

15) The term "Your Answer" means the Answer, dated July 5, 2006, you filed in the United States District Court, Southern District of New York, action no. 05-cv-3939.

16) The term "Your Complaint" means the First Amended Complaint you filed in the United States District Court, Southern District of New York, action no. 05-cv-3939.

17) Each of the terms "all" and "each" shall be construed as both all and each.

18) The term "any" means both any and all.

19) The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20) The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

21) The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## INSTRUCTIONS

1) Unless otherwise noted, the time period covered by each request for documents is January 1, 1996, to present.

2) Each request for documents seeks production of documents in their entirety, without abbreviation, modification, or redaction, including all attachments and materials affixed thereto.

3) Documents shall be produced in an order corresponding to each paragraph of this document request, or, in the alternative, they may be produced in the same order in which they are maintained in the usual course of business.

4) Each Plaintiff remains under a duty to supplement pursuant to Rule 26 with respect to each request.

5) Each request for documents shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

6) Each and every non-identical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

7) A representation of inability to comply with a particular request shall state the specific reason for the inability to comply, including whether the particular document has never existed; has been destroyed; has been lost, misplaced, or stolen; or has never been, or is no longer, in your possession, custody, or control. The statement shall set forth the name and address of any natural person or organization known or believed by you to have possession, custody, or control of that document or category of documents.

8) If only part of a request is objectionable, the response shall set forth clearly the extent of and the specific ground for the objection, and all other requested documents shall be produced. If an objection is based on a claim of privilege or other protection, for such document you must state:

a) the date of the document;

b) the request(s) to which the document is responsive;

c) the title and/or general subject matter of the writing;

d) the person(s) to whom the document was addressed or copied; and

e) the nature and basis of your claim of privilege or other reason that the information is protected from discovery, sufficiently to determine the validity of that claim in accordance with Fed. R. Civ. P. 26(b)(5).

## DOCUMENT REQUESTS

1) All documents concerning your contention in Your Complaint that you own the copyrights in the Monroe/Shaw Photographs.

2) All documents concerning any communications regarding any Publications of the Monroe/Shaw Photographs.

3) All documents concerning any and all attempts by you to protect and/or enforce your alleged copyrights in the Monroe/Shaw Photographs against unauthorized use by any other person, including, but not limited to, any cease-and-desist letters.

4) All documents concerning any litigation, aside from the instant litigation, concerning the Monroe/Shaw Photographs.

5) All documents concerning any communications between you and any person concerning the licensing or any other commercial use of the Monroe/Shaw Photographs.

6) All documents concerning any communications between you and any other person concerning the Monroe Intellectual Property Rights.

7) All documents concerning any communications between you and any person concerning the licensing or any other commercial use of the Monroe Intellectual Property Rights.

8) All documents concerning any communications between you and any other person whereby you informed any other person that you possess all of the rights necessary for use of the Monroe/Shaw Photographs.

9) All document concerning any of your policies, procedures, practices, or guidelines that are applicable to your licensing of the Monroe/Shaw Photographs.

10) All documents concerning any of your policies, photographs, practices, or guidelines, that are applicable to your licensing of your Monroe Intellectual Property Rights.

11) All documents concerning any communications between you and MMLLC or CMG concerning the Monroe/Shaw Photographs.

12) All documents concerning any communications between you and MMLLC or CMG concerning the Monroe Intellectual Property Rights.

13) All documents concerning any communications between or among Bradford, SFA, Edith Marcus and Meta Stevens concerning the Monroe Intellectual Property Rights.

14) All documents concerning any communications between or among you and Tom Kelley Studios, Inc., The Milton H. Greene Archives, Inc., Pacific Licensing, Shirley T. Ellis de Dienes, OneWest Publishing, Inc., James Dougherty, or Valhalla Productions, or any of their directors, officers, agents, employees, or any persons authorized and/or purporting to act on their behalf concerning the Monroe Intellectual Property Rights.

