UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------  )
SHAW FAMILY ARCHIVES, LTD., EDITH   :
MARCUS and META STEVENS,            :   05 CV 3939 (CM)
                                    :
            Plaintiffs,             :
    v.                              :
                                    :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware Limited :
Liability Company,                  :
                                    :
            Defendants.             :
                                    :
------------------------------------  )

### DEFENDANT/COUNTERCLAIM PLAINTIFF MARILYN MONROE, LLC'S SECOND SET OF DOCUMENT REQUESTS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS

Defendant/Counterclaim Plaintiff Marilyn Monroe, LLC ("MMLLC"), by and through its undersigned attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests that Plaintiffs/Counterclaim Defendants Shaw Family Archives, Ltd. ("SFA"), Bradford Licensing, Inc. ("Bradford"), Edith Marcus, and Meta Stevens (collectively, "Plaintiffs"), in accordance with the definitions and instructions set forth below, produce all the documents and things described below, wherever located, that are in Plaintiffs' possession, custody, or control, or in the possession, custody, or control of their agents, servants, employees, attorneys, accountants, or other persons acting or purporting to act on Plaintiffs' behalf, at the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York, 10166, within 30 days or at such earlier time as may be ordered by the Court. Plaintiffs may produce true and correct copies of the requested documents rather than originals.

## **DEFINITIONS**

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Request for Production of Documents.

1) The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

2) The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

3) The term "CMG" means Defendant/Consolidated Plaintiff CMG Worldwide, Inc.

4) "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5) The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

6) The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw over which you claim ownership.

7) The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

8) The term "Publication" means and refers to the distribution of a work or copies of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies to a group of persons for purposes of further distribution, public performance, or public display, constitutes "Publication."

9) The term "Registration" means and refers to the registration and/or renewal of any work with the Library of Congress or any other entity authorized to bestow copyright protection.

10) The terms "you," "your," and "your company" shall mean each Plaintiff and/or Counterclaim Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on each Plaintiff's behalf.

11) Each of the terms "all" and "each" shall be construed as both all and each.

12) The term "any" means both any and all.

13) The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14) The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

15) The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## INSTRUCTIONS

1) Unless otherwise noted, the time period covered by each request for documents is January 1, 1996, to present.

2) Each request for documents seeks production of documents in their entirety, without abbreviation, modification, or redaction, including all attachments and materials affixed thereto.

3) Documents shall be produced in an order corresponding to each paragraph of this document request, or, in the alternative, they may be produced in the same order in which they are maintained in the usual course of business.

4) Each Plaintiff remains under a duty to supplement pursuant to Rule 26 with respect to each request.

5) Each request for documents shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

6) Each and every non-identical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

7) A representation of inability to comply with a particular request shall state the specific reason for the inability to comply, including whether the particular document has never existed; has been destroyed; has been lost, misplaced, or stolen; or has never been, or is no longer, in your possession, custody, or control. The statement shall set forth the name and address of any natural person or organization known or believed by you to have possession, custody, or control of that document or category of documents.

8) If only part of a request is objectionable, the response shall set forth clearly the extent of and the specific ground for the objection, and all other requested documents shall be

produced. If an objection is based on a claim of privilege or other protection, for such document you must state:

      a)    the date of the document;

      b)    the request(s) to which the document is responsive;

      c)    the title and/or general subject matter of the writing;

      d)    the person(s) to whom the document was addressed or copied; and

      e)    the nature and basis of your claim of privilege or other reason that the information is protected from discovery, sufficiently to determine the validity of that claim in accordance with Fed. R. Civ. P. 26(b)(5).

## DOCUMENT REQUESTS

1) All documents concerning any actual or potential confusion by third party licensees or potential third party licensees regarding the source of photographs, rights or other items licensed, sold, marketed, or offered by you related to Marilyn Monroe.

2) All documents concerning any instance in which a third party questioned and/or commented on your affiliation with or approval from MMLLC, CMG, the Estate of Marilyn Monroe or any other source of trademark rights related to Marilyn Monroe.

3) All documents concerning your efforts to license photographs, rights or other items related to *Marilyn's Man, the Movie*, including all communications between you and any actual or potential third-party licensees concerning that film and CD-ROMs, presentation or other printed materials related to that film.

4) All documents regarding Publication of the Monroe/Shaw Photographs prior to January 1, 1964.

5) All documents regarding Publication of the Monroe/Shaw Photographs without copyright notice prior to January 1, 1978.

6) All documents concerning the letter from Martin Bressler to Lawrence Shaw, dated June 11, 1993, including all drafts of the letter and any communications with Martin Bressler or third parties regarding the letter.

7) All documents concerning any testimony given by Sam Shaw at deposition or trial concerning the Monroe/Shaw Photographs, including any Publication or Registration of the Monroe/Shaw Photographs.

8) A true and correct copy of all Monroe/Shaw Photographs that you claim MMLLC and/or CMG have improperly used or displayed.

9) A true and correct copy of all Monroe/Shaw Photographs in which you assert copyright protection.

10) All documents concerning MMLLC, CMG or the Estate of Marilyn Monroe, including all communications with third parties regarding the trademark rights owned or allegedly not owned by MMLLC, CMG or the Estate of Marilyn Monroe.

11) All documents regarding any refusal to do business or threatened refusal to do business with any third party if that third party entered into a business relationship with MMLLC, CMG or the Estate of Marilyn Monroe.

Dated: New York, New York
       July 17, 2007

                                       Orin Snyder (OS-3122)
                                       Cynthia Arato (CA-8350)
                                       Michelle Craven (MC-8556)
                                       **GIBSON, DUNN & CRUTCHER LLP**
                                       200 Park Avenue, 47th Floor
                                       New York, New York 10166
                                       T: (212) 351-4000
                                       F: (212) 351-4035

100244903_4.DOC