UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., BRADFORD          :
LICENSING, INC., JAMES E. DOUGHERTY, and      :
VALHALLA PRODUCTIONS, LLC.                    :
                                              :
                                  Plaintiffs, :   Index No. O5 CV 3939 (CM)
                                              :
        -against-                             :
                                              :
                                              :
CMG WORLDWIDE, INC., an Indiana Corporation   :
and MARILYN MONROE, LLC, a Delaware           :
Limited Liability Company,                    :
                                              :
                                  Defendants. :
                                              :
------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS RESPONSES AND OBJECTIONS TO DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE LLC'S FIRST SET OF DOCUMENT REQUESTS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through the undersigned

counsel, respond to Defendant/Consolidated Plaintiff Marilyn Monroe

LLC's ("Defendant's") First Set of Document Requests to Plaintiffs, as follows:

## GENERAL OBJECTIONS

In addition to specific objections asserted with respect to specific document

requests, Plaintiffs assert the following general objections with respect to each and every

one of Defendant's document requests:

1.      Plaintiffs object to the extent that Defendant's discovery requests seek to

impose duties or obligations on Plaintiffs beyond those imposed by the Federal Rules of

Civil Procedure or the Local Rules of the Southern District of New York.

2.      Plaintiffs object to the extent that Defendant's discovery requests are overbroad, vague, unduly burdensome, oppressive, ambiguous or otherwise unclear as to the precise information sought.

3.      Plaintiffs object to the extent that Defendant's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and/or calls for information and/or documents that are irrelevant or immaterial.

4.      Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are no longer in existence or which are not in Plaintiffs' possession, custody or control.

5.      Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents, which are dated, were prepared or relate to facts, events or activities that occurred after the commencement of this action.

6.      Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are publicly available, and/or equally or more readily available to Defendant.

7.      Plaintiffs objects to the extent that Defendant's discovery requests seek production of documents, which are subject to the attorney-client privilege, constitute work product, or are otherwise immune from discovery.

8.      Plaintiffs objects to the extent that Defendant's discovery requests call for the production of documents that contain sensitive or confidential business information. Any such documents will only be produced after entry of a mutually agreeable protective order regarding confidentiality.

9.     Nothing in these responses shall be construed as a waiver or any of the objections contained herein or any privilege or immunity.

10.     Plaintiffs object to the extent that Defendant's discovery requests are unreasonably cumulative and duplicative.

11.     Any production of information or documents by Plaintiffs in response to Defendant's discovery requests shall not be construed as a waiver of Plaintiffs' right to object to the use of such documents, or their proffered admission into evidence, at trial, or in any motion in other proceedings in or related to this action.

12.     If Plaintiffs inadvertently produces information and/or documents that are or may be the subject of any of the objections contained herein, such production is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents or any withheld information.  Plaintiffs reserves his right to demand the return of such information, including all copies of such documents and any notes, extracts or excerpts pertaining thereto.

13.     Plaintiffs' discovery and investigation in connection with this lawsuit are continuing.  As a result, Plaintiffs' responses are limited to information obtained up to date, and are provided without prejudice to Plaintiffs' right to amend or supplement its responses after considering information obtained through further discovery or investigation.

## DOCUMENT RESPONSES

### Document Request No. 1

All documents concerning your contention in Your Complaint that you own the copyrights in the Monroe/Shaw Photographs.

### Response to Document Request No. 1

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 2

All documents concerning any communications regarding any Publications of the Monroe/Shaw Photographs.

### Response to Document Request No. 2

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 3**

All documents concerning any and all attempts by you to protect and/or enforce your alleged copyrights in the Monroe/Shaw Photographs against unauthorized use by any other person, including, but not limited to, any cease-and-desist letters.

**Response to Document Request No. 3**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Plaintiffs further object to the extent that responsive documents are public record and are as easily obtained by Defendants.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 4**

All documents concerning any litigation, aside from the instant litigation, concerning the Monroe/Shaw Photographs.

**Response to Document Request No. 4**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Plaintiffs further object to the extent that responsive documents are public record and are as easily obtained by Defendants.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 5**

All documents concerning any communications between you and any person concerning the licensing or any other commercial use of the Monroe/Shaw Photographs.

