UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., BRADFORD       :
LICENSING, INC., JAMES E. DOUGHERTY, and    :
VALHALLA PRODUCTIONS, LLC.                           :
                                                                           :
                                        Plaintiffs,           :    Index No. O5 CV 3939 (CM)
                                                                           :
            -against-                                              :
                                                                           :
                                                                           :
CMG WORLDWIDE, INC., an Indiana Corporation  :
and MARILYN MONROE, LLC, a Delaware          :
Limited Liability Company,                                   :
                                                                           :
                                        Defendants.        :
                                                                           :
------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS RESPONSES AND OBJECTIONS TO DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE LLC'S SECOND SET OF DOCUMENT REQUESTS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through the undersigned

counsel, respond to Defendant/Consolidated Plaintiff Marilyn Monroe LLC's

("Defendant's") Second Set of Document Requests to Plaintiffs, as follows:

### GENERAL OBJECTIONS

In addition to specific objections asserted with respect to specific document

requests, Plaintiffs assert the following general objections with respect to each and every

one of Defendant's document requests:

1.      Plaintiffs object to the extent that Defendant's discovery requests seek to

impose duties or obligations on Plaintiffs beyond those imposed by the Federal Rules of

Civil Procedure or the Local Rules of the Southern District of New York.

2.      Plaintiffs object to the extent that Defendant's discovery requests are overbroad, vague, unduly burdensome, oppressive, ambiguous or otherwise unclear as to the precise information sought.

3.      Plaintiffs object to the extent that Defendant's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and/or calls for information and/or documents that are irrelevant or immaterial.

4.      Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are no longer in existence or which are not in Plaintiffs' possession, custody or control.

5.      Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents, which are dated, were prepared or relate to facts, events or activities that occurred after the commencement of this action.

6.      Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are publicly available, and/or equally or more readily available to Defendant.

7.      Plaintiffs objects to the extent that Defendant's discovery requests seek production of documents, which are subject to the attorney-client privilege, constitute work product, or are otherwise immune from discovery.

8.      Plaintiffs objects to the extent that Defendant's discovery requests call for the production of documents that contain sensitive or confidential business information. Any such documents will only be produced after entry of a mutually agreeable protective order regarding confidentiality.

9.    Nothing in these responses shall be construed as a waiver or any of the objections contained herein or any privilege or immunity.

10.    Plaintiffs object to the extent that Defendant's discovery requests are unreasonably cumulative and duplicative.

11.    Any production of information or documents by Plaintiffs in response to Defendant's discovery requests shall not be construed as a waiver of Plaintiffs' right to object to the use of such documents, or their proffered admission into evidence, at trial, or in any motion in other proceedings in or related to this action.

12.    If Plaintiffs inadvertently produces information and/or documents that are or may be the subject of any of the objections contained herein, such production is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents or any withheld information. Plaintiffs reserves their right to demand the return of such information, including all copies of such documents and any notes, extracts or excerpts pertaining thereto.

13.    Plaintiffs' discovery and investigation in connection with this lawsuit are continuing. As a result, Plaintiffs' responses are limited to information obtained up to date, and are provided without prejudice to Plaintiffs' right to amend or supplement its responses after considering information obtained through further discovery or investigation.

## DOCUMENT RESPONSES

### Document Request No. 1

All documents concerning any actual or potential confusion by third party licenses or potential third party licenses regarding the source of photographs, rights or otter items licensed, sold, marketed, or offered by you related to Marilyn Monroe.

### Response to Document Request No. 1

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 2

All documents concerning any instance in which a third party questioned and/or commented on your affiliation with or approval from MMLLC, CMG, the Estate of Marilyn Monroe or any other source of trademark rights related to Marilyn Monroe.

### Response to Document Request No. 2

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 3

All documents concerning your efforts to license photographs, rights or other items related to Marilyn's Man, the Movie, including all communications between you and any actual or potential third-party licenses concerning that film and CD-Roms, presentation or other printed materials related to that film.

## Response to Document Request No. 3

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

## Document Request No. 4

All documents regarding Publication of the Monroe/Shaw Photographs prior to January 1, 1964.

## Response to Document Request No. 4

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 5

All documents regarding Publication of the Monroe/Shaw Photographs without copyright notice prior to January 1, 1978.

## Response to Document Request No. 5

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks

discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 6**

All documents concerning the letter from Martin Bressler to Lawrence Shaw, dated June 11, 1993, including all drafts and any communications with Martin Bressler or third parties regarding the letter.

**Response to Document Request No. 6**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist. A copy of the June 11, 1993 letter was previously provided. All drafts of the June 11, 1993 are in the exclusive possession and control of Martin Bressler, Esq.

**Document Request No. 7**

All documents concerning any testimony given by Sam Shaw at deposition or trial concerning the Monroe/Shaw Photographs, including any Publication or Registration of the Monroe/Shaw Photographs.

**Response to Document Request No. 7**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

6

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request 8

A true and correct copy of all Monroe/Shaw Photographs that you claim MMLLC and/or CMG have improperly used or displayed.

## Response to Document Request No. 8

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 9

A true and correct copy of all Monroe/Shaw Photographs in which you assert copyright protection.

## Response to Document Request No. 9

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

## Document Request No. 10

All documents concerning MMLLC, CMG or the Estate of Marilyn Monroe, including all communications with third parties regarding the trademark rights owned or allegedly not owned by MMLLC, CMG or the Estate of Marilyn Monroe.

**Response to Document Request No. 10**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 11**

All documents regarding any refusal to do business or threatened refusal to do business with any third party if that third party entered into a business relationship with MMLLC, CMG or the Estate of Marilyn Monroe.

**Response to Document Request No. 11**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

Dated:  August 24, 2007
       New York, New York

LAW OFFICES OF DAVID M. MARCUS

By: _____
    David Marcus (DM 0960)
    1650 Broadway, Suite 1001
    New York, New York 10019
    Tele:  (646) 536-7602
    Fax:  (212) 265-5226

    Attorney for the Plaintiffs/Consolidated Defendants