UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., BRADFORD    :
LICENSING. INC., JAMES E. DOUGHERTY, and :
VALHALLA PRODUCTIONS, LLC.              :
                                        :
                        Plaintiffs,     : Index No. 05 CV 3939(CM)
                                        :
        -against-                       :
                                        :
                                        :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware     :
Limited Liability Company,              :
                                        :
                        Defendants.     :
                                        :
-------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS RESPONSES AND OBJECTIONS TO DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE LLC'S THIRD OF DOCUMENT REQUESTS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through the undersigned counsel, respond to Defendant/Consolidated Plaintiff Marilyn Monroe LLC's ("Defendant's") Third Set of Document Requests to Plaintiffs, as follows:

## GENERAL OBJECTIONS

In addition to specific objections asserted with respect to specific document requests, Plaintiffs assert the following general objections with respect to each and every one of Defendant's document requests:

1.    Plaintiffs object to the extent that Defendant's discovery requests seek to impose duties or obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

1

2. Plaintiffs object to the extent that Defendant's discovery requests are overbroad, vague, unduly burdensome, oppressive, ambiguous or otherwise unclear as to the precise information sought.

3. Plaintiffs object to the extent that Defendant's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and/or calls for information and/or documents that are irrelevant or immaterial.

4. Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are no longer in existence or which are not in Plaintiffs' possession, custody or control.

5. Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents, which are dated, were prepared or relate to facts, events or activities that occurred after the commencement of this action.

6. Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are publicly available, and/or equally or more readily available to Defendant.

7. Plaintiffs objects to the extent that Defendant's discovery requests seek production of documents, which are subject to the attorney-client privilege, constitute work product, or are otherwise immune from discovery.

8. Plaintiffs objects to the extent that Defendant's discovery requests call for the production of documents that contain sensitive or confidential business information. Any such documents will only be produced after entry of a mutually agreeable protective order regarding confidentiality.

9. Nothing in these responses shall be construed as a waiver or any of the objections contained herein or any privilege or immunity.

10. Plaintiffs object to the extent that Defendant's discovery requests are unreasonably cumulative and duplicative.

11. Any production of information or documents by Plaintiffs in response to Defendant's discovery requests shall not be construed as a waiver of Plaintiffs' right to object to the use of such documents, or their proffered admission into evidence, at trial, or in any motion in other proceedings in or related to this action.

12. If Plaintiffs inadvertently produces information and/or documents that are or may be the subject of any of the objections contained herein, such production is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents or any withheld information. Plaintiffs reserves their right to demand the return of such information, including all copies of such documents and any notes, extracts or excerpts pertaining thereto.

13. Plaintiffs' discovery and investigation in connection with this lawsuit are continuing. As a result, Plaintiffs' responses are limited to information obtained up to date, and are provided without prejudice to Plaintiffs' right to amend or supplement its responses after considering information obtained through further discovery or investigation.

14. Plaintiffs object to the production of any documents other than: (i) documents pertaining to Sam Shaw photographic images illustrated in the publications specifically referenced in ¶¶ 23 and 25 of Defendants Third Amended Complaint; or (ii)

3

documents pertaining to plaintiffs First, Second and Ninth Cause of Action set forth in their Second Amended Complaint and defendants affirmative defenses thereto.

## DOCUMENT RESPONSES

### Document Request No. 1

Copies of, or documents sufficient to identify, all of the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs.

### Response to Document Request No. 1

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 2

All copyright registration certificates and applications, including all correspondence related thereto, concerning any of the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs.

### Response to Document Request No. 2

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 3**

All documents filed with or received from the Copyright Office concerning any of the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs.

**Response to Document Request No. 3**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 4**

All documents, including all assignments or agreements, which Plaintiffs claim grant them the ownership or control over any of the copyrights in the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs.

**Response to Document Request No. 4**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 5**

True copies of all deposit copies of any Monroe/Shaw Photographs submitted to the U.S. Copyright Office, including without limitation: (i) the Amagansett Photographs; (ii) the

Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs.

**Response to Document Request No. 5**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 6**

All communications with Marilyn Monroe concerning any of the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs.

**Response to Document Request No. 6**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 7**

All documents concerning Plaintiffs' purported ownership of (i) the Amagansett Photographs: (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs, including but not limited to all documents concerning your claim that Sam Shaw was the author of the photographs, and claim of title relating thereto.

**Response to Document Request No. 7**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the

discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request 8**

All documents concerning the Publication of any of (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs, or any other use, exploitation, dissemination or distribution of any such photographs, publicly or otherwise, including but not limited to on film, the internet, television, or in print.

**Response to Document Request No. 8**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 9**

All documents concerning any copyright notices for any of (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs.

**Response to Document Request No. 9**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 10

All agreements and/or assignments concerning any of (i) the Amagansett Photographs: (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and (iv) the Camera Eye Photographs.

### Response to Document Request No. 10

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 11

All documents concerning the three Amagansett Photographs identified in paragraph 15 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer.

### Response to Document Request No. 11

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 12

All documents concerning Plaintiffs' allegations, in paragraph 15 of the Second Amended Complaint, that "Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879," including but not limited to all documents concerning MMLLC's allegedly infringing use.

**Response to Document Request No. 12**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 13**

All documents concerning the five specific Idyllic Interlude Photographs identified in paragraph 17 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer.

**Response to Document Request No. 13**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 14**

Al documents concerning Plaintiffs' allegations, in paragraph 18 of the Second Amended Complaint, that "Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879," including but not limited to all documents concerning MMLLC's allegedly infringing use.

