UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )
                                                            :
SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,                          :05 CV 3939 (CM)
                                                            :
              Plaintiffs,                                   :
      v.                                                    :
                                                            :
CMG WORLDWIDE, INC., an Indiana Corporation  :
and MARILYN MONROE, LLC, a Delaware Limited :
Liability Company,                                          :
                                                            :
              Defendants.                                   :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )

### DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS' FIRST DEMAND FOR PRODUCTION OF DOCUMENTS

Defendant/Consolidated Plaintiff Marilyn Monroe LLC ("MMLLC") hereby responds

and objects to the First Demand for Production of Documents submitted by

Plaintiffs/Consolidated Defendants Shaw Family Archives, Ltd. ("SFA"), Bradford Licensing,

Inc. ("Bradford"), Edith Marcus and Meta Stevens (collectively, "Plaintiffs") as follows:

### GENERAL OBJECTIONS

1.      MMLLC objects to Plaintiffs' demands for production to the extent that they are

vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to

the discovery or relevant and admissible evidence.

2.      MMLLC objects to Plaintiffs' demands for production to the extent that they seek

trade secrets, proprietary information or confidential commercial information not relevant to, or

necessary for, this action.

3.    MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require production of documents that are public or otherwise available from sources to which Plaintiffs also have access.

4.    MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require production of documents not in the possession, custody, or control of MMLLC.

5.    MMLLC objects to the instructions and definitions in Plaintiffs' demands for production to the extent they in any way deviate from or expand upon obligations, duties, or requirements set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Civil Rules for the United States District Court for the Southern District of New York (the "Local Rules").

6.    MMLLC objects to the definitions in Plaintiffs' demands for production as vague, ambiguous and/or overbroad. MMLCC objects, *inter alia*, to (a) definition 5 as vague, ambiguous and overbroad, especially to the extent that it includes CMG and SFA; (b) definitions 6, 7, and 8 to the extent that Plaintiffs purport to define terms in a manner beyond the definitions of those terms in Rule 34(a) of the Federal Rules or Rule 26.3 of the Local Rules; and (c) definition 15 as vague, overbroad, unduly burdensome, and seeking to impose requirements beyond the obligations of the Federal Rules of Civil Procedure.

7.    MMLLC objects to the instructions in Plaintiffs' demands for production, including but not limited to instructions 2 and 7 as overbroad and unduly burdensome. Moreover, MMLLC will not approach third parties to respond to Plaintiffs' demands for production.

2

8.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require production of documents relating to allegations or matters that are not included in Plaintiffs' or Defendants' operative complaints.

9.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require production of documents that reflect MMLLC's legal opinions or conclusions.

10.    MMLLC objects to producing any documents until a confidentiality order has been entered by the Court.

11.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require MMLLC to produce documents already in Plaintiffs' possession or that may be produced to Plaintiffs, whether by other Defendants or third parties.

12.    MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, rule, privilege or immunity.

13.    MMLLC objects to Plaintiffs' demands for production to the extent that they would be better characterized as interrogatories.

14.    In furnishing the objections herein, MMLLC does not concede that any of Plaintiffs' demands for production, or any subpart thereof, is relevant to the claims or defenses in his litigation.

15.    Any documents inadvertently disclosed to Plaintiffs shall not constitute a waiver of any privilege, any other doctrine against disclosure, or the right of MMLLC to object to the use of any document inadvertently disclosed.  MMLLC reserves the right to demand that Plaintiffs return to it any information inadvertently disclosed.

3

16.    MMLLC reserves the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

17.    In furnishing the responses herein, MMLLC does not concede the truth of any factual assertion or implication contained in any of Plaintiffs' requests for production. Moreover, MMLLC's responses and objections shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody or control.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving or restricting the general objections set forth above, all of which are incorporated by reference into each of the following objections, MMLLC responds and objects to Plaintiffs' specific demands for production as follows and, as noted above, reserves the right at any time to supplement and/or amend its responses and objections:

**Request No. 1:**

All documents including any electronic data and email communications (a) asked to be identified in plaintiffs/consolidated defendant's Interrogatories, (b) containing any of the information sought by or identified in plaintiffs/consolidated defendant's Interrogatories, or (c) relied upon by you in responding to plaintiffs/consolidated defendant's Interrogatories, separately listing for each document the number(s) of the Interrogatory(ies) to which it pertains.

**Specific Response and Objections to Request No. 1:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

4

the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: MMLLC has no documents in its possession, custody, or control responsive to this request.

### Request No. 2:

All documents including electronic data and email communications constituting, evidencing or concerning any communication between CMG and/or MMLLC and SFA and/or Bradford.

### Specific Response and Objections to Request No. 2:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 3:**

All documents, laws, and cases, including electronic data and email communications relied upon or referred to by you in preparing your Complaint or Answer and any Amended Complaint or Answer you have or may file in this matter, if any, including your affirmative defenses and counterclaims herein.

**Specific Response and Objections to Request No. 3:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 4:**

All documents relating to the States in which Marilyn Monroe was a resident at any time during the final five years of her life.

