UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,

                            Plaintiffs,     :  Index No. 05 CV 3939 (CM)

          -against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

                           Defendants.
------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby request that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe, LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth below, produce all the documents and things described below, wherever located, that are in Defendants' possession, custody, or control, or in the possession, custody, or control of their agents, servants, employees, attorneys, accountants or other persons acting or purporting to act on Defendants' behalf, at the Law Offices of Christopher Serbagi, 488 Madison Avenue, Suite 1120, New York, New York 10022, within thirty days or at such earlier time as may be ordered by the Court. Defendants may produce true and correct copies of the requested documents rather than originals.

## **DEFINITIONS**

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Request for the Production of Documents.

1) The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2) The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3) The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4) "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5) "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6) "Identify" (with respect to documents) means to provide, to the extent known, the type of document, its general subject matter, the date of the document, and its author(s), addressee(s) and recipient(s).

7) The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

8) The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

9) The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

10) The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

11) The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

12) The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

13) Each of the terms "all" and "each" shall be construed as both all and each.

14) The term "any" means both any and all.

15) The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16) The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

17) The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

18) The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

19) The term "PTO" means the United States Patent and Trademark Office.

20) The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al., Index. No. CV 05-2200 MMM, dated May 14, 2007.

## INSTRUCTIONS

1) Unless otherwise noted, the time period covered by each request for documents is January 1, 1996, to present

2) Each request for documents seeks production of documents in their entirety, without abbreviation, modification, or redaction, including all attachments and materials affixed thereto.

3) Documents shall be produced in an order corresponding to each paragraph of this document request, or, in the alternative, they may be produced in the same order in which they are maintained in the usual course of business.

4) Each defendant remains under a duty of supplement pursuant to Rule 26 with respect to each request.

5) Each request for documents shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

6) Each and every non-identical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

7) A representation of inability to comply with a particular request shall state the specific reason for the inability to comply, including whether the particular document has never existed, has been destroyed; has been lost misplaced, or stolen or has never been, or is no longer, in your possession, custody, or control. The statement shall set forth the same and address of any natural persons or organization known or believe by you to have possession, custody, or control of that document or category of documents.

8) If only part of a request is objectionable, the response shall set forth clearly the extent of and the specific ground for the objection, and all other requested documents shall be produced. If objection is based on a claim of privilege or other protection, for such document you must state:

    a) the date of the document;

    b) the request(s) to which the document is responsive;

    c) the title and/or general subject matter of the writing;

5

d) the person(s) to whom the document was addressed or copied; and

e) the nature and basis of your claim of privilege or other reason that the information is protected from discovery, sufficiently to determine the validity of that claim in accordance with Fed. R Civ. P. 26(b)(5).

## DOCUMENT REQUESTS

Document Request No. 1
All documents in which Defendants explicitly or implicitly referred to (i) the Federal Court Decisions or (ii) the rights that either Defendant purportedly has in the image, name, or likeness of Marilyn Monroe subsequent to the date of the Federal Court Decisions. This document request includes, but is not limited to, letters and/or electronic communications to Plaintiffs' licensees, Defendants' licensees, the press, or any other party.

Document Request No. 2
The Monroe/Shaw Photographs that CMG admits to displaying on its website for 6-9 months and documents concerning your statement that "[w]hen CMG displayed those images, it had a reasonable belief that those images were in the public domain." See your response to Plaintiffs' Interrogatory No. 1.

Document Request No. 3
All documents relating to the prosecution of the MM Marks in the PTO, including but not limited to, documents received and submitted to the PTO, documents provided to and received from licensees and third parties.

Document Request No. 4
All documents relating to your responses to Plaintiffs' first and second set of interrogatories.

Document Request No. 5
All documents relating to your allegation that the Plaintiffs have infringed Defendants' trademarks.

Document Request No. 6
Copies of all pleadings and correspondence concerning your Answer to Interrogatory No. 3 in Plaintiffs' first set of document requests.

Document Request No. 7
Copies of all the photographs or images of Marilyn Monroe you have ever licensed to anyone.

Document Request No. 8
All documents relating to the efforts of Defendants or others to amend the New York Civil Rights Law, including but not limited to, the proposed Bill known as A.8836(Weinstein)/S.6005(Golden). Defendants' response to this document request should include, but is not limited to, all internal drafts, letters to any member of the New York legislature, position papers, letters to lobbyists and their agents, press releases, notes, etc.

Document Request No. 9
All documents relating to the efforts of Defendants or others to promote a right of publicity in any State in the United States, including but not limited to California and Indiana. Defendants' response to this document request should include internal drafts, letters to any member of the New York legislature, position papers, letters to lobbyists and their agents, or any other document in any way pertaining to Defendants' efforts to institute, change or amend a right of publicity law or privacy law.

Document Request No. 10
All attorney opinion letters that Defendants' intend to use as a defense in any manner in this litigation.


Dated: July 16, 2007
       New York, New York


                              LAW OFFICES OF CHRISTOPHER SERBAGI

                              By: _____
                                  Christopher Serbagi (CS 7746)
                                  488 Madison Avenue, Suite 1120
                                  New York, New York 10022
                                  Tele: (212) 593-2112
                                  Fax: (212) 308-8582

                                  Attorney for the Plaintiffs

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2007, I caused a true and correct copy of Plaintiffs/Consolidated Defendants Second Set of Document Requests to Defendants/Consolidated Plaintiffs to be served by overnight mail to:

Orin Snyder, Esq.
Gibson Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Tele: 212-351-4000
Fax: 212-351-6288

Attorneys for Marilyn Monroe, LLC


Jonathan G. Polak, Esq.
SOMMER BARNARD PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tele: 317-713-3500
Fax: 317-713-3699

Attorneys for CMG Worldwide, Inc.


LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____
Christopher Serbagi (CS 7746)
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiffs