UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - )
SHAW FAMILY ARCHIVES, LTD., EDITH          :
MARCUS and META STEVENS,                   :          05 CV 3939 (CM)
                                           :
                    Plaintiffs,            :          Honorable Colleen McMahon
            v.                             :
                                           :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware Limited :
Liability Company,                         :
                                           :
                    Defendants.            :
                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - )

## DEFENDANTS/CONSOLIDATED PLAINTIFFS RESPONSE TO PLAINTIFFS/ CONSOLIDATED DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Consolidated

Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG") (collectively,

"Defendants") hereby respond and object to Plaintiffs/Consolidated Defendants' Second Set of

Document Requests as follows:

## GENERAL OBJECTIONS

1.      Defendants object to Plaintiffs' demands for production to the extent that they are

vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to

the discovery of relevant and admissible evidence.

2.      Defendants object to Plaintiffs' demands for production to the extent that they

seek trade secrets, proprietary information and/or confidential commercial information not

relevant to, or necessary for, the adjudication of the issues raised in the Parties' amended

complaints as filed in this action.

3.    Defendants object to Plaintiffs' demands for production to the extent that they purport to require the production of documents that are already in Plaintiffs' possession, are public or are otherwise readily available from sources to which Plaintiffs also have access.

4.    Defendants object to Plaintiffs' demands for production to the extent that they purport to require production of documents not in the Defendants' possession, custody, or control.

5.    Defendants object to the instructions and definitions in Plaintiffs' demands for production to the extent they in any way deviate from or expand upon obligations, duties, or requirements set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Civil Rules for the United States District Court for the Southern District of New York (the "Local Rules").

6.    Defendants object to the definitions in Plaintiffs' demands for production to the extent that they are used in such a way as to otherwise render Plaintiffs' demands vague, ambiguous, overbroad and/or not reasonably calculated to lead to the discovery of relevant and / or admissible evidence.

7.    Defendants object to Plaintiffs' demands for production to the extent they purport to require production of documents relating to allegations or matters that are not included in the Parties' operative complaints, as amended and filed in this Case.

8.    Defendants object to Plaintiffs' demands for production to the extent that they purport to require documents that are protected by the joint defense or common interest privilege, the attorney-client privilege, the attorney work product doctrine, and / or any other applicable law, rule, privilege or immunity.

9.    Defendants object to Plaintiffs' demands for production to the extent that they violate, infringe, or interfere with Defendants' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and other state and federal protections of the rights to freedom of speech and to petition the government.

10.    In furnishing the objections herein, Defendants do not concede that any of Plaintiffs' demands for production, or any subpart thereof, is relevant to the claims or defenses as raised by the Parties in their amended complaints filed in this action.

11.    Any documents inadvertently disclosed to Plaintiffs shall not constitute a waiver of any privilege, any other doctrine against disclosure, or the right of Defendants to object to the use of any document inadvertently disclosed. Defendants reserve the right to demand that Plaintiffs return to them any information inadvertently disclosed without further recourse.

12.    Any documents disclosed to Plaintiffs shall not constitute a waiver of any right of Defendants to object to the use and/or ultimate admissibility of any such document duly produced to Plaintiffs by Defendants. As such, Defendants hereby expressly reserve the right to object, on whatever basis, to the use and/or ultimate admissibility of any document produced to Plaintiffs in this Case.

13.    Defendants reserve the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

14.    In furnishing the responses herein, Defendants do not concede the truth of any factual assertion or implication contained in any of Plaintiffs' requests for production. Moreover, Defendants' responses and objections shall not be construed as representations

3

regarding the existence or non-existence of specific documents in its possession, custody or control.

## DOCUMENT REQUESTS

### Document Request No. 1:

All documents in which Defendants explicitly or implicitly referred to (i) the Federal Court Decisions or (ii) the rights that either Defendant purportedly has in the image, name, or likeness of Marilyn Monroe subsequent to the date of the Federal Court Decisions. This document request includes, but is not limited to, letters and/or electronic communications to Plaintiffs' licensees, Defendants' licensees, the press, or any other party.

### Response to Document Request No. 1:

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants object to this request to the extent that it seeks to violate, infringe, or interfere with Defendants' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and other state and federal protections of the rights to freedom of speech and to petition the government. Defendants further object to this request on the basis that the request is overbroad. Defendants further object to this request as vague and ambiguous with respect to the term "implicitly." Defendants also object to this request to the extent that it seeks information that is not related to alleged licensees or potential licensees of Shaw because it seeks information that is not relevant to the claims or defenses of any party as raised in the amended complaints and/or not reasonably calculated to lead to the discovery of relevant and admissible evidence. In addition, Defendants object to this request on the basis that the request seeks information that is not relevant to the claims or defenses of any party other than claims that are subject to

Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and Defendants' Motion to Stay discovery, both of which will be filed shortly.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically preserve, Defendants respond as follows: Defendants will produce non-privileged documents responsive to this request in their possession, custody, or control, to the extent they exist, other than documents related to Defendants' constitutional right of freedom of speech and to petition the government.

**Document Request No. 2:**

The Monroe/Shaw Photographs that CMG admits to displaying on its website for 6-9 months and documents concerning your statement that "[w]hen CMG displayed those images, it had a reasonable belief that those images were in the public domain."

