UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ )
SHAW FAMILY ARCHIVES, LTD., EDITH    :
MARCUS and META STEVENS,             :    05 CV 3939 (CM)
                                     :
            Plaintiffs,              :    Honorable Colleen McMahon
    v.                               :
                                     :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware Limited :
Liability Company,                   :
                                     :
            Defendants.              :
                                     :
------------------------------------ )

## DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS/CONSOLIDATED DEFENDANTS

Defendant/Consolidated Plaintiff Marilyn Monroe, LLC ("MMLLC"), by and through its undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Plaintiffs/Consolidated Defendants Shaw Family Archives, Ltd. ("SFA") and Bradford Licensing, Inc. ("Bradford") (collectively, "Plaintiffs"), in accordance with the definitions and instructions set forth below, fully respond to the following Interrogatories separately, in writing, within thirty days of service.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Interrogatory.

1) The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2) The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3) The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4) "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5) "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6) The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7) The term "Monroe Intellectual Property Rights" means and refers to various intellectual property rights, including certain trademarks, copyrights, and the rights of association

2

and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

8) The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw over which you claim ownership.

9) The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10) The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11) The terms "you," "your," and "your company" shall mean each Plaintiff and/or Counterclaim Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on each Plaintiff and/or Counterclaim Defendant's behalf.

12) Each of the terms "all" and "each" shall be construed as both all and each.

13) The term "any" means both any and all.

14) The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15) The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16) The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## INSTRUCTIONS

1) Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2) In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3) After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4) Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

5) If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

6) In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain

further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State all facts concerning your licensing for commercial use any of the Monroe/Shaw Photographs without the authorization, consent, involvement, or participation of MMLLC or CMG.

**INTERROGATORY NO. 2:**

Identify all persons or entities with knowledge or information concerning your response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Identify any piece of litigation, aside from the instant litigation, between you and any other person concerning your ownership of the Monroe/Shaw Photographs.

**INTERROGATORY NO. 4:**

State the specific nature of any damages to you that you claim is the result of CMG or MMLLC's conduct, including but not limited to (a) the date on which such damages occurred; (b) the amount of such damages; and (c) the proximate cause of such damages.

**INTERROGATORY NO. 5:**

Identify any person or entity that has an ownership interest in you, including their percentage of ownership.

**INTERROGATORY NO. 6:**

State all facts regarding any instance where you stated to third parties that MMLLC does not own the Monroe Intellectual Property Rights.

**INTERROGATORY NO. 7:**

Identify any person or entity that you have told that MMLLC does not own the Monroe Intellectual Property Rights.

**INTERROGATORY NO. 8:**

State all facts concerning any Monroe/Shaw Photographs that have fallen in the public domain.

**INTERROGATORY NO. 9:**

State all facts concerning your ownership of any copyrights in the Monroe/Shaw Photographs.

**INTERROGATORY NO. 10:**

State all facts concerning Bradford's representation of the Monroe/Shaw Photographs for commercial purposes.

**INTERROGATORY NO. 11:**

State all facts concerning all incidents of which you are aware in which MMLLC contacted your third party licensees, actual or prospective, regarding the licensing of the Monroe/Shaw Photographs.

**INTERROGATORY NO. 12:**

Identify all persons or entities with knowledge or information concerning your response to Interrogatory No. 11.

**INTERROGATORY NO. 13:**

State all facts concerning your claim that Marilyn Monroe died a domiciliary of New York.

**INTERROGATORY NO. 14:**

State all facts concerning your allegation that MMLLC infringed your alleged copyrights in the Monroe/Shaw Photographs.

Dated: New York, New York
       January 11, 2007

                                      Orin Snyder (OS-3122)
                                      Michelle Craven (MC-8556)
                                      **GIBSON, DUNN & CRUTCHER LLP**
                                      200 Park Avenue, 47th Floor
                                      New York, New York 10166
                                      T: (212) 351-4000
                                      F: (212) 351-4035

                                        Attorneys for Defendant/Consolidated Plaintiff
                                        Marilyn Monroe, LLC

100124411_2.DOC