UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., EDITH  :
MARCUS and META STEVENS,

                              :

           Plaintiffs,

                              :     05 Civ. 3939 (CM)

     -against-

                              :     Honorable Colleen McMahon

CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC, :
a Delaware Limited Liability Company,

                              :

           Defendants.

                              :

-----------------------------------------------------------X

**DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE,
LLC'S SECOND SET OF INTERROGATORIES TO
PLAINTIFFS/CONSOLIDATED DEFENDANTS**

      Defendant/Consolidated Plaintiff Marilyn Monroe, LLC ("MMLLC"), by and

through its undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of

Civil Procedures, hereby requests that Plaintiffs/Counterclaim Defendants Shaw Family

Archives, Ltd. ("SFA"), Bradford Licensing, Inc. ("Bradford"), Edith Marcus, and Meta

Stevens (collectively, "Plaintiffs"), in accordance with the definitions and instructions set

forth below, fully respond to the following Interrogatories separately, in writing, within

thirty days of service.

## **DEFINITIONS**

     1.     The term "communication" or "communicating" refers to any

transmission of information (in the form of facts, ideas, inquiries, or otherwise) between

or among individuals or companies in any manner, whether verbal, written, electronic, or

otherwise, whether in-person or telephonic, whether direct or through an intermediary.

2.    The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

3.    The term "CMG" means Defendant/Consolidated Plaintiff CMG Worldwide, Inc.

4.    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession, custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5.    "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6.    "Identify" (with respect to documents) means to provide, to the extent known, the type of document, its general subject matter, the date of the document, and its author(s), addressee(s) and recipient(s).

7.    The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

8.    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw over which you claim ownership.

9.    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10.    The term "Publication" means and refers to the distribution of a work or copies of a work to the public by sale or other transfer of ownership, or by rental, lease or lending.  The offering to distribute copies to a group of persons for further distribution, public performance, or public display, constitutes "Publication."

11.    The term "Registration" means and refers to the registration and/or renewal of any work with the Library or Congress or any other entity authorized to bestow copyright protection.

12.    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

13.    The term "Second Amended Complaint" means the Second Amended Complaint filed by Plaintiffs in the United States District Court, Southern District of New York on August 8, 2007.

14.    The terms "you," "your," and "your company" shall mean each Plaintiff and/or Counterclaim Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on each Plaintiff and/or Counterclaim Defendant's behalf.

15.    Each of the terms "all" and "each" shall be construed as both all and each.

16.    The term "any" means both any and all.

17.    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18.    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

19.    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## INSTRUCTIONS

1.    In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

2.    After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

3.    Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the

response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

4.     If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

5.     In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are serviced and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all photographs from the following shoots / series of photographs referenced in the Second Amended Complaint:

- The "flying skirt series of photographs" referenced in paragraph 12 of the Second Amended Complaint;

- The "group of original photographs of Marilyn Monroe taken at the beach at Amagansett, New York" referenced in paragraph 15 of the Second Amended Complaint;

- All photographs taken on the same day or at the same shoot as the photographs on pages 128, 130 and 134-35 of the book "Marilyn Among Friends," referenced in paragraph 17 of the Second Amended Complaint;

- All photographs taken on the same day or at the same shoot as the photographs on pages 20-21 of the book "In the Camera Eye," referenced in paragraph 20 of the Second Amended Complaint.

### INTERROGATORY NO. 2:

Identify all photographs, from the "famous flying skirt series of photographs" referenced in paragraph 12 of the Second Amended Complaint, that have been published or otherwise used, exploited, disseminated or distributed, publicly or otherwise, including the date and nature of such publication or other use.

**INTERROGATORY NO. 3:**

Identify all photographs, from the "group of original photographs of Marilyn Monroe taken at the beach at Amagansett, New York" referenced in paragraph 15 of the Second Amended Complaint, that have been published or otherwise used, exploited, disseminated or distributed, publicly or otherwise, including the date and nature of such publication or other use.

**INTERROGATORY NO. 4:**

Identify all photographs, taken on the same day or at the same shoot as the "photographs of Marilyn Monroe depicted on pages 128 (center), 130 and 134-35 of the book 'Marilyn Among Friends'" referenced in paragraph 17 of the Second Amended Complaint, that have been published or otherwise used, exploited, disseminated or distributed, publicly or otherwise, including the date and nature of such publication or other use.

**INTERROGATORY NO. 5:**

Identify all photographs, taken on the same day or at the same shoot as the "photographs of Marilyn Monroe depicted on pages 20-21 of the book 'In the Camera Eye" referenced in paragraph 20 of the Second Amended Complaint, that have been published or otherwise used, exploited, disseminated or distributed, publicly or otherwise, including the date and nature of such publication or other use.

**INTERROGATORY NO. 6:**

Identify all of the "numerous images," referenced in paragraph 19 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer.

**INTERROGATORY NO. 7:**

State all facts concerning MMLLC's allegedly infringing uses of photographs identified in the Second Amended Complaint, including but not limited to the dates of the allegedly infringing uses, the nature of the allegedly infringing uses, and any notice given by Plaintiffs to Defendants of such allegedly infringing uses.

**INTERROGATORY NO. 8:**

Identify all "licensees" and "potential licensees" that are subjects of Plaintiffs' "tortious interference with contractual relations" and/or "tortious interference with prospective economic advantage" claims.

**INTERROGATORY NO. 9:**

Identify all "false representations of fact" referenced in paragraph 29 of the Second Amended Complaint, including but not limited to the dates of such alleged false representations, the substance of such representations, and the parties to whom they were made.

**INTERROGATORY NO. 10:**

Identify any agreements and/or correspondence between and among, *inter alia*, Sam Shaw and 20th Century Fox, Billy Wilder, and/or anyone associated with the film "The Seven Year Itch" concerning or relating to Sam Shaw's photographs of Marilyn Monroe taken on the set of "The Seven Year Itch."

**INTERROGATORY NO. 11:**

Identify any agreements and/or correspondence between and among, *inter alia*,

Sam Shaw and Norman Rosten concerning or relating to photographs appearing in the

book "Marilyn Among Friends."


Dated: New York, New York
       October 30, 2007


                    LOEB & LOEB LLP

                    By:_____

                    Barry I. Slotnick (BS-9796)
                    Paula K. Colbath (PC-9895)
                    Jonathan Neil Strauss (JS-1090)
                    345 Park Avenue
                    New York, New York 10154-1895
                    (212) 407-4000

                    Attorneys for Defendant/Consolidated
                    Plaintiff Marilyn Monroe, LLC

683955.1