UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., BRADFORD          :
LICENSING. INC.. JAMES E. DOUGHERTY, and      :
VALHALLA PRODUCTIONS. LLC.                     :
                                               :
                              Plaintiffs,      :        Index No. O5 CV 3939 (CM)
                                               :
            -against-                          :
                                               :
                                               :
                                               :
CMG WORLDWIDE. INC.. an Indiana Corporation    :
and MARILYN MONROE, LLC, a Delaware            :
Limited Liability Company,                     :
                                               :
                              Defendants.      :
                                               :
-------------------------------------------------------------------X


**PLAINTIFFS/CONSOLIDATED DEFENDANTS RESPONSES AND OBJECTIONS
TO DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE, LLC'S
SECOND SET OF INTERROGATORIES**

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through the undersigned

counsel, respond to Defendant/Consolidated Plaintiff Marilyn Monroe LLC's

("Defendant's") Second Set of Interrogatories to Plaintiffs, as follows:

**GENERAL OBJECTIONS**

In addition to specific objections asserted with respect to specific interrogatories,

Plaintiffs assert the following general objections with respect to each and every one of

Defendant's interrogatories:

1.       Plaintiffs object to the extent that Defendant's discovery requests seek to

impose duties or obligations on Plaintiffs beyond those imposed by the Federal Rules of

Civil Procedure or the Local Rules of the Southern District of New York.

l

2.    Plaintiffs object to the extent that Defendant's discovery requests are overbroad, vague, unduly burdensome, oppressive, ambiguous or otherwise unclear as to the precise information sought.

3.    Plaintiffs object to the extent that Defendant's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and/or calls for information and/or documents that are irrelevant or immaterial.

4.    Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are no longer in existence or which are not in Plaintiffs' possession, custody or control.

5.    Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents, which are dated, were prepared or relate to facts, events or activities that occurred after the commencement of this action.

6.    Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are publicly available, and/or equally or more readily available to Defendant.

7.    Plaintiffs objects to the extent that Defendant's discovery requests seek production of documents, which are subject to the attorney-client privilege, constitute work product, or are otherwise immune from discovery.

8.    Plaintiffs objects to the extent that Defendant's discovery requests call for the production of documents that contain sensitive or confidential business information.

9.    Nothing in these responses shall be construed as a waiver or any of the objections contained herein or any privilege or immunity.

10.    Plaintiffs object to the extent that Defendant's discovery requests are unreasonably cumulative and duplicative.

2

11.    Any production of information or documents by Plaintiffs in response to Defendant's discovery requests shall not be construed as a waiver of Plaintiffs' right to object to the use of such documents, or their proffered admission into evidence, at trial, or in any motion in other proceedings in or related to this action. Plaintiffs object because Defendants' declaratory judgment action in the Third Amended Complaint is improper as to these Plaintiffs.

12.    If Plaintiffs inadvertently produces information and/or documents that are or may be the subject of any of the objections contained herein, such production is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents or any withheld information. Plaintiffs reserves their right to demand the return of such information, including all copies of such documents and any notes, extracts or excerpts pertaining thereto.

13.    Plaintiffs' discovery and investigation in connection with this lawsuit are continuing. As a result, Plaintiffs' responses are limited to information obtained up to date, and are provided without prejudice to Plaintiffs' right to amend or supplement its responses after considering information obtained through further discovery or investigation.

14.    Plaintiffs object to any interrogatory other than: (i) interrogatories pertaining to Sam Shaw photographic images illustrated in the publications specifically referenced in ¶¶ 23 and 25 of Defendants' Third Amended Complaint; or (ii) interrogatories pertaining to Plaintiffs' First, Second and Ninth Cause of Action set forth in their Second Amended Complaint and defendants affirmative defenses thereto.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all photographs from the following shoots / series of photographs

referenced in the Second Amended Complaint:

- The "flying skirt series of photographs" referenced in paragraph 12 of the Second Amended Complaint;

- The "group of original photographs of Marilyn Monroe taken at the beach at Amagansett, New York" referenced in paragraph 15 of the Second Amended Complaint;

- All photographs taken on the same day or at the same shoot as the photographs on pages 128, 130 and 134-35 of the book "Marilyn Among Friends," referenced in paragraph 17 of the Second Amended Complaint;

- All photographs taken on the same day or at the same shoot as the photographs on pages 20-21 of the book "In the Camera Eye, "referenced in paragraph 20 of the Second Amended Complaint.


### RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the

discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs

further object to the extent that it seeks discovery of information, which is subject to the

attorney-client privilege, work product immunity, or any other applicable privilege or

immunity. Subject to and without waiving the foregoing objections, Plaintiffs identify the

following documents pursuant to F.R.C.P. 33(d): SFA 00026-27; 01042-01045; 01047-

01048; 01051; 01055; 01059-01072; 01083-01084.

### INTERROGATORY NO. 2:

Identify all photographs, from the "famous flying skirt series of photographs"
referenced in paragraph 12 of the Second Amended Complaint, that have been published or
otherwise used, exploited, disseminated or distributed, publicly or otherwise, including the
date and nature of such publication or other use.

4

## RESPONSE TO INTERROGATORY NO. 2:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information. which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Plaintiffs identify the following documents pursuant to F.R.C.P. 33(d): 01059-01072.

## INTERROGATORY NO. 3:

Identify all photographs, from the "group of original photographs of Marilyn Monroe taken at the beach at Amagansett, New York" referenced in paragraph 15 of the Second Amended Complaint. that have been published or otherwise used. exploited, disseminated or distributed. publicly or otherwise. including the date and nature of such publication or other use.

