UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., BRADFORD
LICENSING, INC., JAMES E. DOUGHERTY, and
VALHALLA PRODUCTIONS, LLC,

          Plaintiffs, : Index No. 05 CV 3939 (CM)

  -against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

          Defendants.
------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS FIRST SET OF INTERROGATORIES TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe, LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth below, fully respond to the following Interrogatories separately, in writing, within thirty days of service.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Interrogatory.

1) The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2) The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among

individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3) The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4) "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5) "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6) The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7) The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and

Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

8) The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

9) The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10) The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11) The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

12) Each of the terms "all" and "each" shall be construed as both all and each.

13) The term "any" means both any and all.

14) The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15) The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16) The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the

scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## INSTRUCTIONS

1) Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2) In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3) After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4) Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

5) If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

6) In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State all facts concerning your public display or licensing of any of the Monroe/Shaw Photographs without the authorization, consent, involvement, or participation of Plaintiffs.

### INTERROGATORY NO. 2:

Identify all persons or entities with knowledge or information concerning your response to interrogatory No. 1.

### INTERROGATORY NO. 3:

Identify any piece of litigation, aside from the instant litigation, between you and any other person concerning your purported rights in Marilyn Monroe's name or likeness.

### INTERROGATORY NO. 4:

State the specific nature of damages to you that you claim is the result of the Plaintiffs' conduct, separately for each Plaintiff, including but not limited to (a) the date on which such damages occurred; (b) the amount of such damages; and (c) the proximate cause of such damages.

### INTERROGATORY NO. 5:

Identify any person or entity that has an ownership interest in you, including their percentage of ownership.

### INTERROGATORY NO. 6:

For each Plaintiff, state all facts regarding any instance where you stated to anyone that said Plaintiff does not own or have the right to license the Monroe/Shaw Photographs.

**INTERROGATORY NO. 7:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of laches.

**INTERROGATORY NO. 8:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of estoppel.

**INTERROGATORY NO. 9:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of unclean hands.

**INTERROGATORY NO. 10:**

State all facts concerning your affirmative defense that Plaintiffs' failed to mitigate their damages.

**INTERROGATORY NO. 11:**

State all facts concerning your affirmative defense that Plaintiffs' claims have lapsed, expired, cancelled or were otherwise terminated.

**INTERROGATORY NO. 12:**

State all facts concerning your affirmative defense that Plaintiffs' claims are either partially or wholly diminished by the doctrine of set off.

**INTERROGATORY NO. 13:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**INTERROGATORY NO. 14:**

State all facts concerning your affirmative defense that Anna Strasberg and/or MMLLC purportedly own the rights to one or more of the photographs at issue in this litigation

## INTERROGATORY NO. 15:

For each Plaintiff, state all facts concerning your affirmative defense that said Plaintiff's alleged copyrights either never existed or have since lapsed, expired, cancelled or were otherwise terminated.

## INTERROGATORY NO. 16:

State all facts concerning any communications you have had with (i) Plaintiffs' third party licensees and (ii) any other party regarding the licensing or use for commercial purposes of the Monroe/Shaw Photographs. These communications include, but are not limited to, instances where you represented that any third party does not need permission from Plaintiffs to use the Monroe/Shaw Photographs.

## INTERROGATORY NO. 17:

Identify all persons or entities with knowledge or information concerning your response of Interrogatory No. 16.

## INTERROGATORY NO. 18:

State all facts concerning your claim that Marilyn Monroe died a domiciliary of California.

## INTERROGATORY NO. 19:

State all facts concerning your allegation that Plaintiffs infringed your alleged right of publicity in the State of Indiana or any other state. Your answer to this interrogatory should include, but is not limited to, an explanation of why you believe that SFA violated any right of publicity you believe you have where SFA only licensed the copyright to the Monroe/Shaw Photographs.

**INTERROGATORY NO. 20:**

State all facts concerning your allegation that Marilyn Monroe's publicity rights passed to Lee Strasberg and the residuary beneficiaries of her will, who passed them to MMLLC.

Dated: February 1, 2007
   New York, New York

                            LAW OFFICES OF CHRISTOPHER SERBAGI

                            By: _/s/ Christopher Serbagi_
                            Christopher Serbagi (CS 7746)
                            488 Madison Avenue, Suite 1120
                            New York, New York 10022
                            Tele: (212) 593-2112
                            Fax: (212) 308-8582

                            Attorney for the Plaintiffs