NOV-01-2007 21:54 FROM:     TO:212 805 0383     P.2/5

# MEMO ENDORSED

## LAW OFFICES OF CHRISTOPHER SERBAGI

ATTORNEYS AT LAW
488 MADISON AVENUE
SUITE 1120
NEW YORK, NEW YORK 10022
(212) 593-2112
FACSIMILE: (212) 308-8582
c.serbagi@att.net

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/7

November 1, 2007

Via Federal Express
Hon. Mark D. Fox
United States Courthouse
300 Quarropas St., Room 434
White Plains, NY 10601

[Handwritten endorsement: 11/5/07 All discovery must be concluded by the end of 2007. I will grant no further extensions...]

Re: Shaw Family Archives, Ltd, et al. v. CMG Worldwide, Inc. et al., Index. No. 05 CV 3939

Dear Judge Fox:

I am counsel for the Plaintiffs in the above-entitled litigation. I write in response to Defendants' fourth request to extend discovery, which has already been extended twice.[1]

Plaintiffs would ordinarily consent to the instant request, but Defendants' request is unwarranted and highly unjustified, because (i) Plaintiffs have just withdrawn six of the nine causes of action in their Second Amended Complaint, which means the documents they said they needed are no longer relevant to this case; (ii) Defendants have had since Plaintiffs filed their Second Amended Complaint on August 8, 2007 to conduct discovery on Plaintiffs' remaining three claims and Defendants sole remaining claim, but have failed to do so; (iii) it was Defendants' choice to replace former (and extremely able) counsel immediately before the close of discovery; (iv) Defendants have repeatedly declined to produce their deponents for noticed depositions and have failed to respond to some discovery; and (v) most significantly, Defendants are trying to extend this case while they simultaneously lobby to enact New York right of publicity legislation that, they would argue, retroactively applies to hold the Plaintiffs

---

[1] Ms. Colbath's statement to this Court that "we have made no prior requests for extension of the discovery deadline" is misleading, because the issue is always whether the parties have made requests, not the particular attorney they choose to employ. The parties joined in two requests. The Defendants made one request to extend discovery independently, which Judge McMahon denied outright. Defendants failure to properly identify these facts as well as the dates of the requests and the Court's response violated the Court's Individual Practices.

### CHRISTOPHER SERBAGI, ESQ.

liable.[2] This case is coming up on three years old. The claims against the Plaintiffs, all senior citizens, were unfounded to begin with, as Judge McMahon acknowledged when she held that Defendants' main argument in support of its right of publicity claim "borders on the absurd." The Court should decline Defendants the opportunity to prolong this case, which would only work a further financial hardship on Plaintiffs and provide Defendants another opportunity to continue this litigation while they simultaneously push for New York legislation they will argue holds these elderly citizens liable for millions of dollars.

To briefly respond to Ms. Colbath's highly personalized letter, Plaintiffs never "agreed" to an adjournment. We were negotiating the issue and it was Ms. Colbath that changed the terms of the initial agreement and threatened to assert yet more claims against the Plaintiffs (as counterclaims) if we amended. As I explained to Ms. Colbath, the principal of my client SFA very sadly and suddenly passed away, which rendered the Plaintiffs' litigation positions very uncertain. Despite this sudden passing, Ms. Colbath refused to grant an extension of time to respond to Defendants' motion to dismiss. All this took place over a few days, so there is no prejudice or reasonable reliance on what Ms. Colbath apparently (and incorrectly) believed was Plaintiffs' position.

Finally, Defendants recent discovery of purportedly new documents is no reason to extend discovery. Loeb & Loeb can quickly review the new documents and take any discovery they need. If some document is particularly relevant, they can then petition the Court for relief. Without any indication that the new documents would materially impact the posture of this case, the Court should not subject the Plaintiffs to the costs of an additional three months of litigation, which only serves the Defendants' strategy to further delay while it seeks new legislation.

Very truly yours,

Christopher Serbagi

cc: The Honorable Colleen McMahon (via facsimile)
    Paula Colbath, Esq. (via overnight mail)
    Ted Minch, Esq. (via overnight mail)

---

[2] On October 10, 2007, California enacted new right of publicity legislation. The same day, Defendants stated they would request that Judge Morrow reconsider her prior dismissal of the Defendants' right of publicity claim. Ex. A.

2

NOV-01-2007 21:54 FROM: TO:212 805 0383 P.1/5

# LAW OFFICES OF CHRISTOPHER SERBAGI

| FACSIMILE TRANSMITTAL SHEET | |
|---|---|
| **TO:** Hon. Colleen McMahon<br>United States District Judge | **FROM:** Christopher Serbagi, Esq. |
| **COMPANY:** | **DATE:** November 1, 2007 |
| **FAX NUMBER:** 212-805-6326 | **TOTAL NO. OF PAGES INCLUDING COVER:** 3 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| **RE:** Letter attached | **YOUR REFERENCE NUMBER:** |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

488 MADISON AVENUE ◆ SUITE 1120 ◆ NEW YORK, NY 10022
(212) 593-2112 TELEPHONE   (212) 308-8582 FACSIMILE