# LAW OFFICES OF CHRISTOPHER SERBAGI
### ATTORNEYS AT LAW
488 MADISON AVENUE
SUITE 1120
NEW YORK, NEW YORK 10022
(212) 593-2112
FACSIMILE (212) 308-8582
WWW.SERBAGI.COM

**MEMO ENDORSED**

COUNSEL
SETH A. AKABAS
ELLIOT FURMAN
SHARON COLCHAMIRO

USDSNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08

January 16, 2008

Via Facsimile
Honorable Colleen McMahon
United States District Court
500 Pearl Street, Room 640
New York, New York 10007

Re: Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al., Index. No. 05 CV 3939

Dear Judge McMahon:

I represent the plaintiff Shaw Family Archives, Ltd. et al. (the "Shaw Family") in the above-entitled matter. I write in brief response to Ms. Colbath's improper and untimely January 16, 2007 letter motion for reconsideration.

First, on November 29, 2007, the Court Ordered that it would sever and try the issue of domicile within the next ninety days. The Shaw Family's January 15, 2007 letter to the Court was simply a request for the Court to make this clear because the Defendants insisted during preparation of the pre-trial order that the domicile issue would be tried by a jury.

We agree that the Defendants have an absolute right to jury trial on their claim that the Shaw Family violated their right of publicity, but that claim is of no moment unless they have standing to assert that claim in the first instance. The domicile issue is all about Article III standing, because as the Court has recognized, if Ms. Monroe died a New York domiciliary, then the California statute is of no moment and the Defendants have no standing to assert a right of publicity. The Defendants have no right to a jury trial on whether they have standing to assert a right of publicity and that is all the domicile issue concerns and why it is still in the case.

Second, Defendants also seek the Court to reconsider (again by letter motion which the Court admonished the parties not to submit just this past December 12, 2007), its January 15, 2007 Order to sever the public domain claim. We see no reason why the Court would reconsider this issue, but if it is so inclined then the Shaw Family will substantively respond at the Court's direction, rather than by letter motion.

*[Handwritten annotation from Judge:]* Court rules on the issue of standing. That will have to happen and it will happen soon.

*[Handwritten annotation dated 1/17/2008:]* I have just released a long opinion in another intellectual property case in which I concluded – based on Second Circuit law – that where issues of standing and merits-based issues are intertwined, and the resolution of disputed issues of fact relating to standing would resolve merits-related issues that must go to a jury, the jury must be empanelled + make fact findings, whereupon the court...

**CHRISTOPHER SERBAGI, ESQ.**

    The Shaw Family thanks the Court for its assistance in these maters.

                                            Respectfully Submitted,

                                            Christopher Serbagi

cc:    Paula Colbath, Esq. (via electronic communication)
        Ted Minch, Esq. (via electronic communication)