MEMO ENDORSED

LOEB &
LOEB

**PAULA K. COLBATH**
Partner

345 Park Avenue
New York, NY 10154

Direct   212.407.4905
Main    212.407.4000
Fax     212.937.3169
pcolbath@loeb.com

USDS SDNY    Via Facsimile
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1|16|08

January 16, 2008

Honorable Colleen McMahon
500 Pearl Street, Room 640
New York, New York 1000?

Re:  Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et ano.; Index No. 05 Civ. 3939

Dear Judge McMahon:

We represent Defendant Marilyn Monroe LLC ("MMLLC"), and write in response to Mr. Serbagi's January 15, 2008 letter, in which he requests clarification as to whether the Court (i) intends to conduct a bench trial on the issue of Marilyn Monroe's domicile or submit it to a jury, and (ii) expects the pre-trial order to address both of the remaining claims, namely Plaintiffs' domicile claim and Defendants' public domain claim, or only domicile.

**Seventh Amendment Right to Jury Trial**

The parties have consistently demanded a jury trial in connection with the domicile issue and related "right of publicity" claims. Plaintiffs demanded a jury trial in their Second Amended Complaint dated August 8, 2007. Fed. R. Civ. P. 38(d) clearly provides that a demand for trial by jury, once made, may not be withdrawn without the consent of the parties. MMLLC does not consent.

Determination of domicile, as the Court recognized, is a "question of fact," which should be tried before a jury.[1] The fact that Plaintiffs' have sought a "declaratory judgment" does not deprive MMLLC of its Seventh Amendment right to trial by jury. Mr. Serbagi's argument to the contrary ignores "the long-settled rule that declaratory judgment actions are inherently neither equitable

_____

[1] Significantly, in a recent state court action in California, MMLLC recovered a vast collection of personal papers and property belonging to Marilyn Monroe ("Monroe") from Millington Conroy, the nephew of Monroe's personal assistant in the years immediately preceding her death. The papers include documents establishing that, among other things, in 1962 (i) Monroe purchased a house in California with a 15 year mortgage and referred frequently to her new "home" (this was the first home Monroe had ever owned); (ii) spent significant sums renovating, decorating and landscaping the home; (iii) Monroe's California expenses far surpassed her New York expenses, (iv) Monroe transferred all of her business operations and files to California; (v) Monroe hired California attorney Mickey Rudin as her primary legal counsel as well as agent; (vi) California was the "new headquarters" for both Marilyn Monroe and Marilyn Monroe Productions, Inc.; and (vii) Monroe notified the Connecticut Department of Motor Vehicles that her permanent address had changed from Roxbury, Connecticut to Los Angeles, California. Such factual evidence as to Marilyn Monroe's domicile is appropriately presented to a jury.

A limited liability partnership including professional corporations

nor legal and that the nature of the underlying dispute determines whether a jury trial is available." *Rosenman & Colin v. Richard*, 850 F.2d 57, 60 (2d Cir. 1988); *see also, e.g., Simler v. Conner*, 372 U.S. 221, (1963) ("The fact that the action is in form of a declaratory judgment case should not obscure the essentially legal nature of the action."); *Mile High Indus. v. Cohen*, 222 F.3d 845, 856 (10th Cir. 2000) ("It is the issues, not the form of the complaint, that will determine the method of trial," and a "request for declaratory relief may be legal or equitable depending on the basic nature of the underlying issues") (quotations and citations omitted); *Archie Comic Publications, Inc. v. DeCarlo*, 00 Civ. 5686, 2002 U.S. Dist. LEXIS 283, at *2 (S.D.N.Y. Jan. 11, 2002) (empanelling jury where "[d]efendant maintains that the action in substance is one for copyright infringement, albeit inverted by means of the declaratory judgment mechanism").

Indeed, to the extent that Plaintiffs have standing to seek a declaratory judgment on domicile (which MMLLC disputes), such standing is based on Plaintiffs' contention that MMLLC and CMG intend to seek reconsideration of the "right of publicity" claims in their Second Amended Complaint (which were dismissed by the Court), in connection with which MMLLC and CMG <u>did</u> assert a jury demand. Plaintiffs should not be permitted to evade Defendants' jury demand by attempting to resolve such inherently legal issues through the mechanism of a declaratory judgment. *Cf. Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 135 (2d Cir. 1991) (jury trial is appropriate in "suits in which *legal* rights are to be ascertained and determined") (emphasis in original).

## The Parties' Joint Pre-trial Order Must Include Defendants' Public Domain Claim

Magistrate Judge Fox's June 11, 2007 scheduling order clearly provided that the parties' joint pre-trial order was to be due on January 15, 2008 – the scheduling order did not suggest that only selected claims were to be included. Accordingly, Defendants have been diligently preparing a pre-trial order that would cover <u>both</u> claims remaining in this case. Plaintiffs should not be permitted, at this late date, to drastically limit the scope of the pre-trial order.

More importantly, Defendants also respectfully request that, in the interest of judicial economy, the "domicile" and "public domain" claims remaining in this case be tried together. The public domain issue is inextricably intertwined with the domicile issue. Plaintiffs and Defendants are each in the "Marilyn Monroe" business, MMLLC by virtue of its rights under trademark, copyright and publicity, and Plaintiffs by virtue of their alleged copyrights. For years Plaintiffs have been asserting vague and expansive claims based upon their exclusive rights in the Marilyn Monroe photographs by Sam Shaw. The evidence is compelling that the most famous and, in Plaintiffs' words, "iconographic" of those photographs, at the very least, are in the public domain. Indeed, Defendants intend to establish that, to the extent Plaintiffs do not possess any valid copyrights in Marilyn Monroe photographs, they lack standing to seek a declaration as to Marilyn Monroe's domicile.

"[S]eparation of issues for trial is not to be routinely ordered," *see* 1966 Advisory Committee Notes to Fed. R. Civ. P. 42, and bifurcation is inappropriate where, as here, the issues are intertwined and the claims will involve several of the same witnesses. *See, e.g., Vichare v. AMBAC Inc.*, 106 F.3d 457, 466-67 (2d Cir. 1996); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland*, 763 F. Supp. 28, 35 (S.D.N.Y. 1991). Thus, in order to avoid unnecessary delay and expense associated with multiple trials, and to ensure that Defendants are not prejudiced



with respect to their potential "standing" defense, Defendants respectfully request that the remaining claims be resolved in a single proceeding.

We thank the Court for its assistance in this matter.

Respectfully submitted,

Paula K. Colbath

cc:    Christopher Serbagi, Esq. (via email)
       Theodore J. Minch, Esq. (via email)