UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS, :
and META STEVENS, :
  :
  :
  :
            Plaintiffs,    : Index No. O5 CV 3939 (CM)
  :
     -against-     :
  :
  :
  :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware :
Limited Liability Company, :
  :
  :
            Defendants.   :
  :
------------------------------------------------------------------X


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO WITHDRAW COUNTS 1-8 OF THE SECOND AMENDED
COMPLAINT WITHOUT PREJUDICE AND IN OPPOSITION TO THE
<u>DEFENDANTS' CROSS MOTION</u>**


LAW OFFICES OF CHRISTOPHER SERBAGI
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorneys for the Plaintiffs

On the Brief:
Christopher Serbagi, Esq.
David Marcus, Esq.

## TABLE OF CONTENTS

                                                                                        Page

PRELIMINARY STATEMENT..................................................................................1

ARGUMENT..........................................................................................................4

I.     THE COURT SHOULD GRANT THE SHAW FAMILY'S MOTION TO DISMISS COUNTS 1-8 OF ITS SECOND AMENDED COMPALINT WITHOUT PREJUDICE..........................4

        A.     The Shaw Family's Motion is Not a Motion for Reconsideration..........................4

        B.     All The Relevant Zagano Considerations Weigh In Favor Of Dismissing Counts 1-8 Without Prejudice..........................4

                1.     The Shaw Family Acted Diligently in Filing this Motion..........................4

                2.     The Shaw Family Was Not Vexatious..........................5

                3.     The Parties Have Conducted Virtually No Discovery on Counts 1-8..........................6

                4.     Counts 1 and 2 are Not Compulsory Counterclaims Because They Do Not Relate To The Shaw Family Images That The Defendants Argue Are In The Public Domain..........................7

        C.     Defendant CMG And the Shaw Family Signed A Stipulation Permitting the Shaw Family To Withdraw Counts 3-8 Without Prejudice..........................8

II.    THE SHAW FAMILY'S COUNSEL EXPRESSLY WITHDREW HIS BRIEF OFFER TO DISMISS COUNTS 1-2 WITHOUT PREJUDICE BEFORE THE DEFENDANTS ACCEPTED THE OFFER..........................9

III.   THE COURT SHOULD STRIKE DEFENDANTS' RULE 12(b)(6) CROSS-MOTION BECAUSE IT IS AN IMPROPER USE OF THE FEDERAL RULES TO OBTAIN A SUR REPLY..........................9

CONCLUSION..........................................................................................................10

i

Plaintiffs Shaw Family Archives, Ltd., Edith Marcus and Meta Stevens (the "Shaw Family") respectfully submit this reply memorandum of law in support of their motion to dismiss Counts 1-8 of the Second Amended Complaint without prejudice and in opposition to Defendants' Rule 12(b)(6) cross-motion to dismiss Counts 1-2 with prejudice.

## PRELIMINARY STATEMENT

The Defendants' opposition fails to identify a single instance of legally cognizable prejudice that would warrant the Court's dismissal of Counts 1-8 with prejudice. Defendants' allegation that it has spent "hundreds of thousands of dollars" in attorney's fees on this case is undoubtedly true, but Defendants have presented <u>no evidence</u> that they have expended anything substantial defending against Counts 1-8 in particular. The reason the Defendants failed to present that evidence is because the Shaw Family just recently filed Counts 2-8 this past August 2007.[1] The parties have devoted virtually this entire case to the right of publicity issue. The court record makes that abundantly clear. Aside from filing a single memorandum in support of their motion to dismiss Counts 1-8, which the Shaw Family did not oppose, neither party has done anything to litigate Counts 1-8. The Shaw Family decided to withdraw its claims not because they had no merit, but because the Shaw Family did not have the resources to litigate those claims in light of recent developments. Moreover, Counts 3-8 are largely based on the Defendants' false claim to a right of publicity, so it makes more sense to litigate the constitutionality of the newly passed California statute first. If the Shaw Family really believed Counts 1-8 had no merit, they would not expend so much time attempting to save those claims for another day.

It is regrettable that the Defendants would have the Court believe that they suffered

---

[1] The Shaw Family also significantly revised copyright Counts 1-2.

prejudice by producing some 65,000 plus documents in February 2007. First, the Shaw Family filed Counts 2-8 in August 2007, six months after the Defendants produced the 65,000 pages of documents. Second, the Defendants have produced no documents that pertain <u>solely</u> to those claims, so they cannot have suffered the requisite prejudice. In fact, when we asked the Defendants whether they had documents responsive to our copyright claims, they specifically responded that they did not.

