UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SHAW FAMILY ARCHIVES, LTD., EDITH  :
MARCUS and META STEVENS,
                                                                      :
                          Plaintiffs,                          Case No. 05 Civ. 3939 (CM)
                                                                      :
         -against-
                                                                      :    Hon. Colleen McMahon
CMG WORLDWIDE, INC. and MARILYN
MONROE LLC,                                                  :

                          Defendants.                        :
------------------------------------------------------------ X

# DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR CROSS-MOTION TO DISMISS COUNTS 1 AND 2 OF PLAINTIFFS' SECOND AMENDED COMPLAINT WITH PREJUDICE

> LOEB & LOEB LLP
> 345 Park Avenue
> New York, New York, 10154
> Tel: (212) 407-4000
> Fax: (212) 937-3189
> *Attorneys for Defendant Marilyn Monroe LLC*
>
> SOVICH MINCH LLP
> 10099 Chesapeake Drive
> Suite 100
> McCordsville, Indiana 46055
> Tel: (317) 335-3601
> Fax: (317) 335-3602
> *Attorneys for Defendant CMG Worldwide, Inc.*

## TABLE OF CONTENTS

                                                                                                Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................2

    I.     Plaintiffs' Promise to Dismiss Counts 1 and 2 With Prejudice is Binding.......................2

    II.    CMG Did Not Agree to Withdrawal of Counts 3-8 Without Prejudice ..........................2

    III.   Defendants' Cross-Motion Was Entirely Proper ..............................................................3

CONCLUSION................................................................................................................................4

Defendants Marilyn Monroe LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG") respectfully submit this reply memorandum in further support of their Cross-Motion to Dismiss Counts 1 and 2 of Plaintiffs' Second Amended Complaint With Prejudice.

## PRELIMINARY STATEMENT

Apparently, Plaintiffs would only be satisfied that Defendants have expended substantial effort litigating Counts 1-8 if Defendants produced internal billing records itemizing work done with respect to each of Plaintiffs' claims. Plaintiffs offer no authority for that position, because there is none. The extensive resources Defendants have spent litigating Counts 1-8 – which Plaintiffs have asserted in substantially the same form since at least May 2005 – are evident from the numerous interrogatories and document requests related directly to those claims, and from Defendants' comprehensive motion to dismiss. (Def.s' Jan. 16, 2008 Opp. Br. at 15-18.) Moreover, requiring Defendants to *re*-review more than 65,000 pages of documents in order to identify those that pertain solely to Counts 1-8 would unreasonably force Defendants to expend even more scarce resources. The Court should decline to reconsider its November 29, 2007 Order, and dismiss Counts 1-8 with prejudice, for all the reasons set forth in Defendants' Opposition Brief.

Defendants are compelled, however, to point out Plaintiffs' misrepresentation that "CMG expressly agreed to permit the Shaw Family to withdraw Counts 3-8 without prejudice." (Pl.s' Jan. 23, 2008 Reply Br. 3, 8) As the Court can see from the exhibit to Plaintiffs' own declaration, the words "without prejudice" do not appear anywhere in the proposed stipulation. (Jan. 22, 2008 Serbagi Decl., Ex. A.)

Plaintiffs offer no authority for the position that their counsel's express, written, and manually signed promise to withdraw Counts 1 and 2 "with prejudice" is not binding. (Dec. 16, 2007 Serbagi Decl., Ex. bb)

Lastly, Defendants' cross-motion to dismiss Counts 1 and 2 is entirely proper and completely justified by the record of this case. Those are the only claims Plaintiffs seek to withdraw without prejudice that have not already been dismissed with prejudice by the November 29, 2007 Order. Defendants cross-moved to dismiss those claims with prejudice to obtain the appropriate relief of dismissal with prejudice.

