Party's Notification to State Attorney General of Constitutional Challenge – State Statute Questioned

Christopher Serbagi, Esq.
Law Offices of Christopher Serbagi
488 Madison Avenue, 11th Floor
Tel: (212) 593-2112
Fax: (212) 308-8582
Attorneys for Shaw Family Archives, Ltd. and
Bradford Licensing Associates

UNITED STATES DISTRICT COURT
Southern District of New York

---------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS
and META STEVENS,

                                        Plaintiffs,

                    -against-

CMG WORLDWIDE, INC., an Indiana Corporation and
MARILYN MONROE, LLC., a Delaware Limited
Liability Company,

                                    Defendants.

---------------------------------------------------------------X

Index No.: 05 CV 3939(CM)
Index No.: 06 CV 2619(CM)

NOTICE TO THE STATE
ATTORNEY GENERAL
CHALLENGING
CONSTITUTIONALITY OF
STATE STATUE
(FED. R. CIV. P. 5.1)

TO THE ATTORNEY GENERAL
OF THE STATE CALIFORNIA:

      TAKE NOTICE that attached to this document are:

1.     Attached hereto as Exhibit A is a true and correct copy of an Order of the Honorable Colleen McMahon, dated November 29, 2007, asking plaintiff/consolidated defendant Shaw Family Archives, Ltd. and consolidated defendant Bradford Licensing Associates (collectively referred to as the "Shaw Family") to provide the basis for any attack on California Civil Code Section 3344.1.

2.     Attached hereto as Exhibit B is a true and correct copy of a notice filed in the United States District Court for the Southern District of New York on December 6, 2007, stating that the Shaw Family has raised a constitutional challenge to California Civil Code Section 3344.1, which was endorsed by the Honorable Colleen McMahon on December 7, 2007.

3.    Attached hereto as Exhibit C is a true and correct copy of Memo Endorsed Order, dated January 23, 2008, directing the Shaw Family to file its brief on the constitutionality of California Civil Code Section 3344.1 on February 14, 2008.

Dated: February 4, 2008
       New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _Christopher Serbagi_
       Christopher Serbagi

Attorneys for plaintiff/consolidated defendant Shaw Family Archives, Ltd., consolidated defendant Bradford Licensing Associates and plaintiffs Edith Marcus and Meta Stevens

# EX. A

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/29/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————————x

SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,

        Plaintiffs,

    -against-                       05 Civ. 3939 (CM)(MDF)

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE LLC, a Delaware
Corporation,

        Defendants.

——————————————————————————————x

### DISPOSITION OF VARIOUS PENDING MOTIONS

McMahon, J.:

      In view of correspondence received from the parties, the various pending motions are
disposed of as follows:

      1. The Third through Eighth Causes of Action in the complaint are dismissed with
prejudice.

      2. The motion for a stay of discovery concerning lobbying has been dealt with by
Magistrate Judge Fox, and so should be marked "decided."

      The following issues remain in this case:

      1. Plaintiffs' First and Second Causes of Action for copyright infringement

      2. Plaintiffs' Ninth Cause of Action, for a declaration that Marilyn Monroe died a
domiciliary of New York.

      3. Defendants' Counterclaim for a declaration that plaintiffs do not possess a valid and
enforceable copyright in various photographs of Marilyn Monroe.

      Plaintiffs' Ninth Cause of Action remains in the case because the State of California
recently passed a statute that purports to confer property rights on a dead person that were not
possessed by that dead person at the time of her demise. Obviously, if plaintiff died a domiciliary

of the State of New York, where her will was probated, the California statute is of no moment. The determination of Ms. Monroe's domicile is a question of fact, and the court intends to sever that issue and try it early next year. The parties will be contacted shortly concerning the trial date.

However, if there is going to be any attack against the California statute on any legal ground, I want to be told that now and I want to know what the ground of attack is going to be, so that we can set an appropriate briefing schedule. I want to resolve all issues surrounding the newly-passed California statute, including the issue of domicile, in the next 90 days.

