**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH     :
MARCUS and META STEVENS,

                                          :

                Plaintiffs,                Case No. 05 Civ. 3939 (CM)

                                          :

           -against-                Hon. Colleen McMahon

                                          :

CMG WORLDWIDE, INC. and MARILYN
MONROE LLC,                          :

                Defendants.        :
--------------------------------------------------------X

## DECLARATION OF MARK ROESLER

      MARK ROESLER, pursuant to 28 U.S.C. § 1746, declares as follows:

      1.      I am CEO and Chairman of Defendant CMG Worldwide, Inc. ("CMG")

and submit this declaration in support of Defendants / Consolidated Plaintiffs' cross-

motion for summary judgment on their public domain claim, and in opposition to

Plaintiffs / Consolidated Defendants' motion for summary judgment dismissing the

public domain claim..

      2.      Prior to the formation of Marilyn Monroe LLC ("MMLLC"), the estate of

Marilyn Monroe hired CMG as its exclusive licensing agent.  CMG agreed to use its best

efforts to effect and administer licenses for, among other things, trademarks and

copyrights related to Marilyn Monroe.

      3.      MMLLC and CMG, as MMLLC's exclusive licensing agent, (together

"Defendants") have been actively involved in the business of licensing and otherwise

exploiting the name, image, persona and likeness of Marilyn Monroe, as well as certain Marilyn Monroe-related trademarks and copyrights more specifically described herein.

4.      Prior to this Court's May 5, 2007 ruling, CMG had always understood and believed that MMLLC was the lawful owner of Marilyn Monroe's publicity rights, and CMG intends to continue with the business of licensing and otherwise exploiting Marilyn Monroe's right of publicity on behalf of MMLLC, in the event that it is determined that MMLLC does own such rights.

5.      Even if it is eventually determined that MMLLC does not possess any right of publicity in Marilyn Monroe, Defendants intend to continue to exploit and license other intellectual property owned by MMLLC, such as trademarks and copyrights.

6.      MMLLC and CMG, on behalf of MMLLC as its licensing agent, are actively engaged in the business of licensing and otherwise exploiting MMLLC's various trademarks related to Marilyn Monroe.

7.      MMLLC and CMG, on behalf of MMLLC as its licensing agent, are also engaged in the business of licensing copyrights to a number of collections of photographs owned by MMLLC, including a collection of photographs of Marilyn Monroe by the famous photographer Frank Worth.

8.      Defendants have also acquired rights to license additional copyrighted images of Marilyn Monroe, which are posted on CMG's website.  Copies of those website pages are attached hereto as Exhibit A.

9.      MMLLC's third-party licensees frequently use public domain images of Marilyn Monroe on their products in conjunction with the trademarks and copyrights they license from MMLLC and CMG.

10.    CMG maintains a collection of public domain photographs of Marilyn Monroe on its website, www.marilynmonore.com.  CMG offers those public domain photographs to MMLLC's licensees for use in conjunction with MMLLC's Marilyn Monroe-related trademarks and copyrights.  Attached hereto as Exhibit B are true and correct copies of CMG's website displaying those public domain photographs.

11.    CMG also creates CDs containing (i) the public domain photographs of Marilyn Monroe that are available on its website, (ii) the copyrighted photographs of Marilyn Monroe owned by MMLLC, and (iii) the copyrighted photographs of Marilyn Monroe that CMG and MMLLC have the right to license to third parties.  CMG distributes those CDs to potential licensees to encourage them to license MMLLC's Marilyn Monroe-related copyrights and trademarks for use in conjunction with public domain images of Marilyn Monroe.

12.    Attached hereto as Exhibits C through E are true and correct copies of licensing agreements between MMLLC, c/o CMG, and third party licensees, for use of MMLLC's Marilyn Monroe-related trademarks, whereby the licensee used those trademarks in conjunction with public domain images of Marilyn Monroe displayed on CMG's website.  Also attached hereto as Exhibits C through E are true and correct copies of the art actually used by those licensees combining MMLLC's trademarks with the public domain images of Marilyn Monroe.

13.    In addition to the examples specifically referenced above, numerous additional licensees have used public domain images of Marilyn Monroe, distributed by Defendants, in conjunction with their licensing of MMLLC's intellectual property rights.

3

14.     If successful in their declaratory judgment claim, CMG, as MMLLC's licensing agent, intends to use the various public domain photographs of Marilyn Monroe taken by Sam Shaw in conjunction with MMLLC's existing intellectual property rights, by including them in the collection of available public domain images of Marilyn Monroe on CMG's website and CDs, and by actively marketing them to potential licensees for use in conjunction with MMLLC's Marilyn Monroe-related trademarks and copyrights.

15.     Defendants are currently refraining from using such photographs, due to the Shaw Family's refusal to acknowledge that any photographs of Marilyn Monroe taken by Sam Shaw have entered into the public domain, their claims of copyright ownership to all photographs of Marilyn Monroe taken by Sam Shaw, their assertions of copyright infringement claims against MMLLC and CMG in this action, and in light of the ongoing litigation between the parties.

16.     Several Sam Shaw photographs of Marilyn Monroe, taken from the book *Marilyn Monroe. The Life. The Myth.* appeared on CMG's corporate website for no more than 6 to 9 months in 2004. Those photographs were, upon information and belief, held to be in the public domain in *Shaw v. Rizzoli Int'l Pubs., Inc.* (S.D.N.Y. Mar. 23, 1999).

I declare under penalty of perjury that the foregoing is true and correct.


Dated: February 12, 2008
       Indianapolis, Indiana

_____
Mark Roesler