UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH  :
MARCUS and META STEVENS,
                                   :
           Plaintiffs,
                                   :   05 Civ. 3939 (CM)
     -against-
                                   :   Honorable Colleen McMahon
CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC, :
a Delaware Limited Liability Company,
                                   :
           Defendants.
                                   :
-----------------------------------------------------------X

## DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE, LLC'S THIRD SET OF DOCUMENT REQUESTS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS

Defendant/Consolidated Plaintiff Marilyn Monroe, LLC ("MMLLC"), by its undersigned attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedures, hereby requests that Plaintiffs/Counterclaim Defendants Shaw Family Archives, Ltd. ("SFA"), Bradford Licensing, Inc. ("Bradford"), Edith Marcus, and Meta Stevens (collectively, "Plaintiffs"), in accordance with the definitions and instructions set forth below, produce all the documents and things described herein, wherever located, that are in Plaintiffs' possession, custody, or control, or in the possession, custody or control of their agents, servants, employees, attorneys, accountants, or other persons acting or purporting to act on Plaintiffs' behalf, at the offices of Loeb & Loeb LLP, 345 Park Avenue, New York, New York, 10154, within 30 days (or at such earlier time as may be ordered by the Court). Plaintiffs may produce true and correct copies of the requested documents rather than originals.

## **DEFINITIONS**

1.  The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

2.  The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

3.  The term "CMG" means Defendant/Consolidated Plaintiff CMG Worldwide, Inc.

4.  "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession, custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5.  The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

6.  The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw over which you claim ownership.

7.  The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

8. The term "Publication" means and refers to the distribution of a work or copies of a work to the public by sale or other transfer of ownership, or by rental, lease or lending. The offering to distribute copies to a group of persons for further distribution, public performance, or public display, constitutes "Publication."

9. The term "Registration" means and refers to the registration and/or renewal of any work with the Library or Congress or any other entity authorized to bestow copyright protection.

10. The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11. The term "Second Amended Complaint" means the Second Amended Complaint filed by Plaintiffs in the United States District Court, Southern District of New York on August 8, 2007.

12. The term "Amagansett Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw at the beach at Amagansett, New York, as referred to in paragraph 15 of the Second Amended Complaint.

13. The term "Idyllic Interlude Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw on the same day, or at the same shoot, as the photographs identified in paragraph 17 of the Second Amended Complaint.

14. The term "Flying Skirt Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw on the same day, or at the same shoot, as the "famous flying skirt photograph" identified in paragraph 19 of the Second Amended Complaint.

15. The term "Camera Eye Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw on the same day, or at the same shoot, as the photographs identified in paragraph 20 of the Second Amended Complaint.

16. The terms "you," "your," and "your company" shall mean each Plaintiff and/or Counterclaim Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on each Plaintiff and/or Counterclaim Defendant's behalf.

17. Each of the terms "all" and "each" shall be construed as both all and each.

18. The term "any" means both any and all.

19. The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20. The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

21. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

**INSTRUCTIONS**

1. Each request for documents seeks production of documents in their entirety, without abbreviation, modification, or redaction, including all attachments and materials affixed thereto.

2. Documents shall be produced in an order corresponding to each paragraph of this document request, or, in the alternative, they may be produced in the same order in which they are maintained in the usual course of business.

3. Each Plaintiff remains under a duty to supplement pursuant to Rule 26 with respect to each request.

4. Each request for documents shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

5. Each and every non-identical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

6. A representation of inability to comply with a particular request shall state the specific reason for the inability to comply, including whether the particular document has never existed; has been destroyed; has been lost, misplaced, or stolen; or has never been, or is no longer, in your possession, custody, or control. The statement shall set forth the name and address of any natural person or organization known or believed by you to have possession, custody, or control of that document or category of documents.

