Case 1:05-cv-03939-CM   Document 181-62   Filed 02/12/2008   Page 1 of 2

Re: Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al.   Page 1 of 2

## Jonathan Neil Strauss

| | |
|---|---|
| **From:** | Jonathan Neil Strauss |
| **Sent:** | Wednesday, December 05, 2007 12:23 PM |
| **To:** | 'Christopher Serbagi' |
| **Cc:** | Paula Colbath; tjminch@sovichminch.com; David Marcus |
| **Subject:** | RE: Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al. |

Chris,

As reflected in our responses, we are not refusing to respond to Interrogatory No. 1. However, I note the following (in addition to the other objections set forth in our responses):

(1) - By our conservative estimate, Plaintiffs' First and Second Set of Interrogatories contained a total of at least 37 discrete interrogatories. And Interrogatory No. 1 in Plaintiffs' Third Set of Interrogatories actually contains at least ten discrete interrogatories, bringing Plaintiffs' over the 45-interrogatory limit. In light of the above, and so that defendants' are not forced to pick and choose the interrogatories to which they respond, you may wish to narrow your request.

(2) - In addition, and as noted in our objections and responses, Local Rule 33.3(c) provides that contention interrogatories may be served only "[a]t the conclusion of other discovery." As we are still awaiting discovery and depositions relevant to Count I of MMLLC's Third Amended Complaint, we cannot respond fully to Interrogatory No. 1 at this time. Indeed, much of the information called for in Interrogatory No. 1 relates to the publication and/or registration of Monroe/Shaw Photographs, information that you have thus far refused to provide to us. However, as reflected in the objections and responses, subject to our other objections we are willing to supplement our response to the interrogatories listed under Interrogatory No. 1 after other discovery and depositions have concluded.

Notwithstanding the foregoing, we will state that the basis of Count I of Defendants' Third Amended Complaint is that there exist Monroe/Shaw Photographs that were published prior to January 1, 1964 for which no copyright renewals were obtained during the final year of the initial 28-year copyright for such works, and that there exist further Monroe/Shaw Photographs that were initially published without copyright notice prior to March 1, 1989, when notice was required under the United States Copyright Act, or with the wrong copyright notice.

For example, the United States District Court for the Southern District of New York has ruled that all photographs in the book entitled "Marilyn Monroe. The Life. The Myth", which includes a number of Monroe/Shaw Photographs, have entered the public domain. In addition, in 1955 Ballantine Books published a book entitled "Marilyn Monroe as The Girl," which features numerous Monroe/Shaw Photographs (including photographs from the "Flying Skirt" series of photographs). Because no copyright renewal was obtained in connection with these photographs, all of them, including the Flying Skirt photographs, are now in the public domain.

Upon information and belief, there exist additional Monroe/Shaw Photographs that are in the public domain for, *inter alia*, the reasons discussed above. As we are in the midst of discovery regarding these issues, we reserve the right to supplement our response at a later time after the close of discovery.

Moreover, the document productions in this case are rife with examples of instances in which the Shaw Family Archives asserted rights to Monroe/Shaw Photographs, including photographs from the Flying Skirt series, not withstanding that photographs from the Flying Skirt series have plainly entered the public domain.

Please let me know if you would like to discuss these issues further,

Jon

---

**From:** Christopher Serbagi [mailto:c.serbagi@earthlink.net]

**Sent:** Tuesday, December 04, 2007 12:45 PM
**To:** Jonathan Neil Strauss
**Cc:** Paula Colbath; tjminch@sovichminch.com; David Marcus
**Subject:** Re: Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al.

Dear John:

Thank you for these responses. I have some initial questions about Defendants' failure to respond to Interrogatory No. 1.

First, is your firm aware that the parties previously agreed to extend the number of permissible interrogatories to 45? It is my recollection that Judge Fox agreed to that on July 31, 2007, as evidenced by Orin Snyder's letter dated August 1, 2007 in which he requested confirmation that Judge Fox had so granted the parties request. If this is the basis for Defendants refusal to provide their contentions on the sole claim Defendants' have asserted please let me know now so we can contact Judge Fox for clarification immediately.

Second, Defendants are well aware that Plaintiffs are entitled to Defendants' contentions as to the existing declaratory judgment claim and that is what we are seeking. Are Defendants refusing to provide their contentions and why do Defendants believe that a response is premature at this late stage, as stated in Defendants' interrogatory response.

Thank you.

Christopher Serbagi


Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York  10022
Tele: 212-593-2112
Fax:  212-308-8582
Email: c.serbagi@earthlink.net
Web Site: www.serbagi.com


On 12/4/07 11:59 AM, "Jonathan Neil Strauss" <jstrauss@loeb.com> wrote:

> Chris,
>
> Attached please find defendants' responses and objections to your most recent discovery requests. We will
> provide you with documents responsive to your requests at our offices later today.
>
> Very truly yours,
>
> Jon
>
> CONFIDENTIALITY NOTICE:  This e-mail transmission, and any
> documents, files or previous e-mail messages attached to it may
> contain confidential information that is legally privileged.  If
> you are not the intended recipient, or a person responsible for
> delivering it to the intended recipient, you are hereby notified
> that any disclosure, copying, distribution or use of any of the
> information contained in or attached to this transmission is
> STRICTLY PROHIBITED.  If you have received this transmission in
> error, please immediately notify the sender.  Please destroy the
> original transmission and its attachments without reading or
> saving in any manner. Thank you, Loeb & Loeb LLP.

2/12/2008