.

# EXHIBIT
# 3

ABRAHAM MARCUS

_____ Attorney_ for Petitioner

9250 Wilshire Boulevard

Beverly Hills, California _____ Address

CRestview 6-3123

_____ Telephone

**FILED**

AUG 10 1962

WILLIAM _____ P. C. ___ty Clerk

By _L Clark_

DEPUTY

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF LOS ANGELES

No. 589835

In the Matter of the Estate of

MARILYN MONROE,

_____ Deceased

ORDER APPOINTING SPECIAL
ADMINISTRAT_RIX_

The petition of _____ Inez C. Melson _____

by ____ Abraham Marcus _____ h_er_ attorney___, for special letters of administration of the estate of the deceased in the above entitled proceeding, having been filed herein, coming on regularly to be heard on August 10, 1962, in Department _9_, the Honorable CLYDE C_____ III _____ Court, after examining the petition, finds that _____ and that the facts alleged in said petition are true, and the evidence having been heard, grants said petition as follows:

It is Ordered, Adjudged and Decreed that _____ Marilyn Monroe _____ died on August 5 _____ 1962, then a resident of the County of Los Angeles, State of California, or the County of New York, ____ New York, _____ and left estate in the State of _ that ____ Inez C. Melson _____ is hereby appointed spec _rix___ of the estate of said deceased, and that as such special administrat_rix_ o of said deceased, _sh.s._ shall have power and authority to take possession of all the real al property of the decedent and preserve it from damage, waste and injury and to collec ____ and other income belonging to the estate and for any such purpose _sh. s._ may co. maintain or defend suits or other legal proceedings necessary to carry out these powers; an

Inez C. Melson _____ sh. bond as such special administrat_rix_ in the sum of $50,000 _____ surety, or $100,000 _____ personal, and that thereupon special letters of administration be issued to _her_ in conformity with this order, upon _h_ er_ taking the oath required by law.

Dated: AUG 10 1962

_____ Judge of the Superior Court

**ORDER APPOINTING SPECIAL ADMINISTRATOR**

SPA1 0258

THE DOCUMENT TO WHICH THIS CERTIFICATE I
ATTACHED IS A FULL, TRUE, AND CORRECT CC
OF THE ORIGINAL ON FILE AND OF RECORD IN
MY OFFICE.

ATTEST _____  JAN 23 2008

JOHN A. CLARKE, CLERK
Executive Officer/Clerk of the Superior
Court of California, County of Los Angeles

By _____ R. Blocker _____ Deputy
R. BEECHUM

SUPERIOR COURT, LOS ANGELES · CALIFORNIA

This is the best
microfilm copy
available

SEAL 0259

# EXHIBIT
# 4



State of New York

Surrogate's Court, County of New York

Probate Proceeding, Will of

MARILYN MONROE,

Deceased.

Notice of Probate

P. 2781 ........................196 2

Notice is hereby given that the Last Will and Testament of

MARILYN MONROE

late of the City of New York, County of New York and State of New York has been offered for probate in the Surrogate's Court of the County of New York, that the proponent of said Will AARON R. FROSCH residing at No. 10 West 86th Street, New York, New York

and that the following are the names and post-office addresses of the legatees, devisees and other beneficiaries as set forth in the petition herein who have not been cited or have not appeared or waived citation; and as to such persons as are infants or incompetents, the names and post-office addresses of the persons to whom an additional copy of the Notice of Probate is required to be mailed:

| Name | Post-Office Address |
|---|---|
| PATRICIA ROSTEN, an infant | 84 Remson Street, Brooklyn, New York |
| NORMAN and HEDDA ROSTEN, on behalf of infant, PATRICIA ROSTEN | 84 Remson Street Brooklyn, New York |

# EXHIBIT
# 5

.

At Chambers of the Surrogate's Court
held in and for the County of New
York at the Surrogate's office in
the Hall of Records in said County
on the 2? day of October, 1962.

