# EXHIBIT 19

SURROGATE'S COURT : NEW YORK COUNTY

In the Matter of the Application to
Determine the Estate Tax under
Article 26 of the Tax Law upon the
Estate of  MARILYN MONROE

                Deceased.

File No. P 2781 1962

NOTICE OF MOTION

SIR:

PLEASE TAKE NOTICE, that on the verified petition of AARON R. FROSCH dated the 29th day of May, 1969, and on the supporting papers made a part thereof, the petitioner will move at a Surrogate's Court to be held in and for the County of New York, at the Surrogate's Court Room, in the County of New York, on the 14 day of June, 1969 at 10 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard, for an order, * (fixing the tax on the estate of MARILYN MONROE deceased), (exempting the estate of deceased, from the tax) imposed by the article of the Tax Law relating to tax on estates of deceased persons.

Dated, June 2  1969

Yours, &c.

GREENBAUM, WOLFF & ERNST
Attorney for Petitioner
Office and Post Office Address
437 Madison Avenue
New York, New York   10022

To

SOLON S. KANE, Esq.

Attorney for State Tax Commission

80 Centre Street

New York, New York

* Strike out inapplicable provision.

```
_____ _____, ___ ____,... COUNTY
```

|  |  |
|---|---|
| In the Matter of the Application to Determine the Estate Tax under Article 26 of the Tax Law upon the Estate of Marilyn Monroe, Deceased. | File No. P 2781-1962<br><br>PETITION |

To the Surrogate's Court of the County of  New York

The petition of   Aaron R. Frosch

residing at   300 Central Park West,   New York, New York

respectfully shows:

FIRST: That he   is   the   Executor   of the estate of  Marilyn Monroe  , deceased; that said decedent died a resident of   444 East 57th Street, New York   in the county of   New York  , State of New York, on the   5th   day of   August  , 1962.

SECOND: That decedent died intestate (testate leaving a will, <u>copy of which is annexed</u>, which was duly admitted to probate by an order of this court dated   October   30  , 1962) and letters of administration/Letters Testamentary were duly issued by this court on the   30th   day of   October  , 1962 to your petitioner.

THIRD: That no order has been made herein appointing an appraiser.

FOURTH: That attached hereto and made a part hereof by reference are the following schedules:

|  |  | Check Schedule Attached |
|---|---|---|
| I. | Real Property situated in New York State | ☐ |
| II. | All limited powers of appointment created prior to September 1, 1930 | ☐ |
| III. | Real and tangible personal property having an actual situs outside New York State | ☒ |
| IV. | Expenses specifically attributable to property described in Schedule III | ☐ |
| V. | Property in Schedule III included in Federal marital deduction | ☐ |
| VI. | Property in Schedule III included in Federal deduction for public, charitable and religious uses | ☐ |
| VII. | Credit for personal and insurance exemptions | ☐ |
| VIII. | Credit for tax on prior transfers | ☐ |

FIFTH: That the Reconciliation Schedule, annexed hereto and made a part hereof by reference, sets forth the Federal gross estate, the New York gross estate, the total New York estate tax deductions, and the New York Taxable Estate. (Reconciliation Sheet Items 1, 5, 17, 18.)

MM-0000392

........ that the New York gross estate as set forth in the Reconciliation Schedule, includes the value of all property required to be included in the decedent's gross estate under Article 26 of the Tax Law, and the total New York estate tax deductions as set forth in said schedule include no item which is not allowable as a deduction under the provisions of said Article 26.

SEVENTH: That the Tax Computation Schedule, annexed hereto and made a part hereof by reference, sets forth the New York gross estate tax, the credit for personal and insurance exemptions, the credit for tax on prior transfers and the net New York estate tax.

EIGHTH: That the New York net estate tax is $ 16,072.05

NINTH: That your petitioner has ____ filed a Federal estate tax return.

