# EXHIBIT 24

GANG, TYRE & BROWN
6400 Sunset Building
Los Angeles, California 90028

463-4863

Attorneys for Ancillary Executor

FILED
JAN 7 1976

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN THE MATTER OF THE ESTATE ) NO. P-458,935
)
OF ) PETITION FOR ORDER APPROVING
) COMPROMISE
MARILYN MONROE, )
) (CLAIM AGAINST ESTATE)
Deceased. )
)

TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES:

The verified petition of Aaron R. Frosch, as Ancillary Executor of the Estate of Marilyn Monroe, Deceased, respectfully shows:

I

Marilyn Monroe, a resident of the County of New York, State of New York, died on or about August 5, 1962, at Los Angeles, California, leaving estate in Los Angeles County.

II

That heretofore Ancillary Letters Testamentary were issued on

SFA1 0238

1  February 26, 1963, to petitioner herein who ever since said date
2  has been, and now is, the duly qualified and acting Ancillary
3  Executor of the above estate.
4      Administration of the domiciliary estate is pending
5  in the County of New York, State of New York, and petitioner
6  herein is also executor therein.
7
8                     III
9      Requests for Special Notice have been filed herein by
10 the Director of Employment, 800 Capitol Avenue, Sacramento,
11 California; Inez C. Melson, c/o Marcus, Kohn & Epstein (now
12 known as Marcus & Ezor), 9250 Wilshire Blvd., Beverly Hills,
13 California 90212; District Director of Internal Revenue, P.O.
14 Box 1631, Los Angeles, California, attention Special Procedures,
15 Room 1355, Probate Unit; and Berniece Miracle, c/o Dixon, Howell &
16 Westmoreland (now known as Dixon, Howell, Westmoreland & Newman),
17 924 Westwood Blvd., Suite 705, Los Angeles, California 90024, and
18 also c/o James Stuart Wershow, 212 South East First Street,
19 Gainesville, Florida 32601. The Request for Special Notice filed
20 on behalf of the District Director of Internal Revenue has been
21 withdrawn per Proof of Claim, Special Notice Withdrawal Request,
22 heretofore filed in the above estate. The Request for Special
23 Notice heretofore filed by the Department of Employment has been
24 withdrawn per the Withdrawal of Request of Special Notice from
25 the Director of the Department of Human Resources Development
26 (formerly known as Department of Employment and now known as
27 Employment Development Department), on file in the above estate.
28

-2-

SFA1 0239

1  Special Notice of the hearing on the within petition will be
2  given to the other parties listed above, as required by law.
3  No other Requests for Special Notice are on file herein.
4
5                                IV
6       An Inventory and Appraisement of the assets of said
7  estate, located within the State of California, was returned
8  and filed on or about April 16, 1963, showing the appraised
9  value of decedent's estate in California to be $92,781.00.
10
11                               V
12      Notice to creditors of said decedent was duly pub-
13 lished, the first publication thereof being on March 4, 1963.
14 All creditors' claims filed against the above estate in
15 California have been paid, and the time for filing Creditors'
16 Claims has expired.
17
18                               VI
19      On or about December 3, 1971, the Franchise Tax
20 Board of the State of California asserted a claim against the
21 executor, proposing assessments of additional personal income
22 tax and penalties against the estate, in the amounts and for
23 the years as set forth in Exhibit A hereto attached. The pro-
24 posed additional assessments arose out of the following facts:
25 Marilyn Monroe had appeared in two motion pictures (among
26 others), entitled: "Some Like it Hot" and "The Misfits".
27
28

-3-

SFA1 0240

1  "Some Like it Hot" was filmed entirely in California, and 10%
2  of the filming of "The Misfits" had taken place in this State.
3  Decedent's employment with respect to each of said motion
4  pictures was pursuant to a contract with United Artists
5  Corporation ("U.A.") under which U.A. had agreed to pay her
6  certain fixed compensation (which was paid to decedent during
7  her lifetime) and certain contingent compensation (called
8  "percentage payments") based upon a percentage of each film's
9  earnings, as and when accruing. After decedent's death, these
10 percentage payments were paid by U.A. in New York to Aaron R.
11 Frosch, as executor of the decedent's estate under the New York
12 domiciliary probate administration, and each payment when
13 received was included in the domiciliary estate's current income
14 for New York income tax purposes.
15       Because the executor believed that the percentage
16 payments were not taxable in California, no income tax was
17 paid to the State of California on any portion of those payments,
18 and no California personal income tax returns were filed on
19 behalf of the ancillary estate in California for the years in
20 question.
21       When petitioner herein requested a Tax Clearance
22 Certificate from the Franchise Tax Board in order to submit his
23 final account to this Court, the request was denied and the
24 proposed assessments asserted on the ground that since the
25 percentage payments were "California source" income during
26 decedent's lifetime, they retained that character even after
27 decedent's death.

