1 given to the other parties listed above, as required by law.
2 No other Requests for Special Notice are on file herein.
3
4 INVENTORY AND APPRAISEMENT:
5
6    An Inventory and Appraisement of the assets of the
7 estate located within the State of California was returned
8 and filed on or about April 15, 1963, showing the appraised
9 value of decedent's estate in California to be $92,781.00.
10
11 NOTICE TO CREDITORS:
12
13    Notice to creditors of decedent has been duly published,
14 the first publication thereof being on March 4, 1963. A
15 printed copy of said notice accompanied by a declaration
16 setting forth the date of first publication thereof and the
17 name of the newspaper in which the same was printed was duly
18 filed herein on March 25, 1963, at which time the Declaration
19 of Publication showing the due publication of notice to
20 creditors of said decedent was duly filed.
21
22 CREDITORS' CLAIMS:
23
24    The following is a schedule of all creditor's claims
25 filed or presented against the above estate:
26
27
28

-3-

SFAI 0256

| | Claimant | Amount | |
|---|---|---|---|
| 1 | | | |
| 2 | Department of Employment | $ 99.18 | (plus interest) |
| 3 | Vicente Pharmacy | 58.57 R | |
| 4 | C & J Howard, Inc., dba Landon Pool Service | 37.00 | |
| 5 | | | |
| 6 | H. B. Thompson (Thompson Electric Co.) | 111.45 b | |
| 7 | Santa Monica Dairy, dba Edgemar Farms | 6.06 | |
| 8 | | | |
| 9 | [illegible] | 388.32 R | |
| 10 | Raese Period Furniture | 313.92 | |
| 11 | The Arthur P. Jacobs Co. | 797.95 | |
| 12 | Agnes M. Flanagan | 840.00 | |
| 13 | James M. Attley, dba The Adair Co. | 29.85 | |
| 14 | Robert E. Goka, dba Frank's Nurseries | 59.64 R | |
| 15 | Pacific Telephone | 14.66 | |
| 16 | A. Ray Tolman | 150.00 | |
| 17 | [illegible] | 35,244.68 | (plus interest) |
| 18 | Allan Snyder | 1,800.00 | |
| 19 | Dr. Hyman Engelberg | 478.00 | |
| 20 | [illegible] | 111.50 R | |
| 21 | Magnetic Springs Water Co. | 3.60 | |
| 22 | Drs. Conti and Steinberg | 25.00 R | |
| 23 | General Telephone | 274.61 | |
| 24 | Don J. Briggs, Inc. | 215.41 | |
| 25 | Sam S. Tateishi | 40.00 R | |
| 26 | Rand-Fields, Inc. | 205.59 | |
| 27 | Austin A. Innes | 44.17 | |
| 28 | Buzin News Co. | 94.00 | |

-4-

SFAZ 0257

| | Claimant | Amount |
|---|---|---|
| 2 | MCA Artists, Ltd. | $ 37,228.61 |
| 3 | | |
| 4 | Dr. Ralph R. Greenson | |
| 5 | Jose Paraeo | |
| 6 | Norman Jeffries | 180.00 |
| 7 | Jack H. Ostrow | 2,500.00 |
| 8 | Cherie Redmond | 200.00 |
| 9 | Francis-Orr Stationery Co. | 5.55 |
| 10 | Mura Bright | 1,132.27 |
| 11 | Edward P. Halavaty | 17.28 |
| 12 | U. S. Treasury Department, Internal Revenue Service | 21,724.72 |

All of said claims were approved and allowed as presented, and paid herein, as shown by receipts on file, except as follows:

(1) The claim of Edward P. Halavaty in the original amount of $59.33 was approved for the amount of $17.28, following Partial Withdrawal of Claim by claimant of the sum of $42.05; and, as so approved, was paid.

(2) The claim of Mura Bright was allowed in part only and rejected in part. Notice of Partial Rejection of Claim; Partial Approval of Claim was duly given to said claimant on June 23, 1965, and was filed herein on July 1, 1965. No action was taken by said claimant within the time allowed by

...

5GA1 0258

-5-

1  law, and the claim, as partially approved, has been paid.

2  (3) The claim of the U. S. Treasury Department in

3  the amount approved and allowed herein was paid

4  by the domiciliary executor in New York; a Proof of Claim

5  Special Notice Withdrawal Request, signed by the

6  Director of Internal Revenue, reciting payment, was filed

7  herein on or about March 4, 1971.

