# EXHIBIT 34

At Chambers of Surrogate's Court held in and for the County of New York, at the Surrogate's Office in said County, on the 20th day of July, 1989

Present:

**HONORABLE MARIE M. LAMBERT**

SURROGATE

---

In the Matter of the Application of

ANNA STRASBERG, Executrix of the Estate of Lee Strasberg, to be Appointed Administratrix, c.t.a., of the Estate of MARILYN MONROE,

Deceased.

P2781/1962

Decree Granting
Letters of Administration
<u>with the Will Annexed</u>

---

In the Matter of the Application of

THE ANNA FREUD CENTRE to Appoint a Successor Fiduciary of the Estate of MARILYN MONROE,

Deceased.

---

UPON reading and filing the petition verified the 13th day of March, 1989 and the amended petition verified the 28th day of June, 1989 of THE ANNA FREUD CENTRE to appoint a successor fiduciary of the Estate of MARILYN MONROE, Deceased, and all of the papers and exhibits submitted therewith, and upon the Cross-Petition of ANNA STRASBERG verified the 6th day of July, 1989, Executrix of the Estate of Lee Strasberg, to be appointed Administratrix, c.t.a. of

the Estate of MARILYN MONROE, Deceased, and all of the papers and exhibits submitted therewith, and petitioner THE ANNA FREUD CENTRE having appeared by their attorneys, Kaplan, Russin, Vecchi & Kirkwood, the Cross-Petitioner, Anna Strasberg, having appeared by her attorneys Irving P. Seidman, P.C., the Estate of Aaron Frosch having appeared by its attorneys Stroock & Stroock & Lavan, and the Attorney General of the State of New York having appeared by Laura Werner, Esq., and the matter having duly come on to be heard before this Court on the 17th day of July, 1989, and due deliberation having been had thereon, it is hereby

ORDERED AND DECREED that the petition and amended petition of THE ANNA FREUD CENTRE to appoint a successor fiduciary of the Estate of MARILYN MONROE be, and the same is hereby, denied in its entirety, and

IT IS FURTHER ORDERED AND DECREED that the Cross-Petition of ANNA STRASBERG to be appointed Administratrix, c.t.a. of the Estate of MARILYN MONROE be, and the same is hereby, granted, and

IT IS FURTHER ORDERED AND DECREED that letters of administration with the will annexed on the Estate of MARILYN MONROE be issued to ANNA STRASBERG upon her qualifying as prescribed by law and executing to the People of the State of New York a bond in the usual form, with sufficient surety or sureties in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), and that Letters Testamentary heretofore issued to Aaron Frosch, now deceased, be revoked.

E-N-T-E-R

Hon. Marie M. Lambert
Surrogate

# EXHIBIT 35

At a Surrogate's Court in and for
the County of New York, at the
Courthouse located at 31
Chambers Street, New York, New
York, on the 28th day of
July, 1989.

PRESENT:

HON. MARIE M. LAMBERT,

   Surrogate.

------------------------------X

Proceeding for Construction of    FILE NO. P2781/62
the Last Will of MARILYN MONROE,
               ORDER TO SHOW
       Deceased.      CAUSE FOR CONSTRUCTION
                 OF WILL

------------------------------X

  Upon reading and filing the annexed petition of ANNA STRASBERG, Administratrix of the Estate of Marilyn Monroe, by her attorneys Irving P. Seidman, P.C. dated July 28, 1989; the annexed affirmation of IRVING P. SEIDMAN, ESQ. dated July 28, 1989 and the exhibits annexed thereto, it is hereby

  ORDERED that respondents The Anna Freud Centre, Estate of Aaron R. Frosch, Estate of Marianne Kris, Yale University and Attorney General of the State of New York show cause before this Court at a motion term thereof at the Courthouse at 31 Chambers Street, New York, New York on the 10th day of SEPTEMBER 1989 at 10:00 o'clock in the forenoon of that day or soon thereafter as counsel can be heard why a decree should not be made and entered herein pursuant to Surrogate's Court Procedure Act §1420 construing the

