defendant. Fed. R. Civ. Pro. §§4(e) and (f); Omni Capital International, supra; Meaamaile, supra.

That Hawaii's long-arm statute "requires that the cause of action relate to the defendant's contacts in Hawaii" is not open to doubt. So held the Ninth Circuit in Commercial Insurance Company of Newark v. Pacific-Peru Construction Corp., 558 F.2d 948, 955 (1977) (affirming the District Court's dismissal of a third party complaint for lack of personal jurisdiction, where the third party plaintiff "made no showing before the District Court as to how these causes of action relate to [the third party defendant's] contacts with Hawaii. The District Court properly found that [the third party plaintiff], as proponent of jurisdiction, could not satisfy its burden of proving that the Court had personal jurisdiction over [the third party defendant] under Hawaii's long-arm statute," where the third party defendant had sent attorneys to Hawaii to collect security under an indemnity agreement and had also sent letters to attempt the collection of monies due under the agreement.). Accord, Cowan v. First Insurance Company of Hawaii, Ltd., 61 Haw. 644, 652, 609 P.2d 994, 400, n.7 (1980) ("Where one alleges jurisdiction over a non-resident defendant pursuant to Hawaii's long-arm statute, HRS §634-35(c) requires that the cause of action relate to the defendant's contacts in Hawaii.").

Beyond the statutory lack of personal jurisdiction here, there is a constitutional bar as well. The federal requirements of constitutional due process require a higher threshold of

activity in Hawaii by defendant in order to permit the exercise of general jurisdiction than they do for the acquisition of specific jurisdiction, i.e., when the acts in Hawaii are related to the cause of action. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 403, 415-416, 418-19 (1984); Hanson v. Denckla, 357 U.S. 235, 250-254 (1958); Cubbage v. Merchant, 744 F.2d 665 (9th Cir. 1984).

The Hawaii long-arm statute provides no authorization for serving the defendant in New York because the claim does not arise from any Hawaii activity, and if the Hawaii statute did authorize such service, any purported personal jurisdiction over the defendant would be unconstitutional on the facts alleged in the complaint.

CONCLUSION

Based on the foregoing, defendant respectfully requests that this Court grant defendant's motion to dismiss plaintiff's complaint, along with such other and further relief as this Court may deem appropriate.

DATED: Honolulu, Hawaii, November 9, 1992

MILTON YASUNAGA, ESQ.
Attorney for Defendant

JohnAaron Murphy Jones 4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii 96817
Telephone: 808 926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Green

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 16 1992

at 10 o'clock and 35 min. A.M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE, aka, NANCY MANISCALCO GREEN, Plaintiff, vs. ANNA STRASBERG, as Administratrix, c.t.a. of the Last Will and Testament of MARILYN MONROE. Defendant. | CIVIL NO. 92 00605 ACK (Non Motor Vehicle Tort) COMPLAINT SEEKING SHARE OF PRETERMITTED HEIR; EXHIBITS A AND B; DEMAND FOR JURY TRIAL; SUMMONS |

**COMPLAINT SEEKING SHARE OF PRETERMITTED HEIR**

The Plaintiff, NANCY MIRACLE, aka NANCY MANISCALCO GREEN, through her undersigned counsel, avers and alleges as follows:

1. She is a natural person who at all times material herein was a resident and domiciled in the City and County of Honolulu, State of Hawaii.

2. The defendant is the Administratrix of the Last Will and Testament of Marilyn Monroe, aka Nancy Cusumano, and is domiciled in New York.

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii
By [signature]
Deputy

EXHIBIT A

3. Jurisdiction is based on diversity of citizenship under 28 U.S.C. section 1332(c)(2).

4. The Will of Marilyn Monroe, aka Nancy Cusumano was probated in the Surrogate's Court held in and for the County of New York in 1962.

5. The plaintiff, Nancy Miracle, aka Nancy Maniscalco Green, is the daughter of Marilyn Monroe, aka Nancy Cusumano, (deceased) and was raised from birth, until her death, by Jennie Cusumano Maniscalco, the older blood sister of Marilyn Monroe, aka Nancy Cusumano. Plaintiff is interested in decedent's will and estate.

