# EXHIBIT
# 42

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NANCY MIRACLE, | ) | CIVIL NO. 92-00605 ACK |
| aka, NANCY MANISCALCO GREENE, | ) | (Non Motor Vehicle Tort) |
| | ) | |
| Plaintiff, | ) | |
| | ) | AFFIDAVIT OF COUNSEL |
| vs. | ) | JOHNAARON M. JONES |
| | ) | |
| ANNA STRASBERG, as Administratrix, | ) | |
| c.t.a. of the Last Will and | ) | |
| Testament of MARILYN MONROE. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## AFFIDAVIT OF COUNSEL JOHNAARON M. JONES

| | | |
|---|---|---|
| State of Hawaii | ) | |
| | ) | ss. |
| City and County of Hawaii | ) | |

JOHNAARON M. JONES, Attorney for Plaintiff in the above-entitled action, being first duly sworn on oath deposes and says:

1. That affiant is the attorney of record for Plaintiff Nancy Miracle, also known as NANCY MANISCALCO GREENE.

2. Affiant is unable to adequately respond to the Motion to Dismiss Complaint filed by the Defendant in the above-named case without a copy of the will and other requested documents concerning Marilyn Monroe which will be offered as evidence to prove that Marilyn Monroe may not have been domiciled in New York at the time of her death for purposes of the pretermitted heir statutes and

5F9I0029

that the Defendants are in fact doing business in the state of Hawaii through merchandizing and other business contracts, and are therefore subject to the long arm statutes of the State of Hawaii.

Plaintiffs' intend to rely on FRCP Rule 12(b) which provides that Rule 56 is applicable as a motion to dismiss is one for summary judgment and all parties shall be given an opportunity to present all material pertinent under Rule 56.

_____

JOHNAARON M. JONES
Attorney for Plaintiff

Subscribed and sworn to before me
this 20th day of November 1992

_____
Notary Public

My commission expires: 8-19-96

SFA1 0030

# EXHIBIT
# 43

ORIGINAL

JohnAaron Murphy Jones    464 **LODGED**
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817         NOV 20 1992
Telephone: 808  926-9078
                                CLERK, U. S. DISTRICT COURT.
Attorney for Plaintiff           DISTRICT OF HAWAII
Nancy Miracle, aka
Nancy Maniscalco Greene

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 25 1992

at 10 o'clock and ___ min. ___ M.
WALTER A.Y.N. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREENE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ANNA STRASBERG, as Administratrix,<br>c.t.a. of the Last Will and<br>Testament of MARILYN MONROE.<br><br>                    Defendant. | CIVIL  NO.  92-00605ACK<br>(Non Motor Vehicle Tort)<br><br>NOTICE OF HEARING OF<br>PLAINTIFF'S MOTION TO<br>SHORTEN TIME TO HEAR<br>PLAINTIFF'S MOTION TO<br>CONTINUE DEFENDANT'S MOTION<br>TO DISMISS COMPLAINT; AND<br>PLAINTIFF'S MOTION TO CONTINUE<br>DEFENDANT'S MOTION TO DISMISS<br>COMPLAINT; AND PLAINTIFF'S<br>MOTION TO SHORTEN TIME TO<br>COMPEL DISCOVERY; AFFIDAVIT<br>OF COUNSEL; CERTIFICATE OF<br>SERVICE<br><br>Date: 11/24/92<br>Time: 10:30 a.m.<br>Judge: Alan C. Kay<br>Trial Date:  Not Assigned |

NOTICE OF HEARING OF PLAINTIFF'S MOTION
TO SHORTEN TIME TO HEAR PLAINTIFF'S MOTION
TO CONTINUE DEFENDANT'S MOTION TO DISMISS
COMPLAINT AND PLAINTIFF'S MOTION TO CONTINUE
DEFENDANT'S MOTION TO DISMISS COMPLAINT AND
PLAINTIFF'S MOTION TO SHORTEN TIME TO COMPEL
DISCOVERY

TO:  IRVING P. SEIDMAN
     600 Third Avenue
     New York, New York 10016
     Attorney for Defendant

7

and;

MILTON YASUNAGA
CADES SCHUTTE FLEMING & WRIGHT
1000 Bishop Street
Honolulu, Hawaii  96813

Attorney for Defendant

NOTICE IS HEREBY GIVEN that Plaintiff's Motion to Shorten Time to Hear Plaintiff's Motion to Continue Defendant's Motion to Dismiss Complaint and Plaintiff's Motion to Continue Defendant's Motion to Dismiss Complaint and Plaintiff's Motion to Shorten Time to Compel Discovery shall come on for hearing before the Honorable Alan C. Kay, Judge of the above-entitled Court, in his courtroom in the United States Courthouse, 300 Ala Moana Boulevard, Honolulu, Hawaii, on _Nov. 24_, 1992, at _10:30_, or as soon thereafter as counsel may be heard.

