# EXHIBIT

# 46

JohnAaron Murphy Jones    4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Greene

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 27 1992

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NANCY MIRACLE,                        )    CIVIL  NO. 92-00605 ACK
aka, NANCY MANISCALCO GREENE,         )    (Non Motor Vehicle Tort)
                                      )
                                      )    PLAINTIFF'S FIRST AMENDED
               Plaintiff,             )    COMPLAINT; DEMAND FOR
                                      )    JURY TRIAL; SUMMONS
          vs.                         )
                                      )
ANNA STRASBERG, as Administratrix,)
c.t.a. of the Last Will and           )
Testament of MARILYN MONROE.          )
                                      )
               Defendant.             )
                                      )
_____ )

PLAINTIFF'S FIRST AMENDED
COMPLAINT

The  Plaintiff,  NANCY  MIRACLE,  aka  NANCY  MANISCALCO

GREENE,  through  her  undersigned  counsel,  avers  and  alleges  as

follows:

1.  She is a natural person who at all times material

herein was a resident and domiciled in the City and County of

Honolulu, State of Hawaii.

1



2.  The defendant is the Administratrix of the Last Will and Testament of Marilyn Monroe, aka Nancy Cusumano, and is domiciled in New York and transacts business in the City and County of Honolulu, State of Hawaii, namely the manufacturing and merchandizing of products regarding Marilyn Monroe.

3.  Jurisdiction is based on diversity of citizenship under 28 U.S.C. section 1332(c)(2) and the Hawaii long-arm statute.

4.  Marilyn Monroe, aka Nancy Cusumano was a resident and domiciled in California at the time of her death and the Will was probated in New York in 1962.

5.  The plaintiff, Nancy Miracle, aka Nancy Maniscalco Greene, is the daughter of Marilyn Monroe, aka Nancy Cusumano, (deceased) and was raised from birth, until her death, by Jennie Cusumano Maniscalco, the older blood sister of Marilyn Monroe, aka Nancy Cusumano.  Plaintiff is interested in decedent's will and estate.

6.  In 1962, an order of the Surrogate's Court for the County of New York was made and entered admitting to probate a certain instrument in writing purporting to be the last will and testament of Marilyn Monroe, aka Nancy Cusumano.  This court made an order appointing Anna Strasberg, administratrix, of said will.

7.  Since the date of the order aforesaid admitting said instrument to probate, plaintiff has discovered by evidence to plaintiff therefore unknown, and which evidence plaintiff, in the

2

exercise of due diligence, could not have discovered prior to the date of said order and only recently discovered because of the fraud and intentional concealment by defendants; that plaintiff Nancy Miracle, aka Nancy Maniscalco Greene, is the sole natural born child of Marilyn Monroe, aka Nancy Cusumano.

8.  Plaintiff Nancy Miracle, aka Nancy Maniscalco Greene, was born on September 14, 1946 at Wykoff Heights Hospital in Ridgewood Brooklyn.  The hospital birth certificate, list Jennie Cusumano Maniscalco as Plaintiff's mother.   Jennie Cusumano Maniscalco was the blood older sister of Marilyn Monroe, aka Nancy Cusumano, who was not married at the time of plaintiff's birth. Based on recently discovered evidence, Marilyn Monroe, aka Nancy Cusumano, gave her only child (plaintiff) to her older sister, who raised plaintiff as her own daughter until her death.  Also, based on newly discovered evidence, the birth certificate of plaintiff has the right and left footprints of plaintiff on it and the thumb prints of Marilyn Monroe, aka Nancy Cusumano, on it appearing under Mother's left and right thumb print.

9.  Decedent's will made no provision for plaintiff, who under California law is entitled to the same share of decedent's estate as if decedent had died intestate.

10.   That plaintiff, being the sole blood daughter of Marilyn Monroe, aka Nancy Cusumano, (deceased) is entitled to a 50% fractional share of said decedent's estate as a pretermitted heir.

3

11.    That the defendant did intentionally inflict emotional distress on plaintiff and defraud the plaintiff and breach their fiduciary duties as executor and administrator of said estate by concealing and withholding information from plaintiff, that plaintiff is in fact the sole natural daughter of Marilyn Monroe, aka Nancy Cusumano and that the Estate of Marilyn Monroe was obligated to provide maintenance and support for plaintiff, a minor, from the time of death of her mother, Marilyn Monroe, aka Nancy Cusumano, in 1962, and was obligated to provide said support until 1967, the age of majority for Plaintiff.

