# EXHIBIT
# 51

CADES SCHUTTE FLEMING & WRIGHT

MILTON M. YASUNAGA          3058
1000 Bishop Street
Honolulu, Hawaii 96813
Telephone: 521-9200

Attorney for Defendant
ANNA STRASBERG, as Administratrix,
c.t.a. of the Last Will and
Testament of MARILYN MONROE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 12 1993

at ___ o'clock and ___ min. ___ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of<br>the Last Will and Testament<br>of MARILYN MONROE,<br><br>Defendant. | CIVIL NO. 92-00605 ACK<br>(Non Motor Vehicle Tort)<br><br>DEFENDANT'S MEMORANDUM IN<br>OPPOSITION TO PLAINTIFF'S<br>JANUARY 4, 1993 MOTION TO<br>RECONSIDER ORDER DISMISSING<br>PLAINTIFF'S COMPLAINT;<br>CERTIFICATE OF SERVICE |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S JANUARY 4, 1993 MOTION TO
RECONSIDER ORDER DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff's Motion to Reconsider presents nothing except
irrelevant assertions that have absolutely no bearing on or
relevance to the grounds upon which this Court dismissed
Plaintiff's First Amended Complaint. Therefore, Defendant relies
on the affidavits and memoranda of law previously submitted in
support of Defendant's Motion to Dismiss Plaintiff's First Amended
Complaint. Accordingly, the motion should be denied.

DATED:  Honolulu, Hawaii, _____JAN 12 1993_____.

_____
MILTON M. YASUNAGA
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREENE,<br><br>        Plaintiff,<br><br>   vs.<br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of<br>the Last Will and Testament<br>of MARILYN MONROE,<br><br>        Defendant. | CIVIL NO. 92-00605 ACK<br>(Non Motor Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly served upon the following party by depositing same in the United States mail, postage prepaid.

> JOHNAARON MURPHY JONES, ESQ.
> 250 Kapili Street, Suite 305
> Honolulu, HI 96815
>
> Attorney for Plaintiff

DATED:  Honolulu, Hawaii, _____ **JAN 1 2 1993** _____.

_____
MILTON M. YASUNAGA
Attorney for Defendant
ANNA STRASBERG, as Administratrix,
c.t.a. of the Last Will and
Testament of MARILYN MONROE

mmy/11337/0001/pldgs/MemoOpp

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

### 𝔗o all to whom these presents shall come. 𝔊reeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, the seal of the National Archives and Records Administration, that the attached reproduction(s) is d correct copy of documents in his custody.



| Signature | |
|-----------|--|
| NAME *PATRICIA S. BAILEY* | DATE February 6, 2008 |
| TITLE Acting Director, Records Center Operations | |

NAME AND ADDRESS OF DEPOSITORY

**Office of Regional Records Services**
**Pacific Region (San Francisco)**
**1000 Commodore Drive**
San Bruno, CA 94066-2350

*U.S. 1992-334-122/79063.                    NA FORM 13040 (10-86)



_____ )

**DEFENDANT MEMORANDUM IN OPPOSITION TO
PLAINTIFF JANUARY 4, 1993 MOTION TO
RECONSIDER ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff's Motion to Reconsider presents nothing except irrelevant assertions that have absolutely no bearing on or relevance to the grounds upon which this Court dismissed Plaintiff's First Amended Complaint. Therefore, Defendant relies on the affidavits and memoranda of law previously submitted in support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Accordingly, the motion should be denied.

DATED: Honolulu, Hawaii, _____ JAN 1 2 1993 _____.

**MILTON M. YASUNAGA**
**Attorney for Defendant**

*19*

# EXHIBIT
# 52

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

### 𝕿o all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, [that] the seal of the National Archives and Records Administration, that the attached reproduction(s) is [a true] and correct copy of documents in his custody.





| Signature | |
|---|---|
| *PatSBailey* | |
| NAME | DATE |
| *PATRICIA S. BAILEY* | February 6, 2008 |
| TITLE | |
| Acting  Director, Records Center Operations | |
| NAME AND ADDRESS OF DEPOSITORY | |
| **Office of Regional Records Services** **Pacific Region (San Francisco)** **1000 Commodore Drive** **San Bruno, CA  94066-2350** | |

*U.S.[ ]1992-334-122/79063

**NA FORM 13040 (10-86)**

---

### NOTICE OF APPEAL

[No]tice is hereby given that Nancy Miracle, Plainti[ff/]Appellant, a[ppe]als to the Court Of Appeals For The 9th Circuit [fr]om the Judg[ment] of the District Court of Hawaii dated December [ ,] 1992. The P[lai]ntiff/Appellant claims to be the natural born daug[ht]er of Marilyn [Mon]roe and the District Court for Hawaii dismissed [he]r case.

