# EXHIBIT 60

GIBSON, DUNN & CRUTCHER LLP
Randy M. Mastro, Esq.
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000

Attorneys for Anna Strasberg, Administratrix C.T.A.

SURROGATE'S COURT

COUNTY OF NEW YORK

| | |
|---|---|
| ACCOUNTING BY<br><br>ANNA STRASBERG<br><br>AS ADMINISTRATRIX C.T.A.<br><br>of the ESTATE OF MARILYN MONROE,<br><br>Deceased | FILE NO. P2781/1962<br><br>PETITION FOR JUDICIAL SETTLEMENT OF FINAL ACCOUNT OF ADMINISTRATRIX C.T.A. AND FOR AN ORDER AUTHORIZING PETITIONER TO 1) EXECUTE LIMITED LIABILITY AGREEMENT;<br>2) ESTABLISH AND OPERATE LIMITED LIABILITY COMPANY;<br>3) USE ESTATE ASSETS TO ESTABLISH LIMITED LIABILITY COMPANY;<br>4) DISTRIBUTE INTERESTS TO RESIDUARY BENEFICIARIES;<br>5) FOR ORDER VACATING ORDER TO COMPEL FIDUCIARIES TO ACCOUNT; AND, 6) DISCHARGE OF PRIOR EXECUTOR |

TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK:

1.   The petition ("Petition") of Anna Strasberg ("Petitioner"), residing at 135 Central Park West, New York, New York respectfully states:

2.   The decedent, Marilyn Monroe, ("Decedent") died on August 5, 1962, and at the time of her death was a resident of the Borough of Manhattan, City, County and State of New York. A copy of the decedent's Will is attached hereto as Exhibit 1.

Gibson, Dunn &
Crutcher LLP

3. Decedent's Will dated January 14, 1961 was admitted to probate and Letters Testamentary were issued to Aaron R. Frosch by the Surrogate's Court of New York County, New York on October 30, 1962. Aaron R. Frosch having died, Letters of Administration C.T.A. were issued to Petitioner by the Surrogate's Court of New York County, New York on July 21, 1989.

5. The Petitioner presents and renders herewith, a verified account of Petitioner's proceedings in this estate, for the period from July 20, 1989 to October 3, 2000, showing the gross value of assets, including principal and income, to be the sum of $1,470.44. The prior executor's account ending April 29, 1989 showed an ending property on hand figure of $33,904.18 in cash and Miscellaneous Royalty Interests (Intellectual Property Rights) in an undetermined value. Petitioner is informed and believes that the only account activity which occurred from April 29, 1989 until her appointment as Successor Administratrix C.T.A. on July 21, 1989 was interest earned on the estate's cash assets in the sum of $469.48, which is reflected in Schedule A in the Accounting filed herein.

5. An order was entered in this Court on January 20, 1970 fixing and assessing the estate tax due. Petitioner believes the estate taxes with respect to this estate were paid in full. The statutory period for payment of estate taxes has expired.

6. The rendering of such account at this time is proper because seven months have elapsed since letters were issued to Petitioner.

7. Marjorie M. Frosch, in her capacity as Executor of the Estate of Aaron R. Frosch, stated in her Petition for An Intermediate Voluntary Accounting, filed in this proceeding and

approved by decree issued January 17, 1991, that Aaron R. Frosch satisfied in full, as verified in Schedule J of the accounting filed with her Petition, the specific pecuniary bequests and the bequest of personalty under Clause FOURTH of Decedent' Will, the sum of $40,000.00 to May Reis under Clause SIXTH of Decedent's Will, and further satisfied in full the bequest under Clause FIFTH of the Decedent's Will, as amended by agreement and settlement among the concerned parties. All other bequests having been satisfied in these proceedings, the only parties now entitled to a share of the remaining residue of the estate are the Estate of Lee Strasberg, as to 75%, and the Anna Freud Centre (as beneficiary under the Will of Dr. Marianne Kris), as to 25%.

8. The names and addresses of all persons and parties interested in this proceeding who are required to be cited under the provisions of Surrogate's Court Procedure Act §2210, or otherwise, or concerning whom or which the Court is required to have information, are set forth below. Also see Schedule G of Accounting filed herein.

| Name | Interest | Address |
|---|---|---|
| Anna Strasberg<br>Executrix, Estate of<br>Lee Strasberg, Deceased<br>(Beneficiary, Adult) | 75% Residue | 135 Central Park West<br>New York, NY 10023 |
| The Anna Freud Centre<br>(Beneficiary, Organization) | 25 % Residue | 21 Maresfield Gardens<br>Hampstead, London<br>NW3 5SD England |
| Anton O. Kris, MD<br>Co-Executor, Estate of Dr.<br>Marianne Kris<br>(Interested party, Adult) | None | 37 Philbrick Road<br>Brookline, Mass<br>02146 |

| | | |
|---|---|---|
| 1  Anna K. Wolff, MD | None | 10 Channing Street |
| 2  Co-Executor, Estate of Dr. Marianne Kris (Interested party, Adult) | | Cambridge, Mass. 02138 |
| 3  The Attorney General of the State of New York (Government Agency) | On behalf of The Anna Freud Centre | 120 Broadway New York, NY |
| 5  Continental Insurance Co. (Surety bond holder) | None | Surety Dept. 39 Broadway #620 New York, NY 10006 |
| 7  Stroock, Stroock & Lavan | None, Attorneys for Marjorie M. Frosch, Executrix of the Estate of Aaron R. Frosch | 180 Maiden Lane New York, NY 10038 |

9. There are no persons interested in this proceeding other than those herein above mentioned, all of said above mentioned persons are of sound mind; and all are of full age.

