# EXHIBIT 67

Filed separately under seal pursuant to Protective Order

# EXHIBIT 68

### Background on Section 12500 of Repealed Code

Section 12500 was a new provision added by 1988 Cal.Stat. ch. 1199 § 94.5. For background on the provisions of this part, see the Comment to this part under the part heading. [20 Cal.L.Rev.Comm.Reports 1001 (1990)].

### Historical and Statutory Notes

Former § 12500, added by Stats.1988, c. 1199, § 94.5, relating to similar subject matter, was repealed by Stats.1990, c. 79 (A.B.759), § 13, operative July 1, 1991.

Transitional provisions, see § 3. For text of former section, see Appendix (App. § 1 et seq.) at end of Code.

Derivation: Former § 12500, added by Stats. 1988, c. 1199, § 94.5.

## § 12501. Ancillary administration

"Ancillary administration" means proceedings in this state for administration of the estate of a nondomiciliary decedent.

(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)

### Law Revision Commission Comment

#### 1990 Enactment

Section 12501 continues Section 12501 of the repealed Probate Code without change.

### Background on Section 12501 of Repealed Code

Section 12501 was a new provision added by 1988 Cal.Stat. ch. 1199 § 94.5. For background on the provisions of this part, see the Comment to this part under the part heading. [20 Cal.L.Rev.Comm.Reports 1001 (1990)].

### Historical and Statutory Notes

Former § 12501, added by Stats.1988, c. 1199, § 94.5, relating to similar subject matter, was repealed by Stats.1990, c. 79 (A.B.759), § 13, operative July 1, 1991.

Transitional provisions, see § 3. For text of former section, see Appendix (App. § 1 et seq.) at end of Code.

Derivation: Former § 12501, added by Stats. 1988, c. 1199, § 94.5.

### Library References

Executors and Administrators ⟸518(1).
WESTLAW Topic No. 162.

C.J.S. Executors and Administrators § 989 et seq.

## § 12502. Foreign nation

"Foreign nation" means a jurisdiction other than a state of the United States.

(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)

### Law Revision Commission Comment

#### 1990 Enactment

Section 12502 continues Section 12502 of the repealed Probate Code without change. "State" is defined in Section 74 as "any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or

Ex. A

# EXHIBIT 69

§ 356                                                                     GENERAL PROVISIONS

### Historical and Statutory Notes

Former § 356, added by Stats.1988, c. 1199, § 41.5, relating to similar subject matter, was repealed by Stats.1990, c. 79 (A.B. 759), § 13, operative July 1, 1991.

Transitional provisions, see Probate Code § 3. For text of repealed section, see Appendix (App. § 1 et seq.) at end of Code.

Derivation: Former § 356, added by 1988, c. 1199, § 41.5.

### Library References

Treatises and Practice Aids
  Witkin, Summary (9th ed) Wills § 434.

# Article 2
# SCOPE OF PART

Section
360. Application to fiduciaries and consultants.
361. Conflicting provisions.
362. Repealed.

*Application of Part, see Probate Code §§ 360, 361.*

## § 360. Application to fiduciaries and consultants

This part applies to all fiduciaries and consultants, whether appointed acting before, on, or after July 1, 1989.

(Stats.1990, c. 79 (A.B.759), § 14, operative July 1, 1991.)

### Law Revision Commission Comment

#### 1990 Enactment

Section 360 continues Section 360 of the repealed Probate Code with the addition of the reference to "consultants." This part applies to personal representatives, trustees, guardians, conservators, and other legal representatives. See Section 39 ("fiduciary" defined).

#### Background on Section 360 of Repealed Code

Section 360 was added by 1988 Cal.Stat. ch. 1199 § 41.5. The section superseded former Code of Civil Procedure Section 1706. For background on the provisions of this part, see the Comment to this part under the part heading [20 Cal.L.Rev.Comm.Reports 1001 (1990)].

### Historical and Statutory Notes

Former § 360, added by Stats.1988, c. 1199, § 41.5, relating to similar subject matter, was repealed by Stats.1990, c. 79 (A.B. 759), § 13, operative July 1, 1991.

