# EXHIBIT 26, PART C

1  allowed but was not paid at that time because there were not
2  sufficient funds then available for payment of all claims.
3  During the year 1971, petitioner endeavored to make payment
4  of said claim but was unable to locate the claimant.
5  attempts were as follows: (1) Petitioner sent
6  the last known address of said claimant in two
7  sions, using both names referred to above; on both occasions
8  the letter was returned, marked in one case "Moved, not forward-
9  able" and in the second case "Addressee unknown."
10  tioner searched the telephone directories in the Los Angeles
11  area for all listings under the name of Paraeo or of Cararao
12  and phoned them all. None of them was the claimant and none of
13  them was able to give any leads as to any other person who
14  might be the claimant. (3) Petitioner then successively
15  contacted Mrs. Nelson, the former Special Administrator of
16  the within estate, who had supervised matters at the time of
17  decedent's death; Mura Bright, the interior decorator; and Mrs.
18  Murray, who had been decedent's housekeeper. None of them had
19  no information with respect to the claimant or his whereabouts.
20  Petitioner believes, from the indication of Mrs. Murray,
21  that the claimant may have been a Mexican citizen who was in
22  this country only temporarily due to the work involved.
23  Petitioner therefore requests that pursuant to Probate Code
24  § 718, the Court fix the amount owing to Jose Paraeo (or Cararao)
25  at $66.00 and direct him to deposit the said sum of $66.00 with
26  the County Treasurer, Los Angeles, California, who shall give
27
28

-10-

SFAZ 0163

1 a receipt for the same, such sum to be received, accounted
2 for and disposed of as provided in said § 738.
3
4 FEES AND COMMISSIONS:
5
6    Petitioner alleges that he is entitled to
7 ancillary executor's commissions in the sum of $2,____
8 upon an estate accounted for as shown on Exhibit II hereto
9 attached. The Special Administrator of the above estate makes
10 no claim to any share of said statutory fees but, instead,
11 requests only the extraordinary fees set forth below.
12    Petitioner further alleges that he is entitled to extra-
13 ordinary executor's commissions in the sum of $6,000.00 for
14 services rendered during the period of administration of this
15 estate, as set forth in Exhibit III, Section A, hereto attached.
16    In addition, petitioner alleges that Inez C. Melson, as
17 Special Administratrix of the above estate, is entitled to
18 extraordinary commissions in the sum of $3,500.00, based on
19 the facts set forth in Exhibit III, Section B, hereto attached,
20 being the statement of Inez C. Melson with respect to the
21 services rendered by her in connection with the above estate,
22 which involved more than 574 hours of time on her part.
23    Petitioner further declares that the attorneys for the
24 estate are entitled to statutory attorneys' fees in the sum
25 of $2,969.15, based upon an estate accounted for as set forth
26 in Exhibit II hereto attached. Petitioner's said attorneys
27 are Gang, Tyre & Brown (formerly Gang, Tyre, Rudin & Brown,

SFA1 0764

1  The attorney representing Inez C. Melson as Special Adminis-
2  tratrix is Abraham Marcus. Said attorneys have agreed upon a
3  division of the statutory fees between them so that Abraham
4  Marcus will receive 25% and Gang, Tyre & Brown will receive
5  75% of said statutory attorneys' fees.
6       In addition to the foregoing, petitioner's attorneys,
7  Gang, Tyre & Brown, have requested extraordinary attorneys'
8  fees in the sum of $12,000.00 for extraordinary services
9  rendered by them in connection with the above estate during
10 the period of almost fourteen years during which this estate
11 has been in the process of administration. A statement of
12 the services rendered by Gang, Tyre & Brown or their predecessor
13 in interest, Gang, Tyre, Rudin & Brown, is set forth in Exhibit
14 III, Section C, hereto attached.
15      Petitioner believes and therefore alleges that the
16 extraordinary executor's commissions and attorneys' fees as
17 prayed for herein are fair and reasonable and should be
18 allowed.
19      In the event that the fees herein requested and allowed
20 and expenses incidental to distribution exceed the amount of
21 cash available in this ancillary administration, the executor
22 in New York will provide the necessary funds.
23
24 BENEFICIARIES:
25
26      Decedent died testate. She left no spouse or issue her
27 surviving. Her mother, Gladys Eley, also known as Gladys
28 Baker, and her half-sister, Berniece Miracle, reside outside

SFA1 0265

1  in the State of California. The names and last known addresses
2  of the beneficiaries designated in decedent's will, so far
3  as is known to petitioner, are as follows:

| Name | Address |
|---|---|
| Gladys Eley, aka Gladys Baker | c/o Berniece Miracle 330 South West 27th St. Gainesville, Florida |
| Berniece Miracle | c/o Dixon, Howell, Westmoreland & Newman 924 Westwood Blvd. Los Angeles, Calif. 90024 |
| | c/o James Stuart Wershow, Esq. 212 South East First Street Gainesville, Florida 32601 |
| | (Residence: 330 South West 27th St. Gainesville, Florida) |
| Lee Strassberg | 135 Central Park West New York, New York |
| May Reis | 299 West 12th Street New York, New York 10014 |
| Estate of Mrs. Xenia Julia Chekhov (Mrs. Michael Chekhov) | c/o Belcher, Henzie & Biegenzahn 333 So. Hope St., Suite 3650 Los Angeles, Calif. 90017 |
| Norman Rosten | 94 Remsen Street Brooklyn, New York 11201 |
| Hedda Rosten | 84 Remsen Street Brooklyn, New York 11201 |
| Dr. Mariane Kris | 135 Central Park West New York, New York |

All of the beneficiaries named in decedent's will
are living except for Mrs. Michael Chekhov, who died in 1970.

