# EXHIBIT 41, PART B

defendant. Fed. R. Civ. Pro. §§4(e) and (f); <u>Omni Capital International</u>, supra; <u>Meaamaile</u>, supra.

That Hawaii's long-arm statute "requires that the cause of action relate to the defendant's contacts in Hawaii" is not open to doubt. So held the Ninth Circuit in <u>Commercial Insurance Company of Newark v. Pacific-Peru Construction Corp.</u>, 558 F.2d 948, 955 (1977) (affirming the District Court's dismissal of a third party complaint for lack of personal jurisdiction, where the third party plaintiff "made no showing before the District Court as to how these causes of action relate to [the third party defendant's] contacts with Hawaii. The District Court properly found that [the third party plaintiff], as proponent of jurisdiction, could not satisfy its burden of proving that the Court had personal jurisdiction over [the third party defendant] under Hawaii's long-arm statute," where the third party defendant had sent attorneys to Hawaii to collect security under an indemnity agreement and had also sent letters to attempt the collection of monies due under the agreement.). Accord, <u>Cowan v. First Insurance Company of Hawaii, Ltd.</u>, 61 Haw. 644, 652, 609 P.2d 994, 400, n.7 (1980) ("Where one alleges jurisdiction over a non-resident defendant pursuant to Hawaii's long-arm statute, HRS §634-35(c) requires that the cause of action relate to the defendant's contacts in Hawaii.").

Beyond the statutory lack of personal jurisdiction here, there is a constitutional bar as well. The federal requirements of constitutional due process require a higher threshold of

14

activity in Hawaii by defendant in order to permit the exercise of general jurisdiction than they do for the acquisition of specific jurisdiction, i.e., when the acts in Hawaii are related to the cause of action. <u>Helicopteros Nacionales de Colombia v. Hall</u>, 466 U.S. 408, 403, 415-416, 418-19 (1984); <u>Hanson v. Denckla</u>, 357 U.S. 235, 250-254 (1958); <u>Cubbage v. Merchant</u>, 744 F.2d 665 (9th Cir. 1984).

The Hawaii long-arm statute provides no authorization for serving the defendant in New York because the claim does not arise from any Hawaii activity, and if the Hawaii statute did authorize such service, any purported personal jurisdiction over the defendant would be unconstitutional on the facts alleged in the complaint.

## CONCLUSION

Based on the foregoing, defendant respectfully requests that this Court grant defendant's motion to dismiss plaintiff's complaint, along with such other and further relief as this Court may deem appropriate.

