# EXHIBIT 26, PART B

-3-

1  given to the other parties listed above, as required by law,
2  and other requests for special notice are on file herein.
3
4  **INVENTORY AND APPRAISEMENT:**
5
6  An Inventory and Appraisement of the items of
7  estate located within the State of California was returned
8  and filed on or about April 18, 1963, showing the appraised
9  value of decedent's estate in California to be $92,781.00.
10
11  **NOTICE TO CREDITORS:**
12
13  Notice to creditors of decedent has been duly published,
14  the first publication thereof being on March 4, 1963. A
15  printed copy of said notice accompanied by a declaration
16  setting forth the date of first publication thereof and the
17  name of the newspaper in which the same was printed was duly
18  filed herein on March 25, 1963, at which time the Declaration
19  of Publication showing the due publication of notice to
20  creditors of said decedent was duly filed.
21
22  **CREDITORS' CLAIMS:**
23
24  The following is a schedule of all creditor's claims
25  filed or presented against the above estate:
26  ...
27  ...
28

SHAY 0256

| | Claimant | Amount | |
|---|---|---|---|
| 1 | | | |
| 2 | Department of Employment | $ 99.18 | (plus interest) |
| 3 | Vicente Pharmacy | 58.57 R | |
| 4 | C & J Howard, Inc., dba Landon Pool Service | 37.00 | |
| 5 | | | |
| 6 | H. B. Thompson (Thompson Electric Co.) | 111.45 | |
| 7 | Santa Monica Dairy, dba Edgemar Farms | 6.56 | |
| 8 | | | |
| 9 | Saks Fifth Avenue | 388.32 R | |
| 10 | Raese Period Furniture | 313.92 | |
| 11 | The Arthur P. Jacobs Co. | 797.95 | |
| 12 | Agnes M. Flanagan | 840.00 | |
| 13 | James M. Attley, dba The Adair Co. | 29.85 | |
| 14 | Robert K. Goka, dba Frank's Nurseries | 59.64 R | |
| 15 | Pacific Telephone | 14.66 | |
| 16 | A. Ray Tolman | 150.00 | |
| 17 | Bank of National Bank | 35,244.68 | (plus interest) |
| 18 | Allan Snyder | 1,800.00 | |
| 19 | Dr. Hyman Engelberg | 478.00 | |
| 20 | | 111.50 R | |
| 21 | Magnetic Springs Water Co. | 3.60 | |
| 22 | Drs. Conti and Steinberg | 25.00 R | |
| 23 | General Telephone | 274.61 | |
| 24 | Don J. Briggs, Inc. | 215.41 | |
| 25 | Sam S. Tateishi | 40.00 R | |
| 26 | Rand-Fields, Inc. | 205.59 | |
| 27 | Austin A. Innes | 44.17 | |
| 28 | Buzin News Co. | 94.00 | |

-4-

SFAZ 0757

| | Claimant | Amount |
|---|---|---|
| 1 | | |
| 2 | MCA Artists, Ltd. | $ 37,228.61 |
| 3 | | |
| 4 | Dr. Ralph R. Greenson | |
| 5 | Jose Paraeo *Earl Cocale* | |
| 6 | Norman Jeffries | 180.00 |
| 7 | Jack M. Ostrow | 2,500.00 |
| 8 | Cherie Redmond | 200.00 |
| 9 | Francis-Orr Stationery Co. | 5.55 |
| 10 | Mura Bright | 1,132.27 |
| 11 | Edward P. Halavaty | 17.28 |
| 12 | U. S. Treasury Department, Internal Revenue Service | 21,724.72 |

All of said claims were approved and allowed as presented and paid herein, as shown by receipts on file, except as follows:

(1) The claim of Edward P. Halavaty in the original amount of $59.33 was approved for the amount of $17.28, following Partial Withdrawal of Claim by claimant of the sum of $42.05; and, as so approved, was paid.

(2) The claim of Mura Bright was allowed in part only and rejected in part. Notice of Partial Rejection of Claim; Partial Approval of Claim was duly given to said claimant on June 23, 1965, and was filed herein on July 1, 1965. No action was taken by said claimant within the time allowed by

28 ...

-5-

5641 0258

1  law, and the claim, as partially approved, has been paid.

2     (3)  The claim of the U. S. Treasury Department in

3     the amount approved and allowed herein was paid

4  by the domiciliary executor in New York; a Proof of Claim

5  Special Notice Withdrawal Request, signed by the

6  Director of Internal Revenue, reciting payment, was filed

7  herein on or about March 4, 1971.

8     (4)  The claim of MCA Artists, Ltd., has been paid

9     or satisfied through the domiciliary probate

10 of decedent's estate in New York, and Receipt and Consent To

11 Distribution of MCA Artists is on file herein.

12    (5)  The claim of Jose Paraeo in the amount of $66.00

13    was approved and allowed but payment has not yet

14 been made because petitioner has been unable to locate Mr.

