# EXHIBIT 41, PART A

Of Counsel:
CADES SCHUTTE FLEMING & WRIGHT

MILTON M. YASUNAGA
1000 Bishop Street
Honolulu, HI 96813
Telephone: (808) 544-3833

Attorneys for Defendant
ANNA STRASBERG, as Administratrix,
c.t.a. of the Last Will and
Testament of MARILYN MONROE

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 0 9 1992

at __ o'clock and __ min. __ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of the<br>Last Will and Testament of<br>MARILYN MONROE.<br><br>Defendant. | CIVIL NO. 92-00605ACK<br>(Non-Motor Vehicle Tort)<br><br>NOTICE OF HEARING OF<br>DEFENDANT'S MOTION TO<br>DISMISS COMPLAINT; DEFENDANT'S<br>MOTION TO DISMISS COMPLAINT;<br>MEMORANDUM IN SUPPORT OF<br>DEFENDANT'S MOTION TO DISMISS<br>COMPLAINT; EXHIBITS "A" - "D";<br>CERTIFICATE OF SERVICE<br><br>Date:   December 14, 1992<br>Time:   10:30 a.m.<br>Judge:  Alan C. Kay<br><br>Trial Date:  Not Assigned |

NOTICE OF HEARING OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT

TO: JOHNAARON MURPHY JONES
    Plaintiff's Attorney
    250 Kapili Street, Suite 305
    Honolulu, HI 96815



NOTICE IS HEREBY GIVEN that Defendant's Motion to Dismiss Complaint shall come on for hearing before the Honorable Alan C. Kay, Judge of the above-entitled Court, in his courtroom in the United States Courthouse, 300 Ala Moana Boulevard, Honolulu, Hawaii, on December 14, 1992, at 10:30 a.m., or as soon thereafter as counsel may be heard.

DATED: Honolulu, Hawaii, _November 9, 1992_.

_____
MILTON M. YASUNAGA
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>    Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of the<br>Last Will and Testament of<br>MARILYN MONROE.<br><br>    Defendant. | CIVIL NO. 92-00605ACK<br>(Non-Motor Vehicle Tort)<br><br>DEFENDANT'S MOTION<br>TO DISMISS COMPLAINT |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT

Comes now Defendant Anna Strasberg, as Administratrix c.t.a. of the Last Will and Testament of Marilyn Monroe, by her attorneys, Cades Schutte Fleming & Wright, and moves this Court for an order dismissing Plaintiff's Complaint.

This motion is brought pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure, and is based upon the Complaint, the Affidavit of Allen Weintraub sworn to November 9, 1992, and the Memorandum of Law in support of this motion.

DATED: Honolulu, Hawaii, _November 9, 1992_.

Of Counsel:

CADES SCHUTTE FLEMING
  & WRIGHT

MILTON M. YASUNAGA
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>          Plaintiff,<br><br>vs.<br><br>ANNA STRASBERG, as<br>Administratrix, c.t.a. of the<br>Last Will and Testament of<br>MARILYN MONROE.<br><br>          Defendant. | CIVIL NO. 92-00605ACK<br>(Non-Motor Vehicle Tort)<br><br>MEMORANDUM OF LAW<br>IN SUPPORT OF DEFENDANT'S<br>MOTION TO DISMISS COMPLAINT |

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT

    Defendant Anna Strasberg, as Administratrix c.t.a. of the Last Will and Testament of Marilyn Monroe, submits this memorandum of law in support of her motion, pursuant to Rule 12(b)(2) and (6) of the Federal Rules of Civil Procedure, to dismiss the Complaint (annexed hereto as Exhibit "A") on the grounds that plaintiff fails to state a cause of action, that plaintiff's claim is barred by the applicable statute of limitations, and that this Court lacks personal jurisdiction over plaintiff's claim.

