# EXHIBIT
# 41, PART C

Rv. 5/85). Summons in a Civil Action

# United States District Court

_____ FOR THE _____ DISTRICT OF _____ HAWAII _____

NANCY GREENE, aka NANCY
MANISCALCO GREEN
        Plaintiff,
V.

ANNA STRASBERG, as Administratrix
c.t.a. of the Last Will and
Testament of MARILYN MONROE

        Defendant.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:   Civil No.
               (Non-Motor Vehicle Tort)

DEMAND FOR JURY TRIAL

TO: (Name and Address of Defendant)

ANNA STRASBERG, as Administratrix
c.t.a. of the Last Will and
Testament of MARILYN MONROE
C/O  Irving P. Seidman
     Attorneys for the Estate of Marilyn Monroe
     600 Third Avenue
     New York, New York  10016

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

    JohnAaron Murphy Jones
    Attorney at Law
    1170 North King Street
    Honolulu, Hawaii  96717
    808  926-9078

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

WALTER A.Y.H. CHINN

CLERK

[ Barbara Y. Yamada ]

BY DEPUTY CLERK



SEP 16 1992

ORIGINAL

JohnAaron Murphy Jones   1641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle aka
Nancy Maniscalco Green

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN, | ) ) ) | CIVIL  NO.<br>(Non Motor Vehicle Tort) |
| Plaintiff, | ) ) ) | NOTICE AND ACKNOWLEDGMENT<br>OF RECEIPT OF SUMMONS AND<br>COMPLAINT |
| vs. | ) ) | |
| ANNA STRASBERG, as Administratrix,<br>o.t.a. of the Last Will and<br>Testament of MARILYN MONROE, | ) ) ) ) | |
| Defendant. | ) ) ) ) | |

NOTICE

To:   ANNA STRASBERG
      Administratrix of the Last Will
      and Testament of Marilyn Monroe

      C/O   Irving P. Seidman
            Attorneys for the Estate of Marilyn Monroe
            600 Third Avenue
            New York, New York  10016
            Telephone (212)  922-1900

     The enclosed summons and complaint are served pursuant to
Rule 4(c)(C)(ii) of the Federal Rules of Civil Procedure.

     You must complete the acknowledgment part of this form and
return one copy of the completed form to the sender within 20 days.

JohnAaron Murphy Jones  4641
Attorney at Law
1170 N. King Street
Honolulu, Hawaii  96817
Telephone: 808  926-9078

Attorney for Plaintiff
Nancy Miracle aka
Nancy Maniscalco Green

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN,<br><br>        Plaintiff,<br><br>      vs.<br><br>ANNA STRASBERG, as Administratrix,<br>c.t.a. of the Last Will and<br>Testament of MARILYN MONROE,<br><br>        Defendant. | CIVIL  NO.<br>(Non Motor Vehicle Tort)<br><br>NOTICE AND ACKNOWLEDGMENT<br>OF RECEIPT OF SUMMONS AND<br>COMPLAINT |

## NOTICE

To:  ANNA STRASBERG
     Administratrix of the Last Will
     and Testament of Marilyn Monroe

     C/O  Irving P. Seidman
          Attorneys for the Estate of Marilyn Monroe
          600 Third Avenue
          New York, New York  10016
          Telephone (212) 922-1900

     The enclosed summons and complaint are served pursuant to
Rule 4(c)(C)(ii) of the Federal Rules of Civil Procedure.

     You must complete the acknowledgment part of this form and
return one copy of the completed form to the sender within 20 days.

You must sign and date the acknowledgment. If you are severed on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being severed) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do not complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint will have been mailed on ___9·18·92___.

_JohnAaron Murphy Jones, Esq._

___9·18·92___
Date of Signature

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at 600 Third Avenue, New York, New York 10016.

_____

Relationship to Entity/Authority to Receive Service of Process

_____

Date of Signature

At Chambers of the Surrogate's Court
held in and for the County of New
York at the Surrogate's office in
the Hall of Records in said County
on the 29 day of October, 1962.

