# EXHIBIT
# 54, PART B

TORTIOUS ACT, OCCURS WITHIN THE STATE. <u>Pure, Ltd v. Shasta Beverages, Inc.</u>, 691 F.Supp. 1274 (D. Haw. 1988).

    (c)   <u>COMPLAINT HELD SUFFICIENT:</u>

    WHERE PLAINTIFF'S COMPLAINT ALLEGED, INTER ALIA, THAT DEFENDANT CAUSED PLAINTIFF ECONOMIC INJURY AND THE INJURY OCCURRED IN HAWAII AS A RESULT OF DEFENDANT'S TORTIOUS ACTS, COMPLAINT ALLEGED FACTS SUFFICIENT TO SUBJECT DEFENDANT TO JURISDICTION OF THE FEDERAL DISTRICT COURTS UNDER THIS SECTION. <u>Pure, Ltd v. Shasta Beverages, Inc.</u> 691 F.Supp. 1274 (D. Haw 1988)

    Plaintiff/Appellant contends that she signed and filed a sworn affidavit, contained in Plaintiff's Motion to Reconsider Order Dismissing Plaintiff's Complaint, stating that while she was living in Hawaii from 1987 to the present, as a Hawaii resident, she made telephone calls and wrote letters to Defendant/Appellee and her current attorney Irving P. Seidman demanding her share of the Marilyn Monroe Estate. See U.S. Postal Return Receipts addressed to Defendant/Appellee's Attorney Irving P. Seidman, listed as Exhibit G, contained in Plaintiff's Affidavit, Motion to Reconsider Order Dismissing Plaintiff's Complaint. See also the Second Affidavit of Nancy Miracle, Plaintiff/Appellant's Exhibit 3, contained herein.

    Plaintiff/Appellant contends that where the Defendant intentionally defrauds and conceals facts, documents and the knowledge

that Plaintiff is in fact the natural daughter of Marilyn Monroe, from Plaintiff, while she is a Hawaii resident, from 1987 to the present, that this conduct amounts to an injurious consequence of the tortious act that occurred in Hawaii, i.e. THE COMMISSION OF A TORTIOUS ACT WITHIN THE STATE, justifying use of Hawaii Long-Arm statute as previously defined for tortious conduct. Haw. Rev. Stat. section 634-35(a).

The Court committed reversible error in reasoning that the fraud and breach of fiduciary duties by Defendant/Appellee occurred only in 1985 while Plaintiff was in New York and that there is no specific jurisdiction. Plaintiff/Appellant contends that this fraudulent concealment and breach of fiduciary duties by Defendant/Appellee was continuing from the time of Marilyn Monroe's death in 1962, when Plaintiff was a minor child, up to today. The Defendant/Appellee is still concealing, defrauding and breaching their fiduciary duties to Plaintiff/Appellant in the State of Hawaii and that specific jurisdiction is maintained by this fraudulent conduct in Hawaii that deprives Plaintiff/Appellant of her pretermitted heir rights, which includes the money obtained from the sale of intellectual property rights and merchandizing agreements  in the State of Hawaii.

Plaintiff/Appellant's emotional distress claim is based on the fraudulent concealment by the Defendant, that Plaintiff is the natural daughter of Marilyn Monroe. The Defendants were trusted

friends and associates of Marilyn Monroe and at all times knew that she had a daughter and that Plaintiff was that daughter. Said emotional distress occurred while Plaintiff/Appellant was living in Hawaii since 1986 as a result of the Defendant's tortious conduct. Plaintiff/Appellant's affidavit states an entire story about who she is and how the Defendants were her and her mother's (Marilyn Monroe's) acting instructors for many years.

Betrayal of trust and confidence is constructively fraudulent and gives rise to a constructive trust, and this is independent of any element of actual fraud. Teixeira v. Teixeira, 37 Haw. 64 (1945).

