UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS,
and META STEVENS,

                                 Plaintiffs,    : Index No. O5 CV 3939(CM)

     -against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

                                 Defendants.
---------------------------------------------------------------x

## SECOND DECLARATION OF MICHELLE MINIERI

1.     My name is Michelle Minieri. I have personal knowledge of the matters stated in this declaration.

2.     I am the president of Consolidated Defendant Bradford Licensing Associates ("Bradford").

3.     Attached, as Exhibit 21 to the Declaration of Jonathan Strauss, dated February 12, 2008, is a copy of my letter to Image Source International, dated September 18, 2007. This letter does attach a single photograph of one of the many images in the Ballantine book, which I did not know at the time I sent the letter. It is Bradford's policy not to send cease and desist letters regarding images in the Ballantine book. In any event, I understand that since this letter was dated after the Defendants' August 1, 2007 Third Amended Complaint, it is completely irrelevant to the issue of whether there is a justiciable controversy between the parties.

1

4. Attached, as Exhibit 43, to the Declaration of Jonathan Strauss, dated February 12, 2008, is a copy of a draft of a letter to Eric Epstein, VP of Licensing of Romar International, dated February 12, 2007. This letter was merely a draft, I did not send this letter. Because the Defendants did not depose me, they chose not to ask me any questions about this letter, or any other letter, which the Shaw Family produced in their document production.

5. Attached, as Exhibit 44 to the Declaration of Jonathan Strauss, dated February 12, 2008, is a copy of a letter from Len Reiter, to A. Richmond of BSNYC.com, dated February 28, 2004. Mr. Reiter was the former president of Bradford. At the time this letter was sent, Bradford did not represent Shaw Family Archives, Ltd. In 2004, Bradford represented Valhalla Productions, Ltd., a company that was a named defendant in this litigation until the Defendants filed their Third Amended Complaint. Bradford signed a licensing agreement with Shaw Family Archives in June of 2005.

6. Defendant CMG did claim that one of the Shaw Family's Korean licensees, Y&P International, violated the Defendants right of publicity and trademarks in Marilyn Monroe. Y&P International licensed certain Shaw Family images to be used in the marketing and sale of lingerie in South Korea. Attached hereto as Exhibit A is a true and correct copy of an electronic communication from Jeong-Ho Lee to Park Jong-In, dated November 21, 2007. In this electronic communication to Park Jong-In, president of Hyundai Home Shopping Channel, Mr. Jeong-Ho identified himself as an attorney for Defendant CMG Worldwide, Inc., the agent of Defendant Marilyn Monroe LLC. CMG claimed that Defendant MMLLC owns a right of publicity and trademark rights for Marilyn Monroe in the United States and owns trademarks in Korea, China, Japan and the European Union. CMG

stated that the Shaw Family's licensee Y&P International was selling products bearing Ms. Monroe's name in South Korea, through the Hyundai Home Shopping Channel, without approval from the Defendants. CMG advised Mr. Park that they "treat that this act as a very serious matter infringing our rights."

7. In the middle of December, 2007, Gary Adelman, an attorney for Shaw Family Archives, Ltd., sent CMG a letter, dated December 13 2008, advising them that they have no right to assert a violation of a right of publicity and trademark law. (See Exhibit 42, to the Declaration of Jonathan Strauss, dated February 12, 2008)

Dated: Montclair, New Jersey
       March 4, 2008

_____
Michelle Minieri