UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,

        Plaintiffs,  : Index No. O5 CV 3939 (CM)

  -against-  : Hon. Colleen McMahon

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

        Defendants.
------------------------------------------------------------X

## DECLARATION OF DAVID MARCUS

I, DAVID MARCUS, an attorney duly licensed to practice law before this Court, declare the following facts under penalty of perjury:

1.   I represent Shaw Family Archives, Ltd., Edith Marcus, Meta Stevens and Bradford Licensing Associates (collectively referred to as the "Shaw Family") in the above-captioned matter and am fully familiar with the facts set forth herein. I respectfully submit this declaration on behalf of the Shaw Family in opposition to the Defendants' motion for summary judgment on Count 1 of their Third Amended Complaint and in further support of the Shaw Family's motion for summary judgment for an order dismissing the Defendants Third Amended Complaint.

2.   Attached hereto as Exhibit A, is a true and correct copy of a letter from Roger Richman, to Irving Seidman, Esq. dated February 27, 1990.

3. Attached hereto as Exhibit B, is a true and correct copy of a letter from Irving P. Seidman, Esq. to Jamie Samson, Esq., dated May 18, 1993.

4. Attached hereto as Exhibit C, is a true and correct copy of a letter from Mark Roesler, to Anna Strasberg, dated May 2, 1995, together with business proposal. MM 0013310-13319.

5. Attached hereto as Exhibit D, is a true and correct copy of Defendants' first set of interrogatories, dated January 11, 2007.

6. Attached hereto as Exhibit E, is a true and correct copy of the Shaw Family's response to the Defendants' first set of interrogatories, dated March 2, 2007.

7. Attached hereto as Exhibit F, is a true and correct copy of a series of electronic communication between Christopher Serbagi, Esq. and Orin Snyder, Esq., dated July 6, 2007.

8. Attached hereto as Exhibit G, is a true and correct copy of the Shaw Family's second set of interrogatories, dated July 10, 2007.

9. Attached hereto as Exhibit H, is a true and correct copy of an electronic communication from Christopher Serbagi, Esq. to Orin Snyder, Esq. and Tracy Betz, Esq., dated July 19, 2007.

10. Attached hereto as Exhibit I, is a true and correct copy of an electronic communication from Theodore Minch, Esq. to Christopher Serbagi, Esq. dated July 27, 2007.

11. Attached hereto as Exhibit J, is a true and correct copy of electronic communications between Christopher Serbagi, Esq. and Orin Snyder, Esq., dated August 8, 2007.

12. Attached hereto as Exhibit K, is a true and correct copy of Defendants' response to the Shaw Family's second set of interrogatories, dated August 13, 2007.

13.     Annexed hereto as Exhibit L, is a true and correct copy of the Defendants' Answer to the Shaw Family's Second Amended Complaint, dated September 4, 2007.

14.     Attached hereto as Exhibit M is a true and correct copy of Defendants' motion to dismiss the Shaw Family's complaint, (without exhibits) dated September 4, 2007.

15.     Attached hereto as Exhibit N, is a true and correct copy of a letter from Christopher Serbagi, Esq. to Barry Slotnick, Esq., of Loeb & Loeb, dated October 30, 2007.

16.     Attached hereto as Exhibit O, is a true and correct copy of the Shaw Family's third set of document requests to the Defendants, dated November 1, 2007.

17.     Attached hereto as Exhibit P, is a true and correct copy of two electronic communications from Christopher Serbagi, Esq., to Paula Colbath, Esq. and Theodore Minch, Esq., dated November 2, 2007.

18.     Attached hereto as Exhibit Q, is a true and correct copy of Defendants response to the Shaw Family's third set of document requests, dated December 4, 2007.

19.     Attached hereto as Exhibit R, is a true and correct copy of a series of electronic communications between Christopher Serbagi, Esq., and Jonathan Strauss, Esq., dated December 4, 2007 and December 5, 2007. The Shaw Family did not bring this issue to the attention of Magistrate Judge Mark Fox Since because Defendants' contention interrogatory responses were not due to be exchanged until after the completion of discovery. The Defendants never provided contention interrogatory responses.

20.     Annexed hereto as Exhibit S, is a true and correct copy of email communications between Christopher Serbagi, Esq. and Paula Colbath, Esq., dated December 13, 2007 and December 14, 2007.

21. Attached hereto as Exhibit T, is a true and correct copy of a series of electronic communications between Christopher Serbagi, Esq., Paula Colbath, Esq., Barry Slotnick, Esq. and Ted Minch, Esq., dated December 15, 2007 and December 16, 2007.

22. Attached hereto as Exhibit U, is a true and correct copy of two electronic communications between Christopher Serbagi, Esq., Paula Colbath, Esq. and Theodore Minch, Esq., dated December 19, 2007 and December 20, 2007.

23. Attached hereto as Exhibit V, is a true and correct copy of excerpts from the deposition of David Strasberg, taken on December 20, 2007.

24. Attached hereto as Exhibit W, is a true and correct copy of an excerpt from the deposition of Mark Roesler, taken on December 27, 2007.

25. Attached hereto as Exhibit X, is a true and correct copy of Circular 22 from the United States Copyright Office.

26. Attached hereto as Exhibit Y is a true and correct copy of photographs of a mug and two purses. (SFA 01043-1054, 1073-1074, 01079-1081). These documents were provided to Defendants during the Shaw Family's document production. Copies of the photographs of a mug (SFA 01079-1081) were also attached to the Shaw Family's first complaint, dated April 19, 2005.

