# EX. A

Served separately under seal
pursuant to protective order

# EX. B

Served separately under seal
pursuant to protective order

# EX. C

Served separately under seal
pursuant to protective order

EX. D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - }
                                                      :
SHAW FAMILY ARCHIVES, LTD., EDITH                     :
MARCUS and META STEVENS,                              :      05 CV 3939 (CM)
                                                      :
                        Plaintiffs,                   :      Honorable Colleen McMahon
                                                      :
        v.                                            :
                                                      :
CMG WORLDWIDE, INC., an Indiana Corporation           :
and MARILYN MONROE, LLC, a Delaware Limited           :
Liability Company,                                    :
                                                      :
                        Defendants.                   :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - }

### DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE, LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS/CONSOLIDATED DEFENDANTS

Defendant/Consolidated Plaintiff Marilyn Monroe, LLC ("MMLLC"), by and through its undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Plaintiffs/Consolidated Defendants Shaw Family Archives, Ltd. ("SFA") and Bradford Licensing, Inc. ("Bradford") (collectively, "Plaintiffs"), in accordance with the definitions and instructions set forth below, fully respond to the following Interrogatories separately, in writing, within thirty days of service.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Interrogatory.

1)      The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2)      The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)      The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)      "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5)      "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6)      The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7)      The term "Monroe Intellectual Property Rights" means and refers to various intellectual property rights, including certain trademarks, copyrights, and the rights of association

2

and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

8)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw over which you claim ownership.

9)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11)    The terms "you," "your," and "your company" shall mean each Plaintiff and/or Counterclaim Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on each Plaintiff and/or Counterclaim Defendant's behalf.

12)    Each of the terms "all" and "each" shall be construed as both all and each.

13)    The term "any" means both any and all.

14)    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15)    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

3

16)     The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## **INSTRUCTIONS**

1)     Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2)     In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3)     After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4)     Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

5)     If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

6)     In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain

4

further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State all facts concerning your licensing for commercial use any of the Monroe/Shaw Photographs without the authorization, consent, involvement, or participation of MMLLC or CMG.

**INTERROGATORY NO. 2:**

Identify all persons or entities with knowledge or information concerning your response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

Identify any piece of litigation, aside from the instant litigation, between you and any other person concerning your ownership of the Monroe/Shaw Photographs.

**INTERROGATORY NO. 4:**

State the specific nature of any damages to you that you claim is the result of CMG or MMLLC's conduct, including but not limited to (a) the date on which such damages occurred; (b) the amount of such damages; and (c) the proximate cause of such damages.

**INTERROGATORY NO. 5:**

Identify any person or entity that has an ownership interest in you, including their percentage of ownership.

**INTERROGATORY NO. 6:**

State all facts regarding any instance where you stated to third parties that MMLLC does not own the Monroe Intellectual Property Rights.

5

**INTERROGATORY NO. 7:**

Identify any person or entity that you have told that MMLLC does not own the Monroe Intellectual Property Rights.

**INTERROGATORY NO. 8:**

State all facts concerning any Monroe/Shaw Photographs that have fallen in the public domain.

**INTERROGATORY NO. 9:**

State all facts concerning your ownership of any copyrights in the Monroe/Shaw Photographs.

**INTERROGATORY NO. 10:**

State all facts concerning Bradford's representation of the Monroe/Shaw Photographs for commercial purposes.

**INTERROGATORY NO. 11:**

State all facts concerning all incidents of which you are aware in which MMLLC contacted your third party licensees, actual or prospective, regarding the licensing of the Monroe/Shaw Photographs.

**INTERROGATORY NO. 12:**

Identify all persons or entities with knowledge or information concerning your response to Interrogatory No. 11.

**INTERROGATORY NO. 13:**

State all facts concerning your claim that Marilyn Monroe died a domiciliary of New York.

6

## INTERROGATORY NO. 14:

State all facts concerning your allegation that MMLLC infringed your alleged copyrights

in the Monroe/Shaw Photographs.

