# EX. H

# YAHOO! MAIL
### Classic

| | |
|---|---|
| **Date:** | Thu, 19 Jul 2007 14:54:51 -0400 |
| **Subject:** | FW: |
| **From:** | "Christopher Serbagi" <c.serbagi@earthlink.net> |
| **To:** | "Snyder, Orin" <OSnyder@gibsondunn.com>, "Tracy Betz" <TBetz@sommerbarnard.com> |
| **CC:** | "David Marcus" <dmmlitigates@yahoo.com> |

Orin and Tracy:  Please provide a written response to my electronic communication below.  In particular, I await receipt or identification of the Shaw family photographs employed by CMG on its web site.  Thank you.

Best,

Christopher Serbagi


------ Forwarded Message
From: Christopher Serbagi <c.serbagi@earthlink.net>
Date: Fri, 06 Jul 2007 15:34:50 -0400
To: "Snyder, Orin" <OSnyder@gibsondunn.com>, "Arato, Cynthia S."
<CArato@gibsondunn.com>, "Craven, Michelle M." <MCraven@gibsondunn.com>
Cc: David Marcus <dmmlitigates@yahoo.com>
Subject: <no subject>

Dear Orin:

A few issues:

Plaintiffs want to take the depositions of Anna Strasberg and Mark Roesler
sometime in late August or early September.  I assume they are the 30(b)(6)
witnesses so that we will not have to serve new notices.  Please confirm
whether Strasberg and Roesler are the Defendants' 30(b)(6) witnesses.
Please provide dates when those witnesses are available no later than July
11 so that David and I can save those dates. Thanks.

We will be serving a second set of interrogatories shortly.  I am writing to
request that Defendants serve timely and complete responses so that we have
them and have time to work out any disputes prior to the foregoing depositions.

With respect to Cynthia's email dated July 2, 2007, I disagree with the
manner in which she characterized our agreement.   Re our tortious
interference claims: we agreed to produce license agreements for those
licensees with which we assert Defendants interfered.  We will also produce
any revenue projections for those licensees to the extent they exist.

Re
your unfair competition claims:  Putting aside the fact that this claim is
entirely frivolous (especially since Judge McMahon's May 2, 2007 Decision
and Order) and we do not believe you are entitled to any discovery on this
claim, we did agree to produce any documents wherein we stated to anyone
that it did not need permission from MMLLC to obtain a license.  Upon
information and belief, we have no such documents.

Finally, please immediately produce the Shaw Family Photographs that
Defendants admitted to displaying on their web site.  See Defendants'
response to Plaintiffs Interrogatory No. 1. If Defendants have produced them
already, please identify the production numbers.  If Defendants do not have
those images, please describe the photographs with as much detail as
possible.

Thanks and have a good weekend.


Best,

Chris


Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York  10022
Tele: 212-593-2112
Fax:  212-308-8582
Email: c.serbagi@earthlink.net
Web Site: www.serbagi.com


------ End of Forwarded Message

EX. I

christopher serbagi                          Saturday, February 23, 2008 4:20 PM

**Subject:** Shaw Family Archives, Ltd. et. al. vs. CMG Worldwide, et. al. / Case No. 05-CV-3939 / S.D.N.Y.
**Date:** Friday, July 27, 2007 7:07 AM
**From:** Ted J. Minch <tjminch@sovichminch.com>
**To:** <c.serbagi@earthlink.net>
**Cc:** "\"'Arato, Cynthia S.'\"" <CArato@gibsondunn.com>, <cmsovich@sovichminch.com>

Good morning, Mr. Serbagi:

Please know that our firm has been retained by CMG Worldwide, Inc. to represent its future interests with regard to the above-named litigation. To that end, be advised that Mr. Jonathan Polak and Sommer Barnard will no longer be counsel of record in these matters and, as such, please direct all future communication to my attention or to the attention of Christine M. Sovich, whom I have copied on this correspondence.

As a matter of first importance, I understand that there are looming August 1, 2007 deadlines for the filing of amended pleadings in this Case. While we have only been associated with the case for a short period and, obviously, have not had an opportunity to wade through what I understand to be voluminous paperwork, it has been communicated to me by counsel for Marilyn Monroe, LLC that the most pressing issue from your perspective, at this point, is clarification of CMG's response to Interrogatory No. 1 of your client's first set of interrogatories. More particularly, you have requested that we respond to questions regarding the statement that "In 2004, CMG displayed no more than 5 Monroe / Shaw Photographs on its corporate website for no more than 6 – 9 months. …"

Once again, though we have been on the case only a short time, understanding the urgency of your request as the foregoing as well as, of course, the looming deadline, I can tell you that my inquiry into that statement has revealed the following:

1)      There were apparently up to five (5) photographs that were selected from the Rizzoli book to be posted to CMG's website sometime in 2004;

2)      While the photos had all been selected from the Rizzoli book, and despite our various earnest efforts, including whatever electronic means we had available, to retrieve the actual screen shot(s) from the 2004 CMG webpage(s) that bore said photos, there is no specific and / or independent recollection of which photos were actually utilized;

3)      The photos from the Rizzoli book were posted for a period of approximately nine (9) months sometime in 2004;

4)        We are uncertain how many actual photos appeared on the website though we are certain there were likely no more than five (5); and

5)        No other photos outside those that appeared in the Rizzoli book were used on CMG's website.

