# EX. A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC,
a Delaware Limited Liability Company,

              Plaintiffs,

      -against-

BRADFORD LICENSING ASSOCIATES and THE
SHAW FAMILY ARCHIVES, Ltd., a New York
Corporation,

              Defendants.

-------------------------------------------------------------x

05 Civ. 3939 (CM)
06 Civ. 2619 (CM)
(formerly No. 1:05-cv-0423-DFH-WTL)

**THIRD AMENDED
COMPLAINT**

Plaintiffs CMG Worldwide, Inc. ("CMG"), and Marilyn Monroe, LLC ("MMLLC"),

by counsel, and for their Complaint for declaratory relief against defendants Bradford

Licensing Associates ("Bradford") and Shaw Family Archives, Ltd. ("Shaw" and, together

with Bradford, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.     Plaintiffs brought this action on or about March 23, 2005 to halt Defendants'

unauthorized exploitation of Plaintiffs' valuable intellectual property rights related to the

iconic Marilyn Monroe, one of the most popular, glamorous, and attractive public

personalities in the world.

2.     Plaintiffs' prior complaints in this action alleged, among other things, that

Defendants were violating the Plaintiffs' rights in and to Marilyn Monroe's rights of publicity

(Count 2 of Second Amended Complaint), and Plaintiffs sought a declaration of Plaintiffs' rights of publicity related to Marilyn Monroe (Count 1 of Second Amended Complaint).

3.    On or about May 2, 2007, this Court issued an order (the "May 2 Order") granting Defendants' motion for summary judgment on Count 2 of Plaintiffs' Second Amended Complaint. The May 2 Order dismissed Plaintiffs' right of publicity claim and implicitly rendered moot Plaintiffs' claim for a declaration regarding Plaintiffs' right of publicity. Defendants intend to appeal the May 2 Order and Plaintiffs incorporate by reference, as if fully set forth herein, Counts 1 and 2 of the Second Amended Complaint to the extent such incorporation is necessary to preserve the appeal and to try Counts 1 and 2 should the May 2 Order be reversed.

4.    On information and belief, both prior to and since the issuance of the May 2 Order, Defendants have granted to third-parties licenses to exploit photographs allegedly owned by Defendants bearing Marilyn Monroe's image. On information and belief, however, certain of the photographs that Defendants purport to license to third parties are in the public domain and can be freely used by such licensees without Defendants' consent. Defendants have refused to recognize that certain photographs of Marilyn Monroe allegedly owned and controlled by Defendants are in the public domain and Defendants have asserted that Plaintiffs are prohibited from using such photographs without Defendants' consent. But for Defendants' false claims of ownership of copyrights in and to photographs of Marilyn Monroe that have, on information and belief, entered the public domain, Plaintiffs would seek to utilize such public domain photographs commercially in connection with goods and services that are officially authorized and/or licensed by Plaintiffs.

5.    On information and belief, Defendants' licensing of and attempts to license images of Marilyn Monroe that are in the public domain injure Plaintiffs by causing confusion in the marketplace for licenses to utilize photographs of Marilyn Monroe, and by affecting the overall demand for licenses to create and market products that incorporate Marilyn Monroe's image.

6.    Accordingly, Plaintiffs respectfully request that this Court award declaratory relief to establish that Defendants have no right to license or interfere with the use of photographs of Marilyn Monroe that have entered the public domain.

## PARTIES

7.    Plaintiff CMG is a corporation organized and existing pursuant to the laws of the State of Indiana, maintaining its principal place of business in Hamilton County, Indiana.

8.    Plaintiff MMLLC is a business entity organized and existing pursuant to the laws of the State of Delaware, maintaining its principal place of business through CMG, its exclusive licensing and business representative.

9.    Upon information and belief, Defendant Bradford is a business entity organized and existing pursuant to the laws of the State of New Jersey.

10.    Upon information and belief, Defendant Shaw is a business entity organized and existing pursuant to the laws of the State of New York.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Defendants based on Defendants' decision to move the United States District Court for the Southern District of Indiana to transfer this action to this Court, and because Defendants reside in the State of New York.

13.     Venue in the United States District Court for the Southern District of Indiana was proper pursuant to 28 U.S.C. §§ 1391(b) and 28 U.S.C. § 1400.  Venue has been placed in this judicial district pursuant to the Order of the United States District Court for the Southern District of Indiana in this matter dated March 23, 2005.

## PLAINTIFFS' BUSINESS AND RIGHTS

14.     For the past several decades, MMLLC has exercised various statutory and common law rights of publicity and other rights related to Marilyn Monroe.  Until the issuance of this Court's May 2 Order, MMLLC has always understood and believed that it was the lawful owner of these publicity rights.

