# EX. D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., BRADFORD   :
LICENSING, INC., JAMES E. DOUGHERTY, and  :
VALHALLA PRODUCTIONS, LLC.         :
                            :
                  Plaintiffs,    :  Index No. O5 CV 3939 (CM)
                            :
        -against-             :
                            :
                            :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware   :
Limited Liability Company,         :
                            :
                Defendants.   :
                            :

-------------------------------------------------------X

### PLAINTIFFS/CONSOLIDATED DEFENDANTS FIRST SET OF INTERROGATORIES TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby requests that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe, LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth below, fully respond to the following Interrogatories separately, in writing, within thirty days of service.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Interrogatory.

1)      The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2)      The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among

individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

      3)      The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

      4)      "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

      5)      "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

      6)      The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

      7)      The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and

2

Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

8)      The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

9)      The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10)     The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11)     The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

12)     Each of the terms "all" and "each" shall be construed as both all and each.

13)     The term "any" means both any and all.

14)     The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15)     The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16)     The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the

scope of the discovery request all responses that might otherwise be construed to be outside the scope.

## **INSTRUCTIONS**

1)      Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2)      In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3)      After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4)      Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

5)      If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

4

6)    In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State all facts concerning your public display or licensing of any of the Monroe/Shaw Photographs without the authorization, consent, involvement, or participation of Plaintiffs.

### INTERROGATORY NO. 2:

Identify all persons or entities with knowledge or information concerning your response to interrogatory No. 1.

### INTERROGATORY NO. 3:

Identify any piece of litigation, aside from the instant litigation, between you and any other person concerning your purported rights in Marilyn Monroe's name or likeness.

### INTERROGATORY NO. 4:

State the specific nature of damages to you that you claim is the result of the Plaintiffs' conduct, separately for each Plaintiff, including but not limited to (a) the date on which such damages occurred; (b) the amount of such damages; and (c) the proximate cause of such damages.

### INTERROGATORY NO. 5:

Identify any person or entity that has an ownership interest in you, including their percentage of ownership.

### INTERROGATORY NO. 6:

For each Plaintiff, state all facts regarding any instance where you stated to anyone that said Plaintiff does not own or have the right to license the Monroe/Shaw Photographs.

**INTERROGATORY NO. 7:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of laches.

**INTERROGATORY NO. 8:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of estoppel.

**INTERROGATORY NO. 9:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of unclean hands.

**INTERROGATORY NO. 10:**

State all facts concerning your affirmative defense that Plaintiffs' failed to mitigate their damages.

**INTERROGATORY NO. 11:**

State all facts concerning your affirmative defense that Plaintiffs' claims have lapsed, expired, cancelled or were otherwise terminated.

**INTERROGATORY NO. 12:**

State all facts concerning your affirmative defense that Plaintiffs' claims are either partially or wholly diminished by the doctrine of set off.

**INTERROGATORY NO. 13:**

State all facts concerning your affirmative defense that Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**INTERROGATORY NO. 14:**

State all facts concerning your affirmative defense that Anna Strasberg and/or MMLLC purportedly own the rights to one or more of the photographs at issue in this litigation

6

**INTERROGATORY NO. 15:**

For each Plaintiff, state all facts concerning your affirmative defense that said Plaintiff's alleged copyrights either never existed or have since lapsed, expired, cancelled or were otherwise terminated.

**INTERROGATORY NO. 16:**

State all facts concerning any communications you have had with (i) Plaintiffs' third party licensees and (ii) any other party regarding the licensing or use for commercial purposes of the Monroe/Shaw Photographs. These communications include, but are not limited to, instances where you represented that any third party does not need permission from Plaintiffs to use the Monroe/Shaw Photographs.

**INTERROGATORY NO. 17:**

Identify all persons or entities with knowledge or information concerning your response of Interrogatory No. 16.

**INTERROGATORY NO. 18:**

State all facts concerning your claim that Marilyn Monroe died a domiciliary of California.

**INTERROGATORY NO. 19:**

State all facts concerning your allegation that Plaintiffs infringed your alleged right of publicity in the State of Indiana or any other state. Your answer to this interrogatory should include, but is not limited to, an explanation of why you believe that SFA violated any right of publicity you believe you have where SFA only licensed the copyright to the Monroe/Shaw Photographs.

