EX. I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - )
SHAW FAMILY ARCHIVES, LTD., EDITH : 
MARCUS and META STEVENS, :         05 CV 3939 (CM)
 :
             Plaintiffs, :         Honorable Colleen McMahon
    v. :
 :
CMG WORLDWIDE, INC., an Indiana Corporation :
and MARILYN MONROE, LLC, a Delaware Limited :
Liability Company, :
 :
             Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - )

### DEFENDANTS/CONSOLIDATED PLAINTIFFS RESPONSE TO PLAINTIFFS/ CONSOLIDATED DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Consolidated Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG") (collectively, "Defendants") hereby respond and object to Plaintiffs/Consolidated Defendants' Second Set of Document Requests as follows:

### GENERAL OBJECTIONS

1.     Defendants object to Plaintiffs' demands for production to the extent that they are vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant and admissible evidence.

2.     Defendants object to Plaintiffs' demands for production to the extent that they seek trade secrets, proprietary information and/or confidential commercial information not relevant to, or necessary for, the adjudication of the issues raised in the Parties' amended complaints as filed in this action.

100271543 3.DOC

3.     Defendants object to Plaintiffs' demands for production to the extent that they purport to require the production of documents that are already in Plaintiffs' possession, are public or are otherwise readily available from sources to which Plaintiffs also have access.

4.     Defendants object to Plaintiffs' demands for production to the extent that they purport to require production of documents not in the Defendants' possession, custody, or control.

5.     Defendants object to the instructions and definitions in Plaintiffs' demands for production to the extent they in any way deviate from or expand upon obligations, duties, or requirements set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Civil Rules for the United States District Court for the Southern District of New York (the "Local Rules").

6.     Defendants object to the definitions in Plaintiffs' demands for production to the extent that they are used in such a way as to otherwise render Plaintiffs' demands vague, ambiguous, overbroad and/or not reasonably calculated to lead to the discovery of relevant and / or admissible evidence.

7.     Defendants object to Plaintiffs' demands for production to the extent they purport to require production of documents relating to allegations or matters that are not included in the Parties' operative complaints, as amended and filed in this Case.

8.     Defendants object to Plaintiffs' demands for production to the extent that they purport to require documents that are protected by the joint defense or common interest privilege, the attorney-client privilege, the attorney work product doctrine, and / or any other applicable law, rule, privilege or immunity.

9.    Defendants object to Plaintiffs' demands for production to the extent that they violate. infringe. or interfere with Defendants' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and other state and federal protections of the rights to freedom of speech and to petition the government.

10.    In furnishing the objections herein, Defendants do not concede that any of Plaintiffs' demands for production. or any subpart thereof, is relevant to the claims or defenses as raised by the Parties in their amended complaints filed in this action.

11.    Any documents inadvertently disclosed to Plaintiffs shall not constitute a waiver of any privilege, any other doctrine against disclosure, or the right of Defendants to object to the use of any document inadvertently disclosed.  Defendants reserve the right to demand that Plaintiffs return to them any information inadvertently disclosed without further recourse.

12.    Any documents disclosed to Plaintiffs shall not constitute a waiver of any right of Defendants to object to the use and/or ultimate admissibility of any such document duly produced to Plaintiffs by Defendants.   As such, Defendants hereby expressly reserve the right to object, on whatever basis, to the use and/or ultimate admissibility of any document produced to Plaintiffs in this Case.

13.    Defendants reserve the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

14.    In furnishing the responses herein, Defendants do not concede the truth of any factual assertion or implication contained in any of Plaintiffs' requests for production. Moreover. Defendants' responses and objections shall not be construed as representations

3

regarding the existence or non-existence of specific documents in its possession, custody or control.

## DOCUMENT REQUESTS

### Document Request No. 1:

All documents in which Defendants explicitly or implicitly referred to (i) the Federal Court Decisions or (ii) the rights that either Defendant purportedly has in the image, name, or likeness of Marilyn Monroe subsequent to the date of the Federal Court Decisions. This document request includes, but is not limited to, letters and/or electronic communications to Plaintiffs' licensees, Defendants' licensees, the press, or any other party.

### Response to Document Request No. 1:

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants object to this request to the extent that it seeks to violate, infringe, or interfere with Defendants' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and other state and federal protections of the rights to freedom of speech and to petition the government. Defendants further object to this request on the basis that the request is overbroad. Defendants further object to this request as vague and ambiguous with respect to the term "implicitly." Defendants also object to this request to the extent that it seeks information that is not related to alleged licensees or potential licensees of Shaw because it seeks information that is not relevant to the claims or defenses of any party as raised in the amended complaints and/or not reasonably calculated to lead to the discovery of relevant and admissible evidence. In addition, Defendants object to this request on the basis that the request seeks information that is not relevant to the claims or defenses of any party other than claims that are subject to

4

Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and Defendants' Motion to Stay discovery, both of which will be filed shortly.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically preserve, Defendants respond as follows:  Defendants will produce non-privileged documents responsive to this request in their possession, custody, or control, to the extent they exist, other than documents related to Defendants' constitutional right of freedom of speech and to petition the government.

**Document Request No. 2:**

The Monroe/Shaw Photographs that CMG admits to displaying on its website for 6-9 months and documents concerning your statement that "[w]hen CMG displayed those images, it had a reasonable belief that those images were in the public domain."

**Response to Document Request No. 2:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request on the grounds that it seeks information that is not relevant to the claims or defenses of any party in that CMG previously informed Plaintiffs that the photos which were the subject of the noted interrogatory response were contained in the book entitled *Marilyn Monroe. The Life. The Myth.*, all of which previously were found to be in the public domain by the United States District Court for the Southern District of New York and none of which are the subject of Plaintiffs' Second Amended Complaint.

**Document Request No. 3:**

All documents relating to the prosecution of the MM Marks in the PTO, including but not limited to, documents received and submitted to the PTO, documents provided to and received from licensees and third parties.

**Response to Document Request No. 3:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request on the basis that the request is vague and ambiguous, with respect to the phrase "documents provided to and received from licensees and third parties." Defendants further object to this request on the basis that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party as raised by the Parties in their respective amended complaints filed in this action and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence.

