```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHAW FAMILY ARCHIVES, LTD., EDITH      :
MARCUS and META STEVENS,               :
                                       :
                                       :
                          Plaintiffs,  :  Index No. 05 CV 3939 (CM)
                                       :
           -against-                   :  Hon. Colleen McMahon
                                       :
                                       :
CMG WORLDWIDE, INC., an Indiana Corporation:
and MARILYN MONROE, LLC, a Delaware    :
Limited Liability Company,             :
                                       :
                          Defendants.  :
                                       :
------------------------------------------------------------X
```

## DECLARATION OF DAVID M. MARCUS

I, DAVID MARCUS, an attorney duly licensed to practice law before this Court, declare the following facts under penalty of perjury:

1. I represent Shaw Family Archives, Ltd., Edith Marcus, Meta Stevens and Bradford Licensing Associates (collectively referred to as the "Shaw Family") in the above-captioned matter and am fully familiar with the facts set forth herein. I respectfully submit this declaration on behalf of the Shaw Family in support of its motion to compel the Defendants to post a bond.

2. Attached hereto as Exhibit A, is a true and correct copy of a petition in the Matter of the Estate of Marilyn Monroe, dated July 28, 1989.

3. Attached hereto as Exhibit B, is a true and correct copy of letter from Roger Richman to Irving Seidman, dated February 27, 1990.

4. Attached hereto as Exhibit C, is a true and correct copy of a letter from Peter M. Eichler to Roger Richman, dated July 7, 1993, enclosing the letter from Martin Bressler to Lawrence Shaw, dated June 11, 1993.

5. Attached hereto as Exhibit D, is a true and correct copy of a letter from Jonathan D. Reichman to Christine M. Sovich, dated March 28, 1996.

6. Attached hereto as Exhibit E, is a true and correct copy of Defendants Third Amended Complaint dated August 9, 2007.

7. Attached hereto as Exhibit F, is a true and correct copy of excerpts of David Strasberg's deposition transcript, taken on December 20, 2007.

8. Attached hereto as Exhibit G, is a true and correct copy of excerpts of Mark Roesler's deposition transcript, taken on December 26, 2007.

9. Attached hereto as Exhibit H, is a true and correct copy of excerpts of Anna Strasberg's deposition transcript, taken on January 4, 2008.

10. Attached hereto as Exhibit I, is a true and correct copy of an excerpt from Defendants' opposition memorandum, dated January 16, 2008, to the Shaw Family's motion to voluntarily withdraw Counts 1-8.

11. On June 7, 2007, I participated in a conference, between the attorneys for the Shaw Family and the attorneys for defendant MMLLC, to discuss the completion of discovery and the possibility of holding settlement discussions. During the course of the conference, Orin Snyder stated that MMLLC intended to continue litigating the remaining claims and appeal the New York and California decisions. Mr. Snyder also stated that the Shaw Family should consider settlement because MMLLC would not have any money left to pay the Shaw Family's attorneys' fees.

12. In March of 2005, Shaw Family Archives, Ltd., Edith Marcus and Meta Stevens retained me to represent their interests in New York, after they were allegedly served with a complaint, filed by the Defendants in the Southern District of Indiana. The Shaw Family retained the law firm of Bingham McHale, LLP in Indiana. The Shaw Family's total attorneys' fees to Bingham McHale are $60,363.28.

13. In March of 2006, after the Indiana Action was transferred to New York, Bradford Licensing Associates also retained me to represent it in the consolidated New York litigation. In February of 2007, the Shaw Family also retained Christopher Serbagi. The Shaw Family's combined legal fees, from March 23, 2005 to date are approximately $3,199,351. The Shaw Family's paralegal fees to date are approximately $21,668.50. The Shaw Family's litigation costs have been approximately $82,548.11.

14. On October 25, 2006, Defendant MMLLC served the Shaw Family with a motion for partial summary judgment, claiming that it violated the Indiana Right of Publicity Statute by virtue of the sale of a single t-shirt in Indiana. Defendant MMLLC filed its motion for partial summary judgment before the parties exchanged discovery demands. The Shaw Family served Defendants with their first demand for documents in early November of 2006. Defendant MMLLC initially refused to produce any documents on the grounds that they were "confidential." By January 16, 2007, the parties' summary judgment motions were fully submitted. The Defendants did not produce a single document until February of 2007.

15. Both sides have taken numerous depositions, exchanged approximately 70,000 documents, attended numerous discovery hearings before Judge Fox in White

Plains, and filed numerous discovery motions. Merely reviewing Defendants' document production has been a monumental undertaking for the Shaw Family.

16. Defendants' document production, contains boxes of cease and desist letters that defendant CMG sent to countless individuals and entities that used Marilyn Monroe's name or likeness.

17. Defendants never sent the Shaw Family a cease and desist letter, nor did they try to negotiate a settlement with the Shaw Family prior to filing an action against it in Indiana in 2005. The litigation came as a complete surprise to the Shaw Family.

Dated: New York, New York
       March 12, 2008

LAW OFFICES OF CHRISTOPHER SERBAGI

By: David M. Marcus
488 Madison Avenue
New York, New York 10022
Tel: 212-593-2112
Fax: 212-308-8582

Attorneys for Shaw Family Archives, Ltd.,
Bradford Licensing Associates, Edith Marcus and
Meta Stevens