AMENDED IN ASSEMBLY AUGUST 30, 2007

AMENDED IN ASSEMBLY JUNE 28, 2007

AMENDED IN SENATE MAY 1, 2007

AMENDED IN SENATE APRIL 17, 2007

# SENATE BILL                                         No. 771

**Introduced by Senator Kuehl**
*(Principal coauthor: Assembly Member Jones)*
*(Coauthor: Assembly Member Tran)*

February 23, 2007

An act to amend Section 3344.1 of the Civil Code, relating to deceased personalities.

LEGISLATIVE COUNSEL'S DIGEST

SB 771, as amended, Kuehl. Deceased personalities: testamentary instruments.

Existing law establishes a cause of action for damages on behalf of specified injured parties for the unauthorized use of a deceased personality's name, voice, signature, photograph, or likeness for commercial purposes within 70 years of the personality's death, except as specified. Existing law provides that the rights recognized under these provisions are property rights, freely transferable, in whole or in part, by contract or by means of trust or testamentary documents, whether the transfer occurs before the death of the deceased personality, by the deceased personality or his or her transferees, or, after the death of the deceased personality, by the person in whom the rights vest under these provisions or the transferees of that person.

This bill would provide, instead, that the above property rights are freely transferable or descendible by contract or by means of any trust

95

**SB 771** — 2 —

or any other testamentary instrument executed before or after January 1, 1985. It would provide that those rights shall be deemed to have existed at the time of death of any person who died prior to January 1, 1985, and shall vest in the persons entitled to these property rights under the testamentary instrument of the deceased personality effective as of the date of his or her death, *except as specified*. The bill would provide that, in the absence of an express provision in a testamentary instrument to transfer these rights, a provision in the instrument that provides for the disposition of the residue of the deceased personality's assets shall be effective to transfer the rights.

Vote: majority. Appropriation: no. Fiscal committee: no. State-mandated local program: no.

*The people of the State of California do enact as follows:*

```
 1      SECTION 1.  Section 3344.1 of the Civil Code is amended to
 2   read:
 3      3344.1.  (a) (1) Any person who uses a deceased personality's
 4   name, voice, signature, photograph, or likeness, in any manner,
 5   on or in products, merchandise, or goods, or for purposes of
 6   advertising or selling, or soliciting purchases of, products,
 7   merchandise, goods, or services, without prior consent from the
 8   person or persons specified in subdivision (c), shall be liable for
 9   any damages sustained by the person or persons injured as a result
10   thereof. In addition, in any action brought under this section, the
11   person who violated the section shall be liable to the injured party
12   or parties in an amount equal to the greater of seven hundred fifty
13   dollars ($750) or the actual damages suffered by the injured party
14   or parties, as a result of the unauthorized use, and any profits from
15   the unauthorized use that are attributable to the use and are not
16   taken into account in computing the actual damages. In establishing
17   these profits, the injured party or parties shall be required to present
18   proof only of the gross revenue attributable to the use and the
19   person who violated the section is required to prove his or her
20   deductible expenses. Punitive damages may also be awarded to
21   the injured party or parties. The prevailing party or parties in any
22   action under this section shall also be entitled to attorney's fees
23   and costs.
24      (2) For purposes of this subdivision, a play, book, magazine,
25   newspaper, musical composition, audiovisual work, radio or
```

