**Senate Bill No. 771**

CHAPTER 439

An act to amend Section 3344.1 of the Civil Code, relating to deceased personalities.

[Approved by Governor October 10, 2007. Filed with
Secretary of State October 10, 2007.]

LEGISLATIVE COUNSEL'S DIGEST

SB 771, Kuehl. Deceased personalities: testamentary instruments.

Existing law establishes a cause of action for damages on behalf of specified injured parties for the unauthorized use of a deceased personality's name, voice, signature, photograph, or likeness for commercial purposes within 70 years of the personality's death, except as specified. Existing law provides that the rights recognized under these provisions are property rights, freely transferable, in whole or in part, by contract or by means of trust or testamentary documents, whether the transfer occurs before the death of the deceased personality, by the deceased personality or his or her transferees, or, after the death of the deceased personality, by the person in whom the rights vest under these provisions or the transferees of that person.

This bill would provide, instead, that the above property rights are freely transferable or descendible by contract or by means of any trust or any other testamentary instrument executed before or after January 1, 1985. It would provide that those rights shall be deemed to have existed at the time of death of any person who died prior to January 1, 1985, and shall vest in the persons entitled to these property rights under the testamentary instrument of the deceased personality effective as of the date of his or her death, except as specified. The bill would provide that, in the absence of an express provision in a testamentary instrument to transfer these rights, a provision in the instrument that provides for the disposition of the residue of the deceased personality's assets shall be effective to transfer the rights.

*The people of the State of California do enact as follows:*

SECTION 1.  Section 3344.1 of the Civil Code is amended to read:

3344.1.  (a) (1) Any person who uses a deceased personality's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons specified in subdivision (c), shall be liable for any damages sustained by the person or persons injured as a result thereof. In addition, in any action brought under this section, the person

93

who violated the section shall be liable to the injured party or parties in an amount equal to the greater of seven hundred fifty dollars ($750) or the actual damages suffered by the injured party or parties, as a result of the unauthorized use, and any profits from the unauthorized use that are attributable to the use and are not taken into account in computing the actual damages. In establishing these profits, the injured party or parties shall be required to present proof only of the gross revenue attributable to the use and the person who violated the section is required to prove his or her deductible expenses. Punitive damages may also be awarded to the injured party or parties. The prevailing party or parties in any action under this section shall also be entitled to attorney's fees and costs.

(2) For purposes of this subdivision, a play, book, magazine, newspaper, musical composition, audiovisual work, radio or television program, single and original work of art, work of political or newsworthy value, or an advertisement or commercial announcement for any of these works, shall not be considered a product, article of merchandise, good, or service if it is fictional or nonfictional entertainment, or a dramatic, literary, or musical work.

(3) If a work that is protected under paragraph (2) includes within it a use in connection with a product, article of merchandise, good, or service, this use shall not be exempt under this subdivision, notwithstanding the unprotected use's inclusion in a work otherwise exempt under this subdivision, if the claimant proves that this use is so directly connected with a product, article of merchandise, good, or service as to constitute an act of advertising, selling, or soliciting purchases of that product, article of merchandise, good, or service by the deceased personality without prior consent from the person or persons specified in subdivision (c).

(b) The rights recognized under this section are property rights, freely transferable or descendible, in whole or in part, by contract or by means of any trust or any other testamentary instrument, executed before or after January 1, 1985. The rights recognized under this section shall be deemed to have existed at the time of death of any deceased personality who died prior to January 1, 1985, and, except as provided in subdivision (o), shall vest in the persons entitled to these property rights under the testamentary instrument of the deceased personality effective as of the date of his or her death. In the absence of an express transfer in a testamentary instrument of the deceased personality's rights in his or her name, voice, signature, photograph, or likeness, a provision in the testamentary instrument that provides for the disposition of the residue of the deceased personality's assets shall be effective to transfer the rights recognized under this section in accordance with the terms of that provision. The rights established by this section shall also be freely transferable or descendible by contract, trust, or any other testamentary instrument by any subsequent owner of the deceased personality's rights as recognized by this section. Nothing in this section shall be construed to render invalid or unenforceable any contract entered into by a deceased personality during his or her lifetime by which the deceased personality assigned the rights, in whole or in part, to use his

or her name, voice, signature, photograph or likeness, regardless of whether the contract was entered into before or after January 1, 1985.

(c) The consent required by this section shall be exercisable by the person or persons to whom the right of consent, or portion thereof, has been transferred in accordance with subdivision (b), or if no transfer has occurred, then by the person or persons to whom the right of consent, or portion thereof, has passed in accordance with subdivision (d).

(d) Subject to subdivisions (b) and (c), after the death of any person, the rights under this section shall belong to the following person or persons and may be exercised, on behalf of and for the benefit of all of those persons, by those persons who, in the aggregate, are entitled to more than a one-half interest in the rights:

(1) The entire interest in those rights belong to the surviving spouse of the deceased personality unless there are any surviving children or grandchildren of the deceased personality, in which case one-half of the entire interest in those rights belong to the surviving spouse.

(2) The entire interest in those rights belong to the surviving children of the deceased personality and to the surviving children of any dead child of the deceased personality unless the deceased personality has a surviving spouse, in which case the ownership of a one-half interest in rights is divided among the surviving children and grandchildren.

