```
-----------------------------------------------------------------
|SENATE RULES COMMITTEE            |              SB 771|
|Office of Senate Floor Analyses   |                    |
|1020 N Street, Suite 524          |                    |
|(916) 651-1520         Fax: (916) |                    |
|327-4478                          |                    |
-----------------------------------------------------------------
```

UNFINISHED BUSINESS

Bill No:  SB 771
Author:   Kuehl (D)
Amended:  8/30/07
Vote:     21

ALL SENATE VOTES NOT RELEVANT

ASSEMBLY FLOOR  :  77-0, 9/4/05 - See last page for vote

SUBJECT  :    Post-mortem publicity rights of deceased celebrities

SOURCE  :    Screen Actors Guild

DIGEST  :    This is a new bill.  As this bill left the Senate, it dealt with stem cell research standards.  Those provisions were deleted in the Assembly.

This bill now protects the publicity rights of celebrities who died before January 1, 1985.

ANALYSIS  :

Existing law:

1. Imposes liability on any person who uses a deceased celebrity's name, voice, signature, photograph or likeness, without consent, on or in products, merchandise or goods, or for purposes of advertising or selling, or soliciting purchases of, products,

                                                      CONTINUED

SB 771

---
2
Page

     merchandise, goods, or services for 70 years after the
     death of the celebrity. Provides that the right to
     consent is a property right that is freely transferable
     by contract, trust or testamentary document. Provides
     that consent is exercisable by those persons to whom the
     right is transferred or, if no such person exists, by
     the surviving spouse or other specifically listed heirs.

  2. Provides that, notwithstanding #1 above, no consent is
     required for the use of a deceased personality's name,
     voice, signature, photograph or likeness in a play,
     book, magazine, newspaper, musical composition, film,
     radio or television program, in material that is of
     political or newsworthy value, a single and original
     work of fine art, or an advertisement or commercial
     announcement for any of these uses.

This bill:

  1. Clarifies that the property right to use a deceased
     personality's name, voice, signature, photograph or
     likeness in a commercial product is freely descendible
     by means of trust or any other testamentary instrument
     executed before or after January 1, 1985. Specifies
     that these rights shall be deemed to have existed at the
     time of death of any person who died prior to January 1,
     1985, and shall vest in the persons entitled to those
     property rights under the testamentary instrument of the
     deceased personality effective as of the date of his/her
     death. In the absence of an express transfer of these
     publicity rights, provides that a provision in the
     testamentary instrument disposing of the residue of the
     deceased personality's assets shall be effective to
     transfer them.

  2. Specifies that the rights recognized for deceased
     personalities are expressly made retroactive, including
     to deceased personalities who died before January 1,
     1985.

  3. Reiterates that nothing in #1 shall be construed to
     render invalid or unenforceable any contract entered
     into by the deceased personality, during his/her

                                              CONTINUED

---
SB 771
Page
3

     lifetime, by which the personality assigned rights to
     use his/her name, voice, signature, photograph or

121

likeliness, regardless of whether the contract was entered before or after January 1, 1985.

4. Provides that, notwithstanding any provision to the contrary, if an action was taken, prior to May 1, 2007, to exercise post-mortem publicity rights by a statutory heir, as defined, and such action was not challenged successfully in court by a residuary beneficiary, the post-mortem publicity rights vest, for both past and future purposes, solely in the statutory heirs, as defined.

5. States the intent of the Legislature to abrogate court decisions in The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc. (United States District Court, Central District of California) and Shaw Family Archives Ltd. v. CMG Worldwide, Inc. (United States District Court, Southern District of New York), both of which found that post-mortem publicity rights under California law do not apply to personalities who had died prior to January 1, 1985.

Background

Effective in 1985, the California Legislature enacted legislation to provide for a posthumous right of publicity that is transferable by contract, trust or testamentary instrument. The statute gave the right to all personalities who died on or after January 1, 1935 (within 50 years of the effective date of the statute), and provided that the posthumous right of publicity could be enforced for a period of 50 years after the personality's death. The Legislature amended the statute in 1998 to abrogate a court decision which held that the unauthorized use of Fred Astaire's image in a dance video was not prohibited by the statute. The 1998 legislation distinguished between the permissible use of a celebrity's likeness in works of art or entertainment and use in connection with products, goods and merchandise which is prohibited without consent. The 1998 amendment also extended the period of protection from 50 to 70 years, thus extending the right to all personalities who died on or

CONTINUED

SB 771
Page
4

after January 1, 1915 (within 70 years prior to the effective date of the 1985 statute).

This past May, two federal courts, one in California and one in New York, interpreted California's post-mortem publicity rights statute as prohibiting publicity rights from passing under a deceased celebrity's will if that

celebrity died before January 1, 1985, the effective date of the statute. Only statutorily listed heirs, which are a surviving spouse, children, grandchildren or parents of the deceased personality, could enforce the publicity rights. This bill, sponsored by the Screen Actor's Guild, abrogates those two recent court decisions directly by clarifying that a deceased celebrity's right of publicity applies to individuals who died before January 1, 1985.

