# Monroe Estate Challenged On Photo Licensing

### BY DAVID WALKER

NEW YORK—New York attorney Martin Bressler contends that photographers with images of Marilyn Monroe have the right to use them in any way they wish "free and clear of any claim by Ms. Monroe's estate or her representatives." Bressler is currently representing photographer Sam Shaw in a copyright suit involving Marilyn Monroe photographs. (See "Shaw Sues St. Martin's Press," September PDNews.)

Photographers have assumed for years that Monroe was protected by right of privacy laws, so they haven't commercially exploited their Monroe images without the permission of Monroe's estate. They've also assumed that they've had to share photo licensing royalties with the estate.

But Bressler argues that Monroe's estate has no right of publicity in her persona since the actress was a New York resident—not a California resident, as was widely assumed.

He cites Acme Circular Operating Co. v. Kuperstock, a 1983 federal court decision establishing that "the law of the state of domicile of the deceased would determine whether a right of publicity existed in such deceased." He notes that "New York has no right of publicity independent of its right of privacy statute."

Right of privacy statutes protect living individuals from commercial exploitation of their images or likenesses without permission. Right of publicity laws extend these protections to a deceased individual. They benefit celebrities and their heirs primarily, and are in effect in California and Tennessee, to name two states.

Bressler goes on to argue that the right of Monroe's estate to control the trademark of the Marilyn Monroe name does not extend to the right to control photographs. He cites a 1980 federal case, Pirone v. MacMillan, in which the estate of Babe Ruth "argued that its registered trademarks in Babe Ruth also protected the photographs of Babe Ruth." The court rejected the argument, according to Bressler.

Agents representing photographers with Monroe images say Bressler's findings free them from having to share royalties for the use of Monroe photographs with the Roger Richman agency in Los Angeles, which represents Monroe's estate. Marketers usually pay no more than 15 percent in royalties for the use of the Monroe name and images. Photographers say Richman demands most of that, leaving little for them.

"Roger Richman Agency has been benefiting from royalties they aren't really entitled to. He's licensing the name, but he's making money on the images," says Rand Brenner, an agent who represents five different Monroe photographers. (Marketers still have to get permission from Richman to use Monroe's name in their products, however.)

Roger Richman says Bressler's opinion is "completely incorrect." He declined to explain why, however, and referred all questions to New York attorney Irving Sideman. Sideman did not return repeated calls for comment.

Photographers run the risk of being sued by Richman if they act on Bressler's opinion, which does not carry the weight of a court decision. But agents say Richman's silence about Bressler's opinion is telling, and predict Richman won't sue. "Every licensee we know of who has shown [the opinion] to Richman doesn't get a response," says Larry Shaw, Sam Shaw's son. "Richman isn't challenging our position." As a result, a book publisher and two other marketers have bought rights to Shaw's Marilyn photos without paying royalties to Richman. The agency has not threatened to sue, Larry Shaw says.



Be prepared for brilliance!

And see it at Booth 1943

Dyna-Lite® The Flash of Inspiration

MM-0007599