UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SHAW FAMILY ARCHIVES, LTD., EDITH   :
MARCUS and META STEVENS,
                                    :
      Plaintiffs,                 :  Case No. 05 Civ. 3939 (CM)

      -against-                  :  Hon. Colleen McMahon

CMG WORLDWIDE, INC. and MARILYN     :
MONROE LLC,
                                    :
      Defendants.                 :
------------------------------------------------------------ X

## DECLARATION OF CHRISTINE M. SOVICH

CHRISTINE M. SOVICH, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am managing partner of the law firm of Sovich Minch, LLP and hereby submit this declaration in support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

2. I have personal knowledge of the following facts and would make the same representations if called to testify.

3. From November, 1995 through approximately March, 1998, I was employed by CMG Worldwide, Inc. ("CMG") in various capacities, including CMG's Corporate Counsel, General Counsel, and General Counsel and Vice President.

4. Within the scope of my employ for CMG during the hereinabove referenced period, I was primarily responsible for identifying and prosecuting issues related to the misuse of the various intellectual property rights of CMG's clientele which then, as now, numbered over two hundred (200) personalities and / or corporate brands. The foregoing responsibilities, as set forth above, included but were certainly not limited

to taking action against misuses of the various intellectual property rights as associated with the late Marilyn Monroe on behalf of the Estate of Marilyn Monroe (which, at the time of my employ, was the rights holder of the various intellectual property rights of the late Marilyn Monroe).

5.  I have limited recollection of an infringement matter involving an entity named Renaissance Roads Productions, Inc. (d/b/a Bernard of Hollywood); based upon my limited recollection with regard to matters as associated with Bernard of Hollywood, I do recall receiving a letter from Jonathan D. Reichman of the law firm Kenyon & Kenyon, which, at the time, purported to represent Bernard of Hollywood, with regard and in response to a standard cease and desist letter that I sent to Bernard of Hollywood on behalf of the Estate of Marilyn Monroe. A true and accurate copy of the Kenyon & Kenyon letter is attached hereto as Exhibit A.

6.  While, I do not have any specific recollection of the facts and circumstances associated with the apparent dispute, I do recall that, as invited in the Kenyon & Kenyon correspondence, Mr. Reichman and I had a conversation by telephone and may have resolved our differences as a result of that conversation. Furthermore, it is my understanding that CMG and Bernard of Hollywood currently have an business relationship and, as such, are no longer in conflict with regard to those issues which may have originally precipitated our contact of Bernard of Hollywood by way of formal correspondence as herein referenced.

7.  Furthermore, as with any infringement matter on behalf of any CMG client, said matter(s) may reach a point where CMG, together with its client, would evaluate, from a business perspective, the nature of the claim and the extent of the alleged

misuse in order to determine, on a cost / benefit business analysis, whether continued pursuit of the given matter was warranted from a business perspective. The fact that CMG may have chosen, at various times for various clients, to suspend or terminate formal contact with an infringer had no relationship to the viability of the claim.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 13, 2008
        McCordsville, Indiana

_Christine M. Sovich_ (signature)
Christine M. Sovich