nature.

9. All remedies accorded herein or otherwise available to Productions or either of the parties hereto shall be cumulative and no one remedy shall be exclusive of any other. The pursuit by Productions or by any Party of any remedy under this agreement or otherwise shall not be deemed to waive any other or different remedy which may be available to such other Party or Productions under this agreement, or otherwise, either at law or in equity.

FIFTEENTH: Productions shall furnish, own and be entitled to possession on demand all shoes, hosiery, underclothing and outerclothing, and all other wardrobe and wearing apparel necessary for the performance of services by said Party hereunder.

SIXTEENTH: Productions may at any time, or from time to time during the term hereof apply for or procure in its own name or otherwise, and its own expense, life, health, accident or other insurance covering said Party, in which even such Party shall, if required, submit to reasonable medical or such examinations required by insurance company or companies, and sign such applications and other instruments as may be required for such purposes.

SEVENTEENTH: The First Party expressly gives and grants to Productions, in addition to other different and similar rights herein in this agreement granted to Productions the following:

The right to fix/use, exhibit and use, record, catalog, record plays and arrangements and all instrumental, music and other sound effects to be produced by her, in such extent as may be desired by Productions, and in any language.

2. Neither Party shall assert in connection with photoplays or phonographs or other services heretofore made or rendered by him/her than the author-ization for actual services rendered, by or in any manner whatsoever, at any time.



such Party the right to refuse to render any per-
form services to the Borrower.

(1) If the Party is required to render
services to a Borrower as hereinabove provided, he
shall render the same to the best of his ability.

THIRTIETH: In the event that any term, condition,
covenant, agreement, requirement or provision herein contained
shall be held by any court of competent jurisdiction to be un-
enforceable, illegal, void or contrary to public policy, such
term, condition, covenant, agreement, requirement or provision
shall be of no force or effect during any period in which such
unenforceability, illegality, invalidity or contrariety to public
policy shall exist, but such unenforceability, illegality, in-
validity or contrariety to public policy shall have no effect
whatsoever upon the binding force or effectiveness of any of
the other terms, conditions, covenants, agreements, requirements
and provisions hereof, it being the intention and declaration of
Productions and the Parties hereto that had they or either of
them known of such unenforceability, illegality, invalidity or
contrariety to public policy, they would have entered into a
contract such with the other containing all of the other valid
terms, conditions, covenants, agreements, requirements and
provisions hereof.

THIRTY-FIRST: Productions and the Parties, firms
and corporations for which any of the Parties shall be required
to render services hereunder (other than a major motion picture
production company) shall keep proper financial records and
such records during all business hours shall be open to inspec-
tion by either of the Parties or his duly authorized attorney
and accountant.

THIRTY-SECOND: Any notice required to be given pur-
suant to the provisions of this agreement shall be in writing
and by registered mail and mailed to Productions, and to the
Parties at the following addresses, unless notice of a different



notices shall have been given by registered mail:

PRODUCTION — 480 Lexington Avenue, New York, NY
FIRST PARTY — Fifth Avenue, Atelier Marian Whitney, Connecticut
SECOND PARTY — Fifth Avenue, Weston, Connecticut

INTERPRETATION: Wherever in this agreement words of the masculine gender shall be used they shall be deemed to include the feminine when the sense so indicates and words in the singular number include the plural and in the plural number include the singular when the sense so indicates.

APPLICABLE LAW. This agreement shall be interpreted in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have caused this agreement to be duly executed on the 27th day of January, 1956.

MARILYN MONROE PRODUCTIONS, INC.

BY: _____ President

BY: _____ Vice-President

ATTEST SEAL:
_____
Secretary

_____
Marilyn Monroe

_____
Milton H. Greene

MM-0000080



STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss.:

On this 3rd day of ~~January~~ FEBRUARY, 1956 before me personally appeared MARILYN MONROE, MILTON H. GREENE and JOSEPH CARR, who stated that they were President, Vice-President and Secretary, respectively, of MARILYN MONROE PRODUCTIONS, INC., the corporation named in and which executed the foregoing instrument; that they know the seal of said corporation and that the seal affixed to the foregoing instrument is said seal, and it was so affixed by authority of the Board of Directors of MARILYN MONROE PRODUCTIONS, INC.

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss.:

On this 3rd day of February, 1956, personally appeared before me MARILYN MONROE and MILTON H. GREENE, individually, known to me and to me known, to be the persons described in and who executed the foregoing instrument and acknowledged that they executed the same.

MM-0000081