# EXHIBIT
# 102

1  GIBSON, DUNN & CRUTCHER LLP
   Randy M. Mastro, Esq.
2  200 Park Avenue
   New York, New York  10166
3  Telephone: (212) 351-4000

4  Attorneys for Anna Strasberg, Administratrix C.T.A.

5

6  SURROGATE'S COURT

7  COUNTY OF NEW YORK

8

9  ACCOUNTING BY                      FILE NO. P2781/1962

10 ANNA STRASBERG                     PETITION FOR JUDICIAL SETTLEMENT
                                      OF FINAL ACCOUNT OF
11 AS ADMINISTRATRIX C.T.A.           ADMINISTRATRIX C.T.A. AND FOR AN
                                      ORDER AUTHORIZING PETITIONER TO
12 of the ESTATE OF MARILYN MONROE,   1) EXECUTE LIMITED LIABILITY
                                      AGREEMENT;
13              Deceased              2) ESTABLISH AND OPERATE LIMITED
                                      LIABILITY COMPANY;
14                                    3) USE ESTATE ASSETS TO ESTABLISH
                                      LIMITED LIABILITY COMPANY;
15                                    4) DISTRIBUTE INTERESTS TO
                                      RESIDUARY BENEFICIARIES;
16                                    5) FOR ORDER VACATING ORDER TO
                                      COMPEL FIDUCIARIES TO ACCOUNT;
17                                    AND, 6) DISCHARGE OF PRIOR
                                      EXECUTOR
18

19

20

21      TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK:

22      1.    The petition ("Petition") of Anna Strasberg

23 ("Petitioner"), residing at 135 Central Park West, New York, New

24 York respectfully states:

25      2.    The decedent, Marilyn Monroe, ("Decedent") died on

26 August 5, 1962, and at the time of her death was a resident of the

27 Borough of Manhattan, City, County and State of New York.  A copy of

28 the decedent's Will is attached hereto as Exhibit 1.

Gibson, Dunn &
Crutcher LLP

3.    Decedent's Will dated January 14, 1961 was admitted to probate and Letters Testamentary were issued to Aaron R. Frosch by the Surrogate's Court of New York County, New York on October 30, 1962. Aaron R. Frosch having died, Letters of Administration C.T.A. were issued to Petitioner by the Surrogate's Court of New York County, New York on July 21, 1989.

5.    The Petitioner presents and renders herewith, a verified account of Petitioner's proceedings in this estate, for the period from July 20, 1989 to October 3, 2000, showing the gross value of assets, including principal and income, to be the sum of $1,470.44. The prior executor's account ending April 29, 1989 showed an ending property on hand figure of $33,904.18 in cash and Miscellaneous Royalty Interests (Intellectual Property Rights) in an undetermined value. Petitioner is informed and believes that the only account activity which occurred from April 29, 1989 until her appointment as Successor Administratrix C.T.A. on July 21, 1989 was interest earned on the estate's cash assets in the sum of $469.48, which is reflected in Schedule A in the Accounting filed herein.

5.    An order was entered in this Court on January 20, 1970 fixing and assessing the estate tax due. Petitioner believes the estate taxes with respect to this estate were paid in full. The statutory period for payment of estate taxes has expired.

6.    The rendering of such account at this time is proper because seven months have elapsed since letters were issued to Petitioner.

7.    Marjorie M. Frosch, in her capacity as Executor of the Estate of Aaron R. Frosch, stated in her Petition for An Intermediate Voluntary Accounting, filed in this proceeding and

Gibson, Dunn &
Crutcher LLP

2

1   approved by decree issued January 17, 1991, that Aaron R. Frosch

2   satisfied in full, as verified in Schedule J of the accounting filed

3   with her Petition, the specific pecuniary bequests and the bequest

4   of personalty under Clause FOURTH of Decedent' Will, the sum of

5   $40,000.00 to May Reis under Clause SIXTH of Decedent's Will, and

6   further satisfied in full the bequest under Clause FIFTH of the

7   Decedent's Will, as amended by agreement and settlement among the

8   concerned parties.  All other bequests having been satisfied in

9   these proceedings, the only parties now entitled to a share of the

10   remaining residue of the estate are the Estate of Lee Strasberg, as

11   to 75%, and the Anna Freud Centre (as beneficiary under the Will of

12   Dr. Marianne Kris), as to 25%.

13       8.    The names and addresses of all persons and parties

14   interested in this proceeding who are required to be cited under the

15   provisions of Surrogate's Court Procedure Act §2210, or otherwise,

16   or concerning whom or which the Court is required to have

17   information, are set forth below.  Also see Schedule G of Accounting

18   filed herein.

