# EXHIBIT 107

WEISBERGER & FROSCH

OFFICE MEMORANDUM                                              Date Nov. 9, 1965

From: Elliot J. Lefkowitz            Subject: Estate of Marilyn Monroe

To: Aaron R. Frosch

Hermione Brown has encountered difficulties with the California Inheritance Tax Department in proving that New York was decedent's residence at the time of her death. We submitted affidavits from May Reis, Hattie Stevenson and Ralph Roberts. Mrs. Brown then advised she was going to obtain additional affidavits from Mickey Rudin, decedent's personal physician, and a number of other people on the Coast who were close to the decedent shortly prior to her death and she was to submit the said additional affidavits to the Inheritance Tax authorities.

I received a call last week from a Mr. Jackman, an attorney, representing Bill Pierson, one of the general creditors of the estate. Mr. Pierson sold a number of screens to the decedent for $5,000 of which $4,000 was paid prior to her death and he, therefore, has a claim for $1,000. Mr. Pierson is an ex-jockey who became famous a number of years ago as an art expert and art connoisseur on the $64,000 Question television program. Mr. Jackman had previously been in contact with me in order to determine when his client would receive payment on the said claim and when he called me on this occasion for the same purpose, I advised him of the tax residency problem that we are presently faced with. Mr. Jackman indicated to me that his client had substantial contact with the decedent shortly prior to her death and that possibly his client could submit an affidavit which would be most helpful for our purpose. After checking with his client, Mr. Jackman called me back to tell me that in fact his client does have information which would be helpful and is ready and willing to submit an affidavit <u>provided however</u> we can guarantee and assure him that his general claim of $1,000 will be paid. I took the position that no such guarantee or assurance can be given and that he would be paid on the same basis as any other general creditor. Mr. Jackman maintained the position that if he could get the said assurance then Mr. Pierson would sign an affidavit that would substantiate decedent's residence as being in New York at the time of her death.

Kindly advise.

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0057015