# EXHIBIT 112

SURROGATE'S COURT

COUNTY OF NEW YORK

ACCOUNTING OF              :

AARON R. FROSCH
as Executor                )          FILE NO.:  P 2781/1962

ESTATE OF MARILYN MONROE,   :          PETITION FOR FINAL ACCOUNTING

          Deceased.

_____)

TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK:

    1.  The petition of AARON R. FROSCH residing at
300 Central Park West, New York, N. Y. respectfully
states:

    2.  The decedent died on the 5th day of August, 1962
and at the time of her death was a resident of the
Borough of Manhattan, City, County and State of New York.

    3.  Letters Testamentary were duly granted to your
petitioner by the Surrogate's Court of New York County,
New York on the 30th day of October, 1962.

    4.  More than seven (7) months have elapsed since
the issuance of said letters.

5. The names and post-office addresses of all

persons interested in the Estate and/or Trust Fund to

whom process must issue pursuant to the provisions of

SCPA 315 and SCPA 2210 are as follows:

| Name and Post-Office Adress | Relationship | Nature of Interest |
|---|---|---|
| Bernice Miracle 330 S. W. 27th Street Gainesville, Fla. | Half-Sister Legatee | Specific Bequest of $10,000.00 |
| Norman and Hedda Rosten 84 Remsen Street Brooklyn, N. Y.  11201 | Legatee | Specific Bequest of $5,000.00 |
| May Reis 229 W. 12th Street New York, N. Y. 10014 | Legatee | Specific Bequest of $10,000.00 plus $40,000.00 from residuary or 25% of residuary whichever shall be the lesser |
| Gladys Baker a/k/a Gladys Eley c/o Bernice Miracle 330 S. W. 27th Street Gainesville, Fla. | Mother Life Income Beneficiary under Trust | Income co-Beneficiary under Trust to receive $5,000.00 per annum during her lifetime |
| Mala Powers, as Executrix Estate of Mrs. Michael (Xenia Julia) Chekhov c/o Belcher Henzie & Biegenzahn 330 South Hope Street Suite 3650 Los Angeles, Cal. 90017 | Life Income Beneficiary under Trust | Income co-Beneficiary under Trust to receive $2500.00 per annum during her lifetime |
| Lee Strasberg 135 Central Park West New York, N. Y. | Legatee | Bequest of personal effects and clothing plus balance of residuary estate |
| Dr. Marianne Kris 135 Central Park West New York, N. Y. | Legatee | 25% of balance of residuary after residuary bequest to May Reis plus remainder of Trust after death of Trust Income Beneficiaries |

-2-

MM-0001311

6. The following legatees have been paid:

   A. Norman and Hedda Rosten - bequest of $5,000.00

   B. Bernice Miracle - bequest of $10,000.00

   C. May Reis - bequest of $10,000.00

   D. Lee Strasberg - bequest of personal effects
      and clothing

7. There are no other persons that those above-
mentioned who are interested in this proceeding.

8. That all of said above-mentioned persons are
of sound mind and all are of full age except Gladys Baker
a/k/a Gladys Eley, mother of the decedent. Inez C. Melson
was appointed as Conservator by Order of the Superior Court
of the State of California and that subsequently Bernice
Miracle, residing at 330 S. W. 27th Street, Gainesville,
Florida., daughter of said Gladys Baker a/k/a Gladys Eley,
(has been) was appointed Guardian and, upon information
and belief, continues to act as Guardian.

9. That there is no other accounting proceeding
now pending.

10. That your petitioner duly commenced probate
proceedings in New York County and ancillary probate
proceedingssin the State of California. After appropriate
probate hearings, decedent's will was duly admitted to
probate and petitioner was duly appointed Executor in

-3-

MM-0001312

both jurisdictions and then commenced the marshalling of the decedent's assets.

At the time of decedent's sudden and unexpected death, she had no cash available in the State of California and insufficient cash in the State of New York to meet her obligations. Mobs of curiousity seekers came to her homes seeking to buy or remove memorabilia. There was no family member who could supply aid or information in the supervision of her affairs. Her obligations to creditors and her tax liabilities far exceeded her cash availability.

The decedent did, however, have a continuing compensation interest in two (2) motion picture films entitled "Some Like It Hot" and "The Misfits", which provided for deferred compensation for a guaranteed amount for a number of years and, thereafter, a percentage participation. Decedent, however, had granted a wage assignment against said deferred compensation to a bank in the State of California in the sum of Seventy Four Thousand ($74,000.00) Dollars. Said deferred compensation to its determined valuation was deemed "income in respect of the decedent" and, therefore, was subject to estate

-4-

taxes and, when received, was deemed "income" and subject
to income taxes. Said deferred compensation was further
subject to payment of agent's commissions of 10% of the
gross to M. C. A. Artists, Ltd. Hence, the assets available
to petitioner were insufficient for the payment of creditors'
claims and estate taxes for a substantial period of time after
the death of the decedent.

Decedent was the sole shareholder of Marilyn Monroe
Productions, Inc. The asset of the said corporation was
a proprietary interest in the motion picture film entitled
"The Prince and the Showgirl." The decedent's Common
Stock in said corporation was valued for estate tax
purposes at Sixty One Thousand Two Hundred Fifty ($61,250.00)
Dollars (per Schedule "A"). For a substantial period of
time the sale of this asset could not be effectuated for
an amount sufficient to realize its said value; however,
in September 1970, petitioner sold same and liquidated
the corporation at a value as set forth on Schedule "A-1"
hereof.

