# EXHIBIT
# 119

THE STATE OF NEW YORK
SURROGATE'S COURT : COUNTY OF NEW YORK

JUN 1 7 2002

————————————————————————————X

In the matter of the Petition to Revoke Letters Testamentary
and to Vacate Decrees Settling Accounts in the Estate of

     MARILYN MONROE,

         Deceased.

File No. 2781-1962

————————————————————————————X

PREMINGER, S.

    Decedent Marilyn Monroe, the famed actor, died on August 5, 1962. Petitioner Nancy

Miracle, born in 1946, claims that she is the daughter of Marilyn Monroe, and that she

discovered this relationship in 1985. She petitions to revoke the letters issued to Aaron R.

Frosch, who was appointed executor under decedent's will and those issued to Anna Strasberg,

appointed administratrix c.t.a. She also petitions to vacate the decrees settling the various

accountings in this action, including the one entered last year that transferred the remaining estate

assets to Marilyn Monroe LLC. The thrust of her petition is that as a distributee she should have

been cited on the probate petition and that either through fraud or oversight she was omitted. She

also sues Dr. Anton Kris and Anna Kris, as executors of the estate of Dr. Marianne Kris (a 25%

residuary beneficiary under decedent's will), the Anna Freud Center (successor to Dr. Kris's 25%

interest in the residuary); Stroock, Stroock and Lavan (the law firm executor Frosch hired to

represent him as fiduciary, hereinafter "Stroock") and Anna Strasberg's bond underwriter

Continental Insurance.

    All the respondents except Stroock have moved to dismiss the petition on three grounds:

first, that a 1992 federal court decision from the District of Hawaii in a case petitioner brought

against Anna Strasberg is res judicata; second, that the petition is not timely; and third, that it is

barred by laches. Stroock moves to dismiss for failure to state a cause of action as attorneys for

MM-0000362

former executor Frosch.

Stroock's motion should be granted. The petition does not even mention Stroock and fails to allege any wrongdoing on the part of Stroock. The motion to dismiss by the remaining respondents should converted to a motion for summary judgment under CPLR 3211(c) and the parties shall receive notice and an opportunity to supplement their submissions as set forth below. Their motion to dismiss, however, should otherwise be denied.

In 1991, Miracle sued Strasberg as fiduciary of decedent's estate in United States District Court, District of Hawaii claiming a share of decedent's estate as a pretermitted heir (see generally, EPTL § 5-3.2). A 1992 decision granted Strasberg's motion to dismiss (Miracle v Strasberg, No. 92-00605, Dec. 23, 1992, [D. Haw.]). It held that the court did not have personal jurisdiction over Strasberg. The decision, however, went on to explain that under New York law, she was not a pretermitted heir having been born before decedent executed her will.

The fact that the Hawaii court addressed the merits does not give the decision preclusive effect to the current proceeding. New York law is clear that where there is no jurisdiction over the parties the decision will not preclude a subsequent suit on the merits (Boston & Maine RR v Delaware & Hudson Co., 268 NY 382 [1935]; City of White Plains v Hadermann, 272 AD 507 affd w/out opn 297 NY 623).

The law is also clear that if petitioner is a distributee, she should have been cited on the probate petition (see SCPA 1403 [and predecessor statutes]). A decree entered without obtaining jurisdiction over a distributee is not binding on that distributee's interest, and that person can seek to challenge the validity of the probate decree and the subsequent accounting decrees (see In re Hone's Estate, 250 App Div 635; In re Greck's Estate, 149 Misc 824; Warren Heaton's, On

-2-

MM-0000363

Surrogates' Courts, § 41.05[2][a], at 41-84 [6ᵗʰ Rev Ed]).

Since decedent died in 1962, and intestate rights vest at death, we must look to the law of intestate distribution at that time to determine if a non-marital child could have inherited from her mother. Then Decedent Estate Law § 83(13) provided that "[i]f a woman die, leaving illegitimate children *** and no lawful issue, such children or [their] descendants inherit her real and personal property as if such children were legitimate" (currently codified in EPTL 4-2.1(a)(1) without requirement that mother die without "lawful issue"). Since there is no allegation that decedent had "lawful issue," that is, children born in wedlock, petitioner could, if her status is proven, be a distributee entitled to notice of the original probate proceeding. The fact that respondents try to characterize this action as one claiming fraud on the part of Strasberg in avoiding the truth of petitioner's relation to the decedent does not change the fact that if her status is that of a distributee she is entitled to notice of the probate proceeding that would eliminate her intestate rights.

No statute limits the time a non-marital child has to come forward. Likewise, no statute prohibits an alleged non-marital child from coming forward on the grounds that the proponent of the will diligently searched for distributees in petitioning for probate. Although originally the non-marital statute had a required that proof of paternity had to be made within two years of the child's birth (and this was later changed to ten years), the legislature subsequently removed that time limit altogether. However, we deal here with proof of maternity and no time limit appears for that in EPTL 4-2.1 or its predecessor statutes, including Decedent Estate Law § 83. Instead, respondents' only recourse is to the equitable doctrine of laches.

In Matter of Williams (NYLJ, Mar. 28, 1994, at 53), the court refused to reargue a

-3-

MM-0000364

decision denying a motion to amend an answer to add the defense of laches in a case seeking to prove the inheritance rights of non-marital children.  The <u>Williams</u> court noted that the legislature had removed the time limitation in cases seeking to establish paternity and thus was unwilling to allow the addition of the laches defense.  Here, the posture is somewhat different, but the analysis is the same.  Although laches may be theoretically available, it is disfavored whenever non-marital children seek to establish their rights, which is not to say that petitioner does not come perilously close to culpable delay.  She allegedly knew since 1985 that she could be decedent's daughter and waited many years to bring an action in this Court.  She did, however, sue in Hawaii in 1991 where she then lived, and under the circumstances, the Court will not bar the petition due to laches.

        The Court is mindful of the delays in this case and that it is almost forty years since decedent's death.  Moreover, although petitioner, appearing pro se, asserts that she is a writer, her papers are almost incomprehensible and rife with grammatical errors.  Petitioner appears to assert that she has some evidence of her status as a distributee, but the rambling nature of her response to the motions to dismiss fails to suggest what that evidence might be.  To avoid further delays, the Court will exercise the power granted to it by CPLR 3211(c) and convert the motion to dismiss to a motion for summary judgment (CPLR 3212) by respondents.  In responding to the summary judgment motion, petitioner will need to set forth evidentiary facts and not mere allegations to support her claim that she is a child of the decedent.

        Accordingly, Stroock's motion to dismiss is granted, and the remaining respondents' motion to dismiss shall be converted to a motion for summary judgment pursuant to CPLR 3211(c). The Clerk shall notify the parties that the motion to dismiss has been converted to a

-4-

MM-0000365

motion for summary judgment and that a decision granting this motion would be conclusive of the merits of petitioner's claim that she is a child of the decedent. Petitioner shall have 50 days from the Clerk's mailing of this notice with a copy of this decision to file a response/objection with the Court. Respondents shall have 35 days from the petitioner's mailing of her response to them to file a reply with the Court. Respondents' motion to dismiss is otherwise denied.

This constitutes the decision and order of the Court.

Dated: June 13, 2002

_____
SURROGATE

-5-

MM-0000366