# EXHIBIT 124

T 6241-00002

```
 1  GIBSON, DUNN & CRUTCHER
    WILLIAM E. WEGNER (SB No. 101486)
 2  VIVIENNE A. VELLA (SB No. 142382)
    ANN K. CALFAS (SB No. 162361)
 3  333 South Grand Avenue
    Los Angeles, California 90071-3197
 4
    (213) 229-7000
 5
    Attorneys for Plaintiff
 6  ANNA STRASBERG, as Executrix of the
    Estate of Lee Strasberg
 7
```

FILED
OCT 6 1994
EDWARD M. KRITZMAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ANNA STRASBERG, as Executrix of the Estate of Lee Strasberg,<br><br>Plaintiff,<br><br>v.<br><br>ODYSSEY GROUP, INC., a California Corporation; WILLIAM MILLER, an individual; RUTH A. CONROY, an individual; MILLINGTON CONROY, an individual; and DOES 1-24, Inclusive<br><br>Defendants. | CASE NO. BC 104651<br><br>**VERIFIED SECOND AMENDED COMPLAINT FOR:**<br><br>1) CONVERSION<br>2) UNJUST ENRICHMENT<br>3) DECLARATION OF A CONSTRUCTIVE TRUST<br>4) INJUNCTIVE RELIEF |

Plaintiff, ANNA STRASBERG, as and only as Executrix and beneficiary of the Estate of Lee Strasberg, for causes of action against defendants, ODYSSEY GROUP, INC., a corporation, WILLIAM MILLER, an individual, RUTH A. CONROY, an individual, MILLINGTON CONROY, an individual, and DOES 1-24 alleges as follows:

///
///
///

Gibson, Dunn & Crutcher

09/27/94

**PARTIES**

1. Plaintiff, Anna Strasberg ("plaintiff"), is Administrator, c.t.a., of the Estate of Marilyn Monroe and Executrix of the Estate of Lee Strasberg (hereinafter referred to as "the Estate").

Case 2:05-cv-02200-MMM-E    Document 416-89    Filed 02/15/2008    Page 3 of

2. Plaintiff is informed an believes and on that basis alleges that defendant Odyssey Group, Inc. is a corporation organized and existing under the laws of the State of California.

3. Plaintiff is informed and believes and on that basis alleges that defendant, William Miller, is a natural person and competent adult, residing in the City of Corona, County of Riverside, California. Plaintiff is further informed and believes that defendant Miller is the Chairman of Odyssey Group, Inc.

4. Plaintiff is informed and believes and on that basis alleges that defendant, Ruth A. Conroy, is a natural person and competent adult, residing in the City of Downey, County of Los Angeles, California.

5. Plaintiff is informed and believes and on that basis alleges that defendant, Millington Conroy, is a natural person and competent adult, residing in the City of Rowland Heights, County of Los Angeles, California.

6. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as Does 1 through 25 inclusive (including without limitation all purported owners of subject property), are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is

Gibson, Dunn & Crutcher

informed and believes and on that basis alleges that each of the defendants is designated herein as a Doe has participated in some manner with one or more of the other defendants named herein to commit the acts herein alleged. Plaintiff is informed and believes and on that basis alleges that the defendants named herein and all the Doe defendants are the agents, servants, and employees of some or all of the other defendants, and in doing the things herein alleged, each acted within the course and scope of said agent and employment with full knowledge and consent of some or all of the remaining defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7. Marilyn Monroe died on August 5, 1962 in Los Angeles, California. At the time of her death she was a resident of the County of the Los Angeles. Marilyn Monroe left a last will and testament which was duly admitted for ancillary proceedings in the Los Angeles Superior Court in January, 1963. In that will, Ms. Monroe gave and bequeathed all of her "personal effects and clothing" as well as the residue of her Estate to Lee Strasberg. Ms. Monroe did not bequeath any property to Inez Melson. Ms. Monroe's Last Will and Testament is attached hereto as Exhibit A and incorporated herein by reference as though set forth in full.

