# EXHIBIT
# 125

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------

PRISCILLA STEELE, G.W. KING, INC., ROBERT WARZECHA,
HARVEY V. SAUNDERS, JAMES L. PRATT, SOL MORGAN,
RITA MORGAN, MATTHEW KILSTEIN, RICHARD HARTMAN,
ROBERT DeLEON and JOAN DeLEON, derivatively on behalf of
DUNES HOTELS AND CASINOS, INC. and GENERAL
FINANCIAL SERVICES, INC., and GFS ACQUISITION
COMPANY, INC., Individually and derivatively on behalf of
DUNES HOTELS AND CASINOS, INC.,

                                                                                  **AFFIRMATION**

                                                                                  Civil Action No.
                                                                                  03-CV-1251
                                              Plaintiffs,                         (TJM/RFT)

      - against -

JOHN B. ANDERSON, ANDREW J. MARINCOVICH, ERIC J.
TALLSTROM, BRENT L. BOWEN, EDWARD PASQUALE,
WAYNE O. PEARSON, DONALD J. O'LEARY and DUNES
HOTELS AND CASINOS, INC.,

                                              Defendants.

---------------------------------------------------------------------------------

      **TRUDY L. BOULIA**, an attorney duly admitted to practice in New York State, affirms

under penalty of perjury:

      1.      I am an associate with Harvey and Mumford LLP, attorneys for the Plaintiffs, and

as such, I am fully familiar with the pleadings, proceedings and circumstances of this action.

      2.      I make this affirmation in support of the Plaintiffs' motion for remand pursuant to

28 U.S.C. §1447(c) on the ground that removal was improper because the Plaintiffs' causes of

action are not within the original jurisdiction of this Court.

      **THE ACTION**

      3.      On September 10, 2003, the Plaintiffs commenced this action in New York State

Supreme Court, Clinton County, against John B. Anderson, Andrew J. Marincovich, Erik (sued

as "Eric") J. Tallstrom, Brent L. Bowen, Edward Pasquale, Wayne O' Pearson, Donald J. O'Leary

and Dunes Hotels and Casinos, Inc. ("Dunes").  A copy of the Summons and Complaint is attached

as **Exhibit A**.

HARVEY AND MUMFORD LLP
ATTORNEYS AT LAW
20 CORPORATE WOODS BOULEVARD
ALBANY, NEW YORK 12211

4.      This action is (1) a shareholder derivative suit by Plaintiffs' Priscilla Steele, G.W. King, Inc., Robert Warzecha, Harvey V. Saunders, James L. Pratt, Sol Morgan, Rita Morgan, Matthew Kilstein, Richard Hartman, Robert DeLeon and Joan DeLeon on behalf of the nominal Defendant Dunes for breach of fiduciary duty and waste of corporate assets and (2) a direct suit by Plaintiffs General Financial Services, Inc. ("GFS") and GFS Acquisition Company, Inc. ("GFSAC") for litigation expenses incurred to establish their ownership of Dunes stock.

**THE REMOVAL**

5.      On October 14, 2003, the Defendants' Marincovich, Tallstrom, Bowen and Pearson filed a Notice of Removal to this Court, removing this action on the sole ground that there exists complete diversity of citizenship between the parties.  (See Notice of Removal, ¶ 3, attached as **Exhibit B**.)

6.      Upon information and belief, on October 16, 2003, the Defendant Anderson joined in the Defendants Marincovich, Tallstrom, Bowen and Pearson's Notice of Removal, as did the Defendants Pasquale and O'Leary, although, to date, they have not yet been served.  (See Joinders In Removal attached as **Exhibit C**.)

7.      The Notice of Removal asserts, in pertinent part, that the Defendant Dunes is a nominal defendant, which should be realigned as a party Plaintiff, and disregarded for purposes of determining removal and diversity.  (See **Exhibit B**.)

8.      The Plaintiffs do not dispute the realignment of the Defendant Dunes as a Plaintiff. As to the latter, however, the Defendants are mistaken.  Regardless of whether the Defendant Dunes is aligned as a party Plaintiff or a party Defendant, diversity of jurisdiction is lacking.

HARVEY AND MUMFORD LLP
ATTORNEYS AT LAW
20 CORPORATE WOODS BOULEVARD
ALBANY NEW YORK 12211

**REALIGNMENT OF THE DUNES**

9.      The general rule in shareholder derivative actions is that the corporation should be aligned as a plaintiff since it, and not the shareholders, is the real party in interest.  The only exception to this rule, is when alignment of the corporation as a plaintiff would prevent a "real collision" of interests because an actual conflict exists between the shareholders and the corporation. (See accompanying Memorandum of Law).

