JAMES M. MURPHY (JM3097)
SPIVAK LIPTON LLP
1700 Broadway – Suite 2100
New York, New York 10019
Phone:         (212) 765-2100
Facsimile:    (212) 541-5429
Email:         jmurphy@spivaklipton.com

DUNCAN W. CRABTREE-IRELAND (CA SBN 196878)
DANIELLE S. VAN LIER (CA SBN 200435)
SCREEN ACTORS GUILD, INC.
5757 Wilshire Blvd., 7th Floor
Los Angeles, CA 90036
Telephone: (323) 549-6627
Facsimile: (323) 549-6624

Attorneys for Screen Actors Guild, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------X

| | |
|---|---|
| SHAW FAMILY ARCHIVES, LTD. EDITH MARCUS and META STEVENS, | |
| Plaintiffs, | 05 Civ. 3939 (CM) |
| -against- | |
| CMG WORLDWIDE, INC., an Indiana Corporation, and MARILYN MONROE, LLC, a Delaware Limited Liability Company, | |
| Defendants. | |

----------------------------------------------------X

**DECLARATION OF JAMES M. MURPHY IN SUPPORT
OF THE MOTION BY SCREEN ACTORS GUILD, INC. TO FILE
A MEMORANDUM OF LAW AS <u>AMICUS CURIAE</u>
IN SUPPORT OF DEFENDANTS
CMG WORLDWIDE, INC AND MARILYN MONROE, LLC**

I, James M. Murphy, hereby declare as follows:

1.      I am an attorney admitted to the bar of this Court. I am a member of the firm of Spivak Lipton LLP, which is counsel to the Screen Actors Guild ("SAG"). I make this declaration in support of SAG's motion to file as <u>amicus curiae</u> the annexed memorandum of law ("Amicus Brief").

2.      As stated in the annexed Amicus Brief, SAG's interest here is that it is the nation's largest labor union representing working actors, approximately three-quarters of whom live in California and New York. SAG exists to protect and enhance actors' working conditions, compensation and benefits and to be a powerful, unified voice on behalf of artists' rights. Like countless other public figures, performers represented by SAG, as well as their beneficiaries, rely on laws such as California's right of publicity laws to protect some of their greatest assets: their names, likenesses, and reputations. As misuse of these assets by unauthorized parties could have a significant effect on a performer's career and financial interests, as well as their intended beneficiaries' financial interests, SAG and its members have a fundamental interest in ensuring these protections are not eroded.

3.      SAG has long fought to preserve the rights of performers and others in their image, name, likeness, and reputation, including through legislative efforts. SAG has actively supported, promoted, or co-sponsored each version of California's post-mortem right of publicity statutes, including the recent amendments at issue in this matter. In that capacity, SAG may be able to provide valuable insight to aid in understanding the statute.

4.      It is well within the Court's discretion to permit the filing of the Amicus Brief. "Federal courts have discretion to permit participation of amici where such participation will not

prejudice any party and may be of assistance to the court." <u>Strougo v. Scudder, Stevens & Clark, Inc.</u>, 1997 WL 473566 (S.D.N.Y. Aug. 18,1997) (citing <u>Vulcan Society of New York City Fire Dep't, Inc. v. Civil Service Comm'n</u>, 490 F.2d 387, 391 (2d Cir.1973)). See also <u>Zell/Merrill Lynch Real Estate Opportunity Partners Limited Partnership III v. Rockefeller Center Properties, Inc.</u>, 1996 WL 120672 (S.D.N.Y. March 19, 1996) (granting amicus leave to appear and argue, citing cases' "uniform support of a district court's broad discretion to permit or deny amici appearances"); <u>United States v. Gotti</u>, 755 F.Supp. 1157, 1158 (E.D.N.Y 1991) (amici can "provide supplementary assistance to existing counsel and insur[e]a complete and plenary presentation of difficult issues so that the court may reach a proper decision").

5.    Because this is a case addressing the interpretation of a California law protecting the rights of, among others, actors and their beneficiaries, it is appropriate for the Court to hear from the union representing that constituency. This is particularly the case, especially in light of the SAG's involvement in the passage of the law at issue.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on March 13, 2008.

                                       By:   /s/ James M. Murphy
                                            James M. Murphy (JM 3097)