# EXHIBIT 39



# DECLARATION OF TRUST

## for

## GLADYS BAKER

I, MARILYN MONROE MILLER, of Roxbury, Connecticut, as Grantor, on this 26'' day of October, 1959, do hereby make, constitute and appoint myself Trustee of all my right, title and interest in and to the property described in Schedule A annexed hereto for the benefit of Gladys Baker (hereinafter referred to as the "Beneficiary"), and do hereby acknowledge, state and declare that I hold said property and all reinvestments thereof, together with all gains or profits on any of the aforementioned property constituting principal under applicable law and the provisions hereof (the aforementioned classes of property, together with such gains or profits, being hereinafter collectively referred to as the "principal") for the following uses and purposes:

1. The Trustee (which term, as used in this Declaration of Trust, shall also include any successor Trustee hereinafter named and any other person or corporation who may act as a trustee hereunder) shall have, hold, manage, control, invest and reinvest the principal, shall receive the income thereof, and, from the date hereof until the termination of the trust as herein-

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011942



after provided, shall either pay the net income thereof to, or apply said net income for the benefit of, the Beneficiary, in at least annual installments.

    2. The trust shall terminate on the first of the following dates to occur:

        (a) November 30, 1969; or
        (b) The date of the Beneficiary's death.

Upon termination of the trust, all of the principal of the trust shall be paid to the Grantor, in her individual capacity, or, if the Grantor shall not then be living, to the executors and administrators of the Grantor.

    3. The Trustee may, in her sole and absolute discretion, at any time or from time to time, pay to, or apply for the benefit, welfare and maintenance of, the Beneficiary, so much or all of the principal as the Trustee, in such discretion, shall determine.

    4. The trust hereby created is, and is hereby declared to be, irrevocable. The Grantor shall have no power to alter, amend, modify, revoke or terminate the trust in whole or in part at any time.

    5. A. If at any time the Grantor shall cease to act as Trustee of the trust, the Grantor's husband, ARTHUR MILLER, shall

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011943



have the right to become successor Trustee in her place and stead.

B. No bond or other security shall be required of or given by any person as a fiduciary hereunder.

C. Words of reference to the Trustee, such as "she" or "hers" shall be deemed to be in the masculine if a male Trustee shall be acting hereunder, and shall be deemed to be in the masculine if a male Truste shall be acting hereunder, and shall be deemed to be in the plural if more than one Trustee shall be acting hereunder at any time.

6. The original principal of the trust includes shares of preferred stock of Marilyn Monroe Productions, Inc. The Grantor is aware that in view of the nature of the business of said corporation and of the fact that said corporation has been in existence for only a short time, it is entirely possible that the profits of said corporation may fluctuate greatly from time to time and that substantial periods of time may elapse during which said corporation may sustain losses and/or may pay no dividends. Believing, however, that there is a substantial possibility that the corporation will pay substantial dividends over the course of years, the Grantor authorizes and empowers the Trustee to retain the preferred stock of Marilyn Monroe Productions, Inc. and its successor or successors, so long as she may deem it advisable, without liability or responsibility for any depreciation in or loss by or on account of continuing to hold such stock, and directs that all such depreciation and loss shall be borne solely by the trust

3

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011944

and the persons beneficially interested therein. Nothing herein contained shall, however, limit the power and authority of the Trustee to sell any or all of such stock is she shall, in her sole discretion, deem it advisable so to do.

7. Whenever in this Article 7 the words "the investment funds" are used, such words shall be deemed to mean the principal of the trust.

The Trustee shall have the authorities, powers, privileges, discretions and immunities hereinafter set out, and each and all of the provisions hereinafter contained granting such authorities, powers, privileges, discretions and immunities shall have the broadest and most liberal construction and application; provided, however, that nothing herein shall authorize the Trustee to treat the investment funds or any portion thereof in such a way as to enable the Grantor or any person to purchase, exchange or otherwise deal with or dispose of the same for less than an adequate consideration in money or money's worth: subject to the foregoing, the Trustee may in her sole and absolute discretion (and without loss or liability resulting from her so doing):

A. Sell at public or private sale or exchange, at such price or prices and on such terms (giving credit for more than one year, and with or without requiring the giving of any security), and at such time or times as she shall deem proper, the whole or any portion or portions of the investment funds, and convey and transfer the same.

