# EXHIBIT 98

STATE OF NEW YORK  )
SURROGATE'S COURT  )
COUNTY OF NEW YORK )

| | |
|---|---|
| Proceeding to Compel Delivery of Property by Fiduciary of | File No. P 2781-1962 |
| Estate of MARILYN MONROE, Deceased | ANSWERING AFFIDAVIT |

AARON R. FROSCH, being duly sworn deposes and says,

I refer to the pending proceeding before Surrogate's Court, County of New York, in regard to establishing ownership of certain transparencies of MARILYN MONROE, Deceased, of whose Estate, I am Executor.

I am informed that Affidavit in reply to the moving papers of TOM KELLEY by LEE STRASBERG will be filed with this Court, upon his return from California.

By telephone, I was informed by Mr. Strasberg, he is in no position to determine whether, as Distributee of the personal effects of MARILYN MONROE that he is legatee of all rights in the transparencies, or only the physical photographs and transparencies. He states, however, while in California he had the opportunity to bring the subject to the attention of various persons who were associated with Miss Monroe during her lifetime. They informed him that the said transparencies were purchased by Miss Monroe from Mr. Kelley and that she so stated to them. Mr. Strasberg's comment also reflected his confusion as to why Miss Monroe would have borrowed the transparencies themselves as distinguished from the photographs.

the _____ herein, by delivering a true copy thereof to _____ personally. Deponent _____ ____
person so served to be the person mentioned and described in said papers as the _____ therein.
Sworn to before me, this _____ day of _____ 19___

MM-0004155

In short, Mr. Strasberg does not waive any position in regard to his rights to the said transparencies but brings to the attention of the Court, that the question exists as to whether said transparencies were owned by Miss Monroe at the time of her death, and if so, they were assets of the Estate.

The two persons who seemed knowledgable on the subject, with whom Mr. Strasberg spoke, are, Mr. Ralph Roberts, a resident of California and Miss May Reese, who is now sojourning in Mexico.

As Executor of the Estate of Marilyn Monroe, Deceased, I will appreciate the Court reaching a decision in relation to the said photographs as I am informed they may become valueless with time effect thereon.

One thing is certain, the Estate cannot retain the photographs. Mr. Strasberg recognizes the fact, that as Distributee of the personal effects, he may be entitled solely to the physical photographs and transparencies. The question remains as to who is the owner of rights thereto. If they were owned by the Decedent at the time of her death, the Estate would be Owner and if so, perhaps Mr. Kelley wishes to purchase them. I am informed they have little value in today's photography market.

If Mr. Kelley can provide sufficient substantiation of his ownership thereof, certainly the Court should award rights in said photographs to him, even if Mr. Strasberg is entitled as Distributee, to retain the physical transparencies.

Sworn to before me this
15th day of January, 1973.

_____
AARON R. FROSCH

_____
Notary Public

RICHARD M. ROSENTHAL
Notary Public, State of New York
No. 31-3360285
Qualified in New York County
Commission Expires March 30, 1973

-2-