# EXHIBIT 100

AGREEMENT made this 19th day of July, 1984, among AARON R. FROSCH, Executor of the Last Will and Testament of MARILYN MONROE, deceased, residing at 300 Central Park West, New York, New York, and hereinafter referred to as the "Executor", and DR. ANTON KRIS and DR. ANNA WOLFF, co-executors of the Estate of MARIANNE KRIS, residing at 37 Philbrick Road, Brookline, Massachusetts 02146 and 10 Channing Street, Cambridge, Massachusetts 02138, respectively, hereinafter referred to as the "Kris Executors" and ANNA STRASBERG, Executrix of the Estate of LEE STRASBERG, residing at 135 Central Park West, New York, New York, hereinafter referred to as the "Executrix of Strasberg", and MALA POWERS, as Executrix of the Estate of XENIA JULIA CHEKHOV, residing at 4317 Forman Avenue, North Hollywood, California 91602, hereinafter referred to as the "Executrix of Chekhov", and BERNICE MIRACLE as Personal Representative of the Estate of GLADYS ELY a/k/a GLADYS BAKER, residing at 330 S.W. 27th Street, Gainesville, Florida 32607, hereinafter referred to as the "Representative of BAKER".

WITNESSETH:

MARILYN MONROE, hereinafter referred to as "MONROE", died on August 5, 1962, a resident of the City, County and State of New York, leaving a Last Will and Testament dated January 19, 1961, hereinafter referred to as the "Will", which was duly admitted to probate by the New York County Surrogate's

Court, and on October 30, 1962, Letters Testamentary and Letters of Trusteeship thereunder were duly issued to AARON R. FROSCH as sole Executor and sole Trustee, and he is still acting in those capacities.

Under Article FIFTH of the Will, the sum of $100,000 was left in trust with directions to pay $5,000 per year to GLADYS BAKER and $2,500 per year to MRS. MICHAEL CHEKHOV and, upon the death of the survivor, the trust estate was to be paid over to DR. MARIANNE KRIS upon certain terms and conditions.

It was further provided that if the income of the trust was insufficient to provide for the annual payments to Mesdames Baker and Chekhov, trust principal was to be invaded to the extent necessary to make up the deficiency.

Article SIXTH of the Will after a gift of the lesser of $40,000 or 25% of the residuary, left the residue as follows: 25% to Dr. Marianne Kris on the terms and conditions set forth in Article FIFTH (d) of the Will and the balance to Lee Strasberg.

Dr. Marianne Kris died on November 23, 1980, a resident of the City, County and State of New York, leaving a Last Will and Testament which was duly admitted to probate by the New York County Surrogate's Court, and Letters Testamentary thereunder were duly issued to Dr. Anton Kris and Dr. Anna

-2-

Wolff on December 12, 1980, and they are both still acting as such executors.

Lee Strasberg died on February 17, 1982, a resident of the City, County and State of New York, leaving a Last Will and Testament which was duly admitted to probate by the New York County Surrogate's Court, and Letters Testamentary thereunder were duly issued to Anna Strasberg on August 23, 1982, and she is still acting as executrix thereunder.

Xenia Julia Chekhov, a/k/a Xenia J. Chekhov, referred to in the Will as Mrs. Michael Chekhov, died on December 22, 1970, a resident of 2728 Armstrong Avenue, Los Angeles, California 90039 leaving a Last Will and Testament which was duly admitted to probate by the Superior Court of the State of California for the County of Los Angeles and Letters Testamentary thereunder were duly issued to Mala Powers on February 17, 1971 and she is still acting as executrix thereunder.

Gladys Baker, a/k/a Gladys Ely, was an incompetent person and Bernice Miracle was duly appointed as the Guardian of her person and property by the County Judge in and for the County of Alachua, State of Florida.

The New York County Surrogate's Court duly appointed Lawrence X. Cusack as Guardian ad Litem for Gladys Baker to protect her rights in the pending proceeding for the settlement

-3-

MM-0000134

of the account of proceedings of the Executor. The aforesaid Gladys Baker died intestate on March 11, 1984, a resident of Gainesville, Florida, and on March 20, 1984, the Circuit Court for Alachua County, Florida, duly issued Letters of Administration to Bernice Miracle as Personal Representative of the Estate of Gladys Baker.

