# EXHIBIT
# 102

1  GIBSON, DUNN & CRUTCHER LLP
   Randy M. Mastro, Esq.
2  200 Park Avenue
   New York, New York  10166
3  Telephone: (212) 351-4000

4  Attorneys for Anna Strasberg, Administratrix C.T.A.

5

6  SURROGATE'S COURT

7  COUNTY OF NEW YORK

8

9  ACCOUNTING BY                    FILE NO. P2781/1962

10 ANNA STRASBERG                   PETITION FOR JUDICIAL SETTLEMENT
                                    OF FINAL ACCOUNT OF
11 AS ADMINISTRATRIX C.T.A.         ADMINISTRATRIX C.T.A. AND FOR AN
                                    ORDER AUTHORIZING PETITIONER TO
12 of the ESTATE OF MARILYN MONROE, 1) EXECUTE LIMITED LIABILITY
                                    AGREEMENT;
13              Deceased            2) ESTABLISH AND OPERATE LIMITED
                                    LIABILITY COMPANY;
14                                  3) USE ESTATE ASSETS TO ESTABLISH
                                    LIMITED LIABILITY COMPANY;
15                                  4) DISTRIBUTE INTERESTS TO
                                    RESIDUARY BENEFICIARIES;
16                                  5) FOR ORDER VACATING ORDER TO
                                    COMPEL FIDUCIARIES TO ACCOUNT;
17                                  AND, 6) DISCHARGE OF PRIOR
                                    EXECUTOR
18

19

20

21      TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK:

22      1.    The petition ("Petition") of Anna Strasberg

23 ("Petitioner"), residing at 135 Central Park West, New York, New

24 York respectfully states:

25      2.    The decedent, Marilyn Monroe, ("Decedent") died on

26 August 5, 1962, and at the time of her death was a resident of the

27 Borough of Manhattan, City, County and State of New York.  A copy of

28 the decedent's Will is attached hereto as Exhibit 1.

Gibson, Dunn &
Crutcher LLP

3.    Decedent's Will dated January 14, 1961 was admitted to probate and Letters Testamentary were issued to Aaron R. Frosch by the Surrogate's Court of New York County, New York on October 30, 1962.  Aaron R. Frosch having died, Letters of Administration C.T.A. were issued to Petitioner by the Surrogate's Court of New York County, New York on July 21, 1989.

5.    The Petitioner presents and renders herewith, a verified account of Petitioner's proceedings in this estate, for the period from July 20, 1989 to October 3, 2000, showing the gross value of assets, including principal and income, to be the sum of $1,470.44. The prior executor's account ending April 29, 1989 showed an ending property on hand figure of $33,904.18 in cash and Miscellaneous Royalty Interests (Intellectual Property Rights) in an undetermined value.  Petitioner is informed and believes that the only account activity which occurred from April 29, 1989 until her appointment as Successor Administratrix C.T.A. on July 21, 1989 was interest earned on the estate's cash assets in the sum of $469.48, which is reflected in Schedule A in the Accounting filed herein.

5.    An order was entered in this Court on January 20, 1970 fixing and assessing the estate tax due.  Petitioner believes the estate taxes with respect to this estate were paid in full.  The statutory period for payment of estate taxes has expired.

6.    The rendering of such account at this time is proper because seven months have elapsed since letters were issued to Petitioner.

7.    Marjorie M. Frosch, in her capacity as Executor of the Estate of Aaron R. Frosch, stated in her Petition for An Intermediate Voluntary Accounting, filed in this proceeding and

Gibson, Dunn &
Crutcher LLP

2

1 approved by decree issued January 17, 1991, that Aaron R. Frosch

2 satisfied in full, as verified in Schedule J of the accounting filed

3 with her Petition, the specific pecuniary bequests and the bequest

4 of personalty under Clause FOURTH of Decedent' Will, the sum of

5 $40,000.00 to May Reis under Clause SIXTH of Decedent's Will, and

6 further satisfied in full the bequest under Clause FIFTH of the

7 Decedent's Will, as amended by agreement and settlement among the

8 concerned parties.  All other bequests having been satisfied in

9 these proceedings, the only parties now entitled to a share of the

10 remaining residue of the estate are the Estate of Lee Strasberg, as

11 to 75%, and the Anna Freud Centre (as beneficiary under the Will of

12 Dr. Marianne Kris), as to 25%.

13       8.    The names and addresses of all persons and parties

14 interested in this proceeding who are required to be cited under the

15 provisions of Surrogate's Court Procedure Act §2210, or otherwise,

16 or concerning whom or which the Court is required to have

17 information, are set forth below.  Also see Schedule G of Accounting

18 filed herein.

