# EXHIBIT 112

SURROGATE'S COURT

COUNTY OF NEW YORK

ACCOUNTING OF       :

AARON R. FROSCH
as Executor        )   FILE NO.: P 2781/1962

ESTATE OF MARILYN MONROE,    PETITION FOR FINAL ACCOUNTING
           :
   Deceased.

_____)

TO THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK:

  1. The petition of AARON R. FROSCH residing at 300 Central Park West, New York, N. Y. respectfully states:

  2. The decedent died on the 5th day of August, 1962 and at the time of her death was a resident of the Borough of Manhattan, City, County and State of New York.

  3. Letters Testamentary were duly granted to your petitioner by the Surrogate's Court of New York County, New York on the 30th day of October, 1962.

  4. More than seven (7) months have elapsed since the issuance of said letters.

5. The names and post-office addresses of all persons interested in the Estate and/or Trust Fund to whom process must issue pursuant to the provisions of SCPA 315 and SCPA 2210 are as follows:

| Name and Post-Office Adress | Relationship | Nature of Interest |
|---|---|---|
| Bernice Miracle<br>330 S. W. 27th Street<br>Gainesville, Fla. | Half-Sister<br>Legatee | Specific Bequest of $10,000.00 |
| Norman and Hedda Rosten<br>84 Remsen Street<br>Brooklyn, N. Y. 11201 | Legatee | Specific Bequest of $5,000.00 |
| May Reis<br>229 W. 12th Street<br>New York, N. Y. 10014 | Legatee | Specific Bequest of $10,000.00 plus $40,000.00 from residuary or 25% of residuary whichever shall be the lesser |
| Gladys Baker<br>a/k/a Gladys Eley<br>c/o Bernice Miracle<br>330 S. W. 27th Street<br>Gainesville, Fla. | Mother<br>Life Income Beneficiary under Trust | Income co-Beneficiary under Trust to receive $5,000.00 per annum during her lifetime |
| Mala Powers, as Executrix Estate of Mrs. Michael (Xenia Julia) Chekhov<br>c/o Belcher Henzie & Biegenzahn<br>330 South Hope Street<br>Suite 3650<br>Los Angeles, Cal. 90017 | Life Income Beneficiary under Trust | Income co-Beneficiary under Trust to receive $2500.00 per annum during her lifetime |
| Lee Strasberg<br>135 Central Park West<br>New York, N. Y. | Legatee | Bequest of personal effects and clothing plus balance of residuary estate |
| Dr. Marianne Kris<br>135 Central Park West<br>New York, N. Y. | Legatee | 25% of balance of residuary after residuary bequest to May Reis plus remainder of Trust after death of Trust Income Beneficiaries |

-2-

MM-0001311

6. The following legatees have been paid:

    A. Norman and Hedda Rosten - bequest of $5,000.00

    B. Bernice Miracle - bequest of $10,000.00

    C. May Reis - bequest of $10,000.00

    D. Lee Strasberg - bequest of personal effects and clothing

7. There are no other persons that those above-mentioned who are interested in this proceeding.

8. That all of said above-mentioned persons are of sound mind and all are of full age except Gladys Baker a/k/a Gladys Eley, mother of the decedent. Inez C. Melson was appointed as Conservator by Order of the Superior Court of the State of California and that subsequently Bernice Miracle, residing at 330 S. W. 27th Street, Gainesville, Florida., daughter of said Gladys Baker a/k/a Gladys Eley, (has been) was appointed Guardian and, upon information and belief, continues to act as Guardian.

9. That there is no other accounting proceeding now pending.

10. That your petitioner duly commenced probate proceedings in New York County and ancillary probate proceedingssin the State of California. After appropriate probate hearings, decedent's will was duly admitted to probate and petitioner was duly appointed Executor in

-3-

MM-0001312

both jurisdictions and then commenced the marshalling of the decedent's assets.

At the time of decedent's sudden and unexpected death, she had no cash available in the State of California and insufficient cash in the State of New York to meet her obligations. Mobs of curiosity seekers came to her homes seeking to buy or remove memorabilia. There was no family member who could supply aid or information in the supervision of her affairs. Her obligations to creditors and her tax liabilities far exceeded her cash availability.

The decedent did, however, have a continuing compensation interest in two (2) motion picture films entitled "Some Like It Hot" and "The Misfits", which provided for deferred compensation for a guaranteed amount for a number of years and, thereafter, a percentage participation. Decedent, however, had granted a wage assignment against said deferred compensation to a bank in the State of California in the sum of Seventy Four Thousand ($74,000.00) Dollars. Said deferred compensation to its determined valuation was deemed "income in respect of the decedent" and, therefore, was subject to estate

-4-

taxes and, when received, was deemed "income" and subject to income taxes. Said deferred compensation was further subject to payment of agent's commissions of 10% of the gross to M. C. A. Artists, Ltd. Hence, the assets available to petitioner were insufficient for the payment of creditors' claims and estate taxes for a substantial period of time after the death of the decedent.

Decedent was the sole shareholder of Marilyn Monroe Productions, Inc. The asset of the said corporation was a proprietary interest in the motion picture film entitled "The Prince and the Showgirl." The decedent's Common Stock in said corporation was valued for estate tax purposes at Sixty One Thousand Two Hundred Fifty ($61,250.00) Dollars (per Schedule "A"). For a substantial period of time the sale of this asset could not be effectuated for an amount sufficient to realize its said value; however, in September 1970, petitioner sold same and liquidated the corporation at a value as set forth on Schedule "A-1" hereof.

Upon receipt of funds, petitioner deposited same with the Savings Bank Association which association then selected and deposited said funds into numerous different savings banks in amounts within the then existing insurance limitation of $10,000.00. Petitioner therefore placed the Estate funds properly insured in accounts which at that

-5-

MM-0001314

time were paying the highest rate of interest then available. Estate funds were thereafter deposited in Certificates of Deposit or Treasury Bills as set forth on Schedules hereto.

Petitioner was compelled to defend a proceeding commenced by the State of California which claimed decedent was a resident of the State of California at the time of her death. Petitioner was successful in said proceeding.

All creditors' claims and all tax liabilities have been paid in full. The California ancillary estate was accounted and was concluded.

In 1974, Petitioner negotiated a contract with respect to a publication entitled "My Story" authored by Milton H. Green by the terms of which the Estate received a participation in the royalty proceeds of the said publication and has received income therefore as set forth on Schedule "A-2".

Thereafter, your petitioner commenced litigation in connection with a publication entitled "Marilyn" authored by Norman Mailer. The said litigation was in the past year concluded in favor of defendants after appropriate appeal by your petitioner.

-6-

MM-0001315

By virtue of the Estate having insufficient cash availability for many years, the various protracted negotiations, the complicated proceedings and litigation, as hereinbefore set forth, your petitioner was not in the appropriate position to submit to the Court a final accounting.

In addition, the residuary provisions of the decedent's will provides for May Reis, as a residuary legatee, to receive "$40,000.00 or 25% of the total remainder" of the estate, whichever is less. The assets of the Estate were at all times insufficient to determine, with finality, the precise amount of the said legacy. Even at the particular point in time, the assets of the Estate are insufficient to pay said residuary legatee the sum of $40,000.00 inasmuch as said sum exceeds 25% of the present assets of the Estate.

The Estate still retains a continuing compensation and royalty interest in four (4) properties. The Estate retains an interest in the motion picture films entitled "Some Like It Hot" and "The Misfits". The Estate retains an interest in continuing music royalties and in the publication entitled "My Story" all as aforesaid described. The schedules herewith have not set forth a current valuation of the Estate's interest in the said four (4)

properties. Petitioner will request an evaluation thereof from the producers of same and then apply to this Court for approval to conclude the sale of the Estate's interests therein or for a pro rata distribution among the residuary legatees of the continuing royalties therefrom and as residuary legatees will desire.

11. That your petitioner is desirous of rendering to said Surrogate's Court an account of these proceedings and therefore prays

> that the account be judicially settled; and
>
> that the Executor, from the cash balance of $101,299.25 on hand, pay to himself the sum of $16,591.62 for the balance of commissions due him upon this accounting as per Schedule I; and
>
> that the Executor, from the cash balance of $101,299.25 on hand, pay to N. Rubin & Co. the sum of $6,000.00 for accounting services rendered in connection with the within accounting; and
>
> that the Executor, from the cash balance of $101,299.25 on hand, pay to Elliot J. Lefkowitz, Esq. the sum of $3,000.00 for legal services rendered in connection with the within accounting; and
>
> that the Executor pay to May Reis 25% of the balance then remaining; and
>
> that the Executor pay to Dr. Marianne Kris 25% of the then remaining balance; and
>
> that the Executor pay to Lee Strasberg the entire remaining balance; and

-8-

MM-0001317

that the Executor, prior to payment of said residuary, retain the sum of Seven Thousand Five Hundred ($7,500.00) Dollars for payment of any taxes or all other charges which may be reasonably due; and

that the Executor shall obtain an evaluation and/or offer for decedent's continuing compensation interest in the motion picture films entitled "Some Like It Hot" and "The Misfits" and in music royalties and the publication entitled "My Story" and then accept such offer or arrange for a pro rata distribution, as the residuary legatees will desire or as directed by the Court, among the residuary legatees thereof, however, the residuary legatee, May Reis, shall receive her pro rata in an amount limited so that her residuary legacy shall not exceed the sum of Forty Thousand ($40,000.00) Dollars in total; and

that the legatees upon receipt of their respective payments to be made to them hereunder will acknowledge receipt therefore and in consideration thereof, each of them will forever release, remise and discharge the Executor of and from any and all claims and liabilities of every kind or nature arising from or in any manner relating to or connected with the Estate of Marilyn Monroe, deceased, and the administration of said Estate; and

that the persons above-mentioned and all necessary and proper persons be cited to show cause why such settlement should not be had; and

-9-

for such other and further relief as
the Court may deem just and proper.

DATED, August 14, 1980.

*Aaron R. Frosch*
AARON R. FROSCH, Petitioner

CITY, COUNTY AND STATE OF NEW YORK, ss:

AARON R. FROSCH, the petitioner named in the foregoing petition, being duly sworn, deposes and says that he has read the foregoing petition subscribed by him and knows the contents thereof; and that the same is true of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

*Aaron R. Frosch*
AARON R. FROSCH, Petitioner

Sworn to and subscribed before me this
14th day of August, 1980.

ELLIOT LEFKOWITZ
Notary Public, State of New York
No. 31-7474775
Qualified in New York County
Commission Expires March 30, 1986

-10-

MM-0001320



MM-0001321