# EXHIBIT 113

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------x
                                        :
Application of AARON R. FROSCH, as Executor
of the Last Will and Testament of       :
MARILYN MONROE, Deceased, for and Order      File No.
to Discover Personal Property Withheld  :    P 2781/62
and Belonging to Decedent,
                                        :
                          Petitioner,        PETITION PURSUANT
                                        :    TO SCPA 2103 for
          -against-                          DISCOVERY OF
                                        :    PROPERTY WITHHELD
SWANN GALLERIES, INC., and                   with TEMPORARY
"JOHN DOE",                             :    RESTRAINING ORDER

                          Respondents.  :

----------------------------------------x

TO:  THE SURROGATE'S COURT OF THE COUNTY OF NEW YORK.

    The Petition of AARON R. FROSCH respectfully alleges as follows:

    1.   I reside at and am domiciled at 300 Central Park West, New York, New York 10024.

    2.   MARILYN MONROE, the decedent above named, died on August 5, 1962 in Los Angeles, California. At the time of her death, she was a resident of the County of New York, and State of New York. She left a Last Will and testament which was duly admitted to Probate by this Court.

    3.   Letters Testamentary and Letters of Trusteeship were duly issued by this Court on October 30, 1962 to Petitioner, as the sole Executor and the sole Trustee who is still acting in those capacities.

    4.   Decedent during her lifetime was, and now, even after her death twenty-five years ago, continues to be one of Hollywood's most famous movie stars.

5. Decedent's movies and her personal relationships have been a major focus of interest by students of American popular culture.

6. Decedent, at the time she executed her Last Will and Testament, was aware of her extraordinary standing in popular culture. Decedent specifically provided that all her personal effects, including, but not limited to her correspondence, were to be considered as part of her estate.

7. Petitioner has sought to identify and to return to the estate all decedent's personal effects at the time of her death.

8. On or about September 29, 1988, petitioner was informed that respondent SWANN GALLERIES, INC., had obtained a letter which belonged to and was in possession of the decedent at the time of her death. Petitioner was also informed that the letter was addressed to "Dear Joe", Joseph DiMaggio, decedent's former husband and one of baseball's premier center fielders.

9. Respondent SWANN GALLERIES, INC., has scheduled the letter to be auctioned on or about October 25, 1988. Said auction is indeed scheduled to take place at the SWANN GALLERIES, INC., 104 East 25th Street, on Tuesday, October 25, 1988 at 6:00 p.m. (Photocopy of auction pamphlet, cover pages and pages describing "Dear Joe" letter, annexed hereto as Exhibit A.)

10. Respondent SWANN GALLERIES, INC.'s auction pamphlet confirms that the letter belonged to and was in decedent's possession by the statement that the letter was

removed from decedent's desk that day after her death. (Exhibit A, number 170.)

11. The respondent SWANN GALLERIES, INC. has refused to dislose the seller of the letter, therefore, the designation "John Doe" as respondent.

12. Upon information and belief, respondent at this time still has in its possession the aforesaid letter or knows who does have it or will have it in its possession or on its premises on October 25, 1988 which should be delivered to petitioner as Executor of the Last Will and Testament of the decedent for the benefit of the beneficiaries of the Estate. Said letter should be delivered to the offices of Irving P. Seidman, P.C., serving as special litigation counsel to the Estate of MARILYN MONROE or to the Executor of the Estate of MARILYN MONROE.

13. Petitioner requires possession of the Personal Property in order to properly administer the Estate of decedent.

14. There are no other persons interested in this application or proceeding.

15. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the petitioner prays for an inquiry respecting the aforesaid personal property and the respondents SWANN GALLERIES, INC. and "JOHN DOE" (the purported owner of the subject property whose identity is not known to petitioner), be ordered to attend the inquiry and be examined accordingly and to

MM-0007081

deliver to petitioner the said property in their control, and for an order enjoining the respondents and all other persons, known or unknown, acting on their behalf, from displaying, offering for sale, making any transfer, assignment or other disposition of the property which is the subject of this inquiry, pending the final determination of this Application and Proceeding and for such other and further relief as may be just and proper.

AARON R. FROSCH

STATE OF NEW YORK )
                  )   ss.:
COUNTY OF NEW YORK )

AARON R. FROSCH being sworn says: I am the Petitioner in the action herein; I have read the annexed Petition for an Order pursuant to SCPA §2103; know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

My belief as to those matters therein not stated to knowledge, is based upon the books and records of the Estate.

_____
AARON R. FROSCH

Sworn to before me this
20th day of October, 1988.

_____
NOTARY PUBLIC

STEPHANIE L. ASTON-JONES
Commissioner of Deeds, City of New York
No. 1-3197
Cert. Filed in New York County
Commission Expires Jan 1, 1990

- 5 -

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------x
Application of AARON R. FROSCH, as Executor
of the Last Will and Testament of
MARILYN MONROE, Deceased, for and Order         : File No.
to Discover Personal Property Withheld          : P 2781/62
and Belonging to Decedent,
                                                :
                                 Petitioner,
                                                : AFFIDAVIT
            -against-
                                                :
SWANN GALLERIES, INC., and
"JOHN DOE",                                     :

                                 Respondents. :
------------------------------------------------x

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

      AARON R. FROSCH, being duly sworn, make the following statement:

      1. I am the Executor of the Last Will and Testament of MARILYN MONROE and the Petitioner in this proceeding. I make this Affidavit in support of my application to compel respondents, SWANN GALLERIES, INC. and "JOHN DOE" (the purported owner of the subject property whose identity is not known to petitioner), to attend an inquiry respecting decedent MARILYN MONROE's personal property and be examined accordingly and to deliver to petitioner the said property in its control, and be preliminarily enjoined from displaying, offering for sale, making any transfer, assignment or other disposition of the property which is the subject of the inquiry pending the final determination of this application and proceeding.

      2. On or about September 29, I became aware that

respondent SWANN GALLERIES, INC. had obtained a letter which based on information and belief belonged to and was in possession of MARILYN MONROE at the time of her death.

3. Respondent SWANN GALLERIES, INC. provided an auction pamphlet describing the letter as being addressed "Dear Joe," to MARILYN MONROE's former husband, and having been removed from MARILYN MONROE's desk the day after her death. (Exhibit A, number 170.)

4. Respondent SWANN GALLERIES, INC. also provided a "Statement of Provenance" from Fred Lawrence Guiles, a previous possessor of the letter, confirming that Guiles had received the letter from the person who had removed the letter from MARILYN MONROE's desk the day after her death. (Statement of Provenance, number 6, annexed hereto as Exhibit B.)

5. Subsequently, respondent "JOHN DOE" (the purported owner of the subject property whose identity is not known to petitioner), through his counsel Thomas Ranew, Jr., Esq. notified his intention to auction the above-referenced letter. (Letter from Thomas C. Ranew, Jr., Esq. to Irving P. Seidman, P.C., dated October 13, 1988, annexed hereto as Exhibit C.)

6. Upon information and belief, respondent "John Doe" intends to sell the letter at auction on October 25, 1988 at the offices of respondent SWANN GALLERIES, INC., 104 East 25th Street, New York, New York at 6:00 p.m. It is likely that if the letter is sold it would be irretrievable and might be purchased by a nominee on behalf of the actual purchaser. Under such

MM-0007085

circumstances, petitioner would be unable to ascertain the identity of the true possessor for the purposes of obtaining jurisdiction over said person.

7. This letter is obviously unique and irreplaceable, and I am fearful that this asset of the Estate of MARILYN MONROE will be irretrievably and irrevocably lost if this Court were not to enjoin the proposed sale and conduct the proceedings called for herein.

8. The reason I have asked for a temporary restraining order is to prevent this irreparable damage to the Estate.

9. No prior application has been made to this or any other court for the relief requested.

WHEREFORE, I respectfully pray for an inquiry respecting the aforesaid personal property and the respondents SWANN GALLERIES, INC. and "JOHN DOE" (the purported owner of the subject property whose identity is not known to petitioner), be ordered to attend the inquiry and be examined accordingly and to deliver to petitioner the said property in their control, and for an order preliminarily enjoining the respondents and all other persons, known or unknown, acting on their behalf, from displaying, offering for sale, making any transfer, assignment or other disposition of the property which is the subject of this inquiry, pending the final determination of this Application and

MM-0007086

Proceeding and for such other and further relief as may be just and proper.

AARON R. FROSCH

Sworn to before me this
20th day of October, 1988.

NOTARY PUBLIC

STEPHANIE L. ASTON-JONES
Commissioner of Deeds, City of New York
No. 1-3197
Cert. Filed in New York County
Commission Expires Jan 1, 1990

- 4 -