# EXHIBIT 118

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

FILE NO: P 2781/1962

CITATION

THE PEOPLE OF THE STATE OF NEW YORK
BY THE GRACE OF GOD FREE AND INDEPENDENT

TO: Anton Okns, Continental Insurance Co, the Attorney General of the State of New York, Ana Strasberg, The Anna Freud Centre, Annak. Wolff, H.A Stroock, Stroock + Lavan, respectively:

A Petition having been duly filed by Nancy Miracle, who is domiciled at 59 W 10th Street New York, New York 10011,

YOU ARE HEREBY CITED TO SHOW CAUSE before the Surrogate's Court, New York County, at Room 509, 31 Chambers Street, New York, on May 14th, 2002, at 10:00 a.m., why a decree should not be made in the Estate of Marilyn Monroe, deceased, opening, vacating and setting aside (1) a decree of this Court, dated October 30, 1962, granting Letters Testamentary to Aaron R. Frosch, (2) a decree of this Court, dated October 3, 2000, granting Letters of Administration C.T.A. to Anna Strasberg, (3) various decrees of this Court settling the accounts of the said Aaron R. Frosch and Anna Strasberg in their capacities as personal representatives of the Estate of Marilyn Monroe, and (4) awarding the payment of damages to Petitioner, Nancy Miracle, by said personal representatives of the Estate of Marilyn Monroe for injuries sustained by the said Nancy Miracle on account of the actions of said personal representatives (as more fully set out in the attached Petition of Nancy Miracle).

Dated, Attested and Sealed this 21st day of March, 2002.

HON. **RENEE R. ROTH**
Surrogate, County of New York

*June Passenant*
Clerk of the Surrogate's Court

This Citation is served upon you as required by law. You are not obliged to appear in person. You have the right to have an attorney appear for you. If you fail to appear, it will be assumed that you do not object to the relief requested.

AMENDMENT INCL. COPY OF WILL + OTHER INTERESTED PARTIES + THEIR INTEREST

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------X
In the Matter of the Application of Nancy Miracle
(the "Petitioner") to Open, Vacate, and Set Aside
the Decrees of this Court, Dated October 30, 1962,
Granting Letters Testamentary to Aaron R. Frosch,
and Dated October 3, 2000, Granting Letters of
Administration C.T.A. to Anna Strasberg, on the
Goods, Chattels, and Credits which were of Nancy
Cusumano, also known as Norma Jean Baker, and
also known, and previously represented to this Court,
as Marilyn Monroe, Deceased (the "Decedent")
and to Open, Vacate, and Set Aside Decrees
of this Court Settling the Accounts
of said Aaron R. Frosch, as such Executor, and
of said Anna Strasberg, as such Administratrix C.T.A.
----------------------------------------------------------------X

INDEX NO.
P 2781/1962

PETITION OF
NANCY MIRACLE

TO THE SURROGATE'S COURT, COUNTY OF NEW YORK:

Pursuant to the provisions of Section 711 of the Surrogate's Court Procedure Act of the Laws of the State of New York (the "SCPA"), and all related provisions of the SCPA, the Petitioner hereby alleges as follows:

1. Petitioner is domiciled at _59 W 10th St (3E)_ County of _New York_, City of _New York_, State of _New York_.

2. Petitioner is the sole surviving child of the Decedent and as such is the next of kin and distributee of the Decedent, and therefore a person interested in this proceeding within the meaning of SCPA Section 711.

3. On August 5, 1962, the Decedent died a domiciliary of New York County, State of New York.

4. Shortly after the death of Decedent, the said Aaron R. Frosch filed with this Court a petition for the probate of the last will and testament of Marilyn Monroe (the "probate petition") seeking his appointment as Executor of the Decedent's estate (the "Estate").

5. On October 30, 1962, this Court, relying on the allegations of the probate petition, granted Letters Testamentary on the Estate to the said Aaron R. Frosch.

6. On information and belief (inasmuch as this Court's files containing the probate petition of the said Aaron R. Frosch are now apparently missing based on information supplied to Petitioner by the records division of this Court), in the probate petition filed with this Court by the said Aaron R. Frosch, Mr. Frosch made, *inter alia*, the following allegations:

(a) That the Decedent's name was Marilyn Monroe, and

(b) That the Decedent died leaving no surviving children.

7. Both of the above allegations by the said Aaron R. Frosch were false inasmuch as (i) the Decedent's true name was Nancy Cusumano, according to the records maintained by the United States Social Security Administration, and (ii) the Petitioner is the sole surviving child of the Decedent.

8. Upon information and belief, the said Aaron R. Frosch made no effort to ascertain the true name of the Decedent.

9. Upon information and belief, the said Aaron R. Frosch made no effort to ascertain and locate the next of kin and distributees of the Decedent, and did not advertise in any newspaper for that purpose, but immediately after Decedent's death, filed the probate petition with this Court seeking his appointment as Executor of the Estate.

10. The Petitioner was never served with any citation in the said proceeding to obtain Letters Testamentary, and no jurisdiction over the Petitioner was ever obtained by this Court.

11. Upon information and belief, the said Anna Strasberg, in applying for Letters of Administration C.T.A of the Estate, neither attempted to advise this Court of the falsity of the allegations described in Paragraph 6, above, nor ever

caused citations or other notice of her petition seeking her appointment as Administratrix C.T.A. of the Estate to be served upon Petitioner.

12. On information and belief, the said Aaron R. Frosch and the said Anna Strasberg, in obtaining said Letters Testamentary and Letters of Administration C.T.A., respectively, and in thereafter administering the Estate, acted negligently and fraudulently and in total disregard of the rights of Petitioner and with the design of depriving Petitioner of her reasonable expectation of sharing in the Estate.

13. Upon information and belief, on at least three separate occasions, the said Aaron R. Frosch and Anna Strasberg have presented petitions to this Court praying for the judicial settlement of their accounts as Executor and Administratrix, C.T.A., respectively, of the Estate (herein referred to as the "Estate Accounting Petitions"). In the case of each of the Estate Accounting Petitions, the Petitioner was omitted from the recitals therein of persons who were either (i) interested in the Estate, or (ii) a next of kin of Decedent, or (iii) a distributee of Decedent.

14. Upon information and belief, in none of the Estate Accounting Petitions is there any statement of facts which would give rise to a presumption of diligent search for Decedent's next of kin and/or distributees.

15. Thereafter, this Court, relying upon the allegations contained in the Estate Accounting Petitions, settled and approved the accounts of said personal representatives as set forth therein.

16. Inasmuch as the Estate Accounting Petitions omit acknowledgement of Petitioner as the child of Decedent, and inasmuch as Petitioner neither received any notice of the filing of the Estate Accounting Petitions nor was otherwise aware of their pendency, the Estate Accounting Petitions were submitted on the basis of false allegations therein and made in fraud of the legitimate rights of Petitioner in the Estate.

17. To the best of the Petitioner's knowledge, information and belief, the names of all persons interested in this proceeding who are required to be cited on the filing of this Petition, together with their places of residence and post office addresses, are as follows:

MM-0007510

(a) Anton O. Kris and Anna Kris Wolff, pursuant to the Authorization of the Anna Freud Center, the Authorization of Anton O. Kris and the Authorization of Anna Kriss Wolff, who reside at _21 MARES field GARDENS_ _HAMSTEAD, ; LONDON NW3 5SD ENGLAND_

(b) Continental Insurance Company, a domestic corporation, the surety on the bond of said Anna Strasberg, as Administratrix C.T.A. of the Estate, the principal office of which is at _Surety Dept_ , _39 Bway #60 NY NY 10006_;

(c) The Attorney General of the State of New York, whose service address is _120 Bway_ , _New York_ , _New York_; and _(GovT Agency) on Behalf of the Anna Freud Centre_

(d) Anna Strasberg, who resides at _135 Central Park West_ _New York, NY_ , _10023_ . _75% Residue_

(e) _THE ANNA FREUD CENTRE_ _25% RESIDUE_ _(Beneficiary Organization)_ _21 Mares field Gardens_ _Hampstead, London_ _NW3 5SD ENGLAND_

(f) _STROOCK, STROOCK + LAVAN_ _NONE Attorneys for_ _Marjorie M. Frosch, Executrix Estate of Aaron R. Frosch_ _180 Maiden Lane, New York, NY 10038_

18. To the best of the Petitioner's knowledge, information and belief, there are no persons other than those above named who are interested in this proceeding, and all of the above named persons are of sound mind and all are of full age.

WHEREFORE, Petitioner prays that the persons named above may be cited to show cause why an Order should not be made by this Court to (1) open, vacate and set aside the decree of this Court granting Letters Testamentary to Aaron R. Frosch, as Executor of the Estate of Marilyn Monroe, (2) open, vacate and set aside the decree of this Court granting Letters of Administration C.T.A. to Anna Strasberg, as Administratrix C.T.A. of the Estate of Marilyn Monroe, (3) direct judgment against Aaron R. Frosch, individually, and as Executor of the Estate of Marilyn Monroe, in the sum of One Hundred Million Dollars ($ 100,000,000.00), with interest thereon, (4) direct judgment against Anna Strasberg, individually, and as Administratrix C.T.A. of the Estate of Marilyn

Monroe, and against Continental Insurance Company, as surety on said Administratrix's Bond, in the sum of One Hundred Million Dollars ($ 100,000,000.00), and (5) grant such other and further relief as to this Court shall seem just and proper.

PETITIONER:

*Nancy Miracle*
Nancy Miracle

STATE OF NEW YORK
COUNTY OF NEW YORK

Nancy Miracle, being duly sworn, deposes and says that she is the Petitioner in the within Petition, that she has read the foregoing Petition and knows the contents thereof, and that the same is true of her own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, she believes them to be true.

AMENDED
*Nancy Miracle*
NANCY MIRACLE

*Nancy Miracle*
NANCY MIRACLE

Sworn to and subscribed before me this 26th day of February, 2002.

_____
NOTARY PUBLIC

SHERIE YEUNG
Notary Public, State of New York
No. 01YE5019673
Qualified in New York County
Commission Expires October 25, 20__

On the 26th day of February, 2002, before me came Nancy Miracle, the Petitioner in the within Petition, and, being duly sworn, states that she has read the foregoing Petition and knows the contents thereof, and that the same is true to her own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, she believes them to be true

SHERIE YEUNG
Notary Public, State of New York
No. 01YE5019673
Qualified in New York County
Commission Expires October 25, 20__

_____
NOTARY PUBLIC.

MM-0007512