# EXHIBIT R

**Tal Dickstein**

| | |
|---|---|
| **From:** | Susan Rosner on behalf of Paula Colbath |
| **Sent:** | Monday, December 03, 2007 5:19 PM |
| **To:** | 'c.serbagi@earthlink.net'; 'dmmlitigates@yahoo.com' |
| **Cc:** | Martin Pollner; Barry Slotnick; Jonathan Neil Strauss; Paula Colbath; Ted J. Minch |
| **Subject:** | Outstanding Discovery Disputes |

Chris,

We received Plaintiffs' November 29th Responses and Objections to Defendants' Third Set of Document Requests, as well as a production of documents on November 30, 2007. Although we have not yet reviewed your document production in detail, pursuant to Magistrate Judge Fox's July 6, 2006 order, we write to raise several concerns with your responses and objections in an attempt to amicably resolve the dispute without Court intervention.

Plaintiffs objected to each and every document request on grounds of privilege or work-product immunity. Defendants request that Plaintiffs produce a log of all documents withheld on the basis of privilege or work-product immunity so that we can properly evaluate those objections.

In paragraph 14 of your responses and objections, "Plaintiffs "object[ed] to the production of any documents other than: (i) documents pertaining to Sam Shaw photographic images illustrated in the publications specifically referenced in paragraphs 23 and 25 of Defendants Third Amended Complaint; or (ii) documents pertaining to plaintiffs First, Second and Ninth Cause of Action set forth in their Second Amended Complaint and defendants affirmative defenses thereto." However, Defendants' requests are not limited to photographic images specifically referenced in paragraphs 23 and 25 of their Third Amended Complaint. (See, e.g., Request Nos. 1-10, 35-39). Indeed, the Third Amended Complaint itself alleges that other Shaw photographs have entered the public domain. (See, e.g., Paras. 24, 35). We therefore request that you respond fully to Defendants Third Set of Document Requests without artificially narrowing their scope.

Plaintiffs objected to Document Request No. 6, which seeks "All communications with Marilyn Monroe concerning any of the Monroe/Shaw Photographs, including without limitation" certain sets of photographs. This is a specific and well defined request, not a "fishing expedition." In addition, it is clearly calculated to lead to the discovery of admissible evidence. Typically, when professional photographers take photos of models or celebrities in a set, the photographer has the subject sign a release or some other exchange of correspondence setting forth the nature of the relationship. Further, it is inconceivable that any correspondence which would be at least 45 years old could be subject to privilege or work product immunity. We therefore ask that you produce all documents responsive to this request.

Plaintiffs objected to Document Request 15, which seeks "All agreements and/or assignments concerning the Flying Skirt Photographs, including but not limited to any and all correspondence and/or agreements with 20th Century Fox, Billy Wilder or any of the producers of 'The Seven Year Itch.'" This is also a straightforward request that is neither overbroad nor vague. It goes directly to the merits of Plaintiffs' claim of ownership of the copyrights to those photographs. In addition, there can be no privilege in an exchange of documents between

Shaw and third parties. We therefore ask that you produce all documents responsive to this request.

Plaintiffs objected to Document Request No. 33, which seeks "All documents relating to Marilyn Monroe's domicile," on the grounds that "it is overly broad, unduly burdensome, vague, ambiguous, seeks documents not reasonably calculated to lead to the discovery of admissible evidence and is tantamount to a fishing expedition." Given the central role that Marilyn Monroe's domicile now plays in this litigation, and the rapidly approaching trial date, we fail to see how this straightforward request is objectionable on any of those grounds. We therefore ask that you produce all documents responsive to this request, and that you provide written confirmation that you have produced all documents responsive to this request (other than those properly included in a privilege log).

Today we received a complete copy of "Plaintiffs' November 30th Responses and Objections to Defendants' Second Set of Interrogatories."  Obviously, we have not had sufficient time to evaluate your responses and objections.

We are available to discuss these matters in an effort to resolve the dispute without further involvement of the court.

Yours,

Paula Colbath

3/24/2008