# EX. I

FORM 941   (REV. 9-60) z   **EMPLOYER'S QUARTERLY FEDERAL TAX RETURN**   COPY FOR EMPLOYER

TYPE OR PRINT ON THIS COPY EMPLOYER'S IDENTIFICATION NUMBER, NAME ADDRESS AND PERIOD FOR WHICH THE RETURN IS FILED

MARILYN MONROE PRODUCTIONS, INC.
444 East 57 Street
New York 22, New York

131813335
EMPLOYER'S IDENTIFICATION NUMBER

Dec. 31  1960
RETURN FOR CALENDAR QUARTER ENDING

IF NOT LIABLE FOR RETURNS IN SUCCEEDING QUARTERS WRITE "FINAL" HERE

| | | | |
|---|---|---|---|
| FEDERAL INCOME TAX WITHHELD FROM WAGES | 1. AMOUNT WITHHELD (If not required to withhold, write "None")-- | 5,830 35 | 3. ADJUSTED TOTAL OF INCOME TAX WITHHELD 5,830 35 |
| | 2. ADJUSTMENT FOR PRECEDING QUARTERS OF CALENDAR YEAR-- | | |
| FEDERAL INSURANCE CONTRIBUTIONS ACT TAXES | 4. TOTAL TAXABLE WAGES PAID (From Item 21, Schedule A) ----- | 2,225 00 | 7. ADJUSTED TOTAL OF F. I. C. A. TAXES |
| | 5. SIX PERCENT (6%) OF WAGES IN ITEM 4 ------------- | 133 50 | 133 50 |
| | 6. ADJUSTMENT (See instructions) ------------------- | | |
| TOTALS | 8. TOTAL TAXES (Item 3 plus Item 7)---------------------- | 5,963 85 | IMPORTANT—KEEP THIS COPY AND A COPY OF EACH RELATED SCHEDULE OR STATEMENT |
| | 9. TOTAL OF ENCLOSED DEPOSITARY RECEIPTS (From Schedule B, other side)-------- | 3,728 60 | |
| | 10. BALANCE DUE (Item 8 minus Item 9) PAY TO "INTERNAL REVENUE SERVICE" ------ | 2,235 25 | |

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010428

## SCHEDULE B—DEPOSITARY RECEIPT RECORD

Schedule B must be used by those employers who make deposits of income tax withheld and/or both the employer and employee tax under the Federal Insurance Contributions Act. Every employer who is liable for more than $100 of these taxes during a month is required to deposit such taxes within 15 days after close of such month, in a Federal Reserve Bank, or an authorized local bank. Such deposits for the third month of any quarter, and deposits of $100 or less, are permissible but not required. Each deposit should be accompanied by a Receipt Form 450 or 450-A which will be validated by the Federal Reserve Bank and returned to the employer. Validated receipts should be listed in Schedule B and enclosed with this return, together with such other remittances as may be necessary to pay total taxes shown in Item 10 on other side. Credit for deposits will not be allowed unless validated receipts on Form 450 or 450-A are enclosed. A penalty is provided by law for failure to make such deposits. Detailed instructions will be found in Circular E.

| SERIAL NO. OF FORM 450 | DATE OF DEPOSIT (LIST IN DATE ORDER) | AMOUNT |
|---|---|---|
| 7571633 | 11/25/60 | 1,827.50 |
| 7788492 | 1/5/61 | 1,901.10 |
| | | |
| | | |
| | TOTAL OF ALL ENCLOSED DEPOSITARY RECEIPTS – (Enter in Item 9 on other side) | 3,728.60 |

© GPO : 1960 O—564229

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010429

State of California
Department of Employment
800 Capitol Avenue
Sacramento 14, California

# ASSESSMENT FOR EXTENDED DURATION TAX
### Levied Under Section 3803 of the Unemployment Insurance Code
### PLEASE SEE EXPLANATION ON THE BACK OF THIS FORM

| ACCOUNT NUMBER | ASSESSMENT DATE | TAX YEAR | TAXABLE WAGES | TAX RATE | THIS AMOUNT DUE AND PAYABLE IMMEDIATELY |
|---|---|---|---|---|---|
| 143 0340 | 05 25 61 | 1960 | 3,740 | 0.20 % | $ 7.48 |

Penalty of 10% and interest of ½% per month, or fraction thereof, will be due if the above amount is not paid by

MARILYN MONROE PRODUCTIONS INC
444 EAST 57TH STREET
NEW YORK 22 N Y

06 24 61

MAKE CHECK PAYABLE TO    DEPARTMENT OF EMPLOYMENT

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010430

FORM 1331-B
(JULY 1960)
Form approved by
Comptroller General, U.S.
April 11, 1957

# NOTICE OF ADJUSTMENT

SCHEDULE NO.

61-670

SERIAL NO.

YOUR TAX RETURN FORM NO.

**941**

TAXABLE PERIOD

**12-31-60**

NAME AND ADDRESS OF TAXPAYER

Examination of your tax return, filed for the period shown discloses assessments in excess of your correct liability. Details of these overassessments, including adjustments, are indicated in Section I below. Adjustments to your accounts, including the amount of refund, if any, shown below, are detailed in Section II.

Marilyn Monroe Produtions
Inc.
444 E. 57 St
New York 22, N Y

**Refund Amount**

$ 1,506.95

Check enclosed if amount is
Shown above.

---

## SECTION I - COMPUTATION OF OVERASSESSMENTS

Acct- I 104/65/61 L

Overpayment on Form 941- $1493.35

---

## SECTION II - DISPOSITION OF OVERASSESSMENTS AND OVERPAYMENTS

DATE  3-28-61        PREPARED BY

| | | | |
|---|---|---|---|
| **1. Refund Amount** | Tax amount shown is the refundable portion of your payments in excess of your correct liability after crediting accounts as shown below. Any portion of the total interest allowable, not applied as a credit to other accounts, is included in the refund amount shown above. | A. Tax | $ 1493.35 |
| | | B. Interest | 13.60 |
| | | C. Total Refunded | $ 1506.95 |
| **2. Credit of Overpayment and/or Abatement of Overassessment** | Your accounts shown below have been reduced by the amount of any overpayment or overassessment shown as credited hereto. This is not refundable. | A. Tax | $ |
| | | B. Interest | |
| | | C. Total Credited | $ |

| TAX PERIOD - ACCOUNT NUMBER | AMOUNT CREDITED | DATE 1/ | |
|---|---|---|---|
| | | | Interest allowed on any overpayment refunded or credited to other taxes is taxable income and must be included in your income tax return for the year in which received or applied as credit to other taxes or, if your income is reported on the accrual basis, in the year in which the right to such interest was established. |

1/ Dates shown are terminal dates for interest allowed.

COMPLETED BY

DISTRICT        MANHATTAN

DISTRICT DIRECTOR OF INTERNAL REVENUE

DATE   2 1961

FORM 1331-B (7-60) PART 1

---

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010431

U.S. Treasury Department
Internal Revenue Service

# Form 17

**This Copy Is For Your Records**

(1) "P" denotes penalty
"I" denotes interest

This bill is a notice of unpaid Federal tax and is sent to you in accordance with law. Your return has not been audited. Changes which have been made as a result of a preliminary examination are included in this statement and the reason indicated by the Item number shown above. You will be saved inconvenience and further expense by making payment of the "Balance due" within ten days of the date of this notice. If payment is not received by that time, your account will be assigned to a Revenue Officer who will take the necessary action to enforce collection as authorized by law.

*See the reverse of this notice for the class of tax.

_____ PRODUCTIONS INC

| Reference and date | Assessment (1) | Account Number | Amount paid |
|---|---|---|---|
| | | 3 87 5 2 51 | |

| Tax due on Form | See item on the reverse of this notice for the reason, if changes were made on your return. |
|---|---|
| Tax Return* | |
| Balance due | |

*Paid*
4/13/61
$174

## Statement of Tax Due on Federal Tax Return

Should you find it necessary to inquire about your account please bring this notice with you or refer to the account number listed in the name and address block above.

This copy together with your canceled check or money order stub will serve as a receipt for the amount of payment.

Date of this notice

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010432

FORM 941 EMPLOYER'S QUARTERLY FEDERAL TAX RETURN    COPY FOR EMPLOYER

| | | | | |
|---|---|---|---|---|
| TYPE OR PRINT ON THIS COPY EMPLOYER IDENTIFICATION NUMBER, NAME, ADDRESS AND PERIOD FOR WHICH THE RETURN IS FILED | MARILYN MONROE PRODUCTIONS INC<br><br>444 E 57 ST<br>NEW YORK    22 N Y | | 131813335<br>EMPLOYER IDENTIFICATION NUMBER<br><br>MAR 31 61<br>RETURN FOR CALENDAR QUARTER ENDING<br><br>IF NOT LIABLE FOR RETURNS IN SUCCEEDING QUARTERS WRITE "FINAL" HERE | |

| | | | | |
|---|---|---|---|---|
| FEDERAL INCOME TAX WITHHELD FROM WAGES ▶ | 1. AMOUNT WITHHELD (If not required to withhold, write "None")-- | 442 \| 00 | 3. ADJUSTED TOTAL OF INCOME TAX WITHHELD | 442 \| 00 |
| | 2. ADJUSTMENT FOR PRECEDING QUARTERS OF CALENDAR YEAR-- | ~ | | |
| FEDERAL INSURANCE CONTRI- BUTIONS ACT TAXES ▶ | 4. TOTAL TAXABLE WAGES PAID (From Item 21, Schedule A) ----- | 3 055 \| 00 | 7. ADJUSTED TOTAL OF F. I. C. A. TAXES | |
| | 5. SIX PERCENT (6%) OF WAGES IN ITEM 4 --------------- | 183 \| 30 | | 183 \| 30 |
| | 6. ADJUSTMENT (See instructions) ------------------------ | | | |
| TOTALS ▶ | 8. TOTAL TAXES (Item 3 plus Item 7)~----------------------- | | | 625 \| 30 |
| | 9. TOTAL OF ENCLOSED DEPOSITARY RECEIPTS (From Schedule B, other side)-------- | | | 328 \| 41 |
| | 10. BALANCE DUE (Item 8 minus Item 9) PAY TO "INTERNAL REVENUE SERVICE" ------ | | | 296 \| 90 |

IMPORTANT—KEEP THIS COPY AND A COPY OF EACH RELATED SCHEDULE OR STATEMENT

*Paid*
*4/13/61  # 171*

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010434

## SCHEDULE B—DEPOSITARY RECEIPT RECORD

Schedule B must be used by those employers who make deposits of income tax withheld and/or both the employer and employee tax under the Federal Insurance Contributions Act. Every employer who is liable for more than $100 of these taxes during a month is required to deposit such taxes within 15 days after close of such month in a Federal Reserve Bank, or an authorized local bank. Such deposits for the third month of any quarter, and deposits of $100 or less, are permissible but not required. Each deposit should be accompanied by a Receipt Form 450 or 450-A which will be validated by the Federal Reserve Bank and returned to the employer. Validated receipts should be listed in Schedule B and enclosed with this return, together with such other remittances as may be necessary to pay total taxes shown in Item 10 on other side. Credit for deposits will not be allowed unless validated receipts on Form 450 or 450-A are enclosed. A penalty is provided by law for failure to ～ke such deposits. Detailed instructions will be found ～cular E.

| SERIAL NO. OF FORM 450 | DATE OF DEPOSIT (LIST IN DATE ORDER) | AMOUNT |
|---|---|---|
| 7925671 | 2/16/61 | 164.20 |
| 8075626 | 3/13/61 | 164.20 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTAL OF ALL ENCLOSED DEPOSITARY RECEIPTS – (Enter in Item 9 on other side) | | 328.40 |

GPO : 1961 O—578438

REPORT OF WAGES TAXABLE UNDER THE FEDERAL INSURANCE CONTRIBUTIONS ACT (FOR SOCIAL SECURITY)

SCHEDULE A
(Form 941)
(Rev.Jan. 1961)
U.S. Treasury Department
Internal Revenue Service
DUPLICATE

If print in this space employer identification number, address, and the last day of the calendar quarter for which this return is filed, exactly as shown on original.

Marilyn Monroe Productions Inc.
444 East 57th Street
New York 22, New York

131813335

Mar. 31, 1961

11. If there has been a change of ownership or other transfer of the business during the quarter, give the name of the present owner (individual, partnership, or corporation) and the date change took place.

～～ IN THE FUTURE (other than agricultural or household) □ Yes □ No ～～ on Form 941, check appropriate ～～

14. Total pages of this return, including this page, and any pages of Form 941a.

If wages were not taxable under the F.I.C.A. make no entries in Items 11, 12 and below except in Items 13. See instructions.

15. Total number of employees listed ～～ of persons

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010435

# REPORT OF WAGES TAXABLE UNDER THE FEDERAL INSURANCE CONTRIBUTIONS ACT (FOR SOCIAL SECURITY)

print in this space employer identification number, address, and the last day of the calendar quarter for uch this return is filed, exactly as shown on original.

**SCHEDULE A**
(Form 941)
(Rev. Jan. 1961)
U.S. Treasury Department
Internal Revenue Service
**DUPLICATE**

Marilyn Monroe Productions Inc.    131813335
444 East 57th Street
New York 22, New York                     Mar. 31, 1961

If wages were not taxable under the F.I.C.A. make no entries below except in items 11, 12 and 13. See instructions.

11. If there has been a change of ownership or other transfer of the business during the quarter, give the name of the present owner (individual, partnership, or corporation) and the date change took place.

12. DO YOU EXPECT TO PAY TAXABLE WAGES IN THE FUTURE (other than agricultural or household)?  ☐ Yes  ☐ No
If "No," write "Final Return" at right of your name above and on Form 941, check appropriate block and furnish the other information requested below:
☐ (1) Business discontinued   ☐ (2) Business transferred   ☐ (3) Change in   ☐ (4) Moved to other district
to successor                   organization
☐ (5) Discharged all employees   ☐ (6) Other (Specify) _____
but continued in business
Date of final payment of taxable wages (other than agricultural or household) ...................., 19....
13. Do you expect to pay taxable wages within the next 6 months to a household employee?  ☐ Yes  ☐ No

14. Total pages of this return, including this page and any pages of Form 941a . . . . . . .

15. Total number of employees listed . . . . . . .

16. Number of persons employed during pay period ending nearest 15th of third month in quarter except agricultural and household employees . . . . . .

List for each employee, except agricultural employees, the WAGES taxable under the Federal Insurance Contributions Act (for Social Security) which were paid during the quarter. If you pay an employee more than $4,800 in a calendar year, report ONLY THE FIRST $4,800 of such wages.

| EMPLOYEE'S SOCIAL SECURITY ACCOUNT NUMBER (If number is unknown, see Circular E) (17) | | | NAME OF EMPLOYEE (Please type or print) (18) | WAGES TAXABLE UNDER F.I.C.A. Paid to Employee in Quarter (Before deductions) (19) | | State or Possession Where Employed (or "Outside" U.S.) (20) |
|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | | Dollars | Cents | |
| 058 | 01 | 3564 | May Reis | 1,600 | 30 | New York |
| 069 | 16 | 1038 | Hedda Rosten | 856 | 05 | New York |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

If you need more space for listing employees, use Schedule A continuation sheets, Form 941a.
Total wages reported in column 19 on this page . . . . . . . . . . . . . $

21. TOTAL WAGES TAXABLE UNDER F.I.C.A. PAID DURING QUARTER
(Total wages in column 19 of this page and continuation sheets) . . . . . . . $ _____  { Enter this total in Item 4 of Form 941.

Page 3

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010436

# INSTRUCTIONS FOR FORM 941

The instructions below relate to the preparing and filing of Form 941. Additional instructions are contained in Circular E. Special instructions for employers of agricultural and household employees also appear on page 2.

Circular E relates to (a) income tax withholding from wages, (b) taxes under the Federal Insurance Contributions Act (for social security), and (c) the Federal unemployment tax. Employers should refer to such circular for information as to the employers and employees who are liable for these taxes, the types of payments defined by law as "wages," the computing and deducting of taxes from wages, how to adjust errors, and other facts employers need to know in order to comply with the law.

Circular E may be obtained from the District Director of Internal Revenue upon request. Employers also may obtain Circular H, "Household Employer's Social Security Tax Guide," and Circular A, "Agricultural Employer's Social Security Tax Guide."

Purpose of Form 941.—This form combines the reporting of income tax withheld from wages and the taxes under the Federal Insurance Contributions Act. If you have only one of these taxes to report, you should fill in only the portions which are applicable to you.

State and local governmental employers should report only income tax withheld on Form 941 and should not file Schedule A. They should make their Social Security payments and reports to the appropriate State officials.

Who must file.—If you have one or more employees you must make a return for the first quarter in which you are required to withhold income tax from wages, or in which you pay wages taxable under the Federal Insurance Contributions Act, and for each quarter thereafter.

If you temporarily discontinue paying wages (for example, seasonal activities), you must nevertheless file returns. If you no longer expect to pay wages subject to any of the taxes reportable on this form you must file a "Final Return." If a business is sold or transferred from one employer to another, both the old and the new employer must file returns, but neither should report wages paid by the other.

After you have once filed a return, a preaddressed Form 941 will be mailed to you every 3 months. If the form should fail to reach you, request a Form 941 so that you can file your return on time.

Sale or transfer of business.—If a business is sold or transferred by one employer to another, each employer must file a separate return. Such a transfer occurs, for example, if a sole proprietor forms a partnership or a corporation. Neither employer should report wages paid by the other employer. If the new employer does not have an identification number, he should not use the identification number assigned to the previous employer, but must file an application on Form SS-4 for a new number for himself. (See Items 11, 12, and 13 of Schedule A.)

Quarterly returns and due dates.—A return must be filed for each quarter of the calendar year as follows:

| Quarter covered | Quarter ending | Due on or before |
|---|---|---|
| January, February, March | March 31 | April 30 |
| April, May, June | June 30 | July 31 |
| July, August, September | Sept. 30 | October 31 |
| October, November, December | Dec. 31 | January 31 |

However, if the return is accompanied by depositary receipts, Form 450 or 450-A, showing timely deposits in full payment of the taxes due for the entire calendar quarter, the return may be filed on or before the tenth day of the second month following the quarter.

Unless already shown on the preaddressed form received, enter in the spaces at the right of the employer's name the last date of the quarter for which the return is filed.

Where to file.—The original of this form is to be sent to the United States District Director of Internal Revenue for the district in which the employer's principal place of business is located, or, if the employer has no principal place of business in an internal revenue district of the United States, or if the employer's principal place of business is in the Panama Canal Zone with the

Director of International Operations, Internal Revenue Service, Washington 25, D.C.

Payment of tax.—Each return Form 941 should be accompanied by Schedule A and the remittance (cash, check, money order, depositary receipt, or combination of these) for the total taxes reported in Item 8.

Employer identification number, name, and address.—Preaddressed Forms 941 should be used in filing returns. If a preaddressed form is lost, request another. If a nonpreaddressed form must be used, type or print in the address block the employer's identification number and name exactly as shown on his previous returns and the last date of the quarter for which the return is filed. Do not use the identification number assigned to a prior owner.

An employer who is required to report F.I.C.A. taxes on Form 941 and who has not applied for an identification number should file with the District Director an application on Form SS-4. Such form may be obtained from the District Director or from any Social Security Administration district office. An employer who is liable for income tax withheld from wages, but who is not liable for F.I.C.A. taxes, will be assigned an identification number by the District Director, without application.

Penalties and interest.—Avoid penalties and interest by making timely returns and payments of tax. The law provides penalties for late filing of a return or for late monthly deposits unless reasonable cause is shown for the delay. If you are late in filing a return or in making a monthly deposit, send a full explanation in writing with your return.

Penalties also are imposed by law for willful failure to pay, collect, or truthfully account for and pay over tax, furnish statements to employees, keep records, make returns, for false or fraudulent returns, or for submitting bad checks.

Item 2. Adjustment of income tax withheld.—Item 2 should be used for the correction of errors made in connection with the withholding of income tax from wages paid in the preceding quarters of the same calendar year. (Consult the District Director before correcting a prior-year error.) Any amount in Item 2 must be explained by a statement enclosed with the return. This statement must set forth:

(a) Explanation of the error which the entry is intended to correct;
(b) The particular return period or periods to which the error relates;
(c) The amount chargeable to each such period; and
(d) The manner in which the employer and employee have settled any overcollection or undercollection of income tax withheld.

Item 6. Credit or adjustment of taxes under Federal Insurance Contributions Act.—Entries in Item 6 should be made for the correction of underpayments or overpayments of F.I.C.A. tax as reported on a prior return, or credits for overpayments of penalty or interest paid with respect to such tax for prior periods. If there are both an underpayment and an overpayment to be reported, only the difference between the two should be entered in Item 6. Any amount entered in Item 6 must be explained by a statement enclosed with the return. This statement must set forth:

(a) Explanation of the error which the entry is intended to correct;
(b) The particular return period or periods to which the error relates;
(c) The amount chargeable to each such period;
(d) The tax-return period in which the error was ascertained;
(e) The fact that the employer repaid F.I.C.A. tax overcollected from an employee, if the entry corrects an overcollection of tax; and
(f) If the entry corrects F.I.C.A. tax overcollected from an employee in a prior year, the fact that the employer has obtained from the employee a written statement that the employee has not claimed and will not claim refund or credit of the amount of such overcollection.

(Instructions continued on page 2)

U.S. GOVERNMENT PRINTING OFFICE: 1960—O—567037

Page 4

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010437

IT-2101(1)

**NEW YORK STATE INCOME TAX BUREAU**
**EMPLOYER'S QUARTERLY RETURN OF N. Y. STATE**
**PERSONAL INCOME TAX WITHHELD**

**1961**

| | | |
|---|---|---|
| TAX WITHIN 3 (IF NONE, STATE REASON ON REVERSE SIDE) | 65 | 00 |
| PENALTY | - | |
| TOTAL REMITTANCE | 65 | 00 |

COMPLETE AND RETURN THIS CARD ON OR BEFORE APRIL 30, 196. WITH REMITTANCE FOR TAXES WITHHELD FROM EMPLOYEES FOR THE PERIOD JANUARY 1 TO MARCH 31, 1961.

READ EMPLOYER'S INSTRUCTIONS (FORM IT 2100).

MAKE REMITTANCE PAYABLE TO NEW YORK STATE INCOME TAX BUREAU. MAIL CARD WITH REMITTANCE TO NEW YORK STATE INCOME TAX BUREAU STATE OFFICE BUILDING, ALBANY 1, N. Y.

IF NAME, ADDRESS OR POSTAL ZONE ARE INCORRECT PLEASE CORRECT

**1ST PERIOD DUE APRIL 30 1961**

EMPLOYER'S COPY

MONROE M PRODUCTIONS INC
444 E 57 ST
NEW YORK    22 NY

EMPLOYER'S COPY

IDENTIFICATION NO. CORRECT IF NECESSARY

13 1812325

IF THIS IS A FINAL RETURN, WRITE THE WORDS 'FINAL RETURN' BELOW EMPLOYER'S IDENTIFICATION NUMBER, CHECK APPLICABLE BOX BELOW, GIVE EXPLANATION ON BACK OF CARD, AND FILE FORMS IT2102 AND IT2103.

☐ BUSINESS PERMANENTLY DISCONTINUED    ☐ BUSINESS SOLD    ☐ BUSINESS TEMPORARILY DISCONTINUED    ☐ CEASED PAYING WAGES

THIS IS TO CERTIFY THAT THE AGGREGATE AMOUNT OF TAX WITHHELD AS SHOWN ON THIS RETURN IS CORRECT FOR THE PERIOD REPORTED

SIGNATURE AND YOUR TITLE _____

DATE _____

| NAME 1-8 | DEP SE 20- **KEEP THIS COPY FOR YOUR RECORDS** AMT. | TOTAL REMIT. 58-66 | I | P | L | C | IDENTIFICATION NO. 72-80 |

*Paid 4/13/61 # 17* ✓

**New York State Income Tax Bureau**
**Information For Employers Concerning April 30, 1961**
**Payment of New York State Personal Income Tax Withheld**

A. *Quarterly Returns on Forms IT-2101 are required if an employer paid wages subject to withholding regardless of amount, during any period since April 1, 1960, and regardless of whether wages were paid or taxes withheld during the current quarter.*

B. If no taxes were withheld, please state the reason on the reverse side of the card Form IT-2101.

C. If business is discontinued temporarily, give approximate date of resumption on the reverse side of Form IT-2101.

D. If business is sold or permanently discontinued, send Form IT-2103, Reconciliation of New York State Personal Income Tax Withheld, and Forms IT-2102, Withholding Tax Statements, under separate cover.

E. Under the Income Tax Law the employer must withhold taxes from wages paid to employees in accordance with prepared tax tables. A direct payment of tax on such wages by an employee on a Declaration of Estimated Income Tax or in any other manner does not relieve the employer from the obligation to withhold.

F. Be sure to enclose the pre-addressed Form IT-2101 with your payment.

G. If payment has already been sent for this period, do not return the enclosed Form.

IT-2101.12(1) (2/61)

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010438

# NEW YORK STATE DEPARTMENT OF LABOR
## DIVISION OF EMPLOYMENT
## EMPLOYER'S REPORT OF CONTRIBUTIONS
### COPY TO BE RETAINED BY EMPLOYER

Type or print in this space your Employer Registration Number, name and address exactly as shown on original.

## IMPORTANT
### Read Carefully Instructions on Reverse Side of Employer's Copy

Enter beginning and ending dates of calendar quarter and answer ALL items 1 thru 11 below.

7811-710    SS-1-56    78-72580
MARILYN MONROE PRODUCTIONS INC
444 E 57th St
NEW YORK 22 N Y

56

Report for calendar quarter

begun **January 1, 1961** ended **March 31, 1961**

| | Dollars | Cents |
|---|---|---|
| 1. Total remuneration paid for employment during this quarter. (See Instructions.) | $ 3,055 | 00 |
| 2. LESS: Remuneration included in Item 1 which represents amounts in excess of the first $3,000 paid each worker during the calendar year. (See Instructions.) | $ — | |
| 3. Wages subject to contribution. (Item 1 above less Item 2.) | $ 3,055 | 00 |
| 4. Contributions due. ...3.0...% of Item 3. Enter Rate. (See Instructions.) | $ 91 | 65 |
| 5. Plus: Amounts previously underpaid. (See Instructions.) | $ — | |
| 6. Less: Amounts previously overpaid. (See Instructions.) | $ — | |
| 7. Amount of Remittance. | $ 91 | 65 |

8. Total number of employees earning remuneration during the payroll period ending nearest the 15th of each calendar month of this quarter (include those who earned over $3,000). (See Instructions.)

2 — 1st Month
2 — 2nd Month
2 — 3rd Month

*Paid 4/3/61 #173*

9. If business in New York State was permanently discontinued or sold, in whole or in part, during the calendar quarter covered by this report, answer items below.

a. Date of permanent discontinuance in New York State
..........................................................................

b. Was all or part of business sold?  ☐ All  ☐ Part

Date of sale ............................................................

Name of new owner ................................................

..........................................................................

Address ................................................................

10. Has ownership (i.e., corporation, partnership, individual ownership) changed during the calendar quarter covered by this report? ☐ Yes  ☒ No. If "Yes," explain here:

..........................................................................
..........................................................................
..........................................................................

# THIS COPY MUST BE CAREFULLY PRESERVED BY THE EMPLOYER FOR A PERIOD OF NOT LESS THAN SIX YEARS

*Marilyn Monroe Productions, Inc.*

Requests for additional copies of this form should be directed to:

## DIVISION OF EMPLOYMENT
### UNEMPLOYMENT INSURANCE ACCOUNTS BUREAU
### 800 North Pearl Street
### Albany 1, N. Y.

Make Remittances payable to:

NEW YORK STATE UNEMPLOYMENT INSURANCE FUND

Address:    P.O. Box 1589

Albany 1, N. Y.

IA 5 (8-60)

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010439

## GENERAL INFORMATION

**A. FILING REPORTS**

All employers liable to the New York State Unemployment Insurance Law are required by Regulation to file this form (IA 5) with the contribution due on or before the last day of the first month following the close of the calendar quarter. Reports must be submitted even though no wages were paid during the calendar quarter.

**B. INTEREST ON LATE PAYMENTS**

Late payments of contributions are subject to interest at the rate of ¾ of 1% per month from the due date to the date of payment.

**C. SUPPLEMENTAL REPORT**

A report correcting original information must show DIFFERENCES ONLY between original and corrected figures. It must also be marked "SUPPLEMENTAL REPORT."

**D. REVISIONS IN EMPLOYER IDENTIFICATION**

If the employer's name, business address or registration number is incorrectly shown on the form when received from the Division, make any changes necessary to correct name, address or registration number but do not erase.

**E. MULTI-LOCATIONS OF EMPLOYMENT**

An employer who has more than one place of employment must combine all payrolls of such various places of employment and must submit a single Employer's Report of Contributions (Form IA 5) using the registration number specifically assigned to him for reporting contributions and total wages. Such Employer may be required to also submit an Employer's Industry and Location Report (Form RS 6), listing payroll data by industry and place of employment. Employers, who operate more than one establishment in New York State and are not receiving Form RS 6, must request this form.

## DEFINITIONS

**A. WAGES**

For the purposes of this report, wages, in all cases, means the first three thousand dollars of remuneration paid to an employee by each of his employers during any calendar year.

**B. REMUNERATION**

"Remuneration" means the total amount of every form of compensation for employment directly or indirectly paid to an employee by his employer, including salaries, commissions, bonuses, and the reasonable value of board, rent, housing, lodging or similar advantage received. When gratuities are received by the employee in the course of his employment from persons other than his employer, the value of such gratuities (tips) is to be included as part of his remuneration paid by his employer.

"Remuneration" does NOT include any amounts paid:

1. Under a plan or system providing for retirement or sickness or accident disability for an employee or his dependent;
2. For insurance or annuities to an employee for retirement;
3. By a corporation to an employee, who owns 25% or more of the capital stock of the corporation if no tax is imposed thereon by the Federal Unemployment Tax Act;
4. By an employer, without payroll deduction, of taxes required from his employees under the Social Security Act;
5. By an employer for sickness or accident disability after six complete calendar months following the month in which the employee last worked;

**B. REMUNERATION** (Continued)

6. From or to a trust described in Section 401(a) of the Federal Internal Revenue Code which is exempt from tax under Section 501(a) of such code;
7. Other than cash for services not in the course of the employer's trade or business;
8. To an employee beginning with the month after the 65th birthday of the employee [except vacation or sick pay] for any period in which employee did not work;
9. As dismissal payments;
10. To daytime students including payments for work during vacation periods or on holidays.

**C. REMUNERATION AND WAGES ARE CONSIDERED "PAID"**

Remuneration and wages are regarded as paid, even if not actually paid, in the quarter for which this report is submitted, if such quarter includes the first day on which payment of such remuneration and wages is generally made by the employer, or the day on which payment of such remuneration and wages must be made under any agreement, contract or provision of law, whichever is the earlier.

If no fixed date for payment of such remuneration and wages exists, they are regarded as paid in the quarter for which this report is submitted, if both the amount and the liability of the employer for the payment thereof are unconditionally established during such quarter.

## INSTRUCTIONS

*Item 1*—Enter the total of all remuneration paid to all employees, including amounts in excess of $3,000 per annum (See Definitions "B" and "C," above.)

*Item 2*—Determine for each employee, who received remuneration (see Definition "B" above) of more than $3,000 from the beginning of the year through the end of the quarter being reported, the amount of excess paid during this quarter. Add all such amounts and enter as Item 2. In no case may the figure shown in Item 2 exceed the amount shown in Item 1.

*Item 4*—Enter Contribution Rate.

Each Employer has received notice of his current tax rate. Check your rate and use it in item 4 to calculate your tax. If you do not know your rate, communicate with the Division of Employment, Unemployment Insurance Accounts Bureau, 800 North Pearl St., Albany 1, N. Y. Refer to your Employer Registration Number.

*Item 5*—Enter payment for amounts previously underpaid. This includes payment of contributions due, interest and penalty. Attach Statement or other document from this Division requiring such payment.

Adjustment of wages for previous calendar quarters should not be made here but must be reported on separate forms IA 5 for each calendar quarter to which the adjustment applies. Such reports shall be marked "Supplemental Report."

*Item 6*—Enter deductions for amounts previously overpaid. Substantiate deductions by a Statement or other document from this Division authorizing such deductions.

*Item 8*—Enter the total number of employees covered by the law and earning remuneration (see Definition "B" above) during the payroll period ending nearest the 15th of each caledar month of the quarter. Include those employees who have already earned more than $3,000 during this calendar year. This figure is the total of all employees on weekly and semi-monthly payrolls ending nearest the 15th of each month; all employees on monthly payrolls; and all employees on other types of payrolls ending nearest the 15th of each month.

*Item 11*—SIGNATURES. This report must be signed by (1) the individual if the employer is an "individual"; (2) the president, treasurer or other principal officer if the employer is a corporation; or (3) a responsible and duly authorized member having knowledge of firm's affairs if the employer is a partnership or other unincorporated organization.

**CONFIDENTIAL CMG v. Shaw Family Archives**
**Subject to Protective Order**

MM-0010440

STATE OF CALIFORNIA, DEPARTMENT OF EMPLOYMENT, 800 CAPITOL AVE., SACRAMENTO 14

QUARTER ENDED MARCH 31, 1961    DUE APRIL 1, 1961

| YEAR | QTR. |
|------|------|
| 61 | 1 |

Enter your account number as it appears on the original copy, and refer to this number in any correspondence regarding this return.

**DELINQUENT IF NOT MAILED BY MAY 1, 1961**

1430430                              592 2

Employer Account No.

Marilyn Monroe Productions, Inc.

444 East 57th Street

New York 22, New York

---

**Be Sure to Sign This Certificate**

I CERTIFY That the information herein is true and correct to the best of my knowledge and belief.

Signature of owner, responsible officer, or authorized agent

Title..................................................

*List your employees below IF THERE IS ENOUGH SPACE FOR ALL OF THEM. You may single space to list as many as 21 below. If this is not enough space, LIST NONE BELOW— use Continuation Sheets DE3B for your ENTIRE LIST.*

Continuation sheets may be obtained from any Department of Employment office.

| | |
|---|---|
| **A.** No. of employees earning wages during pay periods ending nearest the 15th day of: | |
| January_____3_____ February_____3_____ March_____3_____ | |
| **B.** Total wages in subject employment.............. | None |
| **C.** Wages in excess of $3,600.00..................... | |
| **D.** Taxable wages (B minus C)....................... | |
| **E.** EMPLOYER CONTRIBUTIONS (Employer Rate times D) | |
| **F.** EMPLOYEE CONTRIBUTIONS—(1% of D)........ | |
| **G.** Adjustment: Increase (See instructions) | |
| Decrease | |
| **H.** TOTAL (Add E, F and G) ➡ PAY THIS AMOUNT | None |

Enter Check No.............  Bank No.............

Make Check Payable to Dept. of Employment

**THIS COPY TO BE RETAINED BY EMPLOYER**

---

| J. Social Security Account No. | | | K. Employee Name | | | L. Total Wages Paid This Quarter | |
|---|---|---|---|---|---|---|---|
| 000 | 00 | 0000 | FIRST NAME | MIDDLE INITIAL | LAST NAME | DOLLARS | CENTS |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| Number of continuation sheets attached. White DE3B's | **M.** Total of this page OR total of continuation sheets attached. This total should equal Item B. (However, see instructions.) | |
|---|---|---|

DE 3 QTR. (61-1)

EST. UI-1-2790. 30278 11-60 325M ① Ⓢ s

CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order

MM-0010441

*For assistance in completing this form, contact the nearest Audit District Office (see list below)*

# INSTRUCTIONS FOR COMPLETING CONTRIBUTION RETURN
# and REPORT OF WAGES DE-3

**Filing the Return**—This return must report all subject California wages paid during the quarter. Penalty of 10 percent, and interest at ½ percent per month, or part of a month, accrues for failure to make payment within the time required by the code.

**Item A.   Number of Employees**—Include all employees earning subject wages paid on a daily, weekly, semimonthly, or monthly basis.

**Item B.   Total Wages in Subject Employment**—On this line enter *all wages paid* in subject employment whether in money or in kind, such as meals and lodging.

*If you have any doubt about reporting certain wages, or the subject status of particular employees, you should contact the nearest audit office of the department.*

**Item C.   Wages in Excess of $3,600.00**—For *each* employee who is paid more than $3,600.00 in a calendar year, the wages over $3,600.00 are exempt from unemployment and disability insurance tax. Enter on this line the total of such exempt amounts for all employees in this quarter. (If a going business was taken over and continued, wages paid by the former ownership shall be counted toward the $3,600.00 limit by the new ownership. Otherwise, wages paid by other employers are not to be counted toward the $3,600.00 limit.)

**Item D.   Taxable Wages, Unemployment Insurance and Disability Insurance**—On this line enter the difference between line B and line C.

**Item E.   Employer Contributions**—Multiply Item D by the *rate* shown in the address heading. Enter the amount on line E.

**Item F.   Employee Contributions**—Enter 1 percent of Item D, or *actual deductions from employees' wages* (if these deductions exceed 1 percent on account of fractions).

**Item G.   Adjustment**—Adjustments may be made to prior quarter returns. If an adjustment is made on this return a completed adjustment form *must be attached.* Form (DE 938) may be secured from a local audit office or by writing to: *Department of Employment, 800 Capitol Avenue, Sacramento 14.* Enter the adjustment in the appropriate space in Item G. Penalty and interest, if return is filed delinquent, may be reported in these spaces, penalty on "increase" line, interest on "decrease" line.

**Item H.   Total**—Enter the sum of Items E through G, and pay this amount.

**Item J.   Social Security Account Number**—If an employee does not have an account number, report his wages without a number, and take immediate steps to secure an account number for each employee who does not have one.

**Item K.   Employee Name**—Show in this column, in alphabetical order, the name of each employee to whom you paid wages in subject employment during the quarter. Include employees to whom you have already paid $3,600 during the year.

**Item L.   Total Wages**—Enter the full amount of wages paid to each employee during the quarter. (If any of your employees were paid more than $6,000 for the quarter, you may elect to show $6,000 instead of the actual total wage for such employee.)

**Item M.   Wage Report Total**—Enter the total of the wage column (Item L). If the wage report is prepared on continuation sheets, this amount will be the total of all pages attached. This figure should be the same as Item B. (However, the figure will be less than Item B if you elected to show only $6,000 instead of actual total wages for any employee for the quarter.)

## HOW TO FIGURE YOUR TAX:

The employee wages reported in Item M will provide the figure only for Item B. Your payroll records must contain the controls to develop proper figures for C.

Note that B represents total wages paid *during the quarter* only. D represents that part of wages paid during the quarter—but within the limits of $3,600 *as accumulated for the year for each employee.*

D, TAXABLE WAGES, can be computed from the entries in B and C. E, EMPLOYER CONTRIBUTION—at the rate shown in the address heading—is computed on the amount in D. F, EMPLOYEE CONTRIBUTIONS—at the rate of 1.0%—are also computed on the amount in D.

Following is an example of the entries for a return showing one employee with wages of $1,700 in each quarter:

### EXAMPLE

| Contribution Return: | 1st Qtr. | 2nd Qtr. | 3rd Qtr. | 4th Qtr. |
|---|---|---|---|---|
| B. Total Wages | $1700.00 | $1700.00 | $1700.00 | $1700.00 |
| C. Wages over $3,600 | 0 | 0 | 1500.00 | 1700.00 |
| D. Taxable Wages U1 and DI | 1700.00 | 1700.00 | 200.00 | 0 |
| E. Employer Tax | 45.90 | 45.90 | 5.40 | 0 |
| F. Employee Tax | 17.00 | 17.00 | 2.00 | 0 |
| H. Total Tax | 62.90 | 62.90 | 7.40 | 0 |

The above entries are arrived at in this way for each of the items:

B—shows $1700 for each quarter since this is the total wage paid during each of the quarters.

C—shows 0 for the first and second quarters because the $3600 limit has not been reached. For the third quarter, it shows $1500 because the wages for the year to date are now over $3600 ($1700 + $1700 = $1500) by $1500 within this quarter. For the fourth quarter, the entire $1700 is shown, because the full amount in this quarter is beyond the $3600 for the year.

D—In the first and second quarters $1700 is shown. In the third quarter, B minus C = $200. For the fourth quarter, B minus C is $0.

E—The employer tax is figured each quarter by multiplying the amount in Item D by the employer rate. (In this example, we have used a 2.7% rate to arrive at the amounts shown.)

F—The employee tax is figured each quarter as 1.0% of the amount in Item D.

H—For the total tax each quarter, the amounts in Items E and F are added.

The above example shows the method for *one employee.* Where a number of employees are involved, a similar record must be kept for *each employee* to arrive at the proper entries, quarter by quarter, for Items C and E for the *entire group of employees.*

---

| | | |
|---|---|---|
| Bakersfield | 1918 Q Street | FAirview 4-6041 |
| Bell | 4001 E. Florence Ave. | LUdlow 2-5288 |
| Chico | 238 West Seventh Street | FIreside 2-3581 |
| El Centro | 895 Broadway, Ste. 107 Law Building | ELgin 2-3223 |
| Eureka | 415 K Street | HIllside 3-0801 |
| Fresno 21 | 2550 Mariposa Street, Room 5000 | AMherst 8-4511 |
| Glendale 4 | 136 South Orange | CItrus 6-1721 |
| Hollywood 38 | 1110 North McCadden Place | HOllywood 4-9121 |
| Long Beach 13 | 1315 Pine Avenue | HEmlock 2-4441 |
| LOS ANGELES COUNTY | | |
| Bell | | |
| Glendale | | |
| Hollywood | | |
| Long Beach | See Particular Office Listing | |
| Los Angeles | | |
| Pasadena | | |
| Santa Monica | | |
| Los Angeles 15 | 1525 South Broadway | RIchmond 8-6511 |
| Marysville | 1127 E Street | SHerwood 3-4521 |
| Merced | 1338 West 18th Street | RAndolph 2-8025 |
| Modesto | 1408 10th Street | LAmbert 4-7921 |
| Monterey | 474 Webster Street | FRontier 5-4191 |

| | | |
|---|---|---|
| Oakland 12 | 1111 Jackson Street, Room 2043 | GLencourt 1-3782 |
| Pasadena 1 | 332 East Green Street | SYcamore 2-7129 |
| Placerville | 640 Main Street | NAtional 2-2525 |
| Redding | 1311 Pine Street | CHestnut 3-1655 |
| Riverside | 3561 Fifth Street | OVerland 3-7560 |
| Sacramento 14 | 703 N Street | HIckory 5-4711, Ext. 6165 |
| San Bernardino | 225 West Fifth Street | TUrner 9-8341 |
| San Diego 1 | 2100 Fourth Avenue | BElmont 2-2187 |
| San Francisco 2 | 745 Franklin Street, Room 404 | PRospect 6-3850 |
| San Jose 14 | 30 Santa Teresa Street | CYpress 7-4484 |
| San Luis Obispo | 857 Palm Street | LIberty 3-5300 |
| San Mateo | 54 North B Street | DIamond 2-4154 |
| San Rafael | 807 E Street | GLenwood 4-0355 |
| Santa Ana | 1619 West 17th Street | KImberly 7-6141 |
| Santa Barbara | 629 Santa Barbara Street | WOodland 5-7063 |
| Santa Cruz | 1727 North Seabright Avenue | GArden 3-3123 |
| Santa Monica | 208 Broadway | EXbrook 3-0454 |
| Santa Rosa | 915 Fourth Street | STate 5-1250 |
| Stockton 2 | 131 West Fremont | HOward 5-0271 |
| Vallejo | 345 Tennessee Street | MIdway 3-7607 |
| Ventura | 1568-70 Thompson Blvd. | MIller 3-2291 |
| Visalia | 306 East Murray Street | REdwood 4-7411 |

**CONFIDENTIAL CMG v. Shaw Family Archives
Subject to Protective Order**

MM-0010442

# EX. J



שְׁמַע יִשְׂרָאֵל יְהֹוָה אֱלֹהֵינוּ
HEAR O ISRAEL THE LORD OUR GOD

יְהֹוָה אֶחָד
THE LORD IS ONE

## CERTIFICATE OF CONVERSION

*This is to record that* _____

*having sought to join the household of Israel by accepting the religion of Israel and promising to live by its principles and practices was received into the Jewish faith*

_____

*corresponding to the Hebrew date _____*

*at* _____

Rabbi Robert E. Goldburg

_____

_____

THY PEOPLE SHALL BE MY PEOPLE AND THY GOD MY GOD

170.

166.

MM-0004217

### MARILYN CONVERTS TO JUDAISM

**166 • MONROE, MARILYN.** Partly printed Certificate of Conversion, signed by Marilyn Monroe, her husband Arthur Miller, Rabbi Robert Goldburg (who performed the conversion as well as the wedding), and 2 witnesses, the photographer Milton Greene and Kermit Miller; with the seal of the synagogue. 1 page, 4to.                                    1 July 1956  **[10,000/15,000]**

*Marilyn had expressed an interest in Judaism ever since meeting Miller, and decided to convert. They were married first in a civil ceremony in White Plains, and the following day in a Jewish double-ring ceremony in Katonah. Just before the religious ceremony she spent time some 2 hours with Rabbi Robert Goldburg, a Reform Rabbi and friend of Miller's. "He instructed her for two hours or more in the general theory of Judaism; a humanistic approach. He explained his view that there was no after life. Embracing the Jewish faith was a sentimental thing with Marilyn and Rabbi Goldburg was trying to determine whether she was prepared to go through with it. When the indoctrination was over, Marilyn was persuaded she was finally a Jewess"— from Norma Jean, by Fred Guiles.*

*Her conversion was officially sanctified by the rabbi, and 2 Conversion Certificates were signed. One was kept by the rabbi, the other by Marilyn.*

[SEE ILLUSTRATION]

### THE MILLERS THANK THE RABBI FOR THE WEDDING

**167 • MONROE, MARILYN.** Phonograph recording: Arthur Miller speaking and reading from the Crucible . . . Death of a Salesman. Inscribed on the sleeve to the Rabbi who has just married them by Arthur Miller, and signed also by Marilyn Monroe, using (possibly for the first time) her full new married name.                                    1956  **[600/900]**

*"To Bob Goldburg with my (our) thanks for a beautiful wedding. July 1, 1956. Arthur Miller Marilyn Monroe Miller."*

**168 • MONROE, MARILYN.** Typed Letter Signed "Marilyn" to Rabbi Robert Goldburg, thanking him for his thoughtfulness and his present of a scarf. 1 page, 8vo, on Mrs. Arthur Miller letterhead.
Np, 10 August 1957  **[2,000/3,000]**

### INSCRIBED BY BOTH MILLERS

**169 • (MONROE, MARILYN.)** Arthur Miller's Collected Plays. Inscribed by Marilyn Monroe Miller on pastedown and by Arthur Miller on facing free endpaper. Thick 8vo, cloth; dust jacket, frayed.
New York, 1957 (inscriptions Roxbury, Dec. 31, 58)  **[600/900]**

### MARILYN PLEADS WITH JOE

**170 • MONROE, MARILYN.** Autograph Note Signed with her monogram, to Joe (Di Maggio). 1 page, small 8vo.                                    [1962]  **[10,000/15,000]**

*The curious circumstances regarding this note are described by Fred Lawrence Guiles in his book Norma Jean (New York: McGraw-Hill, 1969), and repeated in Norman Mailer's Marilyn, a Biography. "Possibly afraid of permanently losing Di Maggio as her most valued friend, she sat down and wrote him that if she could only succeed in making him happy, she would have succeeded in the biggest and most difficult thing she could imagine—that of making one person completely happy. She concluded by informing him that his happiness meant her happiness. The letter was unsigned and unsent—discovered in her desk."*

*About the letter, Guiles has provided the following affidavit: "Removed from Marilyn's desk by business manager and guardian to Marilyn's mother, Mrs. Inez Melson on the day following Marilyn's death (August 5, 1962). Given to undersigned [Guiles] by Mrs. Inez Melson." Sold by Guiles to the present owner.*

[SEE ILLUSTRATION]

**171 • MORRIS, ROBERT.** Two Autograph Letters Signed and a Letter Signed, to Jonathan Hudson, Thos. Mumford, and John Davidson, detailed letters on business and finance, dealing with purchases of rum, tobacco, sugar and dry goods, arranging for domestic and foreign shipments, and the financing of same, mentioning "hard money" versus the "old Continentals" and the use of sight notes and drafts. Together, 9 pages, 4to; all with typed manuscripts; minor defects, but mostly fine.
Philadelphia, 1779-81  **[600/900]**

MM-0004218