15) All documents concerning any advertising, marketing, promotion, or sales of the Monroe/Shaw Photographs by you on or in connection with products, merchandise, goods, services, or any other commercial activities.

16) All documents concerning any communications between you and any person regarding your contention that MMLLC and CMG do not own the Monroe Intellectual Property Rights.

17) All documents concerning your contention in paragraph 34 of Your Complaint that Marilyn Monroe was a domiciliary of New York at the time of her death.

18) All documents regarding your claim for damages in this litigation.

19) All documents concerning your claim for copyright infringement in the First Cause of Action of Your Complaint.

20) All documents concerning your claim for declaratory judgment in the Second Cause of Action of Your Complaint.

21) All documents concerning your claim for tortious interference with contractual relations in the Third Cause of Action of Your Complaint.

22) All documents concerning your claim for tortuous interference with prospective economic advantage in the Fourth Cause of Action of Your Complaint.

23) All documents concerning your contention that you are entitled to punitive damages in paragraph B of the prayer for relief of Your Complaint.

24) All documents concerning your contention that you are entitled to treble damages in paragraph B of the prayer for relief of Your Complaint.

25) All documents concerning your contention that you are entitled to statutory damages in paragraph B of the prayer for relief of Your Complaint.

26) All documents concerning your claims for costs and attorney's fees in Your Complaint.

27) All documents concerning your affirmative defenses in Your Answer.

28) All documents concerning your cross-claims against Valhalla Production, LLC, in Your Answer.

Dated: New York, New York
December 28, 2006

By:     /s/ Orin Snyder
Orin Snyder (OS-3122)
Michelle Craven (MC-8556)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035

Shaw First Set of Document Requests.DOC

# GIBSON, DUNN & CRUTCHER LLP

A Registered Limited Liability Partnership
Including Professional Corporations
333 South Grand Avenue
Los Angeles, California 90071-3197

TELEPHONE: (213) 229-7000
FACSIMILE: (213) 229-7520

## FACSIMILE TRANSMISSION INFORMATION

December 28, 2006

| | | |
|---|---|---|
| TO: | Mr./Ms.: | David Marcus |
| | Company: | Marcus & Greben |
| | City, State: | New York, New York |
| | Facsimile No.: | 212 765-2210 |
| | Main Telephone: | 646 536-7602 |

FROM: Amnon Z. Siegel    Room: LA-4969    Direct Dial: (213) 229-7939
Our File Number: P 88497-00016    Fax:    Email: ASiegel@gibsondunn.com

TOTAL NUMBER OF PAGES, INCLUDING COVER LETTER: 10

☞ If you do not receive all the pages transmitted, please contact the facsimile operator immediately at telephone number (213) 229-7180.

Fax Operator:

The written message is for the exclusive use of the addressee and contains confidential, privileged and non-disclosable information. If the recipient of this message is not the addressee, or a person responsible for delivering the message to the addressee, such recipient is prohibited from reading or using this message in any way. If you have received this message by mistake, please call us immediately and destroy the facsimile message.

SPECIAL INSTRUCTIONS/MESSAGE:

*[stamp: FAX COMPLETED]*

100139514_1.DOC

```
............................................ TRANSMISSION RESULT REPORT ................(DEC 28 '06  10:18AM)................
                                                       GD&C LA 2
.................................................................................................................... (AUTO) ................

DATE   START     REMOTE TERMINAL         TIME    RE-     MODE   TOTAL  PERSONAL LABEL         FILE
       TIME      IDENTIFICATION                  SULTS          PAGES                         NO.
DEC 28 10:15AM   15884970001691212765    02'44"  OK      ES     10                            034




........................................................................................................................................

      E)ECM    >)REDUCTION   S)STANDARD   @)FORWARDING   M)MEMORY   C)CONFIDENTIAL   #)BATCH
                             D)DETAIL                               $)TRANSFER
                             F)FINE                                 P)POLLING
```