**Response to Document Request No. 5**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 6**

All documents concerning any communications between you and any other person concerning the Monroe Intellectual Property Rights.

**Response to Document Request No. 6**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 7**

All documents concerning any communications between you and any person concerning the licensing or any other commercial use of the Monroe Intellectual Property Rights.

**Response to Document Request No. 7**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request 8**

All documents concerning any communications between yon and any other person whereby you informed any other person that you possess all of the rights necessary for use of the Monroe/Shaw Photographs.

**Response to Document Request No. 8**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 9**

All documents concerning any of your policies, procedures practices, or guidelines that are applicable to your licensing of the Monroe/Shaw Photographs.

**Response to Document Request No. 9**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

7

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 10

All documents concerning any of your policies, photographs, practices, or guidelines, that are applicable to your licensing of your Monroe Intellectual Property Rights.

## Response to Document Request No. 10

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 11

All documents concerning any communications between you and MMLLC or CMG concerning the Monroe/Shaw Photographs.

## Response to Document Request No. 11

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 12**

All documents concerning any communications between you and MMLLC or CMG concerning the Monroe Intellectual Property Rights.

**Response to Document Request No. 12**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 13**

All documents concerning any communications between or among Bradford, SFA, Edith Marcus and Meta Stevens concerning the Monroe Intellectual Property Rights.

**Response to Document Request No. 13**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 14**

All documents concerning any communications between or among you and Tom Kelley Studios, Inc., The Milton H. Greene Archives, Inc., Pacific Licensing, Shirley T. Ellis de Dienes, One West Publishing, Inc., James Dougherty, or Valhalla Productions, or any of their directors, officers, agents, employees, or any persons authorized and/or purporting to act on their behalf concerning the Monroe Intellectual Property Rights.

**Response to Document Request No. 14**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 15**

All documents concerning any advertising, marketing, promotion, or sales of the Monroe/Shaw Photographs by you on or in connection with products, merchandise, goods, services, or any other commercial activities.

**Response to Document Request No. 15**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 16**

All documents concerning any communications between you and any person regarding your contention that MMLLC and CMG do not own the Monroe Intellectual Property Rights.

**Response to Document Request No. 16**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 17

All documents concerning your contention in paragraph 34 of Your Complaint that Marilyn Monroe was a domiciliary of New York at the time of her death,

## Response to Document Request No. 17

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 18

All documents regarding your claim for damages in this litigation.

## Response to Document Request No. 18

Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 19

All documents concerning your claim for copyright infringement in the First Cause of Action of Your Complaint.

**Response to Document Request No. 19**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 20**

All documents concerning your claim for declaratory judgment in the Second Cause of Action of Your Complaint.

**Response to Document Request No. 20**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 21**

All documents concerning your claim for tortious interference with contractual relations in the Third Cause of Action of Your Complaint.

**Response to Document Request No. 21**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 22

All documents concerning your claim for tortuous interference with prospective economic advantage in the Fourth Cause of Action of Your Complaint,

## Response to Document Request No. 22

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 23

All documents concerning your contention that you are entitled to punitive damages in paragraph B of the prayer for relief of Your Complaint.

## Response to Document Request No. 23

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 24

All documents concerning your contention that you are entitled to treble damages in paragraph B of the prayer for relief of Your Complaint,

**Response to Document Request No. 24**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 25**

All documents concerning your contention that you are entitled to statutory damages in paragraph B of the prayer for relief of Your Complaint.

**Response to Document Request No. 25**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 26**

All documents concerning your claims for costs and attorney's fees in Your Complaint.

**Response to Document Request No. 26**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 27**

All documents concerning your affirmative defenses in Your Answer.

**Response to Document Request No. 27**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 28**

All documents concerning your cross-claims against Valhalla Production, LLC, in Your Answer.

**Response to Document Request No. 28**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

Dated:  February 19, 2007
         New York, New York

                         LAW OFFICES OF CHRISTOPHER SERBAGI


                 By:  _____
                      Christopher Serbagi (CS 7746)
                      488 Madison Avenue, Suite 1120
                      New York, New York 10022
                      Tele: (212) 593-2112
                      Fax: (212) 308-8582

                      Attorney for the Plaintiffs/Consolidated Defendants