9

### Response to Document Request No. 14

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 15

All agreements and/or assignments concerning the Flying Skirt Photographs, including but not limited to any and all correspondence and/or agreements with 20th Century Fox, Billy Wilder or any of the producers of "The Seven Year Itch."

### Response to Document Request No. 15

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

### Document Request No. 16

All documents concerning the images referenced in paragraph 19 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer (including but not limited to copies of all such images).

### Response to Document Request No. 16

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 17**

All documents concerning Plaintiffs' allegation, in paragraph 19 of the Second Amended Complaint, that "Defendants have authorized the Centric Corporation to publish, display, and sell numerous images of Marilyn Monroe on the Centric Corporation web site."

**Response to Document Request No. 17**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 18**

All documents concerning Plaintiffs' allegation, in paragraph 19 of the Second Amended Complaint, that "Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879," including but not limited to all documents concerning any allegedly infringing uses of images reference in paragraph 19.

**Response to Document Request No. 18**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 19**

A true and correct copy of the book "In the Camera Eye," referenced in paragraph 20 of the Second Amended Complaint.

**Response to Document Request No. 19**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they produced the relevant book in a prior document production.

**Document Request No. 20**

A true and correct copy of the book "Marilyn Monroe as the Girl."

**Response to Document Request No. 20**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they do not possess any documents responsive to this request.

**Document Request No. 21**

All documents concerning the two specific Camera Eye Photographs identified in paragraph 20 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer.

**Response to Document Request No. 21**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the

attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

    Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 22**

All documents concerning Plaintiffs' allegation, in Paragraph 21 of the Second Amended Complaint, that "defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 5-342-425," including but not limited to all documents concerning MMLLC's allegedly infringing use.

**Response to Document Request No. 22**

    Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

    Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 23**

All documents relating to Plaintiffs' allegation, in paragraph 24 of the Second Amended Complaint, that Defendants' intentionally false statements to Plaintiffs' licensees and potential licensees has caused…Plaintiffs' licensees to cease licensing images of Marilyn Monroe from Plaintiffs and cause other potential licensees to forgo licensing images of Marilyn Monroe from Plaintiffs when they otherwise would have done so."

**Response to Document Request No. 23**

    Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 24**

All documents relating to any agreements or correspondence with any of the "licensees" and/or "potential licensees" referenced in paragraphs 24 of the Second Amended Complaint.

**Response to Document Request No. 24**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 25**

All documents concerning any fees or income received by Defendants from any of the "licensees" and/or "potential licensees" referenced in paragraph 24 of the Second Amended Complaint.

**Response to Document Request No. 25**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 26**

Documents sufficient to identify all of the "Licensees" and/or "potential licensees" referenced in paragraph 24 of the Second Amended Complaint.

**Response to Document Request No. 26**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 27**

All documents relating to Plaintiffs' allegation, in paragraph 28 of the Second Amended Complaint, that "Defendants continue to represent that they have rights on the image of Marilyn Monroe."

**Response to Document Request No. 27**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 28**

All documents relating to any "false representations" referenced in paragraph 29 of the Second Amended Complaint.

**Response to Document Request No. 28**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 29**

All documents concerning Defendants' purported representations to New Media Inc. and Pyramid Posters Limited referenced in paragraph 30 of the Second Amended Complaint.

**Response to Document Request No. 29**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 30**

All documents relating to Defendants' purported "misrepresent[ations]," "omi[ssions]," and "fail[ure] to provide full disclosure on the nature and extend of their wrongful acts" as referenced in paragraph 33 of the Second Amended Complaint.

**Response to Document Request No. 30**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 31**

All documents relating to Plaintiffs' allegation, in paragraph 34 of the Second Amended Complaint, that "defendants misrepresentations are continuing to cause Plaintiffs damage because their actual and prospective licensees continue to suffer anxiety that their existing contractual relations and expectations will be nullified by new legislation"

**Response to Document Request No. 31**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 32**

All contracts with which Plaintiffs allege, in paragraph 42 of he Second Amended Complaint, that Defendants have allegedly "tortuously interfered."

**Response to Document Request No. 32**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

**Document Request No. 33**

All documents relating to Marilyn Monroe's domicile.

**Response to Document Request No. 34**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 35**

All documents from any third-parties concerning a claim that they own all or any portion of the rights to photographs which Plaintiffs claim to own, including the Monroe/Shaw Photographs.

**Response to Document Request No. 35**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 36**

All documents relating to any copyright notices or registrations by Sam Shaw and/or Ian Woodner for photographs appearing in the book "Marilyn Among Friends," including but not limited to any copyright notices or registrations dated 1972, 1979 and/or 1987.

### Response to Document Request No. 36

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 37

All communications between and/or involving Sam Shaw and Ian Woodner.

### Response to Document Request No. 37

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

### Document Request No. 38

All documents relating to any copyright notices or registrations by Norman Rosten relating to the book "Marilyn Among Friends."

### Response to Document Request No. 38

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 39**

All communications and/or agreements between Sam Shaw and Norman Rosten relating to the book "Marilyn Among Friends," any photographs contained therein, or any copyrights.

**Response to Document Request No. 39**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

**Document Request No. 40**

A true and correct copy of the Trust instrument referenced in paragraph 13 of the Second Amended Complaint.

**Response to Document Request No. 40**

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs state that they will produce relevant, non-objectionable documents in their possession, custody or control, to the extent they exist.

Dated: November 29, 2007
New York, New York

        LAW OFFICES CHRISTOPHER SERBAGI

        By: _/s/ Christopher Serbagi_
        Christopher Serbagi
        David Marcus
        1650 Broadway, Suite 1001
        New York, New York 10019
        Tele: (646) 536-7602
        Fax: (212) 265-5226

        **Attorney for the Plaintiffs/Consolidated Defendants**