**Specific Response and Objections to Request No. 4:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 5:**

All documents relating to the States in which Marilyn Monroe was a domicile at any time during the final five years of her life.

**Specific Response and Objections to Request No. 5:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it

seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 6:**

All California Tax records and filings, decisions, appeals and motions, not limited to but including California Board of Equalization records, correspondence and pleadings, relating to Marilyn Monroe/The Estate of Marilyn Monroe.

**Specific Response and Objections to Request No. 6:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody,

or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 7:**

All documents relating to Marilyn Monroe's tax returns, records or filings, including but not limited to tax returns filed by Marilyn Monroe three years prior to her death up to and including the last year in which she filed taxes and tax returns, and tax related documents, filed by the Estate of Marilyn Monroe.

**Specific Response and Objections to Request No. 7:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 8:**

All documents concerning any California Ancillary Probate Proceeding relating to Marilyn Monroe including, but limited to, any proceedings concerning the State in which Marilyn Monroe was a resident or domiciliary at the time of her death.

**Specific Response and Objections to Request No. 8:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 9:**

Any documents relating to or concerning CMG and MMLLC's assertion that some of the photographs within SFA's collection are now in the public domain.

**Specific Response and Objections to Request No. 9:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

the attorney work product doctrine.    MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

### Request No. 10:

Any documents concerning the probate of the Estate of Marilyn Monroe in the State of New York.

### Specific Response and Objections to Request No. 10:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.    MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody,

or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 11:**

Copies of all contracts and licenses entered into by defendants, entered into and/or in effect within the past six (6) years which licenses, markets and/or sells and photographic image of Marilyn Monroe.

**Specific Response and Objections to Request No. 11:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 12:**

The laws and statutes defendants will rely upon to prove their claim that some or all of the Sam Shaw photographs depicting Marilyn Monroe that are owned or controlled by Shaw Family Archives, LTD. are in the public domain.

**Specific Response and Objections to Request No. 12:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

**Request No. 13:**

A complete description of the alleged acts and occurrences that form the basis of defendants claim that Shaw Family Archives, Ltd. and Bradford committed any crime under the relevant Indiana Statute.

**Specific Response and Objections to Request No. 13:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation.

MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control. MMLLC also objects to this request to the extent it requires MMLLC to create or generate descriptions that do not already exist.

**Request No. 14:**

Provide copies of all documents that will form the basis for any damages claimed by defendants.

**Specific Response and Objections to Request No. 14:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

14

**Request No. 15:**

All documents, including electronic data and email communications, you will introduce or rely upon at any hearing or trial in this action.

**Specific Response and Objections to Request No. 15:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 16:**

Provide copies of all documents from the United States Patent and Trademark Office setting forth Marilyn Monroe Ltd.'s ownership of any trademark right in the name Marilyn Monroe and Norma Jean.

**Specific Response and Objections to Request No. 16:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

## Request No. 17:

All documents, statutes and/or cases which defendants rely upon to determine or in support of defendants' assertions regarding the domicile of Marilyn Monroe at the time of her death.

## Specific Response and Objections to Request No. 17:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

16

**Request No. 18:**

Any allegedly libelous or slanderous statements made by SFA or Bradford, or any evidence regarding same.

**Specific Response and Objections to Request No. 18:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control. MMLLC also objects to this request to the extent it requires MMLLC to create or generate descriptions that do not already exist.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 19:**

All admissions or declarations against interest made by SFA or Bradford.

**Specific Response and Objections to Request No. 19:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control. MMLLC also objects to this request to the extent it requires MMLLC to create or generate descriptions that do not already exist.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 20:**

Any documents supporting the damages alleged by any of the parties to the instant action.

**Specific Response and Objections to Request No. 20:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks

information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs.  MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 21:**

Copies of all correspondence sent to third parties regarding the rights of SFA or Bradford to market or license any of the photographic images taken by Sam Shaw.

**Specific Response and Objections to Request No. 21:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.  MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs.  MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

Dated:  New York, New York
        December 26, 2006

/s/ Orin Snyder
Orin Snyder (OS-3122)
Michelle Craven (MC-8556)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035

Attorneys for Defendant/Consolidated Plaintiff
Marilyn Monroe LLC

100117500

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )

SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,

                 Plaintiffs,

   v.

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - )

:05 CV 3939 (CM)

## CERTIFICATE OF SERVICE

KATHRYN E. MATTHEWS hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.   I am an associate at the firm of Gibson, Dunn & Crutcher LLP, counsel to Defendant/Consolidated Plaintiff Marilyn Monroe LLC ("MMLLC") in this action.

2.   On December 26, 2006, I caused a copy of Defendant/Consolidated Plaintiff MMLLC's Responses and Objections to Plaintiffs/Consolidated Defendants' First Demand for Production of Documents to be served by facsimile and first class mail, postage prepaid, upon counsel for Plaintiffs/Consolidated Defendants at the following address:

David Marcus, Esq.
Marcus & Greben
1650 Broadway, Suite 707
New York, NY  10019

Dated:  December 26, 2006

Kathryn E. Matthews