**Response to Document Request No. 2:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party in that CMG previously informed Plaintiffs that the photos which were the subject of the noted interrogatory response were contained in the book entitled *Marilyn Monroe. The Life. The Myth.*, all of which previously were found to be in the public domain by the United States District Court for the Southern District of New York and none of which are the subject of Plaintiffs' Second Amended Complaint.

**Document Request No. 3:**

All documents relating to the prosecution of the MM Marks in the PTO, including but not limited to, documents received and submitted to the PTO, documents provided to and received from licensees and third parties.

**Response to Document Request No. 3:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request on the basis that the request is vague and ambiguous, with respect to the phrase "documents provided to and received from licensees and third parties." Defendants further object to this request on the basis that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party as raised by the Parties in their respective amended complaints filed in this action and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence.

**Document Request No. 4:**

All documents relating to your responses to Plaintiffs' first and second set of interrogatories.

**Response to Document Request No. 4:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request on the basis that the request is vague, ambiguous, overbroad and unduly burdensome with respect to the phrase "relating to." In addition, Defendants object to this request to the extent it seeks information concerning Plaintiffs' second set of interrogatories and/or interrogatories 4, 10, 13, 14, 18, 19, and 20 of Plaintiffs' first set of interrogatories on the basis that the request seeks information that is not relevant to the claims or defenses of any party as raised by the Parties in their amended complaints and filed in this Case and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence.

6

**Document Request No. 5:**

All documents relating to your allegation that the Plaintiffs have infringed Defendants' trademarks.

**Response to Document Request No. 5:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request as on the basis that the request seeks information that is not relevant to the claims or defenses of any party as raised by the Parties in their amended complaints filed in this action and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence.

**Document Request No. 6:**

Copies of all pleadings and correspondence concerning your Answer to Interrogatory No. 3 in Plaintiffs' first set of document requests.

**Response to Document Request No. 6:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request to the extent it seeks correspondence on the basis that the request is vague and ambiguous, overbroad and unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party as raised by the Parties in their amended complaints filed in this action and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically preserve, Defendants respond as follows:  Defendants will

produce responsive pleadings, as defined in Fed. R. Civ. P. 7(a), concerning the actions identified in their response to Interrogatory No. 3 in Plaintiffs' First Set of Interrogatories in their possession, custody, or control, to the extent they exist.

**Document Request No. 7:**

Copies of all photographs or images of Marilyn Monroe you have ever licensed to anyone.

**Response to Document Request No. 7:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request to the extent that it purports to request photographs or images of Marilyn Monroe unlimited in time and that are not Monroe/Shaw Photographs on the basis that the request is overbroad and unduly burdensome. Defendants also object to this request to the extent that it seeks information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence because the Court has already ruled on Defendants' right of publicity claim.

**Document Request No. 8:**

All documents relating to the efforts of Defendants or others to amend the New York Civil Rights Law, including but not limited to, the proposed Bill known as A.8836(Weinstein)/ S.6005(Golden). Defendants' response to this document request should include, but is not limited to, all internal drafts, letters to any member of the New York legislature, position papers, letters to lobbyists and their agents, press releases, notes, etc.

**Response to Document Request No. 8:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine.

Defendants object to this request to the extent that it seeks to violate, infringe, or interfere with Defendants' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and other state and federal protections of the rights to freedom of speech and to petition the government. Defendants also object to this request on the basis that the request seeks information that is not relevant to the claims or defenses of any party other than claims that are subject to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and Defendants' Motion to Stay discovery, both of which will be filed shortly.

**Document Request No. 9:**

All documents relating to the efforts of Defendants or others to promote a right of publicity in any State in the United States, including but not limited to California and Indiana. Defendants' response to this document request should include internal drafts, letters to any member of the New York legislature, position papers, letters to lobbyists and their agents, or any other document in any way pertaining to Defendants' efforts to institute, change or amend a right of publicity law or privacy law.

**Response to Document Request No. 9:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants object to this request to the extent that it seeks to violate, infringe, or interfere with Defendants' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and other state and federal protections of the rights to freedom of speech and to petition the government. Defendants also object to this request on the basis that the request seeks information that is not relevant to the claims or defenses of any party other than claims that are subject to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and Defendants' Motion to Stay discovery, both of which will be filed shortly.

**Document Request No. 10:**

All attorney opinion letters that Defendants' intend to use as a defense in any manner in this litigation.

**Response to Document Request No. 10:**

Subject to and without waiving the foregoing general objections, which Defendants specifically preserve, Defendants respond as follows:  Defendants will produce any attorney opinion letters on which they intend to rely.

DATED:    New York, New York
          August 27, 2007

GIBSON, DUNN & CRUTCHER LLP

Orin Snyder (OS-3122)
Cynthia Arato (CA-8350)
Howard Hogan (HH-7995)
Michelle Craven (MC-8556)
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-2400
F: (212) 351-6288
*Counsel for Defendant/Consolidated Plaintiff*
*Marilyn Monroe, LLC*

SOVICH MINCH LLP

Theodore J. Minch (Admitted *Pro Hac Vice*)
10099 Chesapeake Drive, Suite 100
McCordsville, IN 46055
T: (317) 335-3601
F: (317) 335-3602

10