## RESPONSE TO INTERROGATORY NO. 3:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information. which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Subject to and without waiving the foregoing objections, Plaintiffs identify the following documents pursuant to F.R.C.P. 33(d): 01042-01045.

## INTERROGATORY NO. 4:

Identify all photographs, taken on the same day or at the same shoot as the "photographs of Marilyn Monroe depicted on pages 128 (center), 130 and 134-35 of the book 'Marilyn Among Friends'" referenced in paragraph 17 of the Second Amended Complaint, that have been published or otherwise used. exploited, disseminated or distributed, publicly or otherwise, including the date and nature of such publication or other use.

## RESPONSE TO INTERROGATORY NO. 4:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Plaintiffs further object to this Request pursuant to Local Rule 33.3(b).

Subject to and without waiving any of the foregoing objections, Plaintiffs do not possess sufficient facts to answer this interrogatory.

## INTERROGATORY NO. 5:

Identify all photographs, taken on the same day or at the same shoot as the "photographs of Marilyn Monroe depicted on pages 20-21 of the book 'In the Camera Eye" referenced in paragraph 20 of the Second Amended Complaint, that have been published or otherwise used, exploited, disseminated or distributed, publicly or otherwise, including the date and nature of such publication or other use.

## RESPONSE TO INTERROGATORY NO. 5:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Plaintiffs further object to this Request pursuant to Local Rule 33.3(b).

Subject to and without waiving any of the foregoing objections, Plaintiffs do not possess sufficient facts to answer this interrogatory.

## INTERROGATORY NO. 6:

Identify all of the "numerous images," referenced in paragraph 19 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer.

6

## RESPNSE TO INTERROGATORY NO. 6:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information. which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. To the extent relevant, Plaintiffs further object to this Request pursuant to Local Rule 33.3(b).

Subject to and without waiving the foregoing objections, Plaintiffs identify the following documents pursuant to F.R.C.P. 33.3(d): SFA 01043-01045. 01047-01048. 01051 and 01055.

Furthermore, Defendants have admitting to placing five images of Marilyn Monroe taken by Sam Shaw on their "MarilynMonroe.com" website. Defendants have declined to provide copies of these infringing images. Therefore, Plaintiffs are presently unable to identify those images.

## INTERROGATORY NO. 7:

State all facts concerning MMLLC's allegedly infringing uses of photographs identified in the Second Amended Complaint, including but not limited to the dates of the allegedly infringing uses, the nature of the allegedly infringing uses. and any notice given by Plaintiffs to Defendants of such allegedly infringing uses.

## RESPONSE TO INTERROGATORY NO. 7:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity. or any other applicable privilege or immunity. Plaintiffs further object because the information requested in this interrogatory is

7

in the Defendants' possession, custody, and control. Plaintiffs further object to this Request pursuant to Local Rule 33.3(b).

Subject to and without waiving the foregoing objections. Plaintiffs identify the following documents pursuant to F.R.C.P. 33(d):

1.    Plaintiffs Amended Complaint dated May 9. 2005 ¶¶ 15-26.

2.    SFA 01047-01054

3.    SFA 01043-01046

4.    SFA 01074

## INTERROGATORY NO. 8:

Identify all "licensees" and "potential licensees" that are subjects of Plaintiffs' "tortious interference with contractual relations" and/or "tortious interference with prospective economic advantage" claims.

## RESPONSE TO INTERROGATORY NO. 8:

This demand is no longer relevant to this case.

## INTERROGATORY NO. 9:

Identify all "false representations of fact" referenced in paragraph 29 of the Amended Second Amended Complaint, including but not limited to the dates of such alleged false representations, the substance of such representations, and the parties to whom they were made.

## RESPONSE TO INTERROGATORY NO. 9:

This demand is no longer relevant to this case.

## INTERROGATORY NO. 10:

Identify any agreements and/or correspondence between and among. *inter alia,* Sam Shaw and 20th Century Fox. Billy Wilder, and/or anyone associated with the film "The Seven Year Itch" concerning or relating to Sam Shaw's photographs of Marilyn Monroe taken on the set of "The Seven Year Itch."

## RESPONSE TO INETERROGATORY NO. 10:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the

discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs

further object to the extent that it seeks discovery of information. which is subject to the

attorney-client privilege. work product immunity, or any other applicable privilege or

immunity.

## INTERROGATORY NO. 11:

Identify any agreements and/or correspondence between and among, *inter alia.* Sam
Shaw and Norman Rosten concerning or relating to photographs appearing in the book
"Marilyn Among Friends."

## RESPONSE TO INTERROGATORY NO. 11:

Plaintiffs object to this Request on the grounds that it is overly broad, unduly

burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the

discovery of admissible evidence and is tantamount to a fishing expedition. Plaintiffs

further object to the extent that it seeks discovery of information. which is subject to the

attorney-client privilege, work product immunity, or any other applicable privilege or

immunity. Subject to and without waiving the foregoing objections, Plaintiffs identify the

following documents pursuant to F.R.C.P. 33(d): SFA 01085-SFA 01091.

Dated: New York, New York
      November 30, 2007

           LAW OFFICES OF CHRISTOPHER SERBAGI

           By: _____
           Christopher Serbagi
           David Marcus
           488 Madison Avenue, Suite 1120
           New York, New York 10022
           Tele: (212) 593-2112

           Attorney for the Plaintiffs/Consolidated Defendants

9