The Defendants do not deny that they objected to answering any interrogatories directed towards Counts 1-8 (except for literally a few sentences directed toward Counts 1-2) nor do they deny that the parties have not taken a single deposition directed to those claims. The parties made no discovery motions relevant to Counts 1-8 nor have they had any discussions concerning those claims with Judge Fox during the monthly conference calls. Neither party has filed summary judgment motions pertaining to those claims. The Defendants know that the parties have not litigated those claims, so they do nothing but cite the total number of documents they produced and their attorney's fees, but those assertions are meaningless because they are not tailored towards the claims at issue. Noticeably absent from the Defendants' opposition is an affidavit from any attorney at Gibson, Dunn & Crutcher, who are the only attorneys who were Defendants' counsel from the beginning of this case and have personal knowledge concerning the alleged prejudice the Defendants' new attorneys now assert. But Gibson, Dunn & Crutcher cannot say that either party litigated Counts 1-8 to any real degree, except for the unopposed motion to dismiss they filed.

The Defendants' characterization of the present motion as one for reconsideration is regrettable and wasteful gamesmanship. As the Court's December 12, 2007 Order makes abundantly clear, it dismissed Counts 3-8 only because, as stated by the Court, "I thought both

2

sides agreed." The Court thought both sides agreed because there was correspondence that did not make that issue entirely clear. The Court later directed the parties to brief the issue by formal motion, which the Shaw Family promptly did no more than four days later. The Shaw Family discussed this issue with Loeb & Loeb, but it insisted on arguing that the Court Ordered something contrary to the plain language of the Court's December 12, 2007 Memo Endorsed Order.

The Defendants' argument that the Shaw Family's brief offer to withdraw Counts 1-2 without prejudice is somehow binding is also baseless. The Defendants never accepted the Shaw Family's offer, which they had ample opportunity to do, and the Shaw Family expressly withdrew that offer only three days later. The Defendants did not rely on the brief offer and they could not have suffered any legally cognizable prejudice as a result. In stark contrast, both the Shaw Family and Defendant CMG Worldwide <u>signed a formal stipulation</u> in which CMG expressly agreed to permit the Shaw Family to withdraw Counts 3-8 without prejudice. Serbagi Decl., Ex. A. CMG subsequently, and ineffectually, reneged on that agreement.

Finally, the Defendants' gamesmanship is further evidenced by the procedural manner in which they chose to oppose the Shaw Family's 41(a)(2) motion. Rather than to file an opposition as would have been customary and proper, they actually filed a Rule 12(b)(6) cross-motion to dismiss Counts 1-2. The Defendants did not argue that the Shaw Family's claims are facially insufficient in their memorandum, as required by a Rule 12(b)(6) motion. Instead, they used the cross-motion mechanism only to contest what the Shaw Family already argued in its 41(a)(2) motion. Defendants' pleading is filed for an improper purpose because they did not even pretend to argue that the allegations in the Shaw Family's Second Amended Complaint did not meet the elements of the respective claims. On the contrary, Defendants' objective was to

3

create an opportunity to file a sur-reply to the present motion.

## ARGUMENT

I.  **THE COURT SHOULD GRANT THE SHAW FAMILY'S MOTION TO DISMISS COUNTS 1-8 OF ITS SECOND AMENDED COMPLAINT WITHOUT PREJUDICE**

A.  **The Shaw Family's Motion is Not a Motion for Reconsideration**

On December 10, 2007, the Shaw Family wrote to the Court and stated that its November 29, 2007 Order dismissing Counts 1-8 without prejudice was based on an incomplete record because the Shaw Family had not briefed the issue. Dickstein Decl., at Ex. E. In the Court's Memo Endorsed Order dated December 12, 2007, the Court circled the applicable language in the Shaw Family letter and stated "I thought both sides agreed."[2] Id. at n. 1. Four days later, the Shaw Family submitted the present motion to the Court. It is difficult to fathom how the Defendants can characterize the Shaw Family's motion as one for reconsideration when the Court expressly acknowledged that it issued that order based on a mistaken impression as to the understanding between the parties. Id.

B.  **All The Relevant Factors Weigh In Favor Of Dismissing Counts 1-8 Without Prejudice**

The Defendants track the applicable Zagano language in their brief, but even a cursory review of the evidence they cite reveals the baseless nature of their representations before this Court.

1.  **The Shaw Family Acted Diligently in Filing this Motion**

The Defendants assert that Counts 3-8 (that the Defendants filed this past August 2007) were similar to claims pending since May 2005. Defendants' argument is a red herring because

---

[2] Counsel for the Shaw Family apologizes to the Court for its oversight in initially submitting this application by letter, rather than by motion as the Court requires in its Individual Rules.

4

whether the new claims are substantially similar to the old claims is not the point. The point is whether the Shaw Family acted diligently in brining this motion. The Shaw Family relies on its opening papers for all the evidence it presented on this point, including its motion to withdraw Counts 1-8 soon after the deaths of the Shaw Family principal and the Bradford principal, as well as the radically changed posture of this case after the passage of the newly enacted California right of publicity legislation. Moreover, most of the Shaw Family's claims were based upon the Defendants' false representation to a right of publicity, so judicial economy demands that we address the California statue and the issue of domicile first.

Because the Defendants have no evidence that the Shaw Family failed to act diligently, they boldly pronounce that Counts 1-8 have no merit because we moved to withdraw them just prior to the close of discovery. Defs' Opp., at pp. 11-12. First, whether the Shaw Family's claim lacked merit or not goes to vexatious conduct and not lack of diligence. But the Shaw Family's claims do have merit, which is exactly why they seek to preserve them for another day. Second, according to the applicable case law cited in the Shaw Family's opening brief, that the Shaw Family sought to withdraw its claims prior to the close of discovery supports a dismissal without prejudice.

### 2. The Shaw Family Was Not Vexatious

The Defendants rely on cases where a party withdrew its claim when presented with a summary judgment motion on the eve of trial. These cases are unhelpful to the Court because they do not address the present situation. Defs' Opp., at pp. 13-14. Rather than bringing this central and obvious distinction to the attention of the Court and arguing that the cases they cite should still apply, the Defendants conflate the two scenarios and hope the Court will not notice the difference. The Defendants cite no case where withdrawing a claim in the face of a 12(b)(6)

motion to dismiss led a court to the conclusion that the party asserting the claim acted vexatiously.

The Defendants also accuse the Shaw Family of acting vexatiously by purportedly circumventing Local Rule 6.3's requirement that motions for reconsideration be served within ten days. Even if the Shaw Family was late with this motion, how that logically leads to the conclusion that the Shaw Family acted vexatiously is beyond comprehension. The only evidence of vexatious conduct here is on the part of the Defendants, who knew full well when they submitted their opposition that the Court had based its November 29, 2007 Order dismissing Counts 1-8 with prejudice on a misunderstanding of the agreement reached by the parties. On November 12, 2007 the Court stated "I thought both sides agreed." Dickstein Decl., Ex. E. The Court invited the parties to brief the issue, which the Shaw Family did only four days later.

### 3. The Parties Have Conducted Virtually No Discovery on Counts 1-8

The only truth to this section of Defendants' brief is that they filed a single motion to dismiss, which is clearly not legally cognizable prejudice. Under the case law set forth in the Shaw Family's opening brief, every other allegation in Defendants' motion as to this Zagano factor is flatly false or at least highly misleading.

The Defendants produced 65,000 pages of documents in February 2007, but this was six months before the Shaw Family filed Counts 1-8. While it is true that some of these documents may be relevant to the new Counts 1-8 as well, what the Defendants fail to tell the Court is that at the time they produced their documents, its outstanding Second Amended Complaint asserted ten causes of action against the Shaw Family. Thus, even if some of the documents that the Defendants produced in February 2007 were also relevant to the claims that the Shaw Family filed in August 2007, that is not the issue. The issue is that the Defendants have presented no

evidence that the documents they produced in February 2007 were not all relevant to Defendants' ten causes of action against the Shaw Family. The Defendants cannot have suffered prejudice by collecting documents that were otherwise due.

The Shaw Family respectfully directs the Court's attention to Defendants' assertion that Loeb & Loeb spent "hundreds of thousands of dollars" responding to discovery. Defs' Opp., at 16. The Court will notice that Loeb & Loeb does not say they spent that money litigating Counts 1-8 because they know that to be untrue. In fact, to date, Loeb & Loeb has refused to provide any response to the Shaw Family's contention interrogatories directed to the Defendants' sole claim in the case. Defendants' assertion of prejudice under these circumstances is baseless.

The Defendants cite to their document and interrogatory responses as evidence that they have conducted significant discovery. Defs' Opp., at p. 15. But as the Court can see from the applicable discovery responses they cite, Defendants objected to the entire discovery the Shaw Family directed to Counts 1-8 (except literally a few sentences directed to Count 1). The Defendants did not substantively respond to any of these interrogatories or document requests, except to assert the most generalized objections.[3]

### 4. Counts 1 and 2 are Not Compulsory Counterclaims Because They Do Not Relate To The Shaw Family Images That The Defendants Argue Are In The Public Domain

The photographs that the Shaw Family asserted in its Second Amended Complaint as the basis of its copyright infringement claim are of certain Marilyn Monroe photographs that are completely different than the images that the Defendants claim are in the public domain. In particular, the Defendants assert in their Third Amended Complaint that Shaw Family works

---

[3] The Shaw Family relies on its opening brief in connection with the Defendants' additional points that they would have to duplicate the expense of this litigation and that the Shaw Family's reasons for dismissing its claims are insufficient.

known as Rizzoli and Ballantine are in the public domain. The Defendants do not identify a single additional Shaw Family work as being in the public domain. Thus, Counts 1-2 cannot possibly be compulsory counterclaims. The Court will notice that the Defendants' brief fails to identify the images at issue with the expectation that the Court will not recognize that the Defendants' public domain claim and the Shaw Family's copyright infringement claims are entirely unrelated.

This aspect of the Defendants' brief is particularly disturbing because Judge Fox has already repeatedly rejected the broad reading of the Defendants' Third Amended Complaint that they still insist on asserting. In particular, the Defendants would have the Court believe that the copyright claims that the Shaw Family seeks to withdraw somehow relate to the Defendants' public domain claim. This is untrue. The Defendants have engaged in a repeated and vexatious campaign before Judge Fox to obtain copies of the entire Shaw Family Marilyn Monroe collection and all its registrations. Judge Fox denied that frivolous request on a number of occasions. Judge Fox denied the Defendants' request for the production of a single document that did not pertain to Rizzoli or Ballantine. Despite Judge Fox's rulings that these additional photographs and registrations are irrelevant to Defendants' Third Amended Complaint, the Defendants now argue to this Court a construction of their complaint that Judge Fox has repeatedly denied.

### C. Defendant CMG And The Shaw Family Signed A Stipulation Permitting The Shaw Family To Withdraw Counts 3-8 Without Prejudice

By stipulation signed by CMG and the Shaw Family, CMG expressly agreed to permit the Shaw Family to withdraw Counts 3-8 without prejudice. Declaration of Christopher Serbagi, dated January 22, 2008, Ex. A. CMG later provided some inexplicable excuse for signing this document that was purportedly based on a misunderstanding. In reality, CMG later attempted to

withdraw its agreement because it realized that MMLLC has altered its former agreement to also permit the Shaw Family to withdraw Counts 1-8 without prejudice and it wanted to maintain a consistent position with its co-Defendant MMLLC, who almost entirely directs the course of this litigation.

## II. THE SHAW FAMILY EXPRESSLY WITHDREW ITS BRIEF OFFER TO DISMISS COUNTS 1-2 WITHOUT PREJUDICE BEFORE THE DEFENDANTS ACCEPTED THE OFFER

The Defendants' argument that the Shaw Family's brief offer to withdraw Counts 1-2 without prejudice is somehow binding is baseless. By electronic communication dated December 3, 2007, the Shaw Family stated (in connection with a discussion about other topics) that it would be willing to withdraw Counts 1-2 with prejudice. Serbagi Decl., Ex. bb. Over three days, the Defendants <u>never accepted that offer</u>, which they had ample opportunity to do. The Shaw Family expressly withdrew that offer three days later when it wrote to the Court and requested that it permit the Shaw Family to withdraw all its claims without prejudice. <u>Id.</u> at Ex. cc. The parties never entered into a signed stipulation. There was no reliance and no legally cognizable prejudice as a result.

## III. THE COURT SHOULD STRIKE DEFENDANTS' RULE 12(b)(6) CROSS-MOTION BECAUSE IT IS AN IMPROPER USE OF THE FEDERAL RULES TO OBTAIN A SUR REPLY

In an improper attempt to obtain a <u>sur reply</u> on the issue of whether the facts justify a dismissal of Counts 1-8 without prejudice, the Defendants cross-move under Fed. R. Civ. P. 12(b)(6) to dismiss Counts 1-2 with prejudice. Because the Shaw Family has already agreed to dismiss those claims, the Defendants do not argue in their memorandum that the Shaw Family's pleadings are facially insufficient. Instead, all the Defendants have done in support of that motion is to re-argue the facts of why a dismissal without prejudice is unwarranted. This is a

blatant misuse of the Federal Rules to obtain a sur reply and a second bite at the same apple that the Court's Individual Rules do not authorize. The issue here is whether the facts justify a dismissal of Counts 1-8 without prejudice under Zagano and its progeny and that is all either side has argued. The Shaw Family respectfully requests that the Court use its inherent powers to strike the Defendants' improper cross motion.

## CONCLUSION

For all the foregoing reasons, the Shaw Family respectfully requests that the Court grant its motion to withdraw Counts 1-8 without prejudice. Defendants have suffered no conceivable prejudice, much less the substantial prejudice the law requires. The parties have devoted virtually no resources to Counts 1-8 and Defendants cannot claim that they worked to prepare those claims for trial.

Dated:  New York, New York
        January 23, 2008

Respectfully Submitted,

LAW OFFICES OF CHRISTOPHER SERBAGI

By: *[signature]*
Christopher Serbagi, Esq.
David Marcus, Esq.
488 Madison Avenue, Suite 1120
New York, New York  10022
Tele: (212) 593-2112
Fax:  (212) 308-8582
Attorneys for Defendants/Consolidated Plaintiffs
Shaw Family Archives, Edith Shaw, and Meta Stevens