## ARGUMENT

I. **PLAINTIFFS' PROMISE TO DISMISS COUNTS 1 AND 2 WITH PREJUDICE IS BINDING**

Defendants' cross-motion to dismiss Counts 1 and 2 with prejudice established that Plaintiffs' written, manually signed promise that "Plaintiffs are withdrawing their copyright infringement claim and we will stipulate with prejudice" is binding. (Def.'s Jan. 16, 2008 Br. 22-23; Serbagi Dec. 16, 2007 Decl., Ex. bb.) In response, Plaintiffs cite no authority, and merely contend that Defendants never accepted Plaintiffs' "offer." However, the authority cited in Defendants' opening brief establishes that no consideration is necessary to support Plaintiffs' promise. (Def.s' Jan. 16, 2008 Br. 22 n.10) (citing Restatement (Second) of Contracts § 94 (1981) ("A promise or agreement with reference to a pending judicial proceeding, made by a party to the proceeding or his attorney, is binding without consideration.")). Counts 1 and 2 should therefore be dismissed with prejudice.

II. **CMG DID NOT AGREE TO WITHDRAWAL OF COUNTS 3-8 WITHOUT PREJUDICE**

Plaintiffs argue, for the first time in their opposition brief, that Counts 3-8 should be dismissed without prejudice because "CMG expressly agreed to permit the Shaw Family to

2

withdraw Counts 3-8 without prejudice." (Pl.'s Jan. 23, 2008 Reply Br. 3, 8) (citing Jan. 22, 2008 Serbagi Decl., Ex. A.) Plaintiffs are mistaken. The words "without prejudice" do not appear in the three-sentence proposed stipulation. Of course, that stands in stark contrast to Plaintiff's express agreement to withdraw Counts 1 and 2 "with prejudice." (Serbagi Dec. 16, 2007 Decl., Ex. bb.)

Moreover, the proposed stipulation was never signed by MMLLC, whom Plaintiffs themselves believe "almost entirely directs the course of this litigation." (Pl.'s Jan. 23, 2008 Opp. Br. 9.) Indeed, MMLLC has consistently maintained its position that Counts 3-8 should be dismissed with prejudice because they utterly fail to state a claim and have been the subject to substantial discovery. (Dec. 16, 2007 Serbagi Decl., Ex. dd; Jan. 16, 2008 Dickstein Decl., Ex. C.)

### III. DEFENDANTS' CROSS-MOTION WAS ENTIRELY PROPER

Plaintiffs mistakenly believe that Defendants' cross-motion to dismiss Counts 1 and 2 with prejudice was an improper attempt to obtain a sur-reply on Plaintiffs' motion to withdraw Counts 1-8 without prejudice. As the record makes clear, however, Defendants cross-moved to dismiss Counts 1 and 2 because those were the only claims Plaintiffs seek to withdraw that had not already been dismissed with prejudice by the Court's November 29, 2007 Order. Defendants did not, as Plaintiffs claim, move to dismiss Counts 1 and 2 under Rule 12(b)(6) for failure to state a claim. Defendants merely exercised their right to seek dismissal of Counts 1 and 2 with prejudice in light of the substantial discovery directed at those claims, and because Plaintiffs had expressly agreed to dismissal with prejudice. Had Defendants not moved to dismiss those claims with prejudice, Plaintiffs would surely have argued that Counts 1 and 2 should either be dismissed without prejudice or remain in the case.

3

## CONCLUSION

For all of the reasons set forth above and in Defendants' January 16, 2008 Memorandum of Law, Defendants respectfully ask the Court to dismiss Counts 1 and 2 of Plaintiffs' Second Amended Complaint with prejudice.

Dated: New York, New York
       January 30, 2008

LOEB & LOEB LLP

By: _____
    Paula K. Colbath
    345 Park Avenue
    New York, New York 10154-1895
    Tel: (212) 407-4000
    Fax: (212) 937-3189
    *Attorneys for Defendant Marilyn Monroe LLC*

SOVICH MINCH, LLP

By: Theodore Minch /w/P-T.O.
    Theodore J. Minch
    10099 Chesapeake Drive
    Suite 100
    McCordsville, Indiana 46055
    Tel: (317) 335-3601
    Fax: (317 335-3602
    *Attorneys for Defendant CMG Worldwide, Inc.*