Dated: November 29, 2007

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

# EX. B

DEC-06-2007 20:10 FROM- T-111 HU648 HU9 U581
Case 1:05-cv-03939-CM-MDF    Document 139    Filed 12/07/2007    Page 1 of 2    P.2/3
Case 1:05-cv-03939-CM    Document 174    Filed 02/05/2008    Page 7 of 12

# LAW OFFICES OF CHRISTOPHER SERBAGI

## ATTORNEYS AT LAW

### 488 MADISON AVENUE
### SUITE 1120
### NEW YORK, NEW YORK 10022
### (212) 593-2112
### FACSIMILE: (212) 308-8582
### c.serbagi@att.net

SDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-7/5?

## MEMO ENDORSED

December 6, 2007

Via Facsimile
Honorable Colleen McMahon
United States District Court
500 Pearl Street, Room 640
New York, New York 10007

    Re: Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al.
        Index. No. 05 CV 3939 (CM)

Dear Judge McMahon:

    I represent the Plaintiffs in the above-entitled action. Pursuant to the Court's Order dated November 29, 2007, the Plaintiffs respectfully respond as follows:

    First, the Plaintiffs intend to argue that the 1997 amendment (SB 771) to the California right of publicity statute is facially unconstitutional on, inter alia, due process grounds. The California statute is unconstitutionally retroactive because it attaches new legal consequences to events completed before its enactment and deprives private persons of vested property rights. Plaintiffs also will ask the Court to rule on certain issues of statutory construction. The Plaintiffs have retained a leading Constitutional scholar. Professor Marci Hamilton (former law clerk to Justice Sandra Day O'Conner) to serve as Plaintiffs' consultant, and possibly co-counsel in this litigation. We are available at the Court's convenience to set a briefing schedule, but we respectfully request until January 31, 2007 to submit our opening brief.

    Second, to facilitate the trial on the issue of Ms. Monroe's domicile, the Plaintiffs intend to file a summary judgment motion on the issue of whether the Defendants should be judicially and/or collaterally estopped from arguing that Ms. Monroe died anything but a New York domiciliary. The Court may recall that, despite what these Defendants now represent, their documents included a treasure trove of submissions that the Estate filed in the New York Surrogate's Court, California Superior Court, and Hawaii federal district court, where they repeatedly swore, under oath, that Marilyn Monroe died a New York domiciliary. Until this litigation, neither the Estate nor Ms. Strasberg ever argued that Ms. Monroe died a California domiciliary. The parties appeared before the Court on March 12, 2007 and the Court Ordered that the Plaintiffs submit a supplemental brief by March 26, 2007. The Plaintiffs (represented by two solo practitioners) had to rush through 60,000 documents and we were not provided with the opportunity to reply to the Defendants' opposition brief. Further, the Court never addressed

**CHRISTOPHER SERBAGI, ESQ.**

whether judicial or collateral estoppel applies because it was not necessary to its May 2, 2007 Decision and Order. In light of the new California legislation, we would like to fully brief this issue. Accordingly, the Plaintiffs respectfully request until January 31, 2007 to submit a summary judgment brief on judicial and collateral estoppel in support of their Ninth Cause of Action. Plaintiffs will argue that these Defendants are precluded from arguing anything other than what they argued for the last forty-five years — Ms. Monroe died a New York domiciliary.

Third, to further streamline this litigation, Plaintiffs hereby request that the Court withdraw their First and Second Causes of Action (the copyright claims) without prejudice. We will set forth the basis for this request in a short letter brief, where we will also ask the Court to reconsider its decision to dismiss Counts three through eight "with prejudice." Virtually no discovery was conducted on any of the counts that the Plaintiffs agreed to withdraw, no depositions taken, and the reason for the Plaintiffs' request is simply that they do not have the resources to litigate all these claims, especially since the recent passing of Larry Shaw, the Shaw Family principal. Plaintiffs brought these claims in good faith and we believe that Second Circuit case law supports a dismissal without prejudice. We will submit this letter brief by December 10, 2007.

So the Court is aware, the parties are engaging in significant discovery during the month of December, including 30(b)(6) depositions by each party. Plaintiffs are doing their utmost to streamline this litigation. We thank the Court for considering the foregoing issues.

Respectfully Submitted,

Christopher Serbagi

cc:    Paula Colbath, Esq.
       Ted Minch, Esq.

2

# EX. C

# LAW OFFICES OF CHRISTOPHER SERBAGI

ATTORNEYS AT LAW
488 MADISON AVENUE
SUITE 1120
NEW YORK, NEW YORK 10022
(212) 593-2112
FACSIMILE (212) 308-8582
WWW.SERBAGI.COM

COUNSEL
SETH A. ARABAS
ELLIOT FURMAN
SHARON COLCHAMIRO

# MEMO ENDORSED

January 23, 2008

Via Facsimile
Honorable Colleen McMahon
United States District Court
500 Pearl Street, Room 640
New York, New York 10007

Colleen Mc Mol

Re:  Shaw Family Archives, Ltd. et al. v. CMG Worldwide, Inc. et al., Index. No. 05 CV 3939   1/23/08

Dear Judge McMahon:

The Shaw Family respectfully requests (with the Defendants' consent) a first and final two week extension to file its motions on (i) the lack of constitutionality of the newly passed California right of publicity legislation and (ii) whether Defendants are estopped from asserting that Marilyn Monroe died a California domiciliary based on MMLLC's repeated judicial representations to the contrary. The Shaw Family initially offered to file these motions on January 31, 2008. If the Court grants the extension, the Shaw Family will file its motions on or before February 14, 2008.

The Shaw Family is working diligently to prepare the pre-trial order, to finish the briefing on two pending motions, and to file some additional pre-trial motions as soon as possible. We thank the Court for considering this request.

Respectfully Submitted,

Christopher Serbagi

cc:   Paula Colbath, Esq. (via electronic communication)
      Ted Minch, Esq. (via electronic communication)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS :
and META STEVENS,                                            :         Index No.: 05 CV 3939(CM)
                                                             :         Index No.: 06 CV 2619(CM)
                                                             :
                                         Plaintiffs,         :         AFFIRMATION OF
                                                             :         SERVICE
                        -against-                            :
                                                             :
CMG WORLDWIDE, INC., an Indiana Corporation and :
MARILYN MONROE, LLC., a Delaware Limited              :
Liability Company,                                           :
                                                             :
                                         Defendants.         :
-------------------------------------------------------------------X

        I, Christopher Serbagi, declare under penalty of perjury that I have served a copy of the

attached Notice to State Attorney General Challenging Constitutionality of Statute (FED. R.

CIV. P. 5.1) upon Edmund G. Brown, Jr., Office of the Attorney General, State of California

whose address is 1300 "I" Street, Suite 125, Sacramento, CA 94244-2550 by Federal Express,

overnight delivery, on February 4, 2008.


Dated:  New York, New York
        February 4, 2008


                                LAW OFFICES OF CHRISTOPHER SERBAGI

                                _____
                                Christopher Serbagi
                                488 Madison Avenue
                                11th Floor
                                New York, New York 10022
                                (212) 593-2112

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS   :
and META STEVENS,                                        :       Index No.: 05 CV 3939(CM)
                                              :       Index No.: 06 CV 2619(CM)
                                              :
                       Plaintiffs,       :       AFFIRMATION OF
                                         :       SERVICE
         -against-                   :
                                              :

CMG WORLDWIDE, INC., an Indiana Corporation and  :
MARILYN MONROE, LLC., a Delaware Limited      :
Liability Company,                                    :
                                              :
                     Defendants.    :
-------------------------------------------------------------------X

      I, Sarina Gross, declare under penalty of perjury that I have served a copy of the attached

Notice to State Attorney General Challenging Constitutionality of Statute (FED. R. CIV. P. 5.1)

upon Edmund G. Brown, Jr., Office of the Attorney General, State of California whose address is

1300 "I" Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550 by certified mail,

return receipt requested, on February 5, 2008.


Dated: New York, New York
       February 5, 2008

                                     LAW OFFICES OF CHRISTOPHER SERBAGI

                                     Sarina Gross
                                     488 Madison Avenue
                                     11th Floor
                                     New York, New York 10022
                                     (212) 593-2112