7. If only part of a document request is objectionable, the response shall set forth clearly the extent of and the specific ground for the objection, and all other requested documents shall be produced. If an objection is based on a claim of privilege or other protection, for such document you must state: (a) the date of the document; (b)

the request(s) to which the document is responsive; (c) the title and/or general subject matter of the writing; (d) the person(s) to whom the document was addressed or copied; and (e) the nature and basis of your claim of privilege or other reason that the information is protected from discovery, sufficiently to determine the validity of that claim in accordance with Fed. R. Civ. P. 26(b)(5).

## DOCUMENT REQUESTS

1. Copies of, or documents sufficient to identify, all of the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs; (iii) the Flying Skirt Photographs; and (iv) the Camera Eye Photographs.

2. All copyright registration certificates and applications, including all correspondence related thereto, concerning any of the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs; (iii) the Flying Skirt Photographs; and (iv) the Camera Eye Photographs.

3. All documents filed with or received from the Copyright Office concerning any of the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs; (iii) the Flying Skirt Photographs; and (iv) the Camera Eye Photographs.

4. All documents, including all assignments or agreements, which Plaintiffs claim grant them the ownership or control over any of the copyrights in the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs; (iii) the Flying Skirt Photographs; and (iv) the Camera Eye Photographs.

5.      True copies of all deposit copies of any Monroe/Shaw Photographs submitted to the U.S. Copyright Office, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs; (iii) the Flying Skirt Photographs; and (iv) the Camera Eye Photographs.

6.      All communications with Marilyn Monroe concerning any of the Monroe/Shaw Photographs, including, without limitation: (i) the Amagansett Photographs; (ii) the Idyllic Interlude Photographs; (iii) the Flying Skirt Photographs; and (iv) the Camera Eye Photographs.

7.      All documents concerning Plaintiffs' purported ownership of (i) the Amagansett Photographs, (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and/or (iv) the Camera Eye Photographs, including but not limited to all documents concerning your claim that Sam Shaw was the author of the photographs, and the chain of title relating thereto.

8.      All documents concerning the Publication of any of (i) the Amagansett Photographs, (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and/or (iv) the Camera Eye Photographs, or any other use, exploitation, dissemination or distribution of any such photographs, publicly or otherwise, including but not limited to on film, the internet, television, or in print.

9.      All documents concerning any copyright notices for any of (i) the Amagansett Photographs, (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and/or (iv) the Camera Eye Photographs.

10. All agreements and/or assignments concerning any of (i) the Amagansett Photographs, (ii) the Idyllic Interlude Photographs, (iii) the Flying Skirt Photographs, and/or (iv) the Camera Eye Photographs.

11. All documents concerning the three Amagansett Photographs identified in paragraph 15 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer.

12. All documents concerning Plaintiffs' allegation, in paragraph 16 of the Second Amended Complaint, that "Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879," including but not limited to all documents concerning MMLLC's allegedly infringing use.

13. All documents concerning the five specific Idyllic Interlude Photographs identified in paragraph 17 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer.

14. All documents concerning Plaintiffs' allegation, in paragraph 18 of the Second Amended Complaint, that "Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879," including but not limited to all documents concerning MMLLC's allegedly infringing use.

15. All agreements and/or assignments concerning the Flying Skirt Photographs, including but not limited to any and all correspondence and/or agreements with 20th Century Fox, Billy Wilder or any of the producers of "The Seven Year Itch."

16. All documents concerning the images referenced in paragraph 19 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer (including but not limited to copies of all such images).

17. All documents concerning Plaintiffs' allegation, in paragraph 19 of the Second Amended Complaint, that "Defendants have authorized the Centric Corporation to publish, display, and sell numerous images of Marilyn Monroe on the Centric Corporation web site."

18. All documents concerning Plaintiffs' allegation, in paragraph 19 of the Second Amended Complaint, that "Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 2-400-879," including but not limited to all documents concerning any allegedly infringing uses of images referenced in paragraph 19.

19. A true and correct copy of the book "In the Camera Eye," referenced in paragraph 20 of the Second Amended Complaint.

20. A true and correct copy of the book "Marilyn Monroe as The Girl."

21. All documents concerning the two specific Camera Eye Photographs identified in paragraph 20 of the Second Amended Complaint, the copyrights of which Plaintiffs claim MMLLC has infringed or acted as a contributory infringer.

22. All documents concerning Plaintiffs' allegation, in paragraph 21 of the Second Amended Complaint, that "Defendants have violated Plaintiffs' exclusive rights in the image of Marilyn Monroe protected by U.S. Copyright Registration No. TX 5-342-

425," including but not limited to all documents concerning MMLLC's allegedly infringing use.

23. All documents relating to Plaintiffs' allegation, in paragraph 24 of the Second Amended Complaint, that "Defendants' intentionally false statements to Plaintiffs' licensees and potential licensees has caused . . . Plaintiffs' licensees to cease licensing images of Marilyn Monroe from Plaintiffs and cause other potential licensees to forgo licensing images of Marilyn Monroe from Plaintiffs when they otherwise would have done so."

24. All documents relating to any agreements or correspondence with any of the "licensees" and/or "potential licensees" referenced in paragraph 24 of the Second Amended Complaint.

25. All documents concerning any fees or income received by Defendants from any of the "licensees" and/or "potential licensees" referenced in paragraph 24 of the Second Amended Complaint.

26. Documents sufficient to identify all of the "licensees" and/or "potential licensees" referenced in paragraph 24 of the Second Amended Complaint.

27. All documents relating to Plaintiffs' allegation, in paragraph 28 of the Second Amended Complaint, that "Defendants continue to represent that they have rights to the image of Marilyn Monroe."

28. All documents relating to any "false representations" referenced in paragraph 29 of the Second Amended Complaint.

29. All documents concerning Defendants' purported representations to New Media Inc. and Pyramid Posters Limited referenced in paragraph 30 of the Second Amended Complaint.

30. All documents relating to Defendants' purported "misrepresent[ations]," "omi[ssions]," and "fail[ure] to provide full disclosure on the nature and extent of their wrongful acts" as referenced in paragraph 33 of the Second Amended Complaint.

31. All documents relating to Plaintiffs' allegation, in paragraph 34 of the Second Amended Complaint, that "Defendants misrepresentations are continuing to cause Plaintiffs damage because their actual and prospective licensees continue to suffer anxiety that their existing contractual relations and expectations will be nullified by new legislation."

32. All contracts with which Plaintiffs allege, in paragraph 42 of the Second Amended Complaint, that Defendants have allegedly "tortiously interfered."

33. All documents relating to Marilyn Monroe's domicile at the time of her death.

34. All documents regarding your claims for damages in the Second Amended Complaint.

35. All documents from any third-parties concerning a claim that they own all or any portion of the rights to photographs which Plaintiffs claim to own, including the Monroe/Shaw Photographs.

36. All documents relating to any copyright notices or registrations by Sam Shaw and/or Ian Woodner for photographs appearing in the book "Marilyn Among

Friends," including but not limited to any copyright notices or registrations dated 1972, 1979, and/or 1987.

37.    All communications between and/or involving Sam Shaw and Ian Woodner.

38.    All documents relating to any copyright notices or registrations by Norman Rosten relating to the book "Marilyn Among Friends."

39.    All communications and/or agreements between Sam Shaw and Norman Rosten relating to the book "Marilyn Among Friends," any photographs contained therein, or any copyrights.

40.    A true and correct copy of the Trust instrument referenced in paragraph 13 of the Second Amended Complaint.

Dated: New York, New York
       October 30, 2007

                             LOEB & LOEB LLP

                             By: _____
                                Barry I. Slotnick (BS-9796)
                                Paula K. Colbath (PC-9895)
                                Jonathan Neil Strauss (JS-1090)
                                345 Park Avenue
                                New York, New York 10154-1895
                                (212) 407-4000

                                Attorneys for Defendant/Consolidated
                                Plaintiff Marilyn Monroe, LLC

683831.2