P R E S E N T :

    HON. S. SAMUEL DiFALCO

        Surrogate



- - - - - - - - - - - - - - - - X

Probate Proceeding, Will of

    MARILYN MONROE

        Deceased

- - - - - - - - - - - - - - - - X

DECREE ADMITTING WILL

P. 2781-1962

      The citation herein having been duly issued, served
and returned, and the Surrogate having, on his own motion ap-
pointed ARTHUR N. FIELD, ESQ., special guardian of the decedent
mother, Gladys Baker, an incompetent, the allegations of the
parties appearing having been heard, and the proofs having been
duly taken by the Surrogate, among other things as to the
execution of the paper writing dated January 14, 1961 which has
been offered for probate as the Last Will of Marilyn Monroe,
and the probate of said Will not having been contested, and it
appearing to the Surrogate that the Will was duly executed,
and that the Testator at the time of executing it, was in all
respects competent to make a Will and not under any restraint,
it is

      ORDERED, ADJUDGED AND DECREED that the instrument
offered for probate herein be and the same hereby is admitted
to probate as the Last Will and Testament of Marilyn Monroe,

day of                    19

MM-0001497

deceased, valid to pass real and personal property, and that letters testamentary be issued thereon to the Executor and Trustee, upon qualifying thereunder and executing a bond according to law with sufficient sureties to be approved by the Surrogate in the penalty of 100,000. Dollars, for the Executor and in the penalty of 50,000 Dollars, for the Trustee, for the proper performance of his respective duties;

And that ARTHUR N. FIELD, ESQ., the special guardian herein, is hereby allowed 2,500 Dollars as compensation for his services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the letters testamentary shall contain an endorsement restraining the executor from the receipt of assets exceeding the aggregate value of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order, and that letters of trusteeship shall contain an endorsement restraining the trustee from receiving assets in excess of FIFTY THOUSAND ($50,000.) DOLLARS until the further order of the Surrogate.

P54/29

Two bonds approved October 30, 1962
P.B.

ORIGINAL ADMITTED TO PROBATE October 30, 1962
A TRUE COPY
Robert M. Reaves
CLERK OF THE SURROGATE'S COURT
CERTIFIED November 9, 1992

-2-

19

At Chambers of the Surrogate's Court
held in and for the County of New
York at the Surrogate's office in
the Hall of Records in said County
on the 29 day of October, 1962.

P R E S E N T:

HON. S. SAMUEL DiFALCO

Surrogate

- - - - - - - - - - - - - - - - - X

Probate Proceeding, Will of

MARILYN MONROE

Deceased

- - - - - - - - - - - - - - - - - X

DECREE ADMITTING WILL

P. 2781-1962

The citation herein having been duly issued, served
and returned, and the Surrogate having, on his own motion ap-
pointed ARTHUR N. FIELD, ESQ., special guardian of the decedent's
mother, Gladys Baker, an incompetent, the allegations of the
parties appearing having been heard, and the proofs having been
duly taken by the Surrogate, among other things as to the
execution of the paper writing dated January 14, 1961 which has
been offered for probate as the Last Will of Marilyn Monroe,
and the probate of said Will not having been contested, and it
appearing to the Surrogate that the Will was duly executed,
and that the Testator at the time of executing it, was in all
respects competent to make a Will and not under any restraint,
it is

ORDERED, ADJUDGED AND DECREED that the instrument
offered for probate herein be and the same hereby is admitted
to probate as the Last Will and Testament of Marilyn Monroe,

MM-0009385

deceased, valid to pass real and personal property, and that
letters testamentary be issued thereon to the Executor and Trus-
tee, upon qualifying thereunder and executing a bond according
to law with sufficient sureties to be approved by the Surrogate
in the penalty of $100,000         Dollars, for the Execu-
tor and in the penalty of $50,000         Dollars, for the
Trustee, for the proper performance of his respective duties;

And that ARTHUR M. FIELD, ESQ., the special guardian
herein, is hereby allowed $2500

Dollars as compensation for his
services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the
letters testamentary shall contain an endorsement restraining the
executor from the receipt of assets exceeding the aggregate value
of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order,
and that letters of trusteeship shall contain an endorsement
restraining the trustee from receiving assets in excess of FIFTY
THOUSAND ($50,000.) DOLLARS until the further order of the
Surrogate.

S. SAMUEL DiFALCO
Surrogate

-2-

MM-0009386

I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament:

FIRST: I hereby revoke all former Wills and Codicils by me made.

SECOND: I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

THIRD: I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

FOURTH: (a) I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b) I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c) I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both pre-decease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d) I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

FIFTH: I give and bequeath to my Trustee, hereinafter

EXHIBIT "A"

MM-0009387

named, the sum of $100,000.00, in Trust, for the following uses and purposes:

(a)  To hold, manage, invest and reinvest the said property and to receive and collect the income therefrom.

(b)  To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $5,000.00 per annum, in equal quarterly installments, for the maintenance and support of my mother, GLADYS BAKER, during her lifetime.

(c)  To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $2,500.00 per annum, in equal quarterly installments, for the maintenance and support of MRS. MICHAEL CHEKHOV during her lifetime.

(d)  Upon the death of the survivor between my mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the principal remaining in the Trust, together with any accumulated income, to DR. MARIANNE KRIS to be used by her for the furtherance of the work of such psychiatric institutions or groups as she shall elect.

SIXTH:  All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, of which I shall die seized or possessed or to which I shall be in any way entitled, or over which I shall possess any power of appointment by Will at the time of my death, including any lapsed legacies, I give, devise and bequeath as follows:

(a)  To MAY REIS the sum of $40,000.00 or 25% of the total remainder of my estate, whichever shall be the lesser.

-2-

MM-0009388

(b) to DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.

(c) To LEE STRASBERG the entire remaining balance.

SEVENTH: I nominate, constitute and appoint AARON R. FROSCH Executor of this my Last Will and Testament. In the event that he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

EIGHTH: I nominate, constitute and appoint AARON R. FROSCH Trustee under this my Last Will and Testament. In the event he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

/s/ MARILYN MONROE _____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE, the Testatrix above named, as and for her Last Will and Testament, in our presence and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this 14 day of January, One Thousand Nine Hundred Sixty-One.

/s/ AARON R. FROSCH _____ residing at  10 West 86th St., N.Y.C. _____

/s/ LOUISE H. WHITE _____ residing at  209 E.56th St., New York 22, NY

_____ residing  at _____

-3-

MM-0009389

# EXHIBIT
# 6

GANG, TYRE, RUDIN & BROWN
6400 Sunset Building
Los Angeles 28, California
Hollywood 3-4863

DATE OF HEARING

JAN 17, 9⁵⁹

X WILL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN THE MATTER OF THE ESTATE )

OF

MARILYN MONROE,

    Deceased.

NO.  458-935

PETITION FOR PROBATE OF
FOREIGN WILL AND FOR
ANCILLARY LETTERS
TESTAMENTARY.

The petition of AARON R. FROSCH, of the County of
New York, State of New York, respectfully states:

  1. MARILYN MONROE died on or about August 5, 1962,
at Los Angeles, California.

  2. Said deceased at the time of her death was
a resident of the County of New York, State
of New York.

  3. Said deceased left estate in the County of
Los Angeles, State of California, consisting
of real property and personal property; the character and
estimated value of the property of said estate in California
and the probable annual income therefrom, so far as known
to your petitioner, are as follows:

SFA1 0221

| | | Estimated Value | Probable Annual Income |
|---|---|---|---|
| Real property | | $60,000.00 | None |
| Personal property: | | | |
| | (1) Furniture, furnishings, etc. | $ 3,200.00 | None |
| | (2) Stocks and bonds | None | None |
| | (3) Bank accounts | $ 2,200.00 | None |

4.   Said deceased left a will dated January 14, 1961, which has been duly proved, allowed and admitted to probate in the Surrogate's Court, County of New York, State of New York.  A duly authenticated copy of the proceedings in New York, including the Will and Decree Admitting Will to probate in the above mentioned Court is presented and filed herewith; and conformed copies of the Will and the Decree Admitting Will are attached hereto marked Exhibit "A" and made a part hereof.  The Will was executed in conformity with the laws of the State of New York, the place where the testatrix was domiciled at the time of her death (as well as in conformity with the laws of this State) and said Surrogate's Court at the time of admitting the Will to probate, was a court of competent jurisdiction and had jurisdiction over the matters and of all parties interested in the estate.

5.   Aaron R. Frosch named in said Will as executor thereof, consents to act as such executor in the ancillary proceedings in California.

6.   The names, ages and residences of the devisees and legatees named in the Will of deceased are as follows:

-2-

SFA1 0222

| Name | Age | Residence |
|------|-----|-----------|
| Gladys Eley, aka Gladys Baker | over 21 | c/o Inez C. Melson, Conservator of Gladys Eley, aka Gladys Baker, an incompetent, 9110 Sunset Boulevard Los Angeles 69, Calif. |
| Berniece Miracle (named in the Will as Bernice Miracle | over 21 | 330 S. West 27th Street Gainesville, Florida |
| May Reis | over 21 | 299 West 12th Street New York City, New York |
| Norman Rosten | over 21 | 84 Remsen Street Brooklyn, New York |
| Hedda Rosten | over 21 | 84 Remsen Street Brooklyn, New York |
| Patricia Rosten | infant | 84 Remsen Street Brooklyn, New York |
| Lee Strasburg | over 21 | 135 Central Park West New York City, New York |
| Aaron R. Frosch, designated as Trustee | over 21 | 120 East 56th Street New York City, New York |
| Mrs. Michael Chekhov | over 21 | 3374 Rowena Los Angeles, California |
| Dr. Marianne Kris | over 21 | 135 Central Park West New York City, New York |

7.    Petitioner declares that deceased left surviving her, her mother and half-sister, designated below. Except for her said mother and half-sister, decedent left surviving her no parent, spouse, children, issue of deceased children, brothers, sisters, or issue of deceased brothers or sisters.

8.    The names, ages and residences of the heirs at law of said deceased, so far as known to your petitioner, are as follows:

SFA1 0223

-3-

| Name | Relationship | Age | Residence |
|------|--------------|-----|-----------|
| Gladys Eley, aka Gladys Baker | mother | over 21 | c/o Inez C. Melson, Conservator of Gladys Eley, aka Gladys Baker, an incompetent. 9110 Sunset Boulevard Los Angeles 69, Calif. |
| Berniece Miracle (named in the Will as Bernice Miracle) | half-sister | over 21 | 330 S. West 27th St. Gainesville, Florida |

WHEREFORE, petitioner prays that the Will of decedent may be admitted to probate as a foreign will, and that ancillary letters testamentary be issued to petitioner herein.

Dated: _Dec. 17, 1962_.

_Aaron R. Frosch_

_Aaron R. Frosch_

GANG, TYRE, RUDIN & BROWN

By _Herman K. Brown_

STATE OF NEW YORK } SS.
COUNTY OF NEW YORK }

I, the undersigned, state: That I am the petitioner in the within foregoing proceedings; that I have read the same and know the contents thereof, and the same is true of my own knowledge, except as to matters which are therein stated upon information or belief, and as to those matters that I believe the same to be true.

Dated: _Dec. 17, 1962_.

I certify (or declare) under the penalty of perjury that the foregoing is true and correct.

_Aaron R. Frosch_

_Aaron R. Frosch_

-4-

SFAI 0224

I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament.

**FIRST:** I hereby revoke all former Wills and Codicils by me made.

**SECOND:** I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

**THIRD:** I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

**FOURTH:** (a) I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b) I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c) I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both predecease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d) I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

**FIFTH:** I give and bequeath to my Trustee, herein

EXHIBIT "A"

SGA1 0225

named, the sum of $100,000.00, in Trust, for the following uses
and purposes:

(a)  To hold, manage, invest and reinvest the
said property and to receive and collect the income therefrom.

(b)  To pay the net income therefrom, together
with such amounts of principal as shall be necessary to provide
$5,000.00 per annum, in equal quarterly installments, for the
maintenance and support of my mother, GLADYS BAKER, during her
lifetime.

(c)  To pay the net income therefrom, together
with such amounts of principal as shall be necessary to provide
$2,500.00 per annum, in equal quarterly installments, for the
maintenance and support of MRS. MICHAEL CHEKHOV during her life-
time.

(d)  Upon the death of the survivor between my
mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the
principal remaining in the Trust, together with any accumulat
income, to DR. MARIANNE KRIS to be used by her for the furth
of the work of such psychiatric institutions or groups as sh
shall elect.

SIXTH:  All the rest, residue and remainder of
estate, both real and personal, of whatsoever nature and
ever situate, of which I shall die seized or possessed or
I shall be in any way entitled, or over which I shall po
power of appointment by Will at the time of my death, in
any lapsed legacies, I give, devise and bequeath as f

(a)  To MAY REIS the sum of $4
of the total remainder of my estate, whiche

-2-

(b)  to DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.

(c)  To LEE STRASBERG the entire remaining balance.

SEVENTH:  I nominate, constitute and appoint AARON R. FROSCH Executor of this my Last Will and Testament.  In the event that he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

EIGHTH:  I nominate, constitute and appoint AARON R. FROSCH Trustee under this my Last Will and Testament.  In the event he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

/s/ MARILYN MONROE_____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE, the Testatrix above named, as and for her Last Will and Testament, in our presence and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this 14 day of January, One Thousand Nine Hundred Sixty-One.

/s/ AARON R. FROSCH  residing at  10 West 86th St., N.Y.C.

/s/ LOUISE H. WHITE  residing at  209 E.56th St., New York 22, N.Y.

_____  residing at _____

-3-

SFA1 0227

At Chambers of the Surrogate's Court
held in and for the County of New
York at the Surrogate's office in
the Hall of Records in said County
on the 29 day of October, 1962.

P R E S E N T:

HON. S. SAMUEL DiFALCO

Surrogate

- - - - - - - - - - - - - - - - - - X

Probate Proceeding, Will of

MARILYN MONROE                           DECREE ADMITTING WILL

Deceased                                 P. 2781-1962

- - - - - - - - - - - - - - - - - - X

The citation herein having been duly issued, served
and returned, and the Surrogate having, on his own motion ap-
pointed ARTHUR N. FIELD, ESQ., special guardian of the decedent's
mother, Gladys Baker, an incompetent, the allegations of the
parties appearing having been heard, and the proofs having been
duly taken by the Surrogate, among other things as to the
execution of the paper writing dated January 14, 1961 which has
been offered for probate as the Last Will of Marilyn Monroe,
the due execution of said Will not having been contested, and it
appearing to the Surrogate that the Will was duly executed,
and that the Testator at the time of executing it, was in all
respects competent to make a Will and not under any restraint,
it is

ORDERED, ADJUDGED AND DECREED that the instrument
offered for probate herein be and the same hereby is admitted
to probate as the Last Will and Testament of Marilyn Monroe,

SGA1 0228

deceased, valid to pass real and personal property, and that letters testamentary be issued thereon to the Executor and Trustee, upon qualifying thereunder and executing a bond according to law with sufficient sureties to be approved by the Surrogate; in the penalty sum of $100,000 Dollars, for the Executor and in the penalty sum of $50,000 Dollars, for the Trustee, for the proper performance of his respective duties;

And that ARTHUR N. FIELD, ESQ., the special guardian herein, is hereby allowed $2500 Dollars as compensation for his services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the letters testamentary shall contain an endorsement restraining the executor from the receipt of assets exceeding the aggregate value of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order, and that letters of trusteeship shall contain an endorsement restraining the trustee from receiving assets in excess of FIFTY THOUSAND ($50,000.) DOLLARS until the further order of the Surrogate.

S. SAMUEL DiFALCO
Surrogate

-2-

SFA1 0229

This is the best
microfilm copy
available



THE DOCUMENT TO WHICH THIS CERTIFICATE IS
ATTACHED IS A FULL, TRUE, AND CORRECT COPY
OF THE ORIGINAL ON FILE AND OF RECORD IN
MY OFFICE.

ATTEST _____ JAN 2 3 2008 _____

JOHN A. CLARKE, CLERK

Executive Officer/Clerk of the Superior
Court of California, County of Los Angeles.

By_____ Deputy
R. BEECHUM    SPAI  0230