TENTH: That a final Federal determination of the estate tax liability of this estate has (not) been made.

(If the Federal estate tax has been finally determined, a copy of the Federal determination, audit or statement from the Internal Revenue Service must be attached. If the Federal estate tax proceeding is still pending, any changes made therein may provide the basis for a supplementary taxing order to conform with such Federal changes.)

ELEVENTH: That the names and post office addresses of all persons interested in this proceeding who are required to be notified of this application, or concerning whom the court is required to have information, are:

State Tax Commission, Estate Tax Section, Albany, N.Y. 12226

There are no persons other than those mentioned interested in this application or proceeding.

WHEREFORE, your petitioner prays that an order be made determining the tax, if any, upon the estate of   Marilyn Monroe   , deceased, imposed pursuant to Article 26 of the Tax Law.

Dated,  May 29th , 1969.

_____
Petitioner

State of New York )
                  ) ss :
County of New York )

Aaron R. Frosch being duly sworn deposes and says that he is the petitioner in this proceeding; that he has read the foregoing Petition and the annexed schedules and knows the contents thereof; that the same are true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true.

Sworn to before me this 29
day of May . 1969

_____
Notary Public or Commissioner of Deeds
ELLIOT SEFKOWITZ
No. 31-747995
Qualified in New York County
Commission Expires March 30, 1970

_____
Petitioner

If decedent is described as a non-resident, attach Form TT-141A.

Instructions for preparation of schedules are contained in New York State Estate Tax Procedure Pamphlet (Form TT-861).

*(If more space is needed, furnish details in supplemental schedules)*

### SCHEDULE II
#### Limited Powers of Appointment Created Prior to September 1, 1930

|  |  |
|---|---|
|  | TOTAL $ |

### SCHEDULE III
#### Real and Tangible Personal Property having an actual Situs Outside New York State

| | | |
|---|---|---|
| 1. | House in Los Angeles, California | $ 87,000.00 |
| 2. | Furniture and furnishings in California house | 2,955.00 |
| | TOTAL | $ 89,955.00 |

### SCHEDULE IV
#### Expenses Specifically Attributable to Property Described in Schedule III

| | |
|---|---|
| | TOTAL $ |

### SCHEDULE V
#### Property Described in Schedule III Included in Federal Marital Deduction

| | |
|---|---|
| | TOTAL $ |

### SCHEDULE VI
#### Property in Schedule III Included in Federal Deduction for Public, Charitable and Religious Uses

| | |
|---|---|
| | TOTAL $ |

MM-0000394

# RECONCILIATION SCHEDULE

1. FEDERAL TOTAL GROSS ESTATE (From Federal Schedule O)    $ 926,476.31

2. Less: Real or tangible personal property having an actual situs outside New York    $ 89,955.00

3. Item 1 less Item 2    $ 836,521.31

4. Plus: Limited Powers of Appointment (Schedule II)    $ _____

5. NEW YORK GROSS ESTATE (Item 3 plus item 4)    $ 836,521.31

6. Total of deductions allowed under Federal Schedules J, K and L (Item 8 of Federal Schedule O)    $ 415,080.19

7. Less: Expenses, etc., specifically attributable to property described in Item 2    $ -0-

8. Item 6 less Item 7    $ 415,080.19

9. New York adjusted gross estate (Item 5 less item 8)    $ 421,441.12

10. Bequests, etc., to surviving spouse (Item 9 of Federal Schedule O)    $ -0-

11. Less: Property in Item 2 included in amount in Item 10    $ -0-

12. Item 10 less Item 11    $ -0-

13. New York marital deduction (Item 12 or ½ of item 9 whichever is smaller)    $ -0-

14. Federal charitable, public, and similar gifts and bequests (Item 12 of Federal Schedule O)    $ -0-

15. Less: Property in Item 2 included in amount in Item 14    $ -0-

16. New York charitable deduction (Item 14 less item 15)    $ -0-

17. TOTAL NEW YORK ESTATE TAX DEDUCTIONS (Totals of items 8, 13 and 16)    $ 415,080.19

18. NEW YORK TAXABLE ESTATE (Item 5 less item 17)    $ 421,441.12

## TAX COMPUTATION SCHEDULE

1. NEW YORK TAXABLE ESTATE *(Item 18 of Reconciliation Schedule)*    $ __421,441.12__

2. New York gross estate tax computed from table ................................................................................. $ __16,072.05__

3. Credit for personal and insurance exemptions if any *(Schedule VII)*

    a. 2% of first $50,000 exempt, if any ........................................ $ __-0-__
    b. 3% of next $100,000 exempt, if any ........................................ $ __-0-__

4. Total credit for personal and insurance exemptions *(Item 3a plus item 3b)* ................ $ __-0-__

5. Credit for tax on prior transfers, if any *(Schedule VIII)* ................................ $ __-0-__

6. Total credits *(Sum of items 4 and 5)* ........................................................ $ __-0-__

7. NEW YORK NET ESTATE TAX *(Item 2 less item 6)* ......................................... $ __16,072.05__

NOTE: If the difference between the amounts at Item 2 and Item 4 is $40 or less, the estate is exempt from tax under Section 952 (b) of the Tax Law.

### NEW YORK TAXABLE ESTATE

| Over | Not Over | Tax | |
|---|---|---|---|
| $0 | $50,000 | 2% of New York taxable estate | |
| 50,000 | 150,000 | $1,000 + 3% of excess over | $50,000 |
| 150,000 | 300,000 | 4,000 + 4% of excess over | 150,000 |
| 300,000 | 500,000 | 10,000 + 5% of excess over | 300,000 |
| 500,000 | 700,000 | 20,000 + 6% of excess over | 500,000 |
| 700,000 | 900,000 | 32,000 + 7% of excess over | 700,000 |
| 900,000 | 1,100,000 | 46,000 + 8% of excess over | 900,000 |
| 1,100,000 | 1,600,000 | 62,000 + 9% of excess over | 1,100,000 |
| 1,600,000 | 2,100,000 | 107,000 + 10% of excess over | 1,600,000 |
| 2,100,000 | 2,600,000 | 157,000 + 11% of excess over | 2,100,000 |
| 2,600,000 | 3,100,000 | 212,000 + 12% of excess over | 2,600,000 |
| 3,100,000 | 3,600,000 | 272,000 + 13% of excess over | 3,100,000 |
| 3,600,000 | 4,100,000 | 337,000 + 14% of excess over | 3,600,000 |
| 4,100,000 | 5,100,000 | 407,000 + 15% of excess over | 4,100,000 |
| 5,100,000 | 6,100,000 | 557,000 + 16% of excess over | 5,100,000 |
| 6,100,000 | 7,100,000 | 717,000 + 17% of excess over | 6,100,000 |
| 7,100,000 | 8,100,000 | 887,000 + 18% of excess over | 7,100,000 |
| 8,100,000 | 9,100,000 | 1,067,000 + 19% of excess over | 8,100,000 |
| 9,100,000 | 10,100,000 | 1,257,000 + 20% of excess over | 9,100,000 |
| 10,100,000 | | 1,457,000 + 21% of excess over | 10,100,000 |

MM-0000396

## SCHEDULE O
### RECAPITULATION

| Schedule | Gross estate | Alternate value | Value at date of death |
|---|---|---|---|
| A | Real estate | $ | $87,000.00 |
| B | Stocks and bonds | | 61,250.09 |
| C | Mortgages, notes, and cash | | 6,809.67 |
| D | Insurance | | 3,000.00 |
| E | Jointly owned property | | |
| F | Other miscellaneous property | | 767,416.45 |
| G | Transfers during decedent's life | | 1,000.00 |
| H | Powers of appointment | | |
| I | Annuities | | |
| | TOTAL GROSS ESTATE | $ | $926,476.31 |

| Schedule | Deductions | | Amount |
|---|---|---|---|
| J | 1. Funeral expenses and expenses incurred in administering property subject to claims | $19,132.84 | |
| K | 2. Debts of decedent | 359,423.58 | |
| K | 3. Mortgages and liens | 36,523.77 | |
| | 4. Total of items 1 through 3 | $415,080.19 | |
| | 5. Allowable amount of deductions from item 4 (see note*) | $415,080.19 | |
| L | 6. Net losses during administration | | |
| L | 7. Expenses incurred in administering property not subject to claims | | |
| | 8. Total of items 5 through 7 | | $415,080.19 |
| M | 9. Bequests, etc., to surviving spouse | $ | |
| | 10. Adjusted gross estate (see note**) | | |
| | 11. Net amount deductible for bequests, etc., to surviving spouse (item 9 or one-half of item 10, whichever is smaller) | | |
| N | 12. Charitable, public, and similar gifts and bequests | | |
| | TOTAL ALLOWABLE DEDUCTIONS, except exemption (totals of lines 8, 11, and 12) | | $ |

*Note.—See paragraph 1 of the instructions.

**Note.—Enter at item 10 the excess of "TOTAL GROSS ESTATE" over item 8, if the decedent and his surviving spouse at no time held property as community property. If property was ever held as community property, compute the "Adjusted gross estate" (item 10) in accordance with the instructions and example on page 32, and attach an additional sheet showing such computation.

ESTATE OF MARILYN MONROE

Schedule O—Page 35

MM-0000397

## SCHEDULE P
### TAXABLE ESTATE—RESIDENT OR CITIZEN

Instructions.—This Schedule Should be Used only for the Estate of a Resident or Citizen of the United States

| | | |
|---|---|---|
| 1. Total gross estate | | $926,476.31 |
| 2. Total allowable deductions | $415,080.19 | |
| 3. Exemption | 60,000.00 | |
| 4. Total deductions plus exemption | | 475,080.19 |
| 5. Taxable estate (item 1 minus item 4) | | $451,396.12 |

## SCHEDULE Q
### TAXABLE ESTATE—NONRESIDENT NOT A CITIZEN OF THE UNITED STATES

Instructions.—This schedule should be used only for the estate of a nonresident not a citizen of the United States. See instructions under "Deduction of administration expenses, claims, etc." on page 39. See also instructions under "Exemption" on page 39 for amount of exemption and names of countries, the estates of whose residents qualify for the "prorated exemption." If decedent was domiciled in Canada and died after December 31, 1958, see "Convention with Canada" on page 39 regarding special exemption and tax computation. Use Form 706g (Schedule Q (B)) instead of Schedule Q in case of decedent who at the time of his death was domiciled in France or Greece and was not a citizen of the United States. (If the "prorated exemption" is claimed under the Japanese convention, the numerator of the fraction set forth in item 7 is the value of the property situated in the United States and subjected to tax by both Japan and the United States.) The value to be entered for item 2 includes real property situated outside of the United States if required to be included in the gross estate by General Instruction J, page 4.

1. Value of gross estate in the United States (Schedules A, B, C, D, E, F, G, H, and I) ... $
2. Value of gross estate outside the United States (must be supported by proof described in instructions under "Deduction of administration expenses, claims, etc.," on page 39) ...
3. Value of total gross estate wherever situated (item 1 plus item 2) ... $
4. Gross deductions under Schedules J, K, and L ...
5. Net deductions under Schedules J, K, and L (proportion of item 4 that item 1 bears to item 3) ... $
6. Charitable, public, and similar gifts and bequests (Schedule N) ...
7. Exemption of $2,000 (in estates qualifying for "prorated exemption," use $2,000 $\times \frac{\text{item 1}}{\text{item 3}}$ or $\frac{\text{item 1}}{\text{item 3}} \times$ $60,000, whichever is the greater) ...
8. Total deductions plus exemption (item 5 plus items 6 and 7) ... $
9. Taxable estate (item 1 minus item 8) ... $

## SCHEDULE R
### CREDIT FOR TAX ON PRIOR TRANSFERS

| Name of transferor | Date of transferor's death |
|---|---|
| Transferor's residence at time of death | |

### COMPUTATION OF THE CREDIT

**PART I—TRANSFEROR'S TAX ON PRIOR TRANSFERS**
1. Net value of transfers ... $
2. Value of transferor's estate (adjusted in accordance with instructions for item 2) ... $
3. Tax on transferor's estate (adjusted in accordance with instructions for item 3) ... $
4. Transferor's tax on prior transfers (proportion of item 3 which item 1 bears to item 2) ... $

**PART II—TRANSFEREE'S TAX ON PRIOR TRANSFERS**
5. Transferee's tax computed without regard to credit allowed under this schedule ... $
6. Transferee's reduced gross estate ...
7. Transferee's deductions (adjusted in accordance with instructions for item 7) ...
8. Transferee's reduced taxable estate (item 6 minus item 7) ... $
9. Tax on reduced taxable estate ...
10. Transferee's tax on prior transfers (item 5 minus item 9) ... $

**PART III—CREDIT ALLOWABLE**
11. Maximum amount before application of percentage requirement (item 4 or item 10, whichever is smaller) ... $
12. Percent allowable in ...
13. Credit allowable (item 12 × item 11) ... $

ESTATE OF __MARILYN MONROE__  Schedule P, Q, and R—Page 35

DISTRICT DIRECTOR
P. O. BOX 3100
NEW YORK, N.Y. 10015

April 22, 1966

IN REPLY REFER TO
Form L-154
AU:S:CG:jr

Aaron R. Frosch, Executor
120 East 56th Street
New York, N.Y. 10022

ESTATE OF
Marilyn Monroe
DATE OF DEATH
August 5, 1962

Dear Sir:

## ESTATE TAX CLOSING LETTER

The Federal estate tax liability for the estate named above is as follows:

Gross estate tax ................................................. $130,146.70

Less credits allowed:
State death taxes.......... $10,455.84
Federal Gift Tax.......... $
Tax on prior transfers..... $
Foreign death taxes....... $

LESS TOTAL CREDITS..................... $ 10,455.84

NET ESTATE TAX........................ $119,690.86

If proof of settlement of the Federal estate tax liability is required by a third party, this closing letter, together with cancelled check(s) or receipt(s) showing payment of the net estate tax shown above, and interest and penalties (if any), may be exhibited to such third party as evidence that the Federal estate tax liability has been discharged for the above named estate.

Very truly yours,

Edward J. Fitzgerald, Jr.
District Director

**THIS IS AN IMPORTANT DOCUMENT**

FORM L-154 (REV. 4-64)

MM-0000399

TT-148 (7/66)

At a Surrogate's court, held in and for the County of New York at the Courthouse in said county, on the          day of          , 19 69.

Present,

Hon.

                                    Surrogate

---

In the Matter of the Application to Determine the Estate Tax under Article 26 of the Tax Law upon the Estate of MARILYN MONROE

Deceased.

File No. A 2781 1962

ORDER FIXING TAX

---

On reading and filing the verified petition of AARON R. FROSCH dated the 29th day of May 1969 and it appearing that the said decedent died on the 5th day of August, 1962 and left certain property, described in said petition and schedules attached thereto, the transfer of which is subject to the tax imposed by the provisions of Article 26 of the Tax Law, and proof having been made of due service of said petition and the notice of motion for this order upon the attorney for the State Tax Commission, now on motion of

GREENBAUM, WOLFF & ERNST, Esq., attorney for the petitioner herein; SOLON S. KANE, Esq., attorney for the State Tax Commission appearing and not opposing, it is

ORDERED AND ADJUDGED that the value of the New York gross estate of said decedent, the New York estate tax deductions, the New York taxable estate, the gross estate tax, and the credits against such tax and the net estate tax are hereby fixed and determined as follows:

| | |
|---|---|
| New York gross estate | $ 836,521.31 |
| New York estate tax deductions | $ 415,080.19 |
| New York taxable estate | $ 421,441.12 |
| New York gross estate tax | $ 16,072.05 |
| Credits against estate tax | $ -0- |
| New York net estate tax | $ 16,072.05 |

# EXHIBIT 20

Sheet 1 (6-64)

# Surrogate's Court

JFPCM COUNTY OF NEW YORK

In the Matter of the Appraisal under the Estate Tax Law of the Estate of

MARILYN MONROE

Deceased.

TO THE SURROGATE'S COURT OF THE COUNTY OF ..NEW YORK..:
I, Milton Eletz succeeding
I, B. Franklin Spencer................., Estate Tax Appraiser, having been designated
by the ............attorneys............, Surrogates of the County of ..NEW YORK.........., by an
order duly made authorized on the ..7th.. day of ..AUGUST..........., 19..64.., to appraise
the estate of the above-named decedent, pursuant to the provisions of the law imposing a tax
on estates of residents and nonresidents, and the statutory notice by mail having been duly
given herein to all the persons entitled thereto as provided in Section 249-v of the Tax Law as
appears by copy of such notice and affidavit of mailing thereof hereunto annexed, and having
held an appraisal on the ..25th.............. day of ..NOVEMBER.............., 19..69..,
at the office of the Estate Tax Appraiser for the County of ..NEW YORK..............,
and having heard the allegations and proofs of the parties then and there appearing before me
and offering the same, and having given due consideration to the affidavits and other papers
submitted herein, and having made due and careful inquiry into all the matters and things
brought before me in this proceeding, do now make and file the following report:

FIRST - I report that the decedent herein died a resident of the State of New York on
the ..5th.................. day of ..AUGUST.................., 19..62.., intestate, leaving a
Last Will and Testament, copy of which is hereunto annexed, which was duly admitted to
probate by this Court on the .................. day of .................................., 19........,
and that thereafter on the ..30th.. day of ..OCTOBER.................., 19..62.., Letters of
Administration Testamentary upon the estate of the said decedent were duly issued by this
Court to

AARON R. FROSCH          300 CENTRAL PARK WEST      NEW YORK, N.Y.

AS EXECUTOR

SECOND - I further report the following appearances in this proceeding:

SOLON S. KANE, ESQ.
Attorney for State Tax Commission
80 Centre Street
New York, N.Y. 10013

GREENBAUM, WOLFF AND ERNST, ESQS.
Attorneys for Executor
437 Madison Avenue
New York, N.Y. 10022

ESTATE OF MARILYN MONROE, DECEASED

Third—I further report that I found the property comprising the gross estate of the decedent herein to consist of the items set forth in the annexed affidavit for appraisal, and that the fair market value of each of the said items at the date of decedent's death is the amount set down by me opposite such item in the column designated "Value as appraised in this proceeding," and that the sums properly to be allowed as deductions herein for the purpose of determining the net estate are the amounts set down by me after the several items claimed in the column designated "Allowed in this proceeding," as a result of which I find the said gross estate and deductions to be shown in the following summary:

*Assets:*

| | |
|---|---:|
| Schedule A—Real Estate.................................................................$ | 0 |
| Schedule B—Stocks and Bonds........................................................ | 61,250.19 |
| Schedule C—Mortgages, Notes and Cash....................................... | 6,813.17 |
| Schedule D—Insurance .................................................................... | 3,000.00 |
| Schedule E—Jointly Owned Property............................................... | 0 |
| Schedule F—Other Miscellaneous Property..................................... | 764,461.45 |
| Schedule G—Transfers during Decedent's Life................................ | 1,000.00 |
| Schedule H—Powers of Appointment............................................... | 0 |
| Schedule I (1)—Property Previously Taxed..................................... | 0 |
| Gross estate.................................................................................. | $ 836,524.81 |

*Subject to Deductions as follows:*

| | | |
|---|---:|---:|
| Schedule J—Funeral and Administration Expense...........$ | 19,132.84 | |
| Schedule K—Debts of Decedent....................................... | 359,423.58 | |
| Schedule L—Mortgages and Liens, and Net Losses During Administration.................................... | 0 | |
| Total of Schedules J, K and L.................................$ | 378,556.42 | |
| Adjusted Gross Estate (gross estate minus total of Schedules J, K and L).............................................$ | 0 | |
| Schedule M—Transfers to surviving Spouse..................... | 0 | |
| Marital deduction (one-half of Adjusted Gross Estate, or the total of Schedule M, whichever is less................................................$ | 0 | |
| Schedule I (2)—Property Previously Taxed..................................... | 0 | |
| Schedule N—Charitable, Public and Similar Gifts and Bequest....... | 0 | |
| Total Deductions ........................................................................ | | 378,556.42 |

The net estate, I appraise at..............................................................................$ 457,968.39

ala

Fourth—I further report that the decedent died a nonresident of this State and that the total valuation of real property situated and tangible personal property having an actual situs within the State is $

(This paragraph applies only if the decedent was in fact a nonresident as shown in paragraph 1)
...sident is claimed attach Form TT-141-A)

TT 144 Sheet 3 (9-60) 70M (OC-309)

Fifth—I further report the amount of exemption allowed under § 249-q to be:

| BENEFICIARIES | Relationship | Amount of exemption $ |
|---|---|---|
| GLADYS BAKER | MOTHER | 5,000.00 |
| BERNICE MIRACLE | SISTER | 5,000.00 |

INSURANCE _____ 0

TOTAL EXEMPTIONS _____ $ 10,000.00

DATED DEC 3 0 1969

COUNTY   NEW YORK

Respectfully submitted,

idj

*Milton Elek*
Appraiser

MM-0004785

# EXHIBIT 21

At a Surrogate's court, held in and for the County of New York at Hall of Records in said county, on the 20 day of January, 19 70.

PRESENT,

Hon. Samuel J. Silverman    Surrogate

|  |  |
|---|---|
| IN THE MATTER OF THE APPRAISAL OF THE ESTATE OF MARILYN MONROE Deceased | FILE NO. P 2781    19 62<br>ORDER FIXING TAX ON REPORT |

On reading the report filed the 30th day of December, 19 69, of MILTON ELETZ *succeeding Samuel Chopin* the appraiser appointed by order of this Court, *effective* the 7th day of August, 19 64, and it appearing that the said decedent died on the 5th day of August, 19 62, it is

ORDERED AND ADJUDGED that the market value of the gross estate of said decedent at the time of death, the amount of exemptions and deductions allowed from said gross estate, the net amount of said estate which is subject to tax under the provisions of Article 10-C of the Tax Law, and the amount of tax to which the same is liable, shall be and the same hereby is assessed, fixed and determined as follows:

| | |
|---|---|
| Gross estate | $836,524.81 |
| Total deductions allowed by statute | 378,556.42 |
| Net estate | $457,968.39 |
| Tax on first $50,000 less exemptions of $ 10,000. | $ 800.00 |
| Tax on next $100,000 less additional exemptions of $ | $ 3,000.00 |
| Tax on net estate in excess of $150,000 | $ 13,898.42 |
| Total tax | $ 17,698.42 |

FILED JAN 20 1970

*Samuel J. Silverman*
Surrogate

MM-0000001

# EXHIBIT 22

Filed separately under seal pursuant to Protective Order