-4-

The legal issue of the effect of decedent's death on payments of the sort referred to herein had never before been expressly considered by the Franchise Tax Board. Petitioner duly filed a protest to the proposed assessments, and upon denial thereof, appealed to the Board of Equalization. The matter was briefed extensively and orally argued in detail at a hearing in November, 1973. In April of 1975, the Board rendered its determination, holding that the proposed assessments were proper and should be sustained. In addition to the amounts set forth in Exhibit A, interest on the proposed assessments amounted to $26,078.39 as of July 28, 1975.

## VII

Petitioner thereupon entered into negotiations with the Franchise Tax Board with respect to the settlement and compromise of the assessments, including the penalties and interest thereon. As a result of said negotiations, the Franchise Tax Board and the executor propose to enter into an agreement under which the estate will pay the sum of $52,139.73 in full settlement of all claims asserted by the Franchise Tax Board. The amount of such settlement is computed based on payment by the estate of the following:

1. 100% of the taxes due for the years 1967 through 1970, in the amount of $19,104.15;
2. Interest thereon in the amount of $7,853.81, computed to August 15, 1975;
3. 50% of the taxes due for the years 1963 through 1966, which amounts to $10,069.48;

SFA1 0252

           4.   Interest thereon computed to August 15, 1975,
                in the amount of $9,112.29;

totalling $52,139.73. In addition, the Franchise Tax Board
will abate all penalties and any interest thereon, and the
estate will waive any right to appeal the decision of the
State Board of Equalization.

           The domiciliary executor in New York has approved
said settlement and will supply such additional funds as are

## VIII

           Petitioner believes, and therefore alleges, that it
is to the benefit and best interests of the estate and those
interested therein that the executor be authorized to enter
into the foregoing Agreement, and pursuant thereto, to authorize
execution of a Stipulation for Entry of Judgment, in the form
of Exhibit B hereto attached, which Stipulation embodies the
substance of the compromise set forth above, in that:

           1.   The amount payable would be approximately 55%
                of the total amount (including interest and
penalties) assessed as a result of the decision of the State
Board of Equalization;

           2.   In order to pursue this matter through the Courts,
                the estate would first have to pay the total
amount assessed, so that it might file an action for refund in
the Superior Court, and there are not sufficient funds available
in the California ancillary estate for said purpose;

...

-6-

SFAZ 0243

3. An appeal through the Courts would take at least several years for determination, during which time interest would continue to accrue, so that if the case were ultimately lost, the amount payable would be substantially greater. Moreover, such a procedure would further delay indefinitely final distribution of the estate;

4. Inasmuch as the legal issue involved is highly technical, there is no clear precedent in favor of the estate, and the State Board of Equalization has ruled against the executor, there is no assurance that a further appeal would be successful;

5. The settlement set forth herein is, in the opinion of the executor, fair and reasonable as to the estate, and is the best settlement the estate is able to obtain.

WHEREFORE, petitioner prays that this Court approve the compromise set forth above and authorize the executor to enter into the Agreement therefor, to authorize execution of the Stipulation for Entry of Judgment (Exhibit B hereto attached), and to make payment of the moneys required thereunder.

DATED: December 30, 1975.

_____
AARON R. FROSCH
Ancillary Executor

GANG, TYRE & BROWN
By _____
Attorneys for Ancillary Executor

-7-

SFAI 0244

| Year | Proposed Assessment | Penalty |
|------|---------------------|---------|
| 1963 | $ 1,894.86 | $ 473.72 |
| 1964 | 10,107.58 | 2,526.89 |
| 1965 | 10,020.61 | 2,505.15 |
| 1966 | 10,115.92 | 2,528.98 |
| 1967 | 13,830.05 | 3,457.51 |
| 1968 | 3,240.91 | 810.23 |
| 1969 | 140.48 | 35.12 |
| 1970 | 1,892.71 | 473.18 |
|      | $51,243.12 * | $12,810.78 ** |

* plus interest of approximately $26,500.00

** plus interest of approximately $2,700.00

EXHIBIT A

SFA1 0245

```
 1  EVELLE J. YOUNGER, Attorney General
    PHILIP C. GRIFFIN,
 2  RODNEY LILYQUIST, JR.,
         Deputy Attorneys General
 3  800 Tishman Building
    3580 Wilshire Boulevard
 4  Los Angeles, California 90010
    Telephone: (213) 620-4844
 5
    Attorneys for Plaintiff
 6

 7

 8               SUPERIOR COURT OF THE STATE

 9               FOR THE COUNTY OF LOS ANGELES
```

| | |
|---|---|
| ESTATE OF MARILYN MONROE, Deceased. | NO. |
| FRANCHISE TAX BOARD, Plaintiff, | JUDGMENT PURSUANT TO STIPULATION |
| v. | |
| AARON R. FROSCH, as Executor of the Estate of Marilyn Monroe, Deceased, Defendant. | |

Pursuant to the written stipulation entered into between plaintiff and defendant and filed herein, and the court having considered the matter and good cause appearing therefor,

IT IS ORDERED that:

1. Plaintiff, Franchise Tax Board, does have and recover from defendant, Aaron R. Frosch, as executor of the estate of Marilyn Monroe, deceased, the sum of $52,139.73, without further interest thereon, which sum shall be paid by defendant in the due course of administration of the estate.

2. Each party shall bear its own costs.

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

EXHIBIT ____

00104
45501107-
LA75CV2276

SF91 0246

```
 1  EVELLE J. YOUNGER, Attorney General
    PHILIP C. GRIFFIN,
 2  RODNEY LILYQUIST, JR.,
              Deputy Attorneys General
 3  800 Tishman Building
    3580 Wilshire Boulevard
 4  Los Angeles, California 90010
    Telephone: (213) 620-4844
 5
    Attorneys for Plaintiff
 6
 7
 8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
 9              FOR THE COUNTY OF LOS ANGELES
10
11  ESTATE OF MARILYN MONROE,         )
12                        Deceased,   )   NO.
                                      )
13  FRANCHISE TAX BOARD,              )   STIPULATION FOR ENTRY
                                      )   OF JUDGMENT
14                        Plaintiff,  )
                                      )
15            v.                      )
                                      )
16  AARON R. FROSCH, as Executor      )
    of the Estate of Marilyn Monroe,  )
17  Deceased,                         )
                                      )
18                        Defendant.  )
```

20         IT IS HEREBY STIPULATED by and between plaintiff,
21  Franchise Tax Board, and defendant, Aaron R. Frosch, as executor
22  of the estate of Marilyn Monroe, deceased, through their
23  respective attorneys, that the Judgment Pursuant to Stipulation,
24  a copy of which is attached hereto as Exhibit "A", may be signed
25  by a judge, judge pro tempore, or commissioner of the above
26  entitled court immediately upon the execution and filing of this
27  written stipulation and may be made and entered in the above
28  captioned matter; and that
29         The sum set forth in the Judgment Pursuant to
30  Stipulation represents full settlement of all claims and issues
31  arising out of the within litigation, to wit: the personal

                                1.

**EXHIBIT B**

SEA1 0247

1  income tax liability incurred by the estate of Marilyn Monroe
2  and owed to plaintiff, Franchise Tax Board.
3       Dated:_____

         EVELLE J. YOUNGER, Attorney General
         PHILIP C. GRIFFIN,
         RODNEY LILYQUIST, JR.,


         By_____
              RODNEY LILYQUIST, JR.,

         Attorneys for Plaintiff


         GANG, TYRE & BROWN


         By_____
              STANLEY P. GOLD

         Attorneys for Defendant

45501107-
LA75CV2276

2.

SFAY 0248

NEW YORK _____ petitioner _____ in the above entitled action or proceeding; I have read the foregoing PETITION FOR ORDER APPROVING COMPROMISE (CLAIM AGAINST ESTATE), and know the contents thereof; and that the same is true of my own knowledge, except as to the matters and things which are therein stated upon my information or belief, and that as to those matters and things I believe them to be true.

Subscribed and sworn to before me this 30th day of December, 1975.

(X) _Aaron R. Frosch_ (Signature)

If certification or declaration is used instead ... affidavit cross out "being first duly sworn" and the ... Certification (or declaration) form cannot be used outside of California.

(PROOF OF SERVICE BY MAIL—1013a, and 2015.5 C.C.P.)

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF CALIFORNIA  
COUNTY OF LOS ANGELES } ss.

I, _____, (being first duly sworn) say that I am and was at all times herein mentioned, a citizen of the United States and employed in the County of Los Angeles, over the age of eighteen years and not a party to the within action or proceeding; and that:

My business address is _____

On _____, 19____, I served the within _____

on the _____ in said action, by depositing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed to the attorney(s) of record for said _____ at the office address of said attorney(s), as follows:

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Executed on _____ (date) at _____ (place), California

_____ (Signature)

Subscribed and sworn to before me this _____
day of _____, 19____

Notary Public in and for the said County and State  
[SEAL]

SFA1 0249

THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED IS A FULL, TRUE, AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE.

ATTEST _____ JAN 2 3 2008 _____

JOHN A. CLARKE, CLERK

Executive Officer/Clerk of the Superior Court of California, County of Los Angeles.

By _____ R. Beechum _____ Deputy

R. BEECHUM SEAL 0250

This is the best microfilm copy available