8  (4) The claim of MCA Artists, Ltd., has been paid

9  or satisfied through the domiciliary probate

10 of decedent's estate in New York, and Receipt and Consent To

11 Distribution of MCA Artists is on file herein.

12 (5) The claim of Jose Paraeo in the amount of $66.00

13 was approved and allowed but payment has not yet

14 been made because petitioner has been unable to locate Mr.

15 Paraeo. Said claim is the subject of the petition for order

16 authorizing deposit of unclaimed moneys, set forth below.

17

18 The time for filing creditors' claims against the

19 within estate has long since expired.

20

21 ACCOUNTING AND RECAPITULATION:

22

23 Petitioner herein renders to the Court his First and

24 Final Account with reference to his administration of the

25 above estate, covering the period February 26, 1963, through

26 March 15, 1976.

27

-6-

SFA1 0159

1  Attached hereto, marked Exhibit I, and by this reference
2  made a part hereof, is an accounting in detail for the period
3  of this account. Schedule A thereof sets forth receipts during
4  said period; Schedule B thereof sets forth disbursements during
5  said period; Schedule C thereof shows gains on sales during
6  said period; and Schedule D thereof sets forth assets on hand
7  at the end of said accounting period.
8  The face page of Exhibit I is a summary of account,
9  showing assets on hand at March 15, 1976, of $26,375.89, of
10 which $24,788.89 constitutes cash on hand or in savings accounts,
11 and the balance consists of assets other than cash at their
12 appraised values.
13
14 REPORT:
15
16 Petitioner herein renders to the Court this Report on
17 his administration of the above estate:
18  (1) At the time of decedent's death in August,
19 1962, decedent left no relatives or other
20 close personal associates in California. Petitioner herein,
21 having been designated as executor in decedent's will, arranged
22 for the appointment of INEZ C. WILSON, as Special
23 Administrator, in order that decedent's effects and property
24 could be preserved and protected from the curious onlookers
25 and mourners who descended on the estate. Petitioner then
26 arranged in due course for Ancillary Letters Testamentary
27 ...
28

-7-

SFA1 0160

1  to be issued to him in California and undertook the detailed
2  administration of decedent's estate.
3      (2)  Because of the large number of creditors' claims
4  filed against the decedent's estate, the large
5  tax liens and the difficulty of assembling assets, petitioner
6  was unable to pay the creditors' claims or to assemble enough
7  assets in order to satisfy the decedent's obligations in
8  California until the end of 1970.
9      (3)  During this period, petitioner negotiated and
10  arranged for the sale of decedent's house and
11 a portion of decedent's personal belongings which were sold
12 as a unit to the highest bidder in accordance with the Order
13 Confirming Sale of Real and Personal Property Sold as a Unit
14 on file herein. Petitioner also sold certain items of personal
15 property belonging to decedent's estate as set forth in the
16 Return and Petition for Order Approving Sale of Personal Property
17 Likely to Depreciate in Value, and Order Approving Such Sale
18 on file. Said sales resulted in a net gain to decedent's estate
19 of $5,119.00, as more specifically set forth on Schedule "C" of
20 Exhibit "1" attached.
21     (4)  Petitioner caused to be filed the California
22 Inheritance Tax Affidavit and filed an
23 Affidavit of Non-Residence and supporting affidavits of other
24 individuals, and obtained a determination that decedent was a
25 non-resident of California at the time of her death for inheri-
26 tance tax purposes. The California Inheritance Tax for said
27 estate has been determined and paid in full as shown by the
28

-6-

SEA1 0161

1  Report and Receipt on file in the within proceedings.

   (5) The Federal Estate Tax Return for decedent's entire gross estate, including the assets constituting the gross estate in California subject to administration herein, has been filed and audited and all tax due in connection therewith have been paid.

   (6) The California fiduciary income tax liability of the estate for the years 1962 through 1970 was the subject of dispute and litigation between petitioner herein and the Franchise Tax Board. Said litigation has now been settled and compromised; and tax assessed by reason thereof has been paid as set forth in the Petition for Order Approving Compromise (Claim Against Estate), and Order Approving Compromise (Claim Against Estate) on file herein, and Satisfaction of Judgment heretofore filed. California fiduciary income tax returns for the years 1971 through 1975 have been filed and all tax shown due thereon have been paid. Petitioner will cause the final California fiduciary tax return for the year 1976 to be filed upon final distribution of decedent's estate and any tax shown due thereon to be duly paid.

   (7) All personal property taxes, if any, due and payable by said estate have been paid.

PETITION FOR ORDER DIRECTING DEPOSIT OF MONEYS DUE UNLOCATED CLAIMANT:

   In June, 1963, one Jose Parneo (or Carareo -- the interpretation of his surname being unclear) filed a creditor's claim against the estate in the sum of $66.00 for tile-laying services rendered to the decedent. Said claim was approved and

-9-

SFA1 0162

1  allowed but was not paid at that time because there were not
2  sufficient funds then available for payment of all claims.
3  During the year 1971, petitioner endeavored to make payment
4  of said claim but was unable to locate the claimant.
5  attempts were as follows: (1) Petitioner
6  the last known address of said claimant on two
7  sions, using both names referred to above; on both
8  the letter was returned, marked in one case "Moved, not forward-
9  able" and in the second case "Addressee unknown."
10  tioner searched the telephone directories in the
11  area for all listings under the name of Paraeo or of Cararco
12  and phoned them all. None of them was the claimant and none of
13  them was able to give any leads as to any other person who
14  might be the claimant. (3) Petitioner then successive
15  contacted Mrs. Melson, the former Special Administrator of
16  the within estate, who had supervised matters at the time of
17  decedent's death; Mura Bright, the interior decorator; and Mrs.
18  Murray, who had been decedent's housekeeper. None of them had

20  Petitioner believes, from the indication of Mrs. Murray,
21  that the claimant may have been a Mexican citizen who was in
22  this country only temporarily due to the work involved.

24  § 738, the Court fix the amount owing to Jose Paraeo (or Cararco)
25  at $66.00 and direct him to deposit the said sum of $66.00 with
26  the County Treasurer, Los Angeles, California, who shall give

-10-

SFA1 0163

1  a receipt for the same, such sum to be received, accounted
2  for and disposed of as provided in said § 738.
3
4  FEES AND COMMISSIONS:
5
6         Petitioner alleges that he is entitled to
7  ancillary executor's commissions in the sum of $2,....
8  upon an estate accounted for as shown on Exhibit II hereto
9  attached. The Special Administrator of the above estate makes
10 no claim to any share of said statutory fees but, instead,
11 requests only the extraordinary fees set forth below.
12         Petitioner further alleges that he is entitled to extra-
13 ordinary executor's commissions in the sum of $6,000.00 for 
14 services rendered during the period of administration of this
15 estate, as set forth in Exhibit III, Section A, hereto attached.
16         In addition, petitioner alleges that Inez C. Melson, as
17 Special Administratrix of the above estate, is entitled to
18 extraordinary commissions in the sum of $3,500.00, based on
19 the facts set forth in Exhibit III, Section B, hereto attached,
20 being the statement of Inez C. Melson with respect to the
21 services rendered by her in connection with the above estate,
22 which involved more than 574 hours of time on her part.
23         Petitioner further declares that the attorneys for the
24 estate are entitled to statutory attorneys' fees in the sum
25 of $2,969.15, based upon an estate accounted for as set forth
26 in Exhibit II hereto attached. Petitioner's said attorneys
27 are Gang, Tyre & Brown (formerly Gang, Tyre, Rudin & Brown),

-11-

SFA1 0164



1  The attorney representing Inez C. Melson as Special Adminis-
2  tratrix is Abraham Marcus. Said attorneys have agreed upon a
3  division of the statutory fees between them so that Abraham
4  Marcus will receive 25% and Gang, Tyre & Brown will receive
5  75% of said statutory attorneys' fees.
6        In addition to the foregoing, petitioner's attorneys,
7  Gang, Tyre & Brown, have requested extraordinary attorneys'
8  fees in the sum of $12,000.00 for extraordinary services
9  rendered by them in connection with the above estate during
10 the period of almost fourteen years during which this estate
11 has been in the process of administration. A statement of
12 the services rendered by Gang, Tyre & Brown or their predecessor
13 in interest, Gang, Tyre, Rudin & Brown, is set forth in Exhibit
14 III, Section C, hereto attached.
15        Petitioner believes and therefore alleges that the
16 extraordinary executor's commissions and attorneys' fees as
17 prayed for herein are fair and reasonable and should be
18 allowed.
19        In the event that the fees herein requested and allowed
20 and expenses incidental to distribution exceed the amount of
21 cash available in this ancillary administration, the executor
22 in New York will provide the necessary funds.
23
24 BENEFICIARIES:
25
26        Decedent died testate. She left no spouse or issue her
27 surviving. Her mother, Gladys Eley, also known as Gladys
28 Baker, and her half-sister, Berniece Miracle, reside outside

-12-

SFA1 0165