Exhibit A then to my Executor hereinafter named, it being my desire

MM-0000241

Last Will and Testament of Marilyn Monroe and the Last Will of Testament of Marianne Kris upon the grounds that a construction is necessary to enable petitioner to determine the proper beneficiary, if any, of the portion of the residuary Estate of Marilyn Monroe conditionally bequeathed by Monroe to Marianne Kris, and for such other and further relief as the Court may deem just and proper.

Sufficient cause appearing therefor, let service of a copy of this order, the Petition, the affidavit of IRVING P. SEIDMAN, and all other papers on which it is granted upon The Anna Freud Centre by service upon its attorneys Kaplan, Russin, Vecchi & Kirkwood at their offices located at 135 East 57th Street, New York, New York by personal delivery; upon Margery Frosch, the Executrix of the Estate of Aaron R. Frosch by service upon Stroock & Stroock & Lavan, attorneys for said estate at their offices at Seven Hanover Square, New York, New York 10004, by personal delivery; upon the office of the Attorney General of the State of New York at its offices located at 120 Broadway, New York, New York 10278, by personal delivery; upon Yale University to the Office of the President, 105 Wall Street, New Haven, Connecticut 06520, by certified mail returned receipt requested and upon Anton Kris, Executor of the Estate of Marianne Kris by service upon Dornbush, Mensch, Mandelstam & Silverman, attorneys for said Estate at their offices at 747 Third Avenue, New York, New York 10017, by personal delivery, on or before August 31st, 1989 be deemed to be good and sufficient service thereof.

*[signature]*
Surrogate

Exhibit A —hen to my Executor hereinafter named, it being my desire

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------X

Proceeding for Construction of
the Last Will of MARILYN MONROE,

                     Deceased.

FILE NO. P2781/62

PETITION FOR
CONSTRUCTION OF
WILLS

-------------------------------------X

TO THE SURROGATE'S COURT, COUNTY OF NEW YORK

      The petition of Anna Strasberg, Administratrix c.t.a. of the Estate of Marilyn Monroe, by her attorneys Irving P. Seidman, P.C., with offices at 600 Third Avenue, New York, New York 10016, respectfully alleges as follows:

      1. Petitioner is domiciled at 135 Central Park West, New York, New York and is duly qualified and acting as Administratrix, c.t.a. of the Last Will and Testament of Marilyn Monroe, the above-named decedent. Petitioner is a person interested in obtaining a determination as to the validity, construction, and effect of said Will under the provisions of §1420(1) of the Surrogate's Court Procedure Act.

      2. Petitioner is acting as such Administratrix, c.t.a. pursuant to a Decree issued and filed by this Court on July 21, 1989.

      3. The Decedent died on August 5, 1962, domiciled in the City and State of New York, leaving a Last Will and Testament dated January 14, 1961 which was admitted to probate in this Court on

October 30, 1962, and Letters Testamentary were issued to Aaron R. Frosch, the executor named in the will, on October 30, 1962.

4. On April 29, 1989, executor Aaron R. Frosch died.

5. A true copy of the Will of Marilyn Monroe is annexed hereto as Exhibit "A" and made a part hereof as if fully set forth herein.

6. Since petitioner's appointment, her counsel has requested by letter of the Estate of Aaron R. Frosch that a final accounting of the Estate of Marilyn Monroe be made. Should the fiduciaries of that Estate not do so, petitioner will commence a proceeding pursuant to SCPA §2205 to compel Mr. Frosch's fiduciaries to render a final accounting to the Court regarding the distribution of assets of the Monroe Estate.

7. The property of the Estate of Marilyn Monroe which remains undistributed is principally the royalties paid pursuant to motion picture contracts entered into by the decedent during her lifetime and royalties paid pursuant to trademark licensing agreements which use decedent's signature, name and likeness. Said trademark licenses are currently negotiated and entered into by The Roger Richman Agency, Inc.. The Roger Richman Agency, Inc. also collects the royalty income derived from these trademark license agreements.

CONSTRUCTION OF THE MONROE WILL

8. Upon information and belief, all of the specific legacies of the Monroe Will have been paid. Thus the above income falls into the residuary estate.

9. The residuary clause in the Monroe Will (Exhibit "A") reads as follows:

> SIXTH:
>
> All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, of which I shall die seized or possessed or to which I shall be in any way entitled, or over which I shall possess any power of appointment by Will at that time of my death, including any lapsed legacies, I give, devise and bequeath as follows:
>
>> (a) To MAY REIS the sum of $40,000.00 or 25% of the total remainder of my estate, whichever shall be the lesser.
>>
>> (b) To DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.
>>
>> (c) To LEE STRASBERG the entire remaining balance.

10. Upon information and belief, the bequest to May Reis has been paid in full and she has no interest in the Monroe Estate.

11. Marianne Kris died on November 23, 1980. Pursuant to her will, Anton Kris was appointed executor of her estate.

12. During Petitioner's prior application to this Court for appointment as administratrix, c.t.a. pursuant to SCPA §1418,

and Petitioner's answer to the petition of The Anna Freud Centre, Petitioner raised her concern that the directions of the Will of Marilyn Monroe with respect to the portion of the residuary Monroe Estate conditionally bequeathed to Marianne Kris, were unclear and that this proceeding would be brought to determine the nature and proper disposition of the conditional bequest to Marianne Kris.

13. The Monroe Will which contains the directions to Kris, reads as follows:

FIFTH (d):

Upon the death of the survivor between my mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the principal remaining in the Trust, together with any accumulated income, to DR. MARIANNE KRIS to be used by her for the furtherance of the work of such psychiatric institutions or groups as she shall elect.

14. Upon advice of counsel, petitioner believes that said Paragraphs FIFTH and SIXTH are in need of construction in several respects.

15. It is unclear from the Monroe Will whether Monroe intended Kris to "use" the proceeds of Monroe's conditional bequest only in Kris' lifetime or after Kris' death. The Monroe Will contains no express power of appointment nor trust to Kris. Further, the Monroe Will contains a bequest devising "the entire remaining balance" in the residuary estate to Lee Strasberg. Among other things, petitioner asks the Court to construe the phrase "to be used by her..." to determine from such language whether or not Monroe contemplated Kris' attempt to appoint by Kris' Will the

16. The particular limitations of the conditional bequest and the requirement that Kris "elect" the institution suggests that Monroe only wanted to benefit psychiatric institutions that were approved and monitored by Kris during her lifetime. Significantly, the language of the Monroe Will does not indicate that the conditional bequest to Kris survived Kris' death, nor does the Monroe Will contain an explicit or implicit power of appointment which would permit Kris to bequeath Kris' conditional legacy to psychiatric institutions named in the Kris Will.

17. In the prior proceeding for the appointment of a successor fiduciary, The Anna Freud Centre, purported assignee of the Estate of Marianne Kris, submitted that by Paragraph FIFTH of the Monroe Will, Monroe left an unconditional gift to Kris; this notwithstanding the seemingly clear charitable intent and directions contained in paragraphs FIFTH and SIXTH of the Monroe Will. Petitioner therefore asks that the Court construct the nature of the bequest to Kris, if it survives Kris' death.

CONSTRUCTION OF THE KRIS WILL

18. Assuming Monroe's conditional bequest to Kris survived Kris' death, Petitioner also seeks a construction of the Will of Marianne Kris (Exhibit "B") to determine whether the attempt by Kris to exercise what appears to have been understood by her as a power of appointment was exercised effectively. Since

Exhibit A    Exhibit B

MM-0004368

Monroe appears to have intended to have twenty-five percent (25%) of her residuary estate be given to "psychiatric institutions or groups" as Kris selected, it is also necessary to determine, assuming the power of appointment survived Kris' death, who the proper entities selected by the Will of Kris.

19. Paragraph SIXTH of the Will of Marianne Kris (Exhibit "B") reads as follows:

> I give and bequeath all property which I have received or which I am entitled to receive under the Will of Marilyn Monroe, which I have not otherwise disposed of during my life, to THE HAMPSTEAD CHILD-THERAPY CLINIC, London, England. If this Clinic is not in operation at the time of my death, I give and bequeath the same to YALE UNIVERSITY for the furtherance of the psychiatric work of its Child Study Center, and it is my wish and desire that such property shall be used as directed by Dr. Albert Solnit and/or Dr. Samuel Ritvo so long as one or both of such doctors are actively associated with the work of said Child Study Center.

20. Because the Hampstead Child-Care Clinic no longer exists a construction is necessary as to the intent of Kris with respect to either a successor of Hampstead or Kris' alternative bequest to Yale University. For this reason, Yale University is named as a party to this proceeding since, should the legacy to the Hampstead Child-Therapy Clinic fail, under the Kris Will, Yale University may be entitled to twenty-five percent (25%) of the residuary Estate of Monroe. In this respect, Petitioner has a derivative interest in the construction of the Kris Will since she is obligated under the Will of Monroe, to pay only those "psychiatric institutions or groups as [Kris] shall elect". In order to know the proper appointee, the Kris Will must be construed

Exhibit A   Exhibit B

MM-0004369

to determine which, if any, institution or group was "elected" by Kris.

21. The Attorney General of the State of New York is named as a party to this proceeding since paragraph SIXTH of the Kris Will provides for the distribution to charities of monies received by Kris from the Monroe Estate.

22. It is respectfully submitted that Petitioner cannot fully perform her role as Administratrix c.t.a. of the Estate of Marilyn Monroe until the foregoing questions have been determined by this Court.

23. There are no persons other than those above-mentioned in this petition interested in this proceeding.

24. No other application has been made to this or any other court for the relief requested herein.

WHEREFORE, the Petitioner prays:

(1) for a decree determining the validity, construction, and effect of Paragraphs FIFTH and SIXTH of the Monroe Will;

(2) if necessary, for a decree determining the validity, construction and effect of Paragraph SIXTH of the Kris Will;

(3) that process issue to the persons and entities above-named requiring them to show cause before this Court why such a determination should not be made; and

(4) for such other and further relief which this Court may deem just and proper.

IRVING P. SEIDMAN, P.C.

By: _____
Attorneys for Petitioner,
Anna Strasberg,
Administratrix, c.t.a. of
the Estate of Marilyn Monroe
600 Third Avenue
New York, New York 10016
(212) 922-1900

MM-0004371

VERIFICATION

STATE OF NEW YORK   )
                   ) SS:
COUNTY OF NEW YORK )

IRVING P. SEIDMAN, being duly sworn, upon information and belief, states that he is an attorney for Petitioner, Anna Strasberg, Administratrix, c.t.a. of the Estate of Marilyn Monroe and that he has read the annexed Verified Petition for Construction pursuant to SCPA §1420, and that the statements contained therein are true to his own knowledge, except as to matters stated to be upon information and belief, and as to those matters he believes them to be true; that the grounds of his belief as to all matters not stated upon his knowledge are correspondence and other writings furnished to him by Petitioner; and that the reason why the verification is not made by Petitioner is that Petitioner is presently in Los Angeles, California.

                                                IRVING P. SEIDMAN

Sworn to before me this
28th day of July, 1989

_____
Notary Public

LAWRENCE H. SILVERMAN
NOTARY PUBLIC, State of New York
No. 31-4699574
Qualified in New York County
Commission Expires Oct. 30, 19__