6. In 1962, an order of the Surrogate's Court for the County of New York was made and entered admitting to probate a certain instrument in writting purporting to be the last will and testament of Marilyn Monroe, aka Nancy Cusumano. That on said date this court made an order appointing Anna Strasberg, administratrix, of said will. That Anna Strasburg duly qualified as executrix and is now the acting administratrix of said will.

7. Since the date of the order aforesaid admitting said instrument to probate, plaintiff has discovered by evidence to plaintiff therefore unkown, and which evidence plaintiff, in the exercise of due diligence, could not have discovered prior to the date of said order and only recently discovered; that plaintiff Nancy Miracle, aka Nancy Maniscalco Green, is the sole natural born child of Marilyn Monroe, aka Nancy Cusumano.

8. Plaintiff Nancy Miracle, aka Nancy Maniscalco Green, was born on September 14, 1946 at Wykoff Heights Hospital in Ridgewood Brooklyn. The hospital birth certificate, attached hereto as exhibit A, list Jennie Cusumano Maniscalco as Plaintiff's mother. Jennie Cusumano Maniscalco was the blood older sister of Marilyn Monroe, aka Nancy Cusumano, who was not married at the time of plaintiff's birth. Based on recently discovered evidence, Marilyn Monroe, aka Nancy Cusumano, gave her only child (plaintiff) to her older sister, who raised plaintiff as her own daughter until her death. Also, based on newly discovered evidence, the birth certificate of plaintiff has the right and left footprints of plaintiff on it and the fingerprints of Marilyn Monroe, aka Nancy Cusumano, on it appearing under Mother's left and right thumbprint.

(see next two pages attached hereto as exhibit A and footprints and fingerprints of plaintiff- exhibit B).

9. Decedent's will made no provision for plaintiff, who is entitled to the same share of decedent's estate as if decedent had died intestate.

10. That plaintiff, being the sole blood daughter of Marilyn Monroe, aka Nancy Cusumano, (deceased) is entitled to a 50% fractional share of said decedent's estate as a pretermitted heir.

Wherefore, plaintiff prays that defendant, the

administratrix of the Last Will and Testament of the Estate of Marilyn Monroe, be ordered to:

a) Distribute and pay to plaintiff, her 50% pretermitted heir share of said estate which is an amount which plaintiff's request leave to amend this complaint to show at trial but not less than five million dollars.

b) Costs of bringing this suit, including a reasonable attorney's fee, deposition expenses and witness costs; and

c) Such other relief as the court deems just.

Dated: Honolulu, Hawaii, 9/16/92

JohnAaron Murphy Jones
Attorney for Plaintiff



# Wyckoff Heights Hospital

of Brooklyn, N.Y.

This Certifies that [illegible]
was born to Mr. and Mrs. [illegible]
in this Hospital at 3:16 A.M. Saturday
the 14th day of September A.D. 1946

In Witness Whereof the said Hospital has caused this Certificate to be signed by its duly authorized officer and its Corporate Seal to be hereunto affixed.

[illegible]
Superintendent

[illegible] M.D. F.A.C.S.
Attending Physician

EXH A

TEL NO:212 687 6589 #003 P05

# Family History

Father's full name Joseph [illegible]

Birthplace Buffalo N.Y. Date Dec 2[illegible] 1917

Mother's maiden name [illegible]

Birthplace Marian Date Dec 1[illegible] 1919

Residence at time child was born 70 [illegible] St. B'klyn N.Y.

Sex of child female Weight at birth 6 lbs. [illegible] ozs. Length 19 inches

Baby's left footprint

Baby's right footprint

Mother's left thumbprint

Mother's right thumbprint

This Certificate of Birth should be carefully preserved as record of value for future use:

1. To establish age for [entering] school.
2. To establish age when [applying] for working papers.
3. To establish legal age for rights of franchise.
4. For jury and military [service].
5. To prove citizenship.
6. To obtain passports to travel in foreign countries.
7. To prove right to inheritance of property.

Official [illegible]

EXH A

OCT-06-'92 TUE 16:45 ID:GRAUBARD MOLLEN TEL NO:212 687 6389 #083 P10

putting my footprint + fingerprints herewith.

Subscribed and sworn to before me this ___ day of August, 1992.

Notary Public, State of Hawaii
My commission expires: ___

Nancy Miracle
Nancy Miracle
(Maniscalco, Greene)

EXH B

JohnAaron Murphy Jones 4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii 96817
Telephone: 808 926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Green

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE, aka, NANCY MANISCALCO GREEN, Plaintiff, vs. ANNA STRASBERG, as Administratrix, c.t.a. of the Last Will and Testament of MARILYN MONROE, Defendant. | CIVIL NO. (Non Motor Vehicle Tort) DEMAND FOR JURY TRIAL |

DEMAND FOR JURY TRIAL

TO: ANNA STRASBERG, as Administratrix,
c.t.a. of the Last Will and Testament
of MARILYN MONROE
600 Third Avenue
New York, New York 10016

Please Take Notice that plaintiff demands trial by jury in this action.

Dated: Honolulu, Hawaii, 9/15/92

[signature]
JohnAaron Murphy Jones
Attorney for Plaintiff

# United States District Court

FOR THE DISTRICT OF HAWAII

NANCY GREENE, aka NANCY MANISCALCO GREEN
Plaintiff,
V.
ANNA STRASBERG, as Administratrix c.t.a. of the Last Will and Testament of MARILYN MONROE
Defendant.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: Civil No.
(Non-Motor Vehicle Tort)

DEMAND FOR JURY TRIAL

TO: (Name and Address of Defendant)

ANNA STRASBERG, as Administratrix
c.t.a. of the Last Will and
Testament of MARILYN MONROE
C/O Irving P. Seidman
Attorneys for the Estate of Marilyn Monroe
600 Third Avenue
New York, New York 10016

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

JohnAaron Murphy Jones
Attorney at Law
1170 North King Street
Honolulu, Hawaii 96717
808 926-9078

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

WALTER A.Y.H. CHINN
CLERK

SEAL

SEP 16 1992
DATE

Barbara Y. Yamada
BY DEPUTY CLERK

ORIGINAL

JohnAaron Murphy Jones 4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii 96817
Telephone: 808 926-9078

Attorney for Plaintiff
Nancy Miracle aka
Nancy Maniscalco Green

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE, aka, NANCY MANISCALCO GREEN, Plaintiff, vs. ANNA STRASBERG, as Administratrix, c.t.a. of the Last Will and Testament of MARILYN MONROE. Defendant. | CIVIL NO. (Non Motor Vehicle Tort) NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT |

## NOTICE

To: ANNA STRASBERG
Administratrix of the Last Will
and Testament of Marilyn Monroe

C/O Irving P. Seidman
Attorneys for the Estate of Marilyn Monroe
600 Third Avenue
New York, New York 10016
Telephone (212) 922-1900

The enclosed summons and complaint are served pursuant to Rule 4(c)(C)(ii) of the Federal Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days.

JohnAaron Murphy Jones 4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii 96817
Telephone: 808 926-9078

Attorney for Plaintiff
Nancy Miracle aka
Nancy Maniscalco Green

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NANCY MIRACLE,
aka, NANCY MANISCALCO GREEN,

Plaintiff,

vs.

ANNA STRASBERG, as Administratrix, c.t.a. of the Last Will and Testament of MARILYN MONROE.

Defendant.

CIVIL NO.
(Non Motor Vehicle Tort)

NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

**NOTICE**

To: ANNA STRASBERG
Administratrix of the Last Will
and Testament of Marilyn Monroe

C/O Irving P. Seidman
Attorneys for the Estate of Marilyn Monroe
600 Third Avenue
New York, New York 10016
Telephone (212) 922-1900

The enclosed summons and complaint are served pursuant to Rule 4(c)(C)(ii) of the Federal Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days.

You must sign and date the acknowledgment. If you are severed on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being severed) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do not complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint will have been mailed on 9.18.92.

JohnAaron Murphy Jones, Esq.

9.18.92
Date of Signature

ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at 600 Third Avenue, New York, New York 10016.

_______________________

_______________________
Relationship to Entity/Authority to Receive Service of Process

_______________________
Date of Signature

At Chambers of the Surrogate's Court held in and for the County of New York at the Surrogate's office in the Hall of Records in said County on the 29 day of October, 1962.

FILED OCT 30 1962

PRESENT:

HON. S. SAMUEL DiFALCO
Surrogate

- - - - - - - - - - - - - - - - - - - - X

Probate Proceeding, Will of

MARILYN MONROE

Deceased

- - - - - - - - - - - - - - - - - - - - X

DECREE ADMITTING WILL

P. 2781-1962

The citation herein having been duly issued, served and returned, and the Surrogate having, on his own motion appointed ARTHUR N. FIELD, ESQ., special guardian of the decedent's mother, Gladys Baker, an incompetent, the allegations of the parties appearing having been heard, and the proofs having been duly taken by the Surrogate, among other things as to the execution of the paper writing dated January 14, 1961 which has been offered for probate as the Last Will of Marilyn Monroe, and the probate of said Will not having been contested, and it appearing to the Surrogate that the Will was duly executed, and that the Testator at the time of executing it, was in all respects competent to make a Will and not under any restraint, it is

ORDERED, ADJUDGED AND DECREED that the instrument offered for probate herein be and the same hereby is admitted to probate as the Last Will and Testament of Marilyn Monroe,

EXHIBIT B

deceased, valid to pass real and personal property, and that letters testamentary be issued thereon to the Executor and Trustee, upon qualifying thereunder and executing a bond according to law with sufficient sureties to be approved by the Surrogate in the ~~penalty~~ of 100,000.00 Dollars, for the Executor and in the ~~penalty~~ of 50 000.00 Dollars, for the Trustee, for the proper performance of his respective duties;

And that ARTHUR N. FIELD, ESQ., the special guardian herein, is hereby allowed None ———

Dollars as compensation for his services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the letters testamentary shall contain an endorsement restraining the executor from the receipt of assets exceeding the aggregate value of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order, and that letters of trusteeship shall contain an endorsement restraining the trustee from receiving assets in excess of FIFTY THOUSAND ($50,000.) DOLLARS until the further order of the Surrogate.

P5429

[signature] Surrogate

Two bonds approved October 31, 1962 PD

ORIGINAL ADMITTED TO PROBATE October 30, 1962
A TRUE COPY
Robert M. Reams
CLERK OF THE SURROGATE'S COURT
CERTIFIED November 9, 1992

19

# McKINNEY'S CONSOLIDATED LAWS OF NEW YORK ANNOTATED

APPELLATE DIV. LIBRARY
OCT 19 1965
ROCHESTER, N.Y.

Book 13

## Decedent Estate Law

1965

## Cumulative Annual Pocket Part

Replacing prior pocket part in back of volume

*Always Consult*

Your Latest McKinney's Session Law News

71547

*For Use During 1965-66*

APPELLATE DIV.
LIBRARY
JUN 30 1967
ROCHESTER, N. Y.

BROOKLYN, N. Y.
EDWARD THOMPSON COMPANY

EXHIBIT C

Where husband and wife were residents of Germany at time of execution of reciprocal testament, construction of its provisions would not be affected by their subsequent change of residence to New York, and German law would be applied in construing such testament. In re Hirschmann's Estate, 1953, 124 N.Y.S.2d 801.

9. Wills within section

This section is confined in its operation to the execution of a foreign will, its admissibility to probate and the interpretation of testamentary language rather than to validity of any of its provisions. In re Taylor's Estate, 1960, 24 Misc.2d 172, 200 N.Y.S.2d 105.

**§ 26. Child born after making will**

Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will. As amended L.1955, c. 225; L.1964, c. 681, § 5, eff. June 1, 1965.

L.1955, c. 225, eff. April 2, 1955, provided that the right of a child born after making of will is subject to valid power of sale.

L.1964, c. 681, § 5, eff. June 1, 1965, omitted paragraph which provided: "The right of a child born after the making of a last will shall be subject to a valid power of sale expressed in the will of the testator or implied therein pursuant to the provisions of section thirteen of this chapter."

Estates and trusts affected by, and separability of, L.1964, c. 681, see notes under section 127.

Effective date. Laws 1955, c. 225, § 2, provided: "This act shall apply only to the estates of persons dying after the date on which this act takes effect [April 2, 1955]."

**Supplementary Index to Notes**

Abatement of benefit to others 38
Bond 34a
Construction with other laws 1a
Election to take against will 32a
Benefits under will 32b
Evidence 35a
Finality of determination 39
Intent to omit as requisite 40
Intention 8b
Jurisdiction 4a
Power of sale 7a
Settlement
Time of making 8a
Time of making settlement 8a

Library references: Descent and Distribution ⇐47(3); Wills ⇐540, 785; C.J.S. Descent and Distribution § 45; C.J.S. Wills §§ 720, 1245, 1246, 1260.

1a. Construction with other laws

Where legislature periodically reviewed this section and section 35 providing that absent some settlement will is revoked by subsequent marriage and that after-born children not provided for by any settlement may take intestate share, and legislature substituted words "an antenuptial" agreement for words "some settlement" in section 35 regarding effect of subsequent marriage but took no action relative to this section regarding after-born children, variant treatment suggested legislative approval of long continued judicial construction of this section regarding after-born children. In re Faber's Estate, 1953, 305 N.Y. 200, 111 N.E.2d 883.

2. Purpose

To same effect as fourth paragraph of original annotation, see, In re Smith's Will, 1955, 1 Misc.2d 451, 147 N.Y.S.2d 706.

Under this section, legislative purpose was to assure that if, through oversight, such children were neglected in will, other provision would be made for them. In re Faber's Estate, 1953, 305 N.Y. 200, 111 N.E.2d 883.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

-----------------------------------------------------------x

NANCY MIRACLE,
a.k.a. NANCY MANISCALCO GREEN,

Plaintiff,

Civil No. 92-00605 (ACK)

- against -

**AFFIDAVIT**

ANNA STRASBERG, as Administratrix c.t.a. of the Last Will and Testament of MARILYN MONROE,

Defendant.

-----------------------------------------------------------x

State of New York )
) ss
County of New York )

ALLEN L. WEINTRAUB, ESQ., an attorney duly licensed to practice in the State of New York and admitted in the United States District Court for the Southern and Eastern Districts of New York, upon information and belief, deposes and says:

1. I am associated with the law firm of Irving P. Seidman, P.C., attorneys for defendant Anna Strasberg in her capacity as administratrix of the estate of Marilyn Monroe, and submit this affidavit in support of defendant's motion to dismiss plaintiff's complaint.

2. On November 9, 1992, I obtained from the Surrogate's Court, New York County, a copy of the original Decree Admitting Will dated October 29, 1962. I have annexed a photocopy of said decree hereto as Exhibit "A."

EXHIBIT D

3. Prior to the return date of this motion, I will cause to be transmitted to this Court a true copy of the Decree as certified by the clerk of the Surrogate's Court on this date.

Allen L. Weintraub

Sworn to before me this
9th day of November 1992

Notary Public

LAWRENCE H. SILVERMAN
Notary Public, State of New York
No. 41-4699574
Qualified in Queens County
Commission Expires Oct. 31, 1993

At Chambers of the Surrogate's Court held in and for the County of New York at the Surrogate's office in the Hall of Records in said County on the 29 day of October, 1962.

P R E S E N T :

HON. S. SAMUEL DiFALCO
Surrogate

- - - - - - - - - - - - - - - - - - - - X

Probate Proceeding, Will of

MARILYN MONROE

Deceased

- - - - - - - - - - - - - - - - - - - - X

DECREE ADMITTING WILL

P. 2781-1962

OCT 30 62 FILED

The citation herein having been duly issued, served and returned, and the Surrogate having, on his own motion appointed ARTHUR N. FIELD, ESQ., special guardian of the decedent's mother, Gladys Baker, an incompetent, the allegations of the parties appearing having been heard, and the proofs having been duly taken by the Surrogate, among other things as to the execution of the paper writing dated January 14, 1961 which has been offered for probate as the Last Will of Marilyn Monroe, and the probate of said Will not having been contested, and it appearing to the Surrogate that the Will was duly executed, and that the Testator at the time of executing it, was in all respects competent to make a Will and not under any restraint, it is

ORDERED, ADJUDGED AND DECREED that the instrument offered for probate herein be and the same hereby is admitted to probate as the Last Will and Testament of Marilyn Monroe,

P5428

EXHIBIT A

deceased, valid to pass real and personal property, and that letters testamentary be issued thereon to the Executor and Trustee, upon qualifying thereunder and executing a bond according to law with sufficient sureties to be approved by the Surrogate in the ~~penalty~~ of 100,000.00 Dollars, for the Executor and in the ~~penalty~~ of 10,000.00 Dollars, for the Trustee, for the proper performance of his respective duties;

And that ARTHUR N. FIELD, ESQ., the special guardian herein, is hereby allowed None

Dollars as compensation for his services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the letters testamentary shall contain an endorsement restraining the executor from the receipt of assets exceeding the aggregate value of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order, and that letters of trusteeship shall contain an endorsement restraining the trustee from receiving assets in excess of FIFTY THOUSAND ($50,000.) DOLLARS until the further order of the Surrogate.

P5429

[signature] Surrogate

Two bonds approved October 30, 1962
PAD

ORIGINAL ADMITTED TO PROBATE October 30, 1962
A TRUE COPY
Robert M. Kearns
CLERK OF THE SURROGATE'S COURT
CERTIFIED November 9, 1992

day of 19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as Administratrix, c.t.a. of the Last Will and Testament of MARILYN MONROE.<br><br>Defendant. | CIVIL NO. 92-00605ACK<br>(Non-Motor Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a copy of Notice of Hearing Plaintiff's Motion to Dismiss Complaint was duly served upon the following party at his address by the manner indicated:

JOHNAARON MURPHY JONES, ESQ. Mail
250 Kapili Street, Suite 305
Honolulu, HI, 96815

Attorney for Plaintiff

DATED: Honolulu, Hawaii, November 9, 1992.

MILTON M. YASUNAGA
Attorney for Defendant

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

**To all to whom these presents shall come. Greeting:**

[B]y virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, [under] the seal of the National Archives and Records Administration, that the attached reproduction(s) is [a true an]d correct copy of documents in his custody.

| Signature | |
|---|---|
| NAME<br>*PATRICIA S. BAILEY* | DATE<br>February 6, 2008 |
| TITLE Acting<br>Acting Director, Records Center Operations | |
| NAME AND ADDRESS OF DEPOSITORY<br>Office of Regional Records Services<br>Pacific Region (San Francisco)<br>1000 Commodore Drive<br>San Bruno, CA 94066-2350 | |

*U.S. GP[O] ...-334-122/79063.

NA FORM 13040 (10-86)

ANNA [ST]RASBERG, as Admi[nis]tratrix, c.t.[a. o]f the Last [Wi]ll and Testame[nt o]f MARI[LYN] MONROE.

Defendant[.]

) MEMORANDUM IN SUPPORT OF
) DEFENDANT'S MOTION TO DISMISS
) COMPLAINT; EXHIBITS "A" - "D";
) CERTIFICATE OF SERVICE
)
)
)
) Date: December 14, 1992
) Time: 10:30 a.m.
) Judge: Alan C. Kay
)
Trial Date: Not Assigned

NOTICE OF HEARING [ON] DEFENDANT'S MOTION TO DISMIS[S CO]MPLAINT

TO: JOHNAA[...] MURPHY JONES
Plainti[ff']s Attorney
250 Kap[...] Street, Suite 305
Honolul[u, H]I 96815