DATED:  Honolulu, Hawaii, _____ NOV 23 1992 _____

_____
JOHN AARON M. JONES
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of the<br>Last Will and Testament of<br>MARILYN MONROE.<br><br>　　　　　　Defendant. | CIVIL NO. 92-00605ACK<br>(Non-Motor Vehicle Tort)<br><br>PLAINTIFF'S MOTION TO SHORTEN<br>TIME TO HEAR PLAINTIFF'S MOTION<br>TO CONTINUE DEFENDANT'S MOTION<br>TO DISMISS COMPLAINT; AND<br>PLAINTIFF'S MOTION TO CONTINUE<br>DEFENDANT'S MOTION TO DISMISS<br>COMPLAINT; AND PLAINTIFF'S<br>MOTION TO SHORTEN TIME TO<br>COMPEL DISCOVERY |

PLAINTIFF'S MOTION TO SHORTEN TIME TO HEAR PLAINTIFF'S
MOTION TO CONTINUE DEFENDANT'S MOTION TO DISMISS
COMPLAINT AND PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S
MOTION TO DISMISS COMPLAINT AND PLAINTIFF'S MOTION TO
SHORTEN TIME TO COMPEL DISCOVERY

Comes now Plaintiff by her attorney JohnAaron M. Jones and moves this Court for an order Shortening Time To Hear Plaintiff's Motion To Continue Defendant's Motion to Dismiss Complaint and Plaintiff's Motion to Continue Defendant's Motion to Dismiss Complaint and Plaintiff's Motion to Shorten Time to Compel Discovery.

This motion is brought pursuant to Rules 7(b), 26(b), 12(b) and 37(a)(2), of the Federal Rules of Civil Procedure, and is based upon the Affidavit attached hereto and the files and records of this case.

DATED: Honolulu, Hawaii, 11/20/92

JOHNAARON M. JONES
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE, ) | CIVIL  NO. 92-00605 ACK |
| aka, NANCY MANISCALCO GREENE, ) | (Non Motor Vehicle Tort) |
| ) | |
| Plaintiff, ) | |
| ) | AFFIDAVIT OF COUNSEL |
| vs. ) | JOHNAARON M. JONES |
| ) | |
| ANNA STRASBERG, as Administratrix,) | |
| c.t.a. of the Last Will and ) | |
| Testament of MARILYN MONROE. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## AFFIDAVIT OF COUNSEL JOHNAARON M. JONES

| | |
|---|---|
| State of Hawaii ) | |
| ) ss. | |
| City and County of Hawaii ) | |

JOHNAARON M. JONES, Attorney for Plaintiff in the above-entitled action, being first duly sworn on oath deposes and says:

1.  That affiant is the attorney of record for Plaintiff Nancy Miracle, also known as NANCY MANISCALCO GREENE.

2.  Affiant is unable to adequately respond to the Motion to Dismiss Complaint filed by the Defendant in the above-named case without a copy of the will and other requested documents concerning Marilyn Monroe which will be offered as evidence to prove that Marilyn Monroe may not have been domiciled in New York at the time of her death for purposes of the pretermitted heir statutes and

that the Defendants are in fact doing business in the state of Hawaii through merchandizing and other business contracts, and are therefore subject to the long arm statutes of the State of Hawaii.

Plaintiffs' intend to rely on FRCP Rule 12(b) which provides that Rule 56 is applicable as a motion to dismiss is one for summary judgment and all parties shall be given an opportunity to present all material pertinent under Rule 56.

_____
JOHNAARON M. JONES
Attorney for Plaintiff


Subscribed and sworn to before me
this _20th_ day of _November_ 1992
_____
Notary Public

My commission expires: _8-19-96_

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>          Plaintiff,<br><br>     vs.<br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of the<br>Last Will and Testament of<br>MARILYN MONROE.<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 92-00605ACK<br>(Non-Motor Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a copy of Notice of Hearing of Plaintiff's Motions, above-named, were duly served upon the following party at his address by the manner indicated:

```
IRVING SEIDMAN,
Attorney at Law
600 Third Avenue
New York, New York  10016   and;

MILTON YASUNAGA
CADES SCHUTTE FLEMING & WRIGHT
1000 Bishop Street
Honolulu, Hawaii  96813

Attorneys for Defendant
```

DATED:  Honolulu, Hawaii,  _11/20/92_

_____
JOHNAARON M. JONES
Attorney for Plaintiff

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

# To all to whom these presents shall come. Greeting:

virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

e seal of the National Archives and Records Administration, that the attached reproduction(s) is

correct copy of documents in his custody.



| Signature | |
|-----------|--|
| NAME *PATRICIA S. BAILEY* | DATE February 6, 2008 |
| TITLE Acting Director, Records Center Operations | |
| NAME AND ADDRESS OF DEPOSITORY **Office of Regional Records Services Pacific Region (San Francisco) 1000 Commodore Drive San Bruno, CA 94066-2350** | |

*U.S. GPO       54-122/79063.                                    NA FORM 13040 (10-86)

```
)    SERVICE
)
)    Date: 11/24/92
)    Time: 10:30 a.m.
)    Judge: Alan C. Kay     ✓
)    Trial Date:  Not Assigned
```

TICE OF HEARING OF    INTIFF'S MOTION
SHORTEN TIME TO HE    LAINTIFF'S MOTION
CONTINUE DEFENDANT'    TION TO DISMISS
PLAINT AND PLAINTIFF    OTION TO CONTINUE
NDANT'S MOTION TO DI    S COMPLAINT AND
NTIFF'S MOTION TO SHO    N TIME TO COMPEL
D    OVERY

TO:   IRVING P. SE    N
      600 Third Ave
      New York, New    rk 10016
      Attorney for D    ndant

7

# EXHIBIT

# 44

CADES SCHUTTE FLEMING & WRIGHT

MILTON M. YASUNAGA        3058
1000 Bishop Street
Honolulu, Hawaii 96813
Telephone: 521-9200

Attorney for Defendant
ANNA STRASBERG, as Administratrix,
c.t.a. of the Last Will and
Testament of MARILYN MONROE

FILED IN THE
UNITED STATES DISTRICT COURT,
DISTRICT OF HAWAII

NOV 2 4 1992

at 10 o'clock and 30 min. A.M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREENE,<br><br>        Plaintiff,<br><br>    vs.<br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of<br>the Last Will and Testament<br>of MARILYN MONROE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 92-00605 ACK<br>(Non Motor Vehicle Tort)<br><br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFF'S MOTION TO<br>CONTINUE DEFENDANT'S MOTION<br>TO DISMISS COMPLAINT AND<br>PLAINTIFF'S MOTION TO<br>SHORTEN TIME TO COMPEL<br>DISCOVERY FILED 11/20/92;<br>EXHIBITS A & B; CERTIFICATE<br>OF SERVICE<br><br>Date:   November 24, 1992<br>Time:   10:30 a.m.<br>Judge:  Alan C. Kay<br>Trial Date:  Not Assigned |

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO CONTINUE DEFENDANT'S MOTION TO
DISMISS COMPLAINT AND PLAINTIFF'S MOTION TO
SHORTEN TIME TO COMPEL DISCOVERY FILED 11/20/92

        By its Motion to Continue, Plaintiff hopes to stave off

this Court's consideration of the Motion to Dismiss, since

Plaintiff has no viable opposition to that motion.  Plaintiff

should not be allowed to prolong this proceeding or preserve the

9

improper Complaint any longer.  None of the justifications offered by Plaintiff are persuasive.

### The Substantive Motion to Dismiss Should Not be Continued to Permit Plaintiff Time to Conduct Discovery.

Under Rule 56(f) a motion for summary judgment may be opposed by an affidavit giving reasons why discovery is necessary and why a party cannot present by affidavit facts essential to justify its opposition.  There is no comparable rule for a motion to dismiss under Rule 12(b), and there is reason for the difference.  A motion to dismiss is an attack on the pleading itself, and the deficiencies raised by a motion to dismiss are not of a kind that can be overcome by reference to discovery.  (Since Plaintiff has made some reference to rule 56 (which we respectfully suggest might also have been better made in opposition to the motion to dismiss), we note again that the affidavits related to the Motion to Dismiss serve only to present for this Court's convenience a copy of the ruling of the New York Surrogate's Court -- the Surrogate's Court ruling is a matter of which this Court may properly take judicial notice, and the inclusion of such material does not have the effect of converting the motion to one of summary judgment.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).)

The affidavit submitted by Plaintiff's attorney makes the assertion that Plaintiff needs the requested documents to prepare its opposition to the Motion to Dismiss, however the ostensible reasons, when analyzed, fall flat.  Furthermore, even

if this were a motion for summary judgment, Rule 56(f) requires more than has been submitted here.

It would be antithetical to the purposes of Rule 11 and Rule 8 (Rule 8 calls for a complaint to state the grounds for jurisdiction and the claim for relief) to let Plaintiff explore Defendants' files or conduct any other discovery before being called upon to respond to the current Motion to Dismiss. The whole thrust of the rules is that plaintiff and his attorney must conduct a reasonable inquiry into the facts, as well as the law, prior to the filing of a complaint and are not permitted to file a complaint without prior investigation and lacking in particulars, and try to make up for their deficiencies by doing their homework later. In <u>McFarlane v. Memorex Corp.</u>, 493 F.Supp. 631 (N.D. Cal. 1980), for instance, the court discussed the requirements for a proper pleading and went on to hold that discovery was not proper in the meantime:

> Until that hurdle is passed, plaintiff is not free to conduct discovery. Discovery allows parties to develop the facts underlying their claims and defenses; it is not a vehicle for uncovering the claims themselves.

<u>Id</u>. at 639.

In a recent case, this Court has already accepted the above reasoning and rejected a very similar motion to continue motion to dismiss until after discovery is done. Attached as Exhibits A and B for the Court's convenience are relevant excerpts of the Court's April 22, 1991 order and the memorandum in opposition to the request for continuance in <u>California-Hawaiian Fund, Inc. vs. Simon, et al.</u>, Civil No. 90-00816 ACK.

3

The first non-issue -- decedent's domicile at death -- was not raised as an issue in plaintiff's pleading; counsel's speculation that the decedent "may not have been domiciled in New York at the time of her death..." is unsupported, is not an issue in plaintiff's pleading, and, in fact, is implicitly contrary to the New York Surrogate's Court Decree admitting the will to probate in New York. Even if judged to be of some relevance, plaintiff may not put the "domicile at death" issue into play by mere speculation in his affidavit. Plaintiff never states in her complaint or motion papers what state she believes to have been decedent's domicile and never shows that the law of such state gives her pretermitted heir rights despite the fact that she was born before the last will. Plaintiff should not be allowed to continue burdening Defendant with expensive litigation when Plaintiff is merely embarked on a fishing expedition in hopes of finding a viable, but still unstated, claim. Rule 8 and Rule 11 require much more than Plaintiff has presented.

Similarly, Plaintiff's contention that Defendant may be doing some unspecified type of business in the State of Hawaii is mere speculation and the rules do not allow a claim to be brought based on mere speculation, without any indication how jurisdiction exists.

Aside from the fact that the rules dictate that a motion to dismiss should not be continued to allow time for discovery and that Plaintiff's pleadings are woefully inadequate and unspecific, the request for a continuance in order to do discovery should also

4

be denied because the discovery sought cannot possibly defeat the motion to dismiss.

First, dismissal is also based on the statute of limitations, which ground is not even mentioned in Plaintiff's motion or related to any of the discovery requested.

Second, even if the Court were to credit plaintiff's contention that Defendant may have conducted some unspecified business in Hawaii, dismissal for lack of personal jurisdiction is mandated because Hawaii law provides that personal jurisdiction will exist only if the cause of action arises out of the business conducted in Hawaii. Here, it is clear that the cause of action -- which is grounded on her alleged heirship and the laws of descent and distribution -- does not arise out of the alleged business activity in Hawaii. [See Hawaii Revised Statutes Section 634-35(c) and Defendant's memorandum dated Nov. 9, 1992 pp 9-14].

Based on the foregoing, the motion to continue and the motion to compel discovery should be denied.

DATED:   Honolulu, Hawaii, November 24, 1992.

MILTON M. YASUNAGA
Attorney for Defendant

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CALIFORNIA-HAWAIIAN FUND, )    Civ. No. 90-00816 ACK
INC., a Hawaii corporation, )
as Managing Partner of Triton )
Continental Properties Joint )
Venture, on its own behalf, )
on behalf of TRITON )
CONTINENTAL PROPERTIES JOINT )
VENTURE, a Hawaii general )
partnership, and on behalf )
of all federal and Hawaii )
general partnership, and on )
behalf of all others )
situated, )
                              )
        Plaintiffs, )
                              )
    vs. )
                              )
WILLIAM E. SIMON, PRESTON )
MARTIN, H.F. HOLDINGS, )
a Delaware Corporation, )
KENNETH S. FUJINAKA, and )
HONFED BANK, a Federal )
Savings Bank, also known as )
Honolulu Federal Savings and )
Loan Association and )
DOES 1-100, )
                              )
        Defendants. )
_____ )

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 2 1991

at 2 o'clock and 10 min. P. M.
WALTER A.Y.H. CHINN, CLERK

**ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE HEARING, DENYING
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, GRANTING
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND PARTIALLY
GRANTING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

## FACTS

On November 19, 1990, Plaintiff California-Hawaiian Fund

(CHF), a Hawaii corporation and managing partner of Triton

Continental Properties Joint Venture (TCPJV), filed a class

action complaint for damages and injunctive relief.  Named as

defendants were (1) Honfed Savings Bank;  (2) H.F. Holdings, an

EXHIBIT A

There are also two motions set for May 20.  One is a motion to dismiss the complaint brought on behalf of defendant H.F. Holdings.  H.F. Holdings was not served until several weeks after defendants Honfed, Borthwick, and Fujinaka.  That motion relies entirely on the same arguments the current motion to dismiss brought on behalf of Honfed, Borthwick, and Fujinaka.  There is no reason to put this motion off merely to consider the same arguments at a later date.

The second motion set for May 20 is an additional motion brought by Simon, together with defendant Preston Martin.  After Simon filed his first motion to dismiss or quash in February (one of the instant motions), the plaintiff attempted again to serve Simon.  The plaintiff also attempted to serve Martin at this same time.  The May 20 motion was brought based on that last attempt to serve Simon and the attempt to serve Martin.  Simon has now admitted that the last attempt at service on him was sufficient. It may also have been sufficient with respect to Martin.  In any event,  the current motion brought by Simon to dismiss the complaint as to him or to quash the summons is now moot.  The fact that there may be an additional hearing regarding the sufficiency of service of process with respect to Martin is no reason to continue the current motion to dismiss brought by Honfed, Borthwick, and Fujinaka.

## 2.   The Motion to Compel

6

CHF's second argument for granting its motion to continue is, essentially, that the court should grant its motion to compel production of documents. However, CHF confuses a motion for summary judgment with a motion to dismiss. The former may be opposed by an affidavit giving reasons why further discovery is necessary in order to defend the motion. Fed.R.Civ.P. 56(f). However, a motion to dismiss is an attack on the pleading itself, and many deficiencies raised by a motion to dismiss are not the kind that can be overcome by additional discovery.

In McFarlane v. Memorex Corp., 493 F.Supp. 631 (N.D. Cal. 1980), the court discussed the requirements for a proper pleading under Fed.R.Civ.P. 9(b). The court held that discovery was not proper until the requirements of Rule 9(b) are met. 493 F.Supp. at 639. As the court stated, "[d]iscovery allows parties to develop the facts underlying their claims and defenses; it is not a vehicle for uncovering the claims themselves. Id. See also Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985) (Rule 9(b) "prevents the filing of a complaint as a pretext for the discovery of unknown wrongs").

This order concludes below that the complaint must be dismissed. One of the grounds for that recommendation is that the complaint fails to meet the requirements of Rule 9(b) with regard to Counts I and II. Consequently, Count III must also be dismissed because its presence is predicated solely on pendent jurisdiction. Therefore, there is no reason to allow further

7

discovery at this time. CHF's motion to compel is denied and lack of discovery does not justify a continuance in this case.

### 3. Possible Consolidation

CHF asserts that the related case which was recently removed to federal court will most likely be consolidated with this case. However, there are serious doubts about when and if that consolidation will happen. The defendants have already moved for remand of that action, or, alternatively, for an expedited hearing of several dispositive motions which were on the verge of being heard by the state court when the case was removed. That motion is scheduled for hearing before Judge Ezra. Moreover, CHF fails to state why consolidation is desirable or necessary. Defendant points out that the pendency of the related action when it was in state court did not stop CHF from filing this action in federal court. Moreover, this order holds below that this complaint must be dismissed for failure to state a claim. Consequently, consolidating the cases at this time will accomplish nothing. CHF's motion to continue these motions, therefore, is denied.

### C. Defendant Simon's Motion to Dismiss or Quash Summons

As stated above, defendant Simon has now admitted that process has been sufficiently served upon him. Therefore, Simon's current motion to dismiss, or alternatively, to quash a summons, is moot.

of the classes it purports to represent.  However, under the
Townsend case, the complaint does not provide "safe harbor" for
those frivolous claims merely because it attempted to plead one
additional claim that may not be frivolous.  Therefore, this
Court will impose will Rule 11 sanction on CHF's counsel.  CHF's
counsel must pay to the defendants the costs of litigating all
aspects of this motion to dismiss the complaint,[5] except those
resulting from Count I.  Those costs are to be determined by
consideration of affidavits of counsel detailing the costs
incurred as a result of this motion to dismiss.  The affidavits
shall be filed within ten (10) days of this order.  CHF may file
any objection to such affidavits within ten (10) days after the
affidavits are filed.

## CONCLUSION

CHF's motion to continue the defendants' motions is denied.
There is no reason to wait to decide these motions with the May
20 motions.  CHF has had ample time to respond to these motions,
the motions assert reasons for granting them that are not
dependent upon further discovery, and plaintiff's faint hope of
consolidation with another case in this district court is not
reason enough to continue these motions.

---

[5]Costs associated with Simon's motion to dismiss the
complaint for insufficient service are not to be included in this
amount.

29

As a result of the fact that the defendants' motions would not be affected by additional discovery, CHF's motion to compel discovery is also denied.

Simon's motion to dismiss the complaint or quash the summons against him is now moot by virtue of his admitting that service of process has now been perfected with respect to him.

The motion to dismiss brought by Honfed, Borthwick, and Fujinaka is granted. This Court has subject matter jurisdiction to consider properly pled claims of fraud in matters such as this. It follows that this Court has jurisdiction to decide whether such a properly pled claim has been pled.

Of the classes named by CHF in the complaint, CHF's only potential standing to bring claims--either on behalf of itself or on behalf of a potential class--is in its status as a "holder of a contract or real property right in dealings with Honfed in 1986." CHF has no standing to represent the other classes named in the complaint. However, none of the three counts alleged in the complaint state a claim upon which relief can be granted on behalf of CHF.

Count I--racketeering--fails to meet the requirements under Rule 9(b) for pleading fraud with particularity. Count I, therefore, is dismissed without prejudice. There is also some question about whether this claim was brought within the limitation period, but that is difficult to determine because of the vagueness of the complaint and this Court will not reach that issue at this time.

30

Count II--securities fraud--also fails to plead fraud with the particularity required by Rule 9(b). Moreover, under the statute upon which CHF is most likely basing this claim, CHF has no standing to assert such a cause of action. Thus, Count II is dismissed.

Finally, Count III--breach of fiduciary duty--must be dismissed because jurisdiction over Count III is dependent on its pendency to those claims. Even if pendent jurisdiction was retained by this Court, however, CHF lacks standing to bring such a claim. Parties to a contract do not owe each other the duties of a fiduciary.

As a result of all three claims being dismissed, the complaint is dismissed without prejudice.

The defendants' motion for Rule 11 sanctions is granted in part. Reasonable inquiry into the law in this matter would have

31

disclosed that CHF did not have standing to assert Counts II and III.  Nor did CHF have potential standing to assert any claims on behalf of any class other than the persons and organizations that were holders of contract and real property rights in dealings with Honfed in 1986.  The defendants' cost of bringing this motion to dismiss, except as to count I, must be paid to the defendants by CHF's counsel.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, _____ APR 2 2 1991 _____.

_____
United States District Judge

CALIFORNIA-HAWAIIAN FUND, INC, V. WILLIAM SIMON, ET AL., CIV. NO. 90-00816 ACK; ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE HEARING, DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND GRANTING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

32

CADES SCHUTTE FLEMING & WRIGHT

RICHARD R. CLIFTON
LORRAINE H. AKIBA
PATRICIA J. McHENRY
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
Telephone No. 521-9200

Attorneys for Defendants
HONFED BANK, A FEDERAL SAVINGS
BANK, W. MENDEL BORTHWICK, JR.,
KENNETH S. FUJINAKA, AND
WILLIAM E. SIMON

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 5 199

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CALIFORNIA-HAWAIIAN FUND, INC., a Hawaii corporation, as Managing Partner of Triton Continental Properties Joint Venture, on its own behalf, on behalf of TRITON CONTINENTAL PROPERTIES JOINT VENTURE, a Hawaii general partnership, and on behalf of all federal and Hawaii State taxpayers, and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     vs.<br><br>WILLIAM E. SIMON, PRESTON MARTIN, H. F. HOLDINGS, a Delaware corporation, W. MENDEL BORTHWICK, JR., KENNETH S. FUJINAKA, and HONFED BANK, a Federal Savings Bank, also known as Honolulu Federal Savings and Loan Association and DOES 1-100,<br><br>          Defendants. | Civil No. 90-00816 ACK<br><br>MEMORANDUM IN OPPOSITION OF DEFENDANTS HONFED BANK, A FEDERAL SAVINGS BANK, W. MENDEL BORTHWICK, JR., KENNETH S. FUJINAKA, AND WILLIAM E. SIMON TO COUNTER-MOTION OF PLAINTIFF FOR ORDER CONTINUING DEFENDANTS' MOTIONS TO DISMISS SET FOR HEARING ON APRIL 1, 1991 TO MAY 20, 1991; AFFIDAVIT OF RICHARD R. CLIFTON; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br><br>DATE:  April 1, 1991<br>TIME:  3:00 p.m.<br>JUDGE: Alan C. Kay |

EXHIBIT B

MEMORANDUM IN OPPOSITION OF DEFENDANTS
HONFED BANK, A FEDERAL SAVINGS BANK,
W. MENDEL BORTHWICK, JR., AND KENNETH S. FUJINAKA
TO COUNTER-MOTION OF PLAINTIFF FOR ORDER
CONTINUING DEFENDANTS' MOTIONS TO DISMISS
SET FOR HEARING ON APRIL 1, 1991 TO MAY 20, 1991

By its Motion to Continue, Plaintiff hopes to stave off this Court's consideration of the Motion to Dismiss and for Sanctions, since Plaintiff has no viable opposition to that motion. Plaintiff should not be allowed to prolong this proceeding or preserve the improper Complaint any longer. None of the justifications offered by Plaintiff are persuasive.

A. There is Nothing in the Motions Set for Hearing on May 20, 1991 that Justifies a Continuance.

The Motion to Dismiss and for Sanctions which is currently set for hearing on April 1, 1991 was filed on January 16, 1991. As of that time, Defendant H.F. Holdings had not been served with the Complaint and Summons. Subsequently, H.F. Holdings was served in February, so in response to the Complaint, it filed its own Motion to Dismiss on March 13, 1991, and that is one of the two motions that are currently set for hearing on May 20, 1991.

The motion of H.F. Holdings relies entirely upon the argument stated in the first Motion to Dismiss, set for April 1, 1991, incorporating those arguments by reference. There is nothing in that motion that requires or supports deferring this Court's consideration of the substantive Motion to Dismiss on April 1.

2

B.  **The Substantive Motion to Dismiss Should Not be Continued to Permit Plaintiff Time to Conduct Discovery.**

Under Rule 56(f) a motion for summary judgment may be opposed by an affidavit giving reasons why discovery is necessary and why a party cannot present by affidavit facts essential to justify its opposition.  There is no comparable rule for a motion to dismiss under Rule 12(b), and there is reason for the difference.  A motion to dismiss is an attack on the pleading itself, and the deficiencies raised by a motion to dismiss are not of a kind that can be overcome by reference to discovery.

The affidavit submitted by Plaintiff's attorney makes the assertion that Plaintiff needs the requested documents to prepare its opposition to the Motion to Dismiss, but it gives no examples, details, or any other explanation as to why that is the case.  Even if this were a motion for summary judgment, Rule 56(f) requires more than has been submitted here.  There are no good reasons.

It would be antithetical to the purposes of Rule 11, Rule 9(b), and the specific requirements for pleading a civil RICO claim to let Plaintiff explore Defendants' files or conduct any other discovery before being called upon to respond to the current Motion to Dismiss and for Sanctions.  The whole point of Rule 11 is to require Plaintiff and his attorney to conduct a reasonable inquiry into the facts, as well as the law, prior to the filing of a complaint.  The requirements for pleading fraud with particularity under Rule 9(b), and the detailed requirements for

4

pleading civil RICO claims, both of which were discussed in detail in Defendants' Motion to Dismiss, impose similar requirements upon Plaintiff to be satisfied at the time of the filing of the complaint. The whole thrust of these rules is that plaintiff is not permitted to file a complaint without prior investigation and lacking in particulars, and try to make up for his deficiencies by doing his homework later. In McFarlane v. Memorex Corp., 493 F.Supp. 631 (N.D. Cal. 1980), for instance, the court discussed the requirements for a proper pleading under Rule 9(b) and went on to hold that discovery was not proper in the meantime:

> Until that hurdle is passed, plaintiff is not free to conduct discovery. Discovery allows parties to develop the facts underlying their claims and defenses; it is not a vehicle for uncovering the claims themselves.

Id. at 639. Similarly, see In re Wyse Technology Securites Litigation, CCH Fed. Sec. L. Rep. ¶ 94,972 at 95,433 (N.D. Cal. 1990).

Nor is discovery going to help him in fending off Defendants' arguments. It is impossible to discern, for instance, what Plaintiff might discover from this request for production that will give it grounds for stating a claim under the securities laws, as it purports to do in Count II of the Complaint. Nothing in Honfed's files is going to turn Plaintiff into a buyer, seller, or offeree of securities. That claim is, therefore, ripe for disposition right now.

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NANCY MIRACLE,
aka, NANCY MANISCALCO GREENE,

              Plaintiff,

    vs.

ANNA STRASBERG, as
Administratrix, c.t.a. of
the Last Will and Testament
of MARILYN MONROE,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. 92-00605 ACK
(Non Motor Vehicle Tort)

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following party by depositing same in the United States mail, postage prepaid.

        JOHNAARON MURPHY JONES, ESQ.
        250 Kapili Street, Suite 305
        Honolulu, HI 96815

        Attorney for Plaintiff

                                    NOV 2 4 1992

DATED:  Honolulu, Hawaii, _____.

                              MILTON M. YASUNAGA
                              Attorney for Defendant
                              ANNA STRASBERG, as Administratrix,
                              c.t.a. of the Last Will and
                              Testament of MARILYN MONROE

mmy/docs/stras.memo

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come. Greeting:



virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,
e seal of the National Archives and Records Administration, that the attached reproduction(s) is
correct copy of documents in his custody.

| Signature | |
|---|---|
| NAME<br>*PATRICIA S. BAILEY* | DATE<br>February 6, 2008 |
| TITLE<br>Acting Director, Records Center Operations | |
| NAME AND ADDRESS OF DEPOSITORY<br>**Office of Regional Records Services**<br>**Pacific Region (San Francisco)**<br>**1000 Commodore Drive**<br>**San Bruno, CA 94066-2350** | |

*U.S. GPO: 19    122/79063.

NA FORM 13040 (10-86)



Time:  10:30 a.m.
Judge:  Alan C. Kay
Trial Date:  Not Assigned

MEMORANDUM IN OPPOSIT    TO PLAINTIFF'S
MOTION TO CONTINUE DEFE    T'S MOTION TO
DISMISS COMPLAINT AND PLA    FF'S MOTION TO
SHORTEN TIME TO COMPEL DISCO    FILED 11/20/92

By its Motion to Continue, Pl    iff hopes to stave off
t    Court's consideration of the Motion    ismiss, since
intiff has no viable opposition to that    n.  Plaintiff
ould not be allowed to prolong this proceeding or preserve the

*9*