As a direct and proximate result of the defendant's intentional acts in inflicting said emotional distress and fraudulent conduct, the plaintiff did not discover said fraud until 1992 and suffered special and general damages, mental anguish, stress, and anxiety from 1962, in an amount to be shown at trial but not less than five million dollars.

Wherefore, plaintiff prays that defendant, the administratrix of the Last Will and Testament of the Estate of Marilyn Monroe, be ordered to:

a) Distribute and pay to plaintiff, her 50% pretermitted heir share of said estate which is an amount which plaintiff's request leave to amend this complaint to show at trial but not less than five million dollars.

4

b)   Costs of bringing this suit, including a reasonable attorney's fee, deposition expenses and witness costs; and

c)   Such other relief as the court deems just.

Dated:   Honolulu, Hawaii,   ___11/27/92___

John Aaron Murphy Jones
Attorney for Plaintiff

5

JohnAaron Murphy Jones  4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Green

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as Administratrix,<br>c.t.a. of the Last Will and<br>Testament of MARILYN MONROE.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL  NO. 92 00605 ACK<br>(Non Motor Vehicle Tort)<br><br>DEMAND FOR JURY TRIAL |

DEMAND FOR JURY TRIAL

TO:  ANNA STRASBERG, as Administratrix,
     c.t.a. of the Last Will and Testament
     of MARILYN MONROE
     600 Third Avenue
     New York, New York  10016

     Please Take Notice that plaintiff demands trial by jury in

this action.

          Dated:  Honolulu, Hawaii,  ___11/27/92_____

                                     _____
                                     JohnAaron Murphy Jones
                                     Attorney for Plaintiff

# United States District Court

## FOR THE ———— DISTRICT OF ———— HAWAII

NANCY GREENE, aka NANCY
MANISCALCO GREEN
      Plaintiff,

    V.

, ANNA STRASBERG, as Administratrix
c.t.a. of the Last Will and
Testament of MARILYN MONROE

    Defendant.

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:   Civil No. 92·00605
(Non-Motor Vehicle Tort)

DEMAND FOR JURY TRIAL

TO: (Name and Address of Defendant)

ANNA STRASBERG, as Administratrix
c.t.a. of the Last Will and
Testament of MARILYN MONROE
C/O  Irving P. Seidman
    Attorneys for the Estate of Marilyn Monroe
    600 Third Avenue
    New York, New York  10016

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

JohnAaron Murphy Jones
Attorney at Law
1170 North King Street
Honolulu, Hawaii  96717
808  926-9078

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

WALTER A. Y. H. CHINN

NOV 17 1992

**CLERK**

**BY DEPUTY CLERK**

DATE

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

### To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, the seal of the National Archives and Records Administration, that the attached reproduction(s) is true and correct copy of documents in his custody.



| Signature | |
|---|---|
| NAME | DATE |
| *PATRICIA S. BAILEY* | February 6, 2008 |
| TITLE | |
| Acting Director, Records Center Operations | |
| NAME AND ADDRESS OF DEPOSITORY | |
| Office of Regional Records Services Pacific Region (San Francisco) 1000 Commodore Drive San Bruno, CA 94066-2350 | |

*U.S. G       92-334-122/79063.

NA FORM 13040 (10-86)

PLAINTIFF'S FIRST AMENDED
COMPLAINT

———————————————

The Plaintiff, N       MIRACLE, aka NANCY MANISCALCO GREENE      through her undersig      counsel, avers and alleges as follow

1. She is a natural p      on who at all times material herein      a resident and domicil      in the City and County of Honolulu      State of Hawaii.

1



# EXHIBIT
# 47

ORIGINAL

JohnAaron Murphy Jones  4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Greene

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 3 0 1992

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREENE,<br><br>                Plaintiff,<br><br>    vs.<br><br>ANNA STRASBERG, as Administratrix,<br>c.t.a. of the Last Will and<br>Testament of MARILYN MONROE.<br><br>                Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL  NO. 92-00605<br>(Non Motor Vehicle Tort)<br><br>PLAINTIFF'S MEMORANDUM<br>OF LAW IN OPPOSITION<br>OF DEFENDANT'S MOTION<br>TO DISMISS COMPLAINT;<br>EXHIBITS "A"-"E";<br>CERTIFICATE OF SERVICE<br><br>Date:  December 14, 1992<br>Time:  10:30 a.m.<br>Judge: Alan C. Kay<br>Trial Date: Not Assigned |

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

INTRODUCTION

Plaintiff Nancy Miracle, aka Nancy Miracle Greene, contends that she recently discovered by evidence heretofore unknown, to her, that she is the natural daughter of Marilyn Monroe, aka Nancy Cusumano.

Plaintiff's complaint alleges on page 3, paragraph 8, that plaintiff Nancy Miracle, aka Nancy Maniscalco Greene, was born on September 14, 1946 at Wykoff Heights Hospital in Ridgewood

Brooklyn.   The hospital birth certificate, attached hereto with the Affidavit of Plaintiff Nancy Miracle, Plaintiff's Exhibit A, list Jennie Cusumano Maniscalco as Plaintiff's mother.   Jennie Cusumano Maniscalco was the blood older sister of Marilyn Monroe, aka Nancy Cusumano, who was already married at the time of plaintiff's birth.   Based on recently discovered evidence, Marilyn Monroe, aka Nancy Cusumano, gave her illegitimate child (plaintiff) to her older sister, who raised plaintiff as her own daughter until her death.

Also, based on newly discovered evidence, the birth certificate of plaintiff has the right and left footprints of plaintiff on it and the thumb-prints of Marilyn Monroe, aka Nancy Cusumano, on it appearing under Mother's left and right thumb-print.      see Plaintiff's Exhibit A

I.   THE COMPLAINT DOES STATE A CAUSE OF ACTION

      A.   Plaintiff's Claim Must Be Determined
         Applying The Law of California

Plaintiff agrees with the Defendant, in that Hawaii law requires the most significant relationship to the parties and subject matter test applies in determining the correct choice of laws issue.

In Robertson v. Robertson, 803 F.2d 136 (5th Cir 1986) the court held that where children of testator brought suit claiming they were entitled to forced heirship rights in their father's estate under Louisiana law rather than modest bequest left

2

them in their father's will which had been probated in an Arkansas state court. The United States District Court for the Eastern District of Louisiana dismissed the suit for lack of subject matter jurisdiction, and the children appealed. The Court of Appeals held that determination of domicile of the father at his death and the ensuing property rights of his children arising under Louisiana law was within the subject matter jurisdiction of the district court, because it did not interfere with probate proceedings in Arkansas.

Plaintiff contend that California has the most significant relationship and subject matter because Marilyn Monroe, aka Nancy Cusumano, moved to California when she was 19 years old and lived in California for about 10 years, worked in California in the entertainment industry, bought and resided in a home in California, voted in California, died in California, is buried in California and an ongoing murder investigation is continuing in California.

Plaintiff's Amended Complaint alleges that the defendant knew in 1962 that Marilyn Monroe, aka Nancy Cusumano, had a illegitimate daughter and defrauded the plaintiff by withholding and concealing this information from her. see Plaintiff's Exhibit B paragraph 11

Also, the defendant breached their fiduciary duties in failing to provide maintenance and support to plaintiff while she was a minor. The defendant should not be allowed to profit from this wrong and deception.

3

Based on these facts, Plaintiff does dispute the surrogate's determination that Marilyn Monroe, aka Nancy Cusumano, was a New York domiciliary at the time of her death. In applying the Robertson decision (supra) and Hawaii state law, the state with the most significant relationship and subject matter between the parties is California.

It is worthy to note that any motion to exhume the body of Marilyn Monroe, aka Nancy Cusumano, for autopsy and DNA genetic testing must be submitted to the California courts and defense counsel has admitted at the hearing on Plaintiff's Motion to Continue the Defendant's Motion to Dismiss the Complaint, that the defendant had "some relationship with the State of California".

The defendants must be forced to disclose to this Court what legal proceeding they have initiated in the probate and civil courts in California after the death of Marilyn Monroe, aka Nancy Cusumano. This will prove that the defendant has already submitted to the jurisdiction of the California Courts. see Plaintiff's First Request for Production of Documents.

B.  Plaintiff Has Stated A Claim Under California Law

California Probate Code section 90, enacted by statutes, 1931, c. 281, section 90, related to omitted children's and grandchildren's share of estate, and pursuant to section 6580, continues to apply to estates of decedents who died before Jan. 1,

4

1985.

> "Section 90.  When a testator omits to provide
> in his will for any of his children, or for the
> issue of any deceased child, whether born before
> or after the making of the will or before or after
> the death of the testator, and such child or issue
> are unprovided for by any settlement, and have not
> had an equal portion of the testator's property
> bestowed on them by way of advancement, unless it
> appears from the will that such omission was
> intentional, such child or issue succeeds to the
> same share in the estate of the testator as if he
> had died intestate."

Public policy requires that a testator remember his children at the time of making his will, and the law does not favor the failure to provide for surviving spouse or children.

West's Ann.Prob. Code, section 70, 71, 90-92

There is a presumption that failure to name a child or grandchild in a will was unintentional.  West's Ann.Prob Code, section 90.  In re Falcone's Estate, 27 Cal.Rptr. 38, 211 C.A.2d 40.

The purpose of statute regarding pretermitted heirs is to guard against unintentional omission of lineal descendants from a share in decedent's estate by reason of oversight, accident, mistake or unexpected change of condition.  West's Ann.Prob.Code, section 90,91.  In re Bank's Estate, 56 Cal.Rptr.559, 248 C.A.2d 429.  see also, Plaintiff's Exhibit D; Columbia Law Review;

Pretermitted Heirs: An Analysis of Statutes.

Under statute respecting pretermitted children, words of

5

the will must show that the testator had omitted persons in mind, and although having them in mind, has intentionally omitted to provide for them, and in order to disinherit children, the intent that they shall not so share in the testator's estate must appear on the face of the will strongly and convincingly.  Probate Code, section 90.  In re La Brie's Estate, 278 P.2d 760, 130 C.A.2d 235 (1955).

In re Torregano's Estate, 352 P.2d 505, 5 Cal.Rptr. 137, 54 C.2d 234, 88 A.L.R.2d 597, the court held;

1.  In an action for determination of heirship by plaintiff as a pretermitted heir of the testator extrinsic evidence was admissible to prove the testator's lack of intent to omit from his will any provision for plaintiff as a presumptive heir.

2.  A pretermission can exist only through oversight, and it occurs only when there has been an omission to provide, absent an intent to omit, and since the mistake or accident which caused the testator to omit provision for his child cannot appear from the will itself, extrinsic evidence for such purpose must be contemplated by statute.

3.  In action for determination of heirship by plaintiff as a pretermitted heir of deceased, where plaintiff as daughter produced evidence of relationship and family circumstances authorized a finding that after some 32 years the testator and his daughter each believed the other to be dead, and the erroneous belief continued to and including the date of making the will, such

6

evidence was part of the "circumstances" under which the will was executed.  West's Ann.Prob.Code, section 90.  see also Plaintiff's Exhibit E;  Estate of Ernest J. Torregano v. Alfred Torregano, California Supreme Court, 352 P2d 505, 88 ALR2d 597.

Marilyn Monroe, aka Nancy Cusumano, executed a will in 1961 and decedent's will made no provision, mention or settlement for plaintiff.  Under this section 90, Plaintiff is entitled to the same share of decedent's estate as if decedent had died intestate. Plaintiff, being the sole natural blood daughter of Marilyn Monroe, aka Nancy Cusumano, is entitled to a 50% fractional share of said decedent's estate as a pretermitted heir.

II.        INFANCY, FRAUD AND CONCEALMENT TOLL
           THE STATUTE OF LIMITATIONS AND THE
           DEFENDANT IS ESTOPPED TO RELY ON THE
           STATUTE OF LIMITATIONS

The Hawaii Statute of Limitations for any cause of action not otherwise specified is six years.  Hawaii Revised Statutes section 657-1(4).  The California Statute of Limitations for actions not hereinbefore provided for is four years.  West Calif. Codes section 343.  Both California and Hawaii state laws toll the statute of limitations until age 18.

In the case at bar, the cause of action arose upon the death of Marilyn Monroe, aka Nancy Cusumano, in the State of California in 1962.  Plaintiff attained the age of 18 on September

14, 1964 and the limitations period would have expired in 1968 but for the fraud and intentional deceit of the defendant.

Under California law, the statute of limitations does not begin to run against the time for commencing action for relief on ground of fraud until the discovery of the fraud. <u>Currey vs. Allen</u>, 34 Cal., p.257.

Where a party fraudulently conceals the existence of a cause of action against him, the statute of limitations is tolled and the guilty party is estopped to plead the limitations. <u>Mills v. Mills</u>, 305 P.2d 61, 147 C.A.2d 107.

The California Court of Appeals held in <u>Industrial Indemnity Co. v. Industrial Acc. Commission</u>, 252 P.2d 649, 115 C.A.2d 684 that actual fraud in the technical sense, bad faith, or an intent to mislead, are not essential to create an estoppel to rely on the statute of limitations and that the equitable doctrine of estoppel in pais is applicable in a proper case to prevent fraudulent or inequitable resort to the statute of limitations.

A defendant may be estopped to rely on the defense of limitations when, by his conduct, he induces delay in the filing of the action, even though there was no fraud on his part.

<u>Valvo v. University of Southern California</u>, 136 Cal.Rptr. 865, 67 C.A.3d 887.

In the case at bar, the defendant knew that plaintiff was the natural daughter of Marilyn Monroe, aka Nancy Cusumano.

8

Plaintiff was an illegitimate child but as plaintiff's affidavit states, at paragraph 7;

> "From 1954 thru 1957, I studied acting at
> Carnegie Hall with Marilyn Monroe, aka Nancy
> Cusumano, who lived at Carnegie House, which
> was one block down from Carnegie Hall, and
> Lee Strausberg as my instructor.  I was with
> her at her house and at the Hall at least
> two times a week during this period.  The
> Strausbergs used to come with her to my
> grandmother Bgalow on Long Island on most
> Sundays in the summer."   see Plaintiff's Exhibit A

This affidavit is offered to prove that the Strausbergs, (Lee Strausberg was the first administrator of the estate) then administrators, executives and administratrix of the Estate of Marilyn Monroe new that Marilyn Monroe had a illegitimate daughter, plaintiff.   During that time, plaintiff was a minor and the defendants defrauded the plaintiff and breached their fiduciary duties by concealing and withholding information from plaintiff, that plaintiff is in fact the sole natural daughter of Marilyn Monroe, aka Nancy Cusumano.  The record shows that the defendant failed to provide any support or maintenance for plaintiff while she was a minor and concealed from plaintiff that she had a cause

9

of action against the defendant for her pretermitted heir rights.
Here again, the defendant should not be allowed to profit from
their fraudulent conduct and are estopped to plead the statute of
limitations as a defense.

III    THIS COURT DOES HAVE PERSONAL JURISDICTION
       OVER THE DEFENDANT

       Federal courts will not exercise probate jurisdiction,
administer a decedent's estate, or entertain suits to set aside a
will, they will hear suits by or against a decedent's estate that
do not interfere with the control of property of property in the
state court's custody.  Loyd v. Loyd, 731 F.2d 393 fraud claim after
probate proceedings completed;  district court did not abuse
discretion by entertaining claim.

       In Union National Bank of Texas v. Ornelas Gutierrez, 764
F.Supp. 445, where the administrator of the estate moved to dismiss
the action to determine whether res was part of decedent's estate
or belonged to defendants.  The District Court held that its
exercise of jurisdiction did not violate probate exceptions to
federal jurisdictions and denied the motion.  Where there is issue
between citizens of different states that is justiciable in federal
court and its result will determine only what portion of estate
remains available for distribution under terms of will, exercise
of federal jurisdiction will not violate probate exception to

10

federal jurisdiction.

<u>Hawaii Revised Statute</u> section 634-35, Hawaii's long-arm statute limits long-arm jurisdiction "to any cause of action arising from the doing of any of the acts" enumerated in the statute which includes transaction of any business.

Plaintiff's Amended Complaint alleges that the defendant transacts business in the City and County of Hawaii, State of Hawaii, namely the manufacturing and merchandizing of products regarding Marilyn Monroe. Plaintiff has offered documents to this court showing that the defendants have a merchandizing agreement, see Plaintiff's Exhibit C,    These merchandizing agreements authorize the defendant to employ agents and employees to manufacture, advertise and sell products regarding Marilyn Monroe. The court can take judicial notice of the fact that there are many stores in Hawaii that sell videos, records, T shirts, posters, and likenesses of Marilyn Monroe. The defendants are making millions of dollars in the State of Hawaii through merchandizing contracts with merchants and retailers. Plaintiff is entitled to 50% of that money that is made in the State of Hawaii and 50% of the entire estate. It can be concluded that the defendants are doing business in the State of Hawaii and that this court has personal jurisdiction over the defendant.

11

## CONCLUSION

It must be concluded that plaintiff can proceed against the defendant, in this Court, under Hawaii and California Law.

Plaintiff prays that this Court allow her to show through DNA genetic testing that she is in fact the pretermitted daughter of Marilyn Monror, aka Nancy Cusumano, and that the defendant has known this and continues to defraud the plaintiff out of millions of dollars that is legally and rightfully her true birth right.

Respectfully submitted.

Dated:   Honolulu, Hawaii,   _11/30/92_

JohnAaron Murphy Jones
Attorney for Plaintiff

12

JohnAaron Murphy Jones    4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Greene

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NANCY MIRACLE,                    )    CIVIL  NO. 92-00605 ACK
aka, NANCY MANISCALCO GREENE,     )    (Non Motor Vehicle Tort)
                                  )
                Plaintiff,        )
                                  )    AFFIDAVIT OF NANCY MIRACLE,
        vs.                       )    aka, NANCY MANISCALCO GREENE
                                  )
ANNA STRASBERG, as Administratrix,)
c.t.a. of the Last Will and       )
Testament of MARILYN MONROE.      )
                                  )
                Defendant.        )
                                  )
_____ )

AFFIDAVIT OF NANCY MIRACLE
                            aka, NANCY MANISCALCO GREENE

United Mexican States )
State of Quintana Roo )
City of Cancun        )    SS.            )
Consular Service of the )                 )   SS.
United States of America )                )

        NANCY MIRACLE, aka, NANCY MANISCALCO GREENE, Plaintiff

in the above-entitled action, being first duly sworn on oath

deposes and says:

        1.  That affiant's full name is NANCY MIRACLE and that

I was also known as NANCY MANISCALCO GREENE.

1

EXH  A

2.   I am a resident and domociled in the city and County of Honolulu, State of Hawaii.

3.   I am presently on vacation in Mexico.

4.   That Affiant/Plaintiff is represented by JohnAaron Murphy Jones, whose address is 1170 North King Street, Honolulu, Hawaii.

5.   Affiant/Plaintiff was born on September 14, 1946 at 3:26 a.m. at Wykoff Heights Hospital in Ridgewood Brooklyn, New York.   My hospital birth certificate, attached to the complaint above-named as exhibit A, has my footprints on it under Baby's left and right footprints and my natural mother, Marilyn Monroe, aka Nancy Cusumano's ~~finger~~ thumb DM prints on it under Mother's left and right thumbprint.  Written on top of that birth certificate under Family History are the names of Jennie Maniscalco, whose maiden name is Jennie Cusumano, who is the blood sister of Marilyn Monroe, aka Nancy Cusumano and Joseph Maniscalco, who I believed to be my father.   This  is  written  in  Jennie  Cusumano  Maniscalco's handwritting.  This certificate on the front contains the hospital seal and the name Nancy Maniscalco, my name given to me at birth.

6.  I was brought up by Jennie and Joseph Maniscalco, who I thought were my parents, in Ridgewood, Queens, New York.  We had a large Italian American family.  My grantmother Nellie Carmela Lescalzo Cusumano, maiden name Sanfilippo whose father Joseph

Sanfilippo and brothers Eugene, Bill and Joe were bakers by trade and owned and ran Long Island Baking Co. from the late 40's thru the mid-sixties.  The man who I believed to be my father, Joseph Maniscalco, and my uncles Joey Cusumano and Vinnie Cusumano also worked at least part-time thru the years for my great uncles at the bakery which was a city block long.

    7.  From 1954 thru 1957, I studied acting at Carnegie Hall with Marilyn Monroe, aka Nancy Cusumano, who lived at Carnegie House, which was one block down from Carnegie Hall, and Lee Strausberg as my instructor.  I was with her at her house and at the Hall at least two times a week during this period.  The Strausbergs used to come with her to my grandmother B   galow on Long Island on most Sundays in the summer.

    8.  There is a photograph of myself with Marilyn Monroe, aka Nancy Cusumano and Wally Cox who I met thru her and Frank Sinatra, and Aristotle Onassis at the Waldorf Astoria during this period.  My grandmother Loscalzo is also in the background in this photograph.

    9.  I remember vaguely the day my natural mother Marilyn Monroe, Nancy Cusumano died and the terrible dread which followed. Thru the next years her name was never mentioned and I was given negative reinforcement if I mentioned the Waldorf, Carnegie Hall or the Astor Hotel.

3

10.  In 1970 I married Fred Greene in New York.  In 1980 we were divorced.  In 1983 I talked with Vincent Bruno who I had met previously, and he told me that he was my natural "father".  John Belillo told me I was Marilyn Monroe's daughter.

11.  On January 30, 1991, I changed my name legally from Nancy Greene to Nancy Miracle.

_Nancy Miracle_

NANCY MIRACLE
aka NANCY MANISCALCO GREENE

Subscribed and sworn to before me
this _29_ day of _September_ 1992

_Lorraine Sara_
Notary Public _US Consular Agent_

My commission expires: _____

4



# Wyckoff Heights Hospital
## of Brooklyn, N.Y.

This Certifies that _____ Doney Moniscalco _____
was born to Mr and Mrs Joseph Moniscalco
in this Hospital at _____ 3:6 d,m. _____ saturday
the _____ 14th day of September _____ A.D. 1946

**In Witness Whereof** the said Hospital has
caused this Certificate to be signed by its duly
authorized officer and its Corporate Seal to
be hereunto affixed.

_____
Superintendent

_____
Attending Physician

EXH A

# Family History

Father's full name_____ *Joseph* *Gonzales*
_____ *N. Y.* Date *Dec 22 1917*

Birthplace_____ *Buffalo* *Guirmans*

Mother's maiden name_____ *Jessie* *Del.* Date *Dec 16 1919*

Birthplace_____ *Marian* *Hart St. B'klyn N.Y.*

Residence at time child was born_____ *70* ___ *6* lbs. *14* ozs. Length *19* inches

Sex of child_____ *female* ___ Weight at birth

Baby's right footprint

Baby's left footprint



Mother's left thumbprint

Mother's right thumbprint

This Certificate of Birth should be carefully preserved as record of value for future use:

1 To establish age for entering school.
2 To establish age when applying for working papers.
3 To establish legal age & rights of franchise.
4 For jury and military service.
5 To prove citizenship.
6 To obtain passports & travel in foreign countries.
7 To prove right to inheritance of property.

Official registration at

Notice 8/1/91 Miracle e (MANISCALCO (GREENE)

i putting my footprint + fingerprint herewith.





Subscribed and sworn to before me
this _____ day of August, 1992.

_____
Notary Public, State of Hawaii
My commission expires: _____

Nancy Miracle
(Maniscalco, Greene)

EXH A

JohnAaron Murphy Jones    4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808   926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Greene

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 27 1992

at ___ o'clock and __ min __ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as Administratrix,<br>c.t.a. of the Last Will and<br>Testament of MARILYN MONROE.<br><br>Defendant. | CIVIL  NO. 92-00605 ACK<br>(Non Motor Vehicle Tort)<br><br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT; DEMAND FOR<br>JURY TRIAL; SUMMONS |

PLAINTIFF'S FIRST AMENDED
COMPLAINT

The  Plaintiff,  NANCY  MIRACLE,  aka  NANCY  MANISCALCO
GREENE,  through  her  undersigned  counsel,  avers  and  alleges  as
follows:

1.  She is a natural person who at all times material
herein was a resident and domiciled in the City and County of
Honolulu, State of Hawaii.

1

EXH   B

2.  The defendant is the Administratrix of the Last Will and Testament of Marilyn Monroe, aka Nancy Cusumano, and is domiciled in New York and transacts business in the City and County of Honolulu, State of Hawaii, namely the manufacturing and merchandizing of products regarding Marilyn Monroe.

3.  Jurisdiction is based on diversity of citizenship under 28 U.S.C. section 1332(c)(2) and the Hawaii long-arm statute.

4.  Marilyn Monroe, aka Nancy Cusumano was a resident and domiciled in California at the time of her death and the Will was probated in New York in 1962.

5.  The plaintiff, Nancy Miracle, aka Nancy Maniscalco Greene, is the daughter of Marilyn Monroe, aka Nancy Cusumano, (deceased) and was raised from birth, until her death, by Jennie Cusumano Maniscalco, the older blood sister of Marilyn Monroe, aka Nancy Cusumano.  Plaintiff is interested in decedent's will and estate.

6.  In 1962, an order of the Surrogate's Court for the County of New York was made and entered admitting to probate a certain instrument in writing purporting to be the last will and testament of Marilyn Monroe, aka Nancy Cusumano.  This court made an order appointing Anna Strasberg, administratrix, of said will.

7.  Since the date of the order aforesaid admitting said instrument to probate, plaintiff has discovered by evidence to plaintiff therefore unknown, and which evidence plaintiff, in the

2

exercise of due diligence, could not have discovered prior to the date of said order and only recently discovered because of the fraud and intentional concealment by defendants; that plaintiff Nancy Miracle, aka Nancy Maniscalco Greene, is the sole natural born child of Marilyn Monroe, aka Nancy Cusumano.

8. Plaintiff Nancy Miracle, aka Nancy Maniscalco Greene, was born on September 14, 1946 at Wykoff Heights Hospital in Ridgewood Brooklyn. The hospital birth certificate, list Jennie Cusumano Maniscalco as Plaintiff's mother. Jennie Cusumano Maniscalco was the blood older sister of Marilyn Monroe, aka Nancy Cusumano, who was not married at the time of plaintiff's birth. Based on recently discovered evidence, Marilyn Monroe, aka Nancy Cusumano, gave her only child (plaintiff) to her older sister, who raised plaintiff as her own daughter until her death. Also, based on newly discovered evidence, the birth certificate of plaintiff has the right and left footprints of plaintiff on it and the thumb prints of Marilyn Monroe, aka Nancy Cusumano, on it appearing under Mother's left and right thumb print.

9. Decedent's will made no provision for plaintiff, who under California law is entitled to the same share of decedent's estate as if decedent had died intestate.

10. That plaintiff, being the sole blood daughter of Marilyn Monroe, aka Nancy Cusumano, (deceased) is entitled to a 50% fractional share of said decedent's estate as a pretermitted heir.



11. That the defendant did intentionally inflict emotional distress on plaintiff and defraud the plaintiff and breach their fiduciary duties as executor and administrator of said estate by concealing and withholding information from plaintiff, that plaintiff is in fact the sole natural daughter of Marilyn Monroe, aka Nancy Cusumano and that the Estate of Marilyn Monroe was obligated to provide maintenance and support for plaintiff, a minor, from the time of death of her mother, Marilyn Monroe, aka Nancy Cusumano, in 1962, and was obligated to provide said support until 1967, the age of majority for Plaintiff.

As a direct and proximate result of the defendant's intentional acts in inflicting said emotional distress and fraudulent conduct, the plaintiff did not discover said fraud until 1992 and suffered special and general damages, mental anguish, stress, and anxiety from 1962, in an amount to be shown at trial but not less than five million dollars.

Wherefore, plaintiff prays that defendant, the administratrix of the Last Will and Testament of the Estate of Marilyn Monroe, be ordered to:

a) Distribute and pay to plaintiff, her 50% pretermitted heir share of said estate which is an amount which plaintiff's request leave to amend this complaint to show at trial but not less than five million dollars.

4



b)   Costs of bringing this suit, including a reasonable attorney's fee, deposition expenses and witness costs; and

c)   Such other relief as the court deems just.

Dated:   Honolulu, Hawaii,  ___11/27/92___

_____
JohnAaron Murphy Jones
Attorney for Plaintiff

5