[DAT]ED: Honolulu, H[awa]ii, January __13__, 1993.

*Johnaaron Murphy Jones*

JOHNAARON MURPHY JONES
Attorney for Nancy Miracle



ORIGINAL

JohnAaron Murphy Jones   4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Greene

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 3 1993

at 1 o'clock and 29 min 2 M. ___
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| NANCY MIRACLE, | ) | NO. |
| aka, NANCY MANISCALCO GREENE, | ) | CIVIL NO. 92-00605 ACK |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| vs. | ) | NOTICE OF APPEAL |
| | ) | |
| ANNA STRASBERG, as Administratrix, | ) | |
| c.t.a. of the Last Will and | ) | |
| Testament of MARILYN MONROE. | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

NOTICE OF APPEAL

Notice is hereby given that Nancy Miracle,
Plaintiff/Appellant, appeals to the Court Of Appeals For The 9th
Circuit from the Judgment of the District Court of Hawaii dated
December 29, 1992.  The Plaintiff/Appellant claims to be the natural
born daughter of Marilyn Monroe and the District Court for Hawaii
dismissed her case.

DATED:  Honolulu, Hawaii, January _13_, 1993.

JOHNAARON MURPHY JONES
Attorney for Nancy Miracle



# EXHIBIT
# 53

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

⌐JAN 2 5 1993

at ____ o'clock and ____ min. ____ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NANCY MIRACLE,                    )    CIV. NO. 92-00605.
aka, NANCY MANISCALCO GREEN,      )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
ANNA STRASBERG,                   )
as Administratrix, c.t.a. of      )
the Last Will and Testament       )
of MARILYN MONROE                 )
                                  )
          Defendant.              )
_____)

### ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff Nancy Miracle claims that she is the natural daughter of defendant's decedent, Marilyn Monroe. Asserting a claim as a pretermitted heir, she brought suit in this Court seeking a share of decedent's estate. In an order filed on December 23, 1992, this Court dismissed Plaintiff's complaint for lack of personal jurisdiction and for failure to state a claim. On January 4, 1993, Plaintiff filed a motion for reconsideration.

It is now well established that in the Ninth Circuit a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a "strongly convincing" nature to induce the court to reverse its prior decision. Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D.Mont. 1988) (citing All Hawaii Tours v. Polynesian Cultural Center, 116 F.R.D. 645,

21

649 (D. Haw. 1987), <u>partially rev'd on other grounds</u>, 855 F.2d
860 (9th Cir. 1988); <u>see also</u> <u>Great Hawaiian Financial Corp. v.</u>
<u>Aiu</u>, 116 F.R.D. 6122, 616 (D. Haw. 1987) (citing <u>Kern-Tulare</u>
<u>Water Dist. v. City of Bakersfield</u>, 634 F. Supp. 656, 665 (E.D.
Cal. 1986), <u>aff'd in part and rev'd in part on other grounds</u>, 828
F.2d 514 (9th Cir. 1987), <u>cert. denied</u>, 486 U.S. 1015 (1988).

Courts have established three grounds justifying
reconsideration: (i) an intervening change in controlling law,
(ii) the availability of new evidence, and (iii) the need to
correct clear error or prevent manifest injustice.  <u>Decker Coal</u>,
706 F. Supp. at 750; <u>All Hawaiian Tours</u>, 116 F.R.D. at 616; <u>Kern-</u>
<u>Tulare Water Dist.</u>, 634 F. Supp. at 665.

In this case, Plaintiff has failed to assert any cognizable
ground that would justify reconsideration of this court's order
dismissing Plaintiff's case.  Plaintiff's motion is based upon an
eleven page affidavit whereby Plaintiff gives a narrative of
events that purport to establish that she is in fact the natural
daughter of Marilyn Monroe.  These assertions have no relation to
the grounds upon which this Court dismissed Plaintiff's
complaint.  Plaintiff's complaint was dismissed because this
Court did not have personal jurisdiction over the defendant Anna
Strasberg, and because Plaintiff failed to state a claim under
New York law for her pretermitted heir claim.

Accordingly, Plaintiff's motion for reconsideration is
DENIED.

2

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, _____ JAN 2 5 1993 _____.

_____
Chief United States District Judge

NANCY MIRACLE V. ANNA STRASBERG; CIV. NO. 92-00605ACK; ORDER
DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING
PLAINTIFF'S COMPLAINT

### NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## 𝔗o all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf, and under the seal of the National Archives and Records Administration, that the attached reproduction(s) is a true and correct copy of documents in his custody.





Signature

NAME
*PATRICIA S. BAILEY*

DATE
February 6, 2008

TITLE
Acting  Director, Records Center Operations

NAME AND ADDRESS OF DEPOSITORY
**Office of Regional Records Services
Pacific Region (San Francisco)
1000 Commodore Drive
San Bruno, CA  94066-2350**

*U.S.      1992-334-122/79063.

NA FORM 13040 (10-86)

---

seeking a share of decedent's estate. On  
December 23, 1992, this Court dismissed Plaintiff's complaint for lack of personal jurisdiction and for failure to state a claim. On January 4, 1993, Plaintiff filed a motion for reconsideration.

It is now well established that in the Ninth Circuit a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision. Second, the motion must set forth facts or law of a "strongly convincing" nature to induce the court to reverse its prior decision. <u>Decker Coal Co. v. Hartman</u>, 706 F. Supp. 745, 750 (D.Mont. 1988) (citing <u>All Hawaii Tours v. Polynesian Cultural Center</u>, 116 F.R.D. 645,

21

# EXHIBIT

# 54

*ORIGINAL*

# ORIGINAL

No. 93-15243

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NANCY MIRACLE, aka,
NANCY MANISCALCO GREENE,

Plaintiff/Appellant,

versus

ANNA STRASBERG, as Administrator,
c.t.a. of the Last Will and Testament
of MARILYN MONROE,

Defendant/Appellee

Plaintiff/Appellant's Opening Brief



RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

MAY 17 1993

FILED
DOCKETED
DATE
INITIAL

JohnAaron Murphy Jones
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
(808)  926-9078
Attorney for Plaintiff/Appellant

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ............................    3

STATEMENT OF THE ISSUES .......................    4

STATEMENT OF THE CASE .........................    4

ARGUMENT ......................................    6

CONCLUSION ....................................    26

CERTIFICATE OF SERVICE ....................... last pg.

## TABLE OF CITATIONS

Cases:                                                                    Page

Fields v. Sedgwick Associated Risk, Ltd.,
796 F.2d 299, 301 (9th Cir. 1986) ............................  8

Loyd v. Loyd, 731 F.2d 393 ...............................  10

Pacific Atlantic Trading Co. v. M/V Main Express,
758 F.2d 1325, 1327 (9th Cir. 1985) .....................  10

Cowan v. First Insurance Co. of Hawaii,
61 Hawaii 644, 649, 608 P.2d 394, 399 (1980) ...........  10

Union National Bank of Texas v. Ornelas Gutierrez,
764 F.Supp. 445 .........................................  11

Pure, Ltd. v. Shosta Beverages, Inc.,
691 F.Supp. 1274 (D.Haw.1988) ..........................  14

Teixira v. Teixira, 37 Haw. 64 (1945) ...................  16

Robertson v. Robertson, 803 F.2d 136
(5th Cir. 1986) ........................................  18

In re Falcone's Estate, 27 Cal.Rptr. 38,
211 C.A.2d 40 ..........................................  21

In re Bank's Estate, 56 Cal.Rptr. 559,
248 C.A.2d 429 .........................................  21

In re La Brie's Estate, 278 P.2d 760,
130 C.A.2d 235 (1955) ..................................  21

Estate of Ernest J. Torregano v. Alfred Torregano,
Cal.Sup.Ct., 352 P.2d 505, 88 ALR2d 597 ................  21

Currey v. Allen, 34 Cal.P. 257 .........................  23

Mills v. Mills, 305 P.2d 61, 147 C.A.2d 107 ............  23

Industrial Indemnity Co. v. Industrial
Acc. Commission, 252 P.2d 649, 115 C.A.2d 684 ..........  24

Valvo v. University of Southern California,
136 Cal.Rptr. 865, 67 C.A.3d 887 .......................  24

3

Re Plaster, 179 M 80,   37S2d 498 (1942) affd 266 AD 439. ... 24

In re Kelly's Estate, 1943,   182 misc. 481,
44 N.Y.S. 2d 438  ...................................................... 24

In re Doling's Will, 158 Misc. 333,   285 N.Y.S. 603  ....... 25

Wormser v. Croce, 120 App Div 287, 104 N.Y.S. 1090  ........ 26

Brush v. Wilkins, 4 Johns Ch. 506  ......................... 26

In re Kraston's Will, 58 N.Y.S. 2d. 346  .................. 26

In re Crawford's Estate, 64 Misc.2d. 836, 263 N.Y.S.2d 393 . 26

In re Vodery's estate, 139 N.Y.S.2d 515.
affirmed 3 A.D.2d 733,   160 N.Y.S.2d 819  .................. 26

Porter v. Porter, 86 S.W. 546, 547, 120 Ky. 302  ........... 26

In re Percival's Estate, 292 P.2d 63, 65,
138 C.A.2d 494  .................................................. 27

Ramsey v. Saunders, 172 S.E. 798,800,
114 W.Va. 590  .................................................. 27


Statutes:
Hawaii Rev. Stat.  section 634-35(a)
California Probate Code  section 90
West's Ann. Prob. Code  section 70, 71, 90-92
Hawaii Rev. Stat.  section 657-1(4)
West's Calif. Codes  section 343
Consolidated Laws of New York, section 13
Decedent Estate Law  section 26
West Virginia Code 1931, 41-4-1, 42-2-1

4

## A. STATEMENT OF THE ISSUES:

1. The first issue to be decided here is whether the District Court committed reversible error in failing to grant Plaintiff/Appellant's Motion To Continue Defendant/Appellee's Motion To Dismiss Complaint.

2. The second question to be decided here is whether the District Court committed reversible error in granting the Defendant/Appellee's Motion to Dismiss Plaintiff/Appellant's Complaint based on the following:

    (a)   Lack of Personal Jurisdiction over Defendant.

    (b)   Failure to State a Claim under New York Law.

    (c)   Action is barred by the Statute of Limitations

## B. STATEMENT OF THE CASE:  SWITCHED AT BIRTH.

Plaintiff/Appellant Nancy Miracle, aka Nancy Miracle Greene, contends that she recently discovered by evidence heretofore unknown, to her, that she is the natural daughter of Marilyn Monroe, aka Nancy Cusumano. Plaintiff's complaint alleges on page 3, paragraph 8, that Plaintiff Nancy Miracle, aka Nancy Maniscalco Greene, was born on September 14, 1946 at Wykoff Heights Hospital in Ridgewood Brooklyn. The hospital birth certificate lists Jennie Cusumano Maniscalco as Plaintiff's mother. Jennie Cusumano Maniscalco was the blood older sister of Marilyn Monroe, aka Nancy Cusumano, who was already married at the time of Plaintiff's birth. Based on recently

discovered evidence, Marilyn Monroe, aka Nancy Cusumano, gave her illegitimate child (Plaintiff) to her older sister, who raised Plaintiff as her own daughter until her death.

Also, based on newly discovered evidence, the birth certificate of Plaintiff has the right and left footprints of Plaintiff on it and the thumb-prints of Marilyn Monroe, aka Nancy Cusumano, on it appearing under Mother's left and right thumbprint.

see Plaintiff/Appellant's Exhibit 1, Fingerprints of Marilyn Monroe obtained from the Department of the Coroner, County of Los Angeles and Plaintiff/Appellant's Exhibit 2, Birth Certificate of Plaintiff NANCY MIRACLE, aka Nancy Maniscalco Greene, attached hereto.

Plaintiff/Appellant asserts her claim to a 50% share of decedent's estate, now conservatively valued at over 100 million dollars, under the pretermitted heir statutes of the State of California.

The Federal District Court for the District of Hawaii denied Plaintiff's Motion To Continue Defendant's Motion To Dismiss Complaint, filed by Plaintiff to obtain documents requested from the Defendant pursuant to a Request For Production Of Documents severed on Defendant and granted the Defendant's Motion To Dismiss Plaintiff's Complaint for:

1. Lack of personal jurisdiction over Defendant,
2. Failure to state a claim under New York law and
3. The case is barred by the statute of limitations.

C.   <u>ARGUMENT</u>:

<u>DENIAL OF PLAINTIFF/APPELLANT'S MOTION TO CONTINUE
DEFENDANT/APPELLEE'S MOTION TO DISMISS COMPLAINT
PENDING REQUEST FOR PRODUCTION OF DOCUMENTS.</u>

On September 16, 1992, Plaintiff filed a complaint seeking
her 50% pretermitted heir interest in the Estate of Marilyn Monroe.

On November 20, 1992, Plaintiff/Appellant filed a Motion
To Continue The Defendant/Appellee's Motion To Dismiss Complaint
and based their request on the fact that all of the documents needed
for a just determination of this case, i.e. Marilyn Monroe's Will,
deeds to show property ownership in California, taxes that she paid
in California, employment contracts that she signed in California
and other documents that show that Marilyn Monroe was domiciled in
California, are under the exclusive control of the Defendant/Appellee.

On November 24, 1992, the District Court denied Plaintiff's
motion to compel discovery for production of documents under the
exclusive control of Defendants.

On December 23, 1992, the District Court dismissed Plaintiff's
Complaint.

Rule 12, of the Federal Rules of Civil Procedure provides
in part that:

If, on a motion asserting the defense numbered (6)
to dismiss for failure to state a claim upon which

relief can be granted, matters outside the pleadings
are presented to and not excluded by the court, the
motion shall be treated as one for summary judgment
and disposed of as provided in Rule 56, and all parties
SHALL be given reasonable opportunity to present All
material made pursuant to such a motion by Rule 56.

The Plaintiff/Appellant was not given an opportunity to
obtain any documents from the Defendant/Appellee, which were under
their exclusive control at all times herein, which would have conclusively
proved that Marilyn Monroe was domiciled in the State of California
at her death and that the Defendants knew that Plaintiff was the
natural daughter of Marilyn Monroe and that they had intentionally
defrauded her of her mother's estate valued at over 100 million dollars.

The Defendant filed a Memorandum In Opposition To Plaintiff's
Motion To Continue Defendant's Motion To Dismiss Complaint and on
page 2 argued that:

"Under Rule 56(f) a motion for summary judgment
may be opposed by an affidavit giving reasons why
discovery is necessary and why a party cannot
present by affidavit facts essential to justify its
opposition. There is no comparable rule for a motion

to dismiss under Rule 12(b), and there is reason for the difference."

The Plaintiff/Appellant contends that this is a specious argument and that the District Court committed reversible error in failing to grant Plaintiff's motion to compel full disclosure of all relevant documents, under the exclusive control of the Defendants, where a motion asserting the defense numbered (6) to dismiss is concerned.

Plaintiff's entire case was heard and decided by the District Court, without any relevant documents, in less than 90 days. Plaintiff/Appellant has been denied her constitutional right to a fair trial.

D.    THIS COURT DOES HAVE GENERAL JURISDICTION OVER THE DEFENDANT/APPELLEE: MINIMUM CONTACTS WITH FORUM STATE HAWAII TO COMPLY WITH DUE PROCESS REQUIREMENT.

GENERAL JURISDICTION:

General jurisdiction exist where the non-resident defendant has "substantial" or "continuous and systematic" contacts with the forum state.  Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986).

As a pretermitted heir under California law, Plaintiff/Appellant, a Hawaii resident, is entitled to 50% of the money that is made in Hawaii, i.e. money collected by the estate in Hawaii for distribution

9

to those named in the will and 50% of the entire estate because the Defendant/Appellee's contacts are <u>substantial</u> in that they are in the millions of dollars, they are <u>continuous</u>, in that they have been collected since Marilyn Monroe's death in 1962, and they are <u>systematic</u> in that all those who want to merchandize, or use the intellectual property rights of Marilyn Monroe in Hawaii must pay.

Defendant/Appellee has substantial, continuous and systematic contacts with the forum state and has passed the threshold of minimum contacts with the State of Hawaii with respect to due process. <u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. 1986). Therefore, it can be concluded that there is general federal jurisdiction in the State of Hawaii over the Defendant/Appellee and the District Court's ruling to the contrary was erroneous.

E.   THIS COURT HAVE SPECIFIC JURISDICTION OVER
     <u>THE DEFENDANT/APPELLEE IN THE STATE OF HAWAII:</u>

          1. TORTIOUS ACTS WITHIN STATE OF HAWAII AND
          2. DOING BUSINESS WITHIN STATE OF HAWAII.

Federal courts will not exercise probate jurisdiction, administer a decedent's estate, or entertain suits to set aside a will, they will hear suits by or against a decedent's estate that do not interfere with the control of property in the state court's

10

custody. <u>Loyd v.Loyd</u>, 731 F.2d 393 fraud claim after probate proceedings completed; district court did not abuse discretion by entertaining claim.

In order to establish personal jurisdiction, Plaintiff/Appellant must demonstrate that the forum state's jurisdictional statute confers personal jurisdiction, and that the exercise of jurisdiction accords with federal constitutional principles of due process. <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1327 (9th Cir. 1985).

Hawaii law gives jurisdiction to the full extent allowed by the constitution. <u>Cowan v. First Insurance Co. of Hawaii</u>, 61 Hawaii 644, 649,  608 P.2d 394,399 (1980).

Hawaii's jurisdictional statute provides, in relevant part, as follows:

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and if an individual, the person's personal representative, to the jurisdiction of the courts of the State as to any cause of action arising from the doing of any of the acts:
>
> (1) <u>The transaction of any business within this State;</u>
>
> (2) <u>The commission of a tortious act within this State;</u>

11

(3) The ownership, use, or possession of any real estate
situated in this State;

(4) Contracting to insure any person, property, or risk
located within this State at the time of contracting.
Hawaii. Rev. Stat. section 634-35(a).


Hawaii's long-arm statute has been construed by the Supreme
Court of Hawaii to permit the assertion of jurisdiction to the extent
permitted by the due process clause of the Fourteenth Amendment to
the United States.  Cowan v. First Insurance Co. of Hawaii, 61 Haw.
644, 649 (1980), 608 P.2d 394, 399.

In Union National Bank of Texas v. Ornelas Gutierrez,
764 F.Supp. 445, where the administrator of the estate moved to dismiss
the action to determine whether res was part of decedent's estate
or belonged to defendants.  The District Court held that its exercise
of jurisdiction did not violate probate exceptions to federal jurisdictions
and denied the motion.  Where there is issue between citizens of
different states that is justiciable in federal court and its result
will determine only what portion of estate remains available for
distribution under terms of will, exercise of federal jurisdiction
will not violate probate exception to federal jurisdiction.

1.    TORTIOUS ACTS BY DEFENDANT/APPELLEE WHICH CONFER
      SPECIFIC JURISDICTION UPON THIS COURT.

(a) Plaintiff/Appellant contends that Hawaii does have specific jurisdiction over the Defendant/Appellee and as grounds therefore stated in their First Amended Complaint, at paragraph 11, that:

"The defendant did intentionally defraud the plaintiff and breach their fiduciary duties as executor and administrator of said estate by concealing and withholding information that plaintiff is in fact the sole natural daughter of Marilyn Monroe, aka Nancy Cusumano and that the Estate of Marilyn Monroe was obligated to provide maintenance and support for plaintiff, a minor, from the time of death of her mother, Marilyn Monroe, aka Nancy Cusumano, in 1962, and was obligated to provide said support until 1967, the age of majority for Plaintiff.

As a direct and proximate result of the Defendant's fraudulent conduct the Plaintiff did not discover said fraud until 1992 and suffered special and general damages, mental anguish, stress, and anxiety from 1962, in an amount to be shown at trial but not less than five million dollars.

Here again we must refer to the Hawaii jurisdictional statute that provides, in relevant part, as follows:

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does

13

any of the acts hereinafter enumerated, thereby submits
such person, and if an individual, the person's personal
representative, to the jurisdiction of the courts of
the State as to any cause of action arising from the
doing of any of the acts:

...    (2) <u>THE COMMISSION OF A TORTIOUS ACT WITHIN THE</u>
<u>STATE</u>: —
                              Hawaii. Rev. Stat. section 634-35(a).

      Plaintiff/Appellant contends that the District Court committed
reversible error in ruling that:

      "Even if Anna Strasberg committed fraud and breached
her fiduciary duties as administratrix and executrix of
the estate, there is nothing to show that this wrongful
conduct occurred in Hawaii.  Plaintiff has admitted in
open court that she made a demand on the estate in 1985.
Any fraud or misrepresentation would have occurred at
that time."    see page 8 Order Granting Defendant's
Motion To Dismiss, filed December 23, 1992.

    (b)    <u>WHEN TORTIOUS ACT IS COMMITTED WITHIN THIS STATE</u>:
    A TORTIOUS ACT IS COMMITTED WITHIN THIS STATE UNDER PARAGRAPH
(a)(2) IF THE INJURY, <u>OR THE INJURIOUS CONSEQUENCES</u> OF THE ALLEGEDLY

14