10. No prior application has been made to this or any other court for the relief requested in this Petition.

11. During the period of this account Petitioner has received income receipts, as set forth in Schedule A-2 of the Accounting filed herein, from the decedent's participation rights in motion pictures and royalties from the licensing of the decedent's name, likeness and signature ("Intellectual Property Rights"). Petitioner has made periodic distributions, as set forth in Schedule E of the Accounting, of the balance of the estate funds after payment of expenses, as set forth in Schedule C of the Accounting, in shares of 75% to the Estate of Lee Strasberg and 25% to the Anna Freud Centre.

12. The Petitioner also requests the Court to authorize her to establish a limited liability company to hold the Intellectual Property Rights and to distribute pro rata interests in the limited liability company to the residuary beneficiaries of the estate.

13. Section 11-1.1(c) of the Estates, Powers and Trusts Law states that "the court having jurisdiction of the estate... may authorize the fiduciary to exercise any other power which in the judgment of the court is necessary for the proper administration of the estate or trust." Thus, the powers enumerated by EPTL Section 11-1.1(b) are not exclusive, and the court has the authority to grant the Petitioner the power to establish such a company to hold estate property. Distribution in kind of interests in the limited liability company is permissible under Section 2216 of the Surrogate's Court Procedure Act.

14. There are several reasons why it would be appropriate and in the best interests of the estate and beneficiaries to authorize the Petitioner to form a limited liability company and distribute interests in the limited liability company to the residuary beneficiaries. First, coordinated management of the Intellectual Property Rights would be maintained. It would not be practical, and perhaps would not even be possible, to divide the Intellectual Property Rights between the beneficiaries, and it certainly would not be efficient or to the benefit of the beneficiaries to do so. Second, after distribution of the limited liability company interests it would be possible to close the estate, which has now been open for almost 40 years. In addition to the obvious benefits resulting from distributing the assets and closing the estate, there are also clear disadvantages resulting from keeping the estate open: additional, unnecessary costs would be imposed on the beneficiaries; the court's docket would be burdened with a case that could be closed; and the estate and the beneficiaries would remain vulnerable to unmeritorious, "crank" claims, because of the unique celebrity

status of the Decedent. Third, unless the Petitioner is authorized to exercise the powers requested herein, there is every reason to believe that the estate will not be closed in the foreseeable future. Distribution of the Intellectual Property Rights would continue to remain impractical and the estate would remain open to more crank claims. Fourth, utilizing a limited liability company structure will afford the beneficiaries some measure of protection from crank claims.

15. On December 31, 1990, this court entered a decree which, among other things, ordered that administration of the estate was to continue as long as the estate maintained an agency agreement with terms and conditions substantially similar to the agency agreement then in effect. The agency agreement now in effect with CMG Worldwide is substantially similar to the agency agreement in effect on December 31, 1990. However, as set forth above, Petitioner believes that it would be in the best interest of the estate and beneficiaries to close the estate proceedings and distribute the remaining assets as set forth herein.

16. The consents of the residuary beneficiaries are attached hereto as Exhibits 2 and 3 and are incorporated herein by this reference.

17. Attached hereto as Exhibit 4 and incorporated herein by this reference, is a form of limited liability company agreement that Petitioner proposes to use as the governing agreement for the limited liability company. Under the proposed limited liability company agreement, Petitioner would be the sole initial member. Subsequently, the Petitioner and the residuary beneficiaries would execute a supplement to the agreement (a copy of the proposed

MM-0002794

supplement is attached hereto as Exhibit 5 and incorporated herein by this reference), which would make the residuary beneficiaries 75%/25% owners of the entire company. A proposed form of assignment from the Petitioner to the residuary beneficiaries is attached hereto as Exhibit 6 and incorporated herein by this reference. In order properly to establish and operate the company, it will also be necessary, among other things, to obtain a taxpayer identification number, file a certificate of formation, a proposed form is attached hereto as Exhibit 7, and file appropriate documents in states other than Delaware in which the company does business. Petitioner requests authorization to execute such documents.

18. The Petitioner also requests the Court to authorize her to use funds of the estate to establish the limited liability company, and to register and qualify it in appropriate jurisdictions. After distribution of the limited liability company interests to the residuary beneficiaries, the costs of maintaining the company will be borne on a pro rata basis by the residuary beneficiaries.

19. Pursuant to this court's Decree Approving Attorney's fees and Other Related Matters filed October 31, 1990, Petitioner is to receive no commissions as Administratrix C.T.A.

20. On June 25, 1990 this court issued an Order to Compel Fiduciaries to Account, attached hereto as Exhibit 8, directing that Marjorie M. Frosh, as Executrix of the Estate of Aaron R. Frosh, file and judicially settle a final accounting with respect to the Estate of Marilyn Monroe; and further ordered that Anna Strasberg, Administratrix C.T.A. file and judicially settle an intermediate accounting for the period from July 20, 1989 through May 31, 1990. On August 2, 1990, attorneys for Marjorie M. Frosch, Anna Strasberg,

1  The Anna Freud Center, and for Anton O. Kris and Anna Kris Wolf as
2  Executors of the Estate of Marianne Kris executed a Stipulation on
3  behalf of their clients, a copy of which is attached hereto as
4  Exhibit 9, wherein the parties requested that the Court vacate the
5  Order to Compel Fiduciaries to Account of June 25, 1990.

Petitioner, after a search of the court records, can find no evidence that an order vacating the Order to Compel Fiduciaries to Account has been executed by this court. Schedule A of Petitioner's account filed in these proceedings details the only transactions, consisting solely of interest earned on estate assets Marjorie M. Frosch transferred to Petitioner immediately following her appointment as Administratrix C.T.A. on July 21, 1989, that occurred after the end of Marjorie M. Frosch's intermediate account on April 29, 1989 through July 20, 1989. Petitioner's account further includes all transactions that occurred from July 20, 1989 to October 3, 2000. Because all estate account activity between April 29, 1989 and October 3, 2000 has been reported in the account filed herein, Petitioner requests that this court vacate the Order to Compel Fiduciaries to Account of June 25, 1990. Petitioner's Receipt and Release as Administratrix C.T.A. acknowledging receipt of estate assets from Marjorie M. Frosch, is attached hereto as Exhibit 10.

After a search of the court's records, and having found no order discharging the deceased prior Executor Aaron R. Frosch, and a receipt having been filed in these proceedings for all assets transferred from Marjorie M. Frosch, as Executrix of the Estate of Aaron R. Frosch, to petitioner as successor Administratrix C.T.A.,

petitioner requests that Aaron R. Frosch be discharge as Executor without further account.

WHEREFORE, Petitioner prays for an Order of this Court as follows:

1. The account of proceedings be judicially settled;

2. Authorizing the Petitioner to execute the Limited Liability Company Agreement attached as Exhibit 4, the Supplement thereto attached as Exhibit 5, the Assignment attached as Exhibit 6, the Certificate of Formation attached as Exhibit 7, and any and all other documents necessary to establish the limited liability company and register and/or qualify it in other jurisdictions, as the Petitioner deems appropriate;

3. Authorizing the Petitioner to take all other necessary steps to establish and operate the limited liability company, including registering and qualifying the limited liability company in one or more other jurisdictions, as the Petitioner deems appropriate;

4. Authorizing the Petitioner to use estate assets for the purposes of establishing the limited liability company and registering and qualifying it in one or more other jurisdictions, as the Petitioner deems appropriate;

5. Authorizing the Petitioner to transfer all assets of the estate to the limited liability company and distribute membership interests in the limited liability company pro rata to the residuary beneficiaries as follows: 75% to Anna Strasberg, as Executor of the Estate of Lee Strasberg, and 25% to the Anna Freud Centre;

6. That the Order to Compel Fiduciaries to Account of June 25, 1990 be vacated;

7. That Aaron R. Frosch be discharged as Executor;

8. That these estate proceedings be closed; and

9. That the persons above mentioned and all necessary and proper persons be cited to show cause why such settlement should not be had and for such other and further relief as the Court may deem just and proper.

DATED: Oct. 18 2000, 2000

_____
ANNA STRASBERG

VERIFICATION

STATE OF NEW YORK    )
COUNTY OF NEW YORK   )

The undersigned, the petitioner named in the foregoing petition, being duly sworn, says: I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matter I believe it to be true.

_____
Anna Strasberg

Sworn to before me on
10/18, 2000
_____

PATRICIA ROSADO
Notary Public, State of New York
No. 01RO5014712
Qualified in New York County
Commission Expires July 6, 2001

Notary Public
Commission Expires: 7/6/2001
(Affix Notary Stamp or Seal)

Signature of Attorney: _____

Print Name of Attorney: Randy Mastro

Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000

20084469_1.DOC

Gibson, Dunn &
Crutcher LLP

11

| | |
|---|---|
| STATE OF NEW YORK | ) |
| COUNTY OF __NEW YORK__ | ) ss.: |

On __July 26__, 2001, before me personally appeared

__ANNA Strasberg__ to me known and known to me to be the person described in and who executed the foregoing Receipt and Release and duly acknowledged the execution thereof.

*Patricia (Wade)*
Notary Public
Commission Expires:
(Affix Notary Stamp of Seal)

PATRICIA ROSADO
Notary Public, State of New York
No. 01RO5014712
Qualified in New York County
Commission Expires July 6, 2003

Name of Attorney: Randy M. Mastro, Esq.   Tel. No: 212-351-4000

Address of Attorney: Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166

20121215_1.DOC