Transitional provisions, see Probate Code § 3. For text of repealed section, see Appendix (App. § 1 et seq.) at end of Code.

Former § 360, enacted by Stats.1931, § 360, relating to foreign wills, was repealed Stats.1988, c. 1199, § 40, operative July 1989. See Probate Code §§ 12510, 12511.

Derivation: Former § 360, added by 1988, c. 1199, § 41.5.

### Cross References

Fiduciary, defined, see Probate Code § 39.

252

Ex C

# EXHIBIT 70

payment of debts the legacies to kindred are not to be resorted to until those to strangers have been exhausted for that purpose. In re Apple's Estate (1885) 6 P. 7, 66 C. 432.

In California, both the real and personal estate are assets in the hands of the administrator for the payment of debts and the only distinction is that personalty must first be exhausted before the realty can be so applied. In re Miller's Estate (1874) 48 C. 165, 22 Am.R. 422.

Heirs succeed to the property of their intestate immediately upon his death; then their interest becomes vested, subject only to the lien of the administrator for the payment of the debts of the decedent and the expenses of administration. In re Lane's Estate (1884) 1 Cof. 88.

**132. Family allowances**

"Family allowance" is awarded widow for support during administration of deceased husband's estate, regardless of whether widow has any right in corpus or income of estate. Buck v. McLaughlin (C.C.A.1931) 48 F.2d 135.

Widow's right to family allowance during administration of deceased husband's estate is purely statutory. Id.

Where estate of decedent was composed of both separate and community property, all the community property and decedent's separate property were chargeable pro rata with family allowance. In re Hirsh's Estate (1954) 265 P.2d 629, 122 C.A.2d 822.

The family allowance granted widow pending administration of estate was not required to be paid from community interests of testator and his widow, but was properly charged against assets of estate without regard to whether it constituted community or separate property. In re King's Estate (1942) 121 P.2d 710, 19 C.2d 354.

Where testator bequeathed entire estate to sister, and then subsequently married, testator's separate property was not required to be resorted to first for payment of family allowance and expenses of administration, but community property was required to share pro tanto in the payment. In re Haselbud's Estate (1938) 79 P.2d 443, 26 C.A.2d 375.

A decedent could not by will prevent his widow from taking his whole estate if it was worth less than $1,500, if she otherwise came within the provisions of former § 1469. In re Miller's Estate (1910) 111 P. 255, 158 C. 420.

## § 301. Jurisdiction and venue

Wills must be proved, and letters testamentary or of administration granted and administration of estates of decedents had, in the superior court:

(1) Of the county of which the decedent was a resident at the time of his death, wherever he may have died;

(2) Of the county in which the decedent died, leaving estate therein, he not being a resident of the state;

(3) Of any county in which he leaves estate, the decedent not being a resident of the state at the time of his death, and having died out of the state or without leaving estate in the county in which he died; in either of which cases, when the estate is in more than one county, the superior court of the county in which a petition for letters testamentary or of administration is first filed has exclusive jurisdiction of the administration of the estate. (Stats.1931, c. 281, p. 600, § 301.)

**Historical Note**

Derivation: C.C.P. § 1294.

C.C.P. § 1295, amended Code Am.1880, c. 85, p. 77, § 1.

Stats.1851, c. 124, p. 448, §§ 2, 3; Stats. 1861, c. 534, p. 628, § 1; Stats.1863–64, c. 359, p. 367, § 2.

Probate Act of 1851, §§ 2 and 8, read as follows:

"§ 2. Wills shall be proved, letters testamentary, or of administration, shall be granted: First, in the County of which the deceased was a resident at or immediately previous to his death, in whatever

# EXHIBIT 71

of the court; and it will, on motion, be set aside as void upon its face. In re Dunsmuir's Estate (1905) 2 Cof. 53.

Where a testator was domiciled in this state at the time of his death, the courts of the forum of the domicile have no authority to admit his will to probate in this jurisdiction, upon the mere production of a duly authenticated copy of the will and the record of its admission to probate in a foreign country or sister state. Id.

## § 302. Order granting letters; conclusiveness; exception

In the absence of fraud in its procurement, an order of the superior court granting letters, when it becomes final, is a conclusive determination of the jurisdiction of the court (except when based upon the erroneous assumption of death), and can not be collaterally attacked. (Stats.1931, c. 281, p. 600, § 302.)

### Code Commissioners' Notes

In re Griffith's Estate (1890) 23 P. 528, 84 C. 107, affirmed 24 P. 381, 84 C. 107; Holabird v. Superior Court in and for Fresno County (1929) 281 P. 108, 101 C.A. 49.

### Cross References

Conclusive presumptions, judgment or order of court, see Code of Civil Procedure § 1962(6).
Conclusiveness of final order, see Code of Civil Procedure § 1908.
Identity of heirs, conclusiveness of order relating to, see § 1192.
Judicial orders, disputable presumption, see Code of Civil Procedure § 1909.
Notice, conclusiveness of finding as to giving of, see § 1200.
Probate, conclusiveness of, see § 384.

### Law Review Commentaries

Special and statutory nature of probate jurisdiction. Los Angeles Daily Journal Reports, Vol. 5, No. 10, p. 300.

### Notes of Decisions

In general 1
Collateral attack 4
Fraud 3
Res judicata 5
Scope of order 2

Library references
Executors and Administrators ⚯ 29.
C.J.S. Executors and Administrators §§ 72–77.

#### 1. In general

Letters of administration when not revoked or suspended by direct attack upon the order appointing the administrator are sufficient proof of his right to represent the estate in a civil action, unless the record affirmatively shows no jurisdiction to make the appointment. Jerauld v. Chambers (1919) 187 P. 83, 44 C.A. 771.

Where the court orders letters to issue to one person, issue to another is unauthorized and void. In re Frey's Estate (1878) 52 C. 658, 1 C.Leg.Rec. 84, 1 P.C.L.J. 131.

Letters testamentary are prima facie evidence of death of party to whose estate they refer, and that he died within proper county to give court jurisdiction. White v. Morse (1857) 1 Lab. 255.

Heirs are not precluded from denying that one appointed administrator as the husband of the decedent was such husband. In re Haskell's Estate (1878) Myr. 204.

#### 2. Scope of order

Appointment of administrator by superior court of county in which testator died after appointment of executor of his estate by superior court of county in which he resided was void, and decree against such administrator, reforming deeds from testator to plaintiff, had no legal effect on testator's heirs, from whom defendants in plaintiff's subsequent action to quiet title to realty covered by reformed deeds,

# EXHIBIT 72

under his maternal aunt's will which was never admitted to probate and that defendants conspired to defeat plaintiff's inheritance by destroying alleged will and committing certain other acts, for which plaintiff claimed damages, did not state a cause of action, especially where no facts were alleged that would render defendants liable under § 320, concerning liability of custodian of a will for failing to deliver it to clerk of superior court. Ahlborn v. Peters (1940) 100 P.2d 542, 37 C.A.2d 698.

**2. Purpose**

This section, authorizing probate court to restrain administrator or executor appointed pending application to prove a lost or destroyed will from doing anything which would be injurious to devisees or legatees claiming under such will, was designed to implement policy of conserving and administering property of estate and policy of giving proponents of will their day in court to establish it and prevention meanwhile of anything injurious to their interests. In re Creely's Estate (1953) 258 P.2d 997, 116 C.A.2d 556.

## Article 4

## FOREIGN WILLS

Sec.
360. Offer for probate; place.
361. Procedure; notice.
362. Effect of probate of foreign will.

## § 360. Offer for probate; place

A will admitted to probate in any other state or country, or established or proved in accordance with the laws thereof, may be offered for probate in the superior court having jurisdiction as determined by Section 301 of this code. (Stats.1931, c. 281, p. 604, § 360, as amended Stats.1953, c. 418, p. 1668, § 1.)

### Historical Note

The 1953 amendment extended the section to a will "established or proved in accordance with the laws thereof".

Derivation: C.C.P. § 1322, amended Code Am.1880, c. 85, p. 78, § 7; Stats. 1911, c. 72, p. 88, § 1.

Stats.1851, c. 124, p. 451, § 27; Stats. 1868, c. 37, p. 87, § 1.

### Cross References

Applicability to foreign wills of limitations on charitable dispositions, see § 40.
Effect of probate of foreign will, see § 362.
Law governing interpretation of foreign wills, see § 100.
Validity of foreign wills, see § 26.

### Law Review Commentaries

Special and statutory nature of probate jurisdiction. Los Angeles Daily Journal Reports, Vol. 5, No. 10, p. 300.

### Notes of Decisions

In general 1
Collateral attack 7
Construction and application 2
Full faith and credit 4
Jurisdiction and venue 8
Law governing 3
Residents or domiciliaries 5

Situs of property 6
Venue 8

Library references
Wills ⚖︎=238-246.
C.J.S. Wills §§ 340-350.

# EXHIBIT 73

## § 361. Procedure; notice

The executor or any person interested in the will may file a copy of the will and of the order or decree admitting it to probate, or other evidence of its establishment or proof in accordance with the laws of the other state or country, duly authenticated or proved, together with his petition for letters. Notice shall be given and the same proceedings had as in the case of an original petition for the probate of a will. (Stats.1931, c. 281, p. 604, § 361, as amended Stats.1953, c. 418, p. 1668, § 2.)

### Historical Note

The 1953 amendment authorized the executor, etc., to file a copy of the will and of the order or decree admitting it to probate, "or other evidence of its establishment or proof in accordance with the laws of the other state or country," duly authenticated "or proved", etc.

Derivation: C.C.P. § 1323, amended Stats.1907, c. 251, p. 314, § 1; Stats.1919, c. 123, p. 165, § 1.

Stats.1851, c. 124, p. 451, § 28; Stats. 1861, c. 534, p. 630, § 10; Stats.1863–64, c. 339, p. 367, § 3.

### Cross References

Hearing of petition for original probate, see §§ 327, 328.
Petition for original probate, see § 326.
Persons who may petition for original probate, see § 328.
Proof of judicial foreign records, see Code of Civil Procedure §§ 1906, 1907.
State and territorial judicial proceedings, authentication requirements for full faith and credit, see 28 U.S.C.A. § 1738.
Translation of foreign language will, see § 332.

### Law Review Commentaries

Conformity of notices with code provisions, jurisdiction. Los Angeles Daily Journal Reports, Vol. 5, No. 10, p. 300.

### Notes of Decisions

In general 1
Collateral attack 7
Copy of will and decree 4
Jurisdiction 8
Notice 5
Persons interested in will 3
Questions considered 6
Right to letters
   Generally 2
   Persons interested in will 3

**1. In general**

The administration of a decedent's estate involves a series of separate proceedings, each of which is intended to be final, not only as to parties who appear therein, but as to all persons "interested in the estate" within meaning of this code whose rights may be affected although they did not appear therein. In re Loring's Estate (1947) 175 P.2d 524, 29 C.2d 423.

C.C.P. former § 1323 and §§ 1322, 1324 (repealed, see Prob.C. §§ 360, 362), providing that, when a copy of a duly-probated foreign will is produced by "any person interested in the will," letters of administration shall issue thereon, must be construed with section 1850 (repealed, see Prob.C. § 401), declaring that, if the executors fail to apply for letters, etc., letters of administration with the will annexed must be issued as designated for the grant of letters in cases of intestacy, and § 1366 (repealed, see Prob.C. § 424), prescribing in cases of intestacy that, of several persons claiming and equally entitled to administer, males must be preferred to females, and cannot be construed by themselves to the support of an appointment of both son and daughter of deceased to administer. In re Coan's Estate (1901) 64 P. 691, 132 C. 401.

**2. Right to letters—Generally**

Resident daughter to whom deceased bequeathed all property within state was entitled to letters in preference to appointee of nonresident surviving wife. In

# EXHIBIT 74

### § 362. Effect of probate of foreign will

If it appears from such authenticated order or decree, or if it be otherwise proved in cases in which there is no such order or decree, that the will has been admitted to probate in another state or country, or established or proved in accordance with the laws thereof, and that it was valid according to the law of the place in which the testator was domiciled at the time of his death, or according to the law of this State, it shall be admitted to probate and have the same force and effect as a will first admitted to probate in this State, except as limited by Section 26 of this code, and letters testamentary or of administration with the will annexed shall issue thereon to the petitioner. (Stats. 1931, c. 281, p. 604, § 362, as amended Stats.1953, c. 418, p. 1668, § 3.)

#### Historical Note

The 1953 amendment stated that if it appears from such authenticated order or decree, or "if it be" otherwise "proved in cases in which there is no such order or decree," that the will has been admitted to probate in another state or country, "or established or proved in accordance with the laws thereof," etc.

Derivation: C.C.P. § 1324; Stats.1851, c. 124, p. 451, § 20; Stats.1861, c. 534, p. 630, § 11; Stats.1863–64, c. 339, p. 368, § 4.

#### Cross References

Form of letters, generally, see §§ 500–502.
Law governing interpretation of wills, see § 100.
Powers and duties of executors and administration, see § 570 et seq.
Territorial limits of executors' and administrators' powers, see Civil Code of Procedure § 1913.
Validity of foreign wills, see § 20.

#### Notes of Decisions

In general 1
Admission to probate 2
Collateral attack 5
Conclusiveness of probate 4
Letters, issuance of 3

#### Library references

Wills ⊕=238–246.
C.J.S. Wills §§ 340–350.

**1. In general**

Under C.C.P. former § 1324 and §§ 1322, 1323 (repealed, see Prob.C. §§ 360, 361), relating to probate of foreign wills, and providing that, if on the hearing it appears on the face of the record that the will has been proved and admitted to probate in any other of the United States, etc., it must be admitted to probate with the same force and effect as a will first admitted in California, on the production of a certified copy of a will duly admitted to probate in Missouri, and an application for probate thereof in California, the only questions open to contest are the sufficiency of the proofs of the original probate and the question of the residence of the testator; the court of ancillary jurisdiction having no power to pass on any question touching the validity of the instrument. Patterson v. Dickinson (1912) 193 F. 328, 113 C.C.A. 252.

Where Civ.C. § 1285 (repealed, see Prob. C. §§ 26, 40), provides that a foreign will, executed in compliance with the California law, shall be valid to pass personal property located there, subject to section 1313 (repealed, see Prob.C. §§ 41–43), providing that no charitable bequest exceeding one-third of a testator's estate shall be valid where the testator left legal heirs, under such sections, foreign wills making charitable bequests will be construed, in so far as property located in California is concerned, by the same rules as control like bequests in domestic wills; and that a foreign will, making a charitable bequest in excess of one-third of the estate of the testator leaving heirs, was valid in the state of his domicile did not render it valid so far as it purported to pass prop-

# EXHIBIT 75

### § 122. Residence of decedent within county

In the case of deceased residents, the county of residence is the third essential jurisdictional fact[38] that must be proved to give the probate court jurisdiction to administer a decedent's estate.[39] In the language of the applicable statute, wills must be proved, letters testamentary or of administration must be granted, and administration of estates must be had in the superior court of the county in which the decedent was a resident at the time of his death, regardless of where he died.[40] As used in this statute, the word "resident" connotes "residence," which in turn is synonymous with "domicile."[41]

A decedent's residence depends on his intention, as manifested

---

38. See § 117, supra.

39. *Hinkel v Crowson*, 188 C 378, 206 P 58; *Barton Estate*, 196 C 508, 238 P 681; *Texas Co. v Bank of America*, 5 C2d 35, 53 P2d 127.

In a proceeding for the probate of a will, the fact of residence is a jurisdictional fact on which the order of the court admitting the will to probate is made and based. *Barton Estate*, 196 C 508, 238 P 681.

Residence in a given county and death of the intestate give the superior court jurisdiction of the subject matter of his estate. *Texas Co. v Bank of America*, 5 C2d 35, 53 P2d 127.

The residence of the decedent at the time of his death, and not the location of his estate, is the test of probate jurisdiction. *Harlan Estate*, 24 C 182.

40. *Deering's Prob C § 301 subd 1.*

The assumption of jurisdiction over a resident decedent's estate by the probate court of a county in which the decedent did not reside is erroneous. *Damke Estate*, 133 C 433, 65 P 888.

A will must first be proved in the county of the testator's residence. It cannot first be proved elsewhere and then brought into the state for the purpose of secondary or ancillary administration if the testator was a resident of the state at the time of his death. *Zollikofer Estate*, 167 C 196, 138 P 995.

41. *Smith v Smith*, 45 C2d 235, 288 P2d 497; *Glassford Estate*, 114 CA2d 181, 249 P2d 908, 34 ALR2d 1259; *Brace Estate*, 180 CA2d 797, 4 Cal Rptr 683; *Phillips Estate*, 269 CA2d 656, 75 Cal Rptr 301.

The concept of "domicile" involves the concurrence of physical presence in a particular place with the intention to make that place one's home. *Glassford Estate*, 114 CA2d 181, 249 P2d 908, 34 ALR2d 1259.

Ordinarily, "domicile" is a more comprehensive term than "residence," since it includes both the act of residence at a particular place and an intention to remain there. A person can have only one domicile at a given time, whereas he can have at the same time more than one physical residence that is separate from his domicile. However, statutes do not always make this distinction between "residence" and "domicile." For example, in *Prob C § 301*, "residence" is used as being

by his acts and declarations.[42] For example, the place where a decedent, at the time of his death, lived all or part of the time, regarded as his home,[43] and also voted or was registered to vote, may properly be held to be his legal residence.[44] Residence can also be established by evidence of numerous other facts, such as the decedent's transfer of a motor vehicle's registration from another state to this state, his registration in this state of other vehicles subsequently purchased, and his leasing of real property in this state for a term of years.[45] On the other hand, the mere listing, at the request of one other than the decedent himself, of the decedent's name in a telephone directory is not entitled to any weight as evidence of residence.[46] It can also be shown that even though a decedent voted in one place, his legal residence was elsewhere.[47]

---

synonymous with "domicile." *Smith v Smith*, 45 C2d 235, 288 P2d 497.

As to "domicile" and "residence" generally, see CONFLICT OF LAWS §§ 25 et seq.

42. *Damke Estate*, 133 C 433, 65 P 888; *Brady Estate*, 177 C 537, 171 P 303; *Winzeler Estate*, 42 CA2d 246, 108 P2d 720; *Glassford Estate*, 114 CA2d 181, 249 P2d 908, 34 ALR2d 1259; *Phillips Estate*, 269 CA2d 656, 75 Cal Rptr 301.

43. *Brady Estate*, 177 C 537, 171 P 303; *Peters Estate*, 124 CA 75, 12 P2d 118; *Phillips Estate*, 269 CA2d 656, 75 Cal Rptr 301.

A will is properly admitted to probate in this state where, even though the decedent had been adjudicated an incompetent in another state before coming here, he had stated both orally and in his will that he considered himself to be a resident of this state and to be domiciled here, and had also demonstrated by his acts, declarations, and general conduct that he had sufficient understanding and mental capacity to make an intelligent choice of this state as his domicile. *Phillips Estate*, 269 CA2d 656, 75 Cal Rptr 301.

The residence of a laborer who worked in various counties is the county he claimed as his residence and to which he always returned when out of work. *Peters Estate*, 124 CA 75, 12 P2d 118.

44. Voting in a county is strong evidence of residence therein. *Brady Estate*, 177 C 537, 171 P 303.

Where a decedent lived a part of each year in two counties, had his registration to vote cancelled in one and was registered in the other, a court is not justified in finding that he was a resident of the former county. *Brady Estate*, 177 C 537, 171 P 303.

45. *Winzeler Estate*, 42 CA2d 246, 108 P2d 720.

46. *Brady Estate*, 177 C 537, 171 P 303.

47. *Damke Estate*, 133 C 433, 65 P 888; *Spencer Estate*, 198 C 329, 245 P 176.

The mere fact that a decedent was