-13-

SFAI 0266



1  Notice of hearing of the within petition will be given to all
2  beneficiaries and to the Estate of Mrs. Michael Chekhov. Since
3  the executor in New York is the same individual as the ancillary
4  executor in California, no notice will be given to the estate
5  in New York.
6
7  DISTRIBUTION:
8
9  Petitioner herein alleges: that, except for fees allowed
10  herein and expenses incidental to distribution, all obligations
11  and liabilities of decedent's estate in the State of California
12  have been determined and paid; that all creditors' claims
13  filed against decedent's estate have been paid or appropriately
14  disposed of, except for the claim of Jose Paraso, as to which
15  a request for deposit with the County Clerk will be made as
16  requested above; that the time for filing creditors' claims has
17  expired; that all known tax liabilities of decedent's estate
18  in this jurisdiction have been determined and paid; and that
19  said estate is now in a position to be finally closed and
20  distributed.
21  The Last Will and Testament of decedent has been duly
22  admitted to probate in the Surrogate's Court of the County of
23  New York, State of New York, where decedent was domiciled at
24  the time of her death, and Aaron R. Frosch has been duly
25  appointed as executor by said Court and qualified therein. It
26  is necessary, in order that decedent's estate in California may
27  be distributed according to decedent's will, that all of the
28  assets herein be delivered to Aaron R. Frosch, as executor

-14-

SFA1 0267

1  of decedent's will under the laws of the State of New York.
2  Accordingly, subject to payment of fees allowed
3  herein and expenses of distribution, petitioner herein seeks
4  distribution of all of the assets of decedent's estate lo-
5  cated in the State of California, whether or not described
6  herein or hereafter discovered, and consisting, so far as
7  is known to petitioner, of the following:

9        (1)  Clothing and personal effects
10       (2)  Balance of furniture and furnishings
11       (3)  Balance of cash on hand or in
12            savings accounts

14  to Aaron R. Frosch, as executor of decedent's will, appointed
15  by the Surrogate's Court, County of New York, State of New
16  York.

18       WHEREFORE, petitioner prays:

20       1.  That the First and Final Account and Report of
21            petitioner herein be settled, allowed and approved,
22  showing a balance of assets on hand of $26,375.89, of which
23  $24,788.89 constitutes cash on hand or in savings accounts
24  and the balance consists of assets other than cash at the
25  appraised values thereof.
26       2.  That petitioner be directed to deposit the sum
27            of $66.00, which is hereby fixed as the amount

-15-

SFA1 0168

1 of the claim of Jose Paraso (or Jose Cararao), with the
2 County Treasurer of the County of Los Angeles, California,
3 to be receipted, accounted for and disposed of in the manner
4 provided in Probate Code § 738.
5
6     3. That there be allowed to petitioner herein
7 statutory executor's commissions in the sum
8 of $2,969.15; that, in addition, there be allowed to said
9 Aaron R. Frosch extraordinary executor's commissions in
10 the sum of $ __6,000.00__ , and that, in addition, there
11 be allowed, as extraordinary commissions, to Inez C. Melson
12 for her services as Special Administratrix the sum of
13 $3,500.00.
14
15     4. That there be allowed to petitioner's attorneys,
16
17 Special Administrator, Abraham Marcus, the sum of $2,969.15
18 statutory legal fees, allocated $2,226.86 to Gang, Tyre &
19 Brown and $742.29 to Abraham Marcus. In addition
20 there be allowed to Gang, Tyre & Brown extraordinary legal
21 fees in the sum of $12,000.00 .
22
23     5. That after payment of fees and commissions
24 allowed herein and expenses incidental to
25 distribution, all of the balance of decedent's estate in
26 California, whether or not described herein or hereafter
27
28

-16-

SFA1 0269

discovered, and consisting, so far as is known, of the assets set forth under the section above captioned "DISTRIBUTION," be delivered to Aaron R. Frosch, the domiciliary executor of decedent's will appointed by the Surrogate's Court of the County of New York, State of New York; and

6. For such other and further order as to the Court may appear proper.

DATED: April 29, 1976.

Aaron R. Frosch
Ancillary Executor
Petitioner

By Haxxxxx R. Bxxxxx
Attorneys for Ancillary Executor

-17-

SFA1 0170