DATED: Honolulu, Hawaii, November 9, 1992

MILTON YASUNAGA, ESQ.
Attorney for Defendant

15

```
JohnAaron Murphy Jones   4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii 96817
Telephone: 808 926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Green
```

```
                FILED IN THE
            UNITED STATES DISTRICT COURT
               DISTRICT OF HAWAII

                SEP 16 1992

            at 10 o'clock and 35 min. A.M.
            WALTER A.Y.H. CHINN, CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>        Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as Administratrix,<br>c.t.a. of the Last Will and<br>Testament of MARILYN MONROE,<br><br>        Defendant. | CIVIL NO. 92 00605 ACK<br>(Non Motor Vehicle Tort)<br><br>COMPLAINT SEEKING SHARE OF<br>PRETERMITTED HEIR; EXHIBITS<br>A AND B; DEMAND FOR JURY<br>TRIAL; SUMMONS |

## COMPLAINT SEEKING SHARE OF PRETERMITTED HEIR

The Plaintiff, NANCY MIRACLE, aka NANCY MANISCALCO GREEN, through her undersigned counsel, avers and alleges as follows:

1. She is a natural person who at all times material herein was a resident and domiciled in the City and County of Honolulu, State of Hawaii.

2. The defendant is the Administratrix of the Last Will and Testament of Marilyn Monroe, aka Nancy Cusumano, and is domiciled in New York.

1

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii
By _____ 
        Deputy

EXHIBIT A

3. Jurisdiction is based on diversity of citizenship under 28 U.S.C. section 1332(c)(2).

4. The Will of Marilyn Monroe, aka Nancy Cusumano was probated in the Surrogate's Court held in and for the County of New York in 1962.

5. The plaintiff, Nancy Miracle, aka Nancy Maniscalco Green, is the daughter of Marilyn Monroe, aka Nancy Cusumano, (deceased) and was raised from birth, until her death, by Jennie Cusumano Maniscalco, the older blood sister of Marilyn Monroe, aka Nancy Cusumano. Plaintiff is interested in decedent's will and estate.

6. In 1962, an order of the Surrogate's Court for the County of New York was made and entered admitting to probate a certain instrument in writting purporting to be the last will and testament of Marilyn Monroe, aka Nancy Cusumano. That on said date this court made an order appointing Anna Strasberg, administratrix, of said will. That Anna Strasburg duly qualified as executrix and is now the acting administratrix of said will.

7. Since the date of the order aforesaid admitting said instrument to probate, plaintiff has discovered by evidence to plaintiff therefore unkown, and which evidence plaintiff, in the exercise of due diligence, could not have discovered prior to the date of said order and only recently discovered; that plaintiff Nancy Miracle, aka Nancy Maniscalco Green, is the sole natural born child of Marilyn Monroe, aka Nancy Cusumano.


8. Plaintiff Nancy Miracle, aka Nancy Maniscalco Green, was born on September 14, 1946 at Wykoff Heights Hospital in Ridgewood Brooklyn. The hospital birth certificate, attached hereto as exhibit A, list Jennie Cusumano Maniscalco as Plaintiff's mother. Jennie Cusumano Maniscalco was the blood older sister of Marilyn Monroe, aka Nancy Cusumano, who was not married at the time of plaintiff's birth. Based on recently discovered evidence, Marilyn Monroe, aka Nancy Cusumano, gave her only child (plaintiff) to her older sister, who raised plaintiff as her own daughter until her death. Also, based on newly discovered evidence, the birth certificate of plaintiff has the right and left footprints of plaintiff on it and the fingerprints of Marilyn Monroe, aka Nancy Cusumano, on it appearing under Mother's left and right thumbprint.

(see next two pages attached hereto as exhibit A and footprints and fingerprints of plaintiff- exhibit B).

9. Decedent's will made no provision for plaintiff, who is entitled to the same share of decedent's estate as if decedent had died intestate.

10. That plaintiff, being the sole blood daughter of Marilyn Monroe, aka Nancy Cusumano, (deceased) is entitled to a 50% fractional share of said decedent's estate as a pretermitted heir.

Wherefore, plaintiff prays that defendant, the

administratrix of the Last Will and Testament of the Estate of Marilyn Monroe, be ordered to:

    a) Distribute and pay to plaintiff, her 50% pretermitted heir share of said estate which is an amount which plaintiff's request leave to amend this complaint to show at trial but not less than five million dollars.

    b) Costs of bringing this suit, including a reasonable attorney's fee, deposition expenses and witness costs; and

    c) Such other relief as the court deems just.

Dated: Honolulu, Hawaii, _9/16/92_

                                        JohnAaron Murphy Jr.
                                        Attorney for Plaintiff



# Wyckoff Heights Hospital of Brooklyn, N.Y.

**This Certifies** that _____ was born to Dr. and Mrs. _____ in this Hospital at 8:56 A.M. on the 14th day of September A.D. 1944

**In Witness Whereof** the undersigned Hospital has caused this certificate to be signed by its duly authorized officer and its Corporate Seal to be hereunto affixed.

_signatures_

EXH A



EXH A

putting my footprint + fingerprint
herewith.





Subscribed and sworn to before me
this ___ day of August, 1992.

_____
Notary Public, State of Hawaii
My commission expires: _____

Nancy Miracle
(Maniscalco, Greene)

EXH B

JohnAaron Murphy Jones  4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle, aka
Nancy Maniscalco Green

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE, <br> aka, NANCY MANISCALCO GREEN, <br><br> Plaintiff, <br><br> vs. <br><br> ANNA STRASBERG, as Administratrix, <br> c.t.a. of the Last Will and <br> Testament of MARILYN MONROE. <br><br> Defendant. | CIVIL NO. <br> (Non Motor Vehicle Tort) <br><br> DEMAND FOR JURY TRIAL |

DEMAND FOR JURY TRIAL

TO:  ANNA STRASBERG, as Administratrix,
     c.t.a. of the Last Will and Testament
     of MARILYN MONROE
     600 Third Avenue
     New York, New York  10016

    Please Take Notice that plaintiff demands trial by jury in this action.

    Dated: Honolulu, Hawaii,         9/15/92

                                   _____
                                   JohnAaron Murphy Jones
                                   Attorney for Plaintiff