15 Paraeo. Said claim is the subject of the petition for order

16 directing deposit of moneys, set forth below.

17

18    The time for filing creditors' claims against the

19    within estate has long since expired.

20

21 ACCOUNTING AND RECAPITULATION:

22

23    Petitioner herein renders to the Court his First and

24 Final Account with reference to his administration of the

25 above estate, covering the period February 26, 1963, through

26 March 15, 1976.

27  ...

-6-

SFA1 0159

1    Attached hereto, marked Exhibit I, and by this reference
2 made a part hereof, is an accounting in detail for the period
3 of this account. Schedule A thereof sets forth receipts during
4 said period; Schedule B thereof sets forth disbursements during
5 said period; Schedule C thereof shows gains on sales during
6 said period; and Schedule D thereof sets forth assets on hand
7 at the end of said accounting period.
8    The face page of Exhibit I is a summary of account,
9 showing assets on hand at March 15, 1976, of $26,375.89, of
10 which $24,788.89 constitutes cash on hand or in savings accounts,
11 and the balance consists of assets other than cash at their
12 appraised values.
13
14 **REPORT:**
15
16    Petitioner herein renders to the Court this Report on
17 his administration of the above estate:
18    (1)  At the time of decedent's death in August,
19         1962, decedent left no relatives or other
20 close personal associates in California. Petitioner herein,
21 having been designated as executor in decedent's will, arranged
22 for the appointment of INEZ C. NELSON, as Special
23 Administrator, in order that decedent's effects and property
24 could be preserved and protected from the curious onlookers
25 and mourners who descended on the estate. Petitioner then
26 arranged in due course for Ancillary Letters Testamentary
27 ...
28

-7-

SFA1 0160

1 to be issued to him in California and undertook the detailed
2 administration of decedent's estate.
3   (2) Because of the large number of creditors' claims
4 filed against the decedent's estate, the large
5 tax liens and the difficulty of assembling assets, petitioner
6 was unable to pay the creditors' claims or to assemble enough
7 assets in order to satisfy the decedent's obligations in
8 California until the end of 1970.
9   (3) During this period, petitioner negotiated and
10 arranged for the sale of decedent's house and
11 a portion of decedent's personal belongings which were sold
12 as a unit to the highest bidder in accordance with the Order
13 Confirming Sale of Real and Personal Property Sold as a Unit
14 on file herein. Petitioner also sold certain items of personal
15 property belonging to decedent's estate as set forth in the
16 Return and Petition for Order Approving Sale of Personal Property
17 Likely to Depreciate in Value, and Order Approving Such Sale
18 on file. Said sales resulted in a net gain to decedent's estate
19 of $5,119.00, as more specifically set forth on Schedule "C" of
20 Exhibit "1" attached.
21   (4) Petitioner caused to be filed the California
22 Inheritance Tax Affidavit and filed an
23 Affidavit of Non-Residence and supporting affidavits of other
24 individuals, and obtained a determination that decedent was a
25 non-resident of California at the time of her death for inheri-
26 tance tax purposes. The California Inheritance Tax for said
27 estate has been determined and paid in full as shown by the
28

SEA1 0161

1. Report and Receipt on file in the within proceedings.
2. (5) The Federal Estate Tax Return for decedent's
3. entire gross estate, including the assets
4. constituting the gross estate in California subject to administration
5. tration herein, has been filed and audited and all tax due in
6. connection therewith have been paid.
7. (6) The California fiduciary income tax liability
8. of the estate for the years 1962 through 1970
9. was the subject of dispute and litigation between petitioner
10. herein and the Franchise Tax Board. Said litigation has now
11. been settled and compromised; and tax assessed by reason thereof
12. has been paid as set forth in the Petition for Order Approving
13. Compromise (Claim Against Estate), and Order Approving Compro-
14. mise (Claim Against Estate) on file herein, and Satisfaction of
15. Judgment heretofore filed. California fiduciary income tax
16. returns for the years 1971 through 1975 have been filed and
17. all tax shown due thereon have been paid. Petitioner will
18. cause the final California fiduciary tax return for the year
19. 1976 to be filed upon final distribution of decedent's estate
20. and any tax shown due thereon to be duly paid.
21. (7) All personal property taxes, if any, due and
22. payable by said estate have been paid.
23. PETITION FOR ORDER DIRECTING DEPOSIT OF MONEYS DUE
24. UNLOCATED CLAIMANT:
25. In June, 1963, one Jose Paraeo (or Carareo -- the inter-
26. pretation of his surname being unclear) filed a creditor's
27. claim against the estate in the sum of $66.00 for tile-laying
28. services rendered to the decedent. Said claim was approved and

SFA1 0162