Statement of Facts

    Plaintiff's allegations can be summarized as follows:

    Plaintiff claims that she is the natural daughter of defendant's decedent, Marilyn Monroe. (Complaint, ¶8) She alleges that she was born on September 14, 1946 at Wykoff Heights

Hospital in Brooklyn, New York, and named Nancy Maniscalco. (Complaint, ¶8) According to her alleged birth certificate, her parents are "Mr. and Mrs. Joseph Maniscalco" and her mother's maiden name was "Jennie Cusumano." (Complaint, ¶8) Plaintiff alleges that in actuality Jennie Cusumano Maniscalco was the older sister of defendant's decedent, Marilyn Monroe. (Complaint, ¶5)

Plaintiff alleges that, having been raised by Jennie Cusumano Maniscalco until the latter's death, she "recently discovered" that she is the only issue of Marilyn Monroe. (Complaint, ¶7)[1]

The basis of plaintiff's claim is that she is "entitled to the same share of decedent's estate as if decedent had died intestate." (Complaint, ¶9)

Plaintiff does not contest the Last Will and Testament of Marilyn Monroe, which was executed on January 14, 1961, and was admitted to probate by a decree of the Surrogate's Court for the State and County of New York on October 29, 1962. Annexed hereto as Exhibit "B" is a certified copy of a decree of the New York County Surrogate's Court admitting the will to probate. (Actually, Exhibit "B" is a telefaxed copy of the certified copy, which will be filed with this Court as soon as it is received from New York. Exhibit "D" is a copy of the Affidavit of Allen

---

[1] While not relevant to the instant motion, plaintiff does not set forth any factual basis for her conclusory allegation of maternity. Suffice it to say that, at such time as may become necessary, the defendant will vigorously oppose plaintiff's claims of maternity.

2

Weintraub attesting to the decree. The actual Affidavit will also be filed shortly.) Thus, this Court may take judicial notice of the finding of the Surrogate's Court as to the date of the will's execution. Plaintiff does not challenge the Surrogate's determination that the will was genuine and properly executed.[2]

POINT I

THE COMPLAINT FAILS TO STATE A CLAIM

A. Plaintiff's Claim Must be Determined Applying The Substantive Law of New York

In resolving choice of law issues, the federal court must look to the choice of law rules of the forum state. Klaxon Co. v. Stentor Co., 313 U.S. 487 (1941); Commercial Ins. Co. of Newark v. Pacific-Peru Constr. Corp., 558 F.2d 948, 952 (9th Cir. 1977); Dashiele v. Keauhou-Kona Co., 487 F.2d 957 (9th Cir. 1973). Hawaii has "moved away from the traditional and rigid conflict-of-laws rules in favor of the modern trend toward a more flexible approach looking to the state with the most significant relationship to the parties and subject matter." Lewis v. Lewis, 69 Haw. 497, 499, 748 P.2d 1362, 1365 (1988); Peters v. Peters, 63 Haw. 653, 661-67, 634 P.2d 586, 591-95 (1981).

Applying these rules to the present case, New York clearly has the most significant relationship here. Without conceding any of plaintiff's claims, her contention is that her

---

[2] Plaintiff erroneously alleges that the Order in 1962 appointed Anna Strasberg Administratrix. Aaron R. Frosch was the executor of the Monroe Estate from its inception until his death in 1989. The error, however, is not material to defendant's motion.

3

cause of action arose because of her alleged birth to the decedent in New York and the decedent's subsequent death domiciled in New York with a will executed in New York that did not provide for the plaintiff. The decedent's will has been probated in New York and her estate has been administered under the supervision of the courts of that State. The estate's administratrix, c.t.a., whose authority derives from the New York courts, is domiciled there. The only Hawaii contact is the alleged domicile of the plaintiff.

Because Hawaii does not appear to have a precedent that deals with the choice of law issue as applied to the claim of a pretermitted child, resort to general choice of law principles is appropriate--and yields the same result. Where Hawaii law does not provide an appropriate conflicts rule, the Restatement (Second) on Conflicts of Laws provides guidance as to general conflicts principles to be applied. <u>Commercial Ins. Co. of Newark v. Pacific-Peru Constr. Corp.</u>, 558 F.2d. 948, 952 (9th Cir. 1977); <u>Dashiele v. Keauhou-Kona Co.</u>, 487 F.2d 957, 960 (9th Cir. 1973).

The Hawaii Uniform Probate Code, <u>Hawaii Revised Statutes</u>, Chapter 560, requires that, before an estate can be administered by a Hawaiian court, an order of formal probate of will or an order of intestacy must be entered determining, among other things, the decedent's domicile at death. <u>In the Matter of the Estate of Ping Chun</u>, 6 Haw. App. 306, 309, 719 P.2d 1114, 1117 (Haw. Ct. App. 1986). The Hawaii Uniform Probate Code, including its pretermitted child statute (Haw. Rev. Stat., §560:2-302),

4

applies only to the estate of decedents domiciled in Hawaii at the time of death. <u>Id.</u>; Haw. Rev. Stat., §560:1-301.

The 1934 Restatement of Conflicts declares:

> The right or other interest of a widow, child or other person to a share of a decedent in preference to legatees is determined by the law of the state in which the decedent died domiciled.

<u>Restatement</u>, <u>Conflict of Laws</u> §301 (1934)

This includes the "forced share" of a child which the child has a right to claim against the provisions of a will. <u>Id.</u>, Comment (b).

The <u>Restatement (Second)</u> refers, by its own terms, only to "the forced share interest of a surviving spouse," but the same rule applies to a "forced share ... which ... a child has the right to claim against the provisions of the will." <u>Restatement (Second)</u>, <u>Conflict of Laws</u>, §265, Comment A (1969). As under the first Restatement, the right to a "forced share" is determined by the law that would be applied by the courts of the state where the decedent was domiciled at her death; and "these courts would usually apply their own local law in determining such questions."

Under common law and the Hawaii Uniform Probate Code, then, the decedent's domicile at the time of death determines what law will be applied. Plaintiff has not disputed the Surrogate's determination that Marilyn Monroe was a New York domiciliary at the time of her death. (Exhibit "A") This Court is asked to take judicial notice of the decision of the New York County Surrogate's Court dated March 5, 1990 (Exhibit "B") and the finding contained

5

therein that Marilyn Monroe executed her Last Will and Testament on January 14, 1961. This Court may take judicial notice of matters of public record on a motion to dismiss without converting the motion to one for summary judgment. <u>Mack v. South Bay Beer Distributors, Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).

B. Plaintiff Has Not Stated A Claim Under New York Law

Plaintiff alleges she is a pretermitted heir, which is defined as "[a] child or other descendent omitted by a testator." <u>Black's Law Dictionary</u>, Sixth Ed., p. 1187 (1990). A pretermitted heir may have a right to take a share of the testator's estate, but only as provided for by pretermission statute. <u>Id.</u>

At the time of Marilyn Monroe's death, the New York State Decedent Estate Law, (subsequently repealed and replaced by the Estates, Powers and Trusts Law) was in effect. New York courts apply the Decedent's Estate Law to the affairs of decedents who were not living on the effective date of the Estates, Powers and Trust Law. <u>In re Post's Trust</u>, 61 Misc. 2d 98, 304 N.Y.S.2d 960 (Surrogate's Court, Ontario Co. 1969).

The only pretermission statute in effect at the time of Marilyn Monroe's death was §26 of the Decedent Estate Law (a copy of which is annexed hereto as Exhibit "C"). The statute provided, in relevant part, as follows:

§26. Child born after making of a will

Whenever a testator shall have a child born <u>after the making of a last will</u>, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such

6

> will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and the legatees, in proportion to and out of the parts devised and bequeathed to them by such will. (emphasis added).

"[T]he sole objective of the Legislature in the enactment of Decedent Estate Law §26 was to protect and shield a child born to a testator after the making of a will from disinheritance through oversight . . . ." In re Fredenthal's Estate, 206 N.Y.S.2d 194, 196 (Surrogate's Ct., N.Y. Co. 1960). See also, In re Vodery's Estate, 139 N.Y.S.2d 515 (Surrogate's Court, N.Y. Co.), aff'd 3 A.D.2d 733, 160 N.Y.S.2d 819 (1955). Thus, the statute was not intended to prevent disinheritance of children living at the time of execution of the will.

Since plaintiff alleges that she was born in 1946, and she does not challenge the genuineness of the 1961 will which was accepted for probate by decree of the Surrogate's Court, plaintiff does not state a claim under the New York pretermission statute.[3]

---

[3] While the law of New York clearly applies, it is noteworthy that Hawaii's pretermission statute also provides only for children born after execution of the will. Hawaii Revised Statutes, §560:2-302. The statute (Hawaii Revised Statutes, §536.-11) in effect at the time of Marilyn Monroe's death in 1962, prior to the adoption of the Hawaii Uniform Probate Code, also applied only to after-born children.

POINT II

EVEN ASSUMING *ARGUENDO* THAT PLAINTIFF STATES A CAUSE OF ACTION, IT IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

Under the Restatement of Conflicts (Second), the statute of limitations of the forum state is most likely to govern, although under proposed revisions that would not always be the case. Restatement (Second), Conflicts of Law §142 (1969, prop. rev. 4/15/86, prop. rev. 3/31/87).

The Hawaii Statute of Limitations for any cause of action not otherwise specified is six years. Hawaii Revised Statutes §657-1(4). If the cause of action arose in a foreign jurisdiction, as here, the limitations period is four years. Id. §657-6. Infancy tolls the statute of limitations until age 18 (Hawaii Revised Statutes §657-13), even as to causes of action that accrued prior to 1972 when the age of majority was lowered. Jones v. State, 58 Haw. 98, 564 P.2d 1276 (1977). The special time limits of Hawaii Revised Statutes §566:3-108 apply only to probate or administration proceedings and not to claims like those at issue here.

Applying these rules here, the cause of action arose in New York in 1962. The initial limitation period, then, would have expired in 1966, but for its toll due to the plaintiff's minority. She attained age twenty (the then-effective age of minority) on September 14, 1966, assuming that her birth date in the Complaint is correct, and the four-year statute expired on September 14, 1970. Thus, this action is over twenty-two years too late.

8

POINT III

THIS COURT DOES NOT HAVE PERSONAL
JURISDICTION OVER THE DEFENDANT

The plaintiff concedes that defendant is domiciled in New York (Complaint ¶2), and that the decedent's will was probated in the Surrogate's Court of New York County in 1962 (Complaint ¶¶4 & 6). The Complaint is entirely devoid of any allegation that any property of the decedent's has ever been in Hawaii or that the decedent or defendant ever engaged in any activities in Hawaii that give rise to plaintiff's claim. In addition, the purported service of process was made under Fed. R. Civ. Pro. §4(c)(3)(C)(ii), by mailing a copy of the Complaint, notice and acknowledgment described in that rule, together with a postage prepaid envelope, to New York. This mailing was addressed not to defendant herself but rather to Irving P. Seidman, a New York lawyer who represents defendant in certain matters.

Under these circumstances, this Court has not acquired personal jurisdiction over defendant. The U.S. Supreme Court has recently articulated the requirements for a federal court to acquire personal jurisdiction:

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." Mississippi Publishing Corp. v. Murphrees, 326 U.S. 438, 444-445, 66 S.Ct. 242, 245-246, 90 L.E. 185 (1946). Thus, before a court may exercise personal jurisdiction over a defendant, there must be

9

> more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There must also be a basis for the defendant's amenability to service of a summons. Absent consent, this means there must be authorization for service of summons on the defendant ... Today, service of process in a federal action is covered generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(f) describes where process "may be served." It authorizes service in the State in which the action is brought, or anywhere else authorized by a federal statute or by the Rules.
>
> The "most obvious reference" of this last provision is to Rule 4(e). See D. Currie, <u>Federal Courts</u> 373 (3rd Ed. 1982). The first sentence of the rule speaks to the ability to serve summons on an out-of-state defendant where a federal statute authorizes such service. The second sentence, as an additional method, authorizes service of summons "under the circumstance" prescribed in a state statute or rule. Thus Rule 4(3), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction.[4]

<u>Omni Capital International v. Rudolph Wolff & Co., Ltd.</u>, 484 U.S. 97, 108 S.Ct. 404 (1987).

In the present case, two prerequisites of personal jurisdiction -- authorization for service of process and constitutionally sufficient relationship between defendant and the forum -- are absent.[5]

---

[4] This assumes, of course, that the defendant is not "an inhabitant of or found within the state," Fed. R. Civ. Pro. 4(e), and has not consented to service. [Footnote is original.]

[5] Although plaintiff improperly served defendant's New York counsel instead of defendant, that objection will not be pursued.

10

In the case at bar, plaintiff does not contend that there is any federal statute or rule that authorizes service of process on defendant outside of Hawaii, the state in which this Court sits, and defendant is unaware of any such statute or rule. As a result, under the second sentence of Fed. R. Civ. Pro. 4(e) and the Supreme Court's decision in <u>Omni Capital International, supra,</u> personal jurisdiction over defendant may be acquired only if Hawaii law (in particular its long-arm statute) authorizes the acquisition of personal jurisdiction by the service of process on defendant outside of the State of Hawaii.

This rule was applied by this Court in <u>Meaamaile v. American Samoa,</u> 550 F. Supp. 1227 (D. Hawaii 1982). In <u>Meaamaile</u>, the Court granted defendant's motion to dismiss the action on the ground of failure of service where process was served by certified mail outside of the territorial limits of the State of Hawaii:

> Plaintiff has not suggested, nor has this Court found, any federal statute authorizing the service of process in this case beyond the territorial limits of Hawaii. Also, it is clear that the requirements of the Hawaii long-arm statute have not been met. Thus, service in accordance with that statute cannot be invoked pursuant to the provision of Rule 4(e) that allows service in accordance with state law. It is clear, therefore, that defendants were improperly served outside the territorial limits of Hawaii.

<u>Meaamaile</u> is dispositive of this point. As in that case, there is no federal statute here that would authorize extraterritorial service, and an analysis of Hawaii law confirms that its long-arm statutes do not grant plaintiff any right to serve defendant in New York. Hawaii's Uniform Probate Code

11

expressly provides for personal jurisdiction of a "foreign personal representative" such as defendant where she has engaged in one of two acts: "(1) filing an application or petition for appointment as a local personal representative together with authenticated copies of the foreign personal representative's appointment, or (2) doing any act as a personal representative in this State which would have given the State jurisdiction over the foreign personal representative as an individual." Hawaii Revised Statutes §560:4-301 (1985). In addition, a foreign personal representative "is subject to the jurisdiction of the courts of this State to the same extent that the foreign personal representative's decedent was subject to jurisdiction immediately prior to death." Id. §560:4-302.

In order to determine whether the personal representative has done any act that would have given the State jurisdiction if she had been an individual (the second test set forth in §560:4-301), Hawaii's general long-arm statute must be consulted. This is found at Hawaii Revised Statutes §634-35 and expressly limits long-arm jurisdiction "to any cause of action arising from the doing of any of the acts" enumerated in the statute. Those acts include the transaction of any business, the commission of a tortious act, the ownership, use, or possession of any real estate, or contracting to insure any person, property or risk in Hawaii. Subsection (c) of the statute reiterates the key point for purposes of this case: "(c) Only causes of action arising from acts enumerated herein may be asserted against a

12

defendant in an action in which jurisdiction over the defendant is based upon this section."

The complaint here is entirely devoid of any allegation that either the decedent or defendant engaged in any of the acts described in the long-arm statute. It is plaintiff's burden to establish personal jurisdiction. <u>Commercial Insurers Company of Newark v. Pacific-Peru Construction Corp.</u>, 558 F.2d 948, 955 (9th Cir. 1977). Indeed, it is clear from the nature of the claim asserted by the plaintiff that the Hawaii long-arm statute cannot possibly apply here. The claim is to a share of the decedent's estate, allegedly as a pretermitted heir. Yet plaintiff concedes that she herself was born in New York, the decedent's will was admitted to probate in New York (based upon at least one finding that the decedent was domiciled in New York at her death) and there is no claim that the decedent possessed any property in Hawaii at her death. Any acts that defendant may have undertaken as personal representative in this State -- and the complaint alleges none -- cannot possibly have any bearing upon the cause of action on which the complaint is grounded.

Thus, under Hawaii's long-arm statute, the Hawaii courts could not acquire personal jurisdiction over this non-resident defendant through service process outside of Hawaii. As a result, the defendant is not amenable to extraterritorial service of process under the Federal Rules either, and hence there is no possible way for this court to acquire personal jurisdiction over

13