P R E S E N T :

HON. S. SAMUEL DiFALCO

Surrogate

- - - - - - - - - - - - - - - - - X

Probate Proceeding, Will of

MARILYN MONROE

Deceased

- - - - - - - - - - - - - - - - - X

DECREE ADMITTING WILL

P. 2781-1962

The citation herein having been duly issued, served

and returned, and the Surrogate having, on his own motion ap-

pointed ARTHUR N. FIELD, ESQ., special guardian of the decedent's

mother, Gladys Baker, an incompetent, the allegations of the

parties appearing having been heard, and the proofs having been

duly taken by the Surrogate, among other things as to the

execution of the paper writing dated January 14, 1961 which has

been offered for probate as the Last Will of Marilyn Monroe,

and the probate of said Will not having been contested, and it

appearing to the Surrogate that the Will was duly executed,

and that the Testator at the time of executing it, was in all

respects competent to make a Will and not under any restraint,

it is

ORDERED, ADJUDGED AND DECREED that the instrument

offered for probate herein be and the same hereby is admitted

to probate as the Last Will and Testament of Marilyn Monroe,

EXHIBIT B

deceased, valid to pass real and personal property, and that

letters testamentary be issued thereon to the Executor and Trus-

tee, upon qualifying thereunder and executing a bond according

to law with sufficient sureties to be approved by the Surrogate

in the penalty of 100,000. Dollars, for the Execu-

tor and in the penalty of 50,000. Dollars, for the

Trustee, for the proper performance of his respective duties;

And that ARTHUR N. FIELD, ESQ., the special guardian

herein, is hereby allowed

Dollars as compensation for his

services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

letters testamentary shall contain an endorsement restraining the

executor from the receipt of assets exceeding the aggregate value

of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order.

and that letters of trusteeship shall contain an endorsement

restraining the trustee from receiving assets in excess of FIFTY

THOUSAND ($50,000.) DOLLARS until the further order of the

Surrogate.

P5429

Two bonds approved
October 13, 1962
PW

ORIGINAL ADMITTED TO PROBATE October 30, 1962
A TRUE COPY
Robert M. Kearns
CLERK OF THE SURROGATE'S COURT
CERTIFIED November 19, 1992    -2-

19

# McKINNEY'S

# CONSOLIDATED LAWS

## OF

# NEW YORK

APPELLATE DIV.

ANNOTATED

OCT 19 1965

Book 13 ROCHESTER, N.Y.

Decedent Estate Law

# 1965

# Cumulative Annual Pocket Part

Replacing prior pocket part in back of volume

*Always Consult*

Your Latest McKinney's Session Law News

*For Use*     71547

*During* 1965-66 APPELLATE DIV.

LIBRARY

JUN 30 1967

BROOKLYN, N. Y. ROCHESTER, N. Y.

EDWARD THOMPSON COMPANY

EXHIBIT C

Where husband and wife were residents of Germany at time of execution of reciprocal testament, construction of its provisions would not be affected by their subsequent change of residence to New York, and German law would be applied in construing such testament. In re Hirschmann's Estate, 1953, 124 N.Y.S.2d 801.

**9. Wills within section**

This section is confined in its operation to the execution of a foreign will, its admissibility to probate and the interpretation of testamentary language rather than to validity of any of its provisions. In re Taylor's Estate, 1960, 24 Misc.2d 172, 200 N.Y.S.2d 105.

## § 26. Child born after making will

Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will. As amended L.1955, c. 225; L.1964, c. 681, § 5, eff. June 1, 1965.

L.1955, c. 225, eff. April 2, 1955, provided that the right of a child born after making of will is subject to valid power of sale.

L.1964, c. 681, § 5, eff. June 1, 1965, omitted paragraph which provided: "The right of a child born after the making of a last will shall be subject to a valid power of sale expressed in the will of the testator or implied therein pursuant to the provisions of section thirteen of this chapter."

Estates and trusts affected by, and separability of, L.1964, c. 681, see notes under section 127.

Effective date. Laws 1955, c. 225, § 2, provided: "This act shall apply only to the estates of persons dying after the date on which this act takes effect [April 2, 1955]."

---

**Supplementary Index to Notes**

Abatement of benefit to others 38
Bond 34a
Construction with other laws 1a
Election to take against will 32a
Benefits under will 32b
Evidence 35a
Finality of determination 39

Intent to omit as requisite 40
Intention 8b
Jurisdiction 4a
Power of sale 7a
Settlement
  Time of making 8a
Time of making settlement 8a

---

Library references: Descent and Distribution ⊂=47(3); Wills ⊂=540, 785; C.J.S. Descent and Distribution § 45; C.J.S. Wills §§ 720, 1245, 1246, 1260.

**1a. Construction with other laws**

Where legislature periodically reviewed this section and section 35 providing that absent some settlement will is revoked by subsequent marriage and that after-born children not provided for by any settlement may take intestate share, and legislature substituted words "an antenuptial" agreement for words "some settlement" in section 35 regarding effect of subsequent marriage but took no action relative to this section regarding after-born children, variant treatment suggested legislative approval of long continued judicial construction of this section regarding after-born children. In re Faber's Estate, 1953, 305 N.Y. 200, 111 N.E.2d 883.

**2. Purpose**

To same effect as fourth paragraph of original annotation, see, In re Smith's Will, 1955, 1 Misc.2d 451, 147 N.Y.S.2d 706.

Under this section, legislative purpose was to assure that if, through oversight, such children were neglected in will, other provision would be made for them. In re Faber's Estate, 1953, 305 N.Y. 200, 111 N.E.2d 883.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

-------------------------------------------------------------------X

NANCY MIRACLE,
a.k.a. NANCY MANISCALCO GREEN,

                    Plaintiff,                          Civil No. 92-00605 (ACK)

        - against -                                     AFFIDAVIT

ANNA STRASBERG, as Administratrix c.t.a. of the Last
Will and Testament of MARILYN MONROE,

                    Defendant.

-------------------------------------------------------------------X

State of New York        )
                         )        ss
County of New York       )

        ALLEN L. WEINTRAUB, ESQ., an attorney duly licensed to practice in the State

of New York and admitted in the United States District Court for the Southern and Eastern

Districts of New York, upon information and belief, deposes and says:

        1.      I am associated with the law firm of Irving P. Seidman, P.C., attorneys for

defendant Anna Strasberg in her capacity as administratrix of the estate of Marilyn Monroe,

and submit this affidavit in support of defendant's motion to dismiss plaintiff's complaint.

        2.      On November 9, 1992, I obtained from the Surrogate's Court, New York

County, a copy of the original Decree Admitting Will dated October 29, 1962. I have

annexed a photocopy of said decree hereto as Exhibit "A."

EXHIBIT D

3.     Prior to the return date of this motion, I will cause to be transmitted to this

Court a true copy of the Decree as certified by the clerk of the Surrogate's Court on this

date.

Allen L. Weintraub

Sworn to before me this
9th day of November 1992

Notary Public

LAWRENCE H SILVERMAN
Notary Public, State of New York
No 41-4699574
Qualified in Queens County
Commission Expires Oct. 31, 1993

2

At Chambers of the Surrogate's Court
held in and for the County of New
York at the Surrogate's office in
the Hall of Records in said County
on the 29 day of October, 1962.

P R E S E N T :

HON. S. SAMUEL DiFALCO

Surrogate

- - - - - - - - - - - - - - - - - X

Probate Proceeding, Will of

MARILYN MONROE

Deceased

- - - - - - - - - - - - - - - - - X

DECREE ADMITTING WILL

P. 2781-1962

The citation herein having been duly issued, served

and returned, and the Surrogate having, on his own motion ap-

pointed ARTHUR N. FIELD, ESQ., special guardian of the decedent'

mother, Gladys Baker, an incompetent, the allegations of the

parties appearing having been heard, and the proofs having been

duly taken by the Surrogate, among other things as to the

execution of the paper writing dated January 14, 1961 which has

been offered for probate as the Last Will of Marilyn Monroe,

and the probate of said Will not having been contested, and it

appearing to the Surrogate that the Will was duly executed,

and that the Testator at the time of executing it, was in all

respects competent to make a Will and not under any restraint,

it is

ORDERED, ADJUDGED AND DECREED that the instrument

offered for probate herein be and the same hereby is admitted

to probate as the Last Will and Testament of Marilyn Monroe,

EXHIBIT A

deceased, valid to pass real and personal property, and that

letters testamentary be issued thereon to the Executor and Trus-

tee, upon qualifying thereunder and executing a bond according

to law with sufficient sureties to be approved by the Surrogate

in the ~~penalty~~ of /0 0, 000 Dollars, for the Execu-

tor and in the ~~penalty~~ of 50 000 Dollars, for the

Trustee, for the proper performance of his respective duties;

And that ARTHUR N. FIELD, ESQ., the special guardian

herein, is hereby allowed

Dollars as compensation for his

services.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

letters testamentary shall contain an endorsement restraining the

executor from the receipt of assets exceeding the aggregate value

of ONE HUNDRED THOUSAND ($100,000.) DOLLARS until further order,

and that letters of trusteeship shall contain an endorsement

restraining the trustee from receiving assets in excess of FIFTY

THOUSAND ($50,000.) DOLLARS until the further order of the

Surrogate.

P5429

Two bonds approved
October 30, 1962

ORIGINAL ADMITTED TO PROBATE October 30, 1962
A TRUE COPY
CLERK OF THE SURROGATE'S COURT
CERTIFIED November 9, 1992    -2-

19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

NANCY MIRACLE,                          )    CIVIL NO. 92-00605ACK
aka, NANCY MANISCALCO GREEN,            )    (Non-Motor Vehicle Tort)
                                        )
              Plaintiff,                )    CERTIFICATE OF SERVICE
                                        )
        vs.                             )
                                        )
ANNA STRASBERG, as                      )
Administratrix, c.t.a. of the           )
Last Will and Testament of              )
MARILYN MONROE.                         )
                                        )
              Defendant.                )
_____)

                    CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on this date a copy of Notice of

Hearing Plaintiff's Motion to Dismiss Complaint was duly served

upon the following party at his address by the manner indicated:

        JOHNAARON MURPHY JONES, ESQ.              Mail
        250 Kapili Street, Suite 305
        Honolulu, HI, 96815

        Attorney for Plaintiff

        DATED:  Honolulu, Hawaii, _November 9, 1992_.


                        _____
                        MILTON M. YASUNAGA
                        Attorney for Defendant

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

## To all to whom these presents shall come. Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,
the seal of the National Archives and Records Administration, that the attached reproduction(s) is
d correct copy of documents in his custody.



| Signature | |
|---|---|
| NAME | DATE |
| *PATRICIA S. BAILEY* | February 6, 2008 |
| TITLE Acting | |

Acting Director, Records Center Operations

NAME AND ADDRESS OF DEPOSITORY

Office of Regional Records Services
Pacific Region (San Francisco)
1000 Commodore Drive
San Bruno, CA 94066-2350

*U.S. GP    -334-122/79063.

NA FORM 13040 (10-86)

ANNA  KRASBERG, as            )    MEMORANDUM IN SUPPORT OF
Admi    tratrix, c.t.    f the )    DEFENDANT'S MOTION TO DISMISS
Last    l and Testame    f     )    COMPLAINT; EXHIBITS "A" - "D";
MARI    MONROE.                 )    CERTIFICATE OF SERVICE
                               )
            Defendant          )
                               )
                               )
                               )    Date:    December 14, 1992
                               )    Time:    10:30 a.m.
                               )    Judge:   Alan C. Kay
                               )
                                    Trial Date:   Not Assigned

NOTICE OF HEARING   DEFENDANT'S
MOTION TO DISMIS    MPLAINT

TO:   JOHNAA    MURPHY JONES
      Plainti    s Attorney
      250 Kap    Street, Suite 305
      Honolul    I  96815