To allow the Defendant/Appellee to continue to conceal, defraud and breach their fiduciary duties to Plaintiff/Appellant, who at the time of her mother's death, was a minor child, and steal a 100 million dollar estate based on lack of personal jurisdiction and the statute of limitations is an unconstitutional denial of Plaintiff/Appellant's due process and equal protection rights and a miscarriage of justice. Under Hawaii and California law, this Court has jurisdiction to proceed.

(2)    TRANSACTION OF BUSINESS IN HAWAII BY DEFENDANT/APPELLEE

Hawaii Revised Statute section 634-35, Hawaii's long-arm statute limits long-arm jurisdiction "to any cause of action arising from the doing of any of the acts "enumerated in the statute which includes transaction of any business.

17

Finding the requisite transaction of business demands an examination of all of the defendant's activities within the forum and a nonresident defendant may be found to have transacted business in a state, even though neither the defendant, nor any agent of the defendant, was ever physically present in the forum.  Cowan v. First Interstate, supra.

Plaintiff's Amended Complaint alleges that the Defendant transacts business in the City and County of Hawaii, State of Hawaii, namely the sale or use of intellectual property rights, manufacturing and merchandizing of products regarding Marilyn Monroe. Plaintiff has offered documents to this court showing that the defendants have a merchandizing agreement, see Plaintiff's Exhibit C, contained in Plaintiff's Memorandum Of Law In Opposition Of Defendant's Motion To Dismiss Complaint, filed November 30, 1992.

These intellectual property rights and merchandizing agreements authorize the Defendant/Appellee to negotiate licenses, collect money, employ agents and employees to manufacture, advertise, distribute and sell products in the name of Marilyn Monroe.  The court can take judicial notice of the fact that the Defendants have authorized agents and merchants in Hawaii that use and sell motion picture and television rights, video rights, records, tapes, T shirts, posters, and likenesses of Marilyn Monroe.  The Defendants are making millions of dollars in the State of Hawaii through the use and sale of intellectual property rights and merchandizing contracts.  It can be concluded that Defendants are doing business in Hawaii sufficient to sustain specific federal jurisdiction.

18

F.  **THE COMPLAINT DOES STATE A CAUSE OF ACTION:**

1.  **PLAINTIFF'S CLAIM MUST BE DETERMINED BY APPLYING THE LAW OF CALIFORNIA.**

Plaintiff agrees with the Defendant, in that Hawaii law requires the most significant relationship to the parties and subject matter test applies in determining the correct choice of laws issue.

In Robertson v. Robertson, 803 F.2d 136 (5th Cir 1986) the court held that where children of testator brought suit claiming they were entitled to forced heirship rights in their father's estate under Louisiana law rather than the modest bequest left them in their father's will which had been probated in an Arkansas state court. The United States District Court for the Eastern District of Louisiana dismissed the suit for lack of subject matter jurisdiction, and the children appealed.  The Court of Appeals held that determination of domicile of the father at his death and the ensuing property rights of his children arising under Louisiana law was within the subject matter jurisdiction of the district court, because it did not interfere with probate proceedings in Arkansas.

Plaintiff/Appellant contends that California has the most significant relationship and subject matter because Marilyn Monroe, aka Nancy Cusumano, moved to California when she was 19 years old and lived in California for about 10 years, worked in California

in the entertainment industry, bought and resided in a home in California, voted in California, died in California, is buried in California and an ongoing murder investigation is continuing in California.

Plaintiff's Amended Complaint alleges that the Defendant knew in 1962 that Marilyn Monroe, aka Nancy Cusumano, had an illegitimate daughter and defrauded the Plaintiff by withholding and concealing this information from her. See Plaintiff's Amended Complaint, Exhibit B, paragraph 11.

Also, the Defendant breached its fiduciary duties in failing to provide maintenance and support to Plaintiff while she was a minor. The Defendant/Appellee should not be allowed to profit from this wrong and deception.

Based on these facts, Plaintiff does dispute the surrogate's determination that Marilyn Monroe, aka Nancy Cusumano, was a New York domiciliary at the time of her death. In applying the Robertson decision (supra) and Hawaii state law, the state with the most significant relationship and subject matter between the parties is California.

It is worthy to note that any motion to exhume the body of Marilyn Monroe, aka Nancy Cusumano, for autopsy and DNA genetic testing, which Plaintiff/Appellant is herein requesting, must be submitted to the California courts and this defense counsel has admitted in open court, at the hearing on Plaintiff's Motion to Continue the Defendant's Motion to Dismiss the Complaint, that the Defendant had "SOME RELATIONSHIP WITH THE STATE OF CALIFORNIA".

The Defendant/Appellee must be forced to disclose to this Court what legal proceedings it has initiated in the probate and civil courts in California, as Administratrix or Executors, of the Estate of Marilyn Monroe. This will prove that the Defendant/Appellee has already submitted to the jurisdiction and laws of the California Courts. See Plaintiff's First Request for Production of Documents.

## 2. PLAINTIFF HAS STATED A CLAIM UNDER CALIFORNIA LAW.

California Probate Code section 90, enacted by statutes, 1931, c. 281, section 90, related to omitted children's and grandchildren's share of estate, and pursuant to section 6580, continues to apply to estates of decedents who died before Jan. 1, 1985.

> "Section 90. When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal portion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or issue succeeds to the same share in the estate of the testator as if he had died intestate."

Public policy requires that a testator remember his children at the time of making his will, and the law does not favor the failure to provide for surviving spouse or children.

West's Ann.Prob. Code section 70, 71, 90-92

21

There is a presumption that failure to name a child or grandchild in a will was unintentional. West's Ann.Prob Code, section 90. In re Falcone's Estate, 27 Cal.Rptr. 38, 211 C.A.2d 40.

The purpose of statute regarding pretermitted heirs is to guard against unintentional omission of lineal descendants from a share in decedent's estate by reason of oversight, accident, mistake or unexpected change of condition. West's Ann.Prob.Code section 90,91. In re Bank's Estate, 56 Cal.Rptr.559, 248 C.A.2d 429. See also, Plaintiff's Exhibit D   Columbia Law Review; Pretermitted Heirs: An Analysis of Statutes. contained in Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss.

Under statute respecting pretermitted children, words of the will must show that the testator had omitted persons in mind, and although having them in mind, has intentionally omitted to provide for them, and in order to disinherit children, the intent that they shall not so share in the testator's estate must appear on the face of the will strongly and convincingly. Probate Code, section 90. In re La Brie's Estate, 278 P.2d 760, 130 C.A.2d 235 (1955).

In re Torregano's Estate, 352 P.2d 505, 5 Cal.Rptr. 137, 54 C.2d 234, 88 A.L.R.2d 597, the court held;

1. In an action for determination of heirship by plaintiff as a pretermitted heir of the testator extrinsic evidence was admissible

to prove the testator's lack of intent to omit from his will any provision for plaintiff as a presumptive heir.

    2.  A pretermission can exist only through oversight, and it occurs only when there has been an omission to provide, absent an intent to omit, and since the mistake or accident which caused the testator to omit provision for his child cannot appear from the will itself, extrinsic evidence for such purpose must be contemplated by statute.

    3.  In action for determination of heirship by plaintiff as a pretermitted heir of deceased, where plaintiff as daughter produced evidence of relationship and family circumstances authorized a finding that after some 32 years the testator and his daughter each believed the other to be dead, and the erroneous belief continued to and including the date of making the will, such evidence was part of the "circumstances" under which the will was executed.  West's Ann.Prob.Code, section 90.  <u>Estate of Ernest J. Torregano v. Alfred Torregano,</u> California Supreme Court, 352 P.2d 505, 88 ALR2d 597.

    Marilyn Monroe, aka Nancy Cusumano, executed a will in 1961 and decedent's will made no provision, mention or settlement for Plaintiff.  Under this section 90, Plaintiff is entitled to the same share of decedent's estate as if decedent had died intestate.  Plaintiff, being the sole natural blood daughter of Marilyn Monroe, aka Nancy Cusumano, is entitled to a 50% fractional share of said decedent's estate as a pretermitted heir.

23

### 3. PLAINTIFF HAS STATED A CLAIM UNDER NEW YORK LAW.

NEW YORK STATE LAW HISTORY:

Defendants reading of the New York State law as not protecting children who were living at the time Marilyn Monroe's will was executed is not supported by case law, legislative intent and the state's adherence to the "whole law".

New York unlike California law had to be modified to take care of natural born children who were pretermitted children. In re Percival's Estate, 292 P.2d 63,65, 138 C.A.2d 494.

The class of natural born children of which the Plaintiff is among, is, "descendants". They are those who take immediately from the testator and the class includes only living children of the testator... Re. Plaster, 179 M 80, 37 S2d 498 (1942) affd 266 AD 439.

The law of New York was not intended to be read separately as to the disinheritance of children. Section 13 of the Consolidated Laws. Laws 1909, Chapter 18, is to be read in conjunction with the entire law of the State.

Decedent Estate Law, hereinafter D.E.L., section 26, grants a right unknown to the common law. In re Doling's Will, 1936. 158 Misc. 333. 285 N.Y.S. 603.

The Legislature periodically reviewed Decedents Estate

24

Law, hereinafter D.E.L., sec.26 and D.E.L. sec.335 [now EPTL 5-1.3].

It was necessary for the legislature to provide for children born after the will since there was nothing in the common law to provide for such exigencies. D.E.L. sec 26 grants a right unknown to common law. In re Dooling's Will, 1936, 158 Misc. 333, 285 N.Y.S. 603.

To further show the interrelationship of New York's total statutory law regarding the " forgotten children " the Decedent Estate Law correlates with the Real Property Law relating to trusts not devised.  It is also found where a devisee is found to be stripped of the benefits of the Law of Succession by certain inequitable contingencies including fraud, rights of illegitimate children to take under a testamentary gift to the children, 34 ALR 2d 4, where an antilapse statute is applicable to a devise, 3 ALR 2d 1419, the right of recovery by mistake 147 ALR 121, in an adoption of a child as revoking a will, 24 ALR 2d 1085 and where an illegitimate child as lineal descendant was within the provisions of inheritance, succession for estate tax exemptions, 3 ALR 2d 166.  And so a child alleged to be illegitimate is entitled to the benefits of the Decedent Estate Law as a child of a legetee. Sec. 83.

Section 26 was derived from a former section whose origin may be traced to the Revised Statutes Pt.2 Ch.6 sec 43, Title 1, art. 3. which is based upon a principal of common law.  A will

25

was revoked by a subsequent marriage and the birth of issue but not by a subsequent birth of a child. <u>Wormser v. Croce</u>, 120 App. Div. 287: 104 N.Y.S. 1090. <u>Brush v. Wilklns</u>, 4 Johns Ch. 506.

Children "unprovided for by any settlement" were given an intestate's share in the testator's estate. <u>In re Kraston's Will</u>, Surrogates Court Weschester County Oct. 11. 1945, 58 N.Y.S. 2d. 346. Section 26 extends the rules in New York protecting all children of the deceased unprovided for under the will unless specifically excluded.

An illegitimate child is a child for all purposes of inheritance as where the decedent was a woman who left no other children but the illegitimate child. Re Anonymous. 165 M 62, 300 S 292 (1937) Rights given after-born children are of statutory creation and historically such rights were intended to prevent inadvertent or unintentional disinheritance of a child. <u>In re: Crawford's Estate</u>. 1970, 64 Misc. 2d. 836, 263 N.Y.S. 2d 393, the purpose of Decedent Estate Law, sec. 26 was to provide against inadvertant or unintentional disinheritance. <u>In re Vodery's Estate</u>, 1955. 139 N.Y.S.2d 515. affirmed 3 A.D. 2d 733. 160 N.Y.S. 2d 819.

<u>THE VARIED USAGE OF THE CONCEPT "PRETERMIT"</u>

WEBSTER--The Word :pretermitted, " according to webster, means "to pass by," "to omit," "to disregard." <u>Porter v.</u> <u>Porter</u>, 86 S.W. 546,547, 120 Ky. 302.

26

New York State has never used the term "pretermitted heir" in its statutes because the variance of its use in different jurisdictions has left it subject to ambiguities. Decedent Estate Law section 26, Purpose and Origin laws 1909 Ch 18.

California made exceptions to technically excluded natural born children so that they could take under the will by using the California pretermitted statute. Where the will before the court made no mention of two sons of the testator and made no provision for them directly or otherwise contained nothing to indicate that the testator had sons in mind when the will was executed and contained a clause that anyone contesting the will should receive one dollar, such sons of testators were "pretermitted heirs". <u>In re Percival's Estate</u>. 292 P.2d 63.

West Virginia--To "pretermit" is to pass by, to omit, to disregard. Code 1931, 41-4-1, 42-2-1. <u>Ramsey v. Sanders</u>, 172 S.E. 798, 800, 114 W.Va 590.

It can be concluded that New York like California has found it necessary to statutorily amend the common law to protect the children "overlooked", "passed by", "omitted" or "disregarded". Some states chose to use the term "pretermitted" to correct a myriad of cases of adoptees, grandchildren, stepchildren, illegitimate children and others born after the execution of the will. By so doing

27

they have removed the term from common notice and from the understanding of relied-upon lexicographers.

New York chose to modify the whole of its own statute, the same as California and other states' laws even though they use different terms and different techniques, the Decedent Estate Law, ignoring the term "pretermitted" although applying the concept of protecting the overlooked child by equating it to the natural born child. The only justiciable argument under New York State law is whether the child is an heir to whom no other benefits accrued. Illegitimacy, after-born, adoption, degree of consanguinity and "pretermittence all must cede to the equitable and time-honored rule that the child shall not be passed by, omitted or disregarded as to descent and distribution.

The argument of the Defendant is at least specious and the law of New York should be recognized as protecting the Plaintiff, the District Court's ruling to the contrary must be reversed.

G.          INFANCY, FRAUD AND CONCEALMENT TOLL

            THE STATUTE OF LIMITATIONS AND THE

            DEFENDANT IS ESTOPPED TO RELY ON THE

            STATUTE OF LIMITATIONS.

        The Hawaii Statute of Limitations for any cause of
action not otherwise specified is six years.  Hawaii Revised
Statutes section 657-1(4).  The California Statute of Limitations
for actions not hereinbefore provided for is four years.  West
Calif. Codes section 343.  Both California and Hawaii state laws
toll the statute of limitations until age 18.

        In the case at bar, the cause of action arose upon the
death of Marilyn Monroe, aka Nancy Cusumano, in the State of
California in 1962.  Plaintiff attained the age of 18 on September
14, 1964 and the limitations period would have expired in 1968 but
for the fraud and intentional deceit of the defendant.

        Under California law, the statute of limitations does not
begin to run against the time for commencing action for relief on
ground of fraud until the discovery of the fraud.  Currey vs. Allen,
34 Cal. p.257.

        Where a party fraudulently conceals the existence of a
cause of action against him, the statute of limitations is tolled

29

and the guilty party is estopped to plead the limitations. <u>Mills v. Mills</u>, 305 P.2d 61, 147 C.A.2d 107.

The California Court of Appeals held in <u>Industrial Indemnity Co. v. Industrial Acc. Commission</u>, 252 P.2d 649, 115 C.A.2d 684 that actual fraud in the technical sense, bad faith, or an intent to mislead, are not essential to create an estoppel to rely on the statute of limitations and that the equitable doctrine of estoppel in pais is applicable in a proper case to prevent fraudulent or inequitable resort to the statute of limitations.

A defendant may be estopped to rely on the defense of limitations when, by his conduct, he induces delay in the filing of the action, even though there was no fraud on his part.

<u>Valvo v. University of Southern California</u>, 136 Cal.Rptr. 865, 67 C.A.3d 887.

In the case at bar, the Defendant knew that Plaintiff was the natural daughter of Marilyn Monroe, aka Nancy Cusumano. Plaintiff was an illegitimate child but as Plaintiff's affidavit states, at paragraph 7;

> "From 1954 thru 1957, I studied acting at Carnegie Hall with Marilyn Monroe, aka Nancy Cusumano, who lived at Carnegie House, which was one block down from Carnegie Hall, and

30

Lee Strausberg as my instructor.  I was with
her at her house and at the Hall at least
two times a week during this period.  The
Strausbergs used to come with her to my
grandmother Bgalow on Long Island on most
Sundays in the summer."   see Plaintiff's Exhibit A
            contained in Plaintiff's Memorandum of Law In
            Opposition To Defendant's Motion To Dismiss Complaint.

     This affidavit is offered to prove that the Strausbergs,
(Lee Strausberg was the first administrator of the estate) then
administrators, executives and administratrix of the Estate of
Marilyn Monroe knew that Marilyn Monroe had an illegitimate daughter,
Plaintiff. During that time, Plaintiff was a minor and the Defendants
defrauded the Plaintiff and breached their fiduciary duties by concealing
and withholding information from Plaintiff, that Plaintiff is in
fact the sole natural daughter of Marilyn Monroe, aka Nancy Cusumano.
The record shows that the Defendant/Appellee failed to provide any
support or maintenance for Plaintiff while she was a minor and concealed
from Plaintiff that she had a cause of action against the Defendant
for her pretermitted heir rights.  Here again, the Defendant should
not be allowed to profit from its fraudulent conduct and should be
estopped to plead the statute of limitations as a defense.

31

CONCLUSION:

It must be concluded that Plaintiff/Appellant can proceed against the Defendant/Appellee, in this Court, under Hawaii, California and New York law.

Plaintiff/Appellant prays that this Court allow her to show through DNA genetic testing that she is in fact the pretermitted daughter of Marilyn Monroe, aka Nancy Cusumano, and rule that the Defendant/Appellee has known this and continues to defraud the Plaintiff, in Hawaii, out of millions of dollars that is legally and rightfully her true pretermitted heir rights.

DATED:  Honolulu, Hawaii, May 14, 1993.

Respectfully submitted,

JOHN AARON MURPHY JONES
Attorney for Plaintiff/Appellant

32

# COUNTY OF LOS ANGELES

## DEPARTMENT OF CORONER

1104 NO. MISSION RD., LOS ANGELES, CALIFORNIA 90033
(213) 343-0786  FAX (213) 221-9768

**ILONA LEWIS**
Director
(213) 343-0786

April 20, 1993

**L. SATHYAVAGISWARAN, M.D.**
Chief Medical Examiner-Coroner
(213) 343-0522

John Jones
250 Kapih St.
Suite 305
Honolulu, Hawaii 96815

Dear Mr. Jones:

As requested, enclosed you will find copies of Marilyn Monroe's fingerprints.  I am sorry for the delay.  I hope it has not caused any inconvenience.  The second copy is for Ms. Nancy Miracle, President, Marilyn Monroe Foundation.  Please let us know if we can be of further help.

Sincerely,

*Margaret J. White*

Margaret J. White
Assistant Public Information Officer

mw

EXH 1

81128

| LEAVE THIS ~~E BLANK~~ | Monroe | Marilyn | | SEX Fe |
|---|---|---|---|---|
| | LAST NAME | FIRST NAME | MIDDLE NAME | RACE Cauc. |

**FBI No.**

SIGNATURE OF PERSON FINGERPRINTED

| CONTRIBUTOR AND ADDRESS | ALIASES | HT.(INCHES) WT. |
|---|---|---|
| CHIEF POLICE DEPARTMENT LOS ANGELES, CALIF. | | DATE OF BIRTH 36 |
| | | HAIR      EYES |

RESIDENCE OF PERSON FINGERPRINTED

OCCUPATION

| CONTRIBUTOR'S NO. | LEAVE THIS SPACE BLANK |
|---|---|

SCARS AND MARKS     AMPUTATION

PLACE OF BIRTH

CLASS. *150  27 - IOO    17*
*M  26 U  0II    16*

CITIZENSHIP

SIGNATURE OF OFFICIAL TAKING FINGERPRINTS

DATE 8-5-62

CHECK IF NO RECORD IS DESIRED

REF.

| 1. RIGHT THUMB   0 | 2. RIGHT INDEX  1 | 3. RIGHT MIDDLE  0 | 4. RIGHT RING | 5. RIGHT LITTLE  17 |
|---|---|---|---|---|
| W | W | W | W | |
| 6. LEFT THUMB  15 | 7. LEFT INDEX  12 | 8. LEFT MIDDLE  1 | 9. LEFT RING  1 | 10. LEFT LITTLE  16 |
| | | W | W | |

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY     LEFT THUMB   RIGHT THUMB     RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

EXH 1

EX H 6

# Wyckoff Heights Hospital
### of Brooklyn, N.Y.



This Certifies that _____ Baby Dicenes _____ was born to Mr. and Mrs. Joseph Dicenes in this Hospital at 3:6 a.m. patinas the 14th day of September A.D. 1946

In Witness Whereof the said Hospital has caused this Certificate to be signed by its duly authorized officer and its Corporate Seal to be hereunto affixed.

_____ Superintendent

_____ M.D. F.A.C.S. Managing Physician

UNITED MEXICAN STATES
STATE OF QUINTANA ROO
[illegible] SS:
[illegible] CONSULAR AGENCY OF THE
UNITED STATES OF AMERICA

I, the undersigned [illegible] of the United States of America, [illegible] qualified, do [illegible] fy that the foregoing is a true and faithful c[illegible] the original/copy this day exhibited to me, the having been carefully examined by me and co[illegible] with the said [illegible] found to agree the[illegible] word for word and figure for figure.
IN WITNESS WHEREOF I have hereunto [illegible] hand and affixed the [illegible] of the Consular Ag[illegible] the United States of America at Cancun, Qu[illegible] Roo, México, this 29th day of September 1992

[illegible signature]

# Family History

Father's full name Joseph [illegible]

Birthplace Buffalo N.Y. Date Dec 22 1917

Mother's maiden name Jennie [illegible]

Birthplace Marion Ill. Date Dec 18 1919

Residence at time child was born 70 Hart St. B'klyn N.Y.

Sex of child female Weight at birth 6 lbs. 14 ozs. Length 19 inches

Baby's left footprint

Baby's right footprint

Mother's left thumbprint

Mother's right thumbprint

*This Certificate of Birth should be carefully preserved as record of value for future use:*

1. To establish age for entering school.
2. To establish age when applying for working papers.
3. To establish legal age for rights of franchise.
4. For jury and military service.
5. To prove citizenship.
6. To obtain passports for travel in foreign countries.
7. To prove right to inheritance of property.

Baby's footprints, with mother's thumbprints, provide unchanging proof of identity throughout life

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| NANCY MIRACLE, | ) | CIVIL NO. 93-15243 |
| aka, NANCY MANISCALCO GREENE, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | SECOND AFFIDAVIT OF |
| | ) | NANCY MIRACLE, aka |
| vs. | ) | NANCY MANISCALCO GREENE |
| | ) | |
| ANNA STRASBERG, as | ) | |
| Administratrix, c,t.a. of the | ) | |
| Last Will and Testament of | ) | |
| MARILYN MONROE. | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

SECOND AFFIDAVIT OF NANCY MIRACLE
aka, NANCY MANISCALCO GREENE

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU | ) |
| | ) SS. |
| STATE OF HAWAII | ) |

NANCY MIRACLE, aka, NANCY MANISCALCO GREENE,
Plaintiff/Appellant in the above-entitled action, being first duly
sworn on oath deposes and says:

1.    That affiant's full name is NANCY MIRACLE and that
I was also known as NANCY MANISCALCO GREENE.

2.    Affiant moved to Hawaii in 1986 and I have been a
resident of the State of Hawaii since that date.  After moving to
Hawaii, Affiant sent letters to the Defendant/Appellee's attorney
Irving P. Seidman demanding my 50% pretermitted heir share of the
Estate of my mother, Marilyn Monroe.  Affiant made telephone calls
from Hawaii to the known beneficiaries of the estate on the

1

EXH 3

mainland demanding **affiant's** 50% **pretermitted heir share of said estate.**

3.    **Affiant was told by these Defendant/Appellee's and their attorney that I was not the natural daughter of Marilyn Monroe and was therefore not entitled to any portion of her estate.**

4.    **Affiant has suffered mental and emotional distress, while living in Hawaii, as a resident of Hawaii, as a direct result of the fraudulent actions of the Defendant/Appellant and their attorney in concealing the facts from me that I am in fact the daughter of Marilyn Monroe.**

*Nancy Miracle*

NANCY MIRACLE
aka NANCY MANISCALCO GREENE

Subscribed and sworn to before me
this *12th* day of ~~April~~ *MAY* 1993

*Susan Strong*
Notary Public

My commission expires: *4-3-96*

LS

2

EXH 3

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| NANCY MIRACLE,<br>aka, NANCY MANISCALCO GREEN, | ) | CIVIL NO. 93-15243 |
| | ) | |
| Plaintiff/Appellant, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| ANNA STRASBERG, as | ) | |
| Administratrix, c.t.a. of the | ) | |
| Last Will and Testament of | ) | |
| MARILYN MONROE. | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this date a copy of the foregoing documents were duly served upon the following party by mail to his/her address indicated below:

IRVING SEIDMAN,
Attorney at Law
600 Third Avenue
New York, New York  10016    and;

MILTON YASUNAGA
CADES SCHUTTE FLEMING & WRIGHT
1000 Bishop Street
Honolulu, Hawaii  96813

Attorneys for Defendant/
Appellee

DATED:  Honolulu, Hawaii, ___5/14/93_____

_____
JOHNAARON M. JONES
Attorney for Plaintiff/
Appellant

## NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

### 𝔗o all to whom these presents shall come. 𝔊reeting:



virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

e seal of the National Archives and Records Administration, that the attached reproduction(s) is

correct copy of documents in his custody.

| Signature | |
|---|---|
| NAME <br> *PATRICIA S. BAILEY* | DATE <br> February 6, 2008 |
| TITLE <br> Acting  Director, Records Center Operations | |

NAME AND ADDRESS OF DEPOSITORY

**Office of Regional Records Services**
**Pacific Region (San Francisco)**
**1000 Commodore Drive**
**San Bruno, CA  94066-2350**

*U.S. 992-334-122/79063.

NA FORM 13040 (10-86)

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

MAY 17 1993

FILED
DOCKETED

DATE

INITIAL

John     Iron Murphy Jones
Att     ney at Law
1        N. King Street
        lulu, Hawaii  96817
    08)  926-9078
ttorney for Plaintiff     llant