27. On February 25, 2008, I searched Defendants' official Marilyn Monroe website, www.marilynmonroe.com (the "Monroe Website"). I was unable to find any reference to the photographer Frank Worth. Attached hereto as Exhibit Z is a true and correct copy of the Monroe Website's Historical Photo Gallery. The Defendants never provided any proof that it owned any copyrighted images to Marilyn Monroe.

28. Larry Shaw was Shaw Family Archives, Ltd. original 30(b)(6) witness. When he died on October 19, 2007, Shaw Family Archives, Ltd. designated Edith Marcus as its 30(b)(6)

4

witness. Melissa Stevens was immediately substituted as the 30(b)(6) witness because she was the most knowledgeable about the company's business and the domicile issue. Although Edith Marcus had been served with an individual deposition notice, she voluntarily withdrew her affirmative claims in December of 2007. (See the Second Declaration of Edith Marcus, dated March 3, 2008, at ¶ 16.)

29.     On December 17, 2007 and December 27, 2007, Defendants deposed Melissa Stevens as the Shaw Family Archives, Ltd.'s 30(b)(6) witness. The Defendants did not ask Ms. Stevens any questions about Shaw Family Archives, Ltd.'s licensing activities. Despite the fact that Edith Marcus and Meta Stevens alleged, in all three of their complaints and one interrogatory response, to own the copyrights in Sam Shaw's images of Marilyn Monroe, the Defendants did not ask Melissa Stevens who owned the copyrights in Sam Shaw's photographic images of Marilyn Monroe.

30.     In a hearing, on January 4, 2008, Magistrate Judge Mark Fox rejected defendant MMLLC's letter motion that requested a copy of the binder which was the subject of Melissa Stevens' second deposition. (See Serbagi Decl. at ¶¶ 26-29, Exs. T-U). In particular, Judge Fox admonished defendant MMLLC for waiting until after the discovery deadline to make their request when he specifically directed the parties to advise him of any dispute no later than Friday, December 28, 2007. (See the Declaration of Jonathan Strauss, dated February 12, 2008 ("Strauss Decl., Ex. 16, Tr. at 20). Judge Fox also stated that the matter was no longer before him and that any subsequent discovery motions had to be made to the Honorable Colleen McMahon. The Shaw Family advised Judge Fox that the Defendants exchanged discovery documents after the close of discovery on December 31, 2007, and Judge Fox ruled that Defendants could not rely on any documents that they untimely exchanged.

31. Defendants failed to serve the Shaw Family, on or before December 31, 2007, the discovery end-date herein, with any of the documents annexed to the following: (i) Strauss Decl., Exs. 3, 4, 6, 7-10, 17, 28-31, 40, 40-42, 45; (ii) the Declaration of Maureen Cloonan, dated February 12, 2008, Exs. A-M; (iii) the Declaration of David Strasberg, dated February 12, 2008, Exs. A-K; and (iv) the Declaration of Mark Roesler, dated February 12, 2008, Exs. A-B.

32. The Shaw Family would be prejudiced if the Court considers the documents, described in ¶ 31 above, as the Shaw Family never had the opportunity to: (i) review, research and authenticate the documents; (ii) to use them during the examination of Defendants' deponents; (iii) research whether the publications were printed with the permission of Sam Shaw; (iv) research whether the images were first published in a Berne Convention country other than the United States; (v) research whether any of the publications were copyright registered, and the registrations renewed, which could then be assigned to Sam Shaw (now Edith Marcus and Meta Stevens) as the true copyright owners; (vi) whether proper copyright notice was given, and if not given, what steps Sam Shaw took to correct any defective notice; and (vii) amend its Answer to the Defendants' Third Amended Complaint accordingly.

33. The Shaw Family denies that any letters were sent to eBay with respect to the product and images that are depicted in SFA bates range 00349, 00386 and 00450. (Strauss Decl., Ex. 22). In fact, Defendants did not ask SFA's 30(b)(6) witness, Melissa Stevens, if any of these letters were delivered to eBay. Larry Shaw's letters were addressed to the attention of Ebay'sVeRO program, and each letter contained reference to an item number. Id. The eBay item numbers for SFA 00349, 00386 and 00450 do not match any of the item numbers on any of Mr. Shaw's letters. Id. Defendants received Larry Shaw's notices to eBay, and the Shaw Family's letters to third parties (Strauss Decl, Exs. 19-24, 43) from the Shaw Family during the course of discovery, and were not the basis for Defendants' declaratory judgment action.

Defendants did not depose Michelle Minieri, Larry Shaw (while he was alive), or any of the recipients of these letters, about the content of these notices and letters and whether they were sent or received.

34.     My letter to the New York Post, dated July 28, 2005 (Strauss Decl., Ex. 11), did not pertain to any photographic image that was published in the Rizolli or Ballantine books.

Dated: New York, New York
      March 4, 2008

                             LAW OFFICES OF CHRISTOPHER SERBAGI

                             By: David Marcus
                             488 Madison Avenue
                             New York, New York 10022
                             Tel: 212-593-2112
                             Fax: 212-308-8582

                             Attorneys for Shaw Family Archives, Ltd., Bradford
                             Licensing Associates, Edith Marcus and Meta Stevens