Dated: New York, New York
       January 11, 2007

                                        _____
                                        Orin Snyder (OS-3122)
                                        Michelle Craven (MC-8556)
                                        **GIBSON, DUNN & CRUTCHER LLP**
                                        200 Park Avenue, 47th Floor
                                        New York, New York 10166
                                        T: (212) 351-4000
                                        F: (212) 351-4035

                                        Attorneys for Defendant/Consolidated Plaintiff
                                        Marilyn Monroe, LLC

100124411_2.DOC

Document5

7

# EX. E

------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., BRADFORD
LICENSING, INC., JAMES E. DOUGHERTY, and
VALHALLA PRODUCTIONS, LLC.

                          Plaintiffs,

          -against-

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware
Limited Liability Company,

                         Defendants.

Index No. O5 CV 3939 (CM)

------------------------------------------------X

## PLAINTIFFS'/CONSOLIDATED DEFENDANTS' RESPONSES AND OBJECTIONS TO DEFENDANT/CONSOLIDATED PLAINTIFF MMLLC'S FIRST SET OF INTERROGATORIES

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through the undersigned counsel, responds to Defendant/Consolidated Plaintiff MMLLC's ("Defendant")First Set of Interrogatories to Plaintiffs, as follows:

## GENERAL OBJECTIONS

In addition to specific objections asserted with respect to specific interrogatory responses, Plaintiffs assert the following general objections with respect to each and every one of Defendant's interrogatories:

1.     Plaintiffs object to the extent that Defendant's discovery requests seek to impose duties or obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

2.    Plaintiffs object to the extent that Defendant's discovery requests are overbroad, vague, unduly burdensome, oppressive, ambiguous or otherwise unclear as to the precise information sought.

3.    Plaintiffs object to the extent that Defendant's discovery requests are not reasonably calculated to lead to the discovery of admissible evidence and/or calls for information and/or documents that are irrelevant or immaterial.

4.    Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are no longer in existence or which are not in Plaintiff's possession, custody or control.

5.    Plaintiffs objects to the extent that Defendant's discovery requests seek production of information and/or documents, which are dated, were prepared or relate to facts, events or activities that occurred after the commencement of this action.

6.    Plaintiffs object to the extent that Defendant's discovery requests seek production of information and/or documents which are publicly available, and/or equally or more readily available to Defendant.

7.    Plaintiffs object to the extent that Defendant's discovery requests seek production of documents, which are subject to the attorney-client privilege, constitute work product, or are otherwise immune from discovery.

8.    Nothing in these responses shall be construed as a waiver or any of the objections contained herein or any privilege or immunity.

9.    Plaintiffs object to the extent that Defendant's discovery requests are unreasonably cumulative and duplicative.

2

10.    Any production of information or documents by Plaintiffs in response to Defendant's discovery requests shall not be construed as a waiver of Plaintiffs' right to object to the use of such documents, or their proffered admission into evidence, at trial, or in any motion in other proceedings in or related to this action.

11.    If Plaintiffs inadvertently produce information and/or documents that are or may be the subject of any of the objections contained herein, such production is not intended to be, nor shall it be deemed to be, a waiver of objections with respect to such information, documents or any withheld information. Plaintiffs reserve his right to demand the return of such information, including all copies of such documents and any notes, extracts or excerpts pertaining thereto.

12.    Plaintiffs' discovery and investigation in connection with this lawsuit are continuing. Plaintiffs object because Defendants' failure to produce documents in a timely manner has significantly hindered Plaintiffs' ability to formulate complete responses to these interrogatories. Accordingly, Plaintiffs reserve the right to amend these interrogatory responses and will do so when its investigation is complete.

## INTERROGATORY RESPONSES

## INTERROGATORY NO. 1:

State all facts concerning your licensing for commercial use any of the Monroe/Shaw Photographs without the authorization, consent, involvement, or participation of MMLLC or CMG.

## RESPONSE TO INTERROGATORY NO. 1

Plaintiffs objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further objects to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any ̃ther applicable privilege or immunity. Plaintiffs further objects to the extent that this ̱terrogatory assumes that "authorization, consent, involvement or participation of MMLLC or

3

CMG" is required for the licensing of the Monroe/Shaw Photographs. Without waiving the foregoing objections, Plaintiffs respond as follows:

On or about August 7, 2006, Shaw Family Archives hired Bradford to manage the licensing program for the SFA. Bradford's activities on behalf of SFA include contacting licensees, negotiating license agreements, executing agreements, managing all art and product development, and working closely with licensees on new marketing initiatives to expand distribution and consumer demand for all merchandise. The licenses Bradford arranges on behalf of SFA are a limited right solely to use the Monroe/Shaw Photographs. Moreover, all license agreements Bradford arranges on behalf of SFA are for entities located outside of Indiana.

MMLLC's request for "all facts concerning [Plaintiffs'] licensing for commercial use of the Monroe/Shaw Photographs" is entirely irrelevant to any asserted claim. In particular, Defendants' Complaint is limited to two types of claims: (i) causes of action based entirely on Indiana Statutes and (ii) causes of action that are based on Plaintiffs' purported representations to third parties concerning MMLLC's alleged intellectual property rights. Because all of Plaintiffs' license agreements explicitly prohibit the licensee from selling, manufacturing, and advertising in Indiana and none of the license agreements contain any mention of either Defendant, they can have no bearing on Defendants' claims. The relevancy of Plaintiffs' licensing arrangements is currently before Magistrate Judge Fox. Plaintiffs reserve the right to amend this interrogatory response pending Judge Fox's ruling.

## INTERROGATORY NO. 2:

Identifying all persons or entities with knowledge or information concerning your response to interrogatory No. 1.

## RESPONSE TO INTERROGATORY NO. 2

Larry Shaw, Edith Marcus, Meta Stevens, Len Reiter, Michelle Minieri, Sabrina Puleo, Romina Cuba, and Emrah Lepinski, Christopher Serbagi, Brian Greben, and David Marcus.

## INTERROGATORY NO. 3:

Identify any piece of litigation, aside from the instant litigation, between you and any other person concerning your ownership of the Monroe/Shaw Photographs.

## RESPONSE TO INTERROGATORY NO. 3

1.    Sam Shaw v. Martin Bressler, Index No. 123783/1994, New York State Supreme Court
2.    Sam Shaw v. St. Martin's Press, Inc., Suzanne Sommer Productions, Susan Bernard, Index No. 93 Civ. 2871(LAP), United States District Court, Southern District of New York.
3.    Tunick v. Shaw, et al., Index No. 116636/03, New York State Supreme Court

4

4.      Shaw, et al v. Rizzoli Int'l., et al, Index No. 1:96-cv-04259-JGK-MHD, United States
District Court, Southern District of New York
5.      Tom Kelley Studios, et al v. Int'l. Collectors, et al., Index No. 1:97-cv-00056-WK, United
States District Court, Southern District of New York.

## INTERROGATORY NO. 4:

State the specific nature of damages to you that you claim is the result of CMG or
MMLLC's conduct, including but not limited to (a) the date on which such damages occurred;
(b) the amount of such damages; and (c) the proximate cause of such damages.

## RESPONSE TO INTERROGATORY NO. 4

Plaintiffs objects to this Interrogatory on the grounds that it is overly broad, unduly
burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the
discovery of admissible evidence.  Plaintiffs further objects to the extent that it seeks discovery
of information, which is subject to the attorney-client privilege, work product immunity, or any
other applicable privilege or immunity.  Plaintiffs further objects on grounds that its investigation
of the damages they have suffered is ongoing and much of the information it needs to fully
ascertain the extent of damage suffered as a result of Defendants' unlawful activities in the
possession of Defendants or third parties.  Defendants reserve the right to supplement this
request.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs
state as follows:

1)      Plaintiffs have been damaged by a cease and desist letter, dated May 2, 2006 that
Defendant CMG sent to Urban Outfitters.  The letter threatened legal action against Urban
Outfitters based on its purported offer for sale and/or sale of tee shirts bearing the Monroe/Shaw
Photographs (the "Sales").  The tee shirts in question were provided to Urban Outfitters by
Plaintiffs' licensee, Gagwear.  CMG made a number of false and damaging claims in its letter,
including but not limited to, CMG's representation that (i) Defendants have rights of publicity to
the Marilyn Monroe image and likeness and (ii) Urban Outfitters is selling unlicensed Marilyn
Monroe tee- shirts, which CMG falsely claimed violated Defendants' intellectual property rights.
CMG's demand for, *inter alia*, compensation and threat of legal action proximately caused
Urban Outfitters to pull Gagwear products bearing the Monroe/Shaw Photographs from the
shelves, which resulted in lost Sales and a deterioration of the relationship between Plaintiffs
with both Gagwear and Urban Outfitters.  Plaintiffs receive royalty revenue from Gagwear for
the use of the Monroe/Shaw Photographs at the rate of 10% of gross sales.  Gagwear's Sales
prior to CMG's cease and desist letter were approximately $97,840.50 in the first quarter of
2006.  By the second quarter of 2006, Gagwear's Sales dropped to $17,850.50; by the third
quarter of 2006, Gagwear's Sales were only $136.00.

Plaintiffs contend that their lost royalty revenues from Gagwear are increasing every quarter
because it is typical for Plaintiffs' successful licensees to increase their Sales by 20% per quarter.
Thus, based on historical performance, Plaintiffs contend that, but for CMG's cease and desist

Museum venues and sponsorship. However, despite his prior promise and SFA's reasonable reliance thereon, Mr. Roesler inexplicably told Mr. Alto not to proceed with the Exhibitions.

## INTERROGATORY NO. 5:

Identify any person or entity that has an ownership interest in you, including their percentage of ownership.

## RESPONSE TO INTERROGATORY NO. 5

With respect to Plaintiff SFA:

Larry Shaw, 20%
Jakob Shaw, 15%
Austin Shaw 15%
Edith Marcus, 10%
Rebeka Marcus, 7.5%
David Marcus, 7.5%
Cindy Conti, 5%
Robert Conti, 5%
Melissa Stevens, 5%
Meta Stevens, 10%.

With respect to Plaintiff Bradford:

Mr. William M. Matthews, 52.41000%
Mr. Alfred Copeland, 11.65000%
Mr. Warren Cross, 11.65000%
Mr. Clyde Moonie, 11.65000%
Janet A. Harestad Trust, 5.820000%
Leonard Reiter, 5.820000%
LFR Inc.,1.000000%

## INTERROGATORY NO. 6:

State all facts regarding any instance where you stated to third parties that MMLLC does not own the Monroe Intellectual Property Rights.

## RESPONSE TO INTERROGATORY NO. 6

Plaintiffs objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further objects to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any

other applicable privilege or immunity.   Subject to and without waiving the foregoing general and specific objections, Plaintiffs state as follows:

Plaintiffs have never stated that MMLLC does not own the "Monroe Intellectual Property Rights." There are instances where individuals may have expressed an opinion on issues relating to MMLLC's intellectual property.  Pursuant to F.R.C.P. 33(d), Plaintiffs have produced documents that may be relevant to this request, from which Defendants can draw their own conclusions as to their import.  In particular, see the following documents:

1.    SFA 509
2.    SFA 281
3.    Shaw Supplement Declaration in support of Plaintiffs' cross motion for summary judgment, dated January 15, 2007, Ex. A

## INTERROGATORY NO. 7:

Identify any person or entity that you have told that MMLLC does not own the Monroe Intellectual Property Rights.

## RESPONSE TO INTERROGATORY NO. 7

Plaintiffs objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further objects to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Subject to and without waiving the foregoing general and specific objections, Plaintiffs state as follows:

Plaintiffs have never stated that MMLLC does not own the "Monroe Intellectual Property Rights." There are instances where an officer of Shaw Family Archives may have expressed his individual opinion on issues relating to MMLLC's intellectual property.  Pursuant to F.R.C.P. 33(d), Plaintiffs have produced documents that are relevant to this request, from which Defendants can draw their own conclusions as to their import.  In particular, see the following documents:

1.   SFA 509
2.   SFA 281

## INTERROGATORY NO. 8:

State all facts concerning any Monroe/Shaw Photographs that have fallen in the public domain.

10

## RESPONSE TO INTERROGATORY NO. 8

On information and belief, Plaintiffs contend that none of the Monroe/Shaw Photographs have fallen into the public domain.

## INTERROGATORY NO. 9:

State all facts concerning your ownership of any copyrights in the Monroe/Shaw Photographs.

## RESPONSE TO INTERROGATORY NO. 9

Plaintiffs object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Without waiving the foregoing objections, Plaintiffs state as follows:

Plaintiffs contend that Sam Shaw took thousands of photographs of Marilyn Monroe and that Mr. Shaw owned the copyrights thereto. Pursuant to F.R.C.P. 33(d), Plaintiffs refer Defendants to the following documents:

1. Plaintiffs' Amended Complaint, dated May 9, 2005, ¶¶ 11-13. Exhibits A through E.

2. SFA 1-167, 452-483.

3. Woodner-Shaw Partnership Agreement dated November 8, 1985, Agreement dated January 26, 1992 transferring shares in Woodner-Shaw Corporation to Sam Shaw and the March 30, 1993 letter from Deane F. Johnson, Esq. dated March 30, 1993. To be produced.

## INTERROGATORY NO. 10:

State all facts concerning Bradford's representation of the Monroe/Shaw Photographs for commercial purposes.

## RESPONSE TO INTERROGATORY NO. 10

Plaintiffs objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further objects to the extent that it seeks discovery

of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

On or about August 7, 2006, Shaw Family Archives hired Bradford to manage the licensing program for the SFA. Bradford's activities on behalf of SFA include contacting licensees, negotiating license agreements, executing agreements, managing all art and product development, and working closely with licensees on new marketing initiatives to expand distribution and consumer demand for all merchandise. The licenses Bradford arranges on behalf of SFA are a limited right solely to use the Monroe/Shaw Photographs.

The details of the Plaintiffs' licensing arrangements, including the identify of the licensees and the terms of the specific agreements, are irrelevant to any issue in this litigation. The relevancy of Plaintiffs' licensing arrangements is currently before Magistrate Judge Fox. Plaintiffs reserve the right to amend this interrogatory response pending Judge Fox's ruling

## INTERROGATORY NO. 11:

State all facts concerning all incidents of which you are aware in which MMLLC contacted your third party licensees, actual or prospective, regarding the licensing of the Monroe/Shaw Photographs.

## RESPONSE TO INTERROGATORY NO. 11

See Plaintiffs' Response to Interrogatory No. 4. Pursuant to F.R.C.P. 33(d), Plaintiffs have produced documents that may be relevant to this request. In particular, see the following documents:

1. SFA 289-292

## INTERROGATORY NO. 12:

Identify all persons or entities with knowledge or information concerning your response of Interrogatory No. 11.

## RESPONSE TO INTERROGATORY NO. 12

Larry Shaw, Edith Marcus, Meta Stevens, Len Reiter, Michelle Minieri, Sabrina Puleo, Romina Cuba, and Emrah Lepinski, Christopher Serbagi, Brian Greben, and David Marcus. See Plaintiffs' response to Interrogatory No. 11.

12

## INTERROGATORY NO. 13:

State all facts concerning your claim that Marilyn Monroe died a domiciliary of New York.

## RESPONSE TO INTERROGATORY NO. 13

Plaintiffs objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further objects to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Without waiving the foregoing objections, Plaintiffs respond as follows:

Pursuant to F.R.C.P. 33(d), Plaintiffs have produced documents that are relevant to this request. In particular, see the following documents:

1.  Plaintiffs' Memorandum in Support of their cross motion for summary judgment, dated November 26, 2006, Statement of Facts and declarations annexed thereto and Plaintiffs Memorandum in Reply and the declarations annexed thereto.

    Exhibit D to the Declaration of Larry Shaw, dated November 29, 2006 and Exhibits F through N and Q, R, S, of the Declaration of David Marcus dated November 28, 2006.

    Exhibits 6-10 of the Supplemental Declaration of Michelle Craven, dated December 22, 2006.

    Exhibits B through I and Exhibit L to the Supplemental Declaration of David Marcus, dated January 15, 2007.

2.  <u>Frosch v. Grosset & Dunlap, et al</u>, 75 AD.2d 768; 427 NYS2d 828 (1st Dep't 1980)

3.  Will of Marilyn Monroe, which was drafted, executed and probated in the City and State of New York.

## INTERROGATORY NO. 14:

State all facts concerning your allegation that MMLLC infringed your alleged copyright in the Monroe/Shaw Photographs.

## RESPONSE TO INTERROGATORY NO. 14

Plaintiffs objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and seeks information not reasonably calculated to lead to the

discovery of admissible evidence. Plaintiffs further objects to the extent that it seeks discovery of information, which is subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity. Without waiving the foregoing objections, Plaintiffs respond as follows:

Pursuant to F.R.C.P. 33(d), Plaintiffs have produced documents that are relevant to this request. In particular, see the following documents:

1.  Plaintiffs' Amended Complaint, dated May 9, 2005, ¶¶ 15-26.

Dated:  March 2, 2007
New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _Christopher Serbagi_

Christopher Serbagi (CS 7746)
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiffs/Consolidated Defendants

## VERIFICATION

I, Michelle Minieri, am the president of Bradford Licensing Associates. ("Bradford"). I have reviewed Bradford's answers in the interrogatories set forth in the foregoing Plaintiffs/Consolidated Defendants' Responses and Objections to Defendant/Consolidated Plaintiff MMLLC's First Set of Interrogatories. I declare under penalty of perjury of the laws of the United States that these answers are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
      December 14, 2007

Michelle Minieri

## VERIFICATION

I, Melissa Stevens, am General Operations Manager of Shaw Family Archives, Ltd. ("SFA").  I have reviewed SFA's answers in the interrogatories set forth in the foregoing Plaintiffs/Consolidated Defendants' Responses and Objections to Defendant/Consolidated Plaintiff MMLLC's First Set of Interrogatories.  I declare under penalty of perjury of the laws of the United States that these answers are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
      December 14, 2007

Melissa Stevens

# EX. F

# YAHOO! MAIL
Classic

Print - Close Window

**Date:**    Fri, 06 Jul 2007 16:04:41 -0400

**Subject:**  Re: <no subject>

**From:**    "Christopher Serbagi" <c.serbagi@earthlink.net>

**To:**     "Snyder, Orin" <OSnyder@gibsondunn.com>, "Arato, Cynthia S." <CArato@gibsondunn.com>, "Craven, Michelle M." <MCraven@gibsondunn.com>

**CC:**     dmmlitigates@yahoo.com

Yes, I am available Friday at noon.

Perhaps Cynthia can send us the Shaw Family photographs at issue in the meantime and perhaps someone can contact your clients to get some available
dates.  It would not appear that your presence in London would preclude resolution of those issues.

I understand what FRCP 30 says.  We can certainly start with one day, but I
wanted you to have your witness set aside three days just in case it is necessary.  I will forward my email to Jonathan Polak.

You have a great weekend as well and enjoy London.

Chris


On 7/6/07 3:47 PM, "Snyder, Orin" <OSnyder@gibsondunn.com> wrote:

> Let's have a meet-and-confer on these issues, including scheduling issues and
> the issues we have. I'm in London through Thursday. Are you free Friday at
> noon? Have a great weekend. Orin
>
> -------------------------
> Sent from my BlackBerry Wireless Device
>
>
> -----Original Message-----
> From: Christopher Serbagi <c.serbagi@earthlink.net>
> To: Snyder, Orin; Arato, Cynthia S.; Craven, Michelle M.
> CC: David Marcus <dmmlitigates@yahoo.com>
> Sent: Fri Jul 06 15:34:50 2007
> Subject: <no subject>
>
> Dear Orin:
>
> A few issues:
>
> Plaintiffs want to take the depositions of Anna Strasberg and Mark Roesler
> sometime in late August or early September.  I assume they are the 30(b)(6)
> witnesses so that we will not have to serve new notices.  Please

confirm
> whether Strasberg and Roesler are the Defendants' 30(b)(6) witnesses.
> Please provide dates when those witnesses are available no later than
July
> 11 so that David and I can save those dates. Thanks.
>
> We will be serving a second set of interrogatories shortly.  I am
writing to
> request that Defendants serve timely and complete responses so that
we have
> them and have time to work out any disputes prior to the foregoing
> depositions.
>
> With respect to Cynthia's email dated July 2, 2007, I disagree with
the
> manner in which she characterized our agreement.   Re our tortious
> interference claims: we agreed to produce license agreements for
those
> licensees with which we assert Defendants interfered.  We will also
produce
> any revenue projections for those licensees to the extent they exist.
Re
> your unfair competition claims:  Putting aside the fact that this
claim is
> entirely frivolous (especially since Judge McMahon's May 2, 2007
Decision
> and Order) and we do not believe you are entitled to any discovery on
this
> claim, we did agree to produce any documents wherein we stated to
anyone
> that it did not need permission from MMLLC to obtain a license.  Upon
> information and belief, we have no such documents.
>
> Finally, please immediately produce the Shaw Family Photographs that
> Defendants admitted to displaying on their web site.  See Defendants'
> response to Plaintiffs Interrogatory No. 1. If Defendants have
produced them
> already, please identify the production numbers.  If Defendants do
not have
> those images, please describe the photographs with as much detail as
> possible.
>
> Thanks and have a good weekend.
>
>
> Best,
>
> Chris
>
>
>
> Law Offices of Christopher Serbagi
> 488 Madison Avenue, Suite 1120
> New York, New York  10022
> Tele:  212-593-2112
> Fax:  212-308-8582
> Email: c.serbagi@earthlink.net
> Web Site: www.serbagi.com

```
>
>
>
>
>
> "MMS <Gibsondunn.net>" made the following annotations.
>
 ----------------------------------------------------------------------------
>
> This message may contain confidential and privileged information.  If
 it has
> been sent to you in error, please reply to advise the sender of the
 error and
> then immediately delete this message.
>
 ============================================================================
```

EX. G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., EDITH :
MARCUS and META STEVENS, :
:
:
                        Plaintiffs, : Index No. O5 CV 3939 (CM)
:
:
      -against- :
:
:
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware :
Limited Liability Company, :
:
                       Defendants. :
:
------------------------------------------------------------------X

### PLAINTIFFS/CONSOLIDATED DEFENDANTS SECOND SET OF
### INTERROGATORIES TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

      Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their

undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure, hereby requests that Defendants/Consolidated Plaintiffs CMG Worldwide,

Inc. and Marilyn Monroe, LLC (collectively, "Defendants"), in accordance with the

definitions and instructions set forth below, fully respond to the following Interrogatories

separately, in writing, within thirty days of service.

### DEFINITIONS

      The following terms shall have the meanings set forth below whenever used in

any Definition, Instruction, or Interrogatory.

      1)      The term "company" includes all predecessor, successor, subsidiary,

parent and affiliated entities.

      2)      The term "communication" or "communicating" refers to any transmission

of information (in the form of facts, ideas, inquiries, or otherwise) between or among

individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)    The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind.  A draft or non-identical copy is a separate document within the meaning of this term.

5)    "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6)    The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7)    The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and

Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

8)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

9)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11)    The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

12)    Each of the terms "all" and "each" shall be construed as both all and each.

13)    The term "any" means both any and all.

14)    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15)    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16)    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the

3

scope of the discovery request all responses that might otherwise be construed to be outside the scope.

17)    The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

18)    The term "PTO" means the United States Patent and Trademark Office.

19)    The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al., Index. No. CV 05-2200 MMM, dated May 14, 2007.

## INSTRUCTIONS

1)    Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2)    In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3)    After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4)      Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

5)      If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

6)      In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

7)      Identify documents from Defendants' document production that are responsive to and/or relate to these Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify the precise nature of the Monroe Intellectual Property Rights (as you have used that term in the Second Amended Complaint and your response to Plaintiffs' first set of interrogatories) you claim to own in the name, likeness, or image of Marilyn Monroe in light of the Federal Court Decisions.

Your response to this single interrogatory, i.e. the nature of the rights you claim in Marilyn Monroe subsequent to the Federal Court Decisions, should include a recitation of any rights you purportedly own in the following:

(i)      MM Marks: The basis for your belief that Defendants own MM Marks in Marilyn Monroe; the precise Marks you claim to own (include application serial numbers and registration numbers). State separately

for each Mark how the Defendants purportedly acquired and maintained rights in the MM Marks, the goods/services that you have used in connection with each MM Mark, who the licensees are for each mark.

(ii)   Copyrights: Identify any copyrights that Defendants allege they own in connection with the image of Marilyn Monroe.

(iii)   Right of Publicity: State whether you claim you have a right of publicity in Marilyn Monroe. If so, explain in detail the factual and legal basis for that belief.

(iv)   Images of Marilyn Monroe: State whether Defendants purport to have intellectual property rights in the image of Marilyn Monroe. If the answer to the following is anything other than an unqualified no, identify the exact nature of the right you own, the reason you have that right, and whether you believe you are entitled to assert that right in the marketplace.

As part of your explanation of the Monroe Intellectual Property rights you claim to own in light of the Federal Court Decisions, your response to this interrogatory should also provide an explanation of the basis for your continued representations that those who wish to use images of Marilyn Monroe in commerce need your permission to do so.

## INTERROGATORY NO. 2:

State whether you have ever represented to the PTO that you were using goods in connection with a MM Mark that were not actually in use. Your response to this single interrogatory should include the following information: (i) identify by serial number or registration number all MM Marks for which you have filed a statement/declaration of use with the PTO and for each such MM Mark, identify the basis for your allegation that Defendants have used those goods in commerce and (ii) state whether you have made uninterrupted use of the goods and services listed in connection with the registration certificates for all the Marks.

## INTERROGATORY NO. 3:

For each MM Mark, Provide a detailed explanation of the measures, if any, the Defendants have taken to exercise quality control over the MM Marks.

6

## INTERROGATORY NO. 4

Explain any basis you have to disagree that Plaintiffs have been damaged in the manner set forth in Plaintiffs' response to Defendants' Interrogatory No. 4?


Dated:  July 10, 2007
        New York, New York


LAW OFFICES OF CHRISTOPHER SERBAGI


By:  _Christopher Serbagi_
     Christopher Serbagi (CS 7746)
     488 Madison Avenue, Suite 1120
     New York, New York 10022
     Tele: (212) 593-2112
     Fax: (212) 308-8582

     Attorney for the Plaintiffs

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2007, I caused a true and correct copy of Plaintiffs/Consolidated Defendants Second Set of Interrogatories to Defendants/Consolidated Plaintiffs to be served by overnight mail to:

Orin Snyder, Esq.
Gibson Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Tele: 212-351-4000
Fax: 212-351-6288

Attorneys' for Marilyn Monroe, LLC

Jonathan G. Polak, Esq.
SOMMER BARNARD PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tele: 317-713-3500
Fax: 317-713-3699

Attorneys for CMG Worldwide, Inc.

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _Christopher Serbagi_
Christopher Serbagi (CS 7746)
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582