Please understand that should you have any additional questions based up the foregoing information, we would be happy to continue to delve into this matter more deeply.  However, given the fact that it is our understanding that the photos that appeared in the Rizzoli book were deemed to be in the public domain and, further, that, unbeknownst to CMG until more careful review for the purpose of this response, there may have been only one (1) actual Shaw photo contained in the Rizzoli book, I would suggest that this issue is now rendered moot.

Nevertheless, once again, we look forward to working with you in these matters and hope that our relationship is cordial and productive and as we collectively work our way through these complex litigation matters.  To that end, as always, please do not hesitate to contact me should you have further questions or you require additional information.

Cordially,

Ted J. Minch
Sovich Minch, LLP
10099 Chesapeake Drive
Suite 100
McCordsville, Indiana 46055
(317) 335-3601 (t)
(317) 335-3602 (f)
www.sovichminch.com <http://www.sovichminch.com>

# EX. J

**christopher serbagi**                                      Tuesday, February 26, 2008 10:49 PM

---

**Subject: Re:**
**Date:** Wednesday, August 8, 2007 8:10 PM
**From:** Snyder, Orin <OSnyder@gibsondunn.com>
**To:** <c.serbagi@earthlink.net>, <tjminch@sovichminch.com>
**Cc:** "\"Arato, Cynthia S.\"" <CArato@gibsondunn.com>, "\"Craven, Michelle M.\"" <MCraven@gibsondunn.com>

Copying Ted.

--------------------------
Sent from my BlackBerry Wireless Device


-----Original Message-----
From: Christopher Serbagi <c.serbagi@earthlink.net>
To: Snyder, Orin
CC: Arato, Cynthia S.; Craven, Michelle M.
Sent: Wed Aug 08 19:19:01 2007
Subject: Re:

On the basis of this representation and your consistent representation to me
on the phone just now, Plaintiffs will consent to the additional day.  You
have agreed not to view our Amended Complaint until you file.  Please pass
that on to CMG counsel as well.


On 8/8/07 7:09 PM, "Snyder, Orin" <OSnyder@gibsondunn.com> wrote:

> OK?
>
> (Note: we are not asserting any new claims; we are cutting claims and
> allegations)
>
> _____
>
> From: Snyder, Orin
> Sent: Wed 8/8/2007 6:25 PM
> To: Christopher Serbagi
> Cc: Arato, Cynthia S.; Craven, Michelle M.
> Subject: RE:
>
>
> Cynthia's nanny is in the hospital, hospitalized last night.  As a result,
> Cynthia has been out-of-pocket all day, with kids at home.
>
> Michelle was delayed getting into the office due to train problems.
>
> As  result, we could not turn around the draft to get to client for approval.
>
> Please confirm that we can have the extra day.  We will not look at your
> pleading; you have my word.
>
> Thanks.

**Page 1 of 3**

```
>
> _____
>
> From: Christopher Serbagi [mailto:c.serbagi@earthlink.net]
> Sent: Wed 8/8/2007 6:20 PM
> To: Snyder, Orin
> Cc: Arato, Cynthia S.; Craven, Michelle M.
> Subject: Re:
>
>
>
> Dear Orin:
>
> Not to be uncooperative, but you can serve me tonight via email and file
in
> the drop box later.  I do not understand the problem.  I already filed
but
> could definitely have used the extra day.  Am I missing something?
Please
> provide additional facts.
>
> Best,
>
> Chris Serbagi
>
>
>
>
> On 8/8/07 6:11 PM, "Snyder, Orin" <OSnyder@gibsondunn.com> wrote:
>
>> Due to the weather (transportation) problems this morning, we are
having
>> logitsical problems.  Please confirm that you have no objection to our
filing
>> the amended complaint tomorrow.  Of course, you should do the same.
>>
>> Thanks for your cooperation.
>>
>> Orin
>>
>>
>>
>>
====================================================================
===>>
=
>>
>> This message may contain confidential and privileged information.  If
it has
>> been sent to you in error, please reply to advise the sender of the
error and
>> then immediately delete this message.
>>
====================================================================
===>>
=
```

```
>>
>>
>
>
>
>
>
>
>
========================================================================
====
>
> This message may contain confidential and privileged information.  If it
has
> been sent to you in error, please reply to advise the sender of the
error and
> then immediately delete this message.
>
========================================================================
====
>
>
```

"MMS <Gibsondunn.net>" made the following annotations.
-------------------------------------------------------------------------
----

This message may contain confidential and privileged information.  If it
has been sent to you in error, please reply to advise the sender of the
error and then immediately delete this message.
```
========================================================================
====
```

EX. K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - )

SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,                                     05 CV 3939 (CM)

              Plaintiffs,                                   Honorable Colleen McMahon

    v.

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - )

## DEFENDANTS'/CONSOLIDATED PLAINTIFFS' RESPONSE TO PLAINTIFFS'/ CONSOLIDATED DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant/Consolidated

Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG") hereby

respond to the Second Set of Interrogatories propounded by Plaintiffs/Consolidated Defendants

Shaw Family Archives, Ltd. ("Shaw") and Bradford Licensing, Inc. ("Bradford") (collectively,

"Plaintiffs").

## GENERAL OBJECTIONS

1.      MMLLC and CMG object to each Interrogatory insofar and to the extent that: (a)

it seeks information subject to a claim of privilege, including but not limited to the attorney-

client privilege and/or attorney work product doctrine, or any other applicable privilege or

doctrine; (b) it seeks information beyond the scope of discovery provided for in Fed. R. Civ. P.

26 and the Local Civil Rules of the United States District Court for the Southern District of New

York (the "Local Rules"); (c) it seeks information that is not relevant to the claims or defenses at

issue in this litigation; (d) it seeks information that would be unduly burdensome to produce

100270592_4.DOC

and/or information that cannot otherwise be more readily accessed by Plaintiffs through less intrusive and/or burdensome means; and/or (e) it seeks information not within the possession, custody or control of MMLLC or CMG. The fact that MMLLC or CMG does not specifically object to an individual Interrogatory on the aforementioned grounds is not intended to waive, and shall not be deemed a waiver of, any such objections, any and all of which are hereby expressly reserved.

2.      MMLLC and CMG object to Plaintiffs' Interrogatories because and to the extent they seek information relating to matters that are not raised in the pleadings, are not relevant to the claims or defenses of any party, and/or, as such, are not reasonably calculated to lead to the discovery of admissible evidence.

3.      MMLLC and CMG object to each Interrogatory (and to the "Definitions" and "Instructions" sections preceding the Interrogatories) to the extent they purport to impose duties exceeding those imposed by the Federal Rules of Civil Procedure or the Local Rules, including, but not limited to, Local Rules 26.3 and 33.3.

4.      MMLLC and CMG object to the "Definitions" and "Instructions" sections preceding the Interrogatories as vague, ambiguous and overly broad.

5.      MMLLC and CMG object to Interrogatories 1, 2, and 3 as improper, pursuant to Local Rule 33.3(b), and as premature contention interrogatories, pursuant to Local Rule 33.3(c). MMLLC and CMG reserve the right to supplement these responses, as needed, at the close of discovery or after depositions have concluded.

6.      MMLLC's and CMG's decision, now or in the future, to provide information notwithstanding the objectionable nature of any of the definitions or instructions, or the Interrogatories, should not be construed as: (i) an agreement that the material is relevant or

2

admissible; (ii) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; or (iii) an agreement that Interrogatories seeking similar documents will be treated in a similar manner. All such defenses and objections are expressly preserved.

7.    MMLLC and CMG are willing to meet and confer in order to properly narrow discovery.

8.    These responses are given without prejudice to MMLLC's and CMG's right to use or rely on at any time, including at trial, subsequently discovered facts and/or any information that may have been omitted from this response by inadvertence, oversight, or otherwise.

9.    These General Objections are incorporated by reference into the responses set forth below. No specific response set forth below is intended to waive any of MMLLC's or CMG's objections.

## INTERROGATORIES

### Interrogatory No. 1:

Identify the precise nature of the Monroe Intellectual Property Rights (as you have used that term in the Second Amended Complaint and your response to Plaintiffs' first set of interrogatories) you claim to own in the name, likeness, or image of Marilyn Monroe in light of the Federal Court Decisions.

Your response to this single interrogatory, i.e. the nature of the rights you claim in Marilyn Monroe subsequent to the Federal Court Decisions, should include a recitation of any rights you purportedly own in the following:

(i)    MM Marks: The basis for your belief that Defendants own MM Marks in Marilyn Monroe; the precise Marks you claim to own (include application serial numbers and registration numbers). State separately for each Mark how the Defendants purportedly acquired and maintained rights in the MM Marks, the goods/services that you have used in connection with each MM Mark, who the licensees are for each mark.

3

(ii)    Copyrights:  Identify any copyrights that Defendants allege they own in connection with the image of Marilyn Monroe.

(iii)    Right of Publicity:  State whether you claim to have a right of publicity in Marilyn Monroe.  If so, explain in detail the factual and legal basis for that belief.

(iv)    Images of Marilyn Monroe:  State whether Defendants purport to have intellectual property rights in the image of Marilyn Monroe.  If the answer to the following is anything other than an unqualified no, identify the exact nature of the right you own, the reason you have that right, and whether you believe you are entitled to assert that right in the marketplace.

As part of your explanation of the Monroe Intellectual Property rights you claim to own in light of the Federal Court Decisions, your response to this interrogatory should also provide an explanation of the basis for your continued representations that those who wish to use images of Marilyn Monroe in commerce need your permission to do so.

## Response to Interrogatory No. 1:

MMLLC and CMG hereby incorporate by reference their General Objections.  MMLLC and CMG further object to Plaintiffs' characterization of this Interrogatory as a "single interrogatory" as there are at least eleven (11) interrogatories contained in this Interrogatory.

MMLLC and CMG object to the interrogatories listed under Interrogatory No. 1 as: overly broad, unduly burdensome, vague and ambiguous, and seeking information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  MMLLC and CMG further object to these interrogatories to the extent they seek information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or the work product doctrine.  MMLLC and CMG further object to these interrogatories in that they improperly seek to have MMLLC and CMG respond "in light of the Federal Court Decisions," despite MMLLC's and CMG's stated intent to appeal those decisions.  In addition, MMLLC and CMG object to these interrogatories pursuant to Rule 33.3(b) of the Local Rules because they are not "a more practical method of obtaining the information sought than a request for production or a deposition."  MMLLC and CMG

4

further object to these interrogatories as premature contention interrogatories under Local Rule

33.3(c).

## Interrogatory No. 2:

State whether you have ever represented to the PTO that you were using goods in
connection with a MM Mark that were not actually in use. Your response to this single
interrogatory should include the following information: (i) identify by serial number or
registration number all MM Marks for which you have filed a statement/declaration of use with
the PTO and for each such MM Mark, identify the basis for your allegation that Defendants have
used those goods in commerce and (ii) state whether you have made uninterrupted use of the
goods and services listed in connection with the registration certificates for all the Marks.

## Response to Interrogatory No. 2:

MMLLC and CMG hereby incorporate by reference their General Objections. MMLLC

and CMG further object to Plaintiffs' characterization of this Interrogatory as a "single

interrogatory" as there are four discrete interrogatories in this Interrogatory.

MMLLC and CMG object to the interrogatories listed under Interrogatory No. 2 as:

overly broad, unduly burdensome, vague and ambiguous, and seeking information that is not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence. MMLLC and CMG further object to these interrogatories to

the extent they seek information that is subject to a claim of privilege, including, without

limitation, the attorney-client privilege and/or the work product doctrine. In addition, MMLLC

and CMG object to these interrogatories pursuant to Local Rule 33.3(b) because they are do not

"a more practical method of obtaining the information sought than a request for production or a

deposition." MMLLC and CMG further object to these interrogatories as premature contention

interrogatories under Local Rule 33.3(c).

**Interrogatory No. 3:**

For each MM Mark, provide a detailed explanation of the measures, if any, the Defendants have taken to exercise quality control over the MM Marks.

**Response to Interrogatory No. 3:**

MMLLC and CMG hereby incorporate by reference their General Objections. MMLLC and CMG object to this interrogatory as: overly broad, unduly burdensome, vague and ambiguous, and seeking information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MMLLC and CMG further object to this interrogatory to the extent it seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or the work product doctrine. In addition, MMLLC and CMG object to these interrogatories pursuant to Rule 33.3(b) of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules") because they are not "a more practical method of obtaining the

6

information sought than a request for production or a deposition." MMLLC and CMG further

object to these interrogatories as premature contention interrogatories under Local Rule 33.3(c).

DATED:    New York, New York
          August 13, 2007

                              GIBSON, DUNN & CRUTCHER LLP


                              _____
                              Orin Snyder (OS-3122)
                              Cynthia Arato (CA-8350)
                              Howard S. Hogan (HH-7995)
                              Michelle Craven (MC-8556)
                              200 Park Avenue, 47th Floor
                              New York, New York 10166
                              T: (212) 351-2400
                              F: (212) 351-6288
                              *Counsel for Defendant/Consolidated Plaintiff*
                              *Marilyn Monroe, LLC*

                              and

                              SOVICH MINCH LLP

                              By: _____ MMC
                              Theodore J. Minch (*Pro Hac Vice* filed August 13,
                              2007)
                              10099 Chesapeake Drive, Suite 100
                              McCordsville, Indiana 46055
                              T: (317) 335-3601
                              F: (317) 335-3602

100270592_2.DOC

7