15.     CMG has been granted the exclusive right to exploit the rights of publicity owned and controlled by MMLLC.

16.     Over the last twenty-five (25) years, CMG has been in the business of representing certain famous individuals or the heirs, families, estates, or business enterprises of famous individuals ("CMG Clients") for the purpose of licensing to third parties the right to commercially utilize the intellectual property rights belonging to these famous individuals and/or their heirs, families, estates, or business enterprises.  Typically, CMG represents such individuals or entities exclusively and, accordingly, there can be no entity other than CMG with the authority to represent, in a licensing context, the intellectual property rights of the CMG Clients.  Through CMG's various efforts to manage and exploit the intellectual property

3

rights of its clients, CMG generates income for its clients and operating revenue for itself. CMG's various methods for promoting and pursuing commercial opportunities on behalf of the CMG Clients have been honed, stylized, and refined by experience and success in the industry over the past two and a half decades. As such, CMG, as well as its clients, have developed considerable goodwill with companies such as well-known advertising agencies and prestigious manufacturers throughout the world with whom CMG maintains close contact and conducts regular and ongoing business.

17.    MMLLC and CMG have invested considerable time, energy, and financial resources over the span of many years in pursuing opportunities that will promote the popularity of Ms. Monroe with the consuming public, and in developing critical and lucrative business relationships with licensees and business partners.

### DEFENDANTS' ACTIVITIES

18.    Upon information and belief, Shaw has within its possession certain photographs of Marilyn Monroe taken by Sam Shaw (hereinafter "Monroe/Shaw Photographs").

19.    Shaw, either directly or through its agents or representatives, is in the business of licensing the Monroe/Shaw Photographs for use on or in connection with products or services that are offered, marketed, and advertised to the public.

20.    Bradford is in the business of offering, marketing, and advertising to the public, licensing services featuring various consumer brands and properties. Upon information and belief, Bradford's business and commercial endeavors include activities conducted on behalf of Shaw.

21.    Upon information and belief, Bradford represents certain third parties, including Shaw, who allegedly own certain copyright interests in photographs of Marilyn Monroe, including the Monroe/Shaw Photographs.

22.    Shaw has asserted, either by itself or through Bradford, that it possesses valid and enforceable copyrights, pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*, in each and every photograph that constitutes the Monroe/Shaw Photographs and *The Shaw Limited Edition Marilyn/Norma Jeane Collection* (hereinafter the "Shaw Collection").

23.    In 1999, the United States District Court for the Southern District of New York ruled, in the case of *Shaw v. Rizzoli Int'l Publ'ns, Inc.*, No. 96 Civ. 4259 (JFK) (S.D.N.Y.), that certain photographs that comprise the Monroe/Shaw Photographs and/or the Shaw Collection and that were published in a book entitled *Marilyn Monroe. The Life. The Myth.* (the "*Rizzoli* Works") have entered the public domain.  In that case, the Honorable John G. Koeltl ruled that the copyrights in the *Rizzoli* Works "expired," and such photographs entered the public domain when "no renewals were obtained with respect to" them.

24.    Upon information and belief, there exist photographs other than the *Rizzoli* Works that comprise the Monroe/Shaw Photographs and/or the Shaw Collection that were published prior to January 1, 1964, and for which copyright renewals were not obtained during the final year of the initial 28-year copyright term for such works.  Accordingly, upon information and belief, such other photographs have similarly entered the public domain.

25.    For example, in 1955, Ballantine Books published a book entitled *Marilyn Monroe as The Girl*, featuring over 100 photographs of Marilyn Monroe that were taken by Sam Shaw.  Upon information and belief, Mr. Shaw registered his copyright in this work with

the Library of Congress in 1955, under registration number A193450, but failed to renew such copyright during the final year of the initial 28-year copyright term for such work or at any time. As a result, the copyright for this work expired in 1983, and photographs contained in this work fell into the public domain.

26.    Further, on information and belief, other photographs that comprise the Monroe/Shaw Photographs and/or the Shaw Collection were initially published without copyright notice prior to March 1, 1989, when notice was required under the United States Copyright Act, and these photographs also have entered the public domain.

27.    As a result, many of the photographs that comprise the Monroe/Shaw Photographs and/or the Shaw Collection have entered the public domain (collectively, the "Public Domain Monroe/Shaw Photographs").

## COUNT I:

### (DECLARATION AS TO SHAW'S COPYRIGHTS IN SHAW COLLECTION)

28.    Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as if fully set forth herein.

29.    Defendants have refused to acknowledge that any of the works that comprise the Monroe/Shaw Photographs and/or the Shaw Collection have entered the public domain.

30.    On information and belief, Shaw and/or Bradford have communicated to licensees, potential licensees, business partners, and/or potential business partners that such licensees, potential licensees, business partners, and/or potential business partners require the prior permission and consent from Shaw and/or Bradford prior to utilizing the Public Domain Monroe/Shaw Photographs.

31.    On information and belief, Defendants have actively discouraged licensees, potential licensees, business partners, and/or potential business partners from entering into any relationship with Plaintiffs in connection with products or services that feature certain Public Domain Monroe/Shaw Photographs.

32.    On information and belief, Plaintiffs have been and continue to be injured by Defendants' conduct in inducing or attempting to induce Plaintiffs' licensees, potential licensees, business partners, and potential business partners to forgo entering into any relationship with Plaintiffs and to instead obtain unnecessary licenses from Defendants to use Public Domain Monroe/Shaw Photographs.

33.    Were it not for Defendants' false claims to ownership in the Public Domain Monroe/Shaw Photographs, Plaintiffs would seek to make use of the Public Domain Monroe/Shaw Photographs either by themselves or through licensees and/or business partners.

34.    As a result of Defendants' conduct as alleged herein, Defendants have created a case of actual controversy within the jurisdiction of this Court such that this Court may declare the status of the rights and other legal relations of the parties to this litigation pursuant to 28 U.S.C. § 2201 that, in addition to the *Rizzoli* Works which already have been found to be in the public domain, Shaw does not possess valid and enforceable copyrights in those photographs that comprise the Monroe/Shaw Photographs and/or the Shaw Collection that were either: (a) published prior to January 1, 1964, where no copyright renewals were obtained during the final year of the initial 28-year copyright term for such photographs; or (b) published prior to March 1, 1989, without the requisite copyright notice.

7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief in the following particulars:

A.    Enter a Declaratory Judgment, pursuant to 28 U S.C. § 2201, and to declare therein:

i.    That, in addition to the *Rizzoli* Works, Defendants do not possess valid and enforceable copyrights in those photographs that comprise the Monroe/Shaw Photographs and/or the Shaw Collection that were either: (a) published prior to January 1, 1964, where no copyright renewals were obtained during the final year of the initial 28-year copyright term for such photographs; or (b) published prior to March 1, 1989, without the requisite copyright notice;

ii.    That Defendants are and shall be permanently enjoined and restrained from conducting further activities inconsistent with the rights of their licensees, potential licensees, business partners, and/or potential business partners to make use of the Public Domain Monroe/Shaw Photographs without any authorization, permission, or license from Defendants; and

iii.    That Defendants are and shall be permanently enjoined and restrained from engaging in any activities which interfere with Plaintiffs' business activities with respect to the rights of Plaintiffs, their licensees and business partners, and the general public to make commercial use of the Public Domain Monroe/Shaw Photographs; and

8

B.    Award Plaintiffs their costs, including attorneys' fees, pursuant to the Untied

States Copyright Act.

C.    Award Plaintiffs such other relief as may be just and proper.

Dated: New York, New York
       August 9, 2007

                        Respectfully submitted,

                        GIBSON, DUNN & CRUTCHER LLP

                        By:
                           Orin Snyder (OS-3122)
                           Cynthia Arato (CA-8750)
                           Howard S. Hogan (HH-7995)
                           Michelle Craven (MC-8556)

                        200 Park Avenue, 47th Floor
                        New York, New York 10166-0193
                        Telephone:  (212) 351-4000
                        Facsimile:  (212) 351-4035

                        *Attorneys for Plaintiff Marilyn Monroe, LLC*

                              and

                        SOVICH MINCH LLP

                        By:_____
                           Theodore J. Minch (*Pro Hac Vice* application forthcoming)

                        10099 Chesapeake Drive, Suite 100
                        McCordsville, Indiana 46055
                        Telephone:  (317) 335-3601
                        Facsimile:  (317) 335-3602

                        *Attorneys for Plaintiff CMG Worldwide, Inc.*

9

B.    Award Plaintiffs their costs, including attorneys' fees, pursuant to the Untied

States Copyright Act.

C.    Award Plaintiffs such other relief as may be just and proper.

Dated: New York, New York
       August 9, 2007

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:_____
       Orin Snyder (OS-3122)
       Cynthia Arato (CA-8350)
       Howard S. Hogan (HH-7995)
       Michelle Craven (MC-8556)

200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone:  (212) 351-4000
Facsimile:  (212) 351-4035

*Attorneys for Plaintiff Marilyn Monroe, LLC*

and

SOVICH MINCH LLP

By:_____
       Theodore J. Minch (*Pro Hac Vice* application forthcoming)

10099 Chesapeake Drive, Suite 100
McCordsville, Indiana 46055
Telephone:  (317) 335-3601
Facsimile:  (317) 335-3602

*Attorneys for Plaintiff CMG Worldwide, Inc.*

9

# EX. B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SHAW FAMILY ARCHIVES, LTD., EDITH MARCUS,
META STEVENS, BRADFORD LICENSING, INC.,
JAMES E. DOUGHERTY, and VALHALLA
PRODUCTIONS, LLC,

         Plaintiffs/Consolidated Defendants,

      -against-

CMG WORLDWIDE, INC., an Indiana Corporation,
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

         Defendants/Consolidated Plaintiffs.
------------------------------------------------------------x

**05 CV 3939 (CM)**

**PLAINTIFFS/CONSOLIATED
DEFENDANTS FIRST DEMAND
FOR PRODUCTION OF
DOCUMENTS**

      Pursuant to FRCP 26 et seq., Plaintiffs/Consolidated Defendants Shaw Family Archives,

Ltd., Edith Marcus, Meta Stevens, and Bradford Licensing, Inc., hereby requests that produce for

inspection and copying the documents and things described herein within thirty (30) days, at the

offices of Marcus & Greben, 1650 Broadway, Suite 707, New York, New York, 10019, or at

such other place and time as may be agreed on by counsel for the parties.

## DEFINITIONS

    1.    "CMG" means Defendant/Consolidated Plaintiff CMG Worldwide, Inc. and

includes the officers, directors, employees, agents, representatives, attorneys, parent or

subsidiary corporations, affiliated companies, and predecessor or successor entities of the named

corporate defendants.

    2.    "MMLLC" means Defendant/Consolidated Plaintiff Marilyn Monroe, LLC and

includes the officers, directors, employees, agents, representatives, attorneys, parent or

subsidiary corporations, affiliated companies, and predecessor or successor entities of the named

corporate defendants.

3.    "SFA" means Plaintiffs/Consolidated Defendant Shaw Family Archives, Ltd., and includes each of its officers, directors, employees, agents, representatives, attorneys, parent or subsidiary corporations, affiliated companies, and predecessor entities.

4.    "Bradford" means Plaintiffs/Consolidated Bradford Licensing, Inc. , and includes each of its officers, directors, employees, agents, representatives, attorneys, parent or subsidiary corporations, affiliated companies, and predecessor entities.

5.    "You", "your", or "yourselves", shall mean CMG, SFA, and all of their officers, directors, employees, agents, representatives, attorneys, parent or subsidiary corporations, affiliated companies, and predecessor entities.

6.    The term "documents" shall be construed in the broadest possible sense, is intended to be comprehensive, and includes, without limitation, all written, typed, or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description including, without limitation: letters, emails, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, notations or telephone or personal conversations, conferences, interoffice communications, microfilm, bulletins, circulars, pamphlets, photographs and graphic matter however produced or reproduced, all compilations of data from which information can be obtained, all writings or recordings of any type or nature, facsimiles, invoices, tape recordings, computer printouts and worksheets. The term "documents" includes any and all electronic communications, whether by facsimile, email or other means of electronic, wired or wireless transmission, all electronic data including electronic or computerized compilations and electronically stored information, and all drafts and copies not identical to the originals including documents that differ in any respect from another version of that same document, and any other items, if anything, that can be requested pursuant to the FRCP.

2

7. "Person" or "persons" as used herein means all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact, all federal, foreign, state, local or other governmental entities, and all legal entities, including all members, officers, employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

8. The terms "concerning" or "concerns" means relating to, referring to, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, or in any way referencing, directly or indirectly.

9. "And" and "or" shall also be construed either disjunctively or conjunctively as necessary to bring within the scope of this request all documents that might otherwise be construed to be outside its scope.

10. Whenever the term "all" is used herein, it shall also be construed to mean "any" and "each", and vice-versa.

11. Whenever the term "including" is used herein, it shall be construed to mean "including, but not limited to".

12. The use of the singular shall also be taken to include the plural, and vice-versa, so as to bring within this request documents that might otherwise be excluded.

13. Whenever a verb is used in one tense it shall also be taken to include all other tenses, so as to bring within this request documents that might otherwise be excluded.

14. "Agreement" means any agreement, contract, understanding, or other type of agreement, formal or informal, oral or written, direct or indirect, tacit or express, between two or more persons, and includes within its term any appendix, exhibit, or other item appended or attached to the agreement.

3

15. The term "produce":

(a)    Shall be interpreted to mean to attach all documents and tangible things which reflect, refer, relate, concern, or pertain, directly or indirectly, to the request specified, and shall include: every copy of each document which is not an exact duplicate of the document which is produced; every copy which has any writing, figuring, notation, annotation, or similar markings; all drafts of each document; all attachments or enclosures with each document; and every document referred to in such document.

(b)    Shall be interpreted to request that all documents and tangible things be produced in the form and in the same order within each file in which they existed prior to production, and that the file folders, boxes, or other containers or binders in which such documents are found also be identified, including the titles, labels, or other description of such folders, boxes, containers, or binders.

(c)    Shall be interpreted, in the event that any documents or tangible things were, but no longer are in the possession, custody, care, or control of the respondents (whether they have been lost, discarded, destroyed, or otherwise) to call for the identification and description of all such documents, to he fullest extent possible, including a description of its nature (e.g., letter, memorandum, work paper, etc.), date, number of papers, name of each author, address, and recipient, subject matter, and any other information necessary to identify such document or part thereof; and shall also include information concerning the date, time, and place of disposal, the exact manner of their disposal, the reason for their disposal, the person authorizing their disposal, the persons having knowledge of their disposal, and the person actually disposing of those documents.

4

## INSTRUCTIONS

1.    Each request for production of a document or documents shall be deemed to call for the production not only of all documents generated by defendant, but also of all documents generated by third parties which documents are in defendant's possession or control. Further, each request shall be read to call for the production of the original document or documents, unless a copy can be provided that is identical in legibility, size, color and character to the original.

2.    The documents requested herein must be produced as they are kept in the usual course of business including with all staples and clips attached and with all associated file folders, dividers and file labels, or must be organized and labeled to correspond to the categories in the request.

3.    Any document bearing any marks that are not a part of the original text or any reproduction thereof, is to be considered a separate document for purpose of responding to the following document requests.

4.    If a requested document is in a language other than English, please produce both the original and any existing English translation thereof.

5.    If you object to any subpart of a request for information or object to providing certain information requested, state the objection and answer the unobjectionable subpart(s) of the request for information and/or supply the unobjectionable information requested.

6.    Copies of documents that are not identical duplicates of the original document because of markings, handwritten notations, or other differences should be considered separate documents. English translations or partial translations of foreign language documents also

should be considered separate documents.

7.     If any document requested is withheld because of an assertion of attorney-client, work product or other privilege, provide, if possible, a redacted version of the document, and with respect to each document, or portion of a document withheld, provide the following information:

(a)     The reason for withholding the document or portion of the document;

(b)     A statement of the basis for the claim of privilege, work product or other ground of non-disclosure; and

(c)     A brief description of the document, including;

(i)     The date of the document;

(ii)     Number of pages, attachments, and appendices;

(iii)     The names of its author, authors or preparers and an indication of whether such person is a lawyer;

(iv)     The name of each person who was sent or provided a copy of the document, or has access to or custody of the document, together with an indication of whether such person is a lawyer;

(v)     The subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversion.

8.     This document request is continuing in nature. If, after producing documents, you obtain or become aware of any further documents responsive to this request, you are requested to produce such additional documents.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All documents including any electronic data and email communications (a) asked to be identified in plaintiffs/consolidated defendant's Interrogatories, (b) containing any of the information sought by or identified in plaintiffs/consolidated defendant's Interrogatories, or (c) relied upon by you in responding to plaintiffs/consolidated defendant's Interrogatories, separately listing for each document the number(s) of the Interrogatory(ies) to which it pertains.

### REQUEST NO. 2:

All documents including electronic data and email communications constituting, evidencing or concerning any communication between CMG and/or MMLLC and SFA and/or Bradford.

### REQUEST NO. 3:

All documents, laws, and cases, including electronic data and email communications relied upon or referred to by you in preparing your Complaint or Answer and any Amended Complaint or Answer you have or may file in this matter, if any, including your affirmative defenses and counterclaims herein.

### REQUEST NO. 4:

All documents relating to the States in which Marilyn Monroe was a resident at any time during the final five years of her life.

### REQUEST NO. 5:

All documents relating to the States in which Marilyn Monroe was a domicile at any time during the final five years of her life.

**REQUEST NO. 6:**

All California Tax records and filings, decisions, appeals and motions, not limited to but including California Board of Equalization records, correspondence and pleadings, relating to Marilyn Monroe/The Estate of Marilyn Monroe.

**REQUEST NO. 7:**

All documents relating to Marilyn Monroe's tax returns, records or filings, including but not limited to tax returns filed by Marilyn Monroe three years prior to her death up to and including the last year in which she filed taxes and tax returns, and tax related documents, filed by the Estate of Marilyn Monroe.

**REQUEST NO. 8:**

Any documents concerning any California Ancillary Probate Proceeding relating to Marilyn Monroe including, but limited to, any proceedings concerning the State in which Marilyn Monroe was a resident or domiciliary at the time of her death.

**REQUEST NO. 9:**

Any documents relating to or concerning CMG and MMLLC's assertion that some of the photographs within SFA's collection are now in the public domain.

**REQUEST NO. 10:**

Any documents concerning the probate of the Estate of Marilyn Monroe in the State of New York.

**REQUEST NO. 11:**

Copies of all contracts and licenses entered into by defendants, entered into and/or in effect within the past six (6) years which licenses, markets and/or sells any photographic image of Marilyn Monroe.

**REQUEST NO. 12:**

The laws and statutes defendants will rely upon to prove their claim that some or all of the Sam Shaw photographs depicting Marilyn Monroe that are owned or controlled by Shaw Family Archives, LTD. are in the public domain.

**REQUEST NO. 13:**

A compete description of the alleged acts and occurrences that form the basis of defendants claim that Shaw Family Archives, Ltd. and Bradford committed any crime under the relevant Indiana Statute.

**REQUEST NO. 14:**

Provide copies of all documents that will form the basis for any damages claimed by defendants.

**REQUEST NO. 15:**

All documents, including electronic data and email communications, you will introduce or rely upon at any hearing or trial in this action.

**REQUEST NO: 16**

Provide copies of all documents from the United States Patent and Trademark Office setting forth Marilyn Monroe Ltd.'s ownership of any trademark right in the name Marilyn Monroe and Norma Jean.

**REQUEST NO: 17**

All documents, statutes and/or cases which defendants rely upon to determine or in support of defendants' assertions regarding the domicile of Marilyn Monroe at the time of her death.

**REQUEST NO: 18**

Any allegedly libelous or slanderous statements made by SFA or Bradford, or any evidence regarding same.

**REQUEST NO: 19**

All admissions or declarations against interest made by SFA or Bradford.

**REQUEST NO: 20**

Any documents supporting the damages alleged by any of the parties to the instant action.

**REQUEST NO: 21**

Copies of all correspondence sent to third parties regarding the rights of SFA or Bradford to market or license any of the photographic images taken by Sam Shaw.

Dated:  October 8, 2006

<div style="margin-left:40%">

Yours, etc.

MARCUS & GREBEN

By: _____

Brian L. Greben (BG 1572)
*Attorneys for Plaintiff*
1650 Broadway, Suite 707
New York, NY 10019

</div>

EX. C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - )
SHAW FAMILY ARCHIVES, LTD., EDITH
MARCUS and META STEVENS,

              Plaintiffs,

   v.

CMG WORLDWIDE, INC., an Indiana Corporation
and MARILYN MONROE, LLC, a Delaware Limited
Liability Company,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - )

:05 CV 3939 (CM)

## DEFENDANT/CONSOLIDATED PLAINTIFF MARILYN MONROE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS' FIRST DEMAND FOR PRODUCTION OF DOCUMENTS

Defendant/Consolidated Plaintiff Marilyn Monroe LLC ("MMLLC") hereby responds

and objects to the First Demand for Production of Documents submitted by

Plaintiffs/Consolidated Defendants Shaw Family Archives, Ltd. ("SFA"), Bradford Licensing,

Inc. ("Bradford"), Edith Marcus and Meta Stevens (collectively, "Plaintiffs") as follows:

## GENERAL OBJECTIONS

1.    MMLLC objects to Plaintiffs' demands for production to the extent that they are

vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to

the discovery or relevant and admissible evidence.

2.    MMLLC objects to Plaintiffs' demands for production to the extent that they seek

trade secrets, proprietary information or confidential commercial information not relevant to, or

necessary for, this action.

3.    MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require production of documents that are public or otherwise available from sources to which Plaintiffs also have access.

4.    MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require production of documents not in the possession, custody, or control of MMLLC.

5.    MMLLC objects to the instructions and definitions in Plaintiffs' demands for production to the extent they in any way deviate from or expand upon obligations, duties, or requirements set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Civil Rules for the United States District Court for the Southern District of New York (the "Local Rules").

6.    MMLLC objects to the definitions in Plaintiffs' demands for production as vague, ambiguous and/or overbroad. MMLCC objects, *inter alia*, to (a) definition 5 as vague, ambiguous and overbroad, especially to the extent that it includes CMG and SFA; (b) definitions 6, 7, and 8 to the extent that Plaintiffs purport to define terms in a manner beyond the definitions of those terms in Rule 34(a) of the Federal Rules or Rule 26.3 of the Local Rules; and (c) definition 15 as vague, overbroad, unduly burdensome, and seeking to impose requirements beyond the obligations of the Federal Rules of Civil Procedure.

7.    MMLLC objects to the instructions in Plaintiffs' demands for production, including but not limited to instructions 2 and 7 as overbroad and unduly burdensome. Moreover, MMLLC will not approach third parties to respond to Plaintiffs' demands for production.

8.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require production of documents relating to allegations or matters that are not included in Plaintiffs' or Defendants' operative complaints.

9.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require production of documents that reflect MMLLC's legal opinions or conclusions.

10.    MMLLC objects to producing any documents until a confidentiality order has been entered by the Court.

11.    MMLLC objects to Plaintiffs' demands for production to the extent they purport to require MMLLC to produce documents already in Plaintiffs' possession or that may be produced to Plaintiffs, whether by other Defendants or third parties.

12.    MMLLC objects to Plaintiffs' demands for production to the extent that they purport to require documents that are protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, rule, privilege or immunity.

13.    MMLLC objects to Plaintiffs' demands for production to the extent that they would be better characterized as interrogatories.

14.    In furnishing the objections herein, MMLLC does not concede that any of Plaintiffs' demands for production, or any subpart thereof, is relevant to the claims or defenses in his litigation.

15.    Any documents inadvertently disclosed to Plaintiffs shall not constitute a waiver of any privilege, any other doctrine against disclosure, or the right of MMLLC to object to the use of any document inadvertently disclosed.  MMLLC reserves the right to demand that Plaintiffs return to it any information inadvertently disclosed.

16.    MMLLC reserves the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

17.    In furnishing the responses herein, MMLLC does not concede the truth of any factual assertion or implication contained in any of Plaintiffs' requests for production. Moreover, MMLLC's responses and objections shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody or control.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Subject to and without waiving or restricting the general objections set forth above, all of which are incorporated by reference into each of the following objections, MMLLC responds and objects to Plaintiffs' specific demands for production as follows and, as noted above, reserves the right at any time to supplement and/or amend its responses and objections:

### Request No. 1:

All documents including any electronic data and email communications (a) asked to be identified in plaintiffs/consolidated defendant's Interrogatories, (b) containing any of the information sought by or identified in plaintiffs/consolidated defendant's Interrogatories, or (c) relied upon by you in responding to plaintiffs/consolidated defendant's Interrogatories, separately listing for each document the number(s) of the Interrogatory(ies) to which it pertains.

### Specific Response and Objections to Request No. 1:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

4

the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: MMLLC has no documents in its possession, custody, or control responsive to this request.

**Request No. 2:**

All documents including electronic data and email communications constituting, evidencing or concerning any communication between CMG and/or MMLLC and SFA and/or Bradford.

**Specific Response and Objections to Request No. 2:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

5

in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 3:**

All documents, laws, and cases, including electronic data and email communications relied upon or referred to by you in preparing your Complaint or Answer and any Amended Complaint or Answer you have or may file in this matter, if any, including your affirmative defenses and counterclaims herein.

**Specific Response and Objections to Request No. 3:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

6

**Request No. 4:**

All documents relating to the States in which Marilyn Monroe was a resident at any time during the final five years of her life.

**Specific Response and Objections to Request No. 4:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 5:**

All documents relating to the States in which Marilyn Monroe was a domicile at any time during the final five years of her life.

**Specific Response and Objections to Request No. 5:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it

seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs.

MMLLC also objects on the ground that it seeks documents not within MMLLC's possession,

custody, or control.

Subject to and without waiving these objections and the foregoing general objections,

which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

in place, MMLLC will produce documents responsive to this request in its possession, custody,

or control that it has been able to locate after a reasonably diligent search, to the extent they

exist.

## Request No. 6:

All California Tax records and filings, decisions, appeals and motions, not limited to but

including California Board of Equalization records, correspondence and pleadings, relating to

Marilyn Monroe/The Estate of Marilyn Monroe.

## Specific Response and Objections to Request No. 6:

MMLLC objects to this request to the extent that it seeks documents subject to any

applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

the attorney work product doctrine.    MMLLC further objects to this request to the extent it

seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs.

MMLLC also objects on the ground that it seeks documents not within MMLLC's possession,

custody, or control.

Subject to and without waiving these objections and the foregoing general objections,

which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

in place, MMLLC will produce documents responsive to this request in its possession, custody,

8

or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

### Request No. 7:

All documents relating to Marilyn Monroe's tax returns, records or filings, including but not limited to tax returns filed by Marilyn Monroe three years prior to her death up to and including the last year in which she filed taxes and tax returns, and tax related documents, filed by the Estate of Marilyn Monroe.

### Specific Response and Objections to Request No. 7:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 8:**

All documents concerning any California Ancillary Probate Proceeding relating to Marilyn Monroe including, but limited to, any proceedings concerning the State in which Marilyn Monroe was a resident or domiciliary at the time of her death.

**Specific Response and Objections to Request No. 8:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.   MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 9:**

Any documents relating to or concerning CMG and MMLLC's assertion that some of the photographs within SFA's collection are now in the public domain.

**Specific Response and Objections to Request No. 9:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

the attorney work product doctrine.    MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 10:**

Any documents concerning the probate of the Estate of Marilyn Monroe in the State of New York.

**Specific Response and Objections to Request No. 10:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine.    MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody,

11

or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

### Request No. 11:

Copies of all contracts and licenses entered into by defendants, entered into and/or in effect within the past six (6) years which licenses, markets and/or sells and photographic image of Marilyn Monroe.

### Specific Response and Objections to Request No. 11:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 12:**

The laws and statutes defendants will rely upon to prove their claim that some or all of the Sam Shaw photographs depicting Marilyn Monroe that are owned or controlled by Shaw Family Archives, LTD. are in the public domain.

**Specific Response and Objections to Request No. 12:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

**Request No. 13:**

A complete description of the alleged acts and occurrences that form the basis of defendants claim that Shaw Family Archives, Ltd. and Bradford committed any crime under the relevant Indiana Statute.

**Specific Response and Objections to Request No. 13:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation.

MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control. MMLLC also objects to this request to the extent it requires MMLLC to create or generate descriptions that do not already exist.

**Request No. 14:**

Provide copies of all documents that will form the basis for any damages claimed by defendants.

**Specific Response and Objections to Request No. 14:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

14

**Request No. 15:**

All documents, including electronic data and email communications, you will introduce or rely upon at any hearing or trial in this action.

**Specific Response and Objections to Request No. 15:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 16:**

Provide copies of all documents from the United States Patent and Trademark Office setting forth Marilyn Monroe Ltd.'s ownership of any trademark right in the name Marilyn Monroe and Norma Jean.

**Specific Response and Objections to Request No. 16:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

15

the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

### Request No. 17:

All documents, statutes and/or cases which defendants rely upon to determine or in support of defendants' assertions regarding the domicile of Marilyn Monroe at the time of her death.

### Specific Response and Objections to Request No. 17:

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control.

16

**Request No. 18:**

Any allegedly libelous or slanderous statements made by SFA or Bradford, or any evidence regarding same.

**Specific Response and Objections to Request No. 18:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control. MMLLC also objects to this request to the extent it requires MMLLC to create or generate descriptions that do not already exist.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 19:**

All admissions or declarations against interest made by SFA or Bradford.

**Specific Response and Objections to Request No. 19:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC objects to this request on the basis that the request is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery or relevant and admissible evidence because, *inter alia*, this request purports to demand the production of documents not related to the photographs at issue in this litigation. MMLLC further objects to this request to the extent it seeks information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it seeks documents not within MMLLC's possession, custody, or control. MMLLC also objects to this request to the extent it requires MMLLC to create or generate descriptions that do not already exist.

Subject to and without waiving these objections and the foregoing general objections, which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is in place, MMLLC will produce documents responsive to this request in its possession, custody, or control that it has been able to locate after a reasonably diligent search, to the extent they exist.

**Request No. 20:**

Any documents supporting the damages alleged by any of the parties to the instant action.

**Specific Response and Objections to Request No. 20:**

MMLLC objects to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or the attorney work product doctrine. MMLLC further objects to this request to the extent it seeks

18

information in the possession of Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC

also objects on the ground that it seeks documents not within MMLLC's possession, custody, or

control.

Subject to and without waiving these objections and the foregoing general objections,

which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

in place, MMLLC will produce documents responsive to this request in its possession, custody,

or control that it has been able to locate after a reasonably diligent search, to the extent they

exist.

**Request No. 21:**

Copies of all correspondence sent to third parties regarding the rights of SFA or Bradford

to market or license any of the photographic images taken by Sam Shaw.

**Specific Response and Objections to Request No. 21:**

MMLLC objects to this request to the extent that it seeks documents subject to any

applicable privilege or immunity including, but not limited to, the attorney-client privilege and/or

the attorney work product doctrine. MMLLC objects to this request on the basis that the request

is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the

discovery or relevant and admissible evidence because, *inter alia*, this request purports to

demand the production of documents not related to the photographs at issue in this litigation.

MMLLC further objects to this request to the extent it seeks information in the possession of

Plaintiffs, or that is equally accessible to Plaintiffs. MMLLC also objects on the ground that it

seeks documents not within MMLLC's possession, custody, or control.

Subject to and without waiving these objections and the foregoing general objections,

which MMLLC specifically preserves, MMLLC responds as follows: Once a protective order is

19

in place, MMLLC will produce documents responsive to this request in its possession, custody,

or control that it has been able to locate after a reasonably diligent search, to the extent they

exist.

Dated: New York, New York
     December 26, 2006

/s/ Orin Snyder
Orin Snyder (OS-3122)
Michelle Craven (MC-8556)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-4000
F: (212) 351-4035

Attorneys for Defendant/Consolidated Plaintiff
Marilyn Monroe LLC

100117500

20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - }
SHAW FAMILY ARCHIVES, LTD., EDITH              :
MARCUS and META STEVENS,                       :05 CV 3939 (CM)
                                               :
                    Plaintiffs,                :
         v.                                    :
                                               :
CMG WORLDWIDE, INC., an Indiana Corporation    :
and MARILYN MONROE, LLC, a Delaware Limited    :
Liability Company,                             :
                                               :
                    Defendants.                :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - }
```

## CERTIFICATE OF SERVICE

KATHRYN E. MATTHEWS hereby declares, under penalty of perjury pursuant to 28

U.S.C. § 1746, that the following is true and correct:

1. I am an associate at the firm of Gibson, Dunn & Crutcher LLP, counsel to

Defendant/Consolidated Plaintiff Marilyn Monroe LLC ("MMLLC") in this action.

2. On December 26, 2006, I caused a copy of Defendant/Consolidated Plaintiff

MMLLC's Responses and Objections to Plaintiffs/Consolidated Defendants' First Demand for

Production of Documents to be served by facsimile and first class mail, postage prepaid, upon

counsel for Plaintiffs/Consolidated Defendants at the following address:

David Marcus, Esq.
Marcus & Greben
1650 Broadway, Suite 707
New York, NY 10019

Dated: December 26, 2006

Kathryn E. Matthews