7

## INTERROGATORY NO. 20:

State all facts concerning your allegation that Marilyn Monroe's publicity rights passed to Lee Strasberg and the residuary beneficiaries of her will, who passed them to MMLLC.

Dated:  February 1, 2007
        New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____
Christopher Serbagi (CS 7746)
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiffs

8

# EX. E

Filed separately pursuant to
protective order

# EX. F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH     :
MARCUS and META STEVENS,     :

     :

     :

    Plaintiffs,     :  Index No. O5 CV 3939 (CM)

     :

    -against-     :

     :

CMG WORLDWIDE, INC., an Indiana Corporation  :
and MARILYN MONROE, LLC, a Delaware     :
Limited Liability Company,     :

    Defendants.     :

     :
-------------------------------------------------------------------X

### PLAINTIFFS/CONSOLIDATED DEFENDANTS SECOND SET OF INTERROGATORIES TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their

undersigned attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil

Procedure, hereby requests that Defendants/Consolidated Plaintiffs CMG Worldwide,

Inc. and Marilyn Monroe, LLC (collectively, "Defendants"), in accordance with the

definitions and instructions set forth below, fully respond to the following Interrogatories

separately, in writing, within thirty days of service.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in

any Definition, Instruction, or Interrogatory.

1)    The term "company" includes all predecessor, successor, subsidiary,

parent and affiliated entities.

2)    The term "communication" or "communicating" refers to any transmission

of information (in the form of facts, ideas, inquiries, or otherwise) between or among

individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)     The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)     "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5)     "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6)     The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7)     The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and

Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

8)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

9)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11)    The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

12)    Each of the terms "all" and "each" shall be construed as both all and each.

13)    The term "any" means both any and all.

14)    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15)    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16)    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the

3

scope of the discovery request all responses that might otherwise be construed to be outside the scope.

17)    The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

18)    The term "PTO" means the United States Patent and Trademark Office.

19)    The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled <u>The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al.</u>, Index. No. CV 05-2200 MMM, dated May 14, 2007.

## INSTRUCTIONS

1)    Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2)    In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3)    After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4

4)      Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response.  If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

5)      If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

6)      In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

7)      Identify documents from Defendants' document production that are responsive to and/or relate to these Interrogatories.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify the precise nature of the Monroe Intellectual Property Rights (as you have used that term in the Second Amended Complaint and your response to Plaintiffs' first set of interrogatories) you claim to own in the name, likeness, or image of Marilyn Monroe in light of the Federal Court Decisions.

Your response to this single interrogatory, i.e. the nature of the rights you claim in Marilyn Monroe subsequent to the Federal Court Decisions, should include a recitation of any rights you purportedly own in the following:

(i)      MM Marks: The basis for your belief that Defendants own MM Marks in Marilyn Monroe; the precise Marks you claim to own (include application serial numbers and registration numbers).  State separately

5

for each Mark how the Defendants purportedly acquired and maintained rights in the MM Marks, the goods/services that you have used in connection with each MM Mark, who the licensees are for each mark.

(ii)     Copyrights:  Identify any copyrights that Defendants allege they own in connection with the image of Marilyn Monroe.

(iii)    Right of Publicity:  State whether you claim you have a right of publicity in Marilyn Monroe.  If so, explain in detail the factual and legal basis for that belief.

(iv)    Images of Marilyn Monroe:  State whether Defendants purport to have intellectual property rights in the image of Marilyn Monroe.  If the answer to the following is anything other than an unqualified no, identify the exact nature of the right you own, the reason you have that right, and whether you believe you are entitled to assert that right in the marketplace.

As part of your explanation of the Monroe Intellectual Property rights you claim to own in light of the Federal Court Decisions, your response to this interrogatory should also provide an explanation of the basis for your continued representations that those who wish to use images of Marilyn Monroe in commerce need your permission to do so.

**INTERROGATORY NO. 2:**

State whether you have ever represented to the PTO that you were using goods in connection with a MM Mark that were not actually in use.  Your response to this single interrogatory should include the following information: (i) identify by serial number or registration number all MM Marks for which you have filed a statement/declaration of use with the PTO and for each such MM Mark, identify the basis for your allegation that Defendants have used those goods in commerce and (ii) state whether you have made uninterrupted use of the goods and services listed in connection with the registration certificates for all the Marks.

**INTERROGATORY NO. 3:**

For each MM Mark, Provide a detailed explanation of the measures, if any, the Defendants have taken to exercise quality control over the MM Marks.

## INTERROGATORY NO. 4

Explain any basis you have to disagree that Plaintiffs have been damaged in the manner set forth in Plaintiffs' response to Defendants' Interrogatory No. 4?


Dated:  July 10, 2007
        New York, New York


                    LAW OFFICES OF CHRISTOPHER SERBAGI


            By: _____
                Christopher Serbagi (CS 7746)
                488 Madison Avenue, Suite 1120
                New York, New York 10022
                Tele: (212) 593-2112
                Fax: (212) 308-8582

                Attorney for the Plaintiffs

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of July, 2007, I caused a true and correct copy of Plaintiffs/Consolidated Defendants Second Set of Interrogatories to Defendants/Consolidated Plaintiffs to be served by overnight mail to:

Orin Snyder, Esq.
Gibson Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Tele: 212-351-4000
Fax: 212-351-6288

Attorneys' for Marilyn Monroe, LLC

Jonathan G. Polak, Esq.
SOMMER BARNARD PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tele: 317-713-3500
Fax: 317-713-3699

Attorneys for CMG Worldwide, Inc.

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _Christopher Serbagi_____
Christopher Serbagi (CS 7746)
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

EX. G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., EDITH     :
MARCUS and META STEVENS,              :
                                         :

               Plaintiffs,     :   Index No. O5 CV 3939 (CM)

        -against-             :

                                         :

CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware     :
Limited Liability Company,             :

               Defendants.   :
                                         :

------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned

attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby

request that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe,

LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth

below, produce all the documents and things described below, wherever located, that are in

Defendants' possession, custody, or control, or in the possession, custody, or control of their

agents, servants, employees, attorneys, accountants or other persons acting or purporting to act

on Defendants' behalf, at the Law Offices of Christopher Serbagi, 488 Madison Avenue, Suite

1120, New York, New York 10022, within thirty days or at such earlier time as may be ordered

by the Court. Defendants may produce true and correct copies of the requested documents rather

than originals.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Request for the Production of Documents.

1)    The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2)    The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)    The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5)    "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6)    "Identify" (with respect to documents) means to provide, to the extent known, the type of document, its general subject matter, the date of the document, and its author(s), addressee(s) and recipient(s).

7)    The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

8)    The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

9)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

10)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

11)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

12)    The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

13)    Each of the terms "all" and "each" shall be construed as both all and each.

14)    The term "any" means both any and all.

3

15)    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16)    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

17)    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

18)    The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

19)    The term "PTO" means the United States Patent and Trademark Office.

20)    The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al., Index. No. CV 05-2200 MMM, dated May 14, 2007.

<u>INSTRUCTIONS</u>

1)    Unless otherwise noted, the time period covered by each request for documents is January 1, 1996, to present

2)    Each request for documents seeks production of documents in their entirety, without abbreviation, modification, or redaction, including all attachments and materials affixed thereto.

4

3)     Documents shall be produced in an order corresponding to each paragraph of this document request, or, in the alternative, they may be produced in the same order in which they are maintained in the usual course of business.

4)     Each defendant remains under a duty of supplement pursuant to Rule 26 with respect to each request.

5)     Each request for documents shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

6)     Each and every non-identical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

7)     A representation of inability to comply with a particular request shall state the specific reason for the inability to comply, including whether the particular document has never existed, has been destroyed; has been lost misplaced, or stolen or has never been, or is no longer, in your possession, custody, or control.  The statement shall set forth the same and address of any natural persons or organization known or believe by you to have possession, custody, or control of that document or category of documents.

8)     If only part of a request is objectionable, the response shall set forth clearly the extent of and the specific ground for the objection, and all other requested documents shall be produced.  If objection is based on a claim of privilege or other protection, for such document you must state:

        a)     the date of the document:

        b)     the request(s) to which the document is responsive;

        c)     the title and/or general subject matter of the writing;

5

d)      the person(s) to whom the document was addressed or copied; and

e)      the nature and basis of your claim of privilege or other reason that

the information is protected from discovery, sufficiently to determine

the validity of that claim in accordance with Fed. R Civ. P. 26(b)(5).

## DOCUMENT REQUESTS

Document Request No. 1
All documents in which Defendants explicitly or implicitly referred to (i) the Federal Court Decisions or (ii) the rights that either Defendant purportedly has in the image, name, or likeness of Marilyn Monroe subsequent to the date of the Federal Court Decisions. This document request includes, but is not limited to, letters and/or electronic communications to Plaintiffs' licensees, Defendants' licensees, the press, or any other party.

Document Request No. 2
The Monroe/Shaw Photographs that CMG admits to displaying on its website for 6-9 months and documents concerning your statement that "[w]hen CMG displayed those images, it had a reasonable belief that those images were in the public domain." See your response to Plaintiffs' Interrogatory No. 1.

Document Request No. 3
All documents relating to the prosecution of the MM Marks in the PTO, including but not limited to, documents received and submitted to the PTO, documents provided to and received from licensees and third parties.

Document Request No. 4
All documents relating to your responses to Plaintiffs' first and second set of interrogatories.

Document Request No. 5
All documents relating to your allegation that the Plaintiffs have infringed Defendants' trademarks.

Document Request No. 6
Copies of all pleadings and correspondence concerning your Answer to Interrogatory No. 3 in Plaintiffs' first set of document requests.

Document Request No. 7
Copies of all the photographs or images of Marilyn Monroe you have ever licensed to anyone.

Document Request No. 8
All documents relating to the efforts of Defendants or others to amend the New York Civil Rights Law, including but not limited to, the proposed Bill known as A.8836(Weinstein)/S.6005(Golden). Defendants' response to this document request should include, but is not limited to, all internal drafts, letters to any member of the New York legislature, position papers, letters to lobbyists and their agents, press releases, notes, etc.

Document Request No. 9
All documents relating to the efforts of Defendants or others to promote a right of publicity in any State in the United States, including but not limited to California and Indiana. Defendants' response to this document request should include internal drafts, letters to any member of the New York legislature, position papers, letters to lobbyists and their agents, or any other document in any way pertaining to Defendants' efforts to institute, change or amend a right of publicity law or privacy law.

Document Request No. 10
All attorney opinion letters that Defendants' intend to use as a defense in any manner in this litigation.

Dated: July 16, 2007
         New York, New York

                          LAW OFFICES OF CHRISTOPHER SERBAGI

                          By:  _Christopher Serbagi_
                          Christopher Serbagi (CS 7746)
                          488 Madison Avenue, Suite 1120
                          New York, New York 10022
                          Tele: (212) 593-2112
                          Fax: (212) 308-8582

                          Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2007, I caused a true and correct copy of Plaintiffs/Consolidated Defendants Second Set of Document Requests to Defendants/Consolidated Plaintiffs to be served by overnight mail to:

Orin Snyder, Esq.
Gibson Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166
Tele: 212-351-4000
Fax: 212-351-6288

Attorneys for Marilyn Monroe, LLC


Jonathan G. Polak, Esq.
SOMMER BARNARD PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Tele: 317-713-3500
Fax: 317-713-3699

Attorneys for CMG Worldwide, Inc.


LAW OFFICES OF CHRISTOPHER SERBAGI

By: _Christopher Serbagi_
Christopher Serbagi (CS 7746)
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiffs

# EX. H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - )
SHAW FAMILY ARCHIVES, LTD., EDITH : 
MARCUS and META STEVENS, :
          : 05 CV 3939 (CM)
               Plaintiffs, :
          : Honorable Colleen McMahon
    v. :
          :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware Limited :
Liability Company, :
          :
              Defendants. :
          :
- - - - - - - - - - - - - - - - - - - - - - - - - - )

## DEFENDANTS'/CONSOLIDATED PLAINTIFFS' RESPONSE TO PLAINTIFFS'/ CONSOLIDATED DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant/Consolidated

Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG") hereby

respond to the Second Set of Interrogatories propounded by Plaintiffs/Consolidated Defendants

Shaw Family Archives, Ltd. ("Shaw") and Bradford Licensing, Inc. ("Bradford") (collectively,

"Plaintiffs").

### GENERAL OBJECTIONS

1.      MMLLC and CMG object to each Interrogatory insofar and to the extent that: (a)

it seeks information subject to a claim of privilege, including but not limited to the attorney-

client privilege and/or attorney work product doctrine, or any other applicable privilege or

doctrine; (b) it seeks information beyond the scope of discovery provided for in Fed. R. Civ. P.

26 and the Local Civil Rules of the United States District Court for the Southern District of New

York (the "Local Rules"); (c) it seeks information that is not relevant to the claims or defenses at

issue in this litigation; (d) it seeks information that would be unduly burdensome to produce

and/or information that cannot otherwise be more readily accessed by Plaintiffs through less intrusive and/or burdensome means; and/or (e) it seeks information not within the possession, custody or control of MMLLC or CMG. The fact that MMLLC or CMG does not specifically object to an individual Interrogatory on the aforementioned grounds is not intended to waive, and shall not be deemed a waiver of, any such objections, any and all of which are hereby expressly reserved.

2.    MMLLC and CMG object to Plaintiffs' Interrogatories because and to the extent they seek information relating to matters that are not raised in the pleadings, are not relevant to the claims or defenses of any party, and/or, as such, are not reasonably calculated to lead to the discovery of admissible evidence.

3.    MMLLC and CMG object to each Interrogatory (and to the "Definitions" and "Instructions" sections preceding the Interrogatories) to the extent they purport to impose duties exceeding those imposed by the Federal Rules of Civil Procedure or the Local Rules, including, but not limited to, Local Rules 26.3 and 33.3.

4.    MMLLC and CMG object to the "Definitions" and "Instructions" sections preceding the Interrogatories as vague, ambiguous and overly broad.

5.    MMLLC and CMG object to Interrogatories 1, 2, and 3 as improper, pursuant to Local Rule 33.3(b), and as premature contention interrogatories, pursuant to Local Rule 33.3(c). MMLLC and CMG reserve the right to supplement these responses, as needed, at the close of discovery or after depositions have concluded.

6.    MMLLC's and CMG's decision, now or in the future, to provide information notwithstanding the objectionable nature of any of the definitions or instructions, or the Interrogatories, should not be construed as: (i) an agreement that the material is relevant or

2

admissible; (ii) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; or (iii) an agreement that Interrogatories seeking similar documents will be treated in a similar manner. All such defenses and objections are expressly preserved.

7.    MMLLC and CMG are willing to meet and confer in order to properly narrow discovery.

8.    These responses are given without prejudice to MMLLC's and CMG's right to use or rely on at any time, including at trial, subsequently discovered facts and/or any information that may have been omitted from this response by inadvertence, oversight, or otherwise.

9.    These General Objections are incorporated by reference into the responses set forth below. No specific response set forth below is intended to waive any of MMLLC's or CMG's objections.

**INTERROGATORIES**

**Interrogatory No. 1:**

Identify the precise nature of the Monroe Intellectual Property Rights (as you have used that term in the Second Amended Complaint and your response to Plaintiffs' first set of interrogatories) you claim to own in the name, likeness, or image of Marilyn Monroe in light of the Federal Court Decisions.

Your response to this single interrogatory, i.e. the nature of the rights you claim in Marilyn Monroe subsequent to the Federal Court Decisions, should include a recitation of any rights you purportedly own in the following:

(i)    MM Marks: The basis for your belief that Defendants own MM Marks in Marilyn Monroe; the precise Marks you claim to own (include application serial numbers and registration numbers). State separately for each Mark how the Defendants purportedly acquired and maintained rights in the MM Marks, the goods/services that you have used in connection with each MM Mark, who the licensees are for each mark.

3

(ii)    Copyrights:  Identify any copyrights that Defendants allege they own in connection with the image of Marilyn Monroe.

(iii)    Right of Publicity:  State whether you claim to have a right of publicity in Marilyn Monroe.  If so, explain in detail the factual and legal basis for that belief.

(iv)    Images of Marilyn Monroe:  State whether Defendants purport to have intellectual property rights in the image of Marilyn Monroe.  If the answer to the following is anything other than an unqualified no, identify the exact nature of the right you own, the reason you have that right, and whether you believe you are entitled to assert that right in the marketplace.

As part of your explanation of the Monroe Intellectual Property rights you claim to own in light of the Federal Court Decisions, your response to this interrogatory should also provide an explanation of the basis for your continued representations that those who wish to use images of Marilyn Monroe in commerce need your permission to do so.

**Response to Interrogatory No. 1:**

MMLLC and CMG hereby incorporate by reference their General Objections.  MMLLC and CMG further object to Plaintiffs' characterization of this Interrogatory as a "single interrogatory" as there are at least eleven (11) interrogatories contained in this Interrogatory.

MMLLC and CMG object to the interrogatories listed under Interrogatory No. 1 as: overly broad, unduly burdensome, vague and ambiguous, and seeking information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.  MMLLC and CMG further object to these interrogatories to the extent they seek information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or the work product doctrine.  MMLLC and CMG further object to these interrogatories in that they improperly seek to have MMLLC and CMG respond "in light of the Federal Court Decisions," despite MMLLC's and CMG's stated intent to appeal those decisions.  In addition, MMLLC and CMG object to these interrogatories pursuant to Rule 33.3(b) of the Local Rules because they are not "a more practical method of obtaining the information sought than a request for production or a deposition."  MMLLC and CMG

4

further object to these interrogatories as premature contention interrogatories under Local Rule

33.3(c).

## Interrogatory No. 2:

State whether you have ever represented to the PTO that you were using goods in connection with a MM Mark that were not actually in use. Your response to this single interrogatory should include the following information: (i) identify by serial number or registration number all MM Marks for which you have filed a statement/declaration of use with the PTO and for each such MM Mark, identify the basis for your allegation that Defendants have used those goods in commerce and (ii) state whether you have made uninterrupted use of the goods and services listed in connection with the registration certificates for all the Marks.

## Response to Interrogatory No. 2:

MMLLC and CMG hereby incorporate by reference their General Objections. MMLLC

and CMG further object to Plaintiffs' characterization of this Interrogatory as a "single

interrogatory" as there are four discrete interrogatories in this Interrogatory.

MMLLC and CMG object to the interrogatories listed under Interrogatory No. 2 as:

overly broad, unduly burdensome, vague and ambiguous, and seeking information that is not

relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the

discovery of admissible evidence. MMLLC and CMG further object to these interrogatories to

the extent they seek information that is subject to a claim of privilege, including, without

limitation, the attorney-client privilege and/or the work product doctrine. In addition, MMLLC

and CMG object to these interrogatories pursuant to Local Rule 33.3(b) because they are do not

"a more practical method of obtaining the information sought than a request for production or a

deposition." MMLLC and CMG further object to these interrogatories as premature contention

interrogatories under Local Rule 33.3(c).

**Interrogatory No. 3:**

For each MM Mark, provide a detailed explanation of the measures, if any, the Defendants have taken to exercise quality control over the MM Marks.

**Response to Interrogatory No. 3:**

MMLLC and CMG hereby incorporate by reference their General Objections. MMLLC and CMG object to this interrogatory as: overly broad, unduly burdensome, vague and ambiguous, and seeking information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. MMLLC and CMG further object to this interrogatory to the extent it seeks information that is subject to a claim of privilege, including, without limitation, the attorney-client privilege and/or the work product doctrine. In addition, MMLLC and CMG object to these interrogatories pursuant to Rule 33.3(b) of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules") because they are not "a more practical method of obtaining the

6

information sought than a request for production or a deposition." MMLLC and CMG further

object to these interrogatories as premature contention interrogatories under Local Rule 33.3(c).

DATED:    New York, New York
          August 13, 2007

GIBSON, DUNN & CRUTCHER LLP

Orin Snyder (OS-3122)
Cynthia Arato (CA-8350)
Howard S. Hogan (HH-7995)
Michelle Craven (MC-8556)
200 Park Avenue, 47th Floor
New York, New York 10166
T: (212) 351-2400
F: (212) 351-6288
*Counsel for Defendant/Consolidated Plaintiff
Marilyn Monroe, LLC*

and

SOVICH MINCH LLP

By: Theodore J. Minch MMC
Theodore J. Minch (*Pro Hac Vice* filed August 13,
2007)
10099 Chesapeake Drive, Suite 100
McCordsville, Indiana 46055
T:  (317) 335-3601
F:  (317) 335-3602

100270592_2.DOC