**Document Request No. 4:**

All documents relating to your responses to Plaintiffs' first and second set of interrogatories.

**Response to Document Request No. 4:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request on the basis that the request is vague, ambiguous, overbroad and unduly burdensome with respect to the phrase "relating to." In addition, Defendants object to this request to the extent it seeks information concerning Plaintiffs' second set of interrogatories and/or interrogatories 4, 10, 13, 14, 18, 19, and 20 of Plaintiffs' first set of interrogatories on the basis that the request seeks information that is not relevant to the claims or defenses of any party as raised by the Parties in their amended complaints and filed in this Case and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence.

**Document Request No. 5:**

All documents relating to your allegation that the Plaintiffs have infringed Defendants' trademarks.

**Response to Document Request No. 5:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request as on the basis that the request seeks information that is not relevant to the claims or defenses of any party as raised by the Parties in their amended complaints filed in this action and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence.

**Document Request No. 6:**

Copies of all pleadings and correspondence concerning your Answer to Interrogatory No. 3 in Plaintiffs' first set of document requests.

**Response to Document Request No. 6:**

Defendants object to this request to the extent that it seeks documents subject to any applicable privilege or immunity including, but not limited to, the joint defense or common interest privilege, the attorney-client privilege and/or the attorney work product doctrine. Defendants further object to this request to the extent it seeks correspondence on the basis that the request is vague and ambiguous, overbroad and unduly burdensome, and seeks information that is not relevant to the claims or defenses of any party as raised by the Parties in their amended complaints filed in this action and/or not reasonably calculated to lead to the discovery or relevant and admissible evidence.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically preserve, Defendants respond as follows: Defendants will

produce responsive pleadings, as defined in Fed. R. Civ. P. 7(a), concerning the actions

identified in their response to Interrogatory No. 3 in Plaintiffs' First Set of Interrogatories in their

possession, custody, or control, to the extent they exist.

**Document Request No. 7:**

Copies of all photographs or images of Marilyn Monroe you have ever licensed to anyone.

**Response to Document Request No. 7:**

Defendants object to this request to the extent that it seeks documents subject to any

applicable privilege or immunity including, but not limited to, the joint defense or common

interest privilege, the attorney-client privilege and/or the attorney work product doctrine.

Defendants further object to this request to the extent that it purports to request photographs or

images of Marilyn Monroe unlimited in time and that are not Monroe/Shaw Photographs on the

basis that the request is overbroad and unduly burdensome. Defendants also object to this

request to the extent that it seeks information that is not relevant to the claims or defenses of any

party and/or not reasonably calculated to lead to the discovery or relevant and admissible

evidence because the Court has already ruled on Defendants' right of publicity claim.

**Document Request No. 8:**

All documents relating to the efforts of Defendants or others to amend the New York
Civil Rights Law, including but not limited to, the proposed Bill known as A.8836(Weinstein)/
S.6005(Golden). Defendants' response to this document request should include, but is not
limited to, all internal drafts, letters to any member of the New York legislature, position papers,
letters to lobbyists and their agents, press releases, notes, etc.

**Response to Document Request No. 8:**

Defendants object to this request to the extent that it seeks documents subject to any

applicable privilege or immunity including, but not limited to, the joint defense or common

interest privilege, the attorney-client privilege and/or the attorney work product doctrine.

8

Defendants object to this request to the extent that it seeks to violate, infringe, or interfere with

Defendants' rights under the First, Fifth, and Fourteenth Amendments to the United States

Constitution and other state and federal protections of the rights to freedom of speech and to

petition the government.  Defendants also object to this request on the basis that the request

seeks information that is not relevant to the claims or defenses of any party other than claims that

are subject to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and

Defendants' Motion to Stay discovery, both of which will be filed shortly.

**Document Request No. 9:**

All documents relating to the efforts of Defendants or others to promote a right of
publicity in any State in the United States, including but not limited to California and Indiana.
Defendants' response to this document request should include internal drafts, letters to any
member of the New York legislature, position papers, letters to lobbyists and their agents, or any
other document in any way pertaining to Defendants' efforts to institute, change or amend a right
of publicity law or privacy law.

**Response to Document Request No. 9:**

Defendants object to this request to the extent that it seeks documents subject to any

applicable privilege or immunity including, but not limited to, the joint defense or common

interest privilege, the attorney-client privilege and/or the attorney work product doctrine.

Defendants object to this request to the extent that it seeks to violate, infringe, or interfere with

Defendants' rights under the First, Fifth, and Fourteenth Amendments to the United States

Constitution and other state and federal protections of the rights to freedom of speech and to

petition the government.  Defendants also object to this request on the basis that the request

seeks information that is not relevant to the claims or defenses of any party other than claims that

are subject to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and

Defendants' Motion to Stay discovery, both of which will be filed shortly.

**Document Request No. 10:**

All attorney opinion letters that Defendants' intend to use as a defense in any manner in this litigation.

**Response to Document Request No. 10:**

Subject to and without waiving the foregoing general objections, which Defendants specifically preserve, Defendants respond as follows:  Defendants will produce any attorney opinion letters on which they intend to rely.

DATED:      New York, New York
            August 27, 2007

                              **GIBSON, DUNN & CRUTCHER LLP**

                              _____
                              Orin Snyder (OS-3122)
                              Cynthia Arato (CA-8350)
                              Howard Hogan (HH-7995)
                              Michelle Craven (MC-8556)
                              200 Park Avenue, 47th Floor
                              New York, New York 10166
                              T: (212) 351-2400
                              F: (212) 351-6288
                              *Counsel for Defendant/Consolidated Plaintiff*
                              *Marilyn Monroe, LLC*


                              **SOVICH MINCH LLP**

                              _____
                              Theodore J. Minch (Admitted *Pro Hac Vice*)
                              10099 Chesapeake Drive, Suite 100
                              McCordsville, IN 46055
                              T: (317) 335-3601
                              F: (317) 335-3602

10

EX. J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

SHAW FAMILY ARCHIVES, LTD., EDITH    :
MARCUS and META STEVENS,             :
                                     :
                                     :
                         Plaintiffs, :    Index No. O5 CV 3939 (CM)
                                     :
         -against-                   :
                                     :
                                     :
CMG WORLDWIDE, INC., an Indiana Corporation    :
and MARILYN MONROE, LLC, a Delaware  :
Limited Liability Company,           :
                                     :
                        Defendants.  :
                                     :
-----------------------------------------------------------------X

### PLAINTIFFS/CONSOLIDATED DEFENDANTS THIRD SET OF
### INTERROGATORIES TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned

attorneys and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby

requests that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe,

LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth

below, fully respond to the following Interrogatories separately, in writing, within thirty days of

service.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any

Definition, Instruction, or Interrogatory.

1)    The term "company" includes all predecessor, successor, subsidiary, parent and

affiliated entities.

2)    The term "communication" or "communicating" refers to any transmission of

information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or

companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)    The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)    "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5)    "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6)    The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

7)    The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

2

8)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

9)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

10)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

11)    The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

12)    Each of the terms "all" and "each" shall be construed as both all and each.

13)    The term "any" means both any and all.

14)    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15)    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

16)    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3

17)    The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

18)    The term "PTO" means the United States Patent and Trademark Office.

19)    The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al., Index. No. CV 05-2200 MMM, dated May 14, 2007.

## INSTRUCTIONS

1)    Whenever in these Interrogatories there is a request to identify a piece of litigation, set forth the (a) filing date, (b) jurisdiction, (c) case number, (d) parties, and (e) current status.

2)    In answering these Interrogatories, you are required to furnish all information known or reasonably available to you, in your possession, custody, or control, including, without limitation, all information in the possession of your agents, investigators, representatives and attorneys, and not merely such information as exists under your immediate direction or control.

3)    After exercising the due diligence to secure the information requested by a specific Interrogatory, if you cannot secure information sufficient to fully respond to any of the following Interrogatories, so state and provide the information you have been able to locate.

4)    Whenever an Interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the Interrogatory can be found.

5)    If you object in whole or in part to any of the following Interrogatories, please state in complete detail the basis of your objection and all facts upon which you rely to support your objection.

6)    In accordance with Federal Rule of Civil Procedure 26(e)(2), the following Interrogatories are continuing so as to require prompt supplemental responses if you obtain further information with respect to the same between the time your initial responses are served and the time of trial, and such information is to be made known by means of amended answers to these Interrogatories promptly upon first being discovered.

7)    Identify documents from Defendants' document production that are responsive to and/or relate to these Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

The detailed factual and legal basis for Count I in the Third Amended Complaint, including the basis for your claim to an injunction and the basis for your request that Plaintiffs obtain permission from Defendants to "conduct further activities inconsistent with the rights of their licensees." Include dates of any communications that you purport to have taken place between Defendants and others, the individuals who made those purported communications, and the nature of those purported communications, including but not limited to, the basis for your statement that Plaintiffs have refused to acknowledge that photographs have entered the public domain; the basis for and details surrounding your statements that Plaintiffs have communicated with Defendants' licensees that photographs have entered the public domain; the basis for your statement that Plaintiffs have actively discouraged Defendants' licensees and potential licensees form entering into relationships with Plaintiffs, and the basis for your assertion that Defendants have not made use of the purported Public Domain photographs but for Plaintiffs' representations.

### INTERROGATORY NO. 2:

The precise nature and amount of damage that Defendants claim to have suffered as a result of the allegations in Count I of Defendants' Third Amended Complaint. Include all legal theories of damages Defendants intend to assert and the basis for those legal theories.

5

## INTERROGATORY NO. 3:

The legal basis for any position you may take contesting the Plaintiffs' right to attorney's fees under the Indiana Right to Publicity Statute, § 32-36-1-12 and/or any other applicable provision of that statute.

## INTERROGATORY NO. 4:

The legal and factual basis for all your defenses to Counts 1-2 and 9 of Plaintiffs' Second Amended Complaint.

Dated:  November 1, 2007
        New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____

Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiffs

EX. K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH            :
MARCUS and META STEVENS,                     :
                                             :
                                             :
                        Plaintiffs,          :    Index No. O5 CV 3939 (CM)
                                             :
            -against-                         :
                                             :
                                             :
CMG WORLDWIDE, INC., an Indiana Corporation  :
and MARILYN MONROE, LLC, a Delaware          :
Limited Liability Company,                   :
                                             :
                        Defendants.          :
                                             :
-------------------------------------------------------------X

## PLAINTIFFS/CONSOLIDATED DEFENDANTS' THIRD SET OF
## DOCUMENT REQUESTS TO DEFENDANTS/CONSOLIDATED PLAINTIFFS

Plaintiffs/Consolidated Defendants ("Plaintiffs"), by and through their undersigned

attorneys and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby

request that Defendants/Consolidated Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe,

LLC (collectively, "Defendants"), in accordance with the definitions and instructions set forth

below, produce all the documents and things described below, wherever located, that are in

Defendants' possession, custody, or control, or in the possession, custody, or control of their

agents, servants, employees, attorneys, accountants or other persons acting or purporting to act

on Defendants' behalf, at the Law Offices of Christopher Serbagi, 488 Madison Avenue, Suite

1120, New York, New York  10022, within thirty days or at such earlier time as may be ordered

by the Court.  Defendants may produce true and correct copies of the requested documents rather

than originals.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Definition, Instruction, or Request for the Production of Documents.

1)      The term "company" includes all predecessor, successor, subsidiary, parent and affiliated entities.

2)      The term "communication" or "communicating" refers to any transmission of information (in the form of facts, ideas, inquiries, or otherwise) between or among individuals or companies in any manner, whether verbal, written, electronic, or otherwise, whether in-person or telephonic, whether direct or through an intermediary.

3)      The term "concerning" or "concerns" means discussing, referring to, describing, evidencing, or constituting.

4)      "Document" has the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any typed writing, handwritten notes, photograph, chart, graph, video tape, audio tape, computer disk, or electronically stored data (including electronic mail and electronic or computerized data compilations) which is in your actual or constructive possession or custody or control, and includes, without limitation, all originals, copies, drafts (sent or unsent), or other non-conforming copies of every kind. A draft or non-identical copy is a separate document within the meaning of this term.

5)      "Identify" (with respect to persons) means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

2

6)    "Identify" (with respect to documents) means to provide, to the extent known, the type of document, its general subject matter, the date of the document, and its author(s), addressee(s) and recipient(s).

7)    The term "including" or "includes" means including/includes, without limitation; or including/includes, but not limited to.

8)    The term "Monroe Intellectual Property Rights" means and refers to Defendants' claims to various intellectual property rights, including certain trademarks, copyrights, and the rights of association and sponsorship and Right of Publicity and Privacy in and to the name, image, likeness, persona, voice, and signature of Marilyn Monroe.

9)    The term "Monroe/Shaw Photographs" means the original photographs of Marilyn Monroe taken by Sam Shaw.

10)    The term "person" or "persons" means any natural person or any business, legal or governmental entity, or association.

11)    The term "representative of your company" means a natural person who acts on behalf of your company, including an officer, director, employee, servant, partner, agent, attorney, or other representative.

12)    The terms "you," "your," and "your company" shall mean each Defendant and includes the predecessors, persons, partners, present and former divisions, branches, authorized agents, attorneys, servants, employees, officers, directors, representatives, and any other person acting on behalf of each Defendant.

13)    Each of the terms "all" and "each" shall be construed as both all and each.

14)    The term "any" means both any and all.

3

15)    The connectives "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16)    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

17)    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all other tenses, moods, or voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

18)    The term "MM Trademark" or "MM Mark" means any trademark or trade dress that the Defendants purport to own in the name or image of "Marilyn" or "Marilyn Monroe" or "Monroe" or any derivation thereof.

19)    The term "PTO" means the United States Patent and Trademark Office.

20)    The term "Federal Court Decisions" means Judge Colleen McMahon's Decision and Order in the present litigation, dated May 2, 2007, and Judge Margaret M. Morrow's Decision and Order in the litigation entitled The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. et al., Index. No. CV 05-2200 MMM, dated May 14, 2007.

<u>INSTRUCTIONS</u>

1)    Unless otherwise noted, the time period covered by each request for documents is January 1, 1996, to present

2)    Each request for documents seeks production of documents in their entirety, without abbreviation, modification, or redaction, including all attachments and materials affixed thereto.

3)      Documents shall be produced in an order corresponding to each paragraph of this document request, or, in the alternative, they may be produced in the same order in which they are maintained in the usual course of business.

4)      Each defendant remains under a duty of supplement pursuant to Rule 26 with respect to each request.

5)      Each request for documents shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

6)      Each and every non-identical copy of a document, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or any other reason, is a separate document that must be produced.

7)      A representation of inability to comply with a particular request shall state the specific reason for the inability to comply, including whether the particular document has never existed, has been destroyed; has been lost misplaced, or stolen or has never been, or is no longer, in your possession, custody, or control. The statement shall set forth the same and address of any natural persons or organization known or believe by you to have possession, custody, or control of that document or category of documents.

8)      If only part of a request is objectionable, the response shall set forth clearly the extent of and the specific ground for the objection, and all other requested documents shall be produced. If objection is based on a claim of privilege or other protection, for such document you must state:

a)      the date of the document;

b)      the request(s) to which the document is responsive;

c)      the title and/or general subject matter of the writing;

5

d)   the person(s) to whom the document was addressed or copied; and

e)   the nature and basis of your claim of privilege or other reason that

the information is protected from discovery, sufficiently to determine

the validity of that claim in accordance with Fed. R Civ. P. 26(b)(5).

## DOCUMENT REQUESTS

Document Request No. 1

All documents relating to Count I of Defendants' Third Amended Complaint, including but not limited to, all documents that Defendants plan to use in support of their claims.

Document Request No. 2

All documents upon which Defendants may rely to demonstrate that they filed the Indiana Litigation (Index No. 1:05-cv-0423) and litigated the New York Litigation (05 Civ. 3939) in good faith.

Dated:  November 1, 2007
        New York, New York

LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____
    Christopher Serbagi (CS 7746)
    488 Madison Avenue, Suite 1120
    New York, New York 10022
    Tele: (212) 593-2112
    Fax: (212) 308-8582

Attorney for the Plaintiffs

6

# EX. L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- X

SHAW FAMILY ARCHIVES, LTD., EDITH   :
MARCUS and META STEVENS

                               :

                  Plaintiffs,

                           :   05 Civ. 3939 (CM)

        -against-

                           :   Honorable Colleen McMahon

CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC,   :
a Delaware Limited Liability Company,

                               :

                Defendants.

                           :

--------------------------------------------------- X

### DEFENDANTS/CONSOLIDATED PLAINTIFFS' RESPONSES AND OBJECTIONS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS' THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant/Consolidated

Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG")

(collectively, "Defendants") hereby respond and object to Plaintiffs/Consolidated

Defendants' Third Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Defendants object to each Interrogatory insofar and to the extent that: (a)

it seeks information subject to a claim of privilege, including but not limited to the

attorney-client privilege and/or attorney work product doctrine, common interest

privilege, or any other applicable privilege or doctrine; (b) it seeks information beyond

the scope of discovery provided for in Fed. R. Civ. P. 26 and the Local Civil Rules of the

United States District Court for the Southern District of New York (the "Local Rules");

(c) it seeks information that is not relevant to the claims or defenses at issue in this

litigation; (d) it seeks information that would be unduly burdensome to produce and/or information that cannot otherwise be more readily accessed by Plaintiffs through less intrusive and/or burdensome means; and/or (e) it seeks information not within the possession, custody or control of Defendants. The fact that Defendants do not specifically object to an individual Interrogatory on the aforementioned grounds is not intended to waive, and shall not be deemed a waiver of, any such objections, any and all of which are hereby expressly reserved.

2.      Defendants object to Plaintiffs' Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant and admissible evidence.

3.      Defendants object to Plaintiffs' Interrogatories to the extent they seek information relating to matters that are not raised in the pleadings, are not relevant to the claims or defenses of any party, relate only to allegations, claims or matters that have been dismissed, withdrawn, or otherwise no longer remain in this case, and/or, as such, are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendants object to each Interrogatory (and to the "Definitions" and "Instructions" sections preceding the Interrogatories) to the extent they purport to impose duties exceeding those imposed by the Federal Rules of Civil Procedure or the Local Rules, including, but not limited to, Local Rules 26.3 and 33.3.

5.      Defendants object to the "Definitions" and "Instructions" sections preceding the Interrogatories as vague, ambiguous and overly broad.

6.    Defendants object to the Interrogatories as improper pursuant to Local Rules 33.3(b) and 33.3(c), and reserve the right to supplement these responses, as needed, at the close of discovery or after depositions have concluded.

7.    Defendants decision, now or in the future, to provide information notwithstanding the objectionable nature of any of the definitions or instructions, or the Interrogatories, should not be construed as: (i) an agreement that the material is relevant or admissible; (ii) a waiver of the General Objections or the objections asserted in response to specific Interrogatories; or (iii) an agreement that Interrogatories seeking similar documents will be treated in a similar manner. All such defenses and objections are expressly preserved.

8.    Defendants are willing to meet and confer in order to properly narrow discovery.

9.    These responses are given without prejudice to Defendants' right to use or rely on at any time, including at trial, subsequently discovered facts and/or any information that may have been omitted from this response by inadvertence, oversight, or otherwise.

10.    These General objections are incorporated by reference into the responses set forth below. No specific response set forth below is intended to waive any of Defendants' objections.

11.    Defendants reserve the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

## RESPONSES TO INTERROGATORIES

### Interrogatory No. 1:

The detailed factual and legal basis for Count I in the Third Amended Complaint, including the basis for your claim to an injunction and the basis for your request that Plaintiffs obtain permission from Defendants to "conduct further activities inconsistent with the rights of their licensees." Include dates of any communications that you purport to have taken place between Defendants and others, the individuals who made those purported communications, and the nature of those purported communications, including but not limited to, the basis for your statement that Plaintiffs have refused to acknowledge that photographs have entered the public domain; the basis for and details surrounding your statements that Plaintiffs have communicated with Defendants' licensees that photographs have entered the public domain; the basis for your statement that Plaintiffs have actively discouraged Defendants' licensees and potential licensees form entering into relationships with Plaintiffs, and the basis for your assertion that Defendants have not made use of the purported Public Domain photographs but for Plaintiffs' representations.

### Response to Interrogatory Request No. 1:

Defendants hereby incorporate by reference their General Objections. Defendants

further object to Plaintiffs' efforts to characterize as a single interrogatory what actually

appears to be at least ten (10) Interrogatories.

Defendants object to the interrogatories listed under Interrogatory No. 1 to the

extent that they seek information subject to any applicable privilege or immunity

including, but not limited to, the attorney-client privilege, the attorney work product

doctrine, and/or the common interest privilege. Defendants further object to the

interrogatories listed under Interrogatory No. 1 as overly broad and unduly burdensome,

and to the extent that they seek information that is already in Plaintiffs' possession, is

equally available to Plaintiffs, and/or is obtainable from some other source that is more

convenient, less burdensome or less expensive. Defendants also object to Interrogatory

No. 1 because it is vague and ambiguous, and because it misstates the allegations in

Defendants' Third Amended Complaint (for example, by incorrectly stating, among other

things, that Defendants have "request[ed] that Plaintiffs obtain permission from Defendants to 'conduct further activities inconsistent with the rights of their licensees,'" and that "Plaintiffs have actively discouraged Defendants' licensees . . . form [sic] entering into relationships with Plaintiffs"). Defendants further object to Interrogatory No. 1 to the extent that Plaintiffs have exceeded the maximum number of interrogatories allowed, including all discrete parts.

In addition, Defendants object to these interrogatories pursuant to Rule 33.3(b) of the Local Rules because they are not "a more practical method of obtaining the information sought than a request for production or a deposition." Defendants further object to these interrogatories as improper and premature contention interrogatories under Local Rule 33.3(c). If and to the extent responses are appropriate, Plaintiffs will supplement their response to the interrogatories listed under Interrogatory No. 1 after other discovery and depositions have concluded.

**Interrogatory No. 2:**

The precise nature and amount of damage that Defendants claim to have suffered as a result of the allegations in Count I of Defendants' Third Amended Complaint. Include all legal theories of damages Defendants intend to assert and the basis for those legal theories.

**Response to Interrogatory No. 2:**

Defendants hereby incorporate by reference their General Objections.

Defendants object to Interrogatory No. 2 to the extent that it seeks information subject to any applicable privilege or immunity including, but not limited to, the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege. Defendants further object to Interrogatory No. 2 as overly broad and unduly burdensome, vague and ambiguous, and seeking information that is not relevant to the claims and

defenses of any party and/or not reasonably calculated to lead to the discovery of relevant evidence.  Defendants further object to Interrogatory No. 2 to the extent that Plaintiffs have exceeded the maximum number of interrogatories allowed, including all discrete parts.

In addition, Defendants object to Interrogatory No. 2 pursuant to Rule 33.3(b) of the Local Rules because it is not "a more practical method of obtaining the information sought than a request for production or a deposition." Defendants further object to Interrogatory No. 2 as an improper and premature contention interrogatory under Local Rule 33.3(c).  ).  If and to the extent further responses are appropriate, Plaintiffs will supplement their response to Interrogatory No. 2 after other discovery and depositions have concluded.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically reserve, Defendants respond as follows: Defendants do not seek money damages pursuant to Count I of Defendants' Third Amended Complaint, except for Plaintiffs' costs, including attorneys' fees, pursuant to the United States Copyright Act.

**Interrogatory No. 3:**

The legal basis for any position you may take contesting the Plaintiffs' right to attorney's fees under the Indiana Right to Publicity Statute, § 32-36-1-12 and/or any other applicable provision of that statute.

**Response to Interrogatory No. 3:**

Defendants hereby incorporate by reference their General Objections.

Defendants object to Interrogatory No. 3 to the extent that it seeks information subject to any applicable privilege or immunity including, but not limited to, the attorney-

client privilege, the attorney work product doctrine, and/or the common interest privilege.
Defendants further object to Interrogatory No. 3 as overly broad and unduly burdensome,
vague and ambiguous, and seeking information that is not relevant to the claims and
defenses of any party and/or not reasonably calculated to lead to the discovery of relevant
evidence. Defendants further object to Interrogatory No. 3 to the extent that Plaintiffs
have exceeded the maximum number of interrogatories allowed, including all discrete
parts.

**Interrogatory No. 4:**

The legal and factual basis for all your defenses to Counts 1-2 and 9 of Plaintiffs'
Second Amended Complaint.

**Response to Interrogatory No. 4:**

Defendants hereby incorporate by reference their General Objections.
Defendants further object to Plaintiffs' efforts to characterize as a single interrogatory
what on its face constitutes at least three (3), and in fact constitutes many more,
interrogatories.

Defendants object to Interrogatory No. 4 to the extent that it seeks information
subject to any applicable privilege or immunity including, but not limited to, the attorney-
client privilege, the attorney work product doctrine, and/or the common interest privilege.
Defendants further object to Interrogatory No. 4 as overly broad and unduly burdensome,
and vague and ambiguous. Defendants further object to Interrogatory No. 4 to the extent
that Plaintiffs have exceeded the maximum number of interrogatories allowed, including
all discrete parts.

In addition, Defendants object to Interrogatory No. 4 pursuant to Rule 33.3(b) of
the Local Rules because it is not "a more practical method of obtaining the information

sought than a request for production or a deposition." Defendants further object to

Interrogatory No. 4 as an improper and premature contention interrogatory under Local

Rule 33.3(c). If and to the extent responses are appropriate, Plaintiffs will supplement

their response to Interrogatory No. 4 after other discovery and depositions have

concluded.

Dated: New York, New York
      December 4, 2007

                    LOEB & LOEB LLP

                    By: _____
                      Barry I. Slotnick (BS-9796)
                      Paula K. Colbath (PC-9895)
                      Jonathan Neil Strauss (JS-1090)
                      345 Park Avenue
                      New York, New York 10154-1895
                      (212) 407-4000

                      Attorneys for Defendant/Consolidated
                      Plaintiff Marilyn Monroe, LLC

                  SOVICH MINCH LLP

                  By: _____
                      Theodore J. Minch (Admitted *Pro
                      Hac Vice*)
                      10099 Chesapeake Drive, Suite 100
                      McCordsville, IN 46055
                      (317) 335-3601

                      Attorneys for Defendant/Consolidated
                      Plaintiff CMG Worldwide, Inc.

689445.1

EX. M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

SHAW FAMILY ARCHIVES, LTD., EDITH  :
MARCUS and META STEVENS

                                     :

              Plaintiffs,

                                     :   05 Civ. 3939 (CM)

        -against-

                                     :   Honorable Colleen McMahon

CMG WORLDWIDE, INC., an Indiana
Corporation and MARILYN MONROE, LLC,  :
a Delaware Limited Liability Company,

                                   :

             Defendants.

                                   :

--------------------------------------------------------- X

### DEFENDANTS/CONSOLIDATED PLAINTIFFS' RESPONSES AND OBJECTIONS TO PLAINTIFFS/CONSOLIDATED DEFENDANTS' THIRD SET OF DOCUMENT REQUESTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Consolidated

Plaintiffs Marilyn Monroe, LLC ("MMLLC") and CMG Worldwide, Inc. ("CMG")

(collectively, "Defendants") hereby respond and object to Plaintiffs/Consolidated

Defendants' Third Set of Document Requests as follows:

### GENERAL OBJECTIONS

1.    Defendants object to Plaintiffs' demands for production to the extent they

are vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated

to lead to the discovery of relevant and admissible evidence.

2.    Defendants object to Plaintiffs' demands for production to the extent that

they purport to require the production of documents that are already in Plaintiffs'

possession, are public or are otherwise readily available from sources to which Plaintiffs

also have access.

3. Defendants object to Plaintiffs' demands for production to the extent that they purport to require production of documents not in the Defendants' possession, custody or control.

4. Defendants object to the instructions and definitions in Plaintiffs' demands for production to the extent they in any way deviate from or expand upon obligations, duties or requirements set forth in the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Civil Rules for the United States District Court for the Southern District of New York (the "Local Rules").

5. Defendants object to the definitions in Plaintiffs' demands for production to the extent that they are used in such a way as to otherwise render Plaintiffs' demands vague, ambiguous, overbroad and/or not reasonably calculated to lead to the discovery of relevant and / or admissible evidence.

6. Defendants object to Plaintiffs' demands for production to the extent they purport to require production of documents relating to allegations or matters that are not included in the Parties operative complaints, as amended and filed in this Case, or to the extent they purport to require production of documents relating to allegations, claims or matters that have been dismissed, withdrawn, or otherwise no longer remain in this Case.

7. Defendants object to Plaintiffs' demands for production to the extent that they purport to require documents that are protected by the the attorney-client privilege, the attorney work product doctrine, the common interest privilege, and / or any other applicable law, rule, privilege or immunity.

8. Defendants object to Plaintiffs' demands for production to the extent that they violate, infringe, or interfere with Defendants' rights under the First, Fifth, and

Fourteenth Amendments to the United States Constitution and other state and federal protections of the rights to freedom of speech and to petition the government.

9.    In furnishing the objections herein, Defendants do not concede that any of Plaintiffs' demands for production, or any subpart thereof, is relevant to the claims or defenses as raised by the Parties in their amended complaints filed in this action.

10.    Any documents inadvertently disclosed to Plaintiffs shall not constitute a waiver of any privilege, any other doctrine against disclosure, or the right of Defendants to object to the use of any document inadvertently disclosed. Defendants reserve the right to demand that Plaintiffs return to them any information inadvertently disclosed without further recourse.

11.    Any documents disclosed to Plaintiffs shall not constitute a waiver of any right of Defendants to object to the use and/or ultimate admissibility of any such document duly produced to Plaintiffs by Defendants. As such, Defendants hereby expressly reserve the right to object, on whatever basis, to the use and/or ultimate admissibility of any document produced to Plaintiffs in this Case.

12.    Defendants object to Plaintiffs' demands for production to the extent that they seek trade secrets, proprietary information and/or confidential commercial information not relevant to, or necessary for, the adjudication of the issues remaining in this action.

13.    Defendants reserve the right at any time to supplement and/or amend any of the objections herein on the basis of information that comes to its attention or the attention of its attorneys.

14.    In furnishing the responses herein, Defendants do not concede the truth of any factual assertion or implication contained in any of Plaintiffs' requests for production. Moreover, Defendants' responses and objections shall not be construed as representations regarding the existence or non-existence of specific documents in its possession, custody or control.

15.    Each of the foregoing General Objections is incorporated in each of the Specific Responses and Objections regardless of whether they are specifically referenced therein. Subject to and without waiving the General Objections, Defendants respond as follows:

## SPECIFIC RESPONSES TO DOCUMENT REQUESTS

### Document Request No. 1:

All documents relating to Count I of Defendants' Third Amended Complaint, including but not limited to, all documents that Defendants plan to use in support of their claims.

### Response to Document Request No. 1:

Defendants object to this request on the basis that it lacks specificity, and is overbroad, vague, and ambiguous. Defendants further object to this Request to the extent that it calls for the production of documents that are already in Plaintiffs' possession, publicly available, equally available to Plaintiff, and/or are obtainable from some other source that is more convenient, less burdensome or less expensive. Defendants also object to this request to the extent that it improperly purports to require Defendants to identify, at this time, all documents that they "plan to use in support of their claims" – Defendants are still in the process of determining which documents they intend to use at trial in support of their claims, and at an appropriate time, in connection with a pre-trial

order, Defendants will identify the documents that they intend to use at trial, all of which will be produced, if not heretofore produced.

Subject to and without waiving these objections and the foregoing general objections, which Defendants specifically preserve, Defendants will produce documents responsive to this request.

**Document Request No. 2:**

All documents upon which Defendants may rely to demonstrate that they filed the Indiana Litigation (Index No. 1:05-cv-0423) and litigated the New York Litigation (05 Civ. 3939) in good faith.

**Response to Document Request No. 2:**

Defendants object to this request on the grounds that it is seeks information that is not relevant to the claims or defenses of any party.

Dated: New York, New York
       December 4, 2007

                                LOEB & LOEB LLP

                                By: _____
                                    Barry I. Slotnick (BS-9796)
                                    Paula K. Colbath (PC-9895)
                                    Jonathan Neil Strauss (JS-1090)
                                    345 Park Avenue
                                    New York, New York 10154-1895
                                    (212) 407-4000

                                    Attorneys for Defendant/Consolidated
                                    Plaintiff Marilyn Monroe, LLC

SOVICH MINCH LLP

By: _____

Theodore J. Minch (Admitted *Pro Hac Vice*)
10099 Chesapeake Drive, Suite 100
McCordsville, IN 46055
(317) 335-3601

Attorneys for Defendant/Consolidated Plaintiff CMG Worldwide, Inc.

689403.1

EX. N

christopher serbagi                                    Wednesday, February 20, 2008 10:08 PM

**Subject: RE: Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al.**
**Date:** Wednesday, December 5, 2007 1:29 PM
**From:** Jonathan Neil Strauss <jstrauss@loeb.com>
**To:** Christopher Serbagi <c.serbagi@earthlink.net>

Chris, the Ballantine book contains a number of Flying Skirt photographs. As you know, many of these photographs are extremely similar and difficult to distinguish from each other. I also note that, in our discovery requests, we have asked you for information regarding the entire "Flying Skirt" series which you have thus far refused to provide. Thus, we are unable to provide further detail at this time, but will supplement our responses as applicable after your clients' depositions and other further discovery is completed. Thanks,

Jon

---

**From:** Christopher Serbagi [mailto:c.serbagi@earthlink.net]
**Sent:** Wednesday, December 05, 2007 1:02 PM
**To:** Jonathan Neil Strauss
**Subject:** Re: Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al.

Dear John:

Thank you for your response, which we disagree with on many levels and will address more fully at the appropriate time.

For now, I have a comment and a question:

1. Interrogatory No. 1 asks for the "detailed factual and legal basis for Count I in the Third Amended Complaint. The rest is merely a detailed recitation of what that interrogatory should include, not subparts. Proceed as you will.

2. Do you have a basis to believe that the flying skirt documents to which you refer are in the Rizzoli or Ballantine books?

Thank you for your anticipated cooperation.

Christopher Serbagi

On 12/5/07 12:23 PM, "Jonathan Neil Strauss" <jstrauss@loeb.com> wrote:

Chris,

As reflected in our responses, we are not refusing to respond to Interrogatory No. 1. However, I note the following (in addition to the other objections set forth in our responses):

(1) - By our conservative estimate, Plaintiffs' First and Second Set of Interrogatories contained a total of at least 37 discrete interrogatories. And Interrogatory No. 1 in Plaintiffs' Third Set of Interrogatories actually contains at least ten discrete interrogatories, bringing Plaintiffs' over the 45-interrogatory limit. In light of the above, and so that defendants' are not forced to pick and choose the interrogatories to which they respond, you may wish to narrow your request.

(2) - In addition, and as noted in our objections and responses, Local Rule 33.3(c) provides that contention interrogatories may be served only "[a]t the conclusion of other discovery." As we are still awaiting discovery and depositions relevant to Count I of MMLLC's Third Amended Complaint, we cannot respond fully to Interrogatory No. 1 at this time. Indeed, much of the information called for in Interrogatory No. 1 relates to the publication and/or registration of Monroe/Shaw Photographs, information that you have thus far refused to provide to us. However, as reflected in the objections and responses, subject to our other objections we are willing to supplement our response to the interrogatories listed under Interrogatory No. 1 after other discovery and depositions have concluded.

Notwithstanding the foregoing, we will state that the basis of Count I of Defendants' Third Amended Complaint is that there exist Monroe/Shaw Photographs that were published prior to January 1, 1964 for which no copyright renewals were obtained during the final year of the initial 28-year copyright for such works, and that there exist further Monroe/ Shaw Photographs that were initially published without copyright notice prior to March 1, 1989, when notice was required under the United States Copyright Act, or with the wrong copyright notice.

For example, the United States District Court for the Southern District of New York has ruled that all photographs in the book entitled "Marilyn Monroe. The Life. The Myth", which includes a number of Monroe/Shaw Photographs, have entered the public domain. In addition, in 1955 Ballantine Books published a book entitled "Marilyn Monroe as The Girl," which features numerous Monroe/Shaw Photographs (including photographs from the "Flying Skirt" series of photographs). Because no copyright renewal was obtained in connection with these photographs, all of them, including the Flying Skirt photographs, are now in the public domain.

Upon information and belief, there exist additional Monroe/Shaw Photographs that are in the public domain for, *inter alia*, the reasons discussed above. As we are in the midst of discovery regarding these issues, we reserve the right to supplement our response at a later time after the close of discovery.

Moreover, the document productions in this case are rife with examples of instances in

which the Shaw Family Archives asserted rights to Monroe/Shaw Photographs, including photographs from the Flying Skirt series, not withstanding that photographs from the Flying Skirt series have plainly entered the public domain.

Please let me know if you would like to discuss these issues further,

Jon

---

**From:** Christopher Serbagi [mailto:c.serbagi@earthlink.net]
**Sent:** Tuesday, December 04, 2007 12:45 PM
**To:** Jonathan Neil Strauss
**Cc:** Paula Colbath; tjminch@sovichminch.com; David Marcus
**Subject:** Re: Shaw Family Archives, Ltd., et al. v. CMG Worldwide, Inc., et al.

Dear John:

Thank you for these responses. I have some initial questions about Defendants' failure to respond to Interrogatory No. 1.

First, is your firm aware that the parties previously agreed to extend the number of permissible interrogatories to 45? It is my recollection that Judge Fox agreed to that on July 31, 2007, as evidenced by Orin Snyder's letter dated August 1, 2007 in which he requested confirmation that Judge Fox had so granted the parties request. If this is the basis for Defendants refusal to provide their contentions on the sole claim Defendants' have asserted please let me know now so we can contact Judge Fox for clarification immediately.

Second, Defendants are well aware that Plaintiffs are entitled to Defendants' contentions as to the existing declaratory judgment claim and that is what we are seeking. Are Defendants refusing to provide their contentions and why do Defendants believe that a response is premature at this late stage, as stated in Defendants' interrogatory response.

Thank you.

Christopher Serbagi


Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: 212-593-2112

Fax:   212-308-8582
Email: c.serbagi@earthlink.net
Web Site:  www.serbagi.com


On 12/4/07 11:59 AM, "Jonathan Neil Strauss"  <jstrauss@loeb.com> wrote:


Chris,

Attached please find defendants' responses and objections to your  most
recent discovery requests.  We will provide you with  documents  responsive
to your requests at our offices later  today.

Very truly yours,

Jon

CONFIDENTIALITY NOTICE:  This  e-mail  transmission, and any
documents, files or previous e-mail  messages attached  to it may
contain confidential information that  is legally privileged.   If
you are not the intended recipient,  or a person responsible  for
delivering it to the intended  recipient, you are hereby  notified
that any disclosure, copying,  distribution or use of any of  the
information contained in or  attached to this transmission  is
STRICTLY PROHIBITED.  If you  have received this transmission  in
error, please immediately notify  the sender.  Please destroy  the
original transmission and its  attachments without reading or
saving  in any manner.  Thank  you, Loeb & Loeb LLP.

EX. O

**Subject: RE: Defendants' Document Production**
**Date:** Thursday, December 20, 2007 9:11 AM
**From:** Paula Colbath <pcolbath@loeb.com>
**To:** Christopher Serbagi <c.serbagi@earthlink.net>, "Ted J. Minch"
<tjminch@sovichminch.com>
**Cc:** Barry Slotnick <bslotnick@loeb.com>, Jonathan Neil Strauss <jstrauss@loeb.com>,
<dmmlitigates@yahoo.com>
**Conversation:** Defendants' Document Production

```
Chris:  My understanding is that CMG and MMLLC produced over 60,000 pages
to
you (not including the Conroy documents and the numerous other
supplemental
productions Loeb & Loeb has made to you).  Indeed, you have complained to
the
Court on numerous occasions about the volume of documents that were
produced
to you.  If you believe specific documents were not produced, please
identify
them and we will look for them.

Paula Colbath


Paula K. Colbath

Partner


  345 Park Avenue
  New York, NY   10154
  www.loeb.com

Direct 212.407.4905
Main 212.407.4000
Fax 212.937.3189
pcolbath@loeb.com
```

```
---------------------------------------------------------
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files
or previous e-mail messages attached to it may contain confidential
information that is legally privileged. If you are not the intended
recipient, or a person responsible for delivering it to the intended
recipient, you are hereby notified that any disclosure, copying,
distribution or use of any of the information contained in or attached to
this transmission is STRICTLY PROHIBITED. If you have received this
transmission in error, please immediately notify the sender. Please
destroy the original transmission and its attachments without reading or
saving in any manner. Thank you, Loeb & Loeb
LLP.----------------------------------------------------------
```

From: Christopher Serbagi [mailto:c.serbagi@earthlink.net]
Sent: Wednesday, December 19, 2007 9:17 PM
To: Paula Colbath; Ted J. Minch
Subject: Defendants' Document Production

Dear Paula/Ted:

Aside from the third party Conroy documents,the last time CMG and MMLLC
produced documents in this case was in February 2007.  I have asked the
Defendants to supplement their production, but I have received nothing
additional.  If there are no additional responsive documents, that's fine,
but I an entitled to a representation from you both that this is the case.

Have Defendants produced all documents in their possession, custody, and
control that are relevant to Count I in the Third Amended Complaint?
Please
let me know immediately.

Thank you in advance for your cooperation.

Best,

Christopher Serbagi


Law Offices of Christopher Serbagi
488 Madison Avenue, Suite 1120
New York, New York  10022
Tele: 212-593-2112
Fax:  212-308-8582
Email: c.serbagi@earthlink.net
Web Site: www.serbagi.com

# EX. P

## Filed separately under seal pursuant to protective order