1  television program, single and original work of art, work of
2  political or newsworthy value, or an advertisement or commercial
3  announcement for any of these works, shall not be considered a
4  product, article of merchandise, good, or service if it is fictional
5  or nonfictional entertainment, or a dramatic, literary, or musical
6  work.
7  (3) If a work that is protected under paragraph (2) includes
8  within it a use in connection with a product, article of merchandise,
9  good, or service, this use shall not be exempt under this
10 subdivision, notwithstanding the unprotected use's inclusion in a
11 work otherwise exempt under this subdivision, if the claimant
12 proves that this use is so directly connected with a product, article
13 of merchandise, good, or service as to constitute an act of
14 advertising, selling, or soliciting purchases of that product, article
15 of merchandise, good, or service by the deceased personality
16 without prior consent from the person or persons specified in
17 subdivision (c).
18 (b) The rights recognized under this section are property rights,
19 freely transferable or descendible, in whole or in part, by contract
20 or by means of any trust or any other testamentary instrument,
21 executed before or after January 1, 1985. The rights recognized
22 under this section shall be deemed to have existed at the time of
23 death of any ~~person~~ *deceased personality* who died prior to January
24 1, 1985, and, *except as provided in subdivision (o),* shall vest in
25 the persons entitled to these property rights under the testamentary
26 instrument of the deceased personality effective as of the date of
27 his or her death. In the absence of an express transfer in a
28 testamentary instrument of the deceased personality's rights in his
29 or her name, voice, signature, photograph, or likeness, a provision
30 in the testamentary instrument that provides for the disposition of
31 the residue of the deceased personality's assets shall be effective
32 to transfer the rights recognized under this section in accordance
33 with the terms of that provision. The rights established by this
34 section shall also be freely transferable or descendible by contract,
35 trust, or any other testamentary instrument by any subsequent
36 owner of the deceased personality's rights as recognized by this
37 section. *Nothing in this section shall be construed to render invalid*
38 *or unenforceable any contract entered into by a deceased*
39 *personality during his or her lifetime by which the deceased*
40 *personality assigned the rights, in whole or in part, to use his or*

SB 771         — 4 —

1  *her name, voice, signature, photograph or likeness, regardless of*
2  *whether the contract was entered into before or after January 1,*
3  *1985.*
4     (c) The consent required by this section shall be exercisable by
5  the person or persons to whom the right of consent, or portion
6  thereof, has been transferred in accordance with subdivision (b),
7  or if no transfer has occurred, then by the person or persons to
8  whom the right of consent, or portion thereof, has passed in
9  accordance with subdivision (d).
10    (d) Subject to subdivisions (b) and (c), after the death of any
11 person, the rights under this section shall belong to the following
12 person or persons and may be exercised, on behalf of and for the
13 benefit of all of those persons, by those persons who, in the
14 aggregate, are entitled to more than a one-half interest in the rights:
15    (1) The entire interest in those rights belong to the surviving
16 spouse of the deceased personality unless there are any surviving
17 children or grandchildren of the deceased personality, in which
18 case one-half of the entire interest in those rights belong to the
19 surviving spouse.
20    (2) The entire interest in those rights belong to the surviving
21 children of the deceased personality and to the surviving children
22 of any dead child of the deceased personality unless the deceased
23 personality has a surviving spouse, in which case the ownership
24 of a one-half interest in rights is divided among the surviving
25 children and grandchildren.
26    (3) If there is no surviving spouse, and no surviving children or
27 grandchildren, then the entire interest in those rights belong to the
28 surviving parent or parents of the deceased personality.
29    (4) The rights of the deceased personality's children and
30 grandchildren are in all cases divided among them and exercisable
31 in the manner provided in Section 240 of the Probate Code
32 according to the number of the deceased personality's children
33 represented. The share of the children of a dead child of a deceased
34 personality can be exercised only by the action of a majority of
35 them.
36    (e) If any deceased personality does not transfer his or her rights
37 under this section by contract, or by means of a trust or
38 testamentary instrument, and there are no surviving persons as
39 described in subdivision (d), then the rights set forth in subdivision
40 (a) shall terminate.

    (f) (1) A successor in interest to the rights of a deceased personality under this section or a licensee thereof may not recover damages for a use prohibited by this section that occurs before the successor in interest or licensee registers a claim of the rights under paragraph (2).

    (2) Any person claiming to be a successor in interest to the rights of a deceased personality under this section or a licensee thereof may register that claim with the Secretary of State on a form prescribed by the Secretary of State and upon payment of a fee as set forth in subdivision (d) of Section 12195 of the Government Code. The form shall be verified and shall include the name and date of death of the deceased personality, the name and address of the claimant, the basis of the claim, and the rights claimed.

    (3) Upon receipt and after filing of any document under this section, the Secretary of State shall post the document along with the entire registry of persons claiming to be a successor in interest to the rights of a deceased personality or a registered licensee under this section upon the World Wide Web, also known as the Internet. The Secretary of State may microfilm or reproduce by other techniques any of the filings or documents and destroy the original filing or document. The microfilm or other reproduction of any document under the provisions of this section shall be admissible in any court of law. The microfilm or other reproduction of any document may be destroyed by the Secretary of State 70 years after the death of the personality named therein.

    (4) Claims registered under this subdivision shall be public records.

    (g) No action shall be brought under this section by reason of any use of a deceased personality's name, voice, signature, photograph, or likeness occurring after the expiration of 70 years after the death of the deceased personality.

    (h) As used in this section, "deceased personality" means any natural person whose name, voice, signature, photograph, or likeness has commercial value at the time of his or her death, whether or not during the lifetime of that natural person the person used his or her name, voice, signature, photograph, or likeness on or in products, merchandise or goods, or for purposes of advertising or selling, or solicitation of purchase of, products, merchandise, goods, or services. A "deceased personality" shall include, without

SB 771 — 6 —

1  limitation, any such natural person who has died within 70 years
2  prior to January 1, 1985.
3    (i) As used in this section, "photograph" means any photograph
4  or photographic reproduction, still or moving, or any video tape
5  or live television transmission, of any person, such that the
6  deceased personality is readily identifiable. A deceased personality
7  shall be deemed to be readily identifiable from a photograph when
8  one who views the photograph with the naked eye can reasonably
9  determine who the person depicted in the photograph is.
10   (j) For purposes of this section, a use of a name, voice, signature,
11 photograph, or likeness in connection with any news, public affairs,
12 or sports broadcast or account, or any political campaign, shall not
13 constitute a use for which consent is required under subdivision
14 (a).
15   (k) The use of a name, voice, signature, photograph, or likeness
16 in a commercial medium shall not constitute a use for which
17 consent is required under subdivision (a) solely because the
18 material containing the use is commercially sponsored or contains
19 paid advertising. Rather, it shall be a question of fact whether or
20 not the use of the deceased personality's name, voice, signature,
21 photograph, or likeness was so directly connected with the
22 commercial sponsorship or with the paid advertising as to constitute
23 a use for which consent is required under subdivision (a).
24   (*l*) Nothing in this section shall apply to the owners or employees
25 of any medium used for advertising, including, but not limited to,
26 newspapers, magazines, radio and television networks and stations,
27 cable television systems, billboards, and transit ads, by whom any
28 advertisement or solicitation in violation of this section is published
29 or disseminated, unless it is established that the owners or
30 employees had knowledge of the unauthorized use of the deceased
31 personality's name, voice, signature, photograph, or likeness as
32 prohibited by this section.
33   (m) The remedies provided for in this section are cumulative
34 and shall be in addition to any others provided for by law.
35   (n) This section shall apply to the adjudication of liability and
36 the imposition of any damages or other remedies in cases in which
37 the liability, damages, and other remedies arise from acts occurring
38 directly in this state. For purposes of this section, acts giving rise
39 to liability shall be limited to the use, on or in products,
40 merchandise, goods, or services, or the advertising or selling, or

95

079

1  soliciting purchases of, products, merchandise, goods, or services
2  prohibited by this section.
3  *(o) Notwithstanding any provision of this section to the contrary,*
4  *if an action was taken prior to May 1, 2007, to exercise rights*
5  *recognized under this section relating to a deceased personality*
6  *who died prior to January 1, 1985, by a person described in*
7  *subdivision (d), other than a person who was disinherited by the*
8  *deceased personality in a testamentary instrument, and the exercise*
9  *of those rights was not challenged successfully in a court action*
10 *by a person described in subdivision (b), that exercise shall not*
11 *be affected by subdivision (b). In such a case, the rights that would*
12 *otherwise vest in one or more persons described in subdivision*
13 *(b) shall vest solely in the person or persons described in*
14 *subdivision (d), other than a person disinherited by the deceased*
15 *personality in a testamentary instrument, for all future purposes.*
16   ~~(o)~~
17   (p) The rights recognized by this section are expressly made
18 retroactive, including to those deceased personalities who died
19 before January 1, 1985.
20   SEC. 2.  It is the intent of the Legislature to abrogate the
21 summary judgment orders entered in The Milton H. Greene
22 Archives, Inc. v. CMG Worldwide, Inc., United States District
23 Court, Central District of California, Case No. CV 05-2200 MMM
24 (MCx), filed May 14, 2007, and in Shaw Family Archives Ltd. v.
25 CMG Worldwide, Inc., United States District Court, Southern
26 District of New York, Case No. 05 Civ. 3939 (CM), dated May 2,
27 2007.

O