(3) If there is no surviving spouse, and no surviving children or grandchildren, then the entire interest in those rights belong to the surviving parent or parents of the deceased personality.

(4) The rights of the deceased personality's children and grandchildren are in all cases divided among them and exercisable in the manner provided in Section 240 of the Probate Code according to the number of the deceased personality's children represented. The share of the children of a dead child of a deceased personality can be exercised only by the action of a majority of them.

(e) If any deceased personality does not transfer his or her rights under this section by contract, or by means of a trust or testamentary instrument, and there are no surviving persons as described in subdivision (d), then the rights set forth in subdivision (a) shall terminate.

(f) (1) A successor in interest to the rights of a deceased personality under this section or a licensee thereof may not recover damages for a use prohibited by this section that occurs before the successor in interest or licensee registers a claim of the rights under paragraph (2).

(2) Any person claiming to be a successor in interest to the rights of a deceased personality under this section or a licensee thereof may register that claim with the Secretary of State on a form prescribed by the Secretary of State and upon payment of a fee as set forth in subdivision (d) of Section 12195 of the Government Code. The form shall be verified and shall include the name and date of death of the deceased personality, the name and address of the claimant, the basis of the claim, and the rights claimed.

(3) Upon receipt and after filing of any document under this section, the Secretary of State shall post the document along with the entire registry of

persons claiming to be a successor in interest to the rights of a deceased personality or a registered licensee under this section upon the World Wide Web, also known as the Internet. The Secretary of State may microfilm or reproduce by other techniques any of the filings or documents and destroy the original filing or document. The microfilm or other reproduction of any document under the provisions of this section shall be admissible in any court of law. The microfilm or other reproduction of any document may be destroyed by the Secretary of State 70 years after the death of the personality named therein.

(4) Claims registered under this subdivision shall be public records.

(g) No action shall be brought under this section by reason of any use of a deceased personality's name, voice, signature, photograph, or likeness occurring after the expiration of 70 years after the death of the deceased personality.

(h) As used in this section, "deceased personality" means any natural person whose name, voice, signature, photograph, or likeness has commercial value at the time of his or her death, whether or not during the lifetime of that natural person the person used his or her name, voice, signature, photograph, or likeness on or in products, merchandise or goods, or for purposes of advertising or selling, or solicitation of purchase of, products, merchandise, goods, or services. A "deceased personality" shall include, without limitation, any such natural person who has died within 70 years prior to January 1, 1985.

(i) As used in this section, "photograph" means any photograph or photographic reproduction, still or moving, or any video tape or live television transmission, of any person, such that the deceased personality is readily identifiable. A deceased personality shall be deemed to be readily identifiable from a photograph when one who views the photograph with the naked eye can reasonably determine who the person depicted in the photograph is.

(j) For purposes of this section, a use of a name, voice, signature, photograph, or likeness in connection with any news, public affairs, or sports broadcast or account, or any political campaign, shall not constitute a use for which consent is required under subdivision (a).

(k) The use of a name, voice, signature, photograph, or likeness in a commercial medium shall not constitute a use for which consent is required under subdivision (a) solely because the material containing the use is commercially sponsored or contains paid advertising. Rather, it shall be a question of fact whether or not the use of the deceased personality's name, voice, signature, photograph, or likeness was so directly connected with the commercial sponsorship or with the paid advertising as to constitute a use for which consent is required under subdivision (a).

(*l*) Nothing in this section shall apply to the owners or employees of any medium used for advertising, including, but not limited to, newspapers, magazines, radio and television networks and stations, cable television systems, billboards, and transit ads, by whom any advertisement or solicitation in violation of this section is published or disseminated, unless

it is established that the owners or employees had knowledge of the unauthorized use of the deceased personality's name, voice, signature, photograph, or likeness as prohibited by this section.

(m) The remedies provided for in this section are cumulative and shall be in addition to any others provided for by law.

(n) This section shall apply to the adjudication of liability and the imposition of any damages or other remedies in cases in which the liability, damages, and other remedies arise from acts occurring directly in this state. For purposes of this section, acts giving rise to liability shall be limited to the use, on or in products, merchandise, goods, or services, or the advertising or selling, or soliciting purchases of, products, merchandise, goods, or services prohibited by this section.

(o) Notwithstanding any provision of this section to the contrary, if an action was taken prior to May 1, 2007, to exercise rights recognized under this section relating to a deceased personality who died prior to January 1, 1985, by a person described in subdivision (d), other than a person who was disinherited by the deceased personality in a testamentary instrument, and the exercise of those rights was not challenged successfully in a court action by a person described in subdivision (b), that exercise shall not be affected by subdivision (b). In such a case, the rights that would otherwise vest in one or more persons described in subdivision (b) shall vest solely in the person or persons described in subdivision (d), other than a person disinherited by the deceased personality in a testamentary instrument, for all future purposes.

(p) The rights recognized by this section are expressly made retroactive, including to those deceased personalities who died before January 1, 1985.

SEC. 2. It is the intent of the Legislature to abrogate the summary judgment orders entered in The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., United States District Court, Central District of California, Case No. CV 05-2200 MMM (MCx), filed May 14, 2007, and in Shaw Family Archives Ltd. v. CMG Worldwide, Inc., United States District Court, Southern District of New York, Case No. 05 Civ. 3939 (CM), dated May 2, 2007.

O