The two recent court cases involved the commercial use of images of Marilyn Monroe, who died in 1962. The court in the California case, The Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc., CV 05-2200 MMM (United States District Court, Central District of California, May 14, 2007), ruled that the statutory post-mortem rights to publicity established in 1985 could not have been transferred by a testamentary instrument in 1962. In reaching its decision, the court relied on the general probate rule that a testator may only transfer property that he/she owns at the time of death to hold that Ms. Monroe could not have passed such rights through the residuary clause of her will. While ruling against Ms. Monroe's residuary beneficiaries, the court wrote:

> "The court reaches this conclusion with some reluctance because . . . at least some personalities who died before passage of the California . . . right of publicity statute[] left their residuary estates to charities, which will be 'divested' of those rights under the court's holding. As noted, however, nothing in this order prevents legislatures from enacting right of publicity statutes so as to vest the right of publicity directly in the residuary beneficiaries of deceased personalities' estates or their successors-in-interest."

The New York court, in Shaw Family Archives Ltd. v. CMG Worldwide, Inc., 05 Civ. 3939 (United States District

CONTINUED

☐

SB 771
Page 5

Court, Southern District of New York, May 2, 2007), also arrived at the same conclusion.

This bill expressly abrogates the two court decisions, and, following the invitation from the California federal court, explicitly states instead that a deceased celebrity's right of publicity applies to individuals regardless of whether they died before, or after, January 1, 1985. This bill clarifies that the right to the use of a deceased personality's name, voice, signature, photograph or likeness in a commercial product is freely descendible by means of trust or any other testamentary instrument

123

executed before or after January 1, 1985. This bill provides that, in the absence of an express Transfer of these rights, a provision in the will or other testamentary instrument that provides for the disposition of the residue of the deceased personality's assets is effective to transfer them. This explicit language is not a change to existing law, but, rather, only clarifies it in order to prevent needless litigation. This bill explicitly states that the rights recognized for deceased personalities are made retroactive, including to those deceased personalities who died before January 1, 1985.

This bill also creates a limited exception to the general rule that, in the absence of an express transfer of these publicity rights, a provision in a testamentary instrument disposing of the residue of the deceased personality's assets shall be effective to transfer post-mortem publicity rights. Under the limited exception, if an action was taken, prior to May 1, 2007, to exercise post-mortem publicity rights by a statutory heir, who has not disinherited by the deceased celebrity, and such action was not challenged successfully in court by a residuary beneficiary, the post-mortem publicity rights vest, for both past and future purposes, solely in the statutory heirs.

FISCAL EFFECT   :    Appropriation:  No    Fiscal Com.:  No   Local:  No

SUPPORT   :    (Verified   9/4/07)

Screen Actors Guild (source)

CONTINUED

SB 771
Page
6

American Federation of State, County and Municipal Employees
Batjac Productions, Inc.
Bela G. Lugosi
California Labor Federation
Senator John Campbell (retired, author of California
  Publicity Rights Statute)
Cecil B. DeMille Foundation
Corbis Corporation
Elvis Presley Enterprises, Inc.
Experience Hendrix (Estate of Jimi Hendrix)
The John Steinbeck Family Foundation
Chad McQueen
Marilyn Monroe, LLC
Motion Picture and Television Fund
Taylor & Faust (Trustee of the Second Residuary Trust of Alfred Hitchcock)

Wayne Enterprises, L.P. (John Wayne Family Partnership)

OPPOSITION: (Verified 9/4/07)

Law Offices of David M. Marcus
Pacific Licensing
The Archives, LLC
The Soni Law Firm
American Society of Media Photographers (38 members)

ARGUMENTS IN SUPPORT: In support of this bill, the California Labor Federation writes: "SB 771 is critical to protect celebrities and artists from constant attempts to commercially exploit their images. The honorable legends of these admirable personalities may be corrupted in the event that SB 771 is not enacted, as their images will be used for offensive commercial purposes."

ARGUMENTS IN OPPOSITION: Opponents, including the parties that won the cases discussed above, write that the bill "abandons the express purposes of Section 3344.1, effects an unlawful taking of property, violates due process, unconstitutionally impairs existing contracts of not only photographers but also studios and other businesses." They argue that, despite the fact that this bill simply seeks to clarify existing law, it is an unconstitutional ex post facto law. They also argue that,

CONTINUED

☐

SB 771
Page
7

depending to whom a celebrity left the bulk of his/her estate through the residuary clause, this bill could strip statutory heirs of the rights of publicity of their deceased relatives.

ASSEMBLY FLOOR:
AYES: Adams, Aghazarian, Anderson, Arambula, Bass, Beall, Benoit, Berg, Berryhill, Blakeslee, Brownley, Caballero, Charles Calderon, Carter, Cook, Coto, Davis, De La Torre, De Leon, DeSaulnier, DeVore, Duvall, Dymally, Emmerson, Eng, Evans, Feuer, Fuentes, Fuller, Gaines, Galgiani, Garcia, Garrick, Hancock, Hayashi, Hernandez, Horton, Houston, Huff, Huffman, Jeffries, Jones, Karnette, Keene, Krekorian, La Malfa, Laird, Leno, Levine, Lieber, Lieu, Ma, Maze, Mendoza, Mullin, Nakanishi, Nava, Niello, Parra, Plescia, Portantino, Price, Sharon Runner, Ruskin, Salas, Saldana, Silva, Solorio, Soto, Spitzer, Swanson, Torrico, Tran, Villines, Walters, Wolk, Nunez
NO VOTE RECORDED: Richardson, Smith, Strickland

RJG:mw  9/5/07   Senate Floor Analyses

SUPPORT/OPPOSITION:  SEE ABOVE

**** END ****

CONTINUED