| Name | Interest | Address |
|------|----------|---------|
| Anna Strasberg<br>Executrix, Estate of<br>Lee Strasberg, Deceased<br>(Beneficiary, Adult) | 75% Residue | 135 Central Park West<br>New York, NY  10023 |
| The Anna Freud Centre<br>(Beneficiary, Organization) | 25 % Residue | 21 Maresfield Gardens<br>Hampstead, London<br>NW3 5SD England |
| Anton O. Kris, MD<br>Co-Executor, Estate of Dr.<br>Marianne Kris<br>(Interested party, Adult) | None | 37 Philbrick Road<br>Brookline, Mass<br>02146 |

Gibson, Dunn & Crutcher LLP

3

| 1<br>2<br>3 | Anna K. Wolff, MD<br>Co-Executor, Estate of Dr.<br>Marianne Kris<br>(Interested party, Adult) | None | 10 Channing Street<br>Cambridge, Mass.<br>02138 |
| 4<br>5 | The Attorney General of the<br>State of New York<br>(Government Agency) | On behalf of<br>The Anna Freud<br>Centre | 120 Broadway<br>New York, NY |
| 6<br>7 | Continental Insurance Co.<br>(Surety bond holder) | None | Surety Dept.<br>39 Broadway #620<br>New York, NY  10006 |
| 8<br>9<br>10 | Stroock, Stroock & Lavan | None, Attorneys<br>for Marjorie M.<br>Frosch,<br>Executrix of<br>the Estate of<br>Aaron R. Frosch | 180 Maiden Lane<br>New York, NY 10038 |

11    9.    There are no persons interested in this proceeding other

12 than those herein above mentioned, all of said above mentioned

13 persons are of sound mind; and all are of full age.

14    10.    No prior application has been made to this or any other

15 court for the relief requested in this Petition.

16    11.    During the period of this account Petitioner has received

17 income receipts, as set forth in Schedule A-2 of the Accounting

18 filed herein, from the decedent's participation rights in motion

19 pictures and royalties from the licensing of the decedent's name,

20 likeness and signature ("Intellectual Property Rights").  Petitioner

21 has made periodic distributions, as set forth in Schedule E of the

22 Accounting, of the balance of the estate funds after payment of

23 expenses, as set forth in Schedule C of the Accounting, in shares of

24 75% to the Estate of Lee Strasberg and 25% to the Anna Freud Centre.

25    12.    The Petitioner also requests the Court to authorize her to

26 establish a limited liability company to hold the Intellectual

27 Property Rights and to distribute pro rata interests in the limited

28 liability company to the residuary beneficiaries of the estate.

1    13.    Section 11-1.1(c) of the Estates, Powers and Trusts Law
2    states that "the court having jurisdiction of the estate... may
3    authorize the fiduciary to exercise any other power which in the
4    judgment of the court is necessary for the proper administration of
5    the estate or trust."  Thus, the powers enumerated by EPTL
6    Section 11-1.1(b) are not exclusive, and the court has the authority
7    to grant the Petitioner the power to establish such a company to
8    hold estate property.  Distribution in kind of interests in the
9    limited liability company is permissible under Section 2216 of the
10   Surrogate's Court Procedure Act.

11   14.    There are several reasons why it would be appropriate and
12   in the best interests of the estate and beneficiaries to authorize
13   the Petitioner to form a limited liability company and distribute
14   interests in the limited liability company to the residuary
15   beneficiaries.  First, coordinated management of the Intellectual
16   Property Rights would be maintained.  It would not be practical, and
17   perhaps would not even be possible, to divide the Intellectual
18   Property Rights between the beneficiaries, and it certainly would
19   not be efficient or to the benefit of the beneficiaries to do so.
20   Second, after distribution of the limited liability company
21   interests it would be possible to close the estate, which has now
22   been open for almost 40 years.  In addition to the obvious benefits
23   resulting from distributing the assets and closing the estate, there
24   are also clear disadvantages resulting from keeping the estate open:
25   additional, unnecessary costs would be imposed on the beneficiaries;
26   the court's docket would be burdened with a case that could be
27   closed; and the estate and the beneficiaries would remain vulnerable
28   to unmeritorious, "crank" claims, because of the unique celebrity

Gibson, Dunn &
Crutcher LLP

5

1  status of the Decedent.   Third, unless the Petitioner is authorized

2  to exercise the powers requested herein, there is every reason to

3  believe that the estate will not be closed in the foreseeable

4  future.   Distribution of the Intellectual Property Rights would

5  continue to remain impractical and the estate would remain open to

6  more crank claims.   Fourth, utilizing a limited liability company

7  structure will afford the beneficiaries some measure of protection

8  from crank claims.

9       15.   On December 31, 1990, this court entered a decree which,

10  among other things, ordered that administration of the estate was to

11  continue as long as the estate maintained an agency agreement with

12  terms and conditions substantially similar to the agency agreement

13  then in effect.   The agency agreement now in effect with CMG

14  Worldwide is substantially similar to the agency agreement in effect

15  on December 31, 1990.   However, as set forth above, Petitioner

16  believes that it would be in the best interest of the estate and

17  beneficiaries to close the estate proceedings and distribute the

18  remaining assets as set forth herein.

19       16.   The consents of the residuary beneficiaries are attached

20  hereto as Exhibits 2 and 3 and are incorporated herein by this

21  reference.

22       17.   Attached hereto as Exhibit 4 and incorporated herein by

23  this reference, is a form of limited liability company agreement

24  that Petitioner proposes to use as the governing agreement for the

25  limited liability company.   Under the proposed limited liability

26  company agreement, Petitioner would be the sole initial member.

27  Subsequently, the Petitioner and the residuary beneficiaries would

28  execute a supplement to the agreement (a copy of the proposed

Gibson, Dunn &
Crutcher LLP

6

1   supplement is attached hereto as Exhibit 5 and incorporated herein
2   by this reference), which would make the residuary beneficiaries
3   75%/25% owners of the entire company.  A proposed form of assignment
4   from the Petitioner to the residuary beneficiaries is attached
5   hereto as Exhibit 6 and incorporated herein by this reference.  In
6   order properly to establish and operate the company, it will also be
7   necessary, among other things, to obtain a taxpayer identification
8   number, file a certificate of formation, a proposed form is attached
9   hereto as Exhibit 7, and file appropriate documents in states other
10  than Delaware in which the company does business.  Petitioner
11  requests authorization to execute such documents.
12      18.  The Petitioner also requests the Court to authorize her to
13  use funds of the estate to establish the limited liability company,
14  and to register and qualify it in appropriate jurisdictions.  After
15  distribution of the limited liability company interests to the
16  residuary beneficiaries, the costs of maintaining the company will
17  be borne on a pro rata basis by the residuary beneficiaries.
18      19.  Pursuant to this court's Decree Approving Attorney's fees
19  and Other Related Matters filed October 31, 1990, Petitioner is to
20  receive no commissions as Administratrix C.T.A.
21      20.  On June 25, 1990 this court issued an Order to Compel
22  Fiduciaries to Account, attached hereto as Exhibit 8, directing that
23  Marjorie M. Frosh, as Executrix of the Estate of Aaron R. Frosh,
24  file and judicially settle a final accounting with respect to the
25  Estate of Marilyn Monroe; and further ordered that Anna Strasberg,
26  Administratrix C.T.A. file and judicially settle an intermediate
27  accounting for the period from July 20, 1989 through May 31, 1990.
28  On August 2, 1990, attorneys for Marjorie M. Frosch, Anna Strasberg,

Gibson, Dunn &
Crutcher LLP

7

1  The Anna Freud Center, and for Anton O. Kris and Anna Kris Wolff as

2  Executors of the Estate of Marianne Kris executed a Stipulation on

3  behalf of their clients, a copy of which is attached hereto as

4  Exhibit 9, wherein the parties requested that the Court vacate the

5  Order to Compel Fiduciaries to Account of June 25, 1990.

6      Petitioner, after a search of the court records, can find no

7  evidence that an order vacating the Order to Compel Fiduciaries to

8  Account has been executed by this court.  Schedule A of Petitioner's

9  account filed in these proceedings details the only transactions,

10  consisting solely of interest earned on estate assets Marjorie M.

11  Frosch transferred to Petitioner immediately following her

12  appointment as Administratrix C.T.A. on July 21, 1989, that occurred

13  after the end of Marjorie M. Frosch's intermediate account on April

14  29, 1989 through July 20, 1989.  Petitioner's account further

15  includes all transactions that occurred from July 20, 1989 to

16  October 3, 2000.  Because all estate account activity between April

17  29, 1989 and October 3, 2000 has been reported in the account filed

18  herein, Petitioner requests that this court vacate the Order to

19  Compel Fiduciaries to Account of June 25, 1990.  Petitioner's

20  Receipt and Release as Administratrix C.T.A. acknowledging receipt

21  of estate assets from Marjorie M. Frosch, is attached hereto as

22  Exhibit 10.

23      After a search of the court's records, and having found no

24  order discharging the deceased prior Executor Aaron R. Frosch, and a

25  receipt having been filed in these proceedings for all assets

26  transferred from Marjorie M. Frosch, as Executrix of the Estate of

27  Aaron R. Frosch, to petitioner as successor Administratrix C.T.A.,

28

1  petitioner requests that Aaron R. Frosch be discharge as Executor

2  without further account.

3      WHEREFORE, Petitioner prays for an Order of this Court as

4  follows:

5      1.    The account of proceedings be judicially settled;

6      2.    Authorizing the Petitioner to execute the Limited

7  Liability Company Agreement attached as Exhibit 4, the Supplement

8  thereto attached as Exhibit 5, the Assignment attached as Exhibit 6,

9  the Certificate of Formation attached as Exhibit 7, and any and all

10  other documents necessary to establish the limited liability company

11  and register and/or qualify it in other jurisdictions, as the

12  Petitioner deems appropriate;

13      3.    Authorizing the Petitioner to take all other necessary

14  steps to establish and operate the limited liability company,

15  including registering and qualifying the limited liability company

16  in one or more other jurisdictions, as the Petitioner deems

17  appropriate;

18      4.    Authorizing the Petitioner to use estate assets for the

19  purposes of establishing the limited liability company and

20  registering and qualifying it in one or more other jurisdictions, as

21  the Petitioner deems appropriate;

22      5.    Authorizing the Petitioner to transfer all assets of the

23  estate to the limited liability company and distribute membership

24  interests in the limited liability company pro rata to the residuary

25  beneficiaries as follows:  75% to Anna Strasberg, as Executor of the

26  Estate of Lee Strasberg, and 25% to the Anna Freud Centre;

27      6.    That the Order to Compel Fiduciaries to Account of June

28  25, 1990 be vacated;

Gibson, Dunn &
Crutcher LLP

9

1    7.    That Aaron R. Frosch be discharged as Executor;

2    8.    That these estate proceedings be closed; and

3    9.    That the persons above mentioned and all necessary and

4  proper persons be cited to show cause why such settlement should not

5  be had and for such other and further relief as the Court may deem

6  just and proper.

7

8  DATED:    _Oct. 18 2000_, 2000

9

10                                    _Anna Strasberg_
                                   ANNA STRASBERG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

10

1

2                                    **VERIFICATION**

3

4    STATE OF NEW YORK        )

5    COUNTY OF NEW YORK       )

6

7          The undersigned, the petitioner named in the foregoing
     petition, being duly sworn, says: I have read the foregoing petition
8    subscribed by me and know the contents thereof, and the same is true
     of my own knowledge, except as to the matters therein stated to be
9    alleged upon information and belief, and as to those matter I
     believe it to be true.

10

11

12                                          _Anna Strasberg_
                                        Anna Strasberg

13

14   Sworn to before me on

15   _10/18_ , 2000                 PATRICIA ROSADO
                                Notary Public, State of New York
16   _Patricia Rosado_                   No. 01RO6014712
                                 Qualified in New York County
17   Notary Public               Commission Expires July 6, 2001

     Commission Expires: _7/6/2001_
18   (Affix Notary Stamp or Seal)

19

20   Signature of Attorney: _Rudy Martin_

21   Print Name of Attorney: _Rudy Martin_

22
     Gibson, Dunn & Crutcher, LLP
23   200 Park Avenue
     New York, New York  10166
24   Telephone: (212) 351-4000

25

26   20084469_1.DOC

27

28

Gibson, Dunn &
Crutcher LLP
                                    11

# Exhibit 1

I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament.

FIRST: I hereby revoke all former Wills and Codicils by me made.

SECOND: I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

THIRD: I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

FOURTH: (a) I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b) I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c) I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both predecease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d) I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

FIFTH: I give and bequeath to my Trustee, hereinafter

Exhibit 1

named, the sum of $100,000.00, in Trust, for the following uses
and purposes:

(a) To hold, manage, invest and reinvest the
said property and to receive and collect the income therefrom.

(b) To pay the net income therefrom, together
with such amounts of principal as shall be necessary to provide
$5,000.00 per annum, in equal quarterly installments, for the
maintenance and support of my mother, GLADYS BAKER, during her
lifetime.

(c) To pay the net income therefrom, together
with such amounts of principal as shall be necessary to provide
$2,500.00 per annum, in equal quarterly installments, for the
maintenance and support of MRS. MICHAEL CHEKHOV during her life-
time.

(d) Upon the death of the survivor between my
mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the
principal remaining in the Trust, together with any accumulated
income, to DR. MARIANNE KRIS to be used by her for the furtherance
of the work of such psychiatric institutions or groups as she
shall elect.

SIXTH: All the rest, residue and remainder of my
estate, both real and personal, of whatsoever nature and whereso-
ever situate, of which I shall die seised or possessed or to which
I shall be in any way entitled, or over which I shall possess any
power of appointment by Will at the time of my death, including
any lapsed legacies, I give, devise and bequeath as follows:

(a) to MAY REIS the sum of $40,000.00 or 25%
of the total remainder of my estate, whichever shall be the lesser.

-2-

... will, be made, ... my Last Will ... ... ... ... of profit, ... ... ... ... ...

(b)  To DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.

(c)  To LEE STRASBERG the entire remaining balance.

SEVENTH:  I nominate, constitute and appoint AARON R. FROSCH Executor of this my Last Will and Testament.  In the event that he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

EIGHTH:  I nominate, constitute and appoint AARON R. FROSCH Trustee under this my Last Will and Testament.  In the event he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

_____ MARILYN MONROE _____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE, the Testatrix above named, as and for her Last Will and Testament, in our presence and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this 14 day of January, One Thousand Nine Hundred Sixty-One.

Aaron R. Frosch residing at 10 West 86d St. N.Y.

Louise H. White residing at 209 E 56 St. N. Y.

_____ residing at_____

-3-

# Exhibit 2

1  GIBSON, DUNN & CRUTCHER LLP
   Randy M. Mastro, Esq.
2  200 Park Avenue
   New York, New York  10166
3  Telephone: (212) 351-4000

4  Attorneys for Anna Strasberg, Administrator C.T.A.

5

6  SURROGATE'S COURT

7  COUNTY OF NEW YORK

8

9  ACCOUNTING BY                    FILE NO. P2781/1962

10 ANNA STRASBERG                   CONSENT TO EXECUTION OF LIMITED
                                    LIABILITY COMPANY AGREEMENT AND
11 AS ADMINISTRATOR C.T.A.          RELATED MATTERS

12 of the ESTATE OF MARILYN MONROE,

13                  Deceased

14

15

16      The undersigned, Anna Strasberg, Executrix of the Estate of Lee

17 Strasberg. being of full age, and sound mind, having an interest in

18 this proceeding, consents to Anna Strasberg's, Administrator C.T.A,

19 proposal to execute a limited liability agreement and all other

20 documents and proposals related thereto, as set forth in the

21 Petition for Judicial Settlement of Final Account of Administrator

22 C.T.A. and For An Order Authorizing Petitioner to 1) Execute Limited

23 Liability Agreement; 2) Establish and Operate Limited Liability

24 Company; 3) Use Estate Assets to Establish Limited Liability

25 Company; 4) Distribute Interests to Residuary Beneficiaries; 5) For

26 Order Vacating Order To Compel Fiduciaries to Account; and, 6)

27 Discharge of Prior Executor, a full copy of which I have received.

28

Gibson, Dunn &
Crutcher LLP

                              Exhibit 2

1  Date: 10·18·00                          _Anna Strasberg_ (signature)

2                                          Anna Strasberg, Executrix of the
                                           Estate of Lee Strasberg

3

4  STATE OF NEW YORK        )
   COUNTY OF  New York      )  ss.:

5      On 10 · 1 8          , 2000, before me personally appeared

6

7  ANNA Strasberg                      to me known and known to me to
   be the person described in and who executed the foregoing Consent to

8  Execution of Limited Liability Company Agreement and Related Matters
   and duly acknowledged the execution thereof.

9  _Patricia Rosado_ (signature)

10 Notary Public                          PATRICIA ROSADO
                                    Notary Public, State of New York
                                          No. 01RO5014712
11 Commission Expires: 7/6/2001    Qualified in New York County
   (Affix Notary Stamp of Seal)   Commission Expires July 6, 2001

12

13 Name of Attorney: Randy M. Mastro, Esq. Tel. No. 212-351-4000

14

15 Address of Attorney: Gibson, Dunn & Crutcher LLP, 200 Park Avenue,
   New York, NY 10166

16

17 20088173_1.DOC

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

2

# Exhibit 3

1   GIBSON, DUNN & CRUTCHER LLP
    Randy M. Mastro, Esq.

2   200 Park Avenue
    New York, New York  10166

3   Telephone: (212) 351-4000

4   Attorneys for Anna Strasberg, Administrator C.T.A.

5

6   SURROGATE'S COURT

7   COUNTY OF NEW YORK

8

| | |
|---|---|
| 9   ACCOUNTING BY | FILE NO. P2781/1962 |
| 10   ANNA STRASBERG | CONSENT TO EXECUTION OF LIMITED LIABILITY COMPANY AGREEMENT AND RELATED MATTERS |
| 11   AS ADMINISTRATOR C.T.A. | |
| 12   of the ESTATE OF MARILYN MONROE, | |
| 13                 Deceased | |

14

15

16       The undersigned, as an authorized representative of The Anna

17   Freud Centre, being of full age, and sound mind, having an interest

18   in this proceeding, consents to Anna Strasberg's, Administrator

19   C.T.A, proposal to execute a limited liability agreement and all

20   other documents and proposals related thereto, as set forth in the

21   Petition for Judicial Settlement of Final Account of Administrator

22   C.T.A. and For An Order Authorizing Petitioner to 1) Execute Limited

23   Liability Agreement; 2) Establish and Operate Limited Liability

24   Company; 3) Use Estate Assets to Establish Limited Liability

25   Company; 4) Distribute Interests to Residuary Beneficiaries; 5) For

26   Order Vacating Order to Compel Fiduciaries to Account; and 6)

27   Discharge of Prior Executor, a full copy of which I have received.

28

Gibson, Dunn &
Crutcher LLP

Exhibit 3

1    Date: *November 15, 2000*                    *Steven B. Rosenfeld*
                                                 On behalf of the Anna Freud
2                                                Centre

3

4    STATE OF NEW YORK            )
     COUNTY OF *NEW YORK*         ) ss.:

5

6        On *NOVEMBER 15*          , 2000, before me personally appeared

7    *STEVEN B. ROSENFELD*                    to me known who duly swore to
     the foregoing instrument and who did say that he/~~she~~ resides at
8    *1070 PARK AVENUE, NEW YORK, NY  10128*  and that he/~~she~~ is a
     *ATTORNEY-IN-FACT*            of The Anna Freud Centre; and that he/she
9    signed his/her name thereto by order of the Board of Directors of
     said organization.

10

11   *Amy Auerbach*                    AMY AUERBACH
     Notary Public                     Notary Public, State of New York
12   Commission Expires:               No. 01AU4721548
                                       Qualified in New York County
     (Affix Notary Stamp of Seal)      Commission Expires March 30, 2002

13

14   Name of Attorney: Randy M. Mastro, Esq. Tel. No. 212-351-4000

15

16   Address of Attorney: Gibson, Dunn & Crutcher LLP, 200 Park Avenue,
     New York, NY 10166

17

18   20088171_1.DOC

19

20

21

22

23

24

25

26

27

28