Upon receipt of funds, petitioner deposted same
with the Savings Bank Association which association then
selected and deposited said funds into numerous different
savings banks in amounts within the then existing insurance limi-
tation of $10,000.00. Petitioner therefore placed the
Estate funds properly insured in accounts which at that

-5-

MM-0001314

time were paying the highest rate of interest then available. Estate funds were thereafter deposited in Certificates of Deposit or Treasury Bills as set forth on Schedules hereto.

Petitioner was compelled to defend a proceeding commenced by the State of California which claimed decedent was a resident of the State of California at the time of her death. Petitioner was successful in said proceeding.

All creditors' claims and all tax liabilities have been paid in full. The California ancillary estate was accounted and was concluded.

In 1974, Petitioner negotiated a contract with respect to a publication entitled "My Story" authored by Milton H. Green by the terms of which the Estate received a participation in the royalty proceeds of the said publication and has received income therefore as set forth on Schedule "A-2".

Thereafter, your petitioner commenced litigation in connection with a publication entitled "Marilyn" authored by Norman Mailer. The said litigation was in the past year concluded in favor of defendants after appropriate appeal by your petitioner.

MM-0001315

By virtue of the Estate having insufficient
cash availability for many years, the various pro-
tracted negotiations, the complicated proceedings
and litigation, as hereinbefore set forth, your
petitioner was not in the appropriate position to
submit to the Court a final accounting.

In addition, the residuary provisions of the
decedent's will provides for May Reis, as a residuary
legatee, to receive "$40,000.00 or 25% of the total
remainder" of the Estate, whichever is less.  The
assets of the Estate were at all times insufficient
to determine, with finality, the precise amount of
the said legacy.  Even at the particular point in time,
the assets of the Estate are insufficient to pay said
residuary legatee the sum of $40,000.00 inasmuch as
said sum exceeds 25% of the present assets of the Estate.

The Estate still retains a continuing compensation
and royalty interest in four (4) properties.  The Estate
retains an interest in the motion picture films entitled
"Some Like It Hot" and "The Misfits".  The Estate retains
an interest in continuing music royalties and in the
publication entitled "My Story" all as aforesaid described.
The schedules herewith have not set forth a current
valuation of the Estate's interest in the said four (4)

properties. Petitioner will request an evaluation thereof from the producers of same and then apply to this Court for approval to conclude the sale of the Estate's interests therein or for a pro rata distribution among the residuary legatees of the continuing royalties therefrom and as residuary legatees will desire.

11.   That your petitioner is desirous of rendering to said Surrogate's Court an account of these proceedings and therefore prays

that the account be judicially settled; and

that the Executor, from the cash balance of $101,299.25 on hand, pay to himself the sum of $16,591.62 for the balance of commissions due him upon this accounting as per Schedule I; and

that the Executor, from the cash balance of $101,299.25 on hand, pay to N. Rubin & Co. the sum of $6,000.00 for accounting services rendered in connection with the within accounting; and

that the Executor, from the cash balance of $101,299.25 on hand, pay to Elliot J. Lefkowitz, Esq. the sum of $3,000.00 for legal services rendered in connection with the within accounting; and

that the Executor pay to May Reis 25% of the balance then remaining; and

that the Executor pay to Dr. Marianne Kris 25% of the then remaining balance; and

that the Executor pay to Lee Strasberg the entire remaining balance; and

-8-

MM-0001317

that the Executor, prior to payment
of said residuary, retain the sum of
Seven Thousand Five Hundred ($7,500.00)
Dollars for payment of any taxes or all
other charges which may be reasonably
due; and

that the Executor shall obtain an
evaluation and/or offer for decedent's
continuing compensation interest in the
motion picture films entitled "Some
Like It Hot" and "The Misfits" and in
music royalties and the publication
entitled "My Story" and then accept
such offer or arrange for a pro rata
distribution, as the residuary legatees
will desire or as directed by the Court,
among the residuary legatees thereof,
however, the residuary legatee, May
Reis, shall receive her pro rata
in an amount limited so that her residuary
legacy shall not exceed the sum of
Forty Thousand ($40,000.00) Dollars
in total; and

that the legatees upon receipt of their
respective payments to be made to them
hereunder will acknowledge receipt there-
fore and in consideration thereof, each
of them will forever release, remise and
discharge the Executor of and from any
and all claims and liabilities of every
kind or nature arising from or in any
manner relating to or connected with
the Estate of Marilyn Monroe, deceased,
and the administration of said Estate; and

that the persons above-mentioned and all
necessary and proper persons be cited to
show cause why such settlement should not
be had; and

-9-

MM-0001318

for such other and further relief as
the Court may deem just and proper.

DATED, August 14, 1980.

_AARON R. FROSCH_

AARON R. FROSCH, Petitioner

CITY, COUNTY AND STATE OF NEW YORK, ss:

AARON R. FROSCH, the petitioner named in the
foregoing petition, being duly sworn, deposes and says
that he has read the foregoing petition subscribed by
him and knows the contents thereof; and that the same
is true of his own knowledge, except as to the matters
therein stated to be alleged on information and belief,
and that as to those matters he believes it to be true.

_AARON R. FROSCH_

AARON R. FROSCH, Petitioner

Sworn to and subscribed before me this
14th day of August, 1980.

ELLIOT LEFKOWITZ
Notary Public, State of New York
No. 31-7474775
Qualified in New York County
Commission Expires March 30, 1966

-10-

MM-0001319

MM-0001320



MM-0001321