8. For several years before Marilyn Monroe's death, Ms. Monroe employed Inez Melson as her assistant. Following Ms. Monroe's death in August, 1962, Ms. Melson was appointed Special Administratrix for the Estate of Marilyn Monroe by the Los Angeles Superior Court and, in that capacity, was responsible for preparing an inventory of Ms. Monroe's property, including Ms. Monroe's personal effects and clothing. Ms. Melson was discharged from her

Gibson, Dunn & Crutcher

3

1  duties as Special Administratrix of the Estate of Marilyn Monroe in
2  September, 1963, at which time she purported to turn over the
3  balance of the assets remaining in the Estate to Aaron R. Frosch,
4  Executor of the Estate of Marilyn Monroe.
5       9.   Plaintiff is informed and believes that rather than
6  turning over all of Ms. Monroe's assets to the Estate of Marilyn
7  Monroe, Ms. Melson fraudulently concealed the existence a number of
8  Marilyn Monroe's personal effects and clothing (hereinafter referred
9  to as "the Collection") and retained the items for her own personal
10 use.
11      10.  Plaintiff is informed and believes that at some time
12 prior to or following the death of Inez Melson in 1985, defendant
13 Ruth A. Conroy, Ms. Melson's sister-in-law, came into the possession
14 of the Collection.  Plaintiff is informed and believes that
15 defendant Ruth Conroy thereafter transferred possession of the
16 Collection to defendant Millington Conroy, who, in turn, transferred
17 possession of the Collection to William Miller and Odyssey Group,
18 Inc. for the purpose of auctioning the Collection to third parties.
19      11.  Plaintiff is informed and believes that defendants
20 intended to sell the Collection at an auction which took place in
21 Hollywood, California on May 14, 1994.  The auction, purportedly
22 sponsored by "Odyssey Auctions," was entitled "Rock-n-Roll &
23 Hollywood Memorabilia & Autographs" and originally included more
24 than sixty (60) items in its Marilyn Monroe segment, the majority of
25 which consisted of the Collection, obtained by defendants Miller and
26 Odyssey Group, Inc. from defendant Millington Conroy.  The
27 Collection includes, inter alia, Ms. Monroe's personal phone and
28 address book, her tax returns, and her Screen Actors Guild card.  In

4

Gibson, Dunn & Crutcher

Case 2:05-cv-02200-MMM-E   Document 416-89   Filed 02/15/2008   Page 6 of

1  the catalog for the auction, defendants Miller and Odyssey Group,
2  Inc. represent that the Collection "belonged to a close Monroe
3  associate." The relevant pages of the auction catalog are attached
4  hereto as Exhibit B and incorporated herein by reference as though
5  set forth in full. On May 10, 1994, defendant Miller represented to
6  plaintiff's counsel that the "close personal associate" was Inez
7  Melson and that the Collection was once the property of the Estate
8  of Inez Melson. Mr. Miller also stated that he received the
9  Collection from a third party, whom he refused to identify, except
10 to state that it was not the Estate of Inez Melson. Plaintiff is
11 now informed and believes that the "third party" alluded to by Mr.
12 Miller was and is defendant Ruth A. Conroy and/or Millington Conroy.
13       12. Plaintiff is informed and believes that the
14 Collection is not and was never rightfully the property of Inez
15 Melson, Ruth A. Conroy or Millington Conroy, but is and was the
16 property of the Estate.
17       13. The wrongful acts of defendants were discovered by
18 plaintiff in May, 1994. Due to the fraudulent concealment of the
19 Collection by Inez Melson, Ruth A. Conroy and Millington Conroy,
20 plaintiff was unaware of the existence of the Collection, and
21 defendants' conversion of the Collection, until plaintiff viewed the
22 Odyssey Auctions catalog. Furthermore, prior to May, 1994,
23 plaintiff had no notice of facts sufficient to arouse the suspicions
24 of a reasonable person that such wrongful acts had transpired. Upon
25 discovery of the existence of the concealed items, plaintiff
26 immediately notified defendant Miller that the Collection was the
27 property of the Estate, and that any sales to third parties would
28 result in irreparable harm to the Estate.

14. Plaintiff will amend this Complaint as evidence of the wrongful acts of defendants, not herein alleged, is learned through discovery.

## FIRST CAUSE OF ACTION

(Conversion against all defendants)

15. Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, Paragraphs 1-14, inclusive of this Complaint.

16. At all times herein mentioned the Estate was lawfully entitled to possession of a certain identifiable number of items once belonging to Marilyn Monroe, and which defendants converted to their own use.

17. Due to defendants' wrongful acts of conversion alleged above, the Estate suffered damages to be determined at trial, but believed by plaintiff, based on defendant Miller's valuation, to be in excess of $60,000.

18. Defendants, in performing the above alleged acts constituting conversion, at all times herein mentioned, acted knowingly, willfully and maliciously, with oppression, with an intent to defraud the Estate, and in conscious disregard of the rights of the Estate. Plaintiff, therefore, is entitled to an award of punitive damages from defendants.

## SECOND CAUSE OF ACTION

(Unjust Enrichment against all defendants)

19. Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, Paragraphs 1-14, inclusive, of this Complaint.

Gibson, Dunn & Crutcher

6

1    20. By virtue of the foregoing, defendants were unjustly
2    enriched at the Estate's expense in an amount to be determined at
3    trial, but believed by plaintiff, based on defendant Miller's
4    valuation, to be in excess of $60,000.
5    21. As a direct and proximate result, the Estate was
6    damaged by defendants' acts in an amount to be determined at trial,
7    but believed by plaintiff, based on defendant Miller's valuation, to
8    be in excess of $60,000.
9    22. Defendants, in performing the wrongful acts alleged
10   above which constitute the basis for the cause of action for unjust
11   enrichment, at all times herein mentioned, acted knowingly,
12   willfully and maliciously, with oppression, with an intent to
13   defraud the Estate, and in conscious disregard of the rights of the
14   Estate. Plaintiff, therefore, is entitled to an award of punitive
15   damages from defendants.

**THIRD CAUSE OF ACTION**

**(Imposition of Constructive Trust)**

18   23. Plaintiff repeats, realleges, and incorporates by
19   reference, as if fully set forth herein, Paragraphs 1-14, inclusive,
20   of this Complaint.
21   24. As a result of the above alleged conversion and/or
22   other wrongdoings by defendants, defendants have gained property
23   which rightfully belongs to the Estate. Plaintiff seeks the
24   imposition of a constructive trust on the property which defendants
25   gained as a result of the above-mentioned wrongful conduct by
26   defendants, the exact content of which is to determined at trial.

## FOURTH CAUSE OF ACTION

### (Injunctive Relief)

25. Plaintiff repeats, realleges, and incorporates by reference, as if fully set forth herein, Paragraphs 1-14, inclusive, of this Complaint.

26. On or about May 10, 1994, plaintiff demanded that defendants Miller and Odyssey Group, Inc. stop its threatened auction. Defendant Miller Odyssey Group, Inc. refused and still refuses to permanently refrain from the threatened auction.

27. Defendants' threatened wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to plaintiff in that the items defendants seek to auction are historically significant, irreplaceable, and have enormous sentimental value for plaintiff.

28. Plaintiff has no adequate remedy at law for the injuries that are threatened in that monetary damages cannot compensate plaintiff for the loss of such unique, historical and personally meaningful items.

WHEREFORE, plaintiff prays judgment in its favor and against defendants as follows:

    A. That a Preliminary Injunction and Order To Show Cause therefore be issued as follows:

        That defendants, and each of them, their members, officers, agents, employees, representatives, and each of them, and all unincorporated associations and natural persons acting in concert with defendants, or any of them, be and they hereby are enjoined and restrained from doing, threatening or attempting

1   to do, or causing to be done, either directly or indirectly, by
2   any methods or devices, any of the following acts: advertising,
3   displaying, offering for sale, selling, or transferring
4   possession or interest in any of the subject property pending
5   resolution of the rights to the property.
6        B.  That a Temporary Restraining Order in the same terms
7   as set forth in paragraph A hereinabove be granted plaintiff pending
8   a hearing on such Order To Show Cause.
9        C.  That upon trial of this action, judgment be had
10  against defendants and each of them, and that they be permanently
11  enjoined and restrained in the same terms as set forth in paragraph
12  A hereinabove and that the property be returned to the plaintiff.
13       D.  On all causes of action, for damages according to
14  proof at trial;
15       E.  On the first and second causes of action, for
16  punitive damages;
17       F.  On the second cause of action, for an accounting of
18  defendants' profits and unjust enrichment;
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///

1  G. On the third cause of action, for an order declaring
2  that defendants hold the property identified as "the Collection" in
3  trust for plaintiff and for an order compelling defendants to convey
4  to plaintiff the property.
5  H. For such other and further relief as the Court may
6  deem just and proper.

Case 2:05-cv-02200-MMM-E    Document 416-89    Filed 02/15/2008    Page 11 of

7  DATED: October 4, 1994

8       GIBSON, DUNN & CRUTCHER
         WILLIAM E. WEGNER
9        VIVIENNE A. VELLA
         ANN K. CALFAS
10
11       By: /s/ William E. Wegner
                  William E. Wegner
12
13       Attorneys for Plaintiff
         Anna Strasberg, as Executrix of
14       the Estate of Lee Strasberg

LL942650.067/2+

10

Case 2:05-cv-02200-MMM-E   Document 416-89   Filed 02/15/2008   Page 12 of

I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament.

FIRST: I hereby revoke all former Wills and Codicils by me made.

SECOND: I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

THIRD: I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

FOURTH: (a) I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b) I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c) I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both predecease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d) I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

FIFTH: I give and bequeath to my Trustee, hereinafter



named, the sum of $100,000.00, in trust, for the following uses and purposes:

    (a) To hold, manage, invest and reinvest the said property and to receive and collect the income therefrom.

    (b) To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $5,000.00 per annum, in equal quarterly installments, for the maintenance and support of my mother, GLADYS BAKER, during her lifetime.

Case 2:05-cv-02200-MMM-E    Document 416-89    Filed 02/15/2008    Page 13 of

    (c) To pay the net income therefrom, together with such amounts of principal as shall be necessary to provide $2,500.00 per annum, in equal quarterly installments, for the maintenance and support of MRS. MICHAEL CHEKHOV during her lifetime.

    (d) Upon the death of the survivor between my mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the principal remaining in the Trust, together with any accumulated income, to DR. MARIANNE KRIS to be used by her for the furtherance of the work of such psychiatric institutions or groups as she shall elect.

    SIXTH: All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and wheresoever situate, of which I shall die seized or possessed or to which I shall be in any way entitled, or over which I shall possess any power of appointment by Will at the time of my death, including any lapsed legacies, I give, devise and bequeath as follows:

    (a) To MAY REIS the sum of $40,000.00 or 25% of the total remainder of my estate, whichever shall be the lesser



12

(b) To DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.

(c) To LEE STRASBERG the entire remaining balance.

Case 2:05-cv-02200-MMM-E   Document 416-89   Filed 02/15/2008   Page 14 of

SEVENTH: I nominate, constitute and appoint AARON R. FROSCH Executor of this my Last Will and Testament. In the event that he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

EIGHTH: I nominate, constitute and appoint AARON R. FROSCH Trustee under this my Last Will and Testament. In the event he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

_____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE, the Testatrix above named, as and for her Last Will and Testament, in our presence and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this /.. day of January, One Thousand Nine Hundred Sixty-One.

_____ residing at _____
_____ residing at _____
_____ residing at _____

13