10.      The issue of whether a conflict exists between the Plaintiff shareholders and the nominal Defendant Dunes was litigated in a prior related action before the United States District Court for the Eastern District of California.  That action is titled <u>General Financial Services, Inc., and GFS Acquisition Company, Inc., Derivatively and Individually, and G.W. King, Inc., James L. Pratt, Harvey V. Saunders, and Robert Warzecha, Derivatively v. John B. Anderson, Andrew J. Marincovich, Erik J. Tallstrom, Brent L. Bowen, Edward Pasquale, Wayne O. Pearson, Jr., Anthony Smernes, Jr., Donald J. O'Leary, Anthony A. Zmalia, Dunes Hotels and Casinos, Inc.,</u> CIV-S-01-1878 (hereafter "Prior California Federal Court Action").  In that action, the court held that

> to allow Dunes to remain as a defendant would be a "mechanical determination," elevating form over substance.  Because Dunes is not antagonistic to plaintiff GFS, it should be realigned as a plaintiff in this action.

(See Memorandum of Opinion and Order, page 9, attached as **Exhibit D**.[1]  See also Memorandum of Points and Authorities submitted by Defendants Tallstrom, Marincovich and Pearson in the Prior Federal Court Action, attached as **Exhibit E** and Memorandum of Points and Authorities in

---

[1] A copy of this decision is also attached to the Defendants' Notice of Removal as Exhibit "B".  The copy attached to the Notice of Removal, however, is faint and difficult, in parts, to read.  A more legible copy is, therefore, being attached hereto.

HARVEY AND MUMFORD LLP
ATTORNEYS AT LAW
20 CORPORATE WOODS BOULEVARD
ALBANY, NEW YORK 12211

- 3 -

Support submitted by Defendant Pasquale in the Prior Federal Court Action, attached as **Exhibit F**.)

11.    Because the issue of party alignment was determined in an earlier action, the Plaintiffs do not dispute the alignment of the Defendant Dunes as a plaintiff in this action.  The Plaintiffs, however, dispute the Defendants' assertion that this Court has original jurisdiction to hear their claims.

### DIVERSITY JURISDICTION

12.    Pursuant to the Defendants' Notice of Removal, this Court allegedly has original jurisdiction over the Plaintiffs' claims under 28 U.S.C. § 1332 in that this action is between citizens of different states and the matter in controversy exceeds $75,000.  (See **Exhibit B**, ¶3.)

13.    Pursuant to 28 U.S.C. §1332(c), for the purposes of determining diversity, Defendant Dunes is a citizen of two states, the state in which it was incorporated and the state in which it has its principal place of business.

14.    At the time this action was commenced, and still today, the nominal Defendant Dunes was and is, a domestic corporation, duly incorporated and authorized to do business under the laws of New York State, with a principal place of business in California.  (See 2002 10K report filed with the Securities Exchange Commission by the Dunes, p. 1 of 2 and p. 8 of 38, attached as **Exhibit G**).

15.    That the nominal Defendant Dunes is a citizen of California is indisputable.  Like the issue of party alignment, the issue of whether diversity jurisdiction exists between these parties, and more particularly, between the realigned Plaintiff Dunes and the Defendants, was also previously determined in the Prior California Federal Court Action.  In that action, the Plaintiffs

had filed a complaint alleging the same shareholder derivative action and the same direct suit for litigation expenses, which is alleged in this action, but which was never adjudicated because the action was dismissed for lack of subject matter jurisdiction.

16.    In the Prior California Federal Court Action, the Defendants herein, moved for dismissal arguing that the nominal Defendant Dunes should be aligned as a plaintiff, thus destroying diversity since both Dunes and certain of the individually named defendants (Defendants Pasquale, Tallstrom and Marincovich) are citizens of California.   (See **Exhibit D**, page 4-5).

17.    After realigning the Dunes as a plaintiff (as in this action), the United States District Court for the Eastern District of California held:

> Because both Dunes and certain of the individual defendants are citizens of the State of California, diversity jurisdiction is lacking and the motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED.

(See **Exhibit D**, page 9-10).

18.    Following the dismissal of the Prior California Federal Court Action for lack of subject matter jurisdiction, the Plaintiffs' commenced this action in New York State Supreme Court, Clinton County.

### CITIZENSHIP OF THE PARTIES

19.    Even absent the prior determination of the United States District Court for Eastern District of California, it is clear this Court lacks subject matter jurisdiction to hear Plaintiffs' claims.  Federal Courts only have jurisdiction to hear two types of claims.  Those claims that arise under the Constitution, laws or treaties of the United States (which Plaintiffs' do not) and those claims in which the amount in controversy exceeds $75,000 and the parties are from different states (which these parties are not).

20.    In this action, of the fourteen named Plaintiffs (including the realigned Dunes), at the time this action was commenced, seven of the Plaintiffs were, and still are, citizens of New York, two were, and still are, citizens of Indiana, one was, and still is, a citizen of Minnesota, another was, and still is, a citizen of Idaho, two were, and still are, citizens of Kansas and one was, and still is, a citizen of New York and California. (See Exhibit A, Complaint, ¶¶ 3-12 and 14).

21.    Of the eight named Defendants, six at the time this action was commenced were, and today still are, citizens of California, and one was, and today still is, a citizen of Nevada. (See **Exhibit B**, ¶¶15-21).

22.    The citizenship of the parties, with the Defendant Dunes realigned, is as follows:

| PLAINTIFFS | CITIZENSHIP | | DEFENDANTS | CITIZENSHIP |
|---|---|---|---|---|
| Priscilla Steele | New York | | Wayne O. Pearson | Nevada |
| Sol Morgan | New York | | **John B. Anderson** | **California** |
| Rita Morgan | New York | | **Andrew J. Marincovich** | **California** |
| Matthew Kilstein | New York | | **Erik J. Tallstrom** | **California** |
| Richard Hartman | New York | | **Brent L. Bowen** | **California** |
| Robert DeLeon | New York | | **Edward Pasquale** | **California** |
| Joan DeLeon | New York | | **Donald J. O'Leary** | **California** |
| G.W. King, Inc. | Indiana | | | |
| James L. Pratt | Indiana | | | |
| Robert Warzecha | Minnesota | | | |
| Harvey V. Saunders | Idaho | | | |
| GFS | Kansas | | | |
| GFSAC | Kansas | | | |
| **Dunes** | New York | | | |
| | **California** | | | |

23.    The realigned Plaintiff corporation on whose behalf this action was, in part, brought has common citizenship with six of the seven Defendants. Diversity jurisdiction is therefore lacking and the Court should remand this matter to the Supreme Court from which it came.

HARVEY AND MUMFORD LLP
ATTORNEYS AT LAW
20 CORPORATE WOODS BOULEVARD
ALBANY NEW YORK 12211

**WHEREFORE**, it is respectfully requested that the District Court remand the within action to the New York State Supreme Court, Clinton County.

Dated:  November 14, 2003

*Trudy Boulia*
TRUDY BOULIA

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PRISCILLA STEELE, G.W. KING, INC., ROBERT WARZECHA,
HARVEY V. SAUNDERS, JAMES L. PRATT, SOL MORGAN,
RITA MORGAN, MATTHEW KILSTEIN, RICHARD HARTMAN,
ROBERT DeLEON and JOAN DeLEON, derivatively on behalf of
DUNES HOTELS AND CASINOS, INC. and GENERAL
FINANCIAL SERVICES, INC., and GFS ACQUISITION
COMPANY, INC., Individually and derivatively on behalf of
DUNES HOTELS AND CASINOS, INC.,

**CERTIFICATE OF
SERVICE**

Civil Action No.
03-CV-1251 (TJM/RFT)

                                Plaintiffs,

- against -

JOHN B. ANDERSON, ANDREW J. MARINCOVICH, ERIC J.
TALLSTROM, BRENT L. BOWEN, EDWARD PASQUALE,
WAYNE O. PEARSON, DONALD J. O'LEARY and DUNES
HOTELS AND CASINOS, INC.,

                                Defendants.

---

     I certify that I caused a copy of the attached **NOTICE OF MOTION FOR REMAND and
AFFIRMATION, and MEMORANDUM OF LAW** to be served by serving a true and correct
copy of the same upon the offices of:

> David B. Cabaniss, Esq.
> Bouck, Holloway, Kiernan and Casey LLP
> 107 Columbia Street
> Albany, New York  12210

on **November 14, 2003**, by first-class mail, by depositing a true and correct copy of the same,
enclosed in a postpaid and properly addressed envelope, in an official depository maintained and
exclusively controlled by the U.S. Postal Service within New York State, directed to each person at
respective address(es), that being the address(es) within the state designated for that purpose upon
the last papers in this action or the place where the above then resided or kept offices according to
the best information which can be conveniently obtained at this time

Dated:  November 14, 2003

                                    **HARVEY AND MUMFORD LLP**
                                    Attorneys for Plaintiffs

                      By:   *Trudy Boulia*
                                Trudy Boulia, Esq.
                                Bar Roll No.  105164
                                Office and Post Office Address
                                20 Corporate Woods Boulevard
                                Albany, New York  12211
                                Telephone:  (518) 463-4491

HARVEY AND MUMFORD LLP
ATTORNEYS AT LAW
20 CORPORATE WOODS BOULEVARD
ALBANY NEW YORK 12211