4

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011945



B.  Permit any portion of the investment funds to remain uninvested for such period or periods as she may deem advisable or proper; retain and hold in the investment funds, any property, or any part or portion thereof, invested in the same form of investment in which the same shall be invested at the date of the receipt thereof in any manner or form or in any property which she may determine, whether or not any such retained or new investment or property shall be productive of income or shall constitute an investment of the nature prescribed by any statute or by law or by any rule of any court for the investment of trust funds; hold the investment funds or any part thereof in bearer form or in the name or names of a nominee or nominees; in her discretion, amortize or not amortize premiums on bonds held or purchased by her; delegate voting power to proxies, voting trustees, and protective committees, acquire, sell or exercise options; and exercise in respect of the investment funds, all rights, powers or privileges which may be lawfully exercised by any person owning similar property in his own right; <u>provided, however</u>, that the Trustee shall have no power or authority to make any loan of the investment funds or of any part thereof, either directly or indirectly, to or for the benefit of the Grantor.

C.  Borrow money from any person (including the Trustee) for any purpose whatsoever connected with the administration or preservation of the investment funds; and, in connection therewith, pledge, hypothecate or mortgage any part or all of the investment funds.

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011946

D. In the division of the investment funds or of any portion thereof into parts or shares, and/or in the payment or distribution thereof, make such division, payment and/or distribution in kind or in money, or partly in kind and partly in money, and to that end, allot to any part or share of principal and/or income, specific property or any undivided interest therein; and for such purpose and to the extent permitted by applicable law, the judgment of the Trustee concerning the relative value of the property so to be allotted or distributed shall be conclusive.

E. Settle, compromise or arbitrate claims or disputes by or against the trust.

F. If a guardian, conservator or committee shall have been appointed for the Beneficiary, then pay to such guardian, conservator or committee any sum or property, including income, which the Beneficiary shall be entitled to receive under any provision of this instrument, without requiring that such guardian, conservator or committee give a bond or other security for such sum or property; and the receipt of such guardian, conservator or committee for such sum or property shall constitute a complete and final release and discharge of the Trustee from all further accountability in respect of any such payment or delivery so made.

G. Open and maintain such so-called "custody" accounts, and employ such agents, attorneys, accountants, investment counsel or custodian as the Trustee may deem appropriate for the proper protection and administration of the trust, and pay to such agents, attorneys, accountants, investment counsel or custodian proper compensation, plus all necessary costs and disbursements

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011947



and if the Trustee, or a partnership or corporation in which the Trustee shall be interested, shall be so employed, the compensation, costs and disbursements which shall be so payable to such Trustee, or to any such partnership or corporation, shall not be deemed to be commissions.

H. In any case where doubt or uncertainty exists as to the facts or applicable law:

(i) Determine whether, and the extent, if any, to which any item of cash or property received by the trust shall be apportioned or allocated in whole or in part to principal or to income; and

(ii) Determine whether, and the extent, if any, to which any charges, expenses or disbursements incurred or made for the benefit of or by the trust shall be charged against or paid from principal or income.

8. The Grantor shall not be entitled to receive any commissions as a Trustee hereunder.

9. This Declaration of Trust shall be construed according to, and the trust hereby created shall be governed by, the laws of the State of New York.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year first above written.

(L.S.)

Marilyn Monroe Miller

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011948

STATE OF NEW YORK ) 
: ss.:
COUNTY OF NEW YORK )

On the 22nd day of October, 1959, before me personally came MARILYN MONROE MILLER, to me known, and known to me to be the individual described in and who executed the foregoing instrument, and she duly acknowledged to me that she executed the same.

*[signature]*
Notary Public

ROBERT H. MONTGOMERY JR.
Notary Public State of New York
NO. 11-275-553
Qualified in New York County
Commission Expires March 30, 1928

8

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011949

## SCHEDULE A

100 shares of Marilyn Monroe Productions, Inc. Preferred Stock.

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011950

STATE OF NEW YORK ) 
                    ) SS.:
COUNTY OF NEW YORK)

       ROBERT H. MONTGOMERY, JR., being duly sworn, deposes and says:

1. He is an attorney and a member of the firm of Paul, Weiss, Rifkind, Wharton & Garrison, 575 Madison Avenue, New York, N.Y.

2. He is the notary who acknowledged the signature of Marilyn Monroe Miller to the Declaration of Trust dated October 26, 1959, annexed to this affidavit.

3. The actual date of execution of such Declaration of Trust was October 22, 1959, as shown on the date of the acknowledgment thereof. He is sure of this date from his personal memory and, more specifically, from diary records kept by him at the time of the execution.

4. The date of October 26, 1959, inserted in the trust instrument, was inserted apparently through error.

                                                        *Robert H. Montgomery*
                                                        Robert H. Montgomery, Jr.

Sworn to before me this
19th day of February, 1963.

*Mary J. Hanlon*

MARY J. HANLON
Notary Public, State of New York
No. 41-0...
Certificate filed in New York County
Commission Expires March 10, 1964

CONFIDENTIAL CMG v. Greene Archives
Subject to Protective Order

MM-0011951