By petition dated March 18, 1980, Marianne Kris applied to the New York County Surrogate's Court for an Order compelling the Executor to render an account of his proceedings, which application was granted and thereafter the Executor filed an account of his proceedings dated August 12, 1980, from August 5, 1962, to June 30, 1980, in the New York County Surrogate's Court, and by petition dated August 14, 1980, prayed that his account be judicially settled.

A citation was duly issued to all parties interested beneficially in the estate of Monroe to show cause why the account of the Executor should not be judicially settled.

Dr. Marianne Kris filed timely objections to the Executor's account.

The objections filed by Dr. Kris are lengthy and numerous, and it would serve no useful purpose to repeat them in this Agreement, but they are incorporated herein by reference.

-4-

The objections filed by Dr. Kris, if sustained, would be of substantial benefit to the estate and would inure to the benefit not only of the estate of Dr. Kris, but also to the benefit of the estate of the late Lee Strasberg, the other residuary beneficiary.

The Executrix of Chekhov joined in the objections filed by Dr. Kris to the Executor's account and asserted a further claim that Mrs. Chekhov was entitled to receive from the Executor the sum of $2,500 per annum for the period December 1, 1964 through November 30, 1970, with interest.

The Guardian of Baker joined in the objections filed by Dr. Marianne Kris and by the Executrix of Chekhov.

Lawrence X. Cusack, Guardian ad Litem for Gladys Baker, filed his report dated June 22, 1982, in which he joined in the objections filed by Dr. Marianne Kris, reference to which is made above, and in addition asserted numerous other objections, including the failure of the Executor to pay Mrs. Baker the sum of $5,000 per annum from August 5, 1962 to December 23, 1976.

Mr. Cusack also took the position in his report that his ward Gladys Baker was entitled to receive each year any income of the trust in excess of $5,000. See pages 6 and 7 of Mr. Cusack's report. The appointment of Lawrence X. Cusack as

-5-

MM-0000136

Guardian ad Litem terminated with the death of Gladys Baker on March 11, 1984, and all power, right, interest and authority with respect to her interest in the Estate of MONROE became vested in her Personal Representative, Bernice Miracle, as above set forth.

The Executrix of Chekhov, by an instrument dated July 12, 1982, joined in the objections submitted by Mr. Cusack.

In addition, the Guardian of Baker, by an instrument dated February 16, 1981, joined in the objections submitted by Dr. Marianne Kris and the Executrix of Chekhov and further asserted a claim to the sum of $87,500 or the remainder of the trust created by Article FIFTH of the Will.

During the past two and one-half years there have been intensive negotiations among counsel for all the undersigned, including a voluminous exchange of correspondence, many telephone conversations and a number of extended face-to-face conferences. Counsel have been assisted by accountants skilled in fiduciary accounting.

Following upon the negotiations, all of the parties hereto desire to settle and compromise for all time any and all disputes and differences existing between and among all or any of them arising out of the Executor's administration of the estate of Monroe during the period August 5, 1962 to and

including June 30, 1980, including all objections made or which could be made to the Executor's account of his proceedings during the period August 5, 1962, to and including June 30, 1980, and to end all litigation and all issues now pending between and among them.

NOW, THEREFORE, in consideration of the premises and the promises and agreements herein contained and the sum of $1.00 each to the others in hand paid, the receipt of which is hereby acknowledged, the parties hereto do hereby agree to and with each other as follows:

1. The Executor shall pay out of funds, other than funds of the Monroe estate or funds of the Trust established under Monroe's will (hereafter referred to as "funds, other than estate or trust funds,") the sum of $86,000 to Dr. Anton Kris and Dr. Anna Wolff as co-executors of the Estate of Dr. Marianne Kris, in partial satisfaction of the sum of $100,000 which is the settlement amount of the surcharge which the Kris Executors claimed from the Executor for the period August 5, 1962 to June 30, 1980.

2. The Executor shall pay to Messrs. Dornbush, Mensch & Mandelstam out of funds, other than estate or trust funds, the sum of $58,000, that being the amount of the counsel fees and accounting expense incurred by the Kris Executors in connection with this proceeding.

-7-

No application will be made to the Surrogate by the aforesaid counsel for any additional fee payable by the Executor and/or the Estate of Marilyn Monroe arising out of the settlement of the Executor's account of proceedings for the period August 5, 1962 to and including June 30, 1980.

3. The distribution of $14,000 the Executor made to the Kris Executors on December 29, 1980, was comprised of income which should have been allocated to the unpaid installments due Mesdames Baker and Chekhov and, accordingly, for the purposes of this Agreement is to be considered as a credit toward the gross amount of $100,000 heretofore agreed upon as the total settlement amount of the surcharge which the Kris Executors claimed from the Executor for the period August 5, 1962 to June 30, 1980. No interest penalty shall be charged or received in connection with the December 29, 1980 payment.

4. The payments and credit called for by paragraphs 1, 2 and 3 above and the assignment referred to in this Paragraph 4 shall be in full settlement and satisfaction of all claims and demands which the Executors of Kris have against the Executor arising out of the administration of the estate of Monroe during the period August 5, 1962 to and including June 30, 1980, and in consideration of the payments and credits called for herein, the Executors of Kris hereby withdraw their

objections to the Executor's account of proceedings for the period August 5, 1962 to and including June 30, 1980, and the Executor agrees to promptly assign all property, tangible and intangible, and including the balance of funds on hand as shown in the accounting of June 30, 1980, as that balance may be properly adjusted, and the right to receive royalties and other income, to the residuary legatees as their interests appear.

5. The Executor shall pay out of funds, other than estate or trust funds, the sum of $117,750 to Anna Strasberg as Executrix of the Estate of Lee Strasberg in partial satisfaction of the sum of $160,000, which is the settlement amount of the surcharge which the Executrix of Strasberg claimed from the Executor for the period August 5, 1962 to June 30, 1980.

6. The Executor shall pay to Irving P. Seidman, Esq., out of funds, other than estate or trust funds, the sum of $15,000, that being the amount of the counsel fees and accounting expenses incurred by the Executrix of Strasberg in connection with this proceeding.

No application will be made to the Surrogate by the aforesaid counsel for any additional fee payable by the Executor and/or the Estate of Marilyn Monroe arising out of the settlement of the Executor's account of his proceedings for the period August 5, 1962, to and including June 30, 1980.

MM-0000140

7. The distribution of $42,250 the Executor made to the late Lee Strasberg on December 29, 1980, was comprised of income which should have been allocated to the unpaid installments due Mesdames Baker and Chekhov and, accordingly, for the purposes of this Agreement is to be considered as a credit toward the gross amount of $160,000 heretofore agreed upon as the settlement amount of the surcharge which the Executrix of Strasberg claimed from the Executor for the period August 5, 1962, to June 30, 1980. No interest penalty shall be charged or received in connection with the December 29, 1980 payment.

8. The payments and credit called for by paragraphs 5, 6 and 7 above and the assignment referred to in this Paragraph 8 shall be in full settlement and satisfaction of all claims and demands which the Executrix of Strasberg has against the Executor arising out of the administration of the estate of Monroe during the period August 5, 1962, to and including June 30, 1980, and in consideration of the payments and credit called for herein, the Executrix of Strasberg hereby releases the Executor from all claims or demands she may have against him arising out of the administration of the estate of Monroe during the period August 5, 1962, to and including June 30, 1980, and the Executor agrees to promptly assign all property, tangible and intangible, and including the balance of funds on

-10-

MM-0000141

hand as shown in the accounting of June 30, 1980, as that balance may be properly adjusted, and the right to receive royalties and other income, to the residuary legatees as their interests appear.

9. Mesdames Baker and Chekhov were entitled to receive the sums of $5,000 and $2,500 per annum, respectively, during the period August 5, 1962 to December 22, 1970, the date of the death of Xenia J. Chekhov, and thereafter Gladys Baker was entitled to receive the sum of $5,000 per annum for the period December 23, 1970, to December 23, 1976, and the Executor has not made any of those payments in either his capacity as Executor or as Trustee.

10. The trust created by Article FIFTH of the Will, if it had been carried out in a timely manner, would not during its early years have produced enough income to fund the annual payments of $5,000 to Gladys Baker and $2,500 to Xenia J. Chekhov and it would have been necessary to make invasions of trust principal in the total amount of $16,553 to make the aforesaid payments. Accordingly, the trust when it was funded on December 23, 1976, in the amount of $100,000, was overfunded in the amount of $16,553 and said amount should be applied by Aaron R. Frosch in his capacity as trustee under the Will of Marilyn Monroe toward the partial satisfaction of the unpaid installments of income due Mesdames Baker and Chekhov.

-11-

MM-0000142

11. That taking into consideration various difficulties and complexities existing in the estate of Monroe, no interest should be charged on the unpaid installments due Mesdames Baker and Chekhov during the period August 5, 1962, to and including December 31, 1968, but that interest should be charged thereafter.

12. The total amount of the unpaid installments to December 23, 1976, due to the Estate of Gladys Baker, deceased, under the trust created by Article FIFTH of the Will, together with interest, amounts to $100,000, and the total amount of the unpaid installments to December 22, 1970, due the Executrix of Chekhov under the trust created by Article FIFTH of the Will, together with interest, amounts to $27,000.

13. Aaron R. Frosch as trustee under the Will of Marilyn Monroe shall pay to Bernice Miracle as Personal Representative of the Estate of Gladys Baker, deceased, the sum of $13,033.86 out of the principal of the trust estate, said sum being in partial satisfaction of the unpaid installments to which Gladys Baker is entitled. Said payments shall be subject to the furnishing to the Executor of proof by the aforesaid Representative that she has given a bond in a sufficient amount with a satisfactory surety to cover the payment provided for by this paragraph.

-12-

14. Aaron R. Frosch as trustee under the Will of Marilyn Monroe shall pay to Mala Powers as Executrix of the Estate of Xenia J. Chekhov the sum of $3,519.14 out of the principal of the trust estate, said sum being in partial satisfaction of the unpaid installments to which the Executrix of Chekhov is entitled.

15. The Executor will renounce his claim to the balance due him on his commissions reported in Schedule I of his account of proceedings as the sum of $16,591.62.

16. The Executor will apply from the sum of $16,591.62 reserved by him in estate funds for his commissions the sum of $15,000 toward the partial satisfaction of the amounts due Mesdames Baker and Chekhov, as follows:

(a) the sum of $11,811.02 to Bernice Miracle as Personal Representaive of the Estate of Gladys Baker, deceased, and

(b) the sum of $3,188.98 to Mala Powers as Executrix of the Estate of Xenia J. Chekhov, deceased.

The payments called for by subparagraph (a) of this paragraph 16 shall be subject to the same requirement of proof of the giving of a sufficient bond with surety as prescribed in paragraph 13 above.

-13-

17. The parties have heretofore by separate instruments consented and agreed to the Executor making a payment out of estate funds of $25,000 to Bernice Miracle as the Guardian of the Person and Property of Gladys Baker as an advance on the amount which is owed to the aforesaid Gladys Baker to relieve her distressed condition. This payment is a reduction of the settlement amount which the Estate of Gladys Baker claimed as a surcharge from the Executor and shall be restored to the estate of Monroe by the Executor out of funds, other than estate or trust funds. No interest shall be charged or received in connection with said payment of $25,000 to relieve the aforesaid Gladys Baker.

18. The Executor shall pay out of funds, other than estate or trust funds, the sum of $50,155.12 to Bernice Miracle as the Personal Representative of the Estate of Gladys Baker in further partial satisfaction of the sum of $100,000 which is the total settlement amount which the Personal Representative of the Estate of Gladys Baker is entitled to receive on her behalf.

The payment called for by this paragraph 18 shall be subject to the Personal Representative of Gladys Baker furnishing proof that she has given a bond with satisfactory surety to cover the total of $100,000 of payments and credits

-14-

provided for by this Agreement for the account of the aforesaid Gladys Baker.

19. The payments and credit called for by paragraphs 13, 16(a), 17 and 18 shall be in full settlement and satisfaction of all claims and demands which the Representative of Baker has against the Executor arising out of the administration of the estate of Monroe during the period August 5, 1962, to and including June 30, 1980, and in consideration of the payments and credit called for herein, the Representative of Baker hereby withdraws the objections to the Executor's account of proceedings for the period August 5, 1962 to and including June 30, 1980, which were filed by her on behalf of her ward in her former capacity of Guardian of the Person and Property of of Gladys Baker.

20. The Representative of Baker hereby withdraws her claim to the sum of $87,500 or the remainder of the trust created by Article FIFTH of the Will as asserted in an instrument dated February 16, 1981, on file with the New York County Surrogate's Court, reference to which has been made above.

21. Any income from and after December 23, 1976, of the trust created by Article FIFTH of the Will in excess of the annual payment of $5,000 to which Gladys Baker was entitled shall be retained in the trust and upon termination and

-15-

MM-0000146

distribution of the trust shall be paid along with the then remaining principal of the trust estate to the estate of Dr. Marianne Kris.

22. The Executor shall pay out of funds, other than estate or trust funds, the sum of $20,291.88 to Mala Powers as Executrix of the Estate of Xenia J. Chekhov, in further partial satisfaction of the sum of $27,000, which is the total settlement amount which the Executrix of Chekhov is entitled to receive on her behalf.

23. The payments called for by paragraphs 14, 16(b) and 22 shall be in full settlement and satisfaction of all claims and demands which the Executrix of the Estate of Xenia J. Chekhov has against the Executor arising out of the administration of the estate of Monroe during the period August 5, 1962, to and including June 30, 1980, and in consideration of the payments called for herein, the Executrix of Chekhov hereby withdraws her objections to the Executor's account of proceedings for the period August 5, 1962, to and including June 30, 1980.

24. Lawrence X. Cusack, Esq., as Guardian ad Litem, rendered services above and beyond the service which would have been required if the administration of the estate by the Executor had not given rise to the filing of numerous and complex

-16-

objections. The measure of such additional legal expense is reasonably estimated to be the sum of $5,600, which sum the Executor shall pay out of funds, other than estate or trust funds, to the aforesaid Lawrence X. Cusack, Esq., in partial satisfaction of his allowance for legal services to his ward, Gladys Baker.

25. In addition to the payment to Lawrence X. Cusack, Esq., provided for in paragraph 24 above, it is understood and agreed that he is entitled to an additional amount payable out of the funds of the estate and representing the normal and customary fee which would be awarded by the Surrogate to a guardian ad litem as his allowance for services on an estate of this size, assuming no unusual circumstances were present. It is agreed that a fair and reasonable allowance to Mr. Cusack (apart from the payment to him provided for in paragraph 24 above), is $7,200, which the Excutor will promptly pay to him after the last party to this agreement has signed the same.

26. Since the terms of the bequest to the late Dr. Marianne Kris made by the Will of Monroe may be charitable in nature, this Agreement is also subject to the approval of the Attorney General of the State of New York, which has been given in writing.

-17-

27. The Executor will, within ninety days after the last party has signed this settlement agreement, render a supplemental account of his proceedings from June 30, 1980, the last day of his account of proceedings, to the date of the supplemental account. Except for the payments to the Kris Executors and the late Lee Strasberg referred to in paragraphs 3 and 7 above, the payments called for by paragraph 16 above, and the payment to the Guardian of Baker referred to in paragraph 17 above, this Agreement shall not prejudice the right of any of the parties hereto to object to any transaction of the Executor which may be disclosed by his supplemental account of proceedings.

28. This Agreement shall be binding upon the respective parties hereto and their heirs, legatees, devisees, executors, administrators, assigns and their legal representatives and each of them.

29. Any number of counterparts of this agreement may be executed. All of the parties hereto need not execute the same counterpart but may execute separate counterparts. Each such counterpart shall be deemed an original and all collectively shall constitute one agreement with the same force and effect as if all of the parties hereto had simultaneously executed the same counterpart. This agreement shall be deemed to

-18-

MM-0000149

have been made, executed and delivered on the date first above written, irrespective of the time or times when the separate counterparts hereof may be actually executed and delivered.

_____  /s/ Mala Powers
Aaron R. Frosch, as Executor     Mala Powers, as Executrix of
and Trustee under the Will of    the Estate of Xenia Julia
Marilyn Monroe, Deceased         Chekhov, Deceased


_____  _____
Dr. Anton Kris, as Executor      Anna Strasberg, as Executrix
of the Estate of Marianne Kris,  of the Estate of Lee Strasberg,
Deceased                         Deceased


_____  _____
Dr. Anna Wolff, as Executrix of  BERNICE MIRACLE, Personal
the Estate of Marianne Kris,     Representative of the Estate of
Deceased                         GLADYS BAKER, Deceased.

With respect to the Estate of MARIANNE KRIS, the above settlement agreement is hereby approved by the Attorney General of the State of New York.

By:_____

Dated: _____, 1984

-19-