19

| Name | Interest | Address |
|------|----------|---------|
| Anna Strasberg Executrix, Estate of Lee Strasberg, Deceased (Beneficiary, Adult) | 75% Residue | 135 Central Park West New York, NY 10023 |
| The Anna Freud Centre (Beneficiary, Organization) | 25 % Residue | 21 Maresfield Gardens Hampstead, London NW3 5SD England |
| Anton O. Kris, MD Co-Executor, Estate of Dr. Marianne Kris (Interested party, Adult) | None | 37 Philbrick Road Brookline, Mass 02146 |

Gibson, Dunn & Crutcher LLP

3

| | | |
|---|---|---|
| Anna K. Wolff, MD<br>Co-Executor, Estate of Dr.<br>Marianne Kris<br>(Interested party, Adult) | None | 10 Channing Street<br>Cambridge, Mass.<br>02138 |
| The Attorney General of the<br>State of New York<br>(Government Agency) | On behalf of<br>The Anna Freud<br>Centre | 120 Broadway<br>New York, NY |
| Continental Insurance Co.<br>(Surety bond holder) | None | Surety Dept.<br>39 Broadway #620<br>New York, NY  10006 |
| Stroock, Stroock & Lavan | None, Attorneys<br>for Marjorie M.<br>Frosch,<br>Executrix of<br>the Estate of<br>Aaron R. Frosch | 180 Maiden Lane<br>New York, NY 10038 |

9.    There are no persons interested in this proceeding other than those herein above mentioned, all of said above mentioned persons are of sound mind; and all are of full age.

10.    No prior application has been made to this or any other court for the relief requested in this Petition.

11.    During the period of this account Petitioner has received income receipts, as set forth in Schedule A-2 of the Accounting filed herein, from the decedent's participation rights in motion pictures and royalties from the licensing of the decedent's name, likeness and signature ("Intellectual Property Rights").  Petitioner has made periodic distributions, as set forth in Schedule E of the Accounting, of the balance of the estate funds after payment of expenses, as set forth in Schedule C of the Accounting, in shares of 75% to the Estate of Lee Strasberg and 25% to the Anna Freud Centre.

12.    The Petitioner also requests the Court to authorize her to establish a limited liability company to hold the Intellectual Property Rights and to distribute pro rata interests in the limited liability company to the residuary beneficiaries of the estate.

1    13.   Section 11-1.1(c) of the Estates, Powers and Trusts Law

2    states that "the court having jurisdiction of the estate... may

3    authorize the fiduciary to exercise any other power which in the

4    judgment of the court is necessary for the proper administration of

5    the estate or trust."  Thus, the powers enumerated by EPTL

6    Section 11-1.1(b) are not exclusive, and the court has the authority

7    to grant the Petitioner the power to establish such a company to

8    hold estate property.  Distribution in kind of interests in the

9    limited liability company is permissible under Section 2216 of the

10   Surrogate's Court Procedure Act.

11   14.   There are several reasons why it would be appropriate and

12   in the best interests of the estate and beneficiaries to authorize

13   the Petitioner to form a limited liability company and distribute

14   interests in the limited liability company to the residuary

15   beneficiaries.  First, coordinated management of the Intellectual

16   Property Rights would be maintained.  It would not be practical, and

17   perhaps would not even be possible, to divide the Intellectual

18   Property Rights between the beneficiaries, and it certainly would

19   not be efficient or to the benefit of the beneficiaries to do so.

20   Second, after distribution of the limited liability company

21   interests it would be possible to close the estate, which has now

22   been open for almost 40 years.  In addition to the obvious benefits

23   resulting from distributing the assets and closing the estate, there

24   are also clear disadvantages resulting from keeping the estate open:

25   additional, unnecessary costs would be imposed on the beneficiaries;

26   the court's docket would be burdened with a case that could be

27   closed; and the estate and the beneficiaries would remain vulnerable

28   to unmeritorious, "crank" claims, because of the unique celebrity

1    status of the Decedent.   Third, unless the Petitioner is authorized

2    to exercise the powers requested herein, there is every reason to

3    believe that the estate will not be closed in the foreseeable

4    future.   Distribution of the Intellectual Property Rights would

5    continue to remain impractical and the estate would remain open to

6    more crank claims.   Fourth, utilizing a limited liability company

7    structure will afford the beneficiaries some measure of protection

8    from crank claims.

9        15.   On December 31, 1990, this court entered a decree which,

10   among other things, ordered that administration of the estate was to

11   continue as long as the estate maintained an agency agreement with

12   terms and conditions substantially similar to the agency agreement

13   then in effect.   The agency agreement now in effect with CMG

14   Worldwide is substantially similar to the agency agreement in effect

15   on December 31, 1990.   However, as set forth above, Petitioner

16   believes that it would be in the best interest of the estate and

17   beneficiaries to close the estate proceedings and distribute the

18   remaining assets as set forth herein.

19       16.   The consents of the residuary beneficiaries are attached

20   hereto as Exhibits 2 and 3 and are incorporated herein by this

21   reference.

22       17.   Attached hereto as Exhibit 4 and incorporated herein by

23   this reference, is a form of limited liability company agreement

24   that Petitioner proposes to use as the governing agreement for the

25   limited liability company.   Under the proposed limited liability

26   company agreement, Petitioner would be the sole initial member.

27   Subsequently, the Petitioner and the residuary beneficiaries would

28   execute a supplement to the agreement (a copy of the proposed

Gibson, Dunn &
Crutcher LLP

1  supplement is attached hereto as Exhibit 5 and incorporated herein

2  by this reference), which would make the residuary beneficiaries

3  75%/25% owners of the entire company.  A proposed form of assignment

4  from the Petitioner to the residuary beneficiaries is attached

5  hereto as Exhibit 6 and incorporated herein by this reference.  In

6  order properly to establish and operate the company, it will also be

7  necessary, among other things, to obtain a taxpayer identification

8  number, file a certificate of formation, a proposed form is attached

9  hereto as Exhibit 7, and file appropriate documents in states other

10  than Delaware in which the company does business.  Petitioner

11  requests authorization to execute such documents.

12      18.  The Petitioner also requests the Court to authorize her to

13  use funds of the estate to establish the limited liability company,

14  and to register and qualify it in appropriate jurisdictions.  After

15  distribution of the limited liability company interests to the

16  residuary beneficiaries, the costs of maintaining the company will

17  be borne on a pro rata basis by the residuary beneficiaries.

18      19.  Pursuant to this court's Decree Approving Attorney's fees

19  and Other Related Matters filed October 31, 1990, Petitioner is to

20  receive no commissions as Administratrix C.T.A.

21      20.  On June 25, 1990 this court issued an Order to Compel

22  Fiduciaries to Account, attached hereto as Exhibit 8, directing that

23  Marjorie M. Frosh, as Executrix of the Estate of Aaron R. Frosh,

24  file and judicially settle a final accounting with respect to the

25  Estate of Marilyn Monroe; and further ordered that Anna Strasberg,

26  Administratrix C.T.A. file and judicially settle an intermediate

27  accounting for the period from July 20, 1989 through May 31, 1990.

28  On August 2, 1990, attorneys for Marjorie M. Frosch, Anna Strasberg,

1  The Anna Freud Center, and for Anton O. Kris and Anna Kris Wolff as

2  Executors of the Estate of Marianne Kris executed a Stipulation on

3  behalf of their clients, a copy of which is attached hereto as

4  Exhibit 9, wherein the parties requested that the Court vacate the

5  Order to Compel Fiduciaries to Account of June 25, 1990.

6      Petitioner, after a search of the court records, can find no

7  evidence that an order vacating the Order to Compel Fiduciaries to

8  Account has been executed by this court.  Schedule A of Petitioner's

9  account filed in these proceedings details the only transactions,

10 consisting solely of interest earned on estate assets Marjorie M.

11 Frosch transferred to Petitioner immediately following her

12 appointment as Administratrix C.T.A. on July 21, 1989, that occurred

13 after the end of Marjorie M. Frosch's intermediate account on April

14 29, 1989 through July 20, 1989.  Petitioner's account further

15 includes all transactions that occurred from July 20, 1989 to

16 October 3, 2000.  Because all estate account activity between April

17 29, 1989 and October 3, 2000 has been reported in the account filed

18 herein, Petitioner requests that this court vacate the Order to

19 Compel Fiduciaries to Account of June 25, 1990.  Petitioner's

20 Receipt and Release as Administratrix C.T.A. acknowledging receipt

21 of estate assets from Marjorie M. Frosch, is attached hereto as

22 Exhibit 10.

23     After a search of the court's records, and having found no

24 order discharging the deceased prior Executor Aaron R. Frosch, and a

25 receipt having been filed in these proceedings for all assets

26 transferred from Marjorie M. Frosch, as Executrix of the Estate of

27 Aaron R. Frosch, to petitioner as successor Administratrix C.T.A.,

28

Gibson, Dunn &
Crutcher LLP

1  petitioner requests that Aaron R. Frosch be discharge as Executor

2  without further account.

3      WHEREFORE, Petitioner prays for an Order of this Court as

4  follows:

5      1.   The account of proceedings be judicially settled;

6      2.   Authorizing the Petitioner to execute the Limited

7  Liability Company Agreement attached as Exhibit 4, the Supplement

8  thereto attached as Exhibit 5, the Assignment attached as Exhibit 6,

9  the Certificate of Formation attached as Exhibit 7, and any and all

10  other documents necessary to establish the limited liability company

11  and register and/or qualify it in other jurisdictions, as the

12  Petitioner deems appropriate;

13      3.   Authorizing the Petitioner to take all other necessary

14  steps to establish and operate the limited liability company,

15  including registering and qualifying the limited liability company

16  in one or more other jurisdictions, as the Petitioner deems

17  appropriate;

18      4.   Authorizing the Petitioner to use estate assets for the

19  purposes of establishing the limited liability company and

20  registering and qualifying it in one or more other jurisdictions, as

21  the Petitioner deems appropriate;

22      5.   Authorizing the Petitioner to transfer all assets of the

23  estate to the limited liability company and distribute membership

24  interests in the limited liability company pro rata to the residuary

25  beneficiaries as follows:  75% to Anna Strasberg, as Executor of the

26  Estate of Lee Strasberg, and 25% to the Anna Freud Centre;

27      6.   That the Order to Compel Fiduciaries to Account of June

28  25, 1990 be vacated;

Gibson, Dunn &
Crutcher LLP

1       7.    That Aaron R. Frosch be discharged as Executor;

2       8.    That these estate proceedings be closed; and

3       9.    That the persons above mentioned and all necessary and

4  proper persons be cited to show cause why such settlement should not

5  be had and for such other and further relief as the Court may deem

6  just and proper.

7

8  DATED:  _Oct. 18 2000_, 2000

9

10  ANNA STRASBERG

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn & Crutcher LLP

1
2                              **VERIFICATION**
3
4   STATE OF NEW YORK        )
5   COUNTY OF NEW YORK       )
6
7        The undersigned, the petitioner named in the foregoing
    petition, being duly sworn, says: I have read the foregoing petition
8   subscribed by me and know the contents thereof, and the same is true
    of my own knowledge, except as to the matters therein stated to be
9   alleged upon information and belief, and as to those matter I
    believe it to be true.
10
11
12                                      _____
                                        Anna Strasberg
13
14  Sworn to before me on
15   _10/18_ , 2000
16                                      PATRICIA ROSADO
                                        Notary Public, State of New York
17  _____              No. 01RO6014712
    Notary Public                       Qualified in New York County
18  Commission Expires: 7/6/2001        Commission Expires July 6, 2001
    (Affix Notary Stamp or Seal)
19
20  Signature of Attorney: _____
21  Print Name of Attorney: _____
22
23  Gibson, Dunn & Crutcher, LLP
    200 Park Avenue
24  New York, New York  10166
    Telephone: (212) 351-4000
25
26  20084469_1.DOC
27
28

Gibson, Dunn &
Crutcher LLP

# Exhibit 1

I, MARILYN MONROE, do make, publish and declare this to be my Last Will and Testament.

FIRST: I hereby revoke all former Wills and Codicils by me made.

SECOND: I direct my Executor, hereinafter named, to pay all of my just debts, funeral expenses and testamentary charges as soon after my death as can conveniently be done.

THIRD: I direct that all succession, estate or inheritance taxes which may be levied against my estate and/or against any legacies and/or devises hereinafter set forth shall be paid out of my residuary estate.

FOURTH: (a) I give and bequeath to BERNICE MIRACLE, should she survive me, the sum of $10,000.00.

(b) I give and bequeath to MAY REIS, should she survive me, the sum of $10,000.00.

(c) I give and bequeath to NORMAN and HEDDA ROSTEN, or to the survivor of them, or if they should both predecease me, then to their daughter, PATRICIA ROSTEN, the sum of $5,000.00, it being my wish that such sum be used for the education of PATRICIA ROSTEN.

(d) I give and bequeath all of my personal effects and clothing to LEE STRASBERG, or if he should predecease me, then to my Executor hereinafter named, it being my desire that he distribute these, in his sole discretion, among my friends, colleagues and those to whom I am devoted.

FIFTH: I give and bequeath to my Trustee, hereinafter

Exhibit 1

... ... of principal ... shall
... ... in equal ... terly ...

named, the sum of $100,000.00, in Trust, for the following uses
and purposes:

(a) To hold, manage, invest and reinvest the
said property and to receive and collect the income therefrom.

(b) To pay the net income therefrom, together
with such amounts of principal as shall be necessary to provide
$5,000.00 per annum, in equal quarterly installments, for the
maintenance and support of my mother, GLADYS BAKER, during her
lifetime.

(c) To pay the net income therefrom, together
with such amounts of principal as shall be necessary to provide
$2,500.00 per annum, in equal quarterly installments, for the
maintenance and support of MRS. MICHAEL CHEKHOV during her life-
time.

(d) Upon the death of the survivor between my
mother, GLADYS BAKER, and MRS. MICHAEL CHEKHOV to pay over the
principal remaining in the Trust, together with any accumulated
income, to DR. MARIANNE KRIS to be used by her for the furtherance
of the work of such psychiatric institutions or groups as she
shall elect.

SIXTH: All the rest, residue and remainder of my
estate, both real and personal, of whatsoever nature and whereso-
ever situate, of which I shall die seized or possessed or to which
I shall be in any way entitled, or over which I shall possess any
power of appointment by Will at the time of my death, including
any lapsed legacies, I give, devise and bequeath as follows:

(a) to MAY REIS the sum of $40,000.00 or 25%
of the total remainder of my estate, whichever shall be the lesser.

-2-

being first made, this my Last Will and Testament ... ... of all my property, to ... ... not ... now ...

(b)  To DR. MARIANNE KRIS 25% of the balance thereof, to be used by her as set forth in ARTICLE FIFTH (d) of this my Last Will and Testament.

(c)  To LEE STRASBERG the entire remaining balance.

SEVENTH:  I nominate, constitute and appoint AARON R. FROSCH Executor of this my Last Will and Testament.  In the event that he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

EIGHTH:  I nominate, constitute and appoint AARON R. FROSCH Trustee under this my Last Will and Testament.  In the event he should die or fail to qualify, or resign or for any other reason be unable to act, I nominate, constitute and appoint L. ARNOLD WEISSBERGER in his place and stead.

_MARILYN MONROE_____ (L.S.)

SIGNED, SEALED, PUBLISHED and DECLARED by MARILYN MONROE, the Testatrix above named, as and for her Last Will and Testament, in our presence and we, at her request and in her presence and in the presence of each other, have hereunto subscribed our names as witnesses this 14 day of January, One Thousand Nine Hundred Sixty-One.

_Aaron R. Frosch_ residing at _10 West 86d St. N.Y._

_Louise H. White_ residing at _209 E 56 St. N.Y.J._

_____ residing at_____

-3-

# Exhibit 2

1  GIBSON, DUNN & CRUTCHER LLP
   Randy M. Mastro, Esq.
2  200 Park Avenue
   New York, New York  10166
3  Telephone: (212) 351-4000

4  Attorneys for Anna Strasberg, Administrator C.T.A.

5

6  SURROGATE'S COURT

7  COUNTY OF NEW YORK

8

9  ACCOUNTING BY                    FILE NO. P2781/1962

10 ANNA STRASBERG                   CONSENT TO EXECUTION OF LIMITED
                                    LIABILITY COMPANY AGREEMENT AND
11 AS ADMINISTRATOR C.T.A.          RELATED MATTERS

12 of the ESTATE OF MARILYN MONROE,

13                    Deceased

14

15

16      The undersigned, Anna Strasberg, Executrix of the Estate of Lee

17 Strasberg. being of full age, and sound mind, having an interest in

18 this proceeding, consents to Anna Strasberg's, Administrator C.T.A,

19 proposal to execute a limited liability agreement and all other

20 documents and proposals related thereto, as set forth in the

21 Petition for Judicial Settlement of Final Account of Administrator

22 C.T.A. and For An Order Authorizing Petitioner to 1) Execute Limited

23 Liability Agreement; 2) Establish and Operate Limited Liability

24 Company; 3) Use Estate Assets to Establish Limited Liability

25 Company; 4) Distribute Interests to Residuary Beneficiaries; 5) For

26 Order Vacating Order To Compel Fiduciaries to Account; and, 6)

27 Discharge of Prior Executor, a full copy of which I have received.

28

Gibson, Dunn &
Crutcher LLP

                           Exhibit 2

1   Date: 10·18·00

2                                          Anna Strasberg, Executrix of the
                                           Estate of Lee Strasberg

3

4   STATE OF NEW YORK         )
    COUNTY OF New York         )  ss.:

5       On 10 · 1 8         , 2000, before me personally appeared

6

7   ANNA Strasberg                    to me known and known to me to

8   be the person described in and who executed the foregoing Consent to
    Execution of Limited Liability Company Agreement and Related Matters
    and duly acknowledged the execution thereof.

9

10  _____
    Notary Public                        PATRICIA ROSADO
                                    Notary Public, State of New York
11  Commission Expires: 7/6 /2001           No. 01RO5014712
                                       Qualified in New York County
    (Affix Notary Stamp of Seal)      Commission Expires July 8, 2001

12

13  Name of Attorney: Randy M. Mastro, Esq. Tel. No. 212-351-4000

14

15  Address of Attorney: Gibson, Dunn & Crutcher LLP, 200 Park Avenue,
    New York, NY 10166

16

17  20088173_1.DOC

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

2

# Exhibit 3

1    GIBSON, DUNN & CRUTCHER LLP
     Randy M. Mastro, Esq.
2    200 Park Avenue
     New York, New York  10166
3    Telephone: (212) 351-4000

4    Attorneys for Anna Strasberg, Administrator C.T.A.

5

6    SURROGATE'S COURT

7    COUNTY OF NEW YORK

8

9    ACCOUNTING BY            FILE NO. P2781/1962

10    ANNA STRASBERG          CONSENT TO EXECUTION OF LIMITED
                              LIABILITY COMPANY AGREEMENT AND
11    AS ADMINISTRATOR C.T.A.      RELATED MATTERS

12    of the ESTATE OF MARILYN MONROE,

13                Deceased

14

15

16       The undersigned, as an authorized representative of The Anna

17    Freud Centre, being of full age, and sound mind, having an interest

18    in this proceeding, consents to Anna Strasberg's, Administrator

19    C.T.A, proposal to execute a limited liability agreement and all

20    other documents and proposals related thereto, as set forth in the

21    Petition for Judicial Settlement of Final Account of Administrator

22    C.T.A. and For An Order Authorizing Petitioner to 1) Execute Limited

23    Liability Agreement; 2) Establish and Operate Limited Liability

24    Company; 3) Use Estate Assets to Establish Limited Liability

25    Company; 4) Distribute Interests to Residuary Beneficiaries; 5) For

26    Order Vacating Order to Compel Fiduciaries to Account; and 6)

27    Discharge of Prior Executor, a full copy of which I have received.

28

Gibson, Dunn &
Crutcher LLP

Exhibit 3

1  Date: _November 15, 2000_          _Steven B. Rosenfeld_
2                                     On behalf of the Anna Freud
                                      Centre
3

4  STATE OF NEW YORK      )
   COUNTY OF _NEW YORK_    )  ss.:

5
   On _NOVEMBER 15_       , 2000, before me personally appeared
6

7  _STEVEN B. ROSENFELD_              to me known who duly swore to
   the foregoing instrument and who did say that he/~~she~~ resides at
8  _1070 PARK AVENUE, NEW YORK, NY  10128_ and that he/~~she~~ is a
   _ATTORNEY-IN-FACT_        of The Anna Freud Centre; and that he/she
9  signed his/her name thereto by order of the Board of Directors of
   said organization.
10

11 _Amy Auerbach_                     AMY AUERBACH
   Notary Public                      Notary Public, State of New York
12 Commission Expires:                No. 01AU4721548
   (Affix Notary Stamp of Seal)       Qualified in New York County
13                                     Commission Expires March 30, 2002

14 Name of Attorney: Randy M. Mastro, Esq. Tel. No. 212-351-4000

15

16 Address of Attorney: Gibson, Dunn & Crutcher